IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SHIBUMI SHADE, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 5:24-CV-00588 |
| vs. | )<br>) **JURY TRIAL DEMANDED** |
| GARDMA LLC d/b/a MILLION SHADES AMERICA, | )<br>)<br>) |
| Defendant. | )<br>) |

## DEFENDANT GARDMA LLC d/b/a MILLION SHADESAMERICA'S REPLY TO MOTION TO DISMISS PLAINTIFF SHIBUMI SHADE, INC.'S COMPLAINT

# TABLE OF AUTHORITIES

**Cases:**                                                                                                                      **Page(s):**

*Ashcroft* v. *Iqbal*,
   556 U.S. 662, 678 (2009)……………………………………………………………………….1

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 554–63 (2007)……………………………………………………………………...1

*Coleman v. Md. Ct. of Appeals*,
   626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012)…………………………………..1

*FBA Operating Co. v. ETN Capital, LLC*,
   No. 5:23-CV-505-D, 2024 WL 2926187 (E.D.N.C. June 10, 2024)…………………………….4

*FBA Operating Co. v. ETN Capital, LLC*,
   No. 5:23-CV-505-D, 2025 WL 242531, at *5 (E.D.N.C. Jan. 17, 2025)………………………4

*O'Meara v. Waters*,
   464 F. Supp. 2d 474, 476 (D. Md. 2006)………………………………………………………..2

*Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*,
   484 U.S. 97, 104 (1987)…………………………………………………………………...2, 5

*PowX Inc. v. Performance Sols., LLC*,
   No. 24-CV-01389 (MMG), 2024 WL 3010040, at *3 (S.D.N.Y. June 14, 2024)……………...3

*SnapPower v. Lighting Def. Group*,
   100 F.4th 1371, 1373 (Fed. Cir. 2024)………………………………………………………….3

*Terracino v. Trimaco, Inc*,
   No. 5:22-CV-015-FL, 2024 WL 1889222, at *10-11 (E.D.N.C. Apr. 29, 2024)…………………1

**Rules:**

Fed. R. Civ. P. 12(b)(4)………………………………………………………………………….5

Fed. R. Civ. P. 12(b)(6)……………………………………………………………………….4, 5

This Reply will be short. Plaintiff Shibumi's Opposition (DE 21) to Defendant MSA's Motion to Dismiss (DE 15) is notable both for what it says and, also, for what it doesn't say.

**What Shibumi Says**: Shibumi admits as it must[1] that a "coefficient of friction" does not exist as to ***a single surface*** but is a value ***only*** measurable ***between two surfaces*** – a first surface and an opposing surface. (DE 21 at 20) (pursuant to Shibumi's latest infringement theory, "the coefficient of friction between [Surface A] the frame and [Opposing Surface B] the collar is higher than the coefficient of friction between [Surface A] the frame and [Opposing Surface C] the shade"). However, as pointed out in MSA's opening brief, Claim 21 does ***not*** claim a coefficient of friction ***between two surfaces*** relative to a ***different*** coefficient of friction ***between two surfaces***. (DE 16 at 15-19). Rather, Claim 21 (DE 1-2 at 18) simply provides:

> wherein the at least one fastener that secures the canopy in position relative to the frame has a higher coefficient of friction with respect to a coefficient of friction of the frame.

If one of the coefficients of friction is ***between*** the frame and the fastener (collar) as Shibumi newly posits, what is the ***second*** claimed coefficient of friction? Claim 21 only provides "a coefficient of friction of the frame" without ever providing the ***required*** second surface. *Id*. MSA and this Court are left to speculate as to the second surface. Such speculation cannot survive *Iqbal/Tombly* as "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012).

---

[1] *Terracino v. Trimaco, Inc*, No. 5:22-CV-015-FL, 2024 WL 1889222, at *10-11 (E.D.N.C. Apr. 29, 2024) (Flanagan, J.) (explaining ratios between surfaces comprising coefficients of friction),

1

Case 5:24-cv-00588-FL    Document 23    Filed 02/13/25    Page 3 of 8

**What Shibumi Doesn't Say**: While Shibumi provides a declaration of its outside counsel's paralegal, Ms. Ney, attesting to steps she took to "upload[]" digital files to "ABC Legal's repository on its website" (DE 22), Shibumi has not provided this Court with *any* verified declaration or sworn affidavit attesting to what ABC Legal did, if anything, with the digital files Ms. Ney uploaded. This omission is a ***glaring hole*** in the evidentiary chain between Ms. Ney's uploading digital files and Mr. Abuda's short, contested declaration, alleging how he claims to have served ***Mr.*** Gardiyehewa who Mr. Abuda describes as "black-haired Middle Eastern female contact 45-55 years of age, 5'6"-5'8" tall and weighing 140-160 lbs with an accent." (DE 10).

Shibumi alone bears the burden of establishing the validity of service pursuant to Rule 4" *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006), a "procedural requirement [which] must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Rather than carry its burden, Shibumi has chosen to cast shade on Mr. Gardiyehewa by conjuring an unsupported theory that MSA "purposefully manipulated [DE 16-2] by cutting off the date-stamp at the bottom of the document…." (DE 21 at 7). However, Shibumi's theory has yet another ***glaring hole*** as is evident in the graphic it pasts into page 7 of its brief. As reproduced below from Shibumi's graphic, the Clerk of Court's Seal and the date are also missing:[2]



Shibumi does not address this omission. A more plausible explanation is that Mr. Abuda received the wrong papers, became frustrated with his attempts to serve, and falsified his declaration.

---

[2] Also, missing from the case caption is the "-M" designation in the Civil Action Number.

**What Shibumi is Really up to:** Shibumi knows that MSA has ***not*** been "flagrantly infringing Shibumi's patents" as Shibumi salaciously states in its introduction. (DE 21 at 1). Prior to launching the instant litigation, in August 2024, Shibumi filed a complaint with Amazon pursuant to Amazon's Patent Evaluation Express ("APEX") program.

The Federal Circuit has described how this program operates:

> Amazon offers a low-cost procedure called the Amazon Patent Evaluation Express (APEX) "[t]o efficiently resolve claims that third-party product listings infringe utility patents." J.A. 160. Under APEX, a third-party determines whether a product sold on Amazon.com likely infringes a utility patent, and if so, Amazon removes the listing from Amazon.com. J.A. 163. To initiate an evaluation under APEX, a patent owner submits an APEX Agreement to Amazon which identifies one claim of a patent and up to 20 allegedly infringing listings. J.A. 161. Amazon then sends the APEX Agreement to all identified sellers. J.A. 160. Each seller has three options to avoid automatic removal of their accused listings: (1) opt into the APEX program and proceed with the third-party evaluation; (2) resolve the claim directly with the patent owner; or (3) file a lawsuit for declaratory judgment of noninfringement. J.A. 66–67. If the seller takes no action in response to the APEX Agreement, the accused listings are removed from Amazon.com after three weeks. J.A. 160.

*SnapPower v. Lighting Def. Group*, 100 F.4th 1371, 1373 (Fed. Cir. 2024). As further explained by the Southern District of New York:

> If the reported seller chooses to participate in the APEX process, it is provided with the opportunity to submit a response to the claims of infringement. ... Within two weeks of the last response in the evaluation process, the neutral evaluator provides a decision to Amazon recommending either removing the infringing product from Amazon or, if the evaluator finds that the product is unlikely to actually be infringing, allowing the product to remain for sale. Amazon will usually promptly act (or refrain from acting) according to the evaluator's recommendation.

*PowX Inc. v. Performance Sols., LLC*, No. 24-CV-01389 (MMG), 2024 WL 3010040, at *3 (S.D.N.Y. June 14, 2024).

Here, Shibumi initiated the APEX program with respect to the US Patent 11,634,924 and the same accused product at issue in the instant litigation and MSA opted to participate in the program in order to defend its product. *See* Exhibit 1 at ¶¶8-10 (citing Exhibit A). A Confidentiality

3

clause in the APEX agreement provides that the neutral evaluator's decision cannot be disclosed unless a Court orders its disclosure.[3] *Id*. (citing Exhibit A at ¶2). However, the Confidentiality clause specifically allows "that the fact that an Accused Product and ASIN (identified in Exhibit 1) was either removed or not as a result of an Evaluation, and the identity of the patent claim in that Evaluation, shall not be considered confidential." *Id*. Accordingly, in full accord with the APEX Agreement, GMA informs this Court that, as a result of the APEX Evaluation of the '924 Patent and the Accused Product, the Accused Product was ***not*** removed by Amazon. *Id*. at ¶10.[4]

In short, Shibumi knows that the accused product does not infringe the '924 Patent. No amount of contortion of the term "coefficient of friction" — or "friction of coefficient" as used in the patent specification — can eliminate the second surface ***required*** for calculation of the coefficient of friction. The ***required*** second surface is not claimed in Claim 21:

> wherein the at least one fastener that secures the canopy in position relative to the frame has a higher coefficient of friction with respect to a coefficient of friction of the frame.

Nor is the second surface otherwise identified in the Complaint with reference to the '924 Patent. The only conclusion is that Shibumi has failed to state a claim for patent infringement and dismissal is appropriate pursuant to Rule 12 (b)(6).[5]

---

[3] MSA is prepared to provide the APEX Evaluator's report to this Court should this Court so Order.
[4] MSA provides the Court with these APEX results not to support its Rule 12(b)(6) Motion but to rebut the *ad hominem* attacks made by Plaintiffs against Defendant and Mr. Gardiyehewa.
[5] Shibumi's attempts to distinguish *FBA Operating Co. v. ETN Capital, LLC*, No. 5:23-CV-505-D, 2024 WL 2926187 (E.D.N.C. June 10, 2024) ring hollow. Shibumi argues that this Court in *FBA* dismissed the action "without prejudice" and that the same is appropriate here. (DE 21 at 14). However, this Court has since dismissed the FBA litigation *with prejudice* pursuant to Rule 12(b)(6). *FBA Operating Co. v. ETN Capital, LLC*, No. 5:23-CV-505-D, 2025 WL 242531, at *5 (E.D.N.C. Jan. 17, 2025). "The court now knows why FBA failed to articulate a plausible alternative construction. It does not have one." *Id*. The same is true here. Shibumi does not have a plausible explanation for how a coefficient of friction may be calculated without a second surface.

Likewise, Shibumi is aware that there were serious issues with both its Process and Service of Process in this case. The **_glaring holes_** in its evidentiary presentation to this Court convey as much as do Shibumi's admitted *post hoc* attempts at obtaining a new summons and service thereof well after this Motion was filed. *E.g.*, (DE 17, DE 18, DE 22-8). Shibumi argues that "Gardma received actual notice of the pendency of this action" (DE 21 at 10) but, the Supreme Court has been explicit that "before a court may exercise personal jurisdiction over a defendant, there must be **_more than notice_** to the defendant and a constitutionally sufficient relationship between the defendant and the forum." *Omni Capital*, 484 U.S. at 104. Dismissal is accordingly appropriate pursuant to Rule 12(b)(4) as well.

**CONCLUSION**

For all of these reasons and for all of the reasons articulated in the Memorandum in Support of the Motion to Dismiss (DE 16), the Complaint (DE 1) should be dismissed. MSA submits that while Rule 12(b)(4) and 12(b)(5) counsel that the dismissal without prejudice, because the identified defects in the Complaint pursuant to Rule 12(b)(6) cannot be corrected in any subsequent complaint, dismissal *with prejudice* is appropriate.

This the 13th day of February, 2025.

Respectfully submitted,

<u>/s/ Samuel Alexander Long, Jr.</u>
Samuel Alexander Long, Jr. (N.C. Bar No. 46588)
Tom BenGera (N.C. Bar No. 57019)
SHUMAKER, LOOP, & KENDRICK, LLP
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-375-0057
Fax: 704-332-1197
Email: along@shumaker.com
       tbengera@shumaker.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2025, the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Samuel Alexander Long, Jr.</u>
Samuel Alexander Long, Jr. (N.C. Bar No. 46588)
SHUMAKER, LOOP, & KENDRICK, LLP
101 South Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-375-0057
Fax: 704-332-1197
Email: along@shumaker.com