# EXHIBIT 7

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C4 (0013.8 |
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2:

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2  (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

| Inventor | 1 | | Remove |

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| ▾ | Dane | Brooks | Barnes | ▾ |

**Residence Information (Select One)**   ● US Residency     Non US Residency     Active US Military Service

| City | Raleigh | State/Province | NC | Country of Residence | US |

**Mailing Address of Inventor:**

| Address 1 | 921 Washington Street, #202 |
| Address 2 | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27605 | Country i | US |

| Inventor | 2 | | Remove |

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| ▾ | Alexander | Griffith | Slater | ▾ |

**Residence Information (Select One)**   ◉ US Residency     Non US Residency     Active US Military Service

| City | Raleigh | State/Province | NC | Country of Residence | US |

**Mailing Address of Inventor:**

| Address 1 | 614 Holden Street |
| Address 2 | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27604 | Country i | US |

| Inventor | 3 | | Remove |

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| ▾ | Scott | Christian | Barnes | ▾ |

**Residence Information (Select One)**   ◉ US Residency     Non US Residency     Active US Military Service

Case 5:24-cv-00588-FL   Document 28-7   Filed 03/23/26   Page 2 of 253

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C4 (0013.8 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

| City | Raleigh | State/Province | NC | Country of Residence i | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 921 Washington Street, #202 |
|---|---|
| Address 2 | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27605 | Country i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button.      | Add |

## Correspondence Information:

**Enter either Customer Number or complete the Correspondence Information section below.**
**For further information see 37 CFR 1.33(a).**

☐ **An Address is being provided for the correspondence Information of this application.**

| Customer Number | 26158 | | |
|---|---|---|---|
| Email Address | IPDocketing@wbd-us.com | Add Email | Remove Email |

## Application Information:

| Title of the Invention | SHADING SYSTEM AND METHOD OF USE | | |
|---|---|---|---|
| Attorney Docket Number | S105508 1010US.C4 (0013.8 | **Small Entity Status Claimed** | ☒ |
| Application Type | Nonprovisional | | |
| Subject Matter | Utility | | |
| Total Number of Drawing Sheets (if any) | 7 | **Suggested Figure for Publication (if any)** | 1 |

## Filing By Reference:

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

## Publication Information:

☐ Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☐ **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing.

Case 5:24-cv-00588-FL   Document 28-7   Filed 03/23/26   Page 3 of 253

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C4 (0013.8 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32).
Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ● Customer Number | ○ US Patent Practitioner | ○ Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | 26158 | | |

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, 365(c), or 386(c) or indicate National Stage entry from a PCT application. Providing benefit claim information in the Application Data Sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the "Application Number" field blank.

| Prior Application Status | Pending | | | Remove |
|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) | |
| | Continuation of | 17/232799 | 2021-04-16 | |

| Prior Application Status | Pending | | | Remove |
|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) | |
| 17/232799 | Continuation of | 16/987886 | 2020-08-07 | |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|

| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
|---|---|---|---|---|---|
| 16/987886 | Continuation of | 16/224465 | 2018-12-18 | 10753117 | 2020-08-25 |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|

| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
|---|---|---|---|---|---|
| 16/224465 | Continuation of | 15/675715 | 2017-08-12 | 10190330 | 2019-01-29 |

| Prior Application Status | Expired | | | Remove |
|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) | |
| 15/675715 | Claims benefit of provisional | 62/409426 | 2016-10-18 | |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button.

| Add |
|---|

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 4 of 253

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C4 (0013.8 |
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |

# Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55. When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(i)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.

| Add |

# Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

| ☐ | This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.<br>NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA. |

EFS Web 2.2.13

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C4 (0013.8 |
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |

# Authorization or Opt-Out of Authorization to Permit Access:

When this Application Data Sheet is properly signed and filed with the application, applicant has provided written authority to permit a participating foreign intellectual property (IP) office access to the instant application-as-filed (see paragraph A in subsection 1 below) and the European Patent Office (EPO) access to any search results from the instant application (see paragraph B in subsection 1 below).

Should applicant choose not to provide an authorization identified in subsection 1 below, applicant **must opt-out** of the authorization by checking the corresponding box A or B or both in subsection 2 below.

**NOTE**: This section of the Application Data Sheet is **ONLY** reviewed and processed with the **INITIAL** filing of an application. After the initial filing of an application, an Application Data Sheet cannot be used to provide or rescind authorization for access by a foreign IP office(s). Instead, Form PTO/SB/39 or PTO/SB/69 must be used as appropriate.

**1. Authorization to Permit Access by a Foreign Intellectual Property Office(s)**

**A. Priority Document Exchange (PDX)** - Unless box A in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the State Intellectual Property Office of the People's Republic of China (SIPO), the World Intellectual Property Organization (WIPO), and any other foreign intellectual property office participating with the USPTO in a bilateral or multilateral priority document exchange agreement in which a foreign application claiming priority to the instant patent application is filed, access to: (1) the instant patent application-as-filed and its related bibliographic data, (2) any foreign or domestic application to which priority or benefit is claimed by the instant application and its related bibliographic data, and (3) the date of filing of this Authorization. See 37 CFR 1.14(h)(1).

**B. Search Results from U.S. Application to EPO** - Unless box B in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the EPO access to the bibliographic data and search results from the instant patent application when a European patent application claiming priority to the instant patent application is filed. See 37 CFR 1.14(h)(2).

The applicant is reminded that the EPO's Rule 141(1) EPC (European Patent Convention) requires applicants to submit a copy of search results from the instant application without delay in a European patent application that claims priority to the instant application.

**2. Opt-Out of Authorizations to Permit Access by a Foreign Intellectual Property Office(s)**

☐ A. Applicant **DOES NOT** authorize the USPTO to permit a participating foreign IP office access to the instant application-as-filed. If this box is checked, the USPTO will not be providing a participating foreign IP office with any documents and information identified in subsection 1A above.

☐ B. Applicant **DOES NOT** authorize the USPTO to transmit to the EPO any search results from the instant patent application. If this box is checked, the USPTO will not be providing the EPO with search results from the instant application.

**NOTE:** Once the application has published or is otherwise publicly available, the USPTO may provide access to the application in accordance with 37 CFR 1.14.

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C4 (0013.8 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

# Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

| **Applicant** | 1 | Remove |
|---|---|---|

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

Clear

| ● Assignee | Legal Representative under 35 U.S.C. 117 | Joint Inventor |
|---|---|---|
| Person to whom the inventor is obligated to assign. | | Person who shows sufficient proprietary interest |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

[ ▼ ]

| Name of the Deceased or Legally Incapacitated Inventor: | |
|---|---|

| If the Applicant is an Organization check here. | ☒ |
|---|---|

| Organization Name | Shibumi Shade, Inc. |
|---|---|

**Mailing Address Information For Applicant:**

| **Address 1** | 614 Holden Street | | |
|---|---|---|---|
| Address 2 | | | |
| **City** | Raleigh | **State/Province** | NC |
| **Country** | US | Postal Code | 27604-1949 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button.  Add

# Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

EFS Web 2.2.13

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C4 (0013.8 |
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

---

**Assignee** 1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

| | Remove |
|---|---|

If the Assignee or Non-Applicant Assignee is an Organization check here. ☐

| Prefix | **Given Name** | Middle Name | **Family Name** | Suffix |
|---|---|---|---|---|
| ▼ | | | | ▼ |

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| **Address 1** | |
|---|---|
| Address 2 | |

| **City** | | **State/Province** | |
|---|---|---|---|
| **Country** i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button. | Add |

---

# Signature:

| Remove |
|---|

**NOTE:** This Application Data Sheet must be signed in accordance with 37 CFR 1.33(b). **However, if this Application Data Sheet is submitted with the INITIAL filing of the application and either box A or B is not checked in subsection 2 of the "Authorization or Opt-Out of Authorization to Permit Access" section, then this form must also be signed in accordance with 37 CFR 1.14(c).**

This Application Data Sheet **must** be signed by a patent practitioner if one or more of the applicants is a **juristic entity** (e.g., corporation or association). If the applicant is two or more joint inventors, this form must be signed by a patent practitioner, **all** joint inventors who are the applicant, or one or more joint inventor-applicants who have been given power of attorney (e.g., see USPTO Form PTO/AIA/81) on behalf of **all** joint inventor-applicants.

See 37 CFR 1.4(d) for the manner of making signatures and certifications.

| **Signature** | /lauren f. anderson/ | | | Date (YYYY-MM-DD) | 2021-06-09 |
|---|---|---|---|---|---|
| First Name | Lauren | Last Name | Anderson | Registration Number | 69,344 |

Additional Signature may be generated within this form by selecting the Add button. | Add |

EFS Web 2.2.13

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C4 (0013.8 |
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

EFS Web 2.2.13

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent CooperationTreaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

EFS Web 2.2.13

# SHADING SYSTEM AND METHOD OF USE

## CROSS-REFERENCE TO RELATED APPLICATIONS

[0001]     This application is a non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, the contents of which are hereby incorporated by reference in its entirety.

## TECHNICAL FIELD

[0002]     The presently disclosed subject matter is directed towards a system and method for providing shade from the sun.  Specifically, a transportable system and method of use for providing shade from the sun is disclosed that includes a canopy supported by a singular frame and an engaged counterweight.

## BACKGROUND

[0003]     Avoiding direct sunlight when outdoors is a ubiquitous problem faced by anyone who spends significant time outdoors. Shading systems of the prior art are typically ineffective or impractical to use for a number of reasons. Some systems include rigid canopy susceptible to being shifted or unanchored by wind. Other systems are cumbersome to transport or assemble, due to the number of parts involved, steps required during setup and/or low shade to weight ratios.

[0004]     Accordingly, there remains a need for systems and methods including flexible canopy structures capable of being at least partially supported by wind and configured for easy of transport and assembly.

## SUMMARY

[0005]     This Summary is provided to introduce a selection of concepts in a simplified form that are further described below in the Detailed Description. This Summary is not intended to identify key features or essential features of the claimed subject matter, nor is it intended to be used to limit the scope of the claimed subject matter. Further, the claimed subject matter is not

- 1 -

limited to implementations that solve any or all disadvantages noted in any part of this disclosure.

[0006]    According to at least one embodiment of the disclosed subject matter, a system for providing shade onto a surface is provided. The system includes a canopy configured for engagement with, and aerial suspension by, a frame; the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections, wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

[0007]    According to at least one embodiment of the disclosed subject matter, a method of providing shade to a surface is provided. The method includes coupling adjacent sections of a plurality of sections into end-to-end alignment to form a frame from a first end to a second end; sliding the frame through one or more loops of a canopy; securing the left end and the right end of the frame to the surface, thereby aerially suspending the canopy and providing shade to the surface.

[0008]    According to at least one embodiment of the disclosed subject matter, the system further includes a cable extending through the plurality of sections of the frame from the left end to the right end.

[0009]    According to at least one embodiment of the disclosed subject matter, the system further includes a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

[0010]    According to at least one embodiment of the disclosed subject matter, the system further includes at least one loop on a suspension end of the canopy, the loop configured for accepting a portion of the frame therethrough.

[0011]    According to at least one embodiment of the disclosed subject matter, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

[0012]    According to at least one embodiment of the disclosed subject matter, the system further includes at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

- 2 -

[0013]    According to at least one embodiment of the disclosed subject matter, wherein the at least one strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

[0014]    According to at least one embodiment of the disclosed subject matter, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

[0015]    According to at least one embodiment of the disclosed subject matter, wherein the at least one strap is elastic.

[0016]    According to at least one embodiment of the disclosed subject matter, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

[0017]    According to at least one embodiment of the disclosed subject matter, the system further includes a container for housing and transporting all of the other components of the system.

[0018]    According to at least one embodiment of the disclosed subject matter, wherein the container is also an anchor for housing weight, the container coupled to a cord, the cord engageable with, or coupled to, the canopy or frame.

[0019]    According to at least one embodiment of the disclosed subject matter, wherein the cord is attached to an interior bottom of the container for inverting the container to serve as the anchor for housing weight.

[0020]    According to at least one embodiment of the disclosed subject matter, wherein the container includes an interior compartment for housing the sections separate from the canopy.

[0021]    According to at least one embodiment of the disclosed subject matter, the method further includes filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

[0022]    According to at least one embodiment of the disclosed subject matter, wherein coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

[0023]     According to at least one embodiment of the disclosed subject matter, the method further includes unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

[0024]     According to at least one embodiment of the disclosed subject matter, the method further includes wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

[0025]     According to at least one embodiment of the disclosed subject matter, the method further includes fastening the at least one strap for locking the strap into position.

## BRIEF DESCRIPTION OF THE DRAWINGS

[0026]     The foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however, the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed.

[0027]     FIG. 1 is a perspective view of a system for providing shade according to one or more embodiments of the presently disclosed subject matter.

[0028]     FIG. 2 is a front view of a frame in a transport configuration according to one or more embodiments of the presently disclosed subject matter.

[0029]     FIG. 3 is a perspective view of at least one strap engageable with a canopy according to one or more embodiments of the presently disclosed subject matter.

[0030]     FIG. 4 is a perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter.

[0031]     FIG. 5 is a perspective view of a container serving as an anchor according to one or more embodiments of the presently disclosed subject matter.

[0032]     FIG. 6 is a perspective view of the container housing the system for shading according to one or more embodiments of the presently disclosed subject matter.

[0033]     FIG. 7 is a perspective view of the container having a compartment for housing sections of the frame according to one or more embodiments of the presently disclosed subject matter.

## DETAILED DESCRIPTION

[0034]     These descriptions are presented with sufficient details to provide an understanding of one or more particular embodiments of broader inventive subject matters. These descriptions expound upon and exemplify particular features of those particular embodiments without limiting the inventive subject matters to the explicitly described embodiments and features. Considerations in view of these descriptions will likely give rise to additional and similar embodiments and features without departing from the scope of the inventive subject matters. Although the term "step" may be expressly used or implied relating to features of processes or methods, no implication is made of any particular order or sequence among such expressed or implied steps unless an order or sequence is explicitly stated.

[0035]     Any dimensions expressed or implied in the drawings and these descriptions are provided for exemplary purposes. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to such exemplary dimensions. The drawings are not made necessarily to scale. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to the apparent scale of the drawings with regard to relative dimensions in the drawings. However, for each drawing, at least one embodiment is made according to the apparent relative scale of the drawing.

[0036]     FIG. 1 depicts one embodiment of a system 10 for providing shade 1 onto a surface 2. The system 10 may include a canopy 12 configured for engagement with, and aerial suspension by, a frame 14. The canopy 12 may include one or more lightweight materials, the material including one or more of the following properties: ripstop, polyester, blackout, light diffusion, light modification, and waterproof. The canopy 12 may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable sections 44.

[0037]     According to some embodiments, the canopy 12 may define a suspension end 42 positioned proximal to the frame 14 when the canopy 12 is engaged with the frame 14. The suspension end 42 may include one or more suspension fasteners 46 for engaging the canopy 12 with the frame 14. Fasteners 46, 52, 54, as used herein, may include any fasteners of the prior art, including but not limited to hooks and loops, male and female buttons, hook and slit or aperture, and/or magnets. FIG. 1 depicts the canopy 12 defining at least one loop 40 on the suspension end

- 5 -

42 of the canopy, the loop 40 configured for accepting a portion 26 of the frame 14 therethrough. Although the loop 40 of FIG. 1 extends the entire length of the suspension end 42, the loop 40, or plurality of loops 40, may only extend a smaller distance of the suspension end 42. In some embodiments, one or more loops 40 may include tie strings for engaging the suspension end 42 with the frame 14.

[0038] The canopy 12 may be configured to suspend or be stored in any number of shapes and sizes. In some embodiments, the canopy 12 may define one or more vent holes and/or wind socks for permitting wind to pass therethrough. In other embodiments, the canopy 12 may define tails extending from a side opposite the suspension end 42.

[0039] While the suspension end 42, suspension fasteners 46 and loop(s) 40 engage the canopy 12 to the frame 14, in some embodiments, additional securing mechanisms may be desired to secure the canopy 12 into position relative to the frame 14. FIGS. 1 and 3 depict embodiments of the system 10 including at least one strap 50 engageable with, or coupled to, the canopy 12 for securing the canopy 12 into position relative to the frame 14. The at least one strap 50 may be elastic rubber, gear ties, bungee cord, rope or any other material capable of wrapping about the frame 14 or other component of the system 10. The at least one strap 50 may engage or couple to the canopy 12 on either or both ends of the suspension end 42 and/or to the loop 40 of the suspension end 42. Each of the straps 50 may be configured to wrap about the frame 14, or engage the frame 14 using a strap fastener 52 and/or a canopy or frame fastener 54. In some embodiments, a strap 50 may include a canopy fastener 54 for engaging the canopy 12 (e.g., a ball at one end of the strap 50 for engaging a grommeted aperture of the canopy 12), and the strap 50 may be manipulated about the frame 14. Alternatively, a strap 50 may include both a strap fastener 52 on one end and a canopy fastener 54 on the other end for wrapping the strap 50 about the frame 14 and fastening the fasteners 52, 54 together (see, e.g., FIG. 3). In yet another alternative, the strap 50 may include be coupled or engaged to the canopy 12 on one end and include a frame fastener 54 on the other end for engaging the canopy 12 to the frame 14.

[0040] The at least one strap 50 may be comprised of any number of materials, including but not limited to one or more of the following: fabric, rubber, plastic, and metal. In some embodiments, the at least one strap 50 may have a higher friction of coefficient with respect to the frame 14 relative to the canopy 12 with respect to the frame 14. For example, if the canopy

12 includes polyester fabric and the at least one strap 50 includes rubber, then the friction of coefficient with a metal or plastic frame 14 would be higher for the strap than for the canopy 12. In some embodiments, the at least one strap 50 may be elastic. Being able to stretch the at least one strap 50 about the frame 14 when engaging the strap 50 thereto can greatly increase the friction between the strap 50 and the frame 14, particularly if the strap 50 is also fastened to itself after wrapping.

[0041] According to some embodiments, the frame 14 of the system 10 may include, or consist essentially of, a plurality of sections 24 configured for end-to-end alignment from a left end 20 of the frame 14 to a right end 22 of the frame 14. Each of the sections 24 may be further configured to engage with any adjacent sections 24. When two or more or all of the sections 24 are aligned end-to-end and engaged with adjacent sections 24, the frame 14 may be positioned to receive and support the canopy 12. In some embodiments, the sections 24 are arranged telescopically, where each adjacent section 24 may be housed within, and extend from each adjacent section 24. In other embodiments, as depicted in FIG. 2, many of the sections include both a male end 62 and a female end 60 for engaging adjacent sections 24 to each other to construct the supporting frame 14. In some embodiments, all but one of the sections 24 includes a female end 60 for accepting a male end 62 of one of the adjacent sections 24 therein.

[0042] During transport, the sections 24 may be compactly configured as depicted in FIG. 2. A first section 64 may define the left end 20 of the frame 14 and a last section 66 may define the right end 22 of the frame 14. The first section 64 may include a single male end 62 or female end 60, with the other end being the left end 20 and/or cap 68 (FIG. 2 depicts first section 64 having a male end 62 and cap 68). A last section 66 may similarly include a single male end 62 or female end 60, with the other end being the right end 22 and/or cap 68 (FIG. 2 depicts last section 66 having a female end 60 and cap 68). The cap may serve to close off an end of the first and/or last section 64, 66 for preventing sand from entering therein and for securing the cable 30, as described below.

[0043] As depicted in FIG. 2, the system 10 may further include a cable 30 extending through the plurality of sections 24 of the frame 12 from the left end 20 to the right end 22. The cable 30 may be elastic so that the sections 24 may be maneuvered between a transport configuration (e.g., FIG. 2) and a supporting configuration (e.g., FIG. 1), yet still remain adjacent

- 7 -

and aligned end-to-end, the cable 30 providing supporting tension to the end-to-end alignment of the supporting configuration. The cable 30 may be affixed to an interior and/or cap 68 of the first section 64 and second section 66. The cable 30 may also be affixed to interiors of any of the other sections 24.

[0044] When the frame 14 is in the transport configuration, and a cable 30 extends through the sections 24 of the frame 14, the male and female ends 60, 62, and/or the cable 30 itself, may be configured to prevent degradation or injury to the cable 30. Looking to FIG. 2, any pressure applied to the sections 24 from the top of the figure or the bottom of the figure may create injury to the cable 30 where it is exposed between the male and female ends 60, 62. Therefore, the female ends 60 and/or male ends 62 may define grooves for permitting passage of the cable therebetween such that any objects applying pressure from the top or bottom of the figure would apply that pressure directly to the ends 60, 62 and not onto the cable 30, effectively clipping the cable between the end 60, 62 and the object. The cable 30 may include reinforcements at the exposed sections between the ends 60, 62 when in the transport configuration. The reinforcements may include additional layers of fabric, metal-reinforced cylinders, and/or thicker elastic bands.

[0045] In some embodiments of the system 10, the sections 24 of the frame 12 may form a curved shape when in the supporting configuration. In other embodiments, the sections 24 may form other shapes or designs when in the supporting configuration. A curved shape may be formed when the male and female ends 60, 62 are co-extensive with curved axis the remaining portions of the sections 24. To form other designs, the female ends 60 and/or male ends 62 may be shaped for creating non-co-extensive angles with respect to the axis of the remaining portions of the sections 24. For example, a female end 60 engaging two sections may be shaped in a right angle, thereby creating an 'L' shape when the two adjacent sections are engaged. Other female ends 60 may be shaped at other angles, thereby creating a design or pattern when all of the sections 24 are engaged and the frame is in the supporting configuration.

[0046] Referencing FIGS. 4 and 5, the system 10 may further include a cord 32 engaged with, or coupled to, an anchor 34, the canopy 12, and/or the frame 14 for providing support to the frame 14 when in the supporting configuration. The anchor 34 may be configured for housing weight 36. The cord 32 may be engaged with or coupled to the canopy 12 and/or frame 14 at an

apex of the canopy 12 and/or frame 14. For example, if the ends 20, 22 of the frame 14 are secured within sand on a beach, the anchor 34 may be filled with sand acting as the weight 36. The system 10 may further include a hoop 33 or other fastener, such as the fasteners described herein, engaged with, or coupled to, the canopy 12 or frame 14 with which the cord 12 may be engaged or coupled (e.g., see FIG. 4 embodiment where the hoop 33 is coupled to the canopy 12).

[0047]    FIG. 6 depicts an embodiment of the system 10 further including a container 70 for housing and transporting all of the other components of the system 10. The container 70 may include a band 76 for transporting the container 70 about the shoulder or in the palm of a user 3. The band 76 may be configured to be a handle and/or may be selectively engageable with the container 70 for storage therein. The container 70 may include a drawstring 78 or other closing mechanism for securing the contents of the system 10 therewithin.

[0048]    The container 70 may also be the anchor 34 for housing weight 36 (see, e.g., FIG. 5). In some embodiments, the container 70 may be inverted for housing weight 36 for ensuring that minimal amounts of weight 36 remain in the container once re-inverted so that the contents of the system 10 are not disturbed by any weight 36 during transportation and/or storage of the system 10. The cord 32 may be engaged with or coupled to an interior 72 of the container 70 for inverting the container 70. The cord 32 may be engaged with or coupled to the bottom 74 of the container 70 for permitting full inversion, or at a mid-point 75 of the container 70 for permitting half inversion of the container 70 (see, e.g., FIG. 7). In other embodiments, the cord 32 may be selectively engaged or coupled with an exterior 73 of the container 70.

[0049]    For example, when the contents of the system 10 are removed from the container 70, the cord 32 may be pulled away from the container 70 while the container 70 is held into position (or pushed away from the cord 32), thereby inverting the container 70 to serve as the anchor 34. When the cord 32 is engaged or coupled to an interior 72 and bottom 74, the pulling of the cord 32 may result in the full inversion of the container 70. When the cord is engaged or coupled to an interior 72 and mid-point 75, the pulling of the cord 32 may result in a half inversion of the container 70. If the container 70 includes a compartment 77 as described herein, then the inversion of the container 70 may result in the compartment 77 being exterior to the anchor 34 and any weight 36.

[0050]    FIG. 7 illustrates the container 70 including a compartment 77 positioned on the interior 72 for housing the sections 24 separate from the canopy 12. The compartment 77 may be engageable with or coupled to the interior 72 of the container 70. The compartment 77 may be sewn to the interior 72 of the container 70 along a single seam or multiple seams. A drawstring or other closing mechanism 78 may be included on the container 70 for cinching close an open side 79 of the container. Although FIG. 7 depicts the seam of the compartment 77 only connecting a portion of the compartment length to the container 70, other embodiments may include the entire length of the compartment 77 being sewn to the container 70.

[0051]    The left end 20 and the right end 22 of the frame 14 may be each be embedded in the surface 2. The ends 20, 22 may define a conical shape or a corkscrew shape for ease of penetration of the surface 2. Additional anchor(s) 35 may be engaged or coupled to the left end 20 and/or right end 22 for further securing the frame 14 into position. In embodiments where a tail is defined by the canopy 12, the tail may be engaged with or coupled to an additional anchor 34 for securing the canopy 12 into position for providing shade 1 to the surface 2. In yet additional embodiments, an additional suspension end 43 may be defined by the canopy 12. The additional suspension end 43 may include any of the features and characteristics described herein attributed to the suspension end 42. For example, the additional suspension end 43 may form an additional loop 41 for engaging or coupling an additional frame 15, thereby further suspending the canopy 12 from both the frame 14 and the additional frame 15.

[0052]    In addition to the methods of using the system 10 described herein, the following additional methods of using the system 10 are provided. A method of providing shade 1 to a surface 2 may include unpacking or removing the frame 14 and the canopy 12 from the container 70. Adjacent sections 24 of the plurality of sections 24 may be engaged or coupled into end-to-end alignment to configure the frame 14 from a left end 20 to a right end 22 into a supporting configuration. The frame 14 may slide through one or more loops 40 of the canopy 12 and/or may be engaged with the suspension end 42 of the canopy 12. The ends 20, 22 of the frame 14 may be secured to the surface 2, thereby aerially suspending the canopy 12 and providing shade 1 to the surface 2.

[0053]    The canopy 12 may be secured into position relative to the frame 14 by wrapping at least one strap 50 about the frame 14 and/or fastening the at least one strap 50 to or about the

- 10 -

frame 14. The cord may be engaged with the canopy 12, frame 14 and/or anchor 34. The anchor 34 may be filled with weight 36. Additional anchors 35 may be engaged with the ends 20, 22, additional frame 15 and/or tail of the canopy 12. The additional anchors 35 may be filled with weight 36.

[0054]     Particular embodiments and features have been described with reference to the drawings. It is to be understood that these descriptions are not limited to any single embodiment or any particular set of features, and that similar embodiments and features may arise or modifications and additions may be made without departing from the scope of these descriptions and the spirit of the appended claims.

- 11 -

# CLAIMS

The invention claimed is:

1. A system for providing shade onto a surface, comprising:

   a canopy configured for engagement with, and aerial suspension by, a frame;

   the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections,

   wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

2. The system of claim 1, further comprising a cable extending through the plurality of sections of the frame from the left end to the right end.

3. The system of claim 1, further comprising a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

4. The system of claim 1, wherein the canopy includes at least one loop on a suspension end, the loop configured for accepting a portion of the frame therethrough.

5. The system of claim 4, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

6. The system of claim 1, further comprising at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

- 12 -

7. The system of claim 6, wherein the at least one strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

8. The system of claim 6, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

9. The system of claim 6, wherein the at least one strap is elastic.

10. The system of claim 1, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

11. The system of claim 1, further comprising a container for housing and transporting all of the other components of the system.

12. The system of claim 11, wherein the container is also an anchor for housing weight, the container engageable with, or coupled to, a cord, the cord engageable with, or coupled to, the canopy or frame.

13. The system of claim 12, wherein the cord is coupled to an interior of the container for inverting the container to serve as the anchor for housing weight.

14. The system of claim 11, wherein the container includes an interior compartment for housing the sections separate from the canopy.

15. A method of providing shade to a surface, comprising:
    coupling adjacent sections of a plurality of sections into end-to-end alignment to form a
        frame from a first end to a second end;
    sliding the frame through one or more loops of a canopy;
    securing the left end and the right end of the frame to the surface,

- 13 -

thereby aerially suspending the canopy and providing shade to the surface.

16. The method of claim 15, further comprising filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

17. The method of claim 15, wherein the coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

18. The method of claim 15, further comprising unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

19. The method of claim 15, further comprising wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

20. The method of claim 19, further comprising fastening the at least one strap for locking the strap into position.

- 14 -

**ABSTRACT**

A system for providing shade onto a surface is described herein. The system includes a canopy configured for engagement with, and aerial suspension by, a frame. The frame includes a plurality of sections configured for end-to-end alignment from a left end to a right end of the frame. Each section is configured to engage with any adjacent sections to form the frame. The ends of the frame are secured to the surface, thereby aerially suspending the canopy and providing shade to the surface.

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 25 of 253



FIG. 1



**FIG. 2**

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 27 of 253



FIG. 3



FIG. 4



FIG. 5



**FIG. 6**



FIG. 7

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT4547643

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT |

## CONVEYING PARTY DATA

| Name | Execution Date |
|---|---|
| DANE BROOKS BARNES | 08/08/2017 |
| ALEXANDER GRIFFITH SLATER | 08/08/2017 |
| SCOTT CHRISTIAN BARNES | 08/08/2017 |

## RECEIVING PARTY DATA

| | |
|---|---|
| Name: | SHIBUMI SHADE, LLC |
| Street Address: | 614 HOLDEN ST |
| City: | RALEIGH |
| State/Country: | NORTH CAROLINA |
| Postal Code: | 27604-1949 |

## PROPERTY NUMBERS Total: 1

| Property Type | Number |
|---|---|
| Application Number: | 15675715 |

## CORRESPONDENCE DATA

**Fax Number:**

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| Phone: | 919-348-2194 |
| Email: | lgravatt@nkpatentlaw.com |
| Correspondent Name: | NK PATENT LAW |
| Address Line 1: | 4917 WATERS EDGE DRIVE |
| Address Line 2: | SUITE 275 |
| Address Line 4: | RALEIGH, NORTH CAROLINA 27606 |

| ATTORNEY DOCKET NUMBER: | 785/2 UTIL |
|---|---|
| NAME OF SUBMITTER: | WILLIAM LYLE GRAVATT |
| SIGNATURE: | /William Lyle Gravatt/ |
| DATE SIGNED: | 08/12/2017 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

Total Attachments: 3
source=785-2UTIL-20170812-Dec-Asssign-signed#page1.tif
source=785-2UTIL-20170812-Dec-Asssign-signed#page2.tif

source=785-2UTIL-20170812-Dec-Asssign-signed#page3.tif

## DECLARATION AND ASSIGNMENT OF RIGHTS

As a below named inventor (hereinafter designated as the undersigned or the Assignor, where appropriate), I hereby declare that:

The application is as identified by the attorney docket number, title, Filing Date, or Application Title as set forth in the following Table I.

The application in Table I was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the applications in Table I.

The undersigned hereby acknowledges that any willful false statement made in this declaration is punishable under 18 U.S.C. § 1001 by fine or imprisonment of not more than five (5) years, or both.

WHEREAS, the undersigned, **Dane Brooks Barnes, Alexander Griffith Slater and Scott Christian Barnes**, (hereinafter "Assignor") has invented certain new and useful improvements described in the application(s) identified in Table I.

AND, WHEREAS, **SHIBUMI SHADE, LLC**, having a place of business at 614 Holden Street, Raleigh, NC 27604-1949 (hereinafter "Assignee"), has already acquired an interest in the application(s) identified in Table I by and through an employment or other agreement between Assignor and Assignee. I further authorize an agent of the Assignee to insert the filing date, application number, and any other identifying particulars as required for perfecting these assignment papers.

However, in the avoidance of doubt and as confirmation of the already acquired interest by Assignee, NOW, THEREFORE, To Whom It May Concern, be it known that for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor has assigned and by these presents does hereby sell, assign, transfer, and convey unto the Assignee, its successors and assigns, his entire right, title, and interest in and to the invention and application, including the right to sue for past infringements and any other prior occurring rights, provided any such rights exist, and in and to any and all domestic and foreign patent applications filed on the invention, and in and to any and all continuations, continuations-in-part, or divisions thereof, and in and to any and all Letters Patent of the United States of America, and all foreign countries or reissues thereof which may be granted therefor or thereon, for the full end of the term for which said Letters Patent may be granted, together with his right to claim the priority of said application in all foreign countries in accordance with the International

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 35 of 253

Convention, the same to be held and enjoyed by said Assignee, its successors and assigns, as fully and entirely as the same would have been held and enjoyed by Assignor if this assignment and sale had not been made. Assignor further assigns to Assignee the right to claim entitlement and/or priority to any applications that entitlement or priority may be claimed for this or any later filed application, including the assignment of any provisionals or other priority documents to which the inventions claim priority to. The assignment of the right to claim entitlement and/or priority is executed *nunc pro tunc* and is considered effective as of the filing date of the earliest application to which priority and/or entitlement is claimed.

Assignor hereby requests that said Letters Patent be issued in accordance with this assignment.

Assignor further covenants and agrees that, at the time of the execution and delivery of these presents, Assignor possesses full title to the invention and application above-mentioned, and that he has the unencumbered right and authority to make this assignment.

Assignor further covenants and agrees, and likewise binds his heirs, legal representatives and assigns, to promptly communicate to said Assignee or its representatives any facts known to him relating to said invention, to testify in any interference or legal proceedings involving said invention, to execute any additional papers which may be requested to confirm the right of the Assignee, its representatives, successors and assigns to secure patent or similar protection for the said invention in all countries and to vest in the Assignee complete title to the said invention and Letters Patent, without further compensation, but at the expense of said Assignee, its successors, assigns and other legal representatives.

<<<<<<<<        TABLE I and Signature Page follows                >>>>

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 36 of 253

## TABLE I

| Application No. | Attorney Docket No. | Filing Date | Title |
|---|---|---|---|
| 15/675,715 | 785/2 UTIL | 2017-08-12 | SHADING SYSTEM AND METHOD OF USE |


Executed this ___8___ day of _____August_____, 2017.

_Dane Barnes_____

**Dane Brooks Barnes**

_Alex Slater_____

**Alexander Griffith Slater**

_Scott Barnes_____

**Scott Christian Barnes**


**(Assignors)**


Executed this ___8___ day of _____August_____, 2017.


**SHIBUMI SHADE, LLC**


_____


Name: _Dane Barnes_____

Title: Officer, Shibumi Shade, LLC

**(Assignee)**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re:          Barnes *et al.*                    Confirmation No.:   *To Be Assigned*
Appl. No.:      *To Be Assigned*                   Group Art Unit:     *To Be Assigned*
Filed:          *Concurrently Herewith*            Examiner:           *To Be Assigned*
For:            SHADING SYSTEM AND METHOD OF USE

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### INFORMATION DISCLOSURE STATEMENT
### CITATION UNDER 37 C.F.R. § 1.97

Sir:

Attached is a list of documents on form PTO-1449.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

Any foreign patents or non-patent literature documents items are attached, except those that were supplied in, or cited by the Office during prosecution of, parent Application No. 16/987,886, filed August 7, 2020. Since the benefit of this application was claimed under 35 U.S.C. 120, no copies need to be furnished in accordance with 37 C.F.R. 1.98(d); however, copies will be furnished on request.

**Customer No. 26158**                              Respectfully submitted,
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing                              /lauren f. anderson/
P.O. Box 7037
Atlanta, GA 30357-0037                              Lauren F. Anderson
Tel Raleigh Office (919) 755-2100                   Registration No. 69,344
Fax Raleigh Office (919) 755-2150

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC
FILING SYSTEM OF THE UNITED STATES PATENT AND
TRADEMARK OFFICE ON JUNE 9, 2021.*

PTO/AIA/15 (10-17)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY
# PATENT APPLICATION
# TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| *Attorney Docket No.* | **S105508 1010US.C4 (0013.8)** |
| *First Named Inventor* | **Dane Brooks Barnes** |
| *Title* | SHADING SYSTEM AND METHOD OF USE |
| *Priority Mail Express® Label No.* | |

## APPLICATION ELEMENTS
*See MPEP chapter 600 concerning utility patent application contents.*

**ADDRESS TO:**

**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

1. ✔ **Fee Transmittal Form**
   (PTO/SB/17 or equivalent)

2. ✔ **Applicant asserts small entity status.**
   See 37 CFR 1.27

3. ☐ **Applicant certifies micro entity status.** See 37 CFR 1.29.
   Applicant must attach form PTO/SB/15A or B or equivalent.

4. ✔ **Specification** [*Total Pages* 15 ]
   Both the claims and abstract must start on a new page.
   *(See MPEP § 608.01(a) for information on the preferred arrangement)*

5. ✔ **Drawing(s)** (35 U.S.C. 113) [*Total Sheets* 7 ]

6. **Inventor's Oath or Declaration** [*Total Pages* 5 ]
   *(including substitute statements under 37 CFR 1.64 and assignments serving as an oath or declaration under 37 CFR 1.63(e))*

   a. ☐ Newly executed (original or copy)

   b. ✔ A copy from a prior application (37 CFR 1.63(d))

7. ✔ **Application Data Sheet** * *See note below.*
   See 37 CFR 1.76 (PTO/AIA/14 or equivalent)

8. **CD-ROM or CD-R**
   in duplicate, large table, or Computer Program (*Appendix*)
   ☐ Landscape Table on CD

9. **Nucleotide and/or Amino Acid Sequence Submission**
   (*if applicable, items a. – c. are required*)

   a. ☐ Computer Readable Form (CRF)

   b. ☐ Specification Sequence Listing on:
      i. ☐ CD-ROM or CD-R (2 copies); or
      ii. ☐ Paper

   c. ☐ Statements verifying identity of above copies

## ACCOMPANYING APPLICATION PAPERS

10. ☐ **Assignment Papers**
    (cover sheet & document(s))
    Name of Assignee _____

11. ✔ **37 CFR 3.73(c) Statement**    ✔ **Power of Attorney**
    (*when there is an assignee*)

12. ☐ **English Translation Document**
    (*if applicable*)

13. ✔ **Information Disclosure Statement**
    (PTO/SB/08 or PTO-1449)
    ☐ Copies of citations attached

14. ✔ **Preliminary Amendment**

15. ☐ **Return Receipt Postcard**
    (*MPEP § 503*) (*Should be specifically itemized*)

16. ☐ **Certified Copy of Priority Document(s)**
    (*if foreign priority is claimed*)

17. ☐ **Nonpublication Request**
    Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach form PTO/SB/35 or equivalent.

18. ✔ **Other:** Certification and Request for Prioritized Examination
    Processing Fee Under 37 CFR 1.117(i)
    _____
    _____
    _____

***Note:** (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 **must** be included in an Application Data Sheet (ADS).
(2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary interest in the matter. See 37 CFR 1.46(b).*

## 19. CORRESPONDENCE ADDRESS

✔ The address associated with Customer Number: 26158    **OR** ☐ Correspondence address below

| Name | |
|---|---|
| Address | |

| City | | State | | Zip Code | |
|---|---|---|---|---|---|
| Country | | Telephone | | Email | |

| Signature | /lauren f. anderson/ | Date | June 9, 2021 |
|---|---|---|---|
| Name (Print/Type) | Lauren F. Anderson | Registration No. (Attorney/Agent) | 69,344 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.,* GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PTO/SB/17 (10-20)
Approved for use through 12/31/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number

# FEE TRANSMITTAL

| | Complete if known | |
|---|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Examiner Name | To Be Assigned |
| Art Unit | To Be Assigned |
| Practitioner Docket No. | S105508 1010US.C4 (0013.8) |

■ Applicant asserts small entity status. See 37 CFR 1.27.

☐ Applicant certifies micro entity status. See 37 CFR 1.29.
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

TOTAL AMOUNT OF PAYMENT   ($) 3000

**METHOD OF PAYMENT** (check all that apply)

☐ Check   ☐ Credit Card   ☐ Money Order   ☐ None   ☐ Other (please identify): _____

■ Deposit Account  Deposit Account Number: 09-0528_____   Deposit Account Name: _____

For the above-identified deposit account, the Director is hereby authorized to (check all that apply):

■ Charge fee(s) indicated below        ☐ Charge fee(s) indicated below, **except for the filing fee**

■ Charge any additional fee(s) or underpayment of fee(s)   ■ Credit any overpayment of fee(s)
under 37 CFR 1.16 and 1.17

**WARNING**: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

**FEE CALCULATION**

**1. BASIC FILING, SEARCH, AND EXAMINATION FEES (U = undiscounted fee; S = small entity fee; M = micro entity fee)**

| | FILING FEES | | | SEARCH FEES | | | EXAMINATION FEES | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Application Type** | **U ($)** | **S ($)** | **M ($)** | **U ($)** | **S ($)** | **M ($)** | **U ($)** | **S ($)** | **M ($)** | **Fees Paid ($)** |
| Utility | 320 | 160* | 80 | 700 | 350 | 175 | 800 | 400 | 200 | 830 |
| Design | 220 | 110 | 55 | 160 | 80 | 40 | 640 | 320 | 160 | |
| Plant | 220 | 110 | 55 | 440 | 220 | 110 | 660 | 330 | 165 | |
| Reissue | 320 | 160 | 80 | 700 | 350 | 175 | 2,320 | 1,160 | 580 | |
| Provisional | 300 | 150 | 75 | 0 | 0 | 0 | 0 | 0 | 0 | |

* The $160 small entity status filing fee for a utility application is further reduced to $80 for a small entity status applicant who files the application via EFS-Web.

**2. EXCESS CLAIM FEES**

| **Fee Description** | **Undiscounted Fee ($)** | **Small Entity Fee ($)** | **Micro Entity Fee ($)** |
|---|---|---|---|
| Each claim over 20 (including Reissues) | 100 | 50 | 25 |
| Each independent claim over 3 (including Reissues) | 480 | 240 | 120 |
| Multiple dependent claims | 860 | 430 | 215 |

| **Total Claims** | | **Extra Claims** | **Fee ($)** | **Fee Paid ($)** | |
|---|---|---|---|---|---|
| 11 | -20 or HP = | _____ x | _____ | = _____ | **Multiple Dependent Claims** |

HP = highest number of total claims paid for, if greater than 20.

| | | | **Fee ($)** | **Fee Paid ($)** |
|---|---|---|---|---|

| **Indep. Claims** | | **Extra Claims** | **Fee ($)** | **Fee Paid ($)** | _____ | _____ |
|---|---|---|---|---|---|---|
| 1 | -3 or HP = | _____ x | _____ | = _____ | | |

HP = highest number of independent claims paid for, if greater than 3.

**3. APPLICATION SIZE FEE**

If the specification and drawings exceed 100 sheets of paper (excluding electronically filed sequence or computer listings under 37 CFR 1.52(e)), the application size fee due is $420 ($210 for small entity) ($105 for micro entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s).

| **Total Sheets** | **Extra Sheets** | **Number of each additional 50 or fraction thereof** | **Fee ($)** | **Fee Paid ($)** |
|---|---|---|---|---|
| 22   - 100 = | _____ / 50 = | _____ (round **up** to a whole number)   x | _____ | = _____ |

**4. OTHER FEE(S)**

| | **Fees Paid ($)** |
|---|---|
| Non-English specification, $140 fee ($70 for small entity) ($35 for micro entity) | _____ |
| **Non-electronic filing fee under 37 CFR 1.16(t) for a utility application, $400 fee ($200 small or micro entity)** | _____ |
| Other (e.g., late filing surcharge): Request for Prioritized Examination and processing fee | 2170 |

**SUBMITTED BY**

| Signature | /lauren f. anderson/ | Registration No. (Attorney/Agent) 69,344 | Telephone (919) 755-2100 |
|---|---|---|---|
| Name (Print/Type) | Lauren F. Anderson | | Date June 9, 2021 |

This collection of information is required by 37 CFR 1.136. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.,* GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| | | | | | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | **Complete if Known** | | |
| | | | Application Number | *To Be Assigned* | |
| | | | Filing Date | *Concurrently Herewith* | |
| | | | First Named Inventor | Dane Brooks Barnes | |
| | | | Art Unit | *To Be Assigned* | |
| | | | Examiner Name | *To Be Assigned* | |
| Sheet | 1 | of | 2 | Attorney Docket Number | **S105508 1010US.C4 (0013.8)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-3,042,053 | 07-03-1962 | Gabriel | |
| | 2 | US-3,070,107 | 12-25-1962 | Beatty | |
| | 3 | US-3,075,536 | 01-29-1963 | Parker | |
| | 4 | US-3,394,720 | 07-30-1968 | Moss | |
| | 5 | US-4,590,956 | 05-27-1986 | Griesenbeck | |
| | 6 | US-4,930,534 | 06-05-1990 | Hill | |
| | 7 | US-5,080,123 | 01-14-1992 | Stein | |
| | 8 | US-5,299,590 | 08-05-1994 | Deibert *et al.* | |
| | 9 | US-5,927,311 | 07-27-1999 | Jager | |
| | 10 | US-5,950,649 | 09-14-1999 | Gerig | |
| | 11 | US-6,964,277 | 11-15-2005 | Naber | |
| | 12 | US-7,406,977 | 08-05-2008 | Shires | |
| | 13 | US-7,708,339 | 05-04-2010 | Zapater | |
| | 14 | US-7,789,097 | 09-07-2010 | Sotirkys *et al.* | |
| | 15 | US-8,424,549 | 04-23-2013 | Goldsmith *et al.* | |
| | 16 | US-8,453,664 | 06-04-2013 | Parsons *et al.* | |
| | 17 | US-8,720,461 | 05-13-2014 | Nichols | |
| | 18 | US-8,899,251 | 12-02-2014 | Leung *et al.* | |
| | 19 | US-9,051,755 | 06-09-2015 | Heining *et al.* | |
| | 20 | US-9,051,756 | 06-09-2015 | Jenkins | |
| | 21 | US-9,113,724 | 08-25-2015 | Heining *et al.* | |
| | 22 | US-2003/0089390 | 05-15-2003 | Seo | |
| | 23 | US-2007/0079857 | 04-12-2007 | Tseng | |
| | 24 | US-2012/0291830 | 11-22-2012 | Crimi | |

| | | | | |
|---|---|---|---|---|
| Examiner Signature | | | Date Considered | |

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 9, 2021.*

WBD (US) 52400411v1

| | | | | | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | **Complete if Known** | | | |
| | | Application Number | *To Be Assigned* | | |
| | | Filing Date | *Concurrently Herewith* | | |
| | | First Named Inventor | Dane Brooks Barnes | | |
| | | Art Unit | *To Be Assigned* | | |
| | | Examiner Name | *To Be Assigned* | | |
| Sheet | 2 | of | 2 | Attorney Docket Number | **S105508 1010US.C4 (0013.8)** |

### U. S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| | 25 | US-2013/0074894 | 03-28-2013 | Cook | |
| | 26 | US-2014/0041703 | 02-13-2014 | Funston | |
| | 27 | US-2014/0209132 | 07-31-2014 | Landry | |
| | 28 | US-2015/0040957 | 02-12-2015 | Mallookis *et al.* | |
| | 29 | US-2015/0252585 | 09-10-2015 | Mallookis *et al.* | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 30 | WO 02/04768 | 01-17-2002 | Selby | | |
| | 31 | FR 2 884 844 | 04-26-2005 | Cahours De Virgile | | |
| | 32 | DE 10 2009 020 795 | 11-04-2010 | Schmidt | | |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 33 | YouTube video by Robert Marazzita: The Best Beach Cabana – Set Up and Tear Down, July 9, 2015, [site visited August 8, 2017], Available on the Internet URL: <https:www.youtube.com/watch?v=LfccH7yV6SE>. | |
| | 34 | YouTube video by Robb's Homemade Life: Make $15 Beach Shade tent Easy Quick DIY, October 6, 2015 [site visited August 8, 2017] Available on the internet URL: <www.youtube.com/watch?v+X20b4pLJx1c> | |
| | 35 | YouTube video by Beachspirit: Kitent (R) - the Floating beach tent for sun shade, October 8, 2016 [site visited August 8, 2017] Available on the internet URL: <https://m.youtube.com/watch?v=OUaDZeqdTkQ> | |
| | 36 | YouTube video by ZiggyShade Beach Sunshade: ZiggyShade – Beach Sunshade – Set up instructions, November 24, 2016 [site visited August 8, 2017] Available on the internet URL: <https://youtu.be/1krQ0rlumws> | |
| | 37 | YouTube video by bibitedog: How to set up a butterfly arch, May 26, 2012 [site visited December 18, 2018] Available on the internet URL: <https://www.youtube.com/watch?v=FOTYtjQAL4s> | |

| | | | |
|---|---|---|---|
| Examiner Signature | | Date Considered | |

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 9, 2021.*

WBD (US) 52400411v1

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 03/31/2021. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Title | SHADING SYSTEM AND METHOD OF USE |
| Art Unit | To Be Assigned |
| Examiner Name | To Be Assigned |
| Attorney Docket Number | S105508 1010US.C4 (0013.8) |

## SIGNATURE of Applicant or Patent Practitioner

| Signature | /lauren f. anderson/ | Date (Optional) | |
|---|---|---|---|
| Name | Lauren F. Anderson | Registration Number | 69,344 |
| Title (if Applicant is a juristic entity) | | | |

| Applicant Name (if Applicant is a juristic entity) | Shibumi Shade, Inc. |
|---|---|

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 03/31/2021. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in <u>either</u> the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
|  |  |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[✔] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:

26158

**OR**

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[✔] The address associated with the above-mentioned Customer Number

**OR**

[ ] The address associated with Customer Number:

**OR**

| [ ] Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip | |
| Country | |
| Telephone | Email | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

# SHIBUMI SHADE, INC.

[ ] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[✔] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

### SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | 4/14/2020 |
|---|---|---|---|
| Name | Dane Barnes | | |
| Title | President | | |

**NOTE:** Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/AIA/96 (08-12)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

Applicant/Patent Owner: Shibumi Shade, Inc.

Application No./Patent No.: To Be Assigned          Filed/Issue Date: Concurrently Herewith

Titled: SHADING SYSTEM AND METHOD OF USE

Shibumi Shade, Inc.                    , a Corporation

(Name of Assignee)                          (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that, for the patent application/patent identified above, it is (choose **one** of options 1, 2, 3 or 4 below):

1. [✔]  The assignee of the entire right, title, and interest.

2. [ ]  An assignee of less than the entire right, title, and interest (check applicable box):

   [ ]  The extent (by percentage) of its ownership interest is _____%. Additional Statement(s) by the owners holding the balance of the interest <u>must be submitted</u> to account for 100% of the ownership interest.

   [ ]  There are unspecified percentages of ownership.  The other parties, including inventors, who together own the entire right, title and interest are:

   |  |
   |  |

   Additional Statement(s) by the owner(s) holding the balance of the interest <u>must be submitted</u> to account for the entire right, title, and interest.

3. [ ]  The assignee of an undivided interest in the entirety (a complete assignment from one of the joint inventors was made). The other parties, including inventors, who together own the entire right, title, and interest are:

   |  |
   |  |

   Additional Statement(s) by the owner(s) holding the balance of the interest <u>must be submitted</u> to account for the entire right, title, and interest.

4. [ ]  The recipient, via a court proceeding or the like (*e.g.*, bankruptcy, probate), of an undivided interest in the entirety (a complete transfer of ownership interest was made).  The certified document(s) showing the transfer is attached.

The interest identified in option 1, 2 or 3 above (not option 4) is evidenced by either (choose **one** of options A or B below):

A. [ ]  An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in the United States Patent and Trademark Office at Reel _____, Frame _____, or for which a copy thereof is attached.

B. [✔]  A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

   1. From: Barnes; Slater; Barnes          To: Shibumi Shade, LLC

   The document was recorded in the United States Patent and Trademark Office at
   Reel 043276 , Frame 0936 , or for which a copy thereof is attached.

   2. From: Shibumi Shade, LLC          To: Shibumi Shade, Inc.

   The document was recorded in the United States Patent and Trademark Office at
   Reel 052350 , Frame 0912 , or for which a copy thereof is attached.

[Page 1 of 2]

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/96 (08-12)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# STATEMENT UNDER 37 CFR 3.73(c)

3. From: _____ To: _____

    The document was recorded in the United States Patent and Trademark Office at

    Reel _____, Frame _____, or for which a copy thereof is attached.

4. From: _____ To: _____

    The document was recorded in the United States Patent and Trademark Office at

    Reel _____, Frame _____, or for which a copy thereof is attached.

5. From: _____ To: _____

    The document was recorded in the United States Patent and Trademark Office at

    Reel _____, Frame _____, or for which a copy thereof is attached.

6. From: _____ To: _____

    The document was recorded in the United States Patent and Trademark Office at

    Reel _____, Frame _____, or for which a copy thereof is attached.

☐    Additional documents in the chain of title are listed on a supplemental sheet(s).

☐    As required by 37 CFR 3.73(c)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

[NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

| /lauren f. anderson/ | June 9, 2021 |
|---|---|
| Signature | Date |
| Lauren F. Anderson | 69,344 |
| Printed or Typed Name | Title or Registration Number |

[Page 2 of 2]

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# CERTIFICATION AND REQUEST FOR PRIORITIZED EXAMINATION
## UNDER 37 CFR 1.102(e) (Page 1 of 1)

| First Named Inventor: | Dane Brooks Barnes | Nonprovisional Application Number (if known): | |
|---|---|---|---|
| Title of Invention: | SHADING SYSTEM AND METHOD OF USE | | |

**APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS PRIORITIZED EXAMINATION FOR THE ABOVE-IDENTIFIED APPLICATION.**

1. The processing fee set forth in 37 CFR 1.17(i)(1) and the prioritized examination fee set forth in 37 CFR 1.17(c) have been filed with the request. The publication fee requirement is met because that fee, set forth in 37 CFR 1.18(d), is currently $0. The basic filing fee, search fee, and examination fee are filed with the request or have been already been paid. I understand that any required excess claims fees or application size fee must be paid for the application.

2. I understand that the application may not contain, or be amended to contain, more than four independent claims, more than thirty total claims, or any multiple dependent claims, and that any request for an extension of time will cause an outstanding Track I request to be dismissed.

3. The applicable box is checked below:

   I. ☑ **Original Application (Track One) - Prioritized Examination under § 1.102(e)(1)**

   i. (a) The application is an original nonprovisional utility application filed under 35 U.S.C. 111(a). This certification and request is being filed with the utility application via EFS-Web.
   ---OR---
   (b) The application is an original nonprovisional plant application filed under 35 U.S.C. 111(a). This certification and request is being filed with the plant application in paper.

   ii. An executed inventor's oath or declaration under 37 CFR 1.63 or 37 CFR 1.64 for each inventor, **or** the application data sheet meeting the conditions specified in 37 CFR 1.53(f)(3)(i) is filed with the application.

   II. ☐ **Request for Continued Examination - Prioritized Examination under § 1.102(e)(2)**

   i. A request for continued examination has been filed with, or prior to, this form.
   ii. If the application is a utility application, this certification and request is being filed via EFS-Web.
   iii. The application is an original nonprovisional utility application filed under 35 U.S.C. 111(a), or is a national stage entry under 35 U.S.C. 371.
   iv. This certification and request is being filed prior to the mailing of a first Office action responsive to the request for continued examination.
   v. No prior request for continued examination has been granted prioritized examination status under 37 CFR 1.102(e)(2).

| Signature /lauren f. anderson/ | Date June 9, 2021 |
|---|---|
| Name (Print/Typed) Lauren F. Anderson | Practitioner Registration Number 69,344 |

***Note:*** *This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required.* *

☐ *Total of _____ forms are submitted.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PTO/SB/17i (10-20)
Approved for use through 12/31/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# PROCESSING FEE
## Under 37 CFR 1.17(i)
## TRANSMITTAL
(Fees are subject to annual revision)

**Send completed form to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450**

| | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Art Unit | To Be Assigned |
| Examiner Name | To Be Assigned |
| Practitioner Docket No. | S105508 1010US.C4 (0013.8) |

Enclosed is a paper filed under 37 CFR 1.102(e) that requires a processing fee (37 CFR 1.17(i)(1) or (2)).

Payment of $ 70 is enclosed.

This form should be included with the above-mentioned paper and faxed or mailed to the Office using the appropriate Mail Stop, if applicable.
*For transmittal of petition fees under 37 CFR 1.17(f), (g) or (h), see form PTO/SB/17p or PTO/AIA/17p, as applicable.*

[✔] Applicant asserts small entity status. See 37 CFR 1.27.

[ ] Applicant certifies micro entity status. See 37 CFR 1.29.
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

**Payment of Fees**

[✔] The Commissioner is hereby authorized to charge the following fees to Deposit Account No. 09-0528 :

    [✔] processing fee under 37 CFR 1.17(i)(1)  [ ] processing fee under 37 CFR 1.17(i)(2)  [ ] any deficiency of fees and credit of any overpayments

[ ] Check in the amount of $ _____ is enclosed.    [✔] Payment via EFS-Web.

[ ] Payment by credit card (Form PTO-2038 or equivalent is enclosed). Do not provide credit card information on this form.

## Processing Fees Under 37 CFR 1.17(i)(1):

**Undiscounted Fee $140 (Fee Code 1053)    Small Entity Fee $70 (Fee Code 2053)    Micro Entity Fee $35 (Fee Code 3053)**

For papers filed under:
**§ 1.28(c)(3)** - for processing a non-itemized fee deficiency based on an error in small entity status.
**§ 1.29(k)(3)** - for processing a non-itemized fee deficiency based on an error in micro entity status.
**§ 1.41(b)** - for supplying the name or names of the inventor or joint inventors in an application without either an application data sheet or the inventor's oath or declaration, except in provisional applications.
**§ 1.48** - for correcting inventorship, except in provisional applications.
**§ 1.52(d)** - for processing a nonprovisional application filed with a specification in a language other than English.
**§ 1.53(c)(3)** - to convert a provisional application filed under § 1.53(c) into a nonprovisional application under § 1.53(b).
**§ 1.71(g)(2)** - for processing a belated amendment under § 1.71(g).
**§ 1.102(e)** - for requesting prioritized examination of an application.
**§ 1.103(b)** - for requesting limited suspension of action, continued prosecution application for a design patent (§ 1.53(d)).
**§ 1.103(c)** - for requesting limited suspension of action, request for continued examination (§ 1.114).
**§ 1.103(d)** - for requesting deferred examination of an application.
**§ 1.291(c)(5)** - for processing a second or subsequent protest by the same real party in interest.
**§ 3.81** - for a patent to issue to assignee, assignment submitted after payment of the issue fee.

## Processing Fees Under 37 CFR 1.17(i)(2):

**Fee $140 (small and micro entity discounts are not available for the 37 CFR 1.17(i)(2) processing**

**fee)** For papers filed under:
**§ 1.217** - for processing a redacted copy of a paper submitted in the file of an application in which a redacted copy was submitted for the patent application publication. **FEE CODE 1808**
**§ 1.221** - for requesting voluntary publication or republication of an application. **FEE CODE 1803**

**SUBMITTED BY**

| Signature | /lauren f. anderson/ | Registration No. (Attorney/Agent) 69,344 | Telephone (919) 755-2100 |
|---|---|---|---|
| Name (Print/Type) | Lauren F. Anderson | | Date June 9, 2021 |

This collection of information is required by 37 CFR 1.17. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 5 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | *To Be Assigned* |
| Appl. No.: | *To Be Assigned* | Group Art Unit: | *To Be Assigned* |
| Filed: | *Concurrently Herewith* | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C4 (0013.8)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## PRELIMINARY AMENDMENT
### 37 CFR § 1.115

Sir:

Please enter this Preliminary Amendment before calculating the claim fee and amend the above-identified application as follows:

**Amendments to the Specification** begin on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 3 of this paper.

**Remarks** begin on page 5 of this paper.

WBD (US) 52400498v1

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 54 of 253

Appl. No.: *To Be Assigned*
Filed: *Concurrently Herewith*
Amdt. Dated June 9, 2021

Amendments to the Specification:

On page 1, after the title of the invention, please amend the following paragraph:

CROSS-REFERENCE TO RELATED APPLICATIONS

This application is a <u>continuation of U.S. Application No. 17/232,799 filed April 16, 2021, which is a continuation of U.S. Application No. 16/987,886, filed August 7, 2020, which is a continuation of U.S. Patent No. 16/224,465, filed December 18, 2018, which granted August 25, 2020 as U.S. Patent No. 10,753,117, which is a continuation of U.S. Application No. 15/675,715, filed August 12, 2017, which granted January 29, 2019 as U.S. Patent No. 10,190,330, which is a</u> non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, ~~the contents of which are hereby incorporated by reference in its entirety~~ <u>which applications are hereby incorporated by reference in their entirety in this application</u>.

WBD (US) 52400498v1

Appl. No.: *To Be Assigned*
Filed: *Concurrently Herewith*
Amdt. Dated June 9, 2021

Amendments to the Claims:

1. – 20.        (Canceled)

21.     (New)  A system for providing shade onto a surface, the system comprising:

a frame engageable with the surface and comprising a plurality of sections;

at least one aligning component affixed to one or more of the plurality of sections of the frame such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned end-to-end;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the first frame and at least partially supportable by wind in a first configuration for providing shade to the surface;

a cord  coupleable to at least one of the frame and the canopy; and

an anchor being coupleable to the cord so that the frame remains in the supporting configuration.

22.     (New)  The system of claim 21, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

23.     (New)  The system of claim 22, wherein the plurality of coupled sections are selectively engageable sections.

24.     (New)  The system of claim 21, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

WBD (US) 52400498v1

25.    (New)  The system of claim 21, wherein the at least one aligning component comprises an intermediate section arranged between a first section and a second section of the plurality of sections.

26.    (New)  The system of claim 21, wherein the at least one aligning component comprises a cable extending through the plurality of sections of the frame.

27.    (New)  The system of claim 21, wherein the plurality of sections form a curved shape in the supporting configuration.

28.    (New)  The system of claim 21, wherein at least one of the plurality of sections is arranged at a non-co-extensive angle with respect to an axis of another of the plurality of sections.

29.    (New)  The system of claim 21, wherein the plurality of sections are arranged telescopically, wherein each adjacent section is housed within and extends from another adjacent section.

30.    (New)  The system of claim 21, wherein ends of the frame are securable to a surface.

31.    (New)  The system of claim 21, wherein the anchor houses weight.

WBD (US) 52400498v1

Appl. No.: *To Be Assigned*
Filed: *Concurrently Herewith*
Amdt. Dated June 9, 2021

**REMARKS**

With this preliminary amendment, claims 1-20 are canceled and claims 21-31 are added. No new matter is added by way of this amendment. Claims 21-31 are pending.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON JUNE 9, 2021.**

WBD (US) 52400498v1

# Electronic Patent Application Fee Transmittal

| Application Number: | |
|---|---|
| Filing Date: | |
| Title of Invention: | SHADING SYSTEM AND METHOD OF USE |
| First Named Inventor/Applicant Name: | Dane Brooks Barnes |
| Filer: | Lauren F Anderson/Shari Elofson |
| Attorney Docket Number: | S105508 1010US.C4 (0013.8 |

Filed as Small Entity

**Filing Fees for** Track I Prioritized Examination - Nonprovisional Application under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| UTILITY FILING FEE (ELECTRONIC FILING) | 4011 | 1 | 80 | 80 |
| UTILITY SEARCH FEE | 2111 | 1 | 350 | 350 |
| UTILITY EXAMINATION FEE | 2311 | 1 | 400 | 400 |
| REQUEST FOR PRIORITIZED EXAMINATION | 2817 | 1 | 2100 | 2100 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| PUBL. FEE- EARLY, VOLUNTARY, OR NORMAL | 1504 | 1 | 0 | 0 |
| PROCESSING FEE, EXCEPT PROV. APPLS. | 2830 | 1 | 70 | 70 |

**Petition:**

**Patent-Appeals-and-Interference:**

**Post-Allowance-and-Post-Issuance:**

**Extension-of-Time:**

**Miscellaneous:**

| | **Total in USD ($)** | **3000** |
|---|---|---|

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 42939462 |
| **Application Number:** | 17343107 |
| **International Application Number:** | |
| **Confirmation Number:** | 1078 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C4 (0013.8 |
| **Receipt Date:** | 09-JUN-2021 |
| **Filing Date:** | |
| **Time Stamp:** | 15:16:05 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $ 3000 |
| RAM confirmation Number | E202169F16402346 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Transmittal of New Application | S105508_1010US_C4_0013_8_Utility_Transmittal.pdf | 294004<br>bbcfe4f19d86712079b6a4a1d7647b01f9d5f967 | no | 2 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | S105508_1010US_C4_0013_8_Fee_Transmittal.pdf | 315253<br>84b7897a540f4355c86de0a139988367ed23aa29 | no | 2 |

**Warnings:**

**Information:**

| 3 | Application Data Sheet | S105508_1010US_C4_0013_8_ADS.pdf | 1256613<br>85859aec550e86c77d4d10b0c87a998bd75d2da7 | no | 9 |

**Warnings:**

**Information:**

| 4 | | S105508_1010US_C4_0013_8_Application_from_parent.PDF | 878328<br>c168c1aa34efaaf4ca6acdd78bfd5dd0795d771f | yes | 15 |

| | Multipart Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | **Document Description** | | **Start** | | **End** |
| | Specification | | 1 | | 11 |
| | Claims | | 12 | | 14 |
| | Abstract | | 15 | | 15 |

**Warnings:**

**Information:**

| 5 | Drawings-only black and white line drawings | S105508_1010US_C4_0013_8_Drawings_from_parent.PDF | 434911<br>ecd6d801bf0b69bf38c27a4cb7c33efd5c7cf3bf | no | 7 |

Case 5:24-cv-00588-FL     Document 28-7     Filed 03/23/26     Page 62 of 253

| | Warnings: | | | | |
|---|---|---|---|---|---|
| | Information: | | | | |

| 6 | Oath or Declaration filed | S105508_1010US_C4_0013_8_Declaration_from_parent.PDF | 335744<br><br>fe0e332fc032ef888d69e21793d53a20a9af9fd8 | no | 5 |

| | Warnings: | | | | |
|---|---|---|---|---|---|
| | Information: | | | | |

| 7 | Transmittal Letter | S105508_1010US_C4_0013_8_IDS_Cover.pdf | 124575<br><br>2fa076037b511faec701c543fe6c2947dd411f8b | no | 1 |

| | Warnings: | | | | |
|---|---|---|---|---|---|
| | Information: | | | | |

| 8 | Information Disclosure Statement (IDS) Form (SB08) | S105508_1010US_C4_0013_8_IDS_1449.pdf | 163032<br><br>99e632c0835b41fc61af3fcb3c87b664024a899b | no | 2 |

| | Warnings: | | | | |
|---|---|---|---|---|---|
| | Information: | | | | |

This is not an USPTO supplied IDS fillable form

| 9 | Power of Attorney | S105508_1010US_C4_0013_8_POA.pdf | 385534<br><br>b24489a23f6442c10cc90a3f513bbf8256d16476 | no | 2 |

| | Warnings: | | | | |
|---|---|---|---|---|---|
| | Information: | | | | |

| 10 | Assignee showing of ownership per 37 CFR 3.73 | S105508_1010US_C4_0013_8_Stmt_373.PDF | 202019<br><br>a5fe0e3bf797aa5b9da80bf48d558b0662a2f976 | no | 3 |

| | Warnings: | | | | |
|---|---|---|---|---|---|
| | Information: | | | | |

| 11 | TrackOne Request | S105508_1010US_C4_0013_8_TrackOne.pdf | 129228<br><br>f9a02bbd26f202274eebaa0c30a0b77994170e01 | no | 2 |

| | Warnings: | | | | |
|---|---|---|---|---|---|
| | Information: | | | | |

| 12 | Fee Worksheet (SB06) | S105508_1010US_C4_0013_8_Processing_Fee_Transmittal.pdf | 237801<br><br>6fd5fdb6c48fe834c53c7f6da9cb09a5613433f0 | no | 2 |

| | Warnings: | | | | |
|---|---|---|---|---|---|

**Information:**

| 13 | | S105508_1010US_C4_0013_8_Preliminary_Amendment.pdf | 112674<br>efa9c1145f5dea23c2b75b9e4fac1cf06fe600ad | yes | 5 |
|---|---|---|---|---|---|

| **Multipart Description/PDF files in .zip description** | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Preliminary Amendment | 1 | 1 |
| Specification | 2 | 2 |
| Claims | 3 | 4 |
| Applicant Arguments/Remarks Made in an Amendment | 5 | 5 |

**Warnings:**

**Information:**

| 14 | Fee Worksheet (SB06) | fee-info.pdf | 39799<br>059be26596a7512d832005c609cc3a555b5b1888 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | Total Files Size (in bytes): | 4909515 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 17/343,107 | 06/09/2021 | 3636 | 830 | S105508 1010US.C4 (0013.8 | 11 | 1 |

**CONFIRMATION NO. 1078**

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

**FILING RECEIPT**

OC000000128401134

Date Mailed: 06/21/2021

Receipt is acknowledged of this non-provisional utility patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF FIRST INVENTOR, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection.

**Please verify the accuracy of the data presented on this receipt.** If an error is noted on this Filing Receipt, please submit a written request for a corrected Filing Receipt, including a properly marked-up ADS showing the changes with strike-through for deletions and underlining for additions. If you received a "Notice to File Missing Parts" or other Notice requiring a response for this application, please submit any request for correction to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections provided that the request is grantable.

**Inventor(s)**

Dane Brooks Barnes, Raleigh, NC;
Alexander Griffith Slater, Raleigh, NC;
Scott Christian Barnes, Raleigh, NC;

**Applicant(s)**

Shibumi Shade, Inc., Raleigh, NC;

**Power of Attorney:** The patent practitioners associated with Customer Number 26158

**Domestic Priority data as claimed by applicant**

This application is a CON of 17/232,799 04/16/2021
which is a CON of 16/987,886 08/07/2020
which is a CON of 16/224,465 12/18/2018 PAT 10753117
which is a CON of 15/675,715 08/12/2017 PAT 10190330
which claims benefit of 62/409,426 10/18/2016

**Foreign Applications** for which priority is claimed  (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)  - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange: Yes**

Case 5:24-cv-00588-FL     Document 28-7     Filed 03/23/26     Page 65 of 253

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.


**If Required, Foreign Filing License Granted:** 06/17/2021
The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 17/343,107**
**Projected Publication Date:** 09/23/2021
**Non-Publication Request:** No
**Early Publication Request:** No
**\*\* SMALL ENTITY \*\***
**Title**

SHADING SYSTEM AND METHOD OF USE

**Preliminary Class**

135

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.


Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.


Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.


Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.


For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative,

this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

## LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

### NOT GRANTED

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 67 of 253

technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

Case 5:24-cv-00588-FL     Document 28-7     Filed 03/23/26     Page 68 of 253

# PATENT APPLICATION FEE DETERMINATION RECORD
## Substitute for Form PTO-875

| | Application or Docket Number |
| --- | --- |
| | 17/343,107 |

## APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | 80 | | N/A | |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | 350 | | N/A | |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | 400 | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 11 minus 20 = | * | x 50 = | 0.00 | OR | | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 1 minus 3 = | * | x 240 = | 0.00 | | | |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | 0.00 | | | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | 0.00 | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | 830 | | TOTAL | |

## APPLICATION AS AMENDED - PART II

### AMENDMENT A

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

### AMENDMENT B

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

  \* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
 \*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
     The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.

Doc Code: ECOMM.AUTH/ECOMM.WTDW
Doc Description:  Internet Communications Authorized/Internet Communications Authorization Withdrawn

PTO/SB/439 (11-15)

| AUTHORIZATION FOR INTERNET COMMUNICATIONS IN A PATENT APPLICATION OR REQUEST TO WITHDRAW AUTHORIZATION FOR INTERNET COMMUNICATIONS | | |
|---|---|---|
| | Application No. | 17/343,107 |
| | Filing Date | June 9, 2021 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | To Be Assigned |
| | Practitioner Docket No. | S105508 1010US.C4 (0013.8) |

To:     Commissioner for Patents
        P.O. Box 1450
        Alexandria, VA  22313-1450

**I. To authorize permission for Internet Communications.**

[✔]  Recognizing that Internet communications are not secure, I hereby authorize the USPTO to communicate with the undersigned and practitioners in accordance with 37 CFR 1.33 and 37 CFR 1.34 concerning any subject matter of this application via video conferencing, instant messaging, or electronic mail. I understand that a copy of these communications will be made of record in the application file. (MPEP 502.03)

**II. To withdraw authorization for Internet Communications.**

[ ]  The authorization given on _____, to the USPTO to communicate with the undersigned and any practitioner in accordance with 37 CFR 1.33 and 37 CFR 1.34 concerning any subject matter of this application via Internet communications such as video conferencing, instant messaging, or electronic mail is hereby withdrawn. I understand that the withdrawal is effective when approved rather than when received.

I am the

      [ ]  applicant.

      [✔]  attorney or agent of record. Registration number 69,344 _____.

      [ ]  attorney or agent acting under 37 CFR 1.34. Registration number _____.

/lauren f. anderson/ _____    July 29, 2021 _____
        Signature                                                        Date

Lauren F. Anderson _____    (919) 755-2100 _____
    Typed or printed name                                 Telephone Number

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Juristic entities must be represented by a patent practitioner (see 37 CFR 1.31, which is applicable to any paper filed on or after September 16, 2012, that is presented on behalf of a juristic entity, regardless of application filing date). Submit multiple forms if more than one signature is required, see below*.

[ ]  * Total of _____ forms are submitted.

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 43379352 |
| **Application Number:** | 17343107 |
| **International Application Number:** | |
| **Confirmation Number:** | 1078 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C4 (0013.8 |
| **Receipt Date:** | 29-JUL-2021 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 16:02:04 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Internet Communications Authorized | S105508_1010US_C4_0013_8_ Authorization_Internet_comm. pdf | 89383<br>d4689e5db2958cfe88de2a00c70770c7094 3ea50 | no | 2 |

**Warnings:** Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 72 of 253

| Information: | | |
|---|---|---|
| | Total Files Size (in bytes): | 89383 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1078 |
| Appl. No.: | 17/343,107 | Group Art Unit: | *To Be Assigned* |
| Filed: | June 9, 2021 | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C4 (0013.8)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## SECOND PRELIMINARY AMENDMENT
## 37 CFR § 1.115

Sir:

Please enter this second Preliminary Amendment before calculating the claim fee and amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 6 of this paper.

WBD (US) 53518984v4

Amendments to the Claims:

1. – 20.　　(Canceled)

21.　　(Currently Amended)  A system for providing shade onto a surface, the system comprising:

a frame engageable with the surface and comprising a plurality of sections; and at least one aligning component affixed to one or more of the plurality of sections of the frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned from a first end to a second end end-to-end;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the first frame and at least partially supportable by wind in a first configuration for providing shade to the surface;

a cord coupleable to one or both of at least one of the frame and the canopy; and

an anchor being coupleable to the cord so that the frame remains in the supporting configuration.

22.　　(Previously Presented)  The system of claim 21, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

23.　　(Previously Presented)  The system of claim 22, wherein the plurality of coupled sections are selectively engageable sections.

24.     (Previously Presented)  The system of claim 21, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

25.     (Previously Presented)  The system of claim 21, wherein the at least one aligning component comprises an intermediate section arranged between a first section and a second section of the plurality of sections.

26.     (Previously Presented)  The system of claim 21, wherein the at least one aligning component comprises a cable extending through the plurality of sections of the frame.

27.     (Previously Presented)  The system of claim 21, wherein the plurality of sections form a curved shape in the supporting configuration.

28.     (Previously Presented)  The system of claim 21, wherein at least one of the plurality of sections is arranged at a non-co-extensive angle with respect to an axis of another of the plurality of sections.

29.     (Previously Presented)  The system of claim 21, wherein the plurality of sections are arranged telescopically, wherein each adjacent section is housed within and extends from another adjacent section.

30.     (Previously Presented)  The system of claim 21, wherein ends of the frame are securable to a surface.

31.     (Previously Presented)  The system of claim 21, wherein the anchor houses weight.

32.     (New)  The system of claim 21, wherein the plurality of sections form a shape other than a curved shape when in the supporting configuration.

WBD (US) 53518984v4

33.    (New)  The system of claim 21, wherein at least one of the plurality of sections comprises a female end for accepting a male end of an adjacent one of the plurality of sections.

34.    (New)  A system for providing shade onto a surface, the system comprising:

a frame that includes a plurality of sections that are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are engaged or coupled into alignment to configure the frame from a left end that is engageable with the surface and a right end is engageable with the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being coupleable with the frame about a portion of the frame such that in the supporting configuration, the canopy is aerially suspended by the frame;

a container for transporting the canopy and the frame when in the compactly configured transport configuration; and

a cord selectively engageable with or secured to one or both of the canopy and the frame and engageable with or coupled to an anchor.

35.    (New)  The system of claim 34, wherein the container houses weight and is the anchor, or the container and the anchor are separate components of the system.

36.    (New)  The system of claim 34, wherein a remaining portion of the frame is housed separately from the canopy, the portion of the frame, and the cord within the container.

37.    (New)  The system of claim 34, further comprising at least one fastener engaged with, or coupled to, one or both of the canopy and the frame, wherein the fastener is positioned substantially at a center of the frame or the canopy in the supporting configuration, the cord being coupleable to the at least one fastener to selectively engage with or secure the cord to one or both of the canopy and the frame.

WBD (US) 53518984v4

38.    (New) A method for manufacturing a system for providing shade onto a surface, the method comprising:

affixing at least one aligning component to one or more of a plurality of sections to form a frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned;

engaging a suspension end of a canopy about a portion of the frame, the canopy extending between the suspension end and an opposing trailing end, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the first frame and at least partially supportable by wind in a first configuration for providing shade to the surface;

arranging the canopy and the frame in the transport configuration in a container.

39.    (New) The method of claim 38, further comprising, before arranging the canopy and the frame in the transport configuration in the container, coupling a cord to at least one of the frame and the canopy.

40.    (New) The method of claim 39, further comprising, before arranging the canopy and the frame in the transport configuration in the container, coupling the cord to an anchor such that the anchor provides support to the frame when in the supporting configuration.

WBD (US) 53518984v4

Appl. No.: 17/343,107
Filed: June 9, 2021
Amdt. Dated September 21, 2021

## REMARKS

With this second preliminary amendment, claim 21 is amended and claims 32-40 are added. Claims 1-20 were previously canceled. No new matter is added by way of this amendment. Claims 21-40 are now pending.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON SEPTEMBER 21, 2021.**

WBD (US) 53518984v4

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 43823956 |
| **Application Number:** | 17343107 |
| **International Application Number:** | |
| **Confirmation Number:** | 1078 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C4 (0013.8 |
| **Receipt Date:** | 21-SEP-2021 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 17:07:06 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | S105508_1010US_C4_0013_8_Second_Preliminary_Amendment.pdf | 111603 <br> fd331a790f06c7107d545048a502fa18ca0f0e25 | yes | 6 |

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 80 of 253

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Preliminary Amendment | 1 | 1 |
| Claims | 2 | 5 |
| Applicant Arguments/Remarks Made in an Amendment | 6 | 6 |

**Warnings:**

**Information:**

| | |
|---|---|
| Total Files Size (in bytes): | 111603 |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>17/343,107 | Filing Date<br>06/09/2021 | ☐To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE ☑ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $50 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $240 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT | 09/21/2021 | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | x $50 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $240 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
/BURNELL L ROSS/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 17/343,107 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C4 (0013.8 |

**CONFIRMATION NO. 1078**

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

**PUBLICATION NOTICE**

*OC000000128628927*

**Title:**SHADING SYSTEM AND METHOD OF USE

**Publication No.**US-2021-0293044-A1
**Publication Date:**09/23/2021

## NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Public Records Division. The Public Records Division can be reached by telephone at (571) 272-3150 or (800) 972-6382, by facsimile at (571) 273-3250, by mail addressed to the United States Patent and Trademark Office, Public Records Division, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently https://portal.uspto.gov/pair/PublicPair. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 83 of 253



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,107 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C4 (0013.8 | 1078 |

| 26158 | 7590 | 09/29/2021 |
|---|---|---|

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| CENTRAL, DOCKET |

| ART UNIT | PAPER NUMBER |
|---|---|
| OPAP | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/29/2021 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| | Application No.<br>17/343,107 | Applicant(s)<br>Barnes et al. | |
|---|---|---|---|
| ***Decision Granting Request for***<br>***Prioritized Examination (Track I)*** | **Examiner**<br>CHERYL P GIBSON<br>BAYLOR | **Art Unit**<br>OPET | **AIA (FITF) Status**<br>Yes |

1. THE REQUEST FILED <u>09 June 2021</u> IS **GRANTED** .

The above-identified application has met the requirements for prioritized examination
    A. ☑ for an original nonprovisional application (Track I).
    B. ☐ for an application undergoing continued examination (RCE).

2. **The above-identified application will undergo prioritized examination**. The application will be accorded special status throughout its entire course of prosecution until one of the following occurs:

    A.    filing a **petition for extension of time** to extend the time period for filing a reply;

    B.    filing an **amendment to amend the application to contain more than four independent claims, more than thirty total claims** , or a multiple dependent claim;

    C.    filing a **request for continued examination** ;

    D.    filing a notice of appeal;

    E.    filing a request for suspension of action;

    F.    mailing of a notice of allowance;

    G.    mailing of a final Office action;

    H.    completion of examination as defined in 37 CFR 41.102; or

    I.    abandonment of the application.

Telephone inquiries with regard to this decision should be directed to CHERYL GIBSON BAYLOR at (571)272-3213. In his/her absence, calls may be directed to Petition Help Desk at (571) 272-3282.

| /CHERYL GIBSON BAYLOR/<br>Paralegal Specialist, OPET | |
|---|---|

U.S. Patent and Trademark Office
PTO-2298 (Rev. 02-2012)



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,107 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C4 (0013.8 | 1078 |

| 26158 | 7590 | 10/29/2021 |
|---|---|---|

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/29/2021 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

<table>
<tr><td rowspan="2"><em>Office Action Summary</em></td><td colspan="2"><strong>Application No.</strong><br>17/343,107</td><td colspan="2"><strong>Applicant(s)</strong><br>Barnes et al.</td></tr>
<tr><td colspan="2"><strong>Examiner</strong><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br>3636</td><td><strong>AIA (FITF) Status</strong><br>Yes</td></tr>
</table>

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☐ Responsive to communication(s) filed on _____.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a)☐ This action is **FINAL.**   2b)☑ This action is non-final.
3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☑ Claim(s) <u>21-40</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6)☐ Claim(s) _____ is/are allowed.
7)☑ Claim(s) <u>21-36 and 38-40</u> is/are rejected.
8)☑ Claim(s) <u>37</u> is/are objected to.
9)☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.
11)☑ The drawing(s) filed on <u>6/9/2021</u> is/are:  a)☐ accepted or  b)☑ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
    a)☐ All   b)☐ Some**   c)☐ None of the:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
  Paper No(s)/Mail Date <u>6/9/2021</u>.

3) ☐ Interview Summary (PTO-413)
  Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

Case 5:24-cv-00588-FL   Document 28-7   Filed 03/23/26   Page 87 of 253

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.    The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Drawings*

2.    The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the "aligning component" recited in Claims 21 and 38 and the telescoping nature of the frame recited in Claim 29 must be shown or the feature(s) canceled from the claim(s). No new matter should be entered.

Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as "amended." If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either "Replacement Sheet" or "New Sheet" pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner,

the applicant will be notified and informed of any required corrective action in the next

Office action. The objection to the drawings will not be held in abeyance.

## *Claim Rejections - 35 USC § 112*

3.      The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the
> invention, and of the manner and process of making and using it, in such full, clear, concise,
> and exact terms as to enable any person skilled in the art to which it pertains, or with which it
> is most nearly connected, to make and use the same, and shall set forth the best mode
> contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the
> manner and process of making and using it, in such full, clear, concise, and exact terms as to
> enable any person skilled in the art to which it pertains, or with which it is most nearly
> connected, to make and use the same, and shall set forth the best mode contemplated by the
> inventor of carrying out his invention.

4.      Claims 21-33 and 38-40 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112

(pre-AIA), first paragraph, as failing to comply with the enablement requirement. The

claim(s) contains subject matter which was not described in the specification in such a

way as to enable one skilled in the art to which it pertains, or with which it is most nearly

connected, to make and/or use the invention. Claims 21 and 38 recite an "aligning

component" which is not supported by the disclosure and is not identified in the figures.

## *Claim Rejections - 35 USC § 103*

5.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all

obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed
> invention is not identically disclosed as set forth in section 102, if the differences between the

claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

6.      Claims 21, 22, 24-26, 28, 30, 32, 33 are rejected under 35 U.S.C. 103 as being unpatentable over Stein in US Patent 5080123 in view of Seo in US Publication 2003/0089390.

a.      Regarding Claims 21, 26, 27, and 33 , Stein teaches a system for providing shade onto a surface, the system comprising: a frame engageable with the surface and comprising a plurality of sections (52/50/53); such that the plurality of sections are maneuverable between a compactly configured transport configuration (see Column 5, lines 16-17) and a supporting configuration (Fig. 1) where the plurality of sections are aligned from a first end (the bottom of 52) to a second end (the bottom of 53), a canopy (14) extending between a suspension end (at 50) and an opposing trailing end (43), the suspension end of the canopy being engageable (at 30) with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the first frame and at least partially supportable by wind ("to in effect act like a sail" – Column 1, lines 31-32) in a first configuration for providing shade to the surface; a cord (64) coupleable to one or both the frame and the canopy; and an anchor (82) being coupleable to the cord so that the frame remains in the supporting configuration. Stein is silent on the use of an aligning component. Seo teaches a shade system with a frame including a plurality of sections (1A, 1B), and at least one aligning component comprising a cable (s) extending through the plurality of sections of

the frame affixed to one or more of the plurality of sections of the frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration (Fig,. 1) and a supporting configuration (Fig. 3) where the plurality of sections are aligned from a first end (one end of the arch) to a second end (the opposite end of the arch), the plurality of sections form a curved shape in the supporting configuration, and wherein at least one of the plurality of sections comprises a female end (1b) for accepting a male end (1a) of an adjacent one of the plurality of sections. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Stein by using a curved frame with a cable and male-female sections as taught by Seo in order to prevent the user from losing sections of the frame when disassembled, to ease alignment of the sections and to provide more area under the frame for the user.

b.      Regarding Claim 22, Stein, as modified, teaches that the canopy is unitarily constructed ("rectangular pliable material" – see Column 2, line 13) or comprises a plurality of coupled sections.

c.      Regarding Claim 24, Stein, as modified, teaches that the canopy defines one or more vent holes, one or more tails (60/62) extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

d.      Regarding Claim 25, Stein, as modified, teaches that the at least one aligning component comprises an intermediate section (50) arranged between a first section and a second section of the plurality of sections.

e.      Regarding Claim 28, Stein, as modified, teaches that at least one of the plurality of sections is arranged at a non-co-extensive angle (at 51') with respect to an axis of another of the plurality of sections.

f.      Regarding Claim 30, Stein, as modified, teaches that ends of the frame are securable to a surface (see Claim 2).

g.      Regarding Claim 32, Stein, as modified, teaches that the plurality of sections form a shape other than a curved shape when in the supporting configuration.

7.      Claims 34-36, and 38-40 are rejected under 35 U.S.C. 103 as being unpatentable over Stein in US Patent 5080123 in view of Cook in US Publication 2013/0074894.

h.      Regarding Claim 34, Stein teaches a system for providing shade onto a surface, the system comprising: a frame (52/50/53) that includes a plurality of sections (52/50/53) that are maneuverable between a compactly configured transport configuration (see Column 5, lines 16-17) and a supporting configuration (Fig. 1) where the plurality of sections are engaged or coupled into alignment to configure the frame from a left end (the bottom of 52) that is engageable with the surface (see Claim 2) and a right end (the bottom of 53) is engageable with the surface (see Claim 2); a canopy (14) extending between a suspension end (at 50) and an opposing trailing end (at 43), the suspension end of the canopy being coupleable (at 30) with the frame about a portion of the frame such that in the supporting configuration, the canopy is aerially suspended by the frame; and a cord (62) selectively engageable with or secured to one or

both of the canopy and the frame and engageable with or coupled to an anchor

(82). Stein is silent on the use of a container. Cook teaches a canopy (12) and

frame ("fiberglass pipe frame") and a container (40) for transporting the canopy

and the frame when in a compactly configured transport configuration. It would

have been obvious to one of ordinary skill in the art before the effective filing date

of the claimed invention to modify the device of Stein by adding a container as

taught by Cook in order to neatly store the components of the device when

travelling.

i.      Regarding Claim 35, Stein, as modified, teaches that the container houses

weight and is the anchor, or the container and the anchor are separate

components of the system (the anchor is a stake and the container is separate).

j.      Regarding Claim 36, Stein, as modified, is inherently cable of being used

such that a "remaining portion of the frame" is housed separately from the

canopy, the portion of the frame, and the cord within the container (the user

could inherently leave one of the sections of frame out of the container when

packing the device).

k.      Regarding Claim 38, Stein, through the normal and customary use of the

device, teaches a method for manufacturing a system for providing shade onto a

surface, the method comprising: affixing at least one aligning component (such

as 50) to one or more of a plurality of sections (52/53) to form a frame, such that

the plurality of sections are maneuverable between a compactly configured

transport configuration (see Column 5, lines 16-17) and a supporting

configuration (Fig. 1) where the plurality of sections are aligned; engaging a

suspension end (at 50) of a canopy (14) about a portion of the frame, the canopy

extending between the suspension end and an opposing trailing end (43),

wherein the trailing end of the canopy is spaced apart from the portion of the

frame in the supporting configuration such that the canopy is supportable by the

first frame and at least partially supportable by wind ("to in effect act like a sail" –

Column 1, lines 31-32) in a first configuration for providing shade to the surface.

Stein is silent on the use of a container. Cook teaches a method including

arranging a canopy and frame in a transport configuration in a container (40). It

would have been obvious to one of ordinary skill in the art before the effective

filing date of the claimed invention to modify the method of Stein by adding a step

of arranging the device in a container as taught by Cook in order to neatly carry

the device.

l.      Regarding Claim 39, Stein, as modified, teaches before arranging the

canopy and the frame in the transport configuration in the container, coupling a

cord (64) to at least one of the frame and the canopy.

m.      Regarding Claim 40, Stein, as modified, teaches, before arranging the

canopy and the frame in the transport configuration in the container, coupling the

cord to an anchor (82) such that the anchor provides support to the frame when

in the supporting configuration.

8.      Claims 22 and 23 are rejected under 35 U.S.C. 103 as being unpatentable over

Stein, as modified, as applied to claim 21 above, and further in view of Sotirkys et al. in

US Patent 7789097. Stein, as modified, is silent on the use of detachable canopy

sections. Sotirkys teaches a canopy (10/80) comprising a plurality of coupled sections

(10 and 80), wherein the plurality of coupled sections are selectively engageable sections (via 85/86). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Stein, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to decide how much shade the device provides.

9.      Claim 29 is rejected under 35 U.S.C. 103 as being unpatentable over Stein, as modified, as applied to claim 21 above, and further in view of Moss in US Patent 3394720. Stein as modified, is silent on the use of telescoping sections. Beatty teaches a system with a frame including a plurality of sections (50/52/54) the plurality of sections are arranged telescopically, wherein each adjacent section is housed within and extends from another adjacent section. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame of Stein, as modified, by using a telescoping frame as taught by Beatty in order to allow the user to more compactly store the device.

10.      Claim 31 is rejected under 35 U.S.C. 103 as being unpatentable over Stein as modified, as applied to claim 21 above, and further in view of Beatty in US Patent 3070107. Stein, as modified, is silent on the use of an anchor that houses weight. Beatty teaches an anchor (23) that houses weight ("bags 23 can be filled with beach sand" – see Column 3, line 32). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Stein, as modified, by using weighted anchors as taught by Beatty in order to allow the user to select the weight of the anchors depending on the conditions in which the device is erected.

## *Allowable Subject Matter*

11.      Claim 37 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.


## *Conclusion*

12.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197

(toll-free). If you would like assistance from a USPTO Customer Service

Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| | |
|---|---|
| *Index of Claims* | **Application/Control No.** 17/343,107 | **Applicant(s)/Patent Under Reexamination** Barnes et al. |
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 |

| | | | |
|---|---|---|---|
| ✓ | **Rejected** | - | **Cancelled** |
| = | **Allowed** | ÷ | **Restricted** |

| | | | |
|---|---|---|---|
| N | **Non-Elected** | A | **Appeal** |
| I | **Interference** | O | **Objected** |

## CLAIMS

☐ Claims renumbered in the same order as presented by applicant      ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | | | | | | | |
| | 1 | - | | | | | | | |
| | 2 | - | | | | | | | |
| | 3 | - | | | | | | | |
| | 4 | - | | | | | | | |
| | 5 | - | | | | | | | |
| | 6 | - | | | | | | | |
| | 7 | - | | | | | | | |
| | 8 | - | | | | | | | |
| | 9 | - | | | | | | | |
| | 10 | - | | | | | | | |
| | 11 | - | | | | | | | |
| | 12 | - | | | | | | | |
| | 13 | - | | | | | | | |
| | 14 | - | | | | | | | |
| | 15 | - | | | | | | | |
| | 16 | - | | | | | | | |
| | 17 | - | | | | | | | |
| | 18 | - | | | | | | | |
| | 19 | - | | | | | | | |
| | 20 | - | | | | | | | |
| | 21 | ✓ | | | | | | | |
| | 22 | ✓ | | | | | | | |
| | 23 | ✓ | | | | | | | |
| | 24 | ✓ | | | | | | | |
| | 25 | ✓ | | | | | | | |
| | 26 | ✓ | | | | | | | |
| | 27 | ✓ | | | | | | | |
| | 28 | ✓ | | | | | | | |
| | 29 | ✓ | | | | | | | |
| | 30 | ✓ | | | | | | | |
| | 31 | ✓ | | | | | | | |
| | 32 | ✓ | | | | | | | |
| | 33 | ✓ | | | | | | | |
| | 34 | ✓ | | | | | | | |
| | 35 | ✓ | | | | | | | |
| | 36 | ✓ | | | | | | | |
| | 37 | O | | | | | | | |
| | 38 | ✓ | | | | | | | |
| | 39 | ✓ | | | | | | | |
| | 40 | ✓ | | | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,107 | Barnes et al. |
| | Examiner | Art Unit |
| | NOAH C HAWK | 3636 |

**CPC - Searched\***

| Symbol | Date | Examiner |
|---|---|---|
| E04H 15/326, 12/22, 15/003 | 10/26/2021 | NCH |

**CPC Combination Sets - Searched\***

| Symbol | Date | Examiner |
|---|---|---|
| | | |

**US Classification - Searched\***

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 135 | 127, 114, 115, 120.1, 118, 119 | 10/26/2021 | NCH |
| 40 | 214,606.11,217, 412 | 10/26/2021 | NCH |
| 160 | 135,350,351,352, 377 | 10/26/2021 | NCH |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

**Search Notes**

| Search Notes | Date | Examiner |
|---|---|---|
| Considered IDS filed 6/9/2021 | 10/26/2021 | NCH |
| Performed inventor name search in DAV | 10/26/2021 | NCH |
| Considered and updated search for parent application 16/987886 | 10/26/2021 | NCH |
| Please see attached PE2E search history | 10/26/2021 | NCH |

**Interference Search**

| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

# Bibliographic Data

Application No: **17/343,107**

Foreign Priority claimed: ◯ Yes ⦿ No

35 USC 119 (a-d) conditions met: ☐ Yes ☑ No    ☐ Met After Allowance

Verified and Acknowledged: | /Noah Chandler Hawk/ | NCH |
| Examiner's Signature | Initials |

Title: | SHADING SYSTEM AND METHOD OF USE |

| FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/09/2021 **RULE** | 135 | 3636 | S105508 1010US.C4 (0013.8 |

## APPLICANTS

Shibumi Shade, Inc., Raleigh, NC, UNITED STATES

## INVENTORS

Dane Brooks Barnes, Raleigh, NC, UNITED STATES

Alexander Griffith Slater, Raleigh, NC, UNITED STATES

Scott Christian Barnes, Raleigh, NC, UNITED STATES

## CONTINUING DATA

This application is a CON of 17232799 04/16/2021

17232799 is a CON of 16987886 08/07/2020 PAT 11111690

16987886 is a CON of 16224465 12/18/2018 PAT 10753117

16224465 is a CON of 15675715 08/12/2017 PAT 10190330

15675715 has PRO of 62409426 10/18/2016

## FOREIGN APPLICATIONS

## IF REQUIRED, FOREIGN LICENSE GRANTED**

06/17/2021

## ** SMALL ENTITY **

## STATE OR COUNTRY

UNITED STATES

## ADDRESS

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037
UNITED STATES

**FILING FEE RECEIVED**

$3,000

# PE2E SEARCH - Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | British Equivalents | Time Stamp |
|---|---|---|---|---|---|---|---|
| L155 | 161 | e04h2015/326.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L156 | 1058 | 135/119.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L157 | 860 | 135/118.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L158 | 1187 | 135/115,120.1.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L159 | 1203 | e04H15/003.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L160 | 521 | 135/114.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L161 | 116 | 135/127.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L162 | 4260 | L156 L157 L158 L160 L161 L159 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L163 | 289 | 40/214,606.11,217.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L164 | 237 | 40/412.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L165 | 2205 | 160/135,350,351,352,377.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L166 | 6916 | L162 L163 L164 L165 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L167 | 704 | e04h12/22.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L168 | 7748 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L169 | 8 | L168 and @pd>"20200107" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L170 | 4 | (15/675715 \| 16/224465).APP. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/06/10 12:16 PM |
| L171 | 8267 | L155 L166 L167 | (US-PGPUB; USPAT; | OR | OFF | OFF | 2021/06/10 |

Case 5.24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 102 of 253

| | | | | | | | | 12:16 PM |
|---|---|---|---|---|---|---|---|---|
| L173 | 57 | L171 AND @pd>"20200416" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | | 2021/06/10 12:18 PM |
| L174 | 2 | "16987886" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | | 2021/06/10 12:18 PM |
| L175 | 164 | 171 AND (telescop$6) AND bend$4 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | | 2021/06/14 12:08 PM |
| L176 | 49 | shibumi | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | | 2021/06/14 01:06 PM |
| L178 | 8272 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | | 2021/07/28 03:00 PM |
| L179 | 13 | 178 AND @pd>"20210610" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | | 2021/07/28 03:00 PM |
| L180 | 4531 | e04h15/30.cpc. e04h15/32.cpc. e04h15/36.cpc. e04h15/44.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | | 2021/07/28 03:09 PM |
| L181 | 620 | 180 AND wind | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | | 2021/07/28 03:09 PM |
| L182 | 366 | 181 AND (weight anchor) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | | 2021/07/28 03:09 PM |
| L183 | 245 | 182 AND (bag sleeve container) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | | 2021/07/28 03:09 PM |
| L184 | 10 | shibumi | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | | 2021/10/22 02:43 PM |
| L189 | 64 | ((US-20140041703-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20120291830-A1 OR US-20100212709-A1 | (USPAT; US-PGPUB; FPRS; USOCR; IBM_TDB; EPO; JPO; DERWENT; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, | OR | ON | ON | | 2021/10/25 03:50 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | OR US-20070079857-A1 OR US-20130074894-A1 OR US-20090114260-A1 OR US-20150252585-A1 OR US-20180106064-A1 OR US-20190119942-A1 OR US-20030089390-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210230899-A1 OR US-20210293046-A1).did. AND PGPB.dbnm.) OR ((US-3394720-A OR US-3042053-A OR US-3070107-A OR US-3075536-A OR US-2554688-A OR US-3052249-A).did. AND USOC.dbnm.) OR ((US-8453664-B2 OR US-4739784-A OR US-4881565-A OR US-4930534-A OR US-9482024-B2 OR US-6964277-B2 OR US-5299590-A OR US-5950649-A OR US-7789097-B1 OR US-5080123-A OR US-6286531-B1 OR US-7841356-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-3970096-A OR US-4590956-A OR US-8424549-B1 OR US-7406977-B1 OR US-5823217-A OR US-8899251-B2 OR US-9051755-B2 OR US-9113724-B1 OR US-5345962-A OR US-7708339-B2 OR US-4716918-A OR US-8087423-B2 OR US-9051756-B1 OR US-10190330-B2 OR US-5927311-A OR US-10753117-B2 OR US-11111690-B2).did. AND USPT.dbnm.) OR ((DE- | IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN)) | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011150477-A1).did. AND FPRS.dbnm.) OR ((US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1).did. AND DWPI.dbnm.) | | | | | |
| L191 | 36 | 189 AND strap | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/25 03:50 PM |
| L192 | 4 | "17343114" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/26 04:00 PM |
| L194 | 58 | L171 AND @pd>"20200610" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/10/26 04:09 PM |
| L195 | 1 | "17343107" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/26 05:05 PM |
| L196 | 64 | ((US-20150040957-A1 OR US-20140041703-A1 OR US-20120291830-A1 OR US-20040123887-A1 OR US-20040123886-A1 OR US-20140209132-A1 OR US-20090114260-A1 OR US-20100212709-A1 OR US-20070079857-A1 OR US-20130074894-A1 OR US-20150252585-A1 OR US-20180106064-A1 OR US-20190119942-A1 OR US-20030089390- | (USPAT; US-PGPUB; FPRS; USOCR; IBM_TDB; EPO; JPO; DERWENT; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN)) | OR | ON | ON | 2021/10/26 05:57 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210230899-A1 OR US-20210293046-A1).did. AND PGPB.dbnm.) OR ((US-8453664-B2 OR US-4739784-A OR US-4881565-A OR US-4930534-A OR US-7841356-B2 OR US-6286531-B1 OR US-7789097-B1 OR US-5950649-A OR US-5299590-A OR US-6964277-B2 OR US-9482024-B2 OR US-9051756-B1 OR US-9051754-B2 OR US-8720461-B2 OR US-3970096-A OR US-4590956-A OR US-8424549-B1 OR US-7406977-B1 OR US-5080123-A OR US-8087423-B2 OR US-4716918-A OR US-7708339-B2 OR US-5345962-A OR US-9113724-B1 OR US-9051755-B2 OR US-8899251-B2 OR US-5823217-A OR US-10190330-B2 OR US-5927311-A OR US-10753117-B2 OR US-11111690-B2).did. AND USPT.dbnm.) OR ((DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011150477-A1).did. AND FPRS.dbnm.) OR ((US-3042053-A OR US-3070107-A OR US-3075536-A OR US-2554688-A OR US-3394720-A OR US-3052249-A).did. AND USOC.dbnm.) OR ((US-20180106064-A1 OR US-20210002918-A1 OR US-20190119942- | | | | | |

| L197 | 9 | A1).did. AND DWPI.dbnm.)<br>196 AND telescop$4 | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/26 05:58 PM |

## PE2E SEARCH - Search History (Interference)

There are no Interference searches to show.

| | | | | | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | **Complete if Known** | | |
| | | | Application Number | *To Be Assigned* | |
| | | | Filing Date | *Concurrently Herewith* | |
| | | | First Named Inventor | Dane Brooks Barnes | |
| | | | Art Unit | *To Be Assigned* | |
| | | | Examiner Name | *To Be Assigned* | |
| Sheet | 1 | of | 2 | Attorney Docket Number | **S105508 1010US.C4 (0013.8)** |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number  Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-3,042,053 | 07-03-1962 | Gabriel | |
| | 2 | US-3,070,107 | 12-25-1962 | Beatty | |
| | 3 | US-3,075,536 | 01-29-1963 | Parker | |
| | 4 | US-3,394,720 | 07-30-1968 | Moss | |
| | 5 | US-4,590,956 | 05-27-1986 | Griesenbeck | |
| | 6 | US-4,930,534 | 06-05-1990 | Hill | |
| | 7 | US-5,080,123 | 01-14-1992 | Stein | |
| | 8 | US-5,299,590 | 08-05-1994 | Deibert *et al.* | |
| | 9 | US-5,927,311 | 07-27-1999 | Jager | |
| | 10 | US-5,950,649 | 09-14-1999 | Gerig | |
| | 11 | US-6,964,277 | 11-15-2005 | Naber | |
| | 12 | US-7,406,977 | 08-05-2008 | Shires | |
| | 13 | US-7,708,339 | 05-04-2010 | Zapater | |
| | 14 | US-7,789,097 | 09-07-2010 | Sotirkys *et al.* | |
| | 15 | US-8,424,549 | 04-23-2013 | Goldsmith *et al.* | |
| | 16 | US-8,453,664 | 06-04-2013 | Parsons *et al.* | |
| | 17 | US-8,720,461 | 05-13-2014 | Nichols | |
| | 18 | US-8,899,251 | 12-02-2014 | Leung *et al.* | |
| | 19 | US-9,051,755 | 06-09-2015 | Heining *et al.* | |
| | 20 | US-9,051,756 | 06-09-2015 | Jenkins | |
| | 21 | US-9,113,724 | 08-25-2015 | Heining *et al.* | |
| | 22 | US-2003/0089390 | 05-15-2003 | Seo | |
| | 23 | US-2007/0079857 | 04-12-2007 | Tseng | |
| | 24 | US-2012/0291830 | 11-22-2012 | Crimi | |

| | | | |
|---|---|---|---|
| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/26/2021 |

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 9, 2021*

WBD (US) 52400411v1

Case 5:24-cv-00588-FL     Document 28-7     Filed 03/23/26     Page 108 of 253

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Complete if Known | |
|---|---|---|
| | Application Number | *To Be Assigned* |
| | Filing Date | *Concurrently Herewith* |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | *To Be Assigned* |
| | Examiner Name | *To Be Assigned* |

| Sheet | 2 | of | 2 | Attorney Docket Number | S105508 1010US.C4 (0013.8) |
|---|---|---|---|---|---|

### U. S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| | 25 | US-2013/0074894 | 03-28-2013 | Cook |
| | 26 | US-2014/0041703 | 02-13-2014 | Funston |
| | 27 | US-2014/0209132 | 07-31-2014 | Landry |
| | 28 | US-2015/0040957 | 02-12-2015 | Mallookis *et al.* |
| | 29 | US-2015/0252585 | 09-10-2015 | Mallookis *et al.* |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 30 | WO 02/04768 | 01-17-2002 | Selby | | |
| | 31 | FR 2 884 844 | 04-26-2005 | Cahours De Virgile | | |
| | 32 | DE 10 2009 020 795 | 11-04-2010 | Schmidt | | |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 33 | YouTube video by Robert Marazzita: The Best Beach Cabana – Set Up and Tear Down, July 9, 2015, [site visited August 8, 2017], Available on the Internet URL: <https:www.youtube.com/watch?v=LfccH7yV6SE>. | |
| | 34 | YouTube video by Robb's Homemade Life: Make $15 Beach Shade tent Easy Quick DIY, October 6, 2015 [site visited August 8, 2017] Available on the internet URL: <www.youtube.com/watch?v+X20b4pLJx1c> | |
| | 35 | YouTube video by Beachspirit: Kitent (R) - the Floating beach tent for sun shade, October 8, 2016 [site visited August 8, 2017] Available on the internet URL: <https://m.youtube.com/watch?v=OUaDZeqdTkQ> | |
| | 36 | YouTube video by ZiggyShade Beach Sunshade: ZiggyShade – Beach Sunshade – Set up instructions, November 24, 2016 [site visited August 8, 2017] Available on the internet URL: <https://youtu.be/1krQ0rlumws> | |
| | 37 | YouTube video by bibitedog: How to set up a butterfly arch, May 26, 2012 [site visited December 18, 2018] Available on the internet URL: <https://www.youtube.com/watch?v=FOTYtjQAL4s> | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/26/2021 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

WBD (US) 52400411v1

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 9, 2021*

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 109 of 253

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,107 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C4 (0013.8 | 1078 |

| | |
|---|---|
| 26158        7590        11/15/2021 | EXAMINER |
| WOMBLE BOND DICKINSON (US) LLP ATTN: IP DOCKETING P.O. BOX 7037 ATLANTA, GA 30357-0037 | HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 11/15/2021 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| *Applicant-Initiated Interview Summary* | Application No. 17/343,107 | Applicant(s) Barnes et al. | | | |
|---|---|---|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 | AIA (First Inventor to File) Status Yes | Page 1 of 2 | |

| All Participants (applicant, applicants representative, PTO personnel) | Title | Type |
|---|---|---|
| NOAH C HAWK | Primary Examiner | Telephonic |
| Lauren Anderson | Attorney | |

**Date of Interview:** 09 November 2021

### Issues Discussed:

**35 U.S.C. 112**

Amendments to the specification were discussed. The addition of the phrase"an aligning component such as" inserted before the discussion of the cable or intermediate member will provide sufficient definition for the alignment member in the disclosure and overcome these rejections.

### Proposed Amendment(s)

The proposed amendments to the claims were discussed but do not appear to overcome the prior art made of record. However, the proposed amendments to Claims 34 and 38 as well as adding the phrase suspended by the wind only or suspended only by the wind appear to place these claims in condition for allowance. Further, the incorporation of Claim 37 into Claim 1 appears to place this claim in condition for allowance. The search will be updated accordingly.

### Drawings

The amendments to the specification discussed above and the cancellation of Claim 29 will overcome the drawing objections

☑ Attachment

| /Noah Chandler Hawk/ Primary Examiner, Art Unit 3636 | |
|---|---|

**Applicant is reminded that a complete written statement as to the substance of the interview must be made of record in the application file. It is the applicants responsibility to provide the written statement, unless the interview was initiated by the Examiner and the Examiner has indicated that a written summary will be provided. See MPEP 713.04**
Please further see:
MPEP 713.04
Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews, paragraph (b)
37 CFR § 1.2 Business to be transacted in writing

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview.

| | Application No. | Applicant(s) | | | |
|---|---|---|---|---|---|
| *Applicant-Initiated Interview Summary* | 17/343,107 | Barnes et al. | | | |
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 | **AIA (First Inventor to File) Status** Yes | | **Page** **2 of 2** |

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1078 |
| Appl. No.: | 17/343,107 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Hawk, Noah Chandler |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:  S105508 1010US.C4 (0013.8)
Customer No.:  26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

# DRAFT AMENDMENT UNDER 37 C.F.R. § 1.111

Sir:

In response to the Office Action dated October 29, 2021, please amend the application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 7 of this paper.

WBD (US) 54668782v2

Appl. No.: 17/343,107
Filed: June 9, 2021

Amdt. Dated DRAFT

Amendments to the Claims:

1. – 20.        (Canceled)

21.        (Currently Amended)  A system for providing shade onto a surface, the system comprising:

a frame engageable with the surface and comprising a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned from a first end to a second end;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the trailing end of the canopy is ~~supportable by the first frame and~~ at least partially aerially suspended~~supportable~~ by wind ~~in a first configuration~~ for providing shade to the surface;

a cord coupleable to one or both of the frame and the canopy; and

an anchor being coupleable to the cord so that the frame remains in the supporting configuration.

22.        (Previously Presented)  The system of claim 21, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

23.        (Previously Presented)  The system of claim 22, wherein the plurality of coupled sections are selectively engageable sections.

WBD (US) 54668782v2

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 114 of 253

Appl. No.: 17/343,107
Filed: June 9, 2021

Amdt. Dated DRAFT

24.     (Previously Presented)  The system of claim 21, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

25.     (Previously Presented)  The system of claim 21, wherein the at least one aligning component comprises an intermediate section arranged between a first section and a second section of the plurality of sections.

26.     (Previously Presented)  The system of claim 21, wherein the at least one aligning component comprises a cable extending through the plurality of sections of the frame.

27.     (Previously Presented)  The system of claim 21, wherein the plurality of sections form a curved shape in the supporting configuration.

28.     (Previously Presented)  The system of claim 21, wherein at least one of the plurality of sections is arranged at a non-co-extensive angle with respect to an axis of another of the plurality of sections.

29.     (Canceled)

30.     (Previously Presented)  The system of claim 21, wherein ends of the frame are securable to a surface.

31.     (Previously Presented)  The system of claim 21, wherein the anchor houses weight.

32.     (Previously Presented)        The system of claim 21, wherein the plurality of sections form a shape other than a curved shape when in the supporting configuration.

WBD (US) 54668782v2

Appl. No.:  17/343,107
Filed:  June 9, 2021

Amdt. Dated DRAFT

33.      (Previously Presented)      The system of claim 21, wherein at least one of the plurality of sections comprises a female end for accepting a male end of an adjacent one of the plurality of sections.

34.      (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame that includes a plurality of sections that are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are engaged or coupled into alignment to configure the frame from a left end that is engageable with the surface [[and]]to a right end that is engageable with the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being coupleable with the frame about a portion of the frame such that in the supporting configuration, the trailing end of the canopy is aerially suspended by wind the frame;

a container for transporting the canopy and the frame when in the compactly configured transport configuration; and

a cord selectively engageable with or secured to one or both of the canopy and the frame and engageable with or coupled to an anchor.

35.      (Previously Presented)      The system of claim 34, wherein the container houses weight and is the anchor, or the container and the anchor are separate components of the system.

36.      (Previously Presented)      The system of claim 34, wherein a remaining portion of the frame is housed separately from the canopy, the portion of the frame, and the cord within the container.

37.      (Previously Presented)      The system of claim 34, further comprising at least one fastener engaged with, or coupled to, one or both of the canopy and the frame, wherein the

WBD (US) 54668782v2

Appl. No.: 17/343,107
Filed: June 9, 2021

Amdt. Dated DRAFT

fastener is positioned substantially at a center of the frame or the canopy in the supporting configuration, the cord being coupleable to the at least one fastener to selectively engage with or secure the cord to one or both of the canopy and the frame.

38.     (Currently Amended) A method for manufacturing a system for providing shade onto a surface, the method comprising:

affixing at least one aligning component to one or more of a plurality of sections to form a frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned;

engaging a suspension end of a canopy about a portion of the frame, the canopy extending between the suspension end and an opposing trailing end, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the trailing end of the canopy is aerially suspended by wind ~~supportable by the first frame and at least partially supportable by wind in a first~~ configuration for providing shade to the surface;

arranging the canopy and the frame in the transport configuration in a container.

39.     (Previously Presented) The method of claim 38, further comprising, before arranging the canopy and the frame in the transport configuration in the container, coupling a cord to at least one of the frame and the canopy.

40.     (Previously Presented)     The method of claim 39, further comprising, before arranging the canopy and the frame in the transport configuration in the container, coupling the cord to an anchor such that the anchor provides support to the frame when in the supporting configuration.

41.     (New)     The method of claim 38, wherein the at least one aligning component is a cable, and wherein affixing the at least one aligning component comprises affixing the cable to

WBD (US) 54668782v2

Case 5:24-cv-00588-FL     Document 28-7     Filed 03/23/26     Page 117 of 253

Appl. No.: 17/343,107
Filed: June 9, 2021

Amdt. Dated DRAFT

one or more of the plurality of sections to form the frame, such that the plurality of sections are maneuverable between the compactly configured transport configuration and the supporting configuration where the plurality of sections are aligned.

WBD (US) 54668782v2

Appl. No.: 17/343,107
Filed: June 9, 2021

Amdt. Dated DRAFT

**REMARKS**

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claim 29 is canceled, claim 41 is added, and claims 21, 34, and 38 are amended. As such, claims 21-28, 30-36-41 are pending following this Amendment.

Claim Amendments

Applicant thanks the examiner for the indication that claim 37 is allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

Independent claims 34 and 38 are amended to clarify that the trailing end of the canopy is aerially suspended by wind, while claim 21 is amended to clarify that the trailing end of the canopy is at least partially aerially suspended by wind. As now amended, it is clarified that the suspension end of the canopy is engageable with the frame about a portion of the frame, and that in a supporting configuration, the trailing end of the canopy is spaced apart from the portion of the frame and the trailing end of the canopy is aerially suspended (or at least partially aerially suspended) by wind for providing shade to the surface. Support for this claim amendment can be found in at least, for example, Figure 1 and the corresponding description. Thus, no new matter has been added with this amendment.

Claim 29 is canceled, without prejudice.

New claim 41 depends from independent claim 38 and is based on the claim language of dependent claim 26.

Applicant respectfully submits that no new matter is added by way of these claim amendments and the new claim.

Drawings

WBD (US) 54668782v2

Appl. No.: 17/343,107
Filed: June 9, 2021

Amdt. Dated DRAFT

The drawings are objected to because "aligning component" recited in claims 21 and 38, and the telescoping nature of the frame recited in claim 29 are allegedly not shown. Applicant notes that claim 29 is now canceled.

Initially, Applicant respectfully directs the examiner's attention to column 2, lines 36-39 of the published application, which recite, "According to at least one embodiment of the disclosed subject matter , the system further includes a container for housing and transporting all of the other **components of the system**." Emphasis Added. Col. 6, lines 32-34 of the published application also recite, "FIG. 6 depicts an embodiment of the system 10 further including a container 70 for housing and transporting all of the other **components of the system** 10." Emphasis Added.

Regarding the claimed "aligning component," Figure 2 illustrates the cable 30 as a component that aligns the plurality of sections, i.e., an aligning component. Applicant further directs the examiner's attention to paragraph [0043] of the published application, which further clarifies that the cable 30 is a component that aligns the sections 24:

> "As depicted in FIG. 2, the system 10 may further include a cable 30 extending through the plurality of sections 24 of the frame 12 from the left end 20 to the right end 22. The cable 30 may be elastic so that the sections 24 may be maneuvered between a transport configuration (e.g., FIG. 2) and a supporting configuration (e.g., FIG. 1), yet still remain adjacent and aligned end-to-end, the cable 30 providing supporting tension to the end-to-end alignment of the supporting configuration. The cable 30 may be affixed to an interior and/or cap 68 of the first section 64 and second section 66. The cable 30 may also be affixed to interiors of any of the other sections 24."

Accordingly, Applicant respectfully submits that an aligning component is in fact illustrated in the drawings. Applicant thus requests that the objection to the drawings be withdrawn at this time.

WBD (US) 54668782v2

Amdt. Dated DRAFT

Claim Rejections – 35 USC § 112

Claims 21-33 and 38-40 are rejected under 35 USC § 112(a) as allegedly failing to comply with the enablement requirement. Specifically, claims 21 and 38 recite an "aligning component" which is allegedly not supported by the disclosure and not identified in the figures.

As noted hereinabove, Applicant respectfully submits that an aligning component is illustrated in Figure 2 and described at least in paragraph [0043] of the published application. Accordingly, Applicant respectfully submits that the enablement requirement is met because the specification describes how to make and use the invention, including the inclusion of a component that aligns the sections of the frame.

Furthermore and pursuant to MPEP § 2173.05(e) - "There is no requirement that the words in the claim must match those used in the specification disclosure. Applicants are given a great deal of latitude in how they choose to define their invention so long as the terms and phrases used define the invention with a reasonable degree of clarity and precision."

Accordingly, there is no requirement that the words in the claim must be an exact match to that described in the specification, so long as it is clear from the specification what is being claimed. Nevertheless, in the present case, the words of the claim do in fact match what is described in the specification. In particular, the specification defines the parts of the system as being "components" of the system, and the specification expressly describes at least one component of the system as being effective to align the sections of the frame. Thus, Applicant respectfully submits that there is clear support for the present claim terminology. Accordingly, Applicant respectfully submits that the claim language, "aligning component" is enabled from both the specification and the figures, and Applicant respectfully submits that the rejection of the claims under 35 USC § 112 be withdrawn at this time.

Claim Rejections – 35 USC § 103

Claims 21, 22, 24-26, 28, 30, 32, and 33 are rejected under 35 USC § 103 as allegedly being unpatentable over Stein (US 5,080,123) in view of Seo (US Pub. 2003/0089390).

Appl. No.: 17/343,107
Filed: June 9, 2021

Amdt. Dated DRAFT

Applicant respectfully submits that neither Stein nor Seo, separately or in combination, discloses a system for providing shade as claimed in independent claim 21. Specifically, neither Stein nor Seo separately or in combination discloses a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the trailing end of the canopy is at least partially aerially suspended by wind for providing shade to the surface.

In Stein, batten 43 (allegedly meeting the claim element of the trailing end of the canopy) is not at least partially aerially suspended by wind in the supporting configuration. As shown in Stein, there are two tethers 60, 62 that connect with the corners 70, 72 of the canopy and are secured to pegs 82, 84 spaced at locations in the earth. *See, e.g.,* col. 2, lines 19-24 of Stein. Thus, in the supporting configuration shown in FIG. 1 of Stein, the trailing end of the canopy is not at least partially aerially suspended by wind and is instead tethered to the ground. Seo is likewise silent as to the claimed canopy, as each of the four corners of the canopy in Seo are connected to ground tethers. Thus, Stein and Seo each does not at all disclose the claimed canopy.

There is also no suggestion, motivation, or other rendering of predictability to modify Stein with Seo or any other reference such that the batten 43 is at least partially aerially suspended in the supporting configuration. Indeed, the intended purpose of the invention in Stein is to provide a canopy with adjustable length tethers so that in response to wind gusts and the like, the canopy may be "let-out" or adjusted inwardly or outwardly to in effect act like a sail and permit more or less air to pass beneath it. *See, e.g.,* col. 1, lines 25-32 of Stein. If the batten 43 in Stein were not tethered to the ground, as required by Stein, there would be no way to adjust to allow more or less air to pass beneath it – air would pass beneath freely. Therefore, any argument that there is motivation to modify Stein so that the batten 43 was at least partially aerially suspended by wind would render Stein unsatisfactory for its intended purpose, counter to MPEP § 2143.01(v). *See, e.g., In re Gordon*, 733 F.2d 900, 221 USPQ 1125 (Fed. Cir. 1984) ("If a

WBD (US) 54668782v2

Appl. No.: 17/343,107
Filed: June 9, 2021

Amdt. Dated DRAFT

proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, then there is no suggestion or motivation to make the proposed modification.")

Accordingly, and for at least the above reasons, independent claim 21 is not rendered obvious in view of Stein separately or in combination with Seo. Claims 22, 24-26, 28, 30, 32, and 33 are also not rendered obvious in view of Stein separately or in combination with Seo for at least their dependency on independent claim 21. Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

Claims 34-36 and 38-40 are rejected under 35 USC § 103 as allegedly being unpatentable over Stein in view of Cook (US Pub. 2013/0074894).

Applicant respectfully submits that neither Stein nor Cook, separately or in combination, discloses a system or method for providing shade as claimed in independent claims 34 and 38. Specifically, neither Stein nor Cook separately or in combination discloses a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being coupleable with the frame about a portion of the frame such that in the supporting configuration, the trailing end of the canopy is aerially suspended by wind (claim 34) nor engaging a suspension end of a canopy about a portion of the frame, the canopy extending between the suspension end and an opposing trailing end, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the trailing end of the canopy is aerially suspended by wind for providing shade to the surface (claim 38).

Specifically, there is no teaching, suggestion, motivation for, or other rendering of predictability in Stein for the claimed system and method, as Stein requires securing all four corners of its canopy to earth tethers – discussed in more detail hereinabove. Cook is likewise silent as to the claimed system and method, as each of the four corners of the enclosure in Cook is secured to the surface. Thus, Stein and Cook each does not at all disclose the claimed canopy.

Accordingly, and for at least the above reasons, independent claims 34 and 38 are not rendered obvious in view of Stein separately or in combination with Cook. Claims 35, 36, 39 and 40 are also not rendered obvious in view of Stein separately or in combination with Cook for at

Appl. No.: 17/343,107
Filed: June 9, 2021

Amdt. Dated DRAFT

least their dependency on their respective independent claims. Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

Claims 22 and 23 are rejected under 35 USC § 103 as allegedly being unpatentable over Stein and further in view of Sotirkys (US 7,789,097).

Applicant has already described above the reasons why there is no teaching, suggestion, motivation for, or other rendering of predictability in Stein for the claimed subject matter. Applicant respectfully submits that there is nothing in Sotirkys that cures these deficiencies. Thus, Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

Claim 29 is rejected under 35 USC § 103 as allegedly being unpatentable over Stein and further in view of Moss (US 3,394,720).

Applicant has already described above the reasons why there is no teaching, suggestion, motivation for, or other rendering of predictability in Stein for the claimed subject matter. Applicant respectfully submits that there is nothing in Moss that cures these deficiencies. Thus, Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

Claim 31 is rejected under 35 USC § 103 as allegedly being unpatentable over Stein and further in view of Beatty (US 3,070,107).

Applicant has already described above the reasons why there is no teaching, suggestion, motivation for, or other rendering of predictability in Stein for the claimed subject matter. Applicant respectfully submits that there is nothing in Beatty that cures these deficiencies. Thus, Applicant respectfully requests that the rejection of the claim under 35 USC § 103 be withdrawn at this time.

WBD (US) 54668782v2

Appl. No.: 17/343,107
Filed: June 9, 2021

Amdt. Dated DRAFT

## CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON DRAFT.**

WBD (US) 54668782v2

<table>
<tr><td rowspan="6"><strong>INFORMATION DISCLOSURE STATEMENT BY APPLICANT</strong></td><td colspan="2" align="center"><strong>Complete if Known</strong></td></tr>
<tr><td>Application Number</td><td>17/343,107</td></tr>
<tr><td>Filing Date</td><td>June 9, 2021</td></tr>
<tr><td>First Named Inventor</td><td>Dane Brooks Barnes</td></tr>
<tr><td>Art Unit</td><td>3636</td></tr>
<tr><td>Examiner Name</td><td>Noah Chandler Hawk</td></tr>
</table>

| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C4 (0013.8)** |
|---|---|---|---|---|---|

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br><br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 39 | US-3,052,249 | 09-04-1962 | Seaman *et al.* | |
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br><br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | | | | | | |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON NOVEMBER 18, 2021.*

WBD (US) 54797381v1

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re:          Barnes *et al.*                    Confirmation No.:   1078
Appl. No.:   17/343,107                       Group Art Unit:      3636
Filed:         June 9, 2021                       Examiner:              Noah Chandler Hawk
For:           SHADING SYSTEM AND METHOD OF USE


Docket No.:     S105508 1010US.C4 (0013.8)
Customer No.:   26158


Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450


## AMENDMENT UNDER 37 C.F.R. § 1.111

Sir:

In response to the Office Action dated October 29, 2021, please amend the application as follows:

**Amendments to the Specification** begin on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 3 of this paper.

**Remarks** begin on page 8 of this paper.

WBD (US) 54668782v5

Case 5:24-cv-00588-FL     Document 28-7     Filed 03/23/26     Page 127 of 253

Amendments to the Specification:

Please amend paragraph [0041] of the originally-filed application as follows.

According to some embodiments, the frame 14 of the system 10 may include, or consist essentially of, a plurality of sections 24 configured for end-to-end alignment from a left end 20 of the frame 14 to a right end 22 of the frame 14. Each of the sections 24 may be further configured to engage with any adjacent sections 24. When two or more or all of the sections 24 are aligned end-to-end and engaged with adjacent sections 24, the sections 24 being an example embodiment of an aligning component, the frame 14 may be positioned to receive and support the canopy 12. In some embodiments, the sections 24 are arranged telescopically, where each adjacent section 24 may be housed within, and extend from each adjacent section 24. In other embodiments, as depicted in FIG. 2, many of the sections include both a male end 62 and a female end 60 for engaging adjacent sections 24 to each other to construct the supporting frame 14. In some embodiments, all but one of the sections 24 includes a female end 60 for accepting a male end 62 of one of the adjacent sections 24 therein.

Please amend paragraph [0043] of the originally-filed application as follows.

As depicted in FIG. 2, the system 10 may further include a cable 30 extending through the plurality of sections 24 of the frame 12 from the left end 20 to the right end 22. The cable 30 may be elastic so that the sections 24 may be maneuvered between a transport configuration (e.g., FIG. 2) and a supporting configuration (e.g., FIG. 1), yet still remain adjacent and aligned end-to-end, the cable 30 being an example of an aligning component by providing supporting tension to the end-to-end alignment of the supporting configuration. The cable 30 may be affixed to an interior and/or cap 68 of the first section 64 and second section 66. The cable 30 may also be affixed to interiors of any of the other sections 24.

WBD (US) 54668782v5

Appl. No.: 17/343,107
Filed: June 9, 2021
Amdt. Dated November 18, 2021

Amendments to the Claims:

1. – 20.        (Canceled)

21.    (Currently Amended)  A system for providing shade onto a surface, the system comprising:

a frame engageable with the surface and comprising a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned from a first end to a second end;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the first frame and at least partially aerially supportable by wind in a first configuration for providing shade to the surface;

a cord coupleable to one or both of the frame and the canopy; ~~and~~

an anchor being coupleable to the cord so that the frame remains in the supporting configuration; and

at least one fastener engaged with, coupled to, or defined by one or both of the canopy and the frame, wherein the fastener is positioned substantially at a center of one or both of the frame and the canopy in the supporting configuration, the cord being coupleable to the at least one fastener to selectively engage with or secure the cord to one or both of the canopy and the frame.

22.    (Previously Presented)  The system of claim 21, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

WBD (US) 54668782v5

23.     (Previously Presented)  The system of claim 22, wherein the plurality of coupled sections are selectively engageable sections.

24.     (Previously Presented)  The system of claim 21, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

25.     (Previously Presented)  The system of claim 21, wherein the at least one aligning component comprises an intermediate section arranged between a first section and a second section of the plurality of sections.

26.     (Previously Presented)  The system of claim 21, wherein the at least one aligning component comprises a cable extending through the plurality of sections of the frame.

27.     (Previously Presented)  The system of claim 21, wherein the plurality of sections form a curved shape in the supporting configuration.

28.     (Previously Presented)  The system of claim 21, wherein at least one of the plurality of sections is arranged at a non-co-extensive angle with respect to an axis of another of the plurality of sections.

29.     (Canceled)

30.     (Previously Presented)  The system of claim 21, wherein ends of the frame are securable to a surface.

31.     (Previously Presented)  The system of claim 21, wherein the anchor houses weight.

WBD (US) 54668782v5

32.	(Previously Presented)	The system of claim 21, wherein the plurality of sections form a shape other than a curved shape when in the supporting configuration.

33.	(Previously Presented)	The system of claim 21, wherein at least one of the plurality of sections comprises a female end for accepting a male end of an adjacent one of the plurality of sections.

34.	(Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame that includes a plurality of sections that are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are engaged or coupled into alignment to configure the frame from a left end that is engageable with the surface [[and]]to a right end that is engageable with the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being coupleable with the frame about a portion of the frame such that in the supporting configuration, the trailing end of the canopy is aerially ~~suspended~~ suspendable only by wind ~~the frame~~;

a container for transporting the canopy and the frame when in the compactly configured transport configuration; and

a cord selectively engageable with or secured to one or both of the canopy and the frame and engageable with or coupled to an anchor.

35.	(Previously Presented)	The system of claim 34, wherein the container houses weight and is the anchor, or the container and the anchor are separate components of the system.

36.	(Previously Presented)	The system of claim 34, wherein a remaining portion of the frame is housed separately from the canopy, the portion of the frame, and the cord within the container.

WBD (US) 54668782v5

37.    (Canceled)

38.    (Currently Amended) A method for manufacturing a system for providing shade onto a surface, the method comprising:

affixing at least one aligning component to one or more of a plurality of sections to form a frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned;

engaging a suspension end of a canopy about a portion of the frame, the canopy extending between the suspension end and an opposing trailing end, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the trailing end of the canopy is aerially suspendable only by wind ~~supportable by the first frame and at least partially supportable by wind in a first~~ configuration for providing shade to the surface;

arranging the canopy and the frame in the transport configuration in a container.

39.    (Previously Presented) The method of claim 38, further comprising, before arranging the canopy and the frame in the transport configuration in the container, coupling a cord to at least one of the frame and the canopy.

40.    (Previously Presented)    The method of claim 39, further comprising, before arranging the canopy and the frame in the transport configuration in the container, coupling the cord to an anchor such that the anchor provides support to the frame when in the supporting configuration.

41.    (New)    The method of claim 38, wherein the at least one aligning component is a cable, and wherein affixing the at least one aligning component comprises affixing the cable to one or more of the plurality of sections to form the frame, such that the plurality of sections are

WBD (US) 54668782v5

maneuverable between the compactly configured transport configuration and the supporting

configuration where the plurality of sections are aligned.

WBD (US) 54668782v5

Case 5:24-cv-00588-FL     Document 28-7     Filed 03/23/26     Page 133 of 253

**REMARKS**

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 28 and 37 are canceled, claim 41 is added, and claims 21, 34, and 38 are amended. As such, claims 21-28, 30-36, and 38-41 are pending following this Amendment.

Examiner Interview Summary

Applicant thanks the examiner for taking the time to participate in an examiner interview with Applicant's Representative. Proposed claim amendments were discussed.

Claim Amendments

Applicant thanks the examiner for the indication that claim 37 is allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims. Independent claim 21 is amended to incorporate the subject matter of allowable claim 37. Claim 37 is canceled. Applicant respectfully submits that at least claims 22-28 and 30-33 are now in condition for allowance.

Independent claims 34 and 38 are amended to clarify that the trailing end of the canopy is aerially suspendable only by wind. As now amended, it is clarified that the suspension end of the canopy is engageable with the frame about a portion of the frame, and that in a supporting configuration, the trailing end of the canopy is spaced apart from the portion of the frame and the trailing end of the canopy is aerially suspendable only by wind for providing shade to the surface. Support for this claim amendment can be found in at least, for example, Figure 1 and the corresponding description. Thus, no new matter has been added with this amendment.

Claim 29 is canceled, without prejudice.

New claim 41 depends from independent claim 38 and is based on the claim language of dependent claim 26.

Applicant respectfully submits that no new matter is added by way of these claim amendments and the new claim.

WBD (US) 54668782v5

Drawings

The drawings are objected to because "aligning component" recited in claims 21 and 38, and the telescoping nature of the frame recited in claim 29 are allegedly not shown. Applicant notes that claim 29 is now canceled.

In response, Applicant notes that the specification is amended to clarify that the cable 30 is an example embodiment of an aligning component. The cable 30 is illustrated in at least FIG. 2. Accordingly, Applicant respectfully submits that an aligning component is in fact illustrated in the drawings. Applicant thus requests that the objection to the drawings be withdrawn at this time.

Claim Rejections – 35 USC § 112

Claims 21-33 and 38-40 are rejected under 35 USC § 112(a) as allegedly failing to comply with the enablement requirement. Specifically, claims 21 and 38 recite an "aligning component" which is allegedly not supported by the disclosure and not identified in the figures.

As noted hereinabove, Applicant respectfully submits that an aligning component is illustrated in Figure 2 and described at least in original paragraph [0043] of the originally-filed application. For purposes of clarity, paragraph [0043] of the originally-filed application is amended to clarify that the cable 30 is an example embodiment of an aligning component. Paragraph [0041] of the originally-filed application is also amended to clarify that the sections 24 are an example embodiment of an aligning component. Accordingly, Applicant respectfully submits that the enablement requirement is met because the specification describes how to make and use the invention, including an aligning component. Applicant respectfully requests that the rejection of the claims under 35 USC § 112 be withdrawn at this time.

Claim Rejections – 35 USC § 103

Claims 21, 22, 24-26, 28, 30, 32, and 33 are rejected under 35 USC § 103 as allegedly being unpatentable over Stein (US 5,080,123) in view of Seo (US Pub. 2003/0089390).

As noted herein, independent claim 21 is currently amended to incorporate the subject matter of allowable claim 37. As such, claim 21 (and claims 22, 24-26, 30, 32, and 33 depending therefrom) is/are in condition for allowance.

Claims 34-36 and 38-40 are rejected under 35 USC § 103 as allegedly being unpatentable over Stein in view of Cook (US Pub. 2013/0074894).

Applicant respectfully submits that neither Stein nor Cook, separately or in combination, discloses a system or method for providing shade as claimed in independent claims 34 and 38. Specifically, neither Stein nor Cook separately or in combination discloses a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being coupleable with the frame about a portion of the frame such that in the supporting configuration, the trailing end of the canopy is aerially suspendable only by wind (claim 34) nor engaging a suspension end of a canopy about a portion of the frame, the canopy extending between the suspension end and an opposing trailing end, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the trailing end of the canopy is aerially suspendable only by wind for providing shade to the surface (claim 38).

In Stein, batten 43 (allegedly meeting the claim element of the trailing end of the canopy) is not at least aerially suspendable only by wind in the supporting configuration. As shown in Stein, there are two tethers 60, 62 that connect with the corners 70, 72 of the canopy and are secured to pegs 82, 84 spaced at locations in the earth. *See, e.g.,* col. 2, lines 19-24 of Stein. Thus, in the supporting configuration shown in FIG. 1 of Stein, the trailing end of the canopy is not at aerially suspendable only by wind and is instead tethered to the ground. Cook is likewise silent as to the claimed system and method, as each of the four corners of the enclosure in Cook is secured to the surface. Thus, Stein Cook Seo each does not at all disclose the claimed canopy.

There is also no suggestion, motivation, or other rendering of predictability to modify Stein with Cook or any other reference such that the batten 43 is aerially suspendable only by wind in the supporting configuration. Indeed, the intended purpose of the invention in Stein is to provide a canopy with adjustable length tethers so that in response to wind gusts and the like, the canopy may be "let-out" or adjusted inwardly or outwardly to in effect act like a sail and permit

WBD (US) 54668782v5

more or less air to pass beneath it. *See, e.g.,* col. 1, lines 25-32 of Stein. If the batten 43 in Stein was not tethered to the ground, as required by Stein, there would be no way to adjust to allow more or less air to pass beneath it – air would pass beneath freely. Therefore, any argument that there is motivation to modify Stein so that the batten 43 was at aerially suspendable only by wind would render Stein unsatisfactory for its intended purpose, counter to MPEP § 2143.01(v). *See, e.g., In re Gordon,* 733 F.2d 900, 221 USPQ 1125 (Fed. Cir. 1984) ("If a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, then there is no suggestion or motivation to make the proposed modification.")

Accordingly, and for at least the above reasons, independent claims 34 and 38 are not rendered obvious in view of Stein separately or in combination with Cook. Claims 35, 36, 39 and 40 are also not rendered obvious in view of Stein separately or in combination with Cook for at least their dependency on their respective independent claims. Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

Claims 22 and 23 are rejected under 35 USC § 103 as allegedly being unpatentable over Stein and further in view of Sotirkys (US 7,789,097).

Applicant has already described above the reasons why there is no teaching, suggestion, motivation for, or other rendering of predictability in Stein for the claimed subject matter. Applicant respectfully submits that there is nothing in Sotirkys that cures these deficiencies. Thus, Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

Claim 29 is rejected under 35 USC § 103 as allegedly being unpatentable over Stein and further in view of Moss (US 3,394,720).

Applicant has already described above the reasons why there is no teaching, suggestion, motivation for, or other rendering of predictability in Stein for the claimed subject matter. Applicant respectfully submits that there is nothing in Moss that cures these deficiencies. Thus, Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

WBD (US) 54668782v5

Claim 31 is rejected under 35 USC § 103 as allegedly being unpatentable over Stein and further in view of Beatty (US 3,070,107).

Applicant has already described above the reasons why there is no teaching, suggestion, motivation for, or other rendering of predictability in Stein for the claimed subject matter. Applicant respectfully submits that there is nothing in Beatty that cures these deficiencies. Thus, Applicant respectfully requests that the rejection of the claim under 35 USC § 103 be withdrawn at this time.

WBD (US) 54668782v5

Appl. No.: 17/343,107
Filed: June 9, 2021
Amdt. Dated November 18, 2021

## **CONCLUSION**

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON NOVEMBER 18, 2021.**

WBD (US) 54668782v5

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 17343107 |
| **Filing Date:** | 09-Jun-2021 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Attorney Docket Number:** | S105508 1010US.C4 (0013.8 |

Filed as Small Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| SUBMISSION- INFORMATION DISCLOSURE STMT | 2806 | 1 | 130 | 130 |
| **Total in USD ($)** | | | | **130** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 44320376 |
| **Application Number:** | 17343107 |
| **International Application Number:** | |
| **Confirmation Number:** | 1078 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C4 (0013.8 |
| **Receipt Date:** | 18-NOV-2021 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 17:17:10 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $130 |
| RAM confirmation Number | E2021AHH17283980 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Transmittal Letter | S105508_1010US_C4_0013_8_Suppl_IDS_Cover.pdf | 119857 / c54c76d8a068af2b07172f5127b57948e3d9e145 | no | 1 |

**Warnings:**

**Information:**

| 2 | Information Disclosure Statement (IDS) Form (SB08) | S105508_1010US_C4_0013_8_Suppl_IDS_1449.pdf | 123259 / 2ad75f7b86efa38c375ac887b221c09ea6bccc5e | no | 1 |

**Warnings:**

**Information:**

This is not an USPTO supplied IDS fillable form

| 3 | | S105508_1010US_C4_0013_8_Amendment_for_10-29-2021_OA.pdf | 128566 / da95587b7e8342cb1a82c1f408f7bbf655e26a0b | yes | 13 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |
| Specification | 2 | 2 |
| Claims | 3 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 13 |

**Warnings:**

**Information:**

| 4 | Fee Worksheet (SB06) | fee-info.pdf | 37874 / 28c4dd4eab5210c8bc6454136caa5d5182d7e969 | no | 2 |

**Warnings:**

**Information:**

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 143 of 253

Total Files Size (in bytes): 409556

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Attorney's Docket No.  **S105508 1010US.C4 (0013.8)**                PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re:         Barnes *et al.*                    Confirmation No.:   1078
Appl. No.:     17/343,107                         Group Art Unit:     3636
Filed:         June 9, 2021                       Examiner:           Noah Chandler Hawk
For:           SHADING SYSTEM AND METHOD OF USE

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT
### UNDER 37 C.F.R. § 1.97(c)

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature document in accordance with 37 CFR 1.98(a)(2). Also enclosed is a translation or a concise explanation of each non-English language document.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP.  By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(c), before final Office Action or Allowance, whichever is earlier.  The Commissioner is authorized to charge the $130.00 fee specified in 37 C.F.R. § 1.17(p) and any additional fee, or credit any refund, to our Deposit Account No. **09-0528**.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn:  Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

WBD (US) 54797498v1                    *ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON NOVEMBER 18, 2021.*

Case 5:24-cv-00588-FL     Document 28-7     Filed 03/23/26     Page 145 of 253

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>17/343,107 | Filing Date<br>06/09/2021 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE  ☑ SMALL  ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | x $50 = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | x $240 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | 11/18/2021 | | | | | | | |
| | Total<br>(37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | | x $50 = | 0 |
| | Independent<br>(37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | | x $240 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | | | | | | | |
| | Total<br>(37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
|---|---|
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /CRYSTAL QUEEN/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,107 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C4 (0013.8 | 1078 |

| | | |
|---|---|---|
| 26158      7590      11/22/2021 | | EXAMINER |
| WOMBLE BOND DICKINSON (US) LLP | | HAWK, NOAH CHANDLER |
| ATTN: IP DOCKETING | | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 11/22/2021 | ELECTRONIC |

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| *Applicant-Initiated Interview Summary* | Application No. 17/343,107 | | Applicant(s) Barnes et al. | | |
|---|---|---|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 | AIA (First Inventor to File) Status Yes | | Page 1 of 2 |

| All Participants (applicant, applicants representative, PTO personnel) | Title | Type |
|---|---|---|
| NOAH C HAWK | Primary Examiner | Telephonic |
| Lauren Anderson | Attorney | |

**Date of Interview:** <u>17 November 2021</u>

## Issues Discussed:

### 35 U.S.C. 112

The proposed amendments to the specification overcome the 112(a) rejections set forth in the Non-Final Office Action.

### Proposed Amendment(s)

Claim 21 appears to be in condition for allowance. Claim 34 and 38 appear to overcome the prior art of record, but an additional search in the related "archway with curtain" field as discussed during the interview is required.

### Drawings

The proposed amendments to the specification overcome the drawing objections set forth in the Non-Final Office Action.

☑ Attachment

| /Noah Chandler Hawk/ Primary Examiner, Art Unit 3636 | |
|---|---|
| **Applicant is reminded that a complete written statement as to the substance of the interview must be made of record in the application file. It is the applicants responsibility to provide the written statement, unless the interview was initiated by the Examiner and the Examiner has indicated that a written summary will be provided. See MPEP 713.04** Please further see: MPEP 713.04 Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews, paragraph (b) 37 CFR § 1.2 Business to be transacted in writing | |

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete

| | Application No. | Applicant(s) | | | |
|---|---|---|---|---|---|
| *Applicant-Initiated Interview Summary* | 17/343,107 | Barnes et al. | | | |
| | **Examiner**<br>NOAH C HAWK | **Art Unit**<br>3636 | **AIA (First Inventor to File) Status**<br>Yes | | **Page**<br>**2 of 2** |

and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1078 |
| Appl. No.: | 17/343,107 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Hawk, Noah Chandler |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:  S105508 1010US.C4 (0013.8)
Customer No.:  26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

# DRAFT – FOR INTERVIEW PURPOSES ONLY -
## AMENDMENT UNDER 37 C.F.R. § 1.111

Sir:

      In response to the Office Action dated October 29, 2021, please amend the application as follows:

**Amendments to the Specification** begin on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 3 of this paper.

**Remarks** begin on page 7 of this paper.

WBD (US) 54668782v3

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 150 of 253

Appl. No.: 17/343,107
Filed: June 9, 2021
Amdt. Dated DRAFT


Amendments to the Specification:


Please amend paragraph [0041] of the originally-filed application as follows.

According to some embodiments, the frame 14 of the system 10 may include, or consist essentially of, a plurality of sections 24 configured for end-to-end alignment from a left end 20 of the frame 14 to a right end 22 of the frame 14. Each of the sections 24 may be further configured to engage with any adjacent sections 24. When two or more or all of the sections 24 are aligned end-to-end and engaged with adjacent sections 24, the sections 24 being an example embodiment of an aligning component, the frame 14 may be positioned to receive and support the canopy 12. In some embodiments, the sections 24 are arranged telescopically, where each adjacent section 24 may be housed within, and extend from each adjacent section 24. In other embodiments, as depicted in FIG. 2, many of the sections include both a male end 62 and a female end 60 for engaging adjacent sections 24 to each other to construct the supporting frame 14. In some embodiments, all but one of the sections 24 includes a female end 60 for accepting a male end 62 of one of the adjacent sections 24 therein.


Please amend paragraph [0043] of the originally-filed application as follows.

As depicted in FIG. 2, the system 10 may further include a cable 30 extending through the plurality of sections 24 of the frame 12 from the left end 20 to the right end 22. The cable 30 may be elastic so that the sections 24 may be maneuvered between a transport configuration (e.g., FIG. 2) and a supporting configuration (e.g., FIG. 1), yet still remain adjacent and aligned end-to-end, the cable 30 being an example of an aligning component by providing supporting tension to the end-to-end alignment of the supporting configuration. The cable 30 may be affixed to an interior and/or cap 68 of the first section 64 and second section 66. The cable 30 may also be affixed to interiors of any of the other sections 24.

WBD (US) 54668782v3

Amendments to the Claims:

1. – 20.        (Canceled)

21.        (Currently Amended)  A system for providing shade onto a surface, the system comprising:

a frame engageable with the surface and comprising a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned from a first end to a second end;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the first frame and~~-~~at least partially aerially supportable by wind in a first configuration for providing shade to the surface;

a cord coupleable to one or both of the frame and the canopy; ~~and~~

an anchor being coupleable to the cord so that the frame remains in the supporting configuration; and

at least one fastener engaged with, coupled to, or defined by one or both of the canopy and the frame, wherein the fastener is positioned substantially at a center of one or both of the frame and the canopy in the supporting configuration, the cord being coupleable to the at least one fastener to selectively engage with or secure the cord to one or both of the canopy and the frame.

22.        (Previously Presented)  The system of claim 21, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

WBD (US) 54668782v3

23.　　(Previously Presented)　The system of claim 22, wherein the plurality of coupled sections are selectively engageable sections.

24.　　(Previously Presented)　The system of claim 21, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

25.　　(Previously Presented)　The system of claim 21, wherein the at least one aligning component comprises an intermediate section arranged between a first section and a second section of the plurality of sections.

26.　　(Previously Presented)　The system of claim 21, wherein the at least one aligning component comprises a cable extending through the plurality of sections of the frame.

27.　　(Previously Presented)　The system of claim 21, wherein the plurality of sections form a curved shape in the supporting configuration.

28.　　(Previously Presented)　The system of claim 21, wherein at least one of the plurality of sections is arranged at a non-co-extensive angle with respect to an axis of another of the plurality of sections.

29.　　(Canceled)

30.　　(Previously Presented)　The system of claim 21, wherein ends of the frame are securable to a surface.

31.　　(Previously Presented)　The system of claim 21, wherein the anchor houses weight.

WBD (US) 54668782v3

32.    (Previously Presented)    The system of claim 21, wherein the plurality of sections form a shape other than a curved shape when in the supporting configuration.

33.    (Previously Presented)    The system of claim 21, wherein at least one of the plurality of sections comprises a female end for accepting a male end of an adjacent one of the plurality of sections.

34.    (Currently Amended) A system for providing shade onto a surface, the system comprising:

    a frame that includes a plurality of sections that are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are engaged or coupled into alignment to configure the frame from a left end that is engageable with the surface [[and]]to a right end that is engageable with the surface;

    a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being coupleable with the frame about a portion of the frame such that in the supporting configuration, the trailing end of the canopy is aerially ~~suspended~~ suspendable only by wind ~~the frame~~;

    a container for transporting the canopy and the frame when in the compactly configured transport configuration; and

    a cord selectively engageable with or secured to one or both of the canopy and the frame and engageable with or coupled to an anchor.

35.    (Previously Presented)    The system of claim 34, wherein the container houses weight and is the anchor, or the container and the anchor are separate components of the system.

36.    (Previously Presented)    The system of claim 34, wherein a remaining portion of the frame is housed separately from the canopy, the portion of the frame, and the cord within the container.

WBD (US) 54668782v3

37.    (Canceled)

38.    (Currently Amended) A method for manufacturing a system for providing shade onto a surface, the method comprising:

affixing at least one aligning component to one or more of a plurality of sections to form a frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned;

engaging a suspension end of a canopy about a portion of the frame, the canopy extending between the suspension end and an opposing trailing end, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the trailing end of the canopy is aerially suspendable only by wind ~~supportable by the first frame and at least partially supportable by wind in a first~~ configuration for providing shade to the surface;

arranging the canopy and the frame in the transport configuration in a container.

39.    (Previously Presented) The method of claim 38, further comprising, before arranging the canopy and the frame in the transport configuration in the container, coupling a cord to at least one of the frame and the canopy.

40.    (Previously Presented)    The method of claim 39, further comprising, before arranging the canopy and the frame in the transport configuration in the container, coupling the cord to an anchor such that the anchor provides support to the frame when in the supporting configuration.

41.    (New)    The method of claim 38, wherein the at least one aligning component is a cable, and wherein affixing the at least one aligning component comprises affixing the cable to one or more of the plurality of sections to form the frame, such that the plurality of sections are

WBD (US) 54668782v3

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 155 of 253

maneuverable between the compactly configured transport configuration and the supporting

configuration where the plurality of sections are aligned.

WBD (US) 54668782v3
Case 5:24-cv-00588-FL     Document 28-7     Filed 03/23/26     Page 156 of 253

**REMARKS**

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 28 and 37 are canceled, claim 41 is added, and claims 21, 34, and 38 are amended. As such, claims 21-28, 30-36, and 38-41 are pending following this Amendment.

Claim Amendments

Applicant thanks the examiner for the indication that claim 37 is allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims. Independent claim 21 is amended to incorporate the subject matter of allowable claim 37. Claim 37 is canceled. Applicant respectfully submits that at least claims 22-28 and 30-33 are now in condition for allowance.

Independent claims 34 and 38 are amended to clarify that the trailing end of the canopy is aerially suspendable only by wind. As now amended, it is clarified that the suspension end of the canopy is engageable with the frame about a portion of the frame, and that in a supporting configuration, the trailing end of the canopy is spaced apart from the portion of the frame and the trailing end of the canopy is aerially suspendable only by wind for providing shade to the surface. Support for this claim amendment can be found in at least, for example, Figure 1 and the corresponding description. Thus, no new matter has been added with this amendment.

Claim 29 is canceled, without prejudice.

New claim 41 depends from independent claim 38 and is based on the claim language of dependent claim 26.

Applicant respectfully submits that no new matter is added by way of these claim amendments and the new claim.

WBD (US) 54668782v3

Drawings

The drawings are objected to because "aligning component" recited in claims 21 and 38, and the telescoping nature of the frame recited in claim 29 are allegedly not shown. Applicant notes that claim 29 is now canceled.

In response, Applicant notes that the specification is amended to clarify that the cable 30 is an example embodiment of an aligning component. The cable 30 is illustrated in at least FIG. 2. Accordingly, Applicant respectfully submits that an aligning component is in fact illustrated in the drawings. Applicant thus requests that the objection to the drawings be withdrawn at this time.

Claim Rejections – 35 USC § 112

Claims 21-33 and 38-40 are rejected under 35 USC § 112(a) as allegedly failing to comply with the enablement requirement. Specifically, claims 21 and 38 recite an "aligning component" which is allegedly not supported by the disclosure and not identified in the figures.

As noted hereinabove, Applicant respectfully submits that an aligning component is illustrated in Figure 2 and described at least in original paragraph [0043] of the originally-filed application. For purposes of clarity, paragraph [0043] of the originally-filed application is amended to clarify that the cable 30 is an example embodiment of an aligning component. Paragraph [0041] of the originally-filed application is also amended to clarify that the sections 24 are an example embodiment of an aligning component. Accordingly, Applicant respectfully submits that the enablement requirement is met because the specification describes how to make and use the invention, including an aligning component. Applicant respectfully requests that the rejection of the claims under 35 USC § 112 be withdrawn at this time.

Claim Rejections – 35 USC § 103

Claims 21, 22, 24-26, 28, 30, 32, and 33 are rejected under 35 USC § 103 as allegedly being unpatentable over Stein (US 5,080,123) in view of Seo (US Pub. 2003/0089390).

As noted herein, independent claim 21 is currently amended to incorporate the subject matter of allowable claim 37. As such, claim 21 (and claims 22, 24-26, 30, 32, and 33 depending therefrom) is/are in condition for allowance.

Claims 34-36 and 38-40 are rejected under 35 USC § 103 as allegedly being unpatentable over Stein in view of Cook (US Pub. 2013/0074894).

Applicant respectfully submits that neither Stein nor Cook, separately or in combination, discloses a system or method for providing shade as claimed in independent claims 34 and 38. Specifically, neither Stein nor Cook separately or in combination discloses a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being coupleable with the frame about a portion of the frame such that in the supporting configuration, the trailing end of the canopy is aerially suspendable only by wind (claim 34) nor engaging a suspension end of a canopy about a portion of the frame, the canopy extending between the suspension end and an opposing trailing end, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the trailing end of the canopy is aerially suspendable only by wind for providing shade to the surface (claim 38).

In Stein, batten 43 (allegedly meeting the claim element of the trailing end of the canopy) is not at least aerially suspendable only by wind in the supporting configuration. As shown in Stein, there are two tethers 60, 62 that connect with the corners 70, 72 of the canopy and are secured to pegs 82, 84 spaced at locations in the earth. *See, e.g.,* col. 2, lines 19-24 of Stein. Thus, in the supporting configuration shown in FIG. 1 of Stein, the trailing end of the canopy is not at aerially suspendable only by wind and is instead tethered to the ground. Cook is likewise silent as to the claimed system and method, as each of the four corners of the enclosure in Cook is secured to the surface. Thus, Stein Cook Seo each does not at all disclose the claimed canopy.

There is also no suggestion, motivation, or other rendering of predictability to modify Stein with Cook or any other reference such that the batten 43 is aerially suspendable only by wind in the supporting configuration. Indeed, the intended purpose of the invention in Stein is to provide a canopy with adjustable length tethers so that in response to wind gusts and the like, the canopy may be "let-out" or adjusted inwardly or outwardly to in effect act like a sail and permit

WBD (US) 54668782v3

more or less air to pass beneath it. *See, e.g.,* col. 1, lines 25-32 of Stein. If the batten 43 in Stein was not tethered to the ground, as required by Stein, there would be no way to adjust to allow more or less air to pass beneath it – air would pass beneath freely. Therefore, any argument that there is motivation to modify Stein so that the batten 43 was at aerially suspendable only by wind would render Stein unsatisfactory for its intended purpose, counter to MPEP § 2143.01(v). *See, e.g., In re Gordon,* 733 F.2d 900, 221 USPQ 1125 (Fed. Cir. 1984) ("If a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, then there is no suggestion or motivation to make the proposed modification.")

Accordingly, and for at least the above reasons, independent claims 34 and 38 are not rendered obvious in view of Stein separately or in combination with Cook. Claims 35, 36, 39 and 40 are also not rendered obvious in view of Stein separately or in combination with Cook for at least their dependency on their respective independent claims. Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

Claims 22 and 23 are rejected under 35 USC § 103 as allegedly being unpatentable over Stein and further in view of Sotirkys (US 7,789,097).

Applicant has already described above the reasons why there is no teaching, suggestion, motivation for, or other rendering of predictability in Stein for the claimed subject matter. Applicant respectfully submits that there is nothing in Sotirkys that cures these deficiencies. Thus, Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

Claim 29 is rejected under 35 USC § 103 as allegedly being unpatentable over Stein and further in view of Moss (US 3,394,720).

Applicant has already described above the reasons why there is no teaching, suggestion, motivation for, or other rendering of predictability in Stein for the claimed subject matter. Applicant respectfully submits that there is nothing in Moss that cures these deficiencies. Thus, Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

Claim 31 is rejected under 35 USC § 103 as allegedly being unpatentable over Stein and further in view of Beatty (US 3,070,107).

Applicant has already described above the reasons why there is no teaching, suggestion, motivation for, or other rendering of predictability in Stein for the claimed subject matter. Applicant respectfully submits that there is nothing in Beatty that cures these deficiencies. Thus, Applicant respectfully requests that the rejection of the claim under 35 USC § 103 be withdrawn at this time.

WBD (US) 54668782v3

Case 5:24-cv-00588-FL     Document 28-7     Filed 03/23/26     Page 161 of 253

## CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/DRAFT/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON DRAFT.**

WBD (US) 54668782v3



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,107 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C4 (0013.8 | 1078 |

| 26158 | 7590 | 12/02/2021 |
|---|---|---|

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/02/2021 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

<table>
<tr><td rowspan="2"><strong><em>Office Action Summary</em></strong></td><td colspan="2"><strong>Application No.</strong><br>17/343,107</td><td colspan="2"><strong>Applicant(s)</strong><br>Barnes et al.</td></tr>
<tr><td colspan="2"><strong>Examiner</strong><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br>3636</td><td><strong>AIA (FITF) Status</strong><br>Yes</td></tr>
</table>

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>11/18/2021</u>.
   - ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ____.
2a) ☑ This action is **FINAL.**    2b) ☐ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on ____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>21-28,30-36 and 38-41</u> is/are pending in the application.
   5a) Of the above claim(s) ____ is/are withdrawn from consideration.
6) ☐ Claim(s) ____ is/are allowed.
7) ☑ Claim(s) <u>21-28,30-36 and 38-41</u> is/are rejected.
8) ☐ Claim(s) ____ is/are objected to.
9) ☐ Claim(s) ____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☑ The drawing(s) filed on <u>6/9/21</u> is/are: a) ☑ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some**   c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. ____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)
2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>11/18/2021</u>.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
4) ☑ Other: <u>See Continuation Sheet</u>.

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 164 of 253

Continuation of Attachment(s) 4) Other: KR 101315166, Machine Translation of KR 101315166

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.

### *Specification*

2.      The amendments to the Specification were received on 11/18/2021 and are

accepted.

### *Drawings*

3.      The drawings were received on 6/9/2021.  These drawings are accepted in light

of the amendments to the Specification and the cancellation of Claim 29.

### *Claim Rejections - 35 USC § 103*

4.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all

obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed
> invention is not identically disclosed as set forth in section 102, if the differences between the
> claimed invention and the prior art are such that the claimed invention as a whole would have
> been obvious before the effective filing date of the claimed invention to a person having
> ordinary skill in the art to which the claimed invention pertains. Patentability shall not be
> negated by the manner in which the invention was made.

5.      Claims 21, 22, 24-28, 30, 32, 33 are rejected under 35 U.S.C. 103 as being

unpatentable over KR 10-1315166 (Kang) in view of Seo in US Publication

2003/0089390.

a.      Regarding Claim 21, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (10) engageable with the surface (see Fig. 2), a canopy (200) extending between a suspension end (at 210) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the first frame and at least partially aerially supportable by wind in a first configuration for providing shade to the surface; a cord (330) coupleable to one or both of the frame and the canopy; an anchor (320) being coupleable to the cord so that the frame remains in the supporting configuration; and at least one fastener (3) engaged with, coupled to, or defined by one or both of the canopy and the frame, wherein the fastener is positioned substantially at a center of one or both of the frame and the canopy in the supporting configuration, the cord being coupleable to the at least one fastener to selectively engage with or secure the cord to one or both of the canopy and the frame.

b.      Kang is silent on the details of the frame. Seo teaches a frame comprising a plurality of sections (1A/1B) and at least one aligning component (including at leach S and 1a/1b) affixed to one or more of the plurality of sections of the frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration (Fig. 1) and a supporting configuration (Fig. 3) where the plurality of sections are aligned from a first end to a second end. Seo further teaches that the at least one aligning component comprises an

intermediate section (such as one of the non-end inner sections 1B) arranged between a first section (1A at e) and a second section (1A at e') of the plurality of sections. Seo further teaches that the at least one aligning component comprises a cable (s) extending through the plurality of sections of the frame, that at least one of the plurality of sections is arranged at a non-co-extensive angle with respect to an axis of another of the plurality of sections (see Fig. 3), that the plurality of sections form a shape other than a curved shape when in the supporting configuration (see Fig. 3) and that at least one of the plurality of sections comprises a female end (1b) for accepting a male end (1a) of an adjacent one of the plurality of sections. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame of Kang by using a collapsible frame as taught by Seo in order to allow the user to store the device in a compact space when not in use.

c.      Regarding Claim 22, Kang, as modified, teaches that the canopy is unitarily constructed (there is a single sheet) or comprises a plurality of coupled sections.

d.      Regarding Claim 24, Kang, as modified, teaches that the canopy defines one or more vent holes (240), one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

e.      Regarding Claim 27, Kang, as modified, teaches (see Seo) that the plurality of sections form a curved shape in the supporting configuration.

f.      Regarding Claim 30, Kang, as modified, teaches that ends of the frame (110/110a) are securable to a surface.

6.      Claims 34-36, and 38-41 are rejected under 35 U.S.C. 103 as being

unpatentable over KR 10-1315166 (Kang) in view of Seo in US Publication

2003/0089390 and Cook in US Publication 2013/0074894.

g.      Regarding Claim 34, Kang teaches a system for providing shade onto a

surface, the system comprising: a frame (10) that is configured such that the

frame extends from a left end (101 on one end) that is engageable with the

surface and a right end (101 on the opposing end) that is engageable with the

surface, a canopy (200) extending between a suspension end and (at 210) an

opposing trailing end (toward 240), the suspension end of the canopy being

coupleable with the frame about a portion of the frame such that in the supporting

configuration, the trailing end of the canopy is aerially suspendable only by wind.

h.      Kang is silent on the details of the frame. Seo teaches a frame comprising

a plurality of sections (1A/1B) that are maneuverable between a compactly

configured transport configuration (Fig. 1) and a supporting configuration (Fig. 3)

where the plurality of sections are aligned from a left end that is engageable to

the surface to a right end that is engageable to a surface. It would have been

obvious to one of ordinary skill in the art before the effective filing date of the

claimed invention to modify the frame of Kang by using a collapsible frame as

taught by Seo in order to allow the user to store the device in a compact space

when not in use.

i.      Kang, as modifeid, is silent on the use of a container. Cook teaches a

canopy (12) and frame ("fiberglass pipe frame") and a container (40) for

transporting the canopy and the frame when in a compactly configured transport

configuration. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by adding a container as taught by Cook in order to neatly store the components of the device when travelling.

j.      Regarding Claim 35, Kang, as modified, teaches that the container houses weight and is the anchor, or the container and the anchor are separate components of the system (the anchor is a stake and the container is separate).

k.      Regarding Claim 36, Kang, as modified, is inherently cable of being used such that a "remaining portion of the frame" is housed separately from the canopy, the portion of the frame, and the cord within the container (the user could inherently leave one of the sections of frame out of the container when packing the device).

l.      Regarding Claims 38 and 41, Kang, through the normal and customary use of the device, teaches a method for manufacturing a system for providing shade onto a surface, the method comprising: forming a frame (10), engaging a suspension end (at 210) of a canopy (200) about a portion of the frame, the canopy extending between the suspension end and an opposing trailing end (toward 240), wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the trailing end of the canopy is aerially suspendable only by wind for providing shade to the surface;

m.      Kang is silent on the details of the frame. Seo teaches a method comprising affixing at least one aligning component (s) to one or more of a

plurality of sections (1A and 1B) to form a frame (see Fig. 3), such that the plurality of sections are maneuverable between a compactly configured transport configuration (Fig. 1) and a supporting configuration (Fig. 3) where the plurality of sections are aligned. Seo further teaches that the at least one aligning component is a cable, and wherein affixing the at least one aligning component comprises affixing the cable to one or more of the plurality of sections to form the frame, such that the plurality of sections are maneuverable between the compactly configured transport configuration and the supporting configuration where the plurality of sections are aligned. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the method of Kang by using a plurality of sections to form the frame as taught by Seo in order to allow the user to store the device more compactly.

n.      Kang, as modified, is silent on the use of a container. Cook teaches a method including arranging a canopy and frame in a transport configuration in a container (40). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the method of Kang, as modified, by adding a step of arranging the device in a container as taught by Cook in order to neatly carry the device.

o.      Regarding Claim 39, Kang, as modified, teaches, before arranging the canopy and the frame in the transport configuration in the container, coupling a cord (330) to at least one of the frame and the canopy.

p.      Regarding Claim 40, Kang, as modified, teaches, before arranging the canopy and the frame in the transport configuration in the container, coupling the

cord to an anchor (320) such that the anchor provides support to the frame when in the supporting configuration.

7.　　Claims 22 and 23 are rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 21 above, and further in view of Sotirkys et al. in US Patent 7789097. Kang, as modified, is silent on the use of detachable canopy sections. Sotirkys teaches a canopy (10/80) comprising a plurality of coupled sections (10 and 80), wherein the plurality of coupled sections are selectively engageable sections (via 85/86). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to decide how much shade the device provides.

8.　　Claim 31 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as modified, as applied to claim 21 above, and further in view of Beatty in US Patent 3070107. Kang, as modified, is silent on the use of an anchor that houses weight. Beatty teaches an anchor (23) that houses weight ("bags 23 can be filled with beach sand" – see Column 3, line 32). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using weighted anchors as taught by Beatty in order to allow the user to select the weight of the anchors depending on the conditions in which the device is erected.

## *Response to Arguments*

9.      Applicant's arguments filed 11/18/2021 have been fully considered but they are

not persuasive.

10.     Applicant's arguments with respect to claim(s) 21, 34, and 38 and their

dependent claims have been considered but are moot because the new ground of

rejection does not rely on any reference applied in the prior rejection of record for any

teaching or matter specifically challenged in the argument.


## *Conclusion*

11.     The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure. Walter et al. and Deeds teach suspended canopy/curtain

devices.


12.     Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).


13.     A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

14.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to NOAH CHANDLER HAWK whose telephone number is

(571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video

conferencing using a USPTO supplied web-based collaboration tool. To schedule an

interview, applicant is encouraged to use the USPTO Automated Interview Request

(AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, David Dunn can be reached on 5712726670. The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be

obtained from Patent Center. Unpublished application information in Patent Center is

available to registered users. To file and manage patent submissions in Patent Center,

visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-

center for more information about Patent Center and

https://www.uspto.gov/patents/docx for information about filing in DOCX format. For

additional questions, contact the Electronic Business Center (EBC) at 866-217-9197

(toll-free). If you would like assistance from a USPTO Customer Service

Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| | | Application/Control No. 17/343,107 | Applicant(s)/Patent Under Reexamination Barnes et al. | |
|---|---|---|---|---|
| ***Notice of References Cited*** | | Examiner NOAH C HAWK | Art Unit 3636 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-2186510-A | 01-1940 | WALTER VERNON F | A47G5/00 | 160/19 |
| * | B | US-5678704-A | 10-1997 | Deeds; Diane S. | A47H1/00 | 160/330 |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | KR-101315166-B1 | 10-2013 | KR | Kang | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)        **Notice of References Cited**        Part of Paper No. 20211124

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| **Index of Claims** | 17/343,107 | Barnes et al. |
| | Examiner | Art Unit |
| | NOAH C HAWK | 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| CLAIMS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | | ☐ R.1.47 | |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | 11/24/2021 | | | | | | |
| | 1 | - | - | | | | | | |
| | 2 | - | - | | | | | | |
| | 3 | - | - | | | | | | |
| | 4 | - | - | | | | | | |
| | 5 | - | - | | | | | | |
| | 6 | - | - | | | | | | |
| | 7 | - | - | | | | | | |
| | 8 | - | - | | | | | | |
| | 9 | - | - | | | | | | |
| | 10 | - | - | | | | | | |
| | 11 | - | - | | | | | | |
| | 12 | - | - | | | | | | |
| | 13 | - | - | | | | | | |
| | 14 | - | - | | | | | | |
| | 15 | - | - | | | | | | |
| | 16 | - | - | | | | | | |
| | 17 | - | - | | | | | | |
| | 18 | - | - | | | | | | |
| | 19 | - | - | | | | | | |
| | 20 | - | - | | | | | | |
| | 21 | ✓ | ✓ | | | | | | |
| | 22 | ✓ | ✓ | | | | | | |
| | 23 | ✓ | ✓ | | | | | | |
| | 24 | ✓ | ✓ | | | | | | |
| | 25 | ✓ | ✓ | | | | | | |
| | 26 | ✓ | ✓ | | | | | | |
| | 27 | ✓ | ✓ | | | | | | |
| | 28 | ✓ | ✓ | | | | | | |
| | 29 | ✓ | - | | | | | | |
| | 30 | ✓ | ✓ | | | | | | |
| | 31 | ✓ | ✓ | | | | | | |
| | 32 | ✓ | ✓ | | | | | | |
| | 33 | ✓ | ✓ | | | | | | |
| | 34 | ✓ | ✓ | | | | | | |
| | 35 | ✓ | ✓ | | | | | | |
| | 36 | ✓ | ✓ | | | | | | |
| | 37 | O | - | | | | | | |
| | 38 | ✓ | ✓ | | | | | | |
| | 39 | ✓ | ✓ | | | | | | |
| | 40 | ✓ | ✓ | | | | | | |
| | 41 | | ✓ | | | | | | |

<table>
<tr><td rowspan="4"><strong><em>Search Notes</em></strong><br><br>[barcode]</td><td colspan="2"><strong>Application/Control No.</strong><br><br>17/343,107</td><td colspan="2"><strong>Applicant(s)/Patent Under Reexamination</strong><br><br>Barnes et al.</td></tr>
<tr><td colspan="2"><strong>Examiner</strong><br><br>NOAH C HAWK</td><td colspan="2"><strong>Art Unit</strong><br><br>3636</td></tr>
</table>

**CPC - Searched\***

| Symbol | Date | Examiner |
|---|---|---|
| E04H 15/326, 12/22, 15/003 | 10/26/2021 | NCH |
| E04H 15/005 | 11/23/2021 | NCH |
| A47H 1/00 | 11/23/2021 | NCH |

**CPC Combination Sets - Searched\***

| Symbol | Date | Examiner |
|---|---|---|
|  |  |  |

**US Classification - Searched\***

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 135 | 127, 114, 115, 120.1, 118, 119 | 10/26/2021 | NCH |
| 40 | 214,606.11,217, 412 | 10/26/2021 | NCH |
| 160 | 135,350,351,352, 377 | 10/26/2021 | NCH |
| 160 | 349.1, 350, 330 | 11/23/2021 | NCH |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

**Search Notes**

| Search Notes | Date | Examiner |
|---|---|---|
| Considered IDS filed 6/9/2021 | 10/26/2021 | NCH |
| Performed inventor name search in DAV | 10/26/2021 | NCH |
| Considered and updated search for parent application 16/987886 | 10/26/2021 | NCH |
| Please see attached PE2E search history | 10/26/2021 | NCH |
| Considered IDS filed 11/18/2021 | 11/23/2021 | NCH |
| Please see attached PE2E search history | 11/24/2021 | NCH |

| Search Notes  | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,107 | Barnes et al. |
| | Examiner | Art Unit |
| | NOAH C HAWK | 3636 |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |



| | |
|---|---|
| (19) 대한민국특허청(KR)<br>(12) 등록특허공보(B1) | (45) 공고일자    2013년10월07일<br>(11) 등록번호    10-1315166<br>(24) 등록일자    2013년09월30일 |

(51) 국제특허분류(Int. Cl.)
　　*E04H 15/64* (2006.01)  *E04H 15/00* (2006.01)
(21) 출원번호        10-2010-0110589
(22) 출원일자        2010년11월08일
　　심사청구일자      2010년11월08일
(65) 공개번호        10-2012-0049032
(43) 공개일자        2012년05월16일
(56) 선행기술조사문헌
　　KR1020100111450 A
　　KR200392044 Y1
　　JP2001164798 A

전체 청구항 수 : 총  4  항

(73) 특허권자
　　**강석명**
　　경기도 수원시 팔달구 수원천로204번길 50-7 (인
　　계동)
(72) 발명자
　　**강석명**
　　경기도 수원시 팔달구 수원천로204번길 50-7 (인
　　계동)
(74) 대리인
　　**유기현**

심사관 :    이병걸

(54) 발명의 명칭 **휴대용 차양막**

(57) 요 약

본 발명은 휴대용 차양막에 관한 것으로, 그늘이 별로 없는 강가나 해변가 등지의 야외에서 간편하게 설치하여 따가운 햇볕을 피할 수 있도록 그늘을 제공하는 휴대용 차양막에 관한 것이다.

본 발명은 양단부에 끼움돌기가 돌출 형성되고, '∩'자 형상으로 휘어지는 텐트용 폴대와; 삼각형상의 장막으로 상기 폴대의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부를 형성함과 동시에 양쪽 끝 부분에 폴대가 출입할 수 있는 재봉홀을 형성함으로 상기 폴대에 결합하여 수평방향으로 펼쳐지도록 형성된 차양 막과; 끼움링이 일측에 형성되고 타측에 상기 재봉홀의 둘레에 부착하여 상기 끼움돌기를 고정하는 직물편과; 상기 재봉부의 중앙 부분에 상기 폴대가 노출되도록 일 부분을 질게하거나 또는 재봉부의 중앙 부분에 인접하는 장막에 끼움링을 더 구비하여 형성된 걸림부; 상기 걸림부에 걸쇠를 걸고 다른 한쪽에 말뚝이 연결체를 중심으로 양단부에 형성된 걸이수단으로 상기 차양막을 지지하는 것을 특징으로 하는 휴대용 차양막에 있어서, 상기 차양 막은 재봉부를 제외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부를 형성하는 것을 특징으로 하는 휴대용 차양막을 제공한다.

여기서, 상기 차양막의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재와; 상기 폴대와 이격되어 설치되는 폴대와; 이 폴대에 구비되며 상기 차양막의 제 1결합부와 대응되는 모양의 제 2결합부가 형성된 망사장막이 상기 제 1결합부와 제 2결합부가 결합하여 터널형상의 차양막을 형성하는 것을 특징으로 한다.

또한, 원통형상으로 외주면 일측에 고리가 형성된 돌기캡을 구비하고 상기 폴대의 양단부에 형성된 끼움돌기에 고리가 서로 마주보도록 끼우고, 그 고리에 탄성줄이 구비된 연결고리로 서로 연결하여 설치하는 것을 특징으로 한다.

그리고, 각각의 모서리 단부에 끼움링이 구비된 돗자리를 펴고, 그 위에 상기 폴대의 끼움돌기를 각각 끼워 설치 하는 것을 특징으로 한다.

상기와 같은 구성의 본 발명을 제공함으로써, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사 용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 효과가 있다.

대표도 - 도1



특허청구의 범위

**청구항 1**

양단부에 끼움돌기(110)가 돌출 형성되고, 'ⵕ'자 형상으로 휘어지는 폴대(100)와;

삼각형상의 장막으로 형성되며, 상기 폴대(100)의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부(210)를 형성함과 동시에 상기 재봉부(210)의 중앙부분에는 걸쇠(310)를 걸 수 있는 걸림부(230)가 형성되고, 상기 재봉부(210)의 양쪽 끝 부분에 폴대(100)가 출입할 수 있는 재봉홀(212)이 형성된 차양막(200)과;

상기 재봉홀(212)의 둘레 일부분에 연장되어 일측이 부착됨과 동시에 상기 끼움돌기(110)를 끼울 수 있는 끼움링(3)이 타측에 형성된 직물편(220)과;

상기 걸림부(230)에 고정하여 상기 차양막(200)을 지지할 수 있도록 연결체(330)의 한쪽 끝에는 걸쇠(310)가 나른 한쪽 끝에는 말뚝(320)이 형성된 걸이수단(300)을 포함하여 이루어진 휴대용 차양막(1)에 있어서,

상기 차양막(200)은 재봉부(210)를 제외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부(240)를 형성하는 것을 특징으로 하는 휴내용 차양막.


**청구항 2**

제 1항에 있어서,

상기 차양막(200)의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재(201)와; 상기 폴대(100)와 이격되어 설치되는 폴대(100')와; 이 폴대(100')에 구비되며 상기 차양막(200)의 제 1결합부(201)와 대응되는 모양의 제 2결합부(401)가 형성된 망사장막(400)이 상기 제 1결합부(201)와 제 2결합부(401)가 결합하여 터널형상의 차양막(200)을 형성하는 것을 특징으로 하는 휴대용 차양막.


**청구항 3**

제 2항에 있어서,

원통형상으로 외주면 일측에 고리(510)가 형성된 돌기캡(500)을 구비하고 상기 폴대(100,100')의 양단부에 형성된 끼움돌기(110)에 고리(510)가 서로 마주보도록 끼우고, 상기 고리(510)에 탄성줄이 구비된 연결고리(520)로 서로 연결하여 설치하는 것을 특징으로 하는 휴대용 차양막.


**청구항 4**

제 2항에 있어서,

각각의 모서리 난부에 끼움링(3)이 구비된 돗자리(600)를 펴고, 그 위에 상기 폴대(100,100')의 끼움돌기(110)를 각각 끼워 설치하는 것을 특징으로 하는 휴대용 차양막.

명세서

기술분야

[0001] 본 발명은 휴대용 차양막에 관한 것으로, 그늘이 별로 없는 강가나 해변가 등지의 야외에서 간편하게 설치하여 따가운 햇볕을 피할 수 있도록 그늘을 제공하는 휴대용 차양막에 관한 것이다.

배경기술

[0002] 일반적으로 강가나 해변 등의 야외는 물과 땅의 온도차이로 해륙풍(海陸風)이 발생하며, 태양이 비추는 한낮에도 약하게 남아 해풍(海風)이 불어 야영객을 시원하게 해주지만, 반면 따가운 햇볕에서 생성되는 가시광선 및

자외선에 의해 인체에 악영향이 미치므로 장기간 노출되면 위험한 상황에 이를 수도 있다.

[0003] 그리하여, 종래에 햇볕을 차단하며 그늘을 만들기 위하여 비치 파라솔을 설치하여 사용하였으나, 이는 그 부피가 크고 구조물이 철재로 형성되어 휴대가 불편할 뿐만 아니라 사용자가 항상 자동차에 비치 파라솔을 비치(備置)하고 다닐 수도 없다.

[0004] 이와 같은 문제점을 극복하기 위하여, 최근에 햇볕을 차단하여 그늘을 만들 수 있는 휴대용 차양막으로 공개실용 제1990-0000799호, 공개실용 제1998-060140 등에 개시된 바 있다.

[0005] 그러나, 상기 개시된 공개실용 제1990-0000799호는 휴대가 간편하도록 반원형상의 차양막의 테두리에 형성된 삽지공을 따라 지주를 삽입하여 설치한 후, 지주의 상단을 중심으로 전후방에 줄을 묶어 말뚝을 박아 고정하는 방식의 휴대용 차양막을 제공하고 있으나, 상기 차양막은 햇볕을 가려 그늘을 만들기 위해서는 반투명 또는 불투명의 원단을 사용해야만 하는데, 그렇게 되면 전후방에 불어오는 바람에 저항하게 되어 차양막이 쓰러지거나 날라가는 등의 불상사가 발생한다.

[0006] 또한, 상기 차양막은 해가 중천에 떴을 경우, 지주의 수직 방향으로 빛이 비추어지므로 그늘이 생기지 않거나 생긴다 하더라도 햇볕으로부터 사용자를 보호할 만큼의 그늘을 보장할 수가 없으며, 한낮의 뜨거운 직사광선에 그대로 노출된다.

[0007] 다음, 상기 개시된 공개실용 제1998-060140호는 햇볕을 가리는 막지를 지면으로부터 경사지게 하여 햇볕차단은 물론 바람막이의 구실도 할 수 있도록 하고, 상기 막지의 둘레에 형성한 반호형의 상하부 홀에끼우는 폴과 똑바로 세우는 수직폴로 되는 간편한 구성으로 하여 휴대와 조립분해가 용이하다고 기술되어 있다.

[0008] 그러나, 크기나 재료상으로 보면 1~3인용으로 크기가 작고 그만큼 작은 폴과 원단을 사용하므로 그만큼 부피가 작아 휴대가 용이한 것은 사실이나, 상기 막지의 양단에 각각의 폴을 끼우고, 그 폴의 끝단에 형성된 고리와 깔판지에 형성된 고리를 연결하고, 막지의 일부분에 지물편에 형성된 끼움공에 또 다른 폴을 일일이 연결하고, 막지 내측에 형성된 연결끈으로 그 폴의 중간 부분을 또 묶어야 하는 등의 작업 코스트가 많아 분해조립 등의 설치하는 시간이 오래 걸리는 단점이 있다.

[0009] 또한, 상기 기술에서 어느 부분을 찾아봐도 상기 휴대용 차양막이 지면에 고정되어 있지 않으며, 사용자가 깔판지에 앉으므로 지지할 수는 있으나 자리를 비운 사이에 바람이 조금만 강하게 불어도 나라가 버리는 등의 분실되는 문제점이 있다.

### 발명의 내용

#### 해결하려는 과제

[0010] 본 발명은 상기한 문제점을 극복하기 위하여, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 휴대용 차양막을 제공하는 데 목적이 있다.

#### 과제의 해결 수단

[0011] 본 발명은 상기한 목적을 달성하기 위하여, 양단부에 끼움돌기가 돌출 형성되고, '∩'자 형상으로 휘어지는 텐트용 폴대와; 삼각형상의 장막으로 상기 폴대의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 집어서 재봉하여 재봉부를 형성함과 동시에 양쪽 끝 부분에 폴대가 출입할 수 있는 재봉홀을 형성함으로 상기 폴대에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막과; 끼움링이 일측에 형성되고 타측에 상기 재봉홀의 둘레에 부착하여 상기 끼움돌기를 고정하는 직물편과; 상기 재봉부의 중앙 부분에 상기 폴대가 노출되도록 일 부분을 절개하거나 또는 재봉부의 중앙 부분에 인접하는 장막에 끼움링을 더 구비하여 형성된 걸림부; 상기 걸림부에 걸쇠를 걸고 다른 한쪽에 말뚝이 연결체를 중심으로 양단부에 형성된 걸이수단으로 상기 차양막을 지지하는 것을 특징으로 하는 휴대용 차양막에 있어서, 상기 차양막은 재봉부를 제외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부를 형성하는 것을 특징으로 하는 휴대용 차양막을 제공한다.

[0012] 여기서, 상기 차양막의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재와; 상기 폴대와 이격되어 설치되는 폴대와; 이 폴대에 구비되며 상기 차양막의 제 1결합부와 대응되는 모양의 제 2결합부가 형성된 망사장막이 상기 제 1결합부와 제 2결합부가 결합하여 터널형상의 차양막을 형성하는 것을 특징으로 한다.

[0013] 또한, 원통형상으로 외주면 일측에 고리가 형성된 돌기캡을 구비하고 상기 폴대의 양단부에 형성된 끼움돌기에 고리가 서로 마주보도록 끼우고, 그 고리에 탄성줄이 구비된 연결고리로 서로 연결하여 설치하는 것을 특징으로 한다.

[0014] 그리고, 각각의 모서리 단부에 끼움링이 구비된 돗자리를 펴고, 그 위에 상기 폴대의 끼움돌기를 각각 끼워 설치하는 것을 특징으로 한다.

발명의 효과

[0015] 상기와 같은 구성의 본 발명을 제공함으로써, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 효과가 있다.

도면의 간단한 설명

[0016] 도 1은 본 발명에 따른 휴대용 차양막의 설치상태도

도 2는 본 발명에 따른 휴대용 차양막의 설치상태 측단면도

도 3은 본 발명에 따른 제 1실시예를 도시한 상태도

도 4는 본 발명에 따른 제 2실시예를 도시한 상태도

도 5는 본 발명에 따른 제 3실시예를 도시한 상태도

발명을 실시하기 위한 구체적인 내용

[0017] 이하, 본 발명에 따른 휴대용 차양막은 첨부한 도면들을 참고로 하여 이하 상세히 기술되는 실시 예에 의하여 그 특징들을 이해할 수 있을 것이나.

[0018] 도 1 내지 도 2에 의하면, 본 발명은 양단부에 끼움돌기(110)가 돌출 형성되고, '∩'자 형상으로 휘어지는 텐트용 폴대(100)와; 삼각형상의 장막으로 상기 폴대(100)의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부(210)를 형성함과 동시에 양쪽 끝 부분에 폴대(100)가 출입할 수 있는 재봉홀(212)을 형성함으로 상기 폴대(100)에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막(200)과; 끼움링(2)이 일측에 형성되고 타측에 상기 재봉홀(212)의 둘레에 부착하여 상기 끼움돌기(110)를 고정하는 직물편(220)과; 상기 재봉부(210)의 중앙 부분에 상기 폴대(100)가 노출되도록 일 부분을 절개하거나 또는 재봉부(210)의 중앙 부분에 인접하는 장막에 끼움링(2)을 더 구비하여 형성된 걸림부(230)와; 상기 걸림부(230)에 걸쇠(310)를 걸고 다른 한쪽에 말뚝(320)이 연결체(330)를 중심으로 양단부에 형성된 걸이수단(300)으로 상기 차양막(200)을 지지하는 것을 특징으로 하는 휴대용 차양막(1)에 있어서, 상기 차양막(200)은 재봉부(210)를 재외한 나머지 두 가장자리의 모서리선을 따라 일정크기 망사부(240)를 형성한다.

[0019] 이때, 상기 망사부(240)는 장기간의 실험을 통하여 얻은 결과로 상기 차양막(200)이 바람에 혼들리는 깃발에서 펄럭이는 소리(즉, 펼쳐진 직물을 따라 흐르는 기류에 의해 장막이 요동치며 발생하는 잡음)와 같은 소음을 최소화할 수 있도록 상기 차양막(200)에 흐르는 공기가 망사부(240)를 통과함으로 차양막(200)의 가장자리의 바람에 흔들리지 않는다.

[0020] 상기와 같은 구조로 바닷가 또는 강가에 지면(2)이 흙이나 모래로 된 장소에서 사용자가 야영 또는 낚시를 즐기며 따가운 햇볕을 피할 수 있는 휴식 공간을 만들기 위하여 해풍(海風)을 받는 방향을 정면으로 설치하되, 텐트용 폴대(100)를 펴고, 차양막(200)의 재봉홀(210)에 그 폴대(100)를 밀어 넣어 반대쪽 재봉홀(210)까지 도달하게 되면 폴대(100)가 끼워진 차양막(200)과 폴대(100)가 반원형상으로 휘어진다.

[0021] 이때, 재봉홀(210)에 연장하여 구비된 지물편(220)에 형성한 끼움링(3)에 폴대(100)의 끼움놀기(110)를 끼우고, 그 끼움돌기(110)를 지면(2)에 수직으로 박아 상기 차양막(200)이 만원형상으로 기립(起立)상태를 유지한다.

[0022] 그리고, 상기 걸이수단(300)의 걸쇠(310)를 걸림부(230)에 걸고 전방 2 ~ 3 m 부분에 일체로 된 밀뚝(320)을 박아 차양막(200)을 더욱더 견고하게 한다.

[0023] 맏 바람에 휘날리는 차양막(200) 밑에 공간에 돗자리(600) 등을 깔아 편안하게 휴식을 취하며, 햇볕을 피할 수

있다.

[0024] 여기서, 상기 지물편(220)은 가방 끈과 같은 직물지로 약 100 ~ 150 mm 정도 소정 길이 만큼 잘라 사용하는 것으로, 한쪽 부분에 서로 결합되는 두 개의 링을 압착하여 타공함으로써 형성되는 통상의 끼움링(3)을 구비하고, 반대쪽 부분은 상기 재봉홀(212)의 둘레면 중 일 부분에 재봉하거나 접착하여 부착한다.

[0025] 또한, 바람직하게는 상기 끼움링(3)을 통과한 끼움돌기(110)의 파손을 막으며 더욱더 견고하게 지면에 고정할 수 있도록 상기 끼움돌기(110)와 대응되는 끼움홈(110a)이 형성된 말뚝(320)을 더 구비하여 지면에 더욱 깊게 박아 견고하게 한다.

[0026] 도 3에 의하면, 본 발명에 따른 제 1실시예로써, 상기 차양막(200)의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재(201)와; 상기 폴대(100)와 이격되어 설치되는 또 다른 폴대(100')와; 이 폴대(100')에 구비되며 상기 차양막(200)의 제 1결합부(201)와 대응되는 모양의 제 2결합부(401)가 형성된 망사장막(400)이 상기 제 1결합부(201)와 제 2결합부(401)가 결합하여 터널형상의 휴대용 차양막(1)을 형성한다.

[0027] 여기서, 상기 망사장막(400)은 상기 차양막(200)과 대응하여 결합되며, 상기 차양막의 내외부로 바람이 흐르면 상기 망사장막(400)을 통해 바람이 통과되어 상기 차양막(200)에 의해 형성되는 그림자 이외에도 바람이 원활하게 통과되어 사용자에게 바람에 의해 시원함을 제공한다.

[0028] 이때, 상기 제 1결합부(201)와 제 2결합부(401)는 상호 대응되는 밸크로파스너 또는 지퍼 등의 결합부재로 사용하여, 사용자의 취향에 따라 결합 또는 분해하여 사용한다.

[0029] 도 4에 의하면, 본 발명에 따른 제 2실시예로써, 원통형상으로 외주면 일측에 고리(510)가 형성된 돌기캡(500)을 구비하고 상기 폴대(100,100')의 양단부에 형성된 끼움돌기(110)에 고리(510)가 서로 마주보도록 끼우고, 그 고리(510)에 탄성줄이 구비된 연결고리(520)로 서로 연결하여 설치한다.

[0030] 여기서, 상기 돌기캡(500)은 자갈바닥 또는 콘크리트(4) 바닥에 설치가 가능하며, 상호 고리(510)를 연결고리(520)로 이어주어 상기 휴대용 차양막(1)의 형상을 그대로 유지할 수 있다.

[0031] 도 5에 의하면, 본 발명에 따른 제 3실시예로써, 각각의 모서리 단부에 끼움링(3)이 구비된 돗자리(600)를 펴고, 그 위에 상기 폴대(100,100')의 끼움돌기(110)를 각각 끼움링(3)에 끼워 설치하는 것을 특징으로 한다.

[0032] 이는 상기 휴대용 차양막(1)을 사용하는데 있어서, 사용자가 차양막(200)의 내부에서 편안하게 쉴 수 있는 공간을 마련하며 모래바닥이나 흙바닥 등의 지면(2), 자갈바닥, 콘크리트바닥(4) 등 어느 장소든 상관없이 바로 설치가 가능하며 돗자리(600)에 의해 상기 휴대용 차양막(1)의 형상을 그대로 유지할 수 있다.

[0033] 마지막으로, 상기 차양막(200)은 방풍원단에 방수 도료와 자외선 차단 도료를 접층하여 도포하는데 있어서, 바람직하게는 차양막(200)으로 사용하는 방풍원단의 내피면에 방수 도료를 도포하여 방수코팅하고, 외피면에 자외선 차단 도료를 도포하여 UV코팅하여 일반적으로 사용하는 원단을 사용한다.

[0034] 이상, 본 발명은 자연 바람을 이용하여 휴대용 차양막(1)을 설치할 수 있는 최소한의 구조물만으로 간편하고 누구나 쉽게 설치 또는 해체할 수 있으며, 아침부터 저녁까지 내리쬐는 햇볕으로부터 사용자를 보호할 수 있는 휴식 공간을 제공할 수 있다.

부호의 설명

[0035] 1:휴대용 차양막  100:폴대

200:차양막  300:걸이수단

500:돌기캡                                          600:돗자리

도면

도면1



도 62



도 3



도면4



【도 8】





# Patent Translate
Powered by EPO and Google

# Notice

This translation is machine- generated. It cannot be guaranteed that it is intelligible, accurate, complete, reliable or fit for specific purposes. Critical decisions, such as commercially relevant or financial decisions, should not be based on machine- translation output.

# DESCRIPTION KR101315166B1

The portable sun makes hide}

---

휴대용 차양막{The portable sun makes hide}

## [0001]

The present invention relates to a portable awning, and to a portable awning that provides a shade to avoid the scorching sunlight by easily installing it outdoors, such as a river or a beach where there is not much shade.

---

본 발명은 휴대용 차양막에 관한 것으로, 그늘이 별로 없는 강가나 해변가 등지의 야외에서 간편하게 설치하여 따가운 햇볕을 피할 수 있도록 그늘을 제공하는 휴대용 차양막에 관한 것이다.

## [0002]

In general, sea breezes occur outdoors at rivers and beaches due to the temperature difference between water and land. Visible light and ultraviolet light adversely affect the human body, so long- term exposure may lead to a dangerous situation.

---

일반적으로 강가나 해변 등의 야외는 물과 땅의 온도차이로 해륙풍(海陸風)이 발생하며, 태양이 비추는 한낮에도 약하게 남아 해풍(海風)이 불어 야영객을 시원하게 해주지만, 반면 따가운 햇볕에서 생성되는 가시광선 및 자외선에 의해 인체에 악영향이 미치므로 장기간 노출되면 위험한 상황에 이를 수도 있다.

## [0003]

Thus, conventionally, a beach umbrella was installed and used to block the sun and create a shade, but this is not only inconvenient to carry because its bulky and the structure is made of iron, but also allows the user to always keep a beach umbrella in the car. can't

-------------------------------------------------------------------------------------------------------

그리하여, 종래에 햇볕을 차단하며 그늘을 만들기 위하여 비치 파라솔을 설치하여 사용하였으나, 이는 그 부피가 크고 구조물이 철재로 형성되어 휴대가 불편할 뿐만 아니라 사용자가 항상 자동차에 비치 파라솔을 비치(備置)하고 다닐 수도 없다.

## [0004]

In order to overcome this problem, recently, a portable awning that can block sunlight and create a shade has been disclosed in Public Room No. 1990- 0000799, Public Room No. 1998- 060140, and the like.

-------------------------------------------------------------------------------------------------------

이와 같은 문제점을 극복하기 위하여, 최근에 햇볕을 차단하여 그늘을 만들수 있는 휴대용 차양막으로 공개실용 제1990- 0000799호, 공개실용 제1998- 060140 등에 개시된 바 있다.

## [0005]

However, the disclosed Public Room No. 1990- 0000799 is a method of inserting and installing a post along the insert hole formed on the edge of the semi- circular awning for easy portability, and then tying a string around the top of the post in the front and rear and driving the stakes to fix it. Although a portable awning is provided, the awning must use a translucent or opaque fabric to create a shade by blocking the sunlight. Occurs.

-------------------------------------------------------------------------------------------------------

그러나, 상기 개시된 공개실용 제1990- 0000799호는 휴대가 간편하도록 반원형상의 차양막의 테두리에 형성된 삽지공을 따라 지주를 삽입하여 설치한 후, 지주의 상단을 중심으로 전후방에 줄을 묶어 말뚝을 박아 고정하는 방식의 휴대용 차양막을 제공하고 있으나, 상기 차양막은 햇볕을 가려 그늘을 만들기 위해서는 반투명 또는 불투명의 원단을 사용해야만 하는데, 그렇게 되면 전후방에 불어오는 바람에 저항하게 되어 차양막이 쓰러지거나 날라가는 등의 불상사가 발생한다.

## [0006]

In addition, when the sun rises in the middle of the sky, since light is illuminated in the vertical direction of the holding, there is no shade or even if there is a shade, it cannot guarantee enough shade to protect the user from the sun, and it is exposed to direct sunlight in the middle of the day. .

----------------------------------------------------------------------------------------------------

또한, 상기 차양막은 해가 중천에 떴을 경우, 지주의 수직 방향으로 빛이 비추어지므로 그늘이 생기지 않거나 생긴다 하더라도 햇볕으로부터 사용자를 보호할 만큼의 그늘을 보장할 수가 없으며, 한낮의 뜨거운 직사광선에 그대로 노출된다.

## [0007]

Next, the disclosed No. 1998- 060140 for public use is to incline the sun- blocking paper from the ground to not only block the sun but also to act as a wind- shield, and a pole to fit into the upper and lower holes of the semi- arc shape formed around the shield and It is described that it is easy to carry and assemble and disassemble as it has a simple configuration with a vertical pole that stands upright.

----------------------------------------------------------------------------------------------------

다음, 상기 개시된 공개실용 제1998- 060140호는 햇볕을 가리는 막지를 지면으로부터 경사지게 하여 햇볕차단은 물론 바람막이의 구실도 할 수 있도록 하고, 상기 막지의 둘레에 형성한 반호형의 상하부 홀에끼우는 폴과 똑바로 세우는 수직폴로 되는 간편한 구성으로 하여 휴대와 조립분해가 용이하다고 기술되어 있다.

## [0008]

However, in terms of size or material, it is true that it is small in size for 1 to 3 people and that small poles and fabric are used, so it is small in volume and easy to carry. Connecting the ring formed at the end with the ring formed on the pallet, connecting another pole one by one to the fitting hole formed on the piece of paper on a part of the membrane, and tying the middle part of the pole with the connecting string formed inside the membrane, etc. There is a disadvantage that it takes a long time to install, such as disassembly and assembly, because the work cost is high.

----------------------------------------------------------------------------------------------------

그러나, 크기나 재료상으로 보면 1~3인용으로 크기가 작고 그만큼 작은 폴과 원단을 사용하므

28-11 2021     3

로 그만큼 부피가 작아 휴대가 용이한 것은 사실이나, 상기 막지의 양단에 각각의 폴을 끼우고, 그 폴의 끝단에 형성된 고리와 깔판지에 형성된 고리를 연결하고, 막지의 일부분에 지물편에 형성된 끼움공에 또 다른 폴을 일일이 연결하고, 막지 내측에 형성된 연결끈으로 그 폴의 중간 부분을 또 묶어야 하는 등의 작업 코스트가 많아 분해조립 등의 설치하는 시간이 오래 걸리는 단점이 있다.

[0009]

In addition, no matter where you look in the technology, the portable awning is not fixed to the ground, and it can be supported because the user sits on a pallet. have.

-----------------------------------------------------------------------------------------------------------------

또한, 상기 기술에서 어느 부분을 찾아봐도 상기 휴대용 차양막이 지면에 고정되어 있지 않으며, 사용자가 깔판지에 앉으므로 지지할 수는 있으나 자리를 비운 사이에 바람이 조금만 강하게 불어도 나라가 버리는 등의 분실되는 문제점이 있다.

[]

In order to overcome the above problems, the present invention is configured not to resist the blowing wind so that there is no fear of loss such as being blown away by the wind, and it always provides shade during the period when the sun is rising from morning to evening to protect it from the scorching sun. An object of the present invention is to provide a portable awning that can protect users and has a simple structure that can be easily and conveniently installed and disassembled.

-----------------------------------------------------------------------------------------------------------------

본 발명은 상기한 문제점을 극복하기 위하여, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 휴대용 차양막을 제공하는데 목적이 있다.

In order to achieve the above object, the present invention includes a pole for a tant having fitting protrusions protruding from both ends and bent in a '∩' shape; A part of one edge is folded and sewn so as to wrap around the circumference of the pole with a triangular curtain, and at the same time forming a sewing hole at both ends through which the pole can enter and exit, it is coupled to the pole and spreads in the horizontal direction. And the formed chayangmak; a fabric piece having a fitting ring formed on one side and attached to the other side around the sewing hole to fix the fitting protrusion; a locking part formed by cutting a portion to expose the pole to

the central part of the sewing part or further comprising a fitting ring in a curtain adjacent to the central part of the sewing part; In the portable shading membrane, characterized in that the shading membrane is supported by hooking means formed at both ends around the connecting body with a stake on the other side, the shading membrane is the corner line of the other two edges except for the sewing part. It provides a portable awning membrane, characterized in that forming a mesh portion of a certain size accordingly. Here, a first coupling member formed along the corner lines of the two edges of the awning; a pole installed to be spaced apart from the pole; It is provided on this pole and characterized in that the mesh veil formed with a second coupling part having a shape corresponding to the first coupling part of the awning membrane is combined with the first coupling part and the second coupling part to form a tunnel- shaped shading membrane. In addition, having a protrusion cap having a ring formed on one side of the outer circumferential surface in a cylindrical shape, inserting the rings to the fitting protrusions formed at both ends of the pole so that they face each other, and connecting the rings to each other with a connecting ring provided with an elastic cord to install characterized. And, spread the mat provided with a fitting ring at the end of each corner, it characterized in that it is installed by fitting the fitting projections of the poles, respectively.

---

본 발명은 상기한 목적을 달성하기 위하여, 양단부에 끼움돌기가 돌출 형성되고, 'ㄇ'자 형상으로 휘어지는 탠트용 폴대와; 삼각형상의 장막으로 상기 폴대의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부를 형성함과 동시에 양쪽 끝 부분에 폴대가 출입할 수 있는 재봉홀을 형성함으로 상기 폴대에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막과; 끼움링이 일측에 형성되고 타측에 상기 재봉홀의 둘레에 부착하여 상기 끼움돌기를 고정하는 직물편과; 상기 재봉부의 중앙 부분에 상기 폴대가 노출되도록 일 부분을 절개하거나 또는 재봉부의 중앙 부분에 인접하는 장막에 끼움링을 더 구비하여 형성된 걸림부; 상기 걸림부에 걸쇠를 걸고 다른 한쪽에 말뚝이 연결체를 중심으로 양단부에 형성된 걸이수단으로 상기 차양막을 지지하는 것을 특징으로 하는 휴대용 차양막에 있어서, 상기 차양막은 재봉부를 재외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부를 형성하는 것을 특징으로 하는 휴대용 차양막을 제공한다. 여기서, 상기 차양막의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재와; 상기 폴대와 이격되어 설치되는 폴대와; 이 폴대에 구비되며 상기 차양막의 제 1결합부와 대응되는 모양의 제 2결합부가 형성된 망사장막이 상기 제 1결합부와 제 2결합부가 결합하여 터널형상의 차양막을 형성하는 것을 특징으로 한다. 또한, 원통형상으로 외주면 일측에 고리가 형성된 돌기캡을 구비하고 상기 폴대의 양단부에 형성된 끼움돌기에 고리가 서로 마주보도록 끼우고, 그 고리에 탄성줄이 구비된 연결고리로 서로 연결하여 설치하는 것을 특징으로 한다. 그리고, 각각의 모서리 단부에 끼움링이 구비된 돗자리를 펴고, 그 위에 상기 폴대의 끼움돌기를 각각 끼워 설치하는 것을 특징으로 한다.

By providing the present invention of the above configuration, it is configured not to resist the blowing wind, so there is no fear of being lost, such as being blown away by the wind, and it always provides shade from the stinging sunlight during the

28-11-2021    5

period from morning to evening when the sun is rising. It can protect the user and has the effect of being able to install and disassemble easily and conveniently because of the simple structure.

--------------------------------------------------------------------------------------------------------------------

상기와 같은 구성의 본 발명을 제공함으로써, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 효과가 있다.

## [0016]

Figure 1 is an installation state diagram of a portable awning membrane according to the present invention Figure 2 is a side sectional view of an installation state of a portable awning membrane according to the present invention 3 is a state diagram showing a first embodiment according to the present invention Figure 4 is a second according to the present invention 5 is a state diagram showing a third embodiment according to the present invention

--------------------------------------------------------------------------------------------------------------------

도 1은 본 발명에 따른 휴대용 차양막의 설치상태도도 2는 본 발명에 따른 휴대용 차양막의 설치상태 측단면도도 3은 본 발명에 따른 제 1실시예를 도시한 상태도도 4는 본 발명에 따른 제 2실시예를 도시한 상태도도 5는 본 발명에 따른 제 3실시예를 도시한 상태도

## [0017]

Hereinafter, the portable awning membrane according to the present invention will be able to understand its characteristics by the embodiments described in detail below with reference to the accompanying drawings.

--------------------------------------------------------------------------------------------------------------------

이하, 본 발명에 따른 휴대용 차양막은 첨부한 도면들을 참고로 하여 이하 상세히 기술되는 실시 예에 의하여 그 특징들을 이해할 수 있을 것이다.

## [0018]

1 to 2, the present invention is a pole 100 for a tant, the fitting projections 110 are protrudingly formed at both ends, and are bent in a '∩' shape; A part of one edge is folded and sewn to the extent of wrapping the circumference of the pole 100 with a

triangular curtain to form a sewing part 210, and at the same time, a sewing hole 212 through which the pole 100 can enter and exit at both ends. By forming a awning film 200 formed to be coupled to the pole 100 and spread in the horizontal direction; a fabric piece 220 having a fitting ring 2 formed on one side and attached to the periphery of the sewing hole 212 on the other side to fix the fitting protrusion 110; A locking part ( 230) and; Hanging the clasp 310 on the clasp 230 and the stake 320 on the other side supporting the awning film 200 with catching means 300 formed at both ends around the connector 330 as a center. In the portable chayangmak ( 1), the chayangmak 200 forms a mesh portion 240 of a certain size along the corners of the remaining two edges except for the sewing part 210.

------------------------------------------------------------------------------------------------------------------

도 1 내지 도 2에 의하면, 본 발명은 양단부에 끼움돌기(110)가 돌출 형성되고, '∩'자 형상으로 휘어지는 탠트용 폴대(100)와; 삼각형상의 장막으로 상기 폴대(100)의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부(210)를 형성함과 동시에 양쪽 끝 부분에 폴대(100)가 출입할 수 있는 재봉홀(212)을 형성함으로 상기 폴대(100)에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막(200)과; 끼움링(2)이 일측에 형성되고 타측에 상기 재봉홀(212)의 둘레에 부착하여 상기 끼움돌기(110)를 고정하는 직물편(220)과; 상기 재봉부(210)의 중앙 부분에 상기 폴대(100)가 노출되도록 일 부분을 절개하거나 또는 재봉부(210)의 중앙 부분에 인접하는 장막에 끼움링(2)을 더 구비하여 형성된 걸림부(230)와; 상기 걸림부(230)에 걸쇠(310)를 걸고 다른 한쪽에 말뚝(320)이 연결체(330)를 중심으로 양단부에 형성된 걸이수단(300)으로 상기 차양막(200)을 지지하는 것을 특징으로 하는 휴대용 차양막(1)에 있어서, 상기 차양막(200)은 재봉부(210)를 제외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부(240)를 형성한다.

## [0019]

At this time, the mesh unit 240 is a result obtained through a long- term experiment, and as a result of a long- term experiment, the shading membrane 200 sounds like a fluttering sound from a flag swaying in the wind ( that is, noise generated as the curtain oscillates by the airflow flowing along the unfolded fabric) ), so that the air flowing through the awning 200 passes through the mesh portion 240 so as to minimize noise such as the awning, it is not shaken by the wind at the edge of the awning 200 .

------------------------------------------------------------------------------------------------------------------

이때, 상기 망사부(240)는 장기간의 실험을 통하여 얻은 결과로 상기 차양막(200)이 바람에 흔들리는 깃발에서 펄럭이는 소리( 즉, 펼쳐진 직물을 따라 흐르는 기류에 의해 장막이 요동치며 발생하는 잡음)와 같은 소음을 최소화할 수 있도록 상기 차양막(200)에 흐르는 공기가 망사부(240)를 통과함으로 차양막(200)의 가장자리의 바람에 흔들리지 않는다.

## [0020]

With the same structure as above, in a place where the ground (2) is made of soil or sand on the beach or riverside, the direction receiving the sea breeze is installed in the front to create a resting space where users can enjoy camping or fishing and avoid the scorching sun. However, when the pole 100 for the tant is avoided, and the pole 100 is pushed into the sewing hole 210 of the awning 200 to reach the opposite sewing hole 210, the pole 100 is inserted into the awning 200. And the pole 100 is bent in a semicircular shape.

-----------------------------------------------------------------------------------------------

상기와 같은 구조로 바닷가 또는 강가에 지면(2)이 흙이나 모래로 된 장소에서 사용자가 야영 또는 낚시를 즐기며 따가운 햇볕을 피할 수 있는 휴식 공간을 만들기 위하여 해풍(海風)을 받는 방향을 정면으로 설치하되, 탠트용 폴대(100)를 피고, 차양막(200)의 재봉홀(210)에 그 폴대(100)를 밀어 넣어 반대쪽 재봉홀(210)까지 도달하게 되면 폴대(100)가 끼워진 차양막(200)과 폴대(100)가 반원형상으로 휘어진다.

## [0021]

At this time, the fitting protrusion 110 of the pole 100 is inserted into the fitting ring 3 formed on the support piece 220 provided to extend to the sewing hole 210, and the fitting protrusion 110 is placed on the ground (2).) is driven vertically to maintain the shayangmak 200 standing in a semicircular shape.

-----------------------------------------------------------------------------------------------

이때, 재봉홀(210)에 연장하여 구비된 지물편(220)에 형성한 끼움링(3)에 폴대(100)의 끼움돌기(110)를 끼우고, 그 끼움돌기(110)를 지면(2)에 수직으로 박아 상기 차양막(200)이 반원형상으로 기립(起立)상태를 유지한다.

## [0022]

Then, the hook 310 of the hooking means 300 is hung on the locking part 230 and the integral stake 320 is driven into the front 2-3 m part to make the awning 200 more solid.

-----------------------------------------------------------------------------------------------

그리고, 상기 걸이수단(300)의 걸쇠(310)를 걸림부(230)에 걸고 전방 2 ~ 3 m 부분에 일체로 된 말뚝(320)을 박아 차양막(200)을 더욱더 견고하게 한다.

## [0023]

You can rest comfortably and avoid the sun by laying a mat (600) in the space under the awning (200) blowing in the wind.

-----------------------------------------------------------------------------------------------------

맘 바람에 휘날리는 차양막(200) 밑에 공간에 돗자리(600) 등을 깔아 편안하게 휴식을 취하며, 햇볕을 피할 수 있다.

## [0024]

Here, the support piece 220 is used by cutting a predetermined length of about 100 to 150 mm from fabric paper such as a bag string, and is a conventional fitting ring (3), and the opposite part is attached by sewing or bonding to one part of the circumferential surface of the sewing hole 212 .

-----------------------------------------------------------------------------------------------------

여기서, 상기 지물편(220)은 가방 끈과 같은 직물지로 약 100 ~ 150 mm 정도 소정 길이 만큼 잘라 사용하는 것으로, 한쪽 부분에 서로 결합되는 두 개의 링을 압착하여 타공함으로써 형성되는 통상의 끼움링(3)을 구비하고, 반대쪽 부분은 상기 재봉홀(212)의 둘레면 중 일 부분에 재봉하거나 접착하여 부착한다.

## [0025]

In addition, preferably, the fitting protrusion 110 and the fitting groove 110a corresponding to the fitting protrusion 110 are formed so as to prevent damage to the fitting protrusion 110 passing through the fitting ring 3 and to be more firmly fixed to the ground. (320) is further provided to make it stronger by driving it longer on the ground.

-----------------------------------------------------------------------------------------------------

또한, 바람직하게는 상기 끼움링(3)을 통과한 끼움돌기(110)의 파손을 막으며 더욱더 견고하게 지면에 고정할 수 있도록 상기 끼움돌기(110)와 대응되는 끼움홈(110a)이 형성된 말뚝(320)을 더 구비하여 지면에 더욱 깁게 박아 견고하게 한다.

## [0026]

According to FIG. 3, as a first embodiment according to the present invention, a first

coupling member 201 formed along the corner lines of the two edges of the awning film 200 and; Another pole 100' which is installed to be spaced apart from the pole 100; The mesh curtain 400 provided on the pole 100 ' and having a second coupling part 401 having a shape corresponding to the first coupling part 201 of the awning 200 is the first coupling part 201 . And the second coupling portion 401 is combined to form a tunnel- shaped portable shading membrane ( 1 ) .

---

도 3에 의하면, 본 발명에 따른 제1실시예로써, 상기 차양막(200)의 두 가장자리의 모서리 선을 따라 형성된 제1결합부재(201)와; 상기 폴대(100)와 이격되어 설치되는 또 다른 폴대(100')와; 이 폴대(100')에 구비되며 상기 차양막(200)의 제1결합부(201)와 대응되는 모양의 제2결합부(401)가 형성된 망사장막(400)이 상기 제1결합부(201)와 제2결합부(401)가 결합하여 터널형상의 휴대용 차양막(1)을 형성한다.

## [0027]

Here, the mesh curtain 400 is coupled to correspond to the shade curtain 200, and when wind flows into and out of the shade curtain, the wind passes through the mesh curtain 400 and the shadow formed by the shade curtain 200. In addition, the wind smoothly passes, providing the user with coolness by the wind.

---

여기서, 상기 망사장막(400)은 상기 차양막(200)과 대응하여 결합되며, 상기 차양막의 내외부로 바람이 흐르면 상기 망사장막(400)을 통해 바람이 통과되어 상기 차양막(200)에 의해 형성되는 그림자 이외에도 바람이 원활하게 통과되어 사용자에게 바람에 의해 시원함을 제공한다.

## [0028]

In this case, the first coupling part 201 and the second coupling part 401 are used as coupling members such as Velcro fasteners or zippers corresponding to each other, and are combined or disassembled according to the user's taste.

---

이때, 상기 제1결합부(201)와 제2결합부(401)는 상호 대응되는 밸크로파스너 또는 지퍼 등의 결합부재로 사용하여, 사용자의 취향에 따라 결합 또는 분해하여 사용한다.

## [0029]

According to FIG. 4, as a second embodiment according to the present invention, a protrusion cap 500 having a ring 510 formed on one side of the outer circumferential surface in a cylindrical shape is provided, and fitting protrusions 110 formed at both ends of the poles 100 and 100'. The rings 510 are inserted to face each other, and the rings 510 are connected to each other with a connecting ring 520 provided with an elastic string and installed.

---

도 4에 의하면, 본 발명에 따른 제 2실시예로써, 원통형상으로 외주면 일측에 고리(510)가 형성된 돌기캡(500)을 구비하고 상기 폴대(100,100')의 양단부에 형성된 끼움돌기(110)에 고리(510)가 서로 마주보도록 끼우고, 그 고리(510)에 탄성줄이 구비된 연결고리(520)로 서로 연결하여 설치한다.

## [0030]

Here, the protrusion cap 500 can be installed on a gravel floor or a concrete floor 4, and the shape of the portable awning membrane 1 can be maintained by connecting the mutual rings 510 with the connecting rings 520. .

---

여기서, 상기 돌기캡(500)은 자갈바닥 또는 콘크리트(4) 바닥에 설치가 가능하며, 상호 고리(510)를 연결고리(520)로 이어주어 상기 휴대용 차양막(1)의 형상을 그대로 유지할 수 있다.

## [0031]

According to FIG. 5, as a third embodiment according to the present invention, a mat 600 provided with a fitting ring 3 at each edge end is spread out, and the fitting protrusion 110 of the poles 100 and 100' is formed thereon. It is characterized in that it is installed in each fitting ring (3).

---

도 5에 의하면, 본 발명에 따른 제 3실시예로써, 각각의 모서리 단부에 끼움링(3)이 구비된 돗자리(600)를 펴고, 그 위에 상기 폴대(100,100')의 끼움돌기(110)를 각각 끼움링(3)에 끼워 설치하는 것을 특징으로 한다.

## [0032]

This provides a space where the user can comfortably rest in the interior of the

awning screen 200 in using the portable awning membrane 1, and the ground (2) such as a sandy or earthen floor, a gravel floor, a concrete floor (4) It can be installed immediately, regardless of any place, and the shape of the portable awning (1) can be maintained by the mat (600).

---------------------------------------------------------------------------------------------------

이는 상기 휴대용 차양막(1)을 사용하는데 있어서, 사용자가 차양막(200)의 내부에서 편안하게 쉴 수 있는 공간을 마련하며 모래바닥이나 흙바닥 등의 지면(2), 자갈바닥, 콘크리트바닥(4) 등 어느 장소든 상관없이 바로 설치가 가능하며 돗자리(600)에 의해 상기 휴대용 차양막(1)의 형상을 그대로 유지할 수 있다.

[0033]

Finally, the awning film 200 is applied by layering a waterproof paint and UV-blocking paint on the windproof fabric, preferably by applying a waterproof paint to the inner skin surface of the windproof fabric used as the awning film 200 to make a waterproof coating, UV- coating by applying UV- blocking paint to the outer surface of the skin, use fabrics that are generally used.

---------------------------------------------------------------------------------------------------

마지막으로, 상기 차양막(200)은 방풍원단에 방수 도료와 자외선 차단 도료를 점층하여 도포하는데 있어서, 바람직하게는 차양막(200)으로 사용하는 방풍원단의 내피면에 방수 도료를 도포하여 방수코팅하고, 외피면에 자외선 차단 도료를 도포하여 UV코팅하여 일반적으로 사용하는 원단을 사용한다.

[0034]

Above, the present invention is simple and anyone can easily install or disassemble with a minimal structure that can install the portable awning (1) using natural wind, and a rest space that can protect the user from sunlight from morning to evening can provide

---------------------------------------------------------------------------------------------------

이상, 본 발명은 자연 바람을 이용하여 휴대용 차양막(1)을 설치할 수 있는 최소한의 구조물만으로 간편하고 누구나 쉽게 설치 또는 해체할 수 있으며, 아침부터 저녁까지 내리쬐는 햇볕으로부터 사용자를 보호할 수 있는 휴식 공간을 제공할 수 있다.

[0035]

500 1:Portable awning 100: pole 200: awning 300: hanging means 500: protrusion cap 600: mat

----------------------------------------------------------------------------------------------------------

503 1:휴대용 차양막 100:폴대 200:차양막 300:걸이수단 500:돌기캡 600:돗자리

|  | **Complete if Known** |  |
| --- | --- | --- |
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Application Number | 17/343,107 |
|  | Filing Date | June 9, 2021 |
|  | First Named Inventor | Dane Brooks Barnes |
|  | Art Unit | 3636 |
|  | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C4 (0013.8)** |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
| --- | --- | --- | --- | --- | --- |
|  | 39 | US-3,052,249 | 09-04-1962 | Seaman *et al.* |  |
|  |  |  |  |  |  |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
| --- | --- | --- | --- | --- | --- | --- |
|  |  |  |  |  |  |  |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
| --- | --- | --- | --- |
|  |  |  |  |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 11/23/2021 |
| --- | --- | --- | --- |

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON NOVEMBER 18, 2021*

WBD (US) 54797381v1

Case 5:24-cv-00588-FL     Document 28-7     Filed 03/23/26     Page 203 of 253

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

# PE2E SEARCH - Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | British Equivalents | Time Stamp |
|---|---|---|---|---|---|---|---|
| L198 | 5273 | arch AND curtain | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/11/17 02:46 PM |
| L199 | 157 | archway AND curtain | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/11/17 02:46 PM |
| L200 | 8 | ("4825611" | "5044418" | "5063985" | "5205337" | "5219407" | "5407162").pn. OR ("5678704").urpn. AND (PGPB | USPT | USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/11/17 02:59 PM |
| L201 | 2 | ((US-5678704-A).did. AND USPT.dbnm.) OR ((CA-2524310-A1).did. AND FPRS.dbnm.) | (USPAT; FPRS) | OR | ON | ON | 2021/11/23 02:38 PM |
| L202 | 2 | ((US-5678704-A).did. AND USPT.dbnm.) OR ((CA-2524310-A1).did. AND FPRS.dbnm.) | (USPAT; FPRS) | OR | ON | ON | 2021/11/23 02:38 PM |
| L203 | 1589 | (A47H1/00).cpc. OR (160/330).ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/11/23 02:39 PM |
| L204 | 481 | 160/349.1,350.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/11/23 03:20 PM |
| L205 | 481 | L204 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/11/23 03:20 PM |
| L206 | 8 | ("2186510").urpn. AND (PGPB | USPT | USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/11/23 03:57 PM |
| L207 | 8 | ("4825611" | "5044418" | "5063985" | "5205337" | "5219407" | "5407162").pn. OR ("5678704").urpn. AND (PGPB | USPT | USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/11/23 04:01 PM |
| L208 | 134 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/11/23 04:12 PM |

# PE2E SEARCH - Search History (Interference)

There are no Interference searches to show.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>17/343,107 | Filing Date<br>06/09/2021 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE   ☑ SMALL   ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | x $50 = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | x $240 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

**AMENDMENT**

| 12/22/2021 | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| Total<br>(37 CFR 1.16(i)) | * 21 | Minus | ** 20 | = 1 | x $50 = | 50 |
| Independent<br>(37 CFR 1.16(h)) | * 4 | Minus | *** 3 | = 1 | x $240 = | 240 |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | TOTAL ADD'L FEE | 290 |

**AMENDMENT**

| | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| Total<br>(37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| Independent<br>(37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

SLIE

/FELICIA R FARMER/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1078 |
| Appl. No.: | 17/343,107 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:    S105508 1010US.C4 (0013.8)
Customer No.:    26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### AMENDMENT UNDER 37 C.F.R. § 1.116

Sir:

In response to the final Office Action dated December 2, 2021, please amend the application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 7 of this paper.

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 206 of 253

Amendments to the Claims:

1. – 20.        (Canceled)

21.      (Currently Amended)  A system for providing shade onto a surface, the system comprising:

a frame engageable with the surface and comprising a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned from a first end to a second end;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the first frame and at least partially aerially supportable by wind in a first configuration for providing shade to the surface;

a cord coupleable to one or both of the frame and the canopy;

an anchor being coupleable to the cord so that the frame remains in the supporting configuration; and

a container capable of both transporting all of the components of the system and acting as the anchor~~at least one fastener engaged with, coupled to, or defined by one or both of the canopy and the frame, wherein the fastener is positioned substantially at a center of one or both of the frame and the canopy in the supporting configuration, the cord being coupleable to the at least one fastener to selectively engage with or secure the cord to one or both of the canopy and the frame~~.

22.      (Previously Presented)  The system of claim 21, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

WBD (US) 54930483v1

23.     (Previously Presented)  The system of claim 22, wherein the plurality of coupled sections are selectively engageable sections.

24.     (Previously Presented)  The system of claim 21, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

25.     (Previously Presented)  The system of claim 21, wherein the at least one aligning component comprises an intermediate section arranged between a first section and a second section of the plurality of sections.

26.     (Previously Presented)  The system of claim 21, wherein the at least one aligning component comprises a cable extending through the plurality of sections of the frame.

27.     (Previously Presented)  The system of claim 21, wherein the plurality of sections form a curved shape in the supporting configuration.

28.     (Previously Presented)  The system of claim 21, wherein at least one of the plurality of sections is arranged at a non-co-extensive angle with respect to an axis of another of the plurality of sections.

29.     (Canceled)

30.     (Previously Presented)  The system of claim 21, wherein ends of the frame are securable to a surface.

31.     (Previously Presented)  The system of claim 21, wherein the anchor houses weight.

32.    (Previously Presented)    The system of claim 21, wherein the plurality of sections form a shape other than a curved shape when in the supporting configuration.

33.    (Previously Presented)    The system of claim 21, wherein at least one of the plurality of sections comprises a female end for accepting a male end of an adjacent one of the plurality of sections.

34.    (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame that includes a plurality of sections that are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are engaged or coupled into alignment to configure the frame from a left end that is engageable with the surface to a right end that is engageable with the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being coupleable with the frame about a portion of the frame such that in the supporting configuration, the trailing end of the canopy is at least partially aerially supportable suspendable only by wind;

a container capable of both acting as an anchor and for transporting the canopy and the frame when in the compactly configured transport configuration; and

a cord selectively engageable with or secured to one or both of the canopy and the frame and engageable with or coupled to the container an anchor.

35.    (Previously Presented)    The system of claim 34, wherein the container houses weight and is the anchor, or the container and the anchor are separate components of the system.

36.    (Previously Presented)    The system of claim 34, wherein a remaining portion of the frame is housed separately from the canopy, the portion of the frame, and the cord within the container.

WBD (US) 54930483v1

37.    (Canceled)

38.    (Currently Amended) A method for manufacturing a system for providing shade onto a surface, the method comprising:

affixing at least one aligning component to one or more of a plurality of sections to form a frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned;

engaging a suspension end of a canopy about a portion of the frame, the canopy extending between the suspension end and an opposing trailing end, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the trailing end of the canopy is at least partially aerially supportablesuspendable only by wind for providing shade to the surface;

arranging the canopy and the frame in the transport configuration in a container capable of both transporting all of the components of the system and acting as an anchor.

39.    (Previously Presented) The method of claim 38, further comprising, before arranging the canopy and the frame in the transport configuration in the container, coupling a cord to at least one of the frame and the canopy.

40.    (Previously Presented)    The method of claim 39, further comprising, before arranging the canopy and the frame in the transport configuration in the container, coupling the cord to an anchor such that the anchor provides support to the frame when in the supporting configuration.

41.    (Previously Presented)    The method of claim 38, wherein the at least one aligning component is a cable, and wherein affixing the at least one aligning component comprises affixing the cable to one or more of the plurality of sections to form the frame, such that the

WBD (US) 54930483v1

plurality of sections are maneuverable between the compactly configured transport configuration and the supporting configuration where the plurality of sections are aligned.

42.    (New)  A system for providing shade onto a surface, the system comprising:

at least one frame engageable with the surface and comprising a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned from a first end to a second end;

a canopy extending between a suspension end and an opposing trailing end and engageable with the frame about a portion of the frame, wherein in the supporting configuration, the canopy is capable of being supported by the at least one frame at least at the suspension end of the canopy and wind for providing shade to the surface;

a cord coupleable to one or both of the frame and the canopy;

an anchor being coupleable to the cord so that the frame remains in the supporting configuration; and

a container capable of both transporting all of the components of the system and acting as the anchor.

43.    (New)  The system of claim 21, further comprising at least one fastener engaged with, coupled to, or defined by one or both of the canopy and the frame, wherein the fastener is positioned substantially at a center of one or both of the frame and the canopy in the supporting configuration, the cord being coupleable to the at least one fastener to selectively engage with or secure the cord to one or both of the canopy and the frame.

WBD (US) 54930483v1

**REMARKS**

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 42 and 43 are added, and claims 21, 34, and 38 are amended. As such, claims 21-28, 30-36, and 38-43 are pending following this Amendment.

Examiner Interview

Applicant thanks the Examiner for taking the time to participate in an Examiner Interview with Applicant's Representative to discuss Kang (KR 10-1315166). Distinctions between Kang and the pending claims were discussed.

Claim Amendments

Independent claims 21, 34, and 38 are amended to recite a container capable of both transporting all of the components of the system and acting as an anchor. Support for this claim language can be found in at least, for example, paragraphs [0017] and [0018] of the published application. Thus, no new matter has been added.

New claim 42 is a new independent claim. Support for this new claim is found in at least, for example, paragraphs 0017], [0018], and [0053] of the published application. Thus, no new matter has been added.

New claim 43 depends from independent claim 21 and is based on the claim language of dependent claim 37, previously canceled. Thus, no new matter has been added.

Applicant respectfully submits that no new matter is added by way of these claim amendments and the new claims.

Claim Rejections – 35 USC § 103

Claims 21, 22, 24-28, 30, 32, and 33 are rejected under 35 USC § 103 as allegedly being unpatentable over Kang (KR 10-1315166) in view of Seo (US Pub. 2003/0089390).

WBD (US) 54930483v1

As noted herein, independent claim 21 is currently amended to recite a container capable of both transporting all of the components of the system and acting as an anchor. Kang separately and in combination with Seo fails to provide any disclosure whatsoever for a container, let alone one that is capable of both transporting all of the components of the system and acting as an anchor.

Accordingly, and for at least the above reasons, independent claim 21 is not rendered obvious in view of Kang separately or in combination with Seo. Claims 22, 24-28, 30, 32, and 33 are also not rendered obvious in view of Kang separately or in combination with Seo for at least their dependency on claim 21. Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

Claims 34-36 and 38-41 are rejected under 35 USC § 103 as allegedly being unpatentable over Kang in view of Seo in view of Cook (US Pub. 2013/0074894).

Applicant respectfully submits that neither Kang nor Cook, separately or in combination, discloses a system or method for providing shade as claimed in independent claims 34 and 38. Specifically, neither Kang nor Cook separately or in combination discloses a container capable of both transporting all of the components of the system and acting as an anchor.

Accordingly, and for at least the above reasons, independent claims 34 and 38 are not rendered obvious in view of Kang separately or in combination with Cook. Claims 35, 36, 39, 40, and 41 are also not rendered obvious in view of Kang separately or in combination with Cook for at least their dependency on their respective independent claims. Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

Claims 22 and 23 are rejected under 35 USC § 103 as allegedly being unpatentable over Kang in view of Sotirkys (US 7,789,097).

Applicant has already described above the reasons why there is no teaching, suggestion, motivation for, or other rendering of predictability in Kang for the claimed subject matter. Applicant respectfully submits that there is nothing in Sotirkys that cures these deficiencies.

WBD (US) 54930483v1

Thus, Applicant respectfully requests that the rejection of the claims under 35 USC § 103 be withdrawn at this time.

Claim 31 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang and further in view of Beatty (US 3,070,107).

Applicant has already described above the reasons why there is no teaching, suggestion, motivation for, or other rendering of predictability in Kang for the claimed subject matter. Applicant respectfully submits that there is nothing in Beatty that cures these deficiencies. Thus, Applicant respectfully requests that the rejection of the claim under 35 USC § 103 be withdrawn at this time.

WBD (US) 54930483v1

Appl. No.: 17/343,107
Filed: June 9, 2021
Amdt. Dated December 22, 2021


## CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON DECEMBER 22, 2021.**

WBD (US) 54930483v1

Doc Code:  A.NE.AFCP
Document Description:  After Final Consideration Pilot Program Request

PTO/SB/434 (12-20)

## CERTIFICATION AND REQUEST FOR CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0

| Practitioner Docket No.: S105508 1010US.C4 (0013.8) | Application No.: 17/343,107 | Filing Date: June 9, 2021 |
|---|---|---|

| First Named Inventor: Dane Brooks Barnes | Title: SHADING SYSTEM AND METHOD OF USE |
|---|---|

APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0 (AFCP 2.0) OF THE ACCOMPANYING RESPONSE UNDER 37 CFR 1.116.

1. The above-identified application is (i) an original utility, plant, or design nonprovisional application filed under 35 U.S.C. 111(a) [a continuing application (*e.g.*, a continuation or divisional application) is filed under 35 U.S.C. 111(a) and is eligible under (i)], or (ii) an international application that has entered the national stage in compliance with 35 U.S.C. 371(c).

2. The above-identified application contains an outstanding final rejection.

3. Submitted herewith is a response under 37 CFR 1.116 to the outstanding final rejection. The response includes an amendment to at least one independent claim, and the amendment does not broaden the scope of the independent claim in any aspect.

4. This certification and request for consideration under AFCP 2.0 is the only AFCP 2.0 certification and request filed in response to the outstanding final rejection.

5. Applicant is willing and available to participate in any interview requested by the examiner concerning the present response.

6. This certification and request is being filed electronically using the Office's electronic filing system (EFS-Web).

7. Any fees that would be necessary consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, extension of time fees, are being concurrently filed herewith. [There is no additional fee required to request consideration under AFCP 2.0.]

8. By filing this certification and request, applicant acknowledges the following:

- Reissue applications and reexamination proceedings are not eligible to participate in AFCP 2.0.
- The examiner will verify that the AFCP 2.0 submission is compliant, *i.e.*, that the requirements of the program have been met (see items 1 to 7 above). For compliant submissions:
  - The examiner will review the response under 37 CFR 1.116 to determine if additional search and/or consideration (i) is necessitated by the amendment and (ii) could be completed within the time allotted under AFCP 2.0. If additional search and/or consideration is required but cannot be completed within the allotted time, the examiner will process the submission consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, by mailing an advisory action.
  - If the examiner determines that the amendment does not necessitate additional search and/or consideration, or if the examiner determines that additional search and/or consideration is required and could be completed within the allotted time, then the examiner will consider whether the amendment places the application in condition for allowance (after completing the additional search and/or consideration, if required). If the examiner determines that the amendment does not place the application in condition for allowance, then the examiner will contact the applicant and request an interview.
    - The interview will be conducted by the examiner, and if the examiner does not have negotiation authority, a primary examiner and/or supervisory patent examiner will also participate.
    - If the applicant declines the interview, or if the interview cannot be scheduled within ten (10) calendar days from the date that the examiner first contacts the applicant, then the examiner will proceed consistent with current practice concerning responses after final rejection under 37 CFR 1.116.

| Signature /lauren f. anderson/ | Date December 22, 2021 | Practitioner Registration No. 69,344 |
|---|---|---|
| Name (Print/Typed) Lauren F. Anderson | Telephone Number (919) 755-2100 | |

***Note***: *This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below\*.*

☐ \* Total of _____ forms are submitted.

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 17343107 |
| **Filing Date:** | 09-Jun-2021 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Attorney Docket Number:** | S105508 1010US.C4 (0013.8 |

Filed as Small Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| CLAIMS IN EXCESS OF 20 | 2202 | 1 | 50 | 50 |
| INDEPENDENT CLAIMS IN EXCESS OF 3 | 2201 | 1 | 240 | 240 |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **290** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 44592244 |
| **Application Number:** | 17343107 |
| **International Application Number:** | |
| **Confirmation Number:** | 1078 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C4 (0013.8 |
| **Receipt Date:** | 22-DEC-2021 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 16:37:58 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $290 |
| RAM confirmation Number | E2021BLG38220413 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

# File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | S105508_1010US_C4_0013_8_ Amendment_after_12-2-2021_ FOA.pdf | 117582 3a99bbb3efcf07a4ecbca12b4b886683178 e0878 | yes | 10 |

| | Multipart Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | Document Description | | Start | | End |
| | Response After Final Action | | 1 | | 1 |
| | Claims | | 2 | | 6 |
| | Applicant Arguments/Remarks Made in an Amendment | | 7 | | 10 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | After Final Consideration Program Request | S105508_1010US_C4_0013_8_ AFCP_2_0.pdf | 223739 8a20bb21d2249b0b90575951d1deb2bf73 5a99bd | no | 2 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 3 | Fee Worksheet (SB06) | fee-info.pdf | 40162 effb3ea6616c9876a9ee238b91be2aa26c70 dabb | no | 2 |

**Warnings:**

**Information:**

| | | Total Files Size (in bytes): | 381483 |
|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

By mail, send to:     Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

By fax, send to:     (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

| | | |
|---|---|---|
| 26158 | 7590 | 01/12/2022 |

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

| | |
|---|---|
| Shari Elofson | (Typed or printed name) |
| /shari elofson/ | (Signature) |
| Filed Via EFS-Web January 12, 2022 | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,107 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C4 (0013.8 | 1078 |

TITLE OF INVENTION: SHADING SYSTEM AND METHOD OF USE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $600 | $0.00 | $0.00 | $600 | 04/12/2022 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HAWK, NOAH CHANDLER | 3636 | 135-128000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/AIA/122 or PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/AIA/47 or PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

Womble Bond Dickinson (US) LLP
1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

Shibumi Shade, Inc.

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Raleigh, North Carolina

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☒ Corporation or other private group entity ☐ Government

4a. Fees submitted: ☒ Issue Fee   ☐ Publication Fee (if required)   ☐ Advance Order - # of Copies _____

4b. Method of Payment: (*Please first reapply any previously paid fee shown above*)

☒ Electronic Payment via EFS-Web    ☐ Enclosed check    ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. 09-0528

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

| Authorized Signature | /lauren f. anderson/ | Date | January 12, 2022 |
|---|---|---|---|
| Typed or printed name | Lauren F. Anderson | Registration No. | 69,344 |

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 223 of 253

PTOL-85 Part B (08-18) Approved for use through 01/31/2020     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

# Electronic Patent Application Fee Transmittal

| Application Number: | 17343107 |
|---|---|
| Filing Date: | 09-Jun-2021 |
| Title of Invention: | SHADING SYSTEM AND METHOD OF USE |
| First Named Inventor/Applicant Name: | Dane Brooks Barnes |
| Filer: | Lauren F Anderson/Shari Elofson |
| Attorney Docket Number: | S105508 1010US.C4 (0013.8 |

Filed as Small Entity

**Filing Fees for Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| UTILITY APPL ISSUE FEE | 2501 | 1 | 600 | 600 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension-of-Time: | | | | |
| Miscellaneous: | | | | |
| | | **Total in USD ($)** | | **600** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 44725872 |
| **Application Number:** | 17343107 |
| **International Application Number:** | |
| **Confirmation Number:** | 1078 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C4 (0013.8 |
| **Receipt Date:** | 12-JAN-2022 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 12:05:22 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $600 |
| RAM confirmation Number | E20221BC05471801 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | S105508_1010US_C4_0013_8_Issue_Fee.pdf | 638059<br>bfc0f2533b97f45f3c670f3d4e2c5db2a1b97a35 | no | 1 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 37971<br>c2beb2e2b9a2cc1b6423a15fe835960afb2adeac | no | 2 |

**Warnings:**

**Information:**

| | Total Files Size (in bytes): | 676030 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | |
|---|---|---|
| 26158 | 7590 | 01/12/2022 |

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

DATE MAILED: 01/12/2022

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,107 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C4 (0013.8 | 1078 |

TITLE OF INVENTION: SHADING SYSTEM AND METHOD OF USE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $600 | $0.00 | $0.00 | $600 | 04/12/2022 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

PTOL-85 (Rev. 02/11)

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

By mail, send to:   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

By fax, send to:   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

26158          7590          01/12/2022
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

|  | (Typed or printed name) |
|---|---|
|  | (Signature) |
|  | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,107 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C4 (0013.8 | 1078 |

TITLE OF INVENTION: SHADING SYSTEM AND METHOD OF USE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $600 | $0.00 | $0.00 | $600 | 04/12/2022 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HAWK, NOAH CHANDLER | 3636 | 135-128000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

❏ Change of correspondence address (or Change of Correspondence Address form PTO/AIA/122 or PTO/SB/122) attached.

❏ "Fee Address" indication (or "Fee Address" Indication form PTO/AIA/47 or PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ❏ Individual ❏ Corporation or other private group entity ❏ Government

4a. Fees submitted:   ❏ Issue Fee   ❏ Publication Fee (if required)   ❏ Advance Order - # of Copies _____

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

❏ Electronic Payment via EFS-Web       ❏ Enclosed check       ❏ Non-electronic payment by credit card (Attach form PTO-2038)

❏ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

5. **Change in Entity Status** (from status indicated above)

❏ Applicant certifying micro entity status. See 37 CFR 1.29

❏ Applicant asserting small entity status. See 37 CFR 1.27

❏ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____          Date _____

Typed or printed name _____          Registration No. _____

PTOL-85 Part B (08-18) Approved for use through 01/31/2020          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,107 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C4 (0013.8 | 1078 |

| | | | EXAMINER |
|---|---|---|---|
| 26158 | 7590 | 01/12/2022 | HAWK, NOAH CHANDLER |

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

DATE MAILED: 01/12/2022

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

# OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 231 of 253

| | | Application No. | Applicant(s) |
|---|---|---|---|
| *Notice of Allowability* | | 17/343,107 | Barnes et al. |
| | | **Examiner** | **Art Unit** | **AIA (FITF) Status** |
| | | NOAH C HAWK | 3636 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to 12/22/2021.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are See Continuation Sheet . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

    a) ☐ All    b) ☐ Some*    c) ☐ None of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____ .

3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____ .

4. ☐ Interview Summary (PTO-413), Paper No./Mail Date. _____ .

5. ☐ Examiner's Amendment/Comment

6. ☐ Examiner's Statement of Reasons for Allowance

7. ☑ Other See Continuation Sheet.

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

Continuation of 3. The allowed claim(s) is/are: 21-28,30-36 and 38-43

Continuation of Attachment(s) 7. Other: PTO-2323 After-Final Consideration Pilot Paper No. 20220103

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Allowable Subject Matter*

2.      Claims 21-28, 30-36, and 38-43 are allowed.

3.      The following is an examiner's statement of reasons for allowance: the prior art made of record has failed to suggest, either singly or in combination, a novel shade system including a frame made of aligned sections and engaged with the ground, a canopy suspended from one end by the frame and lifted by the force of wind, a cord coupleable to an anchor and a container acting both as the anchor and a bag for carrying the components of the system.

4.      The prior art generally teaches a similar wind-suspended canopy (see KR 101315166) but fails to teach an anchor/carrying bag combination.

5.      Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

### *Conclusion*

6.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| Issue Classification | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,107 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| CPC | | | | | |
|---|---|---|---|---|---|
| **Symbol** | | | | **Type** | **Version** |
| E04H | / 15 | / 003 | | F | 2013-01-01 |
| E04H | / 15 | / 44 | | I | 2013-01-01 |
| E04H | / 15 | / 36 | | I | 2013-01-01 |
| E04H | / 15 | / 30 | | I | 2013-01-01 |
| E04H | / 15 | / 32 | | I | 2013-01-01 |

| CPC Combination Sets | | | | | | |
|---|---|---|---|---|---|---|
| **Symbol** | | | **Type** | **Set** | **Ranking** | **Version** |
| | / | / | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 21 | |
| /Noah Chandler Hawk/ Primary Examiner, Art Unit 3636 | 06 January 2022 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 17 | 1, 5, 6 |

U.S. Patent and Trademark Office     Part of Paper No.: 20220103

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,107 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

**INTERNATIONAL CLASSIFICATION**

**CLAIMED**

| E04H | / | 15 | / | 00 |
|---|---|---|---|---|

**NON-CLAIMED**

| | / | | / | |
|---|---|---|---|---|

**US ORIGINAL CLASSIFICATION**

| CLASS | SUBCLASS |
|---|---|
| | |

**CROSS REFERENCES(S)**

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 21 | |
| /Noah Chandler Hawk/<br>Primary Examiner, Art Unit 3636 | 06 January 2022 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 17 | 1, 5, 6 |

U.S. Patent and Trademark Office

Part of Paper No.: 20220103

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| ***Issue Classification*** | 17/343,107 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

**CLAIMS**

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 21 | 10 | 31 | 20 | 41 | | | | | | | | | | |
| 2 | 22 | 11 | 32 | 21 | 42 | | | | | | | | | | |
| 3 | 23 | 12 | 33 | 13 | 43 | | | | | | | | | | |
| 4 | 24 | 14 | 34 | | | | | | | | | | | | |
| 5 | 25 | 15 | 35 | | | | | | | | | | | | |
| 6 | 26 | 16 | 36 | | | | | | | | | | | | |
| 7 | 27 | 17 | 38 | | | | | | | | | | | | |
| 8 | 28 | 18 | 39 | | | | | | | | | | | | |
| 9 | 30 | 19 | 40 | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 21 | |
| /Noah Chandler Hawk/<br>Primary Examiner, Art Unit 3636 | 06 January 2022 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 17 | 1, 5, 6 |

U.S. Patent and Trademark Office        Part of Paper No.: 20220103

# Index of Claims

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| *Index of Claims* | 17/343,107 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| ✓ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

| CLAIMS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | | ☐ R.1.47 | |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | 11/24/2021 | 01/06/2022 | | | | | |
| | 1 | - | - | ✓ | | | | | |
| | 2 | - | - | ✓ | | | | | |
| | 3 | - | - | ✓ | | | | | |
| | 4 | - | - | ✓ | | | | | |
| | 5 | - | - | ✓ | | | | | |
| | 6 | - | - | ✓ | | | | | |
| | 7 | - | - | ✓ | | | | | |
| | 8 | - | - | ✓ | | | | | |
| | 9 | - | - | ✓ | | | | | |
| | 10 | - | - | ✓ | | | | | |
| | 11 | - | - | ✓ | | | | | |
| | 12 | - | - | ✓ | | | | | |
| | 13 | - | - | ✓ | | | | | |
| | 14 | - | - | ✓ | | | | | |
| | 15 | - | - | ✓ | | | | | |
| | 16 | - | - | ✓ | | | | | |
| | 17 | - | - | ✓ | | | | | |
| | 18 | - | - | ✓ | | | | | |
| | 19 | - | - | ✓ | | | | | |
| | 20 | - | - | ✓ | | | | | |
| 1 | 21 | ✓ | ✓ | = | | | | | |
| 2 | 22 | ✓ | ✓ | = | | | | | |
| 3 | 23 | ✓ | ✓ | = | | | | | |
| 4 | 24 | ✓ | ✓ | = | | | | | |
| 5 | 25 | ✓ | ✓ | = | | | | | |
| 6 | 26 | ✓ | ✓ | = | | | | | |
| 7 | 27 | ✓ | ✓ | = | | | | | |
| 8 | 28 | ✓ | ✓ | = | | | | | |
| | 29 | ✓ | - | - | | | | | |
| 9 | 30 | ✓ | ✓ | = | | | | | |
| 10 | 31 | ✓ | ✓ | = | | | | | |
| 11 | 32 | ✓ | ✓ | = | | | | | |
| 12 | 33 | ✓ | ✓ | = | | | | | |
| 14 | 34 | ✓ | ✓ | = | | | | | |
| 15 | 35 | ✓ | ✓ | = | | | | | |
| 16 | 36 | ✓ | ✓ | = | | | | | |
| | 37 | O | - | - | | | | | |
| 17 | 38 | ✓ | ✓ | = | | | | | |
| 18 | 39 | ✓ | ✓ | = | | | | | |
| 19 | 40 | ✓ | ✓ | = | | | | | |
| 20 | 41 | | ✓ | = | | | | | |
| 21 | 42 | | | = | | | | | |

| | | | Application/Control No. | | Applicant(s)/Patent Under Reexamination | |
|---|---|---|---|---|---|---|
| *Index of Claims* | | | 17/343,107 | | Barnes et al. | |
| | | | **Examiner** | | **Art Unit** | |
| | | | NOAH C HAWK | | 3636 | |

| CLAIM | | DATE | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | 11/24/2021 | 01/06/2022 | | | | | | | |
| 13 | 43 | | | = | | | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,107 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

### CPC - Searched*

| Symbol | Date | Examiner |
|---|---|---|
| E04H 15/326, 12/22, 15/003 | 10/26/2021 | NCH |
| E04H 15/005 | 11/23/2021 | NCH |
| A47H 1/00 | 11/23/2021 | NCH |

### CPC Combination Sets - Searched*

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US Classification - Searched*

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 135 | 127, 114, 115, 120.1, 118, 119 | 10/26/2021 | NCH |
| 40 | 214,606.11,217, 412 | 10/26/2021 | NCH |
| 160 | 135,350,351,352, 377 | 10/26/2021 | NCH |
| 160 | 349.1, 350, 330 | 11/23/2021 | NCH |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

### Search Notes

| Search Notes | Date | Examiner |
|---|---|---|
| Considered IDS filed 6/9/2021 | 10/26/2021 | NCH |
| Performed inventor name search in DAV | 10/26/2021 | NCH |
| Considered and updated search for parent application 16/987886 | 10/26/2021 | NCH |
| Please see attached PE2E search history | 10/26/2021 | NCH |
| Considered IDS filed 11/18/2021 | 11/23/2021 | NCH |
| Please see attached PE2E search history | 11/24/2021 | NCH |

| | |
|---|---|
| | |

Case 5:24-cv-00588-FL    Document 28-7    Filed 03/23/26    Page 241 of 253

| Search Notes | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,107 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| E04H | 15/326, 12/22, 15/003, 15/005 | 01/06/2022 | NCH |
| A47H | 1/00 | 01/06/2022 | NCH |
| 135 | 127, 114, 115, 120.1, 118, 119 | 01/06/2022 | NCH |
| 160 | 135,350,351,352, 377, 349.1, 350, 330 | 01/06/2022 | NCH |
| 40 | 214,606.11,217, 412 | 01/06/2022 | NCH |

| | |
|---|---|
| | |

<table>
<tr><td rowspan="2"><b>AFCP 2.0<br>Decision</b></td><td colspan="2"><b>Application No.</b><br><br>17/343,107</td><td colspan="2"><b>Applicant(s)</b><br><br>Barnes et al.</td></tr>
</table>

| **AFCP 2.0** **Decision** | **Application No.** 17/343,107 | **Applicant(s)** Barnes et al. | |
|---|---|---|---|
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 | **AIA (FITF) Status** Yes |

This is in response to the After Final Consideration Pilot request filed <u>22 December 2021</u>.

1. **Improper Request** – The AFCP 2.0 request is improper for the following reason(s) and the after final amendment submitted with the request will be treated under pre-pilot procedure.

☐ An AFCP 2.0 request form PTO/SB/434 (or equivalent document) was not submitted.

☐ A non-broadening amendment to at least one independent claim was not submitted.

☐ The request is not the first proper AFCP 2.0 request submitted in response to the most recent final rejection.

☐ Other: _____

2. **Proper Request**

   **A.** After final amendment submitted with the request will not be treated under AFCP 2.0.
   The after final amendment cannot be reviewed and a search conducted within the guidelines of the pilot program.

   ☐ The after final amendment will be treated under pre-pilot procedure.

   **B.** Updated search and/or completed additional consideration.
   The examiner performed an updated search and/or completed additional consideration of the after final amendment within the time authorized for the pilot program. The result(s) of the updated search and/or completed additional consideration are:

   ☑ 1. All of the rejections in the most recent final Office action are overcome and a Notice of Allowance is issued herewith.

   ☐ 2. The after final amendment would not overcome all of the rejections in the most recent final Office action . See attached interview summary for further details.

   ☐ 3. The after final amendment was reviewed, and it raises a new issue(s). See attached interview summary for further details.

   ☐ 4. The after final amendment raises new issues, but would overcome all of the rejections in the most recent final Office action. A decision on determining allowability could not be made within the guidelines of the pilot. See attached interview summary for further details, including any newly discovered prior art.

   ☐ 5. Other: _____

   Examiner Note: Please attach an interview summary when necessary as described above.

OK TO ENTER: /NCH/ 01/03/2022

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| In re: | Barnes *et al.* | Confirmation No.: | 1078 |
| Appl. No.: | 17/343,107 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:     S105508 1010US.C4 (0013.8)
Customer No.:   26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### AMENDMENT UNDER 37 C.F.R. § 1.116

Sir:

In response to the final Office Action dated December 2, 2021, please amend the application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 7 of this paper.

1 of 10

WBD (US) 54930483v1



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,107 | 02/22/2022 | 11255103 | S105508 1010US.C4 (0013.8 | 1078 |

26158          7590          02/02/2022
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

INVENTOR(s) (Please see PAIR WEB site http://pair.uspto.gov for additional inventors):

Dane Brooks Barnes, Raleigh, NC;
Alexander Griffith Slater, Raleigh, NC;
Scott Christian Barnes, Raleigh, NC;

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Shibumi Shade, Inc., Raleigh, NC;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

IR103 (Rev. 10/09)



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY.DOCKET NO./TITLE | REQUEST ID |
|---|---|---|---|---|
| 17/343,107 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C4 (0013.8 | 172057 |

## Acknowledgement of Loss of Entitlement to Entity Status Discount

The entity status change request below filed through Private PAIR on 08/15/2022 has been accepted.

## CERTIFICATIONS:

> **Change of Entity Status:**
>
> ✗ Applicant changing to regular undiscounted fee status.
> NOTE: Checking this box will be taken to be notification of loss of entitlement to small or micro entity status, as applicable.

**This portion must be completed by the signatory or signatories making the entity status change in accordance with 37 CFR 1.4(d)(4).**

| | |
|---|---|
| **Signature:** | /lauren f. anderson/ |
| **Name:** | Lauren F. Anderson |
| **Registration Number:** | 69344 |

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1078 |
| Patent No.: | 11,255,103 | Issued: | February 22, 2022 |
| Appl. No.: | 17/343,107 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**NOTIFICATION OF LOSS OF ENTITLEMENT TO SMALL ENTITY STATUS
UNDER 37 C.F.R. § 1.27(g)(2) AND PAYMENT OF FEE DEFICIENCY
UNDER 37 C.F.R. § 1.28(c)(2)(ii)**

The owner of the above-identified patent application hereby notifies the Office, in accordance with the requirements of 37 CFR 1.27(g)(2), that small entity status no longer applies to the above-identified patent application. The current status of the Applicant has been updated with the US Patent Office as "Undiscounted."

In accordance with 37 C.F.R. § 1.28(c)(2)(ii), Applicant hereby submits the difference in fees between a large entity and a small entity for any fees paid at the small entity rate after the Applicant lost entitlement to small entity status.

The itemization of fee deficiency is:

| Type of Fee | Amount of Small Entity Fee Actually Paid | Date Small Entity Fee Paid | Current Fee Amount for Large Entity | Deficiency or Credit Owed (based on current fee schedule) |
|---|---|---|---|---|
| (2806) Submission of an Information Disclosure Statement | $130.00 | 11-18-2021 | $260.00 | $130.00 |
| (2202) Each claim in excess of 20 | $50.00 | 12-22-2021 | $100.00 | $50.00 |

In re:  Barnes *et al.*
Appl. No.:  17/343,107
Filed:  June 9, 2021
Page 2

| | | | | |
|---|---|---|---|---|
| (2201) Each independent claim in excess of three | $240.00 | 12-22-2021 | $480.00 | $240.00 |
| (2501) Utility issue fee | $600.00 | 01-12-2022 | $1,200.00 | $600.00 |
| **TOTAL DEFICIENCY CHARGED TO DEPOSIT ACCOUNT:  $1,020.00** | | | | |

The Commissioner is hereby authorized to charge the $1,020.00 deficiency owed, as well as any credits, to Deposit Account No. 09-0528 under Attorney Docket No. S105508 1010US.C4 (0013.8).

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn:  Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON AUGUST 15, 2022.*

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 46414907 |
| **Application Number:** | 17343107 |
| **International Application Number:** | |
| **Confirmation Number:** | 1078 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C4 (0013.8 |
| **Receipt Date:** | 15-AUG-2022 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 18:07:28 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Notification of loss of entitlement to small entity status | S105508_1010US_C4_0013_8_ Entity_Status_Fee.pdf | 126692<br>e393dd435e7d9fb9cf9ddc63539a1e2e2e5 6f36e | no | 2 |

**Warnings:** Case 5:24-cv-00588-FL     Document 28-7     Filed 03/23/26     Page 249 of 253

| Information: | | |
|---|---|---|
| | **Total Files Size (in bytes):** | 126692 |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**



# United States Patent and Trademark Office
*Office of the Chief Financial Officer*

Document Code:WFEE

User :Chhivindavy Khlok

Sale Accounting Date:12/28/2022

| Sale Item Reference Number | Effective Date |
|---|---|
| 17343107 | 08/15/2022 |

| Document Number | Fee Code | Fee Code Description | Amount Paid | Payment Method |
|---|---|---|---|---|
| I2022BR911202581 | 1461 | 1.28(C) SUBMISSIONS - APPLIC FILE FEE | $1,020.00 | Deposit Account |



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,107 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C4 (0013.8 | 1078 |

26158    7590    01/03/2023
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/03/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

 

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| In re Patent No. 11,255,103 | : | |
| Issue Date: February 22, 2022 | : | DECISION ON PETITION |
| Application No. 17/343,107 | : | |
| Filing or 371(c) Date: June 09, 2021 | : | |
| Attorney Docket No. S105508 1010US.C4 | : | |
| (0013.8 | | |

This is a Notice regarding the request for acceptance of a fee deficiency submission under 37 CFR 1.28(c) filed August 15, 2022.

The Office no longer investigates or rejects original or reissue applications under 37 CFR 1.56. 1098 Off. Gaz. Pat. Office 502 (January 3, 1989). Therefore, nothing in this Notice is intended to imply that an investigation was done.

The fee deficiency submission under 37 CFR 1.28(c) is **ACCEPTED**. Accordingly, status as a small entity has been removed and any future fee(s) submitted must be paid at the undiscounted rate.

Inquiries related to this communication should be directed to JoAnne Burke at (571) 272-4584.

/JOANNE L BURKE/
Lead Paralegal Specialist, OPET