# EXHIBIT 8

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C5 (0014.6 |
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

# Secrecy Order 37 CFR 5.2:

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2  (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

# Inventor Information:

**Inventor** 1 [Remove]

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
| | Dane | Brooks | Barnes | |

**Residence Information (Select One)**   ● US Residency      Non US Residency      Active US Military Service

| City | Raleigh | State/Province | NC | Country of Residence | US |

**Mailing Address of Inventor:**

| Address 1 | 921 Washington Street, #202 |
| Address 2 | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27605 | Country i | US |

**Inventor** 2 [Remove]

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
| | Alexander | Griffith | Slater | |

**Residence Information (Select One)**   ⦿ US Residency      Non US Residency      Active US Military Service

| City | Raleigh | State/Province | NC | Country of Residence | US |

**Mailing Address of Inventor:**

| Address 1 | 614 Holden Street |
| Address 2 | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27604 | Country i | US |

**Inventor** 3 [Remove]

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
| | Scott | Christian | Barnes | |

**Residence Information (Select One)**   ⦿ US Residency      Non US Residency      Active US Military Service

Case 5:24-cv-00588-FL   Document 28-8   Filed 03/23/26   Page 2 of 423

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C5 (0014.6 |
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |

| **City** | Raleigh | **State/Province** | NC | **Country of Residence** i | US |

**Mailing Address of Inventor:**

| **Address 1** | 921 Washington Street, #202 |
| **Address 2** | |
| **City** | Raleigh | **State/Province** | NC |
| **Postal Code** | 27605 | **Country** i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button.

[ Add ]

## Correspondence Information:

Enter either Customer Number or complete the Correspondence Information section below.
**For further information see 37 CFR 1.33(a).**

☐ An Address is being provided for the correspondence Information of this application.

| **Customer Number** | 26158 |
| **Email Address** | IPDocketing@wbd-us.com | [ Add Email ] [ Remove Email ] |

## Application Information:

| **Title of the Invention** | SHADING SYSTEM AND METHOD OF USE | |
| **Attorney Docket Number** | S105508 1010US.C5 (0014.6 | **Small Entity Status Claimed** ☒ |
| **Application Type** | Nonprovisional | |
| **Subject Matter** | Utility | |
| **Total Number of Drawing Sheets (if any)** | 7 | **Suggested Figure for Publication (if any)** | 1 |

## Filing By Reference:

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
| | | |

## Publication Information:

☐ Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☐ **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing.

EFS Web 2.2.13

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C5 (0014.6 |
| --- | --- | --- |
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
| --- | --- |

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32).
Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ● Customer Number | US Patent Practitioner | ○ Limited Recognition (37 CFR 11.9) |
| --- | --- | --- | --- |
| Customer Number | 26158 | | |

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, 365(c), or 386(c) or indicate National Stage entry from a PCT application. Providing benefit claim information in the Application Data Sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the "Application Number" field blank.

| Prior Application Status | Pending | | | Remove |
| --- | --- | --- | --- | --- |
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) | |
| | Continuation of | 17/232799 | 2021-04-16 | |

| Prior Application Status | Pending | | | Remove |
| --- | --- | --- | --- | --- |
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) | |
| 17/232799 | Continuation of | 16/987886 | 2020-08-07 | |

| Prior Application Status | Patented | | | | Remove |
| --- | --- | --- | --- | --- | --- |
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 16/987886 | Continuation of | 16/224465 | 2018-12-18 | 10753117 | 2020-08-25 |

| Prior Application Status | Patented | | | | Remove |
| --- | --- | --- | --- | --- | --- |
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 16/224465 | Continuation of | 15/675715 | 2017-08-12 | 10190330 | 2019-01-29 |

| Prior Application Status | Expired | | | Remove |
| --- | --- | --- | --- | --- |
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) | |
| 15/675715 | Claims benefit of provisional | 62/409426 | 2016-10-18 | |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button.

| Add |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 4 of 423

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C5 (0014.6 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

# Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55. When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(i)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
|---|---|---|---|
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.

Add

# Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

EFS Web 2.2.13

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C5 (0014.6 |
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |

# Authorization or Opt-Out of Authorization to Permit Access:

When this Application Data Sheet is properly signed and filed with the application, applicant has provided written authority to permit a participating foreign intellectual property (IP) office access to the instant application-as-filed (see paragraph A in subsection 1 below) and the European Patent Office (EPO) access to any search results from the instant application (see paragraph B in subsection 1 below).

Should applicant choose not to provide an authorization identified in subsection 1 below, applicant **must opt-out** of the authorization by checking the corresponding box A or B or both in subsection 2 below.

**NOTE**: This section of the Application Data Sheet is **ONLY** reviewed and processed with the **INITIAL** filing of an application. After the initial filing of an application, an Application Data Sheet cannot be used to provide or rescind authorization for access by a foreign IP office(s). Instead, Form PTO/SB/39 or PTO/SB/69 must be used as appropriate.

**1. Authorization to Permit Access by a Foreign Intellectual Property Office(s)**

**A. Priority Document Exchange (PDX)** - Unless box A in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the State Intellectual Property Office of the People's Republic of China (SIPO), the World Intellectual Property Organization (WIPO), and any other foreign intellectual property office participating with the USPTO in a bilateral or multilateral priority document exchange agreement in which a foreign application claiming priority to the instant patent application is filed, access to: (1) the instant patent application-as-filed and its related bibliographic data, (2) any foreign or domestic application to which priority or benefit is claimed by the instant application and its related bibliographic data, and (3) the date of filing of this Authorization. See 37 CFR 1.14(h)(1).

**B. Search Results from U.S. Application to EPO** - Unless box B in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the EPO access to the bibliographic data and search results from the instant patent application when a European patent application claiming priority to the instant patent application is filed. See 37 CFR 1.14(h)(2).

The applicant is reminded that the EPO's Rule 141(1) EPC (European Patent Convention) requires applicants to submit a copy of search results from the instant application without delay in a European patent application that claims priority to the instant application.

**2. Opt-Out of Authorizations to Permit Access by a Foreign Intellectual Property Office(s)**

☐ A. Applicant **DOES NOT** authorize the USPTO to permit a participating foreign IP office access to the instant application-as-filed. If this box is checked, the USPTO will not be providing a participating foreign IP office with any documents and information identified in subsection 1A above.

☐ B. Applicant **DOES NOT** authorize the USPTO to transmit to the EPO any search results from the instant patent application. If this box is checked, the USPTO will not be providing the EPO with search results from the instant application.

**NOTE:** Once the application has published or is otherwise publicly available, the USPTO may provide access to the application in accordance with 37 CFR 1.14.

EFS Web 2.2.13

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C5 (0014.6 |
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

# Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

| **Applicant** 1 | Remove |

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

Clear

| ● Assignee | Legal Representative under 35 U.S.C. 117 | Joint Inventor |
| Person to whom the inventor is obligated to assign. | Person who shows sufficient proprietary interest |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

Name of the Deceased or Legally Incapacitated Inventor:

If the Applicant is an Organization check here.  ☒

| Organization Name | Shibumi Shade, Inc. |

**Mailing Address Information For Applicant:**

| **Address 1** | 614 Holden Street |
| Address 2 | |
| **City** | Raleigh | **State/Province** | NC |
| **Country** | US | Postal Code | 27604-1949 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button.  Add

# Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

EFS Web 2.2.13

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C5 (0014.6 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

---

**Assignee** |1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

[Remove]

If the Assignee or Non-Applicant Assignee is an Organization check here.  ☐

| Prefix | **Given Name** | Middle Name | **Family Name** | Suffix |
|---|---|---|---|---|
| ▾ | | | | ▾ |

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| Address 1 | |
|---|---|
| Address 2 | |

| **City** | | **State/Province** | |
|---|---|---|---|
| **Country** i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button.

[Add]

---

# Signature:

[Remove]

**NOTE:** This Application Data Sheet must be signed in accordance with 37 CFR 1.33(b). **However, if this Application Data Sheet is submitted with the INITIAL filing of the application and either box A or B is not checked in subsection 2 of the "Authorization or Opt-Out of Authorization to Permit Access" section, then this form must also be signed in accordance with 37 CFR 1.14(c).**

This Application Data Sheet **must** be signed by a patent practitioner if one or more of the applicants is a **juristic entity** (e.g., corporation or association). If the applicant is two or more joint inventors, this form must be signed by a patent practitioner, **all** joint inventors who are the applicant, or one or more joint inventor-applicants who have been given power of attorney (e.g., see USPTO Form PTO/AIA/81) on behalf of **all** joint inventor-applicants.

See 37 CFR 1.4(d) for the manner of making signatures and certifications.

| **Signature** | /lauren f. anderson/ | | | Date  (YYYY-MM-DD) | 2021-06-09 |
|---|---|---|---|---|---|
| First Name | Lauren | Last Name | Anderson | Registration Number | 69,344 |

Additional Signature may be generated within this form by selecting the Add button.  [Add]

EFS Web 2.2.13

PTO/AIA/14 (02-18)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C5 (0014.6 |
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

EFS Web 2.2.13

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent CooperationTreaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 10 of 423

EFS Web 2.2.13

# SHADING SYSTEM AND METHOD OF USE

## CROSS-REFERENCE TO RELATED APPLICATIONS

[0001]     This application is a non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, the contents of which are hereby incorporated by reference in its entirety.

## TECHNICAL FIELD

[0002]     The presently disclosed subject matter is directed towards a system and method for providing shade from the sun.  Specifically, a transportable system and method of use for providing shade from the sun is disclosed that includes a canopy supported by a singular frame and an engaged counterweight.

## BACKGROUND

[0003]     Avoiding direct sunlight when outdoors is a ubiquitous problem faced by anyone who spends significant time outdoors. Shading systems of the prior art are typically ineffective or impractical to use for a number of reasons. Some systems include rigid canopy susceptible to being shifted or unanchored by wind. Other systems are cumbersome to transport or assemble, due to the number of parts involved, steps required during setup and/or low shade to weight ratios.

[0004]     Accordingly, there remains a need for systems and methods including flexible canopy structures capable of being at least partially supported by wind and configured for easy of transport and assembly.

## SUMMARY

[0005]     This Summary is provided to introduce a selection of concepts in a simplified form that are further described below in the Detailed Description. This Summary is not intended to identify key features or essential features of the claimed subject matter, nor is it intended to be used to limit the scope of the claimed subject matter. Further, the claimed subject matter is not

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 11 of 423

limited to implementations that solve any or all disadvantages noted in any part of this disclosure.

[0006]     According to at least one embodiment of the disclosed subject matter, a system for providing shade onto a surface is provided. The system includes a canopy configured for engagement with, and aerial suspension by, a frame; the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections, wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

[0007]     According to at least one embodiment of the disclosed subject matter, a method of providing shade to a surface is provided. The method includes coupling adjacent sections of a plurality of sections into end-to-end alignment to form a frame from a first end to a second end; sliding the frame through one or more loops of a canopy; securing the left end and the right end of the frame to the surface, thereby aerially suspending the canopy and providing shade to the surface.

[0008]     According to at least one embodiment of the disclosed subject matter, the system further includes a cable extending through the plurality of sections of the frame from the left end to the right end.

[0009]     According to at least one embodiment of the disclosed subject matter, the system further includes a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

[0010]     According to at least one embodiment of the disclosed subject matter, the system further includes at least one loop on a suspension end of the canopy, the loop configured for accepting a portion of the frame therethrough.

[0011]     According to at least one embodiment of the disclosed subject matter, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

[0012]     According to at least one embodiment of the disclosed subject matter, the system further includes at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

- 2 -

[0013]     According to at least one embodiment of the disclosed subject matter, wherein the at least one strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

[0014]     According to at least one embodiment of the disclosed subject matter, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

[0015]     According to at least one embodiment of the disclosed subject matter, wherein the at least one strap is elastic.

[0016]     According to at least one embodiment of the disclosed subject matter, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

[0017]     According to at least one embodiment of the disclosed subject matter, the system further includes a container for housing and transporting all of the other components of the system.

[0018]     According to at least one embodiment of the disclosed subject matter, wherein the container is also an anchor for housing weight, the container coupled to a cord, the cord engageable with, or coupled to, the canopy or frame.

[0019]     According to at least one embodiment of the disclosed subject matter, wherein the cord is attached to an interior bottom of the container for inverting the container to serve as the anchor for housing weight.

[0020]     According to at least one embodiment of the disclosed subject matter, wherein the container includes an interior compartment for housing the sections separate from the canopy.

[0021]     According to at least one embodiment of the disclosed subject matter, the method further includes filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

[0022]     According to at least one embodiment of the disclosed subject matter, wherein coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

- 3 -

[0023] According to at least one embodiment of the disclosed subject matter, the method further includes unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

[0024] According to at least one embodiment of the disclosed subject matter, the method further includes wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

[0025] According to at least one embodiment of the disclosed subject matter, the method further includes fastening the at least one strap for locking the strap into position.

## BRIEF DESCRIPTION OF THE DRAWINGS

[0026] The foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however, the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed.

[0027] FIG. 1 is a perspective view of a system for providing shade according to one or more embodiments of the presently disclosed subject matter.

[0028] FIG. 2 is a front view of a frame in a transport configuration according to one or more embodiments of the presently disclosed subject matter.

[0029] FIG. 3 is a perspective view of at least one strap engageable with a canopy according to one or more embodiments of the presently disclosed subject matter.

[0030] FIG. 4 is a perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter.

[0031] FIG. 5 is a perspective view of a container serving as an anchor according to one or more embodiments of the presently disclosed subject matter.

[0032] FIG. 6 is a perspective view of the container housing the system for shading according to one or more embodiments of the presently disclosed subject matter.

[0033] FIG. 7 is a perspective view of the container having a compartment for housing sections of the frame according to one or more embodiments of the presently disclosed subject matter.

- 4 -

## DETAILED DESCRIPTION

[0034]        These descriptions are presented with sufficient details to provide an understanding of one or more particular embodiments of broader inventive subject matters. These descriptions expound upon and exemplify particular features of those particular embodiments without limiting the inventive subject matters to the explicitly described embodiments and features. Considerations in view of these descriptions will likely give rise to additional and similar embodiments and features without departing from the scope of the inventive subject matters. Although the term "step" may be expressly used or implied relating to features of processes or methods, no implication is made of any particular order or sequence among such expressed or implied steps unless an order or sequence is explicitly stated.

[0035]        Any dimensions expressed or implied in the drawings and these descriptions are provided for exemplary purposes. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to such exemplary dimensions. The drawings are not made necessarily to scale. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to the apparent scale of the drawings with regard to relative dimensions in the drawings. However, for each drawing, at least one embodiment is made according to the apparent relative scale of the drawing.

[0036]        FIG. 1 depicts one embodiment of a system 10 for providing shade 1 onto a surface 2. The system 10 may include a canopy 12 configured for engagement with, and aerial suspension by, a frame 14. The canopy 12 may include one or more lightweight materials, the material including one or more of the following properties: ripstop, polyester, blackout, light diffusion, light modification, and waterproof. The canopy 12 may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable sections 44.

[0037]        According to some embodiments, the canopy 12 may define a suspension end 42 positioned proximal to the frame 14 when the canopy 12 is engaged with the frame 14. The suspension end 42 may include one or more suspension fasteners 46 for engaging the canopy 12 with the frame 14. Fasteners 46, 52, 54, as used herein, may include any fasteners of the prior art, including but not limited to hooks and loops, male and female buttons, hook and slit or aperture, and/or magnets. FIG. 1 depicts the canopy 12 defining at least one loop 40 on the suspension end

42 of the canopy, the loop 40 configured for accepting a portion 26 of the frame 14 therethrough. Although the loop 40 of FIG. 1 extends the entire length of the suspension end 42, the loop 40, or plurality of loops 40, may only extend a smaller distance of the suspension end 42. In some embodiments, one or more loops 40 may include tie strings for engaging the suspension end 42 with the frame 14.

[0038] The canopy 12 may be configured to suspend or be stored in any number of shapes and sizes. In some embodiments, the canopy 12 may define one or more vent holes and/or wind socks for permitting wind to pass therethrough. In other embodiments, the canopy 12 may define tails extending from a side opposite the suspension end 42.

[0039] While the suspension end 42, suspension fasteners 46 and loop(s) 40 engage the canopy 12 to the frame 14, in some embodiments, additional securing mechanisms may be desired to secure the canopy 12 into position relative to the frame 14. FIGS. 1 and 3 depict embodiments of the system 10 including at least one strap 50 engageable with, or coupled to, the canopy 12 for securing the canopy 12 into position relative to the frame 14. The at least one strap 50 may be elastic rubber, gear ties, bungee cord, rope or any other material capable of wrapping about the frame 14 or other component of the system 10. The at least one strap 50 may engage or couple to the canopy 12 on either or both ends of the suspension end 42 and/or to the loop 40 of the suspension end 42. Each of the straps 50 may be configured to wrap about the frame 14, or engage the frame 14 using a strap fastener 52 and/or a canopy or frame fastener 54. In some embodiments, a strap 50 may include a canopy fastener 54 for engaging the canopy 12 (e.g., a ball at one end of the strap 50 for engaging a grommeted aperture of the canopy 12), and the strap 50 may be manipulated about the frame 14. Alternatively, a strap 50 may include both a strap fastener 52 on one end and a canopy fastener 54 on the other end for wrapping the strap 50 about the frame 14 and fastening the fasteners 52, 54 together (see, e.g., FIG. 3). In yet another alternative, the strap 50 may include be coupled or engaged to the canopy 12 on one end and include a frame fastener 54 on the other end for engaging the canopy 12 to the frame 14.

[0040] The at least one strap 50 may be comprised of any number of materials, including but not limited to one or more of the following: fabric, rubber, plastic, and metal. In some embodiments, the at least one strap 50 may have a higher friction of coefficient with respect to the frame 14 relative to the canopy 12 with respect to the frame 14. For example, if the canopy

12 includes polyester fabric and the at least one strap 50 includes rubber, then the friction of coefficient with a metal or plastic frame 14 would be higher for the strap than for the canopy 12. In some embodiments, the at least one strap 50 may be elastic. Being able to stretch the at least one strap 50 about the frame 14 when engaging the strap 50 thereto can greatly increase the friction between the strap 50 and the frame 14, particularly if the strap 50 is also fastened to itself after wrapping.

[0041] According to some embodiments, the frame 14 of the system 10 may include, or consist essentially of, a plurality of sections 24 configured for end-to-end alignment from a left end 20 of the frame 14 to a right end 22 of the frame 14. Each of the sections 24 may be further configured to engage with any adjacent sections 24. When two or more or all of the sections 24 are aligned end-to-end and engaged with adjacent sections 24, the frame 14 may be positioned to receive and support the canopy 12. In some embodiments, the sections 24 are arranged telescopically, where each adjacent section 24 may be housed within, and extend from each adjacent section 24. In other embodiments, as depicted in FIG. 2, many of the sections include both a male end 62 and a female end 60 for engaging adjacent sections 24 to each other to construct the supporting frame 14. In some embodiments, all but one of the sections 24 includes a female end 60 for accepting a male end 62 of one of the adjacent sections 24 therein.

[0042] During transport, the sections 24 may be compactly configured as depicted in FIG. 2. A first section 64 may define the left end 20 of the frame 14 and a last section 66 may define the right end 22 of the frame 14. The first section 64 may include a single male end 62 or female end 60, with the other end being the left end 20 and/or cap 68 (FIG. 2 depicts first section 64 having a male end 62 and cap 68). A last section 66 may similarly include a single male end 62 or female end 60, with the other end being the right end 22 and/or cap 68 (FIG. 2 depicts last section 66 having a female end 60 and cap 68). The cap may serve to close off an end of the first and/or last section 64, 66 for preventing sand from entering therein and for securing the cable 30, as described below.

[0043] As depicted in FIG. 2, the system 10 may further include a cable 30 extending through the plurality of sections 24 of the frame 12 from the left end 20 to the right end 22. The cable 30 may be elastic so that the sections 24 may be maneuvered between a transport configuration (e.g., FIG. 2) and a supporting configuration (e.g., FIG. 1), yet still remain adjacent

- 7 -

and aligned end-to-end, the cable 30 providing supporting tension to the end-to-end alignment of the supporting configuration. The cable 30 may be affixed to an interior and/or cap 68 of the first section 64 and second section 66. The cable 30 may also be affixed to interiors of any of the other sections 24.

[0044]	When the frame 14 is in the transport configuration, and a cable 30 extends through the sections 24 of the frame 14, the male and female ends 60, 62, and/or the cable 30 itself, may be configured to prevent degradation or injury to the cable 30. Looking to FIG. 2, any pressure applied to the sections 24 from the top of the figure or the bottom of the figure may create injury to the cable 30 where it is exposed between the male and female ends 60, 62. Therefore, the female ends 60 and/or male ends 62 may define grooves for permitting passage of the cable therebetween such that any objects applying pressure from the top or bottom of the figure would apply that pressure directly to the ends 60, 62 and not onto the cable 30, effectively clipping the cable between the end 60, 62 and the object. The cable 30 may include reinforcements at the exposed sections between the ends 60, 62 when in the transport configuration. The reinforcements may include additional layers of fabric, metal-reinforced cylinders, and/or thicker elastic bands.

[0045]	In some embodiments of the system 10, the sections 24 of the frame 12 may form a curved shape when in the supporting configuration. In other embodiments, the sections 24 may form other shapes or designs when in the supporting configuration. A curved shape may be formed when the male and female ends 60, 62 are co-extensive with curved axis the remaining portions of the sections 24. To form other designs, the female ends 60 and/or male ends 62 may be shaped for creating non-co-extensive angles with respect to the axis of the remaining portions of the sections 24. For example, a female end 60 engaging two sections may be shaped in a right angle, thereby creating an 'L' shape when the two adjacent sections are engaged. Other female ends 60 may be shaped at other angles, thereby creating a design or pattern when all of the sections 24 are engaged and the frame is in the supporting configuration.

[0046]	Referencing FIGS. 4 and 5, the system 10 may further include a cord 32 engaged with, or coupled to, an anchor 34, the canopy 12, and/or the frame 14 for providing support to the frame 14 when in the supporting configuration. The anchor 34 may be configured for housing weight 36. The cord 32 may be engaged with or coupled to the canopy 12 and/or frame 14 at an

apex of the canopy 12 and/or frame 14. For example, if the ends 20, 22 of the frame 14 are secured within sand on a beach, the anchor 34 may be filled with sand acting as the weight 36. The system 10 may further include a hoop 33 or other fastener, such as the fasteners described herein, engaged with, or coupled to, the canopy 12 or frame 14 with which the cord 12 may be engaged or coupled (e.g., see FIG. 4 embodiment where the hoop 33 is coupled to the canopy 12).

[0047]     FIG. 6 depicts an embodiment of the system 10 further including a container 70 for housing and transporting all of the other components of the system 10. The container 70 may include a band 76 for transporting the container 70 about the shoulder or in the palm of a user 3. The band 76 may be configured to be a handle and/or may be selectively engageable with the container 70 for storage therein. The container 70 may include a drawstring 78 or other closing mechanism for securing the contents of the system 10 therewithin.

[0048]     The container 70 may also be the anchor 34 for housing weight 36 (see, e.g., FIG. 5). In some embodiments, the container 70 may be inverted for housing weight 36 for ensuring that minimal amounts of weight 36 remain in the container once re-inverted so that the contents of the system 10 are not disturbed by any weight 36 during transportation and/or storage of the system 10. The cord 32 may be engaged with or coupled to an interior 72 of the container 70 for inverting the container 70. The cord 32 may be engaged with or coupled to the bottom 74 of the container 70 for permitting full inversion, or at a mid-point 75 of the container 70 for permitting half inversion of the container 70 (see, e.g., FIG. 7). In other embodiments, the cord 32 may be selectively engaged or coupled with an exterior 73 of the container 70.

[0049]     For example, when the contents of the system 10 are removed from the container 70, the cord 32 may be pulled away from the container 70 while the container 70 is held into position (or pushed away from the cord 32), thereby inverting the container 70 to serve as the anchor 34. When the cord 32 is engaged or coupled to an interior 72 and bottom 74, the pulling of the cord 32 may result in the full inversion of the container 70. When the cord is engaged or coupled to an interior 72 and mid-point 75, the pulling of the cord 32 may result in a half inversion of the container 70. If the container 70 includes a compartment 77 as described herein, then the inversion of the container 70 may result in the compartment 77 being exterior to the anchor 34 and any weight 36.

- 9 -

[0050]     FIG. 7 illustrates the container 70 including a compartment 77 positioned on the interior 72 for housing the sections 24 separate from the canopy 12. The compartment 77 may be engageable with or coupled to the interior 72 of the container 70. The compartment 77 may be sewn to the interior 72 of the container 70 along a single seam or multiple seams. A drawstring or other closing mechanism 78 may be included on the container 70 for cinching close an open side 79 of the container. Although FIG. 7 depicts the seam of the compartment 77 only connecting a portion of the compartment length to the container 70, other embodiments may include the entire length of the compartment 77 being sewn to the container 70.

[0051]     The left end 20 and the right end 22 of the frame 14 may be each be embedded in the surface 2. The ends 20, 22 may define a conical shape or a corkscrew shape for ease of penetration of the surface 2. Additional anchor(s) 35 may be engaged or coupled to the left end 20 and/or right end 22 for further securing the frame 14 into position. In embodiments where a tail is defined by the canopy 12, the tail may be engaged with or coupled to an additional anchor 34 for securing the canopy 12 into position for providing shade 1 to the surface 2. In yet additional embodiments, an additional suspension end 43 may be defined by the canopy 12. The additional suspension end 43 may include any of the features and characteristics described herein attributed to the suspension end 42. For example, the additional suspension end 43 may form an additional loop 41 for engaging or coupling an additional frame 15, thereby further suspending the canopy 12 from both the frame 14 and the additional frame 15.

[0052]     In addition to the methods of using the system 10 described herein, the following additional methods of using the system 10 are provided. A method of providing shade 1 to a surface 2 may include unpacking or removing the frame 14 and the canopy 12 from the container 70. Adjacent sections 24 of the plurality of sections 24 may be engaged or coupled into end-to-end alignment to configure the frame 14 from a left end 20 to a right end 22 into a supporting configuration. The frame 14 may slide through one or more loops 40 of the canopy 12 and/or may be engaged with the suspension end 42 of the canopy 12. The ends 20, 22 of the frame 14 may be secured to the surface 2, thereby aerially suspending the canopy 12 and providing shade 1 to the surface 2.

[0053]     The canopy 12 may be secured into position relative to the frame 14 by wrapping at least one strap 50 about the frame 14 and/or fastening the at least one strap 50 to or about the

- 10 -

frame 14. The cord may be engaged with the canopy 12, frame 14 and/or anchor 34. The anchor 34 may be filled with weight 36. Additional anchors 35 may be engaged with the ends 20, 22, additional frame 15 and/or tail of the canopy 12. The additional anchors 35 may be filled with weight 36.

[0054]      Particular embodiments and features have been described with reference to the drawings. It is to be understood that these descriptions are not limited to any single embodiment or any particular set of features, and that similar embodiments and features may arise or modifications and additions may be made without departing from the scope of these descriptions and the spirit of the appended claims.

## CLAIMS

The invention claimed is:

1. A system for providing shade onto a surface, comprising:

    a canopy configured for engagement with, and aerial suspension by, a frame;

    the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections,

    wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

2. The system of claim 1, further comprising a cable extending through the plurality of sections of the frame from the left end to the right end.

3. The system of claim 1, further comprising a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

4. The system of claim 1, wherein the canopy includes at least one loop on a suspension end, the loop configured for accepting a portion of the frame therethrough.

5. The system of claim 4, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

6. The system of claim 1, further comprising at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

- 12 -

7. The system of claim 6, wherein the at least one strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

8. The system of claim 6, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

9. The system of claim 6, wherein the at least one strap is elastic.

10. The system of claim 1, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

11. The system of claim 1, further comprising a container for housing and transporting all of the other components of the system.

12. The system of claim 11, wherein the container is also an anchor for housing weight, the container engageable with, or coupled to, a cord, the cord engageable with, or coupled to, the canopy or frame.

13. The system of claim 12, wherein the cord is coupled to an interior of the container for inverting the container to serve as the anchor for housing weight.

14. The system of claim 11, wherein the container includes an interior compartment for housing the sections separate from the canopy.

15. A method of providing shade to a surface, comprising:
   coupling adjacent sections of a plurality of sections into end-to-end alignment to form a
      frame from a first end to a second end;
   sliding the frame through one or more loops of a canopy;
   securing the left end and the right end of the frame to the surface,

thereby aerially suspending the canopy and providing shade to the surface.

16. The method of claim 15, further comprising filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

17. The method of claim 15, wherein the coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

18. The method of claim 15, further comprising unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

19. The method of claim 15, further comprising wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

20. The method of claim 19, further comprising fastening the at least one strap for locking the strap into position.

- 14 -

**ABSTRACT**

A system for providing shade onto a surface is described herein. The system includes a canopy configured for engagement with, and aerial suspension by, a frame. The frame includes a plurality of sections configured for end-to-end alignment from a left end to a right end of the frame. Each section is configured to engage with any adjacent sections to form the frame. The ends of the frame are secured to the surface, thereby aerially suspending the canopy and providing shade to the surface.

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 25 of 423



FIG. 1



FIG. 2

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 27 of 423



**FIG. 3**



FIG. 4



FIG. 5



FIG. 6



**FIG. 7**

PTO/AIA/15 (10-17)
Approved for use through 11/30/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY PATENT APPLICATION TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| *Attorney Docket No.* | **S105508 1010US.C5 (0014.6)** |
| *First Named Inventor* | **Dane Brooks Barnes** |
| *Title* | SHADING SYSTEM AND METHOD OF USE |
| *Priority Mail Express®  Label No.* | |

## APPLICATION ELEMENTS

*See MPEP chapter 600 concerning utility patent application contents.*

**ADDRESS TO:**  **Commissioner for Patents  P.O. Box 1450  Alexandria, VA 22313-1450**

1. ☑ **Fee Transmittal Form**
(PTO/SB/17 or equivalent)

2. ☑ **Applicant asserts small entity status.**
See 37 CFR 1.27

3. ☐ **Applicant certifies micro entity status.** See 37 CFR 1.29.
Applicant must attach form PTO/SB/15A or B or equivalent.

4. ☑ **Specification**  [*Total Pages* 15 ]
Both the claims and abstract must start on a new page.
*(See MPEP § 608.01(a) for information on the preferred arrangement)*

5. ☑ **Drawing(s)** (35 U.S.C. 113)  [*Total Sheets* 7 ]

6. **Inventor's Oath or Declaration**  [*Total Pages* 5 ]
*(including substitute statements under 37 CFR 1.64 and assignments
serving as an oath or declaration under 37 CFR 1.63(e))*

   a. ☐ Newly executed (original or copy)

   b. ☑ A copy from a prior application (37 CFR 1.63(d))

7. ☑ **Application Data Sheet**  *\* See note below.*
See 37 CFR 1.76 (PTO/AIA/14 or equivalent)

8. **CD-ROM or CD-R**
in duplicate, large table, or Computer Program (*Appendix*)
   ☐ Landscape Table on CD

9. **Nucleotide and/or Amino Acid Sequence Submission**
*(if applicable, items a. – c. are required)*

   a. ☐ Computer Readable Form (CRF)

   b. ☐ Specification Sequence Listing on:

      i. ☐ CD-ROM or CD-R (2 copies); or

      ii. ☐ Paper

   c. ☐ Statements verifying identity of above copies

## ACCOMPANYING APPLICATION PAPERS

10. ☐ **Assignment Papers**
(cover sheet & document(s))
Name of Assignee _____

11. ☑ **37 CFR 3.73(c) Statement**  ☑ **Power of Attorney**
(when there is an assignee)

12. ☐ **English Translation Document**
(if applicable)

13. ☑ **Information Disclosure Statement**
(PTO/SB/08 or PTO-1449)
   ☐ Copies of citations attached

14. ☑ **Preliminary Amendment**

15. ☐ **Return Receipt Postcard**
(*MPEP § 503*) (*Should be specifically itemized*)

16. ☐ **Certified Copy of Priority Document(s)**
(*if foreign priority is claimed*)

17. ☐ **Nonpublication Request**
Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach form PTO/SB/35
or equivalent.

18. ☑ **Other:** Certification and Request for Prioritized Examination
Processing Fee Under 37 CFR 1.117(i)
_____
_____
_____

*\*Note:* (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 **must** be included in an Application Data Sheet (ADS).
(2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary interest in the matter. See 37 CFR 1.46(b).

### 19. CORRESPONDENCE ADDRESS

☑ The address associated with Customer Number: 26158   **OR** ☐ Correspondence address below

| Name | |
|---|---|
| Address | |

| City | | State | | Zip Code | |
|---|---|---|---|---|---|
| Country | | Telephone | | Email | |

| Signature | /lauren f. anderson/ | Date | June 9, 2021 |
|---|---|---|---|
| Name (Print/Type) | Lauren F. Anderson | Registration No. (Attorney/Agent) | 69,344 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.,* GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PTO/SB/17 (10-20)
Approved for use through 12/31/2020. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number

# FEE TRANSMITTAL

| Complete if known | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Examiner Name | To Be Assigned |
| Art Unit | To Be Assigned |

■ Applicant asserts small entity status. See 37 CFR 1.27.

☐ Applicant certifies micro entity status. See 37 CFR 1.29.
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

| TOTAL AMOUNT OF PAYMENT | ($) 3000 | Practitioner Docket No. | S105508 1010US.C5 (0014.6) |
|---|---|---|---|

**METHOD OF PAYMENT** (check all that apply)

☐ Check   ☐ Credit Card   ☐ Money Order   ☐ None   ☐ Other (please identify): _____

■ Deposit Account   Deposit Account Number: 09-0528 ____   Deposit Account Name: _____

For the above-identified deposit account, the Director is hereby authorized to (check all that apply):

■ Charge fee(s) indicated below          ☐ Charge fee(s) indicated below, **except for the filing fee**

■ Charge any additional fee(s) or underpayment of fee(s)   ■ Credit any overpayment of fee(s)
under 37 CFR 1.16 and 1.17

**WARNING**: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

**FEE CALCULATION**

**1. BASIC FILING, SEARCH, AND EXAMINATION FEES (U = undiscounted fee; S = small entity fee; M = micro entity fee)**

| | FILING FEES | | | SEARCH FEES | | | EXAMINATION FEES | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Application Type** | **U ($)** | **S ($)** | **M ($)** | **U ($)** | **S ($)** | **M ($)** | **U ($)** | **S ($)** | **M ($)** | **Fees Paid ($)** |
| Utility | 320 | 160* | 80 | 700 | 350 | 175 | 800 | 400 | 200 | 830 |
| Design | 220 | 110 | 55 | 160 | 80 | 40 | 640 | 320 | 160 | |
| Plant | 220 | 110 | 55 | 440 | 220 | 110 | 660 | 330 | 165 | |
| Reissue | 320 | 160 | 80 | 700 | 350 | 175 | 2,320 | 1,160 | 580 | |
| Provisional | 300 | 150 | 75 | 0 | 0 | 0 | 0 | 0 | 0 | |

* The $160 small entity status filing fee for a utility application is further reduced to $80 for a small entity status applicant who files the application via EFS-Web.

**2. EXCESS CLAIM FEES**

| **Fee Description** | **Undiscounted Fee ($)** | **Small Entity Fee ($)** | **Micro Entity Fee ($)** |
|---|---|---|---|
| Each claim over 20 (including Reissues) | 100 | 50 | 25 |
| Each independent claim over 3 (including Reissues) | 480 | 240 | 120 |
| Multiple dependent claims | 860 | 430 | 215 |

| **Total Claims** | | **Extra Claims** | **Fee ($)** | **Fee Paid ($)** | |
|---|---|---|---|---|---|
| 12 | -20 or HP = | ____ x | ____ | = ____ | **Multiple Dependent Claims** |

HP = highest number of total claims paid for, if greater than 20.

| | | | | | **Fee ($)** | **Fee Paid ($)** |
|---|---|---|---|---|---|---|

| **Indep. Claims** | | **Extra Claims** | **Fee ($)** | **Fee Paid ($)** |
|---|---|---|---|---|
| 1 | -3 or HP = | ____ x | ____ | = ____ |

HP = highest number of independent claims paid for, if greater than 3.

**3. APPLICATION SIZE FEE**

If the specification and drawings exceed 100 sheets of paper (excluding electronically filed sequence or computer listings under 37 CFR 1.52(e)), the application size fee due is $420 ($210 for small entity) ($105 for micro entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s).

| **Total Sheets** | **Extra Sheets** | **Number of each additional 50 or fraction thereof** | **Fee ($)** | **Fee Paid ($)** |
|---|---|---|---|---|
| 22 - 100 = | ____ / 50 = | ____ (round **up** to a whole number)   x | ____ | = ____ |

**4. OTHER FEE(S)**

| | **Fees Paid ($)** |
|---|---|
| Non-English specification, $140 fee ($70 for small entity) ($35 for micro entity) | ____ |
| **Non-electronic filing fee under 37 CFR 1.16(t) for a utility application, $400 fee ($200 small or micro entity)** | ____ |
| Other (e.g., late filing surcharge): Request for Prioritized Examination and processing fee | 2170 |

**SUBMITTED BY**

| Signature | /lauren f. anderson/ | Registration No. (Attorney/Agent) 69,344 | Telephone (919) 755-2100 |
|---|---|---|---|
| Name (Print/Type) | Lauren F. Anderson | | Date June 9, 2021 |

This collection of information is required by 37 CFR 1.136. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.,* GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

785/2 UTIL

# DECLARATION AND ASSIGNMENT OF RIGHTS

As a below named inventor (hereinafter designated as the undersigned or the Assignor, where appropriate), I hereby declare that:

The application is as identified by the attorney docket number, title, Filing Date, or Application Title as set forth in the following Table I.

The application in Table I was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the applications in Table I.

The undersigned hereby acknowledges that any willful false statement made in this declaration is punishable under 18 U.S.C. § 1001 by fine or imprisonment of not more than five (5) years, or both.

WHEREAS, the undersigned, **Dane Brooks Barnes, Alexander Griffith Slater and Scott Christian Barnes**, (hereinafter "Assignor") has invented certain new and useful improvements described in the application(s) identified in Table I.

AND, WHEREAS, **SHIBUMI SHADE, LLC**, having a place of business at 614 Holden Street, Raleigh, NC 27604-1949 (hereinafter "Assignee"), has already acquired an interest in the application(s) identified in Table I by and through an employment or other agreement between Assignor and Assignee. I further authorize an agent of the Assignee to insert the filing date, application number, and any other identifying particulars as required for perfecting these assignment papers.

However, in the avoidance of doubt and as confirmation of the already acquired interest by Assignee, NOW, THEREFORE, To Whom It May Concern, be it known that for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor has assigned and by these presents does hereby sell, assign, transfer, and convey unto the Assignee, its successors and assigns, his entire right, title, and interest in and to the invention and application, including the right to sue for past infringements and any other prior occurring rights, provided any such rights exist, and in and to any and all domestic and foreign patent applications filed on the invention, and in and to any and all continuations, continuations-in-part, or divisions thereof, and in and to any and all Letters Patent of the United States of America, and all foreign countries or reissues thereof which may be granted therefor or thereon, for the full end of the term for which said Letters Patent may be granted, together with his right to claim the priority of said application in all foreign countries in accordance with the International

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 37 of 423

Convention, the same to be held and enjoyed by said Assignee, its successors and assigns, as fully and entirely as the same would have been held and enjoyed by Assignor if this assignment and sale had not been made. Assignor further assigns to Assignee the right to claim entitlement and/or priority to any applications that entitlement or priority may be claimed for this or any later filed application, including the assignment of any provisionals or other priority documents to which the inventions claim priority to. The assignment of the right to claim entitlement and/or priority is executed *nunc pro tunc* and is considered effective as of the filing date of the earliest application to which priority and/or entitlement is claimed.

Assignor hereby requests that said Letters Patent be issued in accordance with this assignment.

Assignor further covenants and agrees that, at the time of the execution and delivery of these presents, Assignor possesses full title to the invention and application above-mentioned, and that he has the unencumbered right and authority to make this assignment.

Assignor further covenants and agrees, and likewise binds his heirs, legal representatives and assigns, to promptly communicate to said Assignee or its representatives any facts known to him relating to said invention, to testify in any interference or legal proceedings involving said invention, to execute any additional papers which may be requested to confirm the right of the Assignee, its representatives, successors and assigns to secure patent or similar protection for the said invention in all countries and to vest in the Assignee complete title to the said invention and Letters Patent, without further compensation, but at the expense of said Assignee, its successors, assigns and other legal representatives.

<<<<<<<< TABLE I and Signature Page follows >>>>

785/2 UTIL

**TABLE I**

| Application No. | Attorney Docket No. | Filing Date | Title |
|---|---|---|---|
| 15/675,715 | 785/2 UTIL | 2017-08-12 | SHADING SYSTEM AND METHOD OF USE |

Executed this __8__ day of ____August____, 2017.

*Dane Barnes*

**Dane Brooks Barnes**

*Alex Slater*

**Alexander Griffith Slater**

*Scott Barnes*

**Scott Christian Barnes**

**(Assignors)**

Executed this __8__ day of ____August____, 2017.

**SHIBUMI SHADE, LLC**

Name: *Dane Barnes*

Title: Officer, Shibumi Shade, LLC

**(Assignee)**

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1                                                    EPAS ID: PAT4547643
Stylesheet Version v1.2

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT |

### CONVEYING PARTY DATA

| Name | Execution Date |
|---|---|
| DANE BROOKS BARNES | 08/08/2017 |
| ALEXANDER GRIFFITH SLATER | 08/08/2017 |
| SCOTT CHRISTIAN BARNES | 08/08/2017 |

### RECEIVING PARTY DATA

| | |
|---|---|
| Name: | SHIBUMI SHADE, LLC |
| Street Address: | 614 HOLDEN ST |
| City: | RALEIGH |
| State/Country: | NORTH CAROLINA |
| Postal Code: | 27604-1949 |

### PROPERTY NUMBERS Total: 1

| Property Type | Number |
|---|---|
| Application Number: | 15675715 |

### CORRESPONDENCE DATA

**Fax Number:**

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| Phone: | 919-348-2194 |
| Email: | lgravatt@nkpatentlaw.com |
| Correspondent Name: | NK PATENT LAW |
| Address Line 1: | 4917 WATERS EDGE DRIVE |
| Address Line 2: | SUITE 275 |
| Address Line 4: | RALEIGH, NORTH CAROLINA 27606 |

| ATTORNEY DOCKET NUMBER: | 785/2 UTIL |
|---|---|
| NAME OF SUBMITTER: | WILLIAM LYLE GRAVATT |
| SIGNATURE: | /William Lyle Gravatt/ |
| DATE SIGNED: | 08/12/2017 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

**Total Attachments: 3**
source=785-2UTIL-20170812-Dec-Asssign-signed#page1.tif
source=785-2UTIL-20170812-Dec-Asssign-signed#page2.tif

source=785-2UTIL-20170812-Dec-Asssign-signed#page3.tif

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 03/31/2021. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Title | SHADING SYSTEM AND METHOD OF USE |
| Art Unit | To Be Assigned |
| Examiner Name | To Be Assigned |
| Attorney Docket Number | S105508 1010US.C5 (0014.6) |

## SIGNATURE of Applicant or Patent Practitioner

| Signature | /lauren f. anderson/ | Date (Optional) | |
|---|---|---|---|
| Name | Lauren F. Anderson | Registration Number | 69,344 |
| Title (if Applicant is a juristic entity) | | | |

| Applicant Name (if Applicant is a juristic entity) | Shibumi Shade, Inc. |
|---|---|

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 03/31/2021. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in __either__ the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
|  |  |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[✔] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:

26158

**OR**

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[✔] The address associated with the above-mentioned Customer Number

**OR**

[ ] The address associated with Customer Number:

**OR**

| [ ] Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

## SHIBUMI SHADE, INC.

[ ] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[✔] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

### SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | 4/14/2020 |
|---|---|---|---|
| Name | Dane Barnes | | |
| Title | President | | |

**NOTE:** Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/AIA/96 (08-12)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

Applicant/Patent Owner: Shibumi Shade, Inc.

Application No./Patent No.: To Be Assigned _____ Filed/Issue Date: Concurrently Herewith

Titled: SHADING SYSTEM AND METHOD OF USE

Shibumi Shade, Inc. _____ , a Corporation _____

(Name of Assignee)                    (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that, for the patent application/patent identified above, it is (choose **one** of options 1, 2, 3 or 4 below):

1. [✔] The assignee of the entire right, title, and interest.

2. [ ] An assignee of less than the entire right, title, and interest (check applicable box):

 [ ] The extent (by percentage) of its ownership interest is _____%. Additional Statement(s) by the owners holding the balance of the interest must be submitted to account for 100% of the ownership interest.

 [ ] There are unspecified percentages of ownership. The other parties, including inventors, who together own the entire right, title and interest are:

 Additional Statement(s) by the owner(s) holding the balance of the interest must be submitted to account for the entire right, title, and interest.

3. [ ] The assignee of an undivided interest in the entirety (a complete assignment from one of the joint inventors was made). The other parties, including inventors, who together own the entire right, title, and interest are:

 Additional Statement(s) by the owner(s) holding the balance of the interest must be submitted to account for the entire right, title, and interest.

4. [ ] The recipient, via a court proceeding or the like (*e.g.*, bankruptcy, probate), of an undivided interest in the entirety (a complete transfer of ownership interest was made). The certified document(s) showing the transfer is attached.

The interest identified in option 1, 2 or 3 above (not option 4) is evidenced by either (choose **one** of options A or B below):

A. [ ] An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in the United States Patent and Trademark Office at Reel _____, Frame _____, or for which a copy thereof is attached.

B. [✔] A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

 1. From: Barnes; Slater; Barnes To: Shibumi Shade, LLC

 The document was recorded in the United States Patent and Trademark Office at

 Reel 043276 , Frame 0936 , or for which a copy thereof is attached.

 2. From: Shibumi Shade, LLC To: Shibumi Shade, Inc.

 The document was recorded in the United States Patent and Trademark Office at

 Reel 052350 , Frame 0912 , or for which a copy thereof is attached.

[Page 1 of 2]

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/96 (08-12)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## <u>STATEMENT UNDER 37 CFR 3.73(c)</u>

3. From: _____ To: _____

      The document was recorded in the United States Patent and Trademark Office at

      Reel _____, Frame _____, or for which a copy thereof is attached.

4. From: _____ To: _____

      The document was recorded in the United States Patent and Trademark Office at

      Reel _____, Frame _____, or for which a copy thereof is attached.

5. From: _____ To: _____

      The document was recorded in the United States Patent and Trademark Office at

      Reel _____, Frame _____, or for which a copy thereof is attached.

6. From: _____ To: _____

      The document was recorded in the United States Patent and Trademark Office at

      Reel _____, Frame _____, or for which a copy thereof is attached.

☐    Additional documents in the chain of title are listed on a supplemental sheet(s).

☐    As required by 37 CFR 3.73(c)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

   [NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

| /lauren f. anderson/ | June 9, 2021 |
|---|---|
| Signature | Date |
| Lauren F. Anderson | 69,344 |
| Printed or Typed Name | Title or Registration Number |

[Page 2 of 2]

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Attorney's Docket No. **S105508 1010US.C5 (0014.6)**     PATENT

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | *To Be Assigned* |
| Appl. No.: | *To Be Assigned* | Group Art Unit: | *To Be Assigned* |
| Filed: | *Concurrently Herewith* | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### INFORMATION DISCLOSURE STATEMENT
### CITATION UNDER 37 C.F.R. § 1.97

Sir:

Attached is a list of documents on form PTO-1449.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

Any foreign patents or non-patent literature documents items are attached, except those that were supplied in, or cited by the Office during prosecution of, parent Application No. 17/232,799, filed April 16, 2021. Since the benefit of this application was claimed under 35 U.S.C. 120, no copies need to be furnished in accordance with 37 C.F.R. 1.98(d); however, copies will be furnished on request.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 9, 2021.*

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | **Complete if Known** | |
|---|---|---|
| | Application Number | *To Be Assigned* |
| | Filing Date | *Concurrently Herewith* |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | *To Be Assigned* |
| | Examiner Name | *To Be Assigned* |

| Sheet | 1 | of | 2 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |
|---|---|---|---|---|---|

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-3,042,053 | 07-03-1962 | Gabriel | |
| | 2 | US-3,070,107 | 12-25-1962 | Beatty | |
| | 3 | US-3,075,536 | 01-29-1963 | Parker | |
| | 4 | US-3,394,720 | 07-30-1968 | Moss | |
| | 5 | US-4,590,956 | 05-27-1986 | Griesenbeck | |
| | 6 | US-4,930,534 | 06-05-1990 | Hill | |
| | 7 | US-5,080,123 | 01-14-1992 | Stein | |
| | 8 | US-5,299,590 | 08-05-1994 | Deibert *et al.* | |
| | 9 | US-5,927,311 | 07-27-1999 | Jager | |
| | 10 | US-5,950,649 | 09-14-1999 | Gerig | |
| | 11 | US-6,964,277 | 11-15-2005 | Naber | |
| | 12 | US-7,406,977 | 08-05-2008 | Shires | |
| | 13 | US-7,708,339 | 05-04-2010 | Zapater | |
| | 14 | US-7,789,097 | 09-07-2010 | Sotirkys *et al.* | |
| | 15 | US-8,424,549 | 04-23-2013 | Goldsmith *et al.* | |
| | 16 | US-8,453,664 | 06-04-2013 | Parsons *et al.* | |
| | 17 | US-8,720,461 | 05-13-2014 | Nichols | |
| | 18 | US-8,899,251 | 12-02-2014 | Leung *et al.* | |
| | 19 | US-9,051,755 | 06-09-2015 | Heining *et al.* | |
| | 20 | US-9,051,756 | 06-09-2015 | Jenkins | |
| | 21 | US-9,113,724 | 08-25-2015 | Heining *et al.* | |
| | 22 | US-2003/0089390 | 05-15-2003 | Seo | |
| | 23 | US-2007/0079857 | 04-12-2007 | Tseng | |
| | 24 | US-2012/0291830 | 11-22-2012 | Crimi | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

WBD (US) 52400642v1

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 9, 2021.*

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 48 of 423

| | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | Application Number | *To Be Assigned* | |
| | | | Filing Date | *Concurrently Herewith* | |
| | | | First Named Inventor | Dane Brooks Barnes | |
| | | | Art Unit | *To Be Assigned* | |
| | | | Examiner Name | *To Be Assigned* | |
| Sheet | 2 | of | 2 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |

## U. S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| | 25 | US-2013/0074894 | 03-28-2013 | Cook | |
| | 26 | US-2014/0041703 | 02-13-2014 | Funston | |
| | 27 | US-2014/0209132 | 07-31-2014 | Landry | |
| | 28 | US-2015/0040957 | 02-12-2015 | Mallookis *et al.* | |
| | 29 | US-2015/0252585 | 09-10-2015 | Mallookis *et al.* | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 30 | WO 02/04768 | 01-17-2002 | Selby | | |
| | 31 | FR 2 884 844 | 04-26-2005 | Cahours De Virgile | | |
| | 32 | DE 10 2009 020 795 | 11-04-2010 | Schmidt | | |

## OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 33 | YouTube video by Robert Marazzita: The Best Beach Cabana – Set Up and Tear Down, July 9, 2015, [site visited August 8, 2017], Available on the Internet URL: <https:www.youtube.com/watch?v=LfccH7yV6SE>. | |
| | 34 | YouTube video by Robb's Homemade Life: Make $15 Beach Shade tent Easy Quick DIY, October 6, 2015 [site visited August 8, 2017] Available on the internet URL: <www.youtube.com/watch?v+X20b4pLJx1c> | |
| | 35 | YouTube video by Beachspirit: Kitent (R) - the Floating beach tent for sun shade, October 8, 2016 [site visited August 8, 2017] Available on the internet URL: <https://m.youtube.com/watch?v=OUaDZeqdTkQ> | |
| | 36 | YouTube video by ZiggyShade Beach Sunshade: ZiggyShade – Beach Sunshade – Set up instructions, November 24, 2016 [site visited August 8, 2017] Available on the internet URL: <https://youtu.be/1krQ0rlumws> | |
| | 37 | YouTube video by bibitedog: How to set up a butterfly arch, May 26, 2012 [site visited December 18, 2018] Available on the internet URL: <https://www.youtube.com/watch?v=FOTYtjQAL4s> | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 9, 2021.*

WBD (US) 52400642v1

# CERTIFICATION AND REQUEST FOR PRIORITIZED EXAMINATION
## UNDER 37 CFR 1.102(e) (Page 1 of 1)

| First Named Inventor: | Dane Brooks Barnes | Nonprovisional Application Number (if known): | |
|---|---|---|---|
| Title of Invention: | SHADING SYSTEM AND METHOD OF USE | | |

**APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS PRIORITIZED EXAMINATION FOR THE ABOVE-IDENTIFIED APPLICATION.**

1. The processing fee set forth in 37 CFR 1.17(i)(1) and the prioritized examination fee set forth in 37 CFR 1.17(c) have been filed with the request. The publication fee requirement is met because that fee, set forth in 37 CFR 1.18(d), is currently $0. The basic filing fee, search fee, and examination fee are filed with the request or have been already been paid. I understand that any required excess claims fees or application size fee must be paid for the application.

2. I understand that the application may not contain, or be amended to contain, more than four independent claims, more than thirty total claims, or any multiple dependent claims, and that any request for an extension of time will cause an outstanding Track I request to be dismissed.

3. The applicable box is checked below:

   I.   ☑ **Original Application (Track One) - Prioritized Examination under § 1.102(e)(1)**

   i.   (a) The application is an original nonprovisional utility application filed under 35 U.S.C. 111(a). This certification and request is being filed with the utility application via EFS-Web.
        ---OR---
        (b) The application is an original nonprovisional plant application filed under 35 U.S.C. 111(a). This certification and request is being filed with the plant application in paper.

   ii.  An executed inventor's oath or declaration under 37 CFR 1.63 or 37 CFR 1.64 for each inventor, **or** the application data sheet meeting the conditions specified in 37 CFR 1.53(f)(3)(i) is filed with the application.

   II.  ☐ **Request for Continued Examination - Prioritized Examination under § 1.102(e)(2)**

   i.   A request for continued examination has been filed with, or prior to, this form.
   ii.  If the application is a utility application, this certification and request is being filed via EFS-Web.
   iii. The application is an original nonprovisional utility application filed under 35 U.S.C. 111(a), or is a national stage entry under 35 U.S.C. 371.
   iv.  This certification and request is being filed prior to the mailing of a first Office action responsive to the request for continued examination.
   v.   No prior request for continued examination has been granted prioritized examination status under 37 CFR 1.102(e)(2).

| Signature /lauren f. anderson/ | Date June 9, 2021 |
|---|---|
| Name (Print/Typed) Lauren F. Anderson | Practitioner Registration Number 69,344 |

***Note:*** *This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required.* *

☐   *Total of _____ forms are submitted.

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PTO/SB/17i (10-20)
Approved for use through 12/31/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# PROCESSING FEE
## Under 37 CFR 1.17(i)
## TRANSMITTAL
(Fees are subject to annual revision)

**Send completed form to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450**

| | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Art Unit | To Be Assigned |
| Examiner Name | To Be Assigned |
| Practitioner Docket No. | S105508 1010US.C5 (0014.6) |

Enclosed is a paper filed under 37 CFR <u>1.102(e)</u> that requires a processing fee (37 CFR 1.17(i)(1) or (2)).

Payment of $ <u>70</u> is enclosed.

This form should be included with the above-mentioned paper and faxed or mailed to the Office using the appropriate Mail Stop, if applicable. *For transmittal of petition fees under 37 CFR 1.17(f), (g) or (h), see form PTO/SB/17p or PTO/AIA/17p, as applicable.*

[✔] Applicant asserts small entity status. See 37 CFR 1.27.

[ ] Applicant certifies micro entity status. See 37 CFR 1.29.
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

**Payment of Fees**

[✔] The Commissioner is hereby authorized to charge the following fees to Deposit Account No. <u>09-0528</u>:

  [✔] processing fee under 37 CFR 1.17(i)(1)  [ ] processing fee under 37 CFR 1.17(i)(2)  [ ] any deficiency of fees and credit of any overpayments

[ ] Check in the amount of $ _____ is enclosed.  [✔] Payment via EFS-Web.

[ ] Payment by credit card (Form PTO-2038 or equivalent is enclosed). Do not provide credit card information on this form.

## Processing Fees Under 37 CFR 1.17(i)(1):

**Undiscounted Fee $140 (Fee Code 1053)      Small Entity Fee $70 (Fee Code 2053)      Micro Entity Fee $35 (Fee Code 3053)**

For papers filed under:
§ **1.28(c)(3)** - for processing a non-itemized fee deficiency based on an error in small entity status.
§ **1.29(k)(3)** - for processing a non-itemized fee deficiency based on an error in micro entity status.
§ **1.41(b)** - for supplying the name or names of the inventor or joint inventors in an application without either an application data sheet or the inventor's oath or declaration, except in provisional applications.
§ **1.48** - for correcting inventorship, except in provisional applications.
§ **1.52(d)** - for processing a nonprovisional application filed with a specification in a language other than English.
§ **1.53(c)(3)** - to convert a provisional application filed under § 1.53(c) into a nonprovisional application under § 1.53(b).
§ **1.71(g)(2)** - for processing a belated amendment under § 1.71(g).
§ **1.102(e)** - for requesting prioritized examination of an application.
§ **1.103(b)** - for requesting limited suspension of action, continued prosecution application for a design patent (§ 1.53(d)).
§ **1.103(c)** - for requesting limited suspension of action, request for continued examination (§ 1.114).
§ **1.103(d)** - for requesting deferred examination of an application.
§ **1.291(c)(5)** - for processing a second or subsequent protest by the same real party in interest.
§ **3.81** - for a patent to issue to assignee, assignment submitted after payment of the issue fee.

## Processing Fees Under 37 CFR 1.17(i)(2):

**Fee $140 (small and micro entity discounts are not available for the 37 CFR 1.17(i)(2) processing fee)** For papers filed under:
§ **1.217** - for processing a redacted copy of a paper submitted in the file of an application in which a redacted copy was submitted for the patent application publication. **FEE CODE 1808**
§ **1.221** - for requesting voluntary publication or republication of an application. **FEE CODE 1803**

**SUBMITTED BY**

| | | | |
|---|---|---|---|
| Signature | /lauren f. anderson/ | Registration No. (Attorney/Agent) 69,344 | Telephone (919) 755-2100 |
| Name (Print/Type) | Lauren F. Anderson | | Date June 9, 2021 |

This collection of information is required by 37 CFR 1.17. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 5 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | *To Be Assigned* |
| Appl. No.: | *To Be Assigned* | Group Art Unit: | *To Be Assigned* |
| Filed: | *Concurrently Herewith* | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:   S105508 1010US.C5 (0014.6)
Customer No.:   26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### PRELIMINARY AMENDMENT
### 37 CFR § 1.115

Sir:

Please enter this Preliminary Amendment before calculating the claim fee and amend the above-identified application as follows:

**Amendments to the Specification** begin on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 3 of this paper.

**Remarks** begin on page 5 of this paper.

WBD (US) 52400663v1

Case 5:24-cv-00588-FL      Document 28-8      Filed 03/23/26      Page 54 of 423

Amendments to the Specification:

On page 1, after the title of the invention, please amend the following paragraph:

CROSS-REFERENCE TO RELATED APPLICATIONS

This application is a continuation of U.S. Application No. 17/232,799 filed April 16, 2021, which is a continuation of U.S. Application No. 16/987,886, filed August 7, 2020, which is a continuation of U.S. Patent No. 16/224,465, filed December 18, 2018, which granted August 25, 2020 as U.S. Patent No. 10,753,117, which is a continuation of U.S. Application No. 15/675,715, filed August 12, 2017, which granted January 29, 2019 as U.S. Patent No. 10,190,330, which is a non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, ~~the contents of which are hereby incorporated by reference in its entirety~~ which applications are hereby incorporated by reference in their entirety in this application.

Amendments to the Claims:

1. – 20.      (Canceled)

21.      (New)  A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, an end of the frame being embedded in the surface and at least one of the plurality of sections forming a non-co-extensive angle in the supporting configuration; and

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface.

22.      (New)  The system of claim 21, wherein, in the supporting configuration, a first section of the frame is embedded in the surface and a second section is engaged with the first section so that the second section is arranged at the non-co-extensive angle with respect to an axis of the first section, and wherein, in the supporting configuration, the suspension end of the canopy is engageable with the second section.

23.      (New)  The system of claim 21, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

24.      (New)  The system of claim 23, wherein the plurality of coupled sections are selectively engageable sections.

WBD (US) 52400663v1

25.     (New)  The system of claim 21, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

26.     (New)  The system of claim 21, further comprising a cable extending through at least one of the plurality of sections of the frame.

27.     (New)  The system of claim 21, wherein the non-co-extensive angle is an oblique angle in the supporting configuration.

28.     (New)  The system of claim 22, wherein another one of the plurality of sections forms a another non-co-extensive angle in the supporting configuration, wherein the other non-coextensive angle is an acute angle in the supporting configuration.

29.     (New)  The system of claim of claim 21, wherein the canopy has at least one set of parallel sides.

30.     (New)  The system of claim 29, wherein the canopy has two sets of parallel sides.

31.     (New)  The system of claim 21, wherein the frame is directly embedded in the surface.

32.     (New)  The system of claim 21, wherein the canopy is supportable by the frame and totally supportable by the wind in the first configuration for providing shade to the surface.

WBD (US) 52400663v1

## REMARKS

With this preliminary amendment, claims 1-20 are canceled and claims 21-32 are added. No new matter is added by way of this amendment. Claims 21-32 are pending.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON JUNE 9, 2021.**

WBD (US) 52400663v1

# Electronic Patent Application Fee Transmittal

| **Application Number:** | |
|---|---|
| **Filing Date:** | |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |

Filed as Small Entity

**Filing Fees for Track I Prioritized Examination - Nonprovisional Application under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| UTILITY FILING FEE (ELECTRONIC FILING) | 4011 | 1 | 80 | 80 |
| UTILITY SEARCH FEE | 2111 | 1 | 350 | 350 |
| UTILITY EXAMINATION FEE | 2311 | 1 | 400 | 400 |
| REQUEST FOR PRIORITIZED EXAMINATION | 2817 | 1 | 2100 | 2100 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| PUBL. FEE- EARLY, VOLUNTARY, OR NORMAL | 1504 | 1 | 0 | 0 |
| PROCESSING FEE, EXCEPT PROV. APPLS. | 2830 | 1 | 70 | 70 |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **3000** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 42939998 |
| **Application Number:** | 17343114 |
| **International Application Number:** | |
| **Confirmation Number:** | 8654 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |
| **Receipt Date:** | 09-JUN-2021 |
| **Filing Date:** | |
| **Time Stamp:** | 15:19:08 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $ 3000 |
| RAM confirmation Number | E202169F19352425 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Transmittal of New Application | S105508_1010US_C5_0014_6_ Utility_Transmittal.pdf | 298956 / 8915d154f63886f205da6bcf7e5d52ec15d1 38c1 | no | 2 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Fee Worksheet (SB06) | S105508_1010US_C5_0014_6_ Fee_Transmittal.pdf | 315860 / c951fbd45233de21695b9a3518eca386998 3a14c | no | 2 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 3 | Application Data Sheet | S105508_1010US_C5_0014_6_ ADS.pdf | 1256572 / 7f5c970d0a05b34a603dff91476b3a009054 842a | no | 9 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 4 | | S105508_1010US_C5_0014_6_ Application_from_parent.PDF | 878328 / deb461e0ae0a21440976242d6fc6584d094 38f05 | yes | 15 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | **Document Description** | **Start** | | **End** |
| | Specification | 1 | | 11 |
| | Claims | 12 | | 14 |
| | Abstract | 15 | | 15 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 5 | Drawings-only black and white line drawings | S105508_1010US_C5_0014_6_ Drawings_from_parent.PDF | 438792 / 7632202c1b363db7c534d388bf09f7da077 6bcec | no | 7 |

| | | | | | |
|---|---|---|---|---|---|
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 6 | Oath or Declaration filed | S105508_1010US_C5_0014_6_Declaration_from_parent.PDF | 339628<br>c7fd3f4e6f2fdb60328997ba0b342a50d7db5209 | no | 5 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 7 | Power of Attorney | S105508_1010US_C5_0014_6_POA.pdf | 390473<br>a29eafd73e322214b6177b5dfc7b982c42934d02 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 8 | Assignee showing of ownership per 37 CFR 3.73 | S105508_1010US_C5_0014_6_Stmt_373.PDF | 202019<br>7becc23b3f3e24fc363767a51da1aab0af14931c | no | 3 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 9 | Transmittal Letter | S105508_1010US_C5_0014_6_IDS_Cover.pdf | 124560<br>5ef52d09b176f232beb0e62cffed1daf1d1e319c | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 10 | Information Disclosure Statement (IDS) Form (SB08) | S105508_1010US_C5_0014_6_IDS_1449.pdf | 163013<br>be1c214ebf6b9cb8cd8c5c828439029ac3762630 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| This is not an USPTO supplied IDS fillable form | | | | | |
| 11 | TrackOne Request | S105508_1010US_C5_0014_6_TrackOne.pdf | 129228<br>8a192ae3f351aafb82e1c6421cf94c7ff6801772 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 12 | Fee Worksheet (SB06) | S105508_1010US_C5_0014_6_Processing_Fee_Transmittal.pdf | 242746<br>07d55dfaf37c9a5b0b955f73fd7e8ecf823d64a2 | no | 2 |
| **Warnings:** | | | | | |

**Information:**

| 13 | | S105508_1010US_C5_0014_6_Preliminary_Amendment.pdf | 112336 <br><br> 2dbd7116cf63f9503e8c48d510bc193f5370c871 | yes | 5 |
|---|---|---|---|---|---|

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Preliminary Amendment | 1 | 1 |
| Specification | 2 | 2 |
| Claims | 3 | 4 |
| Applicant Arguments/Remarks Made in an Amendment | 5 | 5 |

**Warnings:**

**Information:**

| 14 | Fee Worksheet (SB06) | fee-info.pdf | 39911 <br><br> 790feb27a52747f78e57c91886e938f0d7242c72 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | Total Files Size (in bytes): | 4932422 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

**Application or Docket Number**
17/343,114

## APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | 80 | | N/A | |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | 350 | | N/A | |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | 400 | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 12 minus 20 = | * | x 50 = | 0.00 | OR | | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 1 minus 3 = | * | x 240 = | 0.00 | | | |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | 0.00 | | | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | 0.00 | | | |

\* If the difference in column 1 is less than zero, enter "0" in column 2.

| | TOTAL | | | OTHER THAN TOTAL |
|---|---|---|---|---|
| | 830 | | | |

## APPLICATION AS AMENDED - PART II

### AMENDMENT A

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | TOTAL ADD'L FEE | | | | | | | OR | TOTAL ADD'L FEE | |

### AMENDMENT B

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | TOTAL ADD'L FEE | | | | | | | OR | TOTAL ADD'L FEE | |

   \* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
  \*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
   The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | 3636 | 830 | S105508 1010US.C5 (0014.6 | 12 | 1 |

**CONFIRMATION NO. 8654**

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

**FILING RECEIPT**

OC000000126401086

Date Mailed: 06/21/2021

Receipt is acknowledged of this non-provisional utility patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF FIRST INVENTOR, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection.

**Please verify the accuracy of the data presented on this receipt.** If an error is noted on this Filing Receipt, please submit a written request for a corrected Filing Receipt, including a properly marked-up ADS showing the changes with strike-through for deletions and underlining for additions. If you received a "Notice to File Missing Parts" or other Notice requiring a response for this application, please submit any request for correction to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections provided that the request is grantable.

**Inventor(s)**
Dane Brooks Barnes, Raleigh, NC;
Alexander Griffith Slater, Raleigh, NC;
Scott Christian Barnes, Raleigh, NC;

**Applicant(s)**
Shibumi Shade, Inc., Raleigh, NC;

**Power of Attorney:** The patent practitioners associated with Customer Number 26158

**Domestic Priority data as claimed by applicant**
This application is a CON of 17/232,799 04/16/2021
which is a CON of 16/987,886 08/07/2020
which is a CON of 16/224,465 12/18/2018 PAT 10753117
which is a CON of 15/675,715 08/12/2017 PAT 10190330
which claims benefit of 62/409,426 10/18/2016

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** Yes

page 1 of 4

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 06/17/2021
The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 17/343,114**
**Projected Publication Date:** 09/23/2021
**Non-Publication Request:** No
**Early Publication Request:** No
**\*\* SMALL ENTITY \*\***
**Title**

SHADING SYSTEM AND METHOD OF USE

**Preliminary Class**

135

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative,

this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

### NOT GRANTED

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop

technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

Doc Code: ECOMM.AUTH/ECOMM.WTDW

Doc Description: Internet Communications Authorized/Internet Communications Authorization Withdrawn

PTO/SB/439 (11-15)

| AUTHORIZATION FOR INTERNET COMMUNICATIONS IN A PATENT APPLICATION OR REQUEST TO WITHDRAW AUTHORIZATION FOR INTERNET COMMUNICATIONS | | |
|---|---|---|
| | Application No. | 17/343,114 |
| | Filing Date | June 9, 2021 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | To Be Assigned |
| | Practitioner Docket No. | S105508 1010US.C5 (0014.6) |

To:     Commissioner for Patents
        P.O. Box 1450
        Alexandria, VA 22313-1450

**I. To authorize permission for Internet Communications.**

[✔]   Recognizing that Internet communications are not secure, I hereby authorize the USPTO to communicate with the undersigned and practitioners in accordance with 37 CFR 1.33 and 37 CFR 1.34 concerning any subject matter of this application via video conferencing, instant messaging, or electronic mail. I understand that a copy of these communications will be made of record in the application file. (MPEP 502.03)

**II. To withdraw authorization for Internet Communications.**

[ ]   The authorization given on _____, to the USPTO to communicate with the undersigned and any practitioner in accordance with 37 CFR 1.33 and 37 CFR 1.34 concerning any subject matter of this application via Internet communications such as video conferencing, instant messaging, or electronic mail is hereby withdrawn. I understand that the withdrawal is effective when approved rather than when received.

I am the

   [ ]   applicant.

   [✔]   attorney or agent of record. Registration number <u>69,344</u>.

   [ ]   attorney or agent acting under 37 CFR 1.34. Registration number _____.

<u>/lauren f. anderson/</u>      <u>July 29, 2021</u>
   Signature           Date

<u>Lauren F. Anderson</u>       <u>(919) 755-2100</u>
  Typed or printed name       Telephone Number

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Juristic entities must be represented by a patent practitioner (see 37 CFR 1.31, which is applicable to any paper filed on or after September 16, 2012, that is presented on behalf of a juristic entity, regardless of application filing date). Submit multiple forms if more than one signature is required, see below*.

[ ]   * Total of _____ forms are submitted.

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 43379536 |
| **Application Number:** | 17343114 |
| **International Application Number:** | |
| **Confirmation Number:** | 8654 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |
| **Receipt Date:** | 29-JUL-2021 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 16:04:32 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Internet Communications Authorized | S105508_1010US_C5_0014_6_Authorization_Internet_comm.pdf | 88830<br>55aaaffc5732b11503af2029f3ca708c53149568 | no | 2 |

**Warnings:**

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 72 of 423

| Information: | |
|---|---|
| **Total Files Size (in bytes):** | 88830 |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 |

**CONFIRMATION NO. 8654**

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

**PUBLICATION NOTICE**

*OC000000128628928*

**Title:**SHADING SYSTEM AND METHOD OF USE

**Publication No.**US-2021-0293045-A1
**Publication Date:**09/23/2021

# NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Public Records Division. The Public Records Division can be reached by telephone at (571) 272-3150 or (800) 972-6382, by facsimile at (571) 273-3250, by mail addressed to the United States Patent and Trademark Office, Public Records Division, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently https://portal.uspto.gov/pair/PublicPair. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 74 of 423

# UNITED STATES PATENT AND TRADEMARK OFFICE



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| | | | | |
|---|---|---|---|---|
| 26158 | 7590 | 09/29/2021 | | |

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| CENTRAL, DOCKET |

| ART UNIT | PAPER NUMBER |
|---|---|
| OPAP | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/29/2021 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| **Decision Granting Request for Prioritized Examination (Track I)** | Application No. 17/343,114 | Applicant(s) Barnes et al. | |
|---|---|---|---|
| | Examiner CHERYL P GIBSON BAYLOR | Art Unit OPET | AIA (FITF) Status Yes |

1. THE REQUEST FILED <u>09 June 2021</u> IS **GRANTED** .

The above-identified application has met the requirements for prioritized examination
A.  ☑ for an original nonprovisional application (Track I).
B.  ☐ for an application undergoing continued examination (RCE).

2. **The above-identified application will undergo prioritized examination**. The application will be accorded special status throughout its entire course of prosecution until one of the following occurs:

    A.    filing a **petition for extension of time** to extend the time period for filing a reply;

    B.    filing an **amendment to amend the application to contain more than four independent claims, more than thirty total claims** , or a multiple dependent claim;

    C.    filing a **request for continued examination** ;

    D.    filing a notice of appeal;

    E.    filing a request for suspension of action;

    F.    mailing of a notice of allowance;

    G.    mailing of a final Office action;

    H.    completion of examination as defined in 37 CFR 41.102; or

    I.    abandonment of the application.

Telephone inquiries with regard to this decision should be directed to CHERYL GIBSON BAYLOR at (571)272-3213. In his/her absence, calls may be directed to Petition Help Desk at (571) 272-3282.

| /CHERYL GIBSON BAYLOR/ Paralegal Specialist, OPET | |
|---|---|

U.S. Patent and Trademark Office
PTO-2298 (Rev. 02-2012)



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| 26158 | 7590 | 10/29/2021 |
|---|---|---|

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/29/2021 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL.**    2b) ☑ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s)  21-32  is/are pending in the application.
    5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) 21-32 is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a)☐ All    b)☐ Some**    c)☐ None of the:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date 6/9/2021
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

Case 5:24-cv-00588-FL   Document 28-8   Filed 03/23/26   Page 78 of 423

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.       The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.

### *Claim Rejections - 35 USC § 102*

2.       The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.
>
> (a)(2) the claimed invention was described in a patent issued under section 151, or in an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention.

3.       Claims 21-23, 25, and 28-32 are rejected under 35 U.S.C. 102(a)(1) as being

anticipated by Stein in US Patent 5080123.

         a.       Regarding Claim 21, Stein teaches a system for providing shade onto a

surface, the system comprising: a frame including a plurality of sections

(52/50/53) and being maneuverable between a transport configuration (when the

device is "knocked down and stored conveniently in a relatively small space" –

see Column 5, lines 16-17) and a supporting configuration (Fig. 1), an end (the

lower end of 52) of the frame being embedded in the surface and at least one

(50) of the plurality of sections forming a non-co-extensive angle (at 51') in the

supporting configuration; and a canopy (14) extending between a suspension

end (at 50) and an opposing trailing end (at 43), the suspension end of the canopy being engageable (at 30) with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind ("to in effect act like a sail" –see Column 1, lines 31-32) in a first configuration for providing shade to the surface.

b.      Regarding Claim 22, Stein teaches that, in the supporting configuration, a first section (52) of the frame is embedded in the surface and a second section (50) is engaged with the first section so that the second section is arranged at the non-co-extensive angle (at 51') with respect to an axis of the first section, and wherein, in the supporting configuration, the suspension end of the canopy is engageable with the second section.

c.      Regarding Claim 28, Stein teaches that another one (53) of the plurality of sections forms another non-co-extensive angle (at 51' between 50 and 53) in the supporting configuration, wherein the other non-coextensive angle is an acute angle in the supporting configuration.

d.      Regarding Claim 23, Stein teaches that the canopy is unitarily constructed (the rectangular pliable material) or comprises a plurality of coupled sections.

e.      Regarding Claim 25, Stein teaches that the canopy defines one or more vent holes, one or more tails (such as 60/62) extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

f.      Regarding Claim 29, Stein teaches that the canopy has at least one set of parallel sides (16/18).

g.      Regarding Claim 30, Stein teaches that the canopy has two sets (16/18 and 20/22) of parallel sides.

h.      Regarding Claim 31, Stein teaches that the frame is directly embedded in the surface (see Claim 2).

i.      Regarding Claim 32, Stein teaches that the canopy is supportable by the frame and totally supportable by the wind (the ties 60 and 62 merely prevent the shade from flapping wildly in a strong wind – the canopy is supportable by the frame and the wind force) in the first configuration for providing shade to the surface.

### *Claim Rejections - 35 USC § 103*

4.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

5.      Claims 23 and 24 are rejected under 35 U.S.C. 103 as being unpatentable over Stein as applied to Claim 21 above in view of Sotirkys et al. in US Patent 7789097. Stein fails to teach a canopy including a plurality of sections. Sotirkys teaches a canopy (10/80) that comprises a plurality of coupled sections (10 and 80), wherein the plurality of coupled sections are selectively engageable sections (detachable at 85/86). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Stein by using a plurality of sections as taught

by Sotirkys in order to allow the user to select the amount of coverage available under the shelter.

6.      Claims 26 and 27 are rejected under 35 U.S.C. 103 as being unpatentable over Stein as applied to Claim 21 in view of Seo in US Publication 2003/0089390. Stein is silent on the use of a cable in the frame. Seo teaches a frame including a plurality of sections (1A/1B) and further comprising a cable (s) extending through at least one of the plurality of sections of the frame. Seo further teaches that at least one of the frame sections forms a non-coextensive oblique angle (at c) when in a supporting configuration. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Stein by adding a cable extending through the sections of the frame as taught by Seo in order to prevent the user from losing a section of the frame when it is collapsed and to use an oblique angle to provide more area under the canopy.


## *Conclusion*

7.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

        Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | Examiner | Art Unit |
| | NOAH C HAWK | 3636 |

**CPC - Searched\***

| Symbol | Date | Examiner |
|---|---|---|
| E04H 15/326, 15/003, 12/22 | 10/26/2021 | NCH |
| | | |

**CPC Combination Sets - Searched\***

| Symbol | Date | Examiner |
|---|---|---|
| | | |

**US Classification - Searched\***

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 135 | 119, 118 115, 120.1, 114, 127 | 10/26/2021 | NCH |
| 40 | 214,606.11, 217, 412 | 10/26/2021 | NCH |
| 160 | 135,350,351,352, 377 | 10/26/2021 | NCH |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

**Search Notes**

| Search Notes | Date | Examiner |
|---|---|---|
| Considered IDS filed 6/9/2021 | 10/26/2021 | NCH |
| Performed inventor name search in DAV | 10/26/2021 | NCH |
| Considered and updated search history for parent application 16/987886 | 10/26/2021 | NCH |
| Please see PE2E search history | 10/26/2021 | NCH |

| | |
|---|---|
| | |

<table>
<tr><td rowspan="2"><strong>Search Notes</strong><br><br>||||||||||||||||||</td><td colspan="1"><strong>Application/Control No.</strong><br><br>17/343,114</td><td><strong>Applicant(s)/Patent Under Reexamination</strong><br><br>Barnes et al.</td></tr>
<tr><td><strong>Examiner</strong><br><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br><br>3636</td></tr>
</table>

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
|  |  |  |  |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 85 of 423

<table>
<tr><td rowspan="2"><strong>Index of Claims</strong></td><td colspan="2"><strong>Application/Control No.</strong></td><td><strong>Applicant(s)/Patent Under Reexamination</strong></td></tr>
</table>

| **Index of Claims** | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| ✓ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

## CLAIMS

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | | | | | | | | |
| | 1 | - | | | | | | | | |
| | 2 | - | | | | | | | | |
| | 3 | - | | | | | | | | |
| | 4 | - | | | | | | | | |
| | 5 | - | | | | | | | | |
| | 6 | - | | | | | | | | |
| | 7 | - | | | | | | | | |
| | 8 | - | | | | | | | | |
| | 9 | - | | | | | | | | |
| | 10 | - | | | | | | | | |
| | 11 | - | | | | | | | | |
| | 12 | - | | | | | | | | |
| | 13 | - | | | | | | | | |
| | 14 | - | | | | | | | | |
| | 15 | - | | | | | | | | |
| | 16 | - | | | | | | | | |
| | 17 | - | | | | | | | | |
| | 18 | - | | | | | | | | |
| | 19 | - | | | | | | | | |
| | 20 | - | | | | | | | | |
| | 21 | ✓ | | | | | | | | |
| | 22 | ✓ | | | | | | | | |
| | 23 | ✓ | | | | | | | | |
| | 24 | ✓ | | | | | | | | |
| | 25 | ✓ | | | | | | | | |
| | 26 | ✓ | | | | | | | | |
| | 27 | ✓ | | | | | | | | |
| | 28 | ✓ | | | | | | | | |
| | 29 | ✓ | | | | | | | | |
| | 30 | ✓ | | | | | | | | |
| | 31 | ✓ | | | | | | | | |
| | 32 | ✓ | | | | | | | | |

# Bibliographic Data

Application No: **17/343,114**

Foreign Priority claimed: ◯ Yes ⦿ No

35 USC 119 (a-d) conditions met: ☐ Yes ☑ No ☐ Met After Allowance

Verified and Acknowledged:

| /Noah Chandler Hawk/ | NCH |
|---|---|
| Examiner's Signature | Initials |

Title: SHADING SYSTEM AND METHOD OF USE

| FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/09/2021 **RULE** | 135 | 3636 | S105508 1010US.C5 (0014.6 |

**APPLICANTS**

Shibumi Shade, Inc., Raleigh, NC,

**INVENTORS**

Dane Brooks Barnes, Raleigh, NC, UNITED STATES

Alexander Griffith Slater, Raleigh, NC, UNITED STATES

Scott Christian Barnes, Raleigh, NC, UNITED STATES

**CONTINUING DATA**

This application is a CON of 17232799 04/16/2021

17232799 is a CON of 16987886 08/07/2020 PAT 11111690

16987886 is a CON of 16224465 12/18/2018 PAT 10753117

16224465 is a CON of 15675715 08/12/2017 PAT 10190330

15675715 has PRO of 62409426 10/18/2016

**FOREIGN APPLICATIONS**

**IF REQUIRED, FOREIGN LICENSE GRANTED\*\***

06/17/2021

**\*\* SMALL ENTITY \*\***

**STATE OR COUNTRY**

UNITED STATES

**ADDRESS**

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037
UNITED STATES

**FILING FEE RECEIVED**

$3,000

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | **Complete if Known** | |
|---|---|---|---|---|
| | | | Application Number | *To Be Assigned* |
| | | | Filing Date | *Concurrently Herewith* |
| | | | First Named Inventor | Dane Brooks Barnes |
| | | | Art Unit | *To Be Assigned* |
| | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 2 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |

| | | | | | | |
|---|---|---|---|---|---|---|
| **U. S. PATENT DOCUMENTS** | | | | | | |
| Examiner Initials* | Cite No. | Document Number<br><br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
| | 1 | US-3,042,053 | 07-03-1962 | Gabriel | |
| | 2 | US-3,070,107 | 12-25-1962 | Beatty | |
| | 3 | US-3,075,536 | 01-29-1963 | Parker | |
| | 4 | US-3,394,720 | 07-30-1968 | Moss | |
| | 5 | US-4,590,956 | 05-27-1986 | Griesenbeck | |
| | 6 | US-4,930,534 | 06-05-1990 | Hill | |
| | 7 | US-5,080,123 | 01-14-1992 | Stein | |
| | 8 | US-5,299,590 | 08-05-1994 | Deibert *et al.* | |
| | 9 | US-5,927,311 | 07-27-1999 | Jager | |
| | 10 | US-5,950,649 | 09-14-1999 | Gerig | |
| | 11 | US-6,964,277 | 11-15-2005 | Naber | |
| | 12 | US-7,406,977 | 08-05-2008 | Shires | |
| | 13 | US-7,708,339 | 05-04-2010 | Zapater | |
| | 14 | US-7,789,097 | 09-07-2010 | Sotirkys *et al.* | |
| | 15 | US-8,424,549 | 04-23-2013 | Goldsmith *et al.* | |
| | 16 | US-8,453,664 | 06-04-2013 | Parsons *et al.* | |
| | 17 | US-8,720,461 | 05-13-2014 | Nichols | |
| | 18 | US-8,899,251 | 12-02-2014 | Leung *et al.* | |
| | 19 | US-9,051,755 | 06-09-2015 | Heining *et al.* | |
| | 20 | US-9,051,756 | 06-09-2015 | Jenkins | |
| | 21 | US-9,113,724 | 08-25-2015 | Heining *et al.* | |
| | 22 | US-2003/0089390 | 05-15-2003 | Seo | |
| | 23 | US-2007/0079857 | 04-12-2007 | Tseng | |
| | 24 | US-2012/0291830 | 11-22-2012 | Crimi | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/26/2021 |
|---|---|---|---|

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 9, 2021.*

WBD (US) 52400642v1

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | Complete if Known | |
|---|---|---|---|---|
| | | | Application Number | *To Be Assigned* |
| | | | Filing Date | *Concurrently Herewith* |
| | | | First Named Inventor | Dane Brooks Barnes |
| | | | Art Unit | *To Be Assigned* |
| | | | Examiner Name | *To Be Assigned* |
| Sheet | 2 | of | 2 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |

### U. S. PATENT DOCUMENTS

| | 25 | US-2013/0074894 | 03-28-2013 | Cook | |
|---|---|---|---|---|---|
| | 26 | US-2014/0041703 | 02-13-2014 | Funston | |
| | 27 | US-2014/0209132 | 07-31-2014 | Landry | |
| | 28 | US-2015/0040957 | 02-12-2015 | Mallookis *et al.* | |
| | 29 | US-2015/0252585 | 09-10-2015 | Mallookis *et al.* | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document  Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 30 | WO 02/04768 | 01-17-2002 | Selby | | |
| | 31 | FR 2 884 844 | 04-26-2005 | Cahours De Virgile | | |
| | 32 | DE 10 2009 020 795 | 11-04-2010 | Schmidt | | |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 33 | YouTube video by Robert Marazzita: The Best Beach Cabana – Set Up and Tear Down, July 9, 2015, [site visited August 8, 2017], Available on the Internet URL: <https:www.youtube.com/watch?v=LfccH7yV6SE>. | |
| | 34 | YouTube video by Robb's Homemade Life: Make $15 Beach Shade tent Easy Quick DIY, October 6, 2015 [site visited August 8, 2017] Available on the internet URL: <www.youtube.com/watch?v+X20b4pLJx1c> | |
| | 35 | YouTube video by Beachspirit: Kitent (R) - the Floating beach tent for sun shade, October 8, 2016 [site visited August 8, 2017] Available on the internet URL: <https://m.youtube.com/watch?v=OUaDZeqdTkQ> | |
| | 36 | YouTube video by ZiggyShade Beach Sunshade: ZiggyShade – Beach Sunshade – Set up instructions, November 24, 2016 [site visited August 8, 2017] Available on the internet URL: <https://youtu.be/1krQ0rlumws> | |
| | 37 | YouTube video by bibitedog: How to set up a butterfly arch, May 26, 2012 [site visited December 18, 2018] Available on the internet URL: <https://www.youtube.com/watch?v=FOTYtjQAL4s> | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/26/2021 |
|---|---|---|---|

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 9, 2021.*

WBD (US) 52400642v1

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

# PE2E SEARCH - Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | British Equivalents | Time Stamp |
|---|---|---|---|---|---|---|---|
| L155 | 161 | e04h2015/326.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L156 | 1058 | 135/119.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L157 | 860 | 135/118.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L158 | 1187 | 135/115,120.1.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L159 | 1203 | e04H15/003.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L160 | 521 | 135/114.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L161 | 116 | 135/127.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L162 | 4260 | L156 L157 L158 L160 L161 L159 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L163 | 289 | 40/214,606.11,217.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L164 | 237 | 40/412.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L165 | 2205 | 160/135,350,351,352,377.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L166 | 6916 | L162 L163 L164 L165 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L167 | 704 | e04h12/22.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L168 | 7748 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L169 | 8 | L168 and @pd>"20200107" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L170 | 4 | (15/675715 \| 16/224465).APP. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/06/10 12:16 PM |
| L171 | 8267 | L155 L166 L167 | (US-PGPUB; USPAT; | OR | OFF | OFF | 2021/06/10 |

10/26/2021 04:11:01 PM Case 5:24-cv-00588-FL  Document 28-8  Filed 03/23/26  Page 91 of 423 Page 1 of 4

Workspace: 17343114 - Shading System and Method of Use  NH

| | | | | | | | | 12:16 PM |
|---|---|---|---|---|---|---|---|---|
| L173 | 57 | L171 AND @pd>"20200416" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/10 12:18 PM |
| L174 | 2 | "16987886" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/10 12:18 PM |
| L175 | 164 | 171 AND (telescop$6) AND bend$4 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/14 12:08 PM |
| L176 | 49 | shibumi | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/06/14 01:06 PM |
| L178 | 8272 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/07/28 03:00 PM |
| L179 | 13 | 178 AND @pd>"20210610" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/07/28 03:00 PM |
| L180 | 4531 | e04h15/30.cpc. e04h15/32.cpc. e04h15/36.cpc. e04h15/44.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L181 | 620 | 180 AND wind | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L182 | 366 | 181 AND (weight anchor) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L183 | 245 | 182 AND (bag sleeve container) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L184 | 10 | shibumi | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/10/22 02:43 PM |
| L189 | 64 | ((US-20140041703-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20120291830-A1 OR US-20100212709-A1 | (USPAT; US-PGPUB; FPRS; USOCR; IBM_TDB; EPO; JPO; DERWENT; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, | OR | ON | ON | 2021/10/25 03:50 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | OR US-20070079857-A1 OR US-20130074894-A1 OR US-20090114260-A1 OR US-20150252585-A1 OR US-20180106064-A1 OR US-20190119942-A1 OR US-20030089390-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210230899-A1 OR US-20210293046-A1).did. AND PGPB.dbnm.) OR ((US-3394720-A OR US-3042053-A OR US-3070107-A OR US-3075536-A OR US-2554688-A OR US-3052249-A).did. AND USOC.dbnm.) OR ((US-8453664-B2 OR US-4739784-A OR US-4881565-A OR US-4930534-A OR US-9482024-B2 OR US-6964277-B2 OR US-5299590-A OR US-5950649-A OR US-7789097-B1 OR US-5080123-A OR US-6286531-B1 OR US-7841356-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-3970096-A OR US-4590956-A OR US-8424549-B1 OR US-7406977-B1 OR US-5823217-A OR US-8899251-B2 OR US-9051755-B2 OR US-9113724-B1 OR US-5345962-A OR US-7708339-B2 OR US-4716918-A OR US-8087423-B2 OR US-9051756-B1 OR US-10190330-B2 OR US-5927311-A OR US-10753117-B2 OR US-11111690-B2).did. AND USPT.dbnm.) OR ((DE- | IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN)) | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011150477-A1).did. AND FPRS.dbnm.) OR ((US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1).did. AND DWPI.dbnm.) | | | | | |
| L191 | 36 | 189 AND strap | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/25 03:50 PM |
| L192 | 4 | "17343114" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/26 04:00 PM |
| L194 | 58 | L171 AND @pd>"20200610" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/10/26 04:09 PM |

## PE2E SEARCH - Search History (Interference)

There are no Interference searches to show.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

| | |
|---|---|
| Application or Docket Number 17/343,114 | Filing Date 06/09/2021 |
| | ☐ To be Mailed |

**ENTITY:** ☐ LARGE  ☑ SMALL  ☐ MICRO

### APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $50 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $240 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED - PART II

| AMENDMENT 01/28/2022 | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * 19 | Minus | ** 20 | = 0 | x $50 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $240 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /ANTJUAN M RIVERA/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:   S105508 1010US.C5 (0014.6)
Customer No.:   26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**RESPONSE UNDER 37 CFR § 1.111**

Sir:

In response to the Office Action dated October 29, 2021, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 7 of this paper.

Amendments to the Claims:

1. – 20.    (Canceled)

21.    (Currently Amended)  A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, an end of the frame being embedded in the surface and at least one of the plurality of sections forming a non-co-extensive angle with at least one other of the plurality of sections in the supporting configuration; and

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface; and

a container capable of both transporting the components of the system therein and acting as an anchor that is coupleable to the frame and engageable with the surface to retain the frame in the supporting configuration.

22.    (Previously Presented)  The system of claim 21, wherein, in the supporting configuration, a first section of the frame is embedded in the surface and a second section is engaged with the first section so that the second section is arranged at the non-co-extensive angle with respect to an axis of the first section, and wherein, in the supporting configuration, the suspension end of the canopy is engageable with the second section.

23.    (Previously Presented)  The system of claim 21, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

WBD (US) 55353450v1

24.    (Previously Presented)  The system of claim 23, wherein the plurality of coupled sections are selectively engageable sections.

25.    (Previously Presented)  The system of claim 21, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

26.    (Previously Presented)  The system of claim 21, further comprising a cable extending through at least one of the plurality of sections of the frame.

27.    (Canceled)

28.    (Canceled)

29.    (Previously Presented)  The system of claim of claim 21, wherein the canopy has at least one set of parallel sides.

30.    (Previously Presented)  The system of claim 29, wherein the canopy has two sets of parallel sides.

31.    (Previously Presented)  The system of claim 21, wherein the frame is directly embedded in the surface.

32.    (Previously Presented)     The system of claim 21, wherein the canopy is supportable by the frame and totally supportable by the wind in the first configuration for providing shade to the surface.

33.    (New)  A system for providing shade onto a surface, the system comprising:

WBD (US) 55353450v1

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, an end of the frame being engageable with the surface and at least one of the plurality of sections forming a non-co-extensive angle with at least one other of the plurality of sections such that the frame is configured to lie within a plane substantially perpendicular to the surface in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that when a wind force is applied to the canopy, the canopy is supportable by the frame at the suspension end and the trailing end of the canopy is at least partially supportable by the wind force at an angle relative to the plane, the angle being non-coplanar with the plane and varying with the wind force for providing shade to the surface;

a cord having a first end and a second end, the first end or the second end of the cord being coupleable to one or both of the frame and the canopy; and

a container capable of both transporting the components of the system and acting as an anchor to retain the frame in the supporting configuration, the container being coupleable to the other of the second end or the first end of the cord and in contact with the surface.

34.    (New)  The system of claim 33, wherein, in the supporting configuration, a first section of the frame is embedded in the surface and a second section is engaged with the first section so that the second section is arranged at the non-co-extensive angle with respect to an axis of the first section, and wherein, in the supporting configuration, the suspension end of the canopy is engageable with the second section.

35.    (New)  The system of claim 33, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

WBD (US) 55353450v1

36.     (New)  The system of claim 33, wherein the canopy has at least one set of parallel sides.

37.     (New)  A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, an end of the frame being engageable with the surface and at least one of the plurality of sections forming a non-coextensive angle with at least one other of the plurality of sections in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface; and

a container capable of both transporting the components of the system therein and acting as an anchor housing weight to retain the frame in the supporting configuration, the container housing the weight is capable of being coupleable to one or both of the frame and the canopy.

38.     (New)  The system of claim 37, wherein, in the supporting configuration, a first section of the frame is embedded in the surface and a second section is engaged with the first section via the at least one aligning component so that the second section is arranged at the non-co-extensive angle with respect to an axis of the first section, and wherein, in the supporting configuration, the suspension end of the canopy is engageable with the second section.

WBD (US) 55353450v1

39. (New) The system of claim 38, wherein a first end of the first section of the frame is embedded in the surface in the supporting configuration, and wherein the container housing the weight is capable of being engaged with or coupled to the first end of the first section of the frame.

40. (New) The system of claim 21, wherein the container comprises an element coupleable to the frame.

41. (New) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, an end of the frame being engageable with the surface in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that when a wind force is applied to the canopy, the canopy is supportable by the frame at the suspension end and the trailing end of the canopy is at least partially supportable by the wind force for providing shade to the surface; and

a container capable of both transporting the components of the system and acting as an anchor to retain the frame in the supporting configuration, the container being coupleable to one or both of the frame and the canopy by an element of the system engageable therebetween.

42. (New) The system of claim 41, wherein the element of the system comprises a cord, a closing mechanism on the container, or a band for transporting the container.

WBD (US) 55353450v1

## REMARKS

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow.  Claims 1-20 were previously canceled. With this response, claims 27 and 28 are canceled, while claim 21 is amended, and claims 33-42 are added and are based on one or more of the pending claims. As such, claims 21-26 and 29-42 are pending following this amendment.  Applicant submits that no new matter is added by way of this Amendment.

Examiner Interview Summary

Applicant thanks the examiner for taking the time to participate in an examiner interview with Applicant's Representative. Proposed claim amendments were discussed.

Claim Amendments

Initially, Applicant notes that independent claims 27 and 28 are now canceled.

Independent claim 21 is currently amended to add a container that is capable of both transporting the components of the system **therein** and acting as the anchor. Support for this claim amendment is found in at least, for example, paragraphs [0017] and [0018] of the published application.  Additionally, new claim 40 is added and depends upon independent claim 21. Support for this claim is based on the originally-filed dependent claims.

Independent claims 33, 37, and 41 are now added. Support for these claims is found in at least, for example, paragraphs [0017] and [0018] of the published application. New dependent claims are also added. Support for these claims is based on the originally-filed dependent claims. For at least the reasons presented herein with regard to independent claim 21, Applicant respectfully submits that independent claims 33, 37, and 41 (and the claims depending thereon) are patentable in view of the cited references.

Applicant respectfully submits that no new matter is added by way of these claim amendments and the new claims.

## Claim Rejections – 35 USC § 102

Claims 21-23, 25, and 28-32 are rejected under 35 U.S.C. 102(a)(1) as being anticipated by Stein in US Patent 5080123.

Applicant respectfully submits that Stein fails to teach or suggest each and every element of amended independent claim 21. As noted herein, independent claim 21 is currently amended to recite <u>a container capable of both transporting the components of the system therein and acting as an anchor that is coupleable to the frame and engageable with the surface to retain the frame in the supporting configuration</u>. Stein fails to provide any disclosure whatsoever for a container that contains any of its components, let alone one that is capable of transporting the components of the system therein, since it is well understood that a container is a receptacle for holding goods. Likewise, Stein fails to provide any disclosure for a container that is also capable of acting as an anchor that is coupleable to the frame and engageable with the surface to retain the frame in the supporting configuration.

Accordingly, and for at least the above reasons, independent claim 21 is not anticipated by Stein. Applicant respectfully requests that the rejection of claim 21, and the claims depending therefrom, be withdrawn at this time.

## Claim Rejections – 35 USC § 103

Claims 23 and 24 are rejected under 35 U.S.C. 103 as being unpatentable over Stein as applied to Claim 21 above in view of Sotirkys et al. in US Patent 7789097. Claims 26 and 27 are rejected under 35 U.S.C. 103 as being unpatentable over Stein as applied to Claim 21 in view of Seo in US Publication 2003/0089390.

Claims 23, 24, and 26 depend upon independent claim 21, while claim 27 is now canceled. As applied to independent claim 21, Stein does not teach or suggest each and every element of the claim because Stein fails to disclose <u>a container capable of both transporting the components of the system therein and acting as the anchor that is coupleable to the frame and engageable with the surface to retain the frame in the supporting configuration</u>. Neither Sotirkys nor Seo cure this deficiency in Stein. Accordingly, independent claim 21, and claims 23, 24, and 26 depending therefrom, are not rendered obvious by Stein separately or in combination with

WBD (US) 55353450v1

Sotirkys and/or Seo. Applicant respectfully requests that the rejection of these claims be withdrawn at this time.

WBD (US) 55353450v1

Appl. No.:  17/343,114
Response Date:  January 28, 2022
Reply to Office Action dated October 29, 2021

## CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn:  Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON JANUARY 28, 2022.**

WBD (US) 55353450v1

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 17343114 |
| **Filing Date:** | 09-Jun-2021 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |

Filed as Small Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| INDEPENDENT CLAIMS IN EXCESS OF 3 | 2201 | 1 | 240 | 240 |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| SUBMISSION- INFORMATION DISCLOSURE STMT | 2806 | 1 | 130 | 130 |
| **Total in USD ($)** | | | | **370** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 44867091 |
| **Application Number:** | 17343114 |
| **International Application Number:** | |
| **Confirmation Number:** | 8654 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |
| **Receipt Date:** | 28-JAN-2022 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 18:21:00 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $370 |
| RAM confirmation Number | E20221RI21240668 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Transmittal Letter | S105508_1010US_C5_0014_6_Suppl_IDS_Cover.pdf | 119634 <br><br> d1a6aa9d348f2878bfac1f38b4e54dafc61f54df | no | 1 |
| Warnings: | | | | | |
| Information: | | | | | |
| 2 | Foreign Reference | CA2524310.pdf | 714798 <br><br> b79403db1b730fd8e890a231f2f3e672a3b552cd | no | 20 |
| Warnings: | | | | | |
| Information: | | | | | |
| 3 | Foreign Reference | KR101315166.pdf | 1105391 <br><br> c8086c8fc2bc2ec4d5061b25d0b03379a2cb82a8 | no | 24 |
| Warnings: | | | | | |
| Information: | | | | | |
| 4 | Non Patent Literature | NPL-Suniela_Beach_Portable-Shade-Cabanas.PDF | 5105061 <br><br> dd4f10b19dc1240e799021fa7679ae8bbcbfef65 | no | 9 |
| Warnings: | | | | | |
| Information: | | | | | |
| 5 | Information Disclosure Statement (IDS) Form (SB08) | S105508_1010US_C5_0014_6_Suppl_IDS_1449.pdf | 125022 <br><br> 6c6e05658c55da183dd66bc2e6b95b88a075fdcf | no | 1 |
| Warnings: | | | | | |
| Information: | | | | | |
| This is not an USPTO supplied IDS fillable form | | | | | |
| 6 | | S105508_1010US_C5_0014_6_Amendment_for_10-29-2021_OA.pdf | 130637 <br><br> b32a026803e996b709f4bb9f84c09a1161f30bc9 | yes | 10 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |
| Claims | 2 | 6 |
| Applicant Arguments/Remarks Made in an Amendment | 7 | 10 |

**Warnings:**

**Information:**

| | | | 40322 | | |
|---|---|---|---|---|---|
| 7 | Fee Worksheet (SB06) | fee-info.pdf | b0522560de6f6117790ca1332e878fdb058 16eec | no | 2 |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 7340865 |
|---|---|

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT
### UNDER 37 C.F.R. § 1.97(c)

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature document in accordance with 37 CFR 1.98(a)(2). Also enclosed is a translation or a concise explanation of each non-English language document.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(c), before final Office Action or Allowance, whichever is earlier. The Commissioner is authorized to charge the $130.00 fee specified in 37 C.F.R. § 1.17(p) and any additional fee, or credit any refund, to our Deposit Account No. **09-0528**.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

WBD (US) 55477511v1

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JANUARY 28, 2022.*

(19) ■✦■ **Canadian Intellectual Property Office**

An Agency of Industry Canada

**Office de la Proprit Intellectuelle du Canada**

Un organisme d'Industrie Canada

(11) **CA 2 524 310** (13) **A1**

(40) **25.04.2006**
(43) **25.04.2006**

(12)

(21) **2 524 310**

(22) **25.10.2005**

(30) **60/621,826 US 25.10.2004**

(71) **AQUA-LEISURE INDUSTRIES, INC.,**
**525 Bodwell Street Extension, AVON, XX (US).**

(51) Int. Cl.:

*A63G 31/00* (2006.01) *E04H 15/20* (2006.01)
*E04H 15/38* (2006.01)

(72)
**FERRARO, ALAN R. (US).**
**FIREMAN, ANDREW F. (US).**

(74)
**RIDOUT & MAYBEE LLP**

(54) ARCHE DE JEU A GONFLAGE CONTINU
(54) CONTINUOUS AIR INFLATABLE TOY ARCHWAY

(57)
The present invention is a continuous air inflatable toy system (10) for use on a surface (12). In one embodiment, the system 10 comprises an air blower (14); an air permeable body (16) in fluid communication with the air blower (14) to form an inflatable archway (20) having first and second leg portions (22)(24), an upper portion (26) and a passage way (28). The system (10) further comprises a curtain (30) engaged with the body (20) and extending into the passage way (28). The curtain (30) comprises a first end portion (32) engaged with the upper portion (26) of the archway (20), a median portion (34) and second end portion (36) extending substantially to the bottom portion of the passage way (28).



| | | CA 2524310 A1 2006/04/25 |
|---|---|---|

Office de la Propriété Intellectuelle du Canada

Un organisme d'Industrie Canada

Canadian Intellectual Property Office

An agency of Industry Canada

(21) **2 524 310**

(12) **DEMANDE DE BREVET CANADIEN**
**CANADIAN PATENT APPLICATION**

(13) **A1**

(22) Date de dépôt/Filing Date: 2005/10/25

(41) Mise à la disp. pub./Open to Public Insp.: 2006/04/25

(30) Priorité/Priority: 2004/10/25 (US60/621,826)

(51) Cl.Int./Int.Cl. *A63G 31/00* (2006.01), *E04H 15/38* (2006.01), *E04H 15/20* (2006.01)

(71) Demandeur/Applicant:
AQUA-LEISURE INDUSTRIES, INC., US

(72) Inventeurs/Inventors:
FERRARO, ALAN R., US;
FIREMAN, ANDREW F., US

(74) Agent: RIDOUT & MAYBEE LLP

(54) Titre : ARCHE DE JEU A GONFLAGE CONTINU
(54) Title: CONTINUOUS AIR INFLATABLE TOY ARCHWAY



(57) Abrégé/Abstract:

The present invention is a continuous air inflatable toy system (10) for use on a surface (12). In one embodiment, the system 10 comprises an air blower (14); an air permeable body (16) in fluid communication with the air blower (14) to form an inflatable archway (20) having first and second leg portions (22)(24), an upper portion (26) and a passage way (28). The system (10) further comprises a curtain (30) engaged with the body (20) and extending into the passage way (28). The curtain (30) comprises a first end portion (32) engaged with the upper portion (26) of the archway (20), a median portion (34) and second end portion (36) extending substantially to the bottom portion of the passage way (28).

 Canada

*http://opic.gc.ca* · Ottawa-Hull K1A 0C9 · *http://cipo.gc.ca*

OPIC · CIPO 191

O P I C     C I P O

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 113 of 423

## ABSTRACT

The present invention is a continuous air inflatable toy system (10) for use on a surface (12). In one embodiment, the system 10 comprises an air blower (14); an air permeable body (16) in fluid communication with the air blower (14) to form an inflatable archway (20) having first and second leg portions (22)(24), an upper portion (26) and a passage way (28). The system (10) further comprises a curtain (30) engaged with the body (20) and extending into the passage way (28). The curtain (30) comprises a first end portion (32) engaged with the upper portion (26) of the archway (20), a median portion (34) and second end portion (36) extending substantially to the bottom portion of the passage way (28).

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 114 of 423

# TITLE OF THE INVENTION

Continuous Air Inflatable Toy Archway

## BACKGROUND OF THE INVENTION

In recent years, continuous air, permeable character and body shapes have become popular as outdoor decorative displays during holidays like Halloween and Christmas. However, such conventional air permeable characters and other body shapes are merely ornamental and cannot be interactively used by a person such as a child.

## SUMMARY OF THE INVENTION

The present invention is a continuous air inflatable toy system (10) for use on a surface (12) such as the ground or a floor if used indoor and which can be used by a person in an interactive manner to provide fun and entertainment. In one embodiment, the system (10) comprises an air permeable body (16) in fluid communication with an air blower (14) to form an archway (20). The system (10) further comprises a curtain (30) hanging downward from the archway (20) into a passage way (28). The curtain (30) comprises a first end portion (32) engaged with the upper portion (26) of the archway (20) and second end portion (36) extending substantially to the bottom portion of the passage way (28). In a second embodiment, the system (10) comprises first and second curtains (50) and (52) hanging downward from the archway (20) into the passage way (28). Each of the first and second curtains (50) and (52) comprise an upper end portion (54) engaged with the upper portion (26) of the archway (20) and a lower end portion (56) extending into the passage way (28). Unlike convention systems, a person such as a child may interactively use the system (10) as

-1-

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 115 of 423

a toy stage standing alone indoors and/or outdoors or as a "face" for an archway of a indoor bedroom or playroom door.

## BRIEF DESCRIPTION OF DRAWINGS

The following description of the invention will make reference to the accompanying drawings, in which;

FIG. 1 is a perspective view of a first embodiment of the present invention;

FIG. 2 is a perspective view of a continuous air blower in fluid communication with an air permeable body such as an archway by a flexible connection device such as a flexible sleeve which may be sewn to and extend out of the air permeable body;

FIG. 3 is a rear perspective view of the first embodiment of the present invention showing a curtain removably engaged with the upper portion of the archway by hook-and-loop fasteners;

FIG. 4 is a rear perspective view of the first embodiment of the present invention showing the curtain rolled-up and removably disposed at a position adjacent the upper portion of the archway by hook-and-loop fasteners;

FIG. 5 is a rear perspective view of the present invention showing a curtain sewn to the upper portion of the archway which may be hang down or roll-up to be disposed at a position adjacent the upper portion of the archway by hook-and-loop fasteners;

FIG. 6 is a perspective view of a second embodiment of the present invention;

FIG. 7 is a perspective view of a continuous air blower in fluid communication with an air permeable body by a connection device such as a flexible sleeve;

FIG. 8 is a rear perspective view of the second embodiment of the invention showing

-2-

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 116 of 423

one of a pair of curtains removably engaged with the upper portion of the archway by hook-and-loop fasteners;

FIG. 9 is a rear perspective view of the second embodiment of the invention showing one of a pair of curtains rolled-up and removably disposed at a position adjacent the first and second leg potions of the archway, respectively, by hook-and-loop fasteners;

FIG. 10 is a perspective view of the present invention used indoors as a "face" for an archway of a door such as the door of a child's bedroom or playroom;

FIG. 11 and 12 are perspective views of a system having electronic circuitry and devices adapted to detect when a person is in close proximity to the air permeable body and/or passes through the archway, including sound and/or motion detection circuitry and generating in response thereto a sound, movement and/or light from the air permeable body or archway; and

FIG. 13 is a high level block diagram of the electronic circuitry of the present invention adapted to detect when a person is in close proximity to the air permeable body and/or passes through the archway, including sound and/or motion detection circuitry and generating in response thereto a sound, movement and/or light from the air permeable body or archway.

## DESCRIPTION OF THE INVENTION

Referring to FIGS. 1-5, the present invention is a continuous air inflatable toy system 10 for use on a surface 12 such as the ground if used outdoors or a floor if used indoors. In one embodiment, the system 10 comprises an air permeable body 16 in fluid communication with an air blower 14 by a flexible connection sleeve or duct 18. Activation of the air blower

-3-

14 causes the air permeable body to inflate and take the form an inflatable archway 20. The archway 20 comprises first and second leg portions 22 and 24, an upper portion 26, and a passage way 28. The system 10 further comprises a curtain 30 engaged with the body 20 and extending into the passage way 28. The curtain 30 comprises a first end portion 32 engaged with the upper portion 26 of the archway 20, a median portion 34 and second end portion 36 extending substantially to the bottom portion of the passage way 28. The first end portion 32 of the curtain 30 is attached to the upper portion 26 of the archway 20 by corresponding hook-and-loop fasteners 38 and 40. The curtain 30 may be rolled to and disposed at a position adjacent said upper portion 26 by hook-and-loop fasteners 42 and 44 and straps 46. The air permeable body (16) is made from nylon. The curtain 30 is made from fabric.

Referring to FIGS 6-9, in a second embodiment of the present invention, the system 10 comprises as in the first embodiment: an air permeable body 16 in fluid communication with an air blower 14 by a flexible connection sleeve or duct 18. Activation of the air blower 14 causes the air permeable body 16 to inflate and form the inflatable archway 20. The archway 20 comprises first and second leg portions 22 and 24, an upper portion 26, and an open passage way 28. The system 10 further comprises first and second curtains 50 and 52 engaged with the air permeable body 16 and extending into said passage way 28. Each of the first and second curtains 50 and 52 comprise an upper end portion 54 engaged with the upper portion 26 of the archway 20 and a lower end portion 56 extending into the passage way 28. Each of the first and second curtains 50 and 52 further comprise an inner side portion 58 and an outer side portion 60 engaged with the first and second leg portions 22 and 24, respectively, of the archway 20, and extend to substantially the bottom of the passage way 28. The upper end portion 54 of the first and second curtains 50 and 52 are attached to the upper

-4-

portion 26 of the archway 20 by corresponding hook-and-loop fasteners 62 and 64. Similarly, the outer side portion 60 of the first and second curtains 50 52 are removably engaged with the first and second leg portions 22 24 by fasteners 62 and 64. Each of the first and second curtains 50 and 52 may be rolled and disposed at a position substantially adjacent the first and second leg portions 22 and 24, respectively, by fasteners 66 and 68 and a strap 70. The inner end portion 58 of the first and second curtains 50 and 52 overlap for complete closure while allowing a person such as child to walk behind and/or step out of the curtains 50 and 52. In this manner, the system 10 can be used by a child as a toy stage for a variety of uses. The air permeable body 16 is made from nylon. The first and second curtains 50 and 52 are made from fabric.

Referring to FIG. 10, the system 10 may be used indoors as a "face" for an archway 100 of a door 102 such as the door of a child's bedroom or playroom. The first and second leg portions 22 and 24 and/or upper portion 26 of the archway 20 may or may not be removably attached to the archway 100 for additional support by conventional means such as hook-and-loop fasteners 104 and 106 and a strap 108.

Referring to FIGS. 11-13, wherein the system 10 may also comprise (either alone or in conjunction with the curtain 30 of the first embodiment or curtains 50 and 52 of the second embodiment) electronic circuitry 120 for detecting motion and/or sound and in response generating a sound, movement, and/or lights. By way of example, the electronic sensor circuitry 120 is adapted to detect when a person is in close proximity to the archway 20 and/or passes through the archway 20 and to generate a sound, motion, or light from the archway 20. The electronic circuitry 120 generally comprises an sound detection circuitry 122, motion detection circuitry 124 and light detection circuitry 126. The electronic circuitry

-5-

120 further comprises a sound chip 128 for generating one or more sounds, a movement mechanism 130 adapted to cause movement of one of the parts, and a light circuit 132 adapted to illuminate one or lights at the same or different times. The electronic circuitry 120 further comprises control circuitry 134 adapted to receive inputs from the sound detection circuitry 122, motion detection circuitry 124 and/or light detection circuitry 126 and generate an output or activation signal to the sound chip 128 which may be disposed in a housing 134 sewn into the leg portion 22 of the archway 20. The control circuitry 134 may further be adapted to receive inputs from the sound detection circuitry 122, motion detection circuitry 124 and/or light detection circuitry 126 and generate an output or activation signal to the motion mechanism 130 which in turn transmits a signal to a solenoid driven part taking the form of a tombstone 136 (FIG. 11) sewn to the leg portion 24 of the archway 20. The control circuitry 134 is further adapted to receive inputs from the sound detection circuitry 122, motion detection circuitry 124 and/or light detection circuitry 126 and generate an output or activation signal to the light circuit 132 which in turn transmits a signal to one or more lights disposed within the air permeable body 16 which may be arranged and to illuminate a flaming cauldron (FIG. 11). The control circuitry 134, sound detection circuitry 122, motion detection circuitry 124, and light detection circuitry 126 may be fabricated upon a circuit board (not shown) mounted within a housing (not shown) which may be connected and/or integrated with the air blower 14. Power is supplied by a power supply 136 which may take the form of a battery.

The present invention may be embodied in other specific forms without departing from the spirit and/or scope of the specification and appended claims.

-6-

WHAT IS CLAIMED:

1. A continuous air inflatable toy system (10) for use on a surface (12) comprising:

   a) an air blower (14);

   b) an air permeable body (16) in fluid communication with said air blower (14) to form an inflatable archway (20) having first and second leg portions (22)(24), an upper portion (26) and a passage way (28); and

   c) a curtain (30) engaged with said body (20) and extending into said passage way (28).

2. The system of claim 1, wherein said curtain (30) comprises an upper end portion (32) engaged with said upper portion (26) of said archway (20), a median portion (34) and a lower end portion extending substantially into said passage way (28).

3. The system of claim 2, wherein said first end portion (32) of said curtain (30) is attached to said upper portion (26) of said archway (20) by corresponding fasteners (38) and (40).

4. The system of claim 3, wherein said curtain (30) may be rolled to and disposed at a position adjacent said upper portion (26) by fasteners (48)(50).

5. The system of claim 4, wherein said air permeable body (16) is made from nylon.

6. The system of claim 5, wherein said curtain (30) is made from fabric.

-7-

Case 5:24-cv-00588-FL   Document 28-8   Filed 03/23/26   Page 121 of 423

7.   An air inflatable system (10) for use on a surface (12) comprising:

   a)   an air blower (14);

   b)   an air permeable body (16) in fluid communication with said air blower (14) by a flexible connection sleeve (18) to form an inflatable archway (20) having first and second leg portions (22)(24), an upper portion (26) and a passage way (28); and

   c)   first and second curtains (50)(52) engaged with said air permeable body and extending into said passage way (28).

8.   The system of claim 7, wherein each of said first and second curtains (50)(52) comprise an upper end portion (54) engaged with said upper portion (26) of said archway (20) and a lower end portion (56) extending into said passage way (28).

9.   The system of claim 8, wherein each of said first and second curtains (50)(52) further comprise an inner side portion (58) and an outer side portion (60) engaged with said first and second leg portions (22)(24), respectively, and extending into said passage way (28).

10.   The system of claim 9, wherein said upper end portion (54) of said first and second curtains (50)(52) are attached to the upper portion (26) of said archway (20) by corresponding fasteners (62)(64).

11.   The system of claim 12, wherein said outer side portion (60) of said first and second

-8-

curtains (50)(52) are removably engaged with said first and second leg portions (22)(24) by fasteners (66)(68).

12. The system of claim 11, wherein said first and second curtains (50)(52) may be rolled and disposed at a position adjacent said upper portion (26) of said archway (20) by fasteners (48)(50).

13. The system of claim 12, wherein said inner end portion (58) of said first and second curtains (50)(52) overlap.

14. The system of claim 13, wherein said air permeable body (16) is made from nylon.

15. The system of claim 14, wherein said first and second curtains (50)(52) are made from fabric.

-9-



Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 124 of 423

SHT 2/8



Fig.5

Fig.4

Fig.3

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 125 of 423

SHT 3/8



Fig. 7

Fig. 6

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 126 of 423

SHT 4/8



Fig. 8

Fig. 9

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 127 of 423

SHT 5/8



FIG. 10

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 128 of 423

CA 02524310 2005-10-25

SHT 6/8



FIG. 11

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 129 of 423

SHT 7/8



FIG. 12

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 130 of 423

SHT 8/8



FIG. 13

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 131 of 423

 Espacenet

# Bibliographic data: KR101315166 (B1) — 2013-10-07

The portable sun makes hide

| | |
|---|---|
| **Inventor(s):** | KANG, SEOG MYEONG |
| **Applicant(s):** | KANG, SEOG MYEONG |
| **Classification:** | - international:*E04H15/00; E04H15/64*<br>- cooperative: E04H15/005 (KR); E04H15/56 (KR); E04H15/62 (KR); E04H15/64 (KR) |
| **Application number:** | KR20100110589 20101108          Global Dossier |
| **Priority number(s):** | KR20100110589 20101108 |
| **Also published as:** | KR20120049032 (A) |

Abstract of  KR20120049032 (A)

PURPOSE: A portable shade is provided to reduce worries about a lost caused by wind by constituting not to be against the wind and to easily install or disassemble due to a simple structure. CONSTITUTION: A portable shade(1) comprises a tent pole(100), a shade(200), a fabric, a hanger unit, and a hanger(300). The tent pole comprises fitting projections in both end part and is bent into an 'inverted U' shape. The shade comprises a sewing unit(210), a sewing hole, and a gauze unit. The sewing unit is formed by sewing while folding an edge portion enough to cover a circumference of the tent pole. The sewing unit is formed in both end portions so that the tent pole can be in and out of the sewing unit. The gauze unit is formed at a constant size along the edge of two rims except a sewing portion. The shade joins the tent pole to be horizontally inflated.

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 132 of 423



# Patent Translate
Powered by EPO and Google

# Notice

This translation is machine- generated. It cannot be guaranteed that it is intelligible, accurate, complete, reliable or fit for specific purposes. Critical decisions, such as commercially relevant or financial decisions, should not be based on machine- translation output.

# DESCRIPTION KR101315166B1

The portable sun makes hide}

---------------------------------------------------------------------------------------------------------------------------------

휴대용 차양막{The portable sun makes hide}

# [0001]

The present invention relates to a portable awning, and to a portable awning that provides a shade to avoid the scorching sunlight by easily installing it outdoors, such as a river or a beach where there is not much shade.

---------------------------------------------------------------------------------------------------------------------------------

본 발명은 휴대용 차양막에 관한 것으로, 그늘이 별로 없는 강가나 해변가 등지의 야외에서 간편하게 설치하여 따가운 햇볕을 피할 수 있도록 그늘을 제공하는 휴대용 차양막에 관한 것이다.

# [0002]

In general, sea breezes occur outdoors at rivers and beaches due to the temperature difference between water and land. Visible light and ultraviolet light adversely affect the human body, so long- term exposure may lead to a dangerous situation.

---------------------------------------------------------------------------------------------------------------------------------

일반적으로 강가나 해변 등의 야외는 물과 땅의 온도차이로 해륙풍(海陸風)이 발생하며, 태양이 비추는 한낮에도 약하게 남아 해풍(海風)이 불어 야영객을 시원하게 해주지만, 반면 따가운 햇볕에서 생성되는 가시광선 및 자외선에 의해 인체에 악영향이 미치므로 장기간 노출되면 위험한 상황에 이를 수도 있다.

## [0003]

Thus, conventionally, a beach umbrella was installed and used to block the sun and create a shade, but this is not only inconvenient to carry because its bulky and the structure is made of iron, but also allows the user to always keep a beach umbrella in the car. can't

------------------------------------------------------------------------------------------------

그리하여, 종래에 햇볕을 차단하며 그늘을 만들기 위하여 비치 파라솔을 설치하여 사용하였으나, 이는 그 부피가 크고 구조물이 철재로 형성되어 휴대가 불편할 뿐만 아니라 사용자가 항상 자동차에 비치 파라솔을 비치(備置)하고 다닐 수도 없다.

## [0004]

In order to overcome this problem, recently, a portable awning that can block sunlight and create a shade has been disclosed in Public Room No. 1990- 0000799, Public Room No. 1998- 060140, and the like.

------------------------------------------------------------------------------------------------

이와 같은 문제점을 극복하기 위하여, 최근에 햇볕을 차단하여 그늘을 만들수 있는 휴대용 차양막으로 공개실용 제1990- 0000799호, 공개실용 제1998- 060140 등에 개시된 바 있다.

## [0005]

However, the disclosed Public Room No. 1990- 0000799 is a method of inserting and installing a post along the insert hole formed on the edge of the semi- circular awning for easy portability, and then tying a string around the top of the post in the front and rear and driving the stakes to fix it. Although a portable awning is provided, the awning must use a translucent or opaque fabric to create a shade by blocking the sunlight. Occurs.

------------------------------------------------------------------------------------------------

그러나, 상기 개시된 공개실용 제1990- 0000799호는 휴대가 간편하도록 반원형상의 차양막의 테두리에 형성된 삽지공을 따라 지주를 삽입하여 설치한 후, 지주의 상단을 중심으로 전후방에 줄을 묶어 말뚝을 박아 고정하는 방식의 휴대용 차양막을 제공하고 있으나, 상기 차양막은 햇볕을 가려 그늘을 만들기 위해서는 반투명 또는 불투명의 원단을 사용해야만 하는데, 그렇게 되면 전후방에 불어오는 바람에 저항하게 되어 차양막이 쓰러지거나 날라가는 등의 불상사가 발생한다.

## [0006]

In addition, when the sun rises in the middle of the sky, since light is illuminated in the vertical direction of the holding, there is no shade or even if there is a shade, it cannot guarantee enough shade to protect the user from the sun, and it is exposed to direct sunlight in the middle of the day. .

--------------------------------------------------------------------------------

또한, 상기 차양막은 해가 중천에 떴을 경우, 지주의 수직 방향으로 빛이 비추어지므로 그늘이 생기지 않거나 생긴다 하더라도 햇볕으로부터 사용자를 보호할 만큼의 그늘을 보장할 수가 없으며, 한낮의 뜨거운 직사광선에 그대로 노출된다.

## [0007]

Next, the disclosed No. 1998- 060140 for public use is to incline the sun- blocking paper from the ground to not only block the sun but also to act as a wind- shield, and a pole to fit into the upper and lower holes of the semi- arc shape formed around the shield and It is described that it is easy to carry and assemble and disassemble as it has a simple configuration with a vertical pole that stands upright.

--------------------------------------------------------------------------------

다음, 상기 개시된 공개실용 제1998- 060140호는 햇볕을 가리는 막지를 지면으로부터 경사지게 하여 햇볕차단은 물론 바람막이의 구실도 할 수 있도록 하고, 상기 막지의 둘레에 형성한 반호형의 상하부 홀에끼우는 폴과 똑바로 세우는 수직폴로 되는 간편한 구성으로 하여 휴대와 조립분해가 용이하다고 기술되어 있다.

## [0008]

However, in terms of size or material, it is true that it is small in size for 1 to 3 people and that small poles and fabric are used, so it is small in volume and easy to carry. Connecting the ring formed at the end with the ring formed on the pallet, connecting another pole one by one to the fitting hole formed on the piece of paper on a part of the membrane, and tying the middle part of the pole with the connecting string formed inside the membrane, etc. There is a disadvantage that it takes a long time to install, such as disassembly and assembly, because the work cost is high.

--------------------------------------------------------------------------------

그러나, 크기나 재료상으로 보면 1~3인용으로 크기가 작고 그만큼 작은 폴과 원단을 사용하므

23-11-2021    3

로 그만큼 부피가 작아 휴대가 용이한 것은 사실이나, 상기 막지의 양단에 각각의 폴을 끼우고, 그 폴의 끝단에 형성된 고리와 깔판지에 형성된 고리를 연결하고, 막지의 일부분에 지물편에 형성된 끼움공에 또 다른 폴을 일일이 연결하고, 막지 내측에 형성된 연결끈으로 그 폴의 중간 부분을 또 묶어야 하는 등의 작업 코스트가 많아 분해조립 등의 설치하는 시간이 오래 걸리는 단점이 있다.

[0009]
In addition, no matter where you look in the technology, the portable awning is not fixed to the ground, and it can be supported because the user sits on a pallet. have.

-----------------------------------------------------------------------------------------------------------

또한, 상기 기술에서 어느 부분을 찾아봐도 상기 휴대용 차양막이 지면에 고정되어 있지 않으며, 사용자가 깔판지에 앉으므로 지지할 수는 있으나 자리를 비운 사이에 바람이 조금만 강하게 불어도 나라가 버리는 등의 분실되는 문제점이 있다.

[]
In order to overcome the above problems, the present invention is configured not to resist the blowing wind so that there is no fear of loss such as being blown away by the wind, and it always provides shade during the period when the sun is rising from morning to evening to protect it from the scorching sun. An object of the present invention is to provide a portable awning that can protect users and has a simple structure that can be easily and conveniently installed and disassembled.

-----------------------------------------------------------------------------------------------------------

본 발명은 상기한 문제점을 극복하기 위하여, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 휴대용 차양막을 제공하는데 목적이 있다.

In order to achieve the above object, the present invention includes a pole for a tant having fitting protrusions protruding from both ends and bent in a '∩' shape; A part of one edge is folded and sewn so as to wrap around the circumference of the pole with a triangular curtain, and at the same time forming a sewing hole at both ends through which the pole can enter and exit, it is coupled to the pole and spreads in the horizontal direction. And the formed chayangmak; a fabric piece having a fitting ring formed on one side and attached to the other side around the sewing hole to fix the fitting protrusion; a locking part formed by cutting a portion to expose the pole to

the central part of the sewing part or further comprising a fitting ring in a curtain adjacent to the central part of the sewing part; In the portable shading membrane, characterized in that the shading membrane is supported by hooking means formed at both ends around the connecting body with a stake on the other side, the shading membrane is the corner line of the other two edges except for the sewing part. It provides a portable awning membrane, characterized in that forming a mesh portion of a certain size accordingly. Here, a first coupling member formed along the corner lines of the two edges of the awning; a pole installed to be spaced apart from the pole; It is provided on this pole and characterized in that the mesh veil formed with a second coupling part having a shape corresponding to the first coupling part of the awning membrane is combined with the first coupling part and the second coupling part to form a tunnel- shaped shading membrane. In addition, having a protrusion cap having a ring formed on one side of the outer circumferential surface in a cylindrical shape, inserting the rings to the fitting protrusions formed at both ends of the pole so that they face each other, and connecting the rings to each other with a connecting ring provided with an elastic cord to install characterized. And, spread the mat provided with a fitting ring at the end of each corner, it characterized in that it is installed by fitting the fitting projections of the poles, respectively.

---------------------------------------------------------------------------------------------------------------------------

본 발명은 상기한 목적을 달성하기 위하여, 양단부에 끼움돌기가 돌출 형성되고, 'ㅇ'자 형상으로 휘어지는 탠트용 폴대와; 삼각형상의 장막으로 상기 폴대의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부를 형성함과 동시에 양쪽 끝 부분에 폴대가 출입할 수 있는 재봉홀을 형성함으로 상기 폴대에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막과; 끼움링이 일측에 형성되고 타측에 상기 재봉홀의 둘레에 부착하여 상기 끼움돌기를 고정하는 직물편과; 상기 재봉부의 중앙 부분에 상기 폴대가 노출되도록 일 부분을 절개하거나 또는 재봉부의 중앙 부분에 인접하는 장막에 끼움링을 더 구비하여 형성된 걸림부; 상기 걸림부에 걸쇠를 걸고 다른 한쪽에 말뚝이 연결체를 중심으로 양단부에 형성된 걸이수단으로 상기 차양막을 지지하는 것을 특징으로 하는 휴대용 차양막에 있어서, 상기 차양막은 재봉부를 재외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부를 형성하는 것을 특징으로 하는 휴대용 차양막을 제공한다. 여기서, 상기 차양막의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재와; 상기 폴대와 이격되어 설치되는 폴대와; 이 폴대에 구비되며 상기 차양막의 제 1결합부와 대응되는 모양의 제 2결합부가 형성된 망사장막이 상기 제 1결합부와 제 2결합부가 결합하여 터널형상의 차양막을 형성하는 것을 특징으로 한다. 또한, 원통형상으로 외주면 일측에 고리가 형성된 돌기캡을 구비하고 상기 폴대의 양단부에 형성된 끼움돌기에 고리가 서로 마주보도록 끼우고, 그 고리에 탄성줄이 구비된 연결고리로 서로 연결하여 설치하는 것을 특징으로 한다. 그리고, 각각의 모서리 단부에 끼움링이 구비된 돗자리를 펴고, 그 위에 상기 폴대의 끼움돌기를 각각 끼워 설치하는 것을 특징으로 한다.

By providing the present invention of the above configuration, it is configured not to resist the blowing wind, so there is no fear of being lost, such as being blown away by the wind, and it always provides shade from the stinging sunlight during the

period from morning to evening when the sun is rising. It can protect the user and has the effect of being able to install and disassemble easily and conveniently because of the simple structure.

---------------------------------------------------------------------------------------------------------

상기와 같은 구성의 본 발명을 제공함으로써, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 효과가 있다.

## [0016]

Figure 1 is an installation state diagram of a portable awning membrane according to the present invention Figure 2 is a side sectional view of an installation state of a portable awning membrane according to the present invention 3 is a state diagram showing a first embodiment according to the present invention Figure 4 is a second according to the present invention 5 is a state diagram showing a third embodiment according to the present invention

---------------------------------------------------------------------------------------------------------

도 1은 본 발명에 따른 휴대용 차양막의 설치상태도도 2는 본 발명에 따른 휴대용 차양막의 설치상태 측단면도도 3은 본 발명에 따른 제 1실시예를 도시한 상태도도 4는 본 발명에 따른 제 2실시예를 도시한 상태도도 5는 본 발명에 따른 제 3실시예를 도시한 상태도

## [0017]

Hereinafter, the portable awning membrane according to the present invention will be able to understand its characteristics by the embodiments described in detail below with reference to the accompanying drawings.

---------------------------------------------------------------------------------------------------------

이하, 본 발명에 따른 휴대용 차양막은 첨부한 도면들을 참고로 하여 이하 상세히 기술되는 실시 예에 의하여 그 특징들을 이해할 수 있을 것이다.

## [0018]

1 to 2, the present invention is a pole 100 for a tant, the fitting projections 110 are protrudingly formed at both ends, and are bent in a '∩' shape; A part of one edge is folded and sewn to the extent of wrapping the circumference of the pole 100 with a

triangular curtain to form a sewing part 210, and at the same time, a sewing hole 212 through which the pole 100 can enter and exit at both ends. By forming a awning film 200 formed to be coupled to the pole 100 and spread in the horizontal direction; a fabric piece 220 having a fitting ring 2 formed on one side and attached to the periphery of the sewing hole 212 on the other side to fix the fitting protrusion 110; A locking part ( 230) and; Hanging the clasp 310 on the clasp 230 and the stake 320 on the other side supporting the awning film 200 with catching means 300 formed at both ends around the connector 330 as a center. In the portable chayangmak ( 1), the chayangmak 200 forms a mesh portion 240 of a certain size along the corners of the remaining two edges except for the sewing part 210.

---

도 1 내지 도 2에 의하면, 본 발명은 양단부에 끼움돌기(110)가 돌출 형성되고, '∩'자 형상으로 휘어지는 탠트용 폴대(100)와; 삼각형상의 장막으로 상기 폴대(100)의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부(210)를 형성함과 동시에 양쪽 끝 부분에 폴대(100)가 출입할 수 있는 재봉홀(212)을 형성함으로 상기 폴대(100)에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막(200)과; 끼움링(2)이 일측에 형성되고 타측에 상기 재봉홀(212)의 둘레에 부착하여 상기 끼움돌기(110)를 고정하는 직물편(220)과; 상기 재봉부(210)의 중앙 부분에 상기 폴대(100)가 노출되도록 일 부분을 절개하거나 또는 재봉부(210)의 중앙 부분에 인접하는 장막에 끼움링(2)을 더 구비하여 형성된 걸림부(230)와; 상기 걸림부(230)에 걸쇠(310)를 걸고 다른 한쪽에 말뚝(320)이 연결체(330)를 중심으로 양단부에 형성된 걸이수단(300)으로 상기 차양막(200)을 지지하는 것을 특징으로 하는 휴대용 차양막(1)에 있어서, 상기 차양막(200)은 재봉부(210)를 재외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부(240)를 형성한다.

[0019]

At this time, the mesh unit 240 is a result obtained through a long- term experiment, and as a result of a long- term experiment, the shading membrane 200 sounds like a fluttering sound from a flag swaying in the wind ( that is, noise generated as the curtain oscillates by the airflow flowing along the unfolded fabric) ), so that the air flowing through the awning 200 passes through the mesh portion 240 so as to minimize noise such as the awning, it is not shaken by the wind at the edge of the awning 200 .

---

이때, 상기 망사부(240)는 장기간의 실험을 통하여 얻은 결과로 상기 차양막(200)이 바람에 흔들리는 깃발에서 펄럭이는 소리( 즉, 펼쳐진 직물을 따라 흐르는 기류에 의해 장막이 요동치며 발생하는 잡음)와 같은 소음을 최소화할 수 있도록 상기 차양막(200)에 흐르는 공기가 망사부(240)를 통과함으로 차양막(200)의 가장자리의 바람에 흔들리지 않는다.

[0020]

With the same structure as above, in a place where the ground (2) is made of soil or sand on the beach or riverside, the direction receiving the sea breeze is installed in the front to create a resting space where users can enjoy camping or fishing and avoid the scorching sun. However, when the pole 100 for the tant is avoided, and the pole 100 is pushed into the sewing hole 210 of the awning 200 to reach the opposite sewing hole 210, the pole 100 is inserted into the awning 200. And the pole 100 is bent in a semicircular shape.

-----------------------------------------------------------------------------------------------------------------

상기와 같은 구조로 바닷가 또는 강가에 지면(2)이 흙이나 모래로 된 장소에서 사용자가 야영 또는 낚시를 즐기며 따가운 햇볕을 피할 수 있는 휴식 공간을 만들기 위하여 해풍(海風)을 받는 방향을 정면으로 설치하되, 탠트용 폴대(100)를 피고, 차양막(200)의 재봉홀(210)에 그 폴대(100)를 밀어 넣어 반대쪽 재봉홀(210)까지 도달하게 되면 폴대(100)가 끼워진 차양막(200)과 폴대(100)가 반원형상으로 휘어진다.

[0021]

At this time, the fitting protrusion 110 of the pole 100 is inserted into the fitting ring 3 formed on the support piece 220 provided to extend to the sewing hole 210, and the fitting protrusion 110 is placed on the ground (2). ) is driven vertically to maintain the shayangmak 200 standing in a semicircular shape.

-----------------------------------------------------------------------------------------------------------------

이때, 재봉홀(210)에 연장하여 구비된 지물편(220)에 형성한 끼움링(3)에 폴대(100)의 끼움돌기(110)를 끼우고, 그 끼움돌기(110)를 지면(2)에 수직으로 박아 상기 차양막(200)이 반원형상으로 기립(起立)상태를 유지한다.

[0022]

Then, the hook 310 of the hooking means 300 is hung on the locking part 230 and the integral stake 320 is driven into the front 2-3 m part to make the awning 200 more solid.

-----------------------------------------------------------------------------------------------------------------

그리고, 상기 걸이수단(300)의 걸쇠(310)를 걸림부(230)에 걸고 전방 2 ~ 3 m 부분에 일체로 된 말뚝(320)을 박아 차양막(200)을 더욱더 견고하게 한다.

## [0023]

You can rest comfortably and avoid the sun by laying a mat (600) in the space under the awning (200) blowing in the wind.

--------------------------------------------------------------------------------------

맏 바람에 휘날리는 차양막(200) 밑에 공간에 돗자리(600) 등을 깔아 편안하게 휴식을 취하며, 햇볕을 피할 수 있다.

## [0024]

Here, the support piece 220 is used by cutting a predetermined length of about 100 to 150 mm from fabric paper such as a bag string, and is a conventional fitting ring (3), and the opposite part is attached by sewing or bonding to one part of the circumferential surface of the sewing hole 212 .

--------------------------------------------------------------------------------------

여기서, 상기 지물편(220)은 가방 끈과 같은 직물지로 약 100 ~ 150 mm 정도 소정 길이 만큼 잘라 사용하는 것으로, 한쪽 부분에 서로 결합되는 두 개의 링을 압착하여 타공함으로써 형성되는 통상의 끼움링(3)을 구비하고, 반대쪽 부분은 상기 재봉홀(212)의 둘레면 중 일 부분에 재봉하거나 접착하여 부착한다.

## [0025]

In addition, preferably, the fitting protrusion 110 and the fitting groove 110a corresponding to the fitting protrusion 110 are formed so as to prevent damage to the fitting protrusion 110 passing through the fitting ring 3 and to be more firmly fixed to the ground. (320) is further provided to make it stronger by driving it longer on the ground.

--------------------------------------------------------------------------------------

또한, 바람직하게는 상기 끼움링(3)을 통과한 끼움돌기(110)의 파손을 막으며 더욱더 견고하게 지면에 고정할 수 있도록 상기 끼움돌기(110)와 대응되는 끼움홈(110a)이 형성된 말뚝(320)을 더 구비하여 지면에 더욱 깊게 박아 견고하게 한다.

## [0026]

According to FIG. 3, as a first embodiment according to the present invention, a first

coupling member 201 formed along the corner lines of the two edges of the awning film 200 and; Another pole 100' which is installed to be spaced apart from the pole 100; The mesh curtain 400 provided on the pole 100 ' and having a second coupling part 401 having a shape corresponding to the first coupling part 201 of the awning 200 is the first coupling part 201 . And the second coupling portion 401 is combined to form a tunnel- shaped portable shading membrane ( 1 ) .

---------------------------------------------------------------------------------------------------------------------

도 3에 의하면, 본 발명에 따른 제 1실시예로써, 상기 차양막(200)의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재( 201)와; 상기 폴대( 100)와 이격되어 설치되는 또 다른 폴대 ( 100')와; 이 폴대( 100')에 구비되며 상기 차양막( 200)의 제 1결합부( 201)와 대응되는 모 양의 제 2결합부( 401)가 형성된 망사장막( 400)이 상기 제 1결합부( 201)와 제 2결합부 ( 401)가 결합하여 터널형상의 휴대용 차양막(1) 을 형성한다.

## [0027]

Here, the mesh curtain 400 is coupled to correspond to the shade curtain 200, and when wind flows into and out of the shade curtain, the wind passes through the mesh curtain 400 and the shadow formed by the shade curtain 200. In addition, the wind smoothly passes, providing the user with coolness by the wind.

---------------------------------------------------------------------------------------------------------------------

여기서, 상기 망사장막( 400)은 상기 차양막( 200)과 대응하여 결합되며, 상기 차양막의 내외 부로 바람이 흐르면 상기 망사장막( 400)을 통해 바람이 통과되어 상기 차양막( 200)에 의해 형성되는 그림자 이외에도 바람이 원활하게 통과되어 사용자에게 바람에 의해 시원함을 제공 한다.

## [0028]

In this case, the first coupling part 201 and the second coupling part 401 are used as coupling members such as Velcro fasteners or zippers corresponding to each other, and are combined or disassembled according to the user's taste.

---------------------------------------------------------------------------------------------------------------------

이때, 상기 제 1결합부( 201)와 제 2결합부( 401)는 상호 대응되는 밸크로파스너 또는 지퍼 등 의 결합부재로 사용하여, 사용자의 취향에 따라 결합 또는 분해하여 사용한다.

## [0029]

According to FIG. 4, as a second embodiment according to the present invention, a protrusion cap 500 having a ring 510 formed on one side of the outer circumferential surface in a cylindrical shape is provided, and fitting protrusions 110 formed at both ends of the poles 100 and 100'. The rings 510 are inserted to face each other, and the rings 510 are connected to each other with a connecting ring 520 provided with an elastic string and installed.

----------------------------------------------------------------------------------------------------

도 4에 의하면, 본 발명에 따른 제2실시예로써, 원통형상으로 외주면 일측에 고리(510)가 형성된 돌기캡(500)을 구비하고 상기 폴대(100,100')의 양단부에 형성된 끼움돌기(110)에 고리(510)가 서로 마주보도록 끼우고, 그 고리(510)에 탄성줄이 구비된 연결고리(520)로 서로 연결하여 설치한다.

## [0030]

Here, the protrusion cap 500 can be installed on a gravel floor or a concrete floor 4, and the shape of the portable awning membrane 1 can be maintained by connecting the mutual rings 510 with the connecting rings 520. .

----------------------------------------------------------------------------------------------------

여기서, 상기 돌기캡(500)은 자갈바닥 또는 콘크리트(4) 바닥에 설치가 가능하며, 상호 고리(510)를 연결고리(520)로 이어주어 상기 휴대용 차양막(1)의 형상을 그대로 유지할 수 있다.

## [0031]

According to FIG. 5, as a third embodiment according to the present invention, a mat 600 provided with a fitting ring 3 at each edge end is spread out, and the fitting protrusion 110 of the poles 100 and 100' is formed thereon. It is characterized in that it is installed in each fitting ring (3).

----------------------------------------------------------------------------------------------------

도 5에 의하면, 본 발명에 따른 제3실시예로써, 각각의 모서리 단부에 끼움링(3)이 구비된 돗자리(600)를 펴고, 그 위에 상기 폴대(100,100')의 끼움돌기(110)를 각각 끼움링(3)에 끼워 설치하는 것을 특징으로 한다.

## [0032]

This provides a space where the user can comfortably rest in the interior of the

awning screen 200 in using the portable awning membrane 1, and the ground (2) such as a sandy or earthen floor, a gravel floor, a concrete floor (4) It can be installed immediately, regardless of any place, and the shape of the portable awning (1) can be maintained by the mat (600).

------------------------------------------------------------------------------------------------

이는 상기 휴대용 차양막(1)을 사용하는데 있어서, 사용자가 차양막(200)의 내부에서 편안하게 쉴 수 있는 공간을 마련하며 모래바닥이나 흙바닥 등의 지면(2), 자갈바닥, 콘크리트바닥(4) 등 어느 장소든 상관없이 바로 설치가 가능하며 돗자리(600)에 의해 상기 휴대용 차양막(1)의 형상을 그대로 유지할 수 있다.

## [0033]

Finally, the awning film 200 is applied by layering a waterproof paint and UV-blocking paint on the windproof fabric, preferably by applying a waterproof paint to the inner skin surface of the windproof fabric used as the awning film 200 to make a waterproof coating, UV- coating by applying UV- blocking paint to the outer surface of the skin, use fabrics that are generally used.

------------------------------------------------------------------------------------------------

마지막으로, 상기 차양막(200)은 방풍원단에 방수 도료와 자외선 차단 도료를 점층하여 도포하는데 있어서, 바람직하게는 차양막(200)으로 사용하는 방풍원단의 내피면에 방수 도료를 도포하여 방수코팅하고, 외피면에 자외선 차단 도료를 도포하여 UV코팅하여 일반적으로 사용하는 원단을 사용한다.

## [0034]

Above, the present invention is simple and anyone can easily install or disassemble with a minimal structure that can install the portable awning (1) using natural wind, and a rest space that can protect the user from sunlight from morning to evening can provide

------------------------------------------------------------------------------------------------

이상, 본 발명은 자연 바람을 이용하여 휴대용 차양막(1)을 설치할 수 있는 최소한의 구조물만으로 간편하고 누구나 쉽게 설치 또는 해체할 수 있으며, 아침부터 저녁까지 내리쬐는 햇볕으로부터 사용자를 보호할 수 있는 휴식 공간을 제공할 수 있다.

## [0035]

500 1:Portable awning 100: pole 200: awning 300: hanging means 500: protrusion cap 600: mat

------------------------------------------------------------------------------------------------------------------------

503 1:휴대용 차양막 100:폴대200:차양막 300:걸이수단500:돌기캡 600:돗자리



| (19) 대한민국특허청(KR) | (45) 공고일자 | 2013년10월07일 |
| (12) 등록특허공보(B1) | (11) 등록번호 | 10-1315166 |
| | (24) 등록일자 | 2013년09월30일 |

(51) 국제특허분류(Int. Cl.)
　　　*E04H 15/64* (2006.01) *E04H 15/00* (2006.01)
(21) 출원번호　　10-2010-0110589
(22) 출원일자　　2010년11월08일
　　　심사청구일자　2010년11월08일
(65) 공개번호　　10-2012-0049032
(43) 공개일자　　2012년05월16일
(56) 선행기술조사문헌
　　　KR1020100111450 A
　　　KR200392044 Y1
　　　JP2001164798 A

(73) 특허권자
　　　**강석명**
　　　경기도 수원시 팔달구 수원천로204번길 50-7 (인계동)
(72) 발명자
　　　**강석명**
　　　경기도 수원시 팔달구 수원천로204번길 50-7 (인계동)
(74) 대리인
　　　**유기현**

전체 청구항 수 : 총 4 항　　　　　　　　　　　　　　　심사관 :　　이병결

(54) 발명의 명칭 **휴대용 차양막**

(57) 요 약

본 발명은 휴대용 차양막에 관한 것으로, 그늘이 별로 없는 강가나 해변가 등지의 야외에서 간편하게 설치하여 따가운 햇볕을 피할 수 있도록 그늘을 제공하는 휴대용 차양막에 관한 것이다.

본 발명은 양단부에 끼움돌기가 돌출 형성되고, '∩'자 형상으로 휘어지는 텐트용 폴대와; 삼각형상의 장막으로 상기 폴대의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부를 형성함과 동시에 양쪽 끝 부분에 폴대가 출입할 수 있는 재봉홀을 형성함으로 상기 폴대에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막과; 끼움링이 일측에 형성되고 타측에 상기 재봉홀의 둘레에 부착하여 상기 끼움돌기를 고정하는 직물편과; 상기 재봉부의 중앙 부분에 상기 폴대가 노출되도록 일 부분을 질개하거나 또는 재봉부의 중앙 부분에 인접하는 장막에 끼움링을 더 구비하여 형성된 걸림부; 상기 걸림부에 걸쇠를 걸고 다른 한쪽에 말뚝이 연결체를 중심으로 양단부에 형성된 걸이수단으로 상기 차양막을 지지하는 것을 특징으로 하는 휴내용 차양막에 있어서, 상기 차양막은 재봉부를 제외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부를 형성하는 것을 특징으로 하는 휴대용 차양막을 제공한다.

여기서, 상기 차양막의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재와; 상기 폴대와 이격되어 설치되는 폴대와; 이 폴대에 구비되며 상기 차양막의 제 1결합부와 대응되는 모양의 제 2결합부가 형성된 망사장막이 상기 제 1결합부와 제 2결합부가 결합하여 터널형상의 차양막을 형성하는 것을 특징으로 한다.

또한, 원통형상으로 외주면 일측에 고리가 형성된 돌기캡을 구비하고 상기 폴대의 양단부에 형성된 끼움돌기에 고리가 서로 마주보도록 끼우고, 그 고리에 탄성줄이 구비된 연결고리로 서로 연결하여 설치하는 것을 특징으로 한다.

그리고, 각각의 모서리 단부에 끼움링이 구비된 돗자리를 펴고, 그 위에 상기 폴대의 끼움돌기를 각각 끼워 설치하는 것을 특징으로 한다.

상기와 같은 구성의 본 발명을 제공함으로써, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 효과가 있다.

대 표 도 - 도1



특허청구의 범위

**청구항 1**

양단부에 끼움돌기(110)가 돌출 형성되고, '∩'자 형상으로 휘어지는 폴대(100)와;

삼각형상의 장막으로 형성되며, 상기 폴대(100)의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부(210)를 형성함과 동시에 상기 재봉부(210)의 중앙부분에는 걸쇠(310)를 걸 수 있는 걸림부(230)가 형성되고, 상기 재봉부(210)의 양쪽 끝 부분에 폴대(100)가 출입할 수 있는 재봉홀(212)이 형성된 차양막(200)과;

상기 재봉홀(212)의 둘레 일부분에 연장되어 일측이 부착됨과 동시에 상기 끼움돌기(110)를 끼울 수 있는 끼움링(3)이 타측에 형성된 직물편(220)과;

상기 걸림부(230)에 고정하여 상기 차양막(200)을 지지할 수 있도록 연결체(330)의 한쪽 끝에는 걸쇠(310)가 나른 한쪽 끝에는 말뚝(320)이 형성된 걸이수단(300)을 포함하여 이루어진 휴대용 차양막(1)에 있어서,

상기 차양막(200)은 재봉부(210)를 재외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 강사부(240)를 형성하는 것을 특징으로 하는 휴내용 차양막.


**청구항 2**

제 1항에 있어서,

상기 차양막(200)의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재(201)와; 상기 폴대(100)와 이격되어 설치되는 폴대(100')와; 이 폴대(100')에 구비되며 상기 차양막(200)의 제 1결합부(201)와 대응되는 모양의 제 2결합부(401)가 형성된 망사장막(400)이 상기 제 1결합부(201)와 제 2결합부(401)가 결합하어 터널형상의 차양막(200)을 형성하는 것을 특징으로 하는 휴대용 차양막.


**청구항 3**

제 2항에 있어서,

원통형상으로 외주면 일측에 고리(510)가 형성된 돌기캡(500)을 구비하고 상기 폴대(100,100')의 양단부에 형성된 끼움돌기(110)에 고리(510)가 서로 마주보도록 끼우고, 상기 고리(510)에 탄성줄이 구비된 연결고리(520)로 서로 연결하여 설치하는 것을 특징으로 하는 휴대용 차양막.


**청구항 4**

제 2항에 있어서,

각각의 모서리 난부에 끼움링(3)이 구비된 돗자리(600)를 펴고, 그 위에 상기 폴대(100,100')의 끼움돌기(110)를 각각 끼워 설치하는 것을 특징으로 하는 휴대용 차양막.

명세서

기술분야

[0001] 본 발명은 휴대용 차양막에 관한 것으로, 그늘이 별로 없는 강가나 해변가 등지의 야외에서 간편하게 설치하여 따가운 햇볕을 피할 수 있도록 그늘을 제공하는 휴대용 차양막에 관한 것이다.

배경기술

[0002] 일반적으로 강가나 해변 등의 야외는 물과 땅의 온도차이로 해륙풍(海陸風)이 발생하며, 태양이 비추는 한낮에도 약하게 남아 해풍(海風)이 불어 야영객을 시원하게 해주지만, 반면 따가운 햇볕에서 생성되는 가시광선 및

자외선에 의해 인체에 악영향이 미치므로 장기간 노출되면 위험한 상황에 이를 수도 있다.

[0003] 그리하여, 종래에 햇볕을 차단하며 그늘을 만들기 위하여 비치 파라솔을 실치하여 사용하였으나, 이는 그 부피가 크고 구조물이 철재로 형성되어 휴대가 불편할 뿐만 아니라 사용자가 항상 자동차에 비치 파라솔을 비치(備置)하고 다닐 수도 없다.

[0004] 이와 같은 문제점을 극복하기 위하여, 최근에 햇볕을 차단하여 그늘을 만들수 있는 휴대용 차양막으로 공개실용 제1990-0000799호, 공개실용 제1998-060140 등에 개시된 바 있다.

[0005] 그러나, 상기 개시된 공개실용 제1990-0000799호는 휴대가 간편하도록 반원형상의 차양막의 테두리에 형성된 삽지공을 따라 지주를 삽입하여 설치한 후, 지주의 상단을 중심으로 전후방에 줄을 묶어 말뚝을 박아 고정하는 방식의 휴대용 차양막을 제공하고 있으나, 상기 차양막은 햇볕을 가려 그늘을 만들기 위해서는 반투명 또는 불투명의 원단을 사용해야만 하는데, 그렇게 되면 전후방에 불어오는 바람에 저항하게 되어 차양막이 쓰러지거나 날라가는 등의 불상사가 발생한다.

[0006] 또한, 상기 차양막은 해가 중천에 떴을 경우, 지주의 수직 방향으로 빛이 비추어지므로 그늘이 생기지 않거나 생긴다 하더라도 햇볕으로부터 사용자를 보호할 만큼의 그늘을 보장할 수가 없으며, 한낮의 뜨거운 직사광선에 그대로 노출된다.

[0007] 다음, 상기 개시된 공개실용 제1998-060140호는 햇볕을 가리는 막지를 지면으로부터 경사지게 하여 햇볕차단은 물론 바람막이의 구실도 할 수 있도록 하고, 상기 막지의 둘레에 형성한 반호형의 상하부 홀에끼우는 폴과 똑바로 세우는 수직폴로 되는 간편한 구성으로 하여 휴대와 조립분해가 용이하다고 기술되어 있다.

[0008] 그러나, 크기나 재료상으로 보면 1~3인용으로 크기가 작고 그만큼 작은 폴과 원단을 사용하므로 그만큼 부피가 작아 휴대가 용이한 것은 사실이나, 상기 막지의 양단에 각각의 폴을 끼우고, 그 폴의 끝단에 형성된 고리와 깔판지에 형성된 고리를 연결하고, 막지의 일부분에 지물편에 형성된 끼움공에 또 다른 폴을 일일이 연결하고, 막지 내측에 형성된 연결끈으로 그 폴의 중간 부분을 또 묶어야 하는 등의 작업 코스트가 많아 분해조립 등의 설치하는 시간이 오래 걸리는 단점이 있다.

[0009] 또한, 상기 기술에서 어느 부분을 찾아봐도 상기 휴대용 차양막이 지면에 고정되어 있지 않으며, 사용자가 깔판지에 앉으므로 지지할 수는 있으나 자리를 비운 사이에 바람이 조금만 강하게 불어도 나라가 버리는 등의 분실되는 문제점이 있다.

### 발명의 내용

### 해결하려는 과제

[0010] 본 발명은 상기한 문제점을 극복하기 위하여, 불어오는 바람에 지항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 휴대용 차양막을 제공하는데 목적이 있다.

### 과제의 해결 수단

[0011] 본 발명은 상기한 목적을 달성하기 위하여, 양단부에 끼움돌기가 돌출 형성되고, '∩'자 형상으로 휘어지는 텐트용 폴대와; 삼각형상의 장막으로 상기 폴대의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 집어서 재봉하여 재봉부를 형성함과 동시에 양쪽 끝 부분에 폴대가 출입할 수 있는 재봉홀을 형성함으로 상기 폴대에 결합하여 수평방향으로 펴져지도록 형성된 차양막과; 끼움링이 일측에 형성되고 타측에 상기 재봉홀의 둘레에 부착하여 상기 끼움돌기를 고정하는 직물편과; 상기 재봉부의 중앙 부분에 상기 폴대가 노출되도록 일 부분을 절개하거나 또는 재봉부의 중앙 부분에 인접하는 장막에 끼움링을 더 구비하여 형성된 걸림부; 상기 걸림부에 걸쇠를 걸고 다른 한쪽에 말뚝이 연결체를 중심으로 양단부에 형성된 걸이수단으로 상기 차양막을 지지하는 것을 특징으로 하는 휴대용 차양막에 있어서, 상기 차양막은 재봉부를 제외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부를 형성하는 것을 특징으로 하는 휴대용 차양막을 제공한다.

[0012] 여기서, 상기 차양막의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재와; 상기 폴대와 이격되어 설치되는 폴대와; 이 폴대에 구비되며 상기 차양막의 제 1결합부와 대응되는 모양의 제 2결합부가 형성된 망사장막이 상기 제 1결합부와 제 2결합부가 결합하여 터널형상의 차양막을 형성하는 것을 특징으로 한다.

[0013] 또한, 원통형상으로 외주면 일측에 고리가 형성된 돌기캡을 구비하고 상기 폴대의 양단부에 형성된 끼움돌기에 고리가 서로 마주보도록 끼우고, 그 고리에 탄성줄이 구비된 연결고리로 서로 연결하여 실치하는 것을 특징으로 한다.

[0014] 그리고, 각각의 모서리 단부에 끼움링이 구비된 돗자리를 펴고, 그 위에 상기 폴대의 끼움돌기를 각각 끼워 설치하는 것을 특징으로 한다.

발명의 효과

[0015] 상기와 같은 구성의 본 발명을 제공함으로써, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 효과가 있다.

도면의 간단한 설명

[0016] 도 1은 본 발명에 따른 휴대용 차양막의 설치상태도

도 2는 본 발명에 따른 휴대용 차양막의 설치상태 측단면도

도 3은 본 발명에 따른 제 1실시예를 도시한 상태도

도 4는 본 발명에 따른 제 2실시예를 도시한 상태도

도 5는 본 발명에 따른 제 3실시예를 도시한 상태도

발명을 실시하기 위한 구체적인 내용

[0017] 이하, 본 발명에 따른 휴대용 차양막은 첨부한 도면들을 참고로 하여 이하 상세히 기술되는 실시 예에 의하여 그 특징들을 이해할 수 있을 것이다.

[0018] 도 1 내지 도 2에 의하면, 본 발명은 양단부에 끼움돌기(110)가 돌출 형성되고, '∩'자 형상으로 휘어지는 텐트용 폴대(100)와; 삼각형상의 장막으로 상기 폴대(100)의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부(210)를 형성함과 동시에 양쪽 끝 부분에 폴대(100)가 출입할 수 있는 재봉홀(212)을 형성함으로 상기 폴대(100)에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막(200)과; 끼움링(2)이 일측에 형성되고 타측에 상기 재봉홀(212)의 둘레에 부착하여 상기 끼움돌기(110)를 고정하는 직물편(220)과; 상기 재봉부(210)의 중앙 부분에 상기 폴대(100)가 노출되도록 일 부분을 절개하거나 또는 재봉부(210)의 중앙 부분에 인접하는 장막에 끼움링(2)을 더 구비하여 형성된 걸림부(230)와; 상기 걸림부(230)에 걸쇠(310)를 걸고 다른 한쪽에 말뚝(320)이 연결체(330)를 중심으로 양단부에 형성된 걸이수단(300)으로 상기 차양막(200)을 지지하는 것을 특징으로 하는 휴대용 차양막(1)에 있어서, 상기 차양막(200)은 재봉부(210)를 제외한 나머지 두 가장자리의 모서리선을 따라 일정크기 망사부(240)를 형성한다.

[0019] 이때, 상기 망사부(240)는 장기간의 실험을 통하여 얻은 결과로 상기 차양막(200)이 바람에 흔들리는 깃발에서 펄럭이는 소리(즉, 펼쳐진 직물을 따라 흐르는 기류에 의해 장막이 요동치며 발생하는 잡음)와 같은 소음을 최소화할 수 있도록 상기 차양막(200)에 흐르는 공기가 망사부(240)를 통과함으로 차양막(200)의 가장자리의 바람에 흔들리지 않는다.

[0020] 상기와 같은 구조로 바닷가 또는 강가에 지면(2)이 흙이나 모래로 된 장소에서 사용자가 야영 또는 낚시를 즐기며 따가운 햇볕을 피할 수 있는 휴식 공간을 만들기 위하여 해풍(海風)을 받는 방향을 정면으로 설치하되, 텐트용 폴대(100)를 펴고, 차양막(200)의 재봉홀(210)에 그 폴대(100)를 밀어 넣어 반대쪽 재봉홀(210)까지 도달하게 되면 폴대(100)가 끼워진 차양막(200)과 폴대(100)가 반원형상으로 휘어진다.

[0021] 이때, 재봉홀(210)에 연장하여 구비된 지물편(220)에 형성한 끼움링(3)에 폴대(100)의 끼움놀기(110)를 끼우고, 그 끼움돌기(110)를 지면(2)에 수직으로 박아 상기 차양막(200)이 만원형상으로 기립(起立)상태를 유지한다.

[0022] 그리고, 상기 걸이수단(300)의 걸쇠(310)를 걸림부(230)에 걸고 전방 2 ~ 3 m 부분에 일체로 된 말뚝(320)을 박아 차양막(200)을 더욱더 견고하게 한다.

[0023] 말 바람에 휘날리는 차양막(200) 밑에 공간에 돗자리(600) 등을 깔아 편안하게 휴식을 취하며, 햇볕을 피할 수

있다.

[0024] 여기서, 상기 지물편(220)은 가방 끈과 같은 직물지로 약 100 ~ 150 mm 정도 소정 길이 만큼 잘라 사용하는 것으로, 한쪽 부분에 서로 결합되는 두 개의 링을 압착하여 타공함으로써 형성되는 통상의 끼움링(3)을 구비하고, 반대쪽 부분은 상기 재봉홀(212)의 둘레면 중 일 부분에 재봉하거나 접착하여 부착한다.

[0025] 또한, 바람직하게는 상기 끼움링(3)을 통과한 끼움돌기(110)의 파손을 막으며 더욱더 견고하게 지면에 고정할 수 있도록 상기 끼움돌기(110)와 대응되는 끼움홈(110a)이 형성된 말뚝(320)을 더 구비하여 지면에 더욱 깊게 박아 견고하게 한다.

[0026] 도 3에 의하면, 본 발명에 따른 제 1실시예로써, 상기 차양막(200)의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재(201)와; 상기 폴대(100)와 이격되어 설치되는 또 다른 폴대(100')와; 이 폴대(100')에 구비되며 상기 차양막(200)의 제 1결합부(201)와 대응되는 모양의 제 2결합부(401)가 형성된 망사장막(400)이 상기 제 1결합부(201)와 제 2결합부(401)가 결합하여 터널형상의 휴대용 차양막(1)을 형성한다.

[0027] 여기서, 상기 망사장막(400)은 상기 차양막(200)과 대응하여 결합되며, 상기 차양막의 내외부로 바람이 흐르면 상기 망사장막(400)을 통해 바람이 통과되어 상기 차양막(200)에 의해 형성되는 그림자 이외에도 바람이 원활하게 통과되어 사용자에게 바람에 의해 시원함을 제공한다.

[0028] 이때, 상기 제 1결합부(201)와 제 2결합부(401)는 상호 대응되는 밸크로파스너 또는 지퍼 등의 결합부재로 사용하여, 사용자의 취향에 따라 결합 또는 분해하여 사용한다.

[0029] 도 4에 의하면, 본 발명에 따른 제 2실시예로써, 원통형상으로 외주면 일측에 고리(510)가 형성된 돌기캡(500)을 구비하고 상기 폴대(100,100')의 양단부에 형성된 끼움돌기(110)에 고리(510)가 서로 마주보도록 끼우고, 그 고리(510)에 탄성줄이 구비된 연결고리(520)로 서로 연결하여 설치한다.

[0030] 여기서, 상기 돌기캡(500)은 자갈바닥 또는 콘크리트(4) 바닥에 설치가 가능하며, 상호 고리(510)를 연결고리(520)로 이어주어 상기 휴대용 차양막(1)의 형상을 그대로 유지할 수 있다.

[0031] 도 5에 의하면, 본 발명에 따른 제 3실시예로써, 각각의 모서리 단부에 끼움링(3)이 구비된 돗자리(600)를 펴고, 그 위에 상기 폴대(100,100')의 끼움돌기(110)를 각각 끼움링(3)에 끼워 설치하는 것을 특징으로 한다.

[0032] 이는 상기 휴대용 차양막(1)을 사용하는데 있어서, 사용자가 차양막(200)의 내부에서 편안하게 쉴 수 있는 공간을 마련하여 모래바닥이나 흙바닥 등의 지면(2), 자갈바닥, 콘크리트바닥(4) 등 어느 장소든 상관없이 바로 설치가 가능하며 돗자리(600)에 의해 상기 휴대용 차양막(1)의 형상을 그대로 유지할 수 있다.

[0033] 마지막으로, 상기 차양막(200)은 방풍원단에 방수 도료와 자외선 차단 도료를 접층하여 도포하는데 있어서, 바람직하게는 차양막(200)으로 사용하는 방풍원단의 내피면에 방수 도료를 도포하여 방수코팅하고, 외피면에 자외선 차단 도료를 도포하여 UV코팅하여 일반적으로 사용하는 원단을 사용한다.

[0034] 이상, 본 발명은 자연 바람을 이용하여 휴대용 차양막(1)을 설치할 수 있는 최소한의 구조물만으로 간편하고 누구나 쉽게 설치 또는 해체할 수 있으며, 아침부터 저녁까지 내리쬐는 햇볕으로부터 사용자를 보호할 수 있는 휴식 공간을 제공할 수 있다.

부호의 설명

[0035]

| | |
|---|---|
| 1:휴대용 차양막 | 100:폴대 |
| 200:차양막 | 300:걸이수단 |

500:돌기캡                                600:돗자리

도명

도예1



도 2



도면3



도면4



【도 8】



| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/343,114 |
| | | | | Filing Date | June 9, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 38 | US-2,186,510 | 01-09-1940 | Walter *et al.* | |
| | 39 | US-3,052,249 | 09-04-1962 | Seaman *et al.* | |
| | 40 | US-5,678,704 | 10-21-1997 | Deeds | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 41 | KR 10-1315166 | 10-07-2013 | Kang | | Machine Translation |
| | 42 | CA 2524310 | 04-25-2006 | Aqua-Leisure Industries, Inc | | |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 43 | Suniela Beach Portable Shade Cabanas, [site visited October 21, 2021], Available on the internet URL: <https://suniela.com> | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JANUARY 28, 2022.*

WBD (US) 55477076v1



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| | | | |
|---|---|---|---|
| 26158 7590 02/11/2022 | | EXAMINER | |
| WOMBLE BOND DICKINSON (US) LLP ATTN: IP DOCKETING P.O. BOX 7037 ATLANTA, GA 30357-0037 | | HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 02/11/2022 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>1/28/22</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☑ This action is **FINAL**.   2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims\***

5) ☑ Claim(s) <u>21-26 and 29-42</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☑ Claim(s) <u>33-36</u> is/are allowed.

7) ☑ Claim(s) <u>21-26,29-32 and 37-42</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
    a)☐ All   b)☐ Some\*\*   c)☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

\*\* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
  Paper No(s)/Mail Date <u>1/28/2022</u>.

3) ☐ Interview Summary (PTO-413)
  Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 158 of 423

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.


### *Claim Rejections - 35 USC § 103*

2.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all

obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed
> invention is not identically disclosed as set forth in section 102, if the differences between the
> claimed invention and the prior art are such that the claimed invention as a whole would have
> been obvious before the effective filing date of the claimed invention to a person having
> ordinary skill in the art to which the claimed invention pertains. Patentability shall not be
> negated by the manner in which the invention was made.

3.      Claims 21-23, 25, 26, 31, 32, and 40-42 are rejected under 35 U.S.C. 103 as

being unpatentable over KR 101315166 (Kang) in view of Seo in US Publication

2003/0089390.

a.      Regarding Claim 21, Kang teaches a system for providing shade onto a

surface, the system comprising: a frame (100) maneuverable into a supporting

configuration (Fig. 1), an end (110) of the frame being embedded in the surface,

a canopy (200) extending between a suspension (toward 210) end and an

opposing trailing end (toward 240), the suspension end of the canopy being

engageable with the frame about a portion of the frame, wherein the trailing end

of the canopy is spaced apart from the portion of the frame in the supporting

configuration such that the canopy is supportable by the frame and at least

partially supportable by wind in a first configuration for providing shade to the

surface; and a "container" (330) capable of both transporting the components of the system therein (the cord 330 can be wrapped around a bundle formed by the frame and the canopy in a collapsed state) and acting as an anchor that is coupleable to the frame (at 31) and engageable with the surface (at 320) to retain the frame in the supporting configuration.

b.      Kang is silent on the use of a multi-part frame. Seo teaches a frame (A) including a plurality of sections (1A and 1B) and being maneuverable between a transport configuration (Fig. 1) and a supporting configuration (Fig. 3), at least one of the plurality of sections (D/E, see below) forming a non-co- extensive angle with at least one other (F/G/H) of the plurality of sections in the supporting configuration. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame of Kang by using a multi-part frame as taught by Seo in order to allow the user to compactly store the device when not in use.

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 160 of 423



Seo, Fig. 3

c.　　Regarding Claim 22, Kang, as modified, teaches that in the supporting configuration, a first section (such as D/E as taught by Seo) of the frame is embedded in the surface and a second section (such as C/F/G) is engaged with the first section so that the second section is arranged at the non-co-extensive angle with respect to an axis of the first section, and wherein, in the supporting configuration, the suspension end of the canopy is engageable with the second section.

d.　　Regarding Claim 23, Kang, as modified, teaches that the canopy is unitarily constructed (the canopy is a single sheet) or comprises a plurality of coupled sections.

e.      Regarding Claim 25, Kang, as modified, teaches that the canopy defines one or more vent holes (240), one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

f.      Regarding Claim 26, Kang, as modified, teaches (see Seo) a cable (Seo (s) extending through at least one of the plurality of sections of the frame.

g.      Regarding Claim 31, Kang, as modified, teaches that the frame is directly embedded in the surface (at 110).

h.      Regarding Claim 32, Kang, as modified, teaches that the canopy is supportable by the frame and totally supportable by the wind in the first configuration for providing shade to the surface.

i.      Regarding Claim 40, Kang, as modified, teaches that the container comprises an element coupleable to the frame (the cord is coupleable to the frame at 310).

j.      Regarding Claim 41, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100) maneuverable into a supporting configuration (Fig. 1), an end (110) of the frame being engageable with the surface in the supporting configuration; a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that when a wind force is applied to the canopy, the canopy is supportable by the frame at the suspension end and the trailing end of the canopy is at least partially supportable

by the wind force for providing shade to the surface; and a "container" (330)

capable of both transporting the components of the system (the cord 330 can be

wrapped around a bundle formed by the frame and the canopy in a collapsed

state) and acting as an anchor to retain the frame in the supporting configuration,

the container being coupleable to one or both of the frame (at 31) and the canopy

by an element (320) of the system engageable therebetween.

k.      Kang is silent on the use of a multi-part frame. Seo teaches a frame (A)

including a plurality of sections (1A and 1B) and being maneuverable between a

transport configuration (Fig. 1) and a supporting configuration (Fig. 3). It would

have been obvious to one of ordinary skill in the art before the effective filing date

of the claimed invention to modify the frame of Kang by using a multi-part frame

as taught by Seo in order to allow the user to compactly store the device when

not in use.

l.      Regarding Claim 42, Kang, as modified, teaches that the element of the

system comprises a cord, a "closing mechanism" (320, which could be used to

hook the cord around the bundle) on the container, or a band for transporting the

container.

4.      Claims 37-39 are rejected under 35 U.S.C. 103 as being unpatentable over KR

101315166 (Kang) in view of Seo in US Publication 2003/0089390 and Cook in US

Publication 2013/0074894.

m.      Regarding Claim 37, Kang teaches a system for providing shade onto a

surface, the system comprising: a frame (100) maneuverable into supporting

configuration (Fig. 1), an end (110) of the frame being engageable with the

Case 5:24-cv-00588-FL      Document 28-8      Filed 03/23/26      Page 163 of 423

surface, a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface;

n.      Kang is silent on the use of a multi-part frame. Seo teaches a frame (A) including a plurality of sections (1A and 1B) and at least one aligning component (1a) affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration (Fig. 1) and a supporting configuration (Fig. 3), an end (the lower end of D) of the frame being engageable with the surface and at least one (F) of the plurality of sections forming a non-coextensive angle with at least one other (F) of the plurality of sections in the supporting configuration. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame of Kang by using a multi-part frame as taught by Seo in order to allow the user to compactly store the device when not in use.

o.      Kang, as modified, is silent on the use of a container. Cook teaches a system including a container (40) capable of both transporting the components of the system therein and acting as an anchor housing weight (the container can inherently hold anything therein including a generic "weight") to retain the frame in the supporting configuration, the container housing the weight is capable of

being coupleable to one or both of the frame and the canopy (such as by cord 330). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Cook in order to allow the user to more easily carry the device when collapsed.

p.      Regarding Claim 38, Kang, as modified, teaches that in the supporting configuration, a first section (such as D/E as taught by Seo) of the frame is embedded in the surface and a second section (such as C/F/G) is engaged with the first section via the at least one aligning component so that the second section is arranged at the non-co-extensive angle with respect to an axis of the first section, and wherein, in the supporting configuration, the suspension end of the canopy is engageable with the second section.

q.      Regarding Claim 39, Kang, as modified, teaches that a first end (110) of the first section of the frame is embedded in the surface in the supporting configuration, and wherein the container housing the weight is capable of being engaged with or coupled to the first end of the first section of the frame (the container is inherently capable of being coupled to any part of the frame including the first end of the first section).

5.      Claims 23 and 24 are rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to Claim 21 above in view of Sotirkys et al. in US Patent 7789097. Kang, as modified, fails to teach a canopy including a plurality of sections. Sotirkys teaches a canopy (10/80) that comprises a plurality of coupled sections (10 and 80), wherein the plurality of coupled sections are selectively engageable sections

(detachable at 85/86). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Kang, as modified, by using a plurality of sections as taught by Sotirkys in order to allow the user to select the amount of coverage available under the shelter.

6.      Claims 29 and 30 are rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to Claim 21 above in view of Stein in US Patent 5080123. Kang, as modified is silent on the use of a rectangular canopy. Stein teaches a shelter system including a canopy (14),  wherein the canopy has at least one set of parallel sides (16/18), and the canopy has two sets (16/18 and 20/22) of parallel sides. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a rectangular canopy as taught by Stein in order to provide more shade area for the user.

### *Allowable Subject Matter*

7.      Claim 33-36 are allowed.

8.      The following is an examiner's statement of reasons for allowance: the prior art made of record has failed to suggest either singly or in combination a novel shade system including a frame made of aligned sections and engaged with the ground, a canopy suspended from one end by the frame and lifted by the force of the wind, a cord coupleable to the frame or canopy and a container attached to the cord which acts as both a carrying case for the components of the system and an anchor to keep the shade in an erected position.

9.    The prior art generally teaches a wind-suspended canopy (see KR 10135166)

but fails to teach the anchor/carrying bag combination.


### *Response to Arguments*

10.    Applicant's arguments filed 1/28/2022 have been fully considered but they are

not persuasive.

11.    Applicant's arguments with respect to claims 21, 37, and 41 have been

considered but are moot because the new ground of rejection does not rely on any

reference applied in the prior rejection of record for any teaching or matter specifically

challenged in the argument.


### *Conclusion*

12.    Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).


13.    A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

14. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197

(toll-free). If you would like assistance from a USPTO Customer Service

Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | Examiner | Art Unit |
| | NOAH C HAWK | 3636 |

**CPC - Searched\***

| Symbol | Date | Examiner |
|---|---|---|
| E04H 15/326, 15/003, 12/22 | 10/26/2021 | NCH |
| updated above | 02/08/2022 | NCH |

**CPC Combination Sets - Searched\***

| Symbol | Date | Examiner |
|---|---|---|
| | | |

**US Classification - Searched\***

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 135 | 119, 118 115, 120.1, 114, 127 | 10/26/2021 | NCH |
| 40 | 214,606.11, 217, 412 | 10/26/2021 | NCH |
| 160 | 135,350,351,352, 377 | 10/26/2021 | NCH |
| | updated above | 02/08/2022 | NCH |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

**Search Notes**

| Search Notes | Date | Examiner |
|---|---|---|
| Considered IDS filed 6/9/2021 | 10/26/2021 | NCH |
| Performed inventor name search in DAV | 10/26/2021 | NCH |
| Considered and updated search history for parent application 16/987886 | 10/26/2021 | NCH |
| Please see PE2E search history | 10/26/2021 | NCH |
| Considered IDS filed 1/28/22 | 02/07/2022 | NCH |

| | |
|---|---|
| | |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 170 of 423



| Search Notes | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

U.S. Patent and Trademark Office

Part of Paper No.: 20220207

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 171 of 423

|  | Index of Claims | Application/Control No. 17/343,114 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|---|
|  |  | Examiner NOAH C HAWK | Art Unit 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| CLAIMS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | ☐ R.1.47 | | |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | 02/08/2022 | | | | | | |
|  | 1 | - | - | | | | | | |
|  | 2 | - | - | | | | | | |
|  | 3 | - | - | | | | | | |
|  | 4 | - | - | | | | | | |
|  | 5 | - | - | | | | | | |
|  | 6 | - | - | | | | | | |
|  | 7 | - | - | | | | | | |
|  | 8 | - | - | | | | | | |
|  | 9 | - | - | | | | | | |
|  | 10 | - | - | | | | | | |
|  | 11 | - | - | | | | | | |
|  | 12 | - | - | | | | | | |
|  | 13 | - | - | | | | | | |
|  | 14 | - | - | | | | | | |
|  | 15 | - | - | | | | | | |
|  | 16 | - | - | | | | | | |
|  | 17 | - | - | | | | | | |
|  | 18 | - | - | | | | | | |
|  | 19 | - | - | | | | | | |
|  | 20 | - | - | | | | | | |
|  | 21 | ✓ | ✓ | | | | | | |
|  | 22 | ✓ | ✓ | | | | | | |
|  | 23 | ✓ | ✓ | | | | | | |
|  | 24 | ✓ | ✓ | | | | | | |
|  | 25 | ✓ | ✓ | | | | | | |
|  | 26 | ✓ | ✓ | | | | | | |
|  | 27 | ✓ | - | | | | | | |
|  | 28 | ✓ | - | | | | | | |
|  | 29 | ✓ | ✓ | | | | | | |
|  | 30 | ✓ | ✓ | | | | | | |
|  | 31 | ✓ | ✓ | | | | | | |
|  | 32 | ✓ | ✓ | | | | | | |
|  | 33 | | = | | | | | | |
|  | 34 | | = | | | | | | |
|  | 35 | | = | | | | | | |
|  | 36 | | = | | | | | | |
|  | 37 | | ✓ | | | | | | |
|  | 38 | | ✓ | | | | | | |
|  | 39 | | ✓ | | | | | | |
|  | 40 | | ✓ | | | | | | |
|  | 41 | | ✓ | | | | | | |
|  | 42 | | ✓ | | | | | | |

U.S. Patent and Trademark Office

Part of Paper No.: 20220207

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/343,114 |
| | | | | Filing Date | June 9, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br><br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 38 | US-2,186,510 | 01-09-1940 | Walter *et al.* | |
| | 39 | US-3,052,249 | 09-04-1962 | Seaman *et al.* | |
| | 40 | US-5,678,704 | 10-21-1997 | Deeds | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br><br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 41 | KR 10-1315166 | 10-07-2013 | Kang | | Machine Translation |
| | 42 | CA 2524310 | 04-25-2006 | Aqua-Leisure Industries, Inc | | |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 43 | Suniela Beach Portable Shade Cabanas, [site visited October 21, 2021], Available on the internet URL: <https://suniela.com> | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 02/07/2022 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JANUARY 28, 2022.*

WBD (US) 55477076v1

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:  S105508 1010US.C5 (0014.6)
Customer No.:  26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT AFTER FINAL UNDER 37 CFR § 1.116

Sir:

In response to the Office Action dated February 11, 2022, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 8 of this paper.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| **PATENT APPLICATION FEE DETERMINATION RECORD** Substitute for Form PTO-875 | Application or Docket Number 17/343,114 | Filing Date 06/09/2021 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE  ☑ SMALL  ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $50 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $240 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT 03/15/2022 | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * 19 | Minus | ** 20 | = 0 | x $50 = | 0 |
| Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $240 = | 0 |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

LIE

/LAMONT N MCLAUCHLIN/

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/434 (12-20)

## CERTIFICATION AND REQUEST FOR CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0

| Practitioner Docket No.:<br>S105508 1010US.C5 (0014.6) | Application No.:<br>17/343,114 | Filing Date:<br>June 9, 2021 |
|---|---|---|
| First Named Inventor:<br>Dane Brooks Barnes | Title:<br>SHADING SYSTEM AND METHOD OF USE | |

APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0 (AFCP 2.0) OF THE ACCOMPANYING RESPONSE UNDER 37 CFR 1.116.

1. The above-identified application is (i) an original utility, plant, or design nonprovisional application filed under 35 U.S.C. 111(a) [a continuing application (*e.g.*, a continuation or divisional application) is filed under 35 U.S.C. 111(a) and is eligible under (i)], or (ii) an international application that has entered the national stage in compliance with 35 U.S.C. 371(c).

2. The above-identified application contains an outstanding final rejection.

3. Submitted herewith is a response under 37 CFR 1.116 to the outstanding final rejection. The response includes an amendment to at least one independent claim, and the amendment does not broaden the scope of the independent claim in any aspect.

4. This certification and request for consideration under AFCP 2.0 is the only AFCP 2.0 certification and request filed in response to the outstanding final rejection.

5. Applicant is willing and available to participate in any interview requested by the examiner concerning the present response.

6. This certification and request is being filed electronically using the Office's electronic filing system (EFS-Web).

7. Any fees that would be necessary consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, extension of time fees, are being concurrently filed herewith. [There is no additional fee required to request consideration under AFCP 2.0.]

8. By filing this certification and request, applicant acknowledges the following:

   - Reissue applications and reexamination proceedings are not eligible to participate in AFCP 2.0.
   - The examiner will verify that the AFCP 2.0 submission is compliant, *i.e.*, that the requirements of the program have been met (see items 1 to 7 above). For compliant submissions:
     - The examiner will review the response under 37 CFR 1.116 to determine if additional search and/or consideration (i) is necessitated by the amendment and (ii) could be completed within the time allotted under AFCP 2.0. If additional search and/or consideration is required but cannot be completed within the allotted time, the examiner will process the submission consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, by mailing an advisory action.
     - If the examiner determines that the amendment does not necessitate additional search and/or consideration, or if the examiner determines that additional search and/or consideration is required and could be completed within the allotted time, then the examiner will consider whether the amendment places the application in condition for allowance (after completing the additional search and/or consideration, if required). If the examiner determines that the amendment does not place the application in condition for allowance, then the examiner will contact the applicant and request an interview.
       - The interview will be conducted by the examiner, and if the examiner does not have negotiation authority, a primary examiner and/or supervisory patent examiner will also participate.
       - If the applicant declines the interview, or if the interview cannot be scheduled within ten (10) calendar days from the date that the examiner first contacts the applicant, then the examiner will proceed consistent with current practice concerning responses after final rejection under 37 CFR 1.116.

| Signature<br>/lauren f. anderson/ | Date<br>March 15, 2022 | Practitioner Registration No.<br>69,344 |
|---|---|---|
| Name (Print/Typed)<br>Lauren F. Anderson | Telephone Number<br>(919) 755-2100 | |

***Note***: *This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below\*.*

☐ * Total of _____ forms are submitted.

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C5 (0014.6)
Customer No.: 26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT AFTER FINAL UNDER 37 CFR § 1.116

Sir:

In response to the Office Action dated February 11, 2022, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 8 of this paper.

Amendments to the Claims

1. – 20.        (Canceled)

21.      (Currently Amended)  A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, an end of the frame being embedded in the surface and at least one of the plurality of sections forming a non-co-extensive angle with at least one other of the plurality of sections in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface; and

a container capable of ~~both~~ housing and transporting the components of the system therein as well as ~~and~~ acting as an anchor that is coupleable to one or both of the frame and the canopy, and engageable with the surface to retain the frame in the supporting configuration.

22.      (Currently Amended)  The system of claim 21, wherein, in the supporting configuration, a first ~~section~~ portion of the frame including ~~of~~ one or more of the plurality of sections of the frame extends along a first axis and comprises the end of the frame that is embedded in the surface and a second portion of the frame including one or more of the plurality of sections of the frame extends along at least a second axis and ~~section~~ is engaged with the first portion~~section~~ so that the second axis of the second portion~~section~~ is arranged at the non-co-extensive angle with respect to [[an]]the first axis of the first portion~~section~~, and wherein, in the

supporting configuration, the suspension end of the canopy is engageable with the second portion~~section~~.

23.    (Previously Presented)  The system of claim 21, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

24.    (Previously Presented)  The system of claim 23, wherein the plurality of coupled sections are selectively engageable sections.

25.    (Previously Presented)  The system of claim 21, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

26.    (Previously Presented)  The system of claim 21, further comprising a cable extending through at least one of the plurality of sections of the frame.

27.    (Canceled)

28.    (Canceled)

29.    (Canceled)

30.    (Canceled)

31.    (Previously Presented)  The system of claim 21, wherein the frame is directly embedded in the surface.

WBD (US) 7532456v2    Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 180 of 423

32.    (Previously Presented)    The system of claim 21, wherein the canopy is supportable by the frame and totally supportable by the wind in the first configuration for providing shade to the surface.

33.    (Previously Presented)    A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, an end of the frame being engageable with the surface and at least one of the plurality of sections forming a non-co-extensive angle with at least one other of the plurality of sections such that the frame is configured to lie within a plane substantially perpendicular to the surface in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that when a wind force is applied to the canopy, the canopy is supportable by the frame at the suspension end and the trailing end of the canopy is at least partially supportable by the wind force at an angle relative to the plane, the angle being non-coplanar with the plane and varying with the wind force for providing shade to the surface;

a cord having a first end and a second end, the first end or the second end of the cord being coupleable to one or both of the frame and the canopy; and

a container capable of both transporting the components of the system and acting as an anchor to retain the frame in the supporting configuration, the container being coupleable to the other of the second end or the first end of the cord and in contact with the surface.

34.    (Previously Presented)  The system of claim 33, wherein, in the supporting configuration, a first section of the frame is embedded in the surface and a second section is

WBD Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 181 of 423

engaged with the first section so that the second section is arranged at the non-co-extensive angle with respect to an axis of the first section, and wherein, in the supporting configuration, the suspension end of the canopy is engageable with the second section.

35. (Previously Presented) The system of claim 33, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

36. (Previously Presented) The system of claim 33, wherein the canopy has at least one set of parallel sides.

37. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, an end of the frame being engageable with the surface and at least one of the plurality of sections forming a non-coextensive angle with at least one other of the plurality of sections in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface; and

a container capable of ~~both~~ housing and transporting the components of the system therein as well as ~~and~~ acting as an anchor ~~housing weight~~ to retain the frame in the supporting configuration, the container ~~housing the weight is~~ capable of being coupleable to one or both of the frame and the canopy.

38.     (Previously Presented)     The system of claim 37, wherein, in the supporting configuration, a first section of the frame is embedded in the surface and a second section is engaged with the first section via the at least one aligning component so that the second section is arranged at the non-co-extensive angle with respect to an axis of the first section, and wherein, in the supporting configuration, the suspension end of the canopy is engageable with the second section.

39.     (Previously Presented)     The system of claim 38, wherein a first end of the first section of the frame is embedded in the surface in the supporting configuration, and wherein the container housing the weight is capable of being engaged with or coupled to the first end of the first section of the frame.

40.     (Previously Presented)     The system of claim 21, wherein the container comprises an element coupleable to the frame.

41. (Currently Amended)     A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, an end of the frame capable of being embedded in ~~beingengageable with~~ the surface in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that when a wind force is applied to the canopy, the canopy is supportable by the frame at the suspension end and the trailing end of the canopy is at least partially supportable by the wind force for providing shade to the surface; and

a container capable of ~~both~~ housing and transporting the components of the system as well as ~~and~~ acting as an anchor to retain the frame in the supporting

configuration, the container being <u>engageable with</u> ~~coupleable to~~ one or both of the frame and the canopy <u>in the supporting configuration so as to act as a counterweight to the wind force</u> ~~by an element of the system engageable therebetween~~.

42.     (Previously Presented)      The system of claim 41, wherein the element of the system comprises a cord, a closing mechanism on the container, or a band for transporting the container.

43.     (New)  The system of claim 41, wherein the frame comprises at least one aligning component affixed to one or more of the plurality of sections of the frame.

44.     (New)  The system of claim 41, wherein the end of the frame engageable with the surface comprises a corkscrew.

## REMARKS

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 1-20, 27, and 28 were previously canceled. With this response, claims 29 and 30 are canceled, while claims 21, 22, 37, and 41 are amended, and claims 43 and 44. As such, claims 21-26 and 29-42 are pending following this amendment. Applicant submits that no new matter is added by way of this Amendment.

### Allowed Claims

Applicant thanks the examiner for the indication that claims 33-36 are allowed.

### Claim Rejections – 35 USC § 103

Claims 21 -23, 25, 26, 31, 32, and 40-42 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 to Kang in view of Seo in US Publication 2003/0089390. Claims 37-39 are rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Seo and Cook in US Pub. No. 2013/0074894. Claims 23 and 24 are rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Sotirkys et al. in US Patent 7789097. Claims 29 and 39 are rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Stein in US Patent 5,080,123.

Independent claims 21, 37, and 41 are amended to further define the container as capable of housing and transporting the components of the system as well as acting as an anchor to retain the frame in the supporting configuration, while claims 29 and 30 are canceled. Support for this amendment can be found in at least, for example, paragraph [0047] of the published application. No new matter has been added.

The Office Action alleges that the cord 330 in Kang meets the claimed element of a container, as "the cord 330 can be wrapped around a bundle formed by the frame and the canopy in a collapsed state". *See, e.g.,* page 3 of the Office Action. However, as now claimed in claims 21, 37, and 41, the container is capable of housing and transporting the components of the system as well as acting as an anchor. The cord 330 in Kang wrapping around a bundle formed by the frame, as the examiner alleges, does not meet the claimed element of a container capable of

housing and transporting components of the system, as the cord 330 in Kang does not and cannot "house" the components within the meaning of the present application. Applicant notes that giving the claimed "container" its **broadest *reasonable*** interpretation does not mean giving the claimed "container" the **broadest *possible*** interpretation. See MPEP 2111 and *In re Cortright*, 165 F.3d 1353, 1359, 49 USPQ2d 1464, 1468 (Fed. Cir. 1999). To this end, Applicant respectfully submits that the cord 330 in Kang cannot be considered to meet the claimed element of the "container" without impermissibly distorting the meaning of the claimed container beyond the broadest reasonable possible interpretation thereof.

Seo and/or Cook do(es) not cure this deficiency in Kang. Per *Personal Web Techs., LLC, v. Apple, Inc*, "[i]t is insufficient for an examiner to merely propose that a modification **could be** made, and the examiner is required to provide evidence that a person of ordinary skill in the art **would have made** the proposed modification to arrive at the claimed invention. See *Personal Web Techs., LLC*, 848 F.3d 987, 993 (Fed. Cir 2017) (rejecting "reasoning [which] seems to say no more than that a skilled artisan, once presented with the two references, would have understood that they could be combined") (emphasis added).

Based on this framework from *Personal*, Applicant analyzes Kang in combination with Seo and/or Cook to determine what a person of ordinary skill in the art would have done in view of these references. The facts are as follows:

1. Kang does not disclose using a container to hold its various parts.
2. Kang teaches using a single, long pole for its sunscreen.
3. Kang teaches using a **stake** 320 and cord 330 to **anchor** the sunscreen.
4. Seo teaches a conventional tent with four sides and a roof, and Seo teaches **anchoring** the tent in the conventional manner of running ropes from the four corners to **stakes** that are hammered into the ground.
5. Cook teaches an insulated enclosure that includes a flooring system, and Cook teaches a specific **anchor** kit 18 with **spikes** 17.

Based on the above facts, Applicant respectfully submits that for the following reasons one of ordinary skill in the art would not have made the proposed modification(s) to Kang with one or both of Seo and Cook to include a container capable of housing and transporting the components of the system as well as acting as an anchor to retain the frame in the supporting configuration, as claimed:

a. All of Kang, Seo, and Cook teach the exact manner of **anchoring** a screen or tent – i.e., **stakes** that are hammered into the ground.

b. Nothing in Cook suggests that its carry bag would have any use whatsoever as an anchor, and a skilled person viewing Cook would not predict that the carry bag could function as an anchor for the Cook enclosure or any other item.

c. A skilled person **would not** attempt to modify Kang to use a carry bag from Cook because there would be *no expectation of success* in carrying the long pole of Kang in the bag of Cook.

d. Even if the skilled person did try to use the Cook bag to carry some components of Kang, nothing in any of Kang, Seo, or Cook suggests that a carry bag would be a suitable substitute for the conventional and well known anchor systems taught in these references – i.e., stakes that are used with ropes.

Accordingly, Applicant respectfully submits that a person of ordinary skill in the art would not be motivated to make the proposed modification of Kang in view of Seo and/or Cook. Likewise, Sotirkys and Stein are cited only with regard to the dependent claims and also do not at all teach, suggest, provide motivation for, or otherwise render predictable a container capable of housing and transporting the components of the system as well as acting as an anchor to retain the frame in the supporting configuration, as recited in the independent claims.

Consequently, Kang separately or in any combination with Seo, Cook, Sotirkys, and/or Stein does not at all disclose the subject matter of independent claims 21, 37, and 41. Therefore, claims 21, 37, and 41, and the claims depending therefrom, are not rendered obvious by the cited references. Applicant respectfully requests that the rejection be withdrawn at this time.

WBD Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 187 of 423

<u>New Claims</u>

New dependent claims 43 and 44 are now added and depend from independent claim 41. Support for the newly added claims can be found in at least, for example, independent claim 37 and paragraph [0051] of the published application. No new matter has been added. Applicant respectfully submits that at least for the reasons presented hereinabove with regard to independent claim 41, claims 43 and 44 are also patentable for at least their dependency on claim 41.

WBD (US) 75324560v2      Case 5:24-cv-00588-FL      Document 28-8      Filed 03/23/26      Page 188 of 423

Appl. No.: 17/343,114
Response Date: March 15, 2022
Reply to Office Action dated February 11, 2022

# CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON MARCH 15, 2022.*

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 45233025 |
| **Application Number:** | 17343114 |
| **International Application Number:** | |
| **Confirmation Number:** | 8654 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |
| **Receipt Date:** | 15-MAR-2022 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 17:02:19 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | After Final Consideration Program Request | S105508_1010US_C5_0014_6_AFCP_2_0.pdf | 223744 <br> 2b11787de6369395cf30370f84e1a711098a59db | no | 2 |

**Warnings:** <span style="color:blue">Case 5:24-cv-00588-FL   Document 28-8   Filed 03/23/26   Page 190 of 423</span>

**Information:**

| | | | 172049 | | |
|---|---|---|---|---|---|
| 2 | | S105508_1010US_C5_0014_6_ Amendment_After_2-11-2022_ FOA.pdf | 4d1670961dd291b67dc26837fcd557d0ba2 de401 | yes | 12 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Response After Final Action | 1 | 1 |
| Claims | 2 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 12 |

**Warnings:**

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 395793 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| 26158 | 7590 | 03/22/2022 |
|---|---|---|

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/22/2022 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Advisory Action*** <br> ***Before the Filing of an Appeal Brief*** | 17/343,114 | Barnes et al. |
| | Examiner | Art Unit | AIA (FITF) Status |
| | NOAH C HAWK | 3636 | Yes |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED <u>15 March 2022</u> FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

<u>NO NOTICE OF APPEAL FILED</u>

1. ☑ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:

    a) ☐ The period for reply expires ____ months from the mailing date of the final rejection.

    b) ☑ The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

    c) ☐ A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection. The current period for reply expires ____ months from the mailing date of *the prior Advisory Action* or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.

        *Examiner Note*: If box 1 is checked, check either box (a), (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE <u>FIRST</u> RESPONSE TO APPLICANTS <u>FIRST</u> AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) or (c) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

<u>NOTICE OF APPEAL</u>

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37CFR 41.37(a).

<u>AMENDMENTS</u>

3. ☑ The proposed amendments filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because

    a) ☑ They raise new issues that would require further consideration and/or search (see NOTE below);

    b) ☐ They raise the issue of new matter (see NOTE below);

    c) ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

    d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

        NOTE: <u>See Continuation Sheet</u> (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☐ Applicant's reply has overcome the following rejection(s): _____

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☐ For purposes of appeal, the proposed amendment(s):(a)☐ will not be entered, or (b)☐ will be entered, and an explanation of how the new or amended claims would be rejected is provided below or appended.

<u>AFFIDAVIT OR OTHER EVIDENCE</u>

8. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____

9. ☐ The affidavit or other evidence filed after final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

10. ☐ The affidavit or other evidence filed after the date of filing the Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing of good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

11. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

<u>REQUEST FOR RECONSIDERATION/OTHER</u>

12. ☐ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: _____.

13. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). _____

14. ☑ Other: <u>Note the attached PTO-2323 After Final Consideration Pilot Paper No. 20220315.</u>

<u>STATUS OF CLAIMS</u>

15. The status of the claim(s) is (or will be) as follows:
    Claim(s) allowed:<u>33-36</u>.
    Claim(s) objected to:<u>_____</u>.
    Claim(s) rejected:<u>21-26,29-32 and 37-42</u>.
    Claim(s) withdrawn from consideration:<u>_____</u>.

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 193 of 423

Continuation of 3. NOTE: The new issues not previously considered include the amendments to Claims 21 , 22, 37, and 41, and new claims 43 and 44

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 194 of 423

| | | | Application No. | | Applicant(s) | |
|---|---|---|---|---|---|---|
| **AFCP 2.0**<br>**Decision** | | | 17/343,114 | | Barnes et al. | |
| | | | **Examiner** | | **Art Unit** | **AIA (FITF) Status** |
| | | | NOAH C HAWK | | 3636 | Yes |

This is in response to the After Final Consideration Pilot request filed <u>15 March 2022</u>.

1. **Improper Request** – The AFCP 2.0 request is improper for the following reason(s) and the after final amendment submitted with the request will be treated under pre-pilot procedure.

   ☐ An AFCP 2.0 request form PTO/SB/434 (or equivalent document) was not submitted.

   ☐ A non-broadening amendment to at least one independent claim was not submitted.

   ☐ The request is not the first proper AFCP 2.0 request submitted in response to the most recent final rejection.

   ☐ Other: _____

2. **Proper Request**

   **A.** After final amendment submitted with the request will not be treated under AFCP 2.0.
   The after final amendment cannot be reviewed and a search conducted within the guidelines of the pilot program.

   ☑ The after final amendment will be treated under pre-pilot procedure.

   **B.** Updated search and/or completed additional consideration.
   The examiner performed an updated search and/or completed additional consideration of the after final amendment within the time authorized for the pilot program. The result(s) of the updated search and/or completed additional consideration are:

   ☐ 1. All of the rejections in the most recent final Office action are overcome and a Notice of Allowance is issued herewith.

   ☐ 2. The after final amendment would not overcome all of the rejections in the most recent final Office action . See attached interview summary for further details.

   ☐ 3. The after final amendment was reviewed, and it raises a new issue(s). See attached interview summary for further details.

   ☐ 4. The after final amendment raises new issues, but would overcome all of the rejections in the most recent final Office action. A decision on determining allowability could not be made within the guidelines of the pilot. See attached interview summary for further details, including any newly discovered prior art.

   ☐ 5. Other: _____

   Examiner Note: Please attach an interview summary when necessary as described above.

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 195 of 423

DO NOT ENTER: /NCH/ 03/17/2022

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:    S105508 1010US.C5 (0014.6)
Customer No.:  26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### AMENDMENT AFTER FINAL UNDER 37 CFR § 1.116

Sir:

In response to the Office Action dated February 11, 2022, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 8 of this paper.

Doc code: RCEX
Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# REQUEST FOR CONTINUED EXAMINATION(RCE)TRANSMITTAL
## (Submitted Only via EFS-Web)

| Application Number | 17/343,114 | Filing Date | 2021-06-09 | Docket Number (if applicable) | S105508 1010US.C5 (0014.6 | Art Unit | 3636 |
|---|---|---|---|---|---|---|---|
| First Named Inventor | Dane Brooks Barnes | | | Examiner Name | Noah Chandler Hawk | | |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. The Instruction Sheet for this form is located at WWW.USPTO.GOV

## SUBMISSION REQUIRED UNDER 37 CFR 1.114

Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

☒ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

    ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

    ☒ Other    Response After Final Action previously filed on March 15, 2022

☐ Enclosed

    ☐ Amendment/Reply

    ☐ Information Disclosure Statement (IDS)

    ☐ Affidavit(s)/ Declaration(s)

    ☐ Other

## MISCELLANEOUS

☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of months _____
(Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

☐ Other

## FEES

**The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.**
☒ The Director is hereby authorized to charge any underpayment of fees, or credit any overpayments, to
Deposit Account No   090528

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

☒ Patent Practitioner Signature

  Applicant Signature

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 197 of 423

Doc code: RCEX
Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Signature of Registered U.S. Patent Practitioner | | | |
|---|---|---|---|
| Signature | /lauren f. anderson/ | Date (YYYY-MM-DD) | 2022-03-30 |
| Name | Lauren F. Anderson | Registration Number | 69344 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 198 of 423

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.      The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.      A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.      A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.      A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.      A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.      A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.      A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.      A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.      A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 199 of 423

**Doc Code: TRACK1.REQ**
**Document Description: TrackOne Request**

# CERTIFICATION AND REQUEST FOR PRIORITIZED EXAMINATION
## UNDER 37 CFR 1.102(e) (Page 1 of 1)

| First Named Inventor: | Dane Brooks Barnes | Nonprovisional Application Number (if known): | 17/343,114 |
|---|---|---|---|
| Title of Invention: | SHADING SYSTEM AND METHOD OF USE | | |

**APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS PRIORITIZED EXAMINATION FOR THE ABOVE-IDENTIFIED APPLICATION.**

1. The processing fee set forth in 37 CFR 1.17(i)(1) and the prioritized examination fee set forth in 37 CFR 1.17(c) have been filed with the request. The publication fee requirement is met because that fee, set forth in 37 CFR 1.18(d), is currently $0. The basic filing fee, search fee, and examination fee are filed with the request or have been already been paid. I understand that any required excess claims fees or application size fee must be paid for the application.

2. I understand that the application may not contain, or be amended to contain, more than four independent claims, more than thirty total claims, or any multiple dependent claims, and that any request for an extension of time will cause an outstanding Track I request to be dismissed.

3. The applicable box is checked below:

   I.   ☐ **Original Application (Track One) - Prioritized Examination under § 1.102(e)(1)**

   i.   (a) The application is an original nonprovisional utility application filed under 35 U.S.C. 111(a). This certification and request is being filed with the utility application via EFS-Web.
   ---OR---
   (b) The application is an original nonprovisional plant application filed under 35 U.S.C. 111(a). This certification and request is being filed with the plant application in paper.

   ii.  An executed inventor's oath or declaration under 37 CFR 1.63 or 37 CFR 1.64 for each inventor, **or** the application data sheet meeting the conditions specified in 37 CFR 1.53(f)(3)(i) is filed with the application.

   II.  ☑ **Request for Continued Examination - Prioritized Examination under § 1.102(e)(2)**

   i.   A request for continued examination has been filed with, or prior to, this form.
   ii.  If the application is a utility application, this certification and request is being filed via EFS-Web.
   iii. The application is an original nonprovisional utility application filed under 35 U.S.C. 111(a), or is a national stage entry under 35 U.S.C. 371.
   iv.  This certification and request is being filed prior to the mailing of a first Office action responsive to the request for continued examination.
   v.   No prior request for continued examination has been granted prioritized examination status under 37 CFR 1.102(e)(2).

| Signature /lauren f. anderson/ | Date March 30, 2022 |
|---|---|
| Name (Print/Typed) Lauren F. Anderson | Practitioner Registration Number 69,344 |

***Note:*** *This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required.* *

☐ *Total of _____ forms are submitted.

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PTO/SB/17i (10-20)
Approved for use through 12/31/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PROCESSING FEE
## Under 37 CFR 1.17(i)
## TRANSMITTAL
(Fees are subject to annual revision)

**Send completed form to:** Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450

| | |
|---|---|
| Application Number | 17/343,114 |
| Filing Date | June 9, 2021 |
| First Named Inventor | Dane Brooks Barnes |
| Art Unit | 3636 |
| Examiner Name | Noah Chandler Hawk |
| Practitioner Docket No. | S105508 1010US.C5 (0014.6) |

Enclosed is a paper filed under 37 CFR __1.102(e)__ that requires a processing fee (37 CFR 1.17(i)(1) or (2)).

Payment of $ __70__ is enclosed.

This form should be included with the above-mentioned paper and faxed or mailed to the Office using the appropriate Mail Stop, if applicable. *For transmittal of petition fees under 37 CFR 1.17(f), (g) or (h), see form PTO/SB/17p or PTO/AIA/17p, as applicable.*

☑ Applicant asserts small entity status. See 37 CFR 1.27.

☐ Applicant certifies micro entity status. See 37 CFR 1.29.
   Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

**Payment of Fees**

☑ The Commissioner is hereby authorized to charge the following fees to Deposit Account No. __09-0528__ :

   ☑ processing fee under 37 CFR 1.17(i)(1)   ☐ processing fee under 37 CFR 1.17(i)(2)   ☐ any deficiency of fees and credit of any overpayments

☐ Check in the amount of $ _____ is enclosed.      ☑ Payment via EFS-Web.

☐ Payment by credit card (Form PTO-2038 or equivalent is enclosed). Do not provide credit card information on this form.

### Processing Fees Under 37 CFR 1.17(i)(1):

**Undiscounted Fee $140 (Fee Code 1053)      Small Entity Fee $70 (Fee Code 2053)      Micro Entity Fee $35 (Fee Code 3053)**

For papers filed under:
§ **1.28(c)(3)** - for processing a non-itemized fee deficiency based on an error in small entity status.
§ **1.29(k)(3)** - for processing a non-itemized fee deficiency based on an error in micro entity status.
§ **1.41(b)** - for supplying the name or names of the inventor or joint inventors in an application without either an application data sheet or the inventor's oath or declaration, except in provisional applications.
§ **1.48** - for correcting inventorship, except in provisional applications.
§ **1.52(d)** - for processing a nonprovisional application filed with a specification in a language other than English.
§ **1.53(c)(3)** - to convert a provisional application filed under § 1.53(c) into a nonprovisional application under § 1.53(b).
§ **1.71(g)(2)** - for processing a belated amendment under § 1.71(g).
§ **1.102(e)** - for requesting prioritized examination of an application.
§ **1.103(b)** - for requesting limited suspension of action, continued prosecution application for a design patent (§ 1.53(d)).
§ **1.103(c)** - for requesting limited suspension of action, request for continued examination (§ 1.114).
§ **1.103(d)** - for requesting deferred examination of an application.
§ **1.291(c)(5)** - for processing a second or subsequent protest by the same real party in interest.
§ **3.81** - for a patent to issue to assignee, assignment submitted after payment of the issue fee.

### Processing Fees Under 37 CFR 1.17(i)(2):

**Fee $140 (small and micro entity discounts are not available for the 37 CFR 1.17(i)(2) processing**

**fee)** For papers filed under:
§ **1.217** - for processing a redacted copy of a paper submitted in the file of an application in which a redacted copy was submitted for the patent application publication. **FEE CODE 1808**
§ **1.221** - for requesting voluntary publication or republication of an application. **FEE CODE 1803**

**SUBMITTED BY**

| Signature | /lauren f. anderson/ | Registration No. (Attorney/Agent) 69,344 | Telephone (919) 755-2100 |
|---|---|---|---|
| Name (Print/Type) | Lauren F. Anderson | | Date March 30, 2022 |

This collection of information is required by 37 CFR 1.17. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 5 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 17343114 |
| **Filing Date:** | 09-Jun-2021 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |

Filed as Small Entity

**Filing Fees for** **Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| REQUEST FOR PRIORITIZED EXAMINATION | 2817 | 1 | 2100 | 2100 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| PUBL. FEE- EARLY, VOLUNTARY, OR NORMAL | 1504 | 1 | 0 | 0 |
| PROCESSING FEE, EXCEPT PROV. APPLS. | 2830 | 1 | 70 | 70 |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 204 of 423

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| RCE- 1ST REQUEST | 2801 | 1 | 680 | 680 |
| **Total in USD ($)** | | | | **2850** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 45355280 |
| **Application Number:** | 17343114 |
| **International Application Number:** | |
| **Confirmation Number:** | 8654 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |
| **Receipt Date:** | 30-MAR-2022 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 15:20:01 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $2850 |
| RAM confirmation Number | E20223TF20171151 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 206 of 423

# File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Request for Continued Examination (RCE) | S105508_1010US_C5_0014_6_RCE.pdf | 1667238 / 2b815ec73bc4dd600d1c9b475d4ddd5fdd0ad8a8 | no | 3 |
| Warnings: | | | | | |
| Information: | | | | | |
| 2 | Track One Request | S105508_1010US_C5_0014_6_TrackOne_Request.pdf | 129207 / 8b9d828b94ff1c8a648d453b640fbf9ea6c4dc43 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| 3 | Fee Worksheet (SB06) | S105508_1010US_C5_0014_6_Processing_Fee_Transmittal.pdf | 237453 / 837a83993628401f03bed7e9e9f03a0b8b4dbd4a | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| 4 | Fee Worksheet (SB06) | fee-info.pdf | 46945 / a22453c4ff1d3fe48609d93e108c346f37bbada1 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | **Total Files Size (in bytes):** | 2080843 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>17/343,114 | Filing Date<br>06/09/2021 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE ☑ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | x $50 = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | x $240 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | 03/30/2022 | | | | | | | |
| | Total<br>(37 CFR 1.16(i)) | * 19 | Minus | ** 20 | = 0 | | x $50 = | 0 |
| | Independent<br>(37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | | x $240 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | | | | | | | |
| | Total<br>(37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
|---|---|
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /RENEE M COLLINS/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| 26158 7590 04/13/2022 | EXAMINER |
|---|---|
| WOMBLE BOND DICKINSON (US) LLP ATTN: IP DOCKETING P.O. Box 570489 ATLANTA, GA 30357-0037 | HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/13/2022 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| | Application No. 17/343,114 | Applicant(s) Barnes et al. |
|---|---|---|
| **Decision Granting Request for Prioritized Examination (Track I)** | | |
| | Examiner JoAnne L Burke | Art Unit OPET | AIA (FITF) Status Yes |

1. THE REQUEST FILED <u>30 March 2022</u> IS **GRANTED** .

The above-identified application has met the requirements for prioritized examination
    A.    ☐ for an original nonprovisional application (Track I).
    B.    ☑ for an application undergoing continued examination (RCE).

2. **The above-identified application will undergo prioritized examination**. The application will be accorded special status throughout its entire course of prosecution until one of the following occurs:

    A.    filing a **petition for extension of time** to extend the time period for filing a reply;

    B.    filing an **amendment to amend the application to contain more than four independent claims, more than thirty total claims** , or a multiple dependent claim;

    C.    filing a **request for continued examination** ;

    D.    filing a notice of appeal;

    E.    filing a request for suspension of action;

    F.    mailing of a notice of allowance;

    G.    mailing of a final Office action;

    H.    completion of examination as defined in 37 CFR 41.102; or

    I.    abandonment of the application.

Telephone inquiries with regard to this decision should be directed to JoAnne Burke at (571)272-4584. In his/her absence, calls may be directed to Petition Help Desk at (571) 272-3282.

/JOANNE L BURKE/
Lead Paralegal Specialist, OPET

U.S. Patent and Trademark Office
PTO-2298 (Rev. 02-2012)

# UNITED STATES PATENT AND TRADEMARK OFFICE



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| | | |
|---|---|---|
| 26158 | 7590 | 04/18/2022 |

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/18/2022 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

<table>
<tr><td rowspan="2"><strong><em>Office Action Summary</em></strong></td><td colspan="2"><strong>Application No.</strong><br>17/343,114</td><td colspan="2"><strong>Applicant(s)</strong><br>Barnes et al.</td></tr>
<tr><td colspan="2"><strong>Examiner</strong><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br>3636</td><td><strong>AIA (FITF) Status</strong><br>Yes</td></tr>
</table>

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☑ Responsive to communication(s) filed on <u>3/15/2022</u>.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ____.

2a) ☐ This action is **FINAL.**        2b) ☑ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on ____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☑ Claim(s) <u>21-26 and 31-44</u> is/are pending in the application.

    5a) Of the above claim(s) ____ is/are withdrawn from consideration.

6) ☐ Claim(s) ____ is/are allowed.

7) ☑ Claim(s) <u>21-26 and 31-44</u> is/are rejected.

8) ☐ Claim(s) ____ is/are objected to.

9) ☐ Claim(s) ____ are subject to restriction and/or election requirement

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

## Application Papers

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on ____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

    a) ☐ All    b) ☐ Some**    c) ☐ None of the:

    1. ☐ Certified copies of the priority documents have been received.

    2. ☐ Certified copies of the priority documents have been received in Application No. ____.

    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

## Attachment(s)

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
    Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 213 of 423

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.

### *Continued Examination Under 37 CFR 1.114*

2.      A request for continued examination under 37 CFR 1.114, including the fee set

forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this

application is eligible for continued examination under 37 CFR 1.114, and the fee set

forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action

has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on

3/15/2022 has been entered.

### *Claim Rejections - 35 USC § 112*

3.      The following is a quotation of 35 U.S.C. 112(b):
(b)  CONCLUSION.—The specification shall conclude with one or more claims particularly
pointing out and distinctly claiming the subject matter which the inventor or a joint inventor
regards as the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
The specification shall conclude with one or more claims particularly pointing out and distinctly
claiming the subject matter which the applicant regards as his invention.

4.      Claim 42 is rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second

paragraph, as being indefinite for failing to particularly point out and distinctly claim the

subject matter which the inventor or a joint inventor (or for applications subject to pre-

AIA 35 U.S.C. 112, the applicant), regards as the invention. The Claim recites "the

element" which renders the claim indefinite. There is insufficient antecedent basis for

this limitation in the claim.

### *Claim Rejections - 35 USC § 103*

5.      Claims 21-23, 25, 26, 31-35, 37-43 are rejected under 35 U.S.C. 103 as being

unpatentable over KR 101315166 (Kang) in view of Seo in US Publication

2003/0089390 and Furey in US Patent 4924893.

     a.      Regarding Claim 21, Kang teaches a system for providing shade onto a

     surface, the system comprising: a frame (100) maneuverable into a supporting

     configuration (Fig. 1), an end (110) of the frame being embedded in the surface,

     a canopy (200) extending between a suspension (toward 210) end and an

     opposing trailing end (toward 240), the suspension end of the canopy being

     engageable with the frame about a portion of the frame, wherein the trailing end

     of the canopy is spaced apart from the portion of the frame in the supporting

     configuration such that the canopy is supportable by the frame and at least

     partially supportable by wind in a first configuration for providing shade to the

     surface.

     b.      Kang is silent on the use of a multi-part frame. Seo teaches a frame (A)

     including a plurality of sections (1A and 1B) and being maneuverable between a

     transport configuration (Fig. 1) and a supporting configuration (Fig. 3), at least

     one of the plurality of sections (D/E, see below) forming a non-co- extensive

     angle with at least one other (F/G/H) of the plurality of sections in the supporting

     configuration. It would have been obvious to one of ordinary skill in the art before

the effective filing date of the claimed invention to modify the frame of Kang by

using a multi-part frame as taught by Seo in order to allow the user to compactly

store the device when not in use.



Seo, Fig. 3

c.     Kang, as modified, is silent on the inclusion of a container. Furey teaches

a shelter system including a container (103) capable of housing and transporting

the components of the system ("components may be readily carried in the

anchoring member when it is empty of sand" – see Column 7, lines 22-23)

therein as well as acting as an anchor that is coupleable to one or both of the

frame (5) and the canopy of the system, and engageable with the surface to

retain the frame in the supporting configuration (see Fig. 1). It would have been

obvious to one of ordinary skill in the art before the effective filing date of the

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 216 of 423

claimed invention to modify the device of Kang, as modified, by adding a container as taught by Furey in order to allow the user to more securely anchor the device and to conveniently transport the components of the device.

d.	Regarding Claim 22, Kang, as modified, teaches (see Seo) that in the supporting configuration, a first portion (D/E) of the frame including one or more of the plurality of sections of the frame extends along a first axis (along the line along D and E) and comprises the end of the frame (the lower end of D) that is embedded in the surface and a second portion of the frame (such as C) including one or more of the plurality of sections of the frame extends along at least a second axis (at the curved upper end of C) and is engaged with the first portion so that the second axis of the second portion is arranged at the non-co-extensive angle with respect to the first axis of the first portion, and wherein, in the supporting configuration, the suspension end of the canopy is engageable with the second portion (the curved portion of C would provide the top of the arch onto which the canopy is attached).

e.	Regarding Claim 23, Kang, as modified, teaches that the canopy is unitarily constructed (the canopy is a single sheet) or comprises a plurality of coupled sections.

f.	Regarding Claim 25, Kang, as modified, teaches that the canopy defines one or more vent holes (240), one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

g.	Regarding Claim 26, Kang, as modified, teaches (see Seo) a cable (Seo s) extending through at least one of the plurality of sections of the frame.

h.    Regarding Claim 31, Kang, as modified, teaches that the frame is directly embedded in the surface (at 110).

i.    Regarding Claim 32, Kang, as modified, teaches that the canopy is supportable by the frame and totally supportable by the wind in the first configuration for providing shade to the surface.

j.    Regarding Claim 40, Kang, as modified, teaches that the container comprises an element coupleable to the frame (the cord is coupleable to the frame at 310).

k.    Regarding Claim 33, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100) maneuverable into a supporting configuration (Fig. 1), an end (110) of the frame being engageable with the surface such that the frame is configured to lie within a plane substantially perpendicular to the surface in the supporting configuration, a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that when a wind force is applied to the canopy, the canopy is supportable by the frame at the suspension end and the trailing end of the canopy is at least partially supportable by the wind force at an angle relative to the plane, the angle being non-coplanar with the plane and varying with the wind force for providing shade to the surface; a cord (330) having a first end and a second end, the first end or

the second end of the cord being coupleable to one or both of the frame and the canopy.

l.      Kang is silent on the use of a multi-part frame. Seo teaches a frame (A) including a plurality of sections (1A and 1B) and being maneuverable between a transport configuration (Fig. 1) and a supporting configuration (Fig. 3), at least one of the plurality of sections (D/E, see below) forming a non-co-extensive angle with at least one other (F/G/H) of the plurality of sections in the supporting configuration. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame of Kang by using a multi-part frame as taught by Seo in order to allow the user to compactly store the device when not in use.

m.      Kang, as modified, is silent on the use of a container. Furey teaches a shelter system including a container (103) capable of both housing and transporting the components of the system ("components may be readily carried in the anchoring member when it is empty of sand" – see Column 7, lines 22-23) therein as well as acting as an anchor to retain the frame in the supporting configuration (Fig. 1), the container coupleable to the other of the second end or the first end of a cord (3) and in contact with the surface (see Fig. 1). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Furey in order to allow the user to more securely anchor the device and to conveniently transport the components of the device.

n.      Regarding Claim 34, Kang, as modified, teaches that in the supporting configuration, a first section of the frame is embedded in the surface (at 320). The device, as modified, would have a first section of the frame (Seo D/E) and a second section (C/F/G/H) is engaged with the first section so that the second section is arranged at the non-co-extensive angle (such as along the center of section G) with respect to an axis of the first section, and wherein, in the supporting configuration, the suspension end of the canopy is engageable with the second section (the canopy would be suspended from the top of the arch of the frame).

o.      Regarding Claim 35, Kang, as modified, teaches that the canopy is unitarily constructed (the canopy is a single sheet) or comprises a plurality of coupled sections.

p.      Regarding Claim 37, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100) the frame being maneuverable into a supporting configuration (Fig. 1), an end of the frame (at 110) being engageable with the surface, a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface.

q.      Kang is silent on the use of a multi-part frame. Seo teaches a frame (A)

including a plurality of sections (1A and 1B) and at least one aligning component

(1a) affixed to one or more of the plurality of sections of the frame, the frame

being maneuverable between a transport configuration (Fig. 1) and a supporting

configuration (Fig. 3), an end (the lower end of D) of the frame being engageable

with the surface and at least one (F) of the plurality of sections forming a non-

coextensive angle with at least one other (F) of the plurality of sections in the

supporting configuration. It would have been obvious to one of ordinary skill in

the art before the effective filing date of the claimed invention to modify the frame

of Kang by using a multi-part frame as taught by Seo in order to allow the user to

compactly store the device when not in use.

r.      Kang, as modified, is silent on the use of a container. Furey teaches a

system including a container (103) capable of housing and transporting the

components of the system therein ("components may be readily carried in the

anchoring member when it is empty of sand" – see Column 7, lines 22-23) as

well as acting as an anchor (see Fig. 1) to retain the frame in the supporting

configuration, the container capable of being coupleable to one or both of the

frame (5) and the canopy of the system. It would have been obvious to one of

ordinary skill in the art before the effective filing date of the claimed invention to

modify the device of Kang, as modified, by adding a container as taught by Furey

in order to allow the user to more securely anchor the device and to conveniently

transport the components of the device.

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 221 of 423

s.      Regarding Claim 38, Kang, as modified, teaches that in the supporting configuration, a first section (such as D/E as taught by Seo) of the frame is embedded in the surface and a second section (such as C/F/G) is engaged with the first section via the at least one aligning component so that the second section is arranged at the non-co-extensive angle with respect to an axis of the first section, and wherein, in the supporting configuration, the suspension end of the canopy is engageable with the second section.

t.      Regarding Claim 39, Kang, as modified, teaches that a first end (110) of the first section of the frame is embedded in the surface in the supporting configuration, and wherein the container housing the weight is capable of being engaged with or coupled to the first end of the first section of the frame (the container is inherently capable of being coupled to any part of the frame including the first end of the first section).

u.      Regarding Claim 41, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100) maneuverable into a supporting configuration (Fig. 1), an end (110) of the frame capable of being embedded in the surface in the supporting configuration; a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that when a wind force is applied to the canopy, the canopy is supportable by the frame at the

suspension end and the trailing end of the canopy is at least partially supportable by the wind force for providing shade to the surface.

v. Kang is silent on the use of a multi-part frame. Seo teaches a frame (A) including a plurality of sections (1A and 1B) and being maneuverable between a transport configuration (Fig. 1) and a supporting configuration (Fig. 3). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame of Kang by using a multi-part frame as taught by Seo in order to allow the user to compactly store the device when not in use.

w. Kang, as modified, is silent on the use of a container. Furey teaches a system including a container (103) capable of housing and transporting the components of the system ("components may be readily carried in the anchoring member when it is empty of sand" – see Column 7, lines 22-23) as well as acting as an anchor (see Fig. 1) to retain a frame (5) in a supporting configuration, the container being engageable (via 3) with one or both of the frame and the canopy in the supporting configuration so as to act as a counterweight to the wind force.

x. Regarding Claim 42, Kang, as modified, teaches that the element of the system comprises a cord (Furey, 3), a closing mechanism on the container, or a band for transporting the container.

y. Regarding Claim 43, Kang, as modified, teaches (see Seo) that the frame comprises at least one aligning component (Seo 1a) affixed to one or more of the plurality of sections of the frame.

6.      Claims 23 and 24 are rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to Claim 21 above in view of Sotirkys et al. in US Patent 7789097. Kang, as modified, fails to teach a canopy including a plurality of sections. Sotirkys teaches a canopy (10/80) that comprises a plurality of coupled sections (10 and 80), wherein the plurality of coupled sections are selectively engageable sections (detachable at 85/86). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Kang, as modified, by using a plurality of sections as taught by Sotirkys in order to allow the user to select the amount of coverage available under the shelter.

7.      Claim 36 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 33 above, and further in view of Stein in US Patent 5080123. Kang, as modified, is silent on the use of a canopy with parallel sides. Stein teaches a shelter system including a canopy (14) with a set of parallel sides (the left and right sides of the canopy). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a canopy with parallel sides as taught by Stein in order to provide more shade area for the user.

8.      Claim 44 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Jenkins in US Patent 9051756. Kang, as modified, is silent on the use of a corkscrew. Jenkins teaches a frame (13) engageable at an end with the surface, wherein the end of the frame engageable with the surface comprises a corkscrew (23). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to

modify the device of Kang, as modified, by adding a corkscrew as taught by Jenkins in order to more securely anchor the device in the ground.

## *Response to Arguments*

9.      Applicant's arguments filed 3/15/2022 have been fully considered but they are not persuasive.

10.     Applicant's arguments with respect to claim(s) 21, 33, 37, and 41 have been considered but are moot because the new ground of rejection does not rely on any reference applied in the prior rejection of record for any teaching or matter specifically challenged in the argument. Neither Kang nor Cook are relied upon to teach the container that functions both as anchor and transportation means.

## *Conclusion*

11.     Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

        Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| **Index of Claims** | 17/343,114 | Barnes et al. |
| | Examiner | Art Unit |
| | NOAH C HAWK | 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| CLAIMS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | | ☐ R.1.47 | |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | 02/08/2022 | 04/13/2022 | | | | | |
| | 1 | - | - | - | | | | | |
| | 2 | - | - | - | | | | | |
| | 3 | - | - | - | | | | | |
| | 4 | - | - | - | | | | | |
| | 5 | - | - | - | | | | | |
| | 6 | - | - | - | | | | | |
| | 7 | - | - | - | | | | | |
| | 8 | - | - | - | | | | | |
| | 9 | - | - | - | | | | | |
| | 10 | - | - | - | | | | | |
| | 11 | - | - | - | | | | | |
| | 12 | - | - | - | | | | | |
| | 13 | - | - | - | | | | | |
| | 14 | - | - | - | | | | | |
| | 15 | - | - | - | | | | | |
| | 16 | - | - | - | | | | | |
| | 17 | - | - | - | | | | | |
| | 18 | - | - | - | | | | | |
| | 19 | - | - | - | | | | | |
| | 20 | - | - | - | | | | | |
| | 21 | ✓ | ✓ | ✓ | | | | | |
| | 22 | ✓ | ✓ | ✓ | | | | | |
| | 23 | ✓ | ✓ | ✓ | | | | | |
| | 24 | ✓ | ✓ | ✓ | | | | | |
| | 25 | ✓ | ✓ | ✓ | | | | | |
| | 26 | ✓ | ✓ | ✓ | | | | | |
| | 27 | ✓ | - | - | | | | | |
| | 28 | ✓ | - | - | | | | | |
| | 29 | ✓ | ✓ | - | | | | | |
| | 30 | ✓ | ✓ | - | | | | | |
| | 31 | ✓ | ✓ | ✓ | | | | | |
| | 32 | ✓ | ✓ | ✓ | | | | | |
| | 33 | | = | ✓ | | | | | |
| | 34 | | = | ✓ | | | | | |
| | 35 | | = | ✓ | | | | | |
| | 36 | | = | ✓ | | | | | |
| | 37 | | ✓ | ✓ | | | | | |
| | 38 | | ✓ | ✓ | | | | | |
| | 39 | | ✓ | ✓ | | | | | |
| | 40 | | ✓ | ✓ | | | | | |
| | 41 | | ✓ | ✓ | | | | | |
| | 42 | | ✓ | ✓ | | | | | |

| Index of Claims | | Application/Control No. | | Applicant(s)/Patent Under Reexamination | | |
|---|---|---|---|---|---|---|
| | | 17/343,114 | | Barnes et al. | | |
| | | **Examiner** | | **Art Unit** | | |
| | | NOAH C HAWK | | 3636 | | |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | 02/08/2022 | 04/13/2022 | | | | | | |
| | 43 | | | ✓ | | | | | | |
| | 44 | | | ✓ | | | | | | |

U.S. Patent and Trademark Office

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | Examiner | Art Unit |
| | NOAH C HAWK | 3636 |

**CPC - Searched***

| Symbol | Date | Examiner |
|---|---|---|
| E04H 15/326, 15/003, 12/22 | 10/26/2021 | NCH |
| updated above | 04/13/2022 | NCH |
| | | |

**CPC Combination Sets - Searched***

| Symbol | Date | Examiner |
|---|---|---|
| | | |

**US Classification - Searched***

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 135 | 119, 118 115, 120.1, 114, 127 | 10/26/2021 | NCH |
| 40 | 214,606.11, 217, 412 | 10/26/2021 | NCH |
| 160 | 135,350,351,352, 377 | 10/26/2021 | NCH |
| | updated above | 04/13/2022 | NCH |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

**Search Notes**

| Search Notes | Date | Examiner |
|---|---|---|
| Considered IDS filed 6/9/2021 | 10/26/2021 | NCH |
| Performed inventor name search in DAV | 10/26/2021 | NCH |
| Considered and updated search history for parent application 16/987886 | 10/26/2021 | NCH |
| Please see PE2E search history | 10/26/2021 | NCH |
| Considered IDS filed 1/28/22 | 02/07/2022 | NCH |

| | |
|---|---|
| | |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 229 of 423

|  *Search Notes* | Application/Control No. 17/343,114 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 230 of 423

U.S. Patent and Trademark Office                    Page 2 of 2                    Part of Paper No.: 20220413

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>17/343,114 | Filing Date<br>06/09/2021 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE ☑ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | x $50 = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | x $240 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT | 06/16/2022 | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| | Total<br>(37 CFR 1.16(i)) | * 17 | Minus | ** 20 | = 0 | | x $50 = | 0 |
| | Independent<br>(37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | | x $240 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| | Total<br>(37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /TARA A WASHINGTON/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | | |
|---|---|---|---|---|
| In re: | Barnes *et al.* | | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | | |

Docket No.:    S105508 1010US.C5 (0014.6)
Customer No.:    26158

Mail Stop - Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT UNDER 37 CFR § 1.111

Sir:

In response to the Office Action dated April 18, 2022, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 6 of this paper.

Amendments to the Claims

1. – 20.         (Canceled)

21.       (Currently Amended)  A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections comprising a cable extending therethrough to maneuver the sections between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration an end of the frame being embedded in the surface and at least one of the plurality of sections forming a non-co-extensive angle with at least one other of the plurality of sections in the supporting configuration; and

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections a portion of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface; and

a container capable of housing and transporting the components of the system therein as well as acting as an anchor that is coupleable to one or both of the frame and the canopy, and engageable with the surface to retain the frame in the supporting configuration.

22.       (Canceled)

23.     (Previously Presented)  The system of claim 21, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

24.     (Previously Presented)  The system of claim 23, wherein the plurality of coupled sections are selectively engageable sections.

25.     (Previously Presented)  The system of claim 21, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

26.     (Canceled)

27.     (Canceled)

28.     (Canceled)

29.     (Canceled)

30.     (Canceled)

31.     (Canceled)

32.     (Previously Presented)     The system of claim 21, wherein the canopy is supportable by the frame and totally supportable by the wind in the first configuration for providing shade to the surface.

33-44.  (Canceled)

45.     (New)  The system of claim 21, wherein the cable is affixed to an interior of one or more of the adjacent sections of the frame.

46.     (New)  The system of claim 21, wherein the one or more adjacent sections of the frame form a curved shape when in the supporting configuration.

47.     (New) The system of claim 21, wherein the suspension end of the canopy defines at least one loop configured for accepting a portion of the frame therethrough.

48.     (New)  The system of claim 47, wherein the portion of the frame comprises the one or more adjacent sections.

49.     (New)  The system of claim 21, further comprising at least one strap engageable with or coupled to the suspension end of the canopy for securing the canopy to the frame.

50.     (New)  The system of claim 49, wherein the at least one strap is configured to wrap about the one or more adjacent sections of the frame and be fastened to itself for securing the canopy to the frame.

51.     (New)  The system of claim 21, wherein the canopy has at least one set of parallel sides.

52.     (New)  The system of claim 21, further comprising one or more anchors engaged with the trailing end of the canopy.

53.     (New)  The system of claim 52, further comprising one or more cords engaged between the trailing end of the canopy and the one or more anchors.

54.     (New)  The system of claim 21, further comprising a container capable of housing and transporting the components of the system therein as well as acting as an anchor that is coupleable to one or both of the frame and the canopy, and engageable with the surface to retain the frame in the supporting configuration.

55. (New) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections that include a left end, a right end, and a plurality of sections positioned between the left end and the right end and comprising a cable extending therethrough, each of the plurality of sections having one or both of a male end and a female end making the plurality of sections thereby engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of the left end and the right end have a corkscrew shape effective for engaging a surface; and

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end, the suspension end of the canopy including a plurality of fasteners including at least one fastener that engages the canopy with the frame and at least one fastener that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface.

56. (New) The system of claim 55, wherein the at least one fastener that secures the canopy in position relative to the frame is elastic.

## REMARKS

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 1-20 and 27-30 were previously canceled. With this response, claims 22, 26, 31, and 33-44 are canceled, while claim 21 is amended, and claims 45-56 are added. As such, claims 21, 23-25, 32, and 45-56 are now pending following this Amendment. Applicant submits that no new matter is added by way of this Amendment.

Claim Rejections – 35 USC § 112

Claim 42 is rejected under 35 U.S.C. § 112(b) as allegedly being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor regards as the invention. Applicant respectfully submits that claim 42 is now canceled such that this rejection is now moot.

Claim Rejections – 35 USC § 103

Claims 21-23, 25, 26, 31-35, and 37-43 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 to Kang in view of Seo in US Publication 2003/0089390 and Furey in US Patent 4,924,893.

Initially, Applicant notes that claims 22, 26, 31, 33-35, and 37-43 are now canceled. As such, Applicant respectfully submits that the rejection of these claims is now moot.

Independent claim 21 is the independent claim from which claims 23, 25, and 32 depend. Independent claim 21 is now amended to further define the sections of the frame as including a first section defining a left end of the frame with a corkscrew shape and engaged with the surface; a last section defining a right end of the frame with a corkscrew shape and engaged with the surface; one or more adjacent sections comprising a cable extending therethrough to maneuver the sections between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration. Claim 21 is also amended to clarify that the suspension end of the canopy is

engageable with the frame about the one or more adjacent sections of the frame. Support for these claim amendments is found in at least, for example, FIG.1 and the corresponding description in the specification, and paragraph [0051] of the application as filed. No new matter has been added by way of these amendments.

Applicant respectfully submits that Kang separately or in combination with Seo and Furey fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 21. In particular, this combination of references does not at least disclose the claimed frame where the sections of the frame include <u>a first section defining a left end of the frame with a corkscrew shape and engaged with the surface; a last section defining a right end of the frame with a corkscrew shape and engaged with the surface; one or more adjacent sections comprising a cable extending therethrough to maneuver the sections between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration</u>, as recited in independent claim 21.

In particular, and as acknowledged by the examiner at page 3 of the office action, Kang is silent as to the use of a multi-part frame. Thus, Kang does not and cannot disclose a plurality of sections, the sections including a first section defining a left end of the frame with a corkscrew shape and engaged with the surface; a last section defining a right end of the frame with a corkscrew shape and engaged with the surface; one or more adjacent sections comprising a cable extending therethrough to maneuver the sections between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration, as recited in independent claim 21.

Seo is cited as allegedly curing this acknowledged deficiency in Kang because Seo allegedly discloses a frame including a plurality of sections. However, Applicant respectfully submits that the plurality of sections in Seo do not include at least <u>a first section defining a left end of the frame with a corkscrew shape and engaged with the surface; a last section defining a right end of the frame with a corkscrew shape and engaged with the surface; one or more adjacent sections comprising a cable extending therethrough to maneuver the sections between the transport configuration and the supporting configuration, the adjacent sections being configured to engage</u>

with the first section and the last section in the supporting configuration, as recited in independent claim 21.

Moreover, Applicant respectfully submits that there is no reasonable expectation of success in modifying Kang with Seo, such that the claims cannot be rejected as *prima facie* obvious in view of Kang and Seo. *See, e.g.,* "[w]here there is a reason to modify or combine the prior art to achieve the claimed invention, the claims may be rejected as *prima facie* obvious provided there is also a reasonable expectation of success. *In re Merck & Co., Inc.,* 800 F.2d 1091, 231 USPQ 375 (Fed. Cir. 1986). In particular, "[e]vidence showing there was no reasonable expectation of success may support a conclusion of nonobviousness." *In re Rinehart,* 531 F.2d 1048, 189 USPQ 143 (CCPA 1976).

Here, the evidence supports Applicant's position that there would be no reasonable expectation of success in modifying the pole 100 in Kang with the unit rods 1 in Seo as the examiner argues. In particular, the tent in Seo is significantly different in form factor to the portable awning in Kang. Indeed, in one configuration (FIG. 1 of Kang), Kang only requires a single, one-piece arched pole with two points of contact with the ground, while Seo requires in one configuration (FIG. 4 of Seo) two poles with a total of four points of contact with the ground.



FIG. 1 of Kang                    FIG. 4 of Seo

In light of the above, it is clear that the frame structures of Kang and Seo's inventions differ in form and functionality. For example, the Seo discloses that the unit rods 1 are made of flexible

WBD Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 239 of 423

**steel pipe**. *See, e.g.,* Abstract of Seo. In order to achieve the arched pole A or B configuration straight rods 1A and pre-bent rods 1B are arranged "in a proper order". *See, e.g.,* FIG. 1 of Seo, below. While it appears that Seo may consider that these steel rods 1 possess a modicum of flexibility, Seo nonetheless requires the bent rods 1B be pre-bent at an appropriate angle in order to create the arched pole A or B. As such, one of ordinary skill in the art would consider the unit rods 1 in Seo as being wholly rigid since they, themselves, do not individually bend to form the arch, and are instead arranged in such a proper order and manner so as to form an arch.



FIG. 1 of Seo

This is in contrast to the pole 100 in Kang, which must possess an inherent degree of flexibility to enable it to be bent in the desired '∩' shape. *See, e.g.,* FIG. 1 of Kang. Thus, one of ordinary skill in the art would not expect the wholly rigid steel rods 1 from Seo to translate into the same level of flexibility necessary to achieve the '∩' shape bend required for the form and function of the pole 100 in Kang. Because of this, the evidence supports that one of ordinary skill in the art would not believe that there is a reasonable expectation of success in modifying Kang with the Seo poles absent the inclusion of pre-bent sections 1B in Seo, which would then significantly change the continuous, pole arch provided by the pole 100 in Kang. Likewise, because Seo requires that at least some of its wholly rigid steel rods must be provided in a pre-bent configuration, a skilled person would not predict from Seo that a plurality of smaller poles would

WBD Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 240 of 423

be capable of being combined to form a significantly longer pole that has the requisite degree of flexibility that is necessary and required in Kang. A skilled person would immediately understand that flexibility (i.e., bending without crimping or breaking) increases with length in otherwise rigid items of a relatively small diameter. The fact that Seo requires pre-bent poles in order to achieve an arched shape expressly indicates that shorter poles would not be capable of providing sufficient flexibility for use in Kang. Applicant accordingly submits that Seo cannot be combined with Kang to support a *prima facie* case of obviousness.

Regardless, Furey fails to cure this deficiency in Kang and/or Seo. Furey discloses a traditional beach umbrella with an anchoring system, and is also wholly silent as to a frame including a plurality of sections that include at least <u>a first section defining a left end of the frame with a corkscrew shape and engaged with the surface; a last section defining a right end of the frame with a corkscrew shape and engaged with the surface; one or more adjacent sections comprising a cable extending therethrough to maneuver the sections between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration</u>, as recited in independent claim 21. Thus, in any combination, Kang, Seo, and/or Furey cannot and do not disclose the claimed frame of independent claim 21.

Lastly, and regardless of any reference(s) cited, Applicant notes that a person of ordinary skill in the art would not be motivated to modify Kang to include the claimed frame including at least <u>a first section defining a left end of the frame with a corkscrew shape and engaged with the surface</u> and <u>a last section defining a right end of the frame with a corkscrew shape and engaged with the surface</u> as doing so would change the principle of operation of Kang, counter to MPEP § 2143.01(VI), which states that "[i]f the proposed modification or combination of the prior art would change the principle of operation of the prior art invention being modified, then the teachings of the references are not sufficient to render the claims *prima facie* obvious." *In re Ratti*, 270 F.2d 810, 813, 123 USPQ 349, 352 (CCPA 1959).

In particular, the pole 100 in Kang requires a cylindrical fitting 110 specifically shaped to be inserted through a center of a fitting ring 3 formed on a support piece 220 of the canopy and then snugly received by a fitting groove 110a of a pile 320 driven into the ground. *See, e.g.,* FIG.

2 of Kang, below. Kang discloses that this arrangement is used to "strengthen" the sunscreen 200 as the fitting ring 3 of the sunscreen is sandwiched between the cylindrical fitting 110 and the pile 320, and that the fitting groove 110a acts to prevent damage to the fitting protrusion 110 passing through the fitting ring 3 to be more firmly fixed to the ground.



FIG. 2 of Kang

Accordingly, any modification to this arrangement in Kang (i.e., changing the cylindrical fitting 110 to be the claimed corkscrew shape, which would require changing the sunscreen 200 so that the fitting ring 3 is no longer sandwiched between the cylindrical fitting 110 and the pile 320) would result in changing the principle of operation of Kang as the fitting 110 would no longer able to be inserted (without significant effort) through a center of the fitting ring 3 and then snugly received by a fitting groove 110a of a pile 320 driven into the ground. Without this type of connection, the sunscreen 200 in Kang would slide around on the pole 100 and could not be secured to the pole 100. Thus, such a change to the principle of operation of Kang would be insufficient to render independent claim 21 *prima facie* obvious.

Consequently, and for at least these reasons, independent claim 21 (and claims 23, 25, 32, and 45-54) are not rendered obvious by Kang separately or in combination with Seo and/or Furey. Applicant respectfully requests that this rejection be withdrawn.

WBD Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 242 of 423

Claims 23 and 24 are rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Sotirkys et al. in US Patent 7789097.

Claims 23 and 24 depend on independent claim 21. As discussed hereinabove, Kang fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 21. Nothing in Sotirkys cures this deficiency in Kang. Accordingly, independent claim 21, and claims 23 and 24 depending therefrom, are not rendered obvious by Kang separately or in combination with Sotirkys. Applicant respectfully requests that the rejection of this claim be withdrawn at this time.

Claim 36 is rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Stein in US Patent 5,080,123.

Claim 36 is now canceled. As such, Applicant respectfully submits that this rejection of claim 36 is now moot.

Claim 44 is rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Jenkins in US Patent 9,051,756.

Claim 44 is now canceled. As such, Applicant respectfully submits that this rejection of claim 44 is now moot.

New Claims

New dependent claims 45-54 are now added and depend from independent claim 21. Support for the newly added claims can be found in at least, for example, independent claim 21, FIG.1 and the corresponding description, and paragraph [0051] of the published application. No new matter has been added. Applicant respectfully submits that at least these new dependent claims are non-obvious in view of the cited references for at least their dependency on independent claim 21.

New independent claim 55 and dependent claim 56 are now added. Claim 56 depends from new claim 55. Support for the newly added claims can be found in at least, for example,

independent claim 21, FIG.1 and the corresponding description, and paragraphs [0037], [0039], and [0051] of the published application. No new matter has been added.

Applicant respectfully submits independent claim 55, and claim 56 depending therefrom, is/are non-obvious in view of the cited references for at least the reasons stated above with regard to independent claim 21. For example, Kang separately or in combination with Seo and/or Furey fails to teach, suggest, provide motivation for, or otherwise render predictable a frame defined by a plurality of sections that include a left end, a right end, and a plurality of sections positioned between the left end and the right end and comprising a cable extending therethrough, each of the plurality of sections having one or both of a male end and a female end making the plurality of sections thereby engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of the left end and the right end have a corkscrew shape effective for engaging a surface, and a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end, the suspension end of the canopy including a plurality of fasteners including at least one fastener that engages the canopy with the frame and at least one fastener that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface, as recited in independent claim 55.

Consequently, and for at least these reasons, independent claim 55 (and claim 56) are not rendered obvious by Kang separately or in combination with Seo and/or Furey.

## CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 16, 2022.*

| | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | | Application Number | 17/343,114 |
| | | | | Filing Date | June 9, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br><br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 44 | US-4,924,893 | 05-15-1990 | Furey | |
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br><br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | | | | | | |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

\*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 16, 2022.*

WBD (US) 56828934v1

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 17343114 |
| **Filing Date:** | 09-Jun-2021 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |

Filed as Small Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| SUBMISSION- INFORMATION DISCLOSURE STMT | 2806 | 1 | 130 | 130 |
| **Total in USD ($)** | | | | **130** |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 248 of 423

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 45977887 |
| **Application Number:** | 17343114 |
| **International Application Number:** | |
| **Confirmation Number:** | 8654 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |
| **Receipt Date:** | 16-JUN-2022 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 17:19:19 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $130 |
| RAM confirmation Number | E20226FH19320149 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

# File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Transmittal Letter | S105508_1010US_C5_0014_6_ Suppl_IDS_Cover.pdf | 119801 53f6cc62fd3dc3f39076c47be34c2d9c6639f 120 | no | 1 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | | S105508_1010US_C5_0014_6_ Amendment_4-18-2022_OA. pdf | 388798 4b1dcef0e6941a106116f579f1d33cc3b2c9 4fe0 | yes | 14 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Amendment/Request for Reconsideration-After Non-Final Rejection | 1 | 1 |
| Claims | 2 | 5 |
| Applicant Arguments/Remarks Made in an Amendment | 6 | 14 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 3 | Information Disclosure Statement (IDS) Form (SB08) | S105508_1010US_C5_0014_6_ Suppl_IDS_1449.pdf | 108471 5955d3b95f763edaba0f1960cd7977e9e91 caddb | no | 1 |

**Warnings:**

**Information:**

This is not an USPTO supplied IDS fillable form

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 4 | Fee Worksheet (SB06) | fee-info.pdf | 37873 f3dfb469a7ba083eef991f6fde354809f3891 6b3 | no | 2 |

**Warnings:**

**Information:**

| | | |
|---|---|---|
| **Total Files Size (in bytes):** | | 654943 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Attorney's Docket No. **S105508 1010US.C5 (0014.6)**                          PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT
### UNDER 37 C.F.R. § 1.97(c)

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature document in accordance with 37 CFR 1.98(a)(2). Also enclosed is a translation or a concise explanation of each non-English language document.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(c), before final Office Action or Allowance, whichever is earlier. The Commissioner is authorized to charge the $130.00 fee specified in 37 C.F.R. § 1.17(p) and any additional fee, or credit any refund, to our Deposit Account No. **09-0528**.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 16, 2022.*

WBD (US) 56829008v1



UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508<br>1010US.C5 (0014.6 | 8654 |

| 26158 | 7590 | 07/05/2022 |
|---|---|---|

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 07/05/2022 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on 6/16/2022.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☑ This action is **FINAL**.      2b) ☐ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 21,23-25,32 and 45-56 is/are pending in the application.
    5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) 21,23-25,32 and 45-56 is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☑ The drawing(s) filed on 6/9/2021 is/are: a)☐ accepted or b)☑ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
    a)☐ All      b)☐ Some**      c)☐ None of the:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)
3) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date _____.
2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
    Paper No(s)/Mail Date 6/16/2022.
4) ☐ Other: _____.

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 254 of 423

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined
under the first inventor to file provisions of the AIA.

### *Drawings*

2.      The drawings are objected to under 37 CFR 1.83(a).  The drawings must show
every feature of the invention specified in the claims.  Therefore, the "corkscrew shape"
first and last sections recited in Claim 21, the "corkscrew shape" left and right ends
recited in Claims 55, and the anchor(s) and cord(s) engaged with the trailing end of the
canopy recited in Claims 52 and 53 must be shown or the feature(s) canceled from the
claim(s).  No new matter should be entered.

3.      Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in
reply to the Office action to avoid abandonment of the application. Any amended
replacement drawing sheet should include all of the figures appearing on the immediate
prior version of the sheet, even if only one figure is being amended. The figure or figure
number of an amended drawing should not be labeled as "amended." If a drawing figure
is to be canceled, the appropriate figure must be removed from the replacement sheet,
and where necessary, the remaining figures must be renumbered and appropriate
changes made to the brief description of the several views of the drawings for
consistency. Additional replacement sheets may be necessary to show the renumbering
of the remaining figures. Each drawing sheet submitted after the filing date of an
application must be labeled in the top margin as either "Replacement Sheet" or "New

Sheet" pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner,

the applicant will be notified and informed of any required corrective action in the next

Office action. The objection to the drawings will not be held in abeyance.

## *Claim Rejections - 35 USC § 112*

4.      The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and
> of the manner and process of making and using it, in such full, clear, concise, and exact terms
> as to enable any person skilled in the art to which it pertains, or with which it is most nearly
> connected, to make and use the same, and shall set forth the best mode contemplated by the
> inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and
> process of making and using it, in such full, clear, concise, and exact terms as to enable any
> person skilled in the art to which it pertains, or with which it is most nearly connected, to make
> and use the same, and shall set forth the best mode contemplated by the inventor of carrying
> out his invention.

5.      Claims 52 and 53 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-

AIA), first paragraph, as failing to comply with the written description requirement. The

claim(s) contains subject matter which was not described in the specification in such a

way as to reasonably convey to one skilled in the relevant art that the inventor or a joint

inventor, or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time

the application was filed, had possession of the claimed invention. The claims recite

"one or more anchors engaged with the trailing end of the canopy" and "one or more

cords engaged between the trailing end of the canopy and the one or more anchors"

which are not found in the disclosure as filed and are therefore considered new matter

in the application.

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 256 of 423

6.      Claims 52 and 53 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-

AIA), first paragraph, as failing to comply with the enablement requirement.  The

claim(s) contains subject matter which was not described in the specification in such a

way as to enable one skilled in the art to which it pertains, or with which it is most nearly

connected, to make and/or use the invention. The claims recite "one or more anchors

engaged with the trailing end of the canopy" and "one or more cords engaged between

the trailing end of the canopy and the one or more anchors" which are not considered

enabled by the disclosure. It is impossible for the canopy to be both supported by the

wind and anchored at the trailing end of the canopy.

> The following is a quotation of 35 U.S.C. 112(b):
>
> (b) CONCLUSION.—The specification shall conclude with one or more claims particularly
> pointing out and distinctly claiming the subject matter which the inventor or a joint inventor
> regards as the invention.
>
> The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
>
> The specification shall conclude with one or more claims particularly pointing out and distinctly
> claiming the subject matter which the applicant regards as his invention.

7.      Claims 21, 22, 24, 25, 32, and 45-54 are rejected under 35 U.S.C. 112(b) or

35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly

point out and distinctly claim the subject matter which the inventor or a joint inventor (or

for applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the

invention. Claim 21 recites "one or more adjacent sections comprising a cable extending

therethrough" which renders the claims indefinite. It is unclear is the "one or more

adjacent sections" merely comprise a cable that extends through the first and last

section, a cable alone, or if there are both one or more interior sections as well as a

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 257 of 423

cable that extends through the sections. For the purposes of examination, the phrase will be treated as reciting "one or more adjacent sections *and* a cable extending therethrough" (*emphasis* added) and the claim will be treated as having both one or more sections and a cable. Additionally, it is unclear how a cable can "maneuver the sections between the transport configuration and the supporting configuration." While the disclosure discusses that the frame can be maneuvered between transport and supporting configurations, there is no mention of the cable doing the maneuver. For the purposes of examination, the claim will be treated as reciting "a cable extending therethrough, *the frame sections maneuverable* between the transport configuration and the supporting configuration"

## *Claim Rejections - 35 USC § 103*

8.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

9.      Claims 21, 23, 25, 32, and 45-49 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Seo in US Publication 2003/0089390 and Parent in US Patent 9447599.

a.      Regarding Claim 21, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100) maneuverable into a supporting configuration (Fig. 1), the sections including a first section (110/320 on the left)

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 258 of 423

defining a left end of the frame and engaged with the surface, a last section

(110/320 on the right) defining a right end of the frame engaged with the surface;

and one or more adjacent sections (100), the adjacent sections being configured

to engage with the first section and the last section in the supporting

configuration, a canopy (200) extending between a suspension (toward 210) end

and an opposing trailing end (toward 240), the suspension end of the canopy

being engageable with the frame about the one or more adjacent sections of the

frame, wherein the trailing end of the canopy is spaced apart from the portion of

the frame in the supporting configuration such that the canopy is supportable by

the frame and at least partially supportable by wind in a first configuration for

providing shade to the surface.

b.       Kang is silent on the use of a multi-part frame. Seo teaches a frame (A)

including a first section (D) and a last section (K) and one or more adjacent

sections (E-J) and a cable (s) extending therethrough, the frame sections

maneuverable between a transport configuration (Fig. 1) and a supporting

configuration (Fig. 3), the adjacent sections being configured to engage with the

first section and the last section in the supporting configuration. It would have

been obvious to one of ordinary skill in the art before the effective filing date of

the claimed invention to modify the frame of Kang by using a multi-part frame as

taught by Seo in order to allow the user to compactly store the device when not

in use.



Seo, Fig. 3

c.      Kang, as modified, is silent on the use of corkscrew shaped end sections.
Parent teaches a ground engaging pole end including a section defining an end
(48/20) with a corkscrew shape (at 20) and engaged with the surface (5). It would
have been obvious to one of ordinary skill in the art before the effective filing date
of the claimed invention to modify the device of Kang, as modified, by using
corkscrew-shaped end sections as taught by Parent in order to more securely
affix the frame to the ground surface.

d.      Regarding Claim 23, Kang, as modified, teaches that the canopy is
unitarily constructed (the canopy is a single sheet) or comprises a plurality of
coupled sections.

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 260 of 423

e.      Regarding Claim 25, Kang, as modified, teaches that the canopy defines one or more vent holes (240), one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

f.      Regarding Claim 32, Kang, as modified, teaches that the canopy is supportable by the frame and totally supportable by the wind in the first configuration for providing shade to the surface.

g.      Regarding Claim 45, Kang, as modified, teaches (see Seo) that the cable is affixed to an interior (at e) of one or more of the adjacent sections of the frame.

h.      Regarding Claim 46, Kang, as modified, teaches (see Seo) that the one or more adjacent sections of the frame form a curved shape when in the supporting configuration (see both Kang, Fig. 1 and Seo, Fig. 3).

i.      Regarding Claim 47, Kang, as modified, teaches that the suspension end of the canopy defines at least one loop (212) configured for accepting a portion of the frame therethrough.

j.      Regarding Claim 48, Kang, as modified, will have the portion of the frame comprising the one or more adjacent sections.

k.      Regarding Claim 49, Kang, as modified, teaches at least one strap (220) engageable with or coupled to the suspension end of the canopy for securing the canopy to the frame.

10.      Claims 23 and 24 are rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to Claim 21 above in view of Sotirkys et al. in US Patent 7789097. Kang, as modified, fails to teach a canopy including a plurality of sections. Sotirkys teaches a canopy (10/80) that comprises a plurality of coupled sections (10 and

80), wherein the plurality of coupled sections are selectively engageable sections

(detachable at 85/86). It would have been obvious to one of ordinary skill in the art

before the effective filing date of the claimed invention to modify the canopy of Kang, as

modified, by using a plurality of sections as taught by Sotirkys in order to allow the user

to select the amount of coverage available under the shelter.

11.     Claims 49 and 50 are rejected under 35 U.S.C. 103 as being unpatentable over

Kang, as modified, as applied to claim 21 above, and further in view of Rise in US

Patent 5291640. Kang, as modified, is silent on the use of a self-attaching fastener.

Rise teaches a canopy with a suspension end (11) and comprising at least one strap (A)

engageable with or coupled to the suspension end of the canopy for securing the

canopy to a frame, wherein the at least one strap is configured to wrap about the one or

more adjacent sections of the frame and be fastened to itself (at M/F) for securing the

canopy to the frame. It would have been obvious to one of ordinary skill in the art before

the effective filing date of the claimed invention to modify the device of Kang, as

modified, by using a strap as taught by Rise in order to allow the user to better secure

the canopy to the frame.

12.     Claim 51 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as

modified, as applied to claim 21 above, and further in view of Stein in US Patent

5080123. Kang, as modified, is silent on the use of a canopy with parallel sides. Stein

teaches a shelter system including a canopy (14) with a set of parallel sides (the left and

right sides of the canopy). It would have been obvious to one of ordinary skill in the art

before the effective filing date of the claimed invention to modify the device of Kang, as

modified, by using a canopy with parallel sides as taught by Stein in order to provide more shade area for the user.

13.     Claims 52 and 53 are rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 21 above, and further in view of Beatty in US Patent 3070107. Kang is silent on anchors on the trailing end of the canopy. Beatty teaches a canopy (19) with a trailing end (opposite 11), further comprising one or more anchors (23) engaged with the trailing end of the canopy and one or more cords (22) engaged between the trailing end of the canopy and the one or more anchors. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding anchors and cords as taught by Beatty in order to prevent unwanted flapping of the trailing end in a high wind.

14.     Claim 54 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 21 above, and further in view of Furey in US Patent 4924893. Kang, as modified, is silent on the inclusion of a container. Furey teaches a shelter system including a container (103) capable of housing and transporting the components of the system ("components may be readily carried in the anchoring member when it is empty of sand" – see Column 7, lines 22-23) therein as well as acting as an anchor that is coupleable to one or both of the frame (5) and the canopy of the system, and engageable with the surface to retain the frame in the supporting configuration (see Fig. 1). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as

modified, by adding a container as taught by Furey in order to allow the user to more securely anchor the device and to conveniently transport the components of the device.

15. Claim 55 is rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Seo in US Publication 2003/0089390 and Parent in US Patent 9447599.

I. Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100) defined by a plurality of sections (including 110/320 on the left, 100, and 110/320 on the right) that include a left end (110/320), a right end (110/320), and a section (100) positioned between the left and right ends, wherein each of the left end and the right end engage a surface, and a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy extending between a left end and a right end, the suspension end of the canopy including a plurality of fasteners including at least one fastener (212) that engages the canopy with the frame and at least one fastener (220) that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface.

m. Kang is silent on the use of a multi-part frame. Seo teaches a frame defined by a plurality of sections that include a left end (D), a right end (K), and a plurality of sections (E-J) positioned between the left end and the right end and comprising a cable (s) extending therethrough, each of the plurality of sections

having one or both of a male end (at 1a, see Fig. 5) and a female end (at 1b, see

Fig. 5) making the plurality of sections thereby engageable with at least one

adjacent section to define the frame in a supporting configuration (Fig. 3) and

thereby disengageable to define the frame in a transport configuration (Fig. 1). It

would have been obvious to one of ordinary skill in the art before the effective

filing date of the claimed invention to modify the frame of Kang by using a multi-

part frame as taught by Seo in order to allow the user to compactly store the

device when not in use.

n.      Kang, as modified, is silent on the use of corkscrew shaped end sections.

Parent teaches a ground engaging pole end including a section defining an end

(48/20) with a corkscrew shape (at 20) and engaged with the surface (5). It would

have been obvious to one of ordinary skill in the art before the effective filing date

of the claimed invention to modify the device of Kang, as modified, by using

corkscrew-shaped end sections as taught by Parent in order to more securely

affix the frame to the ground surface.

16.     Claim 56 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as

modified, as applied to Claim 55 above and further in view of Swetish in US Patent

5771912. Kang, as modified, is silent on the material for the at least one fastener that

secures the canopy in position relative to the frame. Swetish teaches a fastener (34)

that secures a canopy (17) in position relative to a frame (16) wherein the fastener is

elastic (and "elastic shock cord"). It would have been obvious to one of ordinary skill in

the art before the effective filing date of the claimed invention to modify the device of

Kang, as modified, by using an elastic fastener as taught by Swetish in order to more securely attach the canopy to the frame.

### Response to Arguments

17.     Applicant's arguments filed 6/16/2022 have been fully considered but they are not persuasive.

18.     Applicant's arguments with respect to claim(s) 21 and 55 have been considered but are moot because the new ground of rejection does not rely on any reference applied in the prior rejection of record for any teaching or matter specifically challenged in the argument. Kang and Seo are not relied upon to teach the corkscrew shaped ends of the frame. Kang, as modified, by Seo, will have a frame with multiple adjacent interior sections, including a cable running therethrough, and the frame of Kang, thus modified, will include the canopy suspended from these sections.

19.     In response to applicant's argument that there is no teaching, suggestion, or motivation to combine the references, the examiner recognizes that obviousness may be established by combining or modifying the teachings of the prior art to produce the claimed invention where there is some teaching, suggestion, or motivation to do so found either in the references themselves or in the knowledge generally available to one of ordinary skill in the art.  See *In re Fine*, 837 F.2d 1071, 5 USPQ2d 1596 (Fed. Cir. 1988), *In re Jones*, 958 F.2d 347, 21 USPQ2d 1941 (Fed. Cir. 1992), and *KSR International Co. v. Teleflex, Inc.*, 550 U.S. 398, 82 USPQ2d 1385 (2007).  In this case, the use of a multi-section frame as taught by Seo does not require the entire structure of the Seo device. Seo is merely used to teach the use of a sectional frame that forms an

arch when assembled. Using such a frame on the Kang device would improve the device by allowing it to store more compactly.

### *Conclusion*

20.     Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP § 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

21.     Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636


/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| | | Application/Control No. 17/343,114 | Applicant(s)/Patent Under Reexamination Barnes et al. | |
|---|---|---|---|---|
| **Notice of References Cited** | | Examiner NOAH C HAWK | Art Unit 3636 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-5291640-A | 03-1994 | Rise; Leif | E04H15/64 | 24/714.7 |
| * | B | US-9447599-B1 | 09-2016 | Parent; Richard | A47G29/1216 | 1/1 |
| * | C | US-5771912-A | 06-1998 | Swetish; Thomas R. | E04H15/64 | 135/117 |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)      **Notice of References Cited**      Part of Paper No. 20220626

| Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | Examiner | Art Unit |
| | NOAH C HAWK | 3636 |

| ✓ | Rejected | − | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| CLAIMS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | | ☐ R.1.47 | |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | 02/08/2022 | 04/13/2022 | 06/28/2022 | | | | |
| | 1 | − | − | − | − | | | | |
| | 2 | − | − | − | − | | | | |
| | 3 | − | − | − | − | | | | |
| | 4 | − | − | − | − | | | | |
| | 5 | − | − | − | − | | | | |
| | 6 | − | − | − | − | | | | |
| | 7 | − | − | − | − | | | | |
| | 8 | − | − | − | − | | | | |
| | 9 | − | − | − | − | | | | |
| | 10 | − | − | − | − | | | | |
| | 11 | − | − | − | − | | | | |
| | 12 | − | − | − | − | | | | |
| | 13 | − | − | − | − | | | | |
| | 14 | − | − | − | − | | | | |
| | 15 | − | − | − | − | | | | |
| | 16 | − | − | − | − | | | | |
| | 17 | − | − | − | − | | | | |
| | 18 | − | − | − | − | | | | |
| | 19 | − | − | − | − | | | | |
| | 20 | − | − | − | − | | | | |
| | 21 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 22 | ✓ | ✓ | ✓ | − | | | | |
| | 23 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 24 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 25 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 26 | ✓ | ✓ | ✓ | − | | | | |
| | 27 | ✓ | − | − | − | | | | |
| | 28 | ✓ | − | − | − | | | | |
| | 29 | ✓ | ✓ | − | − | | | | |
| | 30 | ✓ | ✓ | − | − | | | | |
| | 31 | ✓ | ✓ | ✓ | − | | | | |
| | 32 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 33 | | = | ✓ | − | | | | |
| | 34 | | = | ✓ | − | | | | |
| | 35 | | = | ✓ | − | | | | |
| | 36 | | = | ✓ | − | | | | |
| | 37 | | ✓ | ✓ | − | | | | |
| | 38 | | ✓ | ✓ | − | | | | |
| | 39 | | ✓ | ✓ | − | | | | |
| | 40 | | ✓ | ✓ | − | | | | |
| | 41 | | ✓ | ✓ | − | | | | |
| | 42 | | ✓ | ✓ | − | | | | |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 270 of 423

| | Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| | | 17/343,114 | Barnes et al. |
| | | **Examiner** | **Art Unit** |
| | | NOAH C HAWK | 3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | 02/08/2022 | 04/13/2022 | 06/28/2022 | | | | | |
| | 43 | | | ✓ | - | | | | | |
| | 44 | | | ✓ | - | | | | | |
| | 45 | | | | ✓ | | | | | |
| | 46 | | | | ✓ | | | | | |
| | 47 | | | | ✓ | | | | | |
| | 48 | | | | ✓ | | | | | |
| | 49 | | | | ✓ | | | | | |
| | 50 | | | | ✓ | | | | | |
| | 51 | | | | ✓ | | | | | |
| | 52 | | | | ✓ | | | | | |
| | 53 | | | | ✓ | | | | | |
| | 54 | | | | ✓ | | | | | |
| | 55 | | | | ✓ | | | | | |
| | 56 | | | | ✓ | | | | | |

<table>
<tr><td rowspan="2"><em>Search Notes</em><br><br>[barcode]</td><td colspan="1"><strong>Application/Control No.</strong><br><br>17/343,114</td><td><strong>Applicant(s)/Patent Under Reexamination</strong><br><br>Barnes et al.</td></tr>
<tr><td><strong>Examiner</strong><br><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br><br>3636</td></tr>
</table>

**CPC - Searched\***

| Symbol | Date | Examiner |
|---|---|---|
| E04H 15/326, 15/003, 12/22 | 10/26/2021 | NCH |
| updated above | 06/28/2022 | NCH |
|  |  |  |

**CPC Combination Sets - Searched\***

| Symbol | Date | Examiner |
|---|---|---|
|  |  |  |

**US Classification - Searched\***

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 135 | 119, 118 115, 120.1, 114, 127 | 10/26/2021 | NCH |
| 40 | 214,606.11, 217, 412 | 10/26/2021 | NCH |
| 160 | 135,350,351,352, 377 | 10/26/2021 | NCH |
|  | updated above | 06/28/2022 | NCH |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

**Search Notes**

| Search Notes | Date | Examiner |
|---|---|---|
| Considered IDS filed 6/9/2021 | 10/26/2021 | NCH |
| Performed inventor name search in DAV | 10/26/2021 | NCH |
| Considered and updated search history for parent application 16/987886 | 10/26/2021 | NCH |
| Please see PE2E search history | 10/26/2021 | NCH |
| Considered IDS filed 1/28/22 | 02/07/2022 | NCH |

|  |  |
|---|---|
|  |  |

|  *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 273 of 423

| | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Application Number | 17/343,114 |
| | Filing Date | June 9, 2021 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 44 | US-4,924,893 | 05-15-1990 | Furey | |
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | | | | | | |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 06/26/2022 |
|---|---|---|---|

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 16, 2022.*

WBD (US) 56828934v1

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

 

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY.DOCKET NO./TITLE | REQUEST ID |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 172091 |

## Acknowledgement of Loss of Entitlement to Entity Status Discount

The entity status change request below filed through Private PAIR on 08/15/2022 has been accepted.

## CERTIFICATIONS:

> **Change of Entity Status:**
>
> ✕ Applicant changing to regular undiscounted fee status.
> NOTE: Checking this box will be taken to be notification of loss of entitlement to small or micro entity status, as applicable.

**This portion must be completed by the signatory or signatories making the entity status change in accordance with 37 CFR 1.4(d)(4).**

| | |
|---|---|
| **Signature:** | /Lauren F. Anderson/ |
| **Name:** | Lauren F. Anderson |
| **Registration Number:** | 69344 |

Attorney's Docket No. **S105508 1010US.C5 (0014.6)**

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**NOTIFICATION OF LOSS OF ENTITLEMENT TO SMALL ENTITY STATUS
UNDER 37 C.F.R. § 1.27(g)(2) AND PAYMENT OF FEE DEFICIENCY
UNDER 37 C.F.R. § 1.28(c)(2)(ii)**

The owner of the above-identified patent application hereby notifies the Office, in accordance with the requirements of 37 CFR 1.27(g)(2), that small entity status no longer applies to the above-identified patent application. The current status of the Applicant has been updated with the US Patent Office as "Undiscounted."

In accordance with 37 C.F.R. § 1.28(c)(2)(ii), Applicant hereby submits the difference in fees between a large entity and a small entity for any fees paid at the small entity rate after the Applicant lost entitlement to small entity status.

The itemization of fee deficiency is:

| Type of Fee | Amount of Small Entity Fee Actually Paid | Date Small Entity Fee Paid | Current Fee Amount for Large Entity | Deficiency or Credit Owed (based on current fee schedule) |
|---|---|---|---|---|
| (2806) Submission of an Information Disclosure Statement | $130.00 | 01-28-2022 | $260.00 | $130.00 |
| (2201) Each independent claim in excess of three | $240.00 | 01-28-2022 | $480.00 | $240.00 |

In re: Barnes *et al.*
Appl. No.: 17/343,114
Filed: June 9, 2021
Page 2

| (2830) Processing fee, except in provisional applications | $70.00 | 03-30-2022 | $140.00 | $70.00 |
|---|---|---|---|---|
| (2817) Request for prioritized examination | $2,100.00 | 03-30-2022 | $4,200.00 | $2,100.00 |
| (2801) Request for continued examination (RCE) - 1st request (see 37 CFR 1.114) | $680.00 | 03-30-2022 | $1360.00 | $680.00 |
| (2806) Submission of an Information Disclosure Statement | $130.00 | 06-16-2022 | $260.00 | $130.00 |
| **TOTAL DEFICIENCY CHARGED TO DEPOSIT ACCOUNT: $3,350.00** | | | | |

The Commissioner is hereby authorized to charge the $3,350.00 deficiency owed, as well as any credits, to Deposit Account No. 09-0528 under Attorney Docket No. S105508 1010US.C5 (0014.6).

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON AUGUST 17, 2022.*

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 46432646 |
| **Application Number:** | 17343114 |
| **International Application Number:** | |
| **Confirmation Number:** | 8654 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |
| **Receipt Date:** | 17-AUG-2022 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 17:23:49 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Notification of loss of entitlement to small entity status | S105508_1010US_C5_0014_6_Entity_Status_Fee.pdf | 126833<br>ee5b3a6d775aa24b91b3ccd5783ea52b60706e3b | no | 2 |

**Warnings:** <span style="color:blue">Case 5:24-cv-00588-FL Document 28-8 Filed 03/23/26 Page 278 of 423</span>

| Information: |  |
| --- | --- |
| **Total Files Size (in bytes):** | 126833 |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

| | |
|---|---|
| Application or Docket Number | 17/343,114 |
| Filing Date | 06/09/2021 |
| ☐ To be Mailed | |

**ENTITY:** ☑ LARGE ☐ SMALL ☐ MICRO

### APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED - PART II

**AMENDMENT**  08/29/2022

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * 19 | Minus | ** 20 | = 0 | | x $100 = | 0 |
| Independent (37 CFR 1.16(h)) | * 4 | Minus | *** 4 | = 0 | | x $480 = | 0 |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

**AMENDMENT**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /JAMES W TUNSTALL/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:    S105508 1010US.C5 (0014.6)
Customer No.:   26158

Mail Stop - AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**AMENDMENT UNDER 37 CFR § 1.116**

Sir:

In response to the Office Action dated July 5, 2022, please amend the above-identified application as follows:

**Amendments to the Drawings** are reflected on page 2 of this paper.

**Amendments to the Specification** are reflected on page 3 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 4 of this paper.

**Remarks** begin on page 10 of this paper.

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:     S105508 1010US.C5 (0014.6)
Customer No.:   26158

Mail Stop - AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT UNDER 37 CFR § 1.116

Sir:

In response to the Office Action dated July 5, 2022, please amend the above-identified application as follows:

**Amendments to the Drawings** are reflected on page 2 of this paper.

**Amendments to the Specification** are reflected on page 3 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 4 of this paper.

**Remarks** begin on page 10 of this paper.

Appl. No.: 17/343,114
Response Date: August 29, 2022
Reply to Office Action dated July 5, 2022

Amendment to the Drawings:

Please add new FIG. 8, and update the original sheets of drawings originally labeled with page numbers 1-7 and including original FIGS. 1-7 with the replacement sheets of drawings now labeled with page numbers 1-8 and including original FIGS. 1-7 to reflect the addition of new FIG. 8.

WBD Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 283 of 423

Amendments to the Specification

Please add a new paragraph after paragraph [0033] in the Brief Description of the Drawings, and before the Detailed Description as follows:

FIG. 8 is a perspective view of a system for providing shade according to one or more embodiments of the presently disclosed subject matter.

Please amend paragraph [0038] of the originally-filed application as follows:

The canopy 12 may be configured to suspend or be stored in any number of shapes and sizes. In some embodiments, the canopy 12 may define one or more vent holes and/or wind socks for permitting wind to pass therethrough. In other embodiments, the canopy 12 may define tails 45 extending from a side opposite the suspension end 42 referred to herein as either a trailing end or an additional suspension end 43.

Please amend paragraph [0051] of the originally-filed application as follows:

The left end 20 and the right end 22 of the frame 14 may be each be embedded in the surface 2. As shown in FIG. 8, the [[The]] ends 20, 22 may define a conical shape or a corkscrew shape 47 for ease of penetration of the surface 2. Additional anchor(s) 35 may be engaged or coupled to the left end 20 and/or right end 22 for further securing the frame 14 into position. In embodiments where a tail 45 is defined by the canopy 12, the tail 45 may be engaged with or coupled to an additional anchor 34 for securing the canopy 12 into position for providing shade 1 to the surface 2. In yet additional embodiments, an additional suspension end or the trailing end 43 may be defined by the canopy 12. The additional suspension end 43 may include any of the features and characteristics described herein attributed to the suspension end 42. For example, the additional suspension end 43 may form an additional loop 41 for engaging or coupling an additional frame 15, thereby further suspending the canopy 12 from both the frame 14 and the additional frame 15.

WBD Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 284 of 423

Amendments to the Claims

1. – 20.        (Canceled)

21.        (Currently Amended)   A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections comprising a cable extending therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered the sections between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration; [[and]]

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface;

at least one elastic strap including a rubber component that is engageable with or coupled to the suspension end of the canopy for securing the canopy to the frame, the at least one elastic strap including the rubber component having a higher coefficient of friction with respect to the plurality of sections of the frame; and

a container capable of housing and transporting the components of the system therein as well as acting as a counterweight that is coupleable to one or both of the frame and the canopy, and engageable with the surface to retain the frame in the supporting configuration;

wherein the at least one elastic strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end thereof, the at least one strap being configured to wrap about the one or more adjacent sections of the frame and fasten the strap fastener to the canopy fastener and fasten to itself for securing the canopy to the frame.

22. (Canceled)

23. (Previously Presented) The system of claim 21, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

24. (Previously Presented) The system of claim 23, wherein the plurality of coupled sections are selectively engageable sections.

25. (Previously Presented) The system of claim 21, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

26-31. (Canceled)

32. (Previously Presented) The system of claim 21, wherein the canopy is supportable by the frame and totally supportable by the wind in the first configuration for providing shade to the surface.

33-44. (Canceled)

45. (Previously Presented) The system of claim 21, wherein the cable is affixed to an interior of one or more of the adjacent sections of the frame.

46. (Previously Presented) The system of claim 21, wherein the one or more adjacent sections of the frame form a curved shape when in the supporting configuration.

47. (Previously Presented) The system of claim 21, wherein the suspension end of the canopy defines at least one loop configured for accepting a portion of the frame therethrough.

48. (Previously Presented) The system of claim 47, wherein the portion of the frame comprises the one or more adjacent sections.

49. (Canceled)

50. (Canceled)

51. (Previously Presented) The system of claim 21, wherein the canopy has at least one set of parallel sides.

52. (Currently Amended) The system of claim 21, wherein ~~further comprising one or more anchors engaged with~~ the trailing end of the canopy <u>defines a tail</u>.

53. (Currently Amended) The system of claim 52, <u>wherein the tail is engaged with or coupled to an anchor for securing the canopy into position</u> ~~further comprising one or more cords engaged between the trailing end of the canopy and the one or more anchors~~.

54. (Canceled)

55. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections that include a left end, a right end, and a plurality of sections positioned between the left end and the right end and comprising a cable extending therethrough, each of the plurality of sections having one or both of a male end and a female end making the plurality of sections thereby engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of the left end and the right end [[have]]has a corkscrew shape effective for engaging a surface; [[and]]

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end, the suspension end of the canopy including a plurality of fasteners including at least one fastener that engages the canopy with the frame and at least one fastener that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface; and

a container capable of housing and transporting the components of the system therein as well as acting as a first anchor that is coupleable to one or both of the frame and the canopy, and engageable with the surface to retain the frame in the supporting configuration;

wherein the at least one fastener that secures the canopy in position relative to the frame is elastic, the at least one elastic fastener having a higher coefficient of friction with respect to the frame.

56. (Canceled)

57. (New) The system of claim 55, wherein the canopy has at least one set of parallel sides.

WBD Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 288 of 423

58.    (New) The system of claim 55, wherein the trailing end of the canopy defines a tail.

59.    (New) The system of claim 57, wherein the tail is engaged with or coupled to a second anchor for securing the canopy into position.

60.    (New) The system of claim 55, wherein the one or more sections of the frame form a curved shape when in the supporting configuration.

61.    (New) A system for providing shade onto a surface, the system comprising:
a frame defined by a plurality of sections and comprising a cable extending therethrough, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration has a corkscrew shape for engaging a surface;
a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; and
at least one elastic strap that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface, wherein the at least one elastic strap that secures the canopy in position relative to the frame is elastic, the at least one elastic fastener having a higher coefficient of friction with respect to the plurality of sections of the frame.

62.    (New) A system for providing shade onto a surface, the system comprising:
a frame being maneuverable between a transport configuration and a supporting configuration, the frame being defined by a plurality of sections including:
a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections comprising a cable extending therethrough and being maneuverable between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end;

at least one elastic strap that is engageable with or coupled to the suspension end of the canopy for securing the canopy to the frame, the at least one elastic strap having a higher coefficient of friction with respect to the plurality of sections of the frame; and

wherein the at least one elastic strap is configured to wrap about the one or more adjacent sections of the frame and fasten to itself for securing the canopy to the frame.

## REMARKS

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 1-20 and 27-30 were previously canceled. With this response, claims 49, 50, 54, and 56 are canceled, while claim 21 is amended to incorporate the subject matter of claims 49, 50, and 54, which are now canceled, claim 55 is amended to incorporate the subject matter of claim 56, which is now canceled, claims 52 and 53 are amended, and claims 57-62 are added. As such, claims 21, 23-25, 32, 45-48, 51-53, 55, and 57-62 are now pending following this Amendment. Applicant submits that no new matter is added by way of this Amendment.

### Drawings

The drawings are objected to under 37 CFR 1.83(a) for failing to show every feature of the invention specified in the claims. Therefore, the "corkscrew shape" first and last sections recited in Claim 21, the "corkscrew shape" left and right ends recited in Claims 55, and the anchor(s) and cord(s) engaged with the trailing end of the canopy recited in Claims 52 and 53 must be shown or the feature(s) canceled from the claim(s).

In response, new FIG. 8 submitted in compliance with 37 C.F.R. § 1.121(d) illustrates each of the elements allegedly not shown in the drawings, i.e., the "corkscrew shape" first and last sections recited in Claim 21, the "corkscrew shape" left and right ends recited in Claims 55, and the anchor(s) and cord(s) engaged with the trailing end of the canopy recited in Claims 52 and 53. Support for this new drawing comes from original FIG. 1, as well as paragraph [0051] of the originally-filed application. Accordingly, Applicant respectfully submits that no new matter is added by way of new FIG. 8, and requests that the objection to the drawings be withdrawn at this time.

Additionally, Applicant notes that the original drawing sheets are now updated to reflect the new page numbering resulting from the addition of new FIG. 8.

Specification

The specification is now amended in order to include reference to new FIG. 8, as well as include reference numbers referring to the "tail(s)" and "corkscrew shape", which are now illustrated in FIG. 8. No new matter is added with these amendments.

Claim Rejections – 35 USC § 112

Claims 52 and 53 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as allegedly failing to comply with the written description requirement. Specifically, the examiner states that the claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time the application was filed, had possession of the claimed invention. Additionally, the examiner rejects these claim(s) for containing subject matter which was not described in the specification in such a way as to enable one skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the invention.

The claims recite "one or more anchors engaged with the trailing end of the canopy" and "one or more cords engaged between the trailing end of the canopy and the one or more anchors" which are allegedly not found in the disclosure as filed and are therefore considered new matter in the application. Though Applicant does not agree, in order to expedite prosecution, claims 52 and 53 are amended to now recite that "wherein the trailing end of the canopy defines a tail" (claim 52) and "wherein the tail is engaged with or coupled to an anchor for securing the canopy into position" (claim 53). Support for these claims can be found in at least, for example, paragraph [0051] of the originally-filed application. No new matter has been added. Thus, Applicant respectfully requests that the rejection of claims 52 and 53 under 35 U.S.C. § 112(a) be withdrawn at this time.

Claims 21, 22, 24, 25, 32, and 45-54 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as allegedly being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor (or for

applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention. Specifically, claim 21 recites "one or more adjacent sections comprising a cable extending therethrough", which allegedly renders the claim indefinite because it is unclear if the "one or more adjacent sections" merely comprise a cable that extends through the first and last section, a cable alone, or if there are both one or more interior sections as well as a cable that extends through the sections. For the purposes of examination, the examiner indicates that the phrase will be treated as reciting "one or more adjacent sections and a cable extending therethrough" (emphasis added) and the claim will be treated as having both one or more sections and a cable.

In response, and to clarify the subject matter being claimed, claim 21 is currently amended to recite, "one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections comprising a cable extending therethrough." Support for this amendment can be found in at least, for example, paragraphs [0007] and [0043] of the originally-filed application. Thus, no new matter has been added.

Additionally, the examiner alleges that it is allegedly unclear how a cable can "maneuver the sections between the transport configuration and the supporting configuration." The examiner states that while the disclosure discusses that the frame can be maneuvered between transport and supporting configurations, there is allegedly no mention of the cable doing the maneuvering. For the purposes of examination, the examiner states that the claim will be treated as reciting "a cable extending therethrough, the frame sections maneuverable between the transport configuration and the supporting configuration".

In response, and to clarify the subject matter being claimed, claim 21 is currently amended to recite, "the one or more adjacent sections comprising a cable extending therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered the sections between the transport configuration and the supporting configuration." Support for this amendment can be found in at least, for example, paragraph [0043] of the originally-filed application. Thus, no new matter has been added. Applicant respectfully requests that the rejection of claim 21 under 35 U.S.C. § 112(b), and the claims depending therefrom, be withdrawn at this time.

WBD US 7592456v1

Claim Rejections – 35 USC § 103

Claims 21, 23, 25, 32, and 45-49 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 to Kang in view of Seo in US Publication 2003/0089390 and Parent in US Patent 9,447,599. Applicant traverses the rejection.

Initially, Applicant notes that claim 49 is now canceled. As such, Applicant respectfully submits that the rejection of this claim is now moot.

Independent claim 21 is the independent claim from which claims 23, 25, 32, and 45-48 depend. Independent claim 21 is now amended to further define at least the following elements of the claim:

1. "at least one elastic strap including a rubber component that is engageable with or coupled to the suspension end of the canopy for securing the canopy to the frame, the at least one elastic strap including the rubber component having a higher coefficient of friction with respect to the plurality of sections of the frame". Support is found in at least, for example, paragraphs [0039] and [0040] of the originally-filed application and claim 49 (now canceled).

2. "a container capable of housing and transporting the components of the system therein as well as acting as a counterweight that is coupleable to one or both of the frame and the canopy, and engageable with the surface to retain the frame in the supporting configuration." Support is found in at least, for example, paragraph [0002] of the originally-filed application, and claim 54 (now canceled).

3. "wherein the at least one elastic strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end thereof, the at least one strap being configured to wrap about the one or more adjacent sections of the frame and fasten the strap fastener to the canopy fastener and fasten to itself for securing the canopy to the frame." Support is found in at least, for example, paragraph [0039] of the originally-filed application, and claim 50 (now canceled).

_The cited combination of references does not disclose an elastic strap having a higher coefficient of friction with respect to the plurality of sections of the frame._

Applicant further respectfully submits that this combination of references does not at least disclose <u>at least one elastic strap including a rubber component that is engageable with or coupled to the suspension end of the canopy for securing the canopy to the frame, the at least one elastic strap including the rubber component having a higher coefficient of friction with respect to the plurality of sections of the frame</u>.

The examiner argues that Kang, as modified with Seo and Parent, teaches at least one strap (support piece 220) that is engageable with or coupled to the suspension end of the canopy for securing the canopy to the frame. However, and as now claimed, modified Kang does not at all disclose the claimed at least one elastic strap including a rubber component that is engageable with or coupled to the suspension end of the canopy for securing the canopy to the frame, the at least one elastic strap including the rubber component having a higher coefficient of friction with respect to the plurality of sections of the frame. Indeed, Kang is completely silent as to material of the strap, and as such does not at all disclose that the support piece 220 is elastic and includes a rubber component. Since Kang is also silent as to a frame including a plurality of sections, it follows then that Kang cannot and does not disclose that the support piece 220 has a higher coefficient of friction with respect to the plurality of sections of the frame. Seo and Parent likewise do not disclose this element. Thus, the combination of Kang, Seo, and/or Parent cannot and does not teach, suggest, provide motivation for, or otherwise render predictable at least this element of independent claim 21.

_The cited combination of references does not disclose a strap fastener and a canopy fastener so that the at least one strap wraps about the one or more adjacent sections of the frame._

Applicant further respectfully submits that this combination of references does not at least disclose <u>wherein the at least one elastic strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end thereof, the at least one strap being configured to wrap about the one or more adjacent sections of the frame and fasten the strap fastener to the</u>

WBD Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 295 of 423

<u>canopy fastener and fasten to itself for securing the canopy to the frame</u> as now recited in independent claim 21.

As acknowledged by the examiner at page 9 of the office action, Kang, as modified with Seo and Parent) is silent as to the use of a self-attaching fastener. Rise is cited as allegedly curing this deficiency in modified Kang. Applicant respectfully disagrees.

Rise is described by the examiner as disclosing "a canopy with a suspension end (11) and comprising at least one strap (A) engageable with or coupled to the suspension end of the canopy for securing the canopy to a frame, wherein the at least one strap is configured to wrap about the one or more adjacent sections of the frame and be fastened to itself (at M/F) for securing the canopy to the frame." However, Applicant respectfully submits that securing a canopy to a frame is neither the intent nor function of the loop configuration in Rise. Instead, and according to the Background of the Invention in Rise, "[i]t is also an object of this invention to provide a universal loop attachment *for fabrics and sheet materials, for example to secure wiping clothes, towels, wash rags, flags, drapes, awnings and any like panel*. Among these panels are tarps and protective sheeting for covering stored vehicles and furnishings of all kinds. It is significant that each situation has its peculiarities with respect to placement of these Loop Attachments, all as circumstances may require." (emphasis added). Thus, the strap (A) in Rise does not wrap about one or more adjacent sections of a frame, but rather is "selectively attached wherever required along the marginal portions or at the corners of a tent or cover" to hold fabrics and sheet materials (not a frame including a plurality of sections).

To this end, the alleged strap (A) in Rise does not need to be, and is not "an elastic strap including a rubber component." In fact, Rise specifically contemplates that the strap (A) is fabricated of a **flat sheet plastic**, which is pliable. *See, e.g.,* col. 1, lines 42-45 of Rise. Given the preferred material of Rise, even if one of ordinary skill in the art attempted to wrap the plastic strap (A) in Rise around a frame (such as the steel poles in Seo), the plastic strap (A) would not have the requisite coefficient of friction relative to the frame, and would not enable the strap (A) to secure the canopy to the frame.

Thus, the combination of Kang, Seo, Parent, and/or Rise cannot and does not teach, suggest, provide motivation for, or otherwise render predictable at least this element of independent claim 21.

### *The cited combination of references does not disclose a frame defining a corkscrew shape at right and left ends.*

Applicant further respectfully submits that this combination of references does not at least disclose the claimed frame where the sections of the frame include a first section defining a left end of the frame with a corkscrew shape and engaged with the surface and a last section defining a right end of the frame with a corkscrew shape and engaged with the surface as recited in claim 21.

The examiner acknowledges at page 7 of the office action that modified Kang (as modified by Seo) is silent on the use of corkscrew shaped end sections. Parent is cited as allegedly curing this deficiency in modified Kang. Applicant respectfully disagrees.

Parent discloses "a support pole having a spike unit with a prefabricated engaging thread and a method of using the same. The top of the spike unit is internally secured within a bottom opening of the support pole by an epoxy wherein the bottom of the support pole rests on a generally circular ridge of the spike unit. The support pole is especially suitable for use with mailbox posts, birdhouse posts, volleyball posts, fences, or the like. The support pole may be securely inserted or removed from the ground without the need for concrete, shovels and other numerous tools. The support pole has an opening on its exterior side for temporarily receiving a perpendicularly inserted rod which is inserted therein so as to provide leverage for driving the support pole into the ground by rotating the support pole clockwise or counter-clockwise." *See, e.g.,* Abstract of Parent.

Firstly, Applicant notes that "[w]here there is a reason to modify or combine the prior art to achieve the claimed invention, ***the claims may be rejected as prima facie obvious provided there is also a reasonable expectation of success****. In re Merck & Co., Inc.*, 800 F.2d 1091, 231 USPQ 375 (Fed. Cir. 1986)." (emphasis added). "Obviousness does not require absolute predictability, however, ***at least some degree of predictability is required****.* Evidence showing there

was no reasonable expectation of success may support a conclusion of nonobviousness. *In re Rinehart*, 531 F.2d 1048, 189 USPQ 143 (CCPA 1976)." (emphasis added).

Here, Applicant respectfully submits that there would be no reasonable expectation of success in modifying or combining the spike unit 27 of Parent with modified Kang. Parent requires permanent attachment of the support pole 1 to the spike unit 27 so that the pole 1 can be properly aligned while be inserted into the ground. *See, e.g.,* col. 4, lines 5-31 of Parent. Parent even expressly states how beneficial securing the spike unit 27 to the main body of the pole 1 is – "By using an epoxy 48 to permanently secure the spike unit 27 to the main body of the pole 1, the installation process becomes much easier." *See, e.g.,* col. 4, lines 19-22 of Parent. One of ordinary skill in the art reading Parent would not be motivated to use the spike unit 27 by itself based off of the express disclosure in Parent that the spike unit 27 permanently secured to the support pole 1 makes installation easier. Accordingly, there would have been no reasonable expectation of success in modifying Kang using only the spike unit 27 of Parent, as the examiner argues, since Parent requires the permanent attachment of the spike unit 27 to the pole 1 for easier installation.

Moreover, Applicant respectfully submits that one of ordinary skill in the art would not be motivated to modify Kang with Parent to include the claimed frame including at least <u>a first section defining a left end of the frame with a corkscrew shape and engaged with the surface</u> and <u>a last section defining a right end of the frame with a corkscrew shape and engaged with the surface</u> as doing so would change the principle of operation of Kang, counter to MPEP § 2143.01(VI), which states that "[i]f the proposed modification or combination of the prior art would change the principle of operation of the prior art invention being modified, then the teachings of the references are not sufficient to render the claims *prima facie* obvious." *In re Ratti,* 270 F.2d 810, 813, 123 USPQ 349, 352 (CCPA 1959).

In particular, the pole 100 in Kang requires a cylindrical fitting 110 specifically shaped to be inserted through a center of a fitting ring 3 formed on a support piece 220 of the canopy and then snugly received by a fitting groove 110a of a pile 320 driven into the ground. *See, e.g.,* FIG. 2 of Kang, below. Kang discloses that this arrangement is used to "strengthen" the sunscreen 200 as the fitting ring 3 of the sunscreen is sandwiched between the cylindrical fitting 110 and the pile

320, and that the fitting groove 110a acts to prevent damage to the fitting protrusion 110 passing through the fitting ring 3 to be more firmly fixed to the ground.



FIG. 2 of Kang

Accordingly, any modification to this arrangement in Kang (i.e., changing the cylindrical fitting 110 to be the claimed corkscrew shape via the spiked unit 27 and support pole 1 in Parent), would require changing the sunscreen 200 so that the fitting ring 3 is no longer sandwiched between the cylindrical fitting 110 and the pile 320, and would thereby result in changing the principle of operation of Kang as the fitting 110 would no longer able to be inserted (without significant effort) through a center of the fitting ring 3 and then snugly received by a fitting groove 110a of a pile 320 driven into the ground. Without this type of connection, the sunscreen 200 in Kang would slide around on the pole 100 and could not be secured to the pole 100. Thus, such a change to the principle of operation of Kang would be insufficient to render independent claim 21 *prima facie* obvious.

Consequently, and for at least these reasons, independent claim 21 (and claims 23, 25, 32, 45-48) is/are not rendered obvious by Kang separately or in combination with Seo and/or Parent. Applicant respectfully requests that this rejection be withdrawn.

Claims 23 and 24 are rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Sotirkys et al. in US Patent 7789097.

Claims 23 and 24 depend on independent claim 21. As discussed hereinabove, Kang fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 21. Nothing in Sotirkys cures this deficiency in Kang. Accordingly, independent claim 21, and claims 23 and 24 depending therefrom, are not rendered obvious by Kang separately or in combination with Sotirkys. Applicant respectfully requests that the rejection of this claim be withdrawn at this time.

Claims 49 and 50 rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Rise in US Patent 5,291,640.

Claims 49 and 50 are now canceled. Therefore, Applicant respectfully submits that this rejection is now moot.

Claim 51 is rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Stein in US Patent 5,080,123.

Claim 51 depends on independent claim 21. As discussed hereinabove, Kang fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 21. Nothing in Stein cures this deficiency in Kang. Accordingly, independent claim 21, and claim 51 depending therefrom, is/are not rendered obvious by Kang separately or in combination with Stein. Applicant respectfully requests that the rejection of this claim be withdrawn at this time.

Claims 52 and 53 are rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Beatty in US Patent 3,070,107.

Claims 52 and 53 depend on independent claim 21. As discussed hereinabove, Kang fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 21. Nothing in Beatty cures this deficiency in Kang. Accordingly, independent claim 21, and claims 52 and 43 depending therefrom, is/are not rendered obvious by Kang

separately or in combination with Beatty. Applicant respectfully requests that the rejection of these claims be withdrawn at this time.

Claim 54 is rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Furey in US Patent 4,924,893.

Claim 54 is now canceled. Therefore, Applicant respectfully submits that this rejection is now moot.

Claim 55 is rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Seo and Parent.

Independent claim 55 is now amended to further define at least the following elements of the claim:

1. "a container capable of housing and transporting the components of the system therein as well as acting as a first anchor that is coupleable to one or both of the frame and the canopy, and engageable with the surface to retain the frame in the supporting configuration." Support is found in at least, for example, paragraph [0002] of the originally-filed application, and claim 54 (now canceled).

2. "wherein the at least one fastener that secures the canopy in position relative to the frame is elastic, the at least one elastic fastener having a higher coefficient of friction with respect to the frame." Support is found in at least, for example, paragraphs [0039] and [0040] of the originally-filed application.

*The cited combination of references does not disclose at least one elastic fastener having a higher coefficient of friction with respect to the frame.*

Applicant further respectfully submits that this combination of references does not at least disclose wherein the at least one fastener that secures the canopy in position relative to the frame is elastic, the at least one elastic fastener having a higher coefficient of friction with respect to the frame.

The examiner argues that Kang, as modified with Seo and Parent, teaches at least one fastener (support piece 220) that secures the canopy in position relative to the frame. However, and as now claimed, modified Kang does not at all disclose <u>wherein the at least one fastener that secures the canopy in position relative to the frame is elastic, the at least one elastic fastener having a higher coefficient of friction with respect to the frame</u>. Indeed, Kang is completely silent as to material of the at least one fastener, and as such does not at all disclose that the support piece 220 is elastic and includes a rubber component. Since Kang is also silent as to a multi-section frame, it follows then that Kang cannot and does not disclose that the support piece 220 has a higher coefficient of friction with respect to the frame. Seo and Parent likewise do not disclose this element. Thus, the combination of Kang, Seo, and/or Parent cannot and does not teach, suggest, provide motivation for, or otherwise render predictable at least this element of independent claim 55.

<u>*The cited combination of references does not disclose frame defining a corkscrew shape at right and left ends.*</u>

Applicant further respectfully submits that this combination of references does not at least disclose the claimed frame where the plurality of sections of the frame include a left end and a right end, wherein each of the left end and the right end has a corkscrew shape effective for engaging a surface, as recited in claim 55.

The examiner acknowledges at page 12 of the office action that modified Kang (as modified by Seo) is silent on the use of corkscrew shaped end sections. Parent is cited as allegedly curing this deficiency in modified Kang. Applicant respectfully disagrees.

Parent discloses "a support pole having a spike unit with a prefabricated engaging thread and a method of using the same. The top of the spike unit is internally secured within a bottom opening of the support pole by an epoxy wherein the bottom of the support pole rests on a generally circular ridge of the spike unit. The support pole is especially suitable for use with mailbox posts, birdhouse posts, volleyball posts, fences, or the like. The support pole may be securely inserted or removed from the ground without the need for concrete, shovels and other numerous tools. The support pole has an opening on its exterior side for temporarily receiving a perpendicularly inserted

rod which is inserted therein so as to provide leverage for driving the support pole into the ground by rotating the support pole clockwise or counter-clockwise." *See, e.g.,* Abstract of Parent.

Firstly, and as discussed hereinabove with regard to independent claim 21, Applicant notes that there would be no reasonable expectation of success in modifying or combining the spike unit 27 of Parent with modified Kang. Moreover, Applicant respectfully submits that one of ordinary skill in the art would not be motivated to modify Kang with Parent to include the claimed frame including at least wherein each of the left end and the right end has a corkscrew shape effective for engaging a surface as doing so would change the principle of operation of Kang, counter to MPEP § 2143.01(VI). Such a change in the principle of operation of Kang, as described above in reference to independent claim 21, would be insufficient to render independent claim 55 *prima facie* obvious.

Consequently, and for at least these reasons, independent claim 55 is not rendered obvious by Kang separately or in combination with Seo and/or Parent. Applicant respectfully requests that this rejection be withdrawn.

Claim 56 is rejected under 35 U.S.C. 103 as being unpatentable over Kang in view of Swetish in US Patent 5,771,912.

Claim 56 is now canceled. Therefore, Applicant respectfully submits that this rejection is now moot.

New Claims

New dependent claims 57-60 are now added and depend from independent claim 55. Support for the newly added claims can be found in at least, for example, independent claim 55, FIG.1 and the corresponding description, and paragraph [0051] of the published application. No new matter has been added. Applicant respectfully submits that at least these new dependent claims are non-obvious in view of the cited references for at least their dependency on independent claim 55.

New independent claims 61 and 62 are now added. Support for the newly added claims can be found in at least, for example, independent claim 21, FIG.1 and the corresponding description,

and paragraphs [0037], [0039], and [0051] of the published application. No new matter has been added.

Applicant respectfully submits independent claims 61 and 62, is/are non-obvious in view of the cited references for at least the reasons stated above with regard to independent claims 21 and 55. For example, Kang separately or in combination with Seo and/or Parent fails to teach, suggest, provide motivation for, or otherwise render predictable a frame defined by a plurality of sections and comprising a cable extending therethrough, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration have a corkscrew shape for engaging a surface; a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; and at least one elastic strap that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface, wherein the at least one elastic strap that secures the canopy in position relative to the frame is elastic, the at least one elastic fastener having a higher coefficient of friction with respect to the plurality of sections of the frame as recited in independent claim 61, or a frame being maneuverable between a transport configuration and a supporting configuration, the frame being defined by a plurality of sections including: a first section defining a left end of the frame with a corkscrew shape and engaged with the surface; a last section defining a right end of the frame with a corkscrew shape and engaged with the surface; one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections comprising a cable extending therethrough and being maneuverable between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration; a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; at least one elastic strap that is engageable with or coupled to the suspension end of the canopy for securing the canopy to the frame, the at least one elastic strap

<u>having a higher coefficient of friction with respect to the plurality of sections of the frame; and wherein the at least one elastic strap is configured to wrap about the one or more adjacent sections of the frame and fasten to itself for securing the canopy to the frame</u>, as recited in independent claim 62.

Consequently, and for at least these reasons, independent claims 61 and 62 are not rendered obvious by Kang separately or in combination with Seo and/or Parent.

WBD Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 305 of 423

Appl. No.: 17/343,114
Response Date: August 29, 2022
Reply to Office Action dated July 5, 2022

## CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON AUGUST 29, 2022.*

PTO/SB/434 (3-22)

## CERTIFICATION AND REQUEST FOR CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0

| Practitioner Docket No.: S105508 1010US.C5 (0014.6) | Application No.: 17/343,114 | Filing Date: June 9, 2021 |
|---|---|---|
| First Named Inventor: Dane Brooks Barnes | Title: SHADING SYSTEM AND METHOD OF USE | |

APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0 (AFCP 2.0) OF THE ACCOMPANYING RESPONSE UNDER 37 CFR 1.116.

1. The above-identified application is (i) an original utility, plant, or design nonprovisional application filed under 35 U.S.C. 111(a) [a continuing application (*e.g.*, a continuation or divisional application) is filed under 35 U.S.C. 111(a) and is eligible under (i)], or (ii) an international application that has entered the national stage in compliance with 35 U.S.C. 371(c).

2. The above-identified application contains an outstanding final rejection.

3. Submitted herewith is a response under 37 CFR 1.116 to the outstanding final rejection. The response includes an amendment to at least one independent claim, and the amendment does not broaden the scope of the independent claim in any aspect.

4. This certification and request for consideration under AFCP 2.0 is the only AFCP 2.0 certification and request filed in response to the outstanding final rejection.

5. Applicant is willing and available to participate in any interview requested by the examiner concerning the present response.

6. This certification and request is being filed electronically using the USPTO's patent electronic filing system.

7. Any fees that would be necessary consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, extension of time fees, are being concurrently filed herewith. [There is no additional fee required to request consideration under AFCP 2.0.]

8. By filing this certification and request, applicant acknowledges the following:
   - Reissue applications and reexamination proceedings are not eligible to participate in AFCP 2.0.
   - The examiner will verify that the AFCP 2.0 submission is compliant, *i.e.*, that the requirements of the program have been met (see items 1 to 7 above). For compliant submissions:
     - The examiner will review the response under 37 CFR 1.116 to determine if additional search and/or consideration (i) is necessitated by the amendment and (ii) could be completed within the time allotted under AFCP 2.0. If additional search and/or consideration is required but cannot be completed within the allotted time, the examiner will process the submission consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, by mailing an advisory action.
     - If the examiner determines that the amendment does not necessitate additional search and/or consideration, or if the examiner determines that additional search and/or consideration is required and could be completed within the allotted time, then the examiner will consider whether the amendment places the application in condition for allowance (after completing the additional search and/or consideration, if required). If the examiner determines that the amendment does not place the application in condition for allowance, then the examiner will contact the applicant and request an interview.
       - The interview will be conducted by the examiner, and if the examiner does not have negotiation authority, a primary examiner and/or supervisory patent examiner will also participate.
       - If the applicant declines the interview, or if the interview cannot be scheduled within ten (10) calendar days from the date that the examiner first contacts the applicant, then the examiner will proceed consistent with current practice concerning responses after final rejection under 37 CFR 1.116.

| Signature /lauren f. anderson/ | Date August 29, 2022 | Practitioner Registration No. 69,344 |
|---|---|---|
| Name (Print/Typed) Lauren F. Anderson | Telephone Number (919) 755-8127 | |

*Note: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

☐ * Total of _____ forms are submitted.

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.



FIG. 1

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 309 of 423



**FIG. 2**



FIG. 3

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 311 of 423



FIG. 4

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 312 of 423



**FIG. 5**

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 313 of 423



FIG. 6

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 314 of 423



FIG. 7

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 315 of 423

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 316 of 423



FIG. 8

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 46508972 |
| **Application Number:** | 17343114 |
| **International Application Number:** | |
| **Confirmation Number:** | 8654 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |
| **Receipt Date:** | 29-AUG-2022 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 17:36:03 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | S105508_1010US_C5_0014_6_ Amendment_after_Final.pdf | 222107 <br> be8bc0c44c62615252bcf92e8ef2ba2417e4 0e24 | yes | 25 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Response After Final Action | 1 | 1 |
| Drawings-only black and white line drawings | 2 | 2 |
| Specification | 3 | 3 |
| Claims | 4 | 9 |
| Applicant Arguments/Remarks Made in an Amendment | 10 | 25 |

**Warnings:**

**Information:**

| | | | | | |
|---|---|---|---|---|---|
| 2 | After Final Consideration Program Request | S105508_1010US_C5_0014_6_AFCP_2_0.pdf | 258575<br><br>02640501da96ecd4932b20d9ae5eb3e2cca42df5 | no | 2 |

**Warnings:**

**Information:**

| | | | | | |
|---|---|---|---|---|---|
| 3 | Drawings-only black and white line drawings | S105508_1010US_C5_0014_6_New_replacementDrawings.PDF | 3621313<br><br>f7e09b8c7e5d34dd775bf5356c801e0fd662a7da | no | 8 |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 4101995 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# UNITED STATES PATENT AND TRADEMARK OFFICE



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| | | | |
|---|---|---|---|
| 26158 | 7590 | 09/09/2022 | |

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/09/2022 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| | **Application No.** | **Applicant(s)** | |
|---|---|---|---|
| ***Advisory Action*** *Before the Filing of an Appeal Brief* | 17/343,114 | Barnes et al. | |
| | **Examiner** | **Art Unit** | **AIA (FITF) Status** |
| | NOAH C HAWK | 3636 | Yes |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED <u>29 August 2022</u> FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.
<u>NO NOTICE OF APPEAL FILED</u>

1. ☑ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:

   a) ☐ The period for reply expires ____ months from the mailing date of the final rejection.

   b) ☑ The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

   c) ☐ A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection. The current period for reply expires ____ months from the mailing date of *the prior Advisory Action* or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.

      *Examiner Note*: If box 1 is checked, check either box (a), (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE <u>FIRST</u> RESPONSE TO APPLICANTS <u>FIRST</u> AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) or (c) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).
<u>NOTICE OF APPEAL</u>

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37CFR 41.37(a).
<u>AMENDMENTS</u>

3. ☑ The proposed amendments filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because

   a) ☑ They raise new issues that would require further consideration and/or search (see NOTE below);

   b) ☐ They raise the issue of new matter (see NOTE below);

   c) ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

   d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

      NOTE: <u>See Continuation Sheet</u> (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☐ Applicant's reply has overcome the following rejection(s): _____

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☑ For purposes of appeal, the proposed amendment(s):(a)☑ will not be entered, or (b)☐ will be entered, and an explanation of how the new or amended claims would be rejected is provided below or appended.
<u>AFFIDAVIT OR OTHER EVIDENCE</u>

8. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____

9. ☐ The affidavit or other evidence filed after final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

10. ☐ The affidavit or other evidence filed after the date of filing the Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing of good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

11. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.
<u>REQUEST FOR RECONSIDERATION/OTHER</u>

12. ☐ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: _____.

13. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). _____

14. ☑ Other: <u>Note the attached After-Final Consideration Pilot (PTO-2323) Paper No. 20220901</u>.
<u>STATUS OF CLAIMS</u>

15. The status of the claim(s) is (or will be) as follows:
   Claim(s) allowed:_____.
   Claim(s) objected to:_____.
   Claim(s) rejected:<u>21,23-25,32 and 45-56</u>.
   Claim(s) withdrawn from consideration:_____.

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

Continuation of 3. NOTE: The new issues not previously considered include the new limitations of Claim 21 and Claim 55, as well as new claims 61 and 62

<table>
<tr><td rowspan="2"><strong>AFCP 2.0<br>Decision</strong></td><td colspan="2"><strong>Application No.</strong><br>17/343,114</td><td colspan="2"><strong>Applicant(s)</strong><br>Barnes et al.</td></tr>
<tr><td colspan="2"><strong>Examiner</strong><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br>3636</td><td><strong>AIA (FITF) Status</strong><br>Yes</td></tr>
</table>

This is in response to the After Final Consideration Pilot request filed <u>29 August 2022</u>.

1. **Improper Request** – The AFCP 2.0 request is improper for the following reason(s) and the after final amendment submitted with the request will be treated under pre-pilot procedure.

    ☐ An AFCP 2.0 request form PTO/SB/434 (or equivalent document) was not submitted.

    ☐ A non-broadening amendment to at least one independent claim was not submitted.

    ☐ The request is not the first proper AFCP 2.0 request submitted in response to the most recent final rejection.

    ☐ Other: _____

2. **Proper Request**

    **A.** After final amendment submitted with the request will not be treated under AFCP 2.0.
    The after final amendment cannot be reviewed and a search conducted within the guidelines of the pilot program.

    ☑ The after final amendment will be treated under pre-pilot procedure.

    **B.** Updated search and/or completed additional consideration.
    The examiner performed an updated search and/or completed additional consideration of the after final amendment within the time authorized for the pilot program. The result(s) of the updated search and/or completed additional consideration are:

    ☐ 1. All of the rejections in the most recent final Office action are overcome and a Notice of Allowance is issued herewith.

    ☐ 2. The after final amendment would not overcome all of the rejections in the most recent final Office action . See attached interview summary for further details.

    ☐ 3. The after final amendment was reviewed, and it raises a new issue(s). See attached interview summary for further details.

    ☐ 4. The after final amendment raises new issues, but would overcome all of the rejections in the most recent final Office action. A decision on determining allowability could not be made within the guidelines of the pilot. See attached interview summary for further details, including any newly discovered prior art.

    ☐ 5. Other: _____

    Examiner Note: Please attach an interview summary when necessary as described above.

Case 5:24-cv-00588-FL Document 28-8 Filed 03/23/26 Page 322 of 423

DO NOT ENTER: /NCH/ 09/01/2022

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:   S105508 1010US.C5 (0014.6)
Customer No.:   26158

Mail Stop - AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT UNDER 37 CFR § 1.116

Sir:

In response to the Office Action dated July 5, 2022, please amend the above-identified application as follows:

**Amendments to the Drawings** are reflected on page 2 of this paper.

**Amendments to the Specification** are reflected on page 3 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 4 of this paper.

**Remarks** begin on page 10 of this paper.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD  Substitute for Form PTO-875 | Application or Docket Number 17/343,114 | Filing Date 06/09/2021 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | 10/05/2022 | | | | | | | |
| | Total (37 CFR 1.16(i)) | * 19 | Minus | ** 20 | = 0 | | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 4 | Minus | *** 4 | = 0 | | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | | | | | | | |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | Team Leader |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /JASMINE C GLENN/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc code: RCEX
Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# REQUEST FOR CONTINUED EXAMINATION(RCE)TRANSMITTAL
## (Submitted Only via EFS-Web)

| Application Number | 17/343,114 | Filing Date | 2021-06-09 | Docket Number (if applicable) | S105508 1010US.C5 (0014.6 | Art Unit | 3636 |
|---|---|---|---|---|---|---|---|
| First Named Inventor | Dane Brooks Barnes | | | Examiner Name | Noah Chandler Hawk | | |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. The Instruction Sheet for this form is located at WWW.USPTO.GOV

## SUBMISSION REQUIRED UNDER 37 CFR 1.114

Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

☒ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

    ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

    ☒ Other    Response After Final Action previously filed on August 29, 2022

☒ Enclosed

    ☐ Amendment/Reply

    ☒ Information Disclosure Statement (IDS)

    ☐ Affidavit(s)/ Declaration(s)

    ☐ Other

## MISCELLANEOUS

☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of months _____
(Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

☐ Other _____

## FEES

**The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.**
☒ The Director is hereby authorized to charge any underpayment of fees, or credit any overpayments, to Deposit Account No   090528

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

☒ Patent Practitioner Signature

    Applicant Signature

EFS - Web 2.1.16

Doc code: RCEX
Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Signature of Registered U.S. Patent Practitioner | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Date (YYYY-MM-DD) | 2022-10-05 |
| Name | Lauren F. Anderson | Registration Number | 69344 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 326 of 423

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Attorney's Docket No. **S105508 1010US.C5 (0014.6**

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT
## UNDER 37 C.F.R. § 1.97(b)(4)

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature document in accordance with 37 CFR 1.98(a)(2). Also enclosed is a translation or a concise explanation of each non-English language document.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(b)(4), before the mailing of a first office action and after the filing of a request for continued examination under § 1.114.

Respectfully submitted,

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC
FILING SYSTEM OF THE UNITED STATES PATENT AND
TRADEMARK OFFICE ON OCTOBER 5, 2022.*

WBD (US) 59124696v1

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 328 of 423

<table>
<tr><td rowspan="2"></td><td rowspan="2"></td><td colspan="2" align="center"><strong>Complete if Known</strong></td></tr>
</table>

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Complete if Known | |
|---|---|---|---|
| | | Application Number | 17/343,114 |
| | | Filing Date | June 9, 2021 |
| | | First Named Inventor | Dane Brooks Barnes |
| | | Art Unit | 3636 |
| | | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 of 2 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 45 | US-1,571,295 | 02-02-1926 | Newman | |
| | 46 | US-2,190,566 | 02-13-1940 | Julian | |
| | 47 | US-2,554,688 | 05-29-1951 | Vollweiler | |
| | 48 | US-2,963,031 | 12-06-1960 | Carroll | |
| | 49 | US-3,190,300 | 06-22-1965 | Wear'n | |
| | 50 | US-3,286,962 | 11-22-1966 | Warth | |
| | 51 | US-4,739,784 | 04-26-1988 | Fast | |
| | 52 | US-4,750,508 | 06-14-1988 | Tatoian | |
| | 53 | US-5,046,699 | 09-10-1991 | Perreault *et al.* | |
| | 54 | US-5,358,209 | 10-25-1994 | Ward | |
| | 55 | US-5,546,971 | 08-20-1996 | Leonhardt | |
| | 56 | US-5,823,217 | 10-20-1998 | Rice | |
| | 57 | US-6,321,861 | 11-27-2001 | Leichter | |
| | 58 | US-7,021,866 | 04-04-2006 | Keefe | |
| | 59 | US-7,191,996 | 03-20-2007 | Patsalaridis | |
| | 60 | US-9,903,134 | 02-27-2018 | Munnerlyn | |
| | 61 | US-D263,984 | 04-20-1982 | Moss | |
| | 62 | US-D363,755 | 10-31-1995 | Diederich | |
| | 63 | US-D397,401 | 08-25-1998 | Diederich | |
| | 64 | US-D398,363 | 09-15-1998 | LoBue | |
| | 65 | US-D421,532 | 03-14-2000 | Koroncai | |
| | 66 | US-D555,748 | 11-20-2007 | Gyr *et al.* | |
| | 67 | US-D577,092 | 09-16-2008 | West | |
| | 68 | US-D593,315 | 06-02-2009 | Zemel | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 5, 2022*

WBD (US) 59124428v1

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | Complete if Known | |
|---|---|---|---|---|
| | | | Application Number | 17/343,114 |
| | | | Filing Date | June 9, 2021 |
| | | | First Named Inventor | Dane Brooks Barnes |
| | | | Art Unit | 3636 |
| | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 2 | of | 2 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |

### U. S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| | 69 | US-D630,834 | 01-18-2011 | Cohen |
| | 70 | US-D739,555 | 09-22-2015 | McAlister |
| | 71 | US-D741,437 | 10-20-2015 | Zimmer *et al.* |
| | 72 | US-D843,200 | 03-19-2019 | Tjerrild |
| | 73 | US-D859,808 | 09-17-2019 | Goldszer |
| | 74 | US-D877,486 | 03-10-2020 | Chen |
| | 75 | US-D928,899 | 08-24-2021 | Zhu |
| | 76 | US-D947,975 | 04-05-2022 | Lah |
| | 77 | US-D948,653 | 04-12-2022 | Lah |
| | 78 | US-D960,277 | 08-09-2022 | Lah |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 79 | WO 2011/012969 A2 | 02-03-2011 | De Pasquale | | |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 5, 2022*

WBD (US) 59124428v1

(12) INTERNATIONAL APPLICATION PUBLISHED UNDER THE PATENT COOPERATION TREATY (PCT)

(19) World Intellectual Property Organization
International Bureau



(43) International Publication Date
3 February 2011 (03.02.2011)



**PCT**

(10) International Publication Number
**WO 2011/012969 A2**

(51) International Patent Classification:
*E04H 15/00* (2006.01)

(21) International Application Number:
PCT/IB2010/001824

(22) International Filing Date:
26 July 2010 (26.07.2010)

(25) Filing Language: Italian

(26) Publication Language: English

(30) Priority Data:
TA2009A000003     27 July 2009 (27.07.2009)     IT

(72) Inventor; and
(71) Applicant : DE PASQUALE, Giancarlo [IT/IT]; Via
Bobe, 12, I-74122 San Vito Frazione di Taranto (IT).

(74) Agents: JORIO, Paolo et al.; c/o Studio Torta S.r.l., Via
Viotti, 9, I-10121 Torino (IT).

(81) Designated States *(unless otherwise indicated, for every
kind of national protection available)*: AE, AG, AL, AM,
AO, AT, AU, AZ, BA, BB, BG, BH, BR, BW, BY, BZ,
CA, CH, CL, CN, CO, CR, CU, CZ, DE, DK, DM, DO,
DZ, EC, EE, EG, ES, FI, GB, GD, GE, GH, GM, GT,
HN, HR, HU, ID, IL, IN, IS, JP, KE, KG, KM, KN, KP,
KR, KZ, LA, LC, LK, LR, LS, LT, LU, LY, MA, MD,
ME, MG, MK, MN, MW, MX, MY, MZ, NA, NG, NI,
NO, NZ, OM, PE, PG, PH, PL, PT, RO, RS, RU, SC, SD,
SE, SG, SK, SL, SM, ST, SV, SY, TH, TJ, TM, TN, TR,
TT, TZ, UA, UG, US, UZ, VC, VN, ZA, ZM, ZW.

(84) Designated States *(unless otherwise indicated, for every
kind of regional protection available)*: ARIPO (BW, GH,
GM, KE, LR, LS, MW, MZ, NA, SD, SL, SZ, TZ, UG,
ZM, ZW), Eurasian (AM, AZ, BY, KG, KZ, MD, RU, TJ,
TM), European (AL, AT, BE, BG, CH, CY, CZ, DE, DK,
EE, ES, FI, FR, GB, GR, HR, HU, IE, IS, IT, LT, LU,
LV, MC, MK, MT, NL, NO, PL, PT, RO, SE, SI, SK,
SM, TR), OAPI (BF, BJ, CF, CG, CI, CM, GA, GN, GQ,
GW, ML, MR, NE, SN, TD, TG).

**Published**:
— *without international search report and to be republished
upon receipt of that report (Rule 48.2(g))*

(54) Title: A SHADE STRUCTURE FOR BEACH, GARDEN AND OPEN-SPACE USE IN GENERAL



Fig. 1

(57) Abstract: A shade structure for beach, garden and open- space use in general, and particularly suitable for individual use in a reclining position. The present invention serves as a "sunshade", a category of articles substantially marketed in the form of umbrellas. Known articles of this sort have a wood or metal structure and a fabric canopy, and are both bulky and awkward to handle. The present invention differs substantially from the former in terms of both structure and strictly individual use. As shown in Figure 1 of the drawings, the invention is characterized by a low-mounted, arc-shaped canopy for use in a reclining position, and can be set up quickly and easily. When dismantled, the component parts of the structure are compact enough to fit into a bag.

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 331 of 423

# A SHADE STRUCTURE FOR BEACH, GARDEN AND OPEN-SPACE USE IN GENERAL

## BACKGROUND ART

As is known, articles, which are technically "sunshades", are marketed for providing shade from the sun in open spaces, such as beaches, gardens, terraces, etc., and normally comprise small or large umbrellas with a more or less circular canopy.

Known articles of this sort comprise a wood or metal structure and a fabric canopy, and are invariably bulky and awkward to handle, i.e. to carry from one place to another, for beach use, for example.

For use in open residential spaces, ballast is also required to stabilize the supporting pole.

When used on beaches, more often with the user in a reclining than a sitting position, and so requiring a larger shade area, the high-fitted canopy and movement of the sun produce a rapid change in shade, thus continually exposing parts of the user's body to the sun.

Though a sunshade for leisure use, in the same way as conventional umbrellas, the present invention differs substantially in terms of both structure and strictly individual use.

## DISCLOSURE OF INVENTION

It is an object of the present invention to provide a shade structure, particularly for beach, garden and

open-space use in general, which is lightweight, can be assembled quickly, and is easy to handle and carry.

The structure according to the invention is designed so it can be set up quickly and easily, and, when dismantled, is compact enough to fit into a bag.

The shade structure according to the invention is highly reliable and safe, and is easy to produce using readily available parts and materials.

As such, the present invention is also competitive economically.

The above and other aims explained below are achieved by a shade structure, for beach, garden, and open-space use in general, in accordance with the present invention, and which comprises a canopy supported by a lightweight structure.

The canopy or sunshade may substantially comprise a rectangular cane mat, which is characteristically rigid lengthwise of, and fully flexible crosswise to the interlaced canes, so it can be rolled up tightly. Alternatively, the canopy may comprise a mat of synthetic strips or any fabric that can be stiffened perpendicular to the supporting structure.

Such stiffening is necessary to achieve lateral stability of the structure as a whole.

The canopy, hereinafter referred to simply as a "mat", is provided, along the two longitudinal edges of one of its two faces, with two tubular pockets, in which to insert the supporting structure, and which comprise

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 333 of 423

strips of fabric or similar synthetic material, stitched to the mat.

The supporting structure comprises two thin flexible rods, in turn comprising a number of thin hollow tubes made of fibreglass or other flexible material, connected end to end by short connecting sleeves, and strung on a thin elastic cord.

The elastic cord serves to hold the tubes of each rod together, for faster, easier assembly and disassembly.

Each rod, which is preferably longer than the mat, may comprise a varying number of individual tubes, depending on the size required.

The first and last tube of each rod are fitted on their free ends with preferably metal tips, similar to the connecting sleeves.

Once inserted inside the tubular pockets on the mat, the two rods are connected at both ends by two rigid tubes - hereinafter referred to as "end tubes" - made of fibreglass, aluminium or other lightweight material.

The end tubes are bent 90° at both ends, i.e. are fitted with curved fittings into which the tips of the two rods are inserted.

To set up the structure according to the present invention, the two end tubes are brought closer together by means of two thin tensioning straps, shorter than the rods, so that the rods flex to form the structure into

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 334 of 423

an arc shape.

For easy connection, the two end tubes are fitted with click-on fasteners that attach to similar fasteners on the ends of the tensioning straps.

The radius of the arc can be adjusted by adjusting the length of the tensioning straps by means of an adjusting device, to achieve a higher, shorter or lower, longer structure.

When assembled, as described above, and placed on the ground, the structure according to the invention provides shade from the sun by means of the mat, and allows the user to lie underneath.

Because the mat is closer to the ground than ordinary marketed canopies, the shade travels less in relation to the movement of the sun, and so lasts longer.

If a mat much shorter than the supporting rods is preferred to improve ventilation, the structure according to the invention, when assembled, allows the mat to slide along the supporting rods to adjust the shade area.

For beach or garden use, the structure according to the invention can be secured quickly to the ground using (preferably four) plastic stakes with grooves on the top end, which click onto the end tubes. This is advisable in windy conditions, in which case, the tensioning straps may be removed.

Being made of flat strips of nylon laid on the

ground, the tensioning straps, even if not removed, in no way affect performance of the structure according to the invention.

BRIEF DESCRIPTION OF THE DRAWINGS

A preferred, non-limiting embodiment of the invention will now be described by way of example with reference to the accompanying drawings, in which :

Figure 1 shows a view in perspective of the shade structure as a whole;

Figure 2 shows a spread-out view in perspective of the underside of the canopy, i.e. mat, complete with the two tubular supporting rod pockets;

Figure 3 shows the component parts of one of the two supporting rods prior to assembly;

Figure 4 shows how the supporting rod is assembled;

Figure 5 shows an assembled supporting rod;

Figure 6 shows a spread-out view in perspective of the mat, with the two supporting rods inserted inside the tubular pockets;

Figure 7 shows a view in perspective of one of the two end tubes, for connecting the two supporting rods, fitted with two short nylon straps with click-on end fasteners;

Figure 8 shows a detail in perspective of the tip of one of the two supporting rods connected to a curved fitting on an end tube;

Figures 9 and 10 show one of the two nylon tensioning straps rolled up and unrolled respectively,

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 336 of 423

and fitted with click-on fasteners at the ends, and an intermediate length-adjusting device;

Figure 11 shows a detail of the tensioning strap fastened to the nylon strap on the end tube;

Figures 12 and 13 show views in perspective of the invention assembled, and how the mat slides along the supporting rods; Figure 12 shows the mat positioned centrally, and Figure 13 the mat positioned at one end;

Figure 14 shows one of the stakes designed to fit to the end tubes to secure the structure to the ground in strong wind conditions;

Figure 15 shows a detail of one of the stakes attached to the end tube;

Figure 16 shows the structure as a whole, fitted with the stakes.

BEST MODE FOR CARRYING OUT THE INVENTION

Number 1 in the accompanying drawings indicates as a whole a shade structure for beach, garden and open-space use in general, and which comprises a canopy 2, hereinafter referred to as a mat, with parallel tubular pockets 3 along the edges 4 of the mat.

Mat 2 is characterized by being fairly rigid crosswise, i.e. perpendicular to the tubular pockets, and fully flexible lengthwise, so as to adapt to the arc shape of the assembled structure and roll up when not in use. In other words, mat 2 has different degrees of rigidity in two perpendicular directions, and the greater rigidity perpendicular to the tubular pockets

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 337 of 423

braces the flexible rods 5 to prevent collapse of the rods and ensure stability of the shade structure even in the event of transverse stress.

Flexible rods 5 are formed by connecting individual tubes 6 end to end by means of short sleeves 7. The individual tubes of each rod are strung on an elastic cord 8.

The ends of the rods are fitted with tips 9, which fit inside cylindrical seats 10 of end tubes 11 fitted with curved fittings 12.

Each end tube has two appendixes 13 defined by short nylon straps, each with a click-on fastener 14.

The structure tensioning straps 15 are fitted on the ends with click-on fasteners 14 for connection to similar fasteners on the end tubes.

To adjust the arc of the structure, the tensioning straps are fitted with length adjusters 16.

The non-limiting embodiment shown of the shade structure for beach, garden and open-space use in general according to the invention is assembled as follows :

mat 2 is first laid out with its underside face, fitted with tubular pockets 3, facing upwards;

rods 5 are inserted inside pockets 3, aligning and connecting tubes 6 as the rods are inserted;

when the rods come out at the other end, tips 9 are inserted inside cylindrical seats 10 on end tubes 11;

tensioning straps 15 are then connected by click-on

Case 5:24-cv-00588-FL      Document 28-8      Filed 03/23/26      Page 338 of 423

fasteners 14 to appendixes 13 of a first of the two end tubes;

holding down the second end tube, the tensioning straps are pulled to arc the structure, and therefore the mat;

the free ends of the tensioning straps are fastened to the second end tube;

and the lightweight structure so assembled is turned over and ready for use.

Particularly in windy conditions, the structure can be secured to the ground using stakes 17 with grooves 18 which click onto the end tubes.

The structure is dismantled even more easily.

Once dismantled, the component parts of the structure can be rolled up inside the mat and bagged.

The aims of the present invention are thus clearly achieved.

Changes may obviously be made to the structure as described herein without, however, departing from the scope of the invention.

Moreover, all the component parts may be replaced with technical equivalents.

In other words, any changes may be made in terms of materials, size, and shape, providing they are compatible with the specific use proposed.

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 339 of 423

CLAIMS

1) A shade structure (1) for beach, garden and open-space use in general, comprising a supporting structure (5, 11, 15) with two rods (5) flexible into an arc shape; and a canopy (2) fitted to the two rods (5); the canopy (2) having two different degrees of rigidity in two perpendicular directions; the greater rigidity being crosswise to the rods (5) to brace the rods (5) when arced; and the lesser rigidity being tangent to each point along the arc shape of the rods (5).

2) A shade structure as claimed in the foregoing Claims, characterized in that the canopy (2) comprises, along the edges of its two long sides, two tubular pockets (3) into which the rods (5) are inserted.

3) A shade structure as claimed in one or more of the foregoing Claims, characterized in that the rods (5) comprise a number of connectable members (6).

4) A shade structure as claimed in one or more of the foregoing Claims, characterized in that the supporting structure comprises two end tubes (11); and respective fittings (12) for connecting the ends of the rods (5) rigidly to the ends of the end tubes (11).

5) A shade structure as claimed in one or more of the foregoing Claims, characterized by comprising at least one strap (15) shorter than and connectable to the rods (5) to form the rods into the arc shape.

6) A shade structure as claimed in Claims 4 and 5,

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 340 of 423

wherein the strap (15) is connected between the two end tubes (11).

7) A shade structure as claimed in Claims 5 and 6, characterized in that the length of the strap (15) is adjustable to adjust the radius of the arc shape.

8) A shade structure as claimed in one or more of the foregoing Claims, characterized in that the canopy (2) is slidable along the rods (5) to adjust the position of the shade area.

9) A shade structure as claimed in one or more of the foregoing Claims, when dependent on Claim 4, characterized by comprising a number of stakes (17) connectable to the end tubes (11) to secure the supporting structure (5, 11, 15) to the ground.

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 341 of 423



Fig. 1

Fig. 2

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 342 of 423



Fig. 3

Fig. 4

Fig. 5

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 343 of 423



Fig. 6

Fig. 7

Fig. 8

Fig. 9

Fig. 10

Fig. 11



Fig. 12



Fig. 13

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 345 of 423



Fig. 14

Fig. 15



Fig. 16

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 346 of 423

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 17343114 |
| **Filing Date:** | 09-Jun-2021 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |

Filed as Large Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 347 of 423

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| RCE- 2ND AND SUBSEQUENT REQUEST | 1820 | 1 | 2000 | 2000 |
| **Total in USD ($)** | | | | **2000** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 46761399 |
| **Application Number:** | 17343114 |
| **International Application Number:** | |
| **Confirmation Number:** | 8654 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |
| **Receipt Date:** | 05-OCT-2022 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 16:54:32 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $ 2000 |
| RAM confirmation Number | E202205G55584590 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

# File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Request for Continued Examination (RCE) | S105508_1010US_C5_0014_6_RCE.pdf | 1667179 / 9668c9009daffc28fc2001fc49f779ef435b048b | no | 3 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 2 | Transmittal Letter | S105508_1010US_C5_0014_6_Suppl_IDS_Cover.pdf | 118334 / d5ab7c1e62a14504a70b67e95e8bb52ca5a63dd9 | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 3 | Information Disclosure Statement (IDS) Form (SB08) | S105508_1010US_C5_0014_6_Suppl_IDS_1449.pdf | 154900 / 731bc66216d63a0da80307001cad17455320a52a | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| This is not an USPTO supplied IDS fillable form | | | | | |
| 4 | Foreign Reference | WO2011012969A2.pdf | 611365 / 7bb41598c8d67d2cd60fdf09287e5d7c8e3258ba | no | 16 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 5 | Fee Worksheet (SB06) | fee-info.pdf | 38055 / 08046bd981567bb3a8a990ec2f89a8b77ac98e65 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | 2589833 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| | | | | |
|---|---|---|---|---|
| 26158 | 7590 | 10/17/2022 | | |

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/17/2022 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>8/29/2022</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL.**    2b) ☑ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>21,23-25,32,45-48,51-53,55 and 57-62</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) <u>21,23-25,32,45-48,51-53,55 and 57-62</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☑ The drawing(s) filed on <u>8/29/22</u> is/are: a) ☑ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
      a) ☐ All    b) ☐ Some**    c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)     3) ☐ Interview Summary (PTO-413)
                                              Paper No(s)/Mail Date _____.
2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)     4) ☑ Other: <u>WO 2020089599 A1</u>
   Paper No(s)/Mail Date <u>10/5/22</u>.

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 353 of 423

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.

### *Continued Examination Under 37 CFR 1.114*

2.      A request for continued examination under 37 CFR 1.114, including the fee set

forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this

application is eligible for continued examination under 37 CFR 1.114, and the fee set

forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action

has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on

8/29/2022 has been entered.

### *Drawings*

3.      The drawings were received on 8/29/2022. These drawings are accepted.

### *Specification*

4.      The amended Specification was received on 8/29/2022 and is accepted.

### *Claim Rejections - 35 USC § 112*

5.      The following is a quotation of 35 U.S.C. 112(b):

(b) CONCLUSION.—The specification shall conclude with one or more claims particularly
pointing out and distinctly claiming the subject matter which the inventor or a joint inventor
regards as the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:

The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

6.　　　Claims 21, 23-25, 32, 45-48, 51-53, 55, and 57-62 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor (or for applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention.

　　　　a.　　　Claim 21 recites that "the one or more adjacent sections comprising a cable extending therethrough and providing supporting tension to the alignment" which renders the claims indefinite. It remains unclear if the "one or more adjacent sections" merely comprise a cable that extends through the first and last sections, a cable alone, or if there are both one or more interior sections as well as a cable that extends through all the sections. For the purposes of examination, the claim will be treated as reciting "the one or more adjacent sections **additionally** comprising a cable extending therethrough and providing supporting tension to the alignment" (**emphasis** added).

　　　　b.　　　Claims 21, and 55 recite "the at least one elastic fastener having a higher coefficient of friction with respect to the frame" Claim 61 recites "the at least one elastic fastener having a higher coefficient of friction with respect to the plurality of sections of the frame" and Claim 62 recites "the at least one elastic strap having a higher coefficient of friction with respect to the plurality of sections of the frame." All of these phrases renders the claims indefinite, as it is unclear what *other* coefficient of friction is reference. What is the elastic strap/fastener being

compared to when the coefficient of friction is described? The claims do not answer this question and are therefore indefinite.

### Allowable Subject Matter

7.      Claims 21, 23-25, 32, 45-48, 51-53, 55, and 57-62 would be allowable if rewritten or amended to overcome the rejection(s) under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), 2nd paragraph, set forth in this Office action.

### Conclusion

8.      The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. WO 2020089599 A1 teaches a suspended canopy.

9.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is

available to registered users. To file and manage patent submissions in Patent Center,

visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-

center for more information about Patent Center and

https://www.uspto.gov/patents/docx for information about filing in DOCX format. For

additional questions, contact the Electronic Business Center (EBC) at 866-217-9197

(toll-free). If you would like assistance from a USPTO Customer Service

Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636


/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| | | Application/Control No. 17/343,114 | Applicant(s)/Patent Under Reexamination Barnes et al. | |
|---|---|---|---|---|
| **Notice of References Cited** | | Examiner NOAH C HAWK | Art Unit 3636 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| | A | | | | | |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | WO-2020089599-A1 | 05-2020 | WO | OSBORNE M | A45B23/00 |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)          **Notice of References Cited**          Part of Paper No. 20221011

| Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | Examiner | Art Unit |
| | NOAH C HAWK | 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

## CLAIMS

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | 02/08/2022 | 04/13/2022 | 06/28/2022 | 10/11/2022 | | | | |
| | 1 | - | - | - | - | - | | | | |
| | 2 | - | - | - | - | - | | | | |
| | 3 | - | - | - | - | - | | | | |
| | 4 | - | - | - | - | - | | | | |
| | 5 | - | - | - | - | - | | | | |
| | 6 | - | - | - | - | - | | | | |
| | 7 | - | - | - | - | - | | | | |
| | 8 | - | - | - | - | - | | | | |
| | 9 | - | - | - | - | - | | | | |
| | 10 | - | - | - | - | - | | | | |
| | 11 | - | - | - | - | - | | | | |
| | 12 | - | - | - | - | - | | | | |
| | 13 | - | - | - | - | - | | | | |
| | 14 | - | - | - | - | - | | | | |
| | 15 | - | - | - | - | - | | | | |
| | 16 | - | - | - | - | - | | | | |
| | 17 | - | - | - | - | - | | | | |
| | 18 | - | - | - | - | - | | | | |
| | 19 | - | - | - | - | - | | | | |
| | 20 | - | - | - | - | - | | | | |
| | 21 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 22 | ✓ | ✓ | ✓ | - | - | | | | |
| | 23 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 24 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 25 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 26 | ✓ | ✓ | ✓ | - | - | | | | |
| | 27 | ✓ | - | - | - | - | | | | |
| | 28 | ✓ | - | - | - | - | | | | |
| | 29 | ✓ | ✓ | - | - | - | | | | |
| | 30 | ✓ | ✓ | - | - | - | | | | |
| | 31 | ✓ | ✓ | ✓ | - | - | | | | |
| | 32 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 33 | | = | ✓ | - | - | | | | |
| | 34 | | = | ✓ | - | - | | | | |
| | 35 | | = | ✓ | - | - | | | | |
| | 36 | | = | ✓ | - | - | | | | |
| | 37 | | ✓ | ✓ | - | - | | | | |
| | 38 | | ✓ | ✓ | - | - | | | | |
| | 39 | | ✓ | ✓ | - | - | | | | |
| | 40 | | ✓ | ✓ | - | - | | | | |
| | 41 | | ✓ | ✓ | - | - | | | | |
| | 42 | | ✓ | ✓ | - | - | | | | |

| Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | 02/08/2022 | 04/13/2022 | 06/28/2022 | 10/11/2022 | | | | |
| | 43 | | | ✓ | - | - | | | | |
| | 44 | | | ✓ | - | - | | | | |
| | 45 | | | | ✓ | ✓ | | | | |
| | 46 | | | | ✓ | ✓ | | | | |
| | 47 | | | | ✓ | ✓ | | | | |
| | 48 | | | | ✓ | ✓ | | | | |
| | 49 | | | | ✓ | - | | | | |
| | 50 | | | | ✓ | - | | | | |
| | 51 | | | | ✓ | ✓ | | | | |
| | 52 | | | | ✓ | ✓ | | | | |
| | 53 | | | | ✓ | ✓ | | | | |
| | 54 | | | | ✓ | - | | | | |
| | 55 | | | | ✓ | ✓ | | | | |
| | 56 | | | | ✓ | - | | | | |
| | 57 | | | | | ✓ | | | | |
| | 58 | | | | | ✓ | | | | |
| | 59 | | | | | ✓ | | | | |
| | 60 | | | | | ✓ | | | | |
| | 61 | | | | | ✓ | | | | |
| | 62 | | | | | ✓ | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

### CPC - Searched*

| Symbol | Date | Examiner |
|---|---|---|
| E04H 15/326, 15/003, 12/22 | 10/26/2021 | NCH |
| updated above | 10/11/2022 | NCH |
| | | |

### CPC Combination Sets - Searched*

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US Classification - Searched*

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 135 | 119, 118 115, 120.1, 114, 127 | 10/26/2021 | NCH |
| 40 | 214,606.11, 217, 412 | 10/26/2021 | NCH |
| 160 | 135,350,351,352, 377 | 10/26/2021 | NCH |
| | updated above | 10/11/2022 | NCH |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

### Search Notes

| Search Notes | Date | Examiner |
|---|---|---|
| Considered IDS filed 6/9/2021 | 10/26/2021 | NCH |
| Performed inventor name search in DAV | 10/26/2021 | NCH |
| Considered and updated search history for parent application 16/987886 | 10/26/2021 | NCH |
| Please see PE2E search history | 10/26/2021 | NCH |
| Considered IDS filed 1/28/22 | 02/07/2022 | NCH |
| Considered IDS filed 10/5/22 | 10/11/2022 | NCH |

| | |
|---|---|
| | |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 361 of 423

|  **Search Notes** | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 362 of 423

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Complete if Known | |
|---|---|---|---|
| | | Application Number | 17/343,114 |
| | | Filing Date | June 9, 2021 |
| | | First Named Inventor | Dane Brooks Barnes |
| | | Art Unit | 3636 |
| | | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 of 2 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 45 | US-1,571,295 | 02-02-1926 | Newman | |
| | 46 | US-2,190,566 | 02-13-1940 | Julian | |
| | 47 | US-2,554,688 | 05-29-1951 | Vollweiler | |
| | 48 | US-2,963,031 | 12-06-1960 | Carroll | |
| | 49 | US-3,190,300 | 06-22-1965 | Wear'n | |
| | 50 | US-3,286,962 | 11-22-1966 | Warth | |
| | 51 | US-4,739,784 | 04-26-1988 | Fast | |
| | 52 | US-4,750,508 | 06-14-1988 | Tatoian | |
| | 53 | US-5,046,699 | 09-10-1991 | Perreault *et al.* | |
| | 54 | US-5,358,209 | 10-25-1994 | Ward | |
| | 55 | US-5,546,971 | 08-20-1996 | Leonhardt | |
| | 56 | US-5,823,217 | 10-20-1998 | Rice | |
| | 57 | US-6,321,861 | 11-27-2001 | Leichter | |
| | 58 | US-7,021,866 | 04-04-2006 | Keefe | |
| | 59 | US-7,191,996 | 03-20-2007 | Patsalaridis | |
| | 60 | US-9,903,134 | 02-27-2018 | Munnerlyn | |
| | 61 | US-D263,984 | 04-20-1982 | Moss | |
| | 62 | US-D363,755 | 10-31-1995 | Diederich | |
| | 63 | US-D397,401 | 08-25-1998 | Diederich | |
| | 64 | US-D398,363 | 09-15-1998 | LoBue | |
| | 65 | US-D421,532 | 03-14-2000 | Koroncai | |
| | 66 | US-D555,748 | 11-20-2007 | Gyr *et al.* | |
| | 67 | US-D577,092 | 09-16-2008 | West | |
| | 68 | US-D593,315 | 06-02-2009 | Zemel | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/11/2022 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 5, 2022*

WBD (US) 59124428v1

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | Complete if Known | |
|---|---|---|---|---|
| | | | Application Number | 17/343,114 |
| | | | Filing Date | June 9, 2021 |
| | | | First Named Inventor | Dane Brooks Barnes |
| | | | Art Unit | 3636 |
| | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 2 | of | 2 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |

### U. S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| | 69 | US-D630,834 | 01-18-2011 | Cohen | |
| | 70 | US-D739,555 | 09-22-2015 | McAlister | |
| | 71 | US-D741,437 | 10-20-2015 | Zimmer *et al.* | |
| | 72 | US-D843,200 | 03-19-2019 | Tjerrild | |
| | 73 | US-D859,808 | 09-17-2019 | Goldszer | |
| | 74 | US-D877,486 | 03-10-2020 | Chen | |
| | 75 | US-D928,899 | 08-24-2021 | Zhu | |
| | 76 | US-D947,975 | 04-05-2022 | Lah | |
| | 77 | US-D948,653 | 04-12-2022 | Lah | |
| | 78 | US-D960,277 | 08-09-2022 | Lah | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 79 | WO 2011/012969 A2 | 02-03-2011 | De Pasquale | | |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/11/2022 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 5, 2022*

WBD (US) 59124428v1

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>17/343,114 | Filing Date<br>06/09/2021 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | x $100 = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | 10/27/2022 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total<br>(37 CFR 1.16(i)) | * 19 | Minus | ** 20 | = 0 | | x $100 = | 0 |
| | Independent<br>(37 CFR 1.16(h)) | * 4 | Minus | *** 4 | = 0 | | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total<br>(37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
|---|---|
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /TRACEY M YOUNG/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

<table>
<tr><td rowspan="6"><strong>INFORMATION DISCLOSURE STATEMENT BY APPLICANT</strong></td><td colspan="2"><strong>Complete if Known</strong></td></tr>
<tr><td>Application Number</td><td>17/343,114</td></tr>
<tr><td>Filing Date</td><td>June 9, 2021</td></tr>
<tr><td>First Named Inventor</td><td>Dane Barnes</td></tr>
<tr><td>Art Unit</td><td>3636</td></tr>
<tr><td>Examiner Name</td><td>Noah Chandler Hawk</td></tr>
</table>

| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |
|---|---|---|---|---|---|

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 80 | US-1,129,194 | 02-23-1915 | Hanley | |
| | 81 | US-10,066,417 | 09-04-2018 | Linyard *et al.* | |
| | 82 | US-10,602,817 | 03-31-2020 | Price | |
| | 83 | US-11,156,012 | 10-26-2021 | Graham | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | | | | | | |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 27, 2023*

WBD (US) 59287693v1

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT
### UNDER 37 C.F.R. § 1.97(c)

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature document in accordance with 37 CFR 1.98(a)(2). Also enclosed is a translation or a concise explanation of each non-English language document.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(c), before final Office Action or Allowance, whichever is earlier. The Commissioner is authorized to charge the $260.00 fee specified in 37 C.F.R. § 1.17(p) and any additional fee, or credit any refund, to our Deposit Account No. **09-0528**.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 27, 2022.*

PATENT

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:      S105508 1010US.C5 (0014.6)
Customer No.:    26158

Mail Stop - Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT UNDER 37 CFR § 1.111

Sir:

        In response to the Office Action dated October 17, 2022, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 8 of this paper.

Claim Amendments

1. – 20.        (Canceled)

21.        (Currently Amended)   A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections comprising a cable extending therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface;

at least one elastic strap including a rubber component that is engageable with or coupled to the suspension end of the canopy for securing the canopy to the frame, the at least one elastic strap including the rubber component having a higher coefficient of friction with respect to <u>a coefficient of friction of</u> the plurality of sections of the frame; and

a container capable of housing and transporting the components of the system therein as well as acting as a counterweight that is coupleable to one or both of the frame and the canopy, and engageable with the surface to retain the frame in the supporting configuration;

wherein the at least one elastic strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end thereof, the at least one strap being configured to wrap about the one or more adjacent sections of the frame and fasten the strap fastener to the canopy fastener and fasten to itself for securing the canopy to the frame.

22.     (Canceled)

23.     (Previously Presented)  The system of claim 21, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

24.     (Previously Presented)  The system of claim 23, wherein the plurality of coupled sections are selectively engageable sections.

25.     (Previously Presented)  The system of claim 21, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

26-31.  (Canceled)

32.     (Previously Presented)     The system of claim 21, wherein the canopy is supportable by the frame and totally supportable by the wind in the first configuration for providing shade to the surface.

33-44.  (Canceled)

45. (Previously Presented) The system of claim 21, wherein the cable is affixed to an interior of one or more of the adjacent sections of the frame.

46. (Previously Presented) The system of claim 21, wherein the one or more adjacent sections of the frame form a curved shape when in the supporting configuration.

47. (Previously Presented) The system of claim 21, wherein the suspension end of the canopy defines at least one loop configured for accepting a portion of the frame therethrough.

48. (Previously Presented) The system of claim 47, wherein the portion of the frame comprises the one or more adjacent sections.

49. (Canceled)

50. (Canceled)

51. (Previously Presented) The system of claim 21, wherein the canopy has at least one set of parallel sides.

52. (Previously Presented) The system of claim 21, wherein the trailing end of the canopy defines a tail.

53. (Previously Presented) The system of claim 52, wherein the tail is engaged with or coupled to an anchor for securing the canopy into position.

54. (Canceled)

55.    (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections that include a left end, a right end, and a plurality of sections positioned between the left end and the right end and comprising a cable extending therethrough, each of the plurality of sections having one or both of a male end and a female end making the plurality of sections thereby engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of the left end and the right end has a corkscrew shape effective for engaging a surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end, the suspension end of the canopy including a plurality of fasteners including at least one fastener that engages the canopy with the frame and at least one fastener that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface; and

a container capable of housing and transporting the components of the system therein as well as acting as a first anchor that is coupleable to one or both of the frame and the canopy, and engageable with the surface to retain the frame in the supporting configuration;

wherein the at least one fastener that secures the canopy in position relative to the frame is elastic, the at least one elastic fastener having a higher coefficient of friction with respect to a coefficient of friction of the frame.


56.    (Canceled)


57.    (Previously Presented)    The system of claim 55, wherein the canopy has at least one set of parallel sides.

58. (Previously Presented) The system of claim 55, wherein the trailing end of the canopy defines a tail.

59. (Previously Presented) The system of claim 57, wherein the tail is engaged with or coupled to a second anchor for securing the canopy into position.

60. (Previously Presented) The system of claim 55, wherein the one or more sections of the frame form a curved shape when in the supporting configuration.

61. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising a cable extending therethrough, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration has a corkscrew shape for engaging a surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; and

at least one elastic strap that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface, wherein the at least one elastic strap that secures the canopy in position relative to the frame is elastic, the at least one elastic fastener having a higher coefficient of friction with respect to a coefficient of friction of the plurality of sections of the frame.

62. (Currently Amended) A system for providing shade onto a surface, the system comprising:

WBD Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 373 of 423

a frame being maneuverable between a transport configuration and a supporting configuration, the frame being defined by a plurality of sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections comprising a cable extending therethrough and being maneuverable between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end;

at least one elastic strap that is engageable with or coupled to the suspension end of the canopy for securing the canopy to the frame, the at least one elastic strap having a higher coefficient of friction with respect to <u>a coefficient of friction of</u> the plurality of sections of the frame; and

wherein the at least one elastic strap is configured to wrap about the one or more adjacent sections of the frame and fasten to itself for securing the canopy to the frame.

WBD Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 374 of 423

## REMARKS

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 1-20, 27-30, 49, 50, 54, and 56 were previously canceled. With this response, claims 21, 55, 61, and 62 are amended. As such, claims 21, 23-25, 32, 45-48, 51-53, 55, and 57-62 remain pending following this Amendment. Applicant submits that no new matter is added by way of this Amendment.

### Allowable Subject Matter

Applicant thanks the examiner for the indication that claims 21, 23-25, 32, 45-48, 51-53, 55, and 57-62 would be allowable if rewritten to overcome the rejection(s) under 35 U.S.C. § 112(b). Applicant respectfully submits that as provided in the claim amendments and described hereinbelow, the claims now overcome the rejection(s) under 35 U.S.C. § 112(b) and should be in condition for allowance.

### Claim Rejections – 35 USC § 112

Claims 21, 23-25, 32, 45-48, 51-53, 55, and 57-62 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as allegedly being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor (or for applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention.

Specifically, claim 21 recites "one or more adjacent sections comprising a cable extending therethrough and providing supporting tension to the alignment", which allegedly renders the claim indefinite because it is unclear if the "one or more adjacent sections" merely comprise a cable that extends through the first and last section, a cable alone, or if there are both one or more interior sections as well as a cable that extends through the sections. For the purposes of examination, the examiner indicates that the phrase will be treated as reciting "the one or more adjacent sections additionally comprising a cable extending therethrough and providing supporting tension to the alignment". Applicant is in agreement with the examiner's

WBD Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 375 of 423

interpretation of the claim language (*see, e.g.,* FIG. 2 and the corresponding description), such that Applicant respectfully submits that this claim language is clear.

Additionally, the examiner alleges that it is allegedly unclear what the "other coefficient of friction" references in independent claims 21, 55, 61, and 62. Claims 21, 55, 61, and 62 have all been amended with a minor claim amendment to clarify that the "other coefficient of friction" is referring to the "coefficient of friction" of the "frame." No new matter has been added. Applicant respectfully requests that the rejections of claims 21, 55, 61, and 62 under 35 U.S.C. § 112(b), and the claims depending therefrom, be withdrawn at this time.

## CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 27, 2022.*

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 17343114 |
| **Filing Date:** | 09-Jun-2021 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |

Filed as Large Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 378 of 423

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| SUBMISSION- INFORMATION DISCLOSURE STMT | 1806 | 1 | 260 | 260 |
| **Total in USD ($)** | | | | **260** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 46907742 |
| **Application Number:** | 17343114 |
| **International Application Number:** | |
| **Confirmation Number:** | 8654 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |
| **Receipt Date:** | 27-OCT-2022 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 15:16:42 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $ 260 |
| RAM confirmation Number | E20220QF17344791 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 380 of 423

# File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Information Disclosure Statement (IDS) Form (SB08) | S105508_1010US_C5_0014_6_suppl_IDS_1449.pdf | 160584 / 3fde8ff48fdf4bdc232b58e396fa2bc27193be00 | no | 1 |

**Warnings:**

**Information:**

This is not an USPTO supplied IDS fillable form

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Transmittal Letter | S105508_1010US_C5_0014_6_suppl_IDS_Cover.pdf | 119451 / 66030cfcfc9affd194ca1e29a97f7c0eb14840ee | no | 1 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 3 | | S105508_1010US_C5_0014_6_Amendment_for_10-17-2022_OA.pdf | 151358 / cadbd659eb94f6a343dc5df1b7bb50c0d68d1fb5 | yes | 10 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| Document Description | Start | End |
| Amendment/Request for Reconsideration-After Non-Final Rejection | 1 | 1 |
| Claims | 2 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 10 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 4 | Fee Worksheet (SB06) | fee-info.pdf | 38084 / d52a28726e7b0106d3fc52c0120b646c991b6898 | no | 2 |

**Warnings:**

**Information:**

| | | |
|---|---|---|
| **Total Files Size (in bytes):** | | 469477 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

26158        7590        11/18/2022

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
| --- |
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 3636 | |

DATE MAILED: 11/18/2022

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

TITLE OF INVENTION: SHADING SYSTEM AND METHOD OF USE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | UNDISCOUNTED | $1200 | $0.00 | $0.00 | $1200 | 02/21/2023 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

Page 1 of 3

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 383 of 423

PTOL-85 (Rev. 02/11)

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

By mail, send to:    Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

By fax, send to:   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

26158       7590       11/18/2022
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

|  |
|---|
| (Typed or printed name) |
| (Signature) |
| (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

TITLE OF INVENTION: SHADING SYSTEM AND METHOD OF USE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1200 | $0.00 | $0.00 | $1200 | 02/21/2023 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HAWK, NOAH CHANDLER | 3636 | 135-128000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

❑ Change of correspondence address (or Change of Correspondence Address form PTO/AIA/122 or PTO/SB/122) attached.

❑ "Fee Address" indication (or "Fee Address" Indication form PTO/AIA/47 or PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE              (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ❑ Individual ❑ Corporation or other private group entity ❑ Government

4a. Fees submitted: ❑ Issue Fee   ❑ Publication Fee (if required)   ❑ Advance Order - # of Copies _____

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

❑ Electronic Payment via EFS-Web   ❑ Enclosed check   ❑ Non-electronic payment by credit card (Attach form PTO-2038)

❑ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

5. **Change in Entity Status** (from status indicated above)

❑ Applicant certifying micro entity status. See 37 CFR 1.29

❑ Applicant asserting small entity status. See 37 CFR 1.27

❑ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____

PTOL-85 Part B (08-18) Approved for use through 01/31/2020   OMB 0651-0033   U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| 26158      7590      11/18/2022 | EXAMINER |
|---|---|
| WOMBLE BOND DICKINSON (US) LLP<br>ATTN: IP DOCKETING<br>P.O. Box 570489<br>ATLANTA, GA 30357-0037 | HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

DATE MAILED: 11/18/2022

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

# OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 386 of 423

| | Application No. | Applicant(s) |
|---|---|---|
| *Notice of Allowability* | 17/343,114 | Barnes et al. |
| | Examiner | Art Unit | AIA (FITF) Status |
| | NOAH C HAWK | 3636 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to 10/27/22.

   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are See Continuation Sheet . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   **Certified copies:**

   a) ☐ All     b) ☐ Some*     c) ☐ None of the:

   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____ .

   Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.

   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☑ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date 10/27/22.
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____ .
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date. _____ .

5. ☑ Examiner's Amendment/Comment
6. ☑ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 387 of 423

Continuation of 3. The allowed claim(s) is/are: 21,23-25,32,45-48,51-53,55 and 57-62

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.

## EXAMINER'S AMENDMENT

2.      An examiner's amendment to the record appears below. Should the changes

and/or additions be unacceptable to applicant, an amendment may be filed as provided

by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be

submitted no later than the payment of the issue fee.

        The application has been amended as follows:

In Claim 21, line 10 the phrase "the one or more adjacent sections comprising a cable"

is deleted and replaced by the phrase --the one or more adjacent sections additionally

comprising a cable--.

In Claim 59, the phrase "of claim 57" is deleted and replaced by the phrase --of claim

58--.

### *Reasons for Allowance*

3.      The following is an examiner's statement of reasons for allowance: the prior art

made of record has failed to suggest, either singly or in combination, a novel system for

providing shade including a frame and a canopy supported by the frame and a wind

force, the canopy having elastic straps with a rubber component that has a higher

coefficient of friction with respect to the coefficient of friction of the frame.

Any comments considered necessary by applicant must be submitted no later

than the payment of the issue fee and, to avoid processing delays, should preferably

accompany the issue fee.  Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance."

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to NOAH CHANDLER HAWK whose telephone number is

(571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video

conferencing using a USPTO supplied web-based collaboration tool. To schedule an

interview, applicant is encouraged to use the USPTO Automated Interview Request

(AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, David Dunn can be reached on 5712726670. The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be

obtained from Patent Center. Unpublished application information in Patent Center is

available to registered users. To file and manage patent submissions in Patent Center,

visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-

center for more information about Patent Center and

https://www.uspto.gov/patents/docx for information about filing in DOCX format. For

additional questions, contact the Electronic Business Center (EBC) at 866-217-9197

(toll-free). If you would like assistance from a USPTO Customer Service

Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636


/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

# Index of Claims

| | |
|---|---|
| **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
| 17/343,114 | Barnes et al. |
| **Examiner** | **Art Unit** |
| NOAH C HAWK | 3636 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

## CLAIMS

☑ Claims renumbered in the same order as presented by applicant  ☐ CPA  ☐ T.D.  ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | 02/08/2022 | 04/13/2022 | 06/28/2022 | 10/11/2022 | 11/09/2022 | | | |
| | 1 | - | - | - | - | - | - | | | |
| | 2 | - | - | - | - | - | - | | | |
| | 3 | - | - | - | - | - | - | | | |
| | 4 | - | - | - | - | - | - | | | |
| | 5 | - | - | - | - | - | - | | | |
| | 6 | - | - | - | - | - | - | | | |
| | 7 | - | - | - | - | - | - | | | |
| | 8 | - | - | - | - | - | - | | | |
| | 9 | - | - | - | - | - | - | | | |
| | 10 | - | - | - | - | - | - | | | |
| | 11 | - | - | - | - | - | - | | | |
| | 12 | - | - | - | - | - | - | | | |
| | 13 | - | - | - | - | - | - | | | |
| | 14 | - | - | - | - | - | - | | | |
| | 15 | - | - | - | - | - | - | | | |
| | 16 | - | - | - | - | - | - | | | |
| | 17 | - | - | - | - | - | - | | | |
| | 18 | - | - | - | - | - | - | | | |
| | 19 | - | - | - | - | - | - | | | |
| | 20 | - | - | - | - | - | - | | | |
| 1 | 21 | ✓ | ✓ | ✓ | ✓ | ✓ | = | | | |
| | 22 | ✓ | ✓ | ✓ | - | - | - | | | |
| 2 | 23 | ✓ | ✓ | ✓ | ✓ | ✓ | = | | | |
| 3 | 24 | ✓ | ✓ | ✓ | ✓ | ✓ | = | | | |
| 4 | 25 | ✓ | ✓ | ✓ | ✓ | ✓ | = | | | |
| | 26 | ✓ | ✓ | ✓ | - | - | - | | | |
| | 27 | ✓ | - | - | - | - | - | | | |
| | 28 | ✓ | - | - | - | - | - | | | |
| | 29 | ✓ | ✓ | - | - | - | - | | | |
| | 30 | ✓ | ✓ | - | - | - | - | | | |
| | 31 | ✓ | ✓ | ✓ | - | - | - | | | |
| 5 | 32 | ✓ | ✓ | ✓ | ✓ | ✓ | = | | | |
| | 33 | | = | ✓ | - | - | - | | | |
| | 34 | | = | ✓ | - | - | - | | | |
| | 35 | | = | ✓ | - | - | - | | | |
| | 36 | | = | ✓ | - | - | - | | | |
| | 37 | | ✓ | ✓ | - | - | - | | | |
| | 38 | | ✓ | ✓ | - | - | - | | | |
| | 39 | | ✓ | ✓ | - | - | - | | | |
| | 40 | | ✓ | ✓ | - | - | - | | | |
| | 41 | | ✓ | ✓ | - | - | - | | | |
| | 42 | | ✓ | ✓ | - | - | - | | | |

| Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| ‖‖‖‖‖‖‖‖‖‖ | 17/343,114 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/26/2021 | 02/08/2022 | 04/13/2022 | 06/28/2022 | 10/11/2022 | 11/09/2022 | | | |
| | 43 | | | ✓ | - | - | - | | | |
| | 44 | | | ✓ | - | - | - | | | |
| 6 | 45 | | | | ✓ | ✓ | = | | | |
| 7 | 46 | | | | ✓ | ✓ | = | | | |
| 8 | 47 | | | | ✓ | ✓ | = | | | |
| 9 | 48 | | | | ✓ | ✓ | = | | | |
| | 49 | | | | ✓ | - | - | | | |
| | 50 | | | | ✓ | - | - | | | |
| 10 | 51 | | | | ✓ | ✓ | = | | | |
| 11 | 52 | | | | ✓ | ✓ | = | | | |
| 12 | 53 | | | | ✓ | ✓ | = | | | |
| | 54 | | | | ✓ | - | - | | | |
| 13 | 55 | | | | ✓ | ✓ | = | | | |
| | 56 | | | | ✓ | - | - | | | |
| 14 | 57 | | | | | ✓ | = | | | |
| 15 | 58 | | | | | ✓ | = | | | |
| 16 | 59 | | | | | ✓ | = | | | |
| 17 | 60 | | | | | ✓ | = | | | |
| 18 | 61 | | | | | ✓ | = | | | |
| 19 | 62 | | | | | ✓ | = | | | |

| **Search Notes** | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

### CPC - Searched*

| Symbol | Date | Examiner |
|---|---|---|
| E04H 15/326, 15/003, 12/22 | 10/26/2021 | NCH |
| updated above | 10/11/2022 | NCH |
| | | |

### CPC Combination Sets - Searched*

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US Classification - Searched*

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 135 | 119, 118 115, 120.1, 114, 127 | 10/26/2021 | NCH |
| 40 | 214,606.11, 217, 412 | 10/26/2021 | NCH |
| 160 | 135,350,351,352, 377 | 10/26/2021 | NCH |
| | updated above | 10/11/2022 | NCH |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 394 of 423

| **Search Notes** | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| **Search Notes** | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered IDS filed 6/9/2021 | 10/26/2021 | NCH |
| Performed inventor name search in DAV | 10/26/2021 | NCH |
| Considered and updated search history for parent application 16/987886 | 10/26/2021 | NCH |
| Please see PE2E search history | 10/26/2021 | NCH |
| Considered IDS filed 1/28/22 | 02/07/2022 | NCH |
| Considered IDS filed 10/5/22 | 10/11/2022 | NCH |
| Considered IDS filed 10/27/22 | 11/09/2022 | NCH |

| **Interference Search** | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| E04H | 15/326, 15/003, 12/22 | 11/09/2022 | NCH |
| 135 | 119, 118 115, 120.1, 114, 127 | 11/09/2022 | NCH |
| 40 | 214,606.11, 217, 412 | 11/09/2022 | NCH |
| 160 | 135,350,351,352, 377 | 11/09/2022 | NCH |

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 395 of 423

| Issue Classification | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

**CPC**

| Symbol | | | | | Type | Version |
|---|---|---|---|---|---|---|
| E04H | / | 15 | / | 003 | F | 2013-01-01 |
| E04H | / | 15 | / | 44 | I | 2013-01-01 |
| E04H | / | 15 | / | 36 | I | 2013-01-01 |
| E04H | / | 15 | / | 30 | I | 2013-01-01 |
| E04H | / | 15 | / | 32 | I | 2013-01-01 |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | / | | / | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 19 | |
| /Noah Chandler Hawk/ Primary Examiner, Art Unit 3636 | 09 November 2022 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 18 | 8, 3 |

U.S. Patent and Trademark Office

Part of Paper No.: 20221109

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 396 of 423
Page 1 of 3

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 17/343,114 | Barnes et al. |
| | Examiner | Art Unit |
| | NOAH C HAWK | 3636 |

| INTERNATIONAL CLASSIFICATION |
|---|
| **CLAIMED** |

| E04H | / | 15 | / | 00 |
|---|---|---|---|---|

| **NON-CLAIMED** |
|---|

| | / | | / | |
|---|---|---|---|---|

| US ORIGINAL CLASSIFICATION | |
|---|---|
| CLASS | SUBCLASS |
| | |

| CROSS REFERENCES(S) | | | | | | |
|---|---|---|---|---|---|---|
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | |
| | | | | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 19 | |
| /Noah Chandler Hawk/ Primary Examiner, Art Unit 3636 | 09 November 2022 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 18 | 8, 3 |

U.S. Patent and Trademark Office

Part of Paper No.: 20221109

Case 5:24-cv-00588-FL     Document 28-8     Filed 03/23/26     Page 397 of 423

<table>
<tr><td rowspan="2"><em>Issue Classification</em><br><br>|||||||||||</td><td colspan="2"><strong>Application/Control No.</strong></td><td colspan="2"><strong>Applicant(s)/Patent Under Reexamination</strong></td></tr>
</table>

| *Issue Classification* | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| ‖‖‖‖‖‖‖‖‖ | 17/343,114 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

**CLAIMS**

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 21 | 10 | 51 | 19 | 62 | | | | | | | | | | |
| 2 | 23 | 11 | 52 | | | | | | | | | | | | |
| 3 | 24 | 12 | 53 | | | | | | | | | | | | |
| 4 | 25 | 13 | 55 | | | | | | | | | | | | |
| 5 | 32 | 14 | 57 | | | | | | | | | | | | |
| 6 | 45 | 15 | 58 | | | | | | | | | | | | |
| 7 | 46 | 16 | 59 | | | | | | | | | | | | |
| 8 | 47 | 17 | 60 | | | | | | | | | | | | |
| 9 | 48 | 18 | 61 | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 19 | |
| /Noah Chandler Hawk/<br>Primary Examiner, Art Unit 3636 | 09 November 2022 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 18 | 8, 3 |

U.S. Patent and Trademark Office

Part of Paper No.: 20221109

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | Complete if Known | |
|---|---|---|---|---|
| | | | Application Number | 17/343,114 |
| | | | Filing Date | June 9, 2021 |
| | | | First Named Inventor | Dane Barnes |
| | | | Art Unit | 3636 |
| | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C5 (0014.6)** |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number  Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 80 | US-1,129,194 | 02-23-1915 | Hanley | |
| | 81 | US-10,066,417 | 09-04-2018 | Linyard *et al.* | |
| | 82 | US-10,602,817 | 03-31-2020 | Price | |
| | 83 | US-11,156,012 | 10-26-2021 | Graham | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document  Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | | | | | | |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 11/09/2022 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC*
*FILING SYSTEM OF THE UNITED STATES PATENT AND*
WBD (US) 59287693v1          *TRADEMARK OFFICE ON OCTOBER 27, 2022*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

By mail, send to: Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

By fax, send to: (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

26158        7590        11/18/2022
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

| | |
|---|---|
| Shari Elofson | (Typed or printed name) |
| /shari elofson/ | (Signature) |
| Filed Via EFS-Web November 18, 2022 | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

TITLE OF INVENTION: SHADING SYSTEM AND METHOD OF USE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1200 | $0.00 | $0.00 | $1200 | 02/21/2023 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HAWK, NOAH CHANDLER | 3636 | 135-128000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/AIA/122 or PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/AIA/47 or PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

Womble Bond Dickinson (US) LLP
1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

Shibumi Shade, Inc.

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Raleigh, NC

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☒ Corporation or other private group entity ☐ Government

4a. Fees submitted: ☒ Issue Fee  ☐ Publication Fee (if required)  ☐ Advance Order - # of Copies _____

4b. Method of Payment: (Please first reapply any previously paid fee shown above)

☒ Electronic Payment via EFS-Web  ☐ Enclosed check  ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. 09-0528

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

| Authorized Signature | /lauren f. anderson/ | Date | November 18, 2022 |
|---|---|---|---|
| Typed or printed name | Lauren F. Anderson | Registration No. | 69,344 |

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 400 of 423

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 17343114 |
| **Filing Date:** | 09-Jun-2021 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |

Filed as Large Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| UTILITY APPL ISSUE FEE | 1501 | 1 | 1200 | 1200 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension-of-Time: | | | | |
| Miscellaneous: | | | | |
| | | | **Total in USD ($)** | 1200 |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 47055429 |
| **Application Number:** | 17343114 |
| **International Application Number:** | |
| **Confirmation Number:** | 8654 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C5 (0014.6 |
| **Receipt Date:** | 18-NOV-2022 |
| **Filing Date:** | 09-JUN-2021 |
| **Time Stamp:** | 16:04:53 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $ 1200 |
| RAM confirmation Number | E2022AHG05191345 |
| Deposit Account | |
| Authorized User | |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | S105508_1010US_C5_0014_6_Issue_Fee.pdf | 782100<br>9eac124b0b6372fcfb85fd26034a136da64bb29e | no | 1 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 37949<br>88187b07490d1b6d240db67fb04c49f7b482acbb | no | 2 |

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 820049 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 12/27/2022 | 11536046 | S105508 1010US.C5 (0014.6 | 8654 |

26158      7590      12/07/2022
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD) at (571)-272-4200.

INVENTOR(s)  (Please see PAIR WEB site http://pair.uspto.gov for additional inventors):

Dane Brooks Barnes, Raleigh, NC;
Alexander Griffith Slater, Raleigh, NC;
Scott Christian Barnes, Raleigh, NC;

APPLICANT(s)  (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Shibumi Shade, Inc., Raleigh, NC;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

IR103 (Rev. 10/09)



# United States Patent and Trademark Office

*Office of the Chief Financial Officer*

Document Code:WFEE

User :Adriene Sellman

Sale Adjustment Accounting Date:10/25/2023

| Effective Date | Sale Accounting Date | Sale Item Reference Number |
| --- | --- | --- |
| 01/28/2022 | 10/25/2023 | 17343114 |

| Document Number | Fee Code | Fee Code Description | Amount Paid | Payment Method |
| --- | --- | --- | --- | --- |
| I20230O050535016 | 2201 | INDEPENDENT CLAIMS IN EXCESS OF 3 | $240.00 | DA |
| I20230O050535016 | 2806 | SUBMISSION- INFORMATION DISCLOSURE STMT | $130.00 | DA |



# United States Patent and Trademark Office
*Office of the Chief Financial Officer*

Document Code:WFEE

User :Adriene Sellman

Refund Accounting Date:10/25/2023

| Effective Date | Sale Item Reference Number | Refund Total |
|---|---|---|
| 01/28/2022 | 17343114 | $370.00 |

| Document Number | Fee Code | Fee Code Description | Amount Paid | Payment Method | Account Number |
|---|---|---|---|---|---|
| I20230O050535016 | 2201 | INDEPENDENT CLAIMS IN EXCESS OF 3 | $240.00 | DA | 090528 |
| I20230O050535016 | 2806 | SUBMISSION-INFORMATION DISCLOSURE STMT | $130.00 | DA | 090528 |



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| 26158 | 7590 | 06/25/2024 |
|---|---|---|

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 06/25/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 408 of 423

 
Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

In re Patent No. 11,536,046                      :
Issue Date: 27 Dec 2022                          :        DECISION ON PETITION
Application No. 17/343,114                        :
Filing or 371(c) Date: 9 Jun 2021                :
Attorney Docket No.                              :
S105508 1010US.C5 (0014.6                        :

This is a notice regarding the request for acceptance of a fee deficiency submission under 37 CFR 1.28(c) filed on August 17, 2022.

The fee deficiency submission under 37 CFR 1.28(c) is **NOT ACCEPTED**.

Applicant should note that 37 CFR 1.28(c) states in part; If status as a small entity is established in good faith, and fees as a small entity are paid in good faith, in any application or patent, and it is later discovered that such status as a small entity was established in error, or that through error the Office was not notified of a loss of entitlement to small entity status as required by 37 CFR 1.27(g)(2), the error will be excused upon compliance with the separate submission and itemization. See 37 CFR 1.28(c)(2)(ii).

The itemization must include the following information;

(A) Each particular type of fee that was erroneously paid as a small entity, (*e.g.*, basic statutory filing fee, two-month extension of time fee) along with the current fee amount for a non-small entity;

(B) The small entity fee actually paid, and when. This will permit the Office to differentiate, for example, between two one-month extension of time fees erroneously paid as a small entity but on different dates;

(C) The deficiency owed amount (for each fee erroneously paid); and

(D) The total deficiency payment owed, which is the sum or total of the individual deficiency owed amounts set forth in paragraph (c)(2)(ii)(C) of this section.

The request is not in compliance with (A)-(D).  In regard to (A) and (B), the record shows that a search fee was paid at small entity on June 9, 2021.  This should also be a part of the itemization. Also, the date listed for the processing fee, the Request for Prioritized Examination and the Request for Continued Examination should be June 9, 2021 when it was originally filed. As such, (C) and (D) do not show the correct deficiency and total deficiency owed. A renewed request must be submitted that corrects these issues.

Applicant is given **ONE MONTH** from the mailing date of this decision to submit the fees required pursuant to 37 CFR 1.28(2)(i) and a replacement itemized listing of each fee erroneously paid as a small entity in compliance with 37 CFR 1.28(c)(2)(ii).  **NO EXTENSION OF TIME UNDER 37 CFR 1.136 IS PERMITTED.**

Further correspondence with respect to this matter should be addressed as follows:

By mail:             Mail Stop Petitions
                     Commissioner for Patents
                     PO Box 1450
                     Alexandria VA 22313-1450


By hand:             United States Patent and Trademark Office
                     Customer Service Window, Mail Stop Petitions
                     Knox building, Room 1D80
                     501 Dulany Street
                     Alexandria, VA 22314


By FAX:              (571) 273-8300
                     Attn: Office of Petitions


By Internet:         EFS-Web[1]

Telephone inquiries related to this decision should be directed to Paralegal Specialist Paula Britton at 571-272-1556.



/PAULA S BRITTON/
Paralegal, OPET

---

[1] Http://patentcenter.uspto.gov  (for help using EFS-Web call the Patent Electronic Business Center at (866) 217-9197



# United States Patent and Trademark Office

*Office of the Chief Financial Officer*

Document Code:WFEE

User :Chhivindavy Khlok

Sale Accounting Date:07/24/2024

| Sale Item Reference Number | Effective Date |
|---|---|
| 17343114 | 08/17/2022 |

| Document Number | Fee Code | Fee Code Description | Amount Paid | Payment Method |
|---|---|---|---|---|
| I20247ND20278537 | 1461 | 1.28(C) SUBMISSIONS - APPLIC FILE FEE | $3,350.00 | Deposit Account |



UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION #<br>**17/343,114** | RECEIPT DATE / TIME<br>**07/24/2024 06:57:36 PM Z ET** | ATTORNEY DOCKET #<br>**S105508 1010US.C5 (0014.6** |
| --- | --- | --- |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
| --- | --- | --- | --- |
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | 11536046 |
| CONFIRMATION # | 8654 | FILED BY | Shari Elofson |
| PATENT CENTER # | 66505108 | FILING DATE | 06/09/2021 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

# TOTAL DOCUMENTS: 1

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
| --- | --- | --- | --- |
| S105508_1010US_C5_0014_6_Response_Decision_on_Petition.pdf | 5 | Petition for review by the Office of Petitions | 343 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
| --- | --- |
| S105508_1010US_C5_0014_6_Response_Decision_on_Petition.pdf | CAE384A1CDE378676819C62FEBE31E3838D15C90CF801841E43AF95AD2CC42B4109E3360F273B46A3D77C9280CAC23CEB253508F1F5F112BC301A80C144E6B38 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Attorney's Docket No. **S105508 1010US.C5 (0014.6)**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 8654 |
| Appl. No.: | 17/343,114 | Group Art Unit: | 3636 |
| Filed: | June 9, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Petition
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## RESPONSE TO DECISION ON PETITION OF NOTIFICATION OF LOSS OF ENTITLEMENT TO SMALL ENTITY STATUS UNDER 37 C.F.R. § 1.27(g)(2) AND PAYMENT OF FEE DEFICIENCY UNDER 37 C.F.R. § 1.28(c)(2)(ii)

Applicant respectfully requests reconsideration of the Decision on Petition ("Decision") issued June 25, 2024. In the Decision, the Office of Petitions alleged that the request was not in compliance with conditions (A)-(D).

Applicant respectfully disagrees with the Office of Petitions. Applicant did not lose small entity status until October 1, 2021, which was after the filing of the application on June 9, 2021. Therefore, the search fee paid on June 9, 2021, was correctly paid as a small entity. Additionally, the undersigned disagrees with the Examiner that the date listed for the processing fee, the Request for Prioritized Examination, and Request for Continued Examination should be June 9, 2021, as those documents were submitted to the U.S. Patent and Trademark Office on March 30, 2022. The original processing fee and Request for Prioritized Examination filed on June 9, 2021, were paid at a small entity rate because Applicant qualified as a small entity at that time.

The undersigned has contacted the Office of Petitions and the Paralegal Specialist, Paula Britton, assigned to this matter. The undersigned was informed that the Office of Petitions issued this Decision in error and would immediately be issuing a corrected Decision by Ms. Britton on July 17, 2024. However, a corrected Decision has not yet been issued, such that

Applicant is replying to the Decision in an effort to avoid the Petition from being dismissed. The fee table is provided again below for reconsideration.

| Type of Fee | Amount of Small Entity Fee Actually Paid | Date Small Entity Fee Paid | Current Fee Amount for Large Entity | Deficiency or Credit Owed (based on current fee schedule) |
|---|---|---|---|---|
| (2806) Submission of an Information Disclosure Statement | $130.00 | 01-28-2022 | $260.00 | $130.00 |
| (2201) Each independent claim in excess of three | $240.00 | 01-28-2022 | $480.00 | $240.00 |
| (2830) Processing fee, except in provisional applications | $70.00 | 03-30-2022 | $140.00 | $70.00 |
| (2817) Request for prioritized examination | $2,100.00 | 03-30-2022 | $4,200.00 | $2,100.00 |
| (2801) Request for continued examination (RCE) - 1st request (see 37 CFR 1.114) | $680.00 | 03-30-2022 | $1360.00 | $680.00 |
| (2806) Submission of an Information Disclosure Statement | $130.00 | 06-16-2022 | $260.00 | $130.00 |
| **TOTAL DEFICIENCY CHARGED TO DEPOSIT ACCOUNT: $3,350.00** | | | | |

Further, Applicant notes that the fee deficiency of **$3,350** was charged to Deposit Account No. 09-0528 under Attorney Docket No. S105508 1010US.C5 (0014.6) on July 24, 2024. Thus, Applicant believes that the Notification of loss of entitlement to small entity status has been reconsidered, and requests a corrected Decision on Petition detailing the same.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 24, 2024.*



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| 26158 | 7590 | 06/25/2024 |
|---|---|---|

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 06/25/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

 

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

|  | : |  |
| --- | --- | --- |
|  | : |  |
| In re Patent No. 11,536,046 | : |  |
| Issue Date: 27 Dec 2022 | : | DECISION ON PETITION |
| Application No. 17/343,114 | : |  |
| Filing or 371(c) Date: 9 Jun 2021 | : |  |
| Attorney Docket No. | : |  |
| S105508 1010US.C5 (0014.6 |  |  |

This is a notice regarding the request for acceptance of a fee deficiency submission under 37 CFR 1.28(c) filed on August 17, 2022.

The fee deficiency submission under 37 CFR 1.28(c) is **NOT ACCEPTED**.

Applicant should note that 37 CFR 1.28(c) states in part; If status as a small entity is established in good faith, and fees as a small entity are paid in good faith, in any application or patent, and it is later discovered that such status as a small entity was established in error, or that through error the Office was not notified of a loss of entitlement to small entity status as required by 37 CFR 1.27(g)(2), the error will be excused upon compliance with the separate submission and itemization. See 37 CFR 1.28(c)(2)(ii).

The itemization must include the following information;

> (A) Each particular type of fee that was erroneously paid as a small entity, (*e.g.*, basic statutory filing fee, two-month extension of time fee) along with the current fee amount for a non-small entity;

> (B) The small entity fee actually paid, and when. This will permit the Office to differentiate, for example, between two one-month extension of time fees erroneously paid as a small entity but on different dates;

> (C) The deficiency owed amount (for each fee erroneously paid); and

> (D) The total deficiency payment owed, which is the sum or total of the individual deficiency owed amounts set forth in paragraph (c)(2)(ii)(C) of this section.

The request is not in compliance with (A)-(D).  In regard to (A) and (B), the record shows that a search fee was paid at small entity on June 9, 2021.  This should also be a part of the itemization.  Also, the date listed for the processing fee, the Request for Prioritized Examination and the Request for Continued Examination should be June 9, 2021 when it was originally filed. As such, (C) and (D) do not show the correct deficiency and total deficiency owed. A renewed request must be submitted that corrects these issues.

Applicant is given **ONE MONTH** from the mailing date of this decision to submit the fees required pursuant to 37 CFR 1.28(2)(i) and a replacement itemized listing of each fee erroneously paid as a small entity in compliance with 37 CFR 1.28(c)(2)(ii).  **NO EXTENSION OF TIME UNDER 37 CFR 1.136 IS PERMITTED.**

Further correspondence with respect to this matter should be addressed as follows:

By mail:             Mail Stop Petitions
                     Commissioner for Patents
                     PO Box 1450
                     Alexandria VA 22313-1450

By hand:             United States Patent and Trademark Office
                     Customer Service Window, Mail Stop Petitions
                     Knox building, Room 1D80
                     501 Dulany Street
                     Alexandria, VA 22314

By FAX:              (571) 273-8300
                     Attn: Office of Petitions

By Internet:         EFS-Web[1]

Telephone inquiries related to this decision should be directed to Paralegal Specialist Paula Britton at 571-272-1556.

/PAULA S BRITTON/
Paralegal, OPET

---

Http://patentcenter.uspto.gov (for help using EFS-Web call the Patent Electronic Business Center at (866) 217-9197



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| | | |
|---|---|---|
| 26158    7590    07/29/2024 | | |

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 07/29/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com



Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

:
:
:
In re Patent No. 11,536,046                :
Issue Date: 27 Dec 2022                     :          DECISION ON PETITION
Application No. 17/343,114                   :
Filing or 371(c) Date: 9 Jun 2021          :
Attorney Docket No. S105508 1010US.C5      :
(0014.6)

## CORRECTED DECISION

**The petition decision mailed on June 25, 2024 is hereby vacated as of the mail date of this decision.**

This is a notice regarding the request for acceptance of a fee deficiency submission under 37 CFR 1.28(c) filed on August 17, 2022.

The Office no longer investigates or rejects original or reissue applications under 37 CFR 1.56. **1098 Off. Gaz. Pat. Office 502 (January 3, 1989)**. Therefore, nothing in this Notice is intended to imply that an investigation was done.

The fee deficiency submission under 37 CFR 1.28(c) is **ACCEPTED**. Accordingly, status as small entity has been removed and any future fee(s) submitted must be paid at the undiscounted rate.

Telephone inquiries concerning this decision should be directed to Paula Britton at 571-272-1556. All other inquiries concerning the examination or status of the application is in the Patent Center at http://patentcenter.uspto.gov.

/PAULA S BRITTON/
Paralegal, OPET



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/343,114 | 06/09/2021 | Dane Brooks Barnes | S105508 1010US.C5 (0014.6 | 8654 |

| 26158 | 7590 | 09/16/2024 |
|---|---|---|

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/16/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

Case 5:24-cv-00588-FL    Document 28-8    Filed 03/23/26    Page 421 of 423

 UNITED STATES PATENT AND TRADEMARK OFFICE


Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

|  |  |
|---|---|
| In re Patent No. 11,536,046 | : |
| Issue Date: Dec 27, 2022 | : |
| Application No. 17/343,114 | : DECISION ON PETITION |
| Filing or 371(c) Date: 9 Jun 2021 | : |
| Attorney Docket No. | : |
| S105508 1010US.C5 (0014.6 | : |

This is a notice regarding the renewed request for acceptance of a fee deficiency submission under 37 CFR 1.28(c) filed on July 24, 2024.

The fee deficiency submission under 37 CFR 1.28(c) is **DISMISSED AS MOOT.**

A corrected decision was mailed on July 29, 2024 granting the request for acceptance of a fee deficiency submission under 37 CFR 1.28(c) submitted on August 17, 2022.

All future fees should be paid at the undiscounted rate.

Further correspondence with respect to this matter should be addressed as follows:

By mail:      Mail Stop Petitions
Commissioner for Patents
PO Box 1450
Alexandria VA 22313-1450

By hand:      United States Patent and Trademark Office
Customer Service Window, Mail Stop Petitions
Knox building, Room 1D80
501 Dulany Street
Alexandria, VA 22314

By FAX:      (571) 273-8300
Attn: Office of Petitions

By Internet:                 EFS-Web[1]

Telephone inquiries related to this decision should be directed to Paralegal Specialist Paula Britton at 571-272-1556.

/PAULA S BRITTON/
Paralegal, OPET

---

Http://patentcenter.uspto.gov (for help using EFS-Web call the Patent Electronic Business Center at (866) 217-9197