# EXHIBIT 10

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY PATENT APPLICATION TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| *Attorney Docket No.* | S105508 1010US.C7 (0020.1) |
| *First Named Inventor* | Dane Brooks Barnes |
| *Title* | SHADING SYSTEM AND METHOD OF USE |
| *Priority Mail Express® Label No.* | |

## APPLICATION ELEMENTS

*See MPEP chapter 600 concerning utility patent application contents.*

*ADDRESS TO:* **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450**

1. [✔] **Fee Transmittal Form** (PTO/SB/17 or equivalent)
2. [✔] **Applicant asserts small entity status.** See 37 CFR 1.27
3. [ ] **Applicant certifies micro entity status.** See 37 CFR 1.29. Applicant must attach form PTO/SB/15A or B or equivalent.
4. [✔] **Specification** [*Total Pages* 15 ]
   Both the claims and abstract must start on a new page.
   *(See MPEP § 608.01(a) for information on the preferred arrangement)*
5. [✔] **Drawing(s)** (35 U.S.C. 113) [*Total Sheets* 7 ]
6. **Inventor's Oath or Declaration** [*Total Pages* 5 ]
   *(including substitute statements under 37 CFR 1.64 and assignments serving as an oath or declaration under 37 CFR 1.63(e))*
   a. [ ] Newly executed (original or copy)
   b. [✔] A copy from a prior application (37 CFR 1.63(d))
7. [✔] **Application Data Sheet** ** See note below.*
   See 37 CFR 1.76 (PTO/AIA/14 or equivalent)
8. **CD-ROM or CD-R**
   in duplicate, large table, or Computer Program (*Appendix*)
   [ ] Landscape Table on CD
9. **Nucleotide and/or Amino Acid Sequence Submission**
   (*if applicable, items a. – c. are required*)
   a. [ ] Computer Readable Form (CRF)
   b. [ ] Specification Sequence Listing on:
      i. [ ] CD-ROM or CD-R (2 copies); or
      ii. [ ] Paper
   c. [ ] Statements verifying identity of above copies

## ACCOMPANYING APPLICATION PAPERS

10. [ ] **Assignment Papers**
    (cover sheet & document(s))
    Name of Assignee ______________________
11. [✔] **37 CFR 3.73(c) Statement** (*when there is an assignee*) [✔] **Power of Attorney**
12. [ ] **English Translation Document** (*if applicable*)
13. [✔] **Information Disclosure Statement** (PTO/SB/08 or PTO-1449)
    [ ] Copies of citations attached
14. [✔] **Preliminary Amendment**
15. [ ] **Return Receipt Postcard** (*MPEP § 503*) (*Should be specifically itemized*)
16. [ ] **Certified Copy of Priority Document(s)** (*if foreign priority is claimed*)
17. [ ] **Nonpublication Request**
    Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach form PTO/SB/35 or equivalent.
18. [ ] **Other:** ______________________

***Note**: (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 **must** be included in an Application Data Sheet (ADS).
(2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary interest in the matter. See 37 CFR 1.46(b).

## 19. CORRESPONDENCE ADDRESS

[✔] The address associated with Customer Number: 26158 **OR** [ ] Correspondence address below

| | | | | | |
|---|---|---|---|---|---|
| Name | | | | | |
| Address | | | | | |
| City | | State | | Zip Code | |
| Country | | Telephone | | Email | |

| | | | |
|---|---|---|---|
| Signature | /lauren f. anderson/ | Date | September 10, 2021 |
| Name (Print/Type) | Lauren F. Anderson | Registration No. (Attorney/Agent) | 69,344 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# FEE TRANSMITTAL

| Complete if known | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Examiner Name | To Be Assigned |
| Art Unit | To Be Assigned |
| Practitioner Docket No. | S105508 1010US.C7 (0020.1) |

☒ Applicant asserts small entity status. See 37 CFR 1.27.

☐ Applicant certifies micro entity status. See 37 CFR 1.29. Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

TOTAL AMOUNT OF PAYMENT ($) 830

**METHOD OF PAYMENT** (check all that apply)

☐ Check ☐ Credit Card ☐ Money Order ☐ None ☐ Other (please identify): ______

☒ Deposit Account Deposit Account Number: 09-0528 Deposit Account Name: ______

For the above-identified deposit account, the Director is hereby authorized to (check all that apply):

☒ Charge fee(s) indicated below ☐ Charge fee(s) indicated below, **except for the filing fee**

☒ Charge any additional fee(s) or underpayment of fee(s) under 37 CFR 1.16 and 1.17 ☒ Credit any overpayment of fee(s)

**WARNING**: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

**FEE CALCULATION**

**1. BASIC FILING, SEARCH, AND EXAMINATION FEES (U = undiscounted fee; S = small entity fee; M = micro entity fee)**

| | FILING FEES | | | SEARCH FEES | | | EXAMINATION FEES | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Application Type | U ($) | S ($) | M ($) | U ($) | S ($) | M ($) | U ($) | S ($) | M ($) | Fees Paid ($) |
| Utility | 320 | 160* | 80 | 700 | 350 | 175 | 800 | 400 | 200 | 830 |
| Design | 220 | 110 | 55 | 160 | 80 | 40 | 640 | 320 | 160 | |
| Plant | 220 | 110 | 55 | 440 | 220 | 110 | 660 | 330 | 165 | |
| Reissue | 320 | 160 | 80 | 700 | 350 | 175 | 2,320 | 1,160 | 580 | |
| Provisional | 300 | 150 | 75 | 0 | 0 | 0 | 0 | 0 | 0 | |

* The $160 small entity status filing fee for a utility application is further reduced to $80 for a small entity status applicant who files the application via EFS-Web.

**2. EXCESS CLAIM FEES**

| Fee Description | Undiscounted Fee ($) | Small Entity Fee ($) | Micro Entity Fee ($) |
|---|---|---|---|
| Each claim over 20 (including Reissues) | 100 | 50 | 25 |
| Each independent claim over 3 (including Reissues) | 480 | 240 | 120 |
| Multiple dependent claims | 860 | 430 | 215 |

**Total Claims** 20 -20 or HP = **Extra Claims** ______ x **Fee ($)** ______ = **Fee Paid ($)** ______

HP = highest number of total claims paid for, if greater than 20.

**Indep. Claims** 1 -3 or HP = **Extra Claims** ______ x **Fee ($)** ______ = **Fee Paid ($)** ______

HP = highest number of independent claims paid for, if greater than 3.

**Multiple Dependent Claims** **Fee ($)** ______ **Fee Paid ($)** ______

**3. APPLICATION SIZE FEE**

If the specification and drawings exceed 100 sheets of paper (excluding electronically filed sequence or computer listings under 37 CFR 1.52(e)), the application size fee due is $420 ($210 for small entity) ($105 for micro entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s).

**Total Sheets** 22 - 100 = **Extra Sheets** ______ / 50 = **Number of each additional 50 or fraction thereof** ______ (round **up** to a whole number) x **Fee ($)** ______ = **Fee Paid ($)** ______

**4. OTHER FEE(S)** **Fees Paid ($)**

Non-English specification, $140 fee ($70 for small entity) ($35 for micro entity) ______

**Non-electronic filing fee under 37 CFR 1.16(t) for a utility application, $400 fee ($200 small or micro entity)** ______

Other (e.g., late filing surcharge): ______ ______

SUBMITTED BY

| | | | |
|---|---|---|---|
| Signature | /lauren f. anderson/ | Registration No. (Attorney/Agent) 69,344 | Telephone (919) 755-2100 |
| Name (Print/Type) | Lauren F. Anderson | | Date September 10, 2021 |

This collection of information is required by 37 CFR 1.136. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C7 (0020.1 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2:

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

**Inventor** 1 Remove

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Dane | Brooks | Barnes | |

**Residence Information (Select One)** ● US Residency Non US Residency Active US Military Service

| City | Raleigh | State/Province | NC | Country of Residence i | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 921 Washington Street, #202 | | |
|---|---|---|---|
| Address 2 | | | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27605 | Country i | US |

**Inventor** 2 Remove

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Alexander | Griffith | Slater | |

**Residence Information (Select One)** ◉ US Residency Non US Residency Active US Military Service

| City | Raleigh | State/Province | NC | Country of Residence i | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 614 Holden Street | | |
|---|---|---|---|
| Address 2 | | | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27604 | Country i | US |

**Inventor** 3 Remove

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Scott | Christian | Barnes | |

**Residence Information (Select One)** ◉ US Residency Non US Residency Active US Military Service

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C7 (0020.1 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

| | | | | | |
|---|---|---|---|---|---|
| **City** | Raleigh | **State/Province** | NC | **Country of Residence** i | US |

**Mailing Address of Inventor:**

| | | | |
|---|---|---|---|
| **Address 1** | 921 Washington Street, #202 | | |
| **Address 2** | | | |
| **City** | Raleigh | **State/Province** | NC |
| **Postal Code** | 27605 | **Country** i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button. Add

## Correspondence Information:

**Enter either Customer Number or complete the Correspondence Information section below. For further information see 37 CFR 1.33(a).**

☐ **An Address is being provided for the correspondence Information of this application.**

| | | | |
|---|---|---|---|
| **Customer Number** | 26158 | | |
| **Email Address** | IPDocketing@wbd-us.com | Add Email | Remove Email |

## Application Information:

| | | | |
|---|---|---|---|
| **Title of the Invention** | SHADING SYSTEM AND METHOD OF USE | | |
| **Attorney Docket Number** | S105508 1010US.C7 (0020.1 | **Small Entity Status Claimed** | ☒ |
| **Application Type** | Nonprovisional | | |
| **Subject Matter** | Utility | | |
| **Total Number of Drawing Sheets (if any)** | 7 | **Suggested Figure for Publication (if any)** | 1 |

## Filing By Reference:

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country i |
|---|---|---|
| | | |

## Publication Information:

☐ Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☐ **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C7 (0020.1 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32).
Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| | | | |
|---|---|---|---|
| Please Select One: | ● Customer Number | US Patent Practitioner | ◯ Limited Recognition (37 CFR 11.9) |
| Customer Number | 26158 | | |

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, 365(c), or 386(c) or indicate National Stage entry from a PCT application. Providing benefit claim information in the Application Data Sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the "Application Number" field blank.

| Prior Application Status | Pending | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| | Continuation of | 17/232799 | 2021-04-16 |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 17/232799 | Continuation of | 16/987886 | 2020-08-07 | 11111690 | 2021-09-07 |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 16/987886 | Continuation of | 16/224465 | 2018-12-18 | 10753117 | 2020-08-25 |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 16/224465 | Continuation of | 15/675715 | 2017-08-12 | 10190330 | 2019-01-29 |

| Prior Application Status | Expired | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| 15/675715 | Claims benefit of provisional | 62/409426 | 2016-10-18 |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button. Add

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C7 (0020.1 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55. When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(i)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Remove<br>Access Code[i] (if applicable) |
|---|---|---|---|
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button. Add

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C7 (0020.1 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

## Authorization or Opt-Out of Authorization to Permit Access:

When this Application Data Sheet is properly signed and filed with the application, applicant has provided written authority to permit a participating foreign intellectual property (IP) office access to the instant application-as-filed (see paragraph A in subsection 1 below) and the European Patent Office (EPO) access to any search results from the instant application (see paragraph B in subsection 1 below).

Should applicant choose not to provide an authorization identified in subsection 1 below, applicant **must opt-out** of the authorization by checking the corresponding box A or B or both in subsection 2 below.

**NOTE**: This section of the Application Data Sheet is **ONLY** reviewed and processed with the **INITIAL** filing of an application. After the initial filing of an application, an Application Data Sheet cannot be used to provide or rescind authorization for access by a foreign IP office(s). Instead, Form PTO/SB/39 or PTO/SB/69 must be used as appropriate.

**1. Authorization to Permit Access by a Foreign Intellectual Property Office(s)**

**A. Priority Document Exchange (PDX)** - Unless box A in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the State Intellectual Property Office of the People's Republic of China (SIPO), the World Intellectual Property Organization (WIPO), and any other foreign intellectual property office participating with the USPTO in a bilateral or multilateral priority document exchange agreement in which a foreign application claiming priority to the instant patent application is filed, access to: (1) the instant patent application-as-filed and its related bibliographic data, (2) any foreign or domestic application to which priority or benefit is claimed by the instant application and its related bibliographic data, and (3) the date of filing of this Authorization. See 37 CFR 1.14(h)(1).

**B. Search Results from U.S. Application to EPO** - Unless box B in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the EPO access to the bibliographic data and search results from the instant patent application when a European patent application claiming priority to the instant patent application is filed. See 37 CFR 1.14(h)(2).

The applicant is reminded that the EPO's Rule 141(1) EPC (European Patent Convention) requires applicants to submit a copy of search results from the instant application without delay in a European patent application that claims priority to the instant application.

**2. Opt-Out of Authorizations to Permit Access by a Foreign Intellectual Property Office(s)**

☐ A. Applicant **DOES NOT** authorize the USPTO to permit a participating foreign IP office access to the instant application-as-filed. If this box is checked, the USPTO will not be providing a participating foreign IP office with any documents and information identified in subsection 1A above.

☐ B. Applicant **DOES NOT** authorize the USPTO to transmit to the EPO any search results from the instant patent application. If this box is checked, the USPTO will not be providing the EPO with search results from the instant application.

**NOTE:** Once the application has published or is otherwise publicly available, the USPTO may provide access to the application in accordance with 37 CFR 1.14.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C7 (0020.1 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

**Applicant** 1 — Remove

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

Clear

| | | |
|---|---|---|
| ● Assignee | Legal Representative under 35 U.S.C. 117 | Joint Inventor |
| Person to whom the inventor is obligated to assign. | Person who shows sufficient proprietary interest | |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

| | |
|---|---|
| Name of the Deceased or Legally Incapacitated Inventor: | |
| If the Applicant is an Organization check here. | ☒ |
| Organization Name | Shibumi Shade, Inc. |

**Mailing Address Information For Applicant:**

| | | | |
|---|---|---|---|
| **Address 1** | 614 Holden Street | | |
| Address 2 | | | |
| **City** | Raleigh | **State/Province** | NC |
| **Country** | US | Postal Code | 27604-1949 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button. Add

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C7 (0020.1 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

## Assignee 1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

Remove

If the Assignee or Non-Applicant Assignee is an Organization check here. ☐

| Prefix | **Given Name** | Middle Name | **Family Name** | Suffix |
|---|---|---|---|---|
| | | | | |

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| | | | |
|---|---|---|---|
| **Address 1** | | | |
| Address 2 | | | |
| **City** | | **State/Province** | |
| **Country** i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button. Add

## Signature:

Remove

**NOTE:** This Application Data Sheet must be signed in accordance with 37 CFR 1.33(b). **However, if this Application Data Sheet is submitted with the <u>INITIAL</u> filing of the application <u>and</u> either box A or B is <u>not</u> checked in subsection 2 of the "Authorization or Opt-Out of Authorization to Permit Access" section, then this form must also be signed in accordance with 37 CFR 1.14(c).**

This Application Data Sheet **<u>must</u>** be signed by a patent practitioner if one or more of the applicants is a **juristic entity** (e.g., corporation or association). If the applicant is two or more joint inventors, this form must be signed by a patent practitioner, **<u>all</u>** joint inventors who are the applicant, or one or more joint inventor-applicants who have been given power of attorney (e.g., see USPTO Form PTO/AIA/81) on behalf of **<u>all</u>** joint inventor-applicants.

See 37 CFR 1.4(d) for the manner of making signatures and certifications.

| **Signature** | /lauren f. anderson/ | | | Date (YYYY-MM-DD) | 2021-09-10 |
|---|---|---|---|---|---|
| First Name | Lauren | Last Name | Anderson | Registration Number | 69,344 |

Additional Signature may be generated within this form by selecting the Add button. Add

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C7 (0020.1 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1 The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3 A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent CooperationTreaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# SHADING SYSTEM AND METHOD OF USE

## CROSS-REFERENCE TO RELATED APPLICATIONS

**[0001]** This application is a non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, the contents of which are hereby incorporated by reference in its entirety.

## TECHNICAL FIELD

**[0002]** The presently disclosed subject matter is directed towards a system and method for providing shade from the sun. Specifically, a transportable system and method of use for providing shade from the sun is disclosed that includes a canopy supported by a singular frame and an engaged counterweight.

## BACKGROUND

**[0003]** Avoiding direct sunlight when outdoors is a ubiquitous problem faced by anyone who spends significant time outdoors. Shading systems of the prior art are typically ineffective or impractical to use for a number of reasons. Some systems include rigid canopy susceptible to being shifted or unanchored by wind. Other systems are cumbersome to transport or assemble, due to the number of parts involved, steps required during setup and/or low shade to weight ratios.

**[0004]** Accordingly, there remains a need for systems and methods including flexible canopy structures capable of being at least partially supported by wind and configured for easy of transport and assembly.

## SUMMARY

**[0005]** This Summary is provided to introduce a selection of concepts in a simplified form that are further described below in the Detailed Description. This Summary is not intended to identify key features or essential features of the claimed subject matter, nor is it intended to be used to limit the scope of the claimed subject matter. Further, the claimed subject matter is not

limited to implementations that solve any or all disadvantages noted in any part of this disclosure.

**[0006]** According to at least one embodiment of the disclosed subject matter, a system for providing shade onto a surface is provided. The system includes a canopy configured for engagement with, and aerial suspension by, a frame; the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections, wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

**[0007]** According to at least one embodiment of the disclosed subject matter, a method of providing shade to a surface is provided. The method includes coupling adjacent sections of a plurality of sections into end-to-end alignment to form a frame from a first end to a second end; sliding the frame through one or more loops of a canopy; securing the left end and the right end of the frame to the surface, thereby aerially suspending the canopy and providing shade to the surface.

**[0008]** According to at least one embodiment of the disclosed subject matter, the system further includes a cable extending through the plurality of sections of the frame from the left end to the right end.

**[0009]** According to at least one embodiment of the disclosed subject matter, the system further includes a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

**[0010]** According to at least one embodiment of the disclosed subject matter, the system further includes at least one loop on a suspension end of the canopy, the loop configured for accepting a portion of the frame therethrough.

**[0011]** According to at least one embodiment of the disclosed subject matter, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

**[0012]** According to at least one embodiment of the disclosed subject matter, the system further includes at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

**[0013]** According to at least one embodiment of the disclosed subject matter, wherein the at least one strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

**[0014]** According to at least one embodiment of the disclosed subject matter, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

**[0015]** According to at least one embodiment of the disclosed subject matter, wherein the at least one strap is elastic.

**[0016]** According to at least one embodiment of the disclosed subject matter, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

**[0017]** According to at least one embodiment of the disclosed subject matter, the system further includes a container for housing and transporting all of the other components of the system.

**[0018]** According to at least one embodiment of the disclosed subject matter, wherein the container is also an anchor for housing weight, the container coupled to a cord, the cord engageable with, or coupled to, the canopy or frame.

**[0019]** According to at least one embodiment of the disclosed subject matter, wherein the cord is attached to an interior bottom of the container for inverting the container to serve as the anchor for housing weight.

**[0020]** According to at least one embodiment of the disclosed subject matter, wherein the container includes an interior compartment for housing the sections separate from the canopy.

**[0021]** According to at least one embodiment of the disclosed subject matter, the method further includes filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

**[0022]** According to at least one embodiment of the disclosed subject matter, wherein coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

**[0023]** According to at least one embodiment of the disclosed subject matter, the method further includes unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

**[0024]** According to at least one embodiment of the disclosed subject matter, the method further includes wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

**[0025]** According to at least one embodiment of the disclosed subject matter, the method further includes fastening the at least one strap for locking the strap into position.

## BRIEF DESCRIPTION OF THE DRAWINGS

**[0026]** The foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however, the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed.

**[0027]** FIG. 1 is a perspective view of a system for providing shade according to one or more embodiments of the presently disclosed subject matter.

**[0028]** FIG. 2 is a front view of a frame in a transport configuration according to one or more embodiments of the presently disclosed subject matter.

**[0029]** FIG. 3 is a perspective view of at least one strap engageable with a canopy according to one or more embodiments of the presently disclosed subject matter.

**[0030]** FIG. 4 is a perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter.

**[0031]** FIG. 5 is a perspective view of a container serving as an anchor according to one or more embodiments of the presently disclosed subject matter.

**[0032]** FIG. 6 is a perspective view of the container housing the system for shading according to one or more embodiments of the presently disclosed subject matter.

**[0033]** FIG. 7 is a perspective view of the container having a compartment for housing sections of the frame according to one or more embodiments of the presently disclosed subject matter.

## DETAILED DESCRIPTION

**[0034]** These descriptions are presented with sufficient details to provide an understanding of one or more particular embodiments of broader inventive subject matters. These descriptions expound upon and exemplify particular features of those particular embodiments without limiting the inventive subject matters to the explicitly described embodiments and features. Considerations in view of these descriptions will likely give rise to additional and similar embodiments and features without departing from the scope of the inventive subject matters. Although the term “step” may be expressly used or implied relating to features of processes or methods, no implication is made of any particular order or sequence among such expressed or implied steps unless an order or sequence is explicitly stated.

**[0035]** Any dimensions expressed or implied in the drawings and these descriptions are provided for exemplary purposes. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to such exemplary dimensions. The drawings are not made necessarily to scale. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to the apparent scale of the drawings with regard to relative dimensions in the drawings. However, for each drawing, at least one embodiment is made according to the apparent relative scale of the drawing.

**[0036]** FIG. 1 depicts one embodiment of a system 10 for providing shade 1 onto a surface 2. The system 10 may include a canopy 12 configured for engagement with, and aerial suspension by, a frame 14. The canopy 12 may include one or more lightweight materials, the material including one or more of the following properties: ripstop, polyester, blackout, light diffusion, light modification, and waterproof. The canopy 12 may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable sections 44.

**[0037]** According to some embodiments, the canopy 12 may define a suspension end 42 positioned proximal to the frame 14 when the canopy 12 is engaged with the frame 14. The suspension end 42 may include one or more suspension fasteners 46 for engaging the canopy 12 with the frame 14. Fasteners 46, 52, 54, as used herein, may include any fasteners of the prior art, including but not limited to hooks and loops, male and female buttons, hook and slit or aperture, and/or magnets. FIG. 1 depicts the canopy 12 defining at least one loop 40 on the suspension end

42 of the canopy, the loop 40 configured for accepting a portion 26 of the frame 14 therethrough. Although the loop 40 of FIG. 1 extends the entire length of the suspension end 42, the loop 40, or plurality of loops 40, may only extend a smaller distance of the suspension end 42. In some embodiments, one or more loops 40 may include tie strings for engaging the suspension end 42 with the frame 14.

**[0038]** The canopy 12 may be configured to suspend or be stored in any number of shapes and sizes. In some embodiments, the canopy 12 may define one or more vent holes and/or wind socks for permitting wind to pass therethrough. In other embodiments, the canopy 12 may define tails extending from a side opposite the suspension end 42.

**[0039]** While the suspension end 42, suspension fasteners 46 and loop(s) 40 engage the canopy 12 to the frame 14, in some embodiments, additional securing mechanisms may be desired to secure the canopy 12 into position relative to the frame 14. FIGS. 1 and 3 depict embodiments of the system 10 including at least one strap 50 engageable with, or coupled to, the canopy 12 for securing the canopy 12 into position relative to the frame 14. The at least one strap 50 may be elastic rubber, gear ties, bungee cord, rope or any other material capable of wrapping about the frame 14 or other component of the system 10. The at least one strap 50 may engage or couple to the canopy 12 on either or both ends of the suspension end 42 and/or to the loop 40 of the suspension end 42. Each of the straps 50 may be configured to wrap about the frame 14, or engage the frame 14 using a strap fastener 52 and/or a canopy or frame fastener 54. In some embodiments, a strap 50 may include a canopy fastener 54 for engaging the canopy 12 (e.g., a ball at one end of the strap 50 for engaging a grommeted aperture of the canopy 12), and the strap 50 may be manipulated about the frame 14. Alternatively, a strap 50 may include both a strap fastener 52 on one end and a canopy fastener 54 on the other end for wrapping the strap 50 about the frame 14 and fastening the fasteners 52, 54 together (see, e.g., FIG. 3). In yet another alternative, the strap 50 may include be coupled or engaged to the canopy 12 on one end and include a frame fastener 54 on the other end for engaging the canopy 12 to the frame 14.

**[0040]** The at least one strap 50 may be comprised of any number of materials, including but not limited to one or more of the following: fabric, rubber, plastic, and metal. In some embodiments, the at least one strap 50 may have a higher friction of coefficient with respect to the frame 14 relative to the canopy 12 with respect to the frame 14. For example, if the canopy

12 includes polyester fabric and the at least one strap 50 includes rubber, then the friction of coefficient with a metal or plastic frame 14 would be higher for the strap than for the canopy 12. In some embodiments, the at least one strap 50 may be elastic. Being able to stretch the at least one strap 50 about the frame 14 when engaging the strap 50 thereto can greatly increase the friction between the strap 50 and the frame 14, particularly if the strap 50 is also fastened to itself after wrapping.

**[0041]** According to some embodiments, the frame 14 of the system 10 may include, or consist essentially of, a plurality of sections 24 configured for end-to-end alignment from a left end 20 of the frame 14 to a right end 22 of the frame 14. Each of the sections 24 may be further configured to engage with any adjacent sections 24. When two or more or all of the sections 24 are aligned end-to-end and engaged with adjacent sections 24, the frame 14 may be positioned to receive and support the canopy 12. In some embodiments, the sections 24 are arranged telescopically, where each adjacent section 24 may be housed within, and extend from each adjacent section 24. In other embodiments, as depicted in FIG. 2, many of the sections include both a male end 62 and a female end 60 for engaging adjacent sections 24 to each other to construct the supporting frame 14. In some embodiments, all but one of the sections 24 includes a female end 60 for accepting a male end 62 of one of the adjacent sections 24 therein.

**[0042]** During transport, the sections 24 may be compactly configured as depicted in FIG. 2. A first section 64 may define the left end 20 of the frame 14 and a last section 66 may define the right end 22 of the frame 14. The first section 64 may include a single male end 62 or female end 60, with the other end being the left end 20 and/or cap 68 (FIG. 2 depicts first section 64 having a male end 62 and cap 68). A last section 66 may similarly include a single male end 62 or female end 60, with the other end being the right end 22 and/or cap 68 (FIG. 2 depicts last section 66 having a female end 60 and cap 68). The cap may serve to close off an end of the first and/or last section 64, 66 for preventing sand from entering therein and for securing the cable 30, as described below.

**[0043]** As depicted in FIG. 2, the system 10 may further include a cable 30 extending through the plurality of sections 24 of the frame 12 from the left end 20 to the right end 22. The cable 30 may be elastic so that the sections 24 may be maneuvered between a transport configuration (e.g., FIG. 2) and a supporting configuration (e.g., FIG. 1), yet still remain adjacent

and aligned end-to-end, the cable 30 providing supporting tension to the end-to-end alignment of the supporting configuration. The cable 30 may be affixed to an interior and/or cap 68 of the first section 64 and second section 66. The cable 30 may also be affixed to interiors of any of the other sections 24.

**[0044]** When the frame 14 is in the transport configuration, and a cable 30 extends through the sections 24 of the frame 14, the male and female ends 60, 62, and/or the cable 30 itself, may be configured to prevent degradation or injury to the cable 30. Looking to FIG. 2, any pressure applied to the sections 24 from the top of the figure or the bottom of the figure may create injury to the cable 30 where it is exposed between the male and female ends 60, 62. Therefore, the female ends 60 and/or male ends 62 may define grooves for permitting passage of the cable therebetween such that any objects applying pressure from the top or bottom of the figure would apply that pressure directly to the ends 60, 62 and not onto the cable 30, effectively clipping the cable between the end 60, 62 and the object. The cable 30 may include reinforcements at the exposed sections between the ends 60, 62 when in the transport configuration. The reinforcements may include additional layers of fabric, metal-reinforced cylinders, and/or thicker elastic bands.

**[0045]** In some embodiments of the system 10, the sections 24 of the frame 12 may form a curved shape when in the supporting configuration. In other embodiments, the sections 24 may form other shapes or designs when in the supporting configuration. A curved shape may be formed when the male and female ends 60, 62 are co-extensive with curved axis the remaining portions of the sections 24. To form other designs, the female ends 60 and/or male ends 62 may be shaped for creating non-co-extensive angles with respect to the axis of the remaining portions of the sections 24. For example, a female end 60 engaging two sections may be shaped in a right angle, thereby creating an 'L' shape when the two adjacent sections are engaged. Other female ends 60 may be shaped at other angles, thereby creating a design or pattern when all of the sections 24 are engaged and the frame is in the supporting configuration.

**[0046]** Referencing FIGS. 4 and 5, the system 10 may further include a cord 32 engaged with, or coupled to, an anchor 34, the canopy 12, and/or the frame 14 for providing support to the frame 14 when in the supporting configuration. The anchor 34 may be configured for housing weight 36. The cord 32 may be engaged with or coupled to the canopy 12 and/or frame 14 at an

apex of the canopy 12 and/or frame 14. For example, if the ends 20, 22 of the frame 14 are secured within sand on a beach, the anchor 34 may be filled with sand acting as the weight 36. The system 10 may further include a hoop 33 or other fastener, such as the fasteners described herein, engaged with, or coupled to, the canopy 12 or frame 14 with which the cord 12 may be engaged or coupled (e.g., see FIG. 4 embodiment where the hoop 33 is coupled to the canopy 12).

**[0047]** FIG. 6 depicts an embodiment of the system 10 further including a container 70 for housing and transporting all of the other components of the system 10. The container 70 may include a band 76 for transporting the container 70 about the shoulder or in the palm of a user 3. The band 76 may be configured to be a handle and/or may be selectively engageable with the container 70 for storage therein. The container 70 may include a drawstring 78 or other closing mechanism for securing the contents of the system 10 therewithin.

**[0048]** The container 70 may also be the anchor 34 for housing weight 36 (see, e.g., FIG. 5). In some embodiments, the container 70 may be inverted for housing weight 36 for ensuring that minimal amounts of weight 36 remain in the container once re-inverted so that the contents of the system 10 are not disturbed by any weight 36 during transportation and/or storage of the system 10. The cord 32 may be engaged with or coupled to an interior 72 of the container 70 for inverting the container 70. The cord 32 may be engaged with or coupled to the bottom 74 of the container 70 for permitting full inversion, or at a mid-point 75 of the container 70 for permitting half inversion of the container 70 (see, e.g., FIG. 7). In other embodiments, the cord 32 may be selectively engaged or coupled with an exterior 73 of the container 70.

**[0049]** For example, when the contents of the system 10 are removed from the container 70, the cord 32 may be pulled away from the container 70 while the container 70 is held into position (or pushed away from the cord 32), thereby inverting the container 70 to serve as the anchor 34. When the cord 32 is engaged or coupled to an interior 72 and bottom 74, the pulling of the cord 32 may result in the full inversion of the container 70. When the cord is engaged or coupled to an interior 72 and mid-point 75, the pulling of the cord 32 may result in a half inversion of the container 70. If the container 70 includes a compartment 77 as described herein, then the inversion of the container 70 may result in the compartment 77 being exterior to the anchor 34 and any weight 36.

**[0050]** FIG. 7 illustrates the container 70 including a compartment 77 positioned on the interior 72 for housing the sections 24 separate from the canopy 12. The compartment 77 may be engageable with or coupled to the interior 72 of the container 70. The compartment 77 may be sewn to the interior 72 of the container 70 along a single seam or multiple seams. A drawstring or other closing mechanism 78 may be included on the container 70 for cinching close an open side 79 of the container. Although FIG. 7 depicts the seam of the compartment 77 only connecting a portion of the compartment length to the container 70, other embodiments may include the entire length of the compartment 77 being sewn to the container 70.

**[0051]** The left end 20 and the right end 22 of the frame 14 may be each be embedded in the surface 2. The ends 20, 22 may define a conical shape or a corkscrew shape for ease of penetration of the surface 2. Additional anchor(s) 35 may be engaged or coupled to the left end 20 and/or right end 22 for further securing the frame 14 into position. In embodiments where a tail is defined by the canopy 12, the tail may be engaged with or coupled to an additional anchor 34 for securing the canopy 12 into position for providing shade 1 to the surface 2. In yet additional embodiments, an additional suspension end 43 may be defined by the canopy 12. The additional suspension end 43 may include any of the features and characteristics described herein attributed to the suspension end 42. For example, the additional suspension end 43 may form an additional loop 41 for engaging or coupling an additional frame 15, thereby further suspending the canopy 12 from both the frame 14 and the additional frame 15.

**[0052]** In addition to the methods of using the system 10 described herein, the following additional methods of using the system 10 are provided. A method of providing shade 1 to a surface 2 may include unpacking or removing the frame 14 and the canopy 12 from the container 70. Adjacent sections 24 of the plurality of sections 24 may be engaged or coupled into end-to-end alignment to configure the frame 14 from a left end 20 to a right end 22 into a supporting configuration. The frame 14 may slide through one or more loops 40 of the canopy 12 and/or may be engaged with the suspension end 42 of the canopy 12. The ends 20, 22 of the frame 14 may be secured to the surface 2, thereby aerially suspending the canopy 12 and providing shade 1 to the surface 2.

**[0053]** The canopy 12 may be secured into position relative to the frame 14 by wrapping at least one strap 50 about the frame 14 and/or fastening the at least one strap 50 to or about the

frame 14. The cord may be engaged with the canopy 12, frame 14 and/or anchor 34. The anchor 34 may be filled with weight 36. Additional anchors 35 may be engaged with the ends 20, 22, additional frame 15 and/or tail of the canopy 12. The additional anchors 35 may be filled with weight 36.

**[0054]** Particular embodiments and features have been described with reference to the drawings. It is to be understood that these descriptions are not limited to any single embodiment or any particular set of features, and that similar embodiments and features may arise or modifications and additions may be made without departing from the scope of these descriptions and the spirit of the appended claims.

## CLAIMS

The invention claimed is:

1. A system for providing shade onto a surface, comprising:

a canopy configured for engagement with, and aerial suspension by, a frame;

the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections,

wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

2. The system of claim 1, further comprising a cable extending through the plurality of sections of the frame from the left end to the right end.

3. The system of claim 1, further comprising a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

4. The system of claim 1, wherein the canopy includes at least one loop on a suspension end, the loop configured for accepting a portion of the frame therethrough.

5. The system of claim 4, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

6. The system of claim 1, further comprising at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

7. The system of claim 6, wherein the at least one strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

8. The system of claim 6, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

9. The system of claim 6, wherein the at least one strap is elastic.

10. The system of claim 1, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

11. The system of claim 1, further comprising a container for housing and transporting all of the other components of the system.

12. The system of claim 11, wherein the container is also an anchor for housing weight, the container engageable with, or coupled to, a cord, the cord engageable with, or coupled to, the canopy or frame.

13. The system of claim 12, wherein the cord is coupled to an interior of the container for inverting the container to serve as the anchor for housing weight.

14. The system of claim 11, wherein the container includes an interior compartment for housing the sections separate from the canopy.

15. A method of providing shade to a surface, comprising:

coupling adjacent sections of a plurality of sections into end-to-end alignment to form a frame from a first end to a second end;

sliding the frame through one or more loops of a canopy;

securing the left end and the right end of the frame to the surface,

thereby aerially suspending the canopy and providing shade to the surface.

16. The method of claim 15, further comprising filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

17. The method of claim 15, wherein the coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

18. The method of claim 15, further comprising unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

19. The method of claim 15, further comprising wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

20. The method of claim 19, further comprising fastening the at least one strap for locking the strap into position.

**ABSTRACT**

A system for providing shade onto a surface is described herein. The system includes a canopy configured for engagement with, and aerial suspension by, a frame. The frame includes a plurality of sections configured for end-to-end alignment from a left end to a right end of the frame. Each section is configured to engage with any adjacent sections to form the frame. The ends of the frame are secured to the surface, thereby aerially suspending the canopy and providing shade to the surface.



Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 29 of 448




FIG. 1




FIG. 2




FIG. 3




FIG. 4




FIG. 5




FIG. 6




FIG. 7

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT4547643

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| DANE BROOKS BARNES | 08/08/2017 |
| ALEXANDER GRIFFITH SLATER | 08/08/2017 |
| SCOTT CHRISTIAN BARNES | 08/08/2017 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | SHIBUMI SHADE, LLC |
| **Street Address:** | 614 HOLDEN ST |
| **City:** | RALEIGH |
| **State/Country:** | NORTH CAROLINA |
| **Postal Code:** | 27604-1949 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 15675715 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

**Phone:** 919-348-2194
**Email:** lgravatt@nkpatentlaw.com
**Correspondent Name:** NK PATENT LAW
**Address Line 1:** 4917 WATERS EDGE DRIVE
**Address Line 2:** SUITE 275
**Address Line 4:** RALEIGH, NORTH CAROLINA 27606

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | 785/2 UTIL |
| **NAME OF SUBMITTER:** | WILLIAM LYLE GRAVATT |
| **SIGNATURE:** | /William Lyle Gravatt/ |
| **DATE SIGNED:** | 08/12/2017 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

**Total Attachments: 3**
source=785-2UTIL-20170812-Dec-Asssign-signed#page1.tif
source=785-2UTIL-20170812-Dec-Asssign-signed#page2.tif

# DECLARATION AND ASSIGNMENT OF RIGHTS

As a below named inventor (hereinafter designated as the undersigned or the Assignor, where appropriate), I hereby declare that:

The application is as identified by the attorney docket number, title, Filing Date, or Application Title as set forth in the following Table I.

The application in Table I was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the applications in Table I.

The undersigned hereby acknowledges that any willful false statement made in this declaration is punishable under 18 U.S.C. § 1001 by fine or imprisonment of not more than five (5) years, or both.

WHEREAS, the undersigned, **Dane Brooks Barnes, Alexander Griffith Slater and Scott Christian Barnes**, (hereinafter "Assignor") has invented certain new and useful improvements described in the application(s) identified in Table I.

AND, WHEREAS, **SHIBUMI SHADE, LLC**, having a place of business at 614 Holden Street, Raleigh, NC 27604-1949 (hereinafter "Assignee"), has already acquired an interest in the application(s) identified in Table I by and through an employment or other agreement between Assignor and Assignee. I further authorize an agent of the Assignee to insert the filing date, application number, and any other identifying particulars as required for perfecting these assignment papers.

However, in the avoidance of doubt and as confirmation of the already acquired interest by Assignee, NOW, THEREFORE, To Whom It May Concern, be it known that for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor has assigned and by these presents does hereby sell, assign, transfer, and convey unto the Assignee, its successors and assigns, his entire right, title, and interest in and to the invention and application, including the right to sue for past infringements and any other prior occurring rights, provided any such rights exist, and in and to any and all domestic and foreign patent applications filed on the invention, and in and to any and all continuations, continuations-in-part, or divisions thereof, and in and to any and all Letters Patent of the United States of America, and all foreign countries or reissues thereof which may be granted therefor or thereon, for the full end of the term for which said Letters Patent may be granted, together with his right to claim the priority of said application in all foreign countries in accordance with the International

Convention, the same to be held and enjoyed by said Assignee, its successors and assigns, as fully and entirely as the same would have been held and enjoyed by Assignor if this assignment and sale had not been made. Assignor further assigns to Assignee the right to claim entitlement and/or priority to any applications that entitlement or priority may be claimed for this or any later filed application, including the assignment of any provisionals or other priority documents to which the inventions claim priority to. The assignment of the right to claim entitlement and/or priority is executed *nunc pro tunc* and is considered effective as of the filing date of the earliest application to which priority and/or entitlement is claimed.

Assignor hereby requests that said Letters Patent be issued in accordance with this assignment.

Assignor further covenants and agrees that, at the time of the execution and delivery of these presents, Assignor possesses full title to the invention and application above-mentioned, and that he has the unencumbered right and authority to make this assignment.

Assignor further covenants and agrees, and likewise binds his heirs, legal representatives and assigns, to promptly communicate to said Assignee or its representatives any facts known to him relating to said invention, to testify in any interference or legal proceedings involving said invention, to execute any additional papers which may be requested to confirm the right of the Assignee, its representatives, successors and assigns to secure patent or similar protection for the said invention in all countries and to vest in the Assignee complete title to the said invention and Letters Patent, without further compensation, but at the expense of said Assignee, its successors, assigns and other legal representatives.

<<<<<<<< TABLE I and Signature Page follows >>>>

**TABLE I**

| Application No. | Attorney Docket No. | Filing Date | Title |
|---|---|---|---|
| 15/675,715 | 785/2 UTIL | 2017-08-12 | SHADING SYSTEM AND METHOD OF USE |

Executed this 8 day of August, 2017.

Dane Barnes

**Dane Brooks Barnes**

Alex Slater

**Alexander Griffith Slater**

Scott Barnes

**Scott Christian Barnes**

**(Assignors)**

Executed this 8 day of August, 2017.

**SHIBUMI SHADE, LLC**

______________________________

Name: Dane Barnes

Title: Officer, Shibumi Shade, LLC

**(Assignee)**

PTO/AIA/82A (07-13)
Approved for use through 03/31/2021. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Title | SHADING SYSTEM AND METHOD OF USE |
| Art Unit | To Be Assigned |
| Examiner Name | To Be Assigned |
| Attorney Docket Number | S105508 1010US.C7 (0020.1) |

**SIGNATURE of Applicant or Patent Practitioner**

| | | | |
|---|---|---|---|
| Signature | /lauren f. anderson/ | Date (Optional) | |
| Name | Lauren F. Anderson | Registration Number | 69,344 |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | Shibumi Shade, Inc. | | |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ *Total of ___________ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 03/31/2021. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| | |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

☑ I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above: 26158

**OR**

☐ I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

☑ The address associated with the above-mentioned Customer Number

**OR**

☐ The address associated with Customer Number:

**OR**

| ☐ Firm or Individual Name | | | | | |
|---|---|---|---|---|---|
| Address | | | | | |
| City | | State | | Zip | |
| Country | | | | | |
| Telephone | | Email | | | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

SHIBUMI SHADE, INC.

☐ Inventor or Joint Inventor (title not required below)

☐ Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

☑ Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

☐ Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

**SIGNATURE of Applicant for Patent**

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | [signature] | Date (Optional) | 4/14/2020 |
|---|---|---|---|
| Name | Dane Barnes | | |
| Title | President | | |

**NOTE:** Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ Total of forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/96 (08-12)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# STATEMENT UNDER 37 CFR 3.73(c)

Applicant/Patent Owner: Shibumi Shade, Inc.

Application No./Patent No.: To Be Assigned Filed/Issue Date: Concurrently Herewith

Titled: SHADING SYSTEM AND METHOD OF USE

Shibumi Shade, Inc., a Corporation

(Name of Assignee) (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that, for the patent application/patent identified above, it is (choose **one** of options 1, 2, 3 or 4 below):

1. ☑ The assignee of the entire right, title, and interest.

2. ☐ An assignee of less than the entire right, title, and interest (check applicable box):

☐ The extent (by percentage) of its ownership interest is ____________%. Additional Statement(s) by the owners holding the balance of the interest must be submitted to account for 100% of the ownership interest.

☐ There are unspecified percentages of ownership. The other parties, including inventors, who together own the entire right, title and interest are:

Additional Statement(s) by the owner(s) holding the balance of the interest must be submitted to account for the entire right, title, and interest.

3. ☐ The assignee of an undivided interest in the entirety (a complete assignment from one of the joint inventors was made). The other parties, including inventors, who together own the entire right, title, and interest are:

Additional Statement(s) by the owner(s) holding the balance of the interest must be submitted to account for the entire right, title, and interest.

4. ☐ The recipient, via a court proceeding or the like (*e.g.*, bankruptcy, probate), of an undivided interest in the entirety (a complete transfer of ownership interest was made). The certified document(s) showing the transfer is attached.

The interest identified in option 1, 2 or 3 above (not option 4) is evidenced by either (choose **one** of options A or B below):

A. ☐ An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in the United States Patent and Trademark Office at Reel ____________, Frame ____________, or for which a copy thereof is attached.

B. ☑ A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

1. From: Barnes; Slater; Barnes To: Shibumi Shade, LLC

The document was recorded in the United States Patent and Trademark Office at Reel 043276, Frame 0936, or for which a copy thereof is attached.

2. From: Shibumi Shade, LLC To: Shibumi Shade, Inc.

The document was recorded in the United States Patent and Trademark Office at Reel 052350, Frame 0912, or for which a copy thereof is attached.



This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450**.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# STATEMENT UNDER 37 CFR 3.73(c)

3. From: ______________________________ To: ______________________________

The document was recorded in the United States Patent and Trademark Office at

Reel ____________, Frame ____________, or for which a copy thereof is attached.

4. From: ______________________________ To: ______________________________

The document was recorded in the United States Patent and Trademark Office at

Reel ____________, Frame ____________, or for which a copy thereof is attached.

5. From: ______________________________ To: ______________________________

The document was recorded in the United States Patent and Trademark Office at

Reel ____________, Frame ____________, or for which a copy thereof is attached.

6. From: ______________________________ To: ______________________________

The document was recorded in the United States Patent and Trademark Office at

Reel ____________, Frame ____________, or for which a copy thereof is attached.

☐ Additional documents in the chain of title are listed on a supplemental sheet(s).

☐ As required by 37 CFR 3.73(c)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

[NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

| | |
|---|---|
| /lauren f. anderson/ | September 10, 2021 |
| Signature | Date |
| Lauren F. Anderson | 69,344 |
| Printed or Typed Name | Title or Registration Number |

Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Attorney's Docket No. **S105508 1010US.C7 (0020.1)** PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | *To Be Assigned* |
| Appl. No.: | *To Be Assigned* | Group Art Unit: | *To Be Assigned* |
| Filed: | *Concurrently Herewith* | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**INFORMATION DISCLOSURE STATEMENT**
**CITATION UNDER 37 C.F.R. § 1.97**

Sir:

Attached is a list of documents on form PTO-1449.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

Any foreign patents or non-patent literature documents items are attached, except those that were supplied in, or cited by the Office during prosecution of, parent Application No. 17/232,799, filed April 16, 2021. Since the benefit of this application was claimed under 35 U.S.C. 120, no copies need to be furnished in accordance with 37 C.F.R. 1.98(d); however, copies will be furnished on request.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON SEPTEMBER 10, 2021.***

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 2 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
| | 1 | US-3,042,053 | 07-03-1962 | Gabriel | |
| | 2 | US-3,052,249 | 09-04-1962 | Seaman *et al.* | |
| | 3 | US-3,070,107 | 12-25-1962 | Beatty | |
| | 4 | US-3,075,536 | 01-29-1963 | Parker | |
| | 5 | US-3,394,720 | 07-30-1968 | Moss | |
| | 6 | US-4,590,956 | 05-27-1986 | Griesenbeck | |
| | 7 | US-4,930,534 | 06-05-1990 | Hill | |
| | 8 | US-5,080,123 | 01-14-1992 | Stein | |
| | 9 | US-5,299,590 | 08-05-1994 | Deibert *et al.* | |
| | 10 | US-5,927,311 | 07-27-1999 | Jager | |
| | 11 | US-5,950,649 | 09-14-1999 | Gerig | |
| | 12 | US-6,964,277 | 11-15-2005 | Naber | |
| | 13 | US-7,406,977 | 08-05-2008 | Shires | |
| | 14 | US-7,708,339 | 05-04-2010 | Zapater | |
| | 15 | US-7,789,097 | 09-07-2010 | Sotirkys *et al.* | |
| | 16 | US-8,424,549 | 04-23-2013 | Goldsmith *et al.* | |
| | 17 | US-8,453,664 | 06-04-2013 | Parsons *et al.* | |
| | 18 | US-8,720,461 | 05-13-2014 | Nichols | |
| | 19 | US-8,899,251 | 12-02-2014 | Leung *et al.* | |
| | 20 | US-9,051,755 | 06-09-2015 | Heining *et al.* | |
| | 21 | US-9,051,756 | 06-09-2015 | Jenkins | |
| | 22 | US-9,113,724 | 08-25-2015 | Heining *et al.* | |
| | 23 | US-2003/0089390 | 05-15-2003 | Seo | |
| | 24 | US-2007/0079857 | 04-12-2007 | Tseng | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 2 | of | 2 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

**U. S. PATENT DOCUMENTS**

| | | | | | |
|---|---|---|---|---|---|
| | 25 | US-2012/0291830 | 11-22-2012 | Crimi | |
| | 26 | US-2013/0074894 | 03-28-2013 | Cook | |
| | 27 | US-2014/0041703 | 02-13-2014 | Funston | |
| | 28 | US-2014/0209132 | 07-31-2014 | Landry | |
| | 29 | US-2015/0040957 | 02-12-2015 | Mallookis *et al.* | |
| | 30 | US-2015/0252585 | 09-10-2015 | Mallookis *et al.* | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 31 | WO 02/04768 | 01-17-2002 | Selby | | |
| | 32 | FR 2 884 844 | 04-26-2005 | Cahours De Virgile | | |
| | 33 | DE 10 2009 020 795 | 11-04-2010 | Schmidt | | |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 34 | YouTube video by Robert Marazzita: The Best Beach Cabana – Set Up and Tear Down, July 9, 2015, [site visited August 8, 2017], Available on the Internet URL: <https:www.youtube.com/watch?v=LfccH7yV6SE>. | |
| | 35 | YouTube video by Robb's Homemade Life: Make $15 Beach Shade tent Easy Quick DIY, October 6, 2015 [site visited August 8, 2017] Available on the internet URL: <www.youtube.com/watch?v+X20b4pLJx1c> | |
| | 36 | YouTube video by Beachspirit: Kitent (R) - the Floating beach tent for sun shade, October 8, 2016 [site visited August 8, 2017] Available on the internet URL: <https://m.youtube.com/watch?v=OUaDZeqdTkQ> | |
| | 37 | YouTube video by ZiggyShade Beach Sunshade: ZiggyShade – Beach Sunshade – Set up instructions, November 24, 2016 [site visited August 8, 2017] Available on the internet URL: <https://youtu.be/1krQ0rlumws> | |
| | 38 | YouTube video by bibitedog: How to set up a butterfly arch, May 26, 2012 [site visited December 18, 2018] Available on the internet URL: <https://www.youtube.com/watch?v=FOTYtjQAL4s> | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | *To Be Assigned* |
| Appl. No.: | *To Be Assigned* | Group Art Unit: | *To Be Assigned* |
| Filed: | *Concurrently Herewith* | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C7 (0020.1)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**PRELIMINARY AMENDMENT**
**37 CFR § 1.115**

Sir:

Please enter this Preliminary Amendment before calculating the claim fee and amend the above-identified application as follows:

**Amendments to the Specification** begin on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 3 of this paper.

**Remarks** begin on page 7 of this paper.

Amendments to the Specification:

On page 1, after the title of the invention, please amend the following paragraph:

CROSS-REFERENCE TO RELATED APPLICATIONS

This application is a continuation of U.S. Application No. 17/232,799 filed April 16, 2021, which is a continuation of U.S. Application No. 16/987,886, filed August 7, 2020, which is a continuation of U.S. Patent No. 16/224,465, filed December 18, 2018, which granted August 25, 2020 as U.S. Patent No. 10,753,117, which is a continuation of U.S. Application No. 15/675,715, filed August 12, 2017, which granted January 29, 2019 as U.S. Patent No. 10,190,330, which is a non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, ~~the contents of which are hereby incorporated by reference in its entirety~~ which applications are hereby incorporated by reference in their entirety in this application.

<u>Amendments to the Claims</u>:

1. – 20. (Canceled)

21. (New) A system for providing shade onto a surface, the system comprising:

a frame engageable with the surface;

a sheet of material extending between a suspension end and an opposing trailing end, the suspension end of the sheet of material being coupleable with the frame about a portion of the frame.

22. (New) The system of claim 21, wherein the sheet of material is a unitary sheet of material or comprises a plurality of sheets of material coupleable together.

23. (New) The system of claim 22, wherein the plurality of sheets of material are selectively coupled together so that a first sheet of material is coupled with the frame about a suspension end and a suspension end of a second sheet of material is removeably coupled to a trailing end of the first sheet of material.

24. (New) The system of claim of claim 21, wherein the sheet of material has at least one set of parallel sides.

25. (New) The system of claim 24, wherein the sheet of material has two sets of parallel sides.

26. (New) The system of claim 21, wherein the sheet of material comprises one or more vent holes defined within the sheet of material, one or more tails extending therefrom, one or more wind socks, or a combination thereof.

27. (New) The system of claim 21, wherein the trailing end of the sheet of material is spaced apart from the portion of the frame such that when a wind force is applied to the sheet of material, the sheet of material extends at an angle relative to the surface, the angle varying with the wind force, and when there is de minimis wind force, the sheet of material is in contact with the surface at the trailing end.

28. (New) The system of claim 21, wherein the frame comprises a plurality of longitudinally-extending sections.

29. (New) The system of claim 28, wherein the plurality of longitudinally-extending sections are arrangeable so that at least a first longitudinally-extending section and a second longitudinally-extending section are each engageable with the surface at first ends thereof and are coupleable to one another about opposing, second ends or are each respectively coupleable to first and second ends of at least one intermediate longitudinally-extending section arranged therebetween.

30. (New) The system of claim 28, further comprising a cable extending through the plurality of longitudinally-extending sections of the frame from the first end of the first longitudinally-extending section to the first end of the second longitudinally-extending section and any of the at least one intermediate longitudinally-extending sections arranged therebetween.

31. (New) The system of claim 28, wherein the plurality of longitudinally-extending sections are arrangeable so that they are non-coextensive relative to one another.

32. (New) The system of claim 31, wherein a first longitudinally-extending section is engaged with the surface and a second, non-coextensive longitudinally-extending section is engaged with the first longitudinally-extending section so that the second, non-coextensive longitudinally-extending section is arranged at a non-zero angle relative to a longitudinal axis of

the first longitudinally-extending section, and wherein the suspension end of the sheet of material is coupleable to the second, non-coextensive longitudinally-extending section.

33. (New) The system of claim 28, wherein the plurality of longitudinally-extending sections are arranged telescopically with one another such that a second longitudinally-extending section is receivable in and extendable from a first longitudinally-extending section.

34. (New) The system of claim 21, wherein the frame comprises a singular, longitudinally-extending section.

35. (New) The system of claim 21, wherein the frame is directly engageable with the surface.

36. (New) The system of claim 21, further comprising two frames each being engageable with the surface, wherein the sheet of material is coupleable with the first frame about the suspension end and the sheet of material is coupleable with the second frame about the opposing trailing end.

37. (New) The system of claim 21, further comprising an object engageable with the frame or with the sheet of material to act as a counterweight against a wind force applied to the sheet of material so that the frame remains engaged with the surface when the wind force is applied to the sheet of material.

38. (New) The system of claim 21, further comprising a cord having a first end and a second end, the first end or the second end of the cord being coupleable to the frame or the sheet of material.

39. (New) The system of claim 38, further comprising an anchor coupleable to the other of the second end or the first end of the cord and being in contact with the surface so that the frame remains engaged with the surface when a wind force is applied to the sheet of material.

40. (New) The system of claim 39, wherein the first end of the cord is coupleable to the trailing end of the sheet of material and the second end of the cord is coupleable to the anchor, the anchor being in contact with the surface so that the frame remains engaged with the surface when the wind force is applied to the sheet of material.

**REMARKS**

This preliminary amendment is hereby submitted herewith to cancel Claims 1-20 and add new Claims 21-40. No new matter has been added by way of these new claims.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 7037
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON SEPTEMBER 10, 2021.**

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Attorney Docket Number:** | S105508 1010US.C7 (0020.1 |

Filed as Small Entity

**Filing Fees for** **Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| UTILITY FILING FEE (ELECTRONIC FILING) | 4011 | 1 | 80 | 80 |
| UTILITY SEARCH FEE | 2111 | 1 | 350 | 350 |
| UTILITY EXAMINATION FEE | 2311 | 1 | 400 | 400 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 57 of 448

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **830** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 43733871 |
| **Application Number:** | 17471658 |
| **International Application Number:** | |
| **Confirmation Number:** | 1063 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C7 (0020.1 |
| **Receipt Date:** | 10-SEP-2021 |
| **Filing Date:** | |
| **Time Stamp:** | 14:11:50 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $830 |
| RAM confirmation Number | E202190E12214131 |
| Deposit Account | |
| Authorized User | |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Transmittal of New Application | S105508_1010US_C7_0020_1_Transmittal.PDF | 310207<br>417bb28a401f677b1c10b3e9747d88ff528a5bc3 | no | 2 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Fee Worksheet (SB06) | S105508_1010US_C7_0020_1_Fee_Transmittal.PDF | 349996<br>653c612826eaa3b9f472fd006a0b1cb3b2470908 | no | 2 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 3 | Application Data Sheet | S105508_1010US_C7_0020_1_ADS.PDF | 1256624<br>838f2861e42d33d5637aa5194d7030d708a4c734 | no | 9 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 4 | | S105508_1010US_C7_0020_1_Application_from_parent.PDF | 878328<br>deb461e0ae0a21440976242d6fc6584d09438f05 | yes | 15 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Specification | 1 | 11 |
| Claims | 12 | 14 |
| Abstract | 15 | 15 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 5 | Drawings-only black and white line drawings | S105508_1010US_C7_0020_1_Drawings_from_parent.PDF | 438792<br>7632202c1b363db7c534d388bf09f7da0776bcec | no | 7 |

| | | | | | |
|---|---|---|---|---|---|
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 6 | Oath or Declaration filed | S105508_1010US_C7_0020_1_Declaration_from_parent.PDF | 339628<br>c7fd3f4e6f2fdb60328997ba0b342a50d7db5209 | no | 5 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 7 | Power of Attorney | S105508_1010US_C7_0020_1_POA.PDF | 400327<br>a9c536508087fbf32187ea11c4c7053ee07656d7 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 8 | Assignee showing of ownership per 37 CFR 3.73 | S105508_1010US_C7_0020_1_Stmt_373.PDF | 206902<br>ac4bafac9d6b26e978cf8a816ef4e609d57d8396 | no | 3 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 9 | Transmittal Letter | S105508_1010US_C7_0020_1_IDS_Cover.pdf | 123973<br>a71c6f2b4aaf5770838fd69489084a699de17155 | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 10 | Information Disclosure Statement (IDS) Form (SB08) | S105508_1010US_C7_0020_1_IDS_1449.pdf | 162956<br>685b195b9bbfc2613c436e08ce9dc52f0d3baeb1 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| This is not an USPTO supplied IDS fillable form | | | | | |
| 11 | | S105508_1010US_C7_0020_1_Preliminary_Amendment.pdf | 115707<br>189184b6df7082cf6f96ababc2b62c2eb79983e7 | yes | 7 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Preliminary Amendment | 1 | 1 |
| Specification | 2 | 2 |

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 61 of 448

| | | | | | |
|---|---|---|---|---|---|
| | Claims | | | 3 | 6 |
| | Applicant Arguments/Remarks Made in an Amendment | | | 7 | 7 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 12 | Fee Worksheet (SB06) | fee-info.pdf | 43849<br>e8cbd178a07a0aa6cf8f8e0ba09ca06621ec0b12 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | 4627289 | | |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 17/471,658 | 09/10/2021 | 3636 | 830 | S105508 1010US.C7 (0020.1 | 20 | 1 |

**CONFIRMATION NO. 1063**

**FILING RECEIPT**

OC000000128560503

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

Date Mailed: 09/23/2021

Receipt is acknowledged of this non-provisional utility patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF FIRST INVENTOR, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection.

**Please verify the accuracy of the data presented on this receipt.** If an error is noted on this Filing Receipt, please submit a written request for a corrected Filing Receipt, including a properly marked-up ADS showing the changes with strike-through for deletions and underlining for additions. If you received a "Notice to File Missing Parts" or other Notice requiring a response for this application, please submit any request for correction to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections provided that the request is grantable.

**Inventor(s)**

Dane Brooks Barnes, Raleigh, NC;
Alexander Griffith Slater, Raleigh, NC;
Scott Christian Barnes, Raleigh, NC;

**Applicant(s)**

Shibumi Shade, Inc., Raleigh, NC;

**Power of Attorney:** The patent practitioners associated with Customer Number 26158

**Domestic Priority data as claimed by applicant**

This application is a CON of 17/232,799 04/16/2021
which is a CON of 16/987,886 08/07/2020 PAT 11111690
which is a CON of 16/224,465 12/18/2018 PAT 10753117
which is a CON of 15/675,715 08/12/2017 PAT 10190330
which claims benefit of 62/409,426 10/18/2016

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 09/21/2021
The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 17/471,658**
**Projected Publication Date:** 12/30/2021
**Non-Publication Request:** No
**Early Publication Request:** No
**** SMALL ENTITY ****
**Title**

SHADING SYSTEM AND METHOD OF USE

**Preliminary Class**

135

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative,

this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

## LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop

technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

# PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

Application or Docket Number
17/471,658

## APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | 80 | | N/A | |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | 350 | | N/A | |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | 400 | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 minus 20 = | * | x 50 = | 0.00 | OR | | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 1 minus 3 = | * | x 240 = | 0.00 | | | |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | 0.00 | | | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | 0.00 | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | 830 | | TOTAL | |

## APPLICATION AS AMENDED - PART II

### AMENDMENT A

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus | ** | = | x = | | OR | x = | |
| Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x = | | OR | x = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

### AMENDMENT B

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus | ** | = | x = | | OR | x = | |
| Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x = | | OR | x = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 17/471,658 | 09/10/2021 | Dane Brooks Barnes | S105508 1010US.C7 (0020.1 |

**CONFIRMATION NO. 1063**

**PUBLICATION NOTICE**

*OC000000130804207*

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. BOX 7037
ATLANTA, GA 30357-0037

**Title:**SHADING SYSTEM AND METHOD OF USE

**Publication No.**US-2021-0404208-A1
**Publication Date:**12/30/2021

## NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Public Records Division. The Public Records Division can be reached by telephone at (571) 272-3150 or (800) 972-6382, by facsimile at (571) 273-3250, by mail addressed to the United States Patent and Trademark Office, Public Records Division, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently https://portal.uspto.gov/pair/PublicPair. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1063 |
| Appl. No.: | 17/471,658 | Group Art Unit: | *To Be Assigned* |
| Filed: | September 10, 2021 | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C7 (0020.1)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**PRELIMINARY AMENDMENT**
**37 CFR § 1.115**

Sir:

Please enter this Second Preliminary Amendment and amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 6 of this paper.

Amendments to the Claims:

1. – 40. (Canceled)

41. (New) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:

a first section defining a first end and an opposing second end, the first end defining a corkscrew shape embedded in the surface in the supporting configuration,

a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, and

one or more adjacent sections engaged or coupled to the at least one aligning component, the aligning component being affixed between the opposing second end of the second section and the one or more adjacent sections to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration,

wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section; and

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for providing shade to the surface;

wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

42. (New) The system of claim 41, wherein the first section and the second section are co-extensive with one another.

43. (New) The system of claim 41, wherein the aligning component comprises a cable.

44. (New) The system of claim 41, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

45. (New) The system of claim 44, wherein the plurality of coupled sections are selectively engageable sections.

46. (New) The system of claim 41, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

47. (New) The system of claim 41, wherein the canopy defines at least one hoop configured for accepting a portion of the frame therethrough.

48. (New) The system of claim 47, wherein the portion of the frame comprises the one or more adjacent sections.

49. (New) The system of claim 41, wherein the canopy has at least one set of parallel sides.

50. (New) The system of claim 41, further comprising a container capable of housing and transporting the components of the system therein as well as acting as an anchor to retain the frame in the supporting configuration, the container capable of being coupleable to one or both of the frame and the canopy.

51. (New) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:

a first section defining a first end and an opposing second end, the first end being embedded in the surface in the supporting configuration,

a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, the first section and the second section being co-extensive, and

one or more adjacent sections engaged or coupled to the at least one aligning component, the aligning component being affixed between the opposing second end of the second section and the one or more adjacent sections to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration,

wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for providing shade to the surface, wherein the

suspension end of the canopy is spaced apart from and not in contact with the first section of the frame; and

a container capable of housing and transporting the components of the system therein as well as acting as an anchor to retain the frame in the supporting configuration, the container capable of being coupleable to one or both of the frame and the canopy.

52. (New) The system of claim 51, wherein the aligning component comprises a cable.

53. (New) The system of claim 51, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

54. (New) The system of claim 53, wherein the plurality of coupled sections are selectively engageable sections.

55. (New) The system of claim 51, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

56. (New) The system of claim 51, wherein the canopy defines at least one hoop configured for accepting a portion of the frame therethrough.

57. (New) The system of claim 51, wherein the portion of the frame comprises the one or more adjacent sections.

58. (New) The system of claim 51, wherein the canopy has at least one set of parallel sides.

## REMARKS

This preliminary amendment is hereby submitted herewith to cancel Claims 21-40 (claims 1-20 already being canceled) and add new Claims 41-58. No new matter has been added by way of these new claims.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON JUNE 16, 2022.**

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 45978187 |
| **Application Number:** | 17471658 |
| **International Application Number:** | |
| **Confirmation Number:** | 1063 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Lauren F Anderson/Shari Elofson |
| **Filer Authorized By:** | Lauren F Anderson |
| **Attorney Docket Number:** | S105508 1010US.C7 (0020.1 |
| **Receipt Date:** | 16-JUN-2022 |
| **Filing Date:** | 10-SEP-2021 |
| **Time Stamp:** | 17:22:58 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Foreign Reference | CA2524310.PDF | 714798<br>b79403db1b730fd8e890a231f2f3e672a3b552cd | no | 20 |

**Warnings:**

| | | | | | |
|---|---|---|---|---|---|
| **Information:** | | | | | |
| 2 | Foreign Reference | KR101315166.PDF | 1105391<br>c8086c8fc2bc2ec4d5061b25d0b03379a2cb82a8 | no | 24 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 3 | Non Patent Literature | NPL-Suniela_Beach_Portable-Shade-Cabanas.PDF | 5105061<br>dd4f10b19dc1240e799021fa7679ae8bbcbfef65 | no | 9 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 4 | Transmittal Letter | S105508_1010US_C7_0020_1_Suppl_IDS_Cover.pdf | 122188<br>82362affeb03f26a455a65309eb89630854f4e90 | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 5 | Information Disclosure Statement (IDS) Form (SB08) | S105508_1010US_C7_0020_1_Suppl_IDS_1449.pdf | 127811<br>0515c34c8451e99580248ccf8cd05d7fe2274d33 | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| This is not an USPTO supplied IDS fillable form | | | | | |
| 6 | | S105508_1010US_C7_0020_1_Second_Preliminary_Amendment.pdf | 111278<br>9832765bb9b9d64fa0caa65e43ee63c2455496df | yes | 6 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Preliminary Amendment | 1 | 1 |
| Claims | 2 | 5 |
| Applicant Arguments/Remarks Made in an Amendment | 6 | 6 |

| | |
|---|---|
| **Warnings:** | |
| **Information:** | |
| **Total Files Size (in bytes):** | 7286527 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

(19) Canadian Intellectual Property Office

An Agency of Industry Canada

Office de la Proprit Intellectuelle du Canada

Un organisme d'Industrie Canada

(11) **CA 2 524 310** (13) **A1**

(40) **25.04.2006**
(43) **25.04.2006**

(12)

(21) **2 524 310**

(22) **25.10.2005**

(51) Int. Cl.:
*A63G 31/00* (2006.01) *E04H 15/20* (2006.01)
*E04H 15/38* (2006.01)

(30) **60/621,826 US 25.10.2004**

(71)
**AQUA-LEISURE INDUSTRIES, INC.,**
**525 Bodwell Street Extension, AVON, XX (US).**

(72)
**FERRARO, ALAN R. (US).**
**FIREMAN, ANDREW F. (US).**

(74)
**RIDOUT & MAYBEE LLP**

(54) ARCHE DE JEU A GONFLAGE CONTINU
(54) CONTINUOUS AIR INFLATABLE TOY ARCHWAY

(57)
The present invention is a continuous air inflatable toy system (10) for use on a surface (12). In one embodiment, the system 10 comprises an air blower (14); an air permeable body (16) in fluid communication with the air blower (14) to form an inflatable archway (20) having first and second leg portions (22)(24), an upper portion (26) and a passage way (28). The system (10) further comprises a curtain (30) engaged with the body (20) and extending into the passage way (28). The curtain (30) comprises a first end portion (32) engaged with the upper portion (26) of the archway (20), a median portion (34) and second end portion (36) extending substantially to the bottom portion of the passage way (28).



Office de la Propriété Intellectuelle du Canada
Un organisme d'Industrie Canada

Canadian Intellectual Property Office
An agency of Industry Canada

CA 2524310 A1 2006/04/25

(21) 2 524 310

(12) DEMANDE DE BREVET CANADIEN
CANADIAN PATENT APPLICATION

(13) A1

(22) Date de dépôt/Filing Date: 2005/10/25
(41) Mise à la disp. pub./Open to Public Insp.: 2006/04/25
(30) Priorité/Priority: 2004/10/25 (US60/621,826)

(51) Cl.Int./Int.Cl. *A63G 31/00* (2006.01), *E04H 15/38* (2006.01), *E04H 15/20* (2006.01)

(71) Demandeur/Applicant:
AQUA-LEISURE INDUSTRIES, INC., US

(72) Inventeurs/Inventors:
FERRARO, ALAN R., US;
FIREMAN, ANDREW F., US

(74) Agent: RIDOUT & MAYBEE LLP

(54) Titre : ARCHE DE JEU A GONFLAGE CONTINU
(54) Title: CONTINUOUS AIR INFLATABLE TOY ARCHWAY




(57) Abrégé/Abstract:
The present invention is a continuous air inflatable toy system (10) for use on a surface (12). In one embodiment, the system 10 comprises an air blower (14); an air permeable body (16) in fluid communication with the air blower (14) to form an inflatable archway (20) having first and second leg portions (22)(24), an upper portion (26) and a passage way (28). The system (10) further comprises a curtain (30) engaged with the body (20) and extending into the passage way (28). The curtain (30) comprises a first end portion (32) engaged with the upper portion (26) of the archway (20), a median portion (34) and second end portion (36) extending substantially to the bottom portion of the passage way (28).

## ABSTRACT

The present invention is a continuous air inflatable toy system (10) for use on a surface (12). In one embodiment, the system 10 comprises an air blower (14); an air permeable body (16) in fluid communication with the air blower (14) to form an inflatable archway (20) having first and second leg portions (22)(24), an upper portion (26) and a passage way (28). The system (10) further comprises a curtain (30) engaged with the body (20) and extending into the passage way (28). The curtain (30) comprises a first end portion (32) engaged with the upper portion (26) of the archway (20), a median portion (34) and second end portion (36) extending substantially to the bottom portion of the passage way (28).

## TITLE OF THE INVENTION

Continuous Air Inflatable Toy Archway

## BACKGROUND OF THE INVENTION

In recent years, continuous air, permeable character and body shapes have become popular as outdoor decorative displays during holidays like Halloween and Christmas. However, such conventional air permeable characters and other body shapes are merely ornamental and cannot be interactively used by a person such as a child.

## SUMMARY OF THE INVENTION

The present invention is a continuous air inflatable toy system (10) for use on a surface (12) such as the ground or a floor if used indoor and which can be used by a person in an interactive manner to provide fun and entertainment. In one embodiment, the system (10) comprises an air permeable body (16) in fluid communication with an air blower (14) to form an archway (20). The system (10) further comprises a curtain (30) hanging downward from the archway (20) into a passage way (28). The curtain (30) comprises a first end portion (32) engaged with the upper portion (26) of the archway (20) and second end portion (36) extending substantially to the bottom portion of the passage way (28). In a second embodiment, the system (10) comprises first and second curtains (50) and (52) hanging downward from the archway (20) into the passage way (28). Each of the first and second curtains (50) and (52) comprise an upper end portion (54) engaged with the upper portion (26) of the archway (20) and a lower end portion (56) extending into the passage way (28). Unlike convention systems, a person such as a child may interactively use the system (10) as

a toy stage standing alone indoors and/or outdoors or as a "face" for an archway of a indoor bedroom or playroom door.

## BRIEF DESCRIPTION OF DRAWINGS

The following description of the invention will make reference to the accompanying drawings, in which;

FIG. 1 is a perspective view of a first embodiment of the present invention;

FIG. 2 is a perspective view of a continuous air blower in fluid communication with an air permeable body such as an archway by a flexible connection device such as a flexible sleeve which may be sewn to and extend out of the air permeable body;

FIG. 3 is a rear perspective view of the first embodiment of the present invention showing a curtain removably engaged with the upper portion of the archway by hook-and-loop fasteners;

FIG. 4 is a rear perspective view of the first embodiment of the present invention showing the curtain rolled-up and removably disposed at a position adjacent the upper portion of the archway by hook-and-loop fasteners;

FIG. 5 is a rear perspective view of the present invention showing a curtain sewn to the upper portion of the archway which may be hang down or roll-up to be disposed at a position adjacent the upper portion of the archway by hook-and-loop fasteners;

FIG. 6 is a perspective view of a second embodiment of the present invention;

FIG. 7 is a perspective view of a continuous air blower in fluid communication with an air permeable body by a connection device such as a flexible sleeve;

FIG. 8 is a rear perspective view of the second embodiment of the invention showing

one of a pair of curtains removably engaged with the upper portion of the archway by hook-and-loop fasteners;

FIG. 9 is a rear perspective view of the second embodiment of the invention showing one of a pair of curtains rolled-up and removably disposed at a position adjacent the first and second leg potions of the archway, respectively, by hook-and-loop fasteners;

FIG. 10 is a perspective view of the present invention used indoors as a "face" for an archway of a door such as the door of a child's bedroom or playroom;

FIG. 11 and 12 are perspective views of a system having electronic circuitry and devices adapted to detect when a person is in close proximity to the air permeable body and/or passes through the archway, including sound and/or motion detection circuitry and generating in response thereto a sound, movement and/or light from the air permeable body or archway; and

FIG. 13 is a high level block diagram of the electronic circuitry of the present invention adapted to detect when a person is in close proximity to the air permeable body and/or passes through the archway, including sound and/or motion detection circuitry and generating in response thereto a sound, movement and/or light from the air permeable body or archway.

## DESCRIPTION OF THE INVENTION

Referring to FIGS. 1-5, the present invention is a continuous air inflatable toy system 10 for use on a surface 12 such as the ground if used outdoors or a floor if used indoors. In one embodiment, the system 10 comprises an air permeable body 16 in fluid communication with an air blower 14 by a flexible connection sleeve or duct 18. Activation of the air blower

14 causes the air permeable body to inflate and take the form an inflatable archway 20. The archway 20 comprises first and second leg portions 22 and 24, an upper portion 26, and a passage way 28. The system 10 further comprises a curtain 30 engaged with the body 20 and extending into the passage way 28. The curtain 30 comprises a first end portion 32 engaged with the upper portion 26 of the archway 20, a median portion 34 and second end portion 36 extending substantially to the bottom portion of the passage way 28. The first end portion 32 of the curtain 30 is attached to the upper portion 26 of the archway 20 by corresponding hook-and-loop fasteners 38 and 40. The curtain 30 may be rolled to and disposed at a position adjacent said upper portion 26 by hook-and-loop fasteners 42 and 44 and straps 46. The air permeable body (16) is made from nylon. The curtain 30 is made from fabric.

Referring to FIGS 6-9, in a second embodiment of the present invention, the system 10 comprises as in the first embodiment: an air permeable body 16 in fluid communication with an air blower 14 by a flexible connection sleeve or duct 18. Activation of the air blower 14 causes the air permeable body 16 to inflate and form the inflatable archway 20. The archway 20 comprises first and second leg portions 22 and 24, an upper portion 26, and an open passage way 28. The system 10 further comprises first and second curtains 50 and 52 engaged with the air permeable body 16 and extending into said passage way 28. Each of the first and second curtains 50 and 52 comprise an upper end portion 54 engaged with the upper portion 26 of the archway 20 and a lower end portion 56 extending into the passage way 28. Each of the first and second curtains 50 and 52 further comprise an inner side portion 58 and an outer side portion 60 engaged with the first and second leg portions 22 and 24, respectively, of the archway 20, and extend to substantially the bottom of the passage way 28. The upper end portion 54 of the first and second curtains 50 and 52 are attached to the upper

portion 26 of the archway 20 by corresponding hook-and-loop fasteners 62 and 64. Similarly, the outer side portion 60 of the first and second curtains 50 52 are removably engaged with the first and second leg portions 22 24 by fasteners 62 and 64. Each of the first and second curtains 50 and 52 may be rolled and disposed at a position substantially adjacent the first and second leg portions 22 and 24, respectively, by fasteners 66 and 68 and a strap 70. The inner end portion 58 of the first and second curtains 50 and 52 overlap for complete closure while allowing a person such as child to walk behind and/or step out of the curtains 50 and 52. In this manner, the system 10 can be used by a child as a toy stage for a variety of uses. The air permeable body 16 is made from nylon. The first and second curtains 50 and 52 are made from fabric.

Referring to FIG. 10, the system 10 may be used indoors as a "face" for an archway 100 of a door 102 such as the door of a child's bedroom or playroom. The first and second leg portions 22 and 24 and/or upper portion 26 of the archway 20 may or may not be removably attached to the archway 100 for additional support by conventional means such as hook-and-loop fasteners 104 and 106 and a strap 108.

Referring to FIGS. 11-13, wherein the system 10 may also comprise (either alone or in conjunction with the curtain 30 of the first embodiment or curtains 50 and 52 of the second embodiment) electronic circuitry 120 for detecting motion and/or sound and in response generating a sound, movement, and/or lights. By way of example, the electronic sensor circuitry 120 is adapted to detect when a person is in close proximity to the archway 20 and/or passes through the archway 20 and to generate a sound, motion, or light from the archway 20. The electronic circuitry 120 generally comprises an sound detection circuitry 122, motion detection circuitry 124 and light detection circuitry 126. The electronic circuitry

120 further comprises a sound chip 128 for generating one or more sounds, a movement mechanism 130 adapted to cause movement of one of the parts, and a light circuit 132 adapted to illuminate one or lights at the same or different times. The electronic circuitry 120 further comprises control circuitry 134 adapted to receive inputs from the sound detection circuitry 122, motion detection circuitry 124 and/or light detection circuitry 126 and generate an output or activation signal to the sound chip 128 which may be disposed in a housing 134 sewn into the leg portion 22 of the archway 20. The control circuitry 134 may further be adapted to receive inputs from the sound detection circuitry 122, motion detection circuitry 124 and/or light detection circuitry 126 and generate an output or activation signal to the motion mechanism 130 which in turn transmits a signal to a solenoid driven part taking the form of a tombstone 136 (FIG. 11) sewn to the leg portion 24 of the archway 20. The control circuitry 134 is further adapted to receive inputs from the sound detection circuitry 122, motion detection circuitry 124 and/or light detection circuitry 126 and generate an output or activation signal to the light circuit 132 which in turn transmits a signal to one or more lights disposed within the air permeable body 16 which may be arranged and to illuminate a flaming cauldron (FIG. 11). The control circuitry 134, sound detection circuitry 122, motion detection circuitry 124, and light detection circuitry 126 may be fabricated upon a circuit board (not shown) mounted within a housing (not shown) which may be connected and/or integrated with the air blower 14. Power is supplied by a power supply 136 which may take the form of a battery.

The present invention may be embodied in other specific forms without departing from the spirit and/or scope of the specification and appended claims.

WHAT IS CLAIMED:

1. A continuous air inflatable toy system (10) for use on a surface (12) comprising:

   a) an air blower (14);

   b) an air permeable body (16) in fluid communication with said air blower (14) to form an inflatable archway (20) having first and second leg portions (22)(24), an upper portion (26) and a passage way (28); and

   c) a curtain (30) engaged with said body (20) and extending into said passage way (28).

2. The system of claim 1, wherein said curtain (30) comprises an upper end portion (32) engaged with said upper portion (26) of said archway (20), a median portion (34) and a lower end portion extending substantially into said passage way (28).

3. The system of claim 2, wherein said first end portion (32) of said curtain (30) is attached to said upper portion (26) of said archway (20) by corresponding fasteners (38) and (40).

4. The system of claim 3, wherein said curtain (30) may be rolled to and disposed at a position adjacent said upper portion (26) by fasteners (48)(50).

5. The system of claim 4, wherein said air permeable body (16) is made from nylon.

6. The system of claim 5, wherein said curtain (30) is made from fabric.

7. An air inflatable system (10) for use on a surface (12) comprising:

   a) an air blower (14);

   b) an air permeable body (16) in fluid communication with said air blower (14) by a flexible connection sleeve (18) to form an inflatable archway (20) having first and second leg portions (22)(24), an upper portion (26) and a passage way (28); and

   c) first and second curtains (50)(52) engaged with said air permeable body and extending into said passage way (28).

8. The system of claim 7, wherein each of said first and second curtains (50)(52) comprise an upper end portion (54) engaged with said upper portion (26) of said archway (20) and a lower end portion (56) extending into said passage way (28).

9. The system of claim 8, wherein each of said first and second curtains (50)(52) further comprise an inner side portion (58) and an outer side portion (60) engaged with said first and second leg portions (22)(24), respectively, and extending into said passage way (28).

10. The system of claim 9, wherein said upper end portion (54) of said first and second curtains (50)(52) are attached to the upper portion (26) of said archway (20) by corresponding fasteners (62)(64).

11. The system of claim 12, wherein said outer side portion (60) of said first and second

curtains (50)(52) are removably engaged with said first and second leg portions (22)(24) by fasteners (66)(68).

12. The system of claim 11, wherein said first and second curtains (50)(52) may be rolled and disposed at a position adjacent said upper portion (26) of said archway (20) by fasteners (48)(50).

13. The system of claim 12, wherein said inner end portion (58) of said first and second curtains (50)(52) overlap.

14. The system of claim 13, wherein said air permeable body (16) is made from nylon.

15. The system of claim 14, wherein said first and second curtains (50)(52) are made from fabric.

SHT 1/8




FIG. 2




FIG. 1

SHT 2/8




FIG. 5




FIG. 4




FIG. 3




FIG. 6




FIG. 7

SHT 4/8




FIG. 9




FIG. 8

SHT 5/8




FIG. 10

SHT 6/8


10
Haunted
Sounds
22
134
24
MOVING
TOMBSTONE
136
MOTION ACTIVATED
14
16

FIG. 11

SHT 7/8




FIG. 12

SHT 8/8


122
MOTION DETECTOR
124
SOUND DETECTOR
126
LIGHT DETECTOR
PWR SUPPLY
CONTROLLER
134
136
SOUND CHIP
MOVEMENT ACTUATOR/ SOLENOID
LIGHT CIRCUIT
128
130
132
120

FIG. 13

Espacenet

# Bibliographic data: KR101315166 (B1) — 2013-10-07

## The portable sun makes hide

**Inventor(s):** KANG, SEOG MYEONG

**Applicant(s):** KANG, SEOG MYEONG

**Classification:**
- **international:** *E04H15/00; E04H15/64*
- **cooperative:** E04H15/005 (KR); E04H15/56 (KR); E04H15/62 (KR); E04H15/64 (KR)

**Application number:** KR20100110589 20101108 Global Dossier

**Priority number(s):** KR20100110589 20101108

**Also published as:** KR20120049032 (A)

## Abstract of KR20120049032 (A)

PURPOSE: A portable shade is provided to reduce worries about a lost caused by wind by constituting not to be against the wind and to easily install or disassemble due to a simple structure. CONSTITUTION: A portable shade(1) comprises a tent pole(100), a shade(200), a fabric, a hanger unit, and a hanger(300). The tent pole comprises fitting projections in both end part and is bent into an 'inverted U' shape. The shade comprises a sewing unit(210), a sewing hole, and a gauze unit. The sewing unit is formed by sewing while folding an edge portion enough to cover a circumference of the tent pole. The sewing unit is formed in both end portions so that the tent pole can be in and out of the sewing unit. The gauze unit is formed at a constant size along the edge of two rims except a sewing portion. The shade joins the tent pole to be horizontally inflated.

# Notice

This translation is machine- generated. It cannot be guaranteed that it is intelligible, accurate, complete, reliable or fit for specific purposes. Critical decisions, such as commercially relevant or financial decisions, should not be based on machine-translation output.

## DESCRIPTION KR101315166B1

11 The portable sun makes hide}

---

13 휴대용 차양막{The portable sun makes hide}

[0001]

19 The present invention relates to a portable awning, and to a portable awning that provides a shade to avoid the scorching sunlight by easily installing it outdoors, such as a river or a beach where there is not much shade.

---

23 본 발명은 휴대용 차양막에 관한 것으로, 그늘이 별로 없는 강가나 해변가 등지의 야외에서 간편하게 설치하여 따가운 햇볕을 피할 수 있도록 그늘을 제공하는 휴대용 차양막에 관한 것이다.

[0002]

30 In general, sea breezes occur outdoors at rivers and beaches due to the temperature difference between water and land. Visible light and ultraviolet light adversely affect the human body, so long- term exposure may lead to a dangerous situation.

---

34 일반적으로 강가나 해변 등의 야외는 물과 땅의 온도차이로 해륙풍(海陸風)이 발생하며, 태양이 비추는 한낮에도 약하게 남아 해풍(海風)이 불어 야영객을 시원하게 해주지만, 반면 따가운 햇볕에서 생성되는 가시광선 및 자외선에 의해 인체에 악영향이 미치므로 장기간 노출되면 위험한 상황에 이를 수도 있다.

[0003]

43 Thus, conventionally, a beach umbrella was installed and used to block the sun and create a shade, but this is not only inconvenient to carry because its bulky and the structure is made of iron, but also allows the user to always keep a beach umbrella in the car. can't

---

48 그리하여, 종래에 햇볕을 차단하며 그늘을 만들기 위하여 비치 파라솔을 설치하여 사용하였으나, 이는 그 부피가 크고 구조물이 철재로 형성되어 휴대가 불편할 뿐만 아니라 사용자가 항상 자동차에 비치 파라솔을 비치(備置)하고 다닐 수도 없다.

[0004]

56 In order to overcome this problem, recently, a portable awning that can block sunlight and create a shade has been disclosed in Public Room No. 1990- 0000799, Public Room No. 1998- 060140, and the like.

---

60 이와 같은 문제점을 극복하기 위하여, 최근에 햇볕을 차단하여 그늘을 만들수 있는 휴대용 차양막으로 공개실용 제1990- 0000799호, 공개실용 제1998- 060140 등에 개시된 바 있다.

[0005]

67 However, the disclosed Public Room No. 1990- 0000799 is a method of inserting and installing a post along the insert hole formed on the edge of the semi- circular awning for easy portability, and then tying a string around the top of the post in the front and rear and driving the stakes to fix it. Although a portable awning is provided, the awning must use a translucent or opaque fabric to create a shade by blocking the sunlight. Occurs.

---

74 그러나, 상기 개시된 공개실용 제1990- 0000799호는 휴대가 간편하도록 반원형상의 차양막의 테두리에 형성된 삽지공을 따라 지주를 삽입하여 설치한 후, 지주의 상단을 중심으로 전후방에 줄을 묶어 말뚝을 박아 고정하는 방식의 휴대용 차양막을 제공하고 있으나, 상기 차양막은 햇볕을 가려 그늘을 만들기 위해서는 반투명 또는 불투명의 원단을 사용해야만 하는데, 그렇게 되면 전후방에 불어오는 바람에 저항하게 되어 차양막이 쓰러지거나 날라가는 등의 불상사가 발생한다.


Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 100 of 448

[0006]

In addition, when the sun rises in the middle of the sky, since light is illuminated in the vertical direction of the holding, there is no shade or even if there is a shade, it cannot guarantee enough shade to protect the user from the sun, and it is exposed to direct sunlight in the middle of the day. .

---

또한, 상기 차양막은 해가 중천에 떴을 경우, 지주의 수직 방향으로 빛이 비추어지므로 그늘이 생기지 않거나 생긴다 하더라도 햇볕으로부터 사용자를 보호할 만큼의 그늘을 보장할 수가 없으며, 한낮의 뜨거운 직사광선에 그대로 노출된다.

[0007]

Next, the disclosed No. 1998- 060140 for public use is to incline the sun- blocking paper from the ground to not only block the sun but also to act as a wind- shield, and a pole to fit into the upper and lower holes of the semi- arc shape formed around the shield and It is described that it is easy to carry and assemble and disassemble as it has a simple configuration with a vertical pole that stands upright.

---

다음, 상기 개시된 공개실용 제1998- 060140호는 햇볕을 가리는 막지를 지면으로부터 경사지게 하여 햇볕차단은 물론 바람막이의 구실도 할 수 있도록 하고, 상기 막지의 둘레에 형성한 반호형의 상하부 홀에끼우는 폴과 똑바로 세우는 수직폴로 되는 간편한 구성으로 하여 휴대와 조립분해가 용이하다고 기술되어 있다.

[0008]

However, in terms of size or material, it is true that it is small in size for 1 to 3 people and that small poles and fabric are used, so it is small in volume and easy to carry. Connecting the ring formed at the end with the ring formed on the pallet, connecting another pole one by one to the fitting hole formed on the piece of paper on a part of the membrane, and tying the middle part of the pole with the connecting string formed inside the membrane, etc. T here is a disadvantage that it takes a long time to install, such as disassembly and assembly, because the work cost is high.

---

그러나, 크기나 재료상으로 보면 1~3인용으로 크기가 작고 그만큼 작은 폴과 원단을 사용하므

로 그만큼 부피가 작아 휴대가 용이한 것은 사실이나, 상기 막지의 양단에 각각의 폴을 끼우고 , 그 폴의 끝단에 형성된 고리와 깔판지에 형성된 고리를 연결하고, 막지의 일부분에 지물편에 형성된 끼움공에 또 다른 폴을 일일이 연결하고, 막지 내측에 형성된 연결끈으로 그 폴의 중간 부분을 또 묶어야 하는 등의 작업 코스트가 많아 분해조립 등의 설치하는 시간이 오래 걸리는 단점이 있다.

[0009]

132 In addition, no matter where you look in the technology, the portable awning is not fixed to the ground, and it can be supported because the user sits on a pallet. have.

---

135 또한, 상기 기술에서 어느 부분을 찾아봐도 상기 휴대용 차양막이 지면에 고정되어 있지 않으며, 사용자가 깔판지에 앉으므로 지지할 수는 있으나 자리를 비운 사이에 바람이 조금만 강하게 불어도 나라가 버리는 등의 분실되는 문제점이 있다.

[ ]

143 In order to overcome the above problems, the present invention is configured not to resist the blowing wind so that there is no fear of loss such as being blown away by the wind, and it always provides shade during the period when the sun is rising from morning to evening to protect it from the scorching sun. An object of the present invention is to provide a portable awning that can protect users and has a simple structure that can be easily and conveniently installed and disassembled.

---

150 본 발명은 상기한 문제점을 극복하기 위하여, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 휴대용 차양막을 제공하는데 목적이 있다.

156 In order to achieve the above object, the present invention includes a pole for a tant having fitting protrusions protruding from both ends and bent in a '∩' shape; A part of one edge is folded and sewn so as to wrap around the circumference of the pole with a triangular curtain, and at the same time forming a sewing hole at both ends through which the pole can enter and exit, it is coupled to the pole and spreads in the horizontal direction. And the formed chayangmak; a fabric piece having a fitting ring formed on one side and attached to the other side around the sewing hole to fix the fitting protrusion; a locking part formed by cutting a portion to expose the pole to

the central part of the sewing part or further comprising a fitting ring in a curtain adjacent to the central part of the sewing part; In the portable shading membrane, characterized in that the shading membrane is supported by hooking means formed at both ends around the connecting body with a stake on the other side, the shading membrane is the corner line of the other two edges except for the sewing part. It provides a portable awning membrane, characterized in that forming a mesh portion of a certain size accordingly. Here, a first coupling member formed along the corner lines of the two edges of the awning; a pole installed to be spaced apart from the pole; It is provided on this pole and characterized in that the mesh veil formed with a second coupling part having a shape corresponding to the first coupling part of the awning membrane is combined with the first coupling part and the second coupling part to form a tunnel- shaped shading membrane. In addition, having a protrusion cap having a ring formed on one side of the outer circumferential surface in a cylindrical shape, inserting the rings to the fitting protrusions formed at both ends of the pole so that they face each other, and connecting the rings to each other with a connecting ring provided with an elastic cord to install characterized. And, spread the mat provided with a fitting ring at the end of each corner, it characterized in that it is installed by fitting the fitting projections of the poles, respectively.

---

183 본 발명은 상기한 목적을 달성하기 위하여, 양단부에 끼움돌기가 돌출 형성되고, '∩'자 형상으로 휘어지는 탠트용 폴대와; 삼각형상의 장막으로 상기 폴대의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부를 형성함과 동시에 양쪽 끝 부분에 폴대가 출입할 수 있는 재봉홀을 형성함으로 상기 폴대에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막과; 끼움링이 일측에 형성되고 타측에 상기 재봉홀의 둘레에 부착하여 상기 끼움돌기를 고정하는 직물편과; 상기 재봉부의 중앙 부분에 상기 폴대가 노출되도록 일 부분을 절개하거나 또는 재봉부의 중앙 부분에 인접하는 장막에 끼움링을 더 구비하여 형성된 걸림부; 상기 걸림부에 걸쇠를 걸고 다른 한쪽에 말뚝이 연결체를 중심으로 양단부에 형성된 걸이수단으로 상기 차양막을 지지하는 것을 특징으로 하는 휴대용 차양막에 있어서, 상기 차양막은 재봉부를 재외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부를 형성하는 것을 특징으로 하는 휴대용 차양막을 제공한다. 여기서, 상기 차양막의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재와; 상기 폴대와 이격되어 설치되는 폴대와; 이 폴대에 구비되며 상기 차양막의 제 1결합부와 대응되는 모양의 제 2결합부가 형성된 망사장막이 상기 제 1결합부와 제 2결합부가 결합하여 터널형상의 차양막을 형성하는 것을 특징으로 한다. 또한, 원통형상으로 외주면 일측에 고리가 형성된 돌기캡을 구비하고 상기 폴대의 양단부에 형성된 끼움돌기에 고리가 서로 마주보도록 끼우고, 그 고리에 탄성줄이 구비된 연결고리로 서로 연결하여 설치하는 것을 특징으로 한다. 그리고, 각각의 모서리 단부에 끼움링이 구비된 돗자리를 펴고, 그 위에 상기 폴대의 끼움돌기를 각각 끼워 설치하는 것을 특징으로 한다.

203 By providing the present invention of the above configuration, it is configured not to resist the blowing wind, so there is no fear of being lost, such as being blown away by the wind, and it always provides shade from the stinging sunlight during the


Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 103 of 448

period from morning to evening when the sun is rising. It can protect the user and has the effect of being able to install and disassemble easily and conveniently because of the simple structure.

---

210 상기와 같은 구성의 본 발명을 제공함으로써, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 효과가 있다.

[0016]

219 Figure 1 is an installation state diagram of a portable awning membrane according to the present invention Figure 2 is a side sectional view of an installation state of a portable awning membrane according to the present invention 3 is a state diagram showing a first embodiment according to the present invention Figure 4 is a second according to the present invention 5 is a state diagram showing a third embodiment according to the present invention

---

226 도 1은 본 발명에 따른 휴대용 차양막의 설치상태도도 2는 본 발명에 따른 휴대용 차양막의 설치상태 측단면도도 3은 본 발명에 따른 제 1실시예를 도시한 상태도도 4는 본 발명에 따른 제 2실시예를 도시한 상태도도 5는 본 발명에 따른 제 3실시예를 도시한 상태도

[0017]

234 Hereinafter, the portable awning membrane according to the present invention will be able to understand its characteristics by the embodiments described in detail below with reference to the accompanying drawings.

---

238 이하, 본 발명에 따른 휴대용 차양막은 첨부한 도면들을 참고로 하여 이하 상세히 기술되는 실시 예에 의하여 그 특징들을 이해할 수 있을 것이다.

[0018]

245 1 to 2, the present invention is a pole 100 for a tant, the fitting projections 110 are protrudingly formed at both ends, and are bent in a '∩' shape; A part of one edge is folded and sewn to the extent of wrapping the circumference of the pole 100 with a


Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 104 of 448

triangular curtain to form a sewing part 210, and at the same time, a sewing hole 212 through which the pole 100 can enter and exit at both ends. By forming a awning film 200 formed to be coupled to the pole 100 and spread in the horizontal direction; a fabric piece 220 having a fitting ring 2 formed on one side and attached to the periphery of the sewing hole 212 on the other side to fix the fitting protrusion 110; A locking part ( 230) and; Hanging the clasp 310 on the clasp 230 and the stake 320 on the other side supporting the awning film 200 with catching means 300 formed at both ends around the connector 330 as a center. In the portable chayangmak (1), the chayangmak 200 forms a mesh portion 240 of a certain size along the corners of the remaining two edges except for the sewing part 210.

---

*259* 도 1 내지 도 2에 의하면, 본 발명은 양단부에 끼움돌기(110)가 돌출 형성되고, '∩'자 형상으로 휘어지는 탠트용 폴대(100)와; 삼각형상의 장막으로 상기 폴대(100)의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부(210)를 형성함과 동시에 양쪽 끝 부분에 폴대(100)가 출입할 수 있는 재봉홀(212)을 형성함으로 상기 폴대(100)에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막(200)과; 끼움링(2)이 일측에 형성되고 타측에 상기 재봉홀(212)의 둘레에 부착하여 상기 끼움돌기(110)를 고정하는 직물편(220)과; 상기 재봉부(210)의 중앙 부분에 상기 폴대(100)가 노출되도록 일 부분을 절개하거나 또는 재봉부(210)의 중앙 부분에 인접하는 장막에 끼움링(2)을 더 구비하여 형성된 걸림부(230)와; 상기 걸림부(230)에 걸쇠(310)를 걸고 다른 한쪽에 말뚝(320)이 연결체(330)를 중심으로 양단부에 형성된 걸이수단(300)으로 상기 차양막(200)을 지지하는 것을 특징으로 하는 휴대용 차양막(1)에 있어서, 상기 차양막(200)은 재봉부(210)를 재외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부(240)를 형성한다.

[0019]

*276* At this time, the mesh unit 240 is a result obtained through a long- term experiment, and as a result of a long- term experiment, the shading membrane 200 sounds like a fluttering sound from a flag swaying in the wind (that is, noise generated as the curtain oscillates by the airflow flowing along the unfolded fabric) ), so that the air flowing through the awning 200 passes through the mesh portion 240 so as to minimize noise such as the awning, it is not shaken by the wind at the edge of the awning 200 .

---

*284* 이때, 상기 망사부(240)는 장기간의 실험을 통하여 얻은 결과로 상기 차양막(200)이 바람에 흔들리는 깃발에서 펄럭이는 소리(즉, 펼쳐진 직물을 따라 흐르는 기류에 의해 장막이 요동치며 발생하는 잡음)와 같은 소음을 최소화할 수 있도록 상기 차양막(200)에 흐르는 공기가 망사부(240)를 통과함으로 차양막(200)의 가장자리의 바람에 흔들리지 않는다.

[0020]

293 With the same structure as above, in a place where the ground (2) is made of soil or sand on the beach or riverside, the direction receiving the sea breeze is installed in the front to create a resting space where users can enjoy camping or fishing and avoid the scorching sun. However, when the pole 100 for the tant is avoided, and the pole 100 is pushed into the sewing hole 210 of the awning 200 to reach the opposite sewing hole 210, the pole 100 is inserted into the awning 200. And the pole 100 is bent in a semicircular shape.

---

301 상기와 같은 구조로 바닷가 또는 강가에 지면(2)이 흙이나 모래로 된 장소에서 사용자가 야영 또는 낚시를 즐기며 따가운 햇볕을 피할 수 있는 휴식 공간을 만들기 위하여 해풍(海風)을 받는 방향을 정면으로 설치하되, 탠트용 폴대(100)를 피고, 차양막(200)의 재봉홀(210)에 그 폴대(100)를 밀어 넣어 반대쪽 재봉홀(210)까지 도달하게 되면 폴대(100)가 끼워진 차양막(200)과 폴대(100)가 반원형상으로 휘어진다.

[0021]

311 At this time, the fitting protrusion 110 of the pole 100 is inserted into the fitting ring 3 formed on the support piece 220 provided to extend to the sewing hole 210, and the fitting protrusion 110 is placed on the ground (2). ) is driven vertically to maintain the shayangmak 200 standing in a semicircular shape.

---

316 이때, 재봉홀(210)에 연장하여 구비된 지물편(220)에 형성한 끼움링(3)에 폴대(100)의 끼움돌기(110)를 끼우고, 그 끼움돌기(110)를 지면(2)에 수직으로 박아 상기 차양막(200)이 반원형상으로 기립(起立)상태를 유지한다.

[0022]

324 Then, the hook 310 of the hooking means 300 is hung on the locking part 230 and the integral stake 320 is driven into the front 2- 3 m part to make the awning 200 more solid.

---

328 그리고, 상기 걸이수단(300)의 걸쇠(310)를 걸림부(230)에 걸고 전방 2 ~ 3 m 부분에 일체로 된 말뚝(320)을 박아 차양막(200)을 더욱더 견고하게 한다.

[0023]

335 You can rest comfortably and avoid the sun by laying a mat (600) in the space under the awning (200) blowing in the wind.

---

338 만 바람에 휘날리는 차양막(200) 밑에 공간에 돗자리(600) 등을 깔아 편안하게 휴식을 취하며, 햇볕을 피할 수 있다.

[0024]

345 Here, the support piece 220 is used by cutting a predetermined length of about 100 to 150 mm from fabric paper such as a bag string, and is a conventional fitting ring (3), and the opposite part is attached by sewing or bonding to one part of the circumferential surface of the sewing hole 212 .

---

350 여기서, 상기 지물편(220)은 가방 끈과 같은 직물지로 약 100 ~ 150 mm 정도 소정 길이 만큼 잘라 사용하는 것으로, 한쪽 부분에 서로 결합되는 두 개의 링을 압착하여 타공함으로써 형성되는 통상의 끼움링(3)을 구비하고, 반대쪽 부분은 상기 재봉홀(212)의 둘레면 중 일 부분에 재봉하거나 접착하여 부착한다.

[0025]

359 In addition, preferably, the fitting protrusion 110 and the fitting groove 110a corresponding to the fitting protrusion 110 are formed so as to prevent damage to the fitting protrusion 110 passing through the fitting ring 3 and to be more firmly fixed to the ground. (320) is further provided to make it stronger by driving it longer on the ground.

---

365 또한, 바람직하게는 상기 끼움링(3)을 통과한 끼움돌기(110)의 파손을 막으며 더욱더 견고하게 지면에 고정할 수 있도록 상기 끼움돌기(110)와 대응되는 끼움홈(110a)이 형성된 말뚝(320)을 더 구비하여 지면에 더욱 깁게 박아 견고하게 한다.

[0026]

373 According to FIG. 3, as a first embodiment according to the present invention, a first

coupling member 201 formed along the corner lines of the two edges of the awning film 200 and; Another pole 100' which is installed to be spaced apart from the pole 100; The mesh curtain 400 provided on the pole 100 ' and having a second coupling part 401 having a shape corresponding to the first coupling part 201 of the awning 200 is the first coupling part 201 . And the second coupling portion 401 is combined to form a tunnel- shaped portable shading membrane (1).

---

381 도 3에 의하면, 본 발명에 따른 제 1실시예로써, 상기 차양막(200)의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재(201)와; 상기 폴대(100)와 이격되어 설치되는 또 다른 폴대(100')와; 이 폴대(100')에 구비되며 상기 차양막(200)의 제 1결합부(201)와 대응되는 모양의 제 2결합부(401)가 형성된 망사장막(400)이 상기 제 1결합부(201)와 제 2결합부(401)가 결합하여 터널형상의 휴대용 차양막(1)을 형성한다.

[0027]

391 Here, the mesh curtain 400 is coupled to correspond to the shade curtain 200, and when wind flows into and out of the shade curtain, the wind passes through the mesh curtain 400 and the shadow formed by the shade curtain 200. In addition, the wind smoothly passes, providing the user with coolness by the wind.

---

396 여기서, 상기 망사장막(400)은 상기 차양막(200)과 대응하여 결합되며, 상기 차양막의 내외부로 바람이 흐르면 상기 망사장막(400)을 통해 바람이 통과되어 상기 차양막(200)에 의해 형성되는 그림자 이외에도 바람이 원활하게 통과되어 사용자에게 바람에 의해 시원함을 제공한다.

[0028]

405 In this case, the first coupling part 201 and the second coupling part 401 are used as coupling members such as Velcro fasteners or zippers corresponding to each other, and are combined or disassembled according to the user's taste.

---

409 이때, 상기 제 1결합부(201)와 제 2결합부(401)는 상호 대응되는 밸크로파스너 또는 지퍼 등의 결합부재로 사용하여, 사용자의 취향에 따라 결합 또는 분해하여 사용한다.

[0029]

416 According to FIG. 4, as a second embodiment according to the present invention, a protrusion cap 500 having a ring 510 formed on one side of the outer circumferential surface in a cylindrical shape is provided, and fitting protrusions 110 formed at both ends of the poles 100 and 100'. The rings 510 are inserted to face each other, and the rings 510 are connected to each other with a connecting ring 520 provided with an elastic string and installed.

---

423 도 4에 의하면, 본 발명에 따른 제 2실시예로써, 원통형상으로 외주면 일측에 고리(510)가 형성된 돌기캡(500)을 구비하고 상기 폴대(100,100')의 양단부에 형성된 끼움돌기(110)에 고리(510)가 서로 마주보도록 끼우고, 그 고리(510)에 탄성줄이 구비된 연결고리(520)로 서로 연결하여 설치한다.

[0030]

432 Here, the protrusion cap 500 can be installed on a gravel floor or a concrete floor 4, and the shape of the portable awning membrane 1 can be maintained by connecting the mutual rings 510 with the connecting rings 520. .

---

436 여기서, 상기 돌기캡(500)은 자갈바닥 또는 콘크리트(4) 바닥에 설치가 가능하며, 상호 고리(510)를 연결고리(520)로 이어주어 상기 휴대용 차양막(1)의 형상을 그대로 유지할 수 있다 .

[0031]

444 According to FIG. 5, as a third embodiment according to the present invention, a mat 600 provided with a fitting ring 3 at each edge end is spread out, and the fitting protrusion 110 of the poles 100 and 100' is formed thereon. It is characterized in that it is installed in each fitting ring (3).

---

449 도 5에 의하면, 본 발명에 따른 제 3실시예로써, 각각의 모서리 단부에 끼움링(3)이 구비된 돗자리(600)를 펴고, 그 위에 상기 폴대(100,100')의 끼움돌기(110)를 각각 끼움링(3)에 끼워 설치하는 것을 특징으로 한다.

[0032]

457 This provides a space where the user can comfortably rest in the interior of the

awning screen 200 in using the portable awning membrane 1, and the ground (2) such as a sandy or earthen floor, a gravel floor, a concrete floor (4) It can be installed immediately, regardless of any place, and the shape of the portable awning (1) can be maintained by the mat (600).

--------------------------------------------------------------------------------

463 이는 상기 휴대용 차양막(1)을 사용하는데 있어서, 사용자가 차양막(200)의 내부에서 편안하게 쉴 수 있는 공간을 마련하며 모래바닥이나 흙바닥 등의 지면(2), 자갈바닥, 콘크리트바닥(4) 등 어느 장소든 상관없이 바로 설치가 가능하며 돗자리(600)에 의해 상기 휴대용 차양막(1)의 형상을 그대로 유지할 수 있다.

[0033]

472 Finally, the awning film 200 is applied by layering a waterproof paint and UV-blocking paint on the windproof fabric, preferably by applying a waterproof paint to the inner skin surface of the windproof fabric used as the awning film 200 to make a waterproof coating, UV- coating by applying UV- blocking paint to the outer surface of the skin, use fabrics that are generally used.

--------------------------------------------------------------------------------

478 마지막으로, 상기 차양막(200)은 방풍원단에 방수 도료와 자외선 차단 도료를 점층하여 도포하는데 있어서, 바람직하게는 차양막(200)으로 사용하는 방풍원단의 내피면에 방수 도료를 도포하여 방수코팅하고, 외피면에 자외선 차단 도료를 도포하여 UV코팅하여 일반적으로 사용하는 원단을 사용한다.

[0034]

487 Above, the present invention is simple and anyone can easily install or disassemble with a minimal structure that can install the portable awning (1) using natural wind, and a rest space that can protect the user from sunlight from morning to evening can provide

--------------------------------------------------------------------------------

492 이상, 본 발명은 자연 바람을 이용하여 휴대용 차양막(1)을 설치할 수 있는 최소한의 구조물만으로 간편하고 누구나 쉽게 설치 또는 해체할 수 있으며, 아침부터 저녁까지 내리쬐는 햇볕으로부터 사용자를 보호할 수 있는 휴식 공간을 제공할 수 있다.

[0035]

1:Portable awning 100: pole 200: awning 300: hanging means 500: protrusion cap 600: mat

-----------------------------------------------------------------------------------------------------------------------

1:휴대용 차양막 100:폴대200:차양막 300:걸이수단500:돌기캡 600:돗자리

(19) 대한민국특허청(KR)
(12) 등록특허공보(B1)

(45) 공고일자 2013년10월07일
(11) 등록번호 10-1315166
(24) 등록일자 2013년09월30일

(51) 국제특허분류(Int. Cl.)
*E04H 15/64* (2006.01) *E04H 15/00* (2006.01)
(21) 출원번호 10-2010-0110589
(22) 출원일자 2010년11월08일
심사청구일자 2010년11월08일
(65) 공개번호 10-2012-0049032
(43) 공개일자 2012년05월16일
(56) 선행기술조사문헌
KR1020100111450 A
KR200392044 Y1
JP2001164798 A
전체 청구항 수 : 총 4 항

(73) 특허권자
**강석명**
경기도 수원시 팔달구 수원천로204번길 50-7 (인계동)
(72) 발명자
**강석명**
경기도 수원시 팔달구 수원천로204번길 50-7 (인계동)
(74) 대리인
**유기현**

심사관 : 이병결

(54) 발명의 명칭 **휴대용 차양막**

(57) 요 약

본 발명은 휴대용 차양막에 관한 것으로, 그늘이 별로 없는 강가나 해변가 등지의 야외에서 간편하게 설치하여 따가운 햇볕을 피할 수 있도록 그늘을 제공하는 휴대용 차양막에 관한 것이다.

본 발명은 양단부에 끼움돌기가 돌출 형성되고, '∩'자 형상으로 휘어지는 텐트용 폴대와; 삼각형상의 장막으로 상기 폴대의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부를 형성함과 동시에 양쪽 끝부분에 폴대가 출입할 수 있는 재봉홀을 형성함으로 상기 폴대에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막과; 끼움링이 일측에 형성되고 타측에 상기 재봉홀의 둘레에 부착하여 상기 끼움돌기를 고정하는 직물편과; 상기 재봉부의 중앙 부분에 상기 폴대가 노출되도록 일 부분을 질개하거나 또는 재봉부의 중앙 부분에 인접하는 장막에 끼움링을 더 구비하여 형성된 걸림부; 상기 걸림부에 걸쇠를 걸고 다른 한쪽에 말뚝이 연결체를 중심으로 양단부에 형성된 견이수단으로 상기 차양막을 지지하는 것을 특징으로 하는 휴대용 차양막에 있어서, 상기 차양막은 재봉부를 제외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부를 형성하는 것을 특징으로 하는 휴대용 차양막을 제공한다.

여기서, 상기 차양막의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재와; 상기 폴대와 이격되어 설치되는 폴대와; 이 폴대에 구비되며 상기 차양막의 제 1결합부와 대응되는 모양의 제 2결합부가 형성된 망사장막이 상기 제 1결합부와 제 2결합부가 결합하여 터널형상의 차양막을 형성하는 것을 특징으로 한다.

또한, 원통형상으로 외주면 일측에 고리가 형성된 돌기캡을 구비하고 상기 폴대의 양단부에 형성된 끼움돌기에 고리가 서로 마주보도록 끼우고, 그 고리에 탄성줄이 구비된 연결고리로 서로 연결하여 설치하는 것을 특징으로 한다.

그리고, 각각의 모서리 단부에 끼움링이 구비된 돗자리를 펴고, 그 위에 상기 폴대의 끼움돌기를 각각 끼워 설치하는 것을 특징으로 한다.

상기와 같은 구성의 본 발명을 제공함으로써, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 효과가 있다.

대 표 도 - 도1



특허청구의 범위

**청구항 1**

양단부에 끼움돌기(110)가 돌출 형성되고, '∩'자 형상으로 휘어지는 폴대(100)와;

삼각형상의 장막으로 형성되며, 상기 폴대(100)의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부(210)를 형성함과 동시에 상기 재봉부(210)의 중앙부분에는 걸쇠(310)를 걸 수 있는 걸림부(230)가 형성되고, 상기 재봉부(210)의 양쪽 끝 부분에 폴대(100)가 출입할 수 있는 재봉홀(212)이 형성된 차양막(200)과;

상기 재봉홀(212)의 둘레 일부분에 연장되어 일측이 부착됨과 동시에 상기 끼움돌기(110)를 끼울 수 있는 끼움링(3)이 타측에 형성된 직물편(220)과;

상기 걸림부(230)에 고정하여 상기 차양막(200)을 지지할 수 있도록 연결체(330)의 한쪽 끝에는 걸쇠(310)가 나른 한쪽 끝에는 말뚝(320)이 형성된 걸이수단(300)을 포함하여 이루어진 휴대용 차양막(1)에 있어서,

상기 차양막(200)은 재봉부(210)를 재외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부(240)를 형성하는 것을 특징으로 하는 휴내용 차양막.

**청구항 2**

제 1항에 있어서,

상기 차양막(200)의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재(201)와; 상기 폴대(100)와 이격되어 설치되는 폴대(100')와; 이 폴대(100')에 구비되며 상기 차양막(200)의 제 1결합부(201)와 대응되는 모양의 제 2결합부(401)가 형성된 망사장막(400)이 상기 제 1결합부(201)와 제 2결합부(401)가 결합하여 터널형상의 차양막(200)을 형성하는 것을 특징으로 하는 휴대용 차양막.

**청구항 3**

제 2항에 있어서,

원통형상으로 외주면 일측에 고리(510)가 형성된 돌기캡(500)을 구비하고 상기 폴대(100,100')의 양단부에 형성된 끼움돌기(110)에 고리(510)가 서로 마주보도록 끼우고, 상기 고리(510)에 탄성줄이 구비된 연결고리(520)로 서로 연결하여 설치하는 것을 특징으로 하는 휴대용 차양막.

**청구항 4**

제 2항에 있어서,

각각의 모서리 단부에 끼움링(3)이 구비된 돗자리(600)를 펴고, 그 위에 상기 폴대(100,100')의 끼움돌기(110)를 각각 끼워 설치하는 것을 특징으로 하는 휴대용 차양막.

명 세 서

기 술 분 야

[0001] 본 발명은 휴대용 차양막에 관한 것으로, 그늘이 별로 없는 강가나 해변가 등지의 야외에서 간편하게 설치하여 따가운 햇볕을 피할 수 있도록 그늘을 제공하는 휴대용 차양막에 관한 것이다.

배 경 기 술

[0002] 일반적으로 강가나 해변 등의 야외는 물과 땅의 온도차이로 해륙풍(海陸風)이 발생하며, 태양이 비추는 한낮에도 약하게 남아 해풍(海風)이 불어 야영객을 시원하게 해주지만, 반면 따가운 햇볕에서 생성되는 가시광선 및

자외선에 의해 인체에 악영향이 미치므로 장기간 노출되면 위험한 상황에 이를 수도 있다.

[0003] 그리하여, 종래에 햇볕을 차단하며 그늘을 만들기 위하여 비치 파라솔을 설치하여 사용하였으나, 이는 그 부피가 크고 구조물이 철재로 형성되어 휴대가 불편할 뿐만 아니라 사용자가 항상 자동차에 비치 파라솔을 비치(備置)하고 다닐 수도 없다.

[0004] 이와 같은 문제점을 극복하기 위하여, 최근에 햇볕을 차단하여 그늘을 만들수 있는 휴대용 차양막으로 공개실용 제1990-0000799호, 공개실용 제1998-060140 등에 개시된 바 있다.

[0005] 그러나, 상기 개시된 공개실용 제1990-0000799호는 휴대가 간편하도록 반원형상의 차양막의 테두리에 형성된 삽지공을 따라 지주를 삽입하여 설치한 후, 지주의 상단을 중심으로 전후방에 줄을 묶어 말뚝을 박아 고정하는 방식의 휴대용 차양막을 제공하고 있으나, 상기 차양막은 햇볕을 가려 그늘을 만들기 위해서는 반투명 또는 불투명의 원단을 사용해야만 하는데, 그렇게 되면 전후방에 불어오는 바람에 저항하게 되어 차양막이 쓰러지거나 날라가는 등의 불상사가 발생한다.

[0006] 또한, 상기 차양막은 해가 중천에 떴을 경우, 지주의 수직 방향으로 빛이 비추어지므로 그늘이 생기지 않거나 생긴다 하더라도 햇볕으로부터 사용자를 보호할 만큼의 그늘을 보장할 수가 없으며, 한낮의 뜨거운 직사광선에 그대로 노출된다.

[0007] 다음, 상기 개시된 공개실용 제1998-060140호는 햇볕을 가리는 막지를 지면으로부터 경사지게 하여 햇볕차단은 물론 바람막이의 구실도 할 수 있도록 하고, 상기 막지의 둘레에 형성한 반호형의 상하부 홀에끼우는 폴과 똑바로 세우는 수직폴로 되는 간편한 구성으로 하여 휴대와 조립분해가 용이하다고 기술되어 있다.

[0008] 그러나, 크기나 재료상으로 보면 1~3인용으로 크기가 작고 그만큼 작은 폴과 원단을 사용하므로 그만큼 부피가 작아 휴대가 용이한 것은 사실이나, 상기 막지의 양단에 각각의 폴을 끼우고, 그 폴의 끝단에 형성된 고리와 깔판지에 형성된 고리를 연결하고, 막지의 일부분에 지물편에 형성된 끼움공에 또 다른 폴을 일일이 연결하고, 막지 내측에 형성된 연결끈으로 그 폴의 중간 부분을 또 묶어야 하는 등의 작업 코스트가 많아 분해조립 등의 설치하는 시간이 오래 걸리는 단점이 있다.

[0009] 또한, 상기 기술에서 어느 부분을 찾아봐도 상기 휴대용 차양막이 지면에 고정되어 있지 않으며, 사용자가 깔판지에 앉으므로 지지할 수는 있으나 자리를 비운 사이에 바람이 조금만 강하게 불어도 나라가 버리는 등의 분실되는 문제점이 있다.

## 발명의 내용

### 해결하려는 과제

[0010] 본 발명은 상기한 문제점을 극복하기 위하여, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 휴대용 차양막을 제공하는데 목적이 있다.

### 과제의 해결 수단

[0011] 본 발명은 상기한 목적을 달성하기 위하여, 양단부에 끼움돌기가 돌출 형성되고, '∩'자 형상으로 휘어지는 텐트용 폴대와; 삼각형상의 장막으로 상기 폴대의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부를 형성함과 동시에 양쪽 끝 부분에 폴대가 출입할 수 있는 재봉홀을 형성함으로 상기 폴대에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막과; 끼움링이 일측에 형성되고 타측에 상기 재봉홀의 둘레에 부착하여 상기 끼움돌기를 고정하는 직물편과; 상기 재봉부의 중앙 부분에 상기 폴대가 노출되도록 일 부분을 절개하거나 또는 재봉부의 중앙 부분에 인접하는 장막에 끼움링을 더 구비하여 형성된 걸림부; 상기 걸림부에 걸쇠를 걸고 다른 한쪽에 말뚝이 연결체를 중심으로 양단부에 형성된 걸이수단으로 상기 차양막을 지지하는 것을 특징으로 하는 휴대용 차양막에 있어서, 상기 차양막은 재봉부를 제외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부를 형성하는 것을 특징으로 하는 휴대용 차양막을 제공한다.

[0012] 여기서, 상기 차양막의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재와; 상기 폴대와 이격되어 설치되는 폴대와; 이 폴대에 구비되며 상기 차양막의 제 1결합부와 대응되는 모양의 제 2결합부가 형성된 망사장막이 상기 제 1결합부와 제 2결합부가 결합하여 터널형상의 차양막을 형성하는 것을 특징으로 한다.



Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 114 of 448

[0013] 또한, 원통형상으로 외주면 일측에 고리가 형성된 돌기캡을 구비하고 상기 폴대의 양단부에 형성된 끼움돌기에 고리가 서로 마주보도록 끼우고, 그 고리에 탄성줄이 구비된 연결고리로 서로 연결하여 설치하는 것을 특징으로 한다.

[0014] 그리고, 각각의 모서리 단부에 끼움링이 구비된 돗자리를 펴고, 그 위에 상기 폴대의 끼움돌기를 각각 끼워 설치하는 것을 특징으로 한다.

*발명의 효과*

[0015] 상기와 같은 구성의 본 발명을 제공함으로써, 불어오는 바람에 저항하지 않도록 구성하여 바람에 날아가는 등의 분실될 염려가 없고, 아침부터 저녁까지 해가 떠있는 기간 동안은 항상 그늘을 제공하여 따가운 햇볕으로부터 사용자를 보호할 수 있으며, 구조가 간단하여 쉽고 간편하게 설치 및 분해할 수 있는 효과가 있다.

*도면의 간단한 설명*

[0016] 도 1은 본 발명에 따른 휴대용 차양막의 설치상태도

도 2는 본 발명에 따른 휴대용 차양막의 설치상태 측단면도

도 3은 본 발명에 따른 제 1실시예를 도시한 상태도

도 4는 본 발명에 따른 제 2실시예를 도시한 상태도

도 5는 본 발명에 따른 제 3실시예를 도시한 상태도

*발명을 실시하기 위한 구체적인 내용*

[0017] 이하, 본 발명에 따른 휴대용 차양막은 첨부한 도면들을 참고로 하여 이하 상세히 기술되는 실시 예에 의하여 그 특징들을 이해할 수 있을 것이나.

[0018] 도 1 내지 도 2에 의하면, 본 발명은 양단부에 끼움돌기(110)가 돌출 형성되고, '∩'자 형상으로 휘어지는 탠트용 폴대(100)와; 삼각형상의 장막으로 상기 폴대(100)의 둘레를 감쌀 정도로 한쪽 가장자리의 일부분을 접어서 재봉하여 재봉부(210)를 형성함과 동시에 양쪽 끝 부분에 폴대(100)가 출입할 수 있는 재봉홀(212)을 형성함으로 상기 폴대(100)에 결합하여 수평방향으로 펼쳐지도록 형성된 차양막(200)과; 끼움링(2)이 일측에 형성되고 타측에 상기 재봉홀(212)의 둘레에 부착하여 상기 끼움돌기(110)를 고정하는 직물편(220)과; 상기 재봉부(210)의 중앙 부분에 상기 폴대(100)가 노출되도록 일 부분을 절개하거나 또는 재봉부(210)의 중앙 부분에 인접하는 장막에 끼움링(2)을 더 구비하여 형성된 걸림부(230)와; 상기 걸림부(230)에 걸쇠(310)를 걸고 다른 한쪽에 말뚝(320)이 연결체(330)를 중심으로 양단부에 형성된 걸이수단(300)으로 상기 차양막(200)을 지지하는 것을 특징으로 하는 휴대용 차양막(1)에 있어서, 상기 차양막(200)은 재봉부(210)를 재외한 나머지 두 가장자리의 모서리 선을 따라 일정크기 망사부(240)를 형성한다.

[0019] 이때, 상기 망사부(240)는 장기간의 실험을 통하여 얻은 결과로 상기 차양막(200)이 바람에 흔들리는 깃발에서 펄럭이는 소리(즉, 펼쳐진 직물을 따라 흐르는 기류에 의해 장막이 요동치며 발생하는 잡음)와 같은 소음을 최소화할 수 있도록 상기 차양막(200)에 흐르는 공기가 망사부(240)를 통과함으로 차양막(200)의 가장자리의 바람에 흔들리지 않는다.

[0020] 상기와 같은 구조로 바닷가 또는 강가에 지면(2)이 흙이나 모래로 된 장소에서 사용자가 야영 또는 낚시를 즐기며 따가운 햇볕을 피할 수 있는 휴식 공간을 만들기 위하여 해풍(海風)을 받는 방향을 정면으로 설치하되, 탠트용 폴대(100)를 피고, 차양막(200)의 재봉홀(210)에 그 폴대(100)를 밀어 넣어 반대쪽 재봉홀(210)까지 도달하게 되면 폴대(100)가 끼워진 차양막(200)과 폴대(100)가 반원형상으로 휘어진다.

[0021] 이때, 재봉홀(210)에 연장하여 구비된 지불편(220)에 형성한 끼움링(3)에 폴대(100)의 끼움돌기(110)를 끼우고, 그 끼움돌기(110)를 지면(2)에 수직으로 박아 상기 차양막(200)이 반원형상으로 기립(起立)상태를 유지한다.

[0022] 그리고, 상기 걸이수단(300)의 걸쇠(310)를 걸림부(230)에 걸고 전방 2 ~ 3 m 부분에 일체로 된 말뚝(320)을 박아 차양막(200)을 더욱더 견고하게 한다.

[0023] 만 바람에 휘날리는 차양막(200) 밑에 공간에 돗자리(600) 등을 깔아 편안하게 휴식을 취하며, 햇볕을 피할 수



Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 115 of 448

있다.

[0024] 여기서, 상기 지물편(220)은 가방 끈과 같은 직물지로 약 100 ~ 150 mm 정도 소정 길이 만큼 잘라 사용하는 것으로, 한쪽 부분에 서로 결합되는 두 개의 링을 압착하여 타공함으로써 형성되는 통상의 끼움링(3)을 구비하고, 반대쪽 부분은 상기 재봉홀(212)의 둘레면 중 일 부분에 재봉하거나 접착하여 부착한다.

[0025] 또한, 바람직하게는 상기 끼움링(3)을 통과한 끼움돌기(110)의 파손을 막으며 더욱더 견고하게 지면에 고정할 수 있도록 상기 끼움돌기(110)와 대응되는 끼움홈(110a)이 형성된 말뚝(320)을 더 구비하여 지면에 더욱 깊게 박아 견고하게 한다.

[0026] 도 3에 의하면, 본 발명에 따른 제 1실시예로써, 상기 차양막(200)의 두 가장자리의 모서리 선을 따라 형성된 제 1결합부재(201)와; 상기 폴대(100)와 이격되어 설치되는 또 다른 폴대(100')와; 이 폴대(100')에 구비되며 상기 차양막(200)의 제 1결합부(201)와 대응되는 모양의 제 2결합부(401)가 형성된 망사장막(400)이 상기 제 1결합부(201)와 제 2결합부(401)가 결합하여 터널형상의 휴대용 차양막(1)을 형성한다.

[0027] 여기서, 상기 망사장막(400)은 상기 차양막(200)과 대응하여 결합되며, 상기 차양막의 내외부로 바람이 흐르면 상기 망사장막(400)을 통해 바람이 통과되어 상기 차양막(200)에 의해 형성되는 그림자 이외에도 바람이 원활하게 통과되어 사용자에게 바람에 의해 시원함을 제공한다.

[0028] 이때, 상기 제 1결합부(201)와 제 2결합부(401)는 상호 대응되는 벨크로파스너 또는 지퍼 등의 결합부재로 사용하여, 사용자의 취향에 따라 결합 또는 분해하여 사용한다.

[0029] 도 4에 의하면, 본 발명에 따른 제 2실시예로써, 원통형상으로 외주면 일측에 고리(510)가 형성된 돌기캡(500)을 구비하고 상기 폴대(100,100')의 양단부에 형성된 끼움돌기(110)에 고리(510)가 서로 마주보도록 끼우고, 그 고리(510)에 단성줄이 구비된 연결고리(520)로 서로 연결하여 설치한다.

[0030] 여기서, 상기 돌기캡(500)은 자갈바닥 또는 콘크리트(4) 바닥에 설치가 가능하며, 상호 고리(510)를 연결고리(520)로 이어주어 상기 휴대용 차양막(1)의 형상을 그대로 유지할 수 있다.

[0031] 도 5에 의하면, 본 발명에 따른 제 3실시예로써, 각각의 모서리 단부에 끼움링(3)이 구비된 돗자리(600)를 펴고, 그 위에 상기 폴대(100,100')의 끼움돌기(110)를 각각 끼움링(3)에 끼워 설치하는 것을 특징으로 한다.

[0032] 이는 상기 휴대용 차양막(1)을 사용하는데 있어서, 사용자가 차양막(200)의 내부에서 편안하게 쉴 수 있는 공간을 마련하며 모래바닥이나 흙바닥 등의 지면(2), 자갈바닥, 콘크리트바닥(4) 등 어느 장소든 상관없이 바로 설치가 가능하며 돗자리(600)에 의해 상기 휴대용 차양막(1)의 형상을 그대로 유지할 수 있다.

[0033] 마지막으로, 상기 차양막(200)은 방풍원단에 방수 도료와 자외선 차단 도료를 적층하여 도포하는데 있어서, 바람직하게는 차양막(200)으로 사용하는 방풍원단의 내피면에 방수 도료를 도포하여 방수코팅하고, 외피면에 자외선 차단 도료를 도포하여 UV코팅하여 일반적으로 사용하는 원단을 사용한다.

[0034] 이상, 본 발명은 자연 바람을 이용하여 휴대용 차양막(1)을 설치할 수 있는 최소한의 구조물만으로 간편하고 누구나 쉽게 설치 또는 해체할 수 있으며, 아침부터 저녁까지 내리쬐는 햇볕으로부터 사용자를 보호할 수 있는 휴식 공간을 제공할 수 있다.

*부호의 설명*

[0035] 1:휴대용 차양막 100:폴대

200:차양막 300:걸이수단



Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 116 of 448

500: 돌기캡 600: 돗자리

도면

도면1



도면2






Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 118 of 448

도면3



도면4





Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 120 of 448

도면5






Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 121 of 448

Attorney's Docket No. **S105508 1010US.C7 (0020.1)**

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1063 |
| Appl. No.: | 17/471,658 | Group Art Unit: | *To Be Assigned* |
| Filed: | September 10, 2021 | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. § 1.97(b)**

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature document in accordance with 37 CFR 1.98(a)(2). Also enclosed is a translation or a concise explanation of each non-English language document.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(b), before a first Office Action. It is not believed that any fees are due at this time, however, if required, the Commissioner is authorized to charge any additional fee, or credit any refund, to our Deposit Account No. **09-0528**.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 16, 2022.*

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 39 | US-2,186,510 | 01-09-1940 | Walter *et al.* | |
| | 40 | US-4,924,893 | 05-15-1990 | Furey | |
| | 41 | US-5,678,704 | 10-21-1997 | Deeds | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 42 | KR 10-1315166 | 10-07-2013 | Kang | | Machine Translation |
| | 43 | CA 2524310 | 04-25-2006 | Aqua-Leisure Industries, Inc | | |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 44 | Suniela Beach Portable Shade Cabanas, [site visited October 21, 2021], Available on the internet URL: <https://suniela.com> | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY.DOCKET NO./TITLE | REQUEST ID |
|---|---|---|---|---|
| 17/471,658 | 09/10/2021 | Dane Brooks Barnes | S105508 1010US.C7 (0020.1 | 172093 |

## Acknowledgement of Loss of Entitlement to Entity Status Discount

The entity status change request below filed through Private PAIR on 08/15/2022 has been accepted.

**CERTIFICATIONS:**

**Change of Entity Status:**

☒ Applicant changing to regular undiscounted fee status.
NOTE: Checking this box will be taken to be notification of loss of entitlement to small or micro entity status, as applicable.

**This portion must be completed by the signatory or signatories making the entity status change in accordance with 37 CFR 1.4(d)(4).**

| | |
|---|---|
| **Signature:** | /Lauren F. Anderson/ |
| **Name:** | Lauren F. Anderson |
| **Registration Number:** | 69344 |

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/471,658 | 09/10/2021 | Dane Brooks Barnes | S105508 1010US.C7 (0020.1 | 1063 |

26158 7590 09/21/2022

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/21/2022 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

| *Office Action Summary* | **Application No.**<br>17/471,658 | **Applicant(s)**<br>Barnes et al. | |
|---|---|---|---|
| | **Examiner**<br>NOAH C HAWK | **Art Unit**<br>3636 | **AIA (FITF) Status**<br>Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☐ Responsive to communication(s) filed on _____.

☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL.** 2b) ☑ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 41-58 is/are pending in the application.

5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 41-58 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 9/10/2021 is/are: a)☐ accepted or b)☑ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

a)☐ All b)☐ Some** c)☐ None of the:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date 9/10/21, 6/16/22.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date ______.

4) ☐ Other: ______.

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Drawings*

2. The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the “corkscrew shape” recited in Claim 41 must be shown or the feature(s) canceled from the claim(s). No new matter should be entered.

3. Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as “amended.” If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either “Replacement Sheet” or “New Sheet” pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner,

the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

### *Claim Rejections - 35 USC § 103*

4. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

5. Claims 41-43 and 47-49 are rejected under 35 U.S.C. 103 as being unpatentable over Beatty in US Patent 3070107 in view of Warth in US Patent 3286962.

a. Regarding Claim 41, Beatty teaches a system for providing shade onto a surface, the system comprising: a frame including a plurality of sections (2, 3, 14, 14’) and at least one aligning component (13) affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration (Fig. 3) and a supporting configuration (Fig. 1), wherein the sections comprise: a first section (2) defining a first end (at the lower end) and an opposing second end (toward 4), the first end embedded in the surface in the supporting configuration, a second section (3) defining a first end (toward 4) and an opposing second end (12), the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, and one or more adjacent sections (14, 14’) engaged or coupled to the at least one aligning component, the aligning component being affixed

between the opposing second end of the second section and the one or more adjacent sections to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration, wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section (see Fig. 2); and a canopy (19) extending between a suspension end (20) and an opposing trailing end (toward 22), the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind ("the sail cloth will billow to accommodate prevailing wind") for providing shade to the surface; wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

b. Beatty is silent on a corkscrew shape for the first end of the first section. Warth teaches a frame with a first section (22) having a first end (35), the first end defining a corkscrew shape embedded in the surface in a supporting configuration. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Beatty by using a corkscrew-shaped first end as taught by Warth in order to more securely embed the frame in the surface.

c. Regarding Claim 42, Beatty, as modified, teaches that the first section and the second section are co-extensive with one another.

d. Regarding Claim 43, Beatty, as modified, teaches that the aligning component comprises a cable.

e. Regarding Claim 47, Beatty, as modified, teaches that the canopy defines at least one hoop (20) configured for accepting a portion of the frame therethrough.

f. Regarding Claim 48, Beatty, as modified, teaches that the portion of the frame comprises the one or more adjacent sections.

g. Regarding Claim 49, Beatty, as modified, teaches that the canopy has at least one set of parallel sides (the left and right sides as shown in Fig. 2).

6. Claims 44 and 45 are rejected under 35 U.S.C. 103 as being unpatentable over Beatty, as modified, as applied to Claim 41 above in view of Sotirkys et al. in US Patent 7789097. Beatty, as modified, fails to teach a canopy including a plurality of sections. Sotirkys teaches a canopy (10/80) that comprises a plurality of coupled sections (10 and 80), wherein the plurality of coupled sections are selectively engageable sections (detachable at 85/86). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Beatty, as modified, by using a plurality of sections as taught by Sotirkys in order to allow the user to select the amount of coverage available under the shelter.

7. Claim 46 is rejected under 35 U.S.C. 103 as being unpatentable over Beatty, as modified, as applied to Claim 41 above in view of KR 101315166 (Kang). Beatty, as modified, is silent on the use of vent holes. Kang teaches a shelter system with a canopy (200) defining one or more vent holes (240). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to

modify the device of Beatty, as modified, by adding vent holes to the canopy as taught by Kang in order to minimize wind noise

8. Claim 50 is rejected under 35 U.S.C. 103 as being unpatentable over Beatty, as modified, as applied to claim 41 above, and further in view of Furey in US Patent 4924893. Beatty, as modified, fails to teach a container. Furey teaches a shade system including a container (103) capable of housing and transporting the components of the system therein ("components may be readily carried in the anchoring member when it is emptied of sand" – Column 7, lines 22-23) as well as acting as an anchor to retain a frame in the supporting configuration see Fig. 1), the container capable of being coupleable (via 27) to one or both of the frame and the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Beatty, as modified, by adding a container as taught by Furey in order to more securely erect the shade and contain all of the components of the device.

9. Claims 51, 52, and 56-58 are rejected under 35 U.S.C. 103 as being unpatentable over Beatty in US Patent 3070107 in view of Furey in US Patent 4924893.

h. Regarding Claim 51, Beatty teaches a system for providing shade onto a surface, the system comprising: a frame including a plurality of sections (2, 3, 14, 14') and at least one aligning component (13) affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration (Fig. 3) and a supporting configuration (Fig. 2), wherein the sections comprise: a first section (2) defining a first end (at the lower end) and an opposing second end (toward 4), the first end being embedded in the

surface in the supporting configuration, a second section (3) defining a first end (toward 4) and an opposing second end (at 12), the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, the first section and the second section being co-extensive, and one or more adjacent sections (14, 14') engaged or coupled to the at least one aligning component, the aligning component being affixed between the opposing second end of the second section and the one or more adjacent sections to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration, wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section; a canopy (19) extending between a suspension end (toward 20) and an opposing trailing end (toward 22), the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for ("the sail cloth will billow to accommodate prevailing wind") providing shade to the surface, wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

i. Beatty fails to teach a container. Furey teaches a shade system including a container (103) capable of housing and transporting the components of the system therein ("components may be readily carried in the anchoring member when it is emptied of sand" – Column 7, lines 22-23) as well as acting as an

anchor to retain a frame in the supporting configuration see Fig. 1), the container capable of being coupleable (via 27) to one or both of the frame and the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Beatty by adding a container as taught by Furey in order to more securely erect the shade and contain all of the components of the device.

j. Regarding Claim 52, Beatty, as modified, teaches that the aligning component comprises a cable.

k. Regarding Claim 56, Beatty, as modified, teaches that the canopy defines at least one hoop (20) configured for accepting a portion of the frame therethrough.

l. Regarding Claim 57, Beatty, as modified, teaches that the portion of the frame comprises the one or more adjacent sections.

m. Regarding Claim 58, Beatty, as modified, teaches that the canopy has at least one set of parallel sides (the left and right sides as shown in Fig. 2).

10. Claims 53 and 54 are rejected under 35 U.S.C. 103 as being unpatentable over Beatty, as modified, as applied to Claim 51 above in view of Sotirkys et al. in US Patent 7789097. Beatty, as modified, fails to teach a canopy including a plurality of sections. Sotirkys teaches a canopy (10/80) that comprises a plurality of coupled sections (10 and 80), wherein the plurality of coupled sections are selectively engageable sections (detachable at 85/86). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Beatty,

as modified, by using a plurality of sections as taught by Sotirkys in order to allow the user to select the amount of coverage available under the shelter.

11. Claim 55 is rejected under 35 U.S.C. 103 as being unpatentable over Beatty, as modified, as applied to Claim 51 above in view of KR 101315166 (Kang). Beatty, as modified, is silent on the use of vent holes. Kang teaches a shelter system with a canopy (200) defining one or more vent holes (240). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Beatty, as modified, by adding vent holes to the canopy as taught by Kang in order to minimize wind noise.

## ***Conclusion***

12. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is

available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| *Notice of References Cited* | Application/Control No. 17/471,658 | Applicant(s)/Patent Under Reexamination Barnes et al. | |
|---|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-3286962-A | 11-1966 | WARTH KENNETH A | A01K1/04 | 248/156 |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Index of Claims* | Application/Control No.<br>17/471,658 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/14/2022 | | | | | | | | |
| | 1 | - | | | | | | | | |
| | 2 | - | | | | | | | | |
| | 3 | - | | | | | | | | |
| | 4 | - | | | | | | | | |
| | 5 | - | | | | | | | | |
| | 6 | - | | | | | | | | |
| | 7 | - | | | | | | | | |
| | 8 | - | | | | | | | | |
| | 9 | - | | | | | | | | |
| | 10 | - | | | | | | | | |
| | 11 | - | | | | | | | | |
| | 12 | - | | | | | | | | |
| | 13 | - | | | | | | | | |
| | 14 | - | | | | | | | | |
| | 15 | - | | | | | | | | |
| | 16 | - | | | | | | | | |
| | 17 | - | | | | | | | | |
| | 18 | - | | | | | | | | |
| | 19 | - | | | | | | | | |
| | 20 | - | | | | | | | | |
| | 21 | - | | | | | | | | |
| | 22 | - | | | | | | | | |
| | 23 | - | | | | | | | | |
| | 24 | - | | | | | | | | |
| | 25 | - | | | | | | | | |
| | 26 | - | | | | | | | | |
| | 27 | - | | | | | | | | |
| | 28 | - | | | | | | | | |
| | 29 | - | | | | | | | | |
| | 30 | - | | | | | | | | |
| | 31 | - | | | | | | | | |
| | 32 | - | | | | | | | | |
| | 33 | - | | | | | | | | |
| | 34 | - | | | | | | | | |
| | 35 | - | | | | | | | | |
| | 36 | - | | | | | | | | |
| | 37 | - | | | | | | | | |
| | 38 | - | | | | | | | | |
| | 39 | - | | | | | | | | |
| | 40 | - | | | | | | | | |
| | 41 | ✓ | | | | | | | | |
| | 42 | ✓ | | | | | | | | |

| Index of Claims | Application/Control No. 17/471,658 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/14/2022 | | | | | | | |
| | 43 | ✓ | | | | | | | |
| | 44 | ✓ | | | | | | | |
| | 45 | ✓ | | | | | | | |
| | 46 | ✓ | | | | | | | |
| | 47 | ✓ | | | | | | | |
| | 48 | ✓ | | | | | | | |
| | 49 | ✓ | | | | | | | |
| | 50 | ✓ | | | | | | | |
| | 51 | ✓ | | | | | | | |
| | 52 | ✓ | | | | | | | |
| | 53 | ✓ | | | | | | | |
| | 54 | ✓ | | | | | | | |
| | 55 | ✓ | | | | | | | |
| | 56 | ✓ | | | | | | | |
| | 57 | ✓ | | | | | | | |
| | 58 | ✓ | | | | | | | |

| Search Notes | Application/Control No. 17/471,658 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/005 | 09/14/2022 | NCH |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered IDS filed 9/10/21 and 6/16/222 | 09/14/2022 | NCH |
| Considered and updated search history for parent application 17232799 and related applications | 09/14/2022 | NCH |
| Performed inventor name search in DAV | 09/14/2022 | NCH |
| Please see attached PE2E search history | 09/14/2022 | NCH |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 2 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-3,042,053 | 07-03-1962 | Gabriel | |
| | 2 | US-3,052,249 | 09-04-1962 | Seaman *et al.* | |
| | 3 | US-3,070,107 | 12-25-1962 | Beatty | |
| | 4 | US-3,075,536 | 01-29-1963 | Parker | |
| | 5 | US-3,394,720 | 07-30-1968 | Moss | |
| | 6 | US-4,590,956 | 05-27-1986 | Griesenbeck | |
| | 7 | US-4,930,534 | 06-05-1990 | Hill | |
| | 8 | US-5,080,123 | 01-14-1992 | Stein | |
| | 9 | US-5,299,590 | 08-05-1994 | Deibert *et al.* | |
| | 10 | US-5,927,311 | 07-27-1999 | Jager | |
| | 11 | US-5,950,649 | 09-14-1999 | Gerig | |
| | 12 | US-6,964,277 | 11-15-2005 | Naber | |
| | 13 | US-7,406,977 | 08-05-2008 | Shires | |
| | 14 | US-7,708,339 | 05-04-2010 | Zapater | |
| | 15 | US-7,789,097 | 09-07-2010 | Sotirkys *et al.* | |
| | 16 | US-8,424,549 | 04-23-2013 | Goldsmith *et al.* | |
| | 17 | US-8,453,664 | 06-04-2013 | Parsons *et al.* | |
| | 18 | US-8,720,461 | 05-13-2014 | Nichols | |
| | 19 | US-8,899,251 | 12-02-2014 | Leung *et al.* | |
| | 20 | US-9,051,755 | 06-09-2015 | Heining *et al.* | |
| | 21 | US-9,051,756 | 06-09-2015 | Jenkins | |
| | 22 | US-9,113,724 | 08-25-2015 | Heining *et al.* | |
| | 23 | US-2003/0089390 | 05-15-2003 | Seo | |
| | 24 | US-2007/0079857 | 04-12-2007 | Tseng | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 09/14/2022 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON SEPTEMBER 10, 2021*

WBD (US) 53564862v1



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 2 | of | 2 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

**U. S. PATENT DOCUMENTS**

| | | | | | |
|---|---|---|---|---|---|
| | 25 | US-2012/0291830 | 11-22-2012 | Crimi | |
| | 26 | US-2013/0074894 | 03-28-2013 | Cook | |
| | 27 | US-2014/0041703 | 02-13-2014 | Funston | |
| | 28 | US-2014/0209132 | 07-31-2014 | Landry | |
| | 29 | US-2015/0040957 | 02-12-2015 | Mallookis *et al.* | |
| | 30 | US-2015/0252585 | 09-10-2015 | Mallookis *et al.* | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 31 | WO 02/04768 | 01-17-2002 | Selby | | |
| | 32 | FR 2 884 844 | 04-26-2005 | Cahours De Virgile | | |
| | 33 | DE 10 2009 020 795 | 11-04-2010 | Schmidt | | |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 34 | YouTube video by Robert Marazzita: The Best Beach Cabana – Set Up and Tear Down, July 9, 2015, [site visited August 8, 2017], Available on the Internet URL: <https:www.youtube.com/watch?v=LfccH7yV6SE>. | |
| | 35 | YouTube video by Robb's Homemade Life: Make $15 Beach Shade tent Easy Quick DIY, October 6, 2015 [site visited August 8, 2017] Available on the internet URL: <www.youtube.com/watch?v+X20b4pLJx1c> | |
| | 36 | YouTube video by Beachspirit: Kitent (R) - the Floating beach tent for sun shade, October 8, 2016 [site visited August 8, 2017] Available on the internet URL: <https://m.youtube.com/watch?v=OUaDZeqdTkQ> | |
| | 37 | YouTube video by ZiggyShade Beach Sunshade: ZiggyShade – Beach Sunshade – Set up instructions, November 24, 2016 [site visited August 8, 2017] Available on the internet URL: <https://youtu.be/1krQ0rlumws> | |
| | 38 | YouTube video by bibitedog: How to set up a butterfly arch, May 26, 2012 [site visited December 18, 2018] Available on the internet URL: <https://www.youtube.com/watch?v=FOTYtjQAL4s> | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 09/14/2022 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON SEPTEMBER 10, 2021*

WBD (US) 53564862v1



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 39 | US-2,186,510 | 01-09-1940 | Walter *et al.* | |
| | 40 | US-4,924,893 | 05-15-1990 | Furey | |
| | 41 | US-5,678,704 | 10-21-1997 | Deeds | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 42 | KR 10-1315166 | 10-07-2013 | Kang | | Machine Translation |
| | 43 | CA 2524310 | 04-25-2006 | Aqua-Leisure Industries, Inc | | |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 44 | Suniela Beach Portable Shade Cabanas, [site visited October 21, 2021], Available on the internet URL: <https://suniela.com> | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 09/14/2022 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 16, 2022*

WBD (US) 56829522v1



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

# PE2E SEARCH - Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | British Equivalents | Time Stamp |
|---|---|---|---|---|---|---|---|
| L155 | 161 | e04h2015/326.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L156 | 1058 | 135/119.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L157 | 860 | 135/118.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L158 | 1187 | 135/115,120.1.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L159 | 1203 | e04H15/003.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L160 | 521 | 135/114.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L161 | 116 | 135/127.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L162 | 4260 | L156 L157 L158 L160 L161 L159 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L163 | 289 | 40/214,606.11,217.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L164 | 237 | 40/412.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L165 | 2205 | 160/135,350,351,352,377.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L166 | 6916 | L162 L163 L164 L165 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L167 | 704 | e04h12/22.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L168 | 7748 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L169 | 8 | L168 and @pd>"20200107" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L170 | 4 | (15/675715 \| 16/224465).APP. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/06/10 12:16 PM |
| L171 | 8267 | L155 L166 L167 | (US-PGPUB; USPAT; | OR | OFF | OFF | 2021/06/10 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | USOCR; FPRS; EPO; JPO; IBM_TDB) | | | | 12:16 PM |
| L173 | 57 | L171 AND @pd>"20200416" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/10 12:18 PM |
| L174 | 2 | "16987886" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/10 12:18 PM |
| L175 | 164 | 171 AND (telescop$6) AND bend$4 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/14 12:08 PM |
| L176 | 49 | shibumi | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/06/14 01:06 PM |
| L178 | 8272 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/07/28 03:00 PM |
| L179 | 13 | 178 AND @pd>"20210610" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/07/28 03:00 PM |
| L180 | 4531 | e04h15/30.cpc. e04h15/32.cpc. e04h15/36.cpc. e04h15/44.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L181 | 620 | 180 AND wind | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L182 | 366 | 181 AND (weight anchor) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L183 | 245 | 182 AND (bag sleeve container) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L184 | 10 | shibumi | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/10/22 02:43 PM |
| L189 | 64 | ((US-20140041703-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20120291830-A1 OR US-20100212709-A1 | (USPAT; US-PGPUB; FPRS; USOCR; IBM_TDB; EPO; JPO; DERWENT; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, | OR | ON | ON | 2021/10/25 03:50 PM |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | OR US-20070079857-A1 OR US-20130074894-A1 OR US-20090114260-A1 OR US-20150252585-A1 OR US-20180106064-A1 OR US-20190119942-A1 OR US-20030089390-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210230899-A1 OR US-20210293046-A1).did. AND PGPB.dbnm.) OR ((US-3394720-A OR US-3042053-A OR US-3070107-A OR US-3075536-A OR US-2554688-A OR US-3052249-A).did. AND USOC.dbnm.) OR ((US-8453664-B2 OR US-4739784-A OR US-4881565-A OR US-4930534-A OR US-9482024-B2 OR US-6964277-B2 OR US-5299590-A OR US-5950649-A OR US-7789097-B1 OR US-5080123-A OR US-6286531-B1 OR US-7841356-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-3970096-A OR US-4590956-A OR US-8424549-B1 OR US-7406977-B1 OR US-5823217-A OR US-8899251-B2 OR US-9051755-B2 OR US-9113724-B1 OR US-5345962-A OR US-7708339-B2 OR US-4716918-A OR US-8087423-B2 OR US-9051756-B1 OR US-10190330-B2 OR US-5927311-A OR US-10753117-B2 OR US-11111690-B2).did. AND USPT.dbnm.) OR ((DE- | IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN)) | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011150477-A1).did. AND FPRS.dbnm.) OR ((US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1).did. AND DWPI.dbnm.) | | | | | |
| L191 | 36 | 189 AND strap | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/25 03:50 PM |
| L192 | 4 | "17343114" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/26 04:00 PM |
| L194 | 58 | L171 AND @pd>"20200610" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/10/26 04:09 PM |
| L195 | 5 | ("2186510" "3052249" "5678704").pn. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/02/07 04:09 PM |
| L196 | 12 | "101315166" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2022/02/07 04:19 PM |
| L201 | 23 | ("584726" \| "2415956" \| "4924893" \| "5065879" \| "5520364" \| "5524990" \| "5931583" \| "6149305" \| "6186662" \| "6240940" \| "6554149" \| "6739095" \| "6964277" \| "7353833" \| "7524111" \| "7946305" \| | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/04/13 01:42 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | "8439058" \| "8656937" \| "20020026890" \| "20040123887" \| "20050061409" \| "20120017960" \| "20130051707").pn. OR ("9482024").urpn. AND (PGPB \| USPT \| USOC).dbnm. | | | | | |
| L202 | 41 | ("486256" \| "1293526" \| "1460821" \| "2024946" \| "2126030" \| "2551963" \| "3407825" \| "4118902" \| "4546730" \| "4570465" \| "4648482" \| "4733840").pn. OR ("4924893").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/04/13 01:44 PM |
| L203 | 2359 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/26 05:17 PM |
| L204 | 312 | 203 AND (auger screw corkscrew) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/26 05:17 PM |
| L205 | 77 | ("1883477" \| "4832304" \| "4910902" \| "5046699" \| "5564232" \| "5881978" \| "5921035" \| "6095081" \| "6629389" \| "20090277368" \| "3519234" \| "4233769" \| "4524533" \| "4717110" \| "4765277" \| "5067683" \| "5181335" \| "5492429" \| "5502910" \| "5833181" \| "5921035" \| "6820379" \| "7007910" \| "7246783" \| "8407949" \| "20020014570" \| "20060060749" \| "20080156957" \| "20120104190" \| "168890" \| "345877" \| "907799" \| "1562343" \| "2269996" \| "2447444" \| "2563159" \| "2901789" \| "3059732" \| "3286962" \| "3318560" \| "3688454" \| "3865309" \| "4607608" \| "4928418" \| "5098057" \| "6401656" \| "6412236" \| "6481147" \| "6487977" \| "6698132" \| "6810630" \| "6901693" \| "D550071" \| "7493873" \| "8006946" \| "8230638" \| "9316016" \| | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/06/26 06:02 PM |


Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 147 of 448

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | "20050268522").pn. OR ("8656651" \| "9447599" \| "2016/0360869" \| "9854899").urpn. AND (PGPB \| USPT \| USOC).dbnm. | | | | | |
| L206 | 77 | ((US-20090114260-A1 OR US-20100212709-A1 OR US-20070079857-A1 OR US-20130074894-A1 OR US-20150252585-A1 OR US-20180106064-A1 OR US-20140041703-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20120291830-A1 OR US-20190119942-A1 OR US-20030089390-A1 OR US-20160360869-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1).did. AND PGPB.dbnm.) OR ((US-7841356-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-3970096-A OR US-4590956-A OR US-8424549-B1 OR US-7406977-B1 OR US-5823217-A OR US-8899251-B2 OR US-9051755-B2 OR US-9113724-B1 OR US-5345962-A OR US-7708339-B2 OR US-4716918-A OR US-8087423-B2 OR US-9051756-B1 OR US-5080123-A OR US-8453664-B2 OR US-4739784-A OR US-4881565-A OR US-4930534-A OR US-6964277-B2 OR US-5299590-A OR US- | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2022/06/28 10:49 AM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 5950649-A OR US-7789097-B1 OR US-6286531-B1 OR US-9482024-B2 OR US-10190330-B2 OR US-5927311-A OR US-10753117-B2 OR US-8656651-B1 OR US-9447599-B1 OR US-9854899-B2 OR US-4832304-A OR US-5046699-A OR US-6487977-B1 OR US-4924893-A OR US-5678704-A OR US-11111690-B2).did. AND USPT.dbnm.) OR ((WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR KR-101315166-B1).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3042053-A OR US-3070107-A OR US-3075536-A OR US-2554688-A OR US-3286962-A OR US-3052249-A OR US-2186510-A).did. AND USOC.dbnm.) OR ((US-20180106064-A1 OR US-20210002918-A1 OR US-20190119942-A1).did. AND DWPI.dbnm.) OR ((KR-101315166-B1).did. AND FTDB.dbnm.) | | | | | |
| L207 | 30 | 206 AND (elastic bungee) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:50 AM |
| L208 | 20 | 207 NOT barnes.in. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:50 AM |
| L209 | 55 | e04h15/64.cpc. AND (elatic bungee) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:54 AM |
| L210 | 236 | e04h15/64.cpc. AND (elastic bungee) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:54 AM |
| L211 | 248 | e04h15/64.cpc. AND strap | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 11:06 AM |
| L212 | 11 | ("824332" \| "3139662" \| | (US-PGPUB; USPAT; | OR | ON | ON | 2022/06/28 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | "3422504" \| "3597812" \| "3780400" \| "4184233" \| "4534089").pn. OR ("5291640").urpn. AND (PGPB \| USPT \| USOC).dbnm. | USOCR) | | | | 11:09 AM |
| L213 | 13 | "17232799" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 04:46 PM |
| L214 | 12 | 206 AND telescop$4 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/29 03:06 PM |
| L215 | 75 | ((US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20150040957-A1 OR US-20140041703-A1 OR US-20100212709-A1 OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR US-20150252585-A1 OR US-20120291830-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20140209132-A1 OR US-20130074894-A1 OR US-20160360869-A1).did. AND PGPB.dbnm.) OR ((US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1).did. AND DWPI.dbnm.) OR ((US-4924893-A OR US-5678704-A OR US-11111690-B2 OR US-9482024-B2 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US- | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/09/14 01:38 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5345962-A OR US-5299590-A OR US-4930534-A OR US-4881565-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-9051756-B1 OR US-8899251-B2 OR US-5080123-A OR US-10190330-B2 OR US-10753117-B2 OR US-6487977-B1 OR US-5046699-A OR US-4832304-A OR US-9854899-B2 OR US-8656651-B1 OR US-5771912-A OR US-5291640-A OR US-9447599-B1).did. AND USPT.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR DE-102009020795-A1).did. AND FPRS.dbnm.) OR ((KR-101315166-B1).did. AND FTDB.dbnm.) OR ((US-3052249-A OR US-2186510-A OR US-3394720-A OR US-3075536-A OR US-3042053-A OR US-2554688-A OR US-3070107-A OR US-3286962-A).did. AND USOC.dbnm.) | | | | | |
| L216 | 1 | "17471658" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/09/14 01:39 PM |
| L217 | 31 | "2524310" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/09/14 01:46 PM |

There are no Interference searches to show.

# Bibliographic Data

Application No: 17/471,658

Foreign Priority claimed: ○ Yes ◉ No

35 USC 119 (a-d) conditions met: ☐ Yes ☑ No ☐ Met After Allowance

Verified and Acknowledged: /Noah Chandler Hawk/ NCH

Examiner's Signature Initials

Title: SHADING SYSTEM AND METHOD OF USE

| FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/10/2021 | 135 | 3636 | S105508 1010US.C7 (0020.1 |
| **RULE** | | | |

**APPLICANTS**

Shibumi Shade, Inc., Raleigh, NC,

**INVENTORS**

Dane Brooks Barnes, Raleigh, NC, UNITED STATES

Alexander Griffith Slater, Raleigh, NC, UNITED STATES

Scott Christian Barnes, Raleigh, NC, UNITED STATES

**CONTINUING DATA**

This application is a CON of 17232799 04/16/2021

17232799 is a CON of 16987886 08/07/2020 PAT 11111690

16987886 is a CON of 16224465 12/18/2018 PAT 10753117

16224465 is a CON of 15675715 08/12/2017 PAT 10190330

15675715 has PRO of 62409426 10/18/2016

**FOREIGN APPLICATIONS**

**IF REQUIRED, FOREIGN LICENSE GRANTED****

09/21/2021

**STATE OR COUNTRY**

UNITED STATES

**ADDRESS**

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037
UNITED STATES

**FILING FEE RECEIVED**

$830

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# PATENT APPLICATION FEE DETERMINATION RECORD

Substitute for Form PTO-875

| Application or Docket Number | Filing Date | |
|---|---|---|
| 17/471,658 | 09/10/2021 | ☐ To be Mailed |

**ENTITY:** ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | | RATE ($) | FEE ($) |
|---|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| | 03/21/2023 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 19 | Minus | ** 20 | = 0 | | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /VENICE M WILLIAMS/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1063 |
| Appl. No.: | 17/471,658 | Group Art Unit: | 3636 |
| Filed: | September 10, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C7 (0020.1)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**AMENDMENT UNDER 37 C.F.R. § 1.111**

Sir:

In response to the Office Action dated September 21, 2022, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks/Arguments** begin on page 7 of this paper.

Amendments to the Claims

1-40. (Canceled)

41. (Currently amended) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:

a first section defining a first end and an opposing second end, the first end ~~defining a corkscrew shape~~ being embedded in the surface in the supporting configuration,

a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, and

one or more adjacent sections engaged or coupled to the at least one aligning component, the aligning component being affixed between ~~the opposing second end of~~ the second section and the one or more adjacent sections in both the transport configuration and the supporting configuration in an arrangement effective to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration and to provide supporting tension to the one or more adjacent sections in the supporting configuration,

wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section; and

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is

supportable by the frame and by wind for providing shade to the surface;

wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

42. (Previously presented) The system of claim 41, wherein the first section and the second section are co-extensive with one another.

43. (Previously presented) The system of claim 41, wherein the aligning component comprises a cable.

44. (Previously presented) The system of claim 41, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

45. (Previously presented) The system of claim 44, wherein the plurality of coupled sections are selectively engageable sections.

46. (Previously presented) The system of claim 41, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

47. (Previously presented) The system of claim 41, wherein the canopy defines at least one hoop configured for accepting a portion of the frame therethrough.

48. (Previously presented) The system of claim 47, wherein the portion of the frame comprises the one or more adjacent sections.

49. (Previously presented) The system of claim 41, wherein the canopy has at least one set of parallel sides.

50. (Previously presented) The system of claim 41, further comprising a container capable of housing and transporting the components of the system therein as well as acting as an anchor to retain the frame in the supporting configuration, the container capable of being coupleable to one or both of the frame and the canopy.

51. (Currently amended) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:

a first section defining a first end and an opposing second end, the first end being embedded in the surface in the supporting configuration,

a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, the first section and the second section being co-extensive, and

one or more adjacent sections engaged or coupled to the at least one aligning component, the aligning component ~~being affixed~~ extending between the opposing second end of the second section and an end of the one or more adjacent sections, the at least one aligning component providing support to the one or more adjacent sections in the supporting configuration ~~to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration~~,

wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section; and

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from


Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 159 of 448

the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for providing shade to the surface, wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame~~; and~~

~~a container capable of housing and transporting the components of the system therein as well as acting as an anchor to retain the frame in the supporting configuration, the container capable of being coupleable to one or both of the frame and the canopy~~.

52. (Previously presented) The system of claim 51, wherein the aligning component comprises a cable.

53. (Previously presented) The system of claim 51, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

54. (Previously presented) The system of claim 53, wherein the plurality of coupled sections are selectively engageable sections.

55. (Previously presented) The system of claim 51, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

56. (Previously presented) The system of claim 51, wherein the canopy defines at least one hoop configured for accepting a portion of the frame therethrough.

57. (Previously presented) The system of claim 51, wherein the portion of the frame comprises the one or more adjacent sections.

58. (Previously presented) The system of claim 51, wherein the canopy has at least one set of parallel sides.

59. (New) The system of claim 51, wherein the system further comprises a container capable of housing and transporting the components of the system therein as well as acting as an anchor to retain the frame in the supporting configuration, the container capable of being coupleable to one or both of the frame and the canopy.

## **REMARKS/ARGUMENTS**

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the remarks that follow.

### Status of the Claims

Claim 41 is amended to clarify that the aligning component is affixed between the second section and the one or more adjacent sections in both the transport configuration and the supporting configuration in an arrangement effective to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration and to provide supporting tension to the one or more adjacent sections in the supporting configuration. Claim 41 is further amended to remove the phrase “corkscrew shape”. Claim 51 is amended to clarify that the aligning component extends between the opposing second end of the second section and an end of the one or more adjacent sections and that the at least one aligning component provides support to the one or more adjacent sections in the supporting configuration. Claim 51 is also amended to remove recitation of the container, which subject matter is provided in newly added claim 59. Applicant submits that no new matter is introduced with these amendments.

### Drawings

The drawings are objected to under 37 CFR 1.83(a) for allegedly failing to show a “corkscrew shape”. The phrase “corkscrew shape” has been canceled from pending claim 41. Accordingly, Applicant submits that this objection is moot, and Applicant requests reconsideration and withdrawal of the objection to the drawings.

### Claim Rejections – 35 U.S.C. §103

Claims 41-43 and 47-49 stand rejected under 35 U.S.C. §103 as allegedly being unpatentable over Beatty (US 3070107) in view of Warth (US 3286962). Applicant traverses the rejection.

Present independent claim 41 recites a system for providing shade onto a surface, the

system comprising:

a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:

a first section defining a first end and an opposing second end, the first end being embedded in the surface in the supporting configuration,

a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, and

one or more adjacent sections engaged or coupled to the at least one aligning component, the aligning component being affixed between the second section and the one or more adjacent sections in both the transport configuration and the supporting configuration in an arrangement effective to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration and to provide supporting tension to the one or more adjacent sections in the supporting configuration,

wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section.

The examiner alleges that Beatty teaches a frame including a plurality of sections (2, 3, 12, 14') and at least one aligning component (13). The examiner specifically argues that component 2 of Beatty corresponds to the presently recited first section, that component 3 of Beatty corresponds to the presently recited second section, and that components 14 and 14' of Beatty correspond to the presently recited one or more adjacent sections.

Initially, Applicant notes that Beatty teaches that component 13 are projections present on adapter 11. Additionally, Beatty teaches that adapter 11 is a tubular sleeve projecting through apertures near the upper end of tube 3. Tubular rods 14 and 14' are taught by Beatty to slide onto or into the adapter 11 (or 11' in FIG. 6).

Whether adapter 11 or projections 13 of Beatty are alleged to be the presently claimed





Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 163 of 448

aligning component, neither part of Beatty meets the requirements of the aligning component recited in present claim 41. Specifically, no component of Beatty is *affixed between the second section and the one or more adjacent sections* ***in both the transport configuration and the supporting configuration*** *in an arrangement effective to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration and to* ***provide supporting tension to the one or more adjacent sections in the supporting configuration***. More particularly, neither component 11 nor component 13 of Beatty is affixed to component 3 and component 14 or 14' in both the transport configuration and the supporting configuration. Although Beatty teaches that springs 18 connect between bolts 17 in rods 14 and the pin 12 that secures adapter 11 to component 3, Beatty only teaches that such springs bias the rods inwardly of the sleeve 11. Beatty does **not** teach that the springs provide supporting tension to the rods 14 in a supporting configuration. Rather, Beatty clearly teaches that the springs are not needed to provide supporting tension to the rods 14 in a supporting configuration since the embodiments of FIG. 5 and FIG. 6 are taught to be equally effective in the complete absence of any springs.

Warth does not cure the deficiencies of Beatty discussed above. The examiner only relies on Warth for allegedly teaching a corkscrew. The examiner has not pointed to anything, and Applicant is not aware of anything, in Warth providing suggestion, motivation, or teaching in any regard that cures the noted deficiencies of Beatty.

For at least the foregoing reasons, Applicant submits that the present rejection of claims 41-43 and 47-49 over Beatty and Warth are inapplicable to the pending claims. Accordingly, Applicant requests reconsideration and withdrawal of the rejection.

Claims 44 and 45 stand rejected under 35 U.S.C. §103 as allegedly being unpatentable over Beatty, Warth, and Sotirkys (US 7789097). Claim 46 stands rejected under 35 U.S.C. §103 as allegedly being unpatentable over Beatty, Warth, and Kang (KR 101315166). Claim 50 stands rejected under 35 U.S.C. §103 as allegedly being unpatentable over Beatty, Warth, and Furey (US 4924893). Applicant traverses the rejections.

Applicant has already described above the failures of Beatty and Warth in relation to independent claim 41. All of the presently rejected claims depend from independent claim 41.

The examiner has not pointed to anything, and Applicant is not aware of anything, in Sotirkys, Kang, and/or Furey, in any combination, providing suggestion, motivation, or teaching in any regard that cures the noted deficiencies of Beatty and Warth.

For at least the foregoing reasons, Applicant submits that the present rejection of claims 44, 45, 46, and 50 are inapplicable to the pending claims. Accordingly, Applicant requests reconsideration and withdrawal of the rejections.

Claims 51, 52, and 56-58 stand rejected under 35 U.S.C. §103 as allegedly being unpatentable over Beatty (US 3070107) in view of Furey (US 4924893). Applicant traverses the rejection.

Present claim 51 recites a system for providing shade onto a surface, the system comprising:

> a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:
>
> > a first section defining a first end and an opposing second end, the first end being embedded in the surface in the supporting configuration,
> >
> > a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, the first section and the second section being co-extensive, and
> >
> > one or more adjacent sections engaged or coupled to the at least one aligning component, the aligning component extending between the opposing second end of the second section and an end of the one or more adjacent sections, the at least one aligning component providing support to the one or more adjacent sections in the supporting configuration,
> >
> > wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section.

The examiner alleges that Beatty teaches the components of claim 51 in the same manner as discussed above relative to claim 41. The examiner has pointed to no component of Beatty, however, that may be characterized as being *an aligning component extending* ***between the opposing second end of the second section and an end of the one or more adjacent sections****, the at least one aligning component providing support to the one or more adjacent sections in the supporting configuration*.

Whether the examiner alleges that component 13 of Beatty is the aligning component or that adapter 11 is the aligning component, neither part of Beatty extends between the end of part 3 and end part 14 or part 14'. Beatty teaches that adapter 11 is a tubular sleeve projecting through apertures near the upper end of tube 3. Thus, it is physically impossible for the part 11 or part 13 of Beatty to be extending between the end of part 3 and an end of either part 14 or part 14'. The examiner later alleges, relative to claim 52, that Beatty teaches that the aligning component comprises a cable. No part of Beatty, however, teaches a cable that is functional as an aligning component. Relative to present claim 51, nothing in Beatty teaches a cable or any other part that provides support to the one or more adjacent sections in the supporting configuration and extends between the opposing end of the second section and an end of the one or more adjacent sections, as recited in present claim 51.

Furey does not cure the deficiencies of Beatty discussed above. The examiner only relies on Furey for allegedly teaching container. The examiner has not pointed to anything, and Applicant is not aware of anything, in Furey providing suggestion, motivation, or teaching in any regard that cures the noted deficiencies of Beatty.

For at least the foregoing reasons, Applicant submits that the present rejection of claims 51, 52, and 56-58 over Beatty and Furey are inapplicable to the pending claims. Accordingly, Applicant requests reconsideration and withdrawal of the rejection.

Claims 53 and 54 stand rejected under 35 U.S.C. §103 as allegedly being unpatentable over Beatty, Furey, and Sotirkys. Claim 55 stands rejected under 35 U.S.C. §103 as allegedly being unpatentable over Beatty, Furey, and Kang. Applicant traverses the rejections.

Applicant has already described above the failures of Beatty and Furey in relation to

independent claim 51. All of the presently rejected claims depend from independent claim 51. The examiner has not pointed to anything, and Applicant is not aware of anything, in Sotirkys and/or Kang providing suggestion, motivation, or teaching in any regard that cures the noted deficiencies of Beatty and Furey.

For at least the foregoing reasons, Applicant submits that the present rejection of claims 53, 54, and 55 are inapplicable to the pending claims. Accordingly, Applicant requests reconsideration and withdrawal of the rejections.

## CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/ryan w. cagle/

Ryan W. Cagle
Registration No. 47,468

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON MARCH 21, 2023.***

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 17471658 |
| **Filing Date:** | 10-Sep-2021 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Filer:** | Ryan W. Cagle/Shari Elofson |
| **Attorney Docket Number:** | S105508 1010US.C7 (0020.1 |

Filed as Large Entity

**Filing Fees for** **Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension - 3 months with $0 paid | 1253 | 1 | 1480 | 1480 |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **1480** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 47716853 |
| **Application Number:** | 17471658 |
| **International Application Number:** | |
| **Confirmation Number:** | 1063 |
| **Title of Invention:** | SHADING SYSTEM AND METHOD OF USE |
| **First Named Inventor/Applicant Name:** | Dane Brooks Barnes |
| **Customer Number:** | 26158 |
| **Filer:** | Ryan W. Cagle/Shari Elofson |
| **Filer Authorized By:** | Ryan W. Cagle |
| **Attorney Docket Number:** | S105508 1010US.C7 (0020.1 |
| **Receipt Date:** | 21-MAR-2023 |
| **Filing Date:** | 10-SEP-2021 |
| **Time Stamp:** | 14:18:56 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | DA |
| Payment was successfully received in RAM | $1480 |
| RAM confirmation Number | E20233KE20246301 |
| Deposit Account | |
| Authorized User | |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Extension of Time | S105508_1010US_C7_0020_1_EOT.pdf | 359427<br>c4de5f1707b3358ab84c1f2868a2de3fa040fe84 | no | 2 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | | S105508_1010US_C7_0020_1_Amendment_for_9-21-2022_OA.pdf | 177171<br>0e8581b3de4c13a278f9e1dd08ce9cdbb1e22ea7 | yes | 13 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Amendment/Request for Reconsideration-After Non-Final Rejection | 1 | 1 |
| Claims | 2 | 6 |
| Applicant Arguments/Remarks Made in an Amendment | 7 | 13 |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 3 | Fee Worksheet (SB06) | fee-info.pdf | 38536<br>ceea7af695fa11c5bab36c91e529e8ac99dd7722 | no | 2 |

**Warnings:**

**Information:**

**Total Files Size (in bytes):** 575134

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**

**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**

**National Stage of an International Application under 35 U.S.C. 371**

**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**

**New International Application Filed with the USPTO as a Receiving Office**

**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

# PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a)

Docket Number (Optional): S105508 1010US.C7 (0020.1)

Application Number: 17/471,658 | Filed: September 10, 2021

For: SHADING SYSTEM AND METHOD OF USE

Art Unit: 3636 | Examiner: Noah Chandler Hawk

This is a request under the provisions of 37 CFR 1.136(a) to extend the period for filing a reply in the above-identified application.

The requested extension and fee are as follows (check time period desired and enter the appropriate fee below):

| | | Fee | Small Entity Fee | Micro Entity Fee | |
|---|---|---|---|---|---|
| ☐ | One month (37 CFR 1.17(a)(1)) | $220 | $88 | $44 | $ |
| ☐ | Two months (37 CFR 1.17(a)(2)) | $640 | $256 | $128 | $ |
| ☑ | Three months (37 CFR 1.17(a)(3)) | $1,480 | $592 | $296 | $ 1,480 |
| ☐ | Four months (37 CFR 1.17(a)(4)) | $2,320 | $928 | $464 | $ |
| ☐ | Five months (37 CFR 1.17(a)(5)) | $3,160 | $1,264 | $632 | $ |

☐ Applicant asserts small entity status. See 37 CFR 1.27.

☐ Applicant certifies micro entity status. See 37 CFR 1.29.
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

☐ A check in the amount of the fee is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director has already been authorized to charge fees in this application to a Deposit Account.

☑ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment, to Deposit Account Number 09-0528.

☑ Payment made via USPTO's patent electronic filing system (Patent Center or EFS-Web).

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the

☐ applicant.

☑ attorney or agent of record. Registration number 47,468.

☐ attorney or agent acting under 37 CFR 1.34. Registration number ____________.

/Ryan W. Cagle/ — Signature | March 21, 2023 — Date

Ryan W. Cagle — Typed or printed name | (919) 755-8157 — Telephone Number

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

☐ * Total of ____________ forms are submitted.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 6 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS**. If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**



*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a Federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 9) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

## Additional Uses

Additional USPTO uses of the information in this record may include disclosure to: 1) the International Bureau of the World Intellectual Property Organization, if the record is related to an international application filed under the Patent Cooperation Treaty; 2) the public i) after publication of the application pursuant to 35 U.S.C. 122(b), ii) after issuance of a patent pursuant to 35 U.S.C. 151, iii) if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections, or an issued patent, or iv) without publication of the application or patent under the specific circumstances provided for by 37 CFR 1.14(a)(1)(v)-(vii); and/or 3) the National Archives and Records Administration, for inspection of records.

# Search Notes

| Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|
| 17/471,658 | Barnes et al. |
| **Examiner** | **Art Unit** |
| NOAH C HAWK | 3636 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/005 | 09/14/2022 | NCH |
| updated above | 03/31/2023 | NCH |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered IDS filed 9/10/21 and 6/16/222 | 09/14/2022 | NCH |
| Considered and updated search history for parent application 17232799 and related applications | 09/14/2022 | NCH |
| Performed inventor name search in DAV | 09/14/2022 | NCH |
| Please see attached PE2E search history | 09/14/2022 | NCH |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

| **Index of Claims** | **Application/Control No.**<br>17/471,658 | **Applicant(s)/Patent Under Reexamination**<br>Barnes et al. |
|---|---|---|
| | **Examiner**<br>NOAH C HAWK | **Art Unit**<br>3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/14/2022 | 03/31/2023 | | | | | | | |
| | 1 | - | - | | | | | | | |
| | 2 | - | - | | | | | | | |
| | 3 | - | - | | | | | | | |
| | 4 | - | - | | | | | | | |
| | 5 | - | - | | | | | | | |
| | 6 | - | - | | | | | | | |
| | 7 | - | - | | | | | | | |
| | 8 | - | - | | | | | | | |
| | 9 | - | - | | | | | | | |
| | 10 | - | - | | | | | | | |
| | 11 | - | - | | | | | | | |
| | 12 | - | - | | | | | | | |
| | 13 | - | - | | | | | | | |
| | 14 | - | - | | | | | | | |
| | 15 | - | - | | | | | | | |
| | 16 | - | - | | | | | | | |
| | 17 | - | - | | | | | | | |
| | 18 | - | - | | | | | | | |
| | 19 | - | - | | | | | | | |
| | 20 | - | - | | | | | | | |
| | 21 | - | - | | | | | | | |
| | 22 | - | - | | | | | | | |
| | 23 | - | - | | | | | | | |
| | 24 | - | - | | | | | | | |
| | 25 | - | - | | | | | | | |
| | 26 | - | - | | | | | | | |
| | 27 | - | - | | | | | | | |
| | 28 | - | - | | | | | | | |
| | 29 | - | - | | | | | | | |
| | 30 | - | - | | | | | | | |
| | 31 | - | - | | | | | | | |
| | 32 | - | - | | | | | | | |
| | 33 | - | - | | | | | | | |
| | 34 | - | - | | | | | | | |
| | 35 | - | - | | | | | | | |
| | 36 | - | - | | | | | | | |
| | 37 | - | - | | | | | | | |
| | 38 | - | - | | | | | | | |
| | 39 | - | - | | | | | | | |
| | 40 | - | - | | | | | | | |
| | 41 | ✓ | ✓ | | | | | | | |
| | 42 | ✓ | ✓ | | | | | | | |

| *Index of Claims* | Application/Control No.<br>17/471,658 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/14/2022 | 03/31/2023 | | | | | | | |
| | 43 | ✓ | ✓ | | | | | | | |
| | 44 | ✓ | ✓ | | | | | | | |
| | 45 | ✓ | ✓ | | | | | | | |
| | 46 | ✓ | ✓ | | | | | | | |
| | 47 | ✓ | ✓ | | | | | | | |
| | 48 | ✓ | ✓ | | | | | | | |
| | 49 | ✓ | ✓ | | | | | | | |
| | 50 | ✓ | ✓ | | | | | | | |
| | 51 | ✓ | ✓ | | | | | | | |
| | 52 | ✓ | ✓ | | | | | | | |
| | 53 | ✓ | ✓ | | | | | | | |
| | 54 | ✓ | ✓ | | | | | | | |
| | 55 | ✓ | ✓ | | | | | | | |
| | 56 | ✓ | ✓ | | | | | | | |
| | 57 | ✓ | ✓ | | | | | | | |
| | 58 | ✓ | ✓ | | | | | | | |
| | 59 | | ✓ | | | | | | | |

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/471,658 | 09/10/2021 | Dane Brooks Barnes | S105508 1010US.C7 (0020.1 | 1063 |

26158 7590 04/05/2023
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/05/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

| *Office Action Summary* | **Application No.** 17/471,658 | **Applicant(s)** Barnes et al. | |
|---|---|---|---|
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 | **AIA (FITF) Status** Yes |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --***

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on 3/21/2023.

☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☑ This action is **FINAL.** 2b) ☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 41-59 is/are pending in the application.

5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 41-59 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 9/10/2021 is/are: a)☑ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

a)☐ All b)☐ Some** c)☐ None of the:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date ______.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date ______.

4) ☐ Other: ______.

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Drawings*

2. The drawings were received on 9/10/2021. These drawings are accepted in light of the amendments to Claim 41.

### *Claim Rejections - 35 USC § 102*

3. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.
>
> (a)(2) the claimed invention was described in a patent issued under section 151, or in an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention.

4. Claims 41-43, 47-49, 51, 52, and 56-58 are rejected under 35 U.S.C. 102(a)(1) as being anticipated by Beatty in US Patent 3070107.

a. Regarding Claim 41, Beatty teaches a system for providing shade onto a surface, the system comprising: a frame including a plurality of sections (2, 3, 11, 14) and at least one aligning component (18) affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a

transport configuration (Fig. 3) and a supporting configuration (Fig. 1), wherein the sections comprise: a first section (2/3) defining a first end (at the lower end) and an opposing second end (toward 11), the first end embedded in the surface in the supporting configuration, a second section (14) defining a first end (toward the outer end) and an opposing second end (toward 11), the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, and one or more adjacent sections (11) engaged or coupled to the at least one aligning component, the aligning component being affixed between the second section and the one or more adjacent sections in both the transport configuration and the supporting configuration in an arrangement effective to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration and to provide supporting tension to the one or more adjacent sections in the supporting configuration, wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section (see Fig. 2); and a canopy (19) extending between a suspension end (20) and an opposing trailing end (toward 22), the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind (“the sail cloth will billow to accommodate prevailing wind”) for providing shade to the surface; wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

b. Regarding Claim 42, Beatty teaches that the first section and the second section are co-extensive with one another.

c. Regarding Claim 43, Beatty teaches that the aligning component comprises a cable.

d. Regarding Claim 47, Beatty teaches that the canopy defines at least one hoop (20) configured for accepting a portion of the frame therethrough.

e. Regarding Claim 48, Beatty teaches that the portion of the frame comprises the one or more adjacent sections.

f. Regarding Claim 49, Beatty teaches that the canopy has at least one set of parallel sides (the left and right sides as shown in Fig. 2).

g. Regarding Claim 51, Beatty teaches a system for providing shade onto a surface, the system comprising: a frame including a plurality of sections (2, 3, 11, 14) and at least one aligning component (18) affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration (Fig. 3) and a supporting configuration (Fig. 2), wherein the sections comprise: a first section (2/3) defining a first end (at the lower end) and an opposing second end (toward 11), the first end being embedded in the surface in the supporting configuration, a second section (14) defining a first end (toward the outer end) and an opposing second end (toward 11), the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, the first section and the second section being co-extensive, and one or more adjacent sections (11) engaged or coupled to the at least one aligning component, the aligning component extending

between the opposing second end of the second section and an end of the one or more adjacent sections, the at least one aligning component providing support to the one or more adjacent sections in the supporting configuration, wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section; and a canopy (19) extending between a suspension end (toward 20) and an opposing trailing end (toward 22), the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for ("the sail cloth will billow to accommodate prevailing wind") providing shade to the surface, wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

h. Regarding Claim 52, Beatty teaches that the aligning component comprises a cable.

i. Regarding Claim 56, Beatty teaches that the canopy defines at least one hoop (20) configured for accepting a portion of the frame therethrough.

j. Regarding Claim 57, Beatty teaches that the portion of the frame comprises the one or more adjacent sections.

k. Regarding Claim 58, Beatty teaches that the canopy has at least one set of parallel sides (the left and right sides as shown in Fig. 2).

### *Claim Rejections - 35 USC § 103*

5. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

6. Claims 44 and 45 are rejected under 35 U.S.C. 103 as being unpatentable over Beatty as applied to Claim 41 above in view of Sotirkys et al. in US Patent 7789097. Beatty fails to teach a canopy including a plurality of sections. Sotirkys teaches a canopy (10/80) that comprises a plurality of coupled sections (10 and 80), wherein the plurality of coupled sections are selectively engageable sections (detachable at 85/86). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Beatty by using a plurality of sections as taught by Sotirkys in order to allow the user to select the amount of coverage available under the shelter.

7. Claim 46 is rejected under 35 U.S.C. 103 as being unpatentable over Beatty, as applied to Claim 41 above in view of KR 101315166 (Kang). Beatty is silent on the use of vent holes. Kang teaches a shelter system with a canopy (200) defining one or more vent holes (240). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Beatty by adding vent holes to the canopy as taught by Kang in order to minimize wind noise

8. Claim 50 is rejected under 35 U.S.C. 103 as being unpatentable over Beatty, as applied to claim 41 above, and further in view of Furey in US Patent 4924893. Beatty fails to teach a container. Furey teaches a shade system including a container (103) capable of housing and transporting the components of the system therein (“components may be readily carried in the anchoring member when it is emptied of sand” – Column 7, lines 22-23) as well as acting as an anchor to retain a frame in the supporting configuration see Fig. 1), the container capable of being coupleable (via 27) to one or both of the frame and the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Beatty by adding a container as taught by Furey in order to more securely erect the shade and contain all of the components of the device.

9. Claims 53 and 54 are rejected under 35 U.S.C. 103 as being unpatentable over Beatty as applied to Claim 51 above in view of Sotirkys et al. in US Patent 7789097. Beatty fails to teach a canopy including a plurality of sections. Sotirkys teaches a canopy (10/80) that comprises a plurality of coupled sections (10 and 80), wherein the plurality of coupled sections are selectively engageable sections (detachable at 85/86). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Beatty by using a plurality of sections as taught by Sotirkys in order to allow the user to select the amount of coverage available under the shelter.

10. Claim 55 is rejected under 35 U.S.C. 103 as being unpatentable over Beatty as applied to Claim 51 above in view of KR 101315166 (Kang). Beatty is silent on the use of vent holes. Kang teaches a shelter system with a canopy (200) defining one or more

vent holes (240). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Beatty by adding vent holes to the canopy as taught by Kang in order to minimize wind noise.

11. Claim 59 is rejected under 35 U.S.C. 103 as being unpatentable over Beatty as applied to Claim 51 above in view of Furey in US Patent 4924893. Beatty fails to teach a container. Furey teaches a shade system including a container (103) capable of housing and transporting the components of the system therein ("components may be readily carried in the anchoring member when it is emptied of sand" – Column 7, lines 22-23) as well as acting as an anchor to retain a frame in the supporting configuration see Fig. 1), the container capable of being coupleable (via 27) to one or both of the frame and the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Beatty by adding a container as taught by Furey in order to more securely erect the shade and contain all of the components of the device.

***Response to Arguments***

12. Applicant's arguments filed 3/21/2023 have been fully considered but they are not persuasive.

13. With respect to the applicant's arguments regarding the amendments to Claims 41 and 51, the first, second and adjacent sections and the aligning component of the Beatty device have been clarified in the above updated rejections. Beatty is deemed sufficient to teach the arrangement of sections with an aligning component recited by the applicant. If the springs (aligning components) of the Beatty device bias the second

section 14 toward the adjacent component 11, they plainly provide tension in the supporting configuration.

### *Conclusion*

14. **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

15. A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

16. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Barnes |
| | | | | Art Unit | Noah Chandler Hawk |
| | | | | Examiner Name | 3636 |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 45 | US-6,209,149 | 04-03-2001 | Song *et al.* | |
| | 46 | US-6,286,531 | 09-11-2001 | Joo-Tai | |
| | 47 | US-D555,748 | 11-20-2007 | Gyr *et al.* | |
| | 48 | US-2007/0295380 | 12-27-2007 | Glaeser | |
| | 49 | US-2010/0212709 | 08-26-2010 | Sotirkys *et al.* | |
| | 50 | US-2018/0106064 | 04-19-2018 | Barnes *et al.* | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 51 | AU 2020100586 | 05-28-2020 | Fraser | | |
| | 52 | WO 82/03317 | 10-14-1982 | Montgomery | | |
| | | | | | | |

## OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON APRIL 14, 2023*

PCT

WORLD INTELLECTUAL PROPERTY ORGANIZATION
International Bureau

INTERNATIONAL APPLICATION PUBLISHED UNDER THE PATENT COOPERATION TREATY (PCT)


(51) International Patent Classification 3 : A45F 1/00, 1/14; E04B 1/347

A1

(11) International Publication Number: WO 82/ 03317

(43) International Publication Date: 14 October 1982 (14.10.82)

(21) International Application Number: PCT/AU82/00048

(22) International Filing Date: 5 April 1982 (05.04.82)

(31) Priority Application Number: PE 8327

(32) Priority Date: 6 April 1981 (06.04.81)

(33) Priority Country: AU



(71)(72) Applicant and Inventor: MONTGOMERY, Rodney, Lee [US/AU]; 4 Keilaway Street, Fannie Bay, Darwin, N.T. 5790 (AU).

(74) Agent: GRANT ADAMS & COMPANY; 333 Adelaide Street (G.P.O. Box 1413), Brisbane, Qld. 4000 (AU).



(81) Designated States: AT (European patent), AU, BE (European patent), CH (European patent), DE (European patent), FR (European patent), GB (European patent), JP, LU (European patent), NL (European patent), SE (European patent), US.

**Published**
*With international search report.*


(54) Title: SHELTER





(57) Abstract

A shelter includes a substantially rectangular fabric cover consisting mainly of square or rectangular corner sections (10, 21, 31) of a fabric which is unstable on the bias, the cover being supported, at the innermost corners of the corner sections, by one or more posts (15, 24) or ribs (37), and the outermost corners of the corner sections are attached to tensioning means (17, 28, 37) so as to stretch the corner sections (10, 21, 31) on the bias in downward and outward directions.


Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 191 of 448

***FOR THE PURPOSES OF INFORMATION ONLY***

Codes used to identify States party to the PCT on the front pages of pamphlets publishing international applications under the PCT.

| | | | |
|---|---|---|---|
| AT | Austria | KP | Democratic People's Republic of Korea |
| AU | Australia | LI | Liechtenstein |
| BE | Belgium | LK | Sri Lanka |
| BR | Brazil | LU | Luxembourg |
| CF | Central African Republic | MC | Monaco |
| CG | Congo | MG | Madagascar |
| CH | Switzerland | MW | Malawi |
| CM | Cameroon | NL | Netherlands |
| DE | Germany, Federal Republic of | NO | Norway |
| DK | Denmark | RO | Romania |
| FI | Finland | SE | Sweden |
| FR | France | SN | Senegal |
| GA | Gabon | SU | Soviet Union |
| GB | United Kingdom | TD | Chad |
| HU | Hungary | TG | Togo |
| JP | Japan | US | United States of America |

Title: "SHELTER"

BACKGROUND OF THE INVENTION

THIS INVENTION relates to an improved shelter.

BRIEF SUMMARY OF THE INVENTION

The general object of the invention is to provide a shelter such as a shade to give protection from the sun's heat, or a shelter of the nature of a tent, the shelter being particularly simple and economical to manufacture and capable of being quickly and easily erected, or taken down and folded for transport or storage.

Woven fabrics under load behave in different ways depending on their inherent characteristics, and they may be grouped as being either stable or unstable on the bias. Those fabrics which are unstable on the bias are capable of being readily stretched or extended in a direction diagonal with respect to the weave of the fabric, those that are stable on the bias resisting such stretching or extension.

The present invention resides broadly in a shelter including a cover having substantially rectangular corner sections of fabric which is unstable on the bias, means for supporting the cover at the innermost corners of the corner sections, tensioning means, and means for attaching the tensioning means to the outermost corners of the corner sections to stretch such corner sections on the bias in a downward direction relative to the point or points at which the shelter cover is supported.

BRIEF DESCRIPTION OF THE SEVERAL VIEWS OF THE DRAWINGS

In order that preferred embodiments of the invention may be readily understood and carried into practical effect, reference is now made to the accompanying drawings wherein:-

FIG. 1 is a perspective view of a shelter according to the invention and erected for use,

FIG. 2 is a plan view of the shelter shown in FIG. 1,

FIG. 3 is a perspective view of a shelter according

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 193 of 448

BUREAU OMPI WIPO INTERNATIONAL

to another embodiment of the invention,

FIG. 4 is a perspective view of a further embodiment of the invention,

FIG. 5 is a broken-away perspective detail drawing showing the central part of the shelter shown in FIG. 4, and

FIG. 6 is a perspective detail drawing showing, from inside, a corner of the shelter illustrated in FIGS. 4 and 5.

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENTS

Referring initially to FIGS. 1 and 2 of the drawings, a shelter cover is made of four equal square sections 10, cut from a fabric which is unstable on the bias. The shelter may be for affording shade protection, the fabric employed being of the open-weave type commonly known as "shade cloth", woven of flat filaments of a plastics material. The four square sections, which constitute corner sections, are sewn together to form the four corners of a square cover the joins being reinforced by narrow strips 11 of non-stretching material sewn in place. The fabric cover is bordered by an edging 12 of any suitable flexible material which is resistant to stretching, such as a plasticised fabric which is stable on the bias. A grommet with an eye, indicated at 13, is provided at each of the four corners of the shelter cover, and a central reinforced grommet and eye 14 is provided in the cover at the junction of the four fabric corner sections 10.

The shelter cover is supported by a primary support pole 15, which may consist of coaxially interfitted metal tubular sections of which the uppermost has a reduced-diameter upwardly extending pin 16 engaging closely in the central eye 14 of the shelter. Guy ropes 17 are secured to the four corner eyes at 12 and are tensioned and made fast to pegs 18 driven into the ground.

The tension of the guy ropes 17 on the corner


BUREAU OMPI WIPO INTERNATIONAL

sections 10, which are unstable on the bias, results in these four corner sections being stretched or extended diagonally so that the shelter cover which originally was of flat square shape assumes a somewhat pyramidal shape.

Instead of using a primary support pole 15, the shelter cover may be centrally suspended by a rope from a tree branch or overhead structure.

In the embodiment of the invention shown in FIG. 3, the shelter cover includes a rectangular central transverse section 20 of a fabric or other pliable material which is stable on the bias, and to each end of this central section there are secured two adjacent square corner sections 21 substantially similar to the corner sections 10 before described with reference to FIGS. 1 and 1, being made of a material which is unstable on the bias, the joins being reinforced by non-stretching strips 22 and the whole shelter sheet having an edging 23 of pliable non-stretching material. This shelter cover is supported by two primary support poles 24 engaged with eyes in two reinforced grommets 25, each at a junction of one pair of corner sections 21 and the central section 20, and by secondary support poles 26 engaged with eyes in reinforced grommets 27 at the corners of the central transverse section 20. Guy ropes 28 secured to grommets and eyes at the four corners of the cover are tensioned and fixed to pegs 29 driven into the ground so that the corner sections 21 of the shelter cover are stretched on the bias. Additional grommets with eyes are provided, as indicated at 30, for alternate methods of erection, for example with additional secondary support poles or guy ropes.

The covers of shelters according to either of the illustrated embodiments of the invention, when taken down, may be quickly restored to their square or rectangular shape, and easily folded, for transport or storage. The shelters may be manufactured very simply and economically,

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 195 of 448

BUREAU OMPI WIPO INTERNATIONAL

without the expense of cutting the fabric to other than very simple shapes, with little, if any, wastage of material, and without the seaming ordinarily required.

In the embodiment of the invention shown in FIGS. 4, 5 and 6, the shelter cover consists primarily of four equal square sections 31 of material, which is unstable on the bias, sewn together and reinforced at the joins by flexible strips 32, as before described. Along its diagonal lines 33 the shelter cover is folded over and a line of zig-zag stitching is sewn along each folded-over part a fairly short distance from the fold to form a tubular sleeve 34. The four radiating sleeves 34 are cut away at and near to their outer ends, at the corners of the cover. An edging strip 35 of flexible non-stretching material is sewn about the periphery of the shelter cover and, at the underside of each corner of the cover there is formed a pocket 36.

Four resiliently flexible rods 37, which may suitably be of fibreglass, are hingedly interconnected, each of the rods having an end pivoted by a pin 38 between a pair of parallel flanges 39 extending upwardly from a stop disc 40, the parts being so made and arranged that the four rods 37 may be raised hingedly to lie close to each other, perpendicular to the stop disc 40, or may be hingedly lowered so that, as shown in FIG. 5, their inner end portions lie upon the stop disc, radiating in equally spaced relationship.

The rods 37 are passed through the sleeves 34 and, by bringing the rods close to each other, the shelter may be folded, the cover being inside-out, and about or close to the rods. In this compact form the shelter may be easily stored in a tubular container (not shown) for storage.

To erect the shelter, the four rods 37 are brought hingedly down so that their inner end portions, with their axes substantially co-planar, rest on the stop disc 40.



BUREAU OMPI WIPO INTERNATIONAL

The outer ends of the rods are then inserted in the pockets 36 at the corners of the shelter cover, the rods being of such length that to do this, the shelter cover must be considerably stretched along its diagonals. The periphery of the shelter cover being non-stretchable, the shelter is thus caused to assume a more or less umbrella-shaped or domed form, as shown in FIG. 4, without supporting pole, guy ropes or pegs being required. The shelter may be entered by raising part of it, or one or more or its corners may be raised and supported in any suitable way.

Fabrics other than shade cloth, and which are sufficiently unstable on the bias and, at the same time, have adequate waterproofing qualities, may be used for the corner sections of shelter covers according to the invention, so that the shelters may give protection from rain as well as from the sun. Provision may be made for the attachment of side wall sections to the shelters. These, and many other modifications of constructional detail and design, which will be readily apparent to persons skilled in the art, are considered to lie within the scope and ambit of the invention herein described.

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 197 of 448

BUREAU OMPI WIPO INTERNATIONAL

CLAIMS:

1. A shelter including:

a cover having substantially rectangular corner sections of fabric which is unstable on the bias,

means for supporting the cover at the innermost corners of the corner sections,

tensioning means, and

attachment means for attaching the tensioning means to the outermost corners of the corner sections to stretch such corner sections on the bias in a downward direction relative to the point or points at which the shelter cover is supported.

2. A shelter according to Claim 1 wherein:

two pairs of adjacent corner sections are secured to opposite ends of a central section of a fabric which is stable on the bias.

3. A shelter according to Claim 1 wherein:

the tensioning means include four resiliently flexible ribs interconnected at one end,

retaining means are provided for retaining the ribs substantially adjacent to the diagonals of the cover, and

the attachment means are adapted to connect the other ends of the ribs to the outermost corners of the corner sections when these are stretched on the bias.

4. A shelter according to Claim 3 wherein:

the ribs are interconnected hingedly for movement in one direction to folded positions, close to each other, or in reverse direction to, but not beyond, radially extending positions.

5. A shelter according to any one of the preceding Claims wherein:

adjacent sections of the cover are joined along lines reinforced by strips of flexible material resistant to stretch.

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 198 of 448

BUREAU OMPI WIPO INTERNATIONAL

6. A shelter according to any one of the preceding Claims wherein:

there is secured to the periphery of the cover a strip of flexible material resistant to stretch.

7. A shelter substantially as herein described with reference to FIGS. 1 and 2 of the accompanying drawings.

8. A shelter substantially as herein described with reference to FIG. 3 of the accompanying drawings.

9. A shelter substantially as herein described with reference to FIGS. 4, 5 and 6 of the accompanying drawings.



BUREAU OMPI WIPO INTERNATIONAL

1/2




Fig. 1.




Fig. 2.



BUREAU OMPI WIPO INTERNATIONAL




Fig. 3.




Fig. 4.




Fig. 5.




Fig. 6.



BUREAU
OMPI
WIPO
INTERNATIONAL

# INTERNATIONAL SEARCH REPORT

International Application No PCT/AU82/00048

**I. CLASSIFICATION OF SUBJECT MATTER** (if several classification symbols apply, indicate all) [3]

According to International Patent Classification (IPC) or to both National Classification and IPC

Int. Cl.[3] A45F 1/00, 1/14, E04B 1/347

**II. FIELDS SEARCHED**

Minimum Documentation Searched [4]

| Classification System | Classification Symbols |
|---|---|
| IPC | A45F 1/00, 1/14, E04B 1/347 |

Documentation Searched other than Minimum Documentation to the Extent that such Documents are Included in the Fields Searched [5]

AU : IPC as above.

**III. DOCUMENTS CONSIDERED TO BE RELEVANT** [14]

| Category * | Citation of Document, [16] with indication, where appropriate, of the relevant passages [17] | Relevant to Claim No. [18] |
|---|---|---|
| X | GB,A, 637114 (FRIEDER) 10 May 1950 (10.05.50) See page 1 lines 40 to 49, page 3 Lines 102 to 108 (& US,A, 2497596, & FR,A, 947584) | 1,2 |
| X | US,A, 3060949 (MOSS) 30 October 1962 (30.10.62) See col. 1 lines 26 to 36 | 1 |
| A | GB,A, 1018978, (L STROMEYER CO. GMBH) 2 February 1966 (02.02.66). | 1 |

* Special categories of cited documents: [15]

"A" document defining the general state of the art which is not considered to be of particular relevance

"E" earlier document but published on or after the international filing date

"L" document which may throw doubts on priority claim(s) or which is cited to establish the publication date of another citation or other special reason (as specified)

"O" document referring to an oral disclosure, use, exhibition or other means

"P" document published prior to the international filing date but later than the priority date claimed

"T" later document published after the international filing date or priority date and not in conflict with the application but cited to understand the principle or theory underlying the invention

"X" document of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step

"Y" document of particular relevance; the claimed invention cannot be considered to involve an inventive step when the document is combined with one or more other such documents, such combination being obvious to a person skilled in the art.

"&" document member of the same patent family

**IV. CERTIFICATION**

| Date of the Actual Completion of the International Search [2] | Date of Mailing of this International Search Report [2] |
|---|---|
| 27 April 1982 (27.04.82) | 3 May 1982 (03.05.82) |
| **International Searching Authority** [1] | **Signature of Authorized Officer** [20] |
| Australian Patent Office | A.S. MOORE. A S Moore |

Form PCT/ISA/210 (second sheet) (October 1981)

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 202 of 448

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| 17/471,658 | 04/14/2023 05:14:43 PM ET | S105508 1010US.C7 (0020.1 |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 1063 | FILED BY | Shari Elofson |
| PATENT CENTER # | 61916589 | AUTHORIZED BY | Ryan Cagle |
| CUSTOMER # | 26158 | FILING DATE | 09/10/2021 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| DA / 090528 | E20234DH15397337 | Shari Elofson |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1806 | SUBMISSION OF AN INFORMATION DISCLOSURE STATEMENT | 260.00 | 1 | 260.00 |
| | | | TOTAL AMOUNT: | $260.00 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **17/471,658** | **04/14/2023 05:14:43 PM ET** | **S105508 1010US.C7 (0020.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 1063 | FILED BY | Shari Elofson |
| PATENT CENTER # | 61916589 | FILING DATE | 09/10/2021 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Ryan Cagle |

## Documents

**TOTAL DOCUMENTS: 4**

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C7_0020_1_Suppl_IDS_1449.pdf | 1 | Information Disclosure Statement (IDS) Form (SB08) | 143 KB |

Warning: This is not a USPTO supplied IDS fillable form. Data in the form cannot be automatically loaded to other USPTO systems.

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| FOR_AU2020100586.pdf | 11 | Foreign Reference | 360 KB |
| S105508_1010US_C7_0020_1_Suppl_IDS_Cover.pdf | 1 | Letter specifying the conditions for filing under 37 CFR 1.97 | 117 KB |
| FOR_WO8203317.pdf | 12 | Foreign Reference | 520 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C7_0020_1_Suppl_IDS_1449.pdf | BA82F43BD3FC57159D7F11B97231D2B9CA7D778F14082E454933827F7DC396B4AC7E972BA46380B00C77E6A4B50D10E314AEBBDB2C4240E9176BFFAD35026EA4 |
| FOR_AU2020100586.pdf | DFD4100BDDB9D405BFDB41D565249CE54F418744D2DD1E473EC28A97D12988FF757B41BC874D713C17BC01957E21F280CFA952138C66ACF06CA63A09D2350775 |
| S105508_1010US_C7_0020_1_Suppl_IDS_Cover.pdf | A2EE191710191A350499C9BAC55A1043BE9F17B7B13B89C8DD4A396064DE5063861E8A8CCC291D4F9228D7F8E576B47DBBDEDBFC3D8E060507E8204CECC696AF |
| FOR_WO8203317.pdf | F82B045CE0E55E97F0CE0675B449AA6DF7D7BCC7A10095EC2C326A417F1D371FC32C3584E3B57A9B45FF4C11A7D58A363E097704F0D74BB9918FBEBEA3087CC0 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

**(12) INNOVATION PATENT** (11) Application No. **AU 2020100586 A4**
**(19) AUSTRALIAN PATENT OFFICE**

(54) Title
**A shelter**

(51) International Patent Classification(s)
***E04H 15/44*** (2006.01) ***E04H 15/54*** (2006.01)
***E04H 15/40*** (2006.01)

(21) Application No: **2020100586** (22) Date of Filing: **2020.04.17**

(45) Publication Date: **2020.05.28**
(45) Publication Journal Date: **2020.05.28**
(45) Granted Journal Date: **2020.05.28**

(71) Applicant(s)
**Mark Andrew Fraser**

(72) Inventor(s)
**Fraser, Mark Andrew**

(74) Agent / Attorney
**Spruson & Ferguson, GPO Box 3898, Sydney, NSW, 2001, AU**

2020100586 17 Apr 2020

## ABSTRACT

The present invention relates to a shelter. The shelter includes a frame and a canopy. The canopy includes a fixed-end non-releasably extending from the frame and a free-end for fluttering in the breeze. Advantageously, the fixed-end non-releasably extends from the frame, and need not be attached to the frame during assembly on site, thereby resulting in improved assembly time.

2020100586 17 Apr 2020






Figure 1

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 209 of 448

2020100586 17 Apr 2020

AUSTRALIA

PATENTS ACT 1990

COMPLETE SPECIFICATION

INNOVATION PATENT

# A SHELTER

The following statement is a full description of this invention including the best method of performing it known to me:

2020100586 17 Apr 2020

# A SHELTER

## TECHNICAL FIELD

**[0001]** The present invention relates to a shelter. The present invention has particular, although not exclusive application to a beach shelter suitable to windy conditions.

## BACKGROUND

**[0002]** The reference to any prior art in this specification is not, and should not be taken as an acknowledgement or any form of suggestion that the prior art forms part of the common general knowledge.

**[0003]** US 10,190,330 discloses a beach shelter suitable for windy conditions. The shelter includes a continuous frame, and a canopy including a fixed-end extending from the frame. A free-end of the canopy flutters freely in the breeze.

**[0004]** The frame includes frame segments which are serially interconnected during erection of the structure. In practice, assembly can be a time-consuming exercise, complicated in extremely windy conditions at the beach with sand flying around.

**[0005]** Once assembled, the frame is threaded through loops of the canopy. Once again, assembly can be a time-consuming exercise, complicated in extremely windy conditions at the beach with sand flying around.

**[0006]** The preferred embodiment provides for improved assembly of the shelter.

## SUMMARY OF THE INVENTION

**[0007]** According to one aspect of the present invention, there is provided a shelter including:

a frame; a

a canopy including a fixed-end non-releasably extending from the frame and a free-end for fluttering in the breeze.

2020100586 17 Apr 2020

**[0008]** Advantageously, the fixed-end non-releasably extends from the frame, and need not be attached to the frame during assembly on site, thereby resulting in improved assembly time.

**[0009]** The frame may include frame segments, and respective hinges interconnecting adjacent frame segments. Advantageously, the frame segments can be simply hingedly extended to form the expanded frame, and need not be connected together during assembly on site, thereby resulting in improved assembly time.

**[00010]** The canopy may define a sleeve though which the frame passes. The shelter may include one or more screws for non-releasably affixing the fixed-end to the frame.

**[00011]** The frame may terminate in a pair of uprights. The shelter may include one or more support spurs extending from the frame toward ground. The support spurs may be hinged to the frame. The support spurs may extend in line with the canopy.

**[00012]** The shelter may further include one or more anchors, and respective lines extending from the anchors toward the frame. Each anchor may include a receptacle.

**[00013]** According to one aspect of the present invention, there is provided a shelter including:

a frame including a frame segments, and respective hinges interconnecting adjacent frame segments; and

a canopy including a fixed-end for extending from the frame and a free-end for fluttering in the breeze.

**[00014]** Any of the features described herein can be combined in any combination with any one or more of the other features described herein within the scope of the invention.

**BRIEF DESCRIPTION OF THE DRAWINGS**

**[00015]** Preferred features, embodiments and variations of the invention may be discerned from the following Detailed Description which provides sufficient information for those skilled in the art to perform the invention. The Detailed Description is not to be

regarded as limiting the scope of the preceding Summary of the Invention in any way. The Detailed Description will make reference to a drawing as follows:

**[00016]** Figure 1 is a schematic view of a shelter in accordance with an embodiment of the present invention.

**DETAILED DESCRIPTION OF PREFERRED EMBODIMENTS**

**[00017]** According to an embodiment of the present invention, there is provided a portable beach shelter 100 as shown in Figure 1. The shelter 100 includes a continuous frame 102 engaging with the sand 103 at either end. A sheet canopy 104 includes a fixed-end 106 which non-releasably extends from the top of the frame 102. A free-end 108 of the canopy 104 flutters in the breeze providing shade underneath from the sun. A couple of persons can be readily sheltered beneath the canopy 104.

**[00018]** Advantageously, the fixed-end 106 non-releasably extends from the frame 102, and need not be attached to the frame 102 during assembly at the beach, thereby resulting in improved assembly time.

**[00019]** The frame 102 includes multiple frame segments 110, and respective hinges 112 interconnecting adjacent frame segments 110. Advantageously, the frame segments 110 can be simply hingedly extended to form the expanded frame 102, and need not be connected together during assembly at the beach, thereby resulting in improved assembly time.

**[00020]** The canopy 104 defines a sleeve 114 at the fixed-end 106 though which the frame 102 passes. The shelter 100 includes screws for passing through and non-releasably affixing the fixed-end 106 to the frame 102. The screws are screwed in the opposing ends of the sleeve 114 or along the length of the canopy's fixed-end 106, or both.

**[00021]** The frame 102 terminates in a pair of sand-engaging upright segments, from which a pair of inclined segments extend toward each other to form a peak. The shelter 100 includes a pair of support spurs 116, extending from half way or above up the upright segments, toward the sand 103 (i.e. ground). The inclined support spurs 116 are also connected to the frame 102 with hinges 112. The support spur segments 116 fold

2020100586 17 Apr 2020

flat with the upright segments for transport, and extend in line with the canopy 104 in the wind. The uprights also fold in half, about the hinge 112, so the whole frame 102 can be collapsed with the segments 110 compactly stacked or bundled for transport without the need to release the canopy 104.

**[00022]** Although not always required, the shelter 100 further includes three sand anchors 118, and respective lines 120 extending from the anchors 118 toward the frame 102 to which they are releasably tied. Each anchor 118 includes a fabric receptacle which can be filled with sand 103.

**[00023]** A method for assembling the shelter 100 at the beach is briefly described.

**[00024]** Initially, the shelter 100 is transported in a collapsed state to the beach in a carry bag.

**[00025]** The frame segments 110 are expanded about the hinges 112 to form the uprights and peak. The canopy 104, permanently fastened to the frame 102 at the fixed-end 106, is unwound from around the continuous frame 102.

**[00026]** The continuous frame 102 is then stood upright, standing from the sand perpendicular the breeze. The spurs 116 are pivoted outwardly to stabilize the frame 102 now free standing on the sand 103.

**[00027]** The anchors 118 can be filled with sand 103 and tied to the frame 102 with lines 120 as required.

**[00028]** At the end of the day, the shelter 100 can be unassembled for transport and storage by performing the reverse steps above.

**[00029]** A person skilled in the art will appreciate that many embodiments and variations can be made without departing from the ambit of the present invention.

**[00030]** In compliance with the statute, the invention has been described in language more or less specific to structural or methodical features. It is to be understood that the invention is not limited to specific features shown or described since the means herein described comprises preferred forms of putting the invention into effect. The invention

2020100586 17 Apr 2020

is, therefore, claimed in any of its forms or modifications within the proper scope of the appended claims appropriately interpreted by those skilled in the art.

**[00031]** Reference throughout this specification to ‘one embodiment’ or ‘an embodiment’ means that a particular feature, structure, or characteristic described in connection with the embodiment is included in at least one embodiment of the present invention. Thus, the appearance of the phrases ‘in one embodiment’ or ‘in an embodiment’ in various places throughout this specification are not necessarily all referring to the same embodiment. Furthermore, the particular features, structures, or characteristics may be combined in any suitable manner in one or more combinations.

2020100586 17 Apr 2020

**The claims defining the invention are as follows:**

1. A shelter including:

a frame; a

a canopy including a fixed-end non-releasably extending from the frame and a free-end for fluttering in the breeze.

2. A shelter as claimed in claim 1, wherein the frame includes frame segments, and respective hinges interconnecting adjacent frame segments.

3. A shelter as claimed in claim 1 or claim 2, wherein the canopy defines a sleeve though which the frame passes and one or more fasteners for non-releasably affixing the fixed-end to the frame.

4. A shelter as claimed in any one of the preceding claims, wherein the frame includes one or more support spurs extending from the frame toward ground.

5. A shelter as claimed in claim 4, wherein each support spur is hinged to the frame so that the frame can be collapsed with stacked or bundled together segments without the need to release the canopy.

6. A shelter including:

a frame including a frame segments, and respective hinges interconnecting adjacent frame segments; and

a canopy including a fixed-end for extending from the frame and a free-end for fluttering in the breeze.

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 216 of 448

2020100586 17 Apr 2020




Figure 1

Attorney's Docket No. **S105508 1010US.C7 (0020.1)** PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1063 |
| Appl. No.: | 17/471,658 | Group Art Unit: | 3636 |
| Filed: | September 10, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT CITATION UNDER 37 C.F.R. § 1.97(d)**

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature documents in accordance with 37 CFR 1.98(a)(2).

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicants in no way make any admission as to the prior art status of the listed documents, but are instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(d), after the mailing of a final Office Action. Each item of information contained in this statement was first cited in a communication from a foreign patent office in a counterpart foreign application not more than three (3) months prior to the filing of this statement. In this regard, Applicants note that the communication from the foreign patent office was not received by any individual designated by 37 CFR § 1.56(c) more than thirty (30) days prior to the filing of this Information Disclosure Statement.

The Commissioner is authorized to charge the $260.00 fee specified in 37 C.F.R. § 1.17(p) and any additional fee, or credit any refund, to our Deposit Account No. **09-0528**.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Ryan W. Cagle/

Ryan W. Cagle
Registration No. 47,468

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON APRIL 14, 2023.*

(12) INTERNATIONAL APPLICATION PUBLISHED UNDER THE PATENT COOPERATION TREATY (PCT)

(19) World Intellectual Property Organization
International Bureau

(43) International Publication Date
3 February 2011 (03.02.2011)

PCT

(10) International Publication Number
WO 2011/012969 A2

(51) International Patent Classification:
*E04H 15/00* (2006.01)

(21) International Application Number:
PCT/IB2010/001824

(22) International Filing Date:
26 July 2010 (26.07.2010)

(25) Filing Language: Italian

(26) Publication Language: English

(30) Priority Data:
TA2009A000003 27 July 2009 (27.07.2009) IT

(72) Inventor; and
(71) Applicant : DE PASQUALE, Giancarlo [IT/IT]; Via Bobe, 12, I-74122 San Vito Frazione di Taranto (IT).

(74) Agents: JORIO, Paolo et al.; c/o Studio Torta S.r.l., Via Viotti, 9, I-10121 Torino (IT).

(81) Designated States *(unless otherwise indicated, for every kind of national protection available)*: AE, AG, AL, AM, AO, AT, AU, AZ, BA, BB, BG, BH, BR, BW, BY, BZ, CA, CH, CL, CN, CO, CR, CU, CZ, DE, DK, DM, DO, DZ, EC, EE, EG, ES, FI, GB, GD, GE, GH, GM, GT, HN, HR, HU, ID, IL, IN, IS, JP, KE, KG, KM, KN, KP, KR, KZ, LA, LC, LK, LR, LS, LT, LU, LY, MA, MD, ME, MG, MK, MN, MW, MX, MY, MZ, NA, NG, NI, NO, NZ, OM, PE, PG, PH, PL, PT, RO, RS, RU, SC, SD, SE, SG, SK, SL, SM, ST, SV, SY, TH, TJ, TM, TN, TR, TT, TZ, UA, UG, US, UZ, VC, VN, ZA, ZM, ZW.

(84) Designated States *(unless otherwise indicated, for every kind of regional protection available)*: ARIPO (BW, GH, GM, KE, LR, LS, MW, MZ, NA, SD, SL, SZ, TZ, UG, ZM, ZW), Eurasian (AM, AZ, BY, KG, KZ, MD, RU, TJ, TM), European (AL, AT, BE, BG, CH, CY, CZ, DE, DK, EE, ES, FI, FR, GB, GR, HR, HU, IE, IS, IT, LT, LU, LV, MC, MK, MT, NL, NO, PL, PT, RO, SE, SI, SK, SM, TR), OAPI (BF, BJ, CF, CG, CI, CM, GA, GN, GQ, GW, ML, MR, NE, SN, TD, TG).

**Published**:

— *without international search report and to be republished upon receipt of that report (Rule 48.2(g))*

(54) **Title**: A SHADE STRUCTURE FOR BEACH, GARDEN AND OPEN-SPACE USE IN GENERAL




Fig. 1

(57) **Abstract**: A shade structure for beach, garden and open- space use in general, and particularly suitable for individual use in a reclining position. The present invention serves as a "sunshade", a category of articles substantially marketed in the form of umbrellas. Known articles of this sort have a wood or metal structure and a fabric canopy, and are both bulky and awkward to handle. The present invention differs substantially from the former in terms of both structure and strictly individual use. As shown in Figure 1 of the drawings, the invention is characterized by a low-mounted, arc-shaped canopy for use in a reclining position, and can be set up quickly and easily. When dismantled, the component parts of the structure are compact enough to fit into a bag.

WO 2011/012969 A2

# A SHADE STRUCTURE FOR BEACH, GARDEN AND OPEN-SPACE USE IN GENERAL

## BACKGROUND ART

As is known, articles, which are technically "sunshades", are marketed for providing shade from the sun in open spaces, such as beaches, gardens, terraces, etc., and normally comprise small or large umbrellas with a more or less circular canopy.

Known articles of this sort comprise a wood or metal structure and a fabric canopy, and are invariably bulky and awkward to handle, i.e. to carry from one place to another, for beach use, for example.

For use in open residential spaces, ballast is also required to stabilize the supporting pole.

When used on beaches, more often with the user in a reclining than a sitting position, and so requiring a larger shade area, the high-fitted canopy and movement of the sun produce a rapid change in shade, thus continually exposing parts of the user's body to the sun.

Though a sunshade for leisure use, in the same way as conventional umbrellas, the present invention differs substantially in terms of both structure and strictly individual use.

## DISCLOSURE OF INVENTION

It is an object of the present invention to provide a shade structure, particularly for beach, garden and

open-space use in general, which is lightweight, can be assembled quickly, and is easy to handle and carry.

The structure according to the invention is designed so it can be set up quickly and easily, and, when dismantled, is compact enough to fit into a bag.

The shade structure according to the invention is highly reliable and safe, and is easy to produce using readily available parts and materials.

As such, the present invention is also competitive economically.

The above and other aims explained below are achieved by a shade structure, for beach, garden, and open-space use in general, in accordance with the present invention, and which comprises a canopy supported by a lightweight structure.

The canopy or sunshade may substantially comprise a rectangular cane mat, which is characteristically rigid lengthwise of, and fully flexible crosswise to the interlaced canes, so it can be rolled up tightly. Alternatively, the canopy may comprise a mat of synthetic strips or any fabric that can be stiffened perpendicular to the supporting structure.

Such stiffening is necessary to achieve lateral stability of the structure as a whole.

The canopy, hereinafter referred to simply as a "mat", is provided, along the two longitudinal edges of one of its two faces, with two tubular pockets, in which to insert the supporting structure, and which comprise

strips of fabric or similar synthetic material, stitched to the mat.

The supporting structure comprises two thin flexible rods, in turn comprising a number of thin hollow tubes made of fibreglass or other flexible material, connected end to end by short connecting sleeves, and strung on a thin elastic cord.

The elastic cord serves to hold the tubes of each rod together, for faster, easier assembly and disassembly.

Each rod, which is preferably longer than the mat, may comprise a varying number of individual tubes, depending on the size required.

The first and last tube of each rod are fitted on their free ends with preferably metal tips, similar to the connecting sleeves.

Once inserted inside the tubular pockets on the mat, the two rods are connected at both ends by two rigid tubes - hereinafter referred to as "end tubes" - made of fibreglass, aluminium or other lightweight material.

The end tubes are bent 90° at both ends, i.e. are fitted with curved fittings into which the tips of the two rods are inserted.

To set up the structure according to the present invention, the two end tubes are brought closer together by means of two thin tensioning straps, shorter than the rods, so that the rods flex to form the structure into

an arc shape.

For easy connection, the two end tubes are fitted with click-on fasteners that attach to similar fasteners on the ends of the tensioning straps.

The radius of the arc can be adjusted by adjusting the length of the tensioning straps by means of an adjusting device, to achieve a higher, shorter or lower, longer structure.

When assembled, as described above, and placed on the ground, the structure according to the invention provides shade from the sun by means of the mat, and allows the user to lie underneath.

Because the mat is closer to the ground than ordinary marketed canopies, the shade travels less in relation to the movement of the sun, and so lasts longer.

If a mat much shorter than the supporting rods is preferred to improve ventilation, the structure according to the invention, when assembled, allows the mat to slide along the supporting rods to adjust the shade area.

For beach or garden use, the structure according to the invention can be secured quickly to the ground using (preferably four) plastic stakes with grooves on the top end, which click onto the end tubes. This is advisable in windy conditions, in which case, the tensioning straps may be removed.

Being made of flat strips of nylon laid on the

ground, the tensioning straps, even if not removed, in no way affect performance of the structure according to the invention.

BRIEF DESCRIPTION OF THE DRAWINGS

A preferred, non-limiting embodiment of the invention will now be described by way of example with reference to the accompanying drawings, in which :

Figure 1 shows a view in perspective of the shade structure as a whole;

Figure 2 shows a spread-out view in perspective of the underside of the canopy, i.e. mat, complete with the two tubular supporting rod pockets;

Figure 3 shows the component parts of one of the two supporting rods prior to assembly;

Figure 4 shows how the supporting rod is assembled;

Figure 5 shows an assembled supporting rod;

Figure 6 shows a spread-out view in perspective of the mat, with the two supporting rods inserted inside the tubular pockets;

Figure 7 shows a view in perspective of one of the two end tubes, for connecting the two supporting rods, fitted with two short nylon straps with click-on end fasteners;

Figure 8 shows a detail in perspective of the tip of one of the two supporting rods connected to a curved fitting on an end tube;

Figures 9 and 10 show one of the two nylon tensioning straps rolled up and unrolled respectively,

and fitted with click-on fasteners at the ends, and an intermediate length-adjusting device;

Figure 11 shows a detail of the tensioning strap fastened to the nylon strap on the end tube;

Figures 12 and 13 show views in perspective of the invention assembled, and how the mat slides along the supporting rods; Figure 12 shows the mat positioned centrally, and Figure 13 the mat positioned at one end;

Figure 14 shows one of the stakes designed to fit to the end tubes to secure the structure to the ground in strong wind conditions;

Figure 15 shows a detail of one of the stakes attached to the end tube;

Figure 16 shows the structure as a whole, fitted with the stakes.

BEST MODE FOR CARRYING OUT THE INVENTION

Number 1 in the accompanying drawings indicates as a whole a shade structure for beach, garden and open-space use in general, and which comprises a canopy 2, hereinafter referred to as a mat, with parallel tubular pockets 3 along the edges 4 of the mat.

Mat 2 is characterized by being fairly rigid crosswise, i.e. perpendicular to the tubular pockets, and fully flexible lengthwise, so as to adapt to the arc shape of the assembled structure and roll up when not in use. In other words, mat 2 has different degrees of rigidity in two perpendicular directions, and the greater rigidity perpendicular to the tubular pockets

braces the flexible rods 5 to prevent collapse of the rods and ensure stability of the shade structure even in the event of transverse stress.

Flexible rods 5 are formed by connecting individual tubes 6 end to end by means of short sleeves 7. The individual tubes of each rod are strung on an elastic cord 8.

The ends of the rods are fitted with tips 9, which fit inside cylindrical seats 10 of end tubes 11 fitted with curved fittings 12.

Each end tube has two appendixes 13 defined by short nylon straps, each with a click-on fastener 14.

The structure tensioning straps 15 are fitted on the ends with click-on fasteners 14 for connection to similar fasteners on the end tubes.

To adjust the arc of the structure, the tensioning straps are fitted with length adjusters 16.

The non-limiting embodiment shown of the shade structure for beach, garden and open-space use in general according to the invention is assembled as follows :

mat 2 is first laid out with its underside face, fitted with tubular pockets 3, facing upwards;

rods 5 are inserted inside pockets 3, aligning and connecting tubes 6 as the rods are inserted;

when the rods come out at the other end, tips 9 are inserted inside cylindrical seats 10 on end tubes 11;

tensioning straps 15 are then connected by click-on

fasteners 14 to appendixes 13 of a first of the two end tubes;

holding down the second end tube, the tensioning straps are pulled to arc the structure, and therefore the mat;

the free ends of the tensioning straps are fastened to the second end tube;

and the lightweight structure so assembled is turned over and ready for use.

Particularly in windy conditions, the structure can be secured to the ground using stakes 17 with grooves 18 which click onto the end tubes.

The structure is dismantled even more easily.

Once dismantled, the component parts of the structure can be rolled up inside the mat and bagged.

The aims of the present invention are thus clearly achieved.

Changes may obviously be made to the structure as described herein without, however, departing from the scope of the invention.

Moreover, all the component parts may be replaced with technical equivalents.

In other words, any changes may be made in terms of materials, size, and shape, providing they are compatible with the specific use proposed.

CLAIMS

1) A shade structure (1) for beach, garden and open-space use in general, comprising a supporting structure (5, 11, 15) with two rods (5) flexible into an arc shape; and a canopy (2) fitted to the two rods (5); the canopy (2) having two different degrees of rigidity in two perpendicular directions; the greater rigidity being crosswise to the rods (5) to brace the rods (5) when arced; and the lesser rigidity being tangent to each point along the arc shape of the rods (5).

2) A shade structure as claimed in the foregoing Claims, characterized in that the canopy (2) comprises, along the edges of its two long sides, two tubular pockets (3) into which the rods (5) are inserted.

3) A shade structure as claimed in one or more of the foregoing Claims, characterized in that the rods (5) comprise a number of connectable members (6).

4) A shade structure as claimed in one or more of the foregoing Claims, characterized in that the supporting structure comprises two end tubes (11); and respective fittings (12) for connecting the ends of the rods (5) rigidly to the ends of the end tubes (11).

5) A shade structure as claimed in one or more of the foregoing Claims, characterized by comprising at least one strap (15) shorter than and connectable to the rods (5) to form the rods into the arc shape.

6) A shade structure as claimed in Claims 4 and 5,

wherein the strap (15) is connected between the two end tubes (11).

7) A shade structure as claimed in Claims 5 and 6, characterized in that the length of the strap (15) is adjustable to adjust the radius of the arc shape.

8) A shade structure as claimed in one or more of the foregoing Claims, characterized in that the canopy (2) is slidable along the rods (5) to adjust the position of the shade area.

9) A shade structure as claimed in one or more of the foregoing Claims, when dependent on Claim 4, characterized by comprising a number of stakes (17) connectable to the end tubes (11) to secure the supporting structure (5, 11, 15) to the ground.




Fig. 1




Fig. 2




Fig. 3




Fig. 4




Fig. 5




Fig. 6




Fig. 7




Fig. 8




Fig. 9




Fig. 10




Fig. 11



Fig. 12



Fig. 13




Fig. 14




Fig. 15




Fig. 16

Espacenet

# Bibliographic data: WO2022174316 (A1) — 2022-08-25

## STRUCTURE FOR SUN PROTECTION

**Inventor(s):** RIBEIRO LUCCHESE GUALDI DAIANE [BR] + (RIBEIRO LUCCHESE GUALDI, Daiane)

**Applicant(s):** RIBEIRO LUCCHESE GUALDI DAIANE [BR] + (RIBEIRO LUCCHESE GUALDI, Daiane)

**Classification:**
- **international:** *E04H15/00; E04H15/32; E04H15/34; E04H15/36; E04H15/40*
- **cooperative:** E04H15/00 (EP); E04H15/32 (EP); E04H15/34 (EP); E04H15/36 (EP); E04H15/40 (EP)

**Application number:** WO2022BR50045 20220210 Global Dossier

**Priority number(s):** BR20211003186 20210219

**Also published as:** BR102021003186 (A2)


### Abstract of WO2022174316 (A1)

The invention relates to a collapsible portable structure suitable for sun protection, including a pole (20) moulded in a curved shape or able to adopt a curved shape by means of bending, which is fastened to a flexible cover (10), providing a simple, light structure that is quick to assemble, with a minimum of structural elements, forming a structure made up of a single arch assembled positioned facing into the wind, so that the rest of the flexible cover stays loose, floating on the wind, providing a large area of shade.

## Notice

This translation is machine-generated. It cannot be guaranteed that it is intelligible, accurate, complete, reliable or fit for specific purposes. Critical decisions, such as commercially relevant or financial decisions, should not be based on machine-translation output.

## DESCRIPTION WO2022174316A1

[0001]

STRUCTURE FOR SUN PROTECTION FIELD OF THE INVENTION

[0002]

[01] The present invention patent describes a collapsible portable structure suitable for solar protection, which includes a molded rod in a curved shape or that can assume a curved shape through flexion that is fixed to a flexible cover, providing a simplified structure, of quick assembly and light, with a minimum of constructive elements, forming a structure formed by only one mounted arch positioned in the direction of the wind, in order to keep the rest of the flexible cover loose, floating under the action of the wind, providing a large area of shade and /or event protection.

[0003]

BACKGROUND OF THE INVENTION

[0004]

[02]

The interaction between the skin and sunlight is inevitable.

The potential for harm depends on the type and duration of exposure.

Sunlight has profound effects on the skin and is associated with a variety of diseases.

[0005]

[03]

Brazil is a country located in a region that receives high intensity of solar radiation. The extensive coastal area is conducive to leisure and sports activities in open spaces, subjecting individuals to cumulative exposure throughout their lives.

[0006]

[04]

The Brazilian Consensus on Photoprotection, prepared by the Brazilian Society of Dermatology, describes the basic recommendations, which are equivalent to those internationally accepted: restricted exposure to the sun, use of clothing and

accessories (gloves, cap, hat, umbrella, glasses) and topical photoprotection through of sunscreen [SCHALKA, Sérgio, et al. Brazilian Consensus on Photoprotection. 2013. Available at: https://issuu.com/sbd.br/docs/consensob.fotoprote _ oleigoweb?e=0/6449812. Accessed February 04, 2021.].

**[0007]**

[05]

On the beaches, the use of umbrellas, tents and gazebos is essential to ensure protection from solar radiation. These collapsible structures, usually covered with UVA and/or UVB protection, are easily assembled and carried by the user, however moderate or strong winds usually impact these structures, damaging the frame or detaching the structure from the ground, which is obviously a concern in terms of concerns the safety of users in the surroundings.

**[0008]**

[06] Document AR056925 describes a tent provided with two arches arranged parallel and where the opposite side faces of a flexible cover are fixed, with rods that project from the arches to be attached to a chair, favoring the stabilization of the tent.

**[0009]**

[07] Document FR2614351 describes a tent consisting of a waterproof cover with three interconnecting rings, the whole set being articulated by a sliding internal fastening system.

**[0010]**

[08] Document GB2530291 describes a tent comprising a groundsheet, a cover extending over the groundsheet and attached to the groundsheet at its edges to form an at least partially enclosed internal space between the groundsheet and the canopy; at least a pair of pocket elements located on the ground sheet, where each pocket element receives one end of a pole to configure the tent's support structure.

**[0011]**

[09]

Document MU8802870 describes a collapsible beach tent made up of cylindrical rods, tensioning cables of

steel, a flexible cover and stakes to fix the tent to the ground, and the frame is formed by the union of several rods through joints to form long rods and the cover has three sheaths, one on each side and a central one where they will be inserted tensioners for structuring the tent.

**[0012]**

[010] Document US2003066550 describes an arched-shaped portable foldable shelter with an open face.

**[0013]**

[011]

Document US10066417 describes a collapsible canopy and method of erecting a collapsible canopy composed of ground anchors, flexible members and a canopy cover.

The collapsible canopy consists of four ground anchors, flexible members and a canopy cover.

**[0014]**

[012]

Document MX2013001004 describes a shadow generating device intended to provide solar protection, said device using the kinetic energy of the wind in order to be sustained in the air and project a shadow.

The device is formed by a panel or group of panels and one or more beams, which together define a bow edge, a stern edge and sides.

The device is composed of tabs that provide stability and serve to anchor them to the ground. The device works as follows: the panel or panels together with the wings and beams surround a moving air mass; the aerodynamic forces generated are strong enough to support the device in the air; the device is kept anchored to the ground by some means; with the device anchored to the ground, it can be held at a predetermined height and cast a shadow on a surface below.

**[0015]**

[013]

Document US2017362849 describes a tent that includes a flexible cover and a pole that attaches to a surface, said mast positioned substantially equally distant from opposite edges of the roof, having attached tethers extending from the roof. The canopy is positioned above the surface to use the natural force of the wind to inflate the panel and keep it aloft to provide shade for the user.

**[0016]**

[014] Despite the state of the art describing various configurations of temporary portable structures with the purpose of providing a shelter to prevent or reduce solar radiation on a user, a major difficulty concerns the area of shade generated and the maintenance of the structure under the action moderate to strong winds, mainly in oceanic regions.

**[0017]**

[015]

In the case of parasols, they are structures that are easy to transport and assemble.

However, they generate a small area of shade and their structure cannot withstand moderate to strong winds, causing them to detach from the ground, with the risk of hitting a user.

**[0018]**

[016] More robust structures, such as tents or gazebos, are more difficult to be loaded and assembled and, in order to remain intact under the action of the wind, they need additional means to retain the structure in the ground and avoid disarming, such as tension cables or stakes. , where the tensile load is imposed on the roofing structure by means of stretchers attached to the support surface through eyelets, for example, making assembly difficult and increasing the number of constructive elements to be loaded.

**[0019]**

[017]

However, the wind loads that act on these flexible structures can be used to structure and shape the tent, taking advantage of the low-impact wind flow present at the edge of the beach, in order to provide simplified structures with a minimum of construction elements. .

[018] In this way, the object of the present invention is a structure for sun protection with a curved shape, which includes a rod molded in a curved shape or that can assume a curved shape through flexion that is fixed to a flexible cover, providing a simplified structure, quick to assemble and light, with a minimum of constructive elements, forming a structure formed by only one mounted arch positioned in the direction of the wind and with ends buried in the ground, keeping the flexible cover attached to the rod in its front portion and the rest of the cover flexible loose, floating under the action of the wind, providing a large area of shade. SUMMARY

**[0020]**

[019] A feature of the invention is a structure for solar protection that is portable, light and easy to assemble.

[0021]

[020] A feature of the invention is a structure for sun protection whose generated shade is equivalent to the shade of a gazebo, with half the weight of an umbrella, when dismantled for transport.

[0022]

[021] A feature of the invention is a structure for solar protection that forms an arch-shaped structure, whose front face is mounted facing the wind, providing cross ventilation, not stopping the wind, which prevents the disassembly or detachment of the structure.

[0023]

[022] A feature of the invention is a solar protection structure that allows the comfortable accommodation of 4 to 5 people standing, positioned only in the front opening of the structure, providing a large area of shade.

[0024]

[023]

A feature of the invention is a solar protection structure suitable for installation at events, forming an arch that can reach a height of between 4 to 5 meters and a wide coverage.

variable.

[0025]

BRIEF DESCRIPTION OF THE FIGURES

[0026]

[024] Figure 1A shows the perspective view showing the mounted sun protection structure and figure 1B shows the mounted sun protection structure with a tensioning cable tensioning the front opening of the structure.

[0027]

[025] Figure 2A shows a representation of the rod being fitted into the cover sheath, Figure 2B shows the rod coupled to the cover sheath, Figure 2C shows the rod positioned on the cover in a suitable position to be installed on the support surface.

[0028]

[026] Figure 3 shows the alternative way of holding the rod in the cover.

[0029]

[027] Figure 4A shows the front view of the solar protection structure and Figure 4B shows the side view, showing the wind flow.

[0030]

DETAILED DESCRIPTION OF THE INVENTION

[0031]

[028] The structure for sun protection, object of the present invention patent, comprises a covering of flexible material of preferably rectangular shape (10) that presents the entirety of a first longitudinal side (11) provided with a gripping means (111),

such as a sheath or interspersed strips, where a rod with a curved profile (20) is inserted, whose ends (21) are kept free for attachment to the support surface.

[0032]

[029]

With this configuration, the curved profile rod (20) shapes the front opening (101) of the structure for solar protection, with the transverse sides (12) of the cover (10) aligned with the ends (21) of the curved profile rod ( 20) close to the surface of

support and the side (13) of the cover (10), opposite the longitudinal side (11) where the curved profile (20) is associated, being kept free to float with the wind flow that enters through the front opening (101) and leaves through the rear opening (102) through cross ventilation.

[0033]

[030] The flexible cover (10) comprises any film that presents wind resistance and prevents or reduces solar radiation on a user.

[0034]

[031] The curved profile rod (20) comprises a single structure molded into a curved shape or which can assume a curved shape through bending.

[0035]

[032] The curved profile rod (20) can be segmented, so that said segments are joined together by known connection means, such as interference fit, threading, locking, among others, allowing the association of the segments.

[0036]

[033] On the edge of the first longitudinal side (11) is fixed the end of a tensioned rod (30) whose opposite end is anchored on the support surface, said tensioned rod (30) which provides a counterweight against the wind, as shown in figure 1 B.

[0037]

[034]

For the assembly of the solar protection structure, the rod (20) is inserted into the sheath (111) arranged on one of the longitudinal sides (11) of the cover (10), and then the ends (21) of said rod (20) are fixed to the support surface preferably by driving into the ground, forming the front opening (101) structure for solar protection whose height can be adjusted if the rod (20) allows adjustment of the bending curvature.

On the edge of the longitudinal side (11) that forms the front opening, a tensioned rod is fixed

(30) whose opposite end is anchored to the supporting surface.

For the integrity of the structure, the front opening (101) must be positioned aligned with the wind flow, allowing cross ventilation, so that the rear side (13) of the cover (10) opposite the fixed side (11) is maintained floating by the action of the wind, providing the rear opening (102), with the cover (10) generating a shadow area.

Europäisches Patentamt
European Patent Office
Office européen des brevets

# Patent Translate

Powered by EPO and Google

## Notice

This translation is machine-generated. It cannot be guaranteed that it is intelligible, accurate, complete, reliable or fit for specific purposes. Critical decisions, such as commercially relevant or financial decisions, should not be based on machine-translation output.

## CLAIMS WO2022174316A1

1.

CLAIMS:

1.

STRUCTURE FOR SUN PROTECTION characterized in that it comprises a cover made of flexible material (10) that has the entirety of a first longitudinal side (11) provided with a gripping means (111) where a rod (20) is inserted, whose ends (21) are fixed to the support surface, forming the front opening (101) of the structure, keeping the transverse sides (12) of the cover (10) aligned with the ends (21) of the rod (20) fixed to the support surface and the side ( 13) of the cover (10) opposite the longitudinal side (11), which configures the rear opening (102) of the structure kept free to float with the wind flow that enters through the front opening (101).

2.

STRUCTURE FOR SUN PROTECTION, according to claim 1, characterized in that the gripping means (11) comprises a sheath or interspersed strips.

3.

STRUCTURE FOR SUN PROTECTION, according to claim 1, characterized in that the flexible cover (10) comprises any film that presents wind resistance and prevents or reduces solar radiation.

4.

STRUCTURE FOR SUN PROTECTION, according to claim 1, characterized in that the curved profile rod (20) comprises a single structure molded in a curved shape or that can assume a curved shape through bending.

5.

STRUCTURE FOR SUN PROTECTION, according to claim 1, characterized in that the curved profile rod (20) is segmented, said segments being joined together by means of known connection.

6.

STRUCTURE FOR SUN PROTECTION, according to claim 1, characterized by the fact that it has a tensioned rod (30) fixed on the longitudinal side (11) and on the support surface.

(12) PEDIDO INTERNACIONAL PUBLICADO SOB O TRATADO DE COOPERAÇÃO EM MATÉRIA DE PATENTES (PCT)

(19) **Organização Mundial da Propriedade Intelectual**
Secretaria Internacional

(43) **Data de Publicação Internacional**
**25 de Agosto de 2022 (25.08.2022)**

WIPO | PCT

(10) **Número de Publicação Internacional**
**WO 2022/174316 A1**

(51) **Classificação Internacional de Patentes:**
*E04H 15/00* (2006.01) *E04H 15/36* (2006.01) *E04H 15/32* (2006.01) *E04H 15/40* (2006.01) *E04H 15/34* (2006.01)

(21) **Número do Pedido Internacional:** PCT/BR2022/050045

(22) **Data do Depósito Internacional:** 10 de Fevereiro de 2022 (10.02.2022)

(25) **Língua de Depósito Internacional:** Português

(26) **Língua de Publicação:** Português

(30) **Dados Relativos à Prioridade:**
102021003186-7 19 de Fevereiro de 2021 (19.02.2021) BR

(72) **Inventor; e**
(71) **Requerente: RIBEIRO LUCCHESE GUALDI, Daiane** [BR/BR]; Est. João de Oliveira Remião, 3025, Agronomia / Lomba do Pinheiro, CEP 91550-000 Porto Alegre - RS (BR).

(74) **Mandatário: CÉSAR KLEIN, Júlio**; Rua Tupi, 73, Bairro Rio Branco, CEP 93336-010 Novo Hamburgo - RS (BR).

(81) **Estados Designados** *(sem indicação contrária, para todos os tipos de proteção nacional existentes)*: AE, AG, AL, AM, AO, AT, AU, AZ, BA, BB, BG, BH, BN, BR, BW, BY, BZ, CA, CH, CL, CN, CO, CR, CU, CZ, DE, DJ, DK, DM, DO, DZ, EC, EE, EG, ES, FI, GB, GD, GE, GH, GM, GT, HN, HR, HU, ID, IL, IN, IR, IS, IT, JM, JO, JP, KE, KG, KH, KN, KP, KR, KW, KZ, LA, LC, LK, LR, LS, LU, LY, MA, MD, ME, MG, MK, MN, MW, MX, MY, MZ, NA, NG, NI, NO, NZ, OM, PA, PE, PG, PH, PL, PT, QA, RO, RS, RU, RW, SA, SC, SD, SE, SG, SK, SL, ST, SV, SY, TH, TJ, TM, TN, TR, TT, TZ, UA, UG, US, UZ, VC, VN, WS, ZA, ZM, ZW.

(84) **Estados Designados** *(sem indicação contrária, para todos os tipos de proteção regional existentes)*: ARIPO (BW, GH, GM, KE, LR, LS, MW, MZ, NA, RW, SD, SL, ST, SZ, TZ, UG, ZM, ZW), Eurasiático (AM, AZ, BY, KG, KZ, RU, TJ, TM), Europeu (AL, AT, BE, BG, CH, CY, CZ, DE, DK, EE, ES, FI, FR, GB, GR, HR, HU, IE, IS, IT, LT, LU, LV, MC, MK, MT, NL, NO, PL, PT, RO, RS, SE, SI, SK, SM, TR), OAPI (BF, BJ, CF, CG, CI, CM, GA, GN, GQ, GW, KM, ML, MR, NE, SN, TD, TG).

**Publicado:**
— *com relatório de pesquisa internacional (Art. 21(3))*
— *com reivindicações modificadas e declaração (Art. 19(1))*
— *em preto e branco; o pedido internacional tal como depositado contém cores ou níveis de cinza e pode ser baixado do PATENTSCOPE*

(54) **Title:** STRUCTURE FOR SUN PROTECTION

(54) **Título:** ESTRUTURA PARA PROTEÇÃO SOLAR

(57) **Abstract:** The invention relates to a collapsible portable structure suitable for sun protection, including a pole (20) moulded in a curved shape or able to adopt a curved shape by means of bending, which is fastened to a flexible cover (10), providing a simple, light structure that is quick to assemble, with a minimum of structural elements, forming a structure made up of a single arch assembled positioned facing into the wind, so that the rest of the flexible cover stays loose, floating on the wind, providing a large area of shade.

(57) **Resumo:** É descrita uma estrutura portátil desmontável adequada para proteção solar, que inclui uma haste (20) moldada em formato curvo ou que pode assumir o formato curvo por meio de flexão que é fixada a uma cobertura flexível (10), provendo uma estrutura simplificada, de rápida montagem e leve, com o mínimo de elementos construtivos, conformando uma estrutura formada por apenas um arco montado posicionado na direção do vento, de forma a manter o restante da cobertura flexível solta, flutuando sob a ação do vento, provendo uma grande área de sombra.

WO 2022/174316 A1

# ESTRUTURA PARA PROTEÇÃO SOLAR

## CAMPO DA INVENÇÃO

[01] A presente patente de invenção descreve uma estrutura portátil desmontável adequada para proteção solar, que inclui uma haste moldada em formato curvo ou que pode assumir o formato curvo por meio de flexão que é fixada a uma cobertura flexível, provendo uma estrutura simplificada, de rápida montagem e leve, com o mínimo de elementos construtivos, conformando uma estrutura formada por apenas um arco montado posicionado na direção do vento, de forma a manter o restante da cobertura flexível solta, flutuando sob a ação do vento, provendo uma grande área de sombra e/ou de proteção em eventos.

## ANTECEDENTES DA INVENÇÃO

[02] A interação entre a pele e a luz solar é inevitável. O potencial de dano depende do tipo e da duração da exposição. A luz solar tem efeitos profundos sobre a pele, e está associada a uma variedade de doenças.

[03] O Brasil é um país que está localizado em uma região que recebe grande intensidade de radiação solar. A extensa área litorânea é propícia para atividades de lazer e esportivas em espaços abertos, sujeitando os indivíduos à exposição cumulativa ao longo de suas vidas.

[04] O Consenso Brasileiro de Fotoproteção, elaborado pela Sociedade Brasileira de Dermatologia, descreve as recomendações básicas, que equivalem às internacionalmente aceitas: exposição restrita ao sol, uso de vestimentas e acessórios (luva, boné, chapéu, guarda sol, óculos) e fotoproteção tópica através de protetor solar [SCHALKA, Sérgio, et al. Consenso Brasileiro de Fotoproteção. 2013.

Disponível em: https://issuu.com/sbd.br/docs/consensob.fotoprote____oleigoweb?e=0/6449812. Acessado em 04 de fevereiro de 2021.].

[05] Nas praias, o uso de guarda-sol, tendas e gazebos é fundamental para garantir a proteção à radiação solar. Estas estruturas desmontáveis, geralmente com cobertura com proteção UVA e/ou UVB, são facilmente montadas e portadas pelo usuário, porém ventos moderados ou fortes geralmente impactam nestas estruturas, danificando a armação ou desprendendo a estrutura do solo, o que obviamente é preocupante no que diz respeito à segurança dos usuários no entorno.

[06] O documento AR056925 descreve uma tenda provida de dois arcos dispostos paralelos e onde são fixadas as faces laterais opostas de uma cobertura flexível, apresentando tirantes que se projetam a partir dos arcos para ser acoplada a uma cadeira, favorecendo a estabilização da tenda.

[07] O documento FR2614351 descreve uma tenda constituída por uma cobertura impermeável com três aros de interligação, sendo todo o conjunto articulado por um sistema de fixação interno deslizante.

[08] O documento GB2530291 descreve uma tenda que compreende uma folha de solo, uma cobertura se estendendo sobre a folha do solo e fixada à folha do solo em suas bordas para formar um espaço interno pelo menos parcialmente fechado entre a folha do solo e o dossel; pelo menos um par de elementos de bolso localizados na folha de solo, onde cada elemento de bolso recebe uma extremidade de um poste para configurar estrutura de suporte da tenda.

[09] O documento MU8802870 descreve uma barraca de praia desmontável constituída por varetas cilíndricas, cabos tensores de

aço, uma cobertura flexível e estacas para fixar a barraca ao solo, sendo que a armação é formada pela união de diversas varetas através de junções para formar varas compridas e a cobertura apresenta três bainhas, sendo uma em cada lateral e uma central onde serão inseridos os tensores para a estruturação da barraca.

[010] O documento US2003066550 descreve um abrigo dobrável e portátil de forma arqueada com uma face aberta.

[011] O documento US10066417 descreve um dossel dobrável e método de erguer um dossel dobrável composto de âncoras de terra, membros flexíveis e uma cobertura do dossel. O dossel dobrável é composto por quatro âncoras de terra, membros flexíveis e uma cobertura do dossel.

[012] O documento MX2013001004 descreve um dispositivo gerador de sombras destinado a fornecer proteção solar, dito dispositivo usando a energia cinética do vento a fim de ser sustentado no ar e projetar uma sombra. O dispositivo é formado por um painel ou grupo de painéis e uma ou mais vigas, que juntas definem uma borda de proa, uma borda de popa e laterais. O dispositivo é composto por abas que proporcionam estabilidade e servem para ancorá-las ao solo. O dispositivo funciona da seguinte forma: o painel ou painéis juntamente com as abas e as vigas circundam uma massa de ar em movimento; as forças aerodinâmicas geradas são suficientemente fortes para suportar o dispositivo no ar; o dispositivo é mantido ancorado ao solo por alguns meios; com o dispositivo ancorado ao solo, ele pode ser mantido em uma altura pré-determinada e projetar uma sombra em uma superfície abaixo.

[013] O documento US2017362849 descreve uma tenda que inclui uma cobertura flexível e um mastro que se acopla a uma superfície,

dito mastro posicionado de forma substancialmente igual distante das bordas opostas da cobertura, tendo amarras acoplada que se estendem a partir da cobertura. A cobertura é posicionada acima da superfície para usar a força natural do vento para inflar o painel e mantê-lo no alto para fornecer sombra ao usuário.

[014] Em que pese o estado da técnica descrever diversas configurações de estruturas provisórias portáteis com a finalidade de prover um abrigo para impedir ou diminuir a irradiação solar sobre um usuário, uma grande dificuldade diz respeito a área de sombra gerada e a manutenção da estrutura sob a ação de ventos moderados a fortes, principalmente em regiões oceânicas.

[015] No caso dos guarda-sóis, são estruturas de fácil transporte e montagem. No entanto, geram uma pequena área de sombra e sua estrutura não suporta ventos moderados a fortes, causando seu desacoplamento do solo, com o risco de atingir um usuário.

[016] Estruturas mais robustas, tal como as tendas ou gazebos, são mais difíceis de serem carregadas e montadas e para se manterem íntegras sob a ação do vento necessitam de meios adicionais para reter a estrutura no solo e evitar o desarme, tal como cabos tensores ou estacas, onde a carga de tração é imposta à estrutura de cobertura por meio de esticadores presos à superfície de apoio através de olhais, por exemplo, dificultado a montagem e aumentando o número de elementos construtivos a serem carregados.

[017] No entanto, as cargas de vento que atuam sobre essas estruturas flexíveis podem ser utilizadas para estruturar e modelar a tenda, aproveitando o fluxo de vento de baixo impacto presente na beira da praia, de forma a prover estruturas simplificadas e com um mínimo de elementos construtivos.

[018] Dessa forma é objeto da presente patente de invenção uma estrutura para proteção solar de formato curvo, que inclui uma haste moldada em formato curvo ou que pode assumir o formato curvo por meio de flexão que é fixada a uma cobertura flexível, provendo uma estrutura simplificada, de rápida montagem e leve, com o mínimo de elementos construtivos, conformando uma estrutura formada por apenas um arco montado posicionado na direção do vento e com extremidades enterradas no solo, mantendo a cobertura flexível fixada à haste em sua porção frontal e o restante da cobertura flexível solta, flutuando sob a ação do vento, provendo uma grande área de sombra.

SUMÁRIO

[019] É característica da invenção uma estrutura para proteção solar portátil, leve e de fácil montagem.

[020] É característica da invenção uma estrutura para proteção solar cuja sombra gerada equivale à sombra de um gazebo, com a metade do peso de um guarda-sol, quando desmontado para transporte.

[021] É característica da invenção uma estrutura para proteção solar que conforma uma estrutura em formato de arco, cuja face frontal é montada voltada para o vento, provendo ventilação cruzada, não detendo o vento o que impede o desarme ou o desprendimento da estrutura.

[022] É característica da invenção uma estrutura para proteção solar que permite a acomodação confortável de 4 a 5 pessoas em pé, posicionados somente na abertura frontal da estrutura, proporcionando uma grande área de sombra.

[023] É característica da invenção uma estrutura para proteção solar adequada para a instalação em eventos, conformando um arco que pode alcançar altura entre 4 a 5 metros e cobertura de largura

variável.

BREVE DESCRIÇÃO DAS FIGURAS

[024] A figura 1A apresenta a vista em perspectiva evidenciando a estrutura para proteção solar montada e a figura 1B apresenta a estrutura para proteção solar montada com um cabo tensor tensionando a abertura frontal da estrutura.

[025] A figura 2A apresenta representação da haste sendo encaixada na bainha da cobertura, a figura 2B apresenta a haste acoplada na bainha da cobertura, a figura 2C apresenta a haste posicionada na cobertura em posição adequada para ser instalada na superfície de apoio.

[026] A figura 3 apresenta a forma alternativa de preensão da haste na cobertura.

[027] A figura 4A apresenta a vista frontal da estrutura para proteção solar e a figura 4B apresenta a vista lateral, evidenciando o fluxo de vento.

DESCRIÇÃO DETALHADA DA INVENÇÃO

[028] A estrutura para proteção solar, objeto da presente patente de invenção, compreende uma cobertura de material flexível de formato preferentemente retangular (10) que apresenta a totalidade de uma primeira lateral longitudinal (11) dotada de um meio de preensão (111), tal como uma bainha ou tiras intercaladas, onde é inserida uma haste de perfil curvo (20) cujas extremidades (21) são mantidas livres para a fixação na superfície de apoio.

[029] Com esta configuração, a haste de perfil curvo (20) molda a abertura frontal (101) da estrutura para proteção solar, ficando as laterais transversais (12) da cobertura (10) alinhadas com as extremidades (21) da haste de perfil curvo (20) junto à superfície de

apoio e a lateral (13) da cobertura (10), oposta à lateral longitudinal (11) onde é associado o perfil curvo (20), sendo mantida livre para flutuar com o fluxo de vento que ingressa pela abertura frontal (101) e sai pela abertura posterior (102), através de ventilação cruzada.

[030] A cobertura flexível (10) compreende qualquer película que apresente resistência ao vento e impeça ou diminua a radiação solar sobre um usuário.

[031] A haste de perfil curvo (20) compreende uma estrutura única moldada em formato curvo ou que pode assumir o formato curvo por meio de flexão.

[032] A haste de perfil curvo (20) pode ser segmentada, de forma que ditos segmentos sejam unidos entre si mediante meios de conexão conhecidos, tal como encaixe por interferência, rosqueamento, travamento, entre outros, permitindo que a associação dos segmentos.

[033] Na borda da primeira lateral longitudinal (11) é fixada a extremidade de um tirante tensionado (30) cuja extremidade oposta é ancorada na superfície de apoio, dito tirante tensionado (30) que fornece um contrapeso em oposição ao vento, conforme apresentado na figura 1B.

[034] Para a montagem da estrutura para proteção solar, a haste (20) é inserida na bainha (111) disposta em uma das laterais longitudinais (11) da cobertura (10), sendo a seguir as extremidades (21) da dita haste (20) fixadas na superfície de apoio preferentemente mediante cravamento no solo, conformando a abertura frontal (101) estrutura para proteção solar cuja altura pode ser ajustada caso a haste (20) permita ajuste da curvatura por flexão. Na borda da lateral longitudinal (11) que conforma a abertura frontal é fixado um tirante tensionado

(30) cuja extremidade oposta é ancorada na superfície de apoio. Para a integridade da estrutura, a abertura frontal (101) deve ser posicionada alinhada com o fluxo de vento, permitindo a ventilação cruzada, de forma que a lateral posterior (13) da cobertura (10) oposta à lateral fixa (11) seja mantida flutuante por ação do vento, provendo a abertura posterior (102), com a cobertura (10) gerando uma área de sombra.

REIVINDICAÇÕES:

1. ESTRUTURA PARA PROTEÇÃO SOLAR caracterizado por compreender uma cobertura de material flexível (10) que apresenta a totalidade de uma primeira lateral longitudinal (11) dotada de um meio de preensão (111) onde é inserida uma haste (20) cujas extremidades (21) são fixadas na superfície de apoio, conformando a abertura frontal (101) da estrutura, sendo mantidas as laterais transversais (12) da cobertura (10) alinhadas com as extremidades (21) da haste (20) fixadas na superfície de apoio e a lateral (13) da cobertura (10) oposta à lateral longitudinal (11), que configura a abertura posterior (102) da estrutura mantida livre para flutuar com o fluxo de vento que ingressa pela abertura frontal (101).
2. ESTRUTURA PARA PROTEÇÃO SOLAR, de acordo com a reivindicação 1, caracterizado pelo fato do meio de preensão (11) compreender uma bainha ou tiras intercaladas.
3. ESTRUTURA PARA PROTEÇÃO SOLAR, de acordo com a reivindicação 1, caracterizado pelo fato da cobertura flexível (10) compreender qualquer película que apresente resistência ao vento e impeça ou diminua a radiação solar.
4. ESTRUTURA PARA PROTEÇÃO SOLAR, de acordo com a reivindicação 1, caracterizado pelo fato da haste de perfil curvo (20) compreender uma estrutura única moldada em formato curvo ou que pode assumir o formato curvo por meio de flexão.
5. ESTRUTURA PARA PROTEÇÃO SOLAR, de acordo com a reivindicação 1, caracterizado pelo fato da haste de perfil curvo (20) ser segmentada, sendo ditos segmentos unidos entre si mediante meios de conexão conhecidos.

6. ESTRUTURA PARA PROTEÇÃO SOLAR, de acordo com a reivindicação 1, caracterizado pelo fato de apresentar um tirante tensionado (30) fixado na lateral longitudinal (11) e na superfície de apoio.

## REIVINDICAÇÕES MODIFICADAS
**Recebidas pela Secretaria Internacional no dia 12 de Julho de 2022 (12.07.2022)**

1. ESTRUTURA PARA PROTEÇÃO SOLAR que compreende uma cobertura de material flexível (10) que apresenta a totalidade de uma primeira lateral longitudinal (11) dotada de um meio de preensão (111) onde é inserida uma haste (20) cujas extremidades (21) são fixadas na superfície de apoio, conformando a abertura frontal (101) da estrutura e a lateral (13) da cobertura (10) oposta à lateral longitudinal (11) ser estrutura mantida livre para flutuar com o fluxo de vento que ingressa pela abertura frontal (101), caracterizado pelo fato da cobertura (10) apresentar formato preferentemente retangular (10) e as laterais transversais (12) da dita cobertura (10) estarem alinhadas com as extremidades (21) da haste (20) fixadas na superfície de apoio.


Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 253 of 448

# DECLARAÇÃO SEGUNDO O ARTIGO 19(1)

O Relatório de pesquisa internacional aponta quatro anterioridades de particular relevância. Sendo assim, a opinião escrita da autoridade de pesquisa internacional indica que o pedido não apresenta o requisito de atividade inventiva.

A anterioridade US10190330 (D1) descreve um sistema de sombreamento que inclui um dossel configurado para acoplamento e suspensão aérea por um quadro que inclui uma pluralidade de seções configuradas para alinhamento de ponta a ponta de uma extremidade esquerda para uma extremidade direita, onde cada seção é configurada para se envolver com quaisquer seções adjacentes para formar o quadro. As extremidades da estrutura são fixadas à superfície, suspendendo assim o dossel e fornecendo sombra à superfície. Podem ser previstas correias para a fixação do dossel e do quadro à superfície de apoio. Nesta anterioridade não é descrito nem sugerido qualquer meio para manter o dossel conformado sob a forma de um túnel, sendo descrito que o dossel é suspenso no quadro.

A anterioridade US7789097 (D2) descreve um guarda-sol portátil usado em conjunto com um veículo ou outro meio de suporte dotado de uma cobertura de tecido engatada em uma pluralidade de hastes flexíveis, sendo a porção frontal da cobertura com extremidades conformadas sob duas pernas de tecido que são engatadas por um poste alongado e flexível inserido através das pernas e da frente da capa protetora. Esta anterioridade não descreve nem sugere que a cobertura seja mantida livre para flutuar com o fluxo de vento que ingressa pela abertura frontal e sai pela abertura posterior (pelo contrário, na abertura inferior é previsto o acoplamento a um veículo ou a um meio de suporte) e também é previsto que a cobertura seja mantida alinhada com as extremidades das hastes flexíveis que conformam a abertura frontal.

A anterioridade GB2573353 (D3) descreve uma estrutura para proteção solar que inclui um poste arqueado e um dossel, sendo previstas ancoras que estruturam o dossel em forma de uma tenda, incluindo colunas que seguram o dossel em posição elevada mesmo em situações de vento baixo.

A anterioridade KR20120049032 (D4) descreve um toldo portátil que fornece sombra onde a cobertura forma um túnel, com as extremidades da cobertura sendo fixada na porção inferior do arco arqueado frontal por meio de um furo na costura 212 através do qual o poste 100 pode entrar e sair em ambas as extremidades, sendo previsto adicionalmente uma peça de tecido 220 com um anel de encaixe 3 para fixar a saliência 110 de encaixe.

Nenhuma das anterioridades descreve a totalidade dos elementos reivindicados no pedido de patente de invenção em pauta. Ainda que D1 cite a formação de um arco em "U" invertido com um dossel que flutua com o vento, a problemática das extremidades soltas se mantém. A cobertura descrita em D1, ainda que flutue com o vento, não tem suas extremidades fixadas no arco frontal, de forma que não é conformado um túnel que se mantém à mercê das cargas de vento. A intensidade do vento tende a movimentar a cobertura ao longo do arco e não gerar uma área de sombreamento adequada e confortável para o usuário.

A anterioridade D4, por sua vez, revela uma configuração para associar as extremidades da cobertura na extremidade inferior do arco em U invertido, impedindo os inconvenientes observados em relação a D1. A solução técnica implica em um apêndice de tecido que deriva da borda da cobertura, dito apêndice dotado de um anel de encaixe que é transpassado pela extremidade do arco, de forma a manter a extremidade frontal da cobertura imobilizada no arco frontal. Ainda, a cobertura apresenta uma porção de malha 240 de um certo tamanho ao longo dos cantos das duas bordas restantes, exceto para a parte de costura frontal 210.

No pedido de patente em pauta, a cobertura apresenta formato preferentemente retangular (10) com a totalidade de uma primeira lateral longitudinal (11) dotada de um meio de preensão (111), tal como uma bainha ou tiras intercaladas, onde é inserida uma haste de perfil curvo (20) (tal como a "parte de costura frontal 210 de D4). As laterais transversais (12) da cobertura (10) são mantidas alinhadas com as extremidades (21) da haste de perfil curvo (20) junto à superfície de apoio, não sendo descrito ou sugerido uma peça de tecido 220 com um anel de encaixe 3 para fixar a saliência 110 de encaixe, tal como necessário em D4.

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 255 of 448

# ALTERAÇÃO DAS REIVINDICAÇÕES

A fim de restringir o escopo de proteção, sem qualquer acréscimo de matéria, o Requerente encaminha novo quadro reivindicatório, estando totalmente suportado no relatório inicialmente depositado, conforme apresentado no Quadro a seguir.

As reivindicações 1 a 6 inicialmente depositadas foram canceladas. Adicionadas as novas reivindicações 7 e 8.

A reivindicação 7 está suportada nos parágrafos 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, sendo substituídos os componentes qualitativos genéricos pela indicação precisa do componente, acompanhados da expressão "isolados ou em associação" apresentada nos parágrafos acima indicados.

A reivindicação 8 está suportada no parágrafo 27.

| REIVINDICAÇÃO INICIALMENTE DEPOSITADA | REIVINDICAÇÕES ALTERADAS | BASE PARA AS ALTERAÇÕES |
|---|---|---|
| ESTRUTURA PARA PROTEÇÃO SOLAR caracterizado por compreender uma cobertura de material flexível (10) que apresenta a totalidade de uma primeira lateral longitudinal (11) dotada de um meio de preensão (111) onde é inserida uma haste (20) cujas extremidades (21) são fixadas na superfície de apoio, conformando a abertura frontal (101) da estrutura, sendo mantidas as laterais transversais (12) da cobertura (10) alinhadas com as extremidades (21) da haste (20) fixadas na superfície de apoio e a lateral (13) da cobertura (10) oposta à lateral longitudinal (11), que configura a abertura posterior (102) da estrutura mantida livre para flutuar com o fluxo de vento que ingressa pela abertura frontal (101). | Alterada ESTRUTURA PARA PROTEÇÃO SOLAR ~~caracterizado por~~ que compreende~~r~~ uma cobertura de material flexível (10) que apresenta a totalidade de uma primeira lateral longitudinal (11) dotada de um meio de preensão (111) onde é inserida uma haste (20) cujas extremidades (21) são fixadas na superfície de apoio, conformando a abertura frontal (101) da estrutura e a lateral (13) da cobertura (10) oposta à lateral longitudinal (11) ser estrutura mantida livre para flutuar com o fluxo de vento que ingressa pela abertura frontal (101), caracterizado pelo fato da cobertura (10) apresentar formato preferentemente retangular (10) e as laterais transversais (12) da dita cobertura (10) estarem alinhadas com as extremidades (21) da haste (20) fixadas na superfície de apoio. | Parágrafos 28 e 29 |

| | | |
|---|---|---|
| ESTRUTURA PARA PROTEÇÃO SOLAR, de acordo com a reivindicação 1, caracterizado pelo fato do meio de preensão (11) compreender uma bainha ou tiras intercaladas. | cancelada | --- |
| ESTRUTURA PARA PROTEÇÃO SOLAR, de acordo com a reivindicação 1, caracterizado pelo fato da cobertura flexível (10) compreender qualquer película que apresente resistência ao vento e impeça ou diminua a radiação solar. | cancelada | --- |
| ESTRUTURA PARA PROTEÇÃO SOLAR, de acordo com a reivindicação 1, caracterizado pelo fato da haste de perfil curvo (20) compreender uma estrutura única moldada em formato curvo ou que pode assumir o formato curvo por meio de flexão. | cancelada | ---- |
| ESTRUTURA PARA PROTEÇÃO SOLAR, de acordo com a reivindicação 1, caracterizado pelo fato da haste de perfil curvo (20) ser segmentada, sendo ditos segmentos unidos entre si mediante meios de conexão conhecidos. | cancelada | --- |
| ESTRUTURA PARA PROTEÇÃO SOLAR, de acordo com a reivindicação 1, caracterizado pelo fato de apresentar um tirante tensionado (30) fixado na lateral longitudinal (11) e na superfície de apoio. | cancelada | --- |




Fig. 1A




Fig. 1B




Fig. 2A




Fig. 2B




Fig. 2C




Fig. 3




Fig. 4A




Fig. 4B

## INTERNATIONAL SEARCH REPORT

International application No.
PCT/BR2022/050045

A. CLASSIFICATION OF SUBJECT MATTER

**IPC: E04H 15/00 (2006.01), E04H 15/32 (2006.01), E04H 15/34 (2006.01), E04H 15/36 (2006.01), E04H 15/40 (2006.01)**
**CPC: E04H 15/00, E04H 15/32, E04H 15/34, E04H 15/36, E04H 15/40**

According to International Patent Classification (IPC) or to both national classification and IPC

B. FIELDS SEARCHED

Minimum documentation searched (classification system followed by classification symbols)

**E04H**

Documentation searched other than minimum documentation to the extent that such documents are included in the fields searched

**Base de dados do INPI-BR**

Electronic data base consulted during the international search (name of data base and, where practicable, search terms used)

**DERWENT, ESPACENET**

C. DOCUMENTS CONSIDERED TO BE RELEVANT

| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
|---|---|---|
| X<br>Y | US 10190330 B2 (SHIBUMI SHADE LLC [US])<br>29 January 2019 (2019-01-29)<br>Description (columns 3 to 7), Figures 1-7 | 2, 3, 4, 5, 6<br>1 |
| X<br>A | US 7789097 B1<br>07 September 2010 (2010-09-07)<br>Description (columns 2 to 5) Figures 1-9 | 3, 4, 5<br>1, 2, 6 |
| X<br>A | GB 2573353 B (MARK OSBORNE [DE])<br>25 November 2020 (2020-11-25)<br>Description (pages 12 to 17), Figures 1-38 | 3, 4, 6<br>1, 2, 5 |
| X<br>Y<br>A | KR 20120049032 A (KANG SEOG MYEONG [KR])<br>16 May 2012 (2012-05-16)<br>Description (paragraphs 17 to 35), Figures 1-5 | 3, 4, 6<br>1<br>2, 5 |

☐ Further documents are listed in the continuation of Box C.

☒ See patent family annex.

* Special categories of cited documents:

"A" document defining the general state of the art which is not considered to be of particular relevance

"E" earlier application or patent but published on or after the international filing date

"L" document which may throw doubts on priority claim(s) or which is cited to establish the publication date of another citation or other special reason (as specified)

"O" document referring to an oral disclosure, use, exhibition or other means

"P" document published prior to the international filing date but later than the priority date claimed

"T" later document published after the international filing date or priority date and not in conflict with the application but cited to understand the principle or theory underlying the invention

"X" document of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step when the document is taken alone

"Y" document of particular relevance; the claimed invention cannot be considered to involve an inventive step when the document is combined with one or more other such documents, such combination being obvious to a person skilled in the art

"&" document member of the same patent family

| Date of the actual completion of the international search | Date of mailing of the international search report |
|---|---|
| **02 May 2022** | 12/05/2022 |

| Name and mailing address of the ISA/ | Authorized officer |
|---|---|
| INSTITUTO NACIONAL DA PROPRIEDADE INDUSTRIAL<br>Rua Mayrink Veiga nº 9, 6º andar<br>cep: 20090-910, Centro - Rio de Janeiro/RJ<br>Facsimile No.: +55 21 3037-3663 | Telephone No. |

Form PCT/ISA/210 (second sheet) (January 2015)

| | | | |
|---|---|---|---|
| US 10190330 B2 | 2019-01-29 | US 2018106064 A1 | 2018-04-19 |
| | | US 2019119942 A1 | 2019-04-25 |
| | | US 10753117 B2 | 2020-08-25 |
| | | US 2021002918 A1 | 2021-01-07 |
| | | US 11111690 B2 | 2021-09-07 |
| | | US 2021293044 A1 | 2021-09-23 |
| | | US 11255103 B2 | 2022-02-22 |
| | | US 2021293046 A1 | 2021-09-23 |
| | | US 11299904 B2 | 2022-04-12 |
| | | US 2021230899 A1 | 2021-07-29 |
| | | US 2021293045 A1 | 2021-09-23 |
| | | US 2021404208 A1 | 2021-12-30 |
| US 7789097 B1 | 2010-09-07 | US 2010212709 A1 | 2010-08-26 |
| GB 2573353 B | 2020-11-25 | GB 201817615 D0 | 2018-12-12 |
| | | GB 2573353 A | 2019-11-06 |
| | | WO 2020089599 A1 | 2020-05-07 |
| KR 20120049032 A | 2012-05-16 | KR 101315166 B1 | 2013-10-07 |

**RELATÓRIO DE PESQUISA INTERNACIONAL**

Depósito internacional Nº
PCT/BR2022/050045

A. CLASSIFICAÇÃO DO OBJETO

**IPC: E04H 15/00 (2006.01), E04H 15/32 (2006.01), E04H 15/34 (2006.01), E04H 15/36 (2006.01), E04H 15/40 (2006.01)**
**CPC: E04H 15/00, E04H 15/32, E04H 15/34, E04H 15/36, E04H 15/40**

De acordo com a Classificação Internacional de Patentes (IPC) ou conforme a classificação nacional e IPC

B. DOMÍNIOS ABRANGIDOS PELA PESQUISA

Documentação mínima pesquisada (sistema de classificação seguido pelo símbolo da classificação)

**E04H**

Documentação adicional pesquisada, além da mínima, na medida em que tais documentos estão incluídos nos domínios pesquisados

**Base de dados do INPI-BR**

Base de dados eletrônica consultada durante a pesquisa internacional (nome da base de dados e, se necessário, termos usados na pesquisa)

**DERWENT, ESPACENET**

C. DOCUMENTOS CONSIDERADOS RELEVANTES

| Categoria* | Documentos citados, com indicação de partes relevantes, se apropriado | Relevante para as reivindicações Nº |
|---|---|---|
| X | US 10190330 B2 (SHIBUMI SHADE LLC [US]) | 2, 3, 4, 5, 6 |
| | 29 janeiro 2019 (2019-01-29) | |
| Y | Relatório Descritivo (colunas 3 a 7), Figuras 1-7 | 1 |
| | ------------------------------------------- | |
| X | US 7789097 B1 | 3, 4, 5 |
| | 07 setembro 2010 (2010-09-07) | |
| A | Relatório Descritivo (colunas 2 a 5), Figuras 1-9 | 1, 2, 6 |
| | ------------------------------------------- | |
| X | GB 2573353 B (MARK OSBORNE [DE]) | 3, 4, 6 |
| | 25 novembro 2020 (2020-11-25) | |
| A | Relatório Descritivo (páginas 12 a 17), Figuras 1-38 | 1, 2, 5 |
| | ------------------------------------------- | |
| X | KR 20120049032 A (KANG SEOG MYEONG [KR]) | 3, 4, 6 |
| Y | 16 maio 2012 (2012-05-16) | 1 |
| A | Relatório Descritivo (parágrafos 17 ao 35), Figuras 1-5 | 2, 5 |
| | ------------------------------------------- | |

☐ Documentos adicionais estão listados na continuação do quadro C ☒ Ver o anexo de famílias das patentes

* Categorias especiais dos documentos citados:

"A" documento que define o estado geral da técnica, mas não é considerado de particular relevância.

"E" pedido ou patente anterior, mas publicada após ou na data do depósito internacional

"L" documento que pode lançar dúvida na(s) reivindicação(ões) de prioridade ou na qual é citado para determinar a data de outra citação ou por outra razão especial

"O" documento referente a uma divulgação oral, uso, exibição ou por outros meios.

"P" documento publicado antes do depósito internacional, porém posterior a data de prioridade reivindicada.

"T" documento publicado depois da data de depósito internacional, ou de prioridade e que não conflita com o depósito, porém citado para entender o princípio ou teoria na qual se baseia a invenção.

"X" documento de particular relevância; a invenção reivindicada não pode ser considerada nova e não pode ser considerada envolver uma atividade inventiva quando o documento é considerado isoladamente.

"Y" documento de particular relevância; a invenção reivindicada não pode ser considerada envolver atividade inventiva quando o documento é combinado com um outro documento ou mais de um, tal combinação sendo óbvia para um técnico no assunto.

"&" documento membro da mesma família de patentes.

| Data da conclusão da pesquisa internacional | Data do envio do relatório de pesquisa internacional: |
|---|---|
| **02 Maio 2022** | **12/05/2022** |


Nome e endereço postal da ISA/**BR**

INPI

INSTITUTO NACIONAL DA PROPRIEDADE INDUSTRIAL
Rua Mayrink Veiga nº 9, 6º andar
cep: 20090-910, Centro - Rio de Janeiro/RJ

Nº de fax: +55 21 3037-3663

Funcionário autorizado

**Luiz Claudio Marini Silva**

Nº de telefone: +55 21 3037-3493/3742

# RELATÓRIO DE PESQUISA INTERNACIONAL

Informação relativa a membros da família da patentes

Depósito internacional Nº

PCT/BR2022/050045

| Documentos de patente citados no relatório de pesquisa | Data de publicação | Membro(s) da família de patentes | Data de publicação |
|---|---|---|---|
| US 10190330 B2 | 2019-01-29 | US 2018106064 A1 | 2018-04-19 |
| | | US 2019119942 A1 | 2019-04-25 |
| | | US 10753117 B2 | 2020-08-25 |
| | | US 2021002918 A1 | 2021-01-07 |
| | | US 11111690 B2 | 2021-09-07 |
| | | US 2021293044 A1 | 2021-09-23 |
| | | US 11255103 B2 | 2022-02-22 |
| | | US 2021293046 A1 | 2021-09-23 |
| | | US 11299904 B2 | 2022-04-12 |
| | | US 2021230899 A1 | 2021-07-29 |
| | | US 2021293045 A1 | 2021-09-23 |
| | | US 2021404208 A1 | 2021-12-30 |
| -------------------------------- | ---------------- | -------------------------------- | ---------------- |
| US 7789097 B1 | 2010-09-07 | US 2010212709 A1 | 2010-08-26 |
| -------------------------------- | ---------------- | -------------------------------- | ---------------- |
| GB 2573353 B | 2020-11-25 | GB 201817615 D0 | 2018-12-12 |
| | | GB 2573353 A | 2019-11-06 |
| | | WO 2020089599 A1 | 2020-05-07 |
| -------------------------------- | ---------------- | -------------------------------- | ---------------- |
| KR 20120049032 A | 2012-05-16 | KR 101315166 B1 | 2013-10-07 |
| -------------------------------- | ---------------- | -------------------------------- | ---------------- |



Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 265 of 448

(12) INTERNATIONAL APPLICATION PUBLISHED UNDER THE PATENT COOPERATION TREATY (PCT)

(19) World Intellectual Property Organization
International Bureau

(43) International Publication Date
07 May 2020 (07.05.2020)

WIPO | PCT

(10) International Publication Number
WO 2020/089599 A1

(51) International Patent Classification:
*E04H 15/58* (2006.01) *A45B 23/00* (2006.01)

(21) International Application Number: PCT/GB2019/053047

(22) International Filing Date: 29 October 2019 (29.10.2019)

(25) Filing Language: English

(26) Publication Language: English

(30) Priority Data:
1817615.6 29 October 2018 (29.10.2018) GB

(72) Inventor; and
(71) Applicant: OSBORNE, Mark [GB/DE]; Brueckensteig 6, Lueneburg, 21339 Niedersachen (DE).

(74) Agent: KEMP, Paul Geoffrey; Invicta Ip Ltd, Petts Wood, 18C Fairfield Road, Orpington Kent BR5 1JR (GB).

(81) Designated States *(unless otherwise indicated, for every kind of national protection available)*: AE, AG, AL, AM, AO, AT, AU, AZ, BA, BB, BG, BH, BN, BR, BW, BY, BZ, CA, CH, CL, CN, CO, CR, CU, CZ, DE, DJ, DK, DM, DO, DZ, EC, EE, EG, ES, FI, GB, GD, GE, GH, GM, GT, HN, HR, HU, ID, IL, IN, IR, IS, JO, JP, KE, KG, KH, KN, KP, KR, KW, KZ, LA, LC, LK, LR, LS, LU, LY, MA, MD, ME, MG, MK, MN, MW, MX, MY, MZ, NA, NG, NI, NO, NZ, OM, PA, PE, PG, PH, PL, PT, QA, RO, RS, RU, RW, SA, SC, SD, SE, SG, SK, SL, SM, ST, SV, SY, TH, TJ, TM, TN, TR, TT, TZ, UA, UG, US, UZ, VC, VN, ZA, ZM, ZW.

(84) Designated States *(unless otherwise indicated, for every kind of regional protection available)*: ARIPO (BW, GH, GM, KE, LR, LS, MW, MZ, NA, RW, SD, SL, ST, SZ, TZ, UG, ZM, ZW), Eurasian (AM, AZ, BY, KG, KZ, RU, TJ, TM), European (AL, AT, BE, BG, CH, CY, CZ, DE, DK, EE, ES, FI, FR, GB, GR, HR, HU, IE, IS, IT, LT, LU, LV, MC, MK, MT, NL, NO, PL, PT, RO, RS, SE, SI, SK, SM,

(54) Title: PORTABLE SUN SHADES




Figure 1

(57) Abstract: A portable sun shade is disclosed having an arched pole and a canopy; the canopy comprising a first sheet (16) and a support; the support and the arched pole forming a frame which is connected to the first sheet (16) at substantially one edge of the sheet; the sun shade further comprising at least one anchor (20); and at least one edge of the canopy being raised from the ground on which the portable sun shade is placed, canopy comprising at least one further sheet (28), arranged substantially in parallel to the first sheet (16), and at least two ribs (30) connected between the first sheet (16) and further sheet (28), wherein the ribs (30) are arranged to be substantially perpendicular to the sheets in use to form a parafoil.

WO 2020/089599 A1



[Continued on next page]

TR), OAPI (BF, BJ, CF, CG, CI, CM, GA, GN, GQ, GW, KM, ML, MR, NE, SN, TD, TG).

**Declarations under Rule 4.17:**

— *as to the identity of the inventor (Rule 4.17(i))*
— *as to applicant's entitlement to apply for and be granted a patent (Rule 4.17(ii))*

**Published:**

— *with international search report (Art. 21(3))*

# Description

## Title of Invention: PORTABLE SUN SHADES

## Technical Field

[0001] The invention relates to a portable sun shade.

## Background Art

[0002] Tents, parasols, umbrellas and the like are often utilised by beach- and park-goers to provide shade. However, it is a well-known issue that wind can hinder the usefulness or comfort of these devices. Even assembling or dismantling these known devices can be extremely tricky if even a moderate wind is blowing.

[0003] For example, tents are notoriously difficult to put up in wind and can be buffeted by wind once erected, which can undermine the structural integrity of the tent. Parasols and the like are also made less sturdy by wind and usually need to be adjusted frequently to keep them from toppling or inverting.

[0004] US 2012/0291830 of Crimi describes a canopy with a stanchion and sunshade, in which wind blows the canopy up to a horizontal position. This arrangement thus requires wind to maintain its preferred shape. In a low wind, the canopy is likely to drop down, rendering it less useful. Furthermore, that arrangement is likely to require regular repositioning to reflect changing wind direction. US 3285546 of Jalbert discloses a parafoil, shaped to provide lift so as to provide a means to suspend equipment above ground. US 2015/0354244 of Fernandez Gonzalez discloses a sun shade which applies the disclosure of Jalbert to the sun shade filed. However, the arrangement of Fernandez Gonzalez appears to require an incident wind to maintain its function as a sun shade because, absent a suitable wind, the device is likely to drop to the ground. Furthermore, the arrangement is likely to require regular repositioning to reflect changing wind direction. Thus, an improved sun shade is sought.

## Disclosure of Invention

[0005] The present inventive concept is directed to a portable sun shade having an arched pole and a canopy; the canopy comprising a first sheet and a support; the support and the arched pole forming a frame which is connected to the first sheet at substantially one edge of the sheet; the sun shade further comprising at least one anchor; and at least one edge of the canopy being raised from the ground on which the portable sun shade is placed, canopy comprising at least one further sheet, arranged substantially in parallel to the first sheet, and at least two ribs connected between the first sheet and further sheet, wherein the ribs are arranged to be substantially perpendicular to the sheets in use.

[0006] This configuration provides a portable sun shade which has improved stability in normal environmental conditions such as wind, as well as under low wind conditions. Adjustment of the sun shade's orientation, such as due to changes of wind direction, is also reduced. This configuration also provides a sun shade with improved ventilation for a user because air can pass underneath the canopy. The or each region bounded by sheets and ribs forms a cell. A cell has a finite depth. Air flow through a cell may cause the cell to inflate and thus become relatively rigid. Such an arrangement is often referred to as a parafoil.

[0007] Preferably the cells are substantially closed at one end. Preferably, the parafoil is positioned in use so that the or each closed end is arranged approximately down-wind from an open end. Alternatively, one or more cells may be open at both ends, which may be suitable for high-wind situations. The cross-sectional area of the cells preferably reduces from the front (i.e. open) end towards the rear (i.e. closed) end. This provides the advantage that air pressure within the cells is increased as wind blows into the or each cell. The reduced cross-sectional area towards the rear of the cells improves stability of the canopy. Incident breeze or wind will act to inflate the or each cell increasing the strength of the canopy. However, when there is little or no wind, the frame comprising the support and arched pole holds the canopy in position.

[0008] At least one of the ribs may have an aperture formed therein. Air pressure may thus be approximately balanced between adjacent cells. This aims to provide for improved stability. Preferably, each rib has at least one aperture. Thus, air pressure between all cells may be approximately balanced, with the aim of maximising stability of the canopy, in use.

[0009] The canopy may further comprise a compartment which is perpendicular to each cell and located towards the rear end of the cells. The compartment may be common to each cell. The compartment may be in air communication with each cell. The compartment may comprise a wall separating the compartment and an adjacent cell. The wall may comprise an aperture. The wall may comprise an aperture at each cell. Thus, air pressure between the cells and the compartment may be approximately balanced, with the aim of maximising stability of the canopy, in use. The parafoil may have a smaller total area than the canopy as a whole. The canopy may further comprise a deflecting region which is arranged to direct air into the parafoil. The canopy has a rear end which is typically downwind in use and a front end which is typically upwind in use. The rear end of the canopy may be positioned at a greater height than the front end of the canopy. The stability of the sun shade is thus improved. The parafoil may therefore be inclined towards the rear of the canopy.

[0010] The sun shade will usually be positioned with the arched pole approximately perpendicular to prevailing wind, and thus the sun shade will usually in use have a front

part which is generally up-wind from a back part which is generally down-wind thereof.

[0011] At least one anchor is attached to substantially the front part of the sun shade. The sun shade may further comprise a plurality of anchors. Anchors stabilise the frame and prevent the frame from toppling.

[0012] Preferably when more than one anchor is used, they are arranged approximately equally spaced around the sun shade in respect of one another. This provides further balance and stability to the sun shade. Each anchor may comprise a fillable bag. A bag may be filled with material such as sand or a fluid such as water to increase the weight of the bag. Suitable materials might be found at or near a site where the sun shade is to be used. Thus, bags need not be heavy when not in use, with the aim of minimising the overall weight of the sun shade when not in use. In use the bags can be straight-forwardly filled to increase their weight. A filled bag may weigh at least 2.5 kilograms. A filled bag may weigh at least 5 kilograms. Alternatively, one or more anchor may comprise a peg intended to be driven into soft ground. Preferably, the arched pole and the anchors are the only parts of the sun shade which directly contact the ground. The arched pole and anchors may form a substantially polygonal base which contacts the ground and stabilises the sun shade. Thus, no central poles or other supporting means are necessary between the polygonal base formed by the arched pole and anchors. Therefore, the useable ground space under the canopy is maximised. Preferably, the canopy is slidably connected to the arched pole. This provides the advantage that the canopy can be re-positioned according to preference – for example as the sun moves across the sky over time - without the need to adjust the position of the arched pole and/or anchors.

[0013] Preferably, the frame is connected to the first sheet in more than one place. Preferably, the frame and the first sheet are sized and configured to maintain the first sheet relatively taut, in use. A taut first sheet is preferred because such an arrangement will tend to allow wind to pass across the canopy with minimal interference.

[0014] As the canopy is raised from the ground and the first sheet is relatively taut, wind may flow under and over and across the canopy with minimal net force being applied to the canopy. The frame may be connected to the canopy at more than one edge thereof. The canopy may be tightly extended or stretched over the frame. This provides the advantage that parts of the canopy do not cause drag or lift as wind blows across the sun shade. The frame may be further connected to the canopy at a relatively central portion of the canopy. The canopy is therefore held by the frame more securely.

[0015] The canopy may have a substantially polygonal shape and the frame may be connected to the canopy at a plurality of corners thereof. A taut connection between the frame and canopy may thus be achieved by connecting the canopy to the frame at

the plurality of corners of the canopy. A polygonal canopy also provides a greater number of leading edges so that the sun shade is more aerodynamic. The arched pole may be resiliently flexible. The support may be resiliently flexible. The resilient flexibility of the arched pole and/or support improves the resilience of the sun shade because the frame can flex to a degree in wind. The canopy is thus less likely to tear or break. The resilient flexibility of the arched pole also urges the canopy into a tauter configuration so that drag, lift or other disruption of air flow is minimised. Preferably the arched pole has a substantially straight inherent shape. In other words, when the arched pole is not restricted it will return to a substantially straight shape. Thus, when arched the arched pole may be naturally urged towards a straight configuration to form a taut connection between the frame and canopy. Alternatively, the arched pole may be naturally arched. For example, the arched pole may be moulded as an arch shape. The canopy preferably comprises one arched pole only. 6 The arched pole and/or the or each support may be segmented. A segmented pole or support comprises a plurality of segments having adjacent ends which are arranged to slot together. The segments may be held together by an elastic thread. A segmented element 5 takes up less space when not in use. Each segment of the arched pole or support may be no more than 0.5 meters in length. Thus, the frame can be compactly stored and carried when not in use. The sun shade may further comprise a restraining means which extends between the two regions of the arched pole, preferably near each end of the arched pole. The restraining means counters resilience of the arched pole which might otherwise cause the arched pole to straighten out in an unwanted way. This provides the sun shade with improved structural integrity. The restraining means may comprise a strap, preferably attached to the end regions of the arched pole. The strap may be adjustable in length. This may provide for an increase or decrease of the tension applied by the arched pole on the canopy and/or to adjust the height of the canopy. The restraining means may comprise two sockets for receiving the ends of the arched pole. Thus, the arched pole is held more securely in position and is more effectively adjusted through adjustment of the restraining means. The sockets may each comprise a foot having a channel for receiving the end of a pole. The support may comprise at least one spine. The support may comprise a plurality of spines. The spines improve the structural integrity of the sun shade in wind and also keep the canopy in position when there is little or no wind. The support may extend substantially from the arched pole to a front of the canopy. The spines may extend from the arched pole and may extend in substantially the same direction (i.e. substantially parallel) as one another. The support may comprise two spines arranged non-parallel, with corresponding ends thereof at different distances therebetween. In other words, the two spines may be convergent towards the front of the canopy (and divergent towards the rear) or divergent towards the front of the

canopy (and convergent towards the rear). The spines may each have a slightly curved profile formed by 7 a taut connection between the support and the canopy. The spines maintain the shape and structure of the canopy in low wind situations. The canopy may be fairly shallow in depth; in other words, the vertical displacement between edges and centre may be fairly small in comparison with its width and/or length. Thus the canopy may have a relatively flat appearance. The edges of the canopy do not in normal use extend to the ground on which the sun shade is placed. This arrangement allows wind to flow through the sun shade without imparting so much force by horizontal drag and/ or vertical lift on the canopy that might risk toppling of the sun shade

[0016] The frame and the sheet may be connected to one another by a connecting means. The connecting means may comprise one or more sleeves which are arranged to receive one or more parts of the frame. The connecting means may comprise one or more of ties, sockets, straps, clips, poppers or other the like. The connecting means may comprise a sleeve for receiving an end of a pole or spine. There may be more than one type of connecting means selected. For example there may be a sleeve to receive the arched pole and sockets to receive ends of one or more spines. Certain types of connecting means - such as ties or the like – allow a pole or spine to move along an axis of the said pole or spine while in situ. Thus the canopy may be slidably connected to the arched pole via such connecting means. This provides the advantage that the canopy can be re-positioned according to preference – for example as the sun moves across the sky over time - without the need to adjust the frame. The canopy may comprise a number of adjustable straps which extend between the canopy and the arched pole. The or each adjustable strap may be comprised of nylon. The canopy may further comprise adjustment means for adjusting the profile of the canopy. The adjustment means may comprise a loop which is arranged to receive an adjustable strap of the canopy. The profile of the canopy may therefore be changed when the adjustable strap is placed through the loop and the length of the adjustment strap is altered. The adjustment means may be configured to adjust the height of the rear end (i.e. the end which is relatively downwind in use) of the canopy. Thus, the profile of the canopy can be 8 adjusted to maximise the area of shade cast by the sun shade when, for example, the sun is substantially above and behind the sun shade, without the need to adjust the orientation of the sun shade. The canopy may comprise a polymer-based fabric such as polyester or nylon. The sun shade may comprise three anchors which are arranged to provide a substantially triangular footprint. This provides the advantage of further improving the stability of the sun shade against wind coming from several possible directions.

[0017] A first anchor may be attached to a portion of the canopy which forms a leading “front” edge; intended to be positioned approximately facing into oncoming wind.

Second and third anchors may be attached to the arched pole and may be disposed to form a substantially triangular footprint with said first anchor. The first anchor may be larger in size and weight than the second and third anchors. The anchors may be each connected to the canopy or frame by an adjustable rope. The or each adjustable rope may be a guy rope. This gives the advantage that the position of the anchors in relation to the canopy and frame may be adjusted for optimum anchoring effect. The or each adjustable rope may be comprised of nylon woven cord. The rope may have a thickness of approximately 3mm. The sun shade may further comprise a joining means between the canopy or frame and the rope of each anchor. The joining means may comprise a clip and ring mechanism.

[0018] The frame may be comprised of aluminium, plastic, fibreglass, steel or a combination thereof. The canopy may comprise a number of carry handles. The carry handles may be integral with the sheet of the canopy. The canopy may comprise a number of storage pockets for holding the belongings of a user. The canopy may comprise means for attaching items such as bags, clothing or towels to the canopy. 9 In use, the canopy is laid flat and the arched pole and support poles are attached to the canopy. The arched pole may be the only pole which is received within a sleeve of the canopy. The canopy may comprise a plurality of sockets for receiving the ends of one or more of the poles. Means, such as a finger loop, may be provided in the region of one or more of the sockets for assisting insertion of an end of a pole. The erected height of the canopy may be approximately 1 to 1.2 meters at its highest point. The length of the canopy may be approximately 1.4 meters. The width of the canopy may be approximately 1.7 meters.

[0019] The present inventive concept is also directed to a kit of parts suitable for a portable sun shade as described, comprising a pole suitable for forming an arch, a first sheet suitable for forming a canopy, at least one further sheet connected thereto, arranged substantially in parallel to the first sheet, and at least two ribs connected between the first sheet and further sheet, wherein the ribs are arranged to be substantially perpendicular to the sheets in use, further comprising a support at least one anchor and at least one fillable bag. The first sheet may have a substantially polygonal shape. The or each pole may be segmented. A segmented pole comprises a plurality of pole segments having adjacent ends which are arranged to slot together. Segments of a pole may be joined by an elastic thread. Each segment of a pole may be no more than 0.5 meters in length. The at least one bag may be arranged to carry substantially the kit. When packed, the bag carrying the kit may have a length of approximately 0.5 m. One or more of the bags may be arranged as a substantially flat disk and may comprise a rope located in a sleeve at substantially a periphery of the disk. Thus, the disk may be loaded with a material such as sand, and the rope may be pulled to close the disk and

contain the material for anchoring the sun shade. This configuration is particularly advantageous because material can be straightforwardly loaded on to the flat disk and then contained by simply pulling the rope out of the sleeve.

[0020] One or more of the bags may comprise a hood. The hood may be arranged as a bowl for filling with sand or similar, which is subsequently tipped into the bag. The kit may further comprise a restraining means. The kit may further comprise one or more connecting means. The kit may weigh approximately 1 kilogram.

# Brief Description of Drawings

[0021] Embodiments of a portable sunshade constructed according to the present invention will now be described, by way of example only, with reference to the accompanying drawings, in which:

Figure 1 shows a perspective view, from the front, right and above, of a first embodiment in a first configuration;

Figure 2 shows a front elevation;

Figure 3 shows a rear elevation;

Figure 4 shows a right elevation;

Figure 5 shows a perspective view of the first embodiment in an inclined configuration; Figure 6 shows a further front elevation;

Figure 7 shows a plan view of a packed kit for a portable sun shade;

Figure 8 shows a plan view of the canopy and frame

Figures 9 to 13 show connecting means;

Figure 14 shows an assembled sun shade;

Figure 15 shows a bag suitable to provide an anchor (20);

Figure 16 shows the bag of Figure 15 in a fully closed configuration;

Figures 17 and 18 show means for connecting the anchor (20)s to the canopy;

Figure 19 shows the canopy having two carry handles;

Figure 20 shows the slidable connection of the canopy to the arched pole;

Figure 21 shows the canopy adapted to use as a kite; and

Figure 22 shows the portable sunshade adapted for use as a wind shelter.

# Mode(s) for Carrying Out the Invention

[0022] Turning to Figure 1, a portable sun shade 10 has an arched pole 12 and a canopy 14. The canopy 14 comprises a sheet 16 and two spines 18 which act as a support. The two spines 18 together with the arched pole 12 form a frame which is connected to the sheet 16 of the canopy 14. The frame is connected to the sheet 16 at several edges and corners of the sheet so that the sheet is stretched over the arched pole 12 and by the spines 18 to provide a relatively taut connection therebetween. As shown in Figure 8, the sheet 16 has a relatively polygonal shape and the arched pole 12 and spines 18 are

attached to the sheet 16 at the corners of the sheet 16. The canopy 14 has a front end 22 and a rear end 24 which is intended to be substantially downwind of the front end 22 in use. The sun shade 10 is ideally positioned in use so that the front end 22 is facing into oncoming wind. The edges of the canopy 14 are spaced from the ground by the arched pole 12. The frame formed by the arched pole 12 and spines 18 holds the canopy in a raised position even in low wind situations. The sun shade 10 further comprises three anchors 20 (one not shown) in the form of filled bags. The bags, which are described below in greater detail with reference to Figures 15 and 16, are filled with sand or a fluid such as water. Referring to Figure 2, which shows the sun shade 10 from the front, a first anchor is attached at the front end 22 of the canopy 14 at a substantially midway point along the width of the canopy 14. Second and third anchors are attached to the arched pole 12 are located away from the canopy 14 so that the three anchors together provide a substantially triangular shaped footprint. As shown by Figures 2 and 3, the anchors are substantially equally spaced from one another. The first anchor 20, attached to the front of the canopy 14, is larger than the second and third anchors due to the greater forces it will likely need to withstand when the front end 22 of the canopy 14 is directed into wind.

[0023] Each of the anchors 20 is connected to the canopy 14 or arched pole 12 by a guy line rope 26. Each rope 26 is comprised of nylon woven cord. Joining means in the form of clips 64, which are shown in greater detail in Figures 29 and 30, are located at the end of each rope 26 and 13 attach each rope 26 to the arched pole 12 or canopy 14. The arched pole 12 and canopy 14 comprise D-rings for connecting to the clips 64. The anchors 20 and the arched pole 12 are the only parts of the sun shade 10 which are in contact with the ground and together they form a substantially polygonal base. The canopy 14 comprises a further sheet 28 which is substantially parallel to the first sheet 16. A plurality of ribs 30 extend between and are substantially perpendicular to the two sheets 16, 28. The sheets 16,28 and ribs 30 form cells 32 therebetween. Each cell is open at a front end, the front end of the cell being the end closest to the front end 22 of the canopy 14. Each cell is relatively closed at the substantially opposite, downwind rear end to slow or block the flow of air through the cell. In use, air flows into the cells and inflates the canopy 14 to stabilise the sun shade 10. The arrangement of the sheets and ribs forms a parafoil. Each of the sheets and ribs is comprised of a flexible polymer-based fabric. Figure 2 shows the parafoil in an inflated position. The cross-sectional area of each cell 32 reduces from the front end towards the rear end. Each of the ribs 30 comprises means so that air pressure may balance between adjacent cells 32. The means may comprise an aperture 102 or fabrication from an air permeable membrane or mesh. The canopy 14 further comprises a compartment (not shown) located towards the rear of the cells and which is perpendicular to the cells 32. The

compartment is also in air communication with each cell 32 to balance air pressure between the cells 32 and the compartment.

[0024] Turning to Figures 3 and 4, the rear end of the canopy 14 is positioned at a greater height than the front end of the canopy 14, and the parafoil is thus inclined towards the rear of the canopy 14. The parafoil has a smaller total area than the canopy 14 as a whole. The canopy 14 further comprises a deflecting region 34 located at the front end of the canopy 14 which is arranged to direct air into each of the cells 32. The deflecting region 34 is an extension of the first sheet 16 of the canopy 14. Thus, because the cells 32 are located above the first sheet 16, the lower height of the front end of the canopy 14 relative to the rear end assists to direct air into the cells 32. The canopy 14 is tightly stretched over the frame comprising the arched pole 12 and the spines 18 so that the canopy 14 does not cause excessive drag or lift as wind blows across the sun shade 10. As well as being connected to the frame at several edges and/or corners of the canopy 14, the canopy 14 is connected to the arched pole 12 at a relatively central portion of the canopy 14. The canopy 14 comprises a sleeve 44 at the relatively central portion for receiving the arched pole 12.

[0025] The arched pole 12 and spines 18 forming the canopy support are both resiliently flexible. In other words, the frame is flexible and returns to its original shape after buffeting by wind. The arched pole 12 is formed into an arch shape by a restraining means 36. The restraining means 36 is an adjustable strap which is connected to the arched pole 12 at substantially opposite ends of the arched pole 12. The restraining means 36 maintains a distance between the two opposing ends of the arched pole 12. When the arched pole 12 is not connected to the restraining strap 36 it assumes a substantially straight shape. In other words, the arched pole is inherently straight in nature but is sufficiently flexible to assume an arched shape when connected to the restraining strap 36. The restraining strap 36 counters the resilience of the arched pole 12. The two spines 18 extend across the arched pole between a front edge of the deflecting region 34 and corners of the first sheet 16 of the canopy 14. The two spines 18 occupy substantially the same plane as one another, but are non-parallel i.e. the corresponding ends of the spines 18 are at different distances therebetween. The spines 18 are thus convergent towards the front of the canopy 14. Referring to Figure 3, the spines 18 have a slightly curved profile.

[0026] Figure 5 shows how, the canopy 14 is slidably connected to the arched pole 12 so that the canopy 14 can be repositioned without the need to adjust the position of the arched pole or anchors. The canopy 14 is slidably connected to the arched pole 12 by a sleeve 44. The sun shade 10 further comprises adjustable straps 38 which can be adjusted in length. Each end of the arched pole 12 is connected to a foot 40. Each foot 40 comprises a socket for receiving the end of the arched pole 12. The adjustable straps

38 are connected one each to each foot 40 and a front corner of the canopy 14. Shortening the right adjustable strap 38 and correspondingly lengthening the left adjustable strap 38 urges the canopy 14 to slide around the arched pole 12 towards the corresponding right foot 40 and further from the left foot 40 as shown in figure 5. Adjustment of the straps may be by means of a buckle or cleat so that after adjustment the canopy is fixed into the new position.

[0027] Each foot 40 is fabricated of plastics and comprises a substantially domed bottom surface.

[0028] Figure 6 shows the sun shade 10 in a low wind situation, where the frame formed by the arched pole 12 and spines 18 continue to hold the canopy 14 up.

[0029] Figure 7, shows a kit of parts for the portable sun shade 10, the arched pole 12 and spines 18 are segmented, having adjacent ends which are arranged to slot together. The segmented arrangement of the arched pole 12 and spines 18 reduces the size of the kit when dismantled. The segments of the respective arched pole 12 and/or spines 18 can be tubular and threaded on to shock cord whereby they are held together.

[0030] The kit further comprises fillable bags 20 forming anchors, the adjustable restraining strap 36 and the canopy 14. The arched pole 12 and spines 18 are connected to the canopy 14 as shown in Figure 8. The arched pole 12 is connected to the canopy 14 by being received within the sleeve 44. One of the fillable bags 20 forms a carry bag for carrying the remaining parts of the kit when not in use. Turning to Figures 9 to 12, as the kit is assembled into the sun shade 10, the ends of the spines 18 are inserted into sockets 46 which are located at corners of the canopy 14 towards the rear of the canopy 14. A finger loop 54 is provided at each socket to aid insertion of a spine 18 into a corresponding socket 46.

[0031] A clip or buckle arrangement 48 is shown in Figure 13 which connects a corner of the canopy 14 to strap 38.

[0032] Figure 14 shows the assembled sun shade 10 upside down, with a top surface of the canopy 14 in contact with the ground.

[0033] Figures 15 shows a fillable bag 20 the bag is filled with a flowable material such as water or sand to form an anchor. The bag 20 may also serve as a carrier for the remainder of the kit when not in use. The bag comprises a hood 50 for loading with sand, which is subsequently poured into the bag 20. Two tabs 52 are provided to assist with loading the bag 20. A drawstring arrangement is provided to close the open end of the bag 20 before it is attached to the sun shade 10 to act as an anchor. The anchor 20 is attached to the deflecting region 34 of the canopy 14. Figure 16 shows a a bag for one of the other two anchors 20. The bag is formed from a fabric disc and a drawstring sleeved about its periphery. Once loaded with sand, the drawstring is pulled to close the bag and contain the sand. The drawstring forms the rope 26 for attaching the

anchor to the sun shade 10. Each of the anchors formed from the disc are attached to the arched pole 12 via a clip 64.

[0034] Figures 17 and 18 show clips 64 for attaching ropes 26 of the anchors 20 to the arched pole 12 or canopy 14. The clips comprise snap hooks. With reference to Figure 18, the canopy 14 comprises a number of loops 54 through which the clip and rope 26 are thread. The clip then connects to the rope to connect the anchor 20 and canopy 14. In Figure 17, the clip connects to a metal ring attaching the canopy 14 to the arched pole 12. Figure 19 shows a top surface of the canopy 14 where two carry handles 56 are located. The carry handles 56 may be utilised to hang items such as beach towels or clothes therefrom.

[0035] Figure 20 shows a pocket 66 which is located on an inner surface of the canopy 14. 17 Figures 34 to 36 show an arrangement for adjusting the profile of the canopy 14. The canopy 14 comprises a loop 58 through which the adjustable strap 38 can be threaded. The adjustable strap 38 is comprised of two parts so that a first part of the strap 38 is threaded through the loop 58 and then connected to a second part of the strap 38. The first and second parts of the strap 38 are connected by a quick snap buckle. This arrangement pulls the canopy 14 downwards to adjust the profile of the canopy 14.

[0036] Figure 21 illustrates a variant of the canopy which is modified to allow the canopy to serve as a kite, usable when the sunshade application is not required. The canopy 14 retains the features described for the sunshade above but has means to attach a shroud 68 of flexible control lines to the leading (upwind) and trailing (downwind) edge of the canopy. The means for attachment of the shroud may consist of loops of fabric 70 for attachment of clips and D-rings which are secured to the sheet 16 of the canopy 14 and capture the deflection region fabric in a rolled up state. The spines 18 are removed to facilitate rolling the deflection region. Triangular primary shroud lines 72 attach to the canopy at the leading edge by means of said fabric loops 70 and further attach downstream of the leading edge at downstream attachment point 74. Primary shroud lines 72 are attached one each to each alternate rib 30. Each primary shroud line 72 attaches a left secondary shroud line 76 and a right secondary shroud line 78. Each of the left secondary shroud lines extends to a left control line 80 to which it is connected by a shroud ring 82, similarly the right secondary shroud lines extend to a right control line 84 to which it is connected via a right shroud ring 86. Left and right trailing shroud lines 88, 90 extend from the respective left and right shroud rings 82, 86 to connect to the trailing edge of the canopy 14. Auxiliary side shroud lines 92, 94 extend from the respective left and right shroud rings to attachment points on the side trailing edges of the canopy 14. All the shroud lines are of fixed length so that when held facing into wind by the shroud rings the canopy takes up an angle of attack which will generate lift

and fly the kite. The left and right control lines 80, 84 can then be manipulated by the pilot to alter the attitude of the canopy and allow some steering of the kite.

[0037] Figure 22 shows a second variant of the sun shade 10 adapted to provide a shelter. In this variant, which may also have the features of the kit variant described above, the canopy rear end edge 24 is modified to be stiffened. Stiffening may be achieved by the provision of a passage formed by a rear sleeve 96 extending transversely through the rear edge 24. The rear sleeve is in fluidic communication with the cells.

[0038] The rear edge of the canopy is attached to the arched pole 12 by sleeving it through one or more attachment means in the form of loops or a sleeve of fabric at the rear of the canopy. The rear of the arched pole is then arched by application of the ground strap. The feet 40, by means of which the ground strap is attached, are placed in contact with the ground and anchor 20 are attached to the front edge 30 and deployed on the ground upwind so that the wind deflection region 34 supported by spines 18 is urged into contact with the ground and deflects wind into the cells inflating the canopy and the rear compartment 96. In an alternative arrangement the rear sleeve may be stiffened by a batten received into the compartment. A pair of guy lines 98 are arranged to apply tension between each end of the compartment 96 and the adjacent foot 40 to prevent the ends of the sleeve fluttering. A strap 100 extends one on each side of the canopy, from each foot 40 to the corresponding corner 102 of the front edge of the canopy.

[0039] **Reference Signs List**

[0040]

[Table 0001]

**Table 1**

| Integer | reference |
|---|---|
| 10 | portable sunshade |
| 12 | arched pole |
| 14 | canopy |
| 16 | sheet |
| 18 | spines |
| 20 | anchors |
| 22 | canopy front end |
| 24 | canopy rear end |
| 26 | rope |
| 28 | further sheet |
| 30 | rib |
| 32 | cell |
| 34 | deflecting region |
| 36 | restraining means |
| 38 | adjustable strap |
| 40 | foot |
| 42 | D-rings |
| 44 | sleeve |
| 46 | socket (for spine) |
| 54 | finger loop |
| 56 | carry handles |
| 58 | loop |
| 64 | clip |
| 66 | pocket |
| 68 | shroud |
| 70 | loops of fabric |
| 72 | primary shroud lines |
| 74 | downstream attachment points |

| | |
|---|---|
| 76 | left secondary shroud line |
| 78 | right secondary shroud line |
| 80 | left control line |
| 82 | left shroud ring |
| 84 | right control line |
| 86 | right shroud ring |
| 88 | left trailing shroud line |
| 90 | right trailing shroud line |
| 92 | left auxiliary shroud line |
| 94 | right auxiliary shroud line |
| 96 | rear compartment |
| 98 | guy line |
| 100 | strap |
| 102 | aperture |

# Claims

[Claim 0001] A portable sun shade (10) having an arched pole (12) and a canopy (14); the canopy (14) comprising a first sheet (16) and a support; the support and the arched pole (12) forming a frame which is connected to a first sheet (16) at substantially one edge of the sheet; the sun shade (10) further comprising at least one anchor (20); and at least one edge of the canopy (14) being raised from the ground on which the portable sun shade (10) is placed, canopy (14) comprising at least one further sheet (28), arranged substantially in parallel to the first sheet (16), and at least two ribs (30) connected between the first sheet (16) and further sheet (28), wherein the ribs (30) are arranged to be substantially perpendicular to the sheets in use to form a parafoil.

[Claim 0002] A portable sun shade (10) according to claim 1, wherein the parafoil comprises cells and the cells are closed at one end.

[Claim 0003] A portable sun shade (10) according to claim 1 or claim 2, wherein at least one of the ribs (30) has an aperture (102) formed therein.

[Claim 0004] A portable sun shade (10) according to any preceding claim, wherein the canopy (14) comprises a compartment (96).

[Claim 0005] A portable sun shade (10) according to any preceding claim, wherein canopy (14) comprises a deflecting region (34) which is arranged to direct air into the parafoil.

[Claim 0006] A portable sun shade (10) according to any preceding claim, comprising a plurality of anchors (20).

[Claim 0007] A portable sun shade (10) according to claim 6, wherein anchors (20) are connectable to the points around the canopy to be arrangeable approximately equally spaced around the sun shade (10) in respect of one another.

[Claim 0008] A portable sun shade (10) according to any preceding claim, wherein one or more of the anchors (20) comprises a fillable bag.

[Claim 0009] A portable sun shade (10) according to any preceding claim, wherein the canopy (14) is slidably connected to the arched pole (12).

[Claim 0010] A portable sun shade (10) according to any preceding claim, wherein the frame is connected to the first sheet (16) in more than one place.

[Claim 0011] A portable sun shade (10) according to any preceding claim, wherein the frame is connected to the canopy (14) at more than one edge thereof.

[Claim 0012] A portable sun shade (10) according to any preceding claim, wherein

the canopy (14) has a substantially polygonal shape and the frame is connected to the canopy (14) at a plurality of corners thereof

[Claim 0013] A portable sun shade (10) according to any preceding claim, wherein the arched pole (12) is resiliently flexible.

[Claim 0014] A portable sun shade (10) according to any preceding claim, wherein the canopy (14) comprises one arched pole (12) only.

[Claim 0015] A portable sun shade (10) according to any preceding claim, comprising a restraining means which extends between two regions of the arched pole (12).

[Claim 0016] A portable sun shade (10) according to any preceding claim, wherein the support comprises at least one spine (18).

[Claim 0017] A portable sun shade (10) according to any preceding claim, wherein the frame and the sheet (16) are connected to one another by a connecting means.

[Claim 0018] A portable sunshade (10) according to any one of the preceding claims having a canopy (14) with shroud attachment means, whereby a shroud can be attached to the canopy (14) and a pair of control lines attached to the shroud so that the canopy (14) can act as a kite.

[Claim 0019] A portable sunshade (10) according to any one of the preceding claims having: attachment mean whereby the rear end (24) of the canopy (14) can be attached to the arched pole (12) such that when the arched pole (12) is arched by application of the ground strap, the resulting arched structure can support the rear edge of the canopy (14) in a position elevated above the ground, attachment means to attach one or more of the ground anchors (20) to the front end (22), whereby the canopy (14) can be deployed with the front end (22) and spines (18) engaged with the ground and upwind of the elevated rear end (24) and stiffened compartment (96) whereby the portable sunshade (10) is adaptable to serve as a wind shelter.

[Claim 0020] A portable sunshade (10) according to claim 19 having a batten received into the compartment to stiffen the rear edge of the canopy (14).

[Claim 0021] A portable sunshade (10) according to claim 20 having a guy line (98) attachable in tension between a foot (40) of the arched pole (12) and an end of the compartment (96) to prevent the rear end fluttering.

[Claim 0022] A portable sunshade (10) according to claim 21 having a tension strap extending from the foot (40) of the arched pole (12) to a corner of the front edge of the canopy (14).

[Claim 0023] A kit of parts for a portable sun shade (10) according to any preceding claim comprising a pole suitable for forming an arch, a first sheet (16) suitable for forming a canopy (14), at least one further sheet (28) connected thereto, arranged substantially in parallel to the first sheet (16), and at least two ribs (30) connected between the first sheet (16) and further sheet, wherein the ribs (30) are arranged to be substantially perpendicular to the sheets in use, further comprising a support at least one anchor (20) and at least one fillable bag.

159-190023WO



[Fig. ]




Figure 1

[Fig. ]




Figure 2

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 286 of 448

[Fig. ]




Figure 3

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 287 of 448

[Fig. ]




Figure 4

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 288 of 448

[Fig. ]




Figure 5

[Fig. ]




Figure 6

Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 290 of 448

[Fig. ]




Figure 7

[Fig. ]




Figure 8

[Fig. ]




Figure 9




Figure 10




Figure 11




Figure 12

[Fig. ]




Figure 13




Figure 14




Figure 15




Figure 16

[Fig. ]




Figure 18




Figure 20




Figure 17




Figure 19

[Fig. ]




Figure 21

[Fig. ]




Figure 22

# INTERNATIONAL SEARCH REPORT

International application No
PCT/GB2019/053047

**A. CLASSIFICATION OF SUBJECT MATTER**
INV. E04H15/58 A45B23/00
ADD.

According to International Patent Classification (IPC) or to both national classification and IPC

**B. FIELDS SEARCHED**

Minimum documentation searched (classification system followed by classification symbols)
E04H A45B

Documentation searched other than minimum documentation to the extent that such documents are included in the fields searched

Electronic data base consulted during the international search (name of data base and, where practicable, search terms used)

EPO-Internal

**C. DOCUMENTS CONSIDERED TO BE RELEVANT**

| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
|---|---|---|
| A | US 2018/106064 A1 (BARNES DANE BROOKS [US] ET AL) 19 April 2018 (2018-04-19) paragraph [0004]; claim 1; figure 1 ----- | 1-22 |
| A | KR 2012 0049032 A (KANG SEOG MYEONG [KR]) 16 May 2012 (2012-05-16) claim 1; figures 1,2 ----- | 1-22 |
| A | US 2015/354244 A1 (FERNÁNDEZ GONZÁLEZ JESÚS OMAR [MX]) 10 December 2015 (2015-12-10) abstract; claim 1; figures 1a,1b ----- | 1-22 |
| Y | US 3 332 176 A (KNETZER LE ROY C) 25 July 1967 (1967-07-25) column 4, lines 55-73; figures 1,2 ----- | 23 |
| | -/-- | |

[X] Further documents are listed in the continuation of Box C.

[X] See patent family annex.

* Special categories of cited documents :

"A" document defining the general state of the art which is not considered to be of particular relevance

"E" earlier application or patent but published on or after the international filing date

"L" document which may throw doubts on priority claim(s) or which is cited to establish the publication date of another citation or other special reason (as specified)

"O" document referring to an oral disclosure, use, exhibition or other means

"P" document published prior to the international filing date but later than the priority date claimed

"T" later document published after the international filing date or priority date and not in conflict with the application but cited to understand the principle or theory underlying the invention

"X" document of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step when the document is taken alone

"Y" document of particular relevance; the claimed invention cannot be considered to involve an inventive step when the document is combined with one or more other such documents, such combination being obvious to a person skilled in the art

"&" document member of the same patent family

| Date of the actual completion of the international search | Date of mailing of the international search report |
|---|---|
| 14 January 2020 | 31/01/2020 |

| Name and mailing address of the ISA/ | Authorized officer |
|---|---|
| European Patent Office, P.B. 5818 Patentlaan 2<br>NL - 2280 HV Rijswijk<br>Tel. (+31-70) 340-2040,<br>Fax: (+31-70) 340-3016 | Rosborough, John |

# INTERNATIONAL SEARCH REPORT

International application No
PCT/GB2019/053047

C(Continuation). DOCUMENTS CONSIDERED TO BE RELEVANT

| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
|---|---|---|
| Y | GB 2 375 480 A (BAILEY JUSTIN ALEC [GB]) 20 November 2002 (2002-11-20) page 14, lines 4-15; figure 5 | 23 |

-----

# INTERNATIONAL SEARCH REPORT

Information on patent family members

International application No
PCT/GB2019/053047

| Patent document cited in search report | Publication date | Patent family member(s) | Publication date |
|---|---|---|---|
| US 2018106064 A1 | 19-04-2018 | US 2018106064 A1 | 19-04-2018 |
| | | US 2019119942 A1 | 25-04-2019 |
| KR 20120049032 A | 16-05-2012 | NONE | |
| US 2015354244 A1 | 10-12-2015 | MX 360227 B | 19-09-2018 |
| | | US 2015354244 A1 | 10-12-2015 |
| | | WO 2014112859 A1 | 24-07-2014 |
| US 3332176 A | 25-07-1967 | NONE | |
| GB 2375480 A | 20-11-2002 | NONE | |



Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 300 of 448



| | |
|---|---|
| Locarno classification | 21.04 |
| Domestic classification | |
| Design number | 132260/1 |
| Application number | 2005-00840/1 |
| Registration office code | CH |
| Application language code | de |
| Application date | 26/09/2005 |
| Registration date | 25/11/2005 |
| Publication date | 15/12/2005 |
| Design description | |
| Expiry date | 26/09/2020 |
| Effective date | 26/09/2005 |
| Design current status code | Design lapsed |
| Design current status date | |
| Comment | |

## Owner

| | |
|---|---|
| Applicant Identifier | CH700000000132260-0001-1 |
| Applicant name | Fischer Roland |
| Applicant legal entity | |
| Applicant nationality code | |
| Address | - |
| City | - |
| Postcode | - |
| Country code | CH |

| | |
|---|---|
| Applicant Identifier | CH700000000132260-0001-2 |
| Applicant name | Gyr Christophe |
| Applicant legal entity | |
| Applicant nationality code | |
| Address | - |
| City | - |
| Postcode | - |
| Country code | CH |

## Representative

| | |
|---|---|
| Representative identifier | CH700000000132260-0001-1 |
| Representative's name | Dr. A. Rosenkranz |
| Applicant legal entity | |
| Representative nationality code | |
| Address | - |
| City | - |
| Postcode | - |
| Country code | CH |

## Correspondence address

No entry for the design no

## Exhibition Priority

No entry for the design no

## Priority

No entry for the design no

## Publication

No entry for the design no

## DESIGNER

No entry for the design no

## Renewals

### Record identifier -

#### General Information

| | |
|---|---|
| Kind of record | Renewal |
| Record reference | |
| Publication date | |
| registration status | |
| Registration Status Date | |

## Recordals

#### Record identifier :

| | |
|---|---|
| Kind of record | Deletion due to non-renewal |
| Record identifier | |
| Record reference | |
| Publication date | |
| registration status | |
| Registration Status Date | |

#### Record identifier :

| | |
|---|---|
| Kind of record | Registration |
| Record identifier | |
| Record reference | |
| Publication date | |
| registration status | |
| Registration Status Date | |

## Representation (views of design)









UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| 17/471,658 | 06/21/2023 10:22:09 PM ET | S105508 1010US.C7 (0020.1 |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 1063 | FILED BY | Shari Elofson |
| PATENT CENTER # | 62313330 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 09/10/2021 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| DA / 090528 | E20236KM23187807 | Shari Elofson |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1806 | SUBMISSION OF AN INFORMATION DISCLOSURE STATEMENT | 260.00 | 1 | 260.00 |
| | | | **TOTAL AMOUNT:** | **$260.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 | of | 5 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-1,129,194 | 02-23-1915 | Hanley | |
| | 2 | US-1,571,295 | 02-02-1926 | Newman | |
| | 3 | US-2,055,044 | 09-22-1936 | Nelson | |
| | 4 | US-2,190,566 | 02-13-1940 | Julian | |
| | 5 | US-2,193,469 | 03-12-1940 | Ashton | |
| | 6 | US-2,554,688 | 05-29-1951 | Vollweiler | |
| | 7 | US-2,963,031 | 12-06-1960 | Carroll | |
| | 8 | US-3,051,185 | 08-28-1962 | Reynolds | |
| | 9 | US-3,165,110 | 01-12-1965 | Brooks | |
| | 10 | US-3,190,300 | 06-22-1965 | Wear'n | |
| | 11 | US-3,261,134 | 07-19-1966 | Crist | |
| | 12 | US-3,388,711 | 06-18-1968 | Huddle | |
| | 13 | US-3,970,096 | 07-20-1976 | Nicolai | |
| | 14 | US-4,098,281 | 07-04-1978 | Bonfilio | |
| | 15 | US-4,312,371 | 01-26-1982 | Koon | |
| | 16 | US-4,404,980 | 09-20-1983 | Wade | |
| | 17 | US-4,646,770 | 03-03-1987 | Lobato | |
| | 18 | US-4,739,784 | 04-26-1988 | Fast | |
| | 19 | US-4,750,508 | 06-14-1988 | Tatoian | |
| | 20 | US-4,829,694 | 05-16-1989 | Oasheim | |
| | 21 | US-4,915,120 | 04-10-1990 | Ziolkowski | |
| | 22 | US-4,941,422 | 07-17-1990 | Muller | |
| | 23 | US-5,046,699 | 09-10-1991 | Perreault *et al.* | |
| | 24 | US-5,215,109 | 06-01-1993 | Kent, Jr. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 21, 2023*

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 2 | of | 5 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 25 | US-5,291,640 | 03-08-1994 | Rise | |
| | 26 | US-5,358,209 | 10-25-1994 | Ward | |
| | 27 | US-5,546,971 | 08-20-1996 | Leonhardt | |
| | 28 | US-5,595,203 | 01-21-1997 | Espinosa | |
| | 29 | US-5,690,134 | 11-25-1997 | McCauley | |
| | 30 | US-5,771,912 | 06-30-1998 | Swetish | |
| | 31 | US-5,823,217 | 10-20-1998 | Rice | |
| | 32 | US-6,026,613 | 02-22-2000 | Quiring et al. | |
| | 33 | US-6,062,243 | 05-16-2000 | Touch et al. | |
| | 34 | US-6,272,695 | 08-14-2001 | Brandner | |
| | 35 | US-6,276,382 | 08-21-2001 | Bindschatel et al. | |
| | 36 | US-6,321,861 | 11-27-2001 | Leichter | |
| | 37 | US-6,402,220 | 06-11-2002 | Allen | |
| | 38 | US-6,434,891 | 08-20-2002 | Cameron | |
| | 39 | US-7,021,866 | 04-04-2006 | Keefe | |
| | 40 | US-7,191,996 | 03-20-2007 | Patsalaridis | |
| | 41 | US-7,316,239 | 01-08-2008 | Yang | |
| | 42 | US-7,654,277 | 02-02-2010 | Brewer et al. | |
| | 43 | US-7,721,361 | 05-25-2010 | Shubert | |
| | 44 | US-8,991,411 | 03-31-2015 | Neuman | |
| | 45 | US-9,103,137 | 08-11-2015 | Williams | |
| | 46 | US-9,187,924 | 11-17-2015 | Jackson *et al.* | |
| | 47 | US-9,371,641 | 06-21-2016 | Christensen *et al.* | |
| | 48 | US-9,394,719 | 07-19-2016 | Choi | |
| | 49 | US-9,394,721 | 07-19-2016 | Hotes *et al.* | |
| | 50 | US-9,435,133 | 09-06-2016 | Bourland | |
| | 51 | US-9,447,599 | 09-20-2016 | Parent | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 3 | of | 5 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

| **U. S. PATENT DOCUMENTS** | | | | | |
|---|---|---|---|---|---|
| | 52 | US-9,506,268 | 11-29-2016 | Bright *et al.* | |
| | 53 | US-9,903,134 | 02-27-2018 | Munnerlyn | |
| | 54 | US-10,066,417 | 09-04-2018 | Linyard *et al.* | |
| | 55 | US-10,190,330 | 01-29-2019 | Barnes *et al.* | |
| | 56 | US-10,252,778 | 04-09-2019 | Greer | |
| | 57 | US-10,602,817 | 03-31-2020 | Price | |
| | 58 | US-11,156,012 | 10-26-2021 | Graham | |
| | 59 | US-11,219,286 | 01-11-2022 | Cox | |
| | 60 | US-D256,829 | 09-09-1980 | Qui *et al.* | |
| | 61 | US-D263,984 | 04-20-1982 | Moss | |
| | 62 | US-D321,924 | 11-26-1991 | Bonner | |
| | 63 | US-D363,755 | 10-31-1995 | Diederich | |
| | 64 | US-D390,730 | 02-17-1998 | Gerhart *et al.* | |
| | 65 | US-D397,401 | 08-25-1998 | Diederich | |
| | 66 | US-D398,363 | 09-15-1998 | LoBue | |
| | 67 | US-D400,949 | 11-10-1998 | Gale | |
| | 68 | US-D421,532 | 03-14-2000 | Koroncai | |
| | 69 | US-D438,929 | 03-13-2001 | Middleton *et al.* | |
| | 70 | US-D544,062 | 06-05-2007 | Baker | |
| | 71 | US-D577,092 | 09-16-2008 | West | |
| | 72 | US-D593,315 | 06-02-2009 | Zemel | |
| | 73 | US-D601,653 | 10-062009 | Kirkham, Jr. | |
| | 74 | US-D624,623 | 09-28-2010 | Viglione | |
| | 75 | US-D630,834 | 01-18-2011 | Cohen | |
| | 76 | US-D638,954 | 05-31-2011 | Nichols | |
| | 77 | US-D739,555 | 09-22-2015 | McAlister | |
| | 78 | US-D741,437 | 10-20-2015 | Zimmer *et al.* | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 4 | of | 5 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

**U. S. PATENT DOCUMENTS**

| | | | | | |
|---|---|---|---|---|---|
| | 79 | US-D761,372 | 07-12-2016 | Cihal | |
| | 80 | US-D788,319 | 05-30-2017 | LeMoine *et al.* | |
| | 81 | US-D823,419 | 07-17-2018 | Ceccaldi | |
| | 82 | US-D829,839 | 10-02-2018 | Crimi | |
| | 83 | US-D843,200 | 03-19-2019 | Tjerrild | |
| | 84 | US-D859,808 | 09-17-2019 | Goldszer | |
| | 85 | US-D877,486 | 03-10-2020 | Chen | |
| | 86 | US-D928,899 | 08-24-2021 | Zhu | |
| | 87 | US-D947,975 | 04-05-2022 | Lah | |
| | 88 | US-D948,653 | 04-12-2022 | Lah | |
| | 89 | US-D960,277 | 08-09-2022 | Lah | |
| | 90 | US-2003/0066550 | 04-10-2003 | Al-Ghamdi | |
| | 91 | US-2015/0354244 | 12-10-2015 | Fernandez Gonzalez | |
| | 92 | US-2016/0017631 | 01-21-2016 | Gilmore | |
| | 93 | US-2016/0053508 | 02-25-2016 | Gutwenger *et al.* | |
| | 94 | US-2018/0245367 | 08-30-2018 | Grieshop *et al.* | |
| | 95 | US-2022/0024290 | 01-27-2022 | Howard | |
| | 96 | US-2023/0096848 | 03-30-2023 | Wang | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 97 | AU 200511300 | 09-01-2005 | Gyr | | |
| | 98 | BR 302019005581 | 12-10-2019 | Vinicius Rolim Tamassia | | |
| | 99 | CH 130505 | 05-14-2004 | Fischer | | |
| | 100 | CH 132260 | 12-15-2005 | Fischer | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 5 | of | 5 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

**FOREIGN PATENT DOCUMENTS**

| | | | | | | |
|---|---|---|---|---|---|---|
| | 101 | WO 2011/012969 A2 | 02-03-2011 | De Pasquale | | |
| | 102 | WO 2020/089599 | 05-07-2020 | Osborne | | |
| | 103 | WO 2022/174316 | 08-25-2022 | Ribeiro Lucchese Gualdi | | Machine Translation |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



FIG. 1.1

| | |
|---|---|
| Locarno classification | 21.04 |
| Domestic classification | |
| Design number | 302019005581 |
| Application number | 302019005581 |
| Registration office code | BR |
| Application language code | pt |
| Application date | 13/11/2019 |
| Registration date | 10/12/2019 |
| Publication date | |
| Design description | |
| Expiry date | 13/11/2029 |
| Effective date | |
| Design current status code | Registered and fully published |
| Design current status date | 10/12/2019 |
| Comment | |

## Owner

| | |
|---|---|
| Applicant Identifier | |
| Applicant name | VINICIUS ROLIM TAMASSIA |
| Applicant legal entity | |
| Applicant nationality code | |
| Address | - |
| City | - |
| Postcode | - |
| Country code | BR |

## Representative

| | |
|---|---|
| Representative identifier | |
| Representative's name | Interação Marcas e Patentes Ltda |
| Applicant legal entity | |
| Representative nationality code | |
| Address | - |
| City | - |
| Postcode | - |
| Country code | BR |

## Correspondence address

No entry for the design no

## Exhibition Priority

No entry for the design no

## Priority

No entry for the design no

## Publication

| Publication identifier | Publication section | Date | Page |
|---|---|---|---|
| 2553 | Concessão do Registro | 10/12/2019 | |
| 2551 | Notificação de Depósito | 26/11/2019 | |

## DESIGNER

Designer identifier

Designer Address VINICIUS ROLIM TAMASSIA

## Renewals

No entry for the design no

## Recordals

No entry for the design no

## Representation (views of design)



FIG. 1.1



# Solar tent

| | |
|---|---|
| Locarno classification | 03.03;21.04;25.03 |
| Domestic classification | 03-03;21-04;25-03 |
| Design number | 200511300 |
| Application number | 200511300 |
| Registration office code | AU |
| Application language code | en |
| Application date | 31/03/2005 |
| Registration date | 01/09/2005 |
| Publication date | |
| Design description | Newness and distinctiveness is claimed in the features of shape and/or configuration of a solar tent as illustrated in the accompanying representations. |
| Expiry date | |
| Effective date | |
| Design current status code | Design lapsed |
| Design current status date | 23/04/2015 |
| Comment | |

## Owner

| | |
|---|---|
| Applicant Identifier | |
| Applicant name | Christophe Gyr |
| Applicant legal entity | |
| Applicant nationality code | |

| | |
|---|---|
| Applicant Identifier | |
| Applicant name | Roland Fischer |
| Applicant legal entity | |
| Applicant nationality code | |

## Representative

| | |
|---|---|
| Representative identifier | |
| Representative's name | Spruson & Ferguson |
| Applicant legal entity | |
| Representative nationality code | |
| Address | - |
| City | - |
| Postcode | - |
| Country code | - |

## Correspondence address

No entry for the design no

## Exhibition Priority

No entry for the design no

## Priority

No entry for the design no

## Publication

No entry for the design no

## DESIGNER

| | |
|---|---|
| Designer identifier | |
| Designer Address | Christophe Gyr |

| | |
|---|---|
| Designer identifier | |
| Designer Address | Roland Fischer |

## Renewals

No entry for the design no

## Recordals

No entry for the design no

## Representation (views of design)















**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1063 |
| Appl. No.: | 17/471,658 | Group Art Unit: | 3636 |
| Filed: | September 10, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT CITATION UNDER 37 C.F.R. § 1.97(d)**

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature documents in accordance with 37 CFR 1.98(a)(2).

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicants in no way make any admission as to the prior art status of the listed documents, but are instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(d), after the mailing of a final Office Action. Each item of information contained in this statement was first cited in a communication from a foreign patent office in a counterpart foreign application not more than three (3) months prior to the filing of this statement.

The Commissioner is authorized to charge the $260.00 fee specified in 37 C.F.R. § 1.17(p) and any additional fee, or credit any refund, to our Deposit Account No. **09-0528**.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 21, 2023.***



# Sonnenzelt

| | |
|---|---|
| Locarno classification | 21.04 |
| Domestic classification | |
| Design number | 130505/1 |
| Application number | 2004-00119/1 |
| Registration office code | CH |
| Application language code | de |
| Application date | 10/02/2004 |
| Registration date | 22/04/2004 |
| Publication date | 14/05/2004 |
| Design description | |
| Expiry date | 10/02/2024 |
| Effective date | 10/02/2004 |
| Design current status code | Design lapsed |
| Design current status date | |
| Comment | |

## Owner

| | |
|---|---|
| Applicant Identifier | CH700000000130505-0001-1 |
| Applicant name | Fischer Roland |
| Applicant legal entity | |
| Applicant nationality code | |
| Address | - |
| City | - |
| Postcode | - |
| Country code | CH |

| | |
|---|---|
| Applicant Identifier | CH700000000130505-0001-2 |
| Applicant name | Gyr Christophe |
| Applicant legal entity | |
| Applicant nationality code | |
| Address | - |
| City | - |
| Postcode | - |
| Country code | CH |

## Representative

| | |
|---|---|
| Representative identifier | CH700000000130505-0001-1 |
| Representative's name | Dr. A. Rosenkranz |
| Applicant legal entity | |
| Representative nationality code | |
| Address | - |
| City | - |
| Postcode | - |
| Country code | CH |

## Correspondence address

No entry for the design no

## Exhibition Priority

No entry for the design no

## Priority

No entry for the design no

## Publication

No entry for the design no

## DESIGNER

No entry for the design no

## Renewals

### Record identifier -

#### General Information

| | |
|---|---|
| Kind of record | Renewal |
| Record reference | |
| Publication date | |
| registration status | |
| Registration Status Date | |

## Recordals

### Record identifier :

| | |
|---|---|
| Kind of record | Deletion due to non-renewal |
| Record identifier | |
| Record reference | |
| Publication date | |
| registration status | |
| Registration Status Date | |

### Record identifier :

Kind of record Registration
Record identifier
Record reference
Publication date
registration status
Registration Status Date

## Representation (views of design)





UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **17/471,658** | **06/21/2023 10:22:09 PM ET** | **S105508 1010US.C7 (0020.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 1063 | FILED BY | Shari Elofson |
| PATENT CENTER # | 62313330 | FILING DATE | 09/10/2021 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

**TOTAL DOCUMENTS: 9**

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| FOR-WO2011012969.PDF | 16 | Foreign Reference | 1011 KB |
| FOR-WO2020089599.PDF | 35 | Foreign Reference | 1187 KB |
| FOR-WO2022174316.PDF | 31 | Foreign Reference | 1847 KB |
| FOR-BR302019005581.PDF | 3 | Foreign Reference | 92 KB |
| FOR-CH130505.PDF | 4 | Foreign Reference | 179 KB |
| FOR-CH132260.PDF | 5 | Foreign Reference | 252 KB |
| FOR-AU200511300.PDF | 6 | Foreign Reference | 313 KB |

| | | | |
|---|---|---|---|
| S105508_1010US_C7_0020 _1_Suppl_IDS_Cover.pdf | 1 | Letter specifying the conditions for filing under 37 CFR 1.97 | 117 KB |
| S105508_1010US_C7_0020 _1_Suppl_IDS_1449.pdf | 5 | Information Disclosure Statement (IDS) Form (SB08) | 187 KB |

Warning: This is not a USPTO supplied IDS fillable form. Data in the form cannot be automatically loaded to other USPTO systems.

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| FOR-WO2011012969.PDF | 849019F4F0902E7AED2E24D6FA35BA84C14ABA4AF75D336D26A7C3A19CCF3DD258DAA86497282E13B66E376E8061697CBF4110531FC770D7EA2C231DFC08E665 |
| FOR-WO2020089599.PDF | F17BE4F56F5243EADEC841DB9F2E9EB5BEF4D481D55A2E1DF88351B89A75E69559491B22BEA040BA05A4B04C6DE91F049BE129B8953F1234FAA4D662589918B6 |
| FOR-WO2022174316.PDF | 14D561DD29F78BB2E280B8AA93BBCAAA1E5C9FAF0C6C36417406C46DC5A27094C8D5C8DCA4D249B51A9B85A0593CC8A4D6B2564F208AA401B9A888FD1EABBD1D |
| FOR-BR302019005581.PDF | 84436C8833378B5527E0FFC83D791B77740F75DCAED7144F5495A7DDA7AA1CF41EBFC5E732DD852A90D5E6342082A9A7FA61EDFF93A2F97D79D21EA0D50B86CA |
| FOR-CH130505.PDF | 7CB4751E295F9FC12D664197166B09ABF891C18BE9EBBBFAA67B9A83ED9E0E94F33BE4CAA029DD71B0786E2D27E3F6A3DB5ED0838EA58DA7AC4E719E22C513AC |
| FOR-CH132260.PDF | 624413464A23DA4B71154AA9258A7AF8B9885A621E29A8009051E65EEAA964FFB97035D21B7CF01785DF91099AD50BE0D716784CDABE0629E3D047CEAD95F3AA |
| FOR-AU200511300.PDF | 95F97046C6D37C6B75657D85155E2BB4B958B629F851FDFC00 |

| | |
|---|---|
| | BF405292D5FD6A90850FA614D898ADAF12FB410545B34460DDBC4852278695636B57A48E73773E |
| S105508_1010US_C7_0020_1_Suppl_IDS_Cover.pdf | A28DB70AA72B45D2785540A99B65FDF50BEBF2E23BBCA9513E7D870241CD81CDE05D56465CC94FD1BB6B115A578EDFD372B2835703036108EED3AB2533CB4C80 |
| S105508_1010US_C7_0020_1_Suppl_IDS_1449.pdf | 164BF39EB86EDCB2C83F6CCB358FCD2E294ABAE05809E761D0232F3521D9533F69ACA48DDAC5719AD3B039CA59323F7B5648006998A0F0357FCE4AC5D6EC4168 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# **NOTICE OF APPEAL** FROM THE EXAMINER TO THE PATENT TRIAL AND APPEAL BOARD

Docket Number (Optional): S105508 1010US.C7 (0020.1)

I hereby certify that this correspondence is being facsimile transmitted to the USPTO, transmitted via the USPTO's patent electronic filing system, or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450" [37 CFR 1.8(a)] on July 3, 2023.

Signature /Shari Elofson/

Typed or printed name Shari Elofson

| | |
|---|---|
| First Named Inventor: Dane Brooks Barnes | |
| Application Number: 17/471,658 | Filed: September 10, 2021 |
| For: SHADING SYSTEM AND METHOD OF USE | |
| Art Unit: 3636 | Examiner: Noah Chandler Hawk |

Applicant hereby **appeals** to the Patent Trial and Appeal Board from the last decision of the examiner.

The fee for this Notice of Appeal is (37 CFR 41.20(b)(1)) $ 840

☐ Applicant asserts small entity status. See 37 CFR 1.27. Therefore, the fee shown above is reduced by 60%, and the resulting fee is: $ ____

☐ Applicant certifies micro entity status. See 37 CFR 1.29. Therefore, the fee shown above is reduced by 80%, and the resulting fee is: $ ____
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

☐ A check in the amount of the fee is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☑ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment to Deposit Account No. 09-0528.

☑ Payment made via USPTO's patent electronic filing system (Patent Center or EFS-Web).

☐ A petition for an extension of time under 37 CFR 1.136(a) (PTO/AIA/22 or equivalent) is enclosed.
For extensions of time in reexamination proceedings, see 37 CFR 1.550.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the

☐ applicant

☑ attorney or agent of record
Registration number 69,344

☐ attorney or agent acting under 37 CFR 1.34
Registration number ____

Signature /Lauren F. Anderson/

Typed or printed name Lauren F. Anderson

Telephone Number (919) 755-8127

Date July 3, 2023

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

☐ * Total of ____ forms are submitted.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 12 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

**Privacy Act Statement**

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a Federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 9) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

**Additional Uses**

Additional USPTO uses of the information in this record may include disclosure to: 1) the International Bureau of the World Intellectual Property Organization, if the record is related to an international application filed under the Patent Cooperation Treaty; 2) the public i) after publication of the application pursuant to 35 U.S.C. 122(b), ii) after issuance of a patent pursuant to 35 U.S.C. 151, iii) if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections, or an issued patent, or iv) without publication of the application or patent under the specific circumstances provided for by 37 CFR 1.14(a)(1)(v)-(vii); and/or 3) the National Archives and Records Administration, for inspection of records.

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **17/471,658** | **07/03/2023 05:09:07 PM ET** | **S105508 1010US.C7 (0020.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 1063 | FILED BY | Shari Elofson |
| PATENT CENTER # | 62379968 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 09/10/2021 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| DA / 090528 | E202373H10106014 | Shari Elofson |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1401 | NOTICE OF APPEAL | 840.00 | 1 | 840.00 |
| | | | **TOTAL AMOUNT:** | **$840.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C.

371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **17/471,658** | **07/03/2023 05:09:07 PM ET** | **S105508 1010US.C7 (0020.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 1063 | FILED BY | Shari Elofson |
| PATENT CENTER # | 62379968 | FILING DATE | 09/10/2021 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

**TOTAL DOCUMENTS: 1**

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C7_0020_1_Notice_of_Appeal.pdf | 2 | Notice of Appeal Filed | 385 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C7_0020_1_Notice_of_Appeal.pdf | C93D69AF97CE423338F42B4B5438753ACD8C23754A7F8D6FDFDCA6B97ED211DBC0AFF66D72EF0E28B4DA06F3A0F8E673B91C7E1A2C7EA7465D6E69CA7B25E24B |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized

by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **17/471,658** | **09/05/2023 04:16:31 PM ET** | **S105508 1010US.C7 (0020.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 1063 | FILED BY | Shari Elofson |
| PATENT CENTER # | 62736138 | FILING DATE | 09/10/2021 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

**TOTAL DOCUMENTS: 1**

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C7_0020_1_Appeal_Brief.pdf | 20 | Appeal Brief Filed | 175 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C7_0020_1_Appeal_Brief.pdf | 74B33B09F13074E2FD6FEAAFBF08BDAE545139003E8BDBF4A9AAADE407BC4EBE78E2B317EC7575DD0FEA0D11D596BA7E720B3877A3F1983C7257D2A3D3467C26 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized

by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1063 |
| Appl. No.: | 17/471,658 | Group Art Unit: | 3636 |
| Filed: | September 10, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C7 (0020.1)
Customer No.: 26158

Mail Stop Appeal Brief-Patents
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**APPEAL BRIEF UNDER 37 CFR § 41.37**

This Appeal Brief is filed pursuant to the "Notice of Appeal From the Examiner to the Patent Trial and Appeal Board" filed July 3, 2023, which was filed in response to the Office Action dated April 5, 2023 ("the Office Action"). Any fees required under 37 C.F.R. § 1.17, are submitted herewith. In the event additional fees are required, authorization is hereby provided to charge our Deposit Account No. 09-0528 any fees due in connection with this paper.

This brief contains items under the following headings, and in the order set forth below:

I. REAL PARTY IN INTEREST

II. RELATED APPEALS AND INTERFERENCES

III. SUMMARY OF THE CLAIMED SUBJECT MATTER

IV. ARGUMENT

V. CLAIMS APPENDIX

## I. REAL PARTY IN INTEREST

The real party in interest in this appeal is Shibumi Shade, Inc., to which the above-referenced patent application is assigned.

## II. RELATED APPEALS AND INTERFERENCES

The following list contains pending cases before the Eastern District of North Carolina, Western Division, that are related to the current appeal:

Shibumi Shade, Inc. v. Beach Shade LLC, et al, C.A. No. 5:21-cv-0256-FL

- Asserted Patents:
  - U.S. Patent No. 10,190,330
  - U.S. Patent No. 10,753,117
  - U.S. Patent No. 11,111,690
  - U.S. Patent No. 11,255,103
  - U.S. Patent No. 11,299,904

Shibumi Shade, Inc. v. Beach Shade LLC, et al, C.A. No. 5:23-cv-0297-FL

- Asserted Patents:
  - U.S. Patent No. 11,634,924
  - U.S. Patent No. D989,350


Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 339 of 448

- o U.S. Patent No. D990,605

## III. SUMMARY OF THE CLAIMED SUBJECT MATTER

Independent claim 41 recites, “[a] system (see, 10, FIG. 1, paragraph [0036]) for providing shade onto a surface, the system (see, 10, FIG. 1, paragraph [0036]) comprising: a frame (see, 14, FIG. 1, paragraph [0036]) including a plurality of sections (see, 24, FIG. 2, paragraph [0041]) and at least one aligning component (see, paragraphs [0041]-[0043]) affixed to one or more of the plurality of sections (see, 24, FIG. 2, paragraph [0041]) of the frame (see, 14, FIG. 1, paragraph [0036]), the frame (see, 14, FIG. 1, paragraph [0036]) being maneuverable between a transport configuration and a supporting configuration, wherein the sections (see, 24, FIG. 2, paragraph [0041]) comprise: a first section defining a first end and an opposing second end (see, paragraphs [0041]-[0043]), the first end being embedded in the surface in the supporting configuration (see, paragraphs [0041]-[0043]), a second section defining a first end and an opposing second end (see, paragraphs [0041]-[0043]), the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section (see, paragraphs [0041]-[0043]), and one or more adjacent sections (see, 24, FIG. 2, paragraph [0041]) engaged or coupled to the at least one aligning component (see, paragraphs [0041]-[0043]), the aligning component (see, paragraphs [0041]-[0043]) being affixed between the second section (see, paragraphs [0041]-[0043]) and the one or more adjacent sections (see, 24, FIG. 2, paragraph [0041]) in both the transport configuration and the supporting configuration in an arrangement effective to maneuver the one or more adjacent sections (see, 24, FIG. 2, paragraph [0041]) between the transport configuration and the supporting configuration and to provide supporting tension to the one or more adjacent sections (see, 24,

FIG. 2, paragraph [0041]) in the supporting configuration, wherein in the supporting configuration, the one or more adjacent sections (see, 24, FIG. 2, paragraph [0041]) form a non-co-extensive angle (see, paragraph [0045]) with the second section; and a canopy (see, 12, FIG. 1, paragraph [0036]) extending between a suspension end and an opposing trailing end, the suspension end of the canopy (see, 12, FIG. 1, paragraph [0036]) being engageable with the frame (see, 14, FIG. 1, paragraph [0036]) about the one or more adjacent sections (see, 24, FIG. 2, paragraph [0041]) of the frame (see, 14, FIG. 1, paragraph [0036]), wherein the trailing end of the canopy (see, 12, FIG. 1, paragraph [0036]) is spaced apart from the portion of the frame (see, 14, FIG. 1, paragraph [0036]) in the supporting configuration such that the canopy (see, 12, FIG. 1, paragraph [0036]) is supportable by the frame (see, 14, FIG. 1, paragraph [0036]) and by wind for providing shade to the surface; wherein the suspension end of the canopy (see, 12, FIG. 1, paragraph [0036]) is spaced apart from and not in contact with the first section of the frame (see, 14, FIG. 1, paragraph [0036]).”

Independent claim 51 recites, “[a] system (see, 10, FIG. 1, paragraph [0036]) for providing shade onto a surface, the system (see, 10, FIG. 1, paragraph [0036]) comprising: a frame (see, 14, FIG. 1, paragraph [0036]) including a plurality of sections (see, 24, FIG. 2, paragraph [0041]) and at least one aligning component (see, paragraphs [0041]-[0043]) affixed to one or more of the plurality of sections (see, 24, FIG. 2, paragraph [0041]) of the frame (see, 14, FIG. 1, paragraph [0036]), the frame (see, 14, FIG. 1, paragraph [0036]) being maneuverable between a transport configuration and a supporting configuration, wherein the sections (see, 24, FIG. 2, paragraph [0041]) comprise: a first section defining a first end and an opposing second



Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 341 of 448

end (see, paragraphs [0041]-[0043]), the first end being embedded in the surface in the supporting configuration (see, paragraphs [0041]-[0043]), a second section defining a first end and an opposing second end (see, paragraphs [0041]-[0043]), the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section (see, paragraphs [0041]-[0043]), the first section and the second section being co-extensive (see, paragraph [0045]), and one or more adjacent sections (see, 24, FIG. 2, paragraph [0041]) engaged or coupled to the at least one aligning component (see, paragraphs [0041]-[0043]), the aligning component (see, paragraphs [0041]-[0043]) extending between the opposing second end of the second section and an end of the one or more adjacent sections (see, 24, FIG. 2, paragraph [0041]), the at least one aligning component (see, paragraphs [0041]-[0043]) providing support to the one or more adjacent sections (see, 24, FIG. 2, paragraph [0041]) in the supporting configuration, wherein in the supporting configuration, the one or more adjacent sections (see, 24, FIG. 2, paragraph [0041]) form a non-co-extensive angle (see, paragraph [0045]) with the second section; and a canopy (see, 12, FIG. 1, paragraph [0036]) extending between a suspension end and an opposing trailing end, the suspension end of the canopy (see, 12, FIG. 1, paragraph [0036]) being engageable with the frame (see, 14, FIG. 1, paragraph [0036]) about the one or more adjacent sections (see, 24, FIG. 2, paragraph [0041]) of the frame (see, 14, FIG. 1, paragraph [0036]), wherein the trailing end of the canopy (see, 12, FIG. 1, paragraph [0036]) is spaced apart from the portion of the frame (see, 14, FIG. 1, paragraph [0036]) in the supporting configuration such that the canopy (see, 12, FIG. 1, paragraph [0036]) is supportable by the frame (see, 14, FIG. 1, paragraph [0036]) and by wind for providing shade to the surface, wherein the suspension end of the canopy (see, 12, FIG. 1,

paragraph [0036]) is spaced apart from and not in contact with the first section of the frame (see, 14, FIG. 1, paragraph [0036])."

## IV. ARGUMENT

### A. Overview

Claims 41-59 are pending, wherein claims 1-40 are canceled. In the Office Action, claims 41-43, 47-49, 51, 52, and 56-58 stand rejected under 35 USC § 102(a)(1) as allegedly being anticipated by Beatty (US Patent 3,070,107). Claims 44 and 45 stand rejected under 35 USC § 103 as allegedly being unpatentable over Beatty in view of Sotirkys et al. (US Patent 7,789,097). Claim 46 stands rejected under 35 USC § 103 as allegedly being unpatentable over Beatty in view of Kang (KR 101315166). Claim 50 stands rejected under 35 USC § 103 as allegedly being unpatentable over Beatty in view of Furey (US Patent 4,924,893). Claims 53 and 54 stand rejected under 35 USC § 103 as allegedly being unpatentable over Beatty in view of Sotirkys. Claim 55 stands rejected under 35 USC § 103 as allegedly being unpatentable over Beatty in view of Kang. Claim 59 stands rejected under 35 USC § 103 as allegedly being unpatentable over Beatty in view of Furey.

In this regard, review of these rejections is respectfully requested. As outlined in detail below, each of the pending claims recites elements that are not anticipated nor rendered obvious by the cited references. Accordingly, Appellant respectfully submits that each of the pending claims is in condition for allowance.

### B. Legal Standards

#### *(i) Claim Construction*

Claim construction begins with the words of the claims. *Karlin Tech., Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 971 (Fed. Cir. 1999). Claim language should be interpreted as one reasonably skilled in the art would have interpreted the claim at the time of the patent application date. *Vivid Techs., Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999). Where the claim term has no specialized meaning to persons of skill in the art, the ordinary meaning of the words to those of ordinary skill in the art controls, unless the evidence indicates that the inventor used them differently. *Karlin*, 177 F.3d at 971. Such evidence includes the specification and prosecution history, both of which must be analyzed to determine if the inventor limited or redefined any of those terms. *Watts v. XL Sys., Inc.*, 232 F.3d 877, 882-84 (Fed. Cir. 2000); *Vivid Techs.*, 200 F.3d at 804. If claim language is not clear on its face, then intrinsic evidence also should be consulted to resolve the lack of clarity. *Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001). The standard for the interpretation of a claim and its terms during prosecution of an application for patent in the U.S. Patent and Trademark Office ("PTO") is that the PTO must give claim terms their "broadest reasonable interpretation consistent with the specification." *In re Suitco Surface, Inc.*, No. 2009-1418, slip. op. at 6 (Fed. Cir., April 14, 2010). The PTO may not interpret a claim term in a manner which is not consistent with the meaning of that term as used in the application's specification.

*(ii) Anticipation under 35 U.S.C. § 102*

Under 35 U.S.C. §102, a claim is not patentable if the claimed invention lacks novelty. 35 U.S.C. § 102(b); Karsten Mfg. Comp v. Cleveland Golf, 242 F.3d 1376, 1383 (Fed. Cir. 2001). Anticipation, a question of fact, focuses on a comparison of the prior art to the

subject matter of the claim at issue. Celeritas Technologies, Ltd. v. Rockwell International Corp. 150 F.3d 1354, 1361 (Fed. Cir. 1998). "[A] claim is anticipated if each and every limitation is found either expressly or inherently in a single prior art reference." Celeritas, 150 F.3d at 1361. A convenient way to consider anticipation is the "four corners" doctrine: anticipation requires that each and every limitation of the claimed invention is described either expressly or inherently within the four corners of a single prior art document. Advanced Display Systems, Inc. v. Kent State Univ., 212 F.3d 1272, 1282 (Fed. Cir. 2000).

*(iii) Obviousness under 35 U.S.C. § 103*

Under 35 U.S.C. §103, a patent may not be obtained "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). The requirement that an invention be nonobvious within the meaning of Section 103 has been addressed by the Supreme Court in *KSR Int'l Co. v. Teleflex, Inc*. 550 U.S. 398, 127 S.Ct. 1727 (2007). In *KSR* the court reaffirmed that factors set forth in *Graham v. John Deere Co.* continue to define the controlling inquiry. *Id.* at 1734. *Graham* set forth the method for determining obviousness as follows:

Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances

surrounding the origin of the subject matter sought to be patented. *Graham v. John Deere Co.*, 383 U.S. 1, 17-18, 86 S.Ct. 684 (1966).

C. The rejection of the pending claims under section 102 is in error

Claims 41-43, 47-49, 51, 52, and 56-58 stand rejected under 35 USC § 102(a)(1) as allegedly being anticipated by Beatty (US Patent 3,070,107). Appellant respectfully traverses this rejection. In this regard, independent claims 41 and 51 are pending as follows (emphasis added):

> 41. A system for providing shade onto a surface, the system comprising:
>
> a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:
>
> a first section defining a first end and an opposing second end, the first end being embedded in the surface in the supporting configuration,
>
> a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, and
>
> one or more adjacent sections engaged or coupled to the at least one aligning component, the aligning component being affixed between the second section and the one or more adjacent sections in both the transport configuration and the supporting configuration in an arrangement effective to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration and to **provide *supporting* tension** to the one or more adjacent sections in the supporting configuration,
>
> wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section; and
>
> a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for providing shade to the surface;
>
> wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

51. A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:

a first section defining a first end and an opposing second end, the first end being embedded in the surface in the supporting configuration,

a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, the first section and the second section being co-extensive, and

one or more adjacent sections engaged or coupled to the at least one aligning component, the aligning component extending between the opposing second end of the second section and an end of the one or more adjacent sections, the at least one aligning component **providing *support*** to the one or more adjacent sections in the supporting configuration,

wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section; and

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for providing shade to the surface, wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

The examiner alleges that Beatty teaches a frame including a plurality of sections (2, 3, 11, 14) and at least one aligning component (18). The examiner specifically argues that components 2/3 of Beatty correspond to the presently recited first section, that component 14 of Beatty corresponds to the presently recited second section, and that component 11 of Beatty corresponds to the presently recited one or more adjacent sections. FIGs. 1 and 3 of Beatty are reproduced below for convenience.


Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 347 of 448







Initially, Appellant notes that independent claim 41 requires that the aligning component provides **supporting tension** to the one or more adjacent sections in the supporting configuration, while independent claim 51 requires that the aligning component **provide support** to the one or more adjacent sections in the supporting configuration. Indeed, Appellant takes the position that providing **supporting** tension and provide **support** differ from simply "providing tension". "Providing supporting tension" or "providing support" in the supporting configuration are used in the claims to require that the aligning component, via tension, enables the frame to function or act in the supporting configuration, i.e., provides supporting tension.

In particular, the spring 18 in Beatty does not at all provide supporting tension (claim 41) or provide support (claim 51). Although Beatty teaches that springs 18 connect between bolts 17 in rods 14 and the pin 12 that secures adapter 11 to component 3, Beatty only teaches that such springs bias the rods inwardly of the sleeve 11, i.e., the springs 18 provide tension, but not support. Rather, Beatty clearly teaches that the springs are not needed to provide supporting tension to the rods 14 in a supporting configuration since the embodiments of FIG. 5 and FIG. 6

are taught to be equally effective in the complete absence of any springs. As such, Beatty does **not** teach that the springs 18 provide **supporting** tension to the rods 14 in a supporting configuration.

This distinction does not seem to have been appreciated by the examiner in the Response to Arguments section, where it is stated that "Beatty is deemed sufficient to teach the arrangement of sections with an aligning component recited by the applicant. If the springs (aligning components) of the Beatty device bias the second section 14 toward the adjacent component 11, they plainly **provide tension** in the supporting configuration." Emphasis added. *See, e.g.,* pages 8-9 of the Office Action. Appellant notes that the examiner does not address the actual language in claims 41 and 51 – "provide supporting tension" and "provide support" and only references "provide tension in the supporting configuration"; seemingly acknowledging that the springs 18 in Beatty do not "provide supporting tension" nor "provide support".

Thus, Appellant respectfully submits that Beatty fails to teach or suggest each and every element of independent claims 41 and 51 because Beatty does not teach an aligning component that provides supporting tension or provides support. Appellant thus respectfully requests that the rejection of the claims be withdrawn at this time.

D. The rejection of the dependent claims under section 103 is in error

As noted above, independent claims 41 and 51 are taught by Beatty. Accordingly, claims 44, 45, 46, 50, 53, 54, 55, and 59 which depend therefrom and include the elements thereof, are also not taught by Beatty.

Sotirkys, Kang, and Furey are cited as allegedly disclosing various elements of the dependent claims not taught by Beatty. However, none of Sotirkys, Kang, and Furey provides any disclosure for an aligning component that "provide(s) supporting tension" and/or "provide(s) support" within the meaning of independent claims 41 and 51. Therefore, independent claims 41 and 51, as well as the claims depending thereon, are not disclosed, suggested, nor rendered predictable by Beatty, Sotirkys, Kang, and/or Furey, either separately or in combination. Appellant thus requests withdrawal of these rejections.

## CONCLUSION

For at least the foregoing reasons, Appellant respectfully submits that the rejections of the claims in this patent application are in error, and therefore respectfully requests reversal thereof.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON SEPTEMBER 5, 2023.**

## V. CLAIMS APPENDIX

1-40. (Canceled)

41. (Previously presented) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:

a first section defining a first end and an opposing second end, the first end being embedded in the surface in the supporting configuration,

a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, and

one or more adjacent sections engaged or coupled to the at least one aligning component, the aligning component being affixed between the second section and the one or more adjacent sections in both the transport configuration and the supporting configuration in an arrangement effective to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration and to provide supporting tension to the one or more adjacent sections in the supporting configuration,

wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section; and

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for providing shade to the surface;

wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

42. (Previously presented) The system of claim 41, wherein the first section and the second section are co-extensive with one another.

43. (Previously presented) The system of claim 41, wherein the aligning component comprises a cable.

44. (Previously presented) The system of claim 41, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

45. (Previously presented) The system of claim 44, wherein the plurality of coupled sections are selectively engageable sections.

46. (Previously presented) The system of claim 41, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

47. (Previously presented) The system of claim 41, wherein the canopy defines at least one hoop configured for accepting a portion of the frame therethrough.

48. (Previously presented) The system of claim 47, wherein the portion of the frame comprises the one or more adjacent sections.

49. (Previously presented) The system of claim 41, wherein the canopy has at least one set of parallel sides.

50. (Previously presented) The system of claim 41, further comprising a container capable of housing and transporting the components of the system therein as well as acting as an anchor to retain the frame in the supporting configuration, the container capable of being coupleable to one or both of the frame and the canopy.

51. (Previously presented) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being

maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:

a first section defining a first end and an opposing second end, the first end being embedded in the surface in the supporting configuration,

a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, the first section and the second section being co-extensive, and

one or more adjacent sections engaged or coupled to the at least one aligning component, the aligning component extending between the opposing second end of the second section and an end of the one or more adjacent sections, the at least one aligning component providing support to the one or more adjacent sections in the supporting configuration,

wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section; and

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for providing shade to the surface, wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

52. (Previously presented) The system of claim 51, wherein the aligning component comprises a cable.

53. (Previously presented) The system of claim 51, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

54. (Previously presented) The system of claim 53, wherein the plurality of coupled sections are selectively engageable sections.

55. (Previously presented) The system of claim 51, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

56. (Previously presented) The system of claim 51, wherein the canopy defines at least one hoop configured for accepting a portion of the frame therethrough.

57. (Previously presented) The system of claim 51, wherein the portion of the frame comprises the one or more adjacent sections.

58. (Previously presented) The system of claim 51, wherein the canopy has at least one set of parallel sides.

59. (Previously presented) The system of claim 51, wherein the system further comprises a container capable of housing and transporting the components of the system therein as well as acting as an anchor to retain the frame in the supporting configuration, the container capable of being coupleable to one or both of the frame and the canopy.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/471,658 | 09/10/2021 | Dane Brooks Barnes | S105508 1010US.C7 (0020.1 | 1063 |

26158 7590 10/11/2023

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/11/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

## BEFORE THE PATENT TRIAL AND APPEAL BOARD

Application Number: 17/471,658
Filing Date: 10 Sep 2021
Appellant(s): Shibumi Shade, Inc.

Lauren F. Anderson
For Appellant

## EXAMINER'S ANSWER

This is in response to the appeal brief filed 9/5/2023.

**(1) Grounds of Rejection to be Reviewed on Appeal**

Every ground of rejection set forth in the Office action dated 4/5/2023 from which the appeal is taken is being maintained by the examiner except for the grounds of rejection (if any) listed under the subheading "WITHDRAWN REJECTIONS." New grounds of rejection (if any) are provided under the subheading "NEW GROUNDS OF REJECTION."

**(2) Response to Argument**

It is noted that the embodiment of the Beatty reference described by the Appellant in the arguments is not that relied upon to reject the claims. The rejections set forth in the Final Office Action dated 4/5/2023 rely on the embodiment shown in Figs. 1-3. The Appellant references Figs. 5 and 6 (see Page 11, final line) in the arguments set forth in the Appeal brief. Figs. 5 and 6 are described by Beatty as "modifications of the shelter of Fig. 1" and are irrelevant to the discussion of the rejections.

The Appellant admits that "the springs 18 provide tension" (see Page 11, 3rd line from the bottom) but then argues that Beatty does not teach an aligning component "providing supporting tension" (Claim 41) or an alignment component "providing support" (Claim 51). The Appellant mistakenly cites the embodiment of Figs. 5-6 of Beatty, in which an aligning component is not included, to show that not only does Beatty lack an aligning component providing the function of Claims 41 and 51, but that the aligning component is unnecessary.

The rejection of Claims 41 and 51 are based on the Beatty embodiment of Figs. 1-3, which teaches a frame with a first section (elements 2 and 3, which make up the upright shaft 1), a second section (element 14), and one or more aligning components

(18) as well as one or more adjacent sections (11) engaged or to coupled to the aligning component (see Figs. 2 and 3). The frame is movable between a collapsed configuration (Fig. 3) and a supporting configuration (Figs. 1-2). Beatty teaches (see Column 3, lines 2-6) that "[s]prings 18 respectively connect … to bias the rods 14 inwardly of the sleeve 11" and that "[t]he rods 14, thus assembled, will project axially from the sleeve 11 ***firmly tensioned and confined thereto***" (***emphasis*** added). Beatty, describing this embodiment, explicitly teaches that the aligning component (spring 18) provides support to the adjacent sections by ensuring that they are aligned and connected. Beatty, describing this embodiment, also explicitly teaches that the aligning component provides supporting tension: the components are "firmly tensioned."

The remainder of the Appellant's arguments relies on the alleged shortcomings of the rejection of Claims 41 and 51 addressed above and presents no further arguments advancing the patentability of the dependent claims.

For the above reasons, it is believed that the rejections should be sustained.

Respectfully submitted,

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

Conferees:

/DAVID R DUNN/
Supervisory Patent Examiner, Art Unit 3636

/HEATHER C SHACKELFORD/
Primary Examiner, OPQA

**Requirement to pay appeal forwarding fee.** In order to avoid dismissal of the instant appeal in any application or ex parte reexamination proceeding, 37 CFR 41.45 requires payment of an appeal forwarding fee within the time permitted by 37 CFR 41.45(a),

unless appellant had timely paid the fee for filing a brief required by 37 CFR 41.20(b) in effect on March 18, 2013.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/471,658 | 09/10/2021 | Dane Brooks Barnes | S105508 1010US.C7 (0020.1 | 1063 |

26158 7590 10/12/2023
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/12/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

**UNITED STATES DEPARTMENT OF COMMERCE**
**U.S. Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450

| APPLICATION NO./ CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR/ PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 17/471,658 | 09/10/2021 | Barnes et al. | S105508 1010US.C7 |

| | | EXAMINER | |
|---|---|---|---|
| **WOMBLE BOND DICKINSON (US) LLP**<br>**ATTN: IP DOCKETING P.O. Box 570489**<br>**ATLANTA, GA 30357-0037** | | NOAH C HAWK | |
| | | **ART UNIT** | **PAPER** |
| | | 3636 | 20231006a |

**DATE MAILED:** ______

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner for Patents**

Please see attached IDS forms

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

PTO-90C (Rev.04-03)

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 | of | 5 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-1,129,194 | 02-23-1915 | Hanley | |
| | 2 | US-1,571,295 | 02-02-1926 | Newman | |
| | 3 | US-2,055,044 | 09-22-1936 | Nelson | |
| | 4 | US-2,190,566 | 02-13-1940 | Julian | |
| | 5 | US-2,193,469 | 03-12-1940 | Ashton | |
| | 6 | US-2,554,688 | 05-29-1951 | Vollweiler | |
| | 7 | US-2,963,031 | 12-06-1960 | Carroll | |
| | 8 | US-3,051,185 | 08-28-1962 | Reynolds | |
| | 9 | US-3,165,110 | 01-12-1965 | Brooks | |
| | 10 | US-3,190,300 | 06-22-1965 | Wear'n | |
| | 11 | US-3,261,134 | 07-19-1966 | Crist | |
| | 12 | US-3,388,711 | 06-18-1968 | Huddle | |
| | 13 | US-3,970,096 | 07-20-1976 | Nicolai | |
| | 14 | US-4,098,281 | 07-04-1978 | Bonfilio | |
| | 15 | US-4,312,371 | 01-26-1982 | Koon | |
| | 16 | US-4,404,980 | 09-20-1983 | Wade | |
| | 17 | US-4,646,770 | 03-03-1987 | Lobato | |
| | 18 | US-4,739,784 | 04-26-1988 | Fast | |
| | 19 | US-4,750,508 | 06-14-1988 | Tatoian | |
| | 20 | US-4,829,694 | 05-16-1989 | Oasheim | |
| | 21 | US-4,915,120 | 04-10-1990 | Ziolkowski | |
| | 22 | US-4,941,422 | 07-17-1990 | Muller | |
| | 23 | US-5,046,699 | 09-10-1991 | Perreault *et al.* | |
| | 24 | US-5,215,109 | 06-01-1993 | Kent, Jr. | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/06/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 21, 2023*

WBD (US) 62480374v1



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 2 | of | 5 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 25 | US-5,291,640 | 03-08-1994 | Rise | |
| | 26 | US-5,358,209 | 10-25-1994 | Ward | |
| | 27 | US-5,546,971 | 08-20-1996 | Leonhardt | |
| | 28 | US-5,595,203 | 01-21-1997 | Espinosa | |
| | 29 | US-5,690,134 | 11-25-1997 | McCauley | |
| | 30 | US-5,771,912 | 06-30-1998 | Swetish | |
| | 31 | US-5,823,217 | 10-20-1998 | Rice | |
| | 32 | US-6,026,613 | 02-22-2000 | Quiring et al. | |
| | 33 | US-6,062,243 | 05-16-2000 | Touch et al. | |
| | 34 | US-6,272,695 | 08-14-2001 | Brandner | |
| | 35 | US-6,276,382 | 08-21-2001 | Bindschatel et al. | |
| | 36 | US-6,321,861 | 11-27-2001 | Leichter | |
| | 37 | US-6,402,220 | 06-11-2002 | Allen | |
| | 38 | US-6,434,891 | 08-20-2002 | Cameron | |
| | 39 | US-7,021,866 | 04-04-2006 | Keefe | |
| | 40 | US-7,191,996 | 03-20-2007 | Patsalaridis | |
| | 41 | US-7,316,239 | 01-08-2008 | Yang | |
| | 42 | US-7,654,277 | 02-02-2010 | Brewer et al. | |
| | 43 | US-7,721,361 | 05-25-2010 | Shubert | |
| | 44 | US-8,991,411 | 03-31-2015 | Neuman | |
| | 45 | US-9,103,137 | 08-11-2015 | Williams | |
| | 46 | US-9,187,924 | 11-17-2015 | Jackson *et al.* | |
| | 47 | US-9,371,641 | 06-21-2016 | Christensen *et al.* | |
| | 48 | US-9,394,719 | 07-19-2016 | Choi | |
| | 49 | US-9,394,721 | 07-19-2016 | Hotes *et al.* | |
| | 50 | US-9,435,133 | 09-06-2016 | Bourland | |
| | 51 | US-9,447,599 | 09-20-2016 | Parent | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/06/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 21, 2023*





ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 3 | of | 5 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 52 | US-9,506,268 | 11-29-2016 | Bright *et al.* | |
| | 53 | US-9,903,134 | 02-27-2018 | Munnerlyn | |
| | 54 | US-10,066,417 | 09-04-2018 | Linyard *et al.* | |
| | 55 | US-10,190,330 | 01-29-2019 | Barnes *et al.* | |
| | 56 | US-10,252,778 | 04-09-2019 | Greer | |
| | 57 | US-10,602,817 | 03-31-2020 | Price | |
| | 58 | US-11,156,012 | 10-26-2021 | Graham | |
| | 59 | US-11,219,286 | 01-11-2022 | Cox | |
| | 60 | US-D256,829 | 09-09-1980 | Qui *et al.* | |
| | 61 | US-D263,984 | 04-20-1982 | Moss | |
| | 62 | US-D321,924 | 11-26-1991 | Bonner | |
| | 63 | US-D363,755 | 10-31-1995 | Diederich | |
| | 64 | US-D390,730 | 02-17-1998 | Gerhart *et al.* | |
| | 65 | US-D397,401 | 08-25-1998 | Diederich | |
| | 66 | US-D398,363 | 09-15-1998 | LoBue | |
| | 67 | US-D400,949 | 11-10-1998 | Gale | |
| | 68 | US-D421,532 | 03-14-2000 | Koroncai | |
| | 69 | US-D438,929 | 03-13-2001 | Middleton *et al.* | |
| | 70 | US-D544,062 | 06-05-2007 | Baker | |
| | 71 | US-D577,092 | 09-16-2008 | West | |
| | 72 | US-D593,315 | 06-02-2009 | Zemel | |
| | 73 | US-D601,653 | 10-062009 | Kirkham, Jr. | |
| | 74 | US-D624,623 | 09-28-2010 | Viglione | |
| | 75 | US-D630,834 | 01-18-2011 | Cohen | |
| | 76 | US-D638,954 | 05-31-2011 | Nichols | |
| | 77 | US-D739,555 | 09-22-2015 | McAlister | |
| | 78 | US-D741,437 | 10-20-2015 | Zimmer *et al.* | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/06/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 21, 2023*

WBD (US) 62480374v1



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 4 | of | 5 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

**U. S. PATENT DOCUMENTS**

| | | | | | |
|---|---|---|---|---|---|
| | 79 | US-D761,372 | 07-12-2016 | Cihal | |
| | 80 | US-D788,319 | 05-30-2017 | LeMoine *et al.* | |
| | 81 | US-D823,419 | 07-17-2018 | Ceccaldi | |
| | 82 | US-D829,839 | 10-02-2018 | Crimi | |
| | 83 | US-D843,200 | 03-19-2019 | Tjerrild | |
| | 84 | US-D859,808 | 09-17-2019 | Goldszer | |
| | 85 | US-D877,486 | 03-10-2020 | Chen | |
| | 86 | US-D928,899 | 08-24-2021 | Zhu | |
| | 87 | US-D947,975 | 04-05-2022 | Lah | |
| | 88 | US-D948,653 | 04-12-2022 | Lah | |
| | 89 | US-D960,277 | 08-09-2022 | Lah | |
| | 90 | US-2003/0066550 | 04-10-2003 | Al-Ghamdi | |
| | 91 | US-2015/0354244 | 12-10-2015 | Fernandez Gonzalez | |
| | 92 | US-2016/0017631 | 01-21-2016 | Gilmore | |
| | 93 | US-2016/0053508 | 02-25-2016 | Gutwenger *et al.* | |
| | 94 | US-2018/0245367 | 08-30-2018 | Grieshop *et al.* | |
| | 95 | US-2022/0024290 | 01-27-2022 | Howard | |
| | 96 | US-2023/0096848 | 03-30-2023 | Wang | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 97 | AU 200511300 | 09-01-2005 | Gyr | | |
| | 98 | BR 302019005581 | 12-10-2019 | Vinicius Rolim Tamassia | | |
| | 99 | CH 130505 | 05-14-2004 | Fischer | | |
| | 100 | CH 132260 | 12-15-2005 | Fischer | | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/06/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 21, 2023*

WBD (US) 62480374v1



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 5 | of | 5 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

**FOREIGN PATENT DOCUMENTS**

| | | | | | | |
|---|---|---|---|---|---|---|
| | 101 | WO 2011/012969 A2 | 02-03-2011 | De Pasquale | | |
| | 102 | WO 2020/089599 | 05-07-2020 | Osborne | | |
| | 103 | WO 2022/174316 | 08-25-2022 | Ribeiro Lucchese Gualdi | | Machine Translation |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/06/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 21, 2023*

WBD (US) 62480374v1



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 17/471,658 |
| | | | | Filing Date | September 10, 2021 |
| | | | | First Named Inventor | Dane Barnes |
| | | | | Art Unit | Noah Chandler Hawk |
| | | | | Examiner Name | 3636 |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C7 (0020.1)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 45 | US-6,209,149 | 04-03-2001 | Song *et al.* | |
| | 46 | US-6,286,531 | 09-11-2001 | Joo-Tai | |
| | 47 | US-D555,748 | 11-20-2007 | Gyr *et al.* | |
| | 48 | US-2007/0295380 | 12-27-2007 | Glaeser | |
| | 49 | US-2010/0212709 | 08-26-2010 | Sotirkys *et al.* | |
| | 50 | US-2018/0106064 | 04-19-2018 | Barnes *et al.* | |
| | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 51 | AU 2020100586 | 05-28-2020 | Fraser | | |
| | 52 | WO 82/03317 | 10-14-1982 | Montgomery | | |
| | | | | | | |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/06/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON APRIL 14, 2023*

WBD (US) 61257807v1



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **17/471,658** | **12/08/2023 03:57:44 PM Z ET** | **S105508 1010US.C7 (0020.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 1063 | FILED BY | Shari Elofson |
| PATENT CENTER # | 63541325 | FILING DATE | 09/10/2021 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 2

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C7_0020_1_Reply_Brief.pdf | 5 | Reply Brief Filed | 163 KB |
| S105508_1010US_C7_0020_1_Appeal_Forwarding_Fee.pdf | 2 | Certification and Transmittal of Appeal Forwarding Fee | 213 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C7_0020_1 | 29479A3F8A70DF91771867207D67CF11CC78B1D2728C2FACE |

| | |
|---|---|
| _Reply_Brief.pdf | 3097B260061C354364976AB299894648AC2FBD8E8B400AA0B7F4CA3493C2642DF18A05D8E54E166 |
| S105508_1010US_C7_0020_1_Appeal_Forwarding_Fee.pdf | E3ED8E4ED8DAF4622B873F4F9794A74A2B72571BD4D70DE506F3F4542E216BDC67041E38BDA8945A3E494A963DDBB85A3719C1E1FD8CA3AE797677BDCFC6675B |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Doc Code: WFEE.APPEAL
Doc Description: Certification and Transmittal of Appeal Forwarding Fee

PTO/AIA/34 (11-23)

# CERTIFICATION AND TRANSMITTAL OF APPEAL FORWARDING FEE

Docket Number (Optional): S105508 1010US.C7 (0020.1)

I hereby certify that this correspondence is transmitted by the USPTO patent electronic filing system or by facsimile, or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "Commissioner for Patents, P.O. Box 1450, Alexandria, on Alexandria, VA 22313-1450" [37 CFR 1.8(a)]

on December 8, 2023.

Signature ______

Typed or printed name ______

| | |
|---|---|
| First Named Inventor<br>Dane Brooks Barnes | |
| Application Number<br>17/471,658 | Filed<br>September 10, 2021 |
| For<br>SHADING SYSTEM AND METHOD OF USE | |
| Art Unit<br>3636 | Examiner<br>Noah Chandler Hawk |

37 CFR 41.45 specifies that, in order to avoid dismissal of the appeal, appellant must pay the fee set in 37 CFR 41.20(b)(4) within two months of the later of the date of either the examiner's answer, or a decision refusing to grant a petition under 37 CFR 1.181 to designate a new ground of rejection in an examiner's answer.

The undersigned certifies that the appropriate fee accompanies this transmittal.

The fee for forwarding this appeal is (37 CFR 41.20(b)(4)) $ 2360

☐ Appellant asserts small entity status. See 37 CFR 1.27. Therefore, the fee shown above is reduced by 60%, and the resulting fee is: $ ______

☐ Appellant certifies micro entity status. See 37 CFR 1.29. Therefore, the fee shown above is reduced by 80%, and the resulting fee is: $ ______
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

☐ A check in the amount of the fee is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☒ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment to Deposit Account No. 09-0528.

☒ Payment made via USPTO patent electronic filing system.

Extensions of time under 37 CFR 1.136(a) for patent applications are not applicable to the time period set forth in this 37 CFR 41.45. See 37 CFR 1.136(b) for extensions of time to reply for patent applications and 37 CFR 1.550(c) for extensions of time to reply for *ex parte* reexamination proceedings.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the

☐ appellant

☒ attorney or agent of record
Registration number 69,344

☐ attorney or agent acting under 37 CFR 1.34
Registration number ______

Signature /Lauren F. Anderson/

Typed or printed name Lauren F. Anderson

Telephone Number (919) 755-8127

Date December 8, 2023

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

☐ * Total of ______ forms are submitted.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

**Privacy Act Statement**

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to:

1) law enforcement, in the event that the system of records indicates a violation or potential violation of law;

2) a federal, state, local, or international agency, in response to its request;

3) a contractor of the USPTO having need for the information in order to perform a contract;

4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record;

5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record;

6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations;

7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals;

8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c));

9) the Office of Personnel Management (OPM) for personnel research purposes; and

10) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1063 |
| Appl. No.: | 17/471,658 | Group Art Unit: | 3636 |
| Filed: | September 10, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C7 (0020.1)
Customer No.: 26158

Mail Stop Appeal Brief-Patents
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**REPLY BRIEF**

This Reply Brief is filed pursuant to 37 CFR 41.41, in response to the Examiner's Answer dated October 11, 2023 ("the Examiner's Answer").

Appealed claims 41-43, 47-49, 51, 52, and 56-58 stand rejected under 35 USC § 102(a)(1) as allegedly being anticipated by Beatty (US Patent 3,070,107). Claims 44 and 45 stand rejected under 35 USC § 103 as allegedly being unpatentable over Beatty in view of Sotirkys et al. (US Patent 7,789,097). Claim 46 stands rejected under 35 USC § 103 as allegedly being unpatentable over Beatty in view of Kang (KR 101315166). Claim 50 stands rejected under 35 USC § 103 as allegedly being unpatentable over Beatty in view of Furey (US Patent 4,924,893). Claims 53 and 54 stand rejected under 35 USC § 103 as allegedly being unpatentable over Beatty in view of Sotirkys. Claim 55 stands rejected under 35 USC § 103 as allegedly being unpatentable over Beatty in view of Kang. Claim 59 stands rejected under 35 USC § 103 as allegedly being unpatentable over Beatty in view of Furey. Review of these rejections is respectfully requested.

For the reasons discussed in the Appeal Brief filed on September 5, 2023 ("the Appeal Brief"), Appellant contends that the rejections are not well established and requests that the rejections be reversed. In addition, the Board is requested to also consider the following

remarks, which are submitted in response to assertions and arguments presented in the Examiner's Answer.

First, and regarding the rejection of claims 41-43, 47-49, 51, 52, and 56-58 under 35 USC § 102(a)(1) as allegedly being anticipated by Beatty (US Patent 3,070,107), Appellant reiterates that independent claim 41 requires that the aligning component provides **supporting tension** to the one or more adjacent sections *in the supporting configuration*, while independent claim 51 requires that the aligning component **provide support** to the one or more adjacent sections *in the supporting configuration*. Indeed, Appellant takes the position that providing **supporting** tension and provide **support** in the supporting configuration differ from simply "providing tension". "Providing supporting tension" or "providing support" in the supporting configuration are used in the claims to require that the aligning component, via tension, enables the frame to function or act in the supporting configuration, i.e., provides supporting tension. The examiner argues that Beatty discloses this element in at least FIGs. 1-3 of Beatty, FIGs. 1 and 3 being reproduced below for convenience. Appellant respectfully disagrees.







In particular, the examiner argues at page 4 of the Examiner's Answer that "Beatty teaches (see Column 3, lines 2-6) that "[s]prings 18 respectively connect ... to bias the rods 14 inwardly of the sleeve 11" and that "[t]he rods 14, thus assembled, will project axially from the

sleeve 11 ***firmly tensioned and confined thereto" (emphasis*** added). Beatty, describing this embodiment, explicitly teaches that the aligning component (spring 18) provides support to the adjacent sections by ensuring that they are aligned and connected. Beatty, describing this embodiment, also explicitly teaches that the aligning component provides supporting tension: the components are "firmly tensioned.""

Yet, the examiner appears to be conflating the spring 18 providing tension in Beatty with providing supporting tension (claim 41) or providing support (claim 51). Although Beatty teaches that springs 18 connect between bolts 17 in rods 14 and the pin 12 that secures adapter 11 to component 3, Beatty only teaches that such springs bias the rods inwardly of the sleeve 11, i.e., the springs 18 provide tension, but not support. In other words, Beatty clearly teaches that the springs are not needed to provide ***supporting*** tension or provide ***support*** to the rods 14 in a supporting configuration based at least on FIG. 2 of Beatty, which illustrates the supporting configuration.

FIG. 2 of Beatty, reproduced below, illustrates that the spring 18 does not "provide support to the adjacent sections by ensuring that they are aligned and connected" in the supporting configuration as the examiner argues.




Fig-2

Instead, what provides support or provides supporting tension to the sections in the supporting configuration of Beatty, and what "ensur[es] that they are aligned and connected" as clearly illustrated in FIG. 2 of Beatty are the bolts 17 in cooperation with the tubular sleeves 15

and 16. Per col. 2, lines 61-65 of Beatty, "[e]ach rod 14 has a pair of tubular sleeves 15 and 16 concentrically fixed thereabout adjacent its nesting end by a bolt 17 projected diametrically therethrough." Thus, Beatty clearly teaches that the springs are not needed to (and do not) provide supporting tension or provide support to the rods 14 in a supporting configuration since in FIG. 2, the springs 18 would not be needed to keep the rods aligned and connected in the supporting configuration – that is the purpose of the tubular sleeves 15 and 16 and the bolt 17, regardless of the spring 18.

Thus, Appellant respectfully submits that Beatty fails to teach or suggest each and every element of independent claims 41 and 51 because Beatty does not teach an aligning component that provides supporting tension or provides support in the supporting configuration. Appellant thus respectfully requests that the rejection of the claims be withdrawn at this time.

Next, regarding the obviousness rejection, as noted above, independent claims 41 and 51 are not anticipated by Beatty. Accordingly, claims 44, 45, 46, 50, 53, 54, 55, and 59 which depend therefrom and include the elements thereof, are also not anticipated by Beatty.

Sotirkys, Kang, and Furey are cited as allegedly disclosing various elements of the dependent claims not taught by Beatty. However, none of Sotirkys, Kang, and Furey provides any disclosure for an aligning component that "provide(s) supporting tension" and/or "provide(s) support" in the supporting configuration within the meaning of independent claims 41 and 51. Therefore, independent claims 41 and 51, as well as the claims depending thereon, are not disclosed, suggested, nor rendered predictable by Beatty, Sotirkys, Kang, and/or Furey, either separately or in combination. Appellant thus requests withdrawal of these rejections.

## CONCLUSION

For the reasons stated in the Appeal Brief, supplemented by the foregoing, Appellant respectfully submits that the subject matter of the appealed claims would not have been anticipated nor rendered obvious to one of ordinary skill in the art over the combination of references applied by the Examiner. It is therefore requested that the rejection of claims 41-59 be reversed.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON DECEMBER 8, 2023.**

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| 17/471,658 | 12/08/2023 03:57:44 PM Z ET | S105508 1010US.C7 (0020.1 |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 1063 | FILED BY | Shari Elofson |
| PATENT CENTER # | 63541325 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 09/10/2021 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| DA / 090528 | E2023B8F58298580 | Shari Elofson |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1413 | FORWARDING AN APPEAL IN AN APPLICATION OR EX PARTE REEXAMINATION PROCEEDING TO THE BOARD | 2360.00 | 1 | 2360.00 |
| | | | TOTAL AMOUNT: | $2,360.00 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/471,658 | 09/10/2021 | Dane Brooks Barnes | S105508 1010US.C7 (0020.1 | 1063 |

26158 7590 12/14/2023

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/14/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

*Ex parte* DANE BROOKS BARNES et al.

---

Appeal 2024-000812
Application 17/471,658
Technology Center 3600

---

# APPEAL DOCKETING NOTICE

The Patent Trial and Appeal Board received the appeal in the above-identified application from the Technology Center on December 12, 2023, and has assigned it the appeal number indicated above.

The recipient of this notice is reminded of its ongoing duty, within 20 days of any change during the proceeding, to update its mandatory notices to identify the real party-in-interest and each judicial or administrative proceeding that could affect, or be affected by, the Board proceeding. 37 C.F.R. § 41.8. For example, another docketed appeal in a related application may have the potential to affect, or be affected by, the Board proceeding.

In all future communications regarding this appeal, please include both the application number and the appeal number. Telephone inquiries can be made by calling 571-272-9797 and referencing the appeal number listed above. The mailing address for the Board is:

PATENT TRIAL and APPEAL BOARD
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VIRGINIA 22313-1450

If you are interested in seeking expedited treatment for this appeal via the Board's Fast-Track Appeals Pilot Program, please consult our website at https://www.uspto.gov/patents/ptab/fast-track-appeals-pilot-program or the Federal Register Notice at https://www.federalregister.gov/documents/2020/07/02/2020-14244/fast-track-appeals-pilot-program for more information on how to participate and which appeals qualify.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/471,658 | 09/10/2021 | Dane Brooks Barnes | S105508 1010US.C7 (0020.1 | 1063 |

26158 7590 06/06/2025
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |
| ART UNIT | PAPER NUMBER |
| 3636 | |
| NOTIFICATION DATE | DELIVERY MODE |
| 06/06/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

————————

*Ex parte* DANE BROOKS BARNES,
ALEXANDER GRIFFITH SLATER, and
SCOTT CHRISTIAN BARNES

————————

Appeal 2024-000812
Application 17/471,658
Technology Center 3600

————————

Before LINDA E. HORNER, BRETT C. MARTIN, and
BRANDON J. WARNER, *Administrative Patent Judges.*

MARTIN, *Administrative Patent Judge.*

DECISION ON APPEAL

STATEMENT OF THE CASE

Pursuant to 35 U.S.C. § 134(a), Appellant[1] appeals from the Examiner's decision to reject claims 41–59. *See* Final Act. 1. We have jurisdiction under 35 U.S.C. § 6(b).

We AFFIRM.

[1] "Appellant" refers to "applicant" as defined in 37 C.F.R. § 1.42. Appellant identifies the real party in interest as Shibumi Shade, Inc. Appeal Br. 2.

CLAIMED SUBJECT MATTER

The claims are directed to a shading system. Claim 41, reproduced below, illustrates the claimed subject matter:

> 41. A system for providing shade onto a surface, the system comprising:
>
> a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:
>
> a first section defining a first end and an opposing second end, the first end being embedded in the surface in the supporting configuration,
>
> a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, and
>
> one or more adjacent sections engaged or coupled to the at least one aligning component, the aligning component being affixed between the second section and the one or more adjacent sections in both the transport configuration and the supporting configuration in an arrangement effective to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration and to provide supporting tension to the one or more adjacent sections in the supporting configuration,
>
> wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section; and
>
> a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for providing shade to the surface;

wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

REFERENCES

The Examiner relies on the following references to reject the claims:

| Name | Reference | Date |
|---|---|---|
| Beatty | US 3,070,107 | Dec. 25, 1962 |
| Furey | US 4,924,893 | May 15, 1990 |
| Sotirkys | US 7,789,097 B1 | Sept. 7, 2010 |
| Kang | KR 101315166 B1 (as translated) | Oct. 7, 2013 |

REJECTIONS

The Examiner maintains the following rejections:

| Claim(s) Rejected | 35 U.S.C. § | Reference(s)/Basis |
|---|---|---|
| 41–43, 47–49, 51, 52, 56–58 | 102(a)(1) | Beatty |
| 44, 45 | 103 | Beatty, Sotirkys |
| 46 | 103 | Beatty, Kang |
| 50 | 103 | Beatty, Furey |
| 53, 54 | 103 | Beatty, Sotirkys |
| 55 | 103 | Beatty, Kang |
| 59 | 103 | Beatty, Furey |

OPINION

Appellant argues that the Examiner erred in interpreting Beatty as disclosing either the "supporting tension" of claim 41 or the "providing support" element of claim 51. *See* Appeal Br. 11–12; Reply Br. 2–4.[2] Appellant asserts that "what provides support or provides supporting tension to the section in the supporting configuration of Beatty . . . are the bolts 17 in

[2] Appellant relies on the same arguments to contest both the anticipation and obviousness rejections. Appeal Br. 12–13.

cooperation with the tubular sleeves 15 and 16." Reply Br. 3–4. Appellant, here, mischaracterizes what is taught in Beatty.

Bolt 17 in Beatty affixes sleeve 15 (or 16) to rod 14 and also holds one end of the spring in place. *See* Beatty col. 2, ll. 62–65, col. 3, ll. 2–4. Additionally, as noted by the Examiner, "Beatty teaches (see Column 3, lines 2–6) that '[s]prings 18 respectively connect . . . to bias rods 14 inwardly of the sleeve 11' and that '[t]he rods 14, thus assembled will project axially from the sleeve 11 ***firmly tensioned and confined thereto.***'" Ans. 4. Bolt 17, however, does not play a role in holding projection 13 (of central adapter sleeve 11) in place between rod 14 and sleeve 15 (or 16), which is biased in such position by spring 18, and which is the structure that provides support to the rod in the assembled configuration. *See* Beatty col. 2, l. 60 – col. 3, l. 6, Figs. 1–3; *see also* Beatty col. 3, ll. 41–45 (discussing removal of rods 14 from sleeve 11 by pulling outwardly on rods 14 to overcome resiliency of cloth 19 and bias of springs 18).

In a nearly identical fashion to Appellant's elastic cord, Beatty's spring 18 serves to apply tension such that rod 14 is held "firmly" in place. Sleeve 15 (or 16) in combination with projection 13 and rod 14 provides a similar male/female connection as Appellant's rod ends in that projection 13 fits between sleeve 15 (or 16) and rod 14, and the tension of spring 18 holds the rod in place. Although bolt 17 is not depicted in Figure 3 of Beatty, it is clear in Figure 2 that the end of projection 13 stops short of bolt 17 and thus plays no role in holding rod 14 in place with respect to projection 13. Again, the combination of the sleeve, rod, projection, and spring is what holds the rod in place, with spring 18 providing both support and supporting tension

as claimed. Accordingly, the Examiner's findings from Beatty are supported by the evidence and we sustain the Examiner's rejections based thereon.

## CONCLUSION

The Examiner's rejections are AFFIRMED.

## DECISION SUMMARY

The following table summarizes our decision:

| Claim(s) Rejected | 35 U.S.C. § | Reference(s)/ Basis | Affirmed | Reversed |
|---|---|---|---|---|
| 41–43, 47–49, 51, 52, 56–58 | 102(a)(1) | Beatty | 41–43, 47–49, 51, 52, 56–58 | |
| 44, 45 | 103 | Beatty, Sotirkys | 44, 45 | |
| 46 | 103 | Beatty, Kang | 46 | |
| 50 | 103 | Beatty, Furey | 50 | |
| 53, 54 | 103 | Beatty, Sotirkys | 53, 54 | |
| 55 | 103 | Beatty, Kang | 55 | |
| 59 | 103 | Beatty, Furey | 59 | |
| **Overall Outcome** | | | 41–59 | |

## TIME PERIOD FOR RESPONSE

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a). *See* 37 C.F.R. § 1.136(a)(1)(iv).

<u>AFFIRMED</u>



Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 389 of 448

PTO/SB/08 (01-25)
Approved for use through 11/30/2027. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | |
|---|---|---|
| | Application Number | 17471658 |
| | Filing Date | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C7 (0020.1 |

**U.S. PATENTS** Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Inventor of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 4612948 | | 1986-09-23 | Simpson | |
| | 2 | 4832304 | | 1989-05-23 | Morgulis | |
| | 3 | 10174507 | | 2019-01-08 | Henbid et al. | |
| | 4 | 11634924 | | 2023-04-25 | Barnes et al. | |
| | 5 | 11686120 | | 2023-06-27 | Yates | |
| | 6 | D287041 | | 1986-12-02 | Gitchel et al. | |
| | 7 | D420751 | | 2000-02-15 | Powell et al. | |
| | 8 | D438589 | | 2001-03-06 | Brown | |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 17471658 |
| | Filing Date | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C7 (0020.1 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 9 | D605308 | | 2009-12-01 | Combs | |
| | 10 | D670003 | | 2012-10-30 | Lovely, II | |
| | 11 | D681762 | | 2013-05-07 | Kayser | |
| | 12 | D681765 | | 2013-05-07 | Kayser | |
| | 13 | D844824 | | 2019-04-02 | LeMoine et al. | |
| | 14 | D884816 | | 2020-05-19 | Goldberg | |
| | 15 | D914827 | | 2021-03-30 | Koehler | |
| | 16 | D920461 | | 2021-05-25 | Yang | |
| | 17 | D947411 | | 2022-03-29 | Climent Bonet et al. | |
| | 18 | D973572 | | 2022-12-27 | Min | |
| | 19 | D973824 | | 2022-12-27 | Wu | |

| | | | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Application Number | | 17471658 |
| | Filing Date | | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes | |
| | Art Unit | | 3636 |
| | Examiner Name | Noah Chandler Hawk | |
| | Attorney Docket Number | | S105508 1010US.C7 (0020.1 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 20 | D985801 | | 2023-05-09 | Collins | |
| | 21 | D989350 | | 2023-06-13 | Barnes et al. | |
| | 22 | D990605 | | 2023-06-27 | Barnes et al. | |
| | 23 | D993454 | | 2023-07-25 | McKenna et al. | |
| | 24 | D993455 | | 2023-07-25 | McKenna et al. | |

If you wish to add additional U.S. Patent citation information, please click the Add button. Add

**U.S. PATENT APPLICATION PUBLICATIONS** Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code1 | Publication Date | Name of Inventor or Applicant of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 20070221261 | A1 | 2007-09-27 | Bean | |
| | 2 | 20140020727 | A1 | 2014-01-23 | Kayser | |
| | 3 | 20150108295 | A1 | 2015-04-23 | Brooks | |
| | 4 | 20170362849 | A1 | 2017-12-21 | Munnerlyn | |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 17471658 |
| | Filing Date | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C7 (0020.1 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 5 | 20210293046 | A1 | 2021-09-23 | Barnes et al. | |
| | 6 | 20230126867 | A1 | 2023-04-27 | Barnes et al. | |
| | 7 | 20230151636 | A1 | 2023-05-18 | Li et al. | |

If you wish to add additional U.S. Published Application citation information, please click the Add button Add

**FOREIGN PATENT DOCUMENTS** Remove

| Examiner Initial* | Cite No | Foreign Document Number3 | Country Code2 i | Kind Code4 | Publication Date | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear | T5 |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information, please click the Add button Add

**NON-PATENT LITERATURE DOCUMENTS** Remove

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T5 |
|---|---|---|---|
| | 1 | "How to Reinforce a Hole in Sunbrella (Registered), webpage <https://www.sailrite.com/How-to-Reinforce-a-Hole-in-Sunbrella>, 1 page, October 16/2023 (Year: 2023) | ☐ |
| | 2 | Solbello Shade Training Video, YouTube, April 20, 2023, https://www.youtube.com/watch?v=wd3XV9hADZc | ☐ |
| | 3 | "No Wind Kit for Beach Shades," Upgrade Your Shade, https://www.upgradeyourshade.com/product/upgrade-your-shade-kit Retrieved 2023 | ☐ |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 17471658 |
| | Filing Date | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C7 (0020.1 |

| | | | |
|---|---|---|---|
| | 4 | Shibumi Shade, posted 10/12/2018 [online], [retrieved 01/19/2023], Retrieved from internet, https://www.facebook.com/shibumishade/ (Year: 2018) | ☐ |

If you wish to add additional non-patent literature document citation information, please click the Add button Add

**EXAMINER SIGNATURE**

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered and whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Application Number | 17471658 |
|---|---|---|
| | Filing Date | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C7 (0020.1 |

**TIMING STATEMENT**

Please see 37 CFR 1.97(e) to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached timing statement under 37 CFR 1.97(e).

☒ A timing statement under 37 CFR 1.97(e) is not submitted herewith.

**TIMING FEE**

☐ The fee set forth in 37 CFR 1.17(p) has been submitted herewith.

**COPIES**

☐ An identification of an earlier application pursuant to 37 CFR 1.98(d)(1) is attached.

**SIZE FEE ASSERTION**

Please see 37 CFR 1.17(v) and the IDS Auto-Load Instructions for completing this form to make the appropriate selection of an assertion under 37 CFR 1.98. For the information disclosure statement (IDS) submitted herewith, the applicant or patent owner certifies the following with respect to the cumulative number of applicant-provided or patent-owner provided items of information submitted to date including those in the accompanying IDS (select only one):

☒ No IDS size fee is required under 37 CFR 1.17(v) at this time.

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(1).

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(2).

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(3).

**SIGNATURE**

A signature of the applicant or representative is required in accordance with 37 CFR 1.33 and 11.18. Please see 37 CFR 1.4(d) for the form of the signature.

| Signature | /Lauren F. Anderson/ | Date (YYYY-MM-DD) | 2025-08-04 |
|---|---|---|---|
| Name/Print | Lauren F. Anderson | Registration Number | 69344 |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 17471658 |
| | Filing Date | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C7 (0020.1 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **17/471,658** | **08/04/2025 05:21:43 PM Z ET** | **S105508 1010US.C7 (0020.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 1063 | FILED BY | Shari Elofson |
| PATENT CENTER # | 71684094 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 09/10/2021 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E202584H22108705** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1801 | REQUEST FOR CONTINUED EXAMINATION (RCE) - 1ST REQUEST (SEE 37 CFR 1.114) | 1500.00 | 1 | 1500.00 |
| 1202 | EACH CLAIM IN EXCESS OF 20 | 200.00 | 3 | 600.00 |
| | | | **TOTAL AMOUNT:** | **$2,100.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **17/471,658** | **08/04/2025 05:21:43 PM Z ET** | **S105508 1010US.C7 (0020.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 1063 | FILED BY | Shari Elofson |
| PATENT CENTER # | 71684094 | FILING DATE | 09/10/2021 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 9

| DOCUMENT | | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|---|
| S105508_1010US_C7_0020_1_Amendment after Decision on Appeal.pdf | | 11 | - | 163 KB |
| S105508_1010US_C7_0020_1_Amendment after Decision on Appeal-AMSB.pdf | (1-1) | 1 | Amendment Submitted/Entered with Filing of Continued Prosecution Application (CPA)/Request for Continued Examination(RCE) | 117 KB |
| S105508_1010US_C7_0020_1_Amendment after Decision on Appeal-CLM.pdf | (2-6) | 5 | Claims | 87 KB |
| S105508_1010US_C7_0020_1_Amendment after | (7-11) | 5 | Applicant Arguments/Remarks Made in an Amendment | 130 KB |

| | | | |
|---|---|---|---|
| Decision on Appeal-REM.pdf | | | |
| S105508_1010US_C7_0020_1_Supplemental IDS SB08.pdf | 8 | Information Disclosure Statement (IDS) Form (SB08) | 1316 KB |
| S105508_1010US_C7_0020_1_RCE.pdf | 3 | Request for Continued Examination (RCE) | 1628 KB |
| NPL-Shibumi_Shade_Facebook.pdf | 5 | Non Patent Literature | 259 KB |
| NPL-Upgrade_Your_Shade.pdf | 4 | Non Patent Literature | 629 KB |
| NPL-How_to_Reinforce.pdf | 6 | Non Patent Literature | 1053 KB |
| NPL-Solbello_Shade_Training_Video.pdf | 3 | Non Patent Literature | 2529 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C7_0020_1_Amendment after Decision on Appeal.pdf | 6138B73AFA2285E83ACCB04222CC3C4E1CC42D46F12C35BBEF72901AA7DD7D8B73C55DCA2EA6E8D26F51F17B03E5E3AFE112F8AB3DF64C5F56A158AB5B5FB168 |
| S105508_1010US_C7_0020_1_Amendment after Decision on Appeal-AMSB.pdf | 8C6A392D557A1E1F3DE2FECAE597AA6BF6CDFC0FC1651CF7FDAE6E4E311390287ED9444F44F5B38F45BE87CF39B268ACC5A4ACC61A46E59A23ED0DD615ADAB17 |
| S105508_1010US_C7_0020_1_Amendment after Decision on Appeal-CLM.pdf | 094515F0DC04F4E3DD4840D3DFEFF680510D603B9E2B5082000064C5CF1DCE00D751A5599ED08E45FA9011DB81CE2BF0AAC105B86789F8AA907E936A3B1E8777 |
| S105508_1010US_C7_0020_1_Amendment after Decision on Appeal-REM.pdf | 0376695FE204E4E444DDE9417B697042952B80A89EAE0CD961056AA7981B1E547EACE2B41165BCC393A1A1EE7C08193DF50D57FA0A64FC948855EAE6229B9521 |
| S105508_1010US_C7_0020_1_Supplemental IDS SB08.pdf | 22A70D19325BE2416E037ED1135F90B432586AAE7D1C3C89E6821D9A03FE72E9D295E06457B1C65F50783AFA38B097304B75D4D48DA6DEA6CD077CC6488A2EAF |
| S105508_1010US_C7_0020_1_RCE.pdf | A5DF4F91F3875691EE4F9B7E256F34D5903E9E4CFD5034C02C810585CC4F95B0A580B47326E30D1033A01B121C0F80CBB5BBD733C1AF0F4DE3EA69C4F090E060 |
| NPL- | 794801AB778703C5722D570228554106F9A387FD38304CB61F |

| | |
|---|---|
| Shibumi_Shade_Facebook.pdf | 9F5B917D51EE6ED7AE91A55CF8F1C9A056BD3081F432E68B DD38677E9D958C00E3A298D976BEBD |
| NPL-Upgrade_Your_Shade.pdf | 99A4F3214A1F512E6532B591D5E170224393D466BC9F7E5EF6 9E6FA192B18ECABD0DC27C0CF101EE13B69B173EB4895C78 06B68FBAB7756349DA2E069B851520 |
| NPL-How_to_Reinforce.pdf | 080477D721E5587AB358EDBDEBD22DC417D30A07BA203F5C 16AF89C17C100FF76E687AB08456CDA1B263D0A3C62B37C7 B29EE3C6E5A1DC28B73EC6F9617E7C91 |
| NPL-Solbello_Shade_Training_Video.pdf | B5D56AA481B3E77EBE12BCC6F764373D082FD5D39793DD3C 780080249BD25782CFC2F7B3CB5C0653BBD55137F8A95B853 4ED8DD1F1A3C79C31AD44E82A5928D7 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# REQUEST FOR CONTINUED EXAMINATION(RCE)TRANSMITTAL
## (Submitted Only via EFS-Web)

| Application Number | 17/471,658 | Filing Date | 2021-09-10 | Docket Number (if applicable) | S105508 1010US.C7 (0020.1 | Art Unit | 3636 |
|---|---|---|---|---|---|---|---|
| First Named Inventor | Dane Brooks Barnes | | | Examiner Name | Noah Chandler Hawk | | |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. The Instruction Sheet for this form is located at WWW.USPTO.GOV

SUBMISSION REQUIRED UNDER 37 CFR 1.114

Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

☐ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

- ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on ____________
- ☐ Other ____________

☒ Enclosed

- ☒ Amendment/Reply
- ☒ Information Disclosure Statement (IDS)
- ☐ Affidavit(s)/ Declaration(s)
- ☐ Other ____________

MISCELLANEOUS

☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of months ____________
(Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

☐ Other ____________

FEES

☒ **The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.**
The Director is hereby authorized to charge any underpayment of fees, or credit any overpayments, to Deposit Account No 090528

SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

☒ Patent Practitioner Signature
☐ Applicant Signature

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Signature of Registered U.S. Patent Practitioner | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Date (YYYY-MM-DD) | 2025-08-04 |
| Name | Lauren F. Anderson | Registration Number | 69344 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 1063 |
| Appl. No.: | 17/471,658 | Group Art Unit: | 3636 |
| Filed: | September 10, 2021 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C7 (0020.1)
Customer No.: 26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**AMENDMENT UNDER 37 C.F.R. § 1.114**

Sir:

In response to the final Office Action dated April 5, 2023, and the Decision on Appeal dated June 6, 2025, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks/Arguments** begin on page 7 of this paper.

Amendments to the Claims

1-40. (Canceled)

41. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:

a first section defining a first end and an opposing second end, the first end being embedded in the surface in the supporting configuration,

a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, and

one or more adjacent sections engaged or coupled to the at least one aligning component, the aligning component being affixed between the second section and the one or more adjacent sections in both the transport configuration and the supporting configuration in an arrangement effective to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration and to provide supporting tension to the one or more adjacent sections in the supporting configuration,

wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section; [[and]]

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for providing shade to the surface;

wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame; and

a wind-responsive element moveable in response to blowing of the wind to indicate wind direction.

42. (Previously presented) The system of claim 41, wherein the first section and the second section are co-extensive with one another.

43. (Previously presented) The system of claim 41, wherein the aligning component comprises a cable.

44. (Previously presented) The system of claim 41, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

45. (Previously presented) The system of claim 44, wherein the plurality of coupled sections are selectively engageable sections.

46. (Currently Amended) The system of claim 41, wherein the ~~canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more~~ the wind-responsive element is a wind sock defined in relation to the canopy, such that movement of the wind sock results in movement of the canopy in the wind direction~~s, or a combination thereof~~.

47. (Currently Amended) The system of claim 41, wherein the canopy defines at least one [[hoop]]loop extending along a length of the suspension end and configured for accepting a portion of the frame therethrough.

48. (Previously presented) The system of claim 47, wherein the portion of the frame comprises the one or more adjacent sections.

49. (Previously presented) The system of claim 41, wherein the canopy has at least one set of parallel sides.

50. (Previously presented) The system of claim 41, further comprising a container capable of housing and transporting the components of the system therein as well as acting as an anchor to retain the frame in the supporting configuration, the container capable of being coupleable to one or both of the frame and the canopy.

51. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration and a supporting configuration, wherein the sections comprise:

a first section defining a first end and an opposing second end, the first end being embedded in the surface in the supporting configuration,

a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, the first section and the second section being co-extensive, and the aligning component extending between the first section and the second section from the first end of the first section to the second end of the second section;

a fastener arranged at the opposing second end of the second section, and

one or more adjacent sections engaged or coupled to one another in an end-to-end alignment, the ~~at least one aligning component, the aligning component extending between the opposing second end of the second section and an end of the one or more adjacent sections, the at least one aligning component providing support to the one or more adjacent sections in the supporting configuration~~, wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the first and second sections; and


Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 409 of 448

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for providing shade to the surface, wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

52. (Previously presented) The system of claim 51, wherein the aligning component comprises a cable.

53. (Previously presented) The system of claim 51, wherein the canopy is unitarily constructed or comprises a plurality of coupled sections.

54. (Previously presented) The system of claim 53, wherein the plurality of coupled sections are selectively engageable sections.

55. (Previously presented) The system of claim 51, wherein the canopy defines one or more vent holes, one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

56. (Currently Amended) The system of claim 51, wherein the canopy defines at least one [[hoop]]<u>loop</u> configured for accepting a portion of the frame therethrough.

57. (Previously presented) The system of claim 51, wherein the portion of the frame comprises the one or more adjacent sections.

58. (Previously presented) The system of claim 51, wherein the canopy has at least one set of parallel sides.

59. (Previously presented) The system of claim 51, wherein the system further comprises a container capable of housing and transporting the components of the system therein as well as acting as an anchor to retain the frame in the supporting configuration, the container capable of being coupleable to one or both of the frame and the canopy.

60. (New) The system of claim 41, wherein the trailing end of the canopy defines one or more slits, each of the one or more slits being arranged, in the supporting configuration, to receive a cord coupled to or engageable with an anchor.

61. (New) The system of claim 48, wherein the loop defines more than two slits each arranged to receive a securing mechanism to secure the canopy into position relative to the one or more adjacent sections of the frame.

62. (New) The system of claim 51, further comprising an intermediate section arranged between the first section and the second section, such that the intermediate section is co-extensive with the first and second sections.

63. (New) The system of claim 51, wherein the fastener comprises a cap.

## REMARKS/ARGUMENTS

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow.

### Status of the Claims

The claims are hereby amended in response to the final Office Action dated April 5, 2023 and the Decision on Appeal dated June 6, 2025.

Independent claim 41 is amended to recite a wind-responsive element moveable in response to blowing of the wind to indicate wind direction. Support for this amendment is found in at least, for example, paragraph [0038] of the published application. Claim 46 is amended to further clarify that the wind-responsive element is a wind sock defined in relation to the canopy, such that movement of the wind sock results in movement of the canopy in the wind directions. Support for this amendment is found in at least, for example, paragraph [0038] of the published application. Claim 47 is amended to mirror the claim language from the specification and further clarifies that the canopy defines at least one loop extending along a length of the suspension end. Support for this amendment is found in at least, for example, paragraph [0037] of the published application.

Independent claim 51 is amended to recite that the aligning component extend[s] between the first section and the second section from the first end of the first section to the second end of the second section and a fastener arranged at the opposing second end of the second section. Support for this amendment is found in at least, for example, paragraphs [0042-0043] of the published application. Claim 56 is amended similarly to claim 47.

New claims 60-63 are now added. These claims depend on claim 41 or 51 and find support in at least, for example, paragraphs [0037], [0039], [0042], [0045], and [0051] of the published application.

Applicant respectfully submits that no new matter is added by way of these amendments and new claims. Claims 1-40 were previously canceled. As such, claims 41-63 are now pending. For at least their dependency on their respective independent claims, Applicant respectfully submits that claims 41-63 are novel and non-obvious in view of the cited art.


Case 5:24-cv-00588-FL Document 28-10 Filed 03/23/26 Page 412 of 448

Claim Rejections – 35 U.S.C. §102

Claims 41-43, 47-49, 51, 52, and 56-58 are rejected under 35 U.S.C. § 102(a)(1) as allegedly being anticipated by Beatty (US 3,070,107).

Claim 41 is the independent claim from which claims 42, 43 and 47-49 depend. Claim 41 is currently amended as noted hereinabove to recite a wind-responsive element moveable in response to blowing of the wind to indicate wind direction.

Applicant respectfully submits that Beatty fails to teach or suggest each and every element of independent claim 41 as amended, including at least, for example, a wind-responsive element moveable in response to blowing of the wind to indicate wind direction. The cloth 19 in Beatty is indicated as billowing to accommodate prevailing winds, but the cloth 19 billowing does not indicate wind direction and there is no element in Beatty that is moveable in response to blowing of the wind *to indicate wind direction* as required by the claim.

Accordingly, and for at least this reason, Applicant respectfully submits that Beatty fails to teach or suggest each and every element of amended claim 41, such that Beatty does not anticipate claim 41, or claims 42, 43, and 47-49 depending therefrom. Applicant respectfully requests that this rejection be withdrawn at this time.

Claim 51 is the independent claim from which claims 52 and 56-58 depend. Claim 51 is currently amended as noted hereinabove to recite that the aligning component extend[s] between the first section and the second section from the first end of the first section to the second end of the second section and a fastener arranged at the opposing second end of the second section.

Applicant respectfully submits that Beatty fails to teach or suggest each and every element of independent claim 51 as amended, including at least, for example, the aligning component extend[s] between the first section and the second section from the first end of the first section to the second end of the second section and a fastener arranged at the opposing second end of the second section.

Firstly, the tubes 2, 3 and adapter 11 in Beatty (allegedly the claimed plurality of sections) do not have an aligning component ***extending between*** the first section and the second section from the first end of the first section to the second end of the second section. Rather, the

examiner equates the spring 18 in Beatty to the claimed aligning component but the spring 18 in Beatty does not ***extend between*** the first section and the second section from the first end of the first section to the second end of the second section. Rather, the spring 18 stops before the end of the projections 13 and does not at all extend between the tubes 2, 3.

Next, Beatty does not at all disclose a fastener arranged at the opposing second end of the second section. The second tube 3 in Beatty does not have a fastener arranged **at the second end** as illustrated in at least FIG. 1 of Beatty. This is similarly apparent in FIG. 2.

Accordingly, and for at least these reasons, Applicant respectfully submits that Beatty fails to teach or suggest each and every element of amended claim 51, such that Beatty does not anticipate claim 51, or claims 52 and 56-58 depending therefrom. Applicant respectfully requests that this rejection be withdrawn at this time.

Claim Rejections – 35 U.S.C. §103

Claims 44 and 45 stand rejected under 35 U.S.C. §103 as allegedly being unpatentable over Beatty in view of Sotirkys (US 7789097). Claim 46 stands rejected under 35 U.S.C. §103 as allegedly being unpatentable over Beatty in view of Kang (KR 101315166). Claim 50 stands rejected under 35 U.S.C. §103 as allegedly being unpatentable over Beatty in view of Furey (US 4924893). Applicant traverses the rejections.

Applicant has already described above the failure of Beatty in relation to independent claim 41. All of the presently rejected claims depend from independent claim 41. The examiner has not pointed to anything, and Applicant is not aware of anything, in Sotirkys, Kang, and/or Furey, in any combination, providing suggestion, motivation, or teaching in any regard that cures the noted deficiencies of Beatty.

For at least the foregoing reasons, Applicant submits that the present rejection of claims 44, 45, 46, and 50 are inapplicable to the pending claims. Accordingly, Applicant requests reconsideration and withdrawal of the rejections.

Claims 53 and 54 stand rejected under 35 U.S.C. §103 as allegedly being unpatentable over Beatty in view of Sotirkys. Claim 55 stands rejected under 35 U.S.C. §103 as allegedly being unpatentable over Beatty in view of Kang. Claim 59 stands rejected under 35 U.S.C. §103

as allegedly being unpatentable over Beatty in view of Furey. Applicant traverses the rejections.

Applicant has already described above the failures of Beatty in relation to independent claim 51. All of the presently rejected claims depend from independent claim 51. The examiner has not pointed to anything, and Applicant is not aware of anything, in Sotirkys, Kang, and/or Furey providing suggestion, motivation, or teaching in any regard that cures the noted deficiencies of Beatty.

For at least the foregoing reasons, Applicant submits that the present rejection of claims 53, 54, 55, and 59 are inapplicable to the pending claims. Accordingly, Applicant requests reconsideration and withdrawal of the rejections.

**CONCLUSION**

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

***ELECTRONICALLY FILED USING THE PATENT CENTER ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON AUGUST 4, 2025.***

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/471,658 | 09/10/2021 | Dane Brooks Barnes | S105508 1010US.C7 (0020.1 | 1063 |

26158 7590 08/13/2025

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/13/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

| *Office Action Summary* | **Application No.**<br>17/471,658 | **Applicant(s)**<br>Barnes et al. | |
|---|---|---|---|
| | **Examiner**<br>NOAH C HAWK | **Art Unit**<br>3636 | **AIA (First Inventor to File) Status** Yes |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --***

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on 8/4/25.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL.** 2b) ☑ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 41-63 is/are pending in the application.
5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☐ Claim(s) _____ is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 9/10/2021 is/are: a)☐ accepted or b)☑ objected to by the Examiner.
Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
a)☐ All b)☐ Some** c)☐ None of the:
1.☐ Certified copies of the priority documents have been received.
2.☐ Certified copies of the priority documents have been received in Application No. _____.
3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
Paper No(s)/Mail Date 8/4/25.

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Continued Examination Under 37 CFR 1.114*

2. A request for continued examination under 37 CFR 1.114 was filed in this application after a decision by the Patent Trial and Appeal Board, but before the filing of a Notice of Appeal to the Court of Appeals for the Federal Circuit or the commencement of a civil action. Since this application is eligible for continued examination under 37 CFR 1.114 and the fee set forth in 37 CFR 1.17(e) has been timely paid, the appeal has been withdrawn pursuant to 37 CFR 1.114 and prosecution in this application has been reopened pursuant to 37 CFR 1.114. Applicant's submission filed on 8/4/2025 has been entered.

### *Drawings*

3. The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the "wind-responsive element" recited in Claim 41, the "wind sock" and a canopy that can be moved in response to the windsock as recited in Claim 46, the fact that "the one or more adjacent sections form a non-co-extensive angle with the first and second sections" recited in Claim 51, the "one or more slits" at the trailing end of the canopy, the "cord" engageable with the slit and the "anchor" recited in recited in Claim 60, the "more than two slits each

arranged to receive a securing mechanism to secure the canopy into position relative to the one or more adjacent sections of the frame" recited in Claim 61, must be shown or the feature(s) canceled from the claim(s). No new matter should be entered.

4. Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as "amended." If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either "Replacement Sheet" or "New Sheet" pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

5. The drawings are objected to as failing to comply with 37 CFR 1.84(p)(5) because they do not include the following reference sign(s) mentioned in the description: 46. Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. Each

drawing sheet submitted after the filing date of an application must be labeled in the top margin as either “Replacement Sheet” or “New Sheet” pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

***Claim Objections***

6. Claim 51 is objected to because of the following informalities: in line 17, the word “the” should be deleted. Appropriate correction is required.

***Claim Rejections - 35 USC § 112***

7. The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

8. Claim 46 is rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the written description requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor,

or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time the application was filed, had possession of the claimed invention. While the inclusion of a wind sock is supported by the disclosure in paragraph 0038, there is no discussion of the use of the wind sock to move the canopy in the wind direction or of a shade structure that could be reoriented to match the direction of the wind. Nor is there disclosure of how a wind sock could be used to move the canopy in the direction of the wind. As such, this claim is considered new matter in the application.

9. Claim 60 is rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the written description requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time the application was filed, had possession of the claimed invention. The claim recites that "the trailing end of the canopy defines one or more slits, each of the one or more slits being arranged, in the supporting configuration, to receive a cord coupled to or engageable with an anchor" which is not supported by disclosure as filed. While there is mention of the use of a slit as a fastener at the suspension end of the canopy (paragraph 0037), the only such fasteners (46, 52, and 54) disclosed in the application are at the suspension end of the canopy (paragraph 0037 and 0039). There is no disclosure of a trailing end fastener such as a slit, nor of the use of fasteners 46, 52, or 54 to secure a cord to any part of the canopy.

10. Claim 61 is rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the written description requirement. The claim(s)

contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time the application was filed, had possession of the claimed invention. The claim recites that "the loop defines more than two slits each arranged to receive a securing mechanism to secure the canopy into position relative to the one or more adjacent sections of the frame" which is not supported by the disclosure as filed. There is no discussion of the use of multiple slits to receive a securing mechanism. The only mention of a "securing mechanism" is in paragraph 0039, where it appears to reference strap 50. There is no "slit" which receives such strap or any other securing mechanism. Even if, arguendo, the "slit" is formed by folding over a strap 50, the slit does not "receive" a securing mechanism, as it ***is*** the securing mechanism itself. As the nature of the claimed structure is impossible to determine, the claim will not be further treated on the merits.

11. The following is a quotation of 35 U.S.C. 112(b):

> (b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

12. Claims 41-50, 60, and 61 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being incomplete for omitting essential structural cooperative relationships of elements, such omission amounting to a gap between the necessary structural connections. See MPEP § 2172.01. The omitted structural

cooperative relationships are: There is no structural relationship between the "wind-responsive element" and the rest of the claimed structure.

13. Claims 51-59, 62, and 63 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being incomplete for omitting essential structural cooperative relationships of elements, such omission amounting to a gap between the necessary structural connections. See MPEP § 2172.01. The omitted structural cooperative relationships are: There is no connection between the first and second sections of the frame and adjacent sections.

14. Claims 51-59, 62, and 63 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor (or for applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention.

a. Claim 51 recites "a frame including a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame … wherein the sections comprise: a first section defining a first end and an opposing second end, the first end being embedded in the surface in the supporting configuration, a second section defining a first end and an opposing second end, the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, the first section and the second section being co-extensive, and the aligning component extending between the first section and the second section from the first end of the first section to the second end of the second section, a fastener arranged at the opposing second end of the second section, and one or more adjacent

sections engaged or coupled to one another in an end-to-end alignment, wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the first and second sections" which renders the claims indefinite. As best understood, the first end of the first section (element 64 in the applicant's figures) is in the ground, the second end is "engaged with or coupled to" the first end of the second section (element 66 of the applicant's figures) and the two sections (elements 64 and 66 of the applicant's figures) are co-extensive, meaning that either the entire frame, including all adjacent sections, is linear, or that the first and second sections are directly attached to one another. The second section has a fastener at the opposite end (element 68 in the applicant's figures) and the aligning component (element 30 in the applicant's figures) extends from the first end of the first section to the second end of the second section and no more. The frame then includes one or more adjacent sections coupled in end-to-end alignment and forming a non-co-extensive angle with the first and second sections, which controverts the arrangement contemplated above in which any adjacent sections are linear with the first and second sections. The first and second section cannot simultaneously be co-extensive and also include adjacent sections that are non-coextensive unless the adjacent sections are attached in some manner heretofore undisclosed. For the purposes of examination, any frame that resembles that disclosed in applicant's Figs. 1 and 2, where the frame has, from one end to the other, a first section, one-or-more adjacent sections and then a second section, an aligning component extending through the sections from the first end of the first section through any

adjacent sections to the second end of the second section to a fastener, will be considered sufficient to meet the limitations in the claim.

***Claim Rejections - 35 USC § 103***

15. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

16. Claims 41-43 and 46-49 are rejected under 35 U.S.C. 103 as being unpatentable over Beatty in US Patent 3070107 in view of Wolfe in US Publication 2014/0014151.

b. Regarding Claims 41 and 46, Beatty teaches a system for providing shade onto a surface, the system comprising: a frame including a plurality of sections (2, 3, 11, 14) and at least one aligning component (18) affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration (Fig. 3) and a supporting configuration (Fig. 1), wherein the sections comprise: a first section (2/3) defining a first end (at the lower end) and an opposing second end (toward 11), the first end embedded in the surface in the supporting configuration, a second section (14) defining a first end (toward the outer end) and an opposing second end (toward 11), the first end of the second section being engaged with or coupled to the first section about the opposing second end of the first section, and one or more adjacent sections (11) engaged or coupled to the at least one aligning component, the aligning

component being affixed between the second section and the one or more adjacent sections in both the transport configuration and the supporting configuration in an arrangement effective to maneuver the one or more adjacent sections between the transport configuration and the supporting configuration and to provide supporting tension to the one or more adjacent sections in the supporting configuration, wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the second section (see Fig. 2); and a canopy (19) extending between a suspension end (20) and an opposing trailing end (toward 22), the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind ("the sail cloth will billow to accommodate prevailing wind") for providing shade to the surface; wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

c. Beatty is silent on the use of a wind-responsive element. Wolfe teaches a system for providing shade onto a surface including a shade device (A, see below) and a wind-responsive element (B) that is a wind sock defined in relation to the canopy (the wind sock is positioned in a position related to the canopy) movable in response to blowing of the wind to indicate wind direction such that movement of the wind sock results in movement of the canopy in the wind direction (the user references the wind sock to position the canopy). It would have been obvious to one of ordinary skill in the art before the effective filing date

of the claimed invention to modify the device of Beatty by adding a wind-responsive element as taught by Wolfe in order to, as Wolfe teaches, indicate the wind direction (see Abstract) and utilize the canopy in the most wind-efficient manner.




Wolfe, Fig. 11

d. Regarding Claim 42, Beatty, as modified, teaches that the first section and the second section are co-extensive with one another.

e. Regarding Claim 43, Beatty, as modified, teaches that the aligning component comprises a cable.

f. Regarding Claim 47, Beatty, as modified, teaches that the canopy defines at least one loop (20) extending along a length of the suspension end and configured for accepting a portion of the frame therethrough.

g. Regarding Claim 48, Beatty, as modified, teaches that the portion of the frame comprises the one or more adjacent sections.

h. Regarding Claim 49, Beatty, as modified, teaches that the canopy has at least one set of parallel sides (the left and right sides as shown in Fig. 2).

17. Claims 44 and 45 are rejected under 35 U.S.C. 103 as being unpatentable over Beatty, as modified, as applied to Claim 41 above in view of Sotirkys et al. in US Patent 7789097. Beatty, as modified, fails to teach a canopy including a plurality of sections. Sotirkys teaches a canopy (10/80) that comprises a plurality of coupled sections (10 and 80), wherein the plurality of coupled sections are selectively engageable sections (detachable at 85/86). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Beatty, as modified, by using a plurality of sections as taught by Sotirkys in order to allow the user to select the amount of coverage available under the shelter.

18. Claim 50 is rejected under 35 U.S.C. 103 as being unpatentable over Beatty, as modified, as applied to claim 41 above, and further in view of Furey in US Patent 4924893. Beatty, as modified, fails to teach a container. Furey teaches a shade system including a container (103) capable of housing and transporting the components of the system therein ("components may be readily carried in the anchoring member when it is emptied of sand" – Column 7, lines 22-23) as well as acting as an anchor to retain a frame in the supporting configuration see Fig. 1), the container capable of being coupleable (via 27) to one or both of the frame and the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Beatty, as modified, by adding a container as taught by

Furey in order to more securely erect the shade and contain all of the components of the device.

19. Claim 60 is rejected under 35 U.S.C. 103 as being unpatentable over Beatty, as modified, as applied to claim 41 above, and further in view of Stein in US Patent 5080123. Beatty, as modified, teaches that the trailing end of the canopy, when in the supporting configuration, is attached to a cord (22) coupled to or engageable with an anchor (23), but is silent on the use of slits to receive the cord. Stein teaches a shade system including a canopy (14) with a trailing end (toward 43) wherein the trailing end of the canopy defines one or more slits (70'/72'), each of the one or more slits being arranged, in the supporting configuration, to receive a cord (60/62) coupled to or engageable with an anchor (78/80). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Beatty, as modified, by using slits in the trailing end of the canopy to receive the anchor cords as taught by Stein in order to securely attach the cords to the canopy.

20. Claims 51-53, 55-57, 62 and 63 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Joo-Tai in US Patent 6286531.

i. Regarding Claims 51, 52, 57, 62, and 63, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110) including a plurality of sections, wherein the sections comprise: a first section (110 at one end) defining a first end and an opposing second end (110 at the opposite end), the first end being embedded in the surface in the supporting configuration (see Fig. 2), and a canopy (200) extending between a suspension end (toward 230) and an opposing trailing end (toward 240), the suspension end

of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and by wind for providing shade to the surface, wherein the suspension end of the canopy is spaced apart from and not in contact with the first section of the frame.

j. Kang is silent on details of the frame. Joo-Tai teaches a frame including a plurality of sections (2/7) and at least one aligning component that is a cable (5) affixed to one or more of the plurality of sections of the frame, the frame being maneuverable between a transport configuration (Fig. 1) and a supporting configuration (Fig. 3), wherein the sections comprise: a first section (A, see below) defining a first end (B) and an opposing second end (C), a second section (D, see below) defining a first end (E) and an opposing second end (F), the first end of the second section being engaged with (via intermediate sections 2 between the first and second sections) or coupled to the first section about the opposing second end of the first section, the first section and the second section being co-extensive (as best understood), and the aligning component extending between the first section and the second section from the first end of the first section to the second end of the second section, a fastener in the form of a cap 6/3') arranged at the opposing second end of the second section, and one or more adjacent sections (G) engaged or coupled to one another in an end-to-end alignment, wherein in the supporting configuration, the one or more adjacent sections form a non-co-extensive angle with the first and second sections (as

best understood), wherein the portion of the frame comprises the one or more adjacent sections. Joo-Tai further teaches an intermediate section (H) arranged between the first section and the second section, such that the intermediate section is co-extensive with the first and second sections (as best understood). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame of Kang by using a sectional frame with an aligning component as taught by Joo-Tai in order to provide a frame that collapses to a small size when not in use.




Joo-Tai, Fig. 3

k. Regarding Claim 53, Kang, as modified, teaches that the canopy is unitarily constructed or comprises a plurality of coupled sections (200 and 240).

l. Regarding Claim 55, Kang, as modified, teaches that the canopy defines one or more vent holes (240), one or more tails extending from a side opposite the suspension end, one or more wind socks, or a combination thereof.

m. Regarding Claim 56, Kang, as modified, teaches that the canopy defines at least one loop (212) configured for accepting a portion of the frame therethrough.

21. Claims 53 and 54 are rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to Claim 51 above in view of Sotirkys et al. in US Patent 7789097. Kang, as modified, fails to teach a canopy including a plurality of selectively engageable sections. Sotirkys teaches a canopy (10/80) that comprises a plurality of coupled sections (10 and 80), wherein the plurality of coupled sections are selectively engageable sections (detachable at 85/86). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Kang, as modified, by using a plurality of sections as taught by Sotirkys in order to allow the user to select the amount of coverage available under the shelter.

22. Claim 58 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 51 above, and further in view of Stein in US Patent 5080123. Kang, as modified, is silent on the use of a canopy with parallel sides. Stein teaches a canopy (14) having at least one set of parallel sides (20 and 22). It would have been obvious to one of ordinary skill in the art before the effective filing date of the

claimed invention to modify the canopy of Kang, as modified, by using a canopy with parallel sides as taught by Stein in order to provide more shade to the user.

23. Claim 59 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to Claim 51 above in view of Furey in US Patent 4924893. Kang, as modified, fails to teach a container. Furey teaches a shade system including a container (103) capable of housing and transporting the components of the system therein (“components may be readily carried in the anchoring member when it is emptied of sand” – Column 7, lines 22-23) as well as acting as an anchor to retain a frame in the supporting configuration see Fig. 1), the container capable of being coupleable (via 27) to one or both of the frame and the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Furey in order to more securely erect the shade and contain all of the components of the device.

***Response to Arguments***

24. Applicant's arguments filed 8/4/2025 have been fully considered but they are not persuasive.

25. Applicant’s arguments with respect to claim(s) 41-50, 60, and 61 have been considered but are moot because the new ground of rejection does not rely on any reference applied in the prior rejection of record for any teaching or matter specifically challenged in the argument. The rejections set forth above do not rely on Beatty to teach the new limitations in Claim 41.

26. Applicant's arguments with respect to claim(s) s 51-59, 62, and 63 have been considered but are moot because the new ground of rejection does not rely on any reference applied in the prior rejection of record for any teaching or matter specifically challenged in the argument.

***Conclusion***

27. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH C. HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached at 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197

(toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH C. HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| *Notice of References Cited* | Application/Control No. 17/471,658 | Applicant(s)/Patent Under Reexamination Barnes et al. | |
|---|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date YYYY-MM-DD | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-20140014151-A1 | 2014-01-16 | Wolfe; Timothy Dane | E04H15/16 | 135/97 |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date YYYY-MM-DD | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title, Date, Publisher, Edition or Volume, Pertinent Pages |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in YYYY-MM-DD format are publication dates. Classifications may be US or foreign.

| *Index of Claims* | Application/Control No. 17/471,658 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/14/2022 | 03/31/2023 | 08/09/2025 | | | | | | |
| | 1 | - | - | - | | | | | | |
| | 2 | - | - | - | | | | | | |
| | 3 | - | - | - | | | | | | |
| | 4 | - | - | - | | | | | | |
| | 5 | - | - | - | | | | | | |
| | 6 | - | - | - | | | | | | |
| | 7 | - | - | - | | | | | | |
| | 8 | - | - | - | | | | | | |
| | 9 | - | - | - | | | | | | |
| | 10 | - | - | - | | | | | | |
| | 11 | - | - | - | | | | | | |
| | 12 | - | - | - | | | | | | |
| | 13 | - | - | - | | | | | | |
| | 14 | - | - | - | | | | | | |
| | 15 | - | - | - | | | | | | |
| | 16 | - | - | - | | | | | | |
| | 17 | - | - | - | | | | | | |
| | 18 | - | - | - | | | | | | |
| | 19 | - | - | - | | | | | | |
| | 20 | - | - | - | | | | | | |
| | 21 | - | - | - | | | | | | |
| | 22 | - | - | - | | | | | | |
| | 23 | - | - | - | | | | | | |
| | 24 | - | - | - | | | | | | |
| | 25 | - | - | - | | | | | | |
| | 26 | - | - | - | | | | | | |
| | 27 | - | - | - | | | | | | |
| | 28 | - | - | - | | | | | | |
| | 29 | - | - | - | | | | | | |
| | 30 | - | - | - | | | | | | |
| | 31 | - | - | - | | | | | | |
| | 32 | - | - | - | | | | | | |
| | 33 | - | - | - | | | | | | |
| | 34 | - | - | - | | | | | | |
| | 35 | - | - | - | | | | | | |
| | 36 | - | - | - | | | | | | |
| | 37 | - | - | - | | | | | | |
| | 38 | - | - | - | | | | | | |
| | 39 | - | - | - | | | | | | |
| | 40 | - | - | - | | | | | | |
| | 41 | ✓ | ✓ | ✓ | | | | | | |
| | 42 | ✓ | ✓ | ✓ | | | | | | |

| *Index of Claims* | Application/Control No.<br>17/471,658 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| CLAIM | | DATE | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/14/2022 | 03/31/2023 | 08/09/2025 | | | | | | | |
| | 43 | ✓ | ✓ | ✓ | | | | | | | |
| | 44 | ✓ | ✓ | ✓ | | | | | | | |
| | 45 | ✓ | ✓ | ✓ | | | | | | | |
| | 46 | ✓ | ✓ | ✓ | | | | | | | |
| | 47 | ✓ | ✓ | ✓ | | | | | | | |
| | 48 | ✓ | ✓ | ✓ | | | | | | | |
| | 49 | ✓ | ✓ | ✓ | | | | | | | |
| | 50 | ✓ | ✓ | ✓ | | | | | | | |
| | 51 | ✓ | ✓ | ✓ | | | | | | | |
| | 52 | ✓ | ✓ | ✓ | | | | | | | |
| | 53 | ✓ | ✓ | ✓ | | | | | | | |
| | 54 | ✓ | ✓ | ✓ | | | | | | | |
| | 55 | ✓ | ✓ | ✓ | | | | | | | |
| | 56 | ✓ | ✓ | ✓ | | | | | | | |
| | 57 | ✓ | ✓ | ✓ | | | | | | | |
| | 58 | ✓ | ✓ | ✓ | | | | | | | |
| | 59 | | ✓ | ✓ | | | | | | | |
| | 60 | | | ✓ | | | | | | | |
| | 61 | | | ✓ | | | | | | | |
| | 62 | | | ✓ | | | | | | | |
| | 63 | | | ✓ | | | | | | | |

| Search Notes | Application/Control No. 17/471,658 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/005 | 09/14/2022 | NCH |
| updated above | 08/09/2025 | NCH |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered IDS filed 9/10/21 and 6/16/222 | 09/14/2022 | NCH |
| Considered and updated search history for parent application 17232799 and related applications | 09/14/2022 | NCH |
| Performed inventor name search in DAV | 09/14/2022 | NCH |
| Please see attached PE2E search history | 09/14/2022 | NCH |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08 (01-25)
Approved for use through 11/30/2027. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 17471658 |
| | Filing Date | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C7 (0020.1 |

## U.S. PATENTS

Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Inventor of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 4612948 | | 1986-09-23 | Simpson | |
| | 2 | 4832304 | | 1989-05-23 | Morgulis | |
| | 3 | 10174507 | | 2019-01-08 | Henbid et al. | |
| | 4 | 11634924 | | 2023-04-25 | Barnes et al. | |
| | 5 | 11686120 | | 2023-06-27 | Yates | |
| | 6 | D287041 | | 1986-12-02 | Gitchel et al. | |
| | 7 | D420751 | | 2000-02-15 | Powell et al. | |
| | 8 | D438589 | | 2001-03-06 | Brown | |



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 17471658 |
| | Filing Date | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C7 (0020.1 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 9 | D605308 | | 2009-12-01 | Combs | |
| | 10 | D670003 | | 2012-10-30 | Lovely, II | |
| | 11 | D681762 | | 2013-05-07 | Kayser | |
| | 12 | D681765 | | 2013-05-07 | Kayser | |
| | 13 | D844824 | | 2019-04-02 | LeMoine et al. | |
| | 14 | D884816 | | 2020-05-19 | Goldberg | |
| | 15 | D914827 | | 2021-03-30 | Koehler | |
| | 16 | D920461 | | 2021-05-25 | Yang | |
| | 17 | D947411 | | 2022-03-29 | Climent Bonet et al. | |
| | 18 | D973572 | | 2022-12-27 | Min | |
| | 19 | D973824 | | 2022-12-27 | Wu | |



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 17471658 |
| | Filing Date | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C7 (0020.1 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 20 | D985801 | | 2023-05-09 | Collins | |
| | 21 | D989350 | | 2023-06-13 | Barnes et al. | |
| | 22 | D990605 | | 2023-06-27 | Barnes et al. | |
| | 23 | D993454 | | 2023-07-25 | McKenna et al. | |
| | 24 | D993455 | | 2023-07-25 | McKenna et al. | |

If you wish to add additional U.S. Patent citation information, please click the Add button. Add

**U.S. PATENT APPLICATION PUBLICATIONS** Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Inventor or Applicant of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 20070221261 | A1 | 2007-09-27 | Bean | |
| | 2 | 20140020727 | A1 | 2014-01-23 | Kayser | |
| | 3 | 20150108295 | A1 | 2015-04-23 | Brooks | |
| | 4 | 20170362849 | A1 | 2017-12-21 | Munnerlyn | |

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

| | |
|---|---|
| Application Number | 17471658 |
| Filing Date | 2021-09-10 |
| First Named Inventor | Dane Brooks Barnes |
| Art Unit | 3636 |
| Examiner Name | Noah Chandler Hawk |
| Attorney Docket Number | S105508 1010US.C7 (0020.1 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 5 | 20210293046 | A1 | 2021-09-23 | Barnes et al. | |
| | 6 | 20230126867 | A1 | 2023-04-27 | Barnes et al. | |
| | 7 | 20230151636 | A1 | 2023-05-18 | Li et al. | |

If you wish to add additional U.S. Published Application citation information, please click the Add button Add

## FOREIGN PATENT DOCUMENTS

Remove

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information, please click the Add button Add

## NON-PATENT LITERATURE DOCUMENTS

Remove

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|
| | 1 | "How to Reinforce a Hole in Sunbrella (Registered), webpage <https://www.sailrite.com/How-to-Reinforce-a-Hole-in-Sunbrella>, 1 page, October 16/2023 (Year: 2023) | ☐ |
| | 2 | Solbello Shade Training Video, YouTube, April 20, 2023, https://www.youtube.com/watch?v=wd3XV9hADZc | ☐ |
| | 3 | "No Wind Kit for Beach Shades," Upgrade Your Shade, https://www.upgradeyourshade.com/product/upgrade-your-shade-kit Retrieved 2023 | ☐ |



/Noah Chandler Hawk/ 08/08/2025

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 17471658 |
| | Filing Date | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C7 (0020.1 |

| | | | |
|---|---|---|---|
| | 4 | Shibumi Shade, posted 10/12/2018 [online], [retrieved 01/19/2023], Retrieved from internet, https://www.facebook.com/shibumishade/ (Year: 2018) | ☐ |

If you wish to add additional non-patent literature document citation information, please click the Add button Add

**EXAMINER SIGNATURE**

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 08/08/2025 |
|---|---|---|---|

*EXAMINER: Initial if reference considered and whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 17471658 |
| | Filing Date | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C7 (0020.1 |

**TIMING STATEMENT**

Please see 37 CFR 1.97(e) to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached timing statement under 37 CFR 1.97(e).

☒ A timing statement under 37 CFR 1.97(e) is not submitted herewith.

**TIMING FEE**

☐ The fee set forth in 37 CFR 1.17(p) has been submitted herewith.

**COPIES**

☐ An identification of an earlier application pursuant to 37 CFR 1.98(d)(1) is attached.

**SIZE FEE ASSERTION**

Please see 37 CFR 1.17(v) and the IDS Auto-Load Instructions for completing this form to make the appropriate selection of an assertion under 37 CFR 1.98. For the information disclosure statement (IDS) submitted herewith, the applicant or patent owner certifies the following with respect to the cumulative number of applicant-provided or patent-owner provided items of information submitted to date including those in the accompanying IDS (select only one):

☒ No IDS size fee is required under 37 CFR 1.17(v) at this time.

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(1).

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(2).

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(3).

**SIGNATURE**

A signature of the applicant or representative is required in accordance with 37 CFR 1.33 and 11.18. Please see 37 CFR 1.4(d) for the form of the signature.

| Signature | /Lauren F. Anderson/ | Date (YYYY-MM-DD) | 2025-08-04 |
|---|---|---|---|
| Name/Print | Lauren F. Anderson | Registration Number | 69344 |



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 17471658 |
| | Filing Date | 2021-09-10 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C7 (0020.1 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**



/Noah Chandler Hawk/ 08/08/2025

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/ her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.





/Noah Chandler Hawk/ 08/08/2025

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/