# EXHIBIT 12

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY PATENT APPLICATION TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| *Attorney Docket No.* | S105508 1010US.C9 (0044.8) |
| *First Named Inventor* | Dane Brooks Barnes |
| *Title* | SHADING SYSTEM AND METHOD OF USE |
| *Priority Mail Express® Label No.* | |

## APPLICATION ELEMENTS

*See MPEP chapter 600 concerning utility patent application contents.*

*ADDRESS TO:* **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450**

1. [✔] **Fee Transmittal Form** (PTO/SB/17 or equivalent)
2. [ ] **Applicant asserts small entity status.** See 37 CFR 1.27
3. [ ] **Applicant certifies micro entity status.** See 37 CFR 1.29. Applicant must attach form PTO/SB/15A or B or equivalent.
4. [✔] **Specification** [*Total Pages* 15 ]
   Both the claims and abstract must start on a new page.
   *(See MPEP § 608.01(a) for information on the preferred arrangement)*
5. [✔] **Drawing(s)** (35 U.S.C. 113) [*Total Sheets* 7 ]
6. **Inventor's Oath or Declaration** [*Total Pages* 5 ]
   *(including substitute statements under 37 CFR 1.64 and assignments serving as an oath or declaration under 37 CFR 1.63(e))*
   a. [ ] Newly executed (original or copy)
   b. [✔] A copy from a prior application (37 CFR 1.63(d))
7. [✔] **Application Data Sheet** ** See note below.*
   See 37 CFR 1.76 (PTO/AIA/14 or equivalent)
8. **CD-ROM or CD-R**
   in duplicate, large table, or Computer Program (*Appendix*)
   [ ] Landscape Table on CD
9. **Nucleotide and/or Amino Acid Sequence Submission**
   (*if applicable, items a. – c. are required*)
   a. [ ] Computer Readable Form (CRF)
   b. [ ] Specification Sequence Listing on:
      i. [ ] CD-ROM or CD-R (2 copies); or
      ii. [ ] Paper
   c. [ ] Statements verifying identity of above copies

## ACCOMPANYING APPLICATION PAPERS

10. [ ] **Assignment Papers** (cover sheet & document(s))
    Name of Assignee ____________________
11. [✔] **37 CFR 3.73(c) Statement** (*when there is an assignee*) [✔] **Power of Attorney**
12. [ ] **English Translation Document** (*if applicable*)
13. [✔] **Information Disclosure Statement** (PTO/SB/08 or PTO-1449)
    [✔] Copies of citations attached
14. [✔] **Preliminary Amendment**
15. [ ] **Return Receipt Postcard** (*MPEP § 503*) (*Should be specifically itemized*)
16. [ ] **Certified Copy of Priority Document(s)** (*if foreign priority is claimed*)
17. [ ] **Nonpublication Request**
    Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach form PTO/SB/35 or equivalent.
18. [ ] **Other:** ____________________

***Note**: (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 **must** be included in an Application Data Sheet (ADS).
(2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary interest in the matter. See 37 CFR 1.46(b).

## 19. CORRESPONDENCE ADDRESS

[✔] The address associated with Customer Number: 26158 **OR** [ ] Correspondence address below

| | | | | | |
|---|---|---|---|---|---|
| Name | | | | | |
| Address | | | | | |
| City | | State | | Zip Code | |
| Country | | Telephone | | Email | |

| | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Date | June 5, 2023 |
| Name (Print/Type) | Lauren F. Anderson | Registration No. (Attorney/Agent) | 69,344 |

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0032. Public burden for this form is estimated to average 12 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **If filing this completed form by mail, send to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a Federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 9) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

## Additional Uses

Additional USPTO uses of the information in this record may include disclosure to: 1) the International Bureau of the World Intellectual Property Organization, if the record is related to an international application filed under the Patent Cooperation Treaty;  2) the public i) after publication of the application pursuant to 35 U.S.C. 122(b), ii) after issuance of a patent pursuant to 35 U.S.C. 151, iii) if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections, or an issued patent, or iv) without publication of the application or patent under the specific circumstances provided for by 37 CFR 1.14(a)(1)(v)-(vii); and/or 3) the National Archives and Records Administration, for inspection of records.

# STATEMENT UNDER 37 CFR 3.73(c)

Applicant/Patent Owner: Shibumi Shade, Inc.

Application No./Patent No.: To Be Assigned    Filed/Issue Date: Concurrently Herewith

Titled: SHADING SYSTEM AND METHOD OF USE

Shibumi Shade, Inc., a Corporation

(Name of Assignee)    (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that, for the patent application/patent identified above, it is (choose **one** of options 1, 2, 3 or 4 below):

1. ☑ The assignee of the entire right, title, and interest.

2. ☐ An assignee of less than the entire right, title, and interest (check applicable box):

☐ The extent (by percentage) of its ownership interest is ____________%. Additional Statement(s) by the owners holding the balance of the interest must be submitted to account for 100% of the ownership interest.

☐ There are unspecified percentages of ownership. The other parties, including inventors, who together own the entire right, title and interest are:

Additional Statement(s) by the owner(s) holding the balance of the interest must be submitted to account for the entire right, title, and interest.

3. ☐ The assignee of an undivided interest in the entirety (a complete assignment from one of the joint inventors was made). The other parties, including inventors, who together own the entire right, title, and interest are:

Additional Statement(s) by the owner(s) holding the balance of the interest must be submitted to account for the entire right, title, and interest.

4. ☐ The recipient, via a court proceeding or the like (*e.g.*, bankruptcy, probate), of an undivided interest in the entirety (a complete transfer of ownership interest was made). The certified document(s) showing the transfer is attached.

The interest identified in option 1, 2 or 3 above (not option 4) is evidenced by either (choose **one** of options A or B below):

A. ☐ An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in the United States Patent and Trademark Office at Reel ____________, Frame ____________, or for which a copy thereof is attached.

B. ☑ A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

1. From: Barnes; Slater; Barnes    To: Shibumi Shade, LLC

The document was recorded in the United States Patent and Trademark Office at

Reel 043276, Frame 0936, or for which a copy thereof is attached.

2. From: Shibumi Shade, LLC    To: Shibumi Shade, Inc.

The document was recorded in the United States Patent and Trademark Office at

Reel 052350, Frame 0912, or for which a copy thereof is attached.



This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## STATEMENT UNDER 37 CFR 3.73(c)

3. From: ________________________ To: ________________________

The document was recorded in the United States Patent and Trademark Office at

Reel __________, Frame __________, or for which a copy thereof is attached.

4. From: ________________________ To: ________________________

The document was recorded in the United States Patent and Trademark Office at

Reel __________, Frame __________, or for which a copy thereof is attached.

5. From: ________________________ To: ________________________

The document was recorded in the United States Patent and Trademark Office at

Reel __________, Frame __________, or for which a copy thereof is attached.

6. From: ________________________ To: ________________________

The document was recorded in the United States Patent and Trademark Office at

Reel __________, Frame __________, or for which a copy thereof is attached.

☐ Additional documents in the chain of title are listed on a supplemental sheet(s).

☐ As required by 37 CFR 3.73(c)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

[NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

| | |
|---|---|
| /Lauren F. Anderson/ | June 5, 2023 |
| Signature | Date |
| Lauren F. Anderson | 69,344 |
| Printed or Typed Name | Title or Registration Number |

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-1,129,194 | 02-23-1915 | Hanley | |
| | 2 | US-1,571,295 | 02-02-1926 | Newman | |
| | 3 | US-2,055,044 | 09-22-1936 | Nelson | |
| | 4 | US-2,186,510 | 01-09-1940 | Walter *et al.* | |
| | 5 | US-2,190,566 | 02-13-1940 | Julian | |
| | 6 | US-2,193,469 | 03-12-1940 | Ashton | |
| | 7 | US-2,554,688 | 05-29-1951 | Vollweiler | |
| | 8 | US-2,963,031 | 12-06-1960 | Carroll | |
| | 9 | US-3,042,053 | 07-03-1962 | Gabriel | |
| | 10 | US-3,051,185 | 08-28-1962 | Reynolds | |
| | 11 | US-3,052,249 | 09-04-1962 | Seaman *et al.* | |
| | 12 | US-3,070,107 | 12-25-1962 | Beatty | |
| | 13 | US-3,075,536 | 01-29-1963 | Parker | |
| | 14 | US-3,165,110 | 01-12-1965 | Brooks | |
| | 15 | US-3,190,300 | 06-22-1965 | Wear'n | |
| | 16 | US-3,261,134 | 07-19-1966 | Crist | |
| | 17 | US-3,286,962 | 11-22-1966 | Warth | |
| | 18 | US-3,388,711 | 06-18-1968 | Huddle | |
| | 19 | US-3,394,720 | 07-30-1968 | Moss | |
| | 20 | US-3,970,096 | 07-20-1976 | Nicolai | |
| | 21 | US-4,098,281 | 07-04-1978 | Bonfilio | |
| | 22 | US-4,312,371 | 01-26-1982 | Koon | |
| | 23 | US-4,404,980 | 09-20-1983 | Wade | |
| | 24 | US-4,590,956 | 05-27-1986 | Griesenbeck | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 2 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 25 | US-4,646,770 | 03-03-1987 | Lobato | |
| | 26 | US-4,739,784 | 04-26-1988 | Fast | |
| | 27 | US-4,750,508 | 06-14-1988 | Tatoian | |
| | 28 | US-4,829,694 | 05-16-1989 | Oasheim | |
| | 29 | US-4,915,120 | 04-10-1990 | Ziolkowski | |
| | 30 | US-4,924,893 | 05-15-1990 | Furey | |
| | 31 | US-4,930,534 | 06-05-1990 | Hill | |
| | 32 | US-4,941,422 | 07-17-1990 | Muller | |
| | 33 | US-5,046,699 | 09-10-1991 | Perreault *et al.* | |
| | 34 | US-5,080,123 | 01-14-1992 | Stein | |
| | 35 | US-5,215,109 | 06-01-1993 | Kent, Jr. | |
| | 36 | US-5,291,640 | 03-08-1994 | Rise | |
| | 37 | US-5,299,590 | 08-05-1994 | Deibert *et al.* | |
| | 38 | US-5,358,209 | 10-25-1994 | Ward | |
| | 39 | US-5,546,971 | 08-20-1996 | Leonhardt | |
| | 40 | US-5,595,203 | 01-21-1997 | Espinosa | |
| | 41 | US-5,678,704 | 10-21-1997 | Deeds | |
| | 42 | US-5,690,134 | 11-25-1997 | McCauley | |
| | 43 | US-5,771,912 | 06-30-1998 | Swetish | |
| | 44 | US-5,823,217 | 10-20-1998 | Rice | |
| | 45 | US-5,927,311 | 07-27-1999 | Jager | |
| | 46 | US-5,950,649 | 09-14-1999 | Gerig | |
| | 47 | US-6,026,613 | 02-22-2000 | Quiring et al. | |
| | 48 | US-6,062,243 | 05-16-2000 | Touch et al. | |
| | 49 | US-6,209,149 | 04-03-2001 | Song *et al.* | |
| | 50 | US-6,272,695 | 08-14-2001 | Brandner | |
| | 51 | US-6,276,382 | 08-21-2001 | Bindschatel et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2023.***

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 3 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 52 | US-6,286,531 | 09-11-2001 | Joo-Tai | |
| | 53 | US-6,321,861 | 11-27-2001 | Leichter | |
| | 54 | US-6,402,220 | 06-11-2002 | Allen | |
| | 55 | US-6,434,891 | 08-20-2002 | Cameron | |
| | 56 | US-6,964,277 | 11-15-2005 | Naber | |
| | 57 | US-7,021,866 | 04-04-2006 | Keefe | |
| | 58 | US-7,191,996 | 03-20-2007 | Patsalaridis | |
| | 59 | US-7,316,239 | 01-08-2008 | Yang | |
| | 60 | US-7,406,977 | 08-05-2008 | Shires | |
| | 61 | US-7,654,277 | 02-02-2010 | Brewer et al. | |
| | 62 | US-7,708,339 | 05-04-2010 | Zapater | |
| | 63 | US-7,721,361 | 05-25-2010 | Shubert | |
| | 64 | US-7,789,097 | 09-07-2010 | Sotirkys *et al.* | |
| | 65 | US-8,424,549 | 04-23-2013 | Goldsmith *et al.* | |
| | 66 | US-8,453,664 | 06-04-2013 | Parsons *et al.* | |
| | 67 | US-8,720,461 | 05-13-2014 | Nichols | |
| | 68 | US-8,899,251 | 12-02-2014 | Leung *et al.* | |
| | 69 | US-8,991,411 | 03-31-2015 | Neuman | |
| | 70 | US-9,051,755 | 06-09-2015 | Heining *et al.* | |
| | 71 | US-9,051,756 | 06-09-2015 | Jenkins | |
| | 72 | US-9,103,137 | 08-11-2015 | Williams | |
| | 73 | US-9,113,724 | 08-25-2015 | Heining *et al.* | |
| | 74 | US-9,187,924 | 11-17-2015 | Jackson *et al.* | |
| | 75 | US-9,371,641 | 06-21-2016 | Christensen *et al.* | |
| | 76 | US-9,394,719 | 07-19-2016 | Choi | |
| | 77 | US-9,394,721 | 07-19-2016 | Hotes *et al.* | |
| | 78 | US-9,435,133 | 09-06-2016 | Bourland | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 4 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 79 | US-9,447,599 | 09-20-2016 | Parent | |
| | 80 | US-9,506,268 | 11-29-2016 | Bright *et al.* | |
| | 81 | US-9,903,134 | 02-27-2018 | Munnerlyn | |
| | 82 | US-10,066,417 | 09-04-2018 | Linyard *et al.* | |
| | 83 | US-10,190,330 | 01-29-2019 | Barnes et al. | |
| | 84 | US-10,252,778 | 04-09-2019 | Greer | |
| | 85 | US-10,602,817 | 03-31-2020 | Price | |
| | 86 | US-11,156,012 | 10-26-2021 | Graham | |
| | 87 | US-11,219,286 | 01-11-2022 | Cox | |
| | 88 | US-D256,829 | 09-09-1980 | Qui *et al.* | |
| | 89 | US-D263,984 | 04-20-1982 | Moss | |
| | 90 | US-D321,924 | 11-26-1991 | Bonner | |
| | 91 | US-D363,755 | 10-31-1995 | Diederich | |
| | 92 | US-D390,730 | 02-17-1998 | Gerhart et al. | |
| | 93 | US-D397,401 | 08-25-1998 | Diederich | |
| | 94 | US-D398,363 | 09-15-1998 | LoBue | |
| | 95 | US-D400,949 | 11-10-1998 | Gale | |
| | 96 | US-D421,532 | 03-14-2000 | Koroncai | |
| | 97 | US-D438,929 | 03-13-2001 | Middleton *et al.* | |
| | 98 | US-D544,062 | 06-05-2007 | Baker | |
| | 99 | US-D555,748 | 11-20-2007 | Gyr *et al.* | |
| | 100 | US-D577,092 | 09-16-2008 | West | |
| | 101 | US-D593,315 | 06-02-2009 | Zemel | |
| | 102 | US-D601,653 | 10-062009 | Kirkham, Jr. | |
| | 103 | US-D624,623 | 09-28-2010 | Viglione | |
| | 104 | US-D630,834 | 01-18-2011 | Cohen | |
| | 105 | US-D638,954 | 05-31-2011 | Nichols | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 5 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

| **U. S. PATENT DOCUMENTS** | | | | | |
|---|---|---|---|---|---|
| | 106 | US-D739,555 | 09-22-2015 | McAlister | |
| | 107 | US-D741,437 | 10-20-2015 | Zimmer *et al.* | |
| | 108 | US-D761,372 | 07-12-2016 | Cihal | |
| | 109 | US-D788,319 | 05-30-2017 | LeMoine et al. | |
| | 110 | US-D823,419 | 07-17-2018 | Ceccaldi | |
| | 111 | US-D829,839 | 10-02-2018 | Crimi | |
| | 112 | US-D843,200 | 03-19-2019 | Tjerrild | |
| | 113 | US-D859,808 | 09-17-2019 | Goldszer | |
| | 114 | US-D877,486 | 03-10-2020 | Chen | |
| | 115 | US-D928,899 | 08-24-2021 | Zhu | |
| | 116 | US-D947,411 | 03-29-2022 | Climent Bonet *et al.* | |
| | 117 | US-D947,975 | 04-05-2022 | Lah | |
| | 118 | US-D948,653 | 04-12-2022 | Lah | |
| | 119 | US-D960,277 | 08-09-2022 | Lah | |
| | 120 | US-D985,801 | 05-09-2023 | Collins | |
| | 121 | US-2003/0066550 | 04-10-2003 | Al-Ghamdi | |
| | 122 | US-2003/0089390 | 05-15-2003 | Seo | |
| | 123 | US-2007/0079857 | 04-12-2007 | Tseng | |
| | 124 | US-2007/0295380 | 12-27-2007 | Glaeser | |
| | 125 | US-2010/0212709 | 08-26-2010 | Sotirkys *et al.* | |
| | 126 | US-2012/0291830 | 11-22-2012 | Crimi | |
| | 127 | US-2013/0074894 | 03-28-2013 | Cook | |
| | 128 | US-2014/0041703 | 02-13-2014 | Funston | |
| | 129 | US-2014/0209132 | 07-31-2014 | Landry | |
| | 130 | US-2015/0040957 | 02-12-2015 | Mallookis *et al.* | |
| | 131 | US-2015/0252585 | 09-10-2015 | Mallookis *et al.* | |
| | 132 | US-2015/0354244 | 12-10-2015 | Fernandez Gonzalez | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 6 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

**U. S. PATENT DOCUMENTS**

| | | | | | |
|---|---|---|---|---|---|
| | 133 | US-2016/0017631 | 01-21-2016 | Gilmore | |
| | 134 | US-2016/0053508 | 02-25-2016 | Gutwenger *et al.* | |
| | 135 | US-2018/0106064 | 04-19-2018 | Barnes *et al.* | |
| | 136 | US-2018/0245367 | 08-30-2018 | Grieshop | |
| | 137 | US-2022/0024290 | 01-27-2022 | Howard | |
| | 138 | US-2023/0096848 | 03-30-2023 | Wang | |
| | 139 | US-2023/0151636 | 05-18-2023 | Li *et al.* | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 140 | AU 200511300 | 09-01-2005 | Gyr | | |
| | 141 | AU 2020100586 | 05-28-2020 | Fraser | | |
| | 142 | BR 302019005581 | 12-10-2019 | Vinicius Rolim Tamassia | | |
| | 143 | CA 2524310 | 04-25-2006 | Aqua-Leisure Industries, Inc | | |
| | 144 | CH 130505 | 05-14-2004 | Fischer | | |
| | 145 | CH 132260 | 12-15-2005 | Fischer | | |
| | 146 | DE 10 2009 020 795 | 11-04-2010 | Schmidt | | Abstract |
| | 147 | FR 2 884 844 | 04-26-2005 | Cahours De Virgile | | Abstract |
| | 148 | KR 10-1315166 | 10-07-2013 | Kang | | Machine Translation |
| | 149 | WO 82/03317 | 10-14-1982 | Montgomery | | |
| | 150 | WO 02/04768 | 01-17-2002 | Selby | | |
| | 151 | WO 2011/012969 | 02-03-2011 | De Pasquale | | |
| | 152 | WO 2020/089599 | 05-07-2020 | Osborne | | |
| | 153 | WO 2022/174316 | 08-25-2022 | Ribeiro Lucchese Gualdi | | Machine Translation |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2023*

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 7 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 154 | YouTube video by Robert Marazzita: The Best Beach Cabana – Set Up and Tear Down, July 9, 2015, [site visited August 8, 2017], Available on the Internet URL: <https:www.youtube.com/watch?v=LfccH7yV6SE>. | |
| | 155 | YouTube video by Robb's Homemade Life: Make $15 Beach Shade tent Easy Quick DIY, October 6, 2015 [site visited August 8, 2017] Available on the internet URL: <www.youtube.com/watch?v+X20b4pLJx1c> | |
| | 156 | YouTube video by Beachspirit: Kitent (R) - the Floating beach tent for sun shade, October 8, 2016 [site visited August 8, 2017] Available on the internet URL: <https://m.youtube.com/watch?v=OUaDZeqdTkQ> | |
| | 157 | YouTube video by ZiggyShade Beach Sunshade: ZiggyShade – Beach Sunshade – Set up instructions, November 24, 2016 [site visited August 8, 2017] Available on the internet URL: <https://youtu.be/1krQ0rlumws> | |
| | 158 | YouTube video by bibitedog: How to set up a butterfly arch, May 26, 2012 [site visited December 18, 2018] Available on the internet URL: <https://www.youtube.com/watch?v=FOTYtjQAL4s> | |
| | 159 | Suniela Beach Portable Shade Cabanas, [site visited October 21, 2021], Available on the internet URL: <https://suniela.com> | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | *To Be Assigned* |
| Appl. No.: | *To Be Assigned* | Group Art Unit: | *To Be Assigned* |
| Filed: | *Concurrently Herewith* | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**INFORMATION DISCLOSURE STATEMENT**
**CITATION UNDER 37 C.F.R. § 1.97**

Sir:

Attached is a list of documents on form PTO-1449.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

Any foreign patents or non-patent literature documents items are attached, except those that were supplied in, or cited by the Office during prosecution of, parent Application No. 18/072,143, filed November 30, 2022. Since the benefit of this application was claimed under 35 U.S.C. 120, no copies need to be furnished in accordance with 37 C.F.R. 1.98(d); however, copies will be furnished on request.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2023.***




FIG. 1




FIG. 2




FIG. 3




FIG. 4




FIG. 5




FIG. 6




FIG. 7

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| 18/329,082 | 06/05/2023 03:06:38 PM ET | S105508 1010US.C9 (0044.8 |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 62209101 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | - |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| DA / 090528 | E202365F10208002 | Shari Elofson |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1111 | UTILITY PATENT APPL. SEARCH FEE | 700.00 | 1 | 700.00 |
| 1011 | BASIC FILING FEE - UTILITY (PAPER FILING ALSO REQUIRES NON-ELECTRONIC FILING FEE UNDER 1.16(T)) | 320.00 | 1 | 320.00 |
| 1311 | PATENT APPL. EXAMINATION FEE | 800.00 | 1 | 800.00 |
| | | | TOTAL AMOUNT: | $1,820.00 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized

by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT4547643

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| DANE BROOKS BARNES | 08/08/2017 |
| ALEXANDER GRIFFITH SLATER | 08/08/2017 |
| SCOTT CHRISTIAN BARNES | 08/08/2017 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | SHIBUMI SHADE, LLC |
| **Street Address:** | 614 HOLDEN ST |
| **City:** | RALEIGH |
| **State/Country:** | NORTH CAROLINA |
| **Postal Code:** | 27604-1949 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 15675715 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

| | |
|---|---|
| **Phone:** | 919-348-2194 |
| **Email:** | lgravatt@nkpatentlaw.com |
| **Correspondent Name:** | NK PATENT LAW |
| **Address Line 1:** | 4917 WATERS EDGE DRIVE |
| **Address Line 2:** | SUITE 275 |
| **Address Line 4:** | RALEIGH, NORTH CAROLINA 27606 |

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | 785/2 UTIL |
| **NAME OF SUBMITTER:** | WILLIAM LYLE GRAVATT |
| **SIGNATURE:** | /William Lyle Gravatt/ |
| **DATE SIGNED:** | 08/12/2017 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

**Total Attachments: 3**

source=785-2UTIL-20170812-Dec-Asssign-signed#page1.tif

source=785-2UTIL-20170812-Dec-Asssign-signed#page2.tif

source=785-2UTIL-20170812-Dec-Asssign-signed#page3.tif

**DECLARATION AND ASSIGNMENT OF RIGHTS**

As a below named inventor (hereinafter designated as the undersigned or the Assignor, where appropriate), I hereby declare that:

The application is as identified by the attorney docket number, title, Filing Date, or Application Title as set forth in the following Table I.

The application in Table I was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the applications in Table I.

The undersigned hereby acknowledges that any willful false statement made in this declaration is punishable under 18 U.S.C. § 1001 by fine or imprisonment of not more than five (5) years, or both.

WHEREAS, the undersigned, **Dane Brooks Barnes, Alexander Griffith Slater and Scott Christian Barnes**, (hereinafter "Assignor") has invented certain new and useful improvements described in the application(s) identified in Table I.

AND, WHEREAS, **SHIBUMI SHADE, LLC**, having a place of business at 614 Holden Street, Raleigh, NC 27604-1949 (hereinafter "Assignee"), has already acquired an interest in the application(s) identified in Table I by and through an employment or other agreement between Assignor and Assignee. I further authorize an agent of the Assignee to insert the filing date, application number, and any other identifying particulars as required for perfecting these assignment papers.

However, in the avoidance of doubt and as confirmation of the already acquired interest by Assignee, NOW, THEREFORE, To Whom It May Concern, be it known that for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor has assigned and by these presents does hereby sell, assign, transfer, and convey unto the Assignee, its successors and assigns, his entire right, title, and interest in and to the invention and application, including the right to sue for past infringements and any other prior occurring rights, provided any such rights exist, and in and to any and all domestic and foreign patent applications filed on the invention, and in and to any and all continuations, continuations-in-part, or divisions thereof, and in and to any and all Letters Patent of the United States of America, and all foreign countries or reissues thereof which may be granted therefor or thereon, for the full end of the term for which said Letters Patent may be granted, together with his right to claim the priority of said application in all foreign countries in accordance with the International

Convention, the same to be held and enjoyed by said Assignee, its successors and assigns, as fully and entirely as the same would have been held and enjoyed by Assignor if this assignment and sale had not been made. Assignor further assigns to Assignee the right to claim entitlement and/or priority to any applications that entitlement or priority may be claimed for this or any later filed application, including the assignment of any provisionals or other priority documents to which the inventions claim priority to. The assignment of the right to claim entitlement and/or priority is executed *nunc pro tunc* and is considered effective as of the filing date of the earliest application to which priority and/or entitlement is claimed.

Assignor hereby requests that said Letters Patent be issued in accordance with this assignment.

Assignor further covenants and agrees that, at the time of the execution and delivery of these presents, Assignor possesses full title to the invention and application above-mentioned, and that he has the unencumbered right and authority to make this assignment.

Assignor further covenants and agrees, and likewise binds his heirs, legal representatives and assigns, to promptly communicate to said Assignee or its representatives any facts known to him relating to said invention, to testify in any interference or legal proceedings involving said invention, to execute any additional papers which may be requested to confirm the right of the Assignee, its representatives, successors and assigns to secure patent or similar protection for the said invention in all countries and to vest in the Assignee complete title to the said invention and Letters Patent, without further compensation, but at the expense of said Assignee, its successors, assigns and other legal representatives.

<<<<<<<< TABLE I and Signature Page follows >>>>

**TABLE I**

| Application No. | Attorney Docket No. | Filing Date | Title |
|---|---|---|---|
| 15/675,715 | 785/2 UTIL | 2017-08-12 | SHADING SYSTEM AND METHOD OF USE |

Executed this 8 day of August, 2017.

Dane Barnes

**Dane Brooks Barnes**

Alex Slater

**Alexander Griffith Slater**

Scott Barnes

**Scott Christian Barnes**

**(Assignors)**

Executed this 8 day of August, 2017.

**SHIBUMI SHADE, LLC**

______________________________

Name: Dane Barnes

Title: Officer, Shibumi Shade, LLC

**(Assignee)**

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **06/05/2023 03:06:38 PM ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 62209101 | FILING DATE | - |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 16

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C9_0044_8_ADS.pdf | 9 | Application Data Sheet | 2175 KB |
| S105508_1010US_C9_0044_8_Transmittal.pdf | 2 | Transmittal of New Application | 506 KB |
| S105508_1010US_C9_0044_8_Stmt_373.pdf | 3 | Assignee showing of ownership per 37 CFR 3.73 | 188 KB |
| S105508_1010US_C9_0044_8_Declaration_from_Parent.pdf | 5 | Oath or Declaration filed | 328 KB |
| S105508_1010US_C9_0044 | 2 | Power of Attorney | 369 KB |

| | | | | |
|---|---|---|---|---|
| _8_POA.pdf | | | | |
| S105508_1010US_C9_0044_8_Drawings_from_Parent.pdf | | 7 | Drawings-only black and white line drawings | 425 KB |
| S105508_1010US_C9_0044_8_Application_from_Parent.pdf | | 15 | - | 854 KB |
| S105508_1010US_C9_0044_8_Application_from_Parent-SPEC.pdf | (1-11) | 11 | Specification | 740 KB |
| S105508_1010US_C9_0044_8_Application_from_Parent-CLM.pdf | (12-14) | 3 | Claims | 164 KB |
| S105508_1010US_C9_0044_8_Application_from_Parent-ABST.pdf | (15-15) | 1 | Abstract | 56 KB |
| S105508_1010US_C9_0044_8_IDS_1449.pdf | | 7 | Information Disclosure Statement (IDS) Form (SB08) | 219 KB |

Warning: This is not a USPTO supplied IDS fillable form. Data in the form cannot be automatically loaded to other USPTO systems.

| | | | | |
|---|---|---|---|---|
| S105508_1010US_C9_0044_8_IDS_Cover.pdf | | 1 | Transmittal Letter | 122 KB |
| S105508_1010US_C9_0044_8_Fee_Transmittal.pdf | | 2 | Fee Worksheet (SB06) | 335 KB |
| S105508_1010US_C9_0044_8_Preliminary_Amendment.pdf | | 6 | - | 112 KB |
| S105508_1010US_C9_0044_8_Preliminary_Amendme | (1-1) | 1 | Preliminary Amendment | 101 KB |

| | | | | |
|---|---|---|---|---|
| nt-A.PE.pdf | | | | |
| S105508_1010US_C9_0044_8_Preliminary_Amendment-SPEC.pdf | (2-2) | 1 | Specification | 68 KB |
| S105508_1010US_C9_0044_8_Preliminary_Amendment-CLM.pdf | (3-5) | 3 | Claims | 104 KB |
| S105508_1010US_C9_0044_8_Preliminary_Amendment-REM.pdf | (6-6) | 1 | Applicant Arguments/Remarks Made in an Amendment | 101 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C9_0044_8_ADS.pdf | 40180592874F834BF7B1BF1BC38929CC3F6595AD607BAA107C1234EF9249A7DD228F10CB32CC226CFF9EB989EB9E18109044BFA456213A54DA9A4BC0501C34ED |
| S105508_1010US_C9_0044_8_Transmittal.pdf | 09FBFB5D47A3D85AD962AC53BA4AC79AB76B6EA3549FD34960A3130C7CF609ADF1E86122A41925A486C18FE699FEA2D1BC2E43DA2B1B814F595CC947CA4E8682 |
| S105508_1010US_C9_0044_8_Stmt_373.pdf | 118E4A973577317F8AE55658AFE5D3015E4036F9B5D4A2D3360B10499F5BA8FA1CA2E40E90BB057DDC2535FBA6538218BDB562EDB9B75E453E5639633F0214BB |
| S105508_1010US_C9_0044_8_Declaration_from_Parent.pdf | 8188621256587531 48D16B877770DA3C3AA3DD9ABCAC746AB5A6E36382CF6BAC06C177EB59EA82113E8444C23895154E60D9F34373DB19B2736CFF17831E2292 |
| S105508_1010US_C9_0044_8_POA.pdf | 46BB7FE4C8870FCB50D8D795F174862B1D23A5942FB7DFEF9D1DEC4756ADCDDB6E1B5EEFDCFDE87819A44A06F63704877BBB024B1E71457516B2CF9506AB5B13 |

| | |
|---|---|
| S105508_1010US_C9_0044_8 _Drawings_from_Parent.pdf | B73D64980431C15BF5FCBB05381A467ADCC1F7BAFF575DE66 C7B040D5D087B52DF83E33CBB09E5106D44CA107A978074A9 FAC7A4B3B4A3433FF8BBF027F36131 |
| S105508_1010US_C9_0044_8 _Application_from_Parent.pdf | DDE074F1425ADDBB05A5F419E5908862ED33F19FDA390AD9 C3090A01494206BEA9D1B3F27ECE8D2ED633CD22A6917494C 507575589ABAEBAEC4B7397201920BE |
| S105508_1010US_C9_0044_8 _Application_from_Parent-SPEC.pdf | A588CF5FA557CE8A7422EEC8639F5371861216BDF61BD969D 4F84AF71E16F3C275AD2FE8EB2ED715D2945F3CF565907480 3BF23B51F9124D4ECC7192F5F78AE1 |
| S105508_1010US_C9_0044_8 _Application_from_Parent-CLM.pdf | 0F4D6642E174700702CA77C720441D3180033128622E0123C76 3BF3298C50E9308CAD06D599319B7751AE868E8CECC38530E CEBCAFBC16CF399400BB56B6FDE6 |
| S105508_1010US_C9_0044_8 _Application_from_Parent-ABST.pdf | 3BE563975603C557AC2104C7B8BA45D851CB2B12A17F8FAED FD2FC8C137D32E58C6989C8F50EED79F2E75E87B020E62F2A EDD3EDD732F96D0D181D19C011535E |
| S105508_1010US_C9_0044_8 _IDS_1449.pdf | 11F6C82E8B46C212A341F4E6FEB44E1998097DAEF2AA56A00 8FBDBFC107FA3C38E81A5F7C8919F17C0BED0D7E7C81C7FD 2461845B87C5096763418B5CE9CF706 |
| S105508_1010US_C9_0044_8 _IDS_Cover.pdf | 7D6588EB04F1FE068218243321E4A8874AEA7EB604ECACC3E EF94805C50D6EE1AAED8964957E7E4704E92D9E214A819654 FC639C35E9D2AD5C2EB0CD516639CA |
| S105508_1010US_C9_0044_8 _Fee_Transmittal.pdf | 30A5719EFD53BE9B088FA3AAC958FEF80339C2674952881DA 91BB3BFD8C5D5235136B075BBDDB5AA6B70AB0EAD7AFD147 7D6EFBC2D6D52A623396639A7007A42 |
| S105508_1010US_C9_0044_8 _Preliminary_Amendment.pdf | 8F6AE0BF43B44821DAB607A984DEFD915FB1A6F3FD97874E8 EE520599D13FDD65AEB1556F97E36EE04B19409B0A9EADAB4 A8BE9FC8A8E51D949E12C6F3FE77BD |
| S105508_1010US_C9_0044_8 _Preliminary_Amendment-A.PE.pdf | 26CBBCD493FB8CD2F19E120BBA4CB4FFBF7AFD47147CCAC FFBF03DE085A1350A940D78BFAF9398E4A4991A99F6EDD0A6 5EC43C1788C24B0253F96B3BC3FA4765 |

| | |
|---|---|
| S105508_1010US_C9_0044_8_Preliminary_Amendment-SPEC.pdf | B2E25104B3E68E114DBC1854F2676741EC3104DEB0FEF118CE3799CAD20F44704DE315FC2850BB876F7AD76EA019F61E301878E8FCEE6579E2EB96B9A2ED773F |
| S105508_1010US_C9_0044_8_Preliminary_Amendment-CLM.pdf | A42072D1BBC82A2260D318EADD40FB9D2BFDC9570498B7283C275EC745E96E5D6FA4DF7921E2CD76FFDB781B745C336DB7D4332CEEA48E4543C37F44042F4284 |
| S105508_1010US_C9_0044_8_Preliminary_Amendment-REM.pdf | 4B456F646ABA38B92A02522BE13322B4F24BF58D5BF60253E92254AD7C6B39325F00ECFF1224D1E5DF90BC43A35BA154D3EC0CA6098DA657ADC4694D570CEA57 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/17 (10-20)
Approved for use through 05/31/2024. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number

# FEE TRANSMITTAL

| Complete if known | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Examiner Name | To Be Assigned |
| Art Unit | To Be Assigned |
| Practitioner Docket No. | S105508 1010US.C9 (0044.8) |

☐ Applicant asserts small entity status. See 37 CFR 1.27.

☐ Applicant certifies micro entity status. See 37 CFR 1.29. Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

TOTAL AMOUNT OF PAYMENT ($) 1820

**METHOD OF PAYMENT** (check all that apply)

☐ Check ☐ Credit Card ☐ Money Order ☐ None ☐ Other (please identify): ____

☒ Deposit Account Deposit Account Number: 09-0528 Deposit Account Name: ____

For the above-identified deposit account, the Director is hereby authorized to (check all that apply):

☒ Charge fee(s) indicated below ☐ Charge fee(s) indicated below, **except for the filing fee**

☒ Charge any additional fee(s) or underpayment of fee(s) under 37 CFR 1.16 and 1.17 ☒ Credit any overpayment of fee(s)

**WARNING**: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

**FEE CALCULATION**

**1. BASIC FILING, SEARCH, AND EXAMINATION FEES (U = undiscounted fee; S = small entity fee; M = micro entity fee)**

| | FILING FEES | | | SEARCH FEES | | | EXAMINATION FEES | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Application Type | U ($) | S ($) | M ($) | U ($) | S ($) | M ($) | U ($) | S ($) | M ($) | Fees Paid ($) |
| Utility | 320 | 160* | 80 | 700 | 350 | 175 | 800 | 400 | 200 | 1820 |
| Design | 220 | 110 | 55 | 160 | 80 | 40 | 640 | 320 | 160 | |
| Plant | 220 | 110 | 55 | 440 | 220 | 110 | 660 | 330 | 165 | |
| Reissue | 320 | 160 | 80 | 700 | 350 | 175 | 2,320 | 1,160 | 580 | |
| Provisional | 300 | 150 | 75 | 0 | 0 | 0 | 0 | 0 | 0 | |

* The $160 small entity status filing fee for a utility application is further reduced to $80 for a small entity status applicant who files the application via EFS-Web.

**2. EXCESS CLAIM FEES**

| Fee Description | Undiscounted Fee ($) | Small Entity Fee ($) | Micro Entity Fee ($) |
|---|---|---|---|
| Each claim over 20 (including Reissues) | 100 | 50 | 25 |
| Each independent claim over 3 (including Reissues) | 480 | 240 | 120 |
| Multiple dependent claims | 860 | 430 | 215 |

**Total Claims** 20 -20 or HP = **Extra Claims** ____ x **Fee ($)** ____ = **Fee Paid ($)** ____

HP = highest number of total claims paid for, if greater than 20.

**Multiple Dependent Claims** — **Fee ($)** ____ **Fee Paid ($)** ____

**Indep. Claims** 1 -3 or HP = **Extra Claims** ____ x **Fee ($)** ____ = **Fee Paid ($)** ____

HP = highest number of independent claims paid for, if greater than 3.

**3. APPLICATION SIZE FEE**

If the specification and drawings exceed 100 sheets of paper (excluding electronically filed sequence or computer listings under 37 CFR 1.52(e)), the application size fee due is $420 ($210 for small entity) ($105 for micro entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s).

**Total Sheets** 22 - 100 = **Extra Sheets** ____ / 50 = **Number of each additional 50 or fraction thereof** ____ (round **up** to a whole number) x **Fee ($)** ____ = **Fee Paid ($)** ____

**4. OTHER FEE(S)** **Fees Paid ($)**

Non-English specification, $140 fee ($70 for small entity) ($35 for micro entity) ____

**Non-electronic filing fee under 37 CFR 1.16(t) for a utility application, $400 fee ($200 small or micro entity)** ____

Other (e.g., late filing surcharge): ____ ____

SUBMITTED BY

| | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Registration No. (Attorney/Agent) 69,344 | Telephone (919) 755-8127 |
| Name (Print/Type) | Lauren F. Anderson | | Date June 5, 2023 |

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0032. Public burden for this form is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.** If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**



*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO’s system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner’s activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a Federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member’s assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 9) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

## Additional Uses

Additional USPTO uses of the information in this record may include disclosure to: 1) the International Bureau of the World Intellectual Property Organization, if the record is related to an international application filed under the Patent Cooperation Treaty;  2) the public i) after publication of the application pursuant to 35 U.S.C. 122(b), ii) after issuance of a patent pursuant to 35 U.S.C. 151, iii) if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections, or an issued patent, or iv) without publication of the application or patent under the specific circumstances provided for by 37 CFR 1.14(a)(1)(v)-(vii); and/or 3) the National Archives and Records Administration, for inspection of records.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C9 (0044.8 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2:

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

**Inventor** 1 — Remove

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Dane | Brooks | Barnes | |

**Residence Information (Select One)** ● US Residency ○ Non US Residency ○ Active US Military Service

| City | Raleigh | State/Province | NC | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 314 E Cabarrus Street | | |
|---|---|---|---|
| Address 2 | | | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27601 | Country | US |

**Inventor** 2 — Remove

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Alexander | Griffith | Slater | |

**Residence Information (Select One)** ◉ US Residency ○ Non US Residency ○ Active US Military Service

| City | Raleigh | State/Province | NC | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 601 N Bloodworth Street | | |
|---|---|---|---|
| Address 2 | | | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27604 | Country | US |

**Inventor** 3 — Remove

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Scott | Christian | Barnes | |

**Residence Information (Select One)** ◉ US Residency ○ Non US Residency ○ Active US Military Service

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C9 (0044.8 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

| City | Raleigh | State/Province | NC | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| | | | |
|---|---|---|---|
| Address 1 | 123 E Martin Street | | |
| Address 2 | | | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27601 | Country | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button. Add

## Correspondence Information:

**Enter either Customer Number or complete the Correspondence Information section below. For further information see 37 CFR 1.33(a).**

☐ **An Address is being provided for the correspondence Information of this application.**

| | | | |
|---|---|---|---|
| Customer Number | 26158 | | |
| Email Address | IPDocketing@wbd-us.com | Add Email | Remove Email |

## Application Information:

| | | | |
|---|---|---|---|
| Title of the Invention | SHADING SYSTEM AND METHOD OF USE | | |
| Attorney Docket Number | S105508 1010US.C9 (0044.8 | Small Entity Status Claimed | ☐ |
| Application Type | Nonprovisional | | |
| Subject Matter | Utility | | |
| Total Number of Drawing Sheets (if any) | 7 | Suggested Figure for Publication (if any) | 1 |

## Filing By Reference:

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

## Publication Information:

☐ Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☐ **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing.

Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 37 of 420

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C9 (0044.8 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32).
Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| | | | |
|---|---|---|---|
| Please Select One: | ● Customer Number | US Patent Practitioner | ◯ Limited Recognition (37 CFR 11.9) |
| Customer Number | 26158 | | |

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, 365(c), or 386(c) or indicate National Stage entry from a PCT application. Providing benefit claim information in the Application Data Sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the "Application Number" field blank.

| Prior Application Status | Pending | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| | Continuation of | 18/072143 | 2022-11-30 |

| Prior Application Status | Pending | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| 18/072143 | Continuation of | 17/471658 | 2021-09-10 |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 17/471658 | Continuation of | 17/232799 | 2021-04-16 | 11634924 | 2023-04-25 |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 18/072143 | Continuation of | 17/343114 | 2021-06-09 | 11536046 | 2022-12-27 |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 17/343114 | Continuation of | 17/232799 | 2021-04-16 | 11634924 | 2023-04-25 |

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C9 (0044.8 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 17/232799 | Continuation of | 16/987886 | 2020-08-07 | 11111690 | 2021-09-07 |
| Prior Application Status | Patented | | | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 16/987886 | Continuation of | 16/224465 | 2018-12-18 | 10753117 | 2020-08-25 |
| Prior Application Status | Patented | | | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 16/224465 | Continuation of | 15/675715 | 2017-08-12 | 10190330 | 2019-01-29 |

| Prior Application Status | Expired | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| 15/675715 | Claims benefit of provisional | 62/409426 | 2016-10-18 |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button. Add

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55. When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(i)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
|---|---|---|---|
| | | | |

Remove

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button. Add

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C9 (0044.8 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C9 (0044.8 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

## Authorization or Opt-Out of Authorization to Permit Access:

When this Application Data Sheet is properly signed and filed with the application, applicant has provided written authority to permit a participating foreign intellectual property (IP) office access to the instant application-as-filed (see paragraph A in subsection 1 below) and the European Patent Office (EPO) access to any search results from the instant application (see paragraph B in subsection 1 below).

Should applicant choose not to provide an authorization identified in subsection 1 below, applicant **must opt-out** of the authorization by checking the corresponding box A or B or both in subsection 2 below.

**NOTE**: This section of the Application Data Sheet is **ONLY** reviewed and processed with the **INITIAL** filing of an application. After the initial filing of an application, an Application Data Sheet cannot be used to provide or rescind authorization for access by a foreign IP office(s). Instead, Form PTO/SB/39 or PTO/SB/69 must be used as appropriate.

**1. Authorization to Permit Access by a Foreign Intellectual Property Office(s)**

**A. Priority Document Exchange (PDX)** - Unless box A in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the State Intellectual Property Office of the People's Republic of China (SIPO), the World Intellectual Property Organization (WIPO), and any other foreign intellectual property office participating with the USPTO in a bilateral or multilateral priority document exchange agreement in which a foreign application claiming priority to the instant patent application is filed, access to: (1) the instant patent application-as-filed and its related bibliographic data, (2) any foreign or domestic application to which priority or benefit is claimed by the instant application and its related bibliographic data, and (3) the date of filing of this Authorization. See 37 CFR 1.14(h)(1).

**B. Search Results from U.S. Application to EPO** - Unless box B in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the EPO access to the bibliographic data and search results from the instant patent application when a European patent application claiming priority to the instant patent application is filed. See 37 CFR 1.14(h)(2).

The applicant is reminded that the EPO's Rule 141(1) EPC (European Patent Convention) requires applicants to submit a copy of search results from the instant application without delay in a European patent application that claims priority to the instant application.

**2. Opt-Out of Authorizations to Permit Access by a Foreign Intellectual Property Office(s)**

☐ A. Applicant **DOES NOT** authorize the USPTO to permit a participating foreign IP office access to the instant application-as-filed. If this box is checked, the USPTO will not be providing a participating foreign IP office with any documents and information identified in subsection 1A above.

☐ B. Applicant **DOES NOT** authorize the USPTO to transmit to the EPO any search results from the instant patent application. If this box is checked, the USPTO will not be providing the EPO with search results from the instant application.

**NOTE:** Once the application has published or is otherwise publicly available, the USPTO may provide access to the application in accordance with 37 CFR 1.14.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C9 (0044.8 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

**Applicant** 1 Remove

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

Clear

| | | |
|---|---|---|
| ● Assignee | Legal Representative under 35 U.S.C. 117 | Joint Inventor |
| Person to whom the inventor is obligated to assign. | Person who shows sufficient proprietary interest | |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

| | |
|---|---|
| Name of the Deceased or Legally Incapacitated Inventor: | |
| If the Applicant is an Organization check here. | ☒ |
| Organization Name | Shibumi Shade, Inc. |

**Mailing Address Information For Applicant:**

| | | | |
|---|---|---|---|
| **Address 1** | 4039 Atlantic Avenue | | |
| Address 2 | | | |
| **City** | Raleigh | **State/Province** | NC |
| **Country** | US | Postal Code | 27604 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button. Add

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C9 (0044.8 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

**Assignee 1**

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

Remove

If the Assignee or Non-Applicant Assignee is an Organization check here. ☐

| Prefix | **Given Name** | Middle Name | **Family Name** | Suffix |
|---|---|---|---|---|
| | | | | |

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| | | | |
|---|---|---|---|
| **Address 1** | | | |
| Address 2 | | | |
| **City** | | **State/Province** | |
| **Country** i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button. Add

## Signature:

Remove

**NOTE:** This Application Data Sheet must be signed in accordance with 37 CFR 1.33(b). **However, if this Application Data Sheet is submitted with the INITIAL filing of the application and either box A or B is not checked in subsection 2 of the "Authorization or Opt-Out of Authorization to Permit Access" section, then this form must also be signed in accordance with 37 CFR 1.14(c).**

This Application Data Sheet **must** be signed by a patent practitioner if one or more of the applicants is a **juristic entity** (e.g., corporation or association). If the applicant is two or more joint inventors, this form must be signed by a patent practitioner, **all** joint inventors who are the applicant, or one or more joint inventor-applicants who have been given power of attorney (e.g., see USPTO Form PTO/AIA/81) on behalf of **all** joint inventor-applicants.

See 37 CFR 1.4(d) for the manner of making signatures and certifications.

| **Signature** | /Lauren F. Anderson/ | | Date (YYYY-MM-DD) | 2023-06-05 |
|---|---|---|---|---|
| First Name | Lauren | Last Name | Anderson | Registration Number | 69,344 |

Additional Signature may be generated within this form by selecting the Add button. Add

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C9 (0044.8 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

PTO/AIA/82A (07-13)
Approved for use through 03/31/2021. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Title | SHADING SYSTEM AND METHOD OF USE |
| Art Unit | To Be Assigned |
| Examiner Name | To Be Assigned |
| Attorney Docket Number | S105508 1010US.C9 (0044.8) |

**SIGNATURE of Applicant or Patent Practitioner**

| | | | |
|---|---|---|---|
| Signature | /lauren f. anderson/ | Date (Optional) | |
| Name | Lauren F. Anderson | Registration Number | 69,344 |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | Shibumi Shade, Inc. | | |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ *Total of ___________ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 03/31/2021. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| | |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

☑ I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above: 26158

**OR**

☐ I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

☑ The address associated with the above-mentioned Customer Number

**OR**

☐ The address associated with Customer Number:

**OR**

| | | | | | |
|---|---|---|---|---|---|
| ☐ Firm or Individual Name | | | | | |
| Address | | | | | |
| City | | State | | Zip | |
| Country | | | | | |
| Telephone | | Email | | | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

SHIBUMI SHADE, INC.

☐ Inventor or Joint Inventor (title not required below)

☐ Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

☑ Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

☐ Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

**SIGNATURE of Applicant for Patent**

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| | | | |
|---|---|---|---|
| Signature | [signature] | Date (Optional) | 4/14/2020 |
| Name | Dane Barnes | | |
| Title | President | | |

**NOTE:** Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ Total of forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# SHADING SYSTEM AND METHOD OF USE

## CROSS-REFERENCE TO RELATED APPLICATIONS

**[0001]** This application is a non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, the contents of which are hereby incorporated by reference in its entirety.

## TECHNICAL FIELD

**[0002]** The presently disclosed subject matter is directed towards a system and method for providing shade from the sun. Specifically, a transportable system and method of use for providing shade from the sun is disclosed that includes a canopy supported by a singular frame and an engaged counterweight.

## BACKGROUND

**[0003]** Avoiding direct sunlight when outdoors is a ubiquitous problem faced by anyone who spends significant time outdoors. Shading systems of the prior art are typically ineffective or impractical to use for a number of reasons. Some systems include rigid canopy susceptible to being shifted or unanchored by wind. Other systems are cumbersome to transport or assemble, due to the number of parts involved, steps required during setup and/or low shade to weight ratios.

**[0004]** Accordingly, there remains a need for systems and methods including flexible canopy structures capable of being at least partially supported by wind and configured for easy of transport and assembly.

## SUMMARY

**[0005]** This Summary is provided to introduce a selection of concepts in a simplified form that are further described below in the Detailed Description. This Summary is not intended to identify key features or essential features of the claimed subject matter, nor is it intended to be used to limit the scope of the claimed subject matter. Further, the claimed subject matter is not

limited to implementations that solve any or all disadvantages noted in any part of this disclosure.

**[0006]** According to at least one embodiment of the disclosed subject matter, a system for providing shade onto a surface is provided. The system includes a canopy configured for engagement with, and aerial suspension by, a frame; the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections, wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

**[0007]** According to at least one embodiment of the disclosed subject matter, a method of providing shade to a surface is provided. The method includes coupling adjacent sections of a plurality of sections into end-to-end alignment to form a frame from a first end to a second end; sliding the frame through one or more loops of a canopy; securing the left end and the right end of the frame to the surface, thereby aerially suspending the canopy and providing shade to the surface.

**[0008]** According to at least one embodiment of the disclosed subject matter, the system further includes a cable extending through the plurality of sections of the frame from the left end to the right end.

**[0009]** According to at least one embodiment of the disclosed subject matter, the system further includes a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

**[0010]** According to at least one embodiment of the disclosed subject matter, the system further includes at least one loop on a suspension end of the canopy, the loop configured for accepting a portion of the frame therethrough.

**[0011]** According to at least one embodiment of the disclosed subject matter, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

**[0012]** According to at least one embodiment of the disclosed subject matter, the system further includes at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

**[0013]** According to at least one embodiment of the disclosed subject matter, wherein the at least one strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

**[0014]** According to at least one embodiment of the disclosed subject matter, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

**[0015]** According to at least one embodiment of the disclosed subject matter, wherein the at least one strap is elastic.

**[0016]** According to at least one embodiment of the disclosed subject matter, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

**[0017]** According to at least one embodiment of the disclosed subject matter, the system further includes a container for housing and transporting all of the other components of the system.

**[0018]** According to at least one embodiment of the disclosed subject matter, wherein the container is also an anchor for housing weight, the container coupled to a cord, the cord engageable with, or coupled to, the canopy or frame.

**[0019]** According to at least one embodiment of the disclosed subject matter, wherein the cord is attached to an interior bottom of the container for inverting the container to serve as the anchor for housing weight.

**[0020]** According to at least one embodiment of the disclosed subject matter, wherein the container includes an interior compartment for housing the sections separate from the canopy.

**[0021]** According to at least one embodiment of the disclosed subject matter, the method further includes filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

**[0022]** According to at least one embodiment of the disclosed subject matter, wherein coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

**[0023]** According to at least one embodiment of the disclosed subject matter, the method further includes unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

**[0024]** According to at least one embodiment of the disclosed subject matter, the method further includes wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

**[0025]** According to at least one embodiment of the disclosed subject matter, the method further includes fastening the at least one strap for locking the strap into position.

## BRIEF DESCRIPTION OF THE DRAWINGS

**[0026]** The foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however, the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed.

**[0027]** FIG. 1 is a perspective view of a system for providing shade according to one or more embodiments of the presently disclosed subject matter.

**[0028]** FIG. 2 is a front view of a frame in a transport configuration according to one or more embodiments of the presently disclosed subject matter.

**[0029]** FIG. 3 is a perspective view of at least one strap engageable with a canopy according to one or more embodiments of the presently disclosed subject matter.

**[0030]** FIG. 4 is a perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter.

**[0031]** FIG. 5 is a perspective view of a container serving as an anchor according to one or more embodiments of the presently disclosed subject matter.

**[0032]** FIG. 6 is a perspective view of the container housing the system for shading according to one or more embodiments of the presently disclosed subject matter.

**[0033]** FIG. 7 is a perspective view of the container having a compartment for housing sections of the frame according to one or more embodiments of the presently disclosed subject matter.



Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 50 of 420

## DETAILED DESCRIPTION

**[0034]** These descriptions are presented with sufficient details to provide an understanding of one or more particular embodiments of broader inventive subject matters. These descriptions expound upon and exemplify particular features of those particular embodiments without limiting the inventive subject matters to the explicitly described embodiments and features. Considerations in view of these descriptions will likely give rise to additional and similar embodiments and features without departing from the scope of the inventive subject matters. Although the term "step" may be expressly used or implied relating to features of processes or methods, no implication is made of any particular order or sequence among such expressed or implied steps unless an order or sequence is explicitly stated.

**[0035]** Any dimensions expressed or implied in the drawings and these descriptions are provided for exemplary purposes. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to such exemplary dimensions. The drawings are not made necessarily to scale. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to the apparent scale of the drawings with regard to relative dimensions in the drawings. However, for each drawing, at least one embodiment is made according to the apparent relative scale of the drawing.

**[0036]** FIG. 1 depicts one embodiment of a system 10 for providing shade 1 onto a surface 2. The system 10 may include a canopy 12 configured for engagement with, and aerial suspension by, a frame 14. The canopy 12 may include one or more lightweight materials, the material including one or more of the following properties: ripstop, polyester, blackout, light diffusion, light modification, and waterproof. The canopy 12 may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable sections 44.

**[0037]** According to some embodiments, the canopy 12 may define a suspension end 42 positioned proximal to the frame 14 when the canopy 12 is engaged with the frame 14. The suspension end 42 may include one or more suspension fasteners 46 for engaging the canopy 12 with the frame 14. Fasteners 46, 52, 54, as used herein, may include any fasteners of the prior art, including but not limited to hooks and loops, male and female buttons, hook and slit or aperture, and/or magnets. FIG. 1 depicts the canopy 12 defining at least one loop 40 on the suspension end

42 of the canopy, the loop 40 configured for accepting a portion 26 of the frame 14 therethrough. Although the loop 40 of FIG. 1 extends the entire length of the suspension end 42, the loop 40, or plurality of loops 40, may only extend a smaller distance of the suspension end 42. In some embodiments, one or more loops 40 may include tie strings for engaging the suspension end 42 with the frame 14.

**[0038]** The canopy 12 may be configured to suspend or be stored in any number of shapes and sizes. In some embodiments, the canopy 12 may define one or more vent holes and/or wind socks for permitting wind to pass therethrough. In other embodiments, the canopy 12 may define tails extending from a side opposite the suspension end 42.

**[0039]** While the suspension end 42, suspension fasteners 46 and loop(s) 40 engage the canopy 12 to the frame 14, in some embodiments, additional securing mechanisms may be desired to secure the canopy 12 into position relative to the frame 14. FIGS. 1 and 3 depict embodiments of the system 10 including at least one strap 50 engageable with, or coupled to, the canopy 12 for securing the canopy 12 into position relative to the frame 14. The at least one strap 50 may be elastic rubber, gear ties, bungee cord, rope or any other material capable of wrapping about the frame 14 or other component of the system 10. The at least one strap 50 may engage or couple to the canopy 12 on either or both ends of the suspension end 42 and/or to the loop 40 of the suspension end 42. Each of the straps 50 may be configured to wrap about the frame 14, or engage the frame 14 using a strap fastener 52 and/or a canopy or frame fastener 54. In some embodiments, a strap 50 may include a canopy fastener 54 for engaging the canopy 12 (e.g., a ball at one end of the strap 50 for engaging a grommeted aperture of the canopy 12), and the strap 50 may be manipulated about the frame 14. Alternatively, a strap 50 may include both a strap fastener 52 on one end and a canopy fastener 54 on the other end for wrapping the strap 50 about the frame 14 and fastening the fasteners 52, 54 together (see, e.g., FIG. 3). In yet another alternative, the strap 50 may include be coupled or engaged to the canopy 12 on one end and include a frame fastener 54 on the other end for engaging the canopy 12 to the frame 14.

**[0040]** The at least one strap 50 may be comprised of any number of materials, including but not limited to one or more of the following: fabric, rubber, plastic, and metal. In some embodiments, the at least one strap 50 may have a higher friction of coefficient with respect to the frame 14 relative to the canopy 12 with respect to the frame 14. For example, if the canopy

12 includes polyester fabric and the at least one strap 50 includes rubber, then the friction of coefficient with a metal or plastic frame 14 would be higher for the strap than for the canopy 12. In some embodiments, the at least one strap 50 may be elastic. Being able to stretch the at least one strap 50 about the frame 14 when engaging the strap 50 thereto can greatly increase the friction between the strap 50 and the frame 14, particularly if the strap 50 is also fastened to itself after wrapping.

**[0041]** According to some embodiments, the frame 14 of the system 10 may include, or consist essentially of, a plurality of sections 24 configured for end-to-end alignment from a left end 20 of the frame 14 to a right end 22 of the frame 14. Each of the sections 24 may be further configured to engage with any adjacent sections 24. When two or more or all of the sections 24 are aligned end-to-end and engaged with adjacent sections 24, the frame 14 may be positioned to receive and support the canopy 12. In some embodiments, the sections 24 are arranged telescopically, where each adjacent section 24 may be housed within, and extend from each adjacent section 24. In other embodiments, as depicted in FIG. 2, many of the sections include both a male end 62 and a female end 60 for engaging adjacent sections 24 to each other to construct the supporting frame 14. In some embodiments, all but one of the sections 24 includes a female end 60 for accepting a male end 62 of one of the adjacent sections 24 therein.

**[0042]** During transport, the sections 24 may be compactly configured as depicted in FIG. 2. A first section 64 may define the left end 20 of the frame 14 and a last section 66 may define the right end 22 of the frame 14. The first section 64 may include a single male end 62 or female end 60, with the other end being the left end 20 and/or cap 68 (FIG. 2 depicts first section 64 having a male end 62 and cap 68). A last section 66 may similarly include a single male end 62 or female end 60, with the other end being the right end 22 and/or cap 68 (FIG. 2 depicts last section 66 having a female end 60 and cap 68). The cap may serve to close off an end of the first and/or last section 64, 66 for preventing sand from entering therein and for securing the cable 30, as described below.

**[0043]** As depicted in FIG. 2, the system 10 may further include a cable 30 extending through the plurality of sections 24 of the frame 12 from the left end 20 to the right end 22. The cable 30 may be elastic so that the sections 24 may be maneuvered between a transport configuration (e.g., FIG. 2) and a supporting configuration (e.g., FIG. 1), yet still remain adjacent

and aligned end-to-end, the cable 30 providing supporting tension to the end-to-end alignment of the supporting configuration. The cable 30 may be affixed to an interior and/or cap 68 of the first section 64 and second section 66. The cable 30 may also be affixed to interiors of any of the other sections 24.

**[0044]** When the frame 14 is in the transport configuration, and a cable 30 extends through the sections 24 of the frame 14, the male and female ends 60, 62, and/or the cable 30 itself, may be configured to prevent degradation or injury to the cable 30. Looking to FIG. 2, any pressure applied to the sections 24 from the top of the figure or the bottom of the figure may create injury to the cable 30 where it is exposed between the male and female ends 60, 62. Therefore, the female ends 60 and/or male ends 62 may define grooves for permitting passage of the cable therebetween such that any objects applying pressure from the top or bottom of the figure would apply that pressure directly to the ends 60, 62 and not onto the cable 30, effectively clipping the cable between the end 60, 62 and the object. The cable 30 may include reinforcements at the exposed sections between the ends 60, 62 when in the transport configuration. The reinforcements may include additional layers of fabric, metal-reinforced cylinders, and/or thicker elastic bands.

**[0045]** In some embodiments of the system 10, the sections 24 of the frame 12 may form a curved shape when in the supporting configuration. In other embodiments, the sections 24 may form other shapes or designs when in the supporting configuration. A curved shape may be formed when the male and female ends 60, 62 are co-extensive with curved axis the remaining portions of the sections 24. To form other designs, the female ends 60 and/or male ends 62 may be shaped for creating non-co-extensive angles with respect to the axis of the remaining portions of the sections 24. For example, a female end 60 engaging two sections may be shaped in a right angle, thereby creating an ‘L’ shape when the two adjacent sections are engaged. Other female ends 60 may be shaped at other angles, thereby creating a design or pattern when all of the sections 24 are engaged and the frame is in the supporting configuration.

**[0046]** Referencing FIGS. 4 and 5, the system 10 may further include a cord 32 engaged with, or coupled to, an anchor 34, the canopy 12, and/or the frame 14 for providing support to the frame 14 when in the supporting configuration. The anchor 34 may be configured for housing weight 36. The cord 32 may be engaged with or coupled to the canopy 12 and/or frame 14 at an

apex of the canopy 12 and/or frame 14. For example, if the ends 20, 22 of the frame 14 are secured within sand on a beach, the anchor 34 may be filled with sand acting as the weight 36. The system 10 may further include a hoop 33 or other fastener, such as the fasteners described herein, engaged with, or coupled to, the canopy 12 or frame 14 with which the cord 12 may be engaged or coupled (e.g., see FIG. 4 embodiment where the hoop 33 is coupled to the canopy 12).

**[0047]** FIG. 6 depicts an embodiment of the system 10 further including a container 70 for housing and transporting all of the other components of the system 10. The container 70 may include a band 76 for transporting the container 70 about the shoulder or in the palm of a user 3. The band 76 may be configured to be a handle and/or may be selectively engageable with the container 70 for storage therein. The container 70 may include a drawstring 78 or other closing mechanism for securing the contents of the system 10 therewithin.

**[0048]** The container 70 may also be the anchor 34 for housing weight 36 (see, e.g., FIG. 5). In some embodiments, the container 70 may be inverted for housing weight 36 for ensuring that minimal amounts of weight 36 remain in the container once re-inverted so that the contents of the system 10 are not disturbed by any weight 36 during transportation and/or storage of the system 10. The cord 32 may be engaged with or coupled to an interior 72 of the container 70 for inverting the container 70. The cord 32 may be engaged with or coupled to the bottom 74 of the container 70 for permitting full inversion, or at a mid-point 75 of the container 70 for permitting half inversion of the container 70 (see, e.g., FIG. 7). In other embodiments, the cord 32 may be selectively engaged or coupled with an exterior 73 of the container 70.

**[0049]** For example, when the contents of the system 10 are removed from the container 70, the cord 32 may be pulled away from the container 70 while the container 70 is held into position (or pushed away from the cord 32), thereby inverting the container 70 to serve as the anchor 34. When the cord 32 is engaged or coupled to an interior 72 and bottom 74, the pulling of the cord 32 may result in the full inversion of the container 70. When the cord is engaged or coupled to an interior 72 and mid-point 75, the pulling of the cord 32 may result in a half inversion of the container 70. If the container 70 includes a compartment 77 as described herein, then the inversion of the container 70 may result in the compartment 77 being exterior to the anchor 34 and any weight 36.

**[0050]** FIG. 7 illustrates the container 70 including a compartment 77 positioned on the interior 72 for housing the sections 24 separate from the canopy 12. The compartment 77 may be engageable with or coupled to the interior 72 of the container 70. The compartment 77 may be sewn to the interior 72 of the container 70 along a single seam or multiple seams. A drawstring or other closing mechanism 78 may be included on the container 70 for cinching close an open side 79 of the container. Although FIG. 7 depicts the seam of the compartment 77 only connecting a portion of the compartment length to the container 70, other embodiments may include the entire length of the compartment 77 being sewn to the container 70.

**[0051]** The left end 20 and the right end 22 of the frame 14 may be each be embedded in the surface 2. The ends 20, 22 may define a conical shape or a corkscrew shape for ease of penetration of the surface 2. Additional anchor(s) 35 may be engaged or coupled to the left end 20 and/or right end 22 for further securing the frame 14 into position. In embodiments where a tail is defined by the canopy 12, the tail may be engaged with or coupled to an additional anchor 34 for securing the canopy 12 into position for providing shade 1 to the surface 2. In yet additional embodiments, an additional suspension end 43 may be defined by the canopy 12. The additional suspension end 43 may include any of the features and characteristics described herein attributed to the suspension end 42. For example, the additional suspension end 43 may form an additional loop 41 for engaging or coupling an additional frame 15, thereby further suspending the canopy 12 from both the frame 14 and the additional frame 15.

**[0052]** In addition to the methods of using the system 10 described herein, the following additional methods of using the system 10 are provided. A method of providing shade 1 to a surface 2 may include unpacking or removing the frame 14 and the canopy 12 from the container 70. Adjacent sections 24 of the plurality of sections 24 may be engaged or coupled into end-to-end alignment to configure the frame 14 from a left end 20 to a right end 22 into a supporting configuration. The frame 14 may slide through one or more loops 40 of the canopy 12 and/or may be engaged with the suspension end 42 of the canopy 12. The ends 20, 22 of the frame 14 may be secured to the surface 2, thereby aerially suspending the canopy 12 and providing shade 1 to the surface 2.

**[0053]** The canopy 12 may be secured into position relative to the frame 14 by wrapping at least one strap 50 about the frame 14 and/or fastening the at least one strap 50 to or about the

frame 14. The cord may be engaged with the canopy 12, frame 14 and/or anchor 34. The anchor 34 may be filled with weight 36. Additional anchors 35 may be engaged with the ends 20, 22, additional frame 15 and/or tail of the canopy 12. The additional anchors 35 may be filled with weight 36.

**[0054]** Particular embodiments and features have been described with reference to the drawings. It is to be understood that these descriptions are not limited to any single embodiment or any particular set of features, and that similar embodiments and features may arise or modifications and additions may be made without departing from the scope of these descriptions and the spirit of the appended claims.

## CLAIMS

The invention claimed is:

1. A system for providing shade onto a surface, comprising:

a canopy configured for engagement with, and aerial suspension by, a frame;

the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections,

wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

2. The system of claim 1, further comprising a cable extending through the plurality of sections of the frame from the left end to the right end.

3. The system of claim 1, further comprising a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

4. The system of claim 1, wherein the canopy includes at least one loop on a suspension end, the loop configured for accepting a portion of the frame therethrough.

5. The system of claim 4, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

6. The system of claim 1, further comprising at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

7. The system of claim 6, wherein the at least one strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

8. The system of claim 6, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

9. The system of claim 6, wherein the at least one strap is elastic.

10. The system of claim 1, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

11. The system of claim 1, further comprising a container for housing and transporting all of the other components of the system.

12. The system of claim 11, wherein the container is also an anchor for housing weight, the container engageable with, or coupled to, a cord, the cord engageable with, or coupled to, the canopy or frame.

13. The system of claim 12, wherein the cord is coupled to an interior of the container for inverting the container to serve as the anchor for housing weight.

14. The system of claim 11, wherein the container includes an interior compartment for housing the sections separate from the canopy.

15. A method of providing shade to a surface, comprising:

coupling adjacent sections of a plurality of sections into end-to-end alignment to form a frame from a first end to a second end;

sliding the frame through one or more loops of a canopy;

securing the left end and the right end of the frame to the surface,

thereby aerially suspending the canopy and providing shade to the surface.

16. The method of claim 15, further comprising filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

17. The method of claim 15, wherein the coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

18. The method of claim 15, further comprising unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

19. The method of claim 15, further comprising wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

20. The method of claim 19, further comprising fastening the at least one strap for locking the strap into position.

**ABSTRACT**

A system for providing shade onto a surface is described herein. The system includes a canopy configured for engagement with, and aerial suspension by, a frame. The frame includes a plurality of sections configured for end-to-end alignment from a left end to a right end of the frame. Each section is configured to engage with any adjacent sections to form the frame. The ends of the frame are secured to the surface, thereby aerially suspending the canopy and providing shade to the surface.

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | *To Be Assigned* |
| Appl. No.: | *To Be Assigned* | Group Art Unit: | *To Be Assigned* |
| Filed: | *Concurrently Herewith* | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**PRELIMINARY AMENDMENT**
**37 CFR § 1.115**

Sir:

Please enter this Preliminary Amendment before calculating the claim fee and amend the above-identified application as follows:

**Amendments to the Specification** begin on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 3 of this paper.

**Remarks** begin on page 6 of this paper.




Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 62 of 420

Amendments to the Specification:

On page 1, after the title of the invention, please amend the following paragraph:

CROSS-REFERENCE TO RELATED APPLICATIONS

This application is a continuation of U.S. Application No. 18/072,143, filed November 30, 2022, which is continuation of U.S. Application No. 17/471,658, filed September 10, 2021, and a continuation of U.S. Application No. 17/343,114, filed June 9, 2021, which granted December 27, 2022, as U.S. Patent No. 11,536,046, which is a continuation of U.S. Application No. 17/232,799, filed April 16, 2021, which granted April 25, 2023, as U.S. Patent No. 11,634,924, which is a continuation of U.S. Application No. 16/987,886, filed August 7, 2020, which granted September 7, 2021, as U.S. Patent No. 11,111,690, which is a continuation of U.S. Patent No. 16/224,465, filed December 18, 2018, which granted August 25, 2020, as U.S. Patent No. 10,753,117, which is a continuation of U.S. Application No. 15/675,715, filed August 12, 2017, which granted January 29, 2019, as U.S. Patent No. 10,190,330, which is a non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, ~~the contents of which are hereby incorporated by reference in its entirety~~ which applications are hereby incorporated by reference in their entirety in this application.

<u>Amendments to the Claims</u>:

1. – 20. (Canceled)

21. (New) A system for providing shade onto a surface, the system comprising:
a frame engageable with the surface;
a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being coupleable with the frame about a portion of the frame.

22. (New) The system of claim 21, wherein the canopy is a unitary canopy or comprises a plurality of sheets of material coupleable together.

23. (New) The system of claim 22, wherein the plurality of sheets of material are selectively coupled together so that a first canopy is coupled with the frame about a suspension end and a suspension end of a second canopy is removeably coupled to a trailing end of the first canopy.

24. (New) The system of claim of claim 21, wherein the canopy has at least one set of parallel sides.

25. (New) The system of claim 24, wherein the canopy has two sets of parallel sides.

26. (New) The system of claim 21, wherein the canopy comprises one or more vent holes defined within the canopy, one or more tails extending therefrom, one or more wind socks, or a combination thereof.

27. (New) The system of claim 21, wherein the trailing end of the canopy is spaced apart from the portion of the frame such that when a wind force is applied to the canopy, the canopy extends at an angle relative to the surface, the angle varying with the wind force, and when there is de minimis wind force, the canopy is in contact with the surface at the trailing end.

28. (New) The system of claim 21, wherein the frame comprises a plurality of longitudinally-extending sections.

29. (New) The system of claim 28, wherein the plurality of longitudinally-extending sections are arrangeable so that at least a first longitudinally-extending section and a second longitudinally-extending section are each engageable with the surface at first ends thereof and are coupleable to one another about opposing, second ends or are each respectively coupleable to first and second ends of at least one intermediate longitudinally-extending section arranged therebetween.

30. (New) The system of claim 28, further comprising a cable extending through the plurality of longitudinally-extending sections of the frame from the first end of the first longitudinally-extending section to the first end of the second longitudinally-extending section and any of the at least one intermediate longitudinally-extending sections arranged therebetween.

31. (New) The system of claim 28, wherein the plurality of longitudinally-extending sections are arrangeable so that they are non-coextensive relative to one another.

32. (New) The system of claim 31, wherein a first longitudinally-extending section is engaged with the surface and a second, non-coextensive longitudinally-extending section is engaged with the first longitudinally-extending section so that the second, non-coextensive longitudinally-extending section is arranged at a non-zero angle relative to a longitudinal axis of the first longitudinally-extending section, and wherein the suspension end of the canopy is coupleable to the second, non-coextensive longitudinally-extending section.

33. (New) The system of claim 28, wherein the plurality of longitudinally-extending sections are arranged telescopically with one another such that a second longitudinally-extending section is receivable in and extendable from a first longitudinally-extending section.

34. (New) The system of claim 21, wherein the frame comprises a singular, longitudinally-extending section.

35. (New) The system of claim 21, wherein the frame is directly engageable with the surface.

36. (New) The system of claim 21, further comprising two frames each being engageable with the surface, wherein the canopy is coupleable with the first frame about the suspension end and the canopy is coupleable with the second frame about the opposing trailing end.

37. (New) The system of claim 21, further comprising an object engageable with the frame or with the canopy to act as a counterweight against a wind force applied to the canopy so that the frame remains engaged with the surface when the wind force is applied to the canopy.

38. (New) The system of claim 21, further comprising a cord having a first end and a second end, the first end or the second end of the cord being coupleable to the frame or the canopy.

39. (New) The system of claim 38, further comprising an anchor coupleable to the other of the second end or the first end of the cord and being in contact with the surface so that the frame remains engaged with the surface when a wind force is applied to the canopy.

40. (New) A kit comprising packaging containing at least:

a frame according to claim 21;

a canopy according to claim 21;

a fastener capable being coupled to or engaged with the trailing end of the canopy;

an anchor capable of being in contact with the surface; and

a cord capable of being coupled to or engaged between the fastener and the anchor.

**REMARKS**

With this preliminary amendment, claims 1-20 are canceled and claims 21-40 are added. No new matter is added by way of this amendment. Claims 21-40 are pending.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON JUNE 5, 2023.**

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | | 1820 | S105508 1010US.C9 (0044.8 | 20 | 1 |

**CONFIRMATION NO. 7778**

**FILING RECEIPT**

*OC000000058594166*

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

Date Mailed: 06/27/2023

Receipt is acknowledged of this non-provisional utility patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF FIRST INVENTOR, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection.

**Please verify the accuracy of the data presented on this receipt.** If an error is noted on this Filing Receipt, please submit a written request for a corrected Filing Receipt, including a properly marked-up ADS showing the changes with strike-through for deletions and underlining for additions. If you received a "Notice to File Missing Parts" or other Notice requiring a response for this application, please submit any request for correction to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections provided that the request is grantable.

**Inventor(s)**

Dane Brooks Barnes, Raleigh, NC;
Alexander Griffith Slater, Raleigh, NC;
Scott Christian Barnes, Raleigh, NC;

**Applicant(s)**

Shibumi Shade, Inc., Raleigh, NC;

**Power of Attorney:** The patent practitioners associated with Customer Number 26158

**Domestic Priority data as claimed by applicant**

This application is a CON of 18/072,143 11/30/2022
which is a CON of 17/471,658 09/10/2021
which is a CON of 17/232,799 04/16/2021 PAT 11,634,924
and said 18/072,143 11/30/2022 is a CON of 17/343,114 06/09/2021 PAT 11,536,046
which is a CON of 17/232,799 04/16/2021 PAT 11,634,924
which is a CON of 16/987,886 08/07/2020 PAT 11,111,690
which is a CON of 16/224,465 12/18/2018 PAT 10,753,117
which is a CON of 15/675,715 08/12/2017 PAT 10,190,330
which claims benefit of 62/409,426 10/18/2016

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*



Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 68 of 420

**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 06/22/2023

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 18/329,082**

**Projected Publication Date:** 10/05/2023

**Non-Publication Request:** No

**Early Publication Request:** No
**Title**

SHADING SYSTEM AND METHOD OF USE

**Preliminary Class**

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

## LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor

community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

## PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

Application or Docket Number
18/329,082

### APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 320 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 700 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 800 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 minus 20 = | * 0 | | | OR | x = | 0 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 1 minus 3 = | * | | | | x = | 0 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 1820 |

### APPLICATION AS AMENDED - PART II

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus | ** | = | x = | | OR | x = | |
| Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x = | | OR | x = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE($) | ADDITIONAL FEE($) | OR | RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus | ** | = | x = | | OR | x = | |
| Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x = | | OR | x = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 |

**CONFIRMATION NO. 7778**

**PUBLICATION NOTICE**

*OC000000062914350*

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

Date Mailed: 10/05/2023

**Title:**SHADING SYSTEM AND METHOD OF USE

**Publication No.**US-2023-0313555-A1
**Publication Date:**10/05/2023

## NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Public Records Division. The Public Records Division can be reached by telephone at (571) 272-3150 or (800) 972-6382, by facsimile at (571) 273-3250, by mail addressed to the United States Patent and Trademark Office, Public Records Division, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently https://portal.uspto.gov/pair/PublicPair. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101



Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 73 of 420

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **10/13/2023 05:25:34 PM ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 62993117 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 06/05/2023 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E20230CH26438004** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1202 | EACH CLAIM IN EXCESS OF 20 | 100.00 | 1 | 100.00 |
| | | | **TOTAL AMOUNT:** | **$100.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C.

371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **10/13/2023 05:25:34 PM ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 62993117 | FILING DATE | 06/05/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 8

| DOCUMENT | | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|---|
| S105508_1010US_C9_0044_8_Second_Preliminary_Amendment.pdf | | 6 | - | 108 KB |
| S105508_1010US_C9_0044_8_Second_Preliminary_Amendment-A.PE.pdf | (1-1) | 1 | Preliminary Amendment | 97 KB |
| S105508_1010US_C9_0044_8_Second_Preliminary_Amendment-CLM.pdf | (2-5) | 4 | Claims | 84 KB |
| S105508_1010US_C9_0044_8_Second_Preliminary_Amendment-REM.pdf | (6-6) | 1 | Applicant Arguments/Remarks Made in an Amendment | 80 KB |

| | | | |
|---|---|---|---|
| S105508_1010US_C9_0044_8_Suppl_IDS_1449.pdf | 2 | Information Disclosure Statement (IDS) Form (SB08) | 172 KB |

Warning: This is not a USPTO supplied IDS fillable form. Data in the form cannot be automatically loaded to other USPTO systems.

| | | | |
|---|---|---|---|
| S105508_1010US_C9_0044_8_Suppl_IDS_Cover.pdf | 1 | Transmittal Letter | 120 KB |
| NPL-Shibumi_Shade_Facebook.pdf | 5 | Non Patent Literature | 241 KB |
| NPL-Upgrade_Your_Shade.pdf | 4 | Non Patent Literature | 625 KB |
| NPL-Solbello_Shade_Training_Video.pdf | 3 | Non Patent Literature | 2523 KB |

**Digest**

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C9_0044_8_Second_Preliminary_Amendment.pdf | 5A1A594B8D824D0E5D57014D3B5B86B47C21B8503FF81E1BFA81AD22C463925AA00038396A110F8B321CE7EBE26404912A128E1F1CDEF4E625966A4FCFC7FEAF |
| S105508_1010US_C9_0044_8_Second_Preliminary_Amendment-A.PE.pdf | 27C799E2CF9147ADA96C217BEE3B843A85AB839D8716384487C5E53550F1AF2FD73329C40857C95CF45E1DB636E51E6359F81B66586027E783A8C5DCF8A02671 |
| S105508_1010US_C9_0044_8_Second_Preliminary_Amendment-CLM.pdf | 51A14E7783B380BD3A75FFE32EB0B65A418A471D0AA1BADFECA985FC81CE26B9DFFA0644D61DB93FD51F15951F96539D99EF8A6EE37E81AB77BA10B892024BC3 |
| S105508_1010US_C9_0044_8_Second_Preliminary_Amendm | C808EE6F60CCE652ADCC23F8BE37E76F9F42A893EC1AA0E2E16A7182B97AD2F84EC9A02E7B82D28FEA459F014527FF1CB |

| | |
|---|---|
| ent-REM.pdf | 3758D79264994FA243AF4DD9569A46F |
| S105508_1010US_C9_0044_8_Suppl_IDS_1449.pdf | A53A729E66BAC1B757111FC59B03C5A79BEFB42F7F10349310A41B17B09AF357CAE235BFA15A46D21EA09C3E11A91FC6C32B94569FDC65BC0F0DC9130B239B38 |
| S105508_1010US_C9_0044_8_Suppl_IDS_Cover.pdf | EF1421CF0EDB43DD3EC05B3ED00533C8D9C9A2E63E9F0726A9B3ADE45876CA9C24307AEE9B0A1BE1372637636F1D2B9E78B69F8D119510D9E35528D9C0769048 |
| NPL-Shibumi_Shade_Facebook.pdf | 6C0FE201C38E1A958157C41FB2FFFE94A0FEA5EC647B3A6112EAB1982DCC9275C7EB773BBB8767ED245F7420A58DCD4B82C6DA748D0389B99BE39859A211032E |
| NPL-Upgrade_Your_Shade.pdf | 9FE08AEA1C7B12A947617B9C089BAF1449304D77F0F335462560D6F38B64C7FB3FAC1C8FA679BDC53FB4A364CAFD8C28D47752A9C07B9B4AE9047FA8DBEA6268 |
| NPL-Solbello_Shade_Training_Video.pdf | A66A2E00ED08B75D1920D00B55FD6815757F49760A89E3E0E8A3C923723ED67BDB1134B2CCD13C92BF05F8956919558C446A8920E3CBE2FF86654AB7BAAC3663 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 18/329,082 |
| | | | | Filing Date | June 5, 2023 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 2 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-4,612,948 | 09-23-1986 | Simpson | |
| | 2 | US-10,174,507 | 01-08-2019 | Henbid *et al.* | |
| | 3 | US-11,634,924 | 04-25-2023 | Barnes *et al.* | |
| | 4 | US-11,686,120 | 06-27-2023 | Yates | |
| | 5 | US-D287,041 | 12-02-1986 | Gitchel *et al.* | |
| | 6 | US-D420,751 | 02-15-2000 | Powell *et al.* | |
| | 7 | US-D438,589 | 03-06-2001 | Brown | |
| | 8 | US-D605,308 | 12-01-2009 | Combs | |
| | 9 | US-D670,003 | 10-30-2012 | Lovely, II | |
| | 10 | US-D681,762 | 05-07-2013 | Kayser | |
| | 11 | US-D681,765 | 05-07-2013 | Kayser | |
| | 12 | US-D844,824 | 04-02-2019 | LeMoine *et al.* | |
| | 13 | US-D884,816 | 05-19-2020 | Goldberg | |
| | 14 | US-D914,827 | 03-30-2021 | Koehler | |
| | 15 | US-D920,461 | 05-25-2021 | Yang | |
| | 16 | US-D973,572 | 12-27-2022 | Min | |
| | 17 | US-D973,824 | 12-27-2022 | Wu | |
| | 18 | US-D989,350 | 06-13-2023 | Barnes *et al.* | |
| | 19 | US-D990,605 | 06-27-2023 | Barnes *et al.* | |
| | 20 | US-D993,454 | 07-25-2023 | McKenna *et al.* | |
| | 21 | US-D993,455 | 07-25-2023 | McKenna *et al.* | |
| | 22 | US-2007/0221261 | 09-27-2007 | Bean | |
| | 23 | US-2014/0020727 | 01-23-2014 | Kayser | |
| | 24 | US-2017/0362849 | 12-21-2017 | Munnerlyn | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 13, 2023.*

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 18/329,082 |
| | | | | Filing Date | June 5, 2023 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 2 | of | 2 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

**U. S. PATENT DOCUMENTS**

| | | | | | |
|---|---|---|---|---|---|
| | 25 | US-2021/0293046 | 09-23-2021 | Barnes *et al.* | |
| | 26 | US-2023/0126867 | 04-27-2023 | Barnes *et al.* | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | | | | | | |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 27 | Solbello Shade Training Video, YouTube, April 20, 2023, https://www.youtube.com/watch?v=wd3XV9hADZc | |
| | 28 | "No Wind Kit for Beach Shades," Upgrade Your Shade, https://www.upgradeyourshade.com/product/upgrade-your-shade-kit Retrieved 2023 | |
| | 29 | Shibumi Shade, posted 10/12/2018 [online], [retrieved 01/19/2023], Retrieved from internet, https://www.facebook.com/shibumishade/ (Year: 2018) | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 13, 2023.*

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | *To Be Assigned* |
| Filed: | June 5, 2023 | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**SECOND PRELIMINARY AMENDMENT**
**37 CFR § 1.115**

Sir:

Please enter this Preliminary Amendment before calculating the claim fee and amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 6 of this paper.

Amendments to the Claims:

1. – 20. (Canceled)

21. (Previously Presented) A system for providing shade onto a surface, the system comprising:

a frame engageable with the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being coupleable with the frame about a portion of the frame.

22. - 25. (Canceled)

26. (Previously Presented) The system of claim 21, wherein the canopy comprises one or more vent holes defined within the canopy, one or more tails extending therefrom, one or more wind socks, or a combination thereof.

27. (Previously Presented) The system of claim 21, wherein the trailing end of the canopy is spaced apart from the portion of the frame such that when a wind force is applied to the canopy, the canopy extends at an angle relative to the surface, the angle varying with the wind force, and when there is de minimis wind force, the canopy is in contact with the surface at the trailing end.

28. (Previously Presented) The system of claim 21, wherein the frame comprises a plurality of longitudinally-extending sections.

29. (Previously Presented) The system of claim 28, wherein the plurality of longitudinally-extending sections are arrangeable so that at least a first longitudinally-extending section and a second longitudinally-extending section are each engageable with the surface at first ends thereof and are coupleable to one another about opposing, second ends or are each respectively

coupleable to first and second ends of at least one intermediate longitudinally-extending section arranged therebetween.

30. (Previously Presented) The system of claim 28, further comprising a cable extending through the plurality of longitudinally-extending sections of the frame from the first end of the first longitudinally-extending section to the first end of the second longitudinally-extending section and any of the at least one intermediate longitudinally-extending sections arranged therebetween.

31. - 34. (Canceled)

35. (Previously Presented) The system of claim 21, wherein the frame is directly engageable with the surface.

36. (Canceled)

37. (Previously Presented) The system of claim 21, further comprising an object engageable with the frame or with the canopy to act as a counterweight against a wind force applied to the canopy so that the frame remains engaged with the surface when the wind force is applied to the canopy.

38. (Previously Presented) The system of claim 21, further comprising a cord having a first end and a second end, the first end or the second end of the cord being coupleable to the frame or the canopy.

39. (Previously Presented) The system of claim 38, further comprising an anchor coupleable to the other of the second end or the first end of the cord and being in contact with the surface so that the frame remains engaged with the surface when a wind force is applied to the canopy.

40. (Currently Amended) A kit comprising packaging containing at least:

a frame according to claim 21;

a canopy according to claim 21;

a fastener coupleable to ~~capable being coupled to~~ or engaged with the trailing end of the canopy;

an anchor capable of being in contact with the surface; and

a cord coupleable to ~~capable of being coupled to~~ or engaged between the fastener and the anchor.

41. (New) A system for providing shade onto a surface, the system comprising:

a fastener coupleable to or engaged with a trailing end of a canopy extending between a suspension end and the trailing end, the suspension end of the canopy being coupleable with a portion of the frame, the frame being engageable with the surface in a supporting configuration;

a cord having a first end and a second end, one of the first end and the second end of the cord coupleable to or engaged with the fastener; and

an anchor coupleable to or engaged with the other of the first end and the second end of the cord.

42. (New) The system of claim 41, wherein the fastener comprises a first engagement portion and a second engagement portion, each of the first engagement portion and the second engagement portion of the fastener coupleable to or engaged with the canopy.

43. (New) The system of claim 42, wherein the first engagement portion and the second engagement portion of the fastener are formed as separable components.

43. (New) The system of claim 42, wherein, in the supporting configuration, the first engagement portion of the fastener is arranged on one side of the canopy and the second engagement portion of the fastener is arranged on an opposing side of the canopy, such that the canopy is sandwiched between the first engagement portion and the second engagement portion of the fastener.

44. (New) The system of claim 41, wherein the anchor comprises a container, the container capable of housing weight.

45. (New) The system of claim 44, wherein the cord is coupleable to or engaged with an interior or exterior of the container.

46. (New) The system of claim 44, wherein the container is capable of acting as the anchor and for transporting at least one component of the system.

47. (New) The system of claim 41, wherein the cord has elastic properties.

48. (New) The system of claim 44, wherein the weight is sand.

49. (New) The system of claim 41, wherein a material of the canopy differs from a material of the fastener.

## REMARKS

With this second preliminary amendment, claim 39 is amended and claims 41-49 are added, while claims 22-25, 31-34, and 36 are canceled for purposes of reducing additional claim fees and without prejudice. Claims 1-20 were previously canceled. Support for this amendment is found in at least, for example, FIG. 4 and the corresponding description, as well as paragraph [0053] of the published parent application. No new matter is added by way of this amendment. Claims 21, 26-30, 35, and 37-49 are now pending.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON OCTOBER 13, 2023.**

Attorney's Docket No. **S105508 1010US.C9 (0044.8)**

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | *To Be Assigned* |
| Filed: | June 5, 2023 | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT
UNDER 37 C.F.R. § 1.97(b)**

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature document in accordance with 37 CFR 1.98(a)(2). Also enclosed is a translation or a concise explanation of each non-English language document.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(b), before a first Office Action. It is not believed that any fees are due at this time, however, if required, the Commissioner is authorized to charge any additional fee, or credit any refund, to our Deposit Account No. **09-0528**.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 13, 2023.*

| *Notice of References Cited* | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. | |
|---|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date YYYY-MM-DD | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-4534089-A | 1985-08-13 | Swan; Thomas C. | B42F1/10 | 24/30.5P |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date YYYY-MM-DD | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in YYYY-MM-DD format are publication dates. Classifications may be US or foreign.

# Search Notes

| Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|
| 18/329,082 | Barnes et al. |
| **Examiner** | **Art Unit** |
| NOAH C HAWK | 3636 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/005, 15/60, 15/62 | 12/20/2023 | NCH |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered IDS filed 6/5/23 (2) and 10/13/23 | 12/20/2023 | NCH |
| Performed inventor name search | 12/20/2023 | NCH |
| Considered and updated search history for parent application 18/072143 | 12/20/2023 | NCH |
| Please see attached PE2E search history | 12/20/2023 | NCH |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

| *Index of Claims* | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/20/2023 | | | | | | | | |
| | 1 | - | | | | | | | | |
| | 2 | - | | | | | | | | |
| | 3 | - | | | | | | | | |
| | 4 | - | | | | | | | | |
| | 5 | - | | | | | | | | |
| | 6 | - | | | | | | | | |
| | 7 | - | | | | | | | | |
| | 8 | - | | | | | | | | |
| | 9 | - | | | | | | | | |
| | 10 | - | | | | | | | | |
| | 11 | - | | | | | | | | |
| | 12 | - | | | | | | | | |
| | 13 | - | | | | | | | | |
| | 14 | - | | | | | | | | |
| | 15 | - | | | | | | | | |
| | 16 | - | | | | | | | | |
| | 17 | - | | | | | | | | |
| | 18 | - | | | | | | | | |
| | 19 | - | | | | | | | | |
| | 20 | - | | | | | | | | |
| | 21 | ✓ | | | | | | | | |
| | 22 | - | | | | | | | | |
| | 23 | - | | | | | | | | |
| | 24 | - | | | | | | | | |
| | 25 | - | | | | | | | | |
| | 26 | ✓ | | | | | | | | |
| | 27 | ✓ | | | | | | | | |
| | 28 | ✓ | | | | | | | | |
| | 29 | ✓ | | | | | | | | |
| | 30 | ✓ | | | | | | | | |
| | 31 | - | | | | | | | | |
| | 32 | - | | | | | | | | |
| | 33 | - | | | | | | | | |
| | 34 | - | | | | | | | | |
| | 35 | ✓ | | | | | | | | |
| | 36 | - | | | | | | | | |
| | 37 | ✓ | | | | | | | | |
| | 38 | ✓ | | | | | | | | |
| | 39 | ✓ | | | | | | | | |
| | 40 | ✓ | | | | | | | | |
| | 41 | ✓ | | | | | | | | |
| | 42 | ✓ | | | | | | | | |

| Index of Claims | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/20/2023 | | | | | | | | |
| | 43 | ✓ | | | | | | | | |
| | 44 | ✓ | | | | | | | | |
| | 45 | ✓ | | | | | | | | |
| | 46 | ✓ | | | | | | | | |
| | 47 | ✓ | | | | | | | | |
| | 48 | ✓ | | | | | | | | |
| | 49 | ✓ | | | | | | | | |
| | 50 | ✓ | | | | | | | | |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-1,129,194 | 02-23-1915 | Hanley | |
| | 2 | US-1,571,295 | 02-02-1926 | Newman | |
| | 3 | US-2,055,044 | 09-22-1936 | Nelson | |
| | 4 | US-2,186,510 | 01-09-1940 | Walter *et al.* | |
| | 5 | US-2,190,566 | 02-13-1940 | Julian | |
| | 6 | US-2,193,469 | 03-12-1940 | Ashton | |
| | 7 | US-2,554,688 | 05-29-1951 | Vollweiler | |
| | 8 | US-2,963,031 | 12-06-1960 | Carroll | |
| | 9 | US-3,042,053 | 07-03-1962 | Gabriel | |
| | 10 | US-3,051,185 | 08-28-1962 | Reynolds | |
| | 11 | US-3,052,249 | 09-04-1962 | Seaman *et al.* | |
| | 12 | US-3,070,107 | 12-25-1962 | Beatty | |
| | 13 | US-3,075,536 | 01-29-1963 | Parker | |
| | 14 | US-3,165,110 | 01-12-1965 | Brooks | |
| | 15 | US-3,190,300 | 06-22-1965 | Wear'n | |
| | 16 | US-3,261,134 | 07-19-1966 | Crist | |
| | 17 | US-3,286,962 | 11-22-1966 | Warth | |
| | 18 | US-3,388,711 | 06-18-1968 | Huddle | |
| | 19 | US-3,394,720 | 07-30-1968 | Moss | |
| | 20 | US-3,970,096 | 07-20-1976 | Nicolai | |
| | 21 | US-4,098,281 | 07-04-1978 | Bonfilio | |
| | 22 | US-4,312,371 | 01-26-1982 | Koon | |
| | 23 | US-4,404,980 | 09-20-1983 | Wade | |
| | 24 | US-4,590,956 | 05-27-1986 | Griesenbeck | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 12/20/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 2 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 25 | US-4,646,770 | 03-03-1987 | Lobato | |
| | 26 | US-4,739,784 | 04-26-1988 | Fast | |
| | 27 | US-4,750,508 | 06-14-1988 | Tatoian | |
| | 28 | US-4,829,694 | 05-16-1989 | Oasheim | |
| | 29 | US-4,915,120 | 04-10-1990 | Ziolkowski | |
| | 30 | US-4,924,893 | 05-15-1990 | Furey | |
| | 31 | US-4,930,534 | 06-05-1990 | Hill | |
| | 32 | US-4,941,422 | 07-17-1990 | Muller | |
| | 33 | US-5,046,699 | 09-10-1991 | Perreault *et al.* | |
| | 34 | US-5,080,123 | 01-14-1992 | Stein | |
| | 35 | US-5,215,109 | 06-01-1993 | Kent, Jr. | |
| | 36 | US-5,291,640 | 03-08-1994 | Rise | |
| | 37 | US-5,299,590 | 08-05-1994 | Deibert *et al.* | |
| | 38 | US-5,358,209 | 10-25-1994 | Ward | |
| | 39 | US-5,546,971 | 08-20-1996 | Leonhardt | |
| | 40 | US-5,595,203 | 01-21-1997 | Espinosa | |
| | 41 | US-5,678,704 | 10-21-1997 | Deeds | |
| | 42 | US-5,690,134 | 11-25-1997 | McCauley | |
| | 43 | US-5,771,912 | 06-30-1998 | Swetish | |
| | 44 | US-5,823,217 | 10-20-1998 | Rice | |
| | 45 | US-5,927,311 | 07-27-1999 | Jager | |
| | 46 | US-5,950,649 | 09-14-1999 | Gerig | |
| | 47 | US-6,026,613 | 02-22-2000 | Quiring et al. | |
| | 48 | US-6,062,243 | 05-16-2000 | Touch et al. | |
| | 49 | US-6,209,149 | 04-03-2001 | Song *et al.* | |
| | 50 | US-6,272,695 | 08-14-2001 | Brandner | |
| | 51 | US-6,276,382 | 08-21-2001 | Bindschatel et al. | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 12/20/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

WBD (US) 62242475v1

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2023*



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 3 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

**U. S. PATENT DOCUMENTS**

| | | | | | |
|---|---|---|---|---|---|
| | 52 | US-6,286,531 | 09-11-2001 | Joo-Tai | |
| | 53 | US-6,321,861 | 11-27-2001 | Leichter | |
| | 54 | US-6,402,220 | 06-11-2002 | Allen | |
| | 55 | US-6,434,891 | 08-20-2002 | Cameron | |
| | 56 | US-6,964,277 | 11-15-2005 | Naber | |
| | 57 | US-7,021,866 | 04-04-2006 | Keefe | |
| | 58 | US-7,191,996 | 03-20-2007 | Patsalaridis | |
| | 59 | US-7,316,239 | 01-08-2008 | Yang | |
| | 60 | US-7,406,977 | 08-05-2008 | Shires | |
| | 61 | US-7,654,277 | 02-02-2010 | Brewer et al. | |
| | 62 | US-7,708,339 | 05-04-2010 | Zapater | |
| | 63 | US-7,721,361 | 05-25-2010 | Shubert | |
| | 64 | US-7,789,097 | 09-07-2010 | Sotirkys *et al.* | |
| | 65 | US-8,424,549 | 04-23-2013 | Goldsmith *et al.* | |
| | 66 | US-8,453,664 | 06-04-2013 | Parsons *et al.* | |
| | 67 | US-8,720,461 | 05-13-2014 | Nichols | |
| | 68 | US-8,899,251 | 12-02-2014 | Leung *et al.* | |
| | 69 | US-8,991,411 | 03-31-2015 | Neuman | |
| | 70 | US-9,051,755 | 06-09-2015 | Heining *et al.* | |
| | 71 | US-9,051,756 | 06-09-2015 | Jenkins | |
| | 72 | US-9,103,137 | 08-11-2015 | Williams | |
| | 73 | US-9,113,724 | 08-25-2015 | Heining *et al.* | |
| | 74 | US-9,187,924 | 11-17-2015 | Jackson *et al.* | |
| | 75 | US-9,371,641 | 06-21-2016 | Christensen *et al.* | |
| | 76 | US-9,394,719 | 07-19-2016 | Choi | |
| | 77 | US-9,394,721 | 07-19-2016 | Hotes *et al.* | |
| | 78 | US-9,435,133 | 09-06-2016 | Bourland | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 12/20/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

WBD (US) 62242475v1

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2023.*



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 4 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 79 | US-9,447,599 | 09-20-2016 | Parent | |
| | 80 | US-9,506,268 | 11-29-2016 | Bright *et al.* | |
| | 81 | US-9,903,134 | 02-27-2018 | Munnerlyn | |
| | 82 | US-10,066,417 | 09-04-2018 | Linyard *et al.* | |
| | 83 | US-10,190,330 | 01-29-2019 | Barnes et al. | |
| | 84 | US-10,252,778 | 04-09-2019 | Greer | |
| | 85 | US-10,602,817 | 03-31-2020 | Price | |
| | 86 | US-11,156,012 | 10-26-2021 | Graham | |
| | 87 | US-11,219,286 | 01-11-2022 | Cox | |
| | 88 | US-D256,829 | 09-09-1980 | Qui *et al.* | |
| | 89 | US-D263,984 | 04-20-1982 | Moss | |
| | 90 | US-D321,924 | 11-26-1991 | Bonner | |
| | 91 | US-D363,755 | 10-31-1995 | Diederich | |
| | 92 | US-D390,730 | 02-17-1998 | Gerhart et al. | |
| | 93 | US-D397,401 | 08-25-1998 | Diederich | |
| | 94 | US-D398,363 | 09-15-1998 | LoBue | |
| | 95 | US-D400,949 | 11-10-1998 | Gale | |
| | 96 | US-D421,532 | 03-14-2000 | Koroncai | |
| | 97 | US-D438,929 | 03-13-2001 | Middleton *et al.* | |
| | 98 | US-D544,062 | 06-05-2007 | Baker | |
| | 99 | US-D555,748 | 11-20-2007 | Gyr *et al.* | |
| | 100 | US-D577,092 | 09-16-2008 | West | |
| | 101 | US-D593,315 | 06-02-2009 | Zemel | |
| | 102 | US-D601,653 | 10-062009 | Kirkham, Jr. | |
| | 103 | US-D624,623 | 09-28-2010 | Viglione | |
| | 104 | US-D630,834 | 01-18-2011 | Cohen | |
| | 105 | US-D638,954 | 05-31-2011 | Nichols | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 12/20/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2023*

WBD (US) 62242475v1



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 5 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 106 | US-D739,555 | 09-22-2015 | McAlister | |
| | 107 | US-D741,437 | 10-20-2015 | Zimmer *et al.* | |
| | 108 | US-D761,372 | 07-12-2016 | Cihal | |
| | 109 | US-D788,319 | 05-30-2017 | LeMoine et al. | |
| | 110 | US-D823,419 | 07-17-2018 | Ceccaldi | |
| | 111 | US-D829,839 | 10-02-2018 | Crimi | |
| | 112 | US-D843,200 | 03-19-2019 | Tjerrild | |
| | 113 | US-D859,808 | 09-17-2019 | Goldszer | |
| | 114 | US-D877,486 | 03-10-2020 | Chen | |
| | 115 | US-D928,899 | 08-24-2021 | Zhu | |
| | 116 | US-D947,411 | 03-29-2022 | Climent Bonet *et al.* | |
| | 117 | US-D947,975 | 04-05-2022 | Lah | |
| | 118 | US-D948,653 | 04-12-2022 | Lah | |
| | 119 | US-D960,277 | 08-09-2022 | Lah | |
| | 120 | US-D985,801 | 05-09-2023 | Collins | |
| | 121 | US-2003/0066550 | 04-10-2003 | Al-Ghamdi | |
| | 122 | US-2003/0089390 | 05-15-2003 | Seo | |
| | 123 | US-2007/0079857 | 04-12-2007 | Tseng | |
| | 124 | US-2007/0295380 | 12-27-2007 | Glaeser | |
| | 125 | US-2010/0212709 | 08-26-2010 | Sotirkys *et al.* | |
| | 126 | US-2012/0291830 | 11-22-2012 | Crimi | |
| | 127 | US-2013/0074894 | 03-28-2013 | Cook | |
| | 128 | US-2014/0041703 | 02-13-2014 | Funston | |
| | 129 | US-2014/0209132 | 07-31-2014 | Landry | |
| | 130 | US-2015/0040957 | 02-12-2015 | Mallookis *et al.* | |
| | 131 | US-2015/0252585 | 09-10-2015 | Mallookis *et al.* | |
| | 132 | US-2015/0354244 | 12-10-2015 | Fernandez Gonzalez | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 12/20/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2023*

WBD (US) 62242475v1



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 6 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

**U. S. PATENT DOCUMENTS**

| | | | | | |
|---|---|---|---|---|---|
| | 133 | US-2016/0017631 | 01-21-2016 | Gilmore | |
| | 134 | US-2016/0053508 | 02-25-2016 | Gutwenger *et al.* | |
| | 135 | US-2018/0106064 | 04-19-2018 | Barnes *et al.* | |
| | 136 | US-2018/0245367 | 08-30-2018 | Grieshop | |
| | 137 | US-2022/0024290 | 01-27-2022 | Howard | |
| | 138 | US-2023/0096848 | 03-30-2023 | Wang | |
| | 139 | US-2023/0151636 | 05-18-2023 | Li *et al.* | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 140 | AU 200511300 | 09-01-2005 | Gyr | | |
| | 141 | AU 2020100586 | 05-28-2020 | Fraser | | |
| | 142 | BR 302019005581 | 12-10-2019 | Vinicius Rolim Tamassia | | |
| | 143 | CA 2524310 | 04-25-2006 | Aqua-Leisure Industries, Inc | | |
| | 144 | CH 130505 | 05-14-2004 | Fischer | | |
| | 145 | CH 132260 | 12-15-2005 | Fischer | | |
| | 146 | DE 10 2009 020 795 | 11-04-2010 | Schmidt | | Abstract |
| | 147 | FR 2 884 844 | 04-26-2005 | Cahours De Virgile | | Abstract |
| | 148 | KR 10-1315166 | 10-07-2013 | Kang | | Machine Translation |
| | 149 | WO 82/03317 | 10-14-1982 | Montgomery | | |
| | 150 | WO 02/04768 | 01-17-2002 | Selby | | |
| | 151 | WO 2011/012969 | 02-03-2011 | De Pasquale | | |
| | 152 | WO 2020/089599 | 05-07-2020 | Osborne | | |
| | 153 | WO 2022/174316 | 08-25-2022 | Ribeiro Lucchese Gualdi | | Machine Translation |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 12/20/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2023*

WBD (US) 62242475v1



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 7 | of | 7 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

| OTHER DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
| | 154 | YouTube video by Robert Marazzita: The Best Beach Cabana – Set Up and Tear Down, July 9, 2015, [site visited August 8, 2017], Available on the Internet URL: <https:www.youtube.com/watch?v=LfccH7yV6SE>. | |
| | 155 | YouTube video by Robb's Homemade Life: Make $15 Beach Shade tent Easy Quick DIY, October 6, 2015 [site visited August 8, 2017] Available on the internet URL: <www.youtube.com/watch?v+X20b4pLJx1c> | |
| | 156 | YouTube video by Beachspirit: Kitent (R) - the Floating beach tent for sun shade, October 8, 2016 [site visited August 8, 2017] Available on the internet URL: <https://m.youtube.com/watch?v=OUaDZeqdTkQ> | |
| | 157 | YouTube video by ZiggyShade Beach Sunshade: ZiggyShade – Beach Sunshade – Set up instructions, November 24, 2016 [site visited August 8, 2017] Available on the internet URL: <https://youtu.be/1krQ0rlumws> | |
| | 158 | YouTube video by bibitedog: How to set up a butterfly arch, May 26, 2012 [site visited December 18, 2018] Available on the internet URL: <https://www.youtube.com/watch?v=FOTYtjQAL4s> | |
| | 159 | Suniela Beach Portable Shade Cabanas, [site visited October 21, 2021], Available on the internet URL: <https://suniela.com> | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 12/20/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2023.*

WBD (US) 62242475v1



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

# Bibliographic Data

Application No: 18/329,082

Foreign Priority claimed: ○ Yes ◉ No

35 USC 119 (a-d) conditions met: ☐ Yes ☑ No | ☐ Met After Allowance

Verified and Acknowledged: /Noah Chandler Hawk/ (Examiner's Signature) | NCH (Initials)

Title: SHADING SYSTEM AND METHOD OF USE

| FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/05/2023 | 135 | 3636 | S105508 1010US.C9 (0044.8 |
| **RULE** | | | |

**APPLICANTS**

Shibumi Shade, Inc., Raleigh, NC, UNITED STATES

**INVENTORS**

Dane Brooks Barnes, Raleigh, NC, UNITED STATES

Alexander Griffith Slater, Raleigh, NC, UNITED STATES

Scott Christian Barnes, Raleigh, NC, UNITED STATES

**CONTINUING DATA**

This application is a CON of 18072143 11/30/2022

18072143 is a CON of 17471658 09/10/2021

18072143 is a CON of 17343114 06/09/2021 PAT 11536046

17343114 is a CON of 17232799 04/16/2021 PAT 11634924

17471658 is a CON of 17232799 04/16/2021 PAT 11634924

17232799 is a CON of 16987886 08/07/2020 PAT 11111690

16987886 is a CON of 16224465 12/18/2018 PAT 10753117

16224465 is a CON of 15675715 08/12/2017 PAT 10190330

15675715 has PRO of 62409426 10/18/2016

**FOREIGN APPLICATIONS**

**IF REQUIRED, FOREIGN LICENSE GRANTED****

06/22/2023

**STATE OR COUNTRY**

UNITED STATES

**ADDRESS**

WOMBLE BOND DICKINSON (US) LLP

ATTN: IP DOCKETING

P.O. Box 570489
ATLANTA, GA 30357-0037
UNITED STATES

**FILING FEE RECEIVED**

$1,820

## PE2E SEARCH - Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | British Equivalents | Time Stamp |
|---|---|---|---|---|---|---|---|
| L155 | 161 | e04h2015/326.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L156 | 1058 | 135/119.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L157 | 860 | 135/118.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L158 | 1187 | 135/115,120.1.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L159 | 1203 | e04H15/003.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L160 | 521 | 135/114.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L161 | 116 | 135/127.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L162 | 4260 | L156 L157 L158 L160 L161 L159 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L163 | 289 | 40/214,606.11,217.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L164 | 237 | 40/412.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L165 | 2205 | 160/135,350,351,352,377.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L166 | 6916 | L162 L163 L164 L165 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L167 | 704 | e04h12/22.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L168 | 7748 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L169 | 8 | L168 and @pd>"20200107" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L170 | 4 | (15/675715 \| 16/224465).APP. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/06/10 12:16 PM |
| L171 | 8267 | L155 L166 L167 | (US-PGPUB; USPAT; | OR | OFF | OFF | 2021/06/10 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | USOCR; FPRS; EPO; JPO; IBM_TDB) | | | | 12:16 PM |
| L173 | 57 | L171 AND @pd>"20200416" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/10 12:18 PM |
| L174 | 2 | "16987886" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/10 12:18 PM |
| L175 | 164 | 171 AND (telescop$6) AND bend$4 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/14 12:08 PM |
| L176 | 49 | shibumi | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/06/14 01:06 PM |
| L178 | 8272 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/07/28 03:00 PM |
| L179 | 13 | 178 AND @pd>"20210610" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/07/28 03:00 PM |
| L180 | 4531 | e04h15/30.cpc. e04h15/32.cpc. e04h15/36.cpc. e04h15/44.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L181 | 620 | 180 AND wind | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L182 | 366 | 181 AND (weight anchor) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L183 | 245 | 182 AND (bag sleeve container) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L184 | 10 | shibumi | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/10/22 02:43 PM |
| L189 | 64 | ((US-20140041703-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20120291830-A1 OR US-20100212709-A1 | (USPAT; US-PGPUB; FPRS; USOCR; IBM_TDB; EPO; JPO; DERWENT; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, | OR | ON | ON | 2021/10/25 03:50 PM |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | OR US-20070079857-A1 OR US-20130074894-A1 OR US-20090114260-A1 OR US-20150252585-A1 OR US-20180106064-A1 OR US-20190119942-A1 OR US-20030089390-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210230899-A1 OR US-20210293046-A1).did. AND PGPB.dbnm.) OR ((US-3394720-A OR US-3042053-A OR US-3070107-A OR US-3075536-A OR US-2554688-A OR US-3052249-A).did. AND USOC.dbnm.) OR ((US-8453664-B2 OR US-4739784-A OR US-4881565-A OR US-4930534-A OR US-9482024-B2 OR US-6964277-B2 OR US-5299590-A OR US-5950649-A OR US-7789097-B1 OR US-5080123-A OR US-6286531-B1 OR US-7841356-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-3970096-A OR US-4590956-A OR US-8424549-B1 OR US-7406977-B1 OR US-5823217-A OR US-8899251-B2 OR US-9051755-B2 OR US-9113724-B1 OR US-5345962-A OR US-7708339-B2 OR US-4716918-A OR US-8087423-B2 OR US-9051756-B1 OR US-10190330-B2 OR US-5927311-A OR US-10753117-B2 OR US-11111690-B2).did. AND USPT.dbnm.) OR ((DE- | IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN)) | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011150477-A1).did. AND FPRS.dbnm.) OR ((US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1).did. AND DWPI.dbnm.) | | | | | |
| L191 | 36 | 189 AND strap | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/25 03:50 PM |
| L192 | 4 | "17343114" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/26 04:00 PM |
| L194 | 58 | L171 AND @pd>"20200610" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/10/26 04:09 PM |
| L195 | 5 | ("2186510" "3052249" "5678704").pn. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/02/07 04:09 PM |
| L196 | 12 | "101315166" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2022/02/07 04:19 PM |
| L201 | 23 | ("584726" \| "2415956" \| "4924893" \| "5065879" \| "5520364" \| "5524990" \| "5931583" \| "6149305" \| "6186662" \| "6240940" \| "6554149" \| "6739095" \| "6964277" \| "7353833" \| "7524111" \| "7946305" \| | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/04/13 01:42 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | "8439058" \| "8656937" \| "20020026890" \| "20040123887" \| "20050061409" \| "20120017960" \| "20130051707").pn. OR ("9482024").urpn. AND (PGPB \| USPT \| USOC).dbnm. | | | | | |
| L202 | 41 | ("486256" \| "1293526" \| "1460821" \| "2024946" \| "2126030" \| "2551963" \| "3407825" \| "4118902" \| "4546730" \| "4570465" \| "4648482" \| "4733840").pn. OR ("4924893").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/04/13 01:44 PM |
| L203 | 2359 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/26 05:17 PM |
| L204 | 312 | 203 AND (auger screw corkscrew) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/26 05:17 PM |
| L205 | 77 | ("1883477" \| "4832304" \| "4910902" \| "5046699" \| "5564232" \| "5881978" \| "5921035" \| "6095081" \| "6629389" \| "20090277368" \| "3519234" \| "4233769" \| "4524533" \| "4717110" \| "4765277" \| "5067683" \| "5181335" \| "5492429" \| "5502910" \| "5833181" \| "5921035" \| "6820379" \| "7007910" \| "7246783" \| "8407949" \| "20020014570" \| "20060060749" \| "20080156957" \| "20120104190" \| "168890" \| "345877" \| "907799" \| "1562343" \| "2269996" \| "2447444" \| "2563159" \| "2901789" \| "3059732" \| "3286962" \| "3318560" \| "3688454" \| "3865309" \| "4607608" \| "4928418" \| "5098057" \| "6401656" \| "6412236" \| "6481147" \| "6487977" \| "6698132" \| "6810630" \| "6901693" \| "D550071" \| "7493873" \| "8006946" \| "8230638" \| "9316016" \| | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/06/26 06:02 PM |


Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 105 of 420

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | "20050268522").pn. OR ("8656651" \| "9447599" \| "2016/0360869" \| "9854899").urpn. AND (PGPB \| USPT \| USOC).dbnm. | | | | | |
| L206 | 77 | ((US-20090114260-A1 OR US-20100212709-A1 OR US-20070079857-A1 OR US-20130074894-A1 OR US-20150252585-A1 OR US-20180106064-A1 OR US-20140041703-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20120291830-A1 OR US-20190119942-A1 OR US-20030089390-A1 OR US-20160360869-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1).did. AND PGPB.dbnm.) OR ((US-7841356-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-3970096-A OR US-4590956-A OR US-8424549-B1 OR US-7406977-B1 OR US-5823217-A OR US-8899251-B2 OR US-9051755-B2 OR US-9113724-B1 OR US-5345962-A OR US-7708339-B2 OR US-4716918-A OR US-8087423-B2 OR US-9051756-B1 OR US-5080123-A OR US-8453664-B2 OR US-4739784-A OR US-4881565-A OR US-4930534-A OR US-6964277-B2 OR US-5299590-A OR US- | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2022/06/28 10:49 AM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 5950649-A OR US-7789097-B1 OR US-6286531-B1 OR US-9482024-B2 OR US-10190330-B2 OR US-5927311-A OR US-10753117-B2 OR US-8656651-B1 OR US-9447599-B1 OR US-9854899-B2 OR US-4832304-A OR US-5046699-A OR US-6487977-B1 OR US-4924893-A OR US-5678704-A OR US-11111690-B2).did. AND USPT.dbnm.) OR ((WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR KR-101315166-B1).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3042053-A OR US-3070107-A OR US-3075536-A OR US-2554688-A OR US-3286962-A OR US-3052249-A OR US-2186510-A).did. AND USOC.dbnm.) OR ((US-20180106064-A1 OR US-20210002918-A1 OR US-20190119942-A1).did. AND DWPI.dbnm.) OR ((KR-101315166-B1).did. AND FTDB.dbnm.) | | | | | |
| L207 | 30 | 206 AND (elastic bungee) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:50 AM |
| L208 | 20 | 207 NOT barnes.in. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:50 AM |
| L209 | 55 | e04h15/64.cpc. AND (elatic bungee) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:54 AM |
| L210 | 236 | e04h15/64.cpc. AND (elastic bungee) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:54 AM |
| L211 | 248 | e04h15/64.cpc. AND strap | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 11:06 AM |
| L212 | 11 | ("824332" \| "3139662" \| | (US-PGPUB; USPAT; | OR | ON | ON | 2022/06/28 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | "3422504" \| "3597812" \| "3780400" \| "4184233" \| "4534089").pn. OR ("5291640").urpn. AND (PGPB \| USPT \| USOC).dbnm. | USOCR) | | | | 11:09 AM |
| L213 | 13 | "17232799" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 04:46 PM |
| L214 | 12 | 206 AND telescop$4 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/29 03:06 PM |
| L215 | 75 | ((US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20150040957-A1 OR US-20140041703-A1 OR US-20100212709-A1 OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR US-20150252585-A1 OR US-20120291830-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20140209132-A1 OR US-20130074894-A1 OR US-20160360869-A1).did. AND PGPB.dbnm.) OR ((US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1).did. AND DWPI.dbnm.) OR ((US-4924893-A OR US-5678704-A OR US-11111690-B2 OR US-9482024-B2 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US- | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/09/14 01:38 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5345962-A OR US-5299590-A OR US-4930534-A OR US-4881565-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-9051756-B1 OR US-8899251-B2 OR US-5080123-A OR US-10190330-B2 OR US-10753117-B2 OR US-6487977-B1 OR US-5046699-A OR US-4832304-A OR US-9854899-B2 OR US-8656651-B1 OR US-5771912-A OR US-5291640-A OR US-9447599-B1).did. AND USPT.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR DE-102009020795-A1).did. AND FPRS.dbnm.) OR ((KR-101315166-B1).did. AND FTDB.dbnm.) OR ((US-3052249-A OR US-2186510-A OR US-3394720-A OR US-3075536-A OR US-3042053-A OR US-2554688-A OR US-3070107-A OR US-3286962-A).did. AND USOC.dbnm.) | | | | | |
| L216 | 1 | "17471658" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/09/14 01:39 PM |
| L217 | 31 | "2524310" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/09/14 01:46 PM |
| L218 | 147 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; | OR | ON | ON | 2022/09/14 04:23 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | JPO; IBM_TDB) | | | | |
| L219 | 101 | ("10066417"\|"10252778"\|"10602817"\|"11156012"\|"11219286"\|"1129194"\|"1571295"\|"20030066550"\|"20030089390"\|"20070079857"\|"20120291830"\|"20130074894"\|"20140041703"\|"20140209132"\|"20150040957"\|"20150252585"\|"20150354244"\|"2186510"\|"2190566"\|"2554688"\|"2963031"\|"3042053"\|"3051185"\|"3052249"\|"3070107"\|"3075536"\|"3190300"\|"3286962"\|"3388711"\|"3394720"\|"4590956"\|"4646770"\|"4739784"\|"4750508"\|"4915120"\|"4924893"\|"4930534"\|"5046699"\|"5080123"\|"5215109"\|"5291640"\|"5299590"\|"5358209"\|"5546971"\|"5678704"\|"5771912"\|"5823217"\|"5927311"\|"5950649"\|"6321861"\|"6964277"\|"7021866"\|"7191996"\|"7316239"\|"7406977"\|"7708339"\|"7789097"\|"8424549"\|"8453664"\|"8720461"\|"8899251"\|"9051755"\|"9051756"\|"9113724"\|"9447599"\|"9903134"\|"D263984"\|"D363755"\|"D397401"\|"D398363"\|"D421532"\|"D438929"\|"D544062"\|"D555748"\|"D577092"\|"D593315"\|"D630834"\|"D739555"\|"D741437"\|"D843200"\|"D859808"\|"D877486"\|"D928899"\|"D947975"\|"D948653"\|"D960277").PN. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/03/09 01:54 PM |
| L220 | 18 | "2011012969" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, | OR | ON | ON | 2023/03/09 02:00 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | | | | |
| L221 | 6 | "2022174316" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/03/09 02:01 PM |
| L222 | 13 | "2020089599" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/03/09 02:02 PM |
| L223 | 105 | ((US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20160360869-A1 OR US-20150252585-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20140041703-A1 OR US-20130074894-A1 OR US-20120291830-A1 OR US-20100212709-A1 | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/03/09 04:23 PM |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR US-20210404208-A1 OR US-20030066550-A1 OR US-20150354244-A1).did. AND PGPB.dbnm.) OR ((US-11111690-B2 OR US-10753117-B2 OR US-10190330-B2 OR US-9854899-B2 OR US-9482024-B2 OR US-9447599-B1 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-9051756-B1 OR US-8899251-B2 OR US-8720461-B2 OR US-8656651-B1 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US-7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6487977-B1 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5771912-A OR US-5678704-A OR US-5345962-A OR US-5299590-A OR US-5291640-A OR US-5080123-A OR US-5046699-A OR US-4930534-A OR US-4924893-A OR US-4881565-A OR US-4832304-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-4646770-A OR US-4750508-A OR US-4915120-A OR US-5215109-A OR US-5358209-A OR US- | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 5546971-A OR US-6321861-B1 OR US-7021866-B2 OR US-7191996-B2 OR US-7316239-B2 OR US-9903134-B2 OR US-10066417-B1 OR US-10252778-B1 OR US-10602817-B2 OR US-11156012-B2 OR US-11219286-B2).did. AND USPT.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR CA-2524310-A1 OR WO-2011012969-A3).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3286962-A OR US-3075536-A OR US-3070107-A OR US-3052249-A OR US-3042053-A OR US-2554688-A OR US-2186510-A OR US-1129194-A OR US-1571295-A OR US-2190566-A OR US-2963031-A OR US-3051185-A OR US-3190300-A OR US-3388711-A).did. AND USOC.dbnm.) OR ((WO-2022174316-A1 OR WO-2020089599-A1).did. AND FTDB.dbnm.) | | | | | |
| L224 | 2508 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/03/09 04:34 PM |
| L225 | 156 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/03/09 04:34 PM |
| L226 | 47 | ("20160017631"\|"20160053508"\|"2055044"\|"2193469"\|"3165110"\|"3261134"\|"3970096"\|"4098281"\|"4312371"\|"4404980"\|"4829694"\|"4941422"\|"5595203"\|"5690134"\|"6026613"\|"6062243"\|"6272695"\|"6276382"\|"6402220"\|"6434891"\|"76 | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/07/23 03:18 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 54277"\|"7721361"\|"8991411"\|"9103137"\|"9187924"\|"9371641"\|"9394719"\|"9394721"\|"9435133"\|"9506268"\|"D256829"\|"D321924"\|"D390730"\|"D400949"\|"D601653"\|"D624623"\|"D638954"\|"D761372"\|"D788319").PN. ("20070295380"\|"20100212709"\|"20180106064"\|"6209149").PN. | | | | | |
| L227 | 36 | "2020100586" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/07/23 03:20 PM |
| L228 | 146 | ((US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20160360869-A1 OR US-20150252585-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20140041703-A1 OR US-20130074894-A1 OR US-20120291830-A1 OR US-20100212709-A1 OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/09/25 02:13 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | US-20070295380-A1 OR US-20160017631-A1 OR US-20160053508-A1 OR US-20030066550-A1 OR US-20150354244-A1 OR US-20210404208-A1).did. AND PGPB.dbnm.) OR ((US-11111690-B2 OR US-10753117-B2 OR US-10190330-B2 OR US-9854899-B2 OR US-9482024-B2 OR US-9447599-B1 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-9051756-B1 OR US-8899251-B2 OR US-8720461-B2 OR US-8656651-B1 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US-7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6487977-B1 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5771912-A OR US-5678704-A OR US-5345962-A OR US-5299590-A OR US-5291640-A OR US-5080123-A OR US-5046699-A OR US-4930534-A OR US-4924893-A OR US-4881565-A OR US-4832304-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-6209149-B1 OR US-4098281-A OR US-4312371-A OR US-4404980-A OR US-4829694-A OR US-4941422-A OR US-5595203-A OR US-5690134-A OR US- | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 6026613-A OR US-6062243-A OR US-6272695-B1 OR US-6276382-B1 OR US-6402220-B2 OR US-6434891-B1 OR US-7654277-B1 OR US-7721361-B1 OR US-8991411-B1 OR US-9103137-B2 OR US-9187924-B1 OR US-9371641-B2 OR US-9394719-B2 OR US-9394721-B2 OR US-9435133-B2 OR US-9506268-B1 OR US-D256829-S OR US-D321924-S OR US-D390730-S OR US-D400949-S OR US-D601653-S OR US-D624623-S OR US-D638954-S OR US-D761372-S OR US-D788319-S OR US-4646770-A OR US-4750508-A OR US-4915120-A OR US-5215109-A OR US-5358209-A OR US-5546971-A OR US-6321861-B1 OR US-7021866-B2 OR US-7191996-B2 OR US-7316239-B2 OR US-9903134-B2 OR US-10066417-B1 OR US-10252778-B1 OR US-10602817-B2 OR US-11156012-B2 OR US-11219286-B2).did. AND USPT.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011012969-A3 OR CA-2524310-A1).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3286962-A OR US-3075536-A OR US-3070107-A OR US-3052249-A OR US-3042053-A OR US-2554688-A OR US- | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 2186510-A OR US-2055044-A OR US-2193469-A OR US-3165110-A OR US-3261134-A OR US-1129194-A OR US-1571295-A OR US-2190566-A OR US-2963031-A OR US-3051185-A OR US-3190300-A OR US-3388711-A).did. AND USOC.dbnm.) OR ((AU-2020100586-A4 OR WO-2022174316-A1 OR WO-2020089599-A1).did. AND FTDB.dbnm.) | | | | | |
| L229 | 3 | "18072143" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/09/27 02:17 PM |
| L231 | 5 | ("20180245367" "20220024290" "20230096848" "20230151636").pn. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/10/19 03:29 PM |
| L232 | 30 | ("3448748" \| "4979531" \| "5029847" \| "5435024" \| "5590674" \| "5628336" \| "5683199" \| "5732726" \| "5771912" \| "6042297").pn. OR ("6286531").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/10/19 04:56 PM |
| L233 | 54 | ("3448748" \| "3635233" \| "3635233" \| "3730544" \| "3794054" \| "3834410" \| "4063830").pn. OR ("4979531").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/10/19 04:58 PM |
| L234 | 160 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/10/23 01:57 PM |
| L235 | 2530 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/10/23 01:57 PM |
| L236 | 317 | (rooftop (truck ADJ bed)) AND tent AND shipping | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/10/23 03:14 PM |
| L237 | 8 | ("11634924"\|"11686120"\|"20230126867"\|"D884816"\|"D989350"\|"D990605"\|"D993454"\|"D993455").PN. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/11/29 08:17 AM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| L238 | 32 | ("0609553" \| "1819490" \| "2142851" \| "2266853" \| "3190300" \| "3540458" \| "4646770").pn. OR ("4930534").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/11/29 09:08 AM |
| L240 | 184 | ("10174507"\|"11634924"\|"11686120"\|"20070221261"\|"20140020727"\|"20170362849"\|"20210293046"\|"20230126867"\|"4612948"\|"D287041"\|"D420751"\|"D438589"\|"D605308"\|"D670003"\|"D681762"\|"D681765"\|"D844824"\|"D884816"\|"D914827"\|"D920461"\|"D973572"\|"D973824"\|"D989350"\|"D990605"\|"D993454"\|"D993455"\|"10066417"\|"10190330"\|"10252778"\|"10602817"\|"11156012"\|"11219286"\|"1129194"\|"1571295"\|"20030066550"\|"20030089390"\|"20070079857"\|"20070295380"\|"20100212709"\|"20120291830"\|"20130074894"\|"20140041703"\|"20140209132"\|"20150040957"\|"20150252585"\|"20150354244"\|"20160017631"\|"20160053508"\|"20180106064"\|"20180245367"\|"20220024290"\|"20230096848"\|"20230151636"\|"2055044"\|"2186510"\|"2190566"\|"2193469"\|"2554688"\|"2963031"\|"3042053"\|"3051185"\|"3052249"\|"3070107"\|"3075536"\|"3165110"\|"3190300"\|"3261134"\|"3286962"\|"3388711"\|"3394720"\|"3970096"\|"4098281"\|"4312371"\|"4404980"\|"4590956"\|"4646770"\|"4739784"\|"4750508"\|"4829694"\|"4915120"\|"4924893"\|"4930534"\|"4941422"\|"5046699"\|"5080123"\|"5215109"\|"5291640"\|"5299590"\|"5358209"\|"5546971"\|"5595203"\|"5678704"\|"5690134"\|"5771912"\|"5823217"\|"5927 | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/12/20 10:02 AM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 311"\|"5950649"\|"6026613"\|"6062243"\|"6209149"\|"6272695"\|"6276382"\|"6286531"\|"6321861"\|"6402220"\|"6434891"\|"6964277"\|"7021866"\|"7191996"\|"7316239"\|"7406977"\|"7654277"\|"7708339"\|"7721361"\|"7789097"\|"8424549"\|"8453664"\|"8720461"\|"8899251"\|"8991411"\|"9051755"\|"9051756"\|"9103137"\|"9113724"\|"9187924"\|"9371641"\|"9394719"\|"9394721"\|"9435133"\|"9447599"\|"9506268"\|"9903134"\|"D256829"\|"D263984"\|"D321924"\|"D363755"\|"D390730"\|"D397401"\|"D398363"\|"D400949"\|"D421532"\|"D438929"\|"D544062"\|"D555748"\|"D577092"\|"D593315"\|"D601653"\|"D624623"\|"D630834"\|"D638954"\|"D739555"\|"D741437"\|"D761372"\|"D788319"\|"D823419"\|"D829839"\|"D843200"\|"D859808"\|"D877486"\|"D928899"\|"D947411"\|"D947975"\|"D948653"\|"D960277"\|"D985801").PN. | | | | | |
| L241 | 3 | "18329082" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/12/20 10:07 AM |
| L242 | 160 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/12/20 10:07 AM |
| L243 | 2538 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/12/20 10:07 AM |
| L244 | 19 | ("0824332" \| "3139662" \| "3422504" \| "3597812" \| "3780400" \| "4184233" \| "4534089").pn. OR ("5291640").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/12/20 11:13 AM |
| L245 | 167 | ((US-4979531-A OR US-11111690-B2 OR US-10753117-B2 OR US-10190330-B2 OR US-9854899-B2 OR US-9482024-B2 OR | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, | OR | ON | ON | 2023/12/20 11:30 AM |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | US-9447599-B1 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-9051756-B1 OR US-8899251-B2 OR US-8720461-B2 OR US-8656651-B1 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US-7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6487977-B1 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5771912-A OR US-5678704-A OR US-5345962-A OR US-5299590-A OR US-5291640-A OR US-5080123-A OR US-5046699-A OR US-4930534-A OR US-4924893-A OR US-4881565-A OR US-4832304-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-11219286-B2 OR US-11156012-B2 OR US-10602817-B2 OR US-10252778-B1 OR US-10066417-B1 OR US-9903134-B2 OR US-7316239-B2 OR US-7191996-B2 OR US-7021866-B2 OR US-6321861-B1 OR US-5546971-A OR US-5358209-A OR US-5215109-A OR US-4915120-A OR US-4750508-A OR US-4646770-A OR US-D788319-S OR US-9506268-B1 OR US-9435133-B2 OR US-9394721-B2 OR US-9394719-B2 OR US-D761372-S OR US- | HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 9371641-B2 OR US-9187924-B1 OR US-9103137-B2 OR US-8991411-B1 OR US-D638954-S OR US-D624623-S OR US-7721361-B1 OR US-7654277-B1 OR US-D601653-S OR US-6434891-B1 OR US-6402220-B2 OR US-6276382-B1 OR US-6272695-B1 OR US-6209149-B1 OR US-6062243-A OR US-6026613-A OR US-D400949-S OR US-D390730-S OR US-5690134-A OR US-5595203-A OR US-D321924-S OR US-4941422-A OR US-4829694-A OR US-4404980-A OR US-4312371-A OR US-D256829-S OR US-4098281-A OR US-4534089-A OR US-11634924-B2 OR US-D989350-S OR US-D990605-S OR US-11686120-B1 OR US-D884816-S OR US-D993455-S OR US-D993454-S OR US-10174507-B1 OR US-4612948-A).did. AND USPT.dbnm.) OR ((US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20160360869-A1 OR US-20150252585-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20140041703-A1 OR US-20130074894-A1 OR US-20120291830-A1 OR US- | | | | | |


Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 121 of 420

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 20100212709-A1 OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR US-20150354244-A1 OR US-20030066550-A1 OR US-20210404208-A1 OR US-20230089529-A1 OR US-20160053508-A1 OR US-20160017631-A1 OR US-20070295380-A1 OR US-20170362849-A1 OR US-20230151636-A1 OR US-20230096848-A1 OR US-20220024290-A1 OR US-20180245367-A1 OR US-20230126867-A1 OR US-20070221261-A1 OR US-20140020727-A1 OR US-20230313555-A1).did. AND PGPB.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011012969-A3 OR CA-2524310-A1).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3286962-A OR US-3075536-A OR US-3070107-A OR US-3052249-A OR US-3042053-A OR US-2554688-A OR US-2186510-A OR US-3388711-A OR US-3190300-A OR US-3051185-A OR US-2963031-A OR US-2190566-A OR US-1571295-A OR US-1129194-A OR US-3261134-A OR US-3165110-A OR US-2193469-A OR US-2055044-A).did. AND | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | USOC.dbnm.) OR ((WO-2020089599-A1 OR WO-2022174316-A1 OR AU-2020100586-A4).did. AND FTDB.dbnm.) | | | | | |
| L246 | 54 | 245 AND elastic | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/12/20 11:30 AM |
| L247 | 20 | (Dane AND Brooks AND Barnes).in. | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/12/20 11:50 AM |
| L248 | 20 | (Alexander AND Griffith AND Slater).in. | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/12/20 11:50 AM |
| L249 | 36 | (Scott AND Christian AND Barnes).in. | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, | OR | ON | ON | 2023/12/20 11:50 AM |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | | | | | |

## PE2E SEARCH - Search History (Interference)

| |
|---|
| There are no Interference searches to show. |

Attorney's Docket No. **S105508 1010US.C9 (0044.8)** PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | *To Be Assigned* |
| Appl. No.: | *To Be Assigned* | Group Art Unit: | *To Be Assigned* |
| Filed: | *Concurrently Herewith* | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**INFORMATION DISCLOSURE STATEMENT**
**CITATION UNDER 37 C.F.R. § 1.97**

Sir:

Attached is a list of documents on form PTO-1449.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

Any foreign patents or non-patent literature documents items are attached, except those that were supplied in, or cited by the Office during prosecution of, parent Application No. 18/072,143, filed November 30, 2022. Since the benefit of this application was claimed under 35 U.S.C. 120, no copies need to be furnished in accordance with 37 C.F.R. 1.98(d); however, copies will be furnished on request.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2023.***

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 18/329,082 |
| | | | | Filing Date | June 5, 2023 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 2 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
| | 1 | US-4,612,948 | 09-23-1986 | Simpson | |
| | 2 | US-10,174,507 | 01-08-2019 | Henbid *et al.* | |
| | 3 | US-11,634,924 | 04-25-2023 | Barnes *et al.* | |
| | 4 | US-11,686,120 | 06-27-2023 | Yates | |
| | 5 | US-D287,041 | 12-02-1986 | Gitchel *et al.* | |
| | 6 | US-D420,751 | 02-15-2000 | Powell *et al.* | |
| | 7 | US-D438,589 | 03-06-2001 | Brown | |
| | 8 | US-D605,308 | 12-01-2009 | Combs | |
| | 9 | US-D670,003 | 10-30-2012 | Lovely, II | |
| | 10 | US-D681,762 | 05-07-2013 | Kayser | |
| | 11 | US-D681,765 | 05-07-2013 | Kayser | |
| | 12 | US-D844,824 | 04-02-2019 | LeMoine *et al.* | |
| | 13 | US-D884,816 | 05-19-2020 | Goldberg | |
| | 14 | US-D914,827 | 03-30-2021 | Koehler | |
| | 15 | US-D920,461 | 05-25-2021 | Yang | |
| | 16 | US-D973,572 | 12-27-2022 | Min | |
| | 17 | US-D973,824 | 12-27-2022 | Wu | |
| | 18 | US-D989,350 | 06-13-2023 | Barnes *et al.* | |
| | 19 | US-D990,605 | 06-27-2023 | Barnes *et al.* | |
| | 20 | US-D993,454 | 07-25-2023 | McKenna *et al.* | |
| | 21 | US-D993,455 | 07-25-2023 | McKenna *et al.* | |
| | 22 | US-2007/0221261 | 09-27-2007 | Bean | |
| | 23 | US-2014/0020727 | 01-23-2014 | Kayser | |
| | 24 | US-2017/0362849 | 12-21-2017 | Munnerlyn | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 12/20/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 13, 2023*

WBD (US) 4875-2940-6342v



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 18/329,082 |
| | | | | Filing Date | June 5, 2023 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 2 | of | 2 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

**U. S. PATENT DOCUMENTS**

| | | | | | |
|---|---|---|---|---|---|
| | 25 | US-2021/0293046 | 09-23-2021 | Barnes *et al.* | |
| | 26 | US-2023/0126867 | 04-27-2023 | Barnes *et al.* | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | | | | | | |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 27 | Solbello Shade Training Video, YouTube, April 20, 2023, https://www.youtube.com/watch?v=wd3XV9hADZc | |
| | 28 | "No Wind Kit for Beach Shades," Upgrade Your Shade, https://www.upgradeyourshade.com/product/upgrade-your-shade-kit Retrieved 2023 | |
| | 29 | Shibumi Shade, posted 10/12/2018 [online], [retrieved 01/19/2023], Retrieved from internet, https://www.facebook.com/shibumishade/ (Year: 2018) | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 12/20/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 13, 2023.*

WBD (US) 4875-2940-6342v



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 12/27/2023
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/27/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

| *Office Action Summary* | Application No.<br>18/329,082 | Applicant(s)<br>Barnes et al. | |
|---|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 | AIA (FITF) Status<br>Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☐ Responsive to communication(s) filed on _____.

☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL.** 2b)☑ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 21,26-30,35 and 37-50 is/are pending in the application.

5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 21,26-30,35 and 37-50 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 6/5/23 is/are: a)☐ accepted or b)☑ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

a)☐ All b)☐ Some** c)☐ None of the:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date 6/5/23, 10/13/23.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date ______.

4) ☐ Other: ______.

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Drawings*

2. The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the "fastener coupleable to or engaged with the trailing end of the canopy; an anchor capable of being in contact with the surface; and a cord coupleable to or engaged between the fastener and the anchor" recited in Claim 40, the "fastener coupleable to or engaged with a trailing end of a canopy," the "cord having a first end and a second end one of the first end and the second end of the cord coupleable to or engaged with the fastener," the "anchor coupleable to or engaged with the other of the first end and the second end of the cord [at the trailing end of the canopy]" recited in Claim 41, and the fastener comprising "a first engagement portion and a second engagement portion, each of the first engagement portion and the second engagement portion of the fastener coupleable to or engaged with the canopy" recited in Claim 42 must be shown or the feature(s) canceled from the claim(s). No new matter should be entered.

Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure

number of an amended drawing should not be labeled as “amended.” If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either “Replacement Sheet” or “New Sheet” pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

***Claim Objections***

3. The numbering of claims is not in accordance with 37 CFR 1.126 which requires the original numbering of the claims to be preserved throughout the prosecution. When claims are canceled, the remaining claims must not be renumbered. When new claims are presented, they must be numbered consecutively beginning with the number next following the highest numbered claims previously presented (whether entered or not).

Misnumbered claims 43-49 been renumbered 43-50. There are two Claims numbered 43 in the amendments presented on 10/13/2023. The second instance has been renumbered as Claim 44 and all of the proceeding claims have been renumbered accordingly.

4. A series of singular dependent claims is permissible in which a dependent claim refers to a preceding claim which, in turn, refers to another preceding claim.

A claim (such as renumbered Claim 49) which depends from a dependent claim should not be separated by any claim (such as renumbered Claim 48) which does not also depend from said dependent claim. It should be kept in mind that a dependent claim may refer to any preceding independent claim. In general, applicant's sequence will not be changed. See MPEP § 608.01(n).

### *Claim Rejections - 35 USC § 112*

5. The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

6. Claims 40-50 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the written description requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time the application was filed, had possession of the claimed invention.

a. Claim 40 recites "a fastener coupleable to or engaged with the trailing end of the canopy; an anchor capable of being in contact with the surface; and a cord

coupleable to or engaged between the fastener and the anchor" which features are not found in the disclosure as filed and are therefore considered new matter in the application.

b. Claim 41 recites a "fastener coupleable to or engaged with a trailing end of a canopy," a "cord having a first end and a second end one of the first end and the second end of the cord coupleable to or engaged with the fastener," and an "anchor coupleable to or engaged with the other of the first end and the second end of the cord [at the trailing end of the canopy]" which features are not found in the disclosure as filed and are therefore considered new matter in the application.

c. Claim 42 recites the fastener (at the trailing end of the canopy) comprising "a first engagement portion and a second engagement portion, each of the first engagement portion and the second engagement portion of the fastener coupleable to or engaged with the canopy" which is not found in the disclosure as filed and is therefore considered new matter in the application.

d. Claim 48 (as renumbered) recites that "the cord [engaged between the trailing end of the canopy and the anchor] has elastic properties" which is not found in the disclosure as filed and is therefore considered new matter in the application. While the cord within the frame sections is disclosed as elastic, no discussion is found of using an elastic cord for the anchor.

e. Claim 50 (as renumbered) recites that "a material of the canopy differs from a material of the fastener" which is not found in the disclosure as filed and is

therefore considered new matter in the application. There is no discussion of a fastener at the trailing end of the canopy, let alone of the material used therefor.

7. The following is a quotation of 35 U.S.C. 112(b):

(b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:

The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

8. Claims 41-50 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor (or for applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention. Claim 41 recites the limitation "the frame" which renders the claim indefinite. There is insufficient antecedent basis for this limitation in the claim.

## ***Claim Rejections - 35 USC § 102***

9. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

(a)(2) the claimed invention was described in a patent issued under section 151, or in an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention.

10. Claims 21, 26-29, 35, and 37-39 are rejected under 35 U.S.C. 102(a)(1) as being anticipated by KR 101315166 B1 (Kang).

f. Regarding Claim 21, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110) engageable with the surface; a canopy (200) extending between a suspension end (at 212) and an opposing trailing end (at 240), the suspension end of the canopy being coupleable with the frame about a portion of the frame (see Fig. 2).

g. Regarding Claim 26, Kang teaches that the canopy comprises one or more vent holes (240) defined within the canopy, one or more tails extending therefrom, one or more wind socks, or a combination thereof.

h. Regarding Claim 27, Kang teaches that the trailing end of the canopy is spaced apart from the portion of the frame such that when a wind force is applied to the canopy, the canopy extends at an angle relative to the surface, the angle varying with the wind force, and when there is de minimis wind force, the canopy is in contact with the surface at the trailing end (the canopy is held aloft by the wind force – see Fig. 2 – and will necessarily fall to the ground when there is no wind) .

i. Regarding Claim 28, Kang teaches that the frame comprises a plurality of longitudinally-extending sections (such as 100 and 110/320).

j. Regarding Claim 29, Kang teaches that the plurality of longitudinally-extending sections are arrangeable so that at least a first longitudinally-extending section (110/320 on the left) and a second longitudinally-extending section (110/320 on the right) are each engageable with the surface at first ends thereof

and are coupleable to one another about opposing, second ends or are each respectively coupleable to first and second ends of at least one intermediate longitudinally-extending section (100) arranged therebetween.

k. Regarding Claim 35, Kang teaches that the frame is directly engageable with the surface (at 110/320).

l. Regarding Claim 37, Kang teaches an object (320) engageable with the frame or with the canopy (via 330) to act as a counterweight against a wind force applied to the canopy so that the frame remains engaged with the surface when the wind force is applied to the canopy.

m. Regarding Claim 38, Kang teaches a cord (330) having a first end (at 310) and a second end (toward 320), the first end or the second end of the cord being coupleable to the frame or the canopy (at 310/230).

n. Regarding Claim 39, Kang teaches 39 an anchor (320 at the end of 330) coupleable to the other of the second end or the first end of the cord and being in contact with the surface so that the frame remains engaged with the surface when a wind force is applied to the canopy.

11. Claims 21 and 40 are rejected under 35 U.S.C. 102(a)(1) as being anticipated by Beatty in US Patent 3070107. Beatty teaches a system for providing shade onto a surface, the system comprising: a frame (3/14) engageable with the surface; a canopy (19) extending between a suspension end (toward 14) and an opposing trailing end (toward 22), the suspension end of the canopy being coupleable with the frame about a portion of the frame (at 20) and the provision of a kit comprising packaging (the canopy 19 wrapped as shown in Fig. 3) containing at least a frame (3/14) according to claim 21;

a canopy (19) according to claim 21; a fastener (where the cord attaches to the canopy) engaged with the trailing end of the canopy; an anchor (23) capable of being in contact with the surface; and a cord (22) engaged between the fastener and the anchor.

### *Claim Rejections - 35 USC § 103*

12. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

13. Claim 30 is rejected under 35 U.S.C. 103 as being unpatentable over Kang as applied to Claim 28 above in view of Jager in US Patent 5927311. Kang is silent on the use of a cable within the frame. Jager teaches a frame (50) with a plurality of longitudinally extending sections (58/60) and further comprising a cable (71) extending through the plurality of longitudinally-extending sections of the frame from the first end of a first longitudinally-extending section (58) to the first end of a second longitudinally-extending section (60) and any of the at least one intermediate longitudinally-extending sections (intervening sections 60) arranged therebetween. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame of Kang by using a frame with a cable extending through the sections of the frame as taught by Jager in order to prevent loss of frame sections when the canopy is collapsed.

14. Claims 41-47, 49, and 50 are rejected under 35 U.S.C. 103 as being unpatentable over Beatty in US Patent 3070107 in view of Swan in US Patent 4534089.

o. Regarding Claims 41-44 and 50, Beatty teaches a system for providing shade onto a surface, the system comprising: a trailing end of a canopy (19) extending between a suspension end (toward 20) and the trailing end (toward the rear end), the suspension end of the canopy being coupleable with a portion of the frame (3/14), the frame being engageable with the surface (at its lower end) in a supporting configuration; a cord (2) having a first end (toward 19) and a second end (toward 23), one of the first end and the second end of the cord coupleable to or engaged with the canopy; and an anchor (23) coupleable to or engaged with the other of the first end and the second end of the cord.

p. Beatty is silent on the details of the fastener. Swan teaches a fastener (10) coupleable to or engaged with a trailing end of a canopy (40/41) and a cord (any "suitable line, rope, or cable" – see Column 4, line 49) engageable with the fastener, wherein the fastener comprises a first engagement portion (11) and a second engagement portion (12), each of the first engagement portion and the second engagement portion of the fastener coupleable to or engaged with the canopy (see Fig. 5), wherein the first engagement portion and the second engagement portion of the fastener are formed as separable components, and when engaged, the first engagement portion of the fastener is arranged on one side of the canopy and the second engagement portion of the fastener is arranged on an opposing side of the canopy, such that the canopy is sandwiched between the first engagement portion and the second engagement portion of the

fastener (see Fig. 5) and a material of the canopy (“fabric”) differs from a material of the fastener (“plastic”). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Beatty by using a fastener as taught by Swan to attach the cord to the canopy in order to provide a secure and removable attachment between the cord and canopy.

q. Regarding Claim 45, Beatty, as modified, teaches that the anchor comprises a container (“bags 23”), the container capable of housing weight (“the bags 23 can be filled” – Column 3, line 32).

r. Regarding Claim 46, Beatty, as modified, teaches that the cord is coupleable to or engaged with an interior or exterior of the container (“Bags 23 are connected to the projected extremities of cords 22” – Column 3, lines 22-23) .

s. Regarding Claim 47, Beatty, as modified, inherently teaches that the container is capable of acting as the anchor (see Fig. 1) and for transporting at least one component of the system (the bag can be used to transport the weight therein from one site to another).

t. Regarding Claim 49, Beatty, as modified, teaches that the weight is sand (“beach sand”).

15. Claim 48 is rejected under 35 U.S.C. 103 as being unpatentable over Beatty, as modified, by Swan, as applied to claim 41 above, and further in view of Oasheim in US Patent 4829694. Beatty is silent on the type of cord used. Oasheim teaches an anchor cord (54), wherein the cord has elastic properties (the “elastic cord 54”). It would have been obvious to one of ordinary skill in the art before the effective filing date of the

claimed invention to modify the device of Beatty, as modified, by using an elastic cord as taught by Oasheim in order to allow the cord to flex under load and prevent damage to the canopy.

### ***Conclusion***

16. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197

(toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>18/329,082 | Filing Date<br>06/05/2023 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | | RATE ($) | FEE ($) |
|---|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | | x $100 = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 03/14/2024 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total<br>(37 CFR 1.16(i)) | * 10 | Minus | ** 20 | = 0 | | x $100 = | 0 |
| | Independent<br>(37 CFR 1.16(h)) | * 1 | Minus | *** 3 | = 0 | | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total<br>(37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | Administrative Support Assista |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /DANTE SMITH/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

AMENDMENT UNDER 37 C.F.R. § 1.111

Sir:

In response to the Office Action dated December 27, 2023, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks/Arguments** begin on page 5 of this paper.

Amendments to the Claims

1. – 20. (Canceled)

21. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a single frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration engages ~~engageable~~ ~~with~~ the surface such that the system only engages the surface where the right and left ends of the single frame engage the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end;

two fasteners that secure the canopy in position relative to the frame, a first fastener arranged proximate the left end of the suspension end and a second fastener arranged proximate the right end of the suspension end, the first fastener engaging a portion of the left end of the frame and the second fastener engaging a portion of the right end of the frame; and

a single fastener on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface~~being coupleable with the frame about a portion of the frame~~.

22.–29. (Canceled)

30. (Currently Amended) The system of claim 28, wherein the alignment component comprises ~~further~~ ~~comprising~~ a cable extending through and affixed to one or more of the plurality of sections of the frame ~~extending through the plurality of longitudinally-extending sections of the frame from the first end of the first longitudinally-extending section to the first end of the second longitudinally-extending section and any of the at least one intermediate longitudinally-extending sections arranged therebetween~~.

31- 50.(Canceled)

51. (New) The system of claim 21, wherein the two fasteners comprise two elastic straps, the first fastener comprising a first elastic strap arranged proximate the left end of the suspension end and the second fastener comprising a second elastic strap arranged proximate the right end of the suspension end, the two elastic straps each being wrapped about the frame when engaging the fasteners thereto to increase friction between the strap and the frame.

52. (New) The system of claim 21, wherein the canopy comprises a plurality of coupled sections extending between the suspension end of the canopy and the opposing trailing end of the canopy.

53. (New) The system of claim 21, wherein, in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind in the first configuration for providing shade to the surface.

54. (New) The system of claim 21, wherein the single fastener on the suspension end of the canopy comprises a loop extending a substantial entirety of a length of the suspension end from the left end to the right end.

55. (New) The system of claim 21, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

56. (New)The system of claim 54, wherein the loop comprises two tie strings that form the two fasteners, the first fastener comprising a first tie string arranged proximate the left end of the suspension end and the second fastener comprising a second tie string arranged proximate the right end of the suspension end.

57. (New) The system of claim 56, wherein the loop and the two tie strings are the only fasteners necessary for retaining the system in the supporting configuration.

58. (New) The system of claim 21, wherein each of the two fasteners is fastened or engaged with itself after wrapping about the frame.

**REMARKS/ARGUMENTS**

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and remarks that follow. Claims 1-20, 22-25, 31-34, and 36 were previously canceled. With this Amendment, claims 26-29, 35, and 37-50 are canceled, while claims 21 and 30 are amended, and claims 51-58 are added. As such, claims 21, 30, and 51-58 are now pending following this Amendment. Applicant submits that no new matter is added by way of this Amendment.

Drawings

The drawings are objected to under 37 CFR 1.83(a) for allegedly failing to show the features recited in claims 40, 41, and 42. These claims are now canceled, such that this objection to the drawings is now moot.

Claim Objections

Misnumbered claims 43-49 have now been canceled. As such, Applicant respectfully submits that this objection is now moot.

Claim Rejections – 35 USC § 112

Claims 40-50 are rejected under 35 U.S.C. § 112(a), as allegedly failing to comply with the written description requirement. These claims are now canceled. As such this rejection is now moot.

Claims 41-50 are rejected are rejected under 35 U.S.C. § 112(b), as allegedly being indefinite for failing to particularly point out and distinctly claim the subject matter. These claims are now canceled. As such this rejection is now moot.

Claim Rejections – 35 USC § 102

Claims 21, 26-29, 35, and 37-39 are rejected under 35 U.S.C. § 102(a)(1) as allegedly being anticipated by KR 101315166 to Kang. Claims 26-29, 35, and 37-39 are now canceled. As

such, this rejection is now moot with respect to these claims.

Regarding independent claim 21, the claim is now amended to further define the system for providing shade onto the surface. Applicant respectfully submits that Kang fails to teach or suggest each and every element of the independent claim. For example, Applicant submits that Kang fails to teach or suggest the claimed frame because Kang fails to disclose a frame defined by a plurality of sections and comprising an alignment component, such that Kang does not disclose a frame that is engageable in a supporting configuration and disengagable in a transport configuration. Kang also fails to disclose that the system ***only*** engages the surface where the right and left ends of the single frame engage the surface, as claimed, as Kang discloses two configurations: a first configuration in FIG. 1 where the ends of the frame 100 **and** the pile 320 engage the surface (i.e., three points of engagement), and a second configuration in FIGs. 4 and 5 where the ends of both frames 100, 100' **and** the pile 320 (cut off from the figure) engage the surface (i.e., five points of engagement). Accordingly, Kang fails to at least disclose a frame as claimed.

For at least this reason, independent claim 21 is not anticipated by Kang. Applicant respectfully requests withdrawal of this rejection.

Claims 21 and 40 are rejected under 35 U.S.C. § 102(a)(1) as allegedly being anticipated by Beatty in US Patent 3,070,107. Claim 40 is now canceled. As such, this rejection is now moot with respect to this claim.

Regarding independent claim 21, the claim is now amended to further define the system for providing shade onto the surface. Applicant respectfully submits that Beatty fails to teach or suggest each and every element of the independent claim. For example, Applicant submits that Beatty fails to teach or suggest the claimed frame because Beatty fails to disclose a left end and a right end of the frame in the supporting configuration engaging the surface. As such, Beatty cannot disclose that the system ***only*** engages the surface where the right and left ends of the single frame engage the surface, as claimed, as Beatty has two configurations of its system: a first configuration in FIG. 1 where tube 2 **and** two bags 23 engage the surface (i.e., three points of engagement), and a second configuration in FIG. 8 where tube 2 **and** two stakes 25 engage the

surface (i.e., three points of engagement). Accordingly, Beatty fails to at least disclose a frame as claimed.

For at least this reason, independent claim 21 is not anticipated by Beatty. Applicant respectfully requests withdrawal of this rejection.

Claim Rejections – 35 USC § 103

Claim 30 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang in view of Jager in US Patent 5,927,311. Claims 41-47, 49, and 50 are rejected under 35 U.S.C. 103 as allegedly being unpatentable over Beatty in US Patent 3070107 in view of Swan in US Patent 4534089. Claim 48 is rejected under 35 U.S.C. 103 as allegedly being unpatentable over Beatty, as modified, by Swan, as applied to claim 41 above, and further in view of Oasheim in US Patent 4829694. Claims 41-50 are now canceled. As such, the rejection of these claims is now moot.

Claim 30 depends on independent claim 21. As noted hereinabove, Kang fails to anticipate independent claim 21 for at least the reasons presented. Kang also fails to render independent claim 21 obvious for at least the same reasons. Nothing in Jager cures this deficiency in Kang. For example, Jager discloses two spaced parallel longitudinal support rod members, such that the support rod members each engage the surface at their opposing ends (i.e., four points of engagement). Thus, Jager also fails to provide any disclosure for a system that ***only*** engages the surface where the right and left ends of the single frame engage the surface.

Since claim 21 is not rendered obvious by Kang separately or in combination with Jager, it follows that claim 30 is also not rendered obvious by Kang separately or in combination with Jager for at least the dependency of claim 30 on claim 21. Applicant respectfully requests withdrawal of this rejection.

Status of New and Amended Claims

Claim 21 is currently amended. Support for the amendments to new claim 21 can be found throughout the specification as originally filed, including at least, for example, paragraph [0037], [0042], [0043], [0046], and [0051]. Thus, no new matter has been added.

Claims 51-58 are dependent claims that depend upon independent claim 21. Support for

these new claims can be found throughout the specification as originally-filed. Thus, no new matter has been added. Applicant respectfully submits that claims 51-58 overcome the cited references for at least the reasons presented herein with regard to independent claim 21, from which they depend.

**CONCLUSION**

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON MARCH 14, 2024.***

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **03/14/2024 05:17:11 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 64688328 | FILING DATE | 06/05/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 6

| DOCUMENT | | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|---|
| S105508_1010US_C9_0044_8_Amendment_for_12-27-23_OA.pdf | | 9 | - | 154 KB |
| S105508_1010US_C9_0044_8_Amendment_for_12-27-23_OA-A....pdf | (1-1) | 1 | Amendment/Request for Reconsideration-After Non-Final Rejection | 113 KB |
| S105508_1010US_C9_0044_8_Amendment_for_12-27-23_OA-CLM.pdf | (2-4) | 3 | Claims | 82 KB |
| S105508_1010US_C9_0044_8_Amendment_for_12-27-23_OA-REM.pdf | (5-9) | 5 | Applicant Arguments/Remarks Made in an Amendment | 110 KB |
| S105508_1010US_C9_0044_8_Suppl_IDS_Cover.pdf | | 1 | Letter specifying the conditions for filing under 37 CFR 1.97 | 117 KB |

| | | | |
|---|---|---|---|
| S105508_1010US_C9_0044_8_Suppl_IDS_1449.pdf | 1 | Information Disclosure Statement (IDS) Form (SB08) | 127 KB |

Warning: This is not a USPTO supplied IDS fillable form. Data in the form cannot be automatically loaded to other USPTO systems.

| | | | |
|---|---|---|---|
| NPL-How_to_Reinforce.pdf | 6 | Non Patent Literature | 1053 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C9_0044_8_Amendment_for_12-27-23_OA.pdf | BF1B8A108970372AD5046E3C1E509E537504A2F89823CDDDD21D3AFF04E04D4872B64F3A04D2256F9AD4184A3D92992272536791F8C70C29432AAEC4B971CA69 |
| S105508_1010US_C9_0044_8_Amendment_for_12-27-23_OA-A....pdf | CE971638036E45B3EFA8DE7C4913AF1F5859F61070C051C0F0CC358AE0D2BB7BB250EBCECA64CFBB8F8D6FD77C650A83A946CBBD03F79E71DB257F67BECC2BC3 |
| S105508_1010US_C9_0044_8_Amendment_for_12-27-23_OA-CLM.pdf | 10F47C2C221FF0E9A3349BD761A7C9C5111BF74B4F91B18AE82FF0F9E31101DF5BCB30B2EED5B0EE9B6617429359833634619B3547C781D337C410D139A7F93F |
| S105508_1010US_C9_0044_8_Amendment_for_12-27-23_OA-REM.pdf | 5C10940A94FA67E59F47EDCAD67701BFCC6069D691CE32184B3A044AC8AEAB4B649316B70A5FFB7913798BDE8808688E370CF3567D44EC71C84B5B4FF7BBC4AB |
| S105508_1010US_C9_0044_8_Suppl_IDS_Cover.pdf | A79462A8FCEC813F305DC72546E3AF6F732AA69E9966B710A8515A707539C79E22771DFE9C2F63FB7E9E0A5376856A5736763BD36E8D8AE71D483F6502B527D5 |
| S105508_1010US_C9_0044_8_Suppl_IDS_1449.pdf | 4992F872B95E37E6950DAE15A16A9BA090753CCE2B256A4D549305992D493487F6655B6C4F7790A9A76D227778BDAA4F7BAA89BD60C36C82F667B1A89D83A2E0 |
| NPL-How_to_Reinforce.pdf | 080477D721E5587AB358EDBDEBD22DC417D30A07BA203F5C16AF89C17C100FF76E687AB08456CDA1B263D0A3C62B37C7B29EE3C6E5A1DC28B73EC6F9617E7C91 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage

submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 18/329,082 |
| | | | | Filing Date | June 5, 2023 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-4,832,304 | 05-23-1989 | Morgulis | |
| | 2 | US-2015/0108295 | 04-23-2015 | Brooks | |
| | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | | | | | | |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 3 | "How to Reinforce a Hole in Sunbrella (Registered), webpage <https://www.sailrite.com/How-to-Reinforce-a-Hole-in-Sunbrella>, 1 page, October 16/2023 (Year: 2023) | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON MARCH 14, 2024.*

WBD (US) 4877-1948-4589

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **03/14/2024 05:17:11 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 64688328 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 06/05/2023 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E20243DH17439551** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1806 | SUBMISSION OF AN INFORMATION DISCLOSURE STATEMENT | 260.00 | 1 | 260.00 |
| | | | **TOTAL AMOUNT:** | **$260.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C.

371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Attorney's Docket No. **S105508 1010US.C9 (0044.8)** PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. § 1.97(c)**

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature document in accordance with 37 CFR 1.98(a)(2). Also enclosed is a translation or a concise explanation of each non-English language document.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(c), before final Office Action or Allowance, whichever is earlier. The Commissioner is authorized to charge the $260.00 fee specified in 37 C.F.R. § 1.17(p) and any additional fee, or credit any refund, to our Deposit Account No. **09-0528**.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344



*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON MARCH 14, 2024.*

# Search Notes

| Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|
| 18/329,082 | Barnes et al. |
| **Examiner** | **Art Unit** |
| NOAH C HAWK | 3636 |

**CPC - Searched***

| Symbol | Date | Examiner |
|---|---|---|
| E04H 15/005, 15/60, 15/62 | 12/20/2023 | NCH |
| updated above | 04/01/2024 | NCH |
| | | |

**CPC Combination Sets - Searched***

| Symbol | Date | Examiner |
|---|---|---|
| | | |

**US Classification - Searched***

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

**Search Notes**

| Search Notes | Date | Examiner |
|---|---|---|
| Considered IDS filed 6/5/23 (2) and 10/13/23 | 12/20/2023 | NCH |
| Performed inventor name search | 12/20/2023 | NCH |
| Considered and updated search history for parent application 18/072143 | 12/20/2023 | NCH |
| Please see attached PE2E search history | 12/20/2023 | NCH |
| Considered IDS filed 3/14/24 | 03/29/2024 | NCH |
| | | |

| Search Notes | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

| *Index of Claims* | Application/Control No.<br>18/329,082 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/20/2023 | 04/01/2024 | | | | | | | |
| | 1 | - | - | | | | | | | |
| | 2 | - | - | | | | | | | |
| | 3 | - | - | | | | | | | |
| | 4 | - | - | | | | | | | |
| | 5 | - | - | | | | | | | |
| | 6 | - | - | | | | | | | |
| | 7 | - | - | | | | | | | |
| | 8 | - | - | | | | | | | |
| | 9 | - | - | | | | | | | |
| | 10 | - | - | | | | | | | |
| | 11 | - | - | | | | | | | |
| | 12 | - | - | | | | | | | |
| | 13 | - | - | | | | | | | |
| | 14 | - | - | | | | | | | |
| | 15 | - | - | | | | | | | |
| | 16 | - | - | | | | | | | |
| | 17 | - | - | | | | | | | |
| | 18 | - | - | | | | | | | |
| | 19 | - | - | | | | | | | |
| | 20 | - | - | | | | | | | |
| | 21 | ✓ | ✓ | | | | | | | |
| | 22 | - | - | | | | | | | |
| | 23 | - | - | | | | | | | |
| | 24 | - | - | | | | | | | |
| | 25 | - | - | | | | | | | |
| | 26 | ✓ | - | | | | | | | |
| | 27 | ✓ | - | | | | | | | |
| | 28 | ✓ | - | | | | | | | |
| | 29 | ✓ | - | | | | | | | |
| | 30 | ✓ | ✓ | | | | | | | |
| | 31 | - | - | | | | | | | |
| | 32 | - | - | | | | | | | |
| | 33 | - | - | | | | | | | |
| | 34 | - | - | | | | | | | |
| | 35 | ✓ | - | | | | | | | |
| | 36 | - | - | | | | | | | |
| | 37 | ✓ | - | | | | | | | |
| | 38 | ✓ | - | | | | | | | |
| | 39 | ✓ | - | | | | | | | |
| | 40 | ✓ | - | | | | | | | |
| | 41 | ✓ | - | | | | | | | |
| | 42 | ✓ | - | | | | | | | |

| *Index of Claims* | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/20/2023 | 04/01/2024 | | | | | | | |
| | 43 | ✓ | - | | | | | | | |
| | 44 | ✓ | - | | | | | | | |
| | 45 | ✓ | - | | | | | | | |
| | 46 | ✓ | - | | | | | | | |
| | 47 | ✓ | - | | | | | | | |
| | 48 | ✓ | - | | | | | | | |
| | 49 | ✓ | - | | | | | | | |
| | 50 | ✓ | - | | | | | | | |
| | 51 | | ✓ | | | | | | | |
| | 52 | | ✓ | | | | | | | |
| | 53 | | ✓ | | | | | | | |
| | 54 | | ✓ | | | | | | | |
| | 55 | | ✓ | | | | | | | |
| | 56 | | ✓ | | | | | | | |
| | 57 | | ✓ | | | | | | | |
| | 58 | | ✓ | | | | | | | |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 18/329,082 |
| | | | | Filing Date | June 5, 2023 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | 3636 |
| | | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C9 (0044.8)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-4,832,304 | 05-23-1989 | Morgulis | |
| | 2 | US-2015/0108295 | 04-23-2015 | Brooks | |
| | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | | | | | | |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 3 | "How to Reinforce a Hole in Sunbrella (Registered), webpage <https://www.sailrite.com/How-to-Reinforce-a-Hole-in-Sunbrella>, 1 page, October 16/2023 (Year: 2023) | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 03/29/2024 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON MARCH 14, 2024.*

WBD (US) 4877-1948-4589



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 04/05/2024
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |
| **ART UNIT** | **PAPER NUMBER** |
| 3636 | |
| **NOTIFICATION DATE** | **DELIVERY MODE** |
| 04/05/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

| Office Action Summary | Application No. 18/329,082 | Applicant(s) Barnes et al. | |
|---|---|---|---|
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 | **AIA (FITF) Status** Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on 3/14/24.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☑ This action is **FINAL.** 2b) ☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 21,30 and 51-58 is/are pending in the application.
5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 21,30 and 51-58 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 6/5/23 is/are: a)☐ accepted or b)☑ objected to by the Examiner.
Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
a)☐ All b)☐ Some** c)☐ None of the:
1.☐ Certified copies of the priority documents have been received.
2.☐ Certified copies of the priority documents have been received in Application No. _____.
3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
Paper No(s)/Mail Date 3/14/24.

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

# DETAILED ACTION

## *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

## *Claim Objections*

2. Claim 30 objected to because of the following informalities: it depends from cancelled Claim 28. Appropriate correction is required. Claim 30 will be treated as depending from Claim 21.

## *Drawings*

3. The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the tie strings recited in Claim 56 must be shown or the feature(s) canceled from the claim(s). No new matter should be entered.

Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as “amended.” If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for

consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either “Replacement Sheet” or “New Sheet” pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

## ***Claim Rejections - 35 USC § 112***

4. The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

5. Claims 56-57 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the written description requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time the application was filed, had possession of the claimed invention. Claim 56 recites that the loop comprises two tie strings that form the two fasteners. While the disclosure

supports the use of tie strings as the loop (see Paragraph 0037), there is no discussion of the use of the loop as simultaneously the "two fasteners" and the "single fastener" nor is there any discussion of the use of tie strings as the "two fasteners" (as best understood, the two fasteners are indicated at element 50 in the applicant's figures).

## ***Claim Rejections - 35 USC § 103***

6. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

7. Claims 21, 30, 53, 54, 56, and 57 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311.

a. Regarding Claims 21 and 30, Kang teaches a system for providing shade onto a surface, the system comprising: a single frame (100/110/320), wherein each of a left end (110/320 on the left) and a right end (110/320 on the right) of the frame in a supporting configuration engages the surface such that the system only engages the surface where the right and left ends of the single frame engage the surface; a canopy (200) extending between a suspension end (at 212) and an opposing trailing end (toward 240), the suspension end of the canopy extending between a left end (toward 220 on the left) and a right end (toward 220 on the right); two fasteners (220 on each end) that secure the canopy in position relative to the frame, a first fastener (220 on the left) arranged

proximate the left end of the suspension end and a second fastener (220 on the right) arranged proximate the right end of the suspension end, the first fastener engaging a portion of the left end of the frame and the second fastener engaging a portion of the right end of the frame; and a single fastener (212) on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration (Fig. 2) for providing shade to the surface.

b. Kang is silent on the use of a multi-part frame. Jager teaches a single frame (50) defined by a plurality of sections (58/60/62) and comprising an alignment component (71) extending through at least a portion of the plurality of sections, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration (Fig. 1) and thereby disengageable to define the frame in a transport configuration (Fig. 5). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a multi-part frame as taught by Jager in order to allow the device to be more compactly collapsed when not in use.

c. Regarding Claim 53, Kang, as modified, teaches that in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind in the first configuration for providing shade to the surface.

d. Regarding Claim 54, Kang, as modified, teaches that the single fastener on the suspension end of the canopy comprises a loop extending a substantial entirety of a length of the suspension end from the left end to the right end.

e. Regarding Claim 56, Kang, as modified, teaches that the loop comprises (as best understood) two “tie strings” (220) that form the two fasteners (insofar as the tie strings are attached to the loop), the first fastener comprising a first tie string (220 on the left) arranged proximate the left end of the suspension end and the second fastener comprising a second tie string (220 on the right) arranged proximate the right end of the suspension end.

f. Regarding Claim 57, Kang, as modified, teaches that the loop and the two tie strings are the only fasteners necessary for retaining the system in the supporting configuration.

8. Claim 51 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 21 above, and further in view of Swetish in US Patent 5771912. Kang, as modified, teaches that the two fasteners comprise two straps, the first fastener comprising a first strap arranged proximate the left end of the suspension end and the second fastener comprising a second strap arranged proximate the right end of the suspension end, the two straps each being wrapped about the frame when engaging the fasteners thereto to increase friction between the strap and the frame.

Kang, as modified, is silent on the material used for the straps. Swetish teaches a frame-engaging strap (24) that is elastic. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using elastic straps as taught by Swetish in order to provide a durable and flexible connection between the frame and canopy.

9. Claim 52 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 21 above, and further in view of Sotirkys et al. in US Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at 76) and wherein the canopy comprises a plurality of coupled sections (10 and 73) extending between the suspension end of the canopy and the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

10. Claim 55 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 21 above, and further in view of Warth in US Patent 3286962. Kang, as modified, is silent on the use of a corkscrew shape for the ground engaging ends of the frame. Warth teaches a frame with an end (35) having a corkscrew shape for engaging the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame ends of Kang, as modified, by using corkscrew shaped ends as taught by Warth in order to better secure the device in the ground.

11. Claim 58 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 21 above, and further in view of Rise in US Patent 5291640. Kang, as modified, is silent on the use of self-engaging fasteners. Rise teaches a fastener (A) that is fastened or engaged with itself after wrapping about a frame (inserted through S). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a self-engaging fasteners as taught by Rise in order to more easily attach the frame to the canopy.

## ***Response to Arguments***

12. Applicant's arguments filed 3/14/2024 have been fully considered but they are not persuasive.

13. In response to Applicant's argument that Kang includes additional structure not required by Applicant's invention, it must be noted that Kang discloses the invention as claimed. The fact that it discloses additional structure not claimed is irrelevant.

14. The remainder of the Applicant's arguments relies on the alleged shortcomings of the rejection of Claim 21 addressed above, presents no further arguments advancing the patentability of the dependent claims and as such, is not deemed persuasive.

## ***Conclusion***

15. **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

16. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and

https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| **PATENT APPLICATION FEE DETERMINATION RECORD** Substitute for Form PTO-875 | Application or Docket Number 18/329,082 | Filing Date 06/05/2023 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| | (Column 1) | (Column 2) | | | |
|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 06/05/2024 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 16 | Minus | ** 20 | = 0 | | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | SLIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /SHANDA E ROSS/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

AMENDMENT UNDER 37 C.F.R. § 1.116

Sir:

In response to the final Office Action dated April 5, 2024, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks/Arguments** begin on page 8 of this paper.

Doc Code: A.NE.AFCP
Document Description: After Final Consideration Program Request

PTO/SB/434 (3-22)

# CERTIFICATION AND REQUEST FOR CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0

| Practitioner Docket No.: | Application No.: | Filing Date: |
|---|---|---|
| S105508 1010US.C9 (0044.8) | 18/329,082 | June 5, 2023 |

| First Named Inventor: | Title: |
|---|---|
| Dane Brooks Barnes | SHADING SYSTEM AND METHOD OF USE |

APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0 (AFCP 2.0) OF THE ACCOMPANYING RESPONSE UNDER 37 CFR 1.116.

1. The above-identified application is (i) an original utility, plant, or design nonprovisional application filed under 35 U.S.C. 111(a) [a continuing application (*e.g.*, a continuation or divisional application) is filed under 35 U.S.C. 111(a) and is eligible under (i)], or (ii) an international application that has entered the national stage in compliance with 35 U.S.C. 371(c).
2. The above-identified application contains an outstanding final rejection.
3. Submitted herewith is a response under 37 CFR 1.116 to the outstanding final rejection. The response includes an amendment to at least one independent claim, and the amendment does not broaden the scope of the independent claim in any aspect.
4. This certification and request for consideration under AFCP 2.0 is the only AFCP 2.0 certification and request filed in response to the outstanding final rejection.
5. Applicant is willing and available to participate in any interview requested by the examiner concerning the present response.
6. This certification and request is being filed electronically using the USPTO's patent electronic filing system.
7. Any fees that would be necessary consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, extension of time fees, are being concurrently filed herewith. [There is no additional fee required to request consideration under AFCP 2.0.]
8. By filing this certification and request, applicant acknowledges the following:

- Reissue applications and reexamination proceedings are not eligible to participate in AFCP 2.0.
- The examiner will verify that the AFCP 2.0 submission is compliant, *i.e.*, that the requirements of the program have been met (see items 1 to 7 above). For compliant submissions:
  - The examiner will review the response under 37 CFR 1.116 to determine if additional search and/or consideration (i) is necessitated by the amendment and (ii) could be completed within the time allotted under AFCP 2.0. If additional search and/or consideration is required but cannot be completed within the allotted time, the examiner will process the submission consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, by mailing an advisory action.
  - If the examiner determines that the amendment does not necessitate additional search and/or consideration, or if the examiner determines that additional search and/or consideration is required and could be completed within the allotted time, then the examiner will consider whether the amendment places the application in condition for allowance (after completing the additional search and/or consideration, if required). If the examiner determines that the amendment does not place the application in condition for allowance, then the examiner will contact the applicant and request an interview.
    - The interview will be conducted by the examiner, and if the examiner does not have negotiation authority, a primary examiner and/or supervisory patent examiner will also participate.
    - If the applicant declines the interview, or if the interview cannot be scheduled within ten (10) calendar days from the date that the examiner first contacts the applicant, then the examiner will proceed consistent with current practice concerning responses after final rejection under 37 CFR 1.116.

| Signature | Date | Practitioner Registration No. |
|---|---|---|
| /Lauren F. Anderson/ | June 5, 2024 | 69,344 |

| Name (Print/Typed) | Telephone Number |
|---|---|
| Lauren F. Anderson | (919) 755-8127 |

***Note**: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below**.*

☐ * Total of ________ forms are submitted.

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **06/05/2024 05:02:07 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 65840305 | FILING DATE | 06/05/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 4

| DOCUMENT | | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|---|
| S105508_1010US_C9_0044_8_AFCP_2_0.pdf | | 2 | After Final Consideration Program Request | 252 KB |
| S105508_1010US_C9_0044_8_Amendment_After_4-5-2024_FOA.pdf | | 13 | - | 341 KB |
| S105508_1010US_C9_0044_8_Amendment_After_4-5-2024_FOA-A.NE.pdf | (1-1) | 1 | Response After Final Action | 114 KB |
| S105508_1010US_C9_0044_8_Amendment_After_4-5-2024_FOA-CLM.pdf | (2-7) | 6 | Claims | 89 KB |

| | | | | |
|---|---|---|---|---|
| S105508_1010US_C9_0044_8_Amendment_After_4-5-2024_FOA-REM.pdf | (8-13) | 6 | Applicant Arguments/Remarks Made in an Amendment | 291 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C9_0044_8_AFCP_2_0.pdf | 01DB38F42EE9017A93B359AF7FE7B7076146F57E4DAAB3770A8CB418C1ADA528FEEF5F05A35F03735BFBE47184FABD465BE03A81AE26C7FC06D3F95E52A662CF |
| S105508_1010US_C9_0044_8_Amendment_After_4-5-2024_FOA.pdf | DBCAD2EE7CD658ADE9CD73822BE8F754945A94D234EA90FADB8430B3896F1195DBFB35874B9121545307F3BAABBFA19D0D4FA9A9440C66EE190562AFAD4FC01F |
| S105508_1010US_C9_0044_8_Amendment_After_4-5-2024_FOA-A.NE.pdf | 249DFD182B0C0E20AA3223CCDEA5B26ACD4B694B848293EC36681AA683BA41F79EA43522A24CB0D59D0669CA960A59E1298DE843CE218D918CADB9D1385714E3 |
| S105508_1010US_C9_0044_8_Amendment_After_4-5-2024_FOA-CLM.pdf | 1942D56B0E53D30CCDF2A4EA1A7CA3F4A5813F5D2023CA0C89526AB6B4DBAE17BC5DD7D38E4D5528CCDDE5B5987C93CB0D73BF7FF7A2EAB3EEA43FEFCC94E8FF |
| S105508_1010US_C9_0044_8_Amendment_After_4-5-2024_FOA-REM.pdf | FBAB62636DC2B83D3529461B46EF2C2A1E6A32A417967E0B89E42E40A7A13D6A2A9F11EFA5455937F4DC1C0DE9D8728D2655F222B756AD861D1E27802ADEAEFD |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

AMENDMENT UNDER 37 C.F.R. § 1.116

Sir:

In response to the final Office Action dated April 5, 2024, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks/Arguments** begin on page 8 of this paper.

Amendments to the Claims

1. – 20. (Canceled)

21. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a ~~single~~ frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration engages the surface such that the system only engages the surface where the right and left ends of the ~~single~~ frame engage the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end;

~~two fasteners that secure the canopy in position relative to the frame, a first fastener arranged proximate the left end of the suspension end and a second fastener arranged proximate the right end of the suspension end, the first fastener engaging a portion of the left end of the frame and the second fastener engaging a portion of the right end of the frame;~~ and

at least one ~~a single~~ fastener on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind ~~in a first configuration~~ for providing shade to the surface.

22.–29. (Canceled)

30. (Currently Amended) The system of claim [[28]]21, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

31- 50.(Canceled)

51. (Currently Amended) The system of claim 21, wherein the at least one fastener comprises a first fastener formed as a strap~~two fasteners comprise two elastic straps, the first fastener comprising a first elastic strap~~ arranged proximate the left or right end of the suspension end ~~and the second fastener comprising a second elastic strap arranged proximate the right end of the suspension end~~, the first ~~two~~ ~~elastic~~ strap[[s]] ~~each~~ being wrapped about the frame when engaging the fastener[[s]] thereto~~ to increase friction between the strap and the frame~~.

52. (Previously Presented) The system of claim 21, wherein the canopy comprises a plurality of coupled sections extending between the suspension end of the canopy and the opposing trailing end of the canopy.

53. (Currently Amended) The system of claim 21, wherein, in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind ~~in the first configuration~~ for providing shade to the surface.

54. (Currently Amended) The system of claim 21, wherein the at least one ~~single~~ fastener on the suspension end of the canopy comprises a loop extending ~~a substantial entirety of a length~~about ~~of~~ the suspension end from the left end to the right end.

55. (Previously Presented) The system of claim 21, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

56. (Canceled)

57. (Canceled)

58. (Currently Amended) The system of claim 21, wherein the at least one fastener~~each of the two fasteners~~ is fastened or engaged with itself after wrapping about the frame.

59. (New) The system of claim 21, wherein the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

60. (New) The system of claim 21, further comprising a hoop engaged with or coupled to one or both of the canopy and the frame at a point between the left and right ends thereof.

61. (New) The system of claim 21, wherein the canopy defines a plurality of coupled sections extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

62. (New) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first

section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism engaged with or coupled thereto and the second portion of the loop forming a second securing mechanism engaged with or coupled thereto,

wherein at least one of the first and second securing mechanisms is brought into contact with itself for securing the canopy into position relative to the frame.

63. (New) The system of claim 62, wherein at least the other of the second and first securing mechanisms being brought into contact with itself for securing the canopy into position relative to the frame.

64. (New) The system of claim 62, wherein the loop, the first securing mechanism, and the second securing mechanism are formed of fabric.

65. (New) The system of claim 62, wherein the canopy defines a plurality of coupled sections extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

66. (New) The system of claim 62, wherein the at least one alignment component comprises a cable extending through and affixed to the one or more adjacent sections of the frame of the frame.

67. (New) The system of claim 62, wherein the central portion, the first portion, and the second portion of the loop extend coaxially along a length of the suspension end of the canopy, the central portion of the loop being longer in length than the first and second portions of the loop.

68. (New) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a first portion and a second portion of the loop, the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the loop forming a first securing mechanism engaged with or coupled thereto,

wherein the first securing mechanism is brought into contact with itself for securing the canopy into position relative to the frame.

**REMARKS/ARGUMENTS**

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and remarks that follow. Claims 1-20, 22-29, and 31-50 were previously canceled. With this Amendment, claims 56-57 are canceled, while claims 21, 30, 51, 53, 54, and 58 are amended, and claims 59-68 are added. As such, claims 21, 30, 51-55, and 58-68 are now pending following this Amendment. Applicant submits that no new matter is added by way of this Amendment.

Drawings

The drawings are objected to under 37 CFR 1.83(a) for allegedly failing to show the features recited in claim 56. Without acquiescing to the veracity of this objection, for the sake of expediting prosecution, claim 56 (and claim 57 depending thereon) are now canceled, such that this objection to the drawings is now moot.

Claim Objections

Claim 30 is now objected to for an informality regarding its dependency. Claim 30 is now amended to address this objection. As such, Applicant respectfully submits that this objection is now moot.

Claim Rejections – 35 USC § 112

Claims 56-57 are rejected under 35 U.S.C. § 112(a), as allegedly failing to comply with the written description requirement. Without acquiescing to the veracity of this rejection, for the sake of expediting prosecution, these claims are now canceled. As such this rejection is now moot.

Claim Rejections – 35 USC § 103

Claims 21, 30, 53, 54, 56, and 57 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over KR 101315166 to Kang in view of Jager in US Patent 5,927,311.

Initially, Applicant notes that claims 56 and 57 are canceled. As such, the rejection of these claims is now moot.

Claim 21 is the independent claim from which claims 30, 53, and 54 depend. Independent claim 21 recites the claim language: wherein each of a left end and a right end of the frame in the supporting configuration engages the surface such that the system ***only*** engages the surface where the right and left ends of the single frame engage the surface.

Applicant reiterates from the previous response that Kang fails to disclose a frame defined by a plurality of sections and comprising an alignment component, such that Kang does not disclose a frame that is engageable in a supporting configuration and disengagable in a transport configuration. Kang also fails to disclose that the system ***only*** engages the surface where the right and left ends of the single frame engage the surface, as claimed. The examiner argues that Kang discloses this element in section 7(a) of the Office Action. Applicant respectfully disagrees.

Kang discloses two configurations shown in the annotated figures of Kang, below:

CONFIGURATION 1: A first configuration in FIG. 1 where the ends of the frame 100 **and** the pile 320 engage the surface (i.e., **three points of engagement**).



CONFIGURATION 2: A second configuration in FIGs. 4 and 5 where the ends of both frames 100, 100' **and** the pile 320 (cut off from the figure) engage the surface (i.e., **five points of engagement**).




Accordingly, Kang fails to at least disclose a frame as claimed. Nothing in Jager cures this deficiency in Kang. For example, Jager discloses two spaced parallel longitudinal support rod members, such that the support rod members each engage the surface at their opposing ends (i.e., **four points of engagement**). Thus, Jager also fails to provide any disclosure for a system that ***only*** engages the surface where the right and left ends of the single frame engage the surface.

Accordingly, Kang separately or in combination with Jager fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 211 Applicant thus respectfully submits that independent claim 21 is not rendered obvious by Kang separately or in combination with Jager. Likewise, claims 53-54 are not rendered obvious by Kang separately or in combination with Jager for at least their dependency on independent claim 21. Applicant respectfully requests withdrawal of this rejection.

Claim 51 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 21 above, and further in view of Swetish in US Patent No. 5,771,912. Claim 52 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 21 above, and further in view of Sotirkys et al. in US Pub. No. 2010/0212709. Claim 55 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 21 above, and further in view of Warth in US Patent 3,286,962. Claim 58 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 21 above, and further in view Rise in US Patent 5,291,640.

Claims 51, 52, 55, and 58 depend on independent claim 21. As noted hereinabove, Kang fails to render independent claim 21 obvious. Nothing in Swetish, Sotirkys, Warth, or Rise cures this deficiency in Kang. Swetish discloses an attachment device for erecting a tent, and is silent as to any discussion of how many points of engagement to a surface there are. Sotirkys discloses a tailgator / sunshade that is used in conjunction with and supported by a vehicle, such that Sotirkys discloses at least six points of engagements with a surface (the two ends 19 and the four tires). Warth discloses a dog umbrella that has a corkscrew for engaging the surface such that there is only a single point of engagement with a surface (the corkscrew 35). Rise discloses loop attachments for a tent, and is silent as to any discussion of a frame and how many points of engagement with a surface there would be. Thus, Kang separately or in combination with any of Swetish, Sotirkys, Warth, or Rise also fails to provide any disclosure for a system that ***only*** engages the surface where the right and left ends of the single frame engage the surface, as claimed

Since claim 21 is not rendered obvious by Kang separately or in combination with Swetish, Sotirkys, Warth, and/or Rise, it follows that claims 51, 52, 55, and 58 are also not rendered obvious by Kang separately or in combination with Swetish, Sotirkys, Warth, and/or Rise for at least the dependency of claims 51, 52, 55, and 58 on claim 21. Applicant respectfully requests withdrawal of this rejection.

## Status of New and Amended Claims

Claim 21 is currently amended. Support for the amendments to new claim 21 can be

found throughout the specification as originally filed, including at least, for example, paragraph [0037], [0042], [0043], [0046], and [0051]. Claims 59-61 are dependent claims that depend upon independent claim 21. Support for these new claims can be found throughout the specification as originally-filed. Applicant respectfully submits that for at least the reasons set forth with regard to independent claim 21, claims 59-61 are in condition for allowance for at least their dependency on independent claim 21.

Independent claims 62 and 68 are currently added, and claims 63-67 depending from claim 62 are also currently added. Support for the new claims can be found throughout the specification as originally filed, including at least, for example, paragraph [0037], [0042], [0043], [0046], and [0051]. Thus, no new matter has been added. Applicant respectfully submits that claims 62-68 overcome the cited references. For example, Applicant respectfully submits that Kang fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claims 62 and 68, including at least that the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism engaged with or coupled thereto and the second portion of the loop forming a second securing mechanism engaged with or coupled thereto, wherein at least one of the first and second securing mechanisms is brought into contact with itself for securing the canopy into position relative to the frame (claim 62) and a loop defined toward the suspension end of the canopy, wherein the loop defines a first portion and a second portion of the loop , the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the loop forming a first securing mechanism engaged with or coupled thereto, wherein the first securing mechanism is brought into contact with itself for securing the canopy into position relative to the frame (claim 68). Applicant thus respectfully submits that claims 62-68 are in condition for allowance.

## CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2024.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 06/14/2024

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 06/14/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

| *Advisory Action* *Before the Filing of an Appeal Brief* | Application No. 18/329,082 | Applicant(s) Barnes et al. | |
|---|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 | AIA (FITF) Status Yes |

***--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --***

THE REPLY FILED 05 June 2024 FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

NO NOTICE OF APPEAL FILED

1. ☑ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:
   - a) ☐ The period for reply expires ____ months from the mailing date of the final rejection.
   - b) ☑ The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.
   - c) ☐ A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection.The current period for reply expires ____ months from the mailing date of *the prior Advisory Action* or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.

     *Examiner Note*: If box 1 is checked, check either box (a), (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE FIRST RESPONSE TO APPLICANTS FIRST AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) or (c) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

NOTICE OF APPEAL

2. ☐ The Notice of Appeal was filed on ______. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37CFR 41.37(a).

AMENDMENTS

3. ☑ The proposed amendments filed after a final rejection, but prior to the date of filing a brief, will not be entered because
   - a) ☑ They raise new issues that would require further consideration and/or search (see NOTE below);
   - b) ☐ They raise the issue of new matter (see NOTE below);
   - c) ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or
   - d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

   NOTE: The new issues not previously considered are new claims 62-68 (See 37 CFR 1.116 and 41.33(a)).
4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).
5. ☐ Applicant's reply has overcome the following rejection(s): ______
6. ☐ Newly proposed or amended claim(s) ______ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).
7. ☑ For purposes of appeal, the proposed amendment(s):(a)☑ will not be entered, or (b)☐ will be entered, and an explanation of how the new or amended claims would be rejected is provided below or appended.

AFFIDAVIT OR OTHER EVIDENCE

8. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ______
9. ☐ The affidavit or other evidence filed after final action, but before or on the date of filing a Notice of Appeal will not be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).
10. ☐ The affidavit or other evidence filed after the date of filing the Notice of Appeal, but prior to the date of filing a brief, will not be entered because the affidavit or other evidence failed to overcome all rejections under appeal and/or appellant fails to provide a showing of good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).
11. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

REQUEST FOR RECONSIDERATION/OTHER

12. ☐ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: ______.
13. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). ______
14. ☑ Other: Note the attached After-Final Consideration Pilot (PTO-2323) Paper No. 20240611.

STATUS OF CLAIMS

15. The status of the claim(s) is (or will be) as follows:
    Claim(s) allowed:______.
    Claim(s) objected to:______.
    Claim(s) rejected:21,30 and 51-58.
    Claim(s) withdrawn from consideration:______.

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| # AFCP 2.0 Decision | Application No. | Applicant(s) | |
|---|---|---|---|
| | 18/329,082 | Barnes et al. | |
| | **Examiner** | **Art Unit** | **AIA (FITF) Status** |
| | NOAH C HAWK | 3636 | Yes |

This is in response to the After Final Consideration Pilot request filed 05 June 2024.

1. **Improper Request** – The AFCP 2.0 request is improper for the following reason(s) and the after final amendment submitted with the request will be treated under pre-pilot procedure.

   ☐ An AFCP 2.0 request form PTO/SB/434 (or equivalent document) was not submitted.

   ☐ A non-broadening amendment to at least one independent claim was not submitted.

   ☐ The request is not the first proper AFCP 2.0 request submitted in response to the most recent final rejection.

   ☐ Other: _____

2. **Proper Request**

   **A.** After final amendment submitted with the request will not be treated under AFCP 2.0.
   The after final amendment cannot be reviewed and a search conducted within the guidelines of the pilot program.

   ☑ The after final amendment will be treated under pre-pilot procedure.

   **B.** Updated search and/or completed additional consideration.
   The examiner performed an updated search and/or completed additional consideration of the after final amendment within the time authorized for the pilot program. The result(s) of the updated search and/or completed additional consideration are:

   ☐ 1. All of the rejections in the most recent final Office action are overcome and a Notice of Allowance is issued herewith.

   ☐ 2. The after final amendment would not overcome all of the rejections in the most recent final Office action . See attached interview summary for further details.

   ☐ 3. The after final amendment was reviewed, and it raises a new issue(s). See attached interview summary for further details.

   ☐ 4. The after final amendment raises new issues, but would overcome all of the rejections in the most recent final Office action. A decision on determining allowability could not be made within the guidelines of the pilot. See attached interview summary for further details, including any newly discovered prior art.

   ☐5. Other: _____

Examiner Note: Please attach an interview summary when necessary as described above.

DO NOT ENTER: /NCH/ 06/11/2024

PATENT

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT UNDER 37 C.F.R. § 1.116

Sir:

In response to the final Office Action dated April 5, 2024, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks/Arguments** begin on page 8 of this paper.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>18/329,082 | Filing Date<br>06/05/2023 | ☐ To be Mailed |
|---|---|---|---|

ENTITY: ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| | (Column 1) | (Column 2) | | | |
|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 06/17/2024 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 16 | Minus | ** 20 | = 0 | | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /BURNELL L ROSS/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **06/17/2024 06:13:45 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 65996406 | FILING DATE | 06/05/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

**TOTAL DOCUMENTS: 1**

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C9_0044_8_RCE.pdf | 3 | Request for Continued Examination (RCE) | 1628 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C9_0044_8_RCE.pdf | 07F31619D909FFD25B067B3783B7CF41BFAAFDC1ABCF7F5E76A6035EA0D4D3BAB07910E6CBB1F3D0BC7802DFF35A3834C1987400DCA8B4D0F6C7422BA39AE9FB |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized

by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| 18/329,082 | 06/17/2024 06:13:45 PM Z ET | S105508 1010US.C9 (0044.8 |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 65996406 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 06/05/2023 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| DA / 090528 | E20246GI15005201 | Shari Elofson |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1801 | REQUEST FOR CONTINUED EXAMINATION (RCE) - 1ST REQUEST (SEE 37 CFR 1.114) | 1360.00 | 1 | 1360.00 |
| | | | TOTAL AMOUNT: | $1,360.00 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# REQUEST FOR CONTINUED EXAMINATION(RCE)TRANSMITTAL
## (Submitted Only via EFS-Web)

| Application Number | 18/329,082 | Filing Date | 2023-06-05 | Docket Number (if applicable) | S105508 1010US.C9 (0044.8 | Art Unit | 3636 |
|---|---|---|---|---|---|---|---|
| First Named Inventor | Dane Brooks Barnes | | | Examiner Name | Noah Chandler Hawk | | |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. The Instruction Sheet for this form is located at WWW.USPTO.GOV

### SUBMISSION REQUIRED UNDER 37 CFR 1.114

Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

☒ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

- ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on ____________
- ☒ Other Response After Final Action previously filed on June 5, 2024

☐ Enclosed

- ☐ Amendment/Reply
- ☐ Information Disclosure Statement (IDS)
- ☐ Affidavit(s)/ Declaration(s)
- ☐ Other ____________

### MISCELLANEOUS

☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of months ________
(Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

☐ Other ____________

### FEES

☒ **The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.**
The Director is hereby authorized to charge any underpayment of fees, or credit any overpayments, to Deposit Account No 090528

### SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

☒ Patent Practitioner Signature
☐ Applicant Signature

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Signature of Registered U.S. Patent Practitioner | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Date (YYYY-MM-DD) | 2024-06-17 |
| Name | Lauren F. Anderson | Registration Number | 69344 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.


Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 206 of 420

| *Index of Claims* | Application/Control No.<br>18/329,082 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/20/2023 | 04/01/2024 | 07/05/2024 | | | | | | |
| | 1 | - | - | - | | | | | | |
| | 2 | - | - | - | | | | | | |
| | 3 | - | - | - | | | | | | |
| | 4 | - | - | - | | | | | | |
| | 5 | - | - | - | | | | | | |
| | 6 | - | - | - | | | | | | |
| | 7 | - | - | - | | | | | | |
| | 8 | - | - | - | | | | | | |
| | 9 | - | - | - | | | | | | |
| | 10 | - | - | - | | | | | | |
| | 11 | - | - | - | | | | | | |
| | 12 | - | - | - | | | | | | |
| | 13 | - | - | - | | | | | | |
| | 14 | - | - | - | | | | | | |
| | 15 | - | - | - | | | | | | |
| | 16 | - | - | - | | | | | | |
| | 17 | - | - | - | | | | | | |
| | 18 | - | - | - | | | | | | |
| | 19 | - | - | - | | | | | | |
| | 20 | - | - | - | | | | | | |
| | 21 | ✓ | ✓ | ✓ | | | | | | |
| | 22 | - | - | - | | | | | | |
| | 23 | - | - | - | | | | | | |
| | 24 | - | - | - | | | | | | |
| | 25 | - | - | - | | | | | | |
| | 26 | ✓ | - | - | | | | | | |
| | 27 | ✓ | - | - | | | | | | |
| | 28 | ✓ | - | - | | | | | | |
| | 29 | ✓ | - | - | | | | | | |
| | 30 | ✓ | ✓ | ✓ | | | | | | |
| | 31 | - | - | - | | | | | | |
| | 32 | - | - | - | | | | | | |
| | 33 | - | - | - | | | | | | |
| | 34 | - | - | - | | | | | | |
| | 35 | ✓ | - | - | | | | | | |
| | 36 | - | - | - | | | | | | |
| | 37 | ✓ | - | - | | | | | | |
| | 38 | ✓ | - | - | | | | | | |
| | 39 | ✓ | - | - | | | | | | |
| | 40 | ✓ | - | - | | | | | | |
| | 41 | ✓ | - | - | | | | | | |
| | 42 | ✓ | - | - | | | | | | |

| *Index of Claims* | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/20/2023 | 04/01/2024 | 07/05/2024 | | | | | | |
| | 43 | ✓ | - | - | | | | | | |
| | 44 | ✓ | - | - | | | | | | |
| | 45 | ✓ | - | - | | | | | | |
| | 46 | ✓ | - | - | | | | | | |
| | 47 | ✓ | - | - | | | | | | |
| | 48 | ✓ | - | - | | | | | | |
| | 49 | ✓ | - | - | | | | | | |
| | 50 | ✓ | - | - | | | | | | |
| | 51 | | ✓ | ✓ | | | | | | |
| | 52 | | ✓ | ✓ | | | | | | |
| | 53 | | ✓ | ✓ | | | | | | |
| | 54 | | ✓ | ✓ | | | | | | |
| | 55 | | ✓ | ✓ | | | | | | |
| | 56 | | ✓ | ✓ | | | | | | |
| | 57 | | ✓ | - | | | | | | |
| | 58 | | ✓ | - | | | | | | |
| | 59 | | | ✓ | | | | | | |
| | 60 | | | ✓ | | | | | | |
| | 61 | | | ✓ | | | | | | |
| | 62 | | | ✓ | | | | | | |
| | 63 | | | ✓ | | | | | | |
| | 64 | | | ✓ | | | | | | |
| | 65 | | | ✓ | | | | | | |
| | 66 | | | ✓ | | | | | | |
| | 67 | | | ✓ | | | | | | |
| | 68 | | | ✓ | | | | | | |

| **Search Notes** | **Application/Control No.** 18/329,082 | **Applicant(s)/Patent Under Reexamination** Barnes et al. |
|---|---|---|
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 |

| **CPC - Searched*** | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/005, 15/60, 15/62 | 12/20/2023 | NCH |
| updated above | 07/05/2024 | NCH |
| | | |

| **CPC Combination Sets - Searched*** | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| **US Classification - Searched*** | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| **Search Notes** | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered IDS filed 6/5/23 (2) and 10/13/23 | 12/20/2023 | NCH |
| Performed inventor name search | 12/20/2023 | NCH |
| Considered and updated search history for parent application 18/072143 | 12/20/2023 | NCH |
| Please see attached PE2E search history | 12/20/2023 | NCH |
| Considered IDS filed 3/14/24 | 03/29/2024 | NCH |
| | | |

| Search Notes | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

| | |
|---|---|
| | |

Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 210 of 420

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 07/10/2024
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 07/10/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | **Application No.** 18/329,082 | **Applicant(s)** Barnes et al. | |
|---|---|---|---|
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 | **AIA (FITF) Status** Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on 6/5/24.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL.** 2b) ☑ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 21,30,51-55 and 58-68 is/are pending in the application.
5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 21,30,51-55 and 58-68 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 6/5/23 is/are: a)☐ accepted or b)☑ objected to by the Examiner.
Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

a)☐ All b)☐ Some** c)☐ None of the:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
Paper No(s)/Mail Date ______.

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date ______.

4) ☐ Other: ______.

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Continued Examination Under 37 CFR 1.114*

2. A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on 6/5/2024 has been entered.

### *Drawings*

3. The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the "canopy defines a plurality of coupled sections extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy" recited in Claims 61 and 65 must be shown or the feature(s) canceled from the claim(s). No new matter should be entered. As best understood, the canopy disclosed by the applicant is either of a unitary construction or of a plurality construction as recited in Claim 52 and depicted in Fig.1.

`Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as “amended.” If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either “Replacement Sheet” or “New Sheet” pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

## *Claim Rejections - 35 USC § 112*

4. The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

5. Claims 61 and 65 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the written description requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time the application was filed, had possession of the claimed invention. The Claim recites that the "canopy defines a plurality of coupled sections extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy" As best understood, the canopy originally disclosed by the applicant is either of a unitary construction or of a plurality construction as recited in Claim 52 and depicted in Fig.1. No disclosure of other constructions, such as more than one section extending between the suspension end and trailing end, is found in the application as filed and the claim is thus considered new matter.

## *Claim Rejections - 35 USC § 103*

6. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

7. Claims 21, 30, 51, 53, 54, 59, 60 are rejected under 35 U.S.C. 103 as being unpatentable over KR 10131566 (Kang) in view of Jager in US Patent 5927311.

a. Regarding Claims 21 and 30, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) wherein each of a left end (110/320 on the left) and a right end (110/320 on the right) of the frame in the supporting configuration engages the surface such that the system only engages the surface where the right and left ends of the frame engage the surface (the “system” - including the components defined in this claim - only contacts the surface at the ends); a canopy (200) extending between a suspension end (at 212) and an opposing trailing end (toward 240), the suspension end of the canopy extending between a left end (toward 220 on the left) and a right end (toward 220 on the right); and at least one fastener (212 and 220) on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind (see Fig. 2) for providing shade to the surface.

b. Kang is silent on the details of the frame. Jager teaches a frame (50) defined by a plurality of sections (58/60/62) and comprising an alignment component (71) extending through at least a portion of the plurality of sections and comprising a cable extending through and affixed to one or more of the plurality of sections of the frame, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration (see Fig. 1) and thereby disengageable to define the frame in a

transport configuration (Fig. 5). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a multi-part frame as taught by Jager in order to allow the device to be more compactly collapsed when not in use.

c. Regarding Claim 51, Kang, as modified, teaches that the at least one fastener comprises a first fastener (such as 220) formed as a strap arranged proximate the left or right end of the suspension end, the first strap being wrapped about the frame when engaging the fastener thereto (see Fig. 2).

d. Regarding Claim 53, Kang, as modified, teaches that in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface.

e. Regarding Claim 54, Kang, as modified, teaches that the at least one fastener on the suspension end of the canopy comprises a loop (212) extending about the suspension end from the left end to the right end.

f. Regarding Claim 59, Kang, as modified, teaches that the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

g. Regarding Claim 60, Kang, as modified, teaches a hoop (such as 212) engaged with or coupled to one or both of the canopy and the frame at a point between the left and right ends thereof.

8. Claim 52 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 21 above, and further in view of Sotirkys et al. in US Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part

canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at 76) and wherein the canopy comprises a plurality of coupled sections (10 and 73) extending between the suspension end of the canopy and the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

9. Claim 55 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 21 above, and further in view of Warth in US Patent 3286962. Kang, as modified, is silent on the use of a corkscrew shape for the ground engaging ends of the frame. Warth teaches a frame with an end (35) having a corkscrew shape for engaging the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame ends of Kang, as modified, by using corkscrew shaped ends as taught by Warth in order to better secure the device in the ground.

10. Claim 58 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 21 above, and further in view of Rise in US Patent 5291640. Kang, as modified, is silent on the use of self-engaging fasteners. Rise teaches a fastener (A) that is fastened or engaged with itself after wrapping about a frame (inserted through S). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a self-engaging fasteners as taught by Rise in order to more easily attach the frame to the canopy.

11. Claim 61 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 21 above, and further in view of Sotirkys et al. in US Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at 12) and wherein the canopy comprises a plurality of coupled sections (10 and 80) extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

12. Claims 62, 63, 66, and 67 are rejected under 35 U.S.C. 103 as being unpatentable over KR 10131566 (Kang) in view of Jager in US Patent 5927311, Warth in US Patent 3286962, and Rise in US Patent 5291640.

h. Regarding Claim 62, 63 and 66, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) including a first section (at 320 on the left) and a last section (at 320 on the right) a canopy (200) extending between a suspension end (at 212) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind (see Fig. 2) for providing shade to the surface; and a loop (212) defined toward the suspension end of the canopy, wherein the loop defines a central

portion arranged between a first portion (220 on the left) of the loop and a second portion (220 on the right) of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism engaged with or coupled thereto and the second portion of the loop forming a second securing mechanism engaged with or coupled thereto.

i. Kang is silent on the details of the frame. Jager teaches a frame including a plurality of sections (58/60/62) and being maneuverable between a transport configuration (Fig. 5) and a supporting configuration (Fig. 2), the sections including: a first section (the leftmost section) defining a left end of the frame and engaged with the surface; a last section (the rightmost end) defining a right end of the frame and engaged with the surface; one or more adjacent sections (60) coupled into alignment between the first section and the last section, the one or more adjacent sections additionally comprising an alignment component (71) that comprises a cable extending through and affixed to the one or more adjacent sections of the frame of the frame and extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the

device of Kang by using a multi-part frame as taught by Jager in order to allow the device to be more compactly collapsed when not in use.

j. Kang, as modified, is silent on the use of a corkscrew shape for the ground engaging ends of the frame. Warth teaches a frame with an end (35) having a corkscrew shape for engaging the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame ends of Kang, as modified, by using corkscrew shaped ends as taught by Warth in order to better secure the device in the ground.

k. Kang, as modified, is silent on the use of self-engaging securing mechanisms. Rise teaches a securing mechanism (A) that brought into contact with itself for securing a canopy to a frame (inserted through S). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a self-engaging securing mechanism at both ends of the canopy as taught by Rise in order to more easily attach the frame to the canopy.

l. Regarding Claim 64, Kang, as modified, teaches that the loop (formed by the fabric “curtain 200” – see paragraph 0019), the first securing mechanism, and the second securing mechanism are formed of fabric (220 is described as “fabric piece 220” – see paragraph 0018).

m. Regarding Claim 67, Kang, as modified, teaches that the central portion, the first portion, and the second portion of the loop extend coaxially along a

length of the suspension end of the canopy, the central portion of the loop being longer in length than the first and second portions of the loop.

13. Claim 65 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 62 above, and further in view of Sotirkys et al. in US Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at 12) and wherein the canopy comprises a plurality of coupled sections (10 and 80) extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

14. Claim 68 is rejected under 35 U.S.C. 103 as being unpatentable over KR 10131566 (Kang) in view of Jager in US Patent 5927311, Warth in US Patent 3286962, and Rise in US Patent 5291640.

n. Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) including a first section (320 on the left) engaged with the surface and a last section (320 on the right) engaged with the surface, a canopy (200) extending between a suspension end (at 212) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at

least partially supportable by wind for providing shade to the surface (see Fig. 2); and a loop (212) defined toward the suspension end of the canopy, wherein the loop defines a first portion (212) and a second portion (220)of the loop, the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the loop forming a first securing mechanism engaged with or coupled thereto (see Fig. 2).

o. Kang is silent on the details of the frame. Jager teaches a frame including a plurality of sections (58/60/62) and being maneuverable between a transport configuration (Fig. 5) and a supporting configuration (Fig. 2), the sections including: a first section (the leftmost section) defining a left end of the frame and engaged with the surface; a last section (the rightmost end) defining a right end of the frame with a corkscrew shape and engaged with the surface; one or more adjacent sections (60) coupled into alignment between the first section and the last section, the one or more adjacent sections additionally comprising an alignment component (71) affixed to the one or more adjacent sections of the frame of the frame and extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by

using a multi-part frame as taught by Jager in order to allow the device to be more compactly collapsed when not in use.

p. Kang, as modified, is silent on the use of a corkscrew shape for the ground engaging ends of the frame. Warth teaches a frame with an end (35) having a corkscrew shape for engaging the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame ends of Kang, as modified, by using corkscrew shaped ends as taught by Warth in order to better secure the device in the ground.

q. Kang, as modified, is silent on the use of self-engaging securing mechanisms. Rise teaches a securing mechanism (A) that brought into contact with itself for securing a canopy relative to a frame (inserted through S). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a self-engaging securing mechanism at both ends of the canopy as taught by Rise in order to more easily attach the frame to the canopy.

***Response to Arguments***

15. Applicant's arguments filed 6/5/2024 have been fully considered but they are not persuasive.

16. In response to Applicant's argument that Kang includes additional structure not required by Applicant's invention, it must be noted that Kang, as modified, discloses the invention as claimed. The fact that it discloses additional structure not claimed is

irrelevant. If the applicant truly intends to exclude constructions in which non-recited structure is relevant to the allowability of the claim, the transitional phrase “consisting of” is conveniently available. The “system,” as defined in the claim and mapped to the Kang device, only includes the frame and canopy. Kang teaches these elements, and with the modifications above, meets all of the limitations in the claims.

***Conclusion***

17. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner’s supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For

additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

UNITED STATES PATENT AND TRADEMARK OFFICE

# USPTO Automated Interview Request (AIR)

Aug 27 2024

This paper requesting to schedule and/or conduct an interview is appropriate because:

This submission is requested to be accepted as an authorization for this interview to communicate via the internet. Recognizing that Internet communications are not secure, I hereby authorize the USPTO to communicate with the undersigned concerning scheduling of the interview via video conference, instant messaging, or electronic mail, and to conduct the interview in accordance with office practice including video conferencing.

Name(s):
Lauren Anderson

S-signature:
/Lauren Anderson/

Registration Number:
69344

U.S. Application Number:
18329082

Confirmation Number:
7778

E-mail Address:
lauren.anderson@wbd-us.com

Phone Number:
+1 9197558127

Proposed Time of Interview:
9-4-2024 10:00 AM ET

Prefered Interview Type:
Telephonic

I am the applicant or applicant's representative for this application.

Topic for Discussion:
Proposed claim amendments and arguments

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 09/06/2024

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/06/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

| *Applicant-Initiated Interview Summary* | **Application No.** 18/329,082 | **Applicant(s)** Barnes et al. | | |
|---|---|---|---|---|
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 | **AIA (First Inventor to File) Status** Yes | **Page** 1 of 1 |

| **All Participants** (applicant, applicants representative, PTO personnel) | **Title** | **Type** |
|---|---|---|
| NOAH C HAWK | Primary Examiner | Telephonic |
| Lauren Anderson | Attorney | |

**Date of Interview:** 03 September 2024

**Issues Discussed:**

**Proposed Amendment(s)**

The proposed amendments to Claims 21, 62, and 68 were discussed. The examiner maintains the position that the exclusionary features desired by the applicant are best served by using "consisting of" transitional phrases in these claims. Claims 69 and 77 were discussed but no agreement was made with respect to patentability. See US Patents 5291640, 4534089

The applicant will prepare a response and the search will be updated accordingly.

☑ Attachment

| | |
|---|---|
| /Noah Chandler Hawk/<br>Primary Examiner, Art Unit 3636 | |

**Applicant is reminded that a complete written statement as to the substance of the interview must be made of record in the application file. It is the applicants responsibility to provide the written statement, unless the interview was initiated by the Examiner and the Examiner has indicated that a written summary will be provided. See MPEP 713.04**
Please further see:
MPEP 713.04
Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews, paragraph (b)
37 CFR § 1.2 Business to be transacted in writing

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

AMENDMENT UNDER 37 C.F.R. § 1.111

Sir:

In response to the non-final Office Action dated July 10, 2024, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks/Arguments** begin on page 11 of this paper.

DRAFT

Amendments to the Claims

1. – 20. (Canceled)

21. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration engages the surface such that the system excludes any other components from engaging the surface in the supporting configuration except for ~~system only engages the surface where~~ the right and left ends of the frame ~~engage the surface~~;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; and

at least one fastener on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface.

22.–29. (Canceled)

30. (Previously Presented) The system of claim 21, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

31- 50.(Canceled)

51. (Previously Presented) The system of claim 21, wherein the at least one fastener comprises a first fastener formed as a strap arranged proximate the left or right end of the suspension end, the first strap being wrapped about the frame when engaging the fastener thereto.

52. (Previously Presented) The system of claim 21, wherein the canopy comprises a plurality of coupled sections extending between the suspension end of the canopy and the opposing trailing end of the canopy.

53. (Previously Presented) The system of claim 21, wherein, in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface.

54. (Previously Presented) The system of claim 21, wherein the at least one fastener on the suspension end of the canopy comprises a loop extending about the suspension end from the left end to the right end.

55. (Previously Presented) The system of claim 21, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

56. (Canceled)

57. (Canceled)

58. (Previously Presented) The system of claim 21, wherein the at least one fastener is fastened or engaged with itself after wrapping about the frame.

59. (Previously Presented) The system of claim 21, wherein the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

60. (Previously Presented) The system of claim 21, further comprising a hoop engaged with or coupled to one or both of the canopy and the frame at a point between the left and right ends thereof.

61. (Currently Amended) The system of claim 21, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

62. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism engaged with or coupled thereto and the second portion of the loop forming a second securing mechanism engaged with or coupled thereto,

wherein at least one of the first and second securing mechanisms is brought into contact with itself for securing the canopy into position relative to the frame.

63. (Previously Presented) The system of claim 62, wherein at least the other of the second and first securing mechanisms being brought into contact with itself for securing the canopy into position relative to the frame.

64. (Previously Presented) The system of claim 62, wherein the loop, the first securing mechanism, and the second securing mechanism are formed of fabric.

65. (Currently Amended) The system of claim 62, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

66. (Currently Amended) The system of claim 62, wherein the at least one alignment component comprises a cable extending through and affixed to the one or more adjacent sections of the frame ~~of the frame~~.

67. (Previously Presented) The system of claim 62, wherein the central portion, the first portion, and the second portion of the loop extend coaxially along a length of the suspension end of the canopy, the central portion of the loop being longer in length than the first and second portions of the loop.

68. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a first portion and a second portion of the loop, the first portion of the loop being configured for

accepting a portion of the frame therethrough and the second portion of the loop forming a first securing mechanism engaged with or coupled thereto,

wherein the first securing mechanism is brought into contact with itself for securing the canopy into position relative to the frame.

69. (New) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising an alignment component engaged with at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration engages the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end;

a loop on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame; and

at least one strap engageable with or coupled to the canopy on one end and engageable with or coupled to the frame at the other end, the other end of the strap being engageable with or coupled to the frame at a portion of the frame between the left end and the right end of the frame,

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface.

70. (New) The system of claim 69, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

71. (New) The system of claim 69, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

72. (New) The system of claim 69, wherein the at least one strap comprises two straps, a first strap arranged at one end of the loop and a second strap arranged at another end of the loop.

73. (New) The system of claim 69, wherein at least a portion of the plurality of sections of the frame for accepting a male end of the one of the adjacent sections therein.

74. (New) The system of claim 69, wherein the at least one strap is elastic.

75. (New) The system of claim 69, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

76. (New) The system of claim 69, further comprising a container capable of transporting the components of the system and acting as a counterweight.

77. (New) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame engaged with the surface;

a last section defining a right end of the frame engaged with the surface; and

one or more adjacent sections coupled into alignment and engaged between the first section and the last section, the one or more adjacent sections additionally comprising at least one aligning component affixed to one or more of the adjacent sections of the frame and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage between the first section and the last section in the supporting configuration;

a canopy extending between a first end and an second end, the first end of the canopy defining a suspension end capable of being engaged with the frame about the one or more

adjacent sections of the frame, wherein the second end of the canopy defines a trailing end spaced apart from the frame in the supporting configuration such that the first end of the canopy is supportable by the frame and the trailing end of the canopy is totally supported by wind in a first configuration for providing shade to the surface;

a first loop on the suspension end of the canopy and configured for accepting a portion of the frame therethrough; and

at least a second loop on the suspension end of the canopy and configured for engaging the canopy with the frame.

78. (New) The system of claim 77, wherein the first loop and the second loop each extend a smaller distance of the suspension end.

79. (New) The system of claim 78, wherein the first loop and the second loop each define a longitudinal axis, and wherein the longitudinal axis of the first loop and the second loop are coaxial along the suspension end of the canopy.

80. (New) The system of claim 77, further comprising at least a third loop on the suspension end of the canopy and configured for engaging the canopy with the frame.

81. (New) The system of claim 80, wherein the first loop, the second loop, and the third loop each extend a smaller distance of the suspension end.

82. (New) The system of claim 81, wherein the first loop, the second loop, and the third loop each define a longitudinal axis, and wherein the longitudinal axis of the first loop, the second loop, and the third loop are coaxial along the suspension end of the canopy.

83. (New) The system of claim 80, wherein the third loop has one open end.

84. (New) The system of claim 77, wherein the second loop has one open end.

85. (New) The system of claim 77, wherein the first loop has two open ends.

86. (New) The system of claim 77, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

87, (New) The system of claim 77, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

**REMARKS/ARGUMENTS**

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and remarks that follow. Claims 1-20, 22-29, 31-50, and 56-57 were previously canceled. With this Amendment, claims 21, 61, 62, 65, 66, and 68 are amended, and claims 69-87 are added. As such, claims 21, 30, 51-55, and 58-87 are now pending following this Amendment. Applicant submits that no new matter is added by way of this Amendment.

Drawings / 35 U.S.C. § 112 Rejection

Applicant initially notes that since the drawing objection and the § 112 rejection are inextricably tied to one another, such that the objection is determinative of the rejection, these are being addressed in this section together.

The drawings are objected to under 37 CFR 1.83(a) for allegedly failing to show the features recited in claim 61 and 65. Claims 61 and 65 are rejected under 35 U.S.C. § 112(a), as allegedly failing to comply with the written description requirement.

In particular, the examiner argues that the claim language, "canopy defines a plurality of coupled sections extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy" must be shown or the features canceled from the claims. The examiner further states as best understood, the canopy disclosed by the applicant is either of a unitary construction or of a plurality construction as recited in claim 52. Applicant respectfully disagrees.

Firstly, Applicant notes that each of claims 61 and 65 are now amended to recite a "canopy defining a plurality of coupled sections ***each*** extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy".

Next, Applicant notes that Paragraph [0036] of the originally-filed application describes the canopy as follows: "FIG. 1 depicts one embodiment of a system 10 for providing shade 1 onto a surface 2. The system 10 may include a canopy 12 configured for engagement with, and aerial suspension by, a frame 14. The canopy 12 may include one or more lightweight materials, the material including one or more of the following properties: ripstop, polyester, blackout, light

diffusion, light modification, and waterproof. ***The canopy 12 may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable sections 44***." Emphasis Added.

Thus, paragraph [0036] states that the canopy may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable sections 44. Regarding this point, the specification does not limit the **orientation** of the plurality of coupled sections 44. Instead, the specification merely states that simply there may be one section or more than one section.

In this way, due to the breadth of the description of the canopy 12 in the disclosure, it could reasonably be concluded by one skilled in the art that an embodiment could include the canopy 12 defining a plurality of coupled sections each extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy based on the disclosure of the specification.

Applicant respectfully requests that this objection to the drawings and rejection to the claims be withdrawn at this time.

Claim Rejections – 35 USC § 103

Claims 21, 30, 51, 53, 54, 59, and 60 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over KR 101315166 to Kang in view of Jager in US Patent 5,927,311.

Claim 21 is the independent claim from which claims 30, 51, 53, 54, 59, and 60 depend. Independent claim 21 is currently amended to further clarify the system in the supporting configuration and now recites the claim language: wherein each of a left end and a right end of the frame in the supporting configuration engages the surface such that the system excludes any other components from engaging the surface in the supporting configuration except for ~~system only engages the surface where~~ the right and left ends of the frame ~~engage the surface~~. Support for this amendment can be found in at least, for example, paragraph [0006] of the published application.[1] Thus, no new matter is added.

[1] If alternative elements are positively recited in the specification, they may be explicitly excluded in the claims. See *In re Johnson*, 558 F.2d 1008, 1019, 194 USPQ 187, 196 (CCPA 1977) ("[the] specification, having described the

Applicant reiterates from the previous response that Kang fails to disclose a frame defined by a plurality of sections and comprising an alignment component, such that Kang does not disclose a frame that is engageable in a supporting configuration and disengageable in a transport configuration. Kang also fails to disclose that the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame, as claimed.

Kang discloses two configurations shown in the annotated figures of Kang, below.

CONFIGURATION 1: A first configuration in FIG. 1 where the ends of the frame 100 **and** the pile 320 engage the surface (i.e., **three points of engagement**). Thus, the system of Kang **does not** exclude any other components except for the right and left ends of the frame from engaging the surface in CONFIGURATION 1 as the pile 320 also engages the surface.




CONFIGURATION 2: A second configuration in FIGs. 4 and 5 where the ends of both

whole, necessarily described the part remaining."). See also *Ex parte Grasselli*, 231 USPQ 393 (Bd. App. 1983), aff'd mem., 738 F.2d 453 (Fed. Cir. 1984).

frames 100, 100’ **and** the pile 320 (cut off from the figure) engage the surface (i.e., **five points of engagement**). Thus, the system of Kang **does not** exclude any other components except for the right and left ends of the frame from engaging the surface in CONFIGURATION 2 as the pile 320 also engages the surface.




Accordingly, Kang fails to at least disclose a frame as claimed since Kang does not at all disclose that the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame, as claimed.

Further, there is no suggestion or motivation to modify Kang such that the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame, as claimed. As noted, each of CONFIGURATIONS 1 and 2 in Kang require at least the pile 320 contacting the ground surface, which Kang specifically states is used to further strengthen the sunscreen 200, and that the pile 320 supports the awning film 200. Thus, any proposed modification to CONFIGURATIONs 1 and 2 of Kang whereby the pile 320 is removed would render Kang unsatisfactory for its intended purpose contrary to MPEP § 2143.01(V), such that the modification is not obvious. *See, e.g.*, “[i]f a proposed modification would render the prior art invention being modified unsatisfactory for its

intended purpose, ***then there is no suggestion or motivation to make the proposed modification***. *In re Gordon,* 733 F.2d 900, 221 USPQ 1125 (Fed. Cir. 1984)". Emphasis Added.

Nothing in Jager cures this deficiency in Kang. For example, Jager discloses two spaced parallel longitudinal support rod members, such that the support rod members each engage the surface at their opposing ends (i.e., **four points of engagement**). Thus, Jager also fails to provide any disclosure for a system that excludes other components from engaging the surface in the supporting configuration except for the right and left ends of the frame, as claimed.

Accordingly, Kang separately or in combination with Jager fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 21. Applicant thus respectfully submits that independent claim 21 is not rendered obvious by Kang separately or in combination with Jager. Likewise, claims 30, 51, 53, 54, 59, and 60 are not rendered obvious by Kang separately or in combination with Jager for at least their dependency on independent claim 21. Applicant respectfully requests withdrawal of this rejection.

Claims 52 and 61 are rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 21 above, and further in view of Sotirkys et al. in US Pub. No. 2010/0212709. Claim 55 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 21 above, and further in view of Warth in US Patent 3,286,962. Claim 58 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 21 above, and further in view Rise in US Patent 5,291,640.

Claims 51, 52, 55, 58, and 61 depend on independent claim 21. As noted hereinabove, Kang fails to render independent claim 21 obvious. Nothing in Sotirkys, Warth, or Rise cures this deficiency in Kang. Sotirkys discloses a tailgator / sunshade that is used in conjunction with and supported by a vehicle, such that Sotirkys discloses at least six points of engagements with a surface (the two ends 19 and the four tires). Warth discloses a dog umbrella that has a corkscrew for engaging the surface such that there is only a single point of engagement with a surface (the corkscrew 35). Rise discloses loop attachments for a tent, and is silent as to any discussion of a frame and how many points of engagement with a surface there would be. Thus, Kang separately or in combination with any of Sotirkys, Warth, or Rise also fails to provide any disclosure for a

system that excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame, as claimed

Since claim 21 is not rendered obvious by Kang separately or in combination with Sotirkys, Warth, and/or Rise, it follows that claims 51, 52, 55, 58, and 61 are also not rendered obvious by Kang separately or in combination with Sotirkys, Warth, and/or Rise for at least the dependency of claims 51, 52, 55, 58, and 61 on claim 21. Applicant respectfully requests withdrawal of this rejection.

Claims 62, 63, 66, 67, and 68 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang in view of Jager, Warth, and Rise.

Claim 62 is the independent claim from which claims 62, 63, 66, and 67 depend. Claim 68 is another independent claim. Independent claims 62 and 68 are each currently amended to further clarify the system in the supporting configuration and now recite the claim language: wherein the system excludes any other components from engaging the surface in the supporting configuration except for ~~system only engages the surface where~~ the right and left ends of the frame ~~engage the surface~~. Support for this amendment can be found in at least, for example, paragraph [0006] of the published application.[2] Thus, no new matter is added.

For at least the reasons stated above in reference to the response to the rejection of claim 21, Applicant reiterates that Kang separately or in combination with Jager fails to disclose a system that excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame, as claimed. As noted above in reference to the rejection of claims 51, 52, 55, 58, and 61, nothing in Warth or Rise cures this deficiency in Kang and Jager. Thus, Kang separately or in combination with any of Jager, Warth, or Rise also fails to provide any disclosure for a system that excludes any other components from

[2] If alternative elements are positively recited in the specification, they may be explicitly excluded in the claims. See *In re Johnson*, 558 F.2d 1008, 1019, 194 USPQ 187, 196 (CCPA 1977) ("[the] specification, having described the whole, necessarily described the part remaining."). See also *Ex parte Grasselli*, 231 USPQ 393 (Bd. App. 1983), aff'd mem., 738 F.2d 453 (Fed. Cir. 1984).


Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 245 of 420

engaging the surface in the supporting configuration except for the right and left ends of the frame, as claimed.

Applicant thus respectfully submits that independent claims 62 and 68 are not rendered obvious by Kang separately or in combination with Jager, Warth, or Rise. Likewise, claims 63, 66, and 67 are not rendered obvious by Kang separately or in combination with Jager, Warth, or Rise for at least their dependency on independent claim 62. Applicant respectfully requests withdrawal of this rejection.

Claim 65 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 62, and further in view of Sotirkys.

Claim 65 depends on independent claim 62. As noted hereinabove, modified Kang fails to render independent claim 62 obvious. Nothing in Sotirkys cures this deficiency in modified Kang. Sotirkys discloses a tailgator / sunshade that is used in conjunction with and supported by a vehicle, such that Sotirkys discloses at least six points of engagements with a surface (the two ends 19 and the four tires). Thus, modified Kang separately or in combination with Sotirkys also fails to provide any disclosure for a system that excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame, as claimed

Since claim 62 is not rendered obvious by modified Kang separately or in combination with Sotirkys, it follows that claim 65 is also not rendered obvious by modified Kang separately or in combination with Sotirkys for at least the dependency of claim 65 on claim 62. Applicant respectfully requests withdrawal of this rejection.

## Status of New Claims

Independent claim 69 and dependent claims 70-76 are currently added. Support for the new claims can be found throughout the specification as originally filed, including at least, for example, paragraph [0037], [0042], [0043], [0046], and [0051]. Thus, no new matter has been added.

Applicant respectfully submits that claims 69-76 overcome the cited references. For

example, Applicant respectfully submits that Kang fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 69, including at least one strap engageable with or coupled to the canopy on one end and engageable with or coupled to the frame at the other end, the other end of the strap being engageable with or coupled to the frame at a portion of the frame between the left end and the right end of the frame, as the support piece 220 in Kang engages the pile 110 which is the **end** of the frame, and not a portion of the frame **between** the left end and the right end of the frame as claimed. Applicant thus respectfully submits that claims 69-76 are in condition for allowance.

Independent claim 77 and dependent claims 78-87 are currently added. Support for the new claims can be found throughout the specification as originally filed, including at least, for example, paragraph [0037], [0042], [0043], [0046], and [0051]. Thus, no new matter has been added.

Applicant respectfully submits that claims 77-87 overcome the cited references. For example, Applicant respectfully submits that Kang fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 77, including a first loop on the suspension end of the canopy and configured for accepting a portion of the frame therethrough; at least a second loop on the suspension end of the canopy and configured for engaging the canopy with the frame, as there is only a single loop in Kang and not two loops on the same suspension end of the canopy. Applicant thus respectfully submits that claims 77-87 are in condition for allowance.

**CONCLUSION**

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON AUGUST 26, 2024.***

| **PATENT APPLICATION FEE DETERMINATION RECORD** Substitute for Form PTO-875 | Application or Docket Number 18/329,082 | Filing Date 06/05/2023 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | | RATE ($) | FEE ($) |
|---|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 09/17/2024 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 48 | Minus | ** 20 | = 28 | | x $100 = | 2800 |
| | Independent (37 CFR 1.16(h)) | * 7 | Minus | *** 3 | = 4 | | x $480 = | 1920 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 4720 |

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /DENISE T LILES/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

AMENDMENT UNDER 37 C.F.R. § 1.111

Sir:

In response to the non-final Office Action dated July 10, 2024, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks/Arguments** begin on page 14 of this paper.

Amendments to the Claims

1. – 20. (Canceled).

21. (Currently Amended) A system for providing shade onto a surface, the system consisting ofcomprising:

a frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration engages the surface such that the system only engages the surface where the right and left ends of the frame engage the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; and

at least one fastener,

wherein the at least one fastener comprises a first fastener formed on the suspension end of the canopy and configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface.

22.–29. (Canceled)

30. (Previously Presented) The system of claim 21, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

31- 50.(Canceled)

51. (Currently Amended) The system of claim 21, wherein the ~~at least one fastener comprises a~~ first fastener is formed as a strap arranged proximate the left or right end of the suspension end, the first strap being wrapped about the frame when engaging the fastener thereto.

52. (Previously Presented) The system of claim 21, wherein the canopy comprises a plurality of coupled sections extending between the suspension end of the canopy and the opposing trailing end of the canopy.

53. (Previously Presented) The system of claim 21, wherein, in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface.

54. (Currently Amended) The system of claim 21, wherein the at least one fastener further comprises ~~on the suspension end of the canopy comprises~~ a loop extending about the suspension end from the left end to the right end.

55. (Previously Presented) The system of claim 21, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

56. (Canceled)

57. (Canceled)

58. (Previously Presented) The system of claim 21, wherein the at least one fastener is fastened or engaged with itself after wrapping about the frame.

59. (Previously Presented) The system of claim 21, wherein the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

60. (Previously Presented) The system of claim 21, further comprising a hoop engaged with or coupled to one or both of the canopy and the frame at a point between the left and right ends thereof.

61. (Currently Amended) The system of claim 21, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

62. (Currently Amended) A system for providing shade onto a surface, the system consisting of~~comprising~~:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent

sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism engaged with or coupled thereto and the second portion of the loop forming a second securing mechanism engaged with or coupled thereto,

wherein at least one of the first and second securing mechanisms is brought into contact with itself for securing the canopy into position relative to the frame.

63. (Previously Presented) The system of claim 62, wherein at least the other of the second and first securing mechanisms being brought into contact with itself for securing the canopy into position relative to the frame.

64. (Previously Presented) The system of claim 62, wherein the loop, the first securing mechanism, and the second securing mechanism are formed of fabric.

65. (Currently Amended) The system of claim 62, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

66. (Currently Amended) The system of claim 62, wherein the at least one alignment component comprises a cable extending through and affixed to the one or more adjacent sections of the frame ~~of the frame~~.

67. (Previously Presented) The system of claim 62, wherein the central portion, the first portion, and the second portion of the loop extend coaxially along a length of the suspension

end of the canopy, the central portion of the loop being longer in length than the first and second portions of the loop.

68. (Currently Amended) A system for providing shade onto a surface, the system consisting ofcomprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a first portion and a second portion of the loop, the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the loop forming a first securing mechanism engaged with or coupled thereto,

wherein the first securing mechanism is brought into contact with itself for securing the canopy into position relative to the frame.

69. (New) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising an alignment component engaged with at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration engages the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end;

a loop on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame; and

at least one strap engageable with or coupled to the canopy on one end and engageable with or coupled to the frame at the other end, the other end of the strap being engageable with or coupled to the frame at a portion of the frame between the left end and the right end of the frame,

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface.

70. (New) The system of claim 69, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

71. (New) The system of claim 69, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

72. (New) The system of claim 69, wherein the at least one strap comprises two straps, a first strap arranged at one end of the loop and a second strap arranged at another end of the loop.

73. (New) The system of claim 69, wherein at least a portion of the plurality of sections of the frame for accepting a male end of the one of the adjacent sections therein.

74. (New) The system of claim 69, wherein the at least one strap is elastic.

75. (New) The system of claim 69, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

76. (New) The system of claim 69, further comprising a container capable of transporting the components of the system and acting as a counterweight.

77. (New) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame engaged with the surface;

a last section defining a right end of the frame engaged with the surface; and

one or more adjacent sections coupled into alignment and engaged between the first section and the last section, the one or more adjacent sections additionally comprising at least one aligning component affixed to one or more of the adjacent sections of the frame and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage between the first section and the last section in the supporting configuration;

a canopy extending between a first end and an second end, the first end of the canopy defining a suspension end capable of being engaged with the frame about the one or more adjacent sections of the frame, wherein the second end of the canopy defines a trailing end spaced apart from the frame in the supporting configuration such that the first end of the canopy is supportable by the frame and the trailing end of the canopy is totally supported by wind in a first configuration for providing shade to the surface;

a first loop on the suspension end of the canopy and configured for accepting a portion of the frame therethrough; and

at least a second loop on the suspension end of the canopy and configured for engaging the canopy with the frame.

78. (New) The system of claim 77, wherein the first loop and the second loop each extend a smaller distance of the suspension end.

79. (New) The system of claim 78, wherein the first loop and the second loop each define a longitudinal axis, and wherein the longitudinal axis of the first loop and the second loop are coaxial along the suspension end of the canopy.

80. (New) The system of claim 77, further comprising at least a third loop on the suspension end of the canopy and configured for engaging the canopy with the frame.

81. (New) The system of claim 80, wherein the first loop, the second loop, and the third loop each extend a smaller distance of the suspension end.

82. (New) The system of claim 81, wherein the first loop, the second loop, and the third loop each define a longitudinal axis, and wherein the longitudinal axis of the first loop, the second loop, and the third loop are coaxial along the suspension end of the canopy.

83. (New) The system of claim 80, wherein the third loop has one open end.

84. (New) The system of claim 77, wherein the second loop has one open end.

85. (New) The system of claim 77, wherein the first loop has two open ends.

86. (New) The system of claim 77, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

87. (New) The system of claim 77, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

88. (New) A system for providing shade onto a surface, the system consisting of:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism and the second portion of the

loop forming a second securing mechanism,

wherein at least one of the first and second securing mechanisms engage the canopy to the frame using a frame fastener.

89. (New) The system of claim 88, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

90. (New) The system of claim 88, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

91. (New) The system of claim 88, wherein the first and second securing mechanisms are elastic.

92. (New) The system of claim 88, further comprising a container capable of transporting the components of the system and acting as a counterweight.

93. (New) The system of claim 88, wherein at least one of the first and second securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end.

94. (New) A system for providing shade onto a surface, the system consisting of:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface;

a loop defined toward the suspension end of the canopy, wherein the loop defines a first portion and a second portion of the loop, the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the loop forming first and second securing mechanisms engaged with or coupled thereto; and

a frame fastener arranged to engage the canopy to the frame via the first and second securing mechanisms.

95. (New) The system of claim 94, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

96. (New) The system of claim 94, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

97. (New) The system of claim 94, wherein the first securing mechanism is elastic.

98. (New) The system of claim 94, further comprising a container capable of transporting the components of the system and acting as a counterweight.

99. (New) The system of claim 94, wherein the first and second securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end.

**REMARKS/ARGUMENTS**

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and remarks that follow. Claims 1-20, 22-29, 31-50, and 56-57 were previously canceled. With this Amendment, claims 21, 51, 54, 61, 62, 65, 66, and 68 are amended, and claims 69-99 are added. As such, claims 21, 30, 51-55, and 58-99 are now pending following this Amendment. Applicant submits that no new matter is added by way of this Amendment.

Examiner Interview Summary

Applicant thanks the Examiner for taking the time to participate in the Examiner Interview with Applicant's Representative on September 3, 2024. Proposed amendments were discussed, no agreement was reached.

Drawings / 35 U.S.C. § 112 Rejection

Applicant initially notes that since the drawing objection and the § 112 rejection are inextricably tied to one another, such that the objection is determinative of the rejection, these are being addressed in this section together.

The drawings are objected to under 37 CFR 1.83(a) for allegedly failing to show the features recited in claim 61 and 65. Claims 61 and 65 are rejected under 35 U.S.C. § 112(a), as allegedly failing to comply with the written description requirement.

In particular, the examiner argues that the claim language, "canopy defines a plurality of coupled sections extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy" must be shown or the features canceled from the claims. The examiner further states as best understood, the canopy disclosed by the applicant is either of a unitary construction or of a plurality construction as recited in claim 52. Applicant respectfully disagrees.

Firstly, Applicant notes that each of claims 61 and 65 are now amended to recite a "canopy defining a plurality of coupled sections ***each*** extending between a first end forming the

suspension end of the canopy and a second end forming the opposing trailing end of the canopy".

Next, Applicant notes that Paragraph [0036] of the originally-filed application describes the canopy as follows: "FIG. 1 depicts one embodiment of a system 10 for providing shade 1 onto a surface 2. The system 10 may include a canopy 12 configured for engagement with, and aerial suspension by, a frame 14. The canopy 12 may include one or more lightweight materials, the material including one or more of the following properties: ripstop, polyester, blackout, light diffusion, light modification, and waterproof. ***The canopy 12 may be unitarily constructed or may include a plurality of coupled sections 44 and/or <u>selectively engageable sections 44</u>***." Emphasis Added.

Thus, paragraph [0036] states that the canopy may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable sections 44. Regarding this point, the specification does not limit the **orientation** of the plurality of coupled sections 44. Instead, the specification merely states that simply there may be one section or more than one section.

In this way, due to the breadth of the description of the canopy 12 in the disclosure, it could reasonably be concluded by one skilled in the art that an embodiment could include the canopy 12 defining a plurality of coupled sections each extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy based on the disclosure of the specification.

Applicant respectfully requests that this objection to the drawings and rejection to the claims be withdrawn at this time.

<u>Claim Rejections – 35 USC § 103</u>

Claims 21, 30, 51, 53, 54, 59, and 60 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over KR 101315166 to Kang in view of Jager in US Patent 5,927,311.

Claim 21 is the independent claim from which claims 30, 51, 53, 54, 59, and 60 depend. Independent claim 21 is currently amended to further clarify that the system consists of a frame, a canopy, and at least one fastener as now claimed.

Applicant reiterates from the previous response that Kang fails to disclose a frame

defined by a plurality of sections and comprising an alignment component, such that Kang does not disclose a frame that is engageable in a supporting configuration and disengageable in a transport configuration. Kang also fails to disclose that the system only engages the surface where the right and left ends of the frame engage the surface, as claimed.

Kang discloses two configurations shown in the annotated figures of Kang, below.

CONFIGURATION 1: A first configuration in FIG. 1 where the ends of the frame 100 **and** the pile 320 engage the surface (i.e., **three points of engagement**). Thus, the system of Kang **does not** exclude any other components except for the right and left ends of the frame from engaging the surface in CONFIGURATION 1 as the pile 320 also engages the surface.




CONFIGURATION 2: A second configuration in FIGs. 4 and 5 where the ends of both frames 100, 100' **and** the pile 320 (cut off from the figure) engage the surface (i.e., **five points of engagement**). Thus, the system of Kang **does not** exclude any other components except for the right and left ends of the frame from engaging the surface in CONFIGURATION 2 as the pile 320 also engages the surface.




Accordingly, Kang fails to at least disclose a frame as claimed.

Further, there is no suggestion or motivation to modify Kang such that the system only engages the surface where the right and left ends of the frame engage the surface, as claimed. As noted, each of CONFIGURATIONS 1 and 2 in Kang require at least the pile 320 contacting the ground surface, which Kang specifically states is used to further strengthen the sunscreen 200, and that the pile 320 supports the awning film 200. Thus, any proposed modification to CONFIGURATIONs 1 and 2 of Kang whereby the pile 320 is removed would render Kang unsatisfactory for its intended purpose contrary to MPEP § 2143.01(V), such that the modification is not obvious. *See, e.g.*, "[i]f a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, ***then there is no suggestion or motivation to make the proposed modification***. *In re Gordon,* 733 F.2d 900, 221 USPQ 1125 (Fed. Cir. 1984)". Emphasis Added.

Nothing in Jager cures this deficiency in Kang. For example, Jager discloses two spaced parallel longitudinal support rod members, such that the support rod members each engage the surface at their opposing ends (i.e., **four points of engagement**). Thus, Jager also fails to provide any disclosure for a system that only engages the surface where the right and left ends of the

frame engage the surface, as claimed.

Accordingly, Kang separately or in combination with Jager fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 21. Applicant thus respectfully submits that independent claim 21 is not rendered obvious by Kang separately or in combination with Jager. Likewise, claims 30, 51, 53, 54, 59, and 60 are not rendered obvious by Kang separately or in combination with Jager for at least their dependency on independent claim 21. Applicant respectfully requests withdrawal of this rejection.

Claims 52 and 61 are rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 21 above, and further in view of Sotirkys et al. in US Pub. No. 2010/0212709. Claim 55 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 21 above, and further in view of Warth in US Patent 3,286,962. Claim 58 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 21 above, and further in view Rise in US Patent 5,291,640.

Claims 51, 52, 55, 58, and 61 depend on independent claim 21. As noted hereinabove, Kang fails to render independent claim 21 obvious. Nothing in Sotirkys, Warth, or Rise cures this deficiency in Kang. Sotirkys discloses a tailgator / sunshade that is used in conjunction with and supported by a vehicle, such that Sotirkys discloses at least six points of engagements with a surface (the two ends 19 and the four tires). Warth discloses a dog umbrella that has a corkscrew for engaging the surface such that there is only a single point of engagement with a surface (the corkscrew 35). Rise discloses loop attachments for a tent, and is silent as to any discussion of a frame and how many points of engagement with a surface there would be. Thus, Kang separately or in combination with any of Sotirkys, Warth, or Rise also fails to provide any disclosure for a system that only engages the surface where the right and left ends of the frame engage the surface, as claimed

Since claim 21 is not rendered obvious by Kang separately or in combination with Sotirkys, Warth, and/or Rise, it follows that claims 51, 52, 55, 58, and 61 are also not rendered obvious by Kang separately or in combination with Sotirkys, Warth, and/or Rise for at least the dependency of claims 51, 52, 55, 58, and 61 on claim 21. Applicant respectfully requests

withdrawal of this rejection.

Claims 62, 63, 66, 67, and 68 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang in view of Jager, Warth, and Rise.

Claim 62 is the independent claim from which claims 62, 63, 66, and 67 depend. Claim 68 is another independent claim. Independent claims 62 and 68 are each currently amended to further clarify the system as consisting of a variety of components, where a first section and a last section engage the surface. Support for this amendment can be found in at least, for example, paragraph [0006] of the published application. Thus, no new matter is added.

For at least the reasons stated above in reference to the response to the rejection of claim 21, Applicant reiterates that Kang separately or in combination with Jager fails to disclose at least a frame, as claimed. As noted above in reference to the rejection of claims 51, 52, 55, 58, and 61, nothing in Warth or Rise cures this deficiency in Kang and Jager. Thus, Kang separately or in combination with any of Jager, Warth, or Rise also fails to provide any disclosure for a system as claimed.

Applicant thus respectfully submits that independent claims 62 and 68 are not rendered obvious by Kang separately or in combination with Jager, Warth, or Rise. Likewise, claims 63, 66, and 67 are not rendered obvious by Kang separately or in combination with Jager, Warth, or Rise for at least their dependency on independent claim 62. Applicant respectfully requests withdrawal of this rejection.

Claim 65 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 62, and further in view of Sotirkys.

Claim 65 depends on independent claim 62. As noted hereinabove, modified Kang fails to render independent claim 62 obvious. Nothing in Sotirkys cures this deficiency in modified Kang. Sotirkys discloses a tailgator / sunshade that is used in conjunction with and supported by a vehicle, such that Sotirkys discloses at least six points of engagements with a surface (the two ends 19 and the four tires). Thus, modified Kang separately or in combination with Sotirkys also fails to provide any disclosure for a system as claimed

Since claim 62 is not rendered obvious by modified Kang separately or in combination with Sotirkys, it follows that claim 65 is also not rendered obvious by modified Kang separately or in combination with Sotirkys for at least the dependency of claim 65 on claim 62. Applicant respectfully requests withdrawal of this rejection.

Status of New Claims

Independent claim 69 and dependent claims 70-76 are currently added. Support for the new claims can be found throughout the specification as originally filed, including at least, for example, paragraph [0037], [0042], [0043], [0046], and [0051]. Thus, no new matter has been added.

Applicant respectfully submits that claims 69-76 overcome the cited references. For example, Applicant respectfully submits that Kang fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 69, including at least one strap engageable with or coupled to the canopy on one end and engageable with or coupled to the frame at the other end, the other end of the strap being engageable with or coupled to the frame at a portion of the frame between the left end and the right end of the frame, as the support piece 220 in Kang engages the pile 110 which is the **end** of the frame, and not a portion of the frame **between** the left end and the right end of the frame as claimed. Applicant thus respectfully submits that claims 69-76 are in condition for allowance.

Independent claim 77 and dependent claims 78-87 are currently added. Support for the new claims can be found throughout the specification as originally filed, including at least, for example, paragraph [0037], [0042], [0043], [0046], and [0051]. Thus, no new matter has been added.

Applicant respectfully submits that claims 77-87 overcome the cited references. For example, Applicant respectfully submits that Kang fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 77, including a first loop on the suspension end of the canopy and configured for accepting a portion of the frame therethrough; at least a second loop on the suspension end of the canopy and configured for

engaging the canopy with the frame, as there is only a single loop in Kang and not two loops on the same suspension end of the canopy. Applicant thus respectfully submits that claims 77-87 are in condition for allowance.

Independent claim 88 and dependent claims 89-93 are currently added. Support for the new claims can be found throughout the specification as originally filed, including at least, for example, paragraph [0037], [0039], [0042], [0043], [0046], and [0051]. Thus, no new matter has been added.

Applicant respectfully submits that claims 88-93 overcome the cited references. For example, Applicant respectfully submits that Kang fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 88, including wherein at least one of the first and second securing mechanisms engage the canopy to the frame using a frame fastener, as there is no frame fastener in Kang. Applicant thus respectfully submits that claims 88-93 are in condition for allowance.

Independent claim 94 and dependent claims 95-99 are currently added. Support for the new claims can be found throughout the specification as originally filed, including at least, for example, paragraph [0037], [0039], [0042], [0043], [0046], and [0051]. Thus, no new matter has been added.

Applicant respectfully submits that claims 94-99 overcome the cited references. For example, Applicant respectfully submits that Kang fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 94, including a frame fastener arranged to engage the canopy to the frame via the first and second securing mechanisms, as there is no frame fastener in Kang. Applicant thus respectfully submits that claims 94-99 are in condition for allowance.

**CONCLUSION**

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON SEPTEMBER 17, 2024.***

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **09/17/2024 06:20:12 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 67211175 | FILING DATE | 06/05/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

# TOTAL DOCUMENTS: 3

| DOCUMENT | | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|---|
| S105508_1010US_C9_0044_8_Amendment_for_07-10-2024_NFOA.pdf | | 22 | - | 371 KB |
| S105508_1010US_C9_0044_8_Amendment_for_07-10-2024_NFOA-A....pdf | (1-1) | 1 | Amendment/Request for Reconsideration-After Non-Final Rejection | 118 KB |
| S105508_1010US_C9_0044_8_Amendment_for_07-10-2024_NFOA-CLM.pdf | (2-13) | 12 | Claims | 104 KB |
| S105508_1010US_C9_0044_8_Amendment_for_07-10-2024_NFOA-REM.pdf | (14-22) | 9 | Applicant Arguments/Remarks Made in an Amendment | 323 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C9_0044_8_Amendment_for_07-10-2024_NFOA.pdf | B3B229B2C2095F7C5E7B1A7FB0E8133E638B8D28BC0EBD7ED4BB07BE6B349EF8183A5B1D5B8121BA1FF3FB60AD26E78DA68FE34264DAA81B4F7BBACDEC0275FC |
| S105508_1010US_C9_0044_8_Amendment_for_07-10-2024_NFOA-A....pdf | D177F0383A53DD9DA36044FB9EF138AE98C1AE97B8525080CC35FB351CC1EE578180F90FAD4E31C81FB8D950B48A7104716261555E5079DA41678AF03DC4D3F1 |
| S105508_1010US_C9_0044_8_Amendment_for_07-10-2024_NFOA-CLM.pdf | A6D3599919775755CD5C4369981F3C8827D6AD1BD38EC212252DC9B339243EBA1C4CD3F97DE8DF3418CA4455EEE89148100674F956B79C4F7F1B5492ABAD757D |
| S105508_1010US_C9_0044_8_Amendment_for_07-10-2024_NFOA-REM.pdf | ADBB4AE63EF98CA577469AFEC4C37F83B8EC56D18C13AA8FB3A06478A5DB79BB9281892E56847678DC2C13768E1474455C64984D9D4F702911E02590130AAE84 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **09/17/2024 06:20:12 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 67211175 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 06/05/2023 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E20249GI21358504** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1202 | EACH CLAIM IN EXCESS OF 20 | 100.00 | 28 | 2800.00 |
| 1201 | EACH INDEPENDENT CLAIM IN EXCESS OF THREE | 480.00 | 4 | 1920.00 |
| | | | **TOTAL AMOUNT:** | **$4,720.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

| Search Notes | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/005, 15/60, 15/62 | 12/20/2023 | NCH |
| updated above | 09/19/2024 | NCH |
| | | |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered IDS filed 6/5/23 (2) and 10/13/23 | 12/20/2023 | NCH |
| Performed inventor name search | 12/20/2023 | NCH |
| Considered and updated search history for parent application 18/072143 | 12/20/2023 | NCH |
| Please see attached PE2E search history | 12/20/2023 | NCH |
| Considered IDS filed 3/14/24 | 03/29/2024 | NCH |
| | | |

Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 276 of 420

| Search Notes | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
| --- | --- | --- |
| | Examiner NOAH C HAWK | Art Unit 3636 |

| Interference Search | | | |
| --- | --- | --- | --- |
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

| *Index of Claims* | Application/Control No.<br>18/329,082 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/20/2023 | 04/01/2024 | 07/05/2024 | 09/19/2024 | | | | | |
| | 1 | - | - | - | - | | | | | |
| | 2 | - | - | - | - | | | | | |
| | 3 | - | - | - | - | | | | | |
| | 4 | - | - | - | - | | | | | |
| | 5 | - | - | - | - | | | | | |
| | 6 | - | - | - | - | | | | | |
| | 7 | - | - | - | - | | | | | |
| | 8 | - | - | - | - | | | | | |
| | 9 | - | - | - | - | | | | | |
| | 10 | - | - | - | - | | | | | |
| | 11 | - | - | - | - | | | | | |
| | 12 | - | - | - | - | | | | | |
| | 13 | - | - | - | - | | | | | |
| | 14 | - | - | - | - | | | | | |
| | 15 | - | - | - | - | | | | | |
| | 16 | - | - | - | - | | | | | |
| | 17 | - | - | - | - | | | | | |
| | 18 | - | - | - | - | | | | | |
| | 19 | - | - | - | - | | | | | |
| | 20 | - | - | - | - | | | | | |
| | 21 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 22 | - | - | - | - | | | | | |
| | 23 | - | - | - | - | | | | | |
| | 24 | - | - | - | - | | | | | |
| | 25 | - | - | - | - | | | | | |
| | 26 | ✓ | - | - | - | | | | | |
| | 27 | ✓ | - | - | - | | | | | |
| | 28 | ✓ | - | - | - | | | | | |
| | 29 | ✓ | - | - | - | | | | | |
| | 30 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 31 | - | - | - | - | | | | | |
| | 32 | - | - | - | - | | | | | |
| | 33 | - | - | - | - | | | | | |
| | 34 | - | - | - | - | | | | | |
| | 35 | ✓ | - | - | - | | | | | |
| | 36 | - | - | - | - | | | | | |
| | 37 | ✓ | - | - | - | | | | | |
| | 38 | ✓ | - | - | - | | | | | |
| | 39 | ✓ | - | - | - | | | | | |
| | 40 | ✓ | - | - | - | | | | | |
| | 41 | ✓ | - | - | - | | | | | |
| | 42 | ✓ | - | - | - | | | | | |

| Index of Claims | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/20/2023 | 04/01/2024 | 07/05/2024 | 09/19/2024 | | | | | |
| | 43 | ✓ | - | - | - | | | | | |
| | 44 | ✓ | - | - | - | | | | | |
| | 45 | ✓ | - | - | - | | | | | |
| | 46 | ✓ | - | - | - | | | | | |
| | 47 | ✓ | - | - | - | | | | | |
| | 48 | ✓ | - | - | - | | | | | |
| | 49 | ✓ | - | - | - | | | | | |
| | 50 | ✓ | - | - | - | | | | | |
| | 51 | | ✓ | ✓ | ✓ | | | | | |
| | 52 | | ✓ | ✓ | ✓ | | | | | |
| | 53 | | ✓ | ✓ | ✓ | | | | | |
| | 54 | | ✓ | ✓ | ✓ | | | | | |
| | 55 | | ✓ | ✓ | ✓ | | | | | |
| | 56 | | ✓ | ✓ | ✓ | | | | | |
| | 57 | | ✓ | - | - | | | | | |
| | 58 | | ✓ | - | - | | | | | |
| | 59 | | | ✓ | ✓ | | | | | |
| | 60 | | | ✓ | ✓ | | | | | |
| | 61 | | | ✓ | ✓ | | | | | |
| | 62 | | | ✓ | ✓ | | | | | |
| | 63 | | | ✓ | ✓ | | | | | |
| | 64 | | | ✓ | ✓ | | | | | |
| | 65 | | | ✓ | ✓ | | | | | |
| | 66 | | | ✓ | ✓ | | | | | |
| | 67 | | | ✓ | ✓ | | | | | |
| | 68 | | | ✓ | ✓ | | | | | |
| | 69 | | | | ✓ | | | | | |
| | 70 | | | | ✓ | | | | | |
| | 71 | | | | ✓ | | | | | |
| | 72 | | | | ✓ | | | | | |
| | 73 | | | | ✓ | | | | | |
| | 74 | | | | ✓ | | | | | |
| | 75 | | | | ✓ | | | | | |
| | 76 | | | | ✓ | | | | | |
| | 77 | | | | ✓ | | | | | |
| | 78 | | | | ✓ | | | | | |
| | 79 | | | | ✓ | | | | | |
| | 80 | | | | ✓ | | | | | |
| | 81 | | | | ✓ | | | | | |
| | 82 | | | | ✓ | | | | | |
| | 83 | | | | ✓ | | | | | |
| | 84 | | | | ✓ | | | | | |
| | 85 | | | | ✓ | | | | | |
| | 86 | | | | ✓ | | | | | |
| | 87 | | | | ✓ | | | | | |
| | 88 | | | | ✓ | | | | | |
| | 89 | | | | ✓ | | | | | |
| | 90 | | | | ✓ | | | | | |
| | 91 | | | | ✓ | | | | | |
| | 92 | | | | ✓ | | | | | |
| | 93 | | | | ✓ | | | | | |
| | 94 | | | | ✓ | | | | | |

| *Index of Claims* | Application/Control No.<br>18/329,082 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/20/2023 | 04/01/2024 | 07/05/2024 | 09/19/2024 | | | | | |
| | 95 | | | | ✓ | | | | | |
| | 96 | | | | ✓ | | | | | |
| | 97 | | | | ✓ | | | | | |
| | 98 | | | | ✓ | | | | | |
| | 99 | | | | ✓ | | | | | |

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 09/24/2024

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/24/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

| Office Action Summary | Application No. 18/329,082 | Applicant(s) Barnes et al. | |
|---|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 | AIA (FITF) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on 9/17/2024.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☑ This action is **FINAL.** 2b) ☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 21,30,51-55 and 58-99 is/are pending in the application.
5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 21,30,51-55 and 58-99 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 6/5/23 is/are: a)☐ accepted or b)☑ objected to by the Examiner.
Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
a)☐ All b)☐ Some** c)☐ None of the:
1.☐ Certified copies of the priority documents have been received.
2.☐ Certified copies of the priority documents have been received in Application No. _____.
3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
Paper No(s)/Mail Date ______.

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date ______.

4) ☐ Other: ______.

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Drawings*

2. The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the system for providing shade recited in Claims 21, 62, 68, 88, and 94 wherein there is no cable and/or anchor included must be shown or the feature(s) canceled from the claim(s). No new matter should be entered.

3. Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as “amended.” If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either “Replacement Sheet” or “New Sheet” pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner,

the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

4. The drawings are objected to as failing to comply with 37 CFR 1.84(p)(5) because they do not include the following reference sign(s) mentioned in the description: 41, 43. Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either "Replacement Sheet" or "New Sheet" pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

## *Claim Rejections - 35 USC § 112*

5. The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

6. Claims 21, 30, 51-55, 58-68, and 88-99 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the written description requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time the application was filed, had possession of the claimed invention. Claims 21, 62, and 68 recite shading systems that explicitly do not include the cord and anchor. There does not appear to be a disclosure of such a system in the application as filed and therefore these claims are considered new matter in the application.

7. The following is a quotation of 35 U.S.C. 112(b):

> (b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

8. Claims 60, 73, 76, 78, 81, 92, and 98 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor (or for applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention.

a. Claim 60 adds “a loop” to the recited system. Claim 21, on which the claim is based, uses the transitional phrase “consisting of.” Claim 60 is therefore excluded from adding any other elements.

b. Claim 73 recites “at least a portion of the plurality of sections of the frame for accepting a male end of the one of the adjacent sections therein” which renders the claim indefinite. The claim is grammatically incorrect and nonsense. For the purposes of examination, a male-female arrangement between adjacent frame sections will be considered sufficient to meet the limitations of the claim.

c. Claim 76 recites “a container capable of … acting as a counterweight” which renders the claim indefinite. It is unclear how the container would act as a counterweight. There is no connection between the container and any other component of the system outside of the use of transporting the components.

d. Claim 78 recites that “wherein the first loop and the second loop each extend a smaller distance of the suspension end” which renders the claim indefinite. It is unclear what distance is referenced in the claim. The distances that the first and second loop extend must be less that some ***other***, undefined distance.

e. Claim 81 recites that “wherein the first loop, the second loop, and the third loop each extend a smaller distance of the suspension end” which renders the claim indefinite. It is unclear what distance is referenced in the claim. The distances that the first, second, and third loops extend must be less that some ***other***, undefined distance.

f. Claim 92 adds “a container” to the recited system. Claim 88, on which the claim is based, uses the transitional phrase “consisting of.” Claim 92 is therefore excluded from adding any other elements.

g. Claim 98 adds “a container” to the recited system. Claim 94, on which the claim is based, uses the transitional phrase “consisting of.” Claim 98 is therefore excluded from adding any other elements.

### *Claim Rejections - 35 USC § 103*

9. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

10. Claim 69, 70, 72, 73, 75, and 77-86 are rejected under 35 U.S.C. 103 as being unpatentable over KR 10131566 (Kang) in view of Jager in US Patent 5927311.

h. Regarding Claims 69, 73, and 75, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320), wherein each of a left end (320 on the left) and a right end (320 on the right) of the frame in the supporting configuration engages the surface; a canopy (200) extending between a suspension end (toward 230) and an opposing trailing end (toward 240), the suspension end of the canopy extending between a left end and a right end; a loop (212) on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame; and at least one strap (220) engageable with or coupled to the canopy on one end (the upper end) and engageable with or coupled to the frame at the other end (at 3), the other end of the strap being engageable with or

coupled to the frame at a portion of the frame between the left end and the right end of the frame, wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface. Kang is silent on the details of the frame. Jager teaches a frame defined by a plurality of sections (58/60/62) and comprising an alignment component (71) engaged with at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration (Fig. 1) and thereby disengageable to define the frame in a transport configuration (Fig. 5), wherein at least a portion of the plurality of sections of the frame for accepting a male end of the one of the adjacent sections therein (see Fig. 4), and wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame ("secured to each of the end segments"). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a sectional frame as taught by Jager in order to more compactly store and transport the device when not in use.

i. Regarding Claim 70, Kang, as modified, teaches that the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame (the system, as defined above, does not include any other components).

j. Regarding Claim 72, Kang, as modified, teaches that the at least one strap comprises two straps, a first strap (220 on the left) arranged at one end of the loop and a second strap (220 on the right)arranged at another end of the loop.

k. Regarding Claims 77 and 86, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) the sections including: a first section (320 on the left) defining a left end of the frame engaged with the surface; a last section (320 on the right) defining a right end of the frame engaged with the surface, and one or more adjacent sections (100/110) coupled into alignment and engaged between the first section and the last section, the adjacent sections being configured to engage between the first section and the last section in a supporting configuration (Fig. 1); a canopy (200) extending between a first end (toward 230) and an second end (toward 240), the first end of the canopy defining a suspension end capable of being engaged with the frame about the one or more adjacent sections of the frame, wherein the second end of the canopy defines a trailing end spaced apart from the frame in the supporting configuration such that the first end of the canopy is supportable by the frame and the trailing end of the canopy is totally supported by wind in a first configuration for providing shade to the surface; a first loop (212) on the suspension end of the canopy and configured for accepting a portion of the frame therethrough (at 3); and at least a second loop (320 on the right) on the suspension end of the canopy and configured for engaging the canopy with the frame.

l. Kang is silent on the details of the frame. Jager teaches a frame including a plurality of sections (58/60/62) and being maneuverable between a transport configuration (Fig. 5) and a supporting configuration (Fig, 1), the sections including: a first section defining a left end (at 74) of the frame engaged with the surface; a last section defining a right end (at 76) of the frame engaged with the surface; and one or more adjacent sections coupled into alignment and engaged between the first section and the last section, the one or more adjacent sections additionally comprising at least one aligning component (71) affixed to one or more of the adjacent sections of the frame and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame ("secured to each of the end segments"). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a sectional frame as taught by Jager in order to more compactly store and transport the device when not in use.

m. Regarding Claim 78, Kang, as modified, teaches that the first loop and the second loop each extend a smaller distance of the suspension end (as best understood).

n. Regarding Claim 79, Kang, as modified, teaches that the first loop and the second loop each define a longitudinal axis (along the length of the loops), and

wherein the longitudinal axis of the first loop and the second loop are coaxial along the suspension end of the canopy.

o. Regarding Claim 80, Kang, as modified, teaches a third loop (320 on the left end) on the suspension end of the canopy and configured for engaging the canopy with the frame.

p. Regarding Claim 81, Kang, as modified, teaches that the first loop, the second loop, and the third loop each extend a smaller distance of the suspension end (each loop extends a smaller distance than the total of all three distances of the loops combined).

q. Regarding Claim 82, Kang, as modified, teaches that the first loop, the second loop, and the third loop each define a longitudinal axis (along the length of the loops), and wherein the longitudinal axis of the first loop, the second loop, and the third loop are coaxial along the suspension end of the canopy.

r. Regarding Claim 83, Kang, as modified, teaches that the third loop has one open end (at 3).

s. Regarding Claim 84, Kang, as modified, teaches that the second loop has one open end (at 3).

t. Regarding Claim 85, Kang, as modified, teaches that the first loop has two open ends (see Fig. 2 at 212).

11. Claim 71 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 69 above, and further in view of Sotirkys et al. in US Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at

12) and wherein the canopy comprises a plurality of coupled sections (10 and 80) extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

12. Claim 74 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 69 above, and further in view of Swetish in US Patent 5771912. Kang, as modified, is silent on the use of elastic straps. Swetish teaches a shading system with a strap (24) attaching a canopy to a frame, wherein the at least one strap is elastic. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using an elastic strap as taught by Swetish in order to all the canopy to flex under the force of the wind.

13. Claim 76 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 69 above, and further in view of Rice in US Patent 5823217. Kang, as modified, is silent on the use of a container. Rice teaches a shading system including a container (50) capable of transporting the components of the system and acting as a counterweight (as best understood). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Rice in order to allow the user to easily carry the device when not in use.

14. Claim 87 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 77 above, and further in view of Warth in US Patent 3286962. Kang, as modified, is silent on the use of a corkscrew shape for the ground engaging ends of the frame. Warth teaches a frame with an end (35) having a corkscrew shape for engaging the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame ends of Kang, as modified, by using corkscrew shaped ends as taught by Warth in order to better secure the device in the ground.

### ***Response to Arguments***

15. Applicant’s arguments with respect to claim(s) 21, 62, and 68 and their dependent claims have been considered but are moot because the new ground of rejection does not rely on any reference applied in the prior rejection of record for any teaching or matter specifically challenged in the argument.

16. Applicant's arguments filed 9/17/2024 have been fully considered but they are not persuasive. With respect to Claim 69, the frame of Kang is defined as including elements 100, 110, and 320. Therefore, the strap is engaged between the ends. With respect to Claim 77, Kang teaches at least two different loops as defined above.

### ***Conclusion***

17. Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP

§ 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

18. A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

19. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center,

visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>18/329,082 | Filing Date<br>06/05/2023 | ☐ To be Mailed |
|---|---|---|---|

ENTITY: ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT | 10/30/2024 | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * 27 | Minus | ** 48 | = 0 | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 5 | Minus | *** 7 | = 0 | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /DENISE T LILES/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **10/30/2024 03:51:05 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 67781357 | FILING DATE | 06/05/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 5

| DOCUMENT | | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|---|
| S105508_1010US_C9_0044_8 Amendment After 9-24-2024 FOA.pdf | | 16 | - | 186 KB |
| S105508_1010US_C9_0044_8 Amendment After 9-24-2024 FOA-A.NE.pdf | (1-1) | 1 | Response After Final Action | 127 KB |
| S105508_1010US_C9_0044_8 Amendment After 9-24-2024 FOA-SPEC.pdf | (2-2) | 1 | Specification | 49 KB |
| S105508_1010US_C9_0044_8 Amendment After 9-24-2024 FOA-CLM.pdf | (3-11) | 9 | Claims | 97 KB |
| S105508_1010US_C9_0044_8 Amendment After 9-24- | (12-16) | 5 | Applicant Arguments/Remarks Made in an Amendment | 143 KB |

| | | | |
|---|---|---|---|
| 2024 FOA-REM.pdf | | | |
| S105508_1010US_C9_0044_8_AFCP 2_0.pdf | 2 | After Final Consideration Program Request | 253 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C9_0044_8 Amendment After 9-24-2024 FOA.pdf | AA366B218291D86D44BB45D1A508623B6B5C4FC8E33D63C4577614144617E6BDE3F4A27CA9BA721A2F955F837FFA5995D9D3DD64D583088C334E011618AABA0F |
| S105508_1010US_C9_0044_8 Amendment After 9-24-2024 FOA-A.NE.pdf | 6599FD1E74E078D6FF097041AC969901A492C9EA02177DE87916E58DC60648B31E9F8F3EE04BD1A296F4B2166903277C41F66268495134162DB6BE941C064500 |
| S105508_1010US_C9_0044_8 Amendment After 9-24-2024 FOA-SPEC.pdf | 57B8BDBFF7DA3EC340DDC7973831F965DF832225A479752FE10826913A7367B5344849691FCAB7E6849ED2FAF737402D95A0BAB64D2352950C98C4FE88460964 |
| S105508_1010US_C9_0044_8 Amendment After 9-24-2024 FOA-CLM.pdf | 887EBF40B8A28C7212641512C54B04B793E534D539C4F212264ECB702F60DCEE81AD4D0BCB2F97E34AF06D0FBEB133108072D8FA879A42885F65DC343ADE2EC3 |
| S105508_1010US_C9_0044_8 Amendment After 9-24-2024 FOA-REM.pdf | EB6BAE806BAAD247753099D9CE1670591F089E48257791E06468647DC4ADA3361AF414832BF105DCAAA1895AFF38C8A423422F27D3DD90D4C0B94B039FFC8176 |
| S105508_1010US_C9_0044_8_AFCP 2_0.pdf | 7C95BCE2E89E4B02E8D7B99BE83AAB14BC5EC1C266855712D491A82B0CA4D088DB8C9795F16ED161CD411CF8C4DCAED13522F0F760521F521F93B038A54A908A |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Doc Code: A.NE.AFCP
Document Description: After Final Consideration Program Request

PTO/SB/434 (3-22)

# CERTIFICATION AND REQUEST FOR CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0

| Practitioner Docket No.: | Application No.: | Filing Date: |
|---|---|---|
| S105508 1010US.C9 (0044.8) | 18/329,082 | June 5, 2023 |
| First Named Inventor: Dane Brooks Barnes | Title: SHADING SYSTEM AND METHOD OF USE | |

APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS CONSIDERATION UNDER THE AFTER FINAL CONSIDERATION PILOT PROGRAM 2.0 (AFCP 2.0) OF THE ACCOMPANYING RESPONSE UNDER 37 CFR 1.116.

1. The above-identified application is (i) an original utility, plant, or design nonprovisional application filed under 35 U.S.C. 111(a) [a continuing application (*e.g.*, a continuation or divisional application) is filed under 35 U.S.C. 111(a) and is eligible under (i)], or (ii) an international application that has entered the national stage in compliance with 35 U.S.C. 371(c).
2. The above-identified application contains an outstanding final rejection.
3. Submitted herewith is a response under 37 CFR 1.116 to the outstanding final rejection. The response includes an amendment to at least one independent claim, and the amendment does not broaden the scope of the independent claim in any aspect.
4. This certification and request for consideration under AFCP 2.0 is the only AFCP 2.0 certification and request filed in response to the outstanding final rejection.
5. Applicant is willing and available to participate in any interview requested by the examiner concerning the present response.
6. This certification and request is being filed electronically using the USPTO's patent electronic filing system.
7. Any fees that would be necessary consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, extension of time fees, are being concurrently filed herewith. [There is no additional fee required to request consideration under AFCP 2.0.]
8. By filing this certification and request, applicant acknowledges the following:
   - Reissue applications and reexamination proceedings are not eligible to participate in AFCP 2.0.
   - The examiner will verify that the AFCP 2.0 submission is compliant, *i.e.*, that the requirements of the program have been met (see items 1 to 7 above). For compliant submissions:
     - The examiner will review the response under 37 CFR 1.116 to determine if additional search and/or consideration (i) is necessitated by the amendment and (ii) could be completed within the time allotted under AFCP 2.0. If additional search and/or consideration is required but cannot be completed within the allotted time, the examiner will process the submission consistent with current practice concerning responses after final rejection under 37 CFR 1.116, *e.g.*, by mailing an advisory action.
     - If the examiner determines that the amendment does not necessitate additional search and/or consideration, or if the examiner determines that additional search and/or consideration is required and could be completed within the allotted time, then the examiner will consider whether the amendment places the application in condition for allowance (after completing the additional search and/or consideration, if required). If the examiner determines that the amendment does not place the application in condition for allowance, then the examiner will contact the applicant and request an interview.
       - The interview will be conducted by the examiner, and if the examiner does not have negotiation authority, a primary examiner and/or supervisory patent examiner will also participate.
       - If the applicant declines the interview, or if the interview cannot be scheduled within ten (10) calendar days from the date that the examiner first contacts the applicant, then the examiner will proceed consistent with current practice concerning responses after final rejection under 37 CFR 1.116.

| Signature | Date | Practitioner Registration No. |
|---|---|---|
| /Lauren F. Anderson/ | October 30, 2024 | 69,344 |
| Name (Print/Typed): Lauren F. Anderson | Telephone Number: (919) 755-8127 | |

***Note**: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.*

☐ * Total of ________ forms are submitted.

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

AMENDMENT UNDER 37 C.F.R. § 1.116

Sir:

In response to the final Office Action dated September 24, 2024, please amend the above-identified application as follows:

**Amendments to the Specification** are reflected beginning on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 3 of this paper.

**Remarks/Arguments** begin on page 12 of this paper.

Amendments to the Specification

Please amend paragraph [0051] as follows:

[0051] The left end 20 and the right end 22 of the frame 14 may be each be embedded in the surface 2. The ends 20, 22 may define a conical shape or a corkscrew shape for ease of penetration of the surface 2. Additional anchor(s) 35 may be engaged or coupled to the left end 20 and/or right end 22 for further securing the frame 14 into position. In embodiments where a tail is defined by the canopy 12, the tail may be engaged with or coupled to an additional anchor 34 for securing the canopy 12 into position for providing shade 1 to the surface 2. In yet additional embodiments, an additional suspension end [[43]] may be defined by the canopy 12. The additional suspension end [[43]] may include any of the features and characteristics described herein attributed to the suspension end 42. For example, the additional suspension end [[43]] may form an additional loop [[41]] for engaging or coupling an additional frame 15, thereby further suspending the canopy 12 from both the frame 14 and the additional frame 15.

Amendments to the Claims

1. – 20. (Canceled)

21. (Previously Presented) A system for providing shade onto a surface, the system consisting of:

a frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration engages the surface such that the system only engages the surface where the right and left ends of the frame engage the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; and

at least one fastener,

wherein the at least one fastener comprises a first fastener formed on the suspension end of the canopy and configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface.

22.–29. (Canceled)

30. (Previously Presented) The system of claim 21, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

31- 50.(Canceled)

51. (Currently Amended) The system of claim 21, wherein the first fastener is formed as a strap arranged proximate to the left or right end of the suspension end, the first strap being wrapped about the frame when engaging the fastener thereto.

52. (Previously Presented) The system of claim 21, wherein the canopy comprises a plurality of coupled sections extending between the suspension end of the canopy and the opposing trailing end of the canopy.

53. (Previously Presented) The system of claim 21, wherein, in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface.

54. (Previously Presented) The system of claim 21, wherein the at least one fastener further comprises a loop extending about the suspension end from the left end to the right end.

55. (Previously Presented) The system of claim 21, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

56. (Canceled)

57. (Canceled)

58. (Previously Presented) The system of claim 21, wherein the at least one fastener is fastened or engaged with itself after wrapping about the frame.

59. (Previously Presented) The system of claim 21, wherein the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

60. (Canceled)

61. (Previously Presented) The system of claim 21, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

62. (Previously Presented) A system for providing shade onto a surface, the system consisting of:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially

supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism engaged with or coupled thereto and the second portion of the loop forming a second securing mechanism engaged with or coupled thereto,

wherein at least one of the first and second securing mechanisms is brought into contact with itself for securing the canopy into position relative to the frame.

63. (Previously Presented) The system of claim 62, wherein at least the other of the second and first securing mechanisms being brought into contact with itself for securing the canopy into position relative to the frame.

64. (Previously Presented) The system of claim 62, wherein the loop, the first securing mechanism, and the second securing mechanism are formed of fabric.

65. (Previously Presented) The system of claim 62, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

66. (Previously Presented) The system of claim 62, wherein the at least one alignment component comprises a cable extending through and affixed to the one or more adjacent sections of the frame.

67. (Previously Presented) The system of claim 62, wherein the central portion, the first portion, and the second portion of the loop extend coaxially along a length of the suspension end of the canopy, the central portion of the loop being longer in length than the first and second portions of the loop.

68. (Previously Presented) A system for providing shade onto a surface, the system consisting of:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a first portion and a second portion of the loop, the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the loop forming a first securing mechanism engaged with or coupled thereto,

wherein the first securing mechanism is brought into contact with itself for securing the canopy into position relative to the frame.

69-87. (Canceled)

88. (Previously Presented) A system for providing shade onto a surface, the system consisting of:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism and the second portion of the loop forming a second securing mechanism,

wherein at least one of the first and second securing mechanisms engage the canopy to the frame using a frame fastener.

89. (Previously Presented) The system of claim 88, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

90. (Previously Presented) The system of claim 88, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

91. (Previously Presented) The system of claim 88, wherein the first and second securing mechanisms are elastic.

92. (Canceled)

93. (Previously Presented) The system of claim 88, wherein at least one of the first and second securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end.

94. (Previously Presented) A system for providing shade onto a surface, the system consisting of:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more

adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface;

a loop defined toward the suspension end of the canopy, wherein the loop defines a first portion and a second portion of the loop, the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the loop forming first and second securing mechanisms engaged with or coupled thereto; and

a frame fastener arranged to engage the canopy to the frame via the first and second securing mechanisms.

95. (Previously Presented) The system of claim 94, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

96. (Previously Presented) The system of claim 94, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

97. (Previously Presented) The system of claim 94, wherein the first securing mechanism is elastic.

98. (Canceled)

99. (Previously Presented) The system of claim 94, wherein the first and second

securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end.

**REMARKS/ARGUMENTS**

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and remarks that follow. Claims 1-20, 22-29, 31-50, and 56-57 were previously canceled. With this Amendment, claim 51 is amended and claims 60, 69-87, 92, and 98 are canceled. As such, claims 21, 30, 51-55, 58, 59, 61-68, 88-91, 93-97, and 99 remain pending following this Amendment. Applicant submits that no new matter is added by way of this Amendment.

Drawings / 35 U.S.C. § 112 Rejection

Applicant initially notes that since the drawing objection and the § 112(a) rejection are inextricably tied to one another, such that the objection is determinative of the rejection, these are being addressed in this section together.

Drawing Objection

The drawings are objected to under 37 CFR 1.83(a) for allegedly failing to show every feature of the invention specified in the claims. In particular, the examiner states at page 2 of the Office Action that "[t]herefore, the system for providing shade recited in claims 21, 62, 68, 88, and 94 wherein there is no cable and/or anchor included must be shown or the feature(s) canceled from the claim(s)." Applicant respectfully disagrees with the objection.

Initially, Applicant respectfully submits that the objection is unclear on its face. The examiner appears to allege that claims 21, 62, 68, 88, and 94 recite that there is no cable and/or anchor included. However, none of the cited claims expressly address a cable or anchor. Since the cited claims do not make any mention of a cable or an anchor, the examiner has required an impossible feat – i.e., canceling from certain claims features that are not even mentioned in any of said claims. For this reason alone, Applicant respectfully submits that this objection to the drawings is baseless and should be withdrawn.

On the other hand, as Applicant best can deduce from the objection, the examiner appears to argue that in order for a drawing to show every feature of the invention specified in the claims,

the drawing cannot illustrate any features that are not recited in the claim. This also is not a proper basis for objecting to the drawings. So long as the drawings show the features recited in the claims, there is no limitation on the illustration of other features that may relate to alternative embodiments or that may provide environmental elements that allow for additional understanding of the nature of the invention.

Furthermore, as the Federal Circuit has clearly stated, "[the] specification, having described the whole, necessarily described the part remaining." See *In re Johnson*, 558 F.2d 1008, 1019, 194 USPQ 187, 196 (CCPA 1977). The drawings are part of the specification. As such, a drawing that illustrates the whole necessarily illustrates the part remaining if elements of the whole drawing are not recited in a claim.

Finally, Applicant notes that "FIG. 4 is a perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter" according to the Brief Description of the Drawings in the present application. Thus, at least FIG. 4 and the corresponding description thereof illustrate a system that does not include a cord and anchor, but is rather for engaging a cord as described.

112(a) rejection

Claims 21, 30, 51-55, 58-68, and 88-99 are rejected under 35 U.S.C. § 112(a) as allegedly failing to comply with the written description requirement. The examiner alleges that claims 21, 62, and 68 recite shading systems that explicitly do not include the cord and anchor. The examiner likewise argues that there does not appear to be a disclosure of such a system in the application as filed. Applicant respectfully disagrees.

When considering a rejection of the claims under § 112(a) as allegedly including new matter, "[…] the fundamental factual inquiry is whether the specification conveys with reasonable clarity to those skilled in the art that, as of the filing date sought, inventor was in possession of the invention as now claimed. See, e.g., *Vas-Cath, Inc. v. Mahurkar,* 935 F.2d 1555, 1563-64, 19 USPQ2d 1111, 1117 (Fed. Cir. 1991)." The examiner's position here is that there does not appear to be a disclosure of a system in the application as filed that explicitly does not include a cord and anchor. This is simply incorrect.

Paragraphs [0006] through [0025] of the present application describe several embodiments of the disclosed subject matter. Each embodiment is separately and individually stated. Paragraph [0009] states that the system **further** includes a cord coupled to an anchor. The presence of this language and the fact that the cord and anchor are not included in many of the recited embodiments clearly illustrates that, at the time of filing of the present invention, the inventors were in possession of multiple embodiments of a shading system, many of which did not necessarily include a cord and an anchor. This is confirmed in paragraph [0046] of the present application, which states, "the system 10 ***may further*** include a cord 32 engaged with, or coupled to, an anchor 34 […]." Thus, the cord/anchor are alternative elements[1] (the use of the permissive "may" indicates that these elements are not required) which are positively recited in the specification. Again, use of the word "further" indicates that other embodiments do not include the cord or anchor. As the Federal Circuit made clear in the previously cited case of *In re Johnson*, if alternative elements are positively recited in the specification, they may be explicitly excluded in the claim.

From the foregoing, it is abundantly clear to any person of ordinary skill in the art reviewing the specification as a whole that the inventors, at the time of filing of the present invention, had possession of shading systems that may be formed of a plurality of components that may be combined in many manners and that the cord and anchor are "further" elements that "may" or may not be present. Thus, Applicant respectfully submits that a system as claimed in claims 21, 62, and 68 has appropriately supporting written description as originally filed.

The drawings are objected to under 37 CFR 1.84(p)(5) for allegedly failing to show the reference signs mentioned in the description: 41, 43.

The specification is now amended to remove reference signs 41, 43 from the specification, without prejudice. Applicant respectfully requests that this objection to the drawings be withdrawn at this time.

[1] Treatment of claims reciting alternatives is not governed by the particular format used (e.g., alternatives may be set forth as "a material selected from the group consisting of A, B, and C" or "wherein the material is A, B, or C"). See, e.g., the *Supplementary Examination Guidelines for Determining Compliance with 35 U.S.C. 112 and for Treatment of Related Issues in Patent Applications* ("Supplementary Guidelines"), 76 Fed. Reg. 7162, 7166 (February 9, 2011).

Claim Rejections – 35 USC § 112

Claims 60, 73, 76, 78, 81, 92, and 98 are rejected under 35 U.S.C. § 112(b) as allegedly being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor regards as the invention.

Applicant notes that claims 60, 73, 76, 78, 81, 92, and 98 are canceled, such that the rejections of these claims are moot.

Claim Rejections – 35 USC § 103

Claims 69, 70, 72, 73, 75, and 77-86 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over KR 101315166 to Kang in view of Jager in US Patent 5,927,311. Claim 71 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 69 above, and further in view of Sotirkys et al. in US Pub. No. 2010/0212709. Claim 74 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 69 above, and further in view of Swetish in US Patent 5,771,912. Claim 76 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 69 above, and further in view of Rice in US Patent 5,823,217. Claim 87 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 77 above, and further in view of Warth in US Patent 3,286,962.

Applicant notes that claims 69-87 are now canceled. As such, the rejections of these claims are now moot.

**CONCLUSION**

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357-0037
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 30, 2024.***

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 11/06/2024

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 11/06/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| Advisory Action Before the Filing of an Appeal Brief | Application No. 18/329,082 | Applicant(s) Barnes et al. | |
|---|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 | AIA (FITF) Status Yes |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED 30 October 2024 FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

NO NOTICE OF APPEAL FILED

1. ☑ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:
   a) ☐ The period for reply expires ____ months from the mailing date of the final rejection.
   b) ☑ The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.
   c) ☐ A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection.The current period for reply expires ____ months from the mailing date of *the prior Advisory Action* or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.
   *Examiner Note*: If box 1 is checked, check either box (a), (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE FIRST RESPONSE TO APPLICANTS FIRST AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) or (c) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

NOTICE OF APPEAL

2. ☐ The Notice of Appeal was filed on ______. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37CFR 41.37(a).

AMENDMENTS

3. ☐ The proposed amendments filed after a final rejection, but prior to the date of filing a brief, will not be entered because
   a) ☐ They raise new issues that would require further consideration and/or search (see NOTE below);
   b) ☐ They raise the issue of new matter (see NOTE below);
   c) ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or
   d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.
   NOTE: ______ (See 37 CFR 1.116 and 41.33(a)).
4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).
5. ☐ Applicant's reply has overcome the following rejection(s): ______
6. ☐ Newly proposed or amended claim(s) ______ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).
7. ☑ For purposes of appeal, the proposed amendment(s):(a)☐will not be entered; or (b)☑will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.

AFFIDAVIT OR OTHER EVIDENCE

8. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ______
9. ☐ The affidavit or other evidence filed after final action, but before or on the date of filing a Notice of Appeal will not be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).
10. ☐ The affidavit or other evidence filed after the date of filing the Notice of Appeal, but prior to the date of filing a brief, will not be entered because the affidavit or other evidence failed to overcome all rejections under appeal and/or appellant fails to provide a showing of good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).
11. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

REQUEST FOR RECONSIDERATION/OTHER

12. ☑ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: See Continuation Sheet.
13. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). ______
14. ☑ Other: Note the attached After-Final Consideration Pilot (PTO-2323) Paper No. 20241101.

STATUS OF CLAIMS

15. The status of the claim(s) is (or will be) as follows:
   Claim(s) allowed:______.
   Claim(s) objected to:______.
   Claim(s) rejected:21,30,51-55,58-59,61-68,88-91,93-97 and 99.
   Claim(s) withdrawn from consideration:______.

| /Noah Chandler Hawk/<br>Primary Examiner, Art Unit 3636 | |
|---|---|

Continuation of REQUEST FOR RECONSIDERATION/OTHER 12. The request for reconsideration has been considered but does NOT place the application in condition for allowance because: The applicant alleges that the Drawing Objections and 112(a) Rejections are inextricably tied to one another and that the objection/rejections are unclear on [their] face. The applicant states that “the examiner appears to allege that Claims 21, 62, 68, 88, and 94 recite that there is no cable and/or anchor included. However, none of the cited claims explicitly address a cable or anchor.” The applicant proves exactly the point of the objection/rejection set forth. There is no mention of a cable or anchor in these claims. The only embodiment ever depicted by the applicant includes a cable and anchor to support the device when it is erected. There is no discussion of the possibility of excluding or omitting these elements, and the claims at issue explicitly exclude these elements due to the use of the transitional phrase “consisting of.” The Drawing Objection and 112(a) rejections with respect to the exclusion of the cable and/or anchor are therefore maintained.

The drawing objections with respect to reference characters 41 and 43 are withdrawn.

| # AFCP 2.0 Decision | Application No. 18/329,082 | Applicant(s) Barnes et al. | |
|---|---|---|---|
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 | **AIA (FITF) Status** Yes |

This is in response to the After Final Consideration Pilot request filed 30 October 2024.

1. **Improper Request** – The AFCP 2.0 request is improper for the following reason(s) and the after final amendment submitted with the request will be treated under pre-pilot procedure.

   ☐ An AFCP 2.0 request form PTO/SB/434 (or equivalent document) was not submitted.

   ☐ A non-broadening amendment to at least one independent claim was not submitted.

   ☐ The request is not the first proper AFCP 2.0 request submitted in response to the most recent final rejection.

   ☐ Other: _____

2. **Proper Request**

   **A.** After final amendment submitted with the request will not be treated under AFCP 2.0.
   The after final amendment cannot be reviewed and a search conducted within the guidelines of the pilot program.

   ☑ The after final amendment will be treated under pre-pilot procedure.

   **B.** Updated search and/or completed additional consideration.
   The examiner performed an updated search and/or completed additional consideration of the after final amendment within the time authorized for the pilot program. The result(s) of the updated search and/or completed additional consideration are:

   ☐ 1. All of the rejections in the most recent final Office action are overcome and a Notice of Allowance is issued herewith.

   ☐ 2. The after final amendment would not overcome all of the rejections in the most recent final Office action . See attached interview summary for further details.

   ☐ 3. The after final amendment was reviewed, and it raises a new issue(s). See attached interview summary for further details.

   ☐ 4. The after final amendment raises new issues, but would overcome all of the rejections in the most recent final Office action. A decision on determining allowability could not be made within the guidelines of the pilot. See attached interview summary for further details, including any newly discovered prior art.

   ☐5. Other: _____

Examiner Note: Please attach an interview summary when necessary as described above.

OK TO ENTER: /NCH/ 11/01/2024

PATENT

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT UNDER 37 C.F.R. § 1.116

Sir:

In response to the final Office Action dated September 24, 2024, please amend the above-identified application as follows:

**Amendments to the Specification** are reflected beginning on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 3 of this paper.

**Remarks/Arguments** begin on page 12 of this paper.

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

# PRE-APPEAL BRIEF REQUEST FOR REVIEW

## I. Introduction

Claims 21, 30, 51-55, 58, 59, 61-68, 88-91, 93-97, and 99 are pending, wherein claims 1-20, 22-29, 31-50, 56-57, 60, 69-87, 92, and 98 were previously canceled. Appellant respectfully requests a pre-appeal brief review of the final Office Action (the "Office Action") dated September 24, 2024, and the Advisory Action (the "Advisory Action") dated November 6, 2024, in connection with the instant application. Appellant now submits the present Pre-Appeal Brief Request contemporaneously with a Notice of Appeal, and notes that a Petition to the Director under 37 C.F.R. 1.181(a)(1) is also submitted herewith to petition the objection to the drawings.

## II. The 112(a) rejection is made in error and should be withdrawn.

Claims 21, 30, 51-55, 58-68, and 88-99 are rejected under 35 U.S.C. § 112(a) as allegedly failing to comply with the written description requirement. The examiner alleges that claims 21, 62, and 68 recite shading systems that explicitly do not include the cord and anchor. The examiner likewise argues that there does not appear to be a disclosure of such a system in the application as filed. Appellant respectfully disagrees.

When considering a rejection of the claims under § 112(a) as allegedly including new matter, "[…] the fundamental factual inquiry is whether the specification conveys with reasonable clarity to those skilled in the art that, as of the filing date sought, inventor was in possession of the invention as now claimed. See, e.g., *Vas-Cath, Inc. v. Mahurkar,* 935 F.2d 1555, 1563-64, 19 USPQ2d 1111, 1117 (Fed. Cir. 1991)." The examiner's position here is that there does not appear to be a disclosure of a system in the application as filed that explicitly does not include a cord and anchor.

Before moving into the arguments for why the written description does support an apparatus without the cord and anchor, Appellant respectfully wishes to point out that the examiner's arguments are not commensurate with the rejection that has been made. The entire rejection focuses around the examiner's argument that there is no disclosure of a system that **explicitly** does not include a cord and anchor. Appellant's claims do not **explicitly exclude** a cord and an anchor. Appellant's claims simply recite the elements that are present and that define the claimed invention. **Appellant respectfully submits that the examiner has not provided any reason for why the absence of a cord or an anchor in the present claims is any more "explicit" than the absence of any other potential element of the system**.

Regardless, paragraphs [0006] through [0025] of the present application describe several embodiments of the disclosed subject matter. Each embodiment is separately and individually stated. Paragraph [0009] states that the system **further** includes a cord coupled to an anchor. The presence of this language and the fact that the cord and anchor are not included in many of the recited embodiments clearly illustrates that, at the time of filing of the present invention, the inventors were in possession of multiple embodiments of a shading system, many of which did not necessarily include a cord and an anchor. This is confirmed in paragraph [0046] of the present application, which states, "the system 10 ***may further*** include a cord 32 engaged with, or coupled to, an anchor 34 […]." Thus, the cord/anchor are alternative elements (the use of the permissive "may" indicates that these elements are not required) which are positively recited in the specification. Again, use of the word "further" indicates that other embodiments do not include the cord or anchor. As the Federal Circuit made clear in *In re Johnson*, 558 F.2d 1008, 1019, 194 USPQ 187, 196 (CCPA 1977), if alternative elements are positively recited in the specification, they may be explicitly excluded in the claim.

In addition, the examiner states in the Continuation Sheet of the Advisory Action that "[t]here is no discussion of the possibility of excluding or omitting these elements" in reference to the "cable" or "anchor". Appellant respectfully disagrees. The Federal Circuit has clearly stated, "[the] specification, having described the whole, necessarily described the part remaining." *See, Id.* Here, in the specification, the Brief Description of the Drawings states the following, "[t]he foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however,

***the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed***." Emphasis Added. Thus, the specification makes clear that the drawings and the detailed description which include an anchor and cord **in some embodiments** are not limited to those specific embodiments disclosed. Consequently, in light of *In re Johnson*, this means that the specification which includes embodiments including a cord and anchor (i.e., the whole), necessarily includes embodiments describing the part remaining, i.e., excluding or omitting the cord or anchor.

From the foregoing, it is abundantly clear to any person of ordinary skill in the art reviewing the specification as a whole that the inventors, at the time of filing of the present invention, had possession of shading systems that may be formed of a plurality of components that may be combined in many manners and that the cord and anchor are "further" elements that "may" or may not be present. Thus, Appellant respectfully submits that a system as claimed in claims 21, 62, and 68 has appropriately supporting written description as originally filed, and the rejection should be withdrawn at this time.

III. The drawing objection is inextricably tied to the 112(a) rejection and should be withdrawn.

The examiner states at page 2 of the final Office Action that the drawings are objected to under 37 C.F.R. 1.83(a) and that "[t]herefore, the system for providing shade recited in claims 21, 62, 68, 88, and 94 wherein there is no cable and/or anchor included must be shown or the feature(s) canceled from the claim(s)." Appellant respectfully disagrees.

Initially, Appellant respectfully submits that the examiner's objection to the drawings is inextricably intertwined with the arguments Appellant submits in response to the 35 U.S.C. § 112(a) rejection. Appellant thus respectfully requests that these matters be addressed by the Board, rather than requiring a separate petition, as the objections are determinative of the 35 U.S.C. § 112 rejection. For at least this reason, Appellant presents the below arguments in response to the examiner's objections to the drawings. However, should it be determined that the drawing objections are distinct from the 112(a) rejection, then Appellant notes a Petition to the Director under 37 C.F.R. 1.181(a)(1) is submitted concurrently herewith regarding the objection to the drawings.

As noted hereinabove in *In re Johnson*, "[the] specification, having described the whole, necessarily described the part remaining." The drawings are part of the specification. As such, a

drawing that illustrates the whole (such as, FIG. 1 for example) necessarily illustrates the part remaining if elements of the whole drawing are not recited in a claim.

Moreover, the examiner states in the Continuation Sheet of the Advisory Action that "[t]he only embodiment ever depicted by the Appellant includes a cable and anchor to support the device when it is erected." Appellant respectfully disagrees. Appellant notes that "FIG. 4 is a perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter" according to the Brief Description of the Drawings in the present application. Thus, at least FIG. 4 and the corresponding description thereof depict a system that does not include a cord and anchor, but is rather for engaging a cord as described.

From the foregoing, it is clear that the objection to the drawings is determinative of the 112(a) rejection such that the two should be considered together. Accordingly, Appellant respectfully submits that the drawings show the invention claimed in claims 21, 62, and 68, and the objection should be withdrawn at this time.

## VI. Conclusion

As described above, Appellant believes that the 112(a) rejection and the drawing objection should be withdrawn.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CRF § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON NOVEMBER 19, 2024.*

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**PETITION TO THE DIRECTOR UNDER 37 C.F.R 1.181(A)(1)**
**REGARDING AN OBJECTION TO THE DRAWINGS**

Dear Director:

In accordance with 37 C.F.R. 1.181(a)(1), Applicant respectfully petitions the Director of the Patent Office in the *ex parte* prosecution of the above-referenced application for an issue not subject to appeal to the Patent Trial and Appeal Board. Applicant respectfully submits that this petition is submitted in good time, or within two-months of the mailing date of the final Office Action (hereinafter, "the final Office Action") pursuant to 37 C.F.R. 1.181(f).

In particular, in the final Office Action dated September 24, 2024 and maintained in the Advisory Action dated November 6, 2024 (hereinafter, "the Advisory Action"), the drawings are objected to under 37 C.F.R. 1.83(a). The examiner states at page 2 of the final Office Action that "[t]herefore, the system for providing shade recited in claims 21, 62, 68, 88, and 94 wherein there is no cable and/or anchor included must be shown or the feature(s) canceled from the claim(s)." In the response dated October 30, 2024, Applicant provided arguments pointing out the impropriety of the objection to the drawings and requested reconsideration of the objection. The objection was repeated in the Advisory Action. Applicant respectfully disagrees with the objection.

Initially, Applicant respectfully submits that the objection is unclear on its face. The examiner appears to allege that claims 21, 62, 68, 88, and 94 recite that there is no cable and/or anchor included. However, none of the cited claims expressly address a cable or anchor nor

negatively claim a cable and/or anchor. Since the cited claims do not make any mention of a cable or an anchor, the examiner has required an impossible feat – i.e., canceling from certain claims features that are not even mentioned in any of said claims. For this reason alone, Applicant respectfully submits that this objection to the drawings is baseless and should be withdrawn.

On the other hand, as Applicant best can deduce from the objection, the examiner appears to argue that in order for a drawing to show every feature of the invention specified in the claims, the drawing cannot illustrate any features that are not recited in the claim. This also is not a proper basis for objecting to the drawings. So long as the drawings show the features recited in the claims, there is no limitation on the illustration of other features that may relate to alternative embodiments or that may provide environmental elements that allow for additional understanding of the nature of the invention.

In addition to the above, the examiner currently appears to argue that the claims must recite any element that is illustrated in the drawings and is not expressly excluded in the written description. The examiner states in the Continuation Sheet of the Advisory Action that "[t]here is no discussion of the possibility of excluding or omitting these elements" in reference to the "cable" or "anchor". Applicant respectfully disagrees. The Federal Circuit has clearly stated, "[the] specification, having described the whole, necessarily described the part remaining." See *In re Johnson*, 558 F.2d 1008, 1019, 194 USPQ 187, 196 (CCPA 1977). Here, in the specification, the Brief Description of the Drawings states the following, "[t]he foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however, ***the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed***." Emphasis Added. Thus, the specification makes clear that the drawings and the detailed description which include an anchor and cord **in some embodiments** are not limited to those specific embodiments disclosed. Consequently, in light of *In re Johnson*, this means that the specification, which includes embodiments including a cord and anchor (i.e., the whole), necessarily includes embodiments describing the part remaining, i.e., excluding or omitting the cord or anchor.

Moreover, the drawings are part of the specification. As such, a drawing that illustrates the whole (such as, FIG. 1 for example) necessarily illustrates the part remaining if elements of the whole drawing are not recited in a claim.

Finally, the examiner states in the Continuation Sheet of the Advisory Action that “[t]he only embodiment ever depicted by the applicant includes a cable and anchor to support the device when it is erected.” Applicant respectfully disagrees. Applicant notes that “FIG. 4 is a perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter” according to the Brief Description of the Drawings in the present application. Thus, at least FIG. 4 and the corresponding description thereof depict a system that does not include a cord and anchor, but is rather for engaging a cord as described.

Applicant notes that this petition is being submitted concurrently with a Notice of Appeal and a Pre-Appeal Brief to appeal the rejection of the claims under 35 U.S.C. § 112(a). Since the examiner’s objection to the drawings may not be included in the appeal, in order to avoid further, unnecessary delay in the allowance of the present claims, which are not currently rejected over any prior art, Applicant requests that the Director consider this petition and render a decision requiring withdrawal of the objection to the drawings. To this end, Applicant respectfully submits that the foregoing is a showing of why the objection to the drawings must be withdrawn. If additional detail is needed, please contact the undersigned.

The petition fee of $420 set forth in 37 C.F.R. 1.17(f) to petition the director for situations not specifically provided for in the regulations is submitted herewith. However, the Commissioner is hereby authorized to charge any deficiency or credit in association with this Request to Deposit Account No. 09-0528.

In view of the foregoing, Applicant respectfully petitions that the objection to the drawing presented in this application be withdrawn at this time.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON NOVEMBER 19, 2024.***

PTO/AIA/33 (11-23)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# PRE-APPEAL BRIEF REQUEST FOR REVIEW

Docket Number (Optional): S105508 1010US.C9 (0044.8)

I hereby certify that this correspondence is being transmitted by the USPTO patent electronic filing system or by facsimile to the USPTO, or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450" [37 CFR 1.8(a)] on November 19, 2024

Signature /Shari Elofson/

Typed or printed name Shari Elofson

| Application Number | Filed |
|---|---|
| 18/329,082 | June 5, 2023 |

First Named Inventor: Dane Brooks Barnes

| Art Unit | Examiner |
|---|---|
| 3636 | Noah Chandler Hawk |

Applicant requests review of the final rejection in the above-identified application. No amendments are being filed with this request.

This request is being filed with a notice of appeal.

The review is requested for the reason(s) stated on the attached sheet(s).
Note: No more than five (5) pages may be provided.

I am the

☐ applicant.

☑ attorney or agent of record. Registration number 69,344.

☐ attorney or agent acting under 37 CFR 1.34.
Registration number if acting under 37 CFR 1.34 ____________

/Lauren F. Anderson/
Signature

Lauren F. Anderson
Typed or printed name

(919) 755-8127
Telephone number

November 19, 2024
Date

NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

☐ *Total of ________ forms are submitted.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 12 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop AF, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

**Privacy Act Statement**

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to:

1) law enforcement, in the event that the system of records indicates a violation or potential violation of law;

2) a federal, state, local, or international agency, in response to its request;

3) a contractor of the USPTO having need for the information in order to perform a contract;

4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record;

5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record;

6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations;

7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals;

8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c));

9) the Office of Personnel Management (OPM) for personnel research purposes; and

10) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **11/19/2024 04:12:08 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 68025273 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 06/05/2023 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E2024AIG13085108** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1401 | NOTICE OF APPEAL | 840.00 | 1 | 840.00 |
| 1462 | PETITIONS REQUIRING THE PETITION FEE SET FORTH IN 37 CFR 1.17(F) (GROUP I) | 420.00 | 1 | 420.00 |
| | | | **TOTAL AMOUNT:** | **$1,260.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **11/19/2024 04:12:08 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 68025273 | FILING DATE | 06/05/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 4

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C9_0044_9 Pre-Appeal Brief Conference Request.pdf | 4 | Pre-Appeal Brief Conference Request | 163 KB |
| S105508_1010US_C9_0044_9 Pre-Appeal Brief Request.pdf | 2 | Pre-Appeal Brief Conference Request | 563 KB |
| S105508_1010US_C9_0044_8 Petition to the Director re Objection to Drawings.pdf | 3 | Petition for review by the Office of Petitions | 134 KB |
| S105508_1010US_C9_0044_9 Notice of Appeal.pdf | 2 | Notice of Appeal Filed | 532 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C9_0044_9 Pre-Appeal Brief Conference Request.pdf | 489F765C57CC2EAF5CD47A7F516ADC98DA224F519B099AF1D5686EDE772391FEFF10CA6CF1176DFC638378CE02E474C208FD4843AF9EE8F73942EF657202A47E |
| S105508_1010US_C9_0044_9 Pre-Appeal Brief Request.pdf | 3700FC4F1A0DC2CE375AD23254812F2EC70B5C2587BCFD423BF5731A6AF55A34AC59EAC94758F720D4A10F7F64DE191DB39196DE30607DC51202A7DE2F35CE95 |
| S105508_1010US_C9_0044_8 Petition to the Director re Objection to Drawings.pdf | 17AA24491A35012A20195430D787F2B27A3BF12A0A5B5CAFE40A86C00DE4E5EC0B5A0BE289C5E4E35784C08DAEE2886B85CFF3C91EA2ECC97A8DF2BFFA3C08F9 |
| S105508_1010US_C9_0044_9 Notice of Appeal.pdf | BCCA96749C4F1F038EBB37EC4BEF832846EE7DFE32C93EA4B334292E8FCFFB7BDD5D586F955F25ED55431171FED7BC0A247305B20615B42AB9C4F3EC1C3C20D3 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/AIA/31 (11-23)
Approved for use through 10/31/2026. OMB 0651-0063
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# **NOTICE OF APPEAL** FROM THE EXAMINER TO THE PATENT TRIAL AND APPEAL BOARD

Docket Number (Optional): S105508 1010US.C9 (0044.8)

I hereby certify that this correspondence is being transmitted by the USPTO patent electronic filing system or facsimile to the USPTO, or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450" [37 CFR 1.8(a)] on November 19, 2024.

Signature /Shari Elofson/

Typed or printed name Shari Elofson

| | |
|---|---|
| First Named Inventor<br>Dane Brooks Barnes | |
| Application Number<br>18/329,082 | Filed<br>June 5, 2023 |
| For<br>SHADING SYSTEM AND METHOD OF USE | |
| Art Unit<br>3636 | Examiner<br>Noah Chandler Hawk |

Applicant hereby **appeals** to the Patent Trial and Appeal Board from the last decision of the examiner.

The fee for this Notice of Appeal is (37 CFR 41.20(b)(1)) $ 840

☐ Applicant asserts small entity status. See 37 CFR 1.27. Therefore, the fee shown above is reduced by 60%, and the resulting fee is: $ ________

☐ Applicant certifies micro entity status. See 37 CFR 1.29. Therefore, the fee shown above is reduced by 80%, and the resulting fee is: $ ________
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

☐ A check in the amount of the fee is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☑ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment to Deposit Account No. 09-0528.

☑ Payment made via USPTO patent electronic filing system.

☐ A petition for an extension of time under 37 CFR 1.136(a) (PTO/AIA/22 or equivalent) is enclosed.
For extensions of time in reexamination proceedings, see 37 CFR 1.550.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the

☐ applicant

☑ attorney or agent of record
Registration number 69,344

☐ attorney or agent acting under 37 CFR 1.34
Registration number ________

Signature /Lauren F. Anderson/

Typed or printed name Lauren F. Anderson

Telephone Number (919) 755-8127

Date November 19, 2024

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

☐ * Total of ________ forms are submitted.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 12 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

**Privacy Act Statement**

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to:

1) law enforcement, in the event that the system of records indicates a violation or potential violation of law;

2) a federal, state, local, or international agency, in response to its request;

3) a contractor of the USPTO having need for the information in order to perform a contract;

4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record;

5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record;

6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations;

7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals;

8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c));

9) the Office of Personnel Management (OPM) for personnel research purposes; and

10) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 12/13/2024

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/13/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

# Notice of Panel Decision from Pre-Appeal Brief Review

| Application No. | Applicant(s) | |
|---|---|---|
| 18/329,082 | Barnes et al. | |
| **Examiner** | **Art Unit** | **AIA (FITF) Status** |
| NOAH C HAWK | 3636 | Yes |

This is in response to the Pre-Appeal Brief Request for Review filed 19 November 2024 .

1. ☐ **Improper Request** - The Request is improper and a conference will not be held for the following reason(s):

   ☐ The Notice of Appeal has not been filed concurrent with the Pre-Appeal Brief Request.
   ☐ The request does not include reasons why a review is appropriate.
   ☐ A proposed amendment is included with the Pre-Appeal Brief request.
   ☐ Other: _____ .

   The time period for filing a response continues to run from the receipt date of the Notice of Appeal or from the mail date of the last Office communication, if no Notice of Appeal has been received.

2. ☑ **Proceed to Patent Trial and Appeal Board** - A Pre-Appeal Brief conference has been held. The application remains under appeal because there is at least one actual issue for appeal. Applicant is required to submit an appeal brief in accordance with 37 CFR 41.37. The time period for filing an appeal brief will be reset to be one month from mailing this decision, or the balance of the two-month time period running from the receipt of the notice of appeal, whichever is greater. Further, the time period for filing of the appeal brief is extendible under 37 CFR 1.136 based upon the mail date of this decision or the receipt date of the notice of appeal, as applicable.

   ☑ The panel has determined the status of the claim(s) is as follows:
   Claim(s) allowed: _____ .
   Claim(s) objected to: _____ .
   Claim(s) rejected: 21, 30, 51-55, 58, 59, 61-68, 88-91, 93-97, and 99 .
   Claim(s) withdrawn from consideration: _____ .

3. ☐ **Allowable application** - A conference has been held. The rejection is withdrawn and a Notice of Allowance will be mailed. Prosecution on the merits remains closed. No further action is required by applicant at this time.

4. ☐ **Reopen Prosecution** - A conference has been held. The rejection is withdrawn and a new Office action will be mailed. No further action is required by applicant at this time.

All participants:

| | |
|---|---|
| (1) NOAH C HAWK . | (3) David Dunn, SPE . |
| (2) Nicholas Polito, RQAS . | (4) _____ . |

| | | |
|---|---|---|
| /Noah Chandler Hawk/<br>Primary Examiner, Art Unit 3636 | /DAVID R DUNN/<br>Supervisory Patent Examiner, Art Unit 3636 | /NICHOLAS F POLITO/<br>RQAS, OPQA |

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Attorney Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Mail Stop Appeal Brief-Patents
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**APPEAL BRIEF UNDER 37 CFR § 41.37**

This Appeal Brief is filed pursuant to the "Notice of Appeal From the Examiner to the Patent Trial and Appeal Board" and "Pre-Appeal Brief Request for Review" filed on November 19, 2024, which was filed in response to the final Office Action (the "Office Action") dated September 24, 2024, and the Advisory Action (the "Advisory Action") dated November 6, 2024. Any fees required under 37 C.F.R. § 1.17, are submitted herewith. In the event additional fees are required, authorization is hereby provided to charge our Deposit Account No. 09-0528 any fees due in connection with this paper.

This brief contains items under the following headings, and in the order set forth below:

I. REAL PARTY IN INTEREST

II. RELATED APPEALS AND INTERFERENCES

III. SUMMARY OF THE CLAIMED SUBJECT MATTER

IV. ARGUMENT

V. CLAIMS APPENDIX

## I. REAL PARTY IN INTEREST

The real party in interest in this appeal is Shibumi Shade, Inc., to which the above-referenced patent application is assigned.

## II. RELATED APPEALS AND INTERFERENCES

The following list contains pending cases that are related to the current appeal:

*Shibumi Shade, Inc. v. Gardma LLC*, Case No. 5:24-cv-00588-FL, U.S. District Court for the Eastern District of North Carolina

- Asserted Patents:
  - U.S. Patent No. 11,634,924

*Shibumi Shade, Inc. v. NB Shades, LLC, et al*, Case No. 3:24-cv-01258-MMH-MCR, U.S. District Court for the Middle District of Florida

- Asserted Patents:
  - U.S. Patent No. 11,946,273
  - U.S. Patent No. 11,970,876

## III. SUMMARY OF THE CLAIMED SUBJECT MATTER

Independent claim 21 recites, "A system (e.g., 10, FIG. 1, and paragraph [0036]) for providing shade onto a surface, the system (e.g., 10, FIG. 1, and paragraph [0036]) consisting of: a frame (e.g., 14, FIG. 1, and paragraph [0036]) defined by a plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]) and comprising an alignment component (e.g., paragraph [0043]) extending through at least a portion of the plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]), each of the plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]) being engageable with at least one adjacent section (e.g., 24, FIG. 1, and paragraph [0041]) to define the frame (e.g., 14, FIG. 1, and paragraph [0036]) in a supporting configuration and thereby disengageable to define the frame (e.g., 14, FIG. 1, and paragraph [0036]) in a transport configuration, wherein each of a left end and a right end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) in the supporting configuration engages the surface such that the system (e.g., 10, FIG. 1, and paragraph [0036]) only engages the surface where the right and left ends of the frame (e.g., 14, FIG. 1, and paragraph [0036]) engage the surface; a canopy (e.g., 12, FIG. 1, and paragraph [0036]) extending between a suspension end and an opposing trailing end, the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) extending between a left end and a right end; and at least one fastener (e.g., paragraphs [0037] and [0039]), wherein the at least one fastener (e.g., paragraphs [0037] and [0039]) comprises a first fastener (e.g., paragraphs [0037] and [0039]) formed on the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) and configured for accepting a portion of the frame (e.g., 14, FIG. 1, and paragraph [0036]) therethrough and for securing the canopy (e.g., 12, FIG. 1, and paragraph [0036]) in position relative to the frame (e.g., 14, FIG. 1, and paragraph [0036]), and wherein the trailing end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is spaced apart from the portion of the frame (e.g., 14, FIG. 1, and paragraph [0036]) in the supporting configuration such that the

canopy (e.g., 12, FIG. 1, and paragraph [0036]) is supportable by the frame (e.g., 14, FIG. 1, and paragraph [0036]) and at least partially supportable by wind for providing shade to the surface."

Independent claim 62 recites, "A system (e.g., 10, FIG. 1, and paragraph [0036]) for providing shade onto a surface, the system (e.g., 10, FIG. 1, and paragraph [0036]) consisting of: a frame (e.g., 14, FIG. 1, and paragraph [0036]) including a plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]) and being maneuverable between a transport configuration and a supporting configuration, the sections (e.g., 24, FIG. 1, and paragraph [0041]) including: a first section defining a left end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) with a corkscrew shape (e.g., paragraph [0051]) and engaged with the surface; a last section defining a right end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) with a corkscrew shape (e.g., paragraph [0051]) and engaged with the surface; one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) coupled into alignment between the first section and the last section, the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) additionally comprising an alignment component (e.g., paragraph [0043]) extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) being configured to engage with the first section and the last section in the supporting configuration; a canopy (e.g., 12, FIG. 1, and paragraph [0036]) extending between a suspension end and an opposing trailing end, the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) being engageable with the frame (e.g., 14, FIG. 1, and paragraph [0036]) about the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) of the frame (e.g., 14, FIG. 1, and paragraph [0036]), wherein the trailing end of the

canopy (e.g., 12, FIG. 1, and paragraph [0036]) is spaced apart from the frame (e.g., 14, FIG. 1, and paragraph [0036]) in the supporting configuration such that the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is supportable by the frame (e.g., 14, FIG. 1, and paragraph [0036]) and at least partially supportable by wind for providing shade to the surface; and a loop (e.g., 40, paragraph [0037]) defined toward the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]), wherein the loop (e.g., 40, paragraph [0037]) defines a central portion arranged between a first portion of the loop (e.g., 40, paragraph [0037]) and a second portion of the loop (e.g., 40, paragraph [0037]), the central portion of the loop (e.g., 40, paragraph [0037]) being configured for accepting a portion of the frame (e.g., 14, FIG. 1, and paragraph [0036]) therethrough and the first portion of the loop (e.g., 40, paragraph [0037]) forming a first securing mechanism (e.g., paragraph [0039]) engaged with or coupled thereto and the second portion of the loop (e.g., 40, paragraph [0037]) forming a second securing mechanism (e.g., paragraph [0039]) engaged with or coupled thereto, wherein at least one of the first and second securing mechanisms (e.g., paragraph [0039]) is brought into contact with itself for securing the canopy (e.g., 12, FIG. 1, and paragraph [0036]) into position relative to the frame (e.g., 14, FIG. 1, and paragraph [0036])."

Independent claim 68 recites, "A system (e.g., 10, FIG. 1, and paragraph [0036]) for providing shade onto a surface, the system (e.g., 10, FIG. 1, and paragraph [0036]) consisting of: a frame (e.g., 14, FIG. 1, and paragraph [0036]) including a plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]) and being maneuverable between a transport configuration and a supporting configuration, the sections (e.g., 24, FIG. 1, and paragraph [0041]) including: a first section defining a left end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) with a corkscrew shape (e.g., paragraph [0051]) and engaged with the surface; a last section defining a right end of

the frame (e.g., 14, FIG. 1, and paragraph [0036]) with a corkscrew shape (e.g., paragraph [0051]) and engaged with the surface; one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) coupled into alignment between the first section and the last section, the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) additionally comprising an alignment component (e.g., paragraph [0043]) extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) being configured to engage with the first section and the last section in the supporting configuration; a canopy (e.g., 12, FIG. 1, and paragraph [0036]) extending between a suspension end and an opposing trailing end, the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) being engageable with the frame (e.g., 14, FIG. 1, and paragraph [0036]) about the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) of the frame (e.g., 14, FIG. 1, and paragraph [0036]), wherein the trailing end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is spaced apart from the frame (e.g., 14, FIG. 1, and paragraph [0036]) in the supporting configuration such that the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is supportable by the frame (e.g., 14, FIG. 1, and paragraph [0036]) and at least partially supportable by wind for providing shade to the surface; and a loop (e.g., 40, paragraph [0037]) defined toward the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]), wherein the loop (e.g., 40, paragraph [0037]) defines a first portion and a second portion of the loop (e.g., 40, paragraph [0037]), the first portion of the loop (e.g., 40, paragraph [0037]) being configured for accepting a portion of the frame (e.g., 14, FIG. 1, and paragraph [0036]) therethrough and the second portion of the loop (e.g., 40, paragraph [0037])



Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 344 of 420

forming a first securing mechanism (e.g., paragraph [0039]) engaged with or coupled thereto, wherein the first securing mechanism (e.g., paragraph [0039]) is brought into contact with itself for securing the canopy (e.g., 12, FIG. 1, and paragraph [0036]) into position relative to the frame (e.g., 14, FIG. 1, and paragraph [0036]).”

Independent claim 88 recites, “A system (e.g., 10, FIG. 1, and paragraph [0036]) for providing shade onto a surface, the system (e.g., 10, FIG. 1, and paragraph [0036]) consisting of: a frame (e.g., 14, FIG. 1, and paragraph [0036]) including a plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]) and being maneuverable between a transport configuration and a supporting configuration, the sections (e.g., 24, FIG. 1, and paragraph [0041]) including: a first section defining a left end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) with a corkscrew shape (e.g., paragraph [0051]) and engaged with the surface; a last section defining a right end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) with a corkscrew shape (e.g., paragraph [0051]) and engaged with the surface; one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) coupled into alignment between the first section and the last section, some of the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) additionally comprising an alignment component (e.g., paragraph [0043]) extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) being configured to engage with the first section and the last section in the supporting configuration; a canopy (e.g., 12, FIG. 1, and paragraph [0036]) extending between a suspension end and an opposing trailing end, the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) being engageable with the frame (e.g., 14,

FIG. 1, and paragraph [0036]) about the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) of the frame (e.g., 14, FIG. 1, and paragraph [0036]), wherein the trailing end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is spaced apart from the frame (e.g., 14, FIG. 1, and paragraph [0036]) in the supporting configuration such that the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is supportable by the frame (e.g., 14, FIG. 1, and paragraph [0036]) and at least partially supportable by wind for providing shade to the surface; and a loop (e.g., 40, paragraph [0037]) defined toward the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]), wherein the loop (e.g., 40, paragraph [0037]) defines a central portion arranged between a first portion of the loop (e.g., 40, paragraph [0037]) and a second portion of the loop (e.g., 40, paragraph [0037]), the central portion of the loop (e.g., 40, paragraph [0037]) being configured for accepting a portion of the frame (e.g., 14, FIG. 1, and paragraph [0036]) therethrough and the first portion of the loop (e.g., 40, paragraph [0037]) forming a first securing mechanism (e.g., paragraph [0039]) and the second portion of the loop (e.g., 40, paragraph [0037]) forming a second securing mechanism (e.g., paragraph [0039]), wherein at least one of the first and second securing mechanisms (e.g., paragraph [0039]) engage the canopy (e.g., 12, FIG. 1, and paragraph [0036]) to the frame (e.g., 14, FIG. 1, and paragraph [0036]) using a frame (e.g., 14, FIG. 1, and paragraph [0036]) fastener (e.g., paragraphs [0037] and [0039]).”

Independent claim 94 recites, “A system (e.g., 10, FIG. 1, and paragraph [0036]) for providing shade onto a surface, the system (e.g., 10, FIG. 1, and paragraph [0036]) consisting of: a frame (e.g., 14, FIG. 1, and paragraph [0036]) including a plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]) and being maneuverable between a transport configuration and a supporting configuration, the sections (e.g., 24, FIG. 1, and paragraph [0041]) including: a first section defining a left end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) with a corkscrew

shape (e.g., paragraph [0051]) and engaged with the surface; a last section defining a right end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) with a corkscrew shape (e.g., paragraph [0051]) and engaged with the surface; one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) coupled into alignment between the first section and the last section, some of the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) additionally comprising an alignment component (e.g., paragraph [0043]) extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) being configured to engage with the first section and the last section in the supporting configuration; a canopy (e.g., 12, FIG. 1, and paragraph [0036]) extending between a suspension end and an opposing trailing end, the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) being engageable with the frame (e.g., 14, FIG. 1, and paragraph [0036]) about the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) of the frame (e.g., 14, FIG. 1, and paragraph [0036]), wherein the trailing end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is spaced apart from the frame (e.g., 14, FIG. 1, and paragraph [0036]) in the supporting configuration such that the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is supportable by the frame (e.g., 14, FIG. 1, and paragraph [0036]) and at least partially supportable by wind for providing shade to the surface; a loop (e.g., 40, paragraph [0037]) defined toward the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]), wherein the loop (e.g., 40, paragraph [0037]) defines a first portion and a second portion of the loop (e.g., 40, paragraph [0037]), the first portion of the loop (e.g., 40, paragraph [0037]) being configured for accepting a portion of the frame (e.g., 14, FIG. 1, and

paragraph [0036]) therethrough and the second portion of the loop (e.g., 40, paragraph [0037]) forming first and second securing mechanisms (e.g., paragraph [0039]) engaged with or coupled thereto; and a frame (e.g., 14, FIG. 1, and paragraph [0036]) fastener (e.g., paragraphs [0037] and [0039]) arranged to engage the canopy (e.g., 12, FIG. 1, and paragraph [0036]) to the frame (e.g., 14, FIG. 1, and paragraph [0036]) via the first and second securing mechanisms (e.g., paragraph [0039])."

## IV. ARGUMENT

### A. Overview

Claims 21, 30, 51-55, 58, 59, 61-68, 88-91, 93-97, and 99 are pending, wherein claims 1-20, 22-29, 31-50, 56-57, 60, 69-87, 92, and 98 were previously canceled. As such, the rejections of the claims under 35 U.S.C. §§ 112(b) and 103 as presented in the Office Action have been rendered moot, and the only rejection up for appeal is the rejection of claims 21, 30, 51-55, 58-68, and 88-99 under 35 U.S.C. § 112(a) as allegedly failing to comply with the written description requirement. Appellant notes that a Petition to the Director under 37 C.F.R. 1.181(a)(1) is also pending to petition the objection to the drawings presented in the Office Action.

In this regard, review of this rejection is respectfully requested. As outlined in detail below, each of the pending claims recites elements that are supported by the written description. Accordingly, Appellant respectfully submits that each of the pending claims is in condition for allowance.

B. Legal Standards

*(i) Claim Construction*

Claim construction begins with the words of the claims. *Karlin Tech., Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 971 (Fed. Cir. 1999). Claim language should be interpreted as one reasonably skilled in the art would have interpreted the claim at the time of the patent application date. *Vivid Techs., Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999). Where the claim term has no specialized meaning to persons of skill in the art, the ordinary meaning of the words to those of ordinary skill in the art controls, unless the evidence indicates that the inventor used them differently. *Karlin*, 177 F.3d at 971. Such evidence includes the specification and prosecution history, both of which must be analyzed to determine if the inventor limited or redefined any of those terms. *Watts v. XL Sys., Inc.*, 232 F.3d 877, 882-84 (Fed. Cir. 2000); *Vivid Techs.*, 200 F.3d at 804. If claim language is not clear on its face, then intrinsic evidence also should be consulted to resolve the lack of clarity. *Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001). The standard for the interpretation of a claim and its terms during prosecution of an application for patent in the U.S. Patent and Trademark Office ("PTO") is that the PTO must give claim terms their "broadest reasonable interpretation consistent with the specification." *In re Suitco Surface, Inc.*, No. 2009-1418, slip. op. at 6 (Fed. Cir., April 14, 2010). The PTO may not interpret a claim term in a manner which is not consistent with the meaning of that term as used in the application's specification.

*(ii) Written Description Requirement under 35 U.S.C. § 112*

Under 35 U.S.C. §112, the specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and

exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.. 35 U.S.C. § 112(a). MPEP § 2163(I) elaborates on the written description requirement set forth in 35 U.S.C. § 112(a): "To satisfy the written description requirement, a patent specification must describe the claimed invention in sufficient detail that one skilled in the art can reasonably conclude that the inventor had possession of the claimed invention. See, e.g., *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1319, 66 USPQ2d 1429, 1438 (Fed. Cir. 2003); *Vas-Cath, Inc. v. Mahurkar*, 935 F.2d at 1563, 19 USPQ2d at 1116.[…] For example, it is now well accepted that a satisfactory description may be found in originally-filed claims or any other portion of the originally-filed specification. *See In re Koller*, 613 F.2d 819, 204 USPQ 702 (CCPA 1980); *In re Gardner*, 475 F.2d 1389, 177 USPQ 396 (CCPA 1973); *In re Wertheim*, 541 F.2d 257, 191 USPQ 90 (CCPA 1976)."

C. The rejection of the pending claims under section 112 is in error

Claims 21, 30, 51-55, 58-68, and 88-99 stand rejected under 35 U.S.C. § 112(a) as allegedly failing to comply with the written description requirement. The examiner alleges that claims 21, 62, and 68 recite shading systems that explicitly do not include the cord and anchor. The examiner likewise argues that there does not appear to be a disclosure of such a system in the application as filed. Appellant respectfully disagrees.

When considering a rejection of the claims under § 112(a) as allegedly including new matter, "[…] the fundamental factual inquiry is whether the specification conveys with reasonable clarity to those skilled in the art that, as of the filing date sought, inventor was in possession of the invention as now claimed. See, e.g., *Vas-Cath, Inc. v. Mahurkar,* 935 F.2d

1555, 1563-64, 19 USPQ2d 1111, 1117 (Fed. Cir. 1991).” The examiner’s position here is that there does not appear to be a disclosure of a system in the application as filed that explicitly does not include a cord and anchor.

Before moving into the arguments for why the written description does support an apparatus without the cord and anchor, Appellant respectfully wishes to point out that the examiner’s arguments are not commensurate with the rejection that has been made. The entire rejection focuses around the examiner’s argument that there is no disclosure of a system that **explicitly** does not include a cord and anchor. Appellant’s claims do not **explicitly exclude** a cord and an anchor. Appellant’s claims simply recite the elements that are present and that define the claimed invention. **Appellant respectfully submits that the examiner has not provided any reason for why the absence of a cord or an anchor in the present claims is any more “explicit” than the absence of any other potential element of the system**.

Regardless, paragraphs [0006] through [0025] of the present application describe several embodiments of the disclosed subject matter. Each embodiment is separately and individually stated. Paragraph [0009] states that the system **further** includes a cord coupled to an anchor. The presence of this language and the fact that the cord and anchor are not included in many of the recited embodiments clearly illustrates that, at the time of filing of the present invention, the inventors were in possession of multiple embodiments of a shading system, many of which did not necessarily include a cord and an anchor. This is confirmed in paragraph [0046] of the present application, which states, “the system 10 ***may further*** include a cord 32 engaged with, or coupled to, an anchor 34 […].” Thus, the cord/anchor are alternative elements (the use of the permissive “may” indicates that these elements are not required) which are positively recited in the specification. Again, use of the word “further” indicates that other embodiments do not

include the cord or anchor. As the Federal Circuit made clear in *In re Johnson*, 558 F.2d 1008, 1019, 194 USPQ 187, 196 (CCPA 1977), if alternative elements are positively recited in the specification, they may be explicitly excluded in the claim.

In addition, the examiner states in the Continuation Sheet of the Advisory Action that "[t]here is no discussion of the possibility of excluding or omitting these elements" in reference to the "cable" or "anchor". Appellant respectfully disagrees. The Federal Circuit has clearly stated, "[the] specification, having described the whole, necessarily described the part remaining." *See, Id.* Here, in the specification, the Brief Description of the Drawings states the following, "[t]he foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however, ***the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed***." Emphasis Added. Thus, the specification makes clear that the drawings and the detailed description which include an anchor and cord **in some embodiments** are not limited to those specific embodiments disclosed. Consequently, in light of *In re Johnson*, this means that the specification which includes embodiments including a cord and anchor (i.e., the whole), necessarily includes embodiments describing the part remaining, i.e., excluding or omitting the cord or anchor.

From the foregoing, it is abundantly clear to any person of ordinary skill in the art reviewing the specification as a whole that the inventors, at the time of filing of the present invention, had possession of shading systems that may be formed of a plurality of components that may be combined in many manners and that the cord and anchor are "further" elements that "may" or may not be present. Thus, Appellant respectfully submits that a system as claimed in

claims 21, 62, and 68 has appropriately supporting written description as originally filed, and the rejection should be withdrawn at this time.

D. <u>The drawing objection is inextricably tied to the 112(a) rejection and should be withdrawn.</u>

The examiner states at page 2 of the Office Action that the drawings are objected to under 37 C.F.R. 1.83(a) and that “[t]herefore, the system for providing shade recited in claims 21, 62, 68, 88, and 94 wherein there is no cable and/or anchor included must be shown or the feature(s) canceled from the claim(s).” Appellant respectfully disagrees.

Initially, Appellant respectfully submits that the examiner’s objection to the drawings is inextricably intertwined with the arguments Appellant submits in response to the 35 U.S.C. § 112(a) rejection. Appellant thus respectfully requests that these matters be addressed by the Board as the objections are determinative of the 35 U.S.C. § 112 rejection. For at least this reason, Appellant presents the below arguments in response to the examiner’s objections to the drawings. However, should it be determined that the drawing objections are distinct from the 112(a) rejection, then Appellant notes a Petition to the Director under 37 C.F.R. 1.181(a)(1) was already submitted regarding the objection to the drawings.

As noted hereinabove in *In re Johnson*, “[the] specification, having described the whole, necessarily described the part remaining.” The drawings are part of the specification. As such, a drawing that illustrates the whole (such as, FIG. 1 for example) necessarily illustrates the part remaining if elements of the whole drawing are not recited in a claim.

Moreover, the examiner states in the Continuation Sheet of the Advisory Action that “[t]he only embodiment ever depicted by the Appellant includes a cable and anchor to support the device when it is erected.” Appellant respectfully disagrees. Appellant notes that “FIG. 4 is a

perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter" according to the Brief Description of the Drawings in the present application. Thus, at least FIG. 4 and the corresponding description thereof depict a system that does not include a cord and anchor, but is rather for engaging a cord as described.

From the foregoing, it is clear that the objection to the drawings is determinative of the 112(a) rejection such that the two should be considered together. Accordingly, Appellant respectfully submits that the drawings show the invention claimed in claims 21, 62, and 68, and the objection should be withdrawn at this time.

## V. CONCLUSION

As described above, Appellant believes that the 112(a) rejection and the drawing objection should be withdrawn.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CRF § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JANUARY 17, 2025.***

## VI. CLAIMS APPENDIX

1. – 20. (Canceled)

21. (Previously Presented) A system for providing shade onto a surface, the system consisting of:

a frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration engages the surface such that the system only engages the surface where the right and left ends of the frame engage the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; and

at least one fastener,

wherein the at least one fastener comprises a first fastener formed on the suspension end of the canopy and configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface.

22.–29. (Canceled)

30. (Previously Presented) The system of claim 21, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

31- 50.(Canceled)

51. (Previously Presented) The system of claim 21, wherein the first fastener is formed as a strap arranged proximate to the left or right end of the suspension end, the first strap being wrapped about the frame when engaging the fastener thereto.

52. (Previously Presented) The system of claim 21, wherein the canopy comprises a plurality of coupled sections extending between the suspension end of the canopy and the opposing trailing end of the canopy.

53. (Previously Presented) The system of claim 21, wherein, in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface.

54. (Previously Presented) The system of claim 21, wherein the at least one fastener further comprises a loop extending about the suspension end from the left end to the right end.

55. (Previously Presented) The system of claim 21, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

56. (Canceled)

57. (Canceled)

58. (Previously Presented) The system of claim 21, wherein the at least one fastener is fastened or engaged with itself after wrapping about the frame.

59. (Previously Presented) The system of claim 21, wherein the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

60. (Canceled)

61. (Previously Presented) The system of claim 21, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

62. (Previously Presented) A system for providing shade onto a surface, the system consisting of:

a frame including a plurality of sections and being maneuverable between a transport

configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism engaged with or coupled thereto and the second portion of the loop forming a second securing mechanism engaged with or coupled thereto,

wherein at least one of the first and second securing mechanisms is brought into contact with itself for securing the canopy into position relative to the frame.

63. (Previously Presented) The system of claim 62, wherein at least the other of the second and first securing mechanisms being brought into contact with itself for securing the canopy into position relative to the frame.

64. (Previously Presented) The system of claim 62, wherein the loop, the first securing mechanism, and the second securing mechanism are formed of fabric.

65. (Previously Presented) The system of claim 62, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

66. (Previously Presented) The system of claim 62, wherein the at least one alignment component comprises a cable extending through and affixed to the one or more adjacent sections of the frame.

67. (Previously Presented) The system of claim 62, wherein the central portion, the first portion, and the second portion of the loop extend coaxially along a length of the suspension end of the canopy, the central portion of the loop being longer in length than the first and second portions of the loop.

68. (Previously Presented) A system for providing shade onto a surface, the system consisting of:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a first portion and a second portion of the loop, the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the loop forming a first

securing mechanism engaged with or coupled thereto,

wherein the first securing mechanism is brought into contact with itself for securing the canopy into position relative to the frame.

69-87. (Canceled)

88. (Previously Presented) A system for providing shade onto a surface, the system consisting of:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent

sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism and the second portion of the loop forming a second securing mechanism,

wherein at least one of the first and second securing mechanisms engage the canopy to the frame using a frame fastener.

89. (Previously Presented) The system of claim 88, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

90. (Previously Presented) The system of claim 88, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

91. (Previously Presented) The system of claim 88, wherein the first and second securing mechanisms are elastic.

92. (Canceled)

93. (Previously Presented) The system of claim 88, wherein at least one of the first and second securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end.

94. (Previously Presented) A system for providing shade onto a surface, the system consisting of:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the

supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface;

a loop defined toward the suspension end of the canopy, wherein the loop defines a first portion and a second portion of the loop, the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the loop forming first and second securing mechanisms engaged with or coupled thereto; and

a frame fastener arranged to engage the canopy to the frame via the first and second securing mechanisms.

95. (Previously Presented) The system of claim 94, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

96. (Previously Presented) The system of claim 94, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

97. (Previously Presented) The system of claim 94, wherein the first securing mechanism is elastic.

98. (Canceled)

99. (Previously Presented) The system of claim 94, wherein the first and second

securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end.

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **01/17/2025 05:05:44 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 68785826 | FILING DATE | 06/05/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 1

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C9_0044_8 Appeal Brief.pdf | 27 | Appeal Brief Filed | 218 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C9_0044_8 Appeal Brief.pdf | 646AAD36675C86EAAE520C7F500178521DCC18B1F3A9F7179 2BA711D5F1083E896AD16BA3B48F5228F63FC225C32871521 DE2BCB1BFEF138A5BCFF065AA9D9DA |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 02/26/2025
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 02/26/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

In re Application of
Barnes et al.
Appl. No. 18/329,082
Filed: June 5, 2023
For: SHADING SYSTEM AND METHOD OF USE

**DECISION ON PETITION UNDER 37 C.F.R. § 1.181 TO WITHDRAW DRAWING OBJECTION**

This is a decision on applicant's petition under 37 C.F.R. § 1.181 filed on November 19, 2024 requesting withdrawal of the objection to the drawing under 37 C.F.R. § 1.83(a) for not showing every feature specified in the claims in the Office action mailed on September 24, 2024.

The petition is **DISMISSED**.

## Background

A review of the relevant portions of the prosecution record shows:

- On June 5, 2023, Petitioner filed the instant application for patent with the drawings relevant to the instant Petition.
- On September 24, 2024, the Office mailed a Final Office Action[1] including objections to the filed drawings and 35 U.S.C. § 112(a) rejections.
- On November 6, 2024, an Advisory Action was mailed, maintaining the drawing objection and 35 U.S.C. § 112(a) rejections.
- On November 19, 2024, Petitioner filed a Notice of Appeal with a Pre-Appeal Brief Request for Review arguing against the propriety of the 35 U.S.C. § 112(a) rejections.
- On November 19, 2024, the present Petition was filed seeking withdrawal of drawing objections and disclosing the concurrent Notice of Appeal appealing the rejection of the claims under 35 U.S.C. § 112(a).
- On December 13, 2024, the Office mailed a PTOL-2297 "Notice of Panel Decision from Pre-Appeal Brief Review" indicating that the application remains under appeal as the 35 U.S.C. § 112(a) rejections were maintained.
- On January 17, 2024, the Petitioner filed its Appeal Brief asking the board address the objections to the drawings subject to the present Petition.

[1] Hereinafter "Final."

## Relevant Rules, Statutes, and Procedures

**37 C.F.R. 1.181 provides in pertinent part:**

**(a)** Petition may be taken to the Director:

(1) From any action or requirement of any examiner in the ex parte prosecution of an application, or in ex parte or inter partes prosecution of a reexamination proceeding which is not subject to appeal to the Patent Trial and Appeal Board or to the court;

(2) In cases in which a statute or the rules specify that the matter is to be determined directly by or reviewed by the Director; and

(3) TO invoke the supervisory authority of the Director in appropriate circumstances. For petitions involving action of the Patent Trial and Appeal Board, see § 41.3 of this title.

**37 C.F.R. § 1.83 sets forth in part:**

(a) The drawing in a nonprovisional application must show every feature of the invention specified in the claims. However, conventional features disclosed in the description and claims, where their detailed illustration is not essential for a proper understanding of the invention, should be illustrated in the drawing in the form of a graphical drawing symbol or a labeled representation (e.g., a labeled rectangular box). In addition, tables that are included in the specification and sequences that are included in sequence listings should not be duplicated in the drawings.

**MPEP § 1201 sets forth in part:**

The line of demarcation between appealable matters for the Board and petitionable matters for the Director of the U.S. Patent and Trademark Office (Director) should be carefully observed. The Board will not ordinarily hear a question that should be decided by the Director on petition, and the Director will not ordinarily entertain a petition where the question presented is a matter appealable to the Board. Ordinarily, an objection is petitionable, and a rejection is appealable, but when the objection is "determinative of the rejection" the matter may be addressed by the Board. See In re Hengehold, 440 F.2d 1395, 1403, 169 USPQ 473, 479 (CCPA 1971) and Ex parte Frye, 94 USPQ2d 1072, 1078 (Bd. Pat. App. & Int. 2010)(precedential).

## Discussion and Analysis

Petitioner requests withdrawal of the objection to the drawings under 37 C.F.R. § 1.83(a) set forth in the Final Office action mailed September 24, 2024. The Examiner objected to the drawings on the basis that "the system for providing shade recited in Claims 21, 62, 68, 88, and 94 wherein there is no cable and/or anchor included must be shown or the feature(s) canceled from the claims(s)." (Final 2). In the same action, the Examiner rejected claims 21,

62, 68, and 94[2] under 35 U.S.C. § 112(a) on the basis that they "recite shading systems that explicitly do not include the cord and anchor" and "[t]here does not appear to be a disclosure of such a system in the application as filed and therefore these claims are considered new mater in the application." (Final 4). In reply, the Petitioner has noted "that since the drawing objection and the § 112(a) rejection are inextricably tied to one another, such that the objection is determinative of the rejection, these are being addressed [] together." (Petitioner's After Final Reply September 24, 2024, 12). Petitioner has concurrently filed the instant petition seeking withdrawal of the outstanding drawing objections with a Notice of Appeal and Pre-Appeal Brief "to appeal the rejection of the claims under 35 U.S.C. § 112(a)." (Petition 3). In its subsequently filed Appeal Brief, Petitioner has additionally requested the Board address the drawing objections for which withdrawal is sought. (Ap. Br. 15).

The contested objections to the drawings are based upon the Examiner's interpretation that the filed drawings depict an invention composed of more than the exclusive set of limitations recited in claims 21, 62, 68, and 94. In the Advisory Action, the Examiner maintained the objections as "[t]here is no discussion of the possibility of excluding or omitting [a cable and anchor], and the claims at issue explicitly exclude these elements due to the use of the transitional phrase 'consisting of.'" (Advisory Action, Continuation sheet). The Petitioner contends that "a drawing that illustrates the whole (such as, Fig. 1 for example), necessarily illustrates the part remaining if elements of the whole drawing are not recited in a claim." (Petition 2). This appears to be drawn from Petitioner's citation to *In re Johnson*[3] for the proposition that "[t]he specification, having described the whole, necessarily described the part remaining." (Id. 2). The MPEP[4] discusses the relied upon portion of *In re Johnson* with respect to negative limitations, exclusionary provisos, and potential 35 U.S.C. § 112 (a) rejections related thereto.[5] As such, the Petitioner's arguments underscore that the objection is determinative of the rejection.

37 C.F.R. 1.181 provides that a "[p]etition may be taken to the director: (1) From any action or requirement of any examiner in the *ex parte* prosecution of an application, or in ex parte or inter partes prosecution of a reexamination proceeding which is not subject to appeal to the Patent Trial and Appeal Board or to the court."[6] However, when "an objection is 'determinative of the rejection' the matter may be addressed by the Board. (MPEP ¶ 1201 *citing In re Henegehold*, 440 F.2d 1395, 1403, 169 USPQ 473, 479 (CCPA 1971) and *Ex parte Frye*, 94 USPQ2d 1072, 1078 (Bd. Pat. App. & Ind. 2010)(Precedential). Review by petition to the Director is unavailable for the outstanding 35 U.S.C. § 112 (a) rejection of claims 21, 62, 68, and 94 as the authority to review that matter is vested with the Board. As the objections to the drawings are "inextricably tied" to the rejection "such that the objection is determinative of

---

[2] Although the Examiner did not expressly break out claim 94 as it did claims 21, 62, and 68, it appears implicit that claim 94 is similarly rejected.
[3] *In re Johnson*, 558 F.2d 1008, 1019, 194 USPQ 187,196 (CCPA 1977).
[4] MPEP §2173.05(i)
[5] *In re Johnson*, 1019.
[6] 37 C.F.R. 1.181

the rejection"[7] the issues raised in this Petition are related directly to a rejection under appeal before the Board. In its appeal brief, the Petitioner has included as prayer for relief a request that the Board address the objection to the drawings concurrently with the 35 U.S.C. § 112(a) rejection. The Director will not ordinarily entertain a petition to review such issues.

Accordingly, the Petition is **DISMISSED** in order to allow the Board to determine the propriety of the outstanding 35 U.S.C. § 112(a) rejection and that of the objection to the drawings.

**SUMMARY:** For the above stated reasons, the objection to the drawings in the Final Office action mailed on September 24, 2024 for failing to illustrate an embodiment containing an exclusive list of claimed features, is hereby maintained, and the petition is **DISMISSED.**

Any questions regarding this decision should be directed to Richard A. Goldman, Quality Assurance Specialist, at 571-270-5328.

**/NAMRATA BOVEJA/**

_______________________________

Namrata Boveja, Director
Patent Technology Center 3600
(571) 272-8105

NB/rg: 2/11/2025

[7] Petitioner's After Final Reply September 24, 2024, 12

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 03/03/2025

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/03/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

## BEFORE THE PATENT TRIAL AND APPEAL BOARD

Application Number: 18/329,082
Filing Date: 5 Jun 2023
Appellant(s): Shibumi Shade, Inc.

Lauren F. Anderson
For Appellant

## EXAMINER'S ANSWER

This is in response to the appeal brief filed 1/17/2025.

**(1) Grounds of Rejection to be Reviewed on Appeal**

Every ground of rejection set forth in the Office action dated 9/24/2024 from which the appeal is taken is being maintained by the examiner except for the grounds of rejection (if any) listed under the subheading “WITHDRAWN REJECTIONS.” New grounds of rejection (if any) are provided under the subheading “NEW GROUNDS OF REJECTION.”

**(2) Response to Argument**

The Appellant precedes the analysis of written description support with the argument that “Appellant’s claims do not explicitly exclude a cord and an anchor.” (page 13, lines 3-11). However, all of the claims at issue use the transitional phrase “consisting of” and do not recite an anchor or a cord. The transitional phrase “consisting of” excludes any element, step, or ingredient not specified in the claim. See MPEP 2111.03(II). Additionally, at least Claim 21 recites that “the system only engages the surface where the right and left ends of the frame engage the surface” which implies that there is no anchor to engage the ground. Thus, the anchor, cord, and any other element not present in the claims must be explicitly excluded from the claimed subject matter.

Regarding Appellants arguments on page 15 regarding the drawing objection, it is noted that this is a petitionable matter and not an appealable matter, so it is not addressed here.

The Appellant argues that “paragraphs [0006] through [0025] of the present application describe several embodiments of the disclosed subject matter. Each embodiment is separately and individually stated.” Each of these paragraphs

introducing a new element uses the phrase “further includes.” The Appellant argues that “the presence of this language … illustrated that, at the time of filing of the present invention, the inventors were in possession of multiple embodiments of a shading system.” By the Appellant’s own logic, a nearly infinite number of embodiments is present in these paragraphs – each different combination and permutation of “further included” elements would result in a different embodiment. In paragraph 0036, beginning the detailed description of the invention, the only element that is required is “a frame.” Every other element, including the shade canopy itself, is introduced using the word “may.” Again, if the Appellant’s logic is followed, each element that “may” be included would lead to another embodiment of the device. In the most extreme case, a “system for providing shade” that comprises only a frame was an embodiment contemplated by the inventors.

While deference is given for minor variations between embodiments in this instance, the use of this broad language to show that every single possible embodiment is in the inventors’ possession strains logic. It is then necessary to look further into the detailed description to see what actual embodiments are described in writing and shown in the figures. Paragraph 0051 describes the only embodiment in which ends of the arched frame are embedded into the surface on which the device is installed – a necessary condition when an anchor and cord are not used. The Appellant does not indicate that they are deleted in this arrangement; there is no reason to believe that the anchor and cord have been omitted when the ends of the frame are embedded in the surface. In fact, “an additional anchor” is included in this arrangement, which alludes to the presence of a first anchor.

The Appellant relies on a piecemeal assembly of “optional” elements from the disclosure to devise claims that overcome the prior art of record with no evidence that the Appellant had possession of knowledge that these specific collections of elements at the time of filing. By relying on the extensive use of the phrases “may include,” “further include,” “may further include” and variations thereof, the Appellant could theoretically find support in the disclosure for an unlimited number of potential embodiments that were never contemplated by the inventors. Even with a thorough and generous reading of the disclosure, no support is found for an embodiment that excludes an anchor and cord.

For the above reasons, it is believed that the rejections should be sustained.

Respectfully submitted,

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

Conferees:

/DAVID R DUNN/
Supervisory Patent Examiner, Art Unit 3636

/BRIAN K. GREEN/
Primary Examiner, OPQA

**Requirement to pay appeal forwarding fee.** In order to avoid dismissal of the instant appeal in any application or ex parte reexamination proceeding, 37 CFR 41.45 requires payment of an appeal forwarding fee within the time permitted by 37 CFR 41.45(a), unless appellant had timely paid the fee for filing a brief required by 37 CFR 41.20(b) in effect on March 18, 2013.

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **04/14/2025 03:26:50 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Diann Gravius |
| PATENT CENTER # | 69995974 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 06/05/2023 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E20254DF27509602** | **Diann Gravius** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1413 | FORWARDING AN APPEAL IN AN APPLICATION OR EX PARTE REEXAMINATION PROCEEDING TO THE BOARD | 2535.00 | 1 | 2535.00 |
| | | | **TOTAL AMOUNT:** | **$2,535.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Doc Code: WFEE.APPEAL
Doc Description: Certification and Transmittal of Appeal Forwarding Fee

PTO/AIA/34 (11-23)

| **CERTIFICATION AND TRANSMITTAL OF APPEAL FORWARDING FEE** | | Docket Number (Optional)<br>S105508 1010US.C9 (0044.8) |
|---|---|---|
| I hereby certify that this correspondence is transmitted by the USPTO patent electronic filing system or by facsimile, or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "Commissioner for Patents, P.O. Box 1450, Alexandria, on Alexandria, VA 22313-1450" [37 CFR 1.8(a)]<br>on April 14, 2025.<br>Signature /diann gravius/<br>Typed or printed name Diann Gravius | First Named Inventor<br>Barnes | |
| | Application Number<br>18/329,082 | Filed<br>June 5, 2023 |
| | For<br>SHADING SYSTEM AND METHOD OF USE | |
| | Art Unit<br>3636 | Examiner<br>Noah Chandler Hawk |

37 CFR 41.45 specifies that, in order to avoid dismissal of the appeal, appellant must pay the fee set in 37 CFR 41.20(b)(4) within two months of the later of the date of either the examiner's answer, or a decision refusing to grant a petition under 37 CFR 1.181 to designate a new ground of rejection in an examiner's answer.

The undersigned certifies that the appropriate fee accompanies this transmittal.

The fee for forwarding this appeal is (37 CFR 41.20(b)(4)) $ 2,535.00

☐ Appellant asserts small entity status. See 37 CFR 1.27. Therefore, the fee shown above is reduced by 60%, and the resulting fee is: $ ____________

☐ Appellant certifies micro entity status. See 37 CFR 1.29. Therefore, the fee shown above is reduced by 80%, and the resulting fee is: $ ____________
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

☐ A check in the amount of the fee is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☒ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment to Deposit Account No. 09-0528.

☒ Payment made via USPTO patent electronic filing system.

Extensions of time under 37 CFR 1.136(a) for patent applications are not applicable to the time period set forth in this 37 CFR 41.45. See 37 CFR 1.136(b) for extensions of time to reply for patent applications and 37 CFR 1.550(c) for extensions of time to reply for *ex parte* reexamination proceedings.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the

☐ appellant ☒ attorney or agent of record ☐ attorney or agent acting under 37 CFR 1.34
Registration number 2492 Registration number ____________

Signature /lauren f. anderson/
Typed or printed name Lauren F. Anderson
Telephone Number 919-755-8127
Date April 14, 2025

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

☐ * Total of ________ forms are submitted.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

**Privacy Act Statement**

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to:

1) law enforcement, in the event that the system of records indicates a violation or potential violation of law;

2) a federal, state, local, or international agency, in response to its request;

3) a contractor of the USPTO having need for the information in order to perform a contract;

4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record;

5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record;

6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations;

7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals;

8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c));

9) the Office of Personnel Management (OPM) for personnel research purposes; and

10) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 7778 |
| Appl. No.: | 18/329,082 | Group Art Unit: | 3636 |
| Filed: | June 5, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C9 (0044.8)
Customer No.: 26158

Mail Stop Appeal Brief-Patents
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**REPLY BRIEF**

This Reply Brief is filed pursuant to 37 CFR 41.41, in response to the Examiner's Answer dated March 3, 2025 ("the Examiner's Answer").

Appealed claims 21, 30, 51-55, 58-68, and 88-99 stand under 35 U.S.C. § 112(a). The drawings are objected to under 37 C.F.R. § 1.83(a). Review of the rejection and objection is respectfully requested.

For the reasons discussed in the Appeal Brief filed on January 17, 2025 ("the Appeal Brief"), Appellant contends that the rejection and objection are not well established and requests that the rejection and objection be reversed. In addition, the Board is requested to also consider the following remarks, which are submitted in response to assertions and arguments presented in the Examiner's Answer.

35 U.S.C. § 112(a) Rejection

Appellant respectfully reiterates from the Appeal Brief that the rejection of claims 21, 30, 51-55, 58-68, and 88-99 under 35 U.S.C. § 112(a) is made in error as it is inconsistent with well-established case law.

Firstly, the Examiner's Answer states that, "[t]he Appellant relies on a piecemeal assembly of "optional" elements from the disclosure to devise claims that overcome the prior art of record with no evidence that the Appellant had possession of knowledge that these specific

collections of elements at the time of filing. By relying on the extensive use of the phrases "may include," "further include," "may further include" and variations thereof, the Appellant could theoretically find support in the disclosure for an unlimited number of potential embodiments that were never contemplated by the inventors. Even with a thorough and generous reading of the disclosure, no support is found for an embodiment that excludes an anchor and cord." *See,* page 5 of the Examiner's Answer. Appellant respectfully disagrees.

As the Federal Circuit made clear in *In re Johnson*, 558 F.2d 1008, 1019, 194 USPQ 187, 196 (CCPA 1977), **if alternative elements are positively recited in the specification, they may be explicitly excluded in the claim**. The rationale of *Johnson* was reaffirmed by the Federal Circuit recently in *Inphi Corp. v. Netlist, Inc.*, 805 F.3d 1350 (Fed. Cir. 2015). The court in *Inphi* explained that "claims may state the exclusion of alternatives," and that "if alternative elements are positively recited in the specification, they may be explicitly excluded in the claims." *Id.* Quoting the *Johnson* case, the *Inphi* court added: "It is for the inventor to decide what bounds of protection he will seek." *Id.* It is enough, the court noted, that the specification "properly describ[e] alternative features of the patented invention" to indicate that the patentees "are merely excising the inventions of another, to which they are not entitled." *Id.* **Because there was substantial evidence that the appellee in *Inphi* "possessed the negative claim limitation as of the filing date," the court held that the written description requirement had been satisfied with respect to the negative claim limitation**. Emphasis Added. *See Santarus, Inc. v. Par Pharm., Inc.,* 694 F.3d 1344 (Fed. Cir. 2012) (The exclusion of sucralfate from the claims "narrowed the claims, as the patentee is entitled to do. The Manual of Patent Examining Procedure explains that claims may state the exclusion of alternatives. *See* MPEP § 2173.05(i) ('If alternative elements are positively needed in the specification, they may be explicitly excluded in the claims.')).").

Here, the present specification positively recites alternative elements in the specification. For example, paragraph [0046] states, "the system 10 ***may further*** include a cord 32 engaged with, or coupled to, an anchor 34 […]." The use of "may" when describing an element in the specification has been deemed sufficient to justify exclusion of that same element in a claim. *See Ex Parte Richard Pazur & Lorenzo Ferrari*, No. 111005,215, 2012 WL 4460592, at *1 (B.P.A.I. Sept. 18, 2012). In *Ex Parte Richard Pazur*, the Examiner's position was that "an additional solid

rubber" is excluded from the composition, as it was allegedly not supported by the original disclosure. However, the Board "agree[d] with Appellants' position that because 1) Example 3 (see Table 1 on page 12 of the Specification) does not include an additional solid rubber and 2) **page 4, 11. 24-25 of the Specification states that such solid rubbers "may" be included in the present invention**." Thus, the Board held that "this disclosure adequately supports the claimed phrase of "does not include an additional solid rubber. That is, the exclusion of an additional solid rubber is justified by MPEP 2173.05(i). "If alternative elements are positively recited in the specification, they may be explicitly excluded in the claims." The MPEP then cites *In re Johnson*, 558 F.2d 1008, 1019 (CCPA 1977) for the holding that the "specification, having described the whole, necessarily described the part remaining." Emphasis Added.

Like *Ex Parte Richard Pazur*, in the present specification, "may" is used to describe the cord and anchor arrangement. In view of the holding in *Ex Parte Richard Pazur*, such a description is sufficient to adequately support the exclusion of that element. As such, at least the cord and anchor arrangement may be justifiably excluded from the claim based on MPEP 2173.05(i).

Accordingly, Appellant respectfully submits that the case law clearly establishes that the present application has appropriate written description support for explicitly excluding at least the cord and the anchor from the claims. Appellant thus requests withdrawal of this rejection.

Objection to the Drawings

The Examiner's Answer states that the drawing objection is "a petitionable matter and not an appealable matter, so it is not addressed here." *See,* page 3 of the Examiner's Answer. Appellant respectfully disagrees.

On November 19, 2024 a "Petition Under 37 C.F.R. 1.181 To Withdraw Drawing Objection" (the "Petition") was submitted by Appellant to the Director requesting withdrawal of the objection to the drawings under 37 C.F.R. § 1.83(a). A "Decision on Petition Under 37 C.F.R. 1.181 To Withdraw Drawing Objection"(the "Decision") was mailed on February 26, 2025. In the Decision, the Petition was dismissed in order to allow the Board to determine the propriety of the outstanding 35 U.S.C. § 112(a) rejection **and** that of the objection to the

drawings on the basis that "the objections to the drawings are 'inextricably tied' to the rejection 'such that the objection is determination of the rejection'". *See,* pages 4-5 of the Decision.

Given the Director's finding in the Decision, Appellant respectfully submits that the objection to the drawings is a petitionable matter and requests that the objection to the drawings be addressed by the Board as it is an appealable matter.

## CONCLUSION

For the reasons stated in the Appeal Brief, supplemented by the foregoing, Appellant respectfully submits that the subject matter of the appealed claims would not have been anticipated nor rendered obvious to one of ordinary skill in the art over the combination of references applied by the Examiner. It is therefore requested that the rejection of claims 41-59 be reversed.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON APRIL 14, 2025.

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **04/14/2025 03:26:50 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Diann Gravius |
| PATENT CENTER # | 69995974 | FILING DATE | 06/05/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

# TOTAL DOCUMENTS: 2

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C9_0044_8_Reply_Brief.pdf | 5 | Reply Brief Filed | 138 KB |
| S105508_1010US_C9_0044_8_Transmittal-Appeal_Forwarding_Fee.pdf | 2 | Certification and Transmittal of Appeal Forwarding Fee | 204 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C9_0044_8_Reply_Brief.pdf | CC1C6A0027BA7507B3ED09DA1130663051F15E73FBD71D85E3B12F7AEE56C1B91CAAC44EF10122A2666F33B74B7C00B63AAB53F8D4FB12C559517330CF10236C |

| | |
|---|---|
| S105508_1010US_C9_0044_8_Transmittal-Appeal_Forwarding_Fee.pdf | C14BFBD2A04E08B9E00B56E4606120A17020A3357C912DC148F1EAFA8EDBBC76E13212421357EA58AAE6045E035ADE9BBD49B0F4342061875DA2859DEB205DFF |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 04/21/2025

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/21/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

*Ex parte* DANE BROOKS BARNES et al.

Appeal 2025-002208
Application 18/329,082
Technology Center 3600

# APPEAL DOCKETING NOTICE

The Patent Trial and Appeal Board received the appeal in the above-identified application from the Technology Center on April 17, 2025, and has assigned it the appeal number indicated above.

The recipient of this notice is reminded of its ongoing duty, within 20 days of any change during the proceeding, to update its mandatory notices to identify the real party-in-interest and each judicial or administrative proceeding that could affect, or be affected by, the Board proceeding. 37 C.F.R. § 41.8. For example, another docketed appeal in a related application may have the potential to affect, or be affected by, the Board proceeding.

In all future communications regarding this appeal, please include both the application number and the appeal number. Telephone inquiries can be made by calling 571-272-9797 and referencing the appeal number listed above. The mailing address for the Board is:

PATENT TRIAL and APPEAL BOARD
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VIRGINIA 22313-1450

If you are interested in seeking expedited treatment for this appeal via the Board's Fast-Track Appeals Pilot Program, please consult our website at https://www.uspto.gov/patents/ptab/fast-track-appeals-pilot-program or the Federal Register Notice at https://www.federalregister.gov/documents/2020/07/02/2020-14244/fast-track-appeals-pilot-program for more information on how to participate and which appeals qualify.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 01/15/2026

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/15/2026 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

*Ex parte* DANE BROOKS BARNES, ALEXANDER GRIFFITH SLATER, and SCOTT CHRISTIAN BARNES

---

Appeal 2025-002208
Application 18/329,082
Technology Center 3600

---

Before JOSEPH L. DIXON, CAROLYN D. THOMAS, and JON M. JURGOVAN, *Administrative Patent Judges*.

THOMAS, *Administrative Patent Judge*.

DECISION ON APPEAL

Pursuant to 35 U.S.C. § 134(a), Appellant[1] appeals from the Examiner's decision to reject claims 21, 30, 51–55, 58, 59, 61–68, 88–91, 93–97, and 99.[2] We have jurisdiction over the appeal under 35 U.S.C. § 6(b).

We REVERSE.

---

[1] "Appellant" refers to "applicant" as defined in 37 C.F.R. § 1.42(a). Appellant identifies the real party in interest as Shibumi Shade, Inc. Appeal Br. 2.

[2] Claims 1–20, 22–29, 31–50, 56, 57, 60, 69–87, 92, and 98 have been cancelled. *See* Advisory Action dated November 6, 2024 ("Advisory Act.") (entering the After-Final Amendment dated October 30, 2024 which cancelled various claims).

Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 392 of 420

CLAIMED SUBJECT MATTER

The claimed subject matter relates generally to transportable systems for providing shade from the sun onto a surface, the systems including a canopy configured for engagement with, and aerial suspension by, a frame. The frame includes a plurality of sections configured for end-to-end alignment from a left end to a right end of the frame, with each section configured to engage with any adjacent sections to form the frame. Spec. ¶ 2, Abstr. The ends of the frame are secured to the surface, thereby aerially suspending the canopy and providing shade to the surface. *Id.* at Abstr.

Independent claim 21, reproduced below, is representative:

> 21. A system for providing shade onto a surface, the system consisting of:
>
> a frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration engages the surface such that the system only engages the surface where the right and left ends of the frame engage the surface;
>
> a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; and
>
> at least one fastener,
>
> wherein the at least one fastener comprises a first fastener formed on the suspension end of the canopy and configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and



Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 393 of 420

> wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface.

REJECTION[3]

Claims 21, 30, 51–55, 58, 59, 61–68, 88–91, 93–97, and 99[4] stand rejected under 35 U.S.C. § 112(a), as failing to comply with the written description requirement. Final Act. 4.

We review the appealed rejection for error based upon the issues identified by Appellant, and in light of the arguments and evidence produced thereon. *Ex parte Frye*, 94 USPQ2d 1072, 1075 (BPAI 2010) (precedential) (*cited with approval in In re Jung*, 637 F.3d 1356, 1365 (Fed. Cir. 2011) (explaining that even if the Examiner fails to make a prima facie case, "it has long been the Board's practice to require an applicant to identify the alleged error in the examiner's rejections")).

ANALYSIS

The Examiner maintains that Appellant's Specification does not provide written description for independent "[c]laims 21, 62, and 68 [that] recite shading systems that explicitly do not include the cord and anchor" as "[t]here does not appear to be a disclosure of such a system in the

---

[3] The obviousness and indefiniteness rejections asserted in the Final Action (*see* Final Act. 4–12) are moot, as the claims subject to those rejections have been cancelled.

[4] Claims 60, 92, and 98 mentioned in the statement of this rejection (*see* Final Act. 4) have been cancelled.

application as filed." Final Act. 4. In the Advisory Action, the Examiner elaborates:

> There is no mention of a cable or anchor in . . . claims [21, 62, 68, 88, and 94]. The only embodiment ever depicted by the applicant includes a cable and anchor to support the device when it is erected. There is no discussion of the possibility of excluding or omitting these elements, and the claims at issue explicitly exclude these elements due to the use of the transitional phrase "consisting of."

Advisory Act. 2. The Examiner provides an exemplary discussion of independent claim 21 directed to "[a] system for providing shade onto a surface, the system consisting of" a list of elements that do not mention an anchor or a chord, the system configured such that "each of a left end and a right end of the frame in the supporting configuration engages the surface such that the system only engages the surface where the right and left ends of the frame engage the surface"—which (according to the Examiner) "implies that there is no anchor to engage the ground." *See* Ans. 3.

Appellant provides a detailed explanation on pages 10 and 12–15 of the Appeal Brief and pages 2–3 of the Reply Brief identifying where the Specification describes "shading systems . . . formed of a plurality of components that may be combined in many manners and that the cord and anchor are 'further' elements that 'may' or may not be present." Appeal Br. 14; *see also id.* at 10, 12–13, 15; Reply Br. 2–3. In particular, Appellant cites, in support, paragraphs 6–25, 26, and 46 in the Specification as filed. *See* Appeal Br. 13–14; Reply Br. 2–3.

To satisfy the written description requirement, "the applicant must . . . convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession *of the [claimed] invention*" (*Moba,*

*B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1320–21 (Fed. Cir. 2003) (quotation marks and citation omitted)), and "it is the specification itself that must demonstrate possession." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1352 (Fed. Cir. 2010) (en banc); *see also D Three Enterprises, LLC v. SunModo Corp.*, 890 F.3d 1042, 1047, 1052 (Fed. Cir. 2018) ("adequate written description does not ask what is permissible, rather, it asks what is disclosed"). Whether a Specification complies with the written description requirement of 35 U.S.C. § 112 is a question of fact. *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1566 (Fed. Cir. 1997) (citing *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991)). The Examiner also has the initial burden of presenting evidence or reasoning to explain why persons skilled in the art would not recognize in the original disclosure a description of the invention defined by the claims. *In re Wertheim*, 541 F.2d 257, 263 (CCPA 1976).

We have reviewed the cited portions of the originally-filed disclosure, and concur with Appellant's argument that the Specification demonstrates Appellant possessed, as of the filing date sought, the shading systems recited in independent claims 21, 62, 68, 88, and 94.[5]

---

[5] Although the Examiner's discussion of the rejection does not mention independent claims 88 and 94 (*see* Final Act. 4; Ans. 3–5), the statement of the 112(a) rejection includes these claims (*see* Final Act. 4), and the Advisory Action discusses "[c]laims 21, 62, 68, 88, and 94" (*see* Advisory Act. 2). Similar to claim 21, claims 88 and 94 recite shading systems "consisting of" a frame, a canopy, and other elements (which are not cords or anchors) in a "supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface." *See* claims 88, 94.

In particular, paragraphs 6–8, 10, 12–17, 20, 22–25 in the Specification's Summary section describe progressively detailed shading systems that do not necessarily require anchors and cords, with a core shading system (¶ 6) merely including "a canopy configured for engagement with, and aerial suspension by, a frame" and "the left end and the right end [of the frame] . . . configured to be secured to the surface for aerially suspending the frame and the canopy." *See* Spec. ¶¶ 6–8, 10, 12–17, 20, 22–25.

Furthermore, the Detailed Description section of the Specification describes, at paragraphs 36–45 and 50–52, the core shading system and the addition of various other elements that do not include cords or anchors. *See id.* ¶¶ 36–45, 50–52. For example, paragraph 39 explains that while in previously-discussed configurations "the suspension end 42, suspension fasteners 46 and loop(s) 40 [of canopy 12] engage the canopy 12 to the frame 14, in some embodiments, additional securing mechanisms may be desired to secure the canopy 12 into position relative to the frame 14," the additional securing mechanisms including "at least one strap 50 engageable with, or coupled to, the canopy 12 for securing the canopy 12 into position relative to the frame 14." *See id.* ¶ 39; *see also id.* ¶ 41 ("[w]hen two or more or all of the [frame] sections 24 are aligned end-to-end and engaged with adjacent sections 24, the frame 14 may be positioned to receive and support the canopy 12"), Fig. 3 (showing a strap 50 engageable with canopy 12 to secure the canopy into position relative to frame 14, as described in paragraphs 39–40), Fig. 4 (showing a loop 40 coupled to canopy 12 for engaging the canopy's suspension end 42 to frame 14, as described in paragraphs 37–39).

As the Specification explains, these shading systems having a canopy engaged with a frame by suspension fasteners 46, loops 40, and straps 50, are *freestanding systems not requiring anchored cords*—as the shading systems are "at least partially supported by wind" while "[t]he ends 20, 22 of the frame 14 . . . [are] secured to the surface 2, thereby aerially suspending the canopy 12." *See* Spec. ¶¶ 4, 52; *see also id.* ¶ 38. The Specification thus provides ample written description support for the claimed freestanding shading systems requiring a frame and a canopy, but not necessarily requiring anchored cords.

We are not persuaded by the Examiner's insistence that the sections cited by Appellant (such as paragraphs 6–25 in the Specification) cannot support the claimed shading systems. *See* Ans. 3–5. The Examiner's comments are inapposite to the situation at hand, as neither Appellant's arguments nor the Specification set forth "infinite number" or "unlimited number" of embodiments (as the Examiner asserts). *Id.* Instead, paragraphs 6–25 of the Specification describe twenty progressively detailed shading configurations, some of which do not require an anchored cord (as discussed *supra*). More particularly, paragraphs 6–25 (in the Summary section of the Specification) and paragraphs 36–53 (in the Detailed Description section) describe progressively detailed shading configurations all having a canopy and a frame, but not all having a corded anchor. Thus, evidencing that an anchored cord is not necessarily required.

Thus, we find unavailing the Examiner's reference to paragraph 51 in the Specification as evidence that corded anchors must be used, i.e., because "[p]aragraph 0051 [(referencing '[a]dditional anchor(s) 35')] describes the only embodiment in which ends of the arched frame are embedded into the

surface on which the device is installed." *See* Ans. 4. Contrary to the Examiner's assertion, multiple paragraphs in the Specification (e.g., 6, 7, 52) describe freestanding systems having the ends of the arched frame embedded into the surface on which the systems are installed without requiring corded anchors. *See* Spec. ¶¶ 6 ("wherein each [frame] section is configured to engage with any adjacent sections, wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy"), 52 ("ends 20, 22 of the frame 14 may be secured to the surface 2, thereby aerially suspending the canopy 12 and providing shade 1 to the surface 2").

Accordingly, we agree with Appellant that the originally-filed Specification demonstrates Appellant possessed the systems recited in independent claims 21, 62, 68, 88, and 94. We, therefore, do not sustain the Examiner's written description rejection of independent claims 21, 62, 68, 88, and 94 under 35 U.S.C. § 112(a). We also do not sustain the Examiner's written description rejection of dependent claims 30, 51–55, 58, 59, 61, 63–67, 89–91, 93, 95–97, and 99 rejected only based on their dependency from claims 21, 62, 68, 88, and 94.

*Other Issues – Drawing Objection*

The Examiner objects to Appellant's original drawings for not showing "the system for providing shade recited in Claims 21, 62, 68, 88, and 94 wherein there is no cable and/or anchor included." *See* Final Act. 2. Appellant argues

> the examiner's objection to the drawings is inextricably intertwined with the arguments Appellant submits in response to the 35 U.S.C. § 112(a) rejection. Appellant thus respectfully requests that these matters be addressed by the Board as the objections are determinative of the 35 U.S.C. § 112 rejection.


Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 399 of 420

Appeal Br. 15; *see also* Reply Br. 3–4 (referencing the Decision on Petition to Withdraw the Drawings Objection, issued February 26, 2025 dismissing the Petition on the basis that "the objections to the drawings are 'inextricably tied' to the rejection").

Ordinarily, an objection is reviewable by petition under 37 C.F.R. § 1.181 and a rejection is appealable to the Board. *See Ex Parte Frye*, 94 UPSQ2d 1072, 1077–78 (BPAI 2010) (precedential); *see* MPEP § 1201 (the Board will not ordinarily hear a question that is reviewable by petition); *In re Berger*, 279 F.3d 975, 984 (Fed. Cir. 2002) (citing *In re Hengehold*, 440 F.2d 1395, 1403 (CCPA 1971) (stating that there are many kinds of decisions made by examiners that are not appealable to the Board when they are not directly connected with the merits of issues involving rejections of claims).

However, when the issue presented is the same for both an objection and a rejection, as it is here, the issue is appealable. *See* MPEP § 2163.06(11). Thus, the resolution of the § 112(a) issue also resolves the Examiner's objection to the drawings for failing to depict no cable and/or anchor.

Accordingly, we resolved the drawing objection by addressing the § 112(a) rejection with respect to the claims. That is, to the extent that the drawing objection turns on the same issues, or is premised on the same reasoning, as the written description rejection of the claims, we deem our decision *supra* with respect to the written description rejection dispositive as to such aspect of the objection to the drawings.


Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 400 of 420

## CONCLUSION

The Examiner's rejection of claims 21, 30, 51–55, 58, 59, 61–68, 88–91, 93–97, and 99 as failing to comply with the written description requirement under 35 U.S.C. § 112(a) is REVERSED.

In summary:

| Claim(s) Rejected | 35 U.S.C. § | Reference(s)/Basis | Affirmed | Reversed |
|---|---|---|---|---|
| 21, 30, 51–55, 58, 59, 61–68, 88–91, 93–97, 99 | 112(a) | Written Description | | 21, 30, 51–55, 58, 59, 61–68, 88–91, 93–97, 99 |

REVERSED

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

26158 7590 02/11/2026

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |
| ART UNIT | PAPER NUMBER |
| 3636 | |

DATE MAILED: 02/11/2026

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

TITLE OF INVENTION: SHADING SYSTEM AND METHOD OF USE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1290 | $0.00 | $0.00 | $1290 | 05/11/2026 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 40% the amount of undiscounted fees, and micro entity fees are 20% the amount of undiscounted fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via the USPTO patent electronic filing system.

By mail, send to: Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

By fax, send to: (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications. **Because electronic patent issuance may occur shortly after issue fee payment, any desired continuing application should preferably be filed prior to payment of this issue fee in order not to jeopardize copendency.**

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

26158 7590 02/11/2026

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING P.O. Box 570489
ATLANTA, GA 30357-0037

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via the USPTO patent electronic filing system or by facsimile to (571) 273-2885, on the date below.

(Typed or printed name)

(Signature)

(Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

TITLE OF INVENTION: SHADING SYSTEM AND METHOD OF USE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1290 | $0.00 | $0.00 | $1290 | 05/11/2026 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HAWK, NOAH CHANDLER | 3636 | 135-128000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

❑ Change of correspondence address (or Change of Correspondence Address form PTO/AIA/122 or PTO/SB/122) attached.

❑ "Fee Address" indication (or "Fee Address" Indication form PTO/AIA/47 or PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 ____________________

2 ____________________

3 ____________________

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ❑ Individual ❑ Corporation or other private group entity ❑ Government

4a. Fees submitted: ❑Issue Fee ❑Publication Fee (if required)

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

❑ Electronic Payment via the USPTO patent electronic filing system ❑ Enclosed check ❑ Non-electronic payment by credit card (Attach form PTO-2038)

❑ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. __________

5. **Change in Entity Status** (from status indicated above)

❑ Applicant certifying micro entity status. See 37 CFR 1.29

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

❑ Applicant asserting small entity status. See 37 CFR 1.27

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

❑ Applicant changing to regular undiscounted fee status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature ______________________ Date ______________________

Typed or printed name ______________________ Registration No. ______________________

Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 403 of 420



PTOL-85 Part B (11/23) Approved for use through 03/31/2026 OMB 0651-0033 U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

26158 7590 02/11/2026

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |
| **ART UNIT** | **PAPER NUMBER** |
| 3636 | |

DATE MAILED: 02/11/2026

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/ owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to:

1) law enforcement, in the event that the system of records indicates a violation or potential violation of law;
2) a federal, state, local, or international agency, in response to its request;
3) a contractor of the USPTO having need for the information in order to perform a contract;
4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record;
5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record;
6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations;
7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals;
8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c));
9) the Office of Personnel Management (OPM) for personnel research purposes; and
10) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

| *Notice of Allowability* | **Application No.** 18/329,082 | **Applicant(s)** Barnes et al. | |
|---|---|---|---|
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 | **AIA (First Inventor to File) Status** Yes |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--***

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1.☑ This communication is responsive to 1/15/2026.

☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ______.

2.☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on ______; the restriction requirement and election have been incorporated into this action.

3.☑ The allowed claim(s) is/are See Continuation Sheet . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4.☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

a) ☐All b) ☐ Some* c) ☐ None of the:

1. ☐ Certified copies of the priority documents have been received.
2. ☐ Certified copies of the priority documents have been received in Application No. ______ .
3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

* Certified copies not received: ______ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5.☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.

☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date ______ .

**Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6.☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1.☐ Notice of References Cited (PTO-892)
2.☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date ______.
3.☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material ______.
4.☐ Interview Summary (PTO-413), Paper No./Mail Date. ______.
5. ☐ Examiner's Amendment/Comment
6. ☐ Examiner's Statement of Reasons for Allowance
7. ☐ Other ______.

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

Continuation of 3. The allowed claim(s) is/are: 21,30,51-55,58-59,61-68,88-91,93-97 and 99

| *Issue Classification* | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CPC | | | | | | |
|---|---|---|---|---|---|---|
| Symbol | | | | | Type | Version |
| E04H | / | 15 | / | 003 | F | 2013-01-01 |
| E04H | / | 15 | / | 44 | I | 2013-01-01 |
| E04H | / | 15 | / | 36 | I | 2013-01-01 |
| E04H | / | 15 | / | 30 | I | 2013-01-01 |
| E04H | / | 15 | / | 32 | I | 2013-01-01 |

| CPC Combination Sets | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Symbol | | | | | Type | Set | Ranking | Version |
| | / | | / | | | | | |

| NONE<br><br>(Assistant Examiner) (Date) | Total Claims Allowed:<br>27 | |
|---|---|---|
| /Noah Chandler Hawk/<br>Primary Examiner, Art Unit 3636 14 January 2026<br>(Primary Examiner) (Date) | O.G. Print Claim(s)<br>1 | O.G. Print Figure<br>1 |

U.S. Patent and Trademark Office — Part of Paper No.: 20260114

| *Issue Classification* | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| INTERNATIONAL CLASSIFICATION | | | | |
|---|---|---|---|---|
| CLAIMED | | | | |
| E04H | / | 15 | / | 00 |
| NON-CLAIMED | | | | |
| | / | | / | |

| US ORIGINAL CLASSIFICATION | |
|---|---|
| CLASS | SUBCLASS |
| | |

| CROSS REFERENCES(S) | | | | | | |
|---|---|---|---|---|---|---|
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | |
| | | | | | | |

| | | | |
|---|---|---|---|
| NONE<br>(Assistant Examiner) | (Date) | Total Claims Allowed:<br>27 | |
| /Noah Chandler Hawk/<br>Primary Examiner, Art Unit 3636<br>(Primary Examiner) | 14 January 2026<br>(Date) | O.G. Print Claim(s)<br>1 | O.G. Print Figure<br>1 |

U.S. Patent and Trademark Office

Part of Paper No.: 20260114

| *Issue Classification* | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

**CLAIMS**

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 21 | 10 | 61 | 19 | 89 | | | | | | | | | | |
| 2 | 30 | 11 | 62 | 20 | 90 | | | | | | | | | | |
| 3 | 51 | 12 | 63 | 21 | 91 | | | | | | | | | | |
| 4 | 52 | 13 | 64 | 22 | 93 | | | | | | | | | | |
| 5 | 53 | 14 | 65 | 23 | 94 | | | | | | | | | | |
| 6 | 54 | 15 | 66 | 24 | 95 | | | | | | | | | | |
| 7 | 55 | 16 | 67 | 25 | 96 | | | | | | | | | | |
| 8 | 58 | 17 | 68 | 26 | 97 | | | | | | | | | | |
| 9 | 59 | 18 | 88 | 27 | 99 | | | | | | | | | | |

| | | | |
|---|---|---|---|
| NONE<br>(Assistant Examiner) | (Date) | **Total Claims Allowed:** 27 | |
| /Noah Chandler Hawk/<br>Primary Examiner, Art Unit 3636<br>(Primary Examiner) | 14 January 2026<br>(Date) | O.G. Print Claim(s) 1 | O.G. Print Figure 1 |

| **Search Notes** | **Application/Control No.** 18/329,082 | **Applicant(s)/Patent Under Reexamination** Barnes et al. |
|---|---|---|
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 |

| **CPC - Searched*** | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/005, 15/60, 15/62 | 12/20/2023 | NCH |
| updated above | 09/19/2024 | NCH |
| | | |

| **CPC Combination Sets - Searched*** | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| **US Classification - Searched*** | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| **Search Notes** | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered IDS filed 6/5/23 (2) and 10/13/23 | 12/20/2023 | NCH |
| Performed inventor name search | 12/20/2023 | NCH |
| Considered and updated search history for parent application 18/072143 | 12/20/2023 | NCH |
| Please see attached PE2E search history | 12/20/2023 | NCH |
| Considered IDS filed 3/14/24 | 03/29/2024 | NCH |
| | | |

| *Search Notes* | Application/Control No.<br>18/329,082 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| E04H | 15/005, 15/60, 15/62 | 01/14/2026 | NCH |

Case 5:24-cv-00588-FL Document 28-12 Filed 03/23/26 Page 412 of 420

| *Index of Claims* | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☑ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/20/2023 | 04/01/2024 | 07/05/2024 | 09/19/2024 | 01/14/2026 | | | | |
| | 1 | - | - | - | - | - | | | | |
| | 2 | - | - | - | - | - | | | | |
| | 3 | - | - | - | - | - | | | | |
| | 4 | - | - | - | - | - | | | | |
| | 5 | - | - | - | - | - | | | | |
| | 6 | - | - | - | - | - | | | | |
| | 7 | - | - | - | - | - | | | | |
| | 8 | - | - | - | - | - | | | | |
| | 9 | - | - | - | - | - | | | | |
| | 10 | - | - | - | - | - | | | | |
| | 11 | - | - | - | - | - | | | | |
| | 12 | - | - | - | - | - | | | | |
| | 13 | - | - | - | - | - | | | | |
| | 14 | - | - | - | - | - | | | | |
| | 15 | - | - | - | - | - | | | | |
| | 16 | - | - | - | - | - | | | | |
| | 17 | - | - | - | - | - | | | | |
| | 18 | - | - | - | - | - | | | | |
| | 19 | - | - | - | - | - | | | | |
| | 20 | - | - | - | - | - | | | | |
| 1 | 21 | ✓ | ✓ | ✓ | ✓ | = | | | | |
| | 22 | - | - | - | - | - | | | | |
| | 23 | - | - | - | - | - | | | | |
| | 24 | - | - | - | - | - | | | | |
| | 25 | - | - | - | - | - | | | | |
| | 26 | ✓ | - | - | - | - | | | | |
| | 27 | ✓ | - | - | - | - | | | | |
| | 28 | ✓ | - | - | - | - | | | | |
| | 29 | ✓ | - | - | - | - | | | | |
| 2 | 30 | ✓ | ✓ | ✓ | ✓ | = | | | | |
| | 31 | - | - | - | - | - | | | | |
| | 32 | - | - | - | - | - | | | | |
| | 33 | - | - | - | - | - | | | | |
| | 34 | - | - | - | - | - | | | | |
| | 35 | ✓ | - | - | - | - | | | | |
| | 36 | - | - | - | - | - | | | | |
| | 37 | ✓ | - | - | - | - | | | | |
| | 38 | ✓ | - | - | - | - | | | | |
| | 39 | ✓ | - | - | - | - | | | | |
| | 40 | ✓ | - | - | - | - | | | | |
| | 41 | ✓ | - | - | - | - | | | | |
| | 42 | ✓ | - | - | - | - | | | | |

| *Index of Claims* | Application/Control No.<br>18/329,082 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/20/2023 | 04/01/2024 | 07/05/2024 | 09/19/2024 | 01/14/2026 | | | | |
| | 43 | ✓ | - | - | - | - | | | | |
| | 44 | ✓ | - | - | - | - | | | | |
| | 45 | ✓ | - | - | - | - | | | | |
| | 46 | ✓ | - | - | - | - | | | | |
| | 47 | ✓ | - | - | - | - | | | | |
| | 48 | ✓ | - | - | - | - | | | | |
| | 49 | ✓ | - | - | - | - | | | | |
| | 50 | ✓ | - | - | - | - | | | | |
| 3 | 51 | | ✓ | ✓ | ✓ | = | | | | |
| 4 | 52 | | ✓ | ✓ | ✓ | = | | | | |
| 5 | 53 | | ✓ | ✓ | ✓ | = | | | | |
| 6 | 54 | | ✓ | ✓ | ✓ | = | | | | |
| 7 | 55 | | ✓ | ✓ | ✓ | = | | | | |
| | 56 | | ✓ | - | - | - | | | | |
| | 57 | | ✓ | - | - | - | | | | |
| 8 | 58 | | ✓ | ✓ | ✓ | = | | | | |
| 9 | 59 | | | ✓ | ✓ | = | | | | |
| | 60 | | | ✓ | ✓ | - | | | | |
| 10 | 61 | | | ✓ | ✓ | = | | | | |
| 11 | 62 | | | ✓ | ✓ | = | | | | |
| 12 | 63 | | | ✓ | ✓ | = | | | | |
| 13 | 64 | | | ✓ | ✓ | = | | | | |
| 14 | 65 | | | ✓ | ✓ | = | | | | |
| 15 | 66 | | | ✓ | ✓ | = | | | | |
| 16 | 67 | | | ✓ | ✓ | = | | | | |
| 17 | 68 | | | ✓ | ✓ | = | | | | |
| | 69 | | | | ✓ | - | | | | |
| | 70 | | | | ✓ | - | | | | |
| | 71 | | | | ✓ | - | | | | |
| | 72 | | | | ✓ | - | | | | |
| | 73 | | | | ✓ | - | | | | |
| | 74 | | | | ✓ | - | | | | |
| | 75 | | | | ✓ | - | | | | |
| | 76 | | | | ✓ | - | | | | |
| | 77 | | | | ✓ | - | | | | |
| | 78 | | | | ✓ | - | | | | |
| | 79 | | | | ✓ | - | | | | |
| | 80 | | | | ✓ | - | | | | |
| | 81 | | | | ✓ | - | | | | |
| | 82 | | | | ✓ | - | | | | |
| | 83 | | | | ✓ | - | | | | |
| | 84 | | | | ✓ | - | | | | |
| | 85 | | | | ✓ | - | | | | |
| | 86 | | | | ✓ | - | | | | |
| | 87 | | | | ✓ | - | | | | |
| 18 | 88 | | | | ✓ | = | | | | |
| 19 | 89 | | | | ✓ | = | | | | |
| 20 | 90 | | | | ✓ | = | | | | |
| 21 | 91 | | | | ✓ | = | | | | |
| | 92 | | | | ✓ | - | | | | |
| 22 | 93 | | | | ✓ | = | | | | |
| 23 | 94 | | | | ✓ | = | | | | |

| *Index of Claims* | Application/Control No. 18/329,082 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/20/2023 | 04/01/2024 | 07/05/2024 | 09/19/2024 | 01/14/2026 | | | | |
| 24 | 95 | | | | ✓ | = | | | | |
| 25 | 96 | | | | ✓ | = | | | | |
| 26 | 97 | | | | ✓ | = | | | | |
| | 98 | | | | ✓ | - | | | | |
| 27 | 99 | | | | ✓ | = | | | | |

## PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via the USPTO patent electronic filing system.

By mail, send to: Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

By fax, send to: (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications. **Because electronic patent issuance may occur shortly after issue fee payment, any desired continuing application should preferably be filed prior to payment of this issue fee in order not to jeopardize copendency.**

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

26158 7590 02/11/2026

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING P.O. Box 570489
ATLANTA, GA 30357-0037

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via the USPTO patent electronic filing system or by facsimile to (571) 273-2885, on the date below.

| | |
|---|---|
| Shari Elofson | (Typed or printed name) |
| /Shari Elofson/ | (Signature) |
| Filed March 9, 2026 | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/329,082 | 06/05/2023 | Dane Brooks Barnes | S105508 1010US.C9 (0044.8 | 7778 |

TITLE OF INVENTION: SHADING SYSTEM AND METHOD OF USE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1290 | $0.00 | $0.00 | $1290 | 05/11/2026 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HAWK, NOAH CHANDLER | 3636 | 135-128000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/AIA/122 or PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/AIA/47 or PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Womble Bond Dickinson (US) LLP
2 ____________
3 ____________

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE: **Shibumi Shade, Inc.**

(B) RESIDENCE: (CITY and STATE OR COUNTRY): **Raleigh, NORTH CAROLINA**

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☒ Corporation or other private group entity ☐ Government

4a. Fees submitted: ☒ Issue Fee ☐ Publication Fee (if required)

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

☒ Electronic Payment via the USPTO patent electronic filing system ☐ Enclosed check ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. 09-0528

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

☐ Applicant asserting small entity status. See 37 CFR 1.27

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

☐ Applicant changing to regular undiscounted fee status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature /Lauren F. Anderson/ Date March 9, 2026

Typed or printed name Lauren F. Anderson Registration No. 69,344

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **03/09/2026 03:46:52 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 74773643 | FILING DATE | 06/05/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 1

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C9_0044_8_Issue Fee.pdf | 1 | Issue Fee Payment (PTO-85B) | 312 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C9_0044_8_Issue Fee.pdf | 42F28C2763F651F0AD1F079C73A30743C286F5A164BCE73E72FB741881938D3C062E49E5B660934DF71671C9FDF6FAE54329E29D6F61373DEE1D9FBA960412A9 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/329,082** | **03/09/2026 03:46:52 PM Z ET** | **S105508 1010US.C9 (0044.8** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 7778 | FILED BY | Shari Elofson |
| PATENT CENTER # | 74773643 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 06/05/2023 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E202639F47115704** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1501 | UTILITY ISSUE FEE | 1290.00 | 1 | 1290.00 |
| | | | **TOTAL AMOUNT:** | **$1,290.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.