# EXHIBIT 13

# SCORE Placeholder Sheet for IFW Content

Application Number: 18348882          Document Date: 07/07/2023

The presence of this form in the IFW record indicates that the following document type was received in electronic format on the date identified above.  This content is stored in the SCORE database.

Since this was an electronic submission, there is no physical artifact folder, no artifact folder is recorded in PALM, and no paper documents or physical media exist.  The TIFF images in the IFW record were created from the original documents that are stored in SCORE.

- Drawing

At the time of document entry (noted above):
- USPTO employees may access SCORE content via DAV or via the SCORE web page.
- External customers may access SCORE content via PAIR using the Supplemental Content tab.

Form Revision Date:  March 1, 2019

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT4547643

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT |

## CONVEYING PARTY DATA

| Name | Execution Date |
|---|---|
| DANE BROOKS BARNES | 08/08/2017 |
| ALEXANDER GRIFFITH SLATER | 08/08/2017 |
| SCOTT CHRISTIAN BARNES | 08/08/2017 |

## RECEIVING PARTY DATA

| | |
|---|---|
| Name: | SHIBUMI SHADE, LLC |
| Street Address: | 614 HOLDEN ST |
| City: | RALEIGH |
| State/Country: | NORTH CAROLINA |
| Postal Code: | 27604-1949 |

## PROPERTY NUMBERS Total: 1

| Property Type | Number |
|---|---|
| Application Number: | 15675715 |

## CORRESPONDENCE DATA

**Fax Number:**

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| Phone: | 919-348-2194 |
| Email: | lgravatt@nkpatentlaw.com |
| Correspondent Name: | NK PATENT LAW |
| Address Line 1: | 4917 WATERS EDGE DRIVE |
| Address Line 2: | SUITE 275 |
| Address Line 4: | RALEIGH, NORTH CAROLINA 27606 |

| ATTORNEY DOCKET NUMBER: | 785/2 UTIL |
|---|---|
| NAME OF SUBMITTER: | WILLIAM LYLE GRAVATT |
| SIGNATURE: | /William Lyle Gravatt/ |
| DATE SIGNED: | 08/12/2017 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

**Total Attachments: 3**
source=785-2UTIL-20170812-Dec-Asssign-signed#page1.tif
source=785-2UTIL-20170812-Dec-Asssign-signed#page2.tif

source=785-2UTIL-20170812-Dec-Asssign-signed#page3.tif

785/2 UTIL

<h1 style="text-align:center"><u>DECLARATION AND ASSIGNMENT OF RIGHTS</u></h1>

As a below named inventor (hereinafter designated as the undersigned or the Assignor, where appropriate), I hereby declare that:

The application is as identified by the attorney docket number, title, Filing Date, or Application Title as set forth in the following Table I.

The application in Table I was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the applications in Table I.

The undersigned hereby acknowledges that any willful false statement made in this declaration is punishable under 18 U.S.C. § 1001 by fine or imprisonment of not more than five (5) years, or both.

WHEREAS, the undersigned, **Dane Brooks Barnes, Alexander Griffith Slater and Scott Christian Barnes**, (hereinafter "Assignor") has invented certain new and useful improvements described in the application(s) identified in Table I.

AND, WHEREAS, **SHIBUMI SHADE, LLC**, having a place of business at 614 Holden Street, Raleigh, NC 27604-1949 (hereinafter "Assignee"), has already acquired an interest in the application(s) identified in Table I by and through an employment or other agreement between Assignor and Assignee. I further authorize an agent of the Assignee to insert the filing date, application number, and any other identifying particulars as required for perfecting these assignment papers.

However, in the avoidance of doubt and as confirmation of the already acquired interest by Assignee, NOW, THEREFORE, To Whom It May Concern, be it known that for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor has assigned and by these presents does hereby sell, assign, transfer, and convey unto the Assignee, its successors and assigns, his entire right, title, and interest in and to the invention and application, including the right to sue for past infringements and any other prior occurring rights, provided any such rights exist, and in and to any and all domestic and foreign patent applications filed on the invention, and in and to any and all continuations, continuations-in-part, or divisions thereof, and in and to any and all Letters Patent of the United States of America, and all foreign countries or reissues thereof which may be granted therefor or thereon, for the full end of the term for which said Letters Patent may be granted, together with his right to claim the priority of said application in all foreign countries in accordance with the International

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 5 of 342

Convention, the same to be held and enjoyed by said Assignee, its successors and assigns, as fully and entirely as the same would have been held and enjoyed by Assignor if this assignment and sale had not been made. Assignor further assigns to Assignee the right to claim entitlement and/or priority to any applications that entitlement or priority may be claimed for this or any later filed application, including the assignment of any provisionals or other priority documents to which the inventions claim priority to. The assignment of the right to claim entitlement and/or priority is executed *nunc pro tunc* and is considered effective as of the filing date of the earliest application to which priority and/or entitlement is claimed.

Assignor hereby requests that said Letters Patent be issued in accordance with this assignment.

Assignor further covenants and agrees that, at the time of the execution and delivery of these presents, Assignor possesses full title to the invention and application above-mentioned, and that he has the unencumbered right and authority to make this assignment.

Assignor further covenants and agrees, and likewise binds his heirs, legal representatives and assigns, to promptly communicate to said Assignee or its representatives any facts known to him relating to said invention, to testify in any interference or legal proceedings involving said invention, to execute any additional papers which may be requested to confirm the right of the Assignee, its representatives, successors and assigns to secure patent or similar protection for the said invention in all countries and to vest in the Assignee complete title to the said invention and Letters Patent, without further compensation, but at the expense of said Assignee, its successors, assigns and other legal representatives.

<<<<<<<<    TABLE I and Signature Page follows    >>>>

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 6 of 342

## TABLE I

| Application No. | Attorney Docket No. | Filing Date | Title |
|---|---|---|---|
| 15/675,715 | 785/2 UTIL | 2017-08-12 | SHADING SYSTEM AND METHOD OF USE |

Executed this __8__ day of ____August____, 2017.

_Dane Barnes_

**Dane Brooks Barnes**

_Alex Slater_

**Alexander Griffith Slater**

_Scott Barnes_

**Scott Christian Barnes**

**(Assignors)**

Executed this __8__ day of ____August____, 2017.

**SHIBUMI SHADE, LLC**

_____

Name: _Dane Barnes_

Title: Officer, Shibumi Shade, LLC

**(Assignee)**

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 7 of 342

PTO/SB/17 (12-22)
Approved for use through 05/31/2024. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number

# FEE TRANSMITTAL

| Complete if known | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Examiner Name | To Be Assigned |
| Art Unit | To Be Assigned |

☐ Applicant asserts small entity status. See 37 CFR 1.27.

☐ Applicant certifies micro entity status. See 37 CFR 1.29.
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

| TOTAL AMOUNT OF PAYMENT | ($) 6160 | Practitioner Docket No. | S105508 1010US.C10 (0051.1) |
|---|---|---|---|

**METHOD OF PAYMENT** (check all that apply)

☐ Check  ☐ Credit Card  ☐ Money Order  ☐ None  ☐ Other (please identify): _____

☒ Deposit Account  Deposit Account Number: 09-0528  Deposit Account Name: _____

For the above-identified deposit account, the Director is hereby authorized to (check all that apply):

☒ Charge fee(s) indicated below  ☐ Charge fee(s) indicated below, **except for the filing fee**

☒ Charge any additional fee(s) or underpayment of fee(s) under 37 CFR 1.16 and 1.17  ☒ Credit any overpayment of fee(s)

**WARNING**: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

**FEE CALCULATION**

**1. BASIC FILING, SEARCH, AND EXAMINATION FEES** (U = undiscounted fee; S = small entity fee; M = micro entity fee)

| | FILING FEES | | | SEARCH FEES | | | EXAMINATION FEES | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Application Type** | **U ($)** | **S ($)** | **M ($)** | **U ($)** | **S ($)** | **M ($)** | **U ($)** | **S ($)** | **M ($)** | **Fees Paid ($)** |
| Utility | 320 | 128* | 64 | 700 | 280 | 140 | 800 | 320 | 160 | 1820 |
| Design | 220 | 88 | 44 | 160 | 64 | 32 | 640 | 256 | 128 | |
| Plant | 220 | 88 | 44 | 440 | 176 | 88 | 660 | 264 | 132 | |
| Reissue | 320 | 128 | 64 | 700 | 280 | 140 | 2,320 | 928 | 464 | |
| Provisional | 300 | 120 | 60 | 0 | 0 | 0 | 0 | 0 | 0 | |

* The $128 small entity filing fee for a utility application is further reduced to $64 for a small entity applicant who files the application via Patent Center or EFS-Web.

**2. EXCESS CLAIM FEES**

| **Fee Description** | **Undiscounted Fee ($)** | **Small Entity Fee ($)** | **Micro Entity Fee ($)** |
|---|---|---|---|
| Each claim over 20 (including Reissues) | 100 | 40 | 20 |
| Each independent claim over 3 (including Reissues) | 480 | 192 | 96 |
| Multiple dependent claims | 860 | 344 | 172 |

| **Total Claims** | | **Extra Claims** | **Fee ($)** | **Fee Paid ($)** | |
|---|---|---|---|---|---|
| 20 | -20 or HP = | _____ x | _____ = | _____ | **Multiple Dependent Claims** |

HP = highest number of total claims paid for, if greater than 20.

| | | | | **Fee ($)** | **Fee Paid ($)** |
|---|---|---|---|---|---|

| **Indep. Claims** | | **Extra Claims** | **Fee ($)** | **Fee Paid ($)** |
|---|---|---|---|---|
| 3 | -3 or HP = | _____ x | _____ = | _____ |

HP = highest number of independent claims paid for, if greater than 3.

**3. APPLICATION SIZE FEE**

If the specification and drawings exceed 100 sheets of paper (excluding electronically filed sequence or computer listings under 37 CFR 1.52(e)), the application size fee due is $420 ($168 for small entity) ($84 for micro entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s).

| **Total Sheets** | **Extra Sheets** | **Number of each additional 50 or fraction thereof** | **Fee ($)** | **Fee Paid ($)** |
|---|---|---|---|---|
| 22 - 100 = | _____ / 50 = | _____ (round **up** to a whole number) x | _____ = | _____ |

**4. OTHER FEE(S)**

| | **Fees Paid ($)** |
|---|---|
| Non-English specification, $140 fee ($56 for small entity) ($28 for micro entity) | _____ |
| **Non-electronic filing fee under 37 CFR 1.16(t) for a utility application, $400 fee ($200 small or micro entity)** | _____ |
| Other (e.g., late filing surcharge): Request for Prioritized Examination and processing fee | 4340 |

**SUBMITTED BY**

| Signature | /Lauren F. Anderson/ | Registration No. (Attorney/Agent) 69,344 | Telephone (919) 755-8127 |
|---|---|---|---|
| Name (Print/Type) | Lauren F. Anderson | | Date July 7, 2023 |

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0032. Public burden for this form is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. If filing this completed form by mail, send to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a Federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 9) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

# Additional Uses

Additional USPTO uses of the information in this record may include disclosure to: 1) the International Bureau of the World Intellectual Property Organization, if the record is related to an international application filed under the Patent Cooperation Treaty;  2) the public i) after publication of the application pursuant to 35 U.S.C. 122(b), ii) after issuance of a patent pursuant to 35 U.S.C. 151, iii) if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections, or an issued patent, or iv) without publication of the application or patent under the specific circumstances provided for by 37 CFR 1.14(a)(1)(v)-(vii); and/or 3) the National Archives and Records Administration, for inspection of records.

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 03/31/2021. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Title | SHADING SYSTEM AND METHOD OF USE |
| Art Unit | To Be Assigned |
| Examiner Name | To Be Assigned |
| Attorney Docket Number | S105508 1010US.C10 (0051.1) |

## SIGNATURE of Applicant or Patent Practitioner

| Signature | /Lauren F. Anderson/ | Date (Optional) | |
|---|---|---|---|
| Name | Lauren F. Anderson | Registration Number | 69,344 |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | Shibumi Shade, Inc. | | |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 03/31/2021. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in <u>either</u> the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| | |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[✔] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:

26158

**OR**

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[✔] The address associated with the above-mentioned Customer Number

**OR**

[ ] The address associated with Customer Number:

**OR**

| [ ] Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip | |
| Country | |
| Telephone | Email | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

## SHIBUMI SHADE, INC.

[ ] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[✔] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

### SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | 4/14/2020 |
|---|---|---|---|
| Name | Dane Barnes | | |
| Title | President | | |

<u>NOTE:</u> Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.



# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/348,882** | **07/07/2023 04:49:34 PM ET** | **S105508 1010US.C10(0051.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 62404943 | FILING DATE | - |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents                                           TOTAL DOCUMENTS: 20

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C10_0051_1_ADS.pdf | 10 | Application Data Sheet | 2175 KB |
| S105508_1010US_C10_0051_1_Stmt_373.pdf | 3 | Miscellaneous Incoming Letter | 188 KB |
| S105508_1010US_C10_0051_1_TrackOne_Request.pdf | 2 | Track One Request | 121 KB |
| S105508_1010US_C10_0051_1_TrackOne_Fee_Transmittal.pdf | 2 | Fee Worksheet (SB06) | 423 KB |
| S105508_1010US_C10_0051 | 2 | Transmittal of New Application | 511 KB |

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 12 of 342

1_1_Transmittal.pdf

| | | | | |
|---|---|---|---|---|
| S105508_1010US_C10_005 1_1_Declaration_from_Paren t.PDF | | 5 | Oath or Declaration filed | 328 KB |
| S105508_1010US_C10_005 1_1_Preliminary_Amendment .pdf | | 12 | - | 1020 KB |

Warning: The attached file contains comments or annotations. Comments are not recommended and may cause processing problems with the document.

| | | | | |
|---|---|---|---|---|
| S105508_1010US_C10_00 51_1_Preliminary_Amendm ent-A.PE.pdf | (1-1) | 1 | Preliminary Amendment | 104 KB |
| S105508_1010US_C10_00 51_1_Preliminary_Amendm ent-SPEC.pdf | (2-3) | 2 | Specification | 70 KB |
| S105508_1010US_C10_00 51_1_Preliminary_Amendm ent-DRW.pdf | (4-4) | 1 | Drawings-only black and white line drawings | 67 KB |
| S105508_1010US_C10_00 51_1_Preliminary_Amendm ent-CLM.pdf | (5-9) | 5 | Claims | 111 KB |
| S105508_1010US_C10_00 51_1_Preliminary_Amendm ent-REM.pdf | (10-11) | 2 | Applicant Arguments/Remarks Made in an Amendment | 105 KB |
| S105508_1010US_C10_00 51_1_Preliminary_Amendm ent-DRW.NONBW.pdf | (12-12) | 1 | Drawings-other than black and white line drawings | 859 KB |
| S105508_1010US_C10_005 1_1_IDS_Cover.pdf | | 1 | Transmittal Letter | 122 KB |

| | | | |
|---|---|---|---|
| S105508_1010US_C10_005 1_1_Fee_Transmittal.pdf | 2 | Fee Worksheet (SB06) | 604 KB |
| S105508_1010US_C10_005 1_1_IDS_1449.pdf | 7 | Information Disclosure Statement (IDS) Form (SB08) | 219 KB |

Warning: This is not a USPTO supplied IDS fillable form. Data in the form cannot be automatically loaded to other USPTO systems.

| | | | | |
|---|---|---|---|---|
| S105508_1010US_C10_005 1_1_POA.pdf | | 2 | Power of Attorney | 377 KB |
| S105508_1010US_C10_005 1_1_Drawings_from_Parent. PDF | | 7 | Drawings-only black and white line drawings | 425 KB |
| S105508_1010US_C10_005 1_1_Application_from_Parent .PDF | | 15 | - | 854 KB |
| S105508_1010US_C10_00 51_1_Application_from_Par ent-SPEC.pdf | (1-11) | 11 | Specification | 740 KB |
| S105508_1010US_C10_00 51_1_Application_from_Par ent-CLM.pdf | (12-14) | 3 | Claims | 164 KB |
| S105508_1010US_C10_00 51_1_Application_from_Par ent-ABST.pdf | (15-15) | 1 | Abstract | 56 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C10_0051_ 1_ADS.pdf | C8B0314FABB92BE939C12A5C315F3F5133F358D8E6E0C20C5 0C24960DA5A323A5EB194B08EF441591735B401264E13451C8 |

B4B898A4F34449BF5343982FE50A0

| | |
|---|---|
| S105508_1010US_C10_0051_1_Stmt_373.pdf | F593A6336DF2600E0FEA512D3E4502FFE52ED684AD46834E9A5EA33B383779AF194FCCFD261E47044BD8F596F357A1662A85B9ABE68F3A72BD719273FB361B96 |
| S105508_1010US_C10_0051_1_TrackOne_Request.pdf | 4EFFF971BE147167722652B2DF0DB061C9773B5E920086E2972CCA573966D769C7DEE6696D5DACCEBA5272EB3084A7F949EAF658228B94949D90A01E3FF08497 |
| S105508_1010US_C10_0051_1_TrackOne_Fee_Transmittal.pdf | 369B1DA57D8609482B40CF7E5D8913E6CF120E9D7FCA676A3C7DEAFAF43EFFD42618F9FB9ACF5AB8240100EEBB4F25CCCEF661B03753BAFE626F2513B9E06E04 |
| S105508_1010US_C10_0051_1_Transmittal.pdf | 4CFDC0EBDFBFC8A933BBFDB0B8741C28D5D89E36968640C45F0F293F1F08D1F6D72A9B5E6BF3FE96EA9D342B14E87B55DC6EC11D103795FA892F36084867430A |
| S105508_1010US_C10_0051_1_Declaration_from_Parent.PDF | 8188621256587531489D16B877770DA3C3AA3DD9ABCAC746AB5A6E36382CF6BAC06C177EB59EA82113E8444C23895154E60D9F34373DB19B2736CFF17831E2292 |
| S105508_1010US_C10_0051_1_Preliminary_Amendment.pdf | 49477E58CFECF34FCACD5DFC8BFA95689611A4E8D6567565F69FFE094D12AD0301B309CD43B4C8DCED4DB6F845F528969071BA724F6BD34C0EFE90F00767783 |
| S105508_1010US_C10_0051_1_Preliminary_Amendment-A.PE.pdf | C2AD8A53ED75C12A7F5F9D9B9200F66B673E01F1648AE97F574E519A5C40BF94E9FD8C03D4B4F7B69ED7D6B9F79D6A5AFE5788EBC9681AB412F9AA1EC2FE8263 |
| S105508_1010US_C10_0051_1_Preliminary_Amendment-SPEC.pdf | 2DE6DFB35DB37FE42BA0C8CBA0F1166D355BC9BA4BF7C72964016439470F20BC52D94899AEE296963378904FA74DDB8A7635FA2597B8FC0E0EFE60A74FAF30BE |
| S105508_1010US_C10_0051_1_Preliminary_Amendment-DRW.pdf | 074492F77E1B2AB808516B556F970575890C0117ED038E39ECE717308D6B22E58279FA0618BBF2F39046C9831A44B7DEEDE5711793EF9C3DA902C51C279332F8 |
| S105508_1010US_C10_0051_1_Preliminary_Amendment- | 75E2050CD6A5BB88F5FA036927CF5914793340428E3F9BB285EA7FF1D53B60CACD77BD363B20E6E9183FE4A91543681C7F0 |

| | |
|---|---|
| CLM.pdf | F309C39AEDADAB3D6E3EFAE68066D |
| S105508_1010US_C10_0051_1_Preliminary_Amendment-REM.pdf | 3A30C78C6FE03AF47F2AAB1FC644541E9EFA09C89020AB896 4B8F1F52867666E9A19E52236162A8211E0949FD1E5C808FA4 F73B74F95B552E95FA34B532059AE |
| S105508_1010US_C10_0051_1_Preliminary_Amendment-DRW.NONBW.pdf | 6D1D88DAD0D66481B9EA24E2B44BEC6BF64483C21E53D391 371E3B972BAB9CD5CAC1C879B2A94B2B15FC22B9EBB29924 05D37B8C4E3E20D40EBF40DBE699B74D |
| S105508_1010US_C10_0051_1_IDS_Cover.pdf | 52F6CA30C22EB04D50776E2D286BC7C4CC43D432F0A5D718 E2CFEB5FD1E9E9747C3C3975A3072A8A42107D3718152724C 6000168EEE1C8D1E1AA0C3E4AB6FD95 |
| S105508_1010US_C10_0051_1_Fee_Transmittal.pdf | 718FCEC5E1CBBECC9BB5F821DFDD87BC15927102A684A84D DD1B6A0AD744D11CC57892D8A781A6A6945479E8BBE167FE6 253BA3B88767C211AAB52D63AD6C9D6 |
| S105508_1010US_C10_0051_1_IDS_1449.pdf | 991628B46CDCA4FCD9EB85B7F3944676BD2E7A1F0975D73C6 9BFA6B0D90F0179D11BD00AFE1DF02F2EF3EFF566246C3479 2DE2BFDB194B4153D044D505178964 |
| S105508_1010US_C10_0051_1_POA.pdf | 0C57432CF625D7E4130C6398E196D3AEB05BFDF28BD298577 BB9743DE4E3E863AC22688463018FF50D59ED11D62968446A D5E000E5DBAAF19D036ECB754CA6E0 |
| S105508_1010US_C10_0051_1_Drawings_from_Parent.PDF | B73D64980431C15BF5FCBB05381A467ADCC1F7BAFF575DE66 C7B040D5D087B52DF83E33CBB09E5106D44CA107A978074A9 FAC7A4B3B4A3433FF8BBF027F36131 |
| S105508_1010US_C10_0051_1_Application_from_Parent.PDF | DDE074F1425ADDBB05A5F419E5908862ED33F19FDA390AD9 C3090A01494206BEA9D1B3F27ECE8D2ED633CD22A6917494C 507575589ABAEBAEC4B7397201920BE |
| S105508_1010US_C10_0051_1_Application_from_Parent-SPEC.pdf | D8EF0479368D5A11D63300EF0380583E3BBA13036ED2874972 73CBC6C6CE3A9DDE2A1A84742C20135B2DA028EFE42AC032 F7269F8438984D42CAC9DE5B5448FB |
| S105508_1010US_C10_0051_1_Application_from_Parent- | 7FBDC3CE3741FDEFFE2F3486397321621 45A0298FC1AABB25 3C06481CDBFB003CDE658569D4B0041170310E066BEA84757 |

CLM.pdf                                    5BA7538F5FD6E1AE0EDE5E973A0B97

S105508_1010US_C10_0051_          C56B38A2653A04C54094152DD875EDF24457CAF289A05D083
1_Application_from_Parent-         3F1E131BDCC9128B55A166BA833FC96F545128DAF5F873D17
ABST.pdf                           89C5FAE7F7FE5E8738D4D13D9ACD43

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| In re: | Barnes *et al.* | Confirmation No.: | *To Be Assigned* |
|---|---|---|---|
| Appl. No.: | *To Be Assigned* | Group Art Unit: | *To Be Assigned* |
| Filed: | *Concurrently Herewith* | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:     S105508 1010US.C10 (0051.1)
Customer No.:   26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**PRELIMINARY AMENDMENT**
**37 CFR § 1.115**

Sir:

Please enter this Preliminary Amendment before calculating the claim fee and amend the above-identified application as follows:

**Amendments to the Specification** begin on page 2 of this paper.

**Amendments to the Drawings** are reflected on page 4 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 5 of this paper.

**Remarks** begin on page 10 of this paper.

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 18 of 342

Amendments to the Specification:

On page 1, after the title of the invention, please amend the following paragraph:

CROSS-REFERENCE TO RELATED APPLICATIONS

This application is a continuation of U.S. Application No. 18/329,082, filed June 5, 2023, which is continuation of U.S. Application No. 18/072,143, filed November 30, 2022, which is continuation of U.S. Application No. 17/471,658, filed September 10, 2021, and a continuation of U.S. Application No. 17/343,114, filed June 9, 2021, which granted December 27, 2022, as U.S. Patent No. 11,536,046, which is a continuation of U.S. Application No. 17/232,799, filed April 16, 2021, which granted April 25, 2023, as U.S. Patent No. 11,634,924, which is a continuation of U.S. Application No. 16/987,886, filed August 7, 2020, which granted September 7, 2021, as U.S. Patent No. 11,111,690, which is a continuation of U.S. Patent No. 16/224,465, filed December 18, 2018, which granted August 25, 2020, as U.S. Patent No. 10,753,117, which is a continuation of U.S. Application No. 15/675,715, filed August 12, 2017, which granted January 29, 2019, as U.S. Patent No. 10,190,330, which is a non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, ~~the contents of which are hereby incorporated by reference in its entirety~~ which applications are hereby incorporated by reference in their entirety in this application.

Please amend paragraph [0043] of the originally-filed application as follows.

As depicted in FIG. 2, the system 10 may further include a cable 30 extending through the plurality of sections 24 of the frame 12 from the left end 20 to the right end 22. The cable 30 may be elastic so that the sections 24 may be maneuvered between a transport configuration (e.g., FIG. 2) and a supporting configuration (e.g., FIG. 1), yet still remain adjacent and aligned end-to-end, the cable 30 being an example of an aligning component by providing supporting tension to the end-to-end alignment of the supporting configuration. The cable 30 may be affixed to an interior and/or cap 68 of the first section

64 and second section 66. The cable 30 may also be affixed to interiors of any of the other sections 24.

WBD (US) 62713269v1

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 20 of 342

Appl. No.: *To Be Assigned*
Filed: *Concurrently Herewith*
Amdt. Dated July 7, 2023

Amendment to the Drawings:

Please replace the original sheet including FIG. 1 with the replacement sheet including amended FIG. 1.

WBD (US) 62713269v1

Amendments to the Claims:

1. – 20.        (Canceled)

21.    (New)  A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame engaged with the surface;

a second section defining a right end of the frame engaged with the surface;

one or more third sections coupled into alignment and engaged with the first section, the one or more third sections additionally comprising at least one aligning component affixed to one or more of the third sections and providing supporting tension to the alignment in the supporting configuration and allowing the one or more third sections to be maneuvered between the transport configuration and the supporting configuration, the third sections being configured to engage with the first section in the supporting configuration; and

one or more fourth sections coupled into alignment and engaged with the second section, the one or more fourth sections additionally comprising at least one aligning component affixed to one or more of the fourth sections and providing supporting tension to the alignment in the supporting configuration and allowing the one or more fourth sections to be maneuvered between the transport configuration and the supporting configuration, the fourth sections being configured to engage with the second section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface;

WBD (US) 62713269v1

at least one loop defined at the suspension end of the canopy and configured for accepting a portion of the frame therethrough for engaging the canopy with the frame, the at least one loop extending at least partially through a length of the suspension end of the canopy;

at least a first fastener engaged with the suspension end of the canopy; and

at least a second fastener engaged with, or coupled to, the frame, the first and second fasteners being engageable for securing the canopy into position relative to the frame.

22. (New) The system of claim of claim 21, wherein the canopy has at least one set of parallel sides.

23. (New) The system of claim 21, wherein the first fastener is a hoop and the second fastener is a hook, the hoop being engageable with the hoop for securing the canopy into position relative to the frame.

24. (New) The system of claim 21, wherein the at least one aligning component comprises a cable extending through and affixed to one or more of the third and fourth sections of the frame.

25. (New) The system of claim 21, wherein the first and second sections of the frame are directly engageable with the surface.

26. (New) The system of claim 21, further comprising a container capable of housing and transporting the components of the system therein.

27. (New) The system of claim 21, wherein at least a portion of the first and second sections define a cylindrical shape.

28. (New) The system of claim 21, wherein the one or more third sections and the one or more fourth sections each have one or both of a male end and a female end.

WBD (US) 62713269v1

29.     (New)  A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising a cable extending through at least a portion of the sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; and

at least one loop extending at least a portion of the length of the suspension end from the left end to the right end and that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface;

a first fastener engaged with the suspension end of the canopy; and

a second fastener engaged with, or coupled to, the frame, the first and second fasteners being engageable for securing the canopy into position relative to the frame.

30.     (New)  The system of claim of claim 29, wherein the canopy has at least one set of parallel sides.

31.     (New)  The system of claim 29, wherein the first fastener is a hoop and the second fastener is a hook, the hoop being engageable with the hoop for securing the canopy into position relative to the frame.

32.     (New)  The system of claim 29, wherein the at least one aligning component comprises a cable extending through and affixed to one or more sections of the frame.

33.     (New)  The system of claim 29, wherein two of the sections of the frame are directly engageable with the surface.

WBD (US) 62713269v1

34.    (New)  The system of claim 33, wherein at least a portion of the two sections of the frame directly engageable with the surface define a cylindrical shape.

35.    (New)  The system of claim 29, further comprising a container capable of housing and transporting the components of the system therein.

36.    (New)  A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising a cable extending through at least a portion of the sections, each of the plurality of sections having one or both of a male end and a female end making the plurality of sections thereby engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end, the suspension end of the canopy including at least one fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface,

wherein the at least one fastener comprises a loop extending at least partially through a length of the suspension end of the canopy from the left end to the right end,

wherein the at least one fastener further comprises a hoop coupled to the canopy; and

a container capable of housing and transporting the components of the system therein.

37.    (New)  The system of claim 36, wherein the frame comprises at least one fastener engaged with, or coupled to, the frame, the at least one fastener on the frame being engageable with the hoop for securing the canopy into position relative to the frame.

WBD (US) 62713269v1

38.     (New)  The system of claim 36, wherein the at least one aligning component comprises a cable extending through and affixed to one or more sections of the frame.

39.     (New)  The system of claim 36, wherein two of the sections of the frame are directly engageable with the surface.

40.     (New)  The system of claim 39, wherein at least a portion of the two sections of the frame directly engageable with the surface define a cylindrical shape.

WBD (US) 62713269v1

## REMARKS

With this preliminary amendment, claims 1-20 are canceled and claims 21-40 are added. Original Fig. 1 is now amended include reference numeral 26 denoting the portion of the frame accepted through the loop 40. Support for this amendment can be found in at least, for example, paragraph [0037]. No new matter is added by way of this amendment. Claims 21-40 are now pending.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON JULY 7, 2023.**

WBD (US) 62713269v1

# Appendix

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 28 of 342

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 29 of 342



FIG. 1

PTO/AIA/96 (08-12)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

Applicant/Patent Owner: Shibumi Shade, Inc.

Application No./Patent No.: To Be Assigned          Filed/Issue Date: Concurrently Herewith

Titled: SHADING SYSTEM AND METHOD OF USE

Shibumi Shade, Inc. _____, a Corporation _____

(Name of Assignee)                    (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that, for the patent application/patent identified above, it is (choose **one** of options 1, 2, 3 or 4 below):

1. [✔]  The assignee of the entire right, title, and interest.

2. [ ]  An assignee of less than the entire right, title, and interest (check applicable box):

   [ ]  The extent (by percentage) of its ownership interest is _____%. Additional Statement(s) by the owners holding the balance of the interest <u>must be submitted</u> to account for 100% of the ownership interest.

   [ ]  There are unspecified percentages of ownership. The other parties, including inventors, who together own the entire right, title and interest are:

   |  |
   |--|
   |  |

   Additional Statement(s) by the owner(s) holding the balance of the interest <u>must be submitted</u> to account for the entire right, title, and interest.

3. [ ]  The assignee of an undivided interest in the entirety (a complete assignment from one of the joint inventors was made). The other parties, including inventors, who together own the entire right, title, and interest are:

   |  |
   |--|
   |  |

   Additional Statement(s) by the owner(s) holding the balance of the interest <u>must be submitted</u> to account for the entire right, title, and interest.

4. [ ]  The recipient, via a court proceeding or the like (*e.g.*, bankruptcy, probate), of an undivided interest in the entirety (a complete transfer of ownership interest was made). The certified document(s) showing the transfer is attached.

The interest identified in option 1, 2 or 3 above (not option 4) is evidenced by either (choose **one** of options A or B below):

A. [ ]  An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in the United States Patent and Trademark Office at Reel _____, Frame _____, or for which a copy thereof is attached.

B. [✔]  A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

   1. From: Barnes; Slater; Barnes          To: Shibumi Shade, LLC

      The document was recorded in the United States Patent and Trademark Office at
      Reel 043276, Frame 0936, or for which a copy thereof is attached.

   2. From: Shibumi Shade, LLC          To: Shibumi Shade, Inc.

      The document was recorded in the United States Patent and Trademark Office at
      Reel 052350, Frame 0912, or for which a copy thereof is attached.

[Page 1 of 2]

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/96 (08-12)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

3. From: _____ To: _____

          The document was recorded in the United States Patent and Trademark Office at

          Reel _____, Frame _____, or for which a copy thereof is attached.

4. From: _____ To: _____

          The document was recorded in the United States Patent and Trademark Office at

          Reel _____, Frame _____, or for which a copy thereof is attached.

5. From: _____ To: _____

          The document was recorded in the United States Patent and Trademark Office at

          Reel _____, Frame _____, or for which a copy thereof is attached.

6. From: _____ To: _____

          The document was recorded in the United States Patent and Trademark Office at

          Reel _____, Frame _____, or for which a copy thereof is attached.

☐   Additional documents in the chain of title are listed on a supplemental sheet(s).

☐   As required by 37 CFR 3.73(c)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

    [NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

/Lauren F. Anderson/            July 7, 2023

Signature            Date

Lauren F. Anderson            69,344

Printed or Typed Name            Title or Registration Number

[Page 2 of 2]

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PTO/SB/17i (12-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PROCESSING FEE Under 37 CFR 1.17(i) TRANSMITTAL

(Fees are subject to annual revision)

Send completed form to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450

| Application Number | To Be Assigned |
|---|---|
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Art Unit | To Be Assigned |
| Examiner Name | To Be Assigned |
| Practitioner Docket No. | S105508 1010US.C10 (0051.1) |

Enclosed is a paper filed under 37 CFR __1.102(e)__ that requires a processing fee (37 CFR 1.17(i)(1) or (2)).

Payment of $ __140__ is enclosed.

This form should be included with the above-mentioned paper and faxed or mailed to the Office using the appropriate Mail Stop, if applicable. For transmittal of petition fees under 37 CFR 1.17(f), (g) or (h), see form PTO/SB/17p or PTO/AIA/17p, as applicable.

◻ Applicant asserts small entity status. See 37 CFR 1.27.

◻ Applicant certifies micro entity status. See 37 CFR 1.29.
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

**Payment of Fees**

☑ The Commissioner is hereby authorized to charge the following fees to Deposit Account No. __09-0528__ :

☑ processing fee under 37 CFR 1.17(i)(1)      ◻ processing fee under 37 CFR 1.17(i)(2)      ☑ any deficiency of fees and credit of any overpayments

◻ Check in the amount of $ _____ is enclosed.      ☑ Payment via USPTO's patent electronic filing system (Patent Center or EFS-Web).

◻ Payment by credit card (Form PTO-2038 or equivalent is enclosed). Do not provide credit card information on this form.

## Processing Fees Under 37 CFR 1.17(i)(1):

**Undiscounted Fee $140 (Fee Code 1053)          Small Entity Fee $56 (Fee Code 2053)   Micro Entity Fee $28 (Fee Code 3053)**

For papers filed under:
**§ 1.28(c)(3)** - for processing a non-itemized fee deficiency based on an error in small entity status.
**§ 1.29(k)(3)** - for processing a non-itemized fee deficiency based on an error in micro entity status.
**§ 1.41(b)** - for supplying the name or names of the inventor or joint inventors in an application without either an application data sheet or the inventor's oath or declaration, except in provisional applications.
**§ 1.48** - for correcting inventorship, except in provisional applications.
**§ 1.52(d)** - for processing a nonprovisional application filed with a specification in a language other than English.
**§ 1.53(c)(3)** - to convert a provisional application filed under § 1.53(c) into a nonprovisional application under § 1.53(b).
**§ 1.71(g)(2)** - for processing a belated amendment under § 1.71(g).
**§ 1.102(e)** - for requesting prioritized examination of an application.
**§ 1.103(b)** - for requesting limited suspension of action, continued prosecution application for a design patent (§ 1.53(d)).
**§ 1.103(c)** - for requesting limited suspension of action, request for continued examination (§ 1.114).
**§ 1.103(d)** - for requesting deferred examination of an application.
**§ 1.291(c)(5)** - for processing a second or subsequent protest by the same real party in interest.
**§ 3.81** - for a patent to issue to assignee, assignment submitted after payment of the issue fee.

## Processing Fees Under 37 CFR 1.17(i)(2):

**Fee $140 (small and micro entity discounts are not available for the 37 CFR 1.17(i)(2) processing fee)**

For papers filed under:

**§ 1.217** - for processing a redacted copy of a paper submitted in the file of an application in which a redacted copy was submitted for the patent application publication. **FEE CODE 1808**
**§ 1.221** - for requesting voluntary publication or republication of an application. **FEE CODE 1803**

| SUBMITTED BY | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Registration No. (Attorney/Agent) 69,344 | Telephone (919) 755-8127 |
| Name (Print/Type) | Lauren F. Anderson | | Date July 7, 2023 |

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.** If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a Federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 9) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/ or expiration of the patent.

## Additional Uses

Additional USPTO uses of the information in this record may include disclosure to: 1) the International Bureau of the World Intellectual Property Organization, if the record is related to an international application filed under the Patent Cooperation Treaty;  2) the public i) after publication of the application pursuant to 35 U.S.C. 122(b), ii) after issuance of a patent pursuant to 35 U.S.C. 151, iii) if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections, or an issued patent, or iv) without publication of the application or patent under the specific circumstances provided for by 37 CFR 1.14(a)(1)(v)-(vii); and/or 3) the National Archives and Records Administration, for inspection of records.

# CERTIFICATION AND REQUEST FOR PRIORITIZED EXAMINATION
## UNDER 37 CFR 1.102(e) (Page 1 of 1)

| First Named Inventor: | Dane Brooks Barnes | Nonprovisional Application Number (if known): | |
|---|---|---|---|
| Title of Invention: | SHADING SYSTEM AND METHOD OF USE | | |

**APPLICANT HEREBY CERTIFIES THE FOLLOWING AND REQUESTS PRIORITIZED EXAMINATION FOR THE ABOVE-IDENTIFIED APPLICATION.**

1. The processing fee set forth in 37 CFR 1.17(i)(1) and the prioritized examination fee set forth in 37 CFR 1.17(c) have been filed with the request. The publication fee requirement is met because that fee, set forth in 37 CFR 1.18(d), is currently $0. The basic filing fee, search fee, and examination fee are filed with the request or have been already been paid. I understand that any required excess claims fees or application size fee must be paid for the application.

2. I understand that the application may not contain, or be amended to contain, more than four independent claims, more than thirty total claims, or any multiple dependent claims, and that any request for an extension of time will cause an outstanding Track I request to be dismissed.

3. The applicable box is checked below:

   I.   ☑ **Original Application (Track One) - Prioritized Examination under § 1.102(e)(1)**

   i.   (a) The application is an original nonprovisional utility application filed under 35 U.S.C. 111(a). This certification and request is being filed with the utility application via EFS-Web.
   ---OR---
   (b) The application is an original nonprovisional plant application filed under 35 U.S.C. 111(a). This certification and request is being filed with the plant application in paper.

   ii.  An executed inventor's oath or declaration under 37 CFR 1.63 or 37 CFR 1.64 for each inventor, **or** the application data sheet meeting the conditions specified in 37 CFR 1.53(f)(3)(i) is filed with the application.

   II.  ☐ **Request for Continued Examination - Prioritized Examination under § 1.102(e)(2)**

   i.   A request for continued examination has been filed with, or prior to, this form.
   ii.  If the application is a utility application, this certification and request is being filed via EFS-Web.
   iii. The application is an original nonprovisional utility application filed under 35 U.S.C. 111(a), or is a national stage entry under 35 U.S.C. 371.
   iv.  This certification and request is being filed prior to the mailing of a first Office action responsive to the request for continued examination.
   v.   No prior request for continued examination has been granted prioritized examination status under 37 CFR 1.102(e)(2).

| Signature /Lauren F. Anderson/ | Date July 7, 2023 |
|---|---|
| Name (Print/Typed) Lauren F. Anderson | Practitioner Registration Number 69,344 |

***Note:*** *This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. Submit multiple forms if more than one signature is required.* *

☐ *Total of _____ forms are submitted.

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

<table>
<tr><td rowspan="2" colspan="4"><strong>INFORMATION DISCLOSURE STATEMENT BY APPLICANT</strong></td><td colspan="2"><strong>Complete if Known</strong></td></tr>
</table>

| | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-1,129,194 | 02-23-1915 | Hanley | |
| | 2 | US-1,571,295 | 02-02-1926 | Newman | |
| | 3 | US-2,055,044 | 09-22-1936 | Nelson | |
| | 4 | US-2,186,510 | 01-09-1940 | Walter *et al.* | |
| | 5 | US-2,190,566 | 02-13-1940 | Julian | |
| | 6 | US-2,193,469 | 03-12-1940 | Ashton | |
| | 7 | US-2,554,688 | 05-29-1951 | Vollweiler | |
| | 8 | US-2,963,031 | 12-06-1960 | Carroll | |
| | 9 | US-3,042,053 | 07-03-1962 | Gabriel | |
| | 10 | US-3,051,185 | 08-28-1962 | Reynolds | |
| | 11 | US-3,052,249 | 09-04-1962 | Seaman *et al.* | |
| | 12 | US-3,070,107 | 12-25-1962 | Beatty | |
| | 13 | US-3,075,536 | 01-29-1963 | Parker | |
| | 14 | US-3,165,110 | 01-12-1965 | Brooks | |
| | 15 | US-3,190,300 | 06-22-1965 | Wear'n | |
| | 16 | US-3,261,134 | 07-19-1966 | Crist | |
| | 17 | US-3,286,962 | 11-22-1966 | Warth | |
| | 18 | US-3,388,711 | 06-18-1968 | Huddle | |
| | 19 | US-3,394,720 | 07-30-1968 | Moss | |
| | 20 | US-3,970,096 | 07-20-1976 | Nicolai | |
| | 21 | US-4,098,281 | 07-04-1978 | Bonfilio | |
| | 22 | US-4,312,371 | 01-26-1982 | Koon | |
| | 23 | US-4,404,980 | 09-20-1983 | Wade | |
| | 24 | US-4,590,956 | 05-27-1986 | Griesenbeck | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023.*

WBD (US) 62713265v1

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | Application Number | *To Be Assigned* | |
| | | | Filing Date | *Concurrently Herewith* | |
| | | | First Named Inventor | Dane Brooks Barnes | |
| | | | Art Unit | *To Be Assigned* | |
| | | | Examiner Name | *To Be Assigned* | |
| Sheet | 2 | of | 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

## U. S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| | 25 | US-4,646,770 | 03-03-1987 | Lobato | |
| | 26 | US-4,739,784 | 04-26-1988 | Fast | |
| | 27 | US-4,750,508 | 06-14-1988 | Tatoian | |
| | 28 | US-4,829,694 | 05-16-1989 | Oasheim | |
| | 29 | US-4,915,120 | 04-10-1990 | Ziolkowski | |
| | 30 | US-4,924,893 | 05-15-1990 | Furey | |
| | 31 | US-4,930,534 | 06-05-1990 | Hill | |
| | 32 | US-4,941,422 | 07-17-1990 | Muller | |
| | 33 | US-5,046,699 | 09-10-1991 | Perreault *et al.* | |
| | 34 | US-5,080,123 | 01-14-1992 | Stein | |
| | 35 | US-5,215,109 | 06-01-1993 | Kent, Jr. | |
| | 36 | US-5,291,640 | 03-08-1994 | Rise | |
| | 37 | US-5,299,590 | 08-05-1994 | Deibert *et al.* | |
| | 38 | US-5,358,209 | 10-25-1994 | Ward | |
| | 39 | US-5,546,971 | 08-20-1996 | Leonhardt | |
| | 40 | US-5,595,203 | 01-21-1997 | Espinosa | |
| | 41 | US-5,678,704 | 10-21-1997 | Deeds | |
| | 42 | US-5,690,134 | 11-25-1997 | McCauley | |
| | 43 | US-5,771,912 | 06-30-1998 | Swetish | |
| | 44 | US-5,823,217 | 10-20-1998 | Rice | |
| | 45 | US-5,927,311 | 07-27-1999 | Jager | |
| | 46 | US-5,950,649 | 09-14-1999 | Gerig | |
| | 47 | US-6,026,613 | 02-22-2000 | Quiring et al. | |
| | 48 | US-6,062,243 | 05-16-2000 | Touch et al. | |
| | 49 | US-6,209,149 | 04-03-2001 | Song *et al.* | |
| | 50 | US-6,272,695 | 08-14-2001 | Brandner | |
| | 51 | US-6,276,382 | 08-21-2001 | Bindschatel et al. | |

| Examiner Signature | | | Date Considered | |
|---|---|---|---|---|
| | | | | |

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023*

WBD (US) 62713265v1

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | Complete if Known | |
|---|---|---|---|---|
| | | | Application Number | *To Be Assigned* |
| | | | Filing Date | *Concurrently Herewith* |
| | | | First Named Inventor | Dane Brooks Barnes |
| | | | Art Unit | *To Be Assigned* |
| | | | Examiner Name | *To Be Assigned* |
| Sheet | 3 | of 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

| | | **U. S. PATENT DOCUMENTS** | | | |
|---|---|---|---|---|---|
| | 52 | US-6,286,531 | 09-11-2001 | Joo-Tai | |
| | 53 | US-6,321,861 | 11-27-2001 | Leichter | |
| | 54 | US-6,402,220 | 06-11-2002 | Allen | |
| | 55 | US-6,434,891 | 08-20-2002 | Cameron | |
| | 56 | US-6,964,277 | 11-15-2005 | Naber | |
| | 57 | US-7,021,866 | 04-04-2006 | Keefe | |
| | 58 | US-7,191,996 | 03-20-2007 | Patsalaridis | |
| | 59 | US-7,316,239 | 01-08-2008 | Yang | |
| | 60 | US-7,406,977 | 08-05-2008 | Shires | |
| | 61 | US-7,654,277 | 02-02-2010 | Brewer et al. | |
| | 62 | US-7,708,339 | 05-04-2010 | Zapater | |
| | 63 | US-7,721,361 | 05-25-2010 | Shubert | |
| | 64 | US-7,789,097 | 09-07-2010 | Sotirkys *et al.* | |
| | 65 | US-8,424,549 | 04-23-2013 | Goldsmith *et al.* | |
| | 66 | US-8,453,664 | 06-04-2013 | Parsons *et al.* | |
| | 67 | US-8,720,461 | 05-13-2014 | Nichols | |
| | 68 | US-8,899,251 | 12-02-2014 | Leung *et al.* | |
| | 69 | US-8,991,411 | 03-31-2015 | Neuman | |
| | 70 | US-9,051,755 | 06-09-2015 | Heining *et al.* | |
| | 71 | US-9,051,756 | 06-09-2015 | Jenkins | |
| | 72 | US-9,103,137 | 08-11-2015 | Williams | |
| | 73 | US-9,113,724 | 08-25-2015 | Heining *et al.* | |
| | 74 | US-9,187,924 | 11-17-2015 | Jackson *et al.* | |
| | 75 | US-9,371,641 | 06-21-2016 | Christensen *et al.* | |
| | 76 | US-9,394,719 | 07-19-2016 | Choi | |
| | 77 | US-9,394,721 | 07-19-2016 | Hotes *et al.* | |
| | 78 | US-9,435,133 | 09-06-2016 | Bourland | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023*

WBD (US) 62713265v1

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | Complete if Known | |
|---|---|---|---|---|
| | | | Application Number | *To Be Assigned* |
| | | | Filing Date | *Concurrently Herewith* |
| | | | First Named Inventor | Dane Brooks Barnes |
| | | | Art Unit | *To Be Assigned* |
| | | | Examiner Name | *To Be Assigned* |
| Sheet | 4 | of | 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

| | | **U. S. PATENT DOCUMENTS** | | | |
|---|---|---|---|---|---|
| | 79 | US-9,447,599 | 09-20-2016 | Parent | |
| | 80 | US-9,506,268 | 11-29-2016 | Bright *et al.* | |
| | 81 | US-9,903,134 | 02-27-2018 | Munnerlyn | |
| | 82 | US-10,066,417 | 09-04-2018 | Linyard *et al.* | |
| | 83 | US-10,190,330 | 01-29-2019 | Barnes et al. | |
| | 84 | US-10,252,778 | 04-09-2019 | Greer | |
| | 85 | US-10,602,817 | 03-31-2020 | Price | |
| | 86 | US-11,156,012 | 10-26-2021 | Graham | |
| | 87 | US-11,219,286 | 01-11-2022 | Cox | |
| | 88 | US-D256,829 | 09-09-1980 | Qui *et al.* | |
| | 89 | US-D263,984 | 04-20-1982 | Moss | |
| | 90 | US-D321,924 | 11-26-1991 | Bonner | |
| | 91 | US-D363,755 | 10-31-1995 | Diederich | |
| | 92 | US-D390,730 | 02-17-1998 | Gerhart et al. | |
| | 93 | US-D397,401 | 08-25-1998 | Diederich | |
| | 94 | US-D398,363 | 09-15-1998 | LoBue | |
| | 95 | US-D400,949 | 11-10-1998 | Gale | |
| | 96 | US-D421,532 | 03-14-2000 | Koroncai | |
| | 97 | US-D438,929 | 03-13-2001 | Middleton *et al.* | |
| | 98 | US-D544,062 | 06-05-2007 | Baker | |
| | 99 | US-D555,748 | 11-20-2007 | Gyr *et al.* | |
| | 100 | US-D577,092 | 09-16-2008 | West | |
| | 101 | US-D593,315 | 06-02-2009 | Zemel | |
| | 102 | US-D601,653 | 10-062009 | Kirkham, Jr. | |
| | 103 | US-D624,623 | 09-28-2010 | Viglione | |
| | 104 | US-D630,834 | 01-18-2011 | Cohen | |
| | 105 | US-D638,954 | 05-31-2011 | Nichols | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

\*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023*
WBD (US) 62713265v1

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 5 | of | 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

**U. S. PATENT DOCUMENTS**

| | | | | | |
|---|---|---|---|---|---|
| | 106 | US-D739,555 | 09-22-2015 | McAlister | |
| | 107 | US-D741,437 | 10-20-2015 | Zimmer *et al.* | |
| | 108 | US-D761,372 | 07-12-2016 | Cihal | |
| | 109 | US-D788,319 | 05-30-2017 | LeMoine et al. | |
| | 110 | US-D823,419 | 07-17-2018 | Ceccaldi | |
| | 111 | US-D829,839 | 10-02-2018 | Crimi | |
| | 112 | US-D843,200 | 03-19-2019 | Tjerrild | |
| | 113 | US-D859,808 | 09-17-2019 | Goldszer | |
| | 114 | US-D877,486 | 03-10-2020 | Chen | |
| | 115 | US-D928,899 | 08-24-2021 | Zhu | |
| | 116 | US-D947,411 | 03-29-2022 | Climent Bonet *et al.* | |
| | 117 | US-D947,975 | 04-05-2022 | Lah | |
| | 118 | US-D948,653 | 04-12-2022 | Lah | |
| | 119 | US-D960,277 | 08-09-2022 | Lah | |
| | 120 | US-D985,801 | 05-09-2023 | Collins | |
| | 121 | US-2003/0066550 | 04-10-2003 | Al-Ghamdi | |
| | 122 | US-2003/0089390 | 05-15-2003 | Seo | |
| | 123 | US-2007/0079857 | 04-12-2007 | Tseng | |
| | 124 | US-2007/0295380 | 12-27-2007 | Glaeser | |
| | 125 | US-2010/0212709 | 08-26-2010 | Sotirkys *et al.* | |
| | 126 | US-2012/0291830 | 11-22-2012 | Crimi | |
| | 127 | US-2013/0074894 | 03-28-2013 | Cook | |
| | 128 | US-2014/0041703 | 02-13-2014 | Funston | |
| | 129 | US-2014/0209132 | 07-31-2014 | Landry | |
| | 130 | US-2015/0040957 | 02-12-2015 | Mallookis *et al.* | |
| | 131 | US-2015/0252585 | 09-10-2015 | Mallookis *et al.* | |
| | 132 | US-2015/0354244 | 12-10-2015 | Fernandez Gonzalez | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023*

WBD (US) 62713265v1

| | | | | | Complete if Known | |
|---|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | | Application Number | *To Be Assigned* | |
| | | | | Filing Date | *Concurrently Herewith* | |
| | | | | First Named Inventor | Dane Brooks Barnes | |
| | | | | Art Unit | *To Be Assigned* | |
| | | | | Examiner Name | *To Be Assigned* | |
| Sheet | 6 | of | 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** | |

**U. S. PATENT DOCUMENTS**

| | | | | | |
|---|---|---|---|---|---|
| | 133 | US-2016/0017631 | 01-21-2016 | Gilmore | |
| | 134 | US-2016/0053508 | 02-25-2016 | Gutwenger *et al.* | |
| | 135 | US-2018/0106064 | 04-19-2018 | Barnes *et al.* | |
| | 136 | US-2018/0245367 | 08-30-2018 | Grieshop | |
| | 137 | US-2022/0024290 | 01-27-2022 | Howard | |
| | 138 | US-2023/0096848 | 03-30-2023 | Wang | |
| | 139 | US-2023/0151636 | 05-18-2023 | Li *et al.* | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 140 | AU 200511300 | 09-01-2005 | Gyr | | |
| | 141 | AU 2020100586 | 05-28-2020 | Fraser | | |
| | 142 | BR 302019005581 | 12-10-2019 | Vinicius Rolim Tamassia | | |
| | 143 | CA 2524310 | 04-25-2006 | Aqua-Leisure Industries, Inc | | |
| | 144 | CH 130505 | 05-14-2004 | Fischer | | |
| | 145 | CH 132260 | 12-15-2005 | Fischer | | |
| | 146 | DE 10 2009 020 795 | 11-04-2010 | Schmidt | | Abstract |
| | 147 | FR 2 884 844 | 04-26-2005 | Cahours De Virgile | | Abstract |
| | 148 | KR 10-1315166 | 10-07-2013 | Kang | | Machine Translation |
| | 149 | WO 82/03317 | 10-14-1982 | Montgomery | | |
| | 150 | WO 02/04768 | 01-17-2002 | Selby | | |
| | 151 | WO 2011/012969 | 02-03-2011 | De Pasquale | | |
| | 152 | WO 2020/089599 | 05-07-2020 | Osborne | | |
| | 153 | WO 2022/174316 | 08-25-2022 | Ribeiro Lucchese Gualdi | | Machine Translation |

| Examiner Signature | | | Date Considered | |
|---|---|---|---|---|
| | | | | |

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023*

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Complete if Known | |
|---|---|---|
| | Application Number | *To Be Assigned* |
| | Filing Date | *Concurrently Herewith* |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | *To Be Assigned* |
| | Examiner Name | *To Be Assigned* |

| Sheet | 7 | of | 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |
|---|---|---|---|---|---|

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 154 | YouTube video by Robert Marazzita: The Best Beach Cabana – Set Up and Tear Down, July 9, 2015, [site visited August 8, 2017], Available on the Internet URL: <https:www.youtube.com/watch?v=LfccH7yV6SE>. | |
| | 155 | YouTube video by Robb's Homemade Life: Make $15 Beach Shade tent Easy Quick DIY, October 6, 2015 [site visited August 8, 2017] Available on the internet URL: <www.youtube.com/watch?v+X20b4pLJx1c> | |
| | 156 | YouTube video by Beachspirit: Kitent (R) - the Floating beach tent for sun shade, October 8, 2016 [site visited August 8, 2017] Available on the internet URL: <https://m.youtube.com/watch?v=OUaDZeqdTkQ> | |
| | 157 | YouTube video by ZiggyShade Beach Sunshade: ZiggyShade – Beach Sunshade – Set up instructions, November 24, 2016 [site visited August 8, 2017] Available on the internet URL: <https://youtu.be/1krQ0rlumws> | |
| | 158 | YouTube video by bibitedog: How to set up a butterfly arch, May 26, 2012 [site visited December 18, 2018] Available on the internet URL: <https://www.youtube.com/watch?v=FOTYtjQAL4s> | |
| | 159 | Suniela Beach Portable Shade Cabanas, [site visited October 21, 2021], Available on the internet URL: <https://suniela.com> | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023.*

WBD (US) 62713265v1

PTO/AIA/14 (01-22)
Approved for use through 05/31/2024.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C10(0051.1 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

# Secrecy Order 37 CFR 5.2:

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2  (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

# Inventor Information:

**Inventor    1**    [Remove]
**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Dane | Brooks | Barnes | |

**Residence Information (Select One)**   ◉ US Residency   ○ Non US Residency   ○ Active US Military Service

| City | Raleigh | State/Province | NC | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 314 E Cabarrus Street | | |
|---|---|---|---|
| Address 2 | | | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27601 | Country i | US |

**Inventor    2**    [Remove]
**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Alexander | Griffith | Slater | |

**Residence Information (Select One)**   ◉ US Residency   ○ Non US Residency   ○ Active US Military Service

| City | Raleigh | State/Province | NC | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 601 N Bloodworth Street | | |
|---|---|---|---|
| Address 2 | | | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27604 | Country i | US |

**Inventor    3**    [Remove]
**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Scott | Christian | Barnes | |

**Residence Information (Select One)**   ◉ US Residency   ○ Non US Residency   ○ Active US Military Service

Case 5:24-cv-00588-FL   Document 28-13   Filed 03/23/26   Page 44 of 342

PTO/AIA/14 (01-22)
Approved for use through 05/31/2024. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C10(0051.1 |
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
| --- | --- |

| **City** | Raleigh | **State/Province** | NC | **Country of Residence** i | US |
| --- | --- | --- | --- | --- | --- |

**Mailing Address of Inventor:**

| **Address 1** | 123 E Martin Street | | |
| --- | --- | --- | --- |
| **Address 2** | | | |
| **City** | Raleigh | **State/Province** | NC |
| **Postal Code** | 27601 | **Country** i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button.

Add

# Correspondence Information:

**Enter either Customer Number or complete the Correspondence Information section below.
For further information see 37 CFR 1.33(a).**

☐ **An Address is being provided for the correspondence Information of this application.**

| **Customer Number** | 26158 | | |
| --- | --- | --- | --- |
| **Email Address** | IPDocketing@wbd-us.com | Add Email | Remove Email |

## Application Information:

| **Title of the Invention** | SHADING SYSTEM AND METHOD OF USE | | |
| --- | --- | --- | --- |
| **Attorney Docket Number** | S105508 1010US.C10(0051.1 | **Small Entity Status Claimed** | ☐ |
| **Application Type** | Nonprovisional | | |
| **Subject Matter** | Utility | | |
| **Total Number of Drawing Sheets (if any)** | 7 | **Suggested Figure for Publication (if any)** | 1 |

# Filing By Reference:

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
| --- | --- | --- |
| | | |

# Publication Information:

☐ Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☐ **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing.

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 45 of 342

PTO/AIA/14 (01-22)
Approved for use through 05/31/2024. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C10(0051.1 |
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |

# Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32).
Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ● Customer Number | ○ US Patent Practitioner | ○ Limited Recognition (37 CFR 11.9) |
| Customer Number | 26158 | | |

# Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, 365(c), or 386(c) or indicate National Stage entry from a PCT application. Providing benefit claim information in the Application Data Sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the "Application Number" field blank.

| Prior Application Status | Pending | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| | Continuation of | 18/329082 | 2023-06-05 |
| Prior Application Status | Pending | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| 18/329082 | Continuation of | 18/072143 | 2022-11-30 |
| Prior Application Status | Pending | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| 18/072143 | Continuation of | 17/471658 | 2021-09-10 |
| Prior Application Status | Patented | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 17/471658 | Continuation of | 17/232799 | 2021-04-16 | 11634924 | 2023-04-25 |
| Prior Application Status | Patented | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 18/072143 | Continuation of | 17/343114 | 2021-06-09 | 11536046 | 2022-12-27 |

EFS Web 2.2.13

PTO/AIA/14 (01-22)
Approved for use through 05/31/2024. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C10(0051.1 |
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
| --- | --- |

| Prior Application Status | Patented | | Remove |
| --- | --- | --- | --- |

| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| --- | --- | --- | --- | --- | --- |
| 17/343114 | Continuation of | 17/232799 | 2021-04-16 | 11634924 | 2023-04-25 |

| Prior Application Status | Patented | | Remove |
| --- | --- | --- | --- |

| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| --- | --- | --- | --- | --- | --- |
| 17/232799 | Continuation of | 16/987886 | 2020-08-07 | 11111690 | 2021-09-07 |

| Prior Application Status | Patented | | Remove |
| --- | --- | --- | --- |

| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| --- | --- | --- | --- | --- | --- |
| 16/987886 | Continuation of | 16/224465 | 2018-12-18 | 10753117 | 2020-08-25 |

| Prior Application Status | Patented | | Remove |
| --- | --- | --- | --- |

| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| --- | --- | --- | --- | --- | --- |
| 16/224465 | Continuation of | 15/675715 | 2017-08-12 | 10190330 | 2019-01-29 |

| Prior Application Status | Expired | | Remove |
| --- | --- | --- | --- |

| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| --- | --- | --- | --- |
| 15/675715 | Claims benefit of provisional | 62/409426 | 2016-10-18 |

| Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button. | Add |
| --- | --- |

# Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55. When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(i)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
| --- | --- | --- | --- |
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

| Additional Foreign Priority Data may be generated within this form by selecting the **Add** button. | Add |
| --- | --- |

EFS Web 2.2.13

PTO/AIA/14 (01-22)
Approved for use through 05/31/2024.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C10(0051.1 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

# Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.

NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

EFS Web 2.2.13

PTO/AIA/14 (01-22)
Approved for use through 05/31/2024. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C10(0051.1 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

# Authorization or Opt-Out of Authorization to Permit Access:

When this Application Data Sheet is properly signed and filed with the application, applicant has provided written authority to permit a participating foreign intellectual property (IP) office access to the instant application-as-filed (see paragraph A in subsection 1 below) and the European Patent Office (EPO) access to any search results from the instant application (see paragraph B in subsection 1 below).

Should applicant choose not to provide an authorization identified in subsection 1 below, applicant **must opt-out** of the authorization by checking the corresponding box A or B or both in subsection 2 below.

**NOTE**: This section of the Application Data Sheet is **ONLY** reviewed and processed with the **INITIAL** filing of an application. After the initial filing of an application, an Application Data Sheet cannot be used to provide or rescind authorization for access by a foreign IP office(s). Instead, Form PTO/SB/39 or PTO/SB/69 must be used as appropriate.

**1. Authorization to Permit Access by a Foreign Intellectual Property Office(s)**

**A. Priority Document Exchange (PDX)** - Unless box A in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the State Intellectual Property Office of the People's Republic of China (SIPO), the World Intellectual Property Organization (WIPO), and any other foreign intellectual property office participating with the USPTO in a bilateral or multilateral priority document exchange agreement in which a foreign application claiming priority to the instant patent application is filed, access to: (1) the instant patent application-as-filed and its related bibliographic data, (2) any foreign or domestic application to which priority or benefit is claimed by the instant application and its related bibliographic data, and (3) the date of filing of this Authorization. See 37 CFR 1.14(h)(1).

**B. Search Results from U.S. Application to EPO** - Unless box B in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the EPO access to the bibliographic data and search results from the instant patent application when a European patent application claiming priority to the instant patent application is filed. See 37 CFR 1.14(h)(2).

The applicant is reminded that the EPO's Rule 141(1) EPC (European Patent Convention) requires applicants to submit a copy of search results from the instant application without delay in a European patent application that claims priority to the instant application.

**2. Opt-Out of Authorizations to Permit Access by a Foreign Intellectual Property Office(s)**

☐ A. Applicant **DOES NOT** authorize the USPTO to permit a participating foreign IP office access to the instant application-as-filed. If this box is checked, the USPTO will not be providing a participating foreign IP office with any documents and information identified in subsection 1A above.

☐ B. Applicant **DOES NOT** authorize the USPTO to transmit to the EPO any search results from the instant patent application. If this box is checked, the USPTO will not be providing the EPO with search results from the instant application.

**NOTE:** Once the application has published or is otherwise publicly available, the USPTO may provide access to the application in accordance with 37 CFR 1.14.

EFS Web 2.2.13

PTO/AIA/14 (01-22)
Approved for use through 05/31/2024. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C10(0051.1 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

# Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

| **Applicant    1** | Remove |
|---|---|

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

Clear

| ⦿ Assignee | ◯ Legal Representative under 35 U.S.C. 117 | ◯ Joint Inventor |
|---|---|---|

| ◯ Person to whom the inventor is obligated to assign. | ◯ Person who shows sufficient proprietary interest |
|---|---|

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

| Name of the Deceased or Legally Incapacitated Inventor: | |
|---|---|

| If the Applicant is an Organization check here. | ☒ |
|---|---|

| Organization Name | Shibumi Shade, Inc. |
|---|---|

**Mailing Address Information For Applicant:**

| **Address 1** | 4039 Atlantic Avenue | | |
|---|---|---|---|
| Address 2 | | | |
| **City** | Raleigh | **State/Province** | NC |
| **Country** | US | Postal Code | 27604 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button.    Add

# Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

EFS Web 2.2.13

PTO/AIA/14 (01-22)
Approved for use through 05/31/2024. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C10(0051.1 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

**Assignee    1**

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

[Remove]

If the Assignee or Non-Applicant Assignee is an Organization check here.  ☐

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | | | | |

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| Address 1 | |
|---|---|
| Address 2 | |

| City | | State/Province | |
|---|---|---|---|
| Country $^i$ | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button.  [Add]

## Signature:

[Remove]

**NOTE:** This Application Data Sheet must be signed in accordance with 37 CFR 1.33(b). **However, if this Application Data Sheet is submitted with the INITIAL filing of the application and either box A or B is not checked in subsection 2 of the "Authorization or Opt-Out of Authorization to Permit Access" section, then this form must also be signed in accordance with 37 CFR 1.14(c).**

This Application Data Sheet **must** be signed by a patent practitioner if one or more of the applicants is a **juristic entity** (e.g., corporation or association). If the applicant is two or more joint inventors, this form must be signed by a patent practitioner, **all** joint inventors who are the applicant, or one or more joint inventor-applicants who have been given power of attorney (e.g., see USPTO Form PTO/AIA/81) on behalf of **all** joint inventor-applicants.

See 37 CFR 1.4(d) for the manner of making signatures and certifications.

| Signature | /Lauren F. Anderson/ | | | Date  (YYYY-MM-DD) | 2023-07-07 |
|---|---|---|---|---|---|
| First Name | Lauren | Last Name | Anderson | Registration Number | 69,344 |

Additional Signature may be generated within this form by selecting the Add button.  [Add]

EFS Web 2.2.13

PTO/AIA/14 (01-22)
Approved for use through 05/31/2024. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C10(0051.1 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 52 of 342

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent CooperationTreaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 53 of 342

Attorney's Docket No. **S105508 1010US.C10 (0051.1)**               PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re:        Barnes *et al.*                    Confirmation No.:   *To Be Assigned*
Appl. No.:    *To Be Assigned*                   Group Art Unit:     *To Be Assigned*
Filed:        *Concurrently Herewith*            Examiner:           *To Be Assigned*
For:          SHADING SYSTEM AND METHOD OF USE

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### INFORMATION DISCLOSURE STATEMENT
### CITATION UNDER 37 C.F.R. § 1.97

Sir:

Attached is a list of documents on form PTO-1449.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

Any foreign patents or non-patent literature documents items are attached, except those that were supplied in, or cited by the Office during prosecution of, parent Application No. 18/329,082, filed June 5, 2023. Since the benefit of this application was claimed under 35 U.S.C. 120, no copies need to be furnished in accordance with 37 C.F.R. 1.98(d); however, copies will be furnished on request.

<table>
<tr><td>

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

</td><td>

Respectfully submitted,

/lauren f. anderson/

Lauren F. Anderson
Registration No. 69,344

</td></tr>
</table>

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023.*

WBD (US) 62713257v1



FIG. 1

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 55 of 342



FIG. 2



**FIG. 3**



FIG. 4

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 58 of 342



FIG. 5



**FIG. 6**



FIG. 7

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 61 of 342

# SHADING SYSTEM AND METHOD OF USE

## CROSS-REFERENCE TO RELATED APPLICATIONS

[0001]     This application is a non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, the contents of which are hereby incorporated by reference in its entirety.

## TECHNICAL FIELD

[0002]     The presently disclosed subject matter is directed towards a system and method for providing shade from the sun.  Specifically, a transportable system and method of use for providing shade from the sun is disclosed that includes a canopy supported by a singular frame and an engaged counterweight.

## BACKGROUND

[0003]     Avoiding direct sunlight when outdoors is a ubiquitous problem faced by anyone who spends significant time outdoors. Shading systems of the prior art are typically ineffective or impractical to use for a number of reasons. Some systems include rigid canopy susceptible to being shifted or unanchored by wind. Other systems are cumbersome to transport or assemble, due to the number of parts involved, steps required during setup and/or low shade to weight ratios.

[0004]     Accordingly, there remains a need for systems and methods including flexible canopy structures capable of being at least partially supported by wind and configured for easy of transport and assembly.

## SUMMARY

[0005]     This Summary is provided to introduce a selection of concepts in a simplified form that are further described below in the Detailed Description. This Summary is not intended to identify key features or essential features of the claimed subject matter, nor is it intended to be used to limit the scope of the claimed subject matter. Further, the claimed subject matter is not

- 1 -

limited to implementations that solve any or all disadvantages noted in any part of this disclosure.

[0006]    According to at least one embodiment of the disclosed subject matter, a system for providing shade onto a surface is provided. The system includes a canopy configured for engagement with, and aerial suspension by, a frame; the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections, wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

[0007]    According to at least one embodiment of the disclosed subject matter, a method of providing shade to a surface is provided. The method includes coupling adjacent sections of a plurality of sections into end-to-end alignment to form a frame from a first end to a second end; sliding the frame through one or more loops of a canopy; securing the left end and the right end of the frame to the surface, thereby aerially suspending the canopy and providing shade to the surface.

[0008]    According to at least one embodiment of the disclosed subject matter, the system further includes a cable extending through the plurality of sections of the frame from the left end to the right end.

[0009]    According to at least one embodiment of the disclosed subject matter, the system further includes a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

[0010]    According to at least one embodiment of the disclosed subject matter, the system further includes at least one loop on a suspension end of the canopy, the loop configured for accepting a portion of the frame therethrough.

[0011]    According to at least one embodiment of the disclosed subject matter, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

[0012]    According to at least one embodiment of the disclosed subject matter, the system further includes at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

- 2 -

[0013]    According to at least one embodiment of the disclosed subject matter, wherein the at least one strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

[0014]    According to at least one embodiment of the disclosed subject matter, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

[0015]    According to at least one embodiment of the disclosed subject matter, wherein the at least one strap is elastic.

[0016]    According to at least one embodiment of the disclosed subject matter, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

[0017]    According to at least one embodiment of the disclosed subject matter, the system further includes a container for housing and transporting all of the other components of the system.

[0018]    According to at least one embodiment of the disclosed subject matter, wherein the container is also an anchor for housing weight, the container coupled to a cord, the cord engageable with, or coupled to, the canopy or frame.

[0019]    According to at least one embodiment of the disclosed subject matter, wherein the cord is attached to an interior bottom of the container for inverting the container to serve as the anchor for housing weight.

[0020]    According to at least one embodiment of the disclosed subject matter, wherein the container includes an interior compartment for housing the sections separate from the canopy.

[0021]    According to at least one embodiment of the disclosed subject matter, the method further includes filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

[0022]    According to at least one embodiment of the disclosed subject matter, wherein coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

- 3 -

[0023]    According to at least one embodiment of the disclosed subject matter, the method further includes unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

[0024]    According to at least one embodiment of the disclosed subject matter, the method further includes wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

[0025]    According to at least one embodiment of the disclosed subject matter, the method further includes fastening the at least one strap for locking the strap into position.


## BRIEF DESCRIPTION OF THE DRAWINGS

[0026]    The foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however, the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed.

[0027]    FIG. 1 is a perspective view of a system for providing shade according to one or more embodiments of the presently disclosed subject matter.

[0028]    FIG. 2 is a front view of a frame in a transport configuration according to one or more embodiments of the presently disclosed subject matter.

[0029]    FIG. 3 is a perspective view of at least one strap engageable with a canopy according to one or more embodiments of the presently disclosed subject matter.

[0030]    FIG. 4 is a perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter.

[0031]    FIG. 5 is a perspective view of a container serving as an anchor according to one or more embodiments of the presently disclosed subject matter.

[0032]    FIG. 6 is a perspective view of the container housing the system for shading according to one or more embodiments of the presently disclosed subject matter.

[0033]    FIG. 7 is a perspective view of the container having a compartment for housing sections of the frame according to one or more embodiments of the presently disclosed subject matter.

- 4 -

## DETAILED DESCRIPTION

[0034]     These descriptions are presented with sufficient details to provide an understanding of one or more particular embodiments of broader inventive subject matters. These descriptions expound upon and exemplify particular features of those particular embodiments without limiting the inventive subject matters to the explicitly described embodiments and features. Considerations in view of these descriptions will likely give rise to additional and similar embodiments and features without departing from the scope of the inventive subject matters. Although the term "step" may be expressly used or implied relating to features of processes or methods, no implication is made of any particular order or sequence among such expressed or implied steps unless an order or sequence is explicitly stated.

[0035]     Any dimensions expressed or implied in the drawings and these descriptions are provided for exemplary purposes. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to such exemplary dimensions. The drawings are not made necessarily to scale. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to the apparent scale of the drawings with regard to relative dimensions in the drawings. However, for each drawing, at least one embodiment is made according to the apparent relative scale of the drawing.

[0036]     FIG. 1 depicts one embodiment of a system 10 for providing shade 1 onto a surface 2. The system 10 may include a canopy 12 configured for engagement with, and aerial suspension by, a frame 14. The canopy 12 may include one or more lightweight materials, the material including one or more of the following properties: ripstop, polyester, blackout, light diffusion, light modification, and waterproof. The canopy 12 may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable sections 44.

[0037]     According to some embodiments, the canopy 12 may define a suspension end 42 positioned proximal to the frame 14 when the canopy 12 is engaged with the frame 14. The suspension end 42 may include one or more suspension fasteners 46 for engaging the canopy 12 with the frame 14. Fasteners 46, 52, 54, as used herein, may include any fasteners of the prior art, including but not limited to hooks and loops, male and female buttons, hook and slit or aperture, and/or magnets. FIG. 1 depicts the canopy 12 defining at least one loop 40 on the suspension end

- 5 -

42 of the canopy, the loop 40 configured for accepting a portion 26 of the frame 14 therethrough. Although the loop 40 of FIG. 1 extends the entire length of the suspension end 42, the loop 40, or plurality of loops 40, may only extend a smaller distance of the suspension end 42. In some embodiments, one or more loops 40 may include tie strings for engaging the suspension end 42 with the frame 14.

[0038]    The canopy 12 may be configured to suspend or be stored in any number of shapes and sizes. In some embodiments, the canopy 12 may define one or more vent holes and/or wind socks for permitting wind to pass therethrough. In other embodiments, the canopy 12 may define tails extending from a side opposite the suspension end 42.

[0039]    While the suspension end 42, suspension fasteners 46 and loop(s) 40 engage the canopy 12 to the frame 14, in some embodiments, additional securing mechanisms may be desired to secure the canopy 12 into position relative to the frame 14. FIGS. 1 and 3 depict embodiments of the system 10 including at least one strap 50 engageable with, or coupled to, the canopy 12 for securing the canopy 12 into position relative to the frame 14. The at least one strap 50 may be elastic rubber, gear ties, bungee cord, rope or any other material capable of wrapping about the frame 14 or other component of the system 10. The at least one strap 50 may engage or couple to the canopy 12 on either or both ends of the suspension end 42 and/or to the loop 40 of the suspension end 42. Each of the straps 50 may be configured to wrap about the frame 14, or engage the frame 14 using a strap fastener 52 and/or a canopy or frame fastener 54. In some embodiments, a strap 50 may include a canopy fastener 54 for engaging the canopy 12 (e.g., a ball at one end of the strap 50 for engaging a grommeted aperture of the canopy 12), and the strap 50 may be manipulated about the frame 14. Alternatively, a strap 50 may include both a strap fastener 52 on one end and a canopy fastener 54 on the other end for wrapping the strap 50 about the frame 14 and fastening the fasteners 52, 54 together (see, e.g., FIG. 3). In yet another alternative, the strap 50 may include be coupled or engaged to the canopy 12 on one end and include a frame fastener 54 on the other end for engaging the canopy 12 to the frame 14.

[0040]    The at least one strap 50 may be comprised of any number of materials, including but not limited to one or more of the following: fabric, rubber, plastic, and metal. In some embodiments, the at least one strap 50 may have a higher friction of coefficient with respect to the frame 14 relative to the canopy 12 with respect to the frame 14. For example, if the canopy

- 6 -

12 includes polyester fabric and the at least one strap 50 includes rubber, then the friction of coefficient with a metal or plastic frame 14 would be higher for the strap than for the canopy 12. In some embodiments, the at least one strap 50 may be elastic. Being able to stretch the at least one strap 50 about the frame 14 when engaging the strap 50 thereto can greatly increase the friction between the strap 50 and the frame 14, particularly if the strap 50 is also fastened to itself after wrapping.

[0041]     According to some embodiments, the frame 14 of the system 10 may include, or consist essentially of, a plurality of sections 24 configured for end-to-end alignment from a left end 20 of the frame 14 to a right end 22 of the frame 14. Each of the sections 24 may be further configured to engage with any adjacent sections 24. When two or more or all of the sections 24 are aligned end-to-end and engaged with adjacent sections 24, the frame 14 may be positioned to receive and support the canopy 12. In some embodiments, the sections 24 are arranged telescopically, where each adjacent section 24 may be housed within, and extend from each adjacent section 24. In other embodiments, as depicted in FIG. 2, many of the sections include both a male end 62 and a female end 60 for engaging adjacent sections 24 to each other to construct the supporting frame 14. In some embodiments, all but one of the sections 24 includes a female end 60 for accepting a male end 62 of one of the adjacent sections 24 therein.

[0042]     During transport, the sections 24 may be compactly configured as depicted in FIG. 2. A first section 64 may define the left end 20 of the frame 14 and a last section 66 may define the right end 22 of the frame 14. The first section 64 may include a single male end 62 or female end 60, with the other end being the left end 20 and/or cap 68 (FIG. 2 depicts first section 64 having a male end 62 and cap 68). A last section 66 may similarly include a single male end 62 or female end 60, with the other end being the right end 22 and/or cap 68 (FIG. 2 depicts last section 66 having a female end 60 and cap 68). The cap may serve to close off an end of the first and/or last section 64, 66 for preventing sand from entering therein and for securing the cable 30, as described below.

[0043]     As depicted in FIG. 2, the system 10 may further include a cable 30 extending through the plurality of sections 24 of the frame 12 from the left end 20 to the right end 22. The cable 30 may be elastic so that the sections 24 may be maneuvered between a transport configuration (e.g., FIG. 2) and a supporting configuration (e.g., FIG. 1), yet still remain adjacent

- 7 -

and aligned end-to-end, the cable 30 providing supporting tension to the end-to-end alignment of the supporting configuration. The cable 30 may be affixed to an interior and/or cap 68 of the first section 64 and second section 66. The cable 30 may also be affixed to interiors of any of the other sections 24.

[0044]    When the frame 14 is in the transport configuration, and a cable 30 extends through the sections 24 of the frame 14, the male and female ends 60, 62, and/or the cable 30 itself, may be configured to prevent degradation or injury to the cable 30. Looking to FIG. 2, any pressure applied to the sections 24 from the top of the figure or the bottom of the figure may create injury to the cable 30 where it is exposed between the male and female ends 60, 62. Therefore, the female ends 60 and/or male ends 62 may define grooves for permitting passage of the cable therebetween such that any objects applying pressure from the top or bottom of the figure would apply that pressure directly to the ends 60, 62 and not onto the cable 30, effectively clipping the cable between the end 60, 62 and the object. The cable 30 may include reinforcements at the exposed sections between the ends 60, 62 when in the transport configuration. The reinforcements may include additional layers of fabric, metal-reinforced cylinders, and/or thicker elastic bands.

[0045]    In some embodiments of the system 10, the sections 24 of the frame 12 may form a curved shape when in the supporting configuration. In other embodiments, the sections 24 may form other shapes or designs when in the supporting configuration. A curved shape may be formed when the male and female ends 60, 62 are co-extensive with curved axis the remaining portions of the sections 24. To form other designs, the female ends 60 and/or male ends 62 may be shaped for creating non-co-extensive angles with respect to the axis of the remaining portions of the sections 24. For example, a female end 60 engaging two sections may be shaped in a right angle, thereby creating an 'L' shape when the two adjacent sections are engaged. Other female ends 60 may be shaped at other angles, thereby creating a design or pattern when all of the sections 24 are engaged and the frame is in the supporting configuration.

[0046]    Referencing FIGS. 4 and 5, the system 10 may further include a cord 32 engaged with, or coupled to, an anchor 34, the canopy 12, and/or the frame 14 for providing support to the frame 14 when in the supporting configuration. The anchor 34 may be configured for housing weight 36. The cord 32 may be engaged with or coupled to the canopy 12 and/or frame 14 at an

apex of the canopy 12 and/or frame 14. For example, if the ends 20, 22 of the frame 14 are secured within sand on a beach, the anchor 34 may be filled with sand acting as the weight 36. The system 10 may further include a hoop 33 or other fastener, such as the fasteners described herein, engaged with, or coupled to, the canopy 12 or frame 14 with which the cord 12 may be engaged or coupled (e.g., see FIG. 4 embodiment where the hoop 33 is coupled to the canopy 12).

[0047]     FIG. 6 depicts an embodiment of the system 10 further including a container 70 for housing and transporting all of the other components of the system 10. The container 70 may include a band 76 for transporting the container 70 about the shoulder or in the palm of a user 3. The band 76 may be configured to be a handle and/or may be selectively engageable with the container 70 for storage therein. The container 70 may include a drawstring 78 or other closing mechanism for securing the contents of the system 10 therewithin.

[0048]     The container 70 may also be the anchor 34 for housing weight 36 (see, e.g., FIG. 5). In some embodiments, the container 70 may be inverted for housing weight 36 for ensuring that minimal amounts of weight 36 remain in the container once re-inverted so that the contents of the system 10 are not disturbed by any weight 36 during transportation and/or storage of the system 10. The cord 32 may be engaged with or coupled to an interior 72 of the container 70 for inverting the container 70. The cord 32 may be engaged with or coupled to the bottom 74 of the container 70 for permitting full inversion, or at a mid-point 75 of the container 70 for permitting half inversion of the container 70 (see, e.g., FIG. 7). In other embodiments, the cord 32 may be selectively engaged or coupled with an exterior 73 of the container 70.

[0049]     For example, when the contents of the system 10 are removed from the container 70, the cord 32 may be pulled away from the container 70 while the container 70 is held into position (or pushed away from the cord 32), thereby inverting the container 70 to serve as the anchor 34. When the cord 32 is engaged or coupled to an interior 72 and bottom 74, the pulling of the cord 32 may result in the full inversion of the container 70. When the cord is engaged or coupled to an interior 72 and mid-point 75, the pulling of the cord 32 may result in a half inversion of the container 70. If the container 70 includes a compartment 77 as described herein, then the inversion of the container 70 may result in the compartment 77 being exterior to the anchor 34 and any weight 36.

- 9 -

[0050]        FIG. 7 illustrates the container 70 including a compartment 77 positioned on the interior 72 for housing the sections 24 separate from the canopy 12. The compartment 77 may be engageable with or coupled to the interior 72 of the container 70. The compartment 77 may be sewn to the interior 72 of the container 70 along a single seam or multiple seams. A drawstring or other closing mechanism 78 may be included on the container 70 for cinching close an open side 79 of the container. Although FIG. 7 depicts the seam of the compartment 77 only connecting a portion of the compartment length to the container 70, other embodiments may include the entire length of the compartment 77 being sewn to the container 70.

[0051]        The left end 20 and the right end 22 of the frame 14 may be each be embedded in the surface 2. The ends 20, 22 may define a conical shape or a corkscrew shape for ease of penetration of the surface 2. Additional anchor(s) 35 may be engaged or coupled to the left end 20 and/or right end 22 for further securing the frame 14 into position. In embodiments where a tail is defined by the canopy 12, the tail may be engaged with or coupled to an additional anchor 34 for securing the canopy 12 into position for providing shade 1 to the surface 2. In yet additional embodiments, an additional suspension end 43 may be defined by the canopy 12. The additional suspension end 43 may include any of the features and characteristics described herein attributed to the suspension end 42. For example, the additional suspension end 43 may form an additional loop 41 for engaging or coupling an additional frame 15, thereby further suspending the canopy 12 from both the frame 14 and the additional frame 15.

[0052]        In addition to the methods of using the system 10 described herein, the following additional methods of using the system 10 are provided. A method of providing shade 1 to a surface 2 may include unpacking or removing the frame 14 and the canopy 12 from the container 70. Adjacent sections 24 of the plurality of sections 24 may be engaged or coupled into end-to-end alignment to configure the frame 14 from a left end 20 to a right end 22 into a supporting configuration. The frame 14 may slide through one or more loops 40 of the canopy 12 and/or may be engaged with the suspension end 42 of the canopy 12. The ends 20, 22 of the frame 14 may be secured to the surface 2, thereby aerially suspending the canopy 12 and providing shade 1 to the surface 2.

[0053]        The canopy 12 may be secured into position relative to the frame 14 by wrapping at least one strap 50 about the frame 14 and/or fastening the at least one strap 50 to or about the

frame 14. The cord may be engaged with the canopy 12, frame 14 and/or anchor 34. The anchor 34 may be filled with weight 36. Additional anchors 35 may be engaged with the ends 20, 22, additional frame 15 and/or tail of the canopy 12. The additional anchors 35 may be filled with weight 36.

[0054]     Particular embodiments and features have been described with reference to the drawings. It is to be understood that these descriptions are not limited to any single embodiment or any particular set of features, and that similar embodiments and features may arise or modifications and additions may be made without departing from the scope of these descriptions and the spirit of the appended claims.

## CLAIMS

The invention claimed is:

1. A system for providing shade onto a surface, comprising:

    a canopy configured for engagement with, and aerial suspension by, a frame;

    the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections,

    wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

2. The system of claim 1, further comprising a cable extending through the plurality of sections of the frame from the left end to the right end.

3. The system of claim 1, further comprising a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

4. The system of claim 1, wherein the canopy includes at least one loop on a suspension end, the loop configured for accepting a portion of the frame therethrough.

5. The system of claim 4, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

6. The system of claim 1, further comprising at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

7. The system of claim 6, wherein the at least one strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

8. The system of claim 6, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

9. The system of claim 6, wherein the at least one strap is elastic.

10. The system of claim 1, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

11. The system of claim 1, further comprising a container for housing and transporting all of the other components of the system.

12. The system of claim 11, wherein the container is also an anchor for housing weight, the container engageable with, or coupled to, a cord, the cord engageable with, or coupled to, the canopy or frame.

13. The system of claim 12, wherein the cord is coupled to an interior of the container for inverting the container to serve as the anchor for housing weight.

14. The system of claim 11, wherein the container includes an interior compartment for housing the sections separate from the canopy.

15. A method of providing shade to a surface, comprising:
    coupling adjacent sections of a plurality of sections into end-to-end alignment to form a
        frame from a first end to a second end;
    sliding the frame through one or more loops of a canopy;
    securing the left end and the right end of the frame to the surface,

- 13 -

thereby aerially suspending the canopy and providing shade to the surface.

16. The method of claim 15, further comprising filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

17. The method of claim 15, wherein the coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

18. The method of claim 15, further comprising unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

19. The method of claim 15, further comprising wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

20. The method of claim 19, further comprising fastening the at least one strap for locking the strap into position.

- 14 -

**ABSTRACT**

A system for providing shade onto a surface is described herein. The system includes a canopy configured for engagement with, and aerial suspension by, a frame. The frame includes a plurality of sections configured for end-to-end alignment from a left end to a right end of the frame. Each section is configured to engage with any adjacent sections to form the frame. The ends of the frame are secured to the surface, thereby aerially suspending the canopy and providing shade to the surface.

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 76 of 342

PTO/AIA/15 (10-17)
Approved for use through 05/31/2024. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY PATENT APPLICATION TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| *Attorney Docket No.* | **S105508 1010US.C10 (0051.1)** |
| *First Named Inventor* | **Dane Brooks Barnes** |
| *Title* | SHADING SYSTEM AND METHOD OF USE |
| *Priority Mail Express® Label No.* | |

## APPLICATION ELEMENTS
*See MPEP chapter 600 concerning utility patent application contents.*

**ADDRESS TO:**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

1. ☑ **Fee Transmittal Form**
   (PTO/SB/17 or equivalent)

2. ☐ **Applicant asserts small entity status.**
   See 37 CFR 1.27

3. ☐ **Applicant certifies micro entity status.** See 37 CFR 1.29.
   Applicant must attach form PTO/SB/15A or B or equivalent.

4. ☑ **Specification** [*Total Pages* 15]
   Both the claims and abstract must start on a new page.
   *(See MPEP § 608.01(a) for information on the preferred arrangement)*

5. ☑ **Drawing(s)** (35 U.S.C. 113) [*Total Sheets* 7]

6. ☐ **Inventor's Oath or Declaration** [*Total Pages* 5]
   *(including substitute statements under 37 CFR 1.64 and assignments serving as an oath or declaration under 37 CFR 1.63(e))*
   a. ☐ Newly executed (original or copy)
   b. ☑ A copy from a prior application (37 CFR 1.63(d))

7. ☑ **Application Data Sheet** * See note below.
   See 37 CFR 1.76 (PTO/AIA/14 or equivalent)

8. ☐ **CD-ROM or CD-R**
   in duplicate, large table, or Computer Program (*Appendix*)
   ☐ Landscape Table on CD

9. ☐ **Nucleotide and/or Amino Acid Sequence Submission**
   (*if applicable, items a. – c. are required*)
   a. ☐ Computer Readable Form (CRF)
   b. ☐ Specification Sequence Listing on:
      i. ☐ CD-ROM or CD-R (2 copies); or
      ii. ☐ Paper
   c. ☐ Statements verifying identity of above copies

### ACCOMPANYING APPLICATION PAPERS

10. ☐ **Assignment Papers**
    (cover sheet & document(s))
    Name of Assignee _____

11. ☑ **37 CFR 3.73(c) Statement**    ☑ **Power of Attorney**
    (when there is an assignee)

12. ☐ **English Translation Document**
    (if applicable)

13. ☑ **Information Disclosure Statement**
    (PTO/SB/08 or PTO-1449)
    ☐ Copies of citations attached

14. ☑ **Preliminary Amendment**

15. ☐ **Return Receipt Postcard**
    (*MPEP § 503*) (*Should be specifically itemized*)

16. ☐ **Certified Copy of Priority Document(s)**
    (if foreign priority is claimed)

17. ☐ **Nonpublication Request**
    Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach form PTO/SB/35 or equivalent.

18. ☑ **Other:** Certification and Request for Prioritized Examination Processing Fee Under 37 CFR 1.117(i)

***Note:** (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 **must** be included in an Application Data Sheet (ADS).
(2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary interest in the matter. See 37 CFR 1.46(b).*

## 19. CORRESPONDENCE ADDRESS

☑ The address associated with Customer Number: 26158     **OR** ☐ Correspondence address below

| Name | |
|---|---|
| Address | |

| City | | State | | Zip Code | |
|---|---|---|---|---|---|
| Country | | Telephone | | Email | |

| Signature | /Lauren F. Anderson/ | Date | July 7, 2023 |
|---|---|---|---|
| Name (Print/Type) | Lauren F. Anderson | Registration No. (Attorney/Agent) | 69,344 |

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0032. Public burden for this form is estimated to average 12 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **If filing this completed form by mail, send to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a Federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 9) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

## Additional Uses

Additional USPTO uses of the information in this record may include disclosure to: 1) the International Bureau of the World Intellectual Property Organization, if the record is related to an international application filed under the Patent Cooperation Treaty;  2) the public i) after publication of the application pursuant to 35 U.S.C. 122(b), ii) after issuance of a patent pursuant to 35 U.S.C. 151, iii) if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections, or an issued patent, or iv) without publication of the application or patent under the specific circumstances provided for by 37 CFR 1.14(a)(1)(v)-(vii); and/or 3) the National Archives and Records Administration, for inspection of records.



**UNITED STATES
PATENT AND TRADEMARK OFFICE**

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/348,882** | **07/07/2023 04:49:34 PM ET** | **S105508 1010US.C10(0051.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 62404943 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | - |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| DA / 090528 | E202377G54007756 | Shari Elofson |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1830 | PROCESSING FEE, EXCEPT IN PROVISIONAL APPLICATIONS | 140.00 | 1 | 140.00 |
| 1817 | REQUEST FOR PRIORITIZED EXAMINATION | 4200.00 | 1 | 4200.00 |
| 1111 | UTILITY PATENT APPL. SEARCH FEE | 700.00 | 1 | 700.00 |
| 1011 | BASIC FILING FEE - UTILITY (PAPER FILING ALSO REQUIRES NON-ELECTRONIC FILING FEE UNDER 1.16(T)) | 320.00 | 1 | 320.00 |
| 1311 | PATENT APPL. EXAMINATION FEE | 800.00 | 1 | 800.00 |

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 79 of 342

| | |
|---|---|
| **TOTAL AMOUNT:** | **$6,160.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 18/348,882 | 07/07/2023 | 1820 | | S105508 1010US.C10(0051.1 | 20 | 3 |

**CONFIRMATION NO. 5037**

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

**FILING RECEIPT**

*OC000000059756329*

Date Mailed: 07/26/2023

Receipt is acknowledged of this non-provisional utility patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF FIRST INVENTOR, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection.

**Please verify the accuracy of the data presented on this receipt.** If an error is noted on this Filing Receipt, please submit a written request for a corrected Filing Receipt, including a properly marked-up ADS showing the changes with strike-through for deletions and underlining for additions. If you received a "Notice to File Missing Parts" or other Notice requiring a response for this application, please submit any request for correction to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections provided that the request is grantable.

**Inventor(s)**

Dane Brooks Barnes, Raleigh, NC;
Alexander Griffith Slater, Raleigh, NC;
Scott Christian Barnes, Raleigh, NC;

**Applicant(s)**

Shibumi Shade, Inc., Raleigh, NC;

**Power of Attorney:** The patent practitioners associated with Customer Number 26158

**Domestic Priority data as claimed by applicant**

This application is a CON of 18/329,082 06/05/2023
 which is a CON of 18/072,143 11/30/2022
 which is a CON of 17/471,658 09/10/2021
 which is a CON of 17/232,799 04/16/2021 PAT 11,634,924
and said 18/072,143 11/30/2022 is a CON of 17/343,114 06/09/2021 PAT 11,536,046
 which is a CON of 17/232,799 04/16/2021 PAT 11,634,924
 which is a CON of 16/987,886 08/07/2020 PAT 11,111,690
 which is a CON of 16/224,465 12/18/2018 PAT 10,753,117
 which is a CON of 15/675,715 08/12/2017 PAT 10,190,330
 which claims benefit of 62/409,426 10/18/2016

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.

page 1 of 4

Case 5:24-cv-00588-FL Document 28-13 Filed 03/23/26 Page 81 of 342

*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 07/25/2023

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 18/348,882**

**Projected Publication Date:** To Be Determined - pending completion of Corrected Papers.

**Non-Publication Request:** No

**Early Publication Request:** No
**Title**

   SHADING SYSTEM AND METHOD OF USE

**Preliminary Class**

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign

Case 5:24-cv-00588-FL  Document 28-13  Filed 03/23/26  Page 82 of 342

patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

### NOT GRANTED

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 83 of 342

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 84 of 342

# PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

**Application or Docket Number**
18/348,882

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 320 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 700 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 800 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 minus 20 = | * 0 | | | OR | x = | 0 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 3 minus 3 = | * | | | | x = | 0 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 1820 |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT A** | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|---|
| **AMENDMENT B** | Total (37 CFR 1.16(i)) | * | Minus | ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
| --- | --- | --- | --- |
| 18/348,882 | 07/07/2023 | Dane Brooks Barnes | S105508 1010US.C10(0051.1 |

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

**CONFIRMATION NO. 5037**

**FORMALITIES LETTER**

*OC000000059756355*

Date Mailed: 07/26/2023

# NOTICE TO FILE CORRECTED APPLICATION PAPERS
## *Filing Date Granted*

An application number and filing date have been accorded to the above-identified nonprovisional application. The application is informal since it does not comply with the regulations for the reason(s) indicated below. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- A substitute specification excluding claims in compliance with 37 CFR 1.52, 1.121(b)(3), and 1.125 is required. The substitute specification must be submitted with markings and be accompanied by a clean version (without markings) as set forth in 37 CFR 1.125(c) and a statement that the substitute specification contains no new matter (see 37 CFR 1.125(b)). Since a preliminary amendment was present on the filing date of the application and such amendment is part of the original disclosure of the application, the substitute specification must include all of the desired changes made in the preliminary amendment. See 37 CFR 1.115 and 1.215.

Replies must be received in the USPTO within the set time period or must include a proper Certificate of Mailing or Transmission under 37 CFR 1.8 with a mailing or transmission date within the set time period. For more information and a suggested format, see Form PTO/SB/92 and MPEP 512.

Replies should be addressed to:

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

REPLY VIA ELECTRONIC FILING

A reply may be submitted via electronic filing only by registered users of the appropriate USPTO patent electronic filing system and must include:

- A separate document having the document description, **"Applicant response to Pre-Exam Formalities Notice"**; and
- the item(s) for which a reply period is set forth above.

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 86 of 342

For more information about electronic filing, contact the Patent Electronic Business Center (EBC) 1-866-217-9197 or visit https://www.uspto.gov/ebc

NOTE: If the reply is not being submitted electronically, a copy of this notice must be included.

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/tle/

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 87 of 342



**UNITED STATES
PATENT AND TRADEMARK OFFICE**

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION #<br>**18/348,882** | RECEIPT DATE / TIME<br>**09/26/2023 02:53:34 PM ET** | ATTORNEY DOCKET #<br>**S105508 1010US.C10(0051.1** |
|---|---|---|

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 62869722 | FILING DATE | 07/07/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents                                             TOTAL DOCUMENTS: 2

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C10_0051_1_Response_to_NTFCAP.pdf | 25 | - | 180 KB |
| S105508_1010US_C10_0051_1_Response_to_NTFCAP-PEFR.pdf | (1-14) 14 | Applicant Response to Pre-Exam Formalities Notice | 155 KB |
| S105508_1010US_C10_0051_1_Response_to_NTFCAP-SPEC.pdf | (15-25) 11 | Specification | 109 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C10_0051_1_Response_to_NTFCAP.pdf | DDED885F791DB4E785DD7330E4C8F4CBE5CC8FE1BF19875B B8B9683B572D7BAE87A53488F7706C0695F0344AACA8A0D63 A71EFE2F35EAEAD502923702CCE808C |
| S105508_1010US_C10_0051_1_Response_to_NTFCAP-PEFR.pdf | 4CFACD6B95527142DFD3E3BBC48F674CC4DC00357AFA6E5C 20A1A13895A09826C68CEB01486A2F52F91C9C77D55A03D273 DFBD84731853DFE644EC5381AA5BB6 |
| S105508_1010US_C10_0051_1_Response_to_NTFCAP-SPEC.pdf | 70D58E2D0570E86A874DE1894BB4F9409077B570C270B7C3A C6DD02F3B48982206A74D6320D48ABA52C6A1B60E9D474520 06281D65A90819E8392EFD1A43BEC2 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# SHADING SYSTEM AND METHOD OF USE

## CROSS-REFERENCE TO RELATED APPLICATIONS

[0001]  This application is a continuation of U.S. Application No. 18/329,082, filed June 5, 2023, which is continuation of U.S. Application No. 18/072,143, filed November 30, 2022, which is continuation of U.S. Application No. 17/471,658, filed September 10, 2021, and a continuation of U.S. Application No. 17/343,114, filed June 9, 2021, which granted December 27, 2022, as U.S. Patent No. 11,536,046, which is a continuation of U.S. Application No. 17/232,799, filed April 16, 2021, which granted April 25, 2023, as U.S. Patent No. 11,634,924, which is a continuation of U.S. Application No. 16/987,886, filed August 7, 2020, which granted September 7, 2021, as U.S. Patent No. 11,111,690, which is a continuation of U.S. Patent No. 16/224,465, filed December 18, 2018, which granted August 25, 2020, as U.S. Patent No. 10,753,117, which is a continuation of U.S. Application No. 15/675,715, filed August 12, 2017, which granted January 29, 2019, as U.S. Patent No. 10,190,330, which is a non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, which applications are hereby incorporated by reference in their entirety in this application.

## TECHNICAL FIELD

[0002]  The presently disclosed subject matter is directed towards a system and method for providing shade from the sun. Specifically, a transportable system and method of use for providing shade from the sun is disclosed that includes a canopy supported by a singular frame and an engaged counterweight.

## BACKGROUND

[0003]  Avoiding direct sunlight when outdoors is a ubiquitous problem faced by anyone who spends significant time outdoors. Shading systems of the prior art are typically ineffective or impractical to use for a number of reasons. Some systems include rigid canopy susceptible to being shifted or unanchored by wind. Other systems are cumbersome to transport or assemble, due to the number of parts involved, steps required during setup and/or low shade to weight ratios.

[0004]  Accordingly, there remains a need for systems and methods including flexible

- 1 -

canopy structures capable of being at least partially supported by wind and configured for easy of transport and assembly.

## SUMMARY

[0005]     This Summary is provided to introduce a selection of concepts in a simplified form that are further described below in the Detailed Description. This Summary is not intended to identify key features or essential features of the claimed subject matter, nor is it intended to be used to limit the scope of the claimed subject matter. Further, the claimed subject matter is not limited to implementations that solve any or all disadvantages noted in any part of this disclosure.

[0006]     According to at least one embodiment of the disclosed subject matter, a system for providing shade onto a surface is provided. The system includes a canopy configured for engagement with, and aerial suspension by, a frame; the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections, wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

[0007]     According to at least one embodiment of the disclosed subject matter, a method of providing shade to a surface is provided. The method includes coupling adjacent sections of a plurality of sections into end-to-end alignment to form a frame from a first end to a second end; sliding the frame through one or more loops of a canopy; securing the left end and the right end of the frame to the surface, thereby aerially suspending the canopy and providing shade to the surface.

[0008]     According to at least one embodiment of the disclosed subject matter, the system further includes a cable extending through the plurality of sections of the frame from the left end to the right end.

[0009]     According to at least one embodiment of the disclosed subject matter, the system further includes a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

[0010]     According to at least one embodiment of the disclosed subject matter, the system further includes at least one loop on a suspension end of the canopy, the loop

- 2 -

configured for accepting a portion of the frame therethrough.

[0011]     According to at least one embodiment of the disclosed subject matter, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

[0012]     According to at least one embodiment of the disclosed subject matter, the system further includes at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

[0013]     According to at least one embodiment of the disclosed subject matter, wherein the at least one strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

[0014]     According to at least one embodiment of the disclosed subject matter, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

[0015]     According to at least one embodiment of the disclosed subject matter, wherein the at least one strap is elastic.

[0016]     According to at least one embodiment of the disclosed subject matter, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

[0017]     According to at least one embodiment of the disclosed subject matter, the system further includes a container for housing and transporting all of the other components of the system.

[0018]     According to at least one embodiment of the disclosed subject matter, wherein the container is also an anchor for housing weight, the container coupled to a cord, the cord engageable with, or coupled to, the canopy or frame.

[0019]     According to at least one embodiment of the disclosed subject matter, wherein the cord is attached to an interior bottom of the container for inverting the container to serve as the anchor for housing weight.

[0020]     According to at least one embodiment of the disclosed subject matter, wherein the container includes an interior compartment for housing the sections separate from the

canopy.

[0021]    According to at least one embodiment of the disclosed subject matter, the method further includes filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

[0022]    According to at least one embodiment of the disclosed subject matter, wherein coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

[0023]    According to at least one embodiment of the disclosed subject matter, the method further includes unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

[0024]    According to at least one embodiment of the disclosed subject matter, the method further includes wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

[0025]    According to at least one embodiment of the disclosed subject matter, the method further includes fastening the at least one strap for locking the strap into position.

## BRIEF DESCRIPTION OF THE DRAWINGS

[0026]    The foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however, the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed.

[0027]    FIG. I is a perspective view of a system for providing shade according to one or more embodiments of the presently disclosed subject matter.

[0028]    FIG. 2 is a front view of a frame in a transport configuration according to one or more embodiments of the presently disclosed subject matter.

[0029]    FIG. 3 is a perspective view of at least one strap engageable with a canopy according to one or more embodiments of the presently disclosed subject matter.

[0030]    FIG. 4 is a perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter.

[0031]    FIG. 5 is a perspective view of a container serving as an anchor according to

- 4 -

one or more embodiments of the presently disclosed subject matter.

[0032]     FIG. 6 is a perspective view of the container housing the system for shading according to one or more embodiments of the presently disclosed subject matter.

[0033]     FIG. 7 is a perspective view of the container having a compartment for housing sections of the frame according to one or more embodiments of the presently disclosed subject matter.

## DETAILED DESCRIPTION

[0034]     These descriptions are presented with sufficient details to provide an understanding of one or more particular embodiments of broader inventive subject matters. These descriptions expound upon and exemplify particular features of those particular embodiments without limiting the inventive subject matters to the explicitly described embodiments and features. Considerations in view of these descriptions will likely give rise to additional and similar embodiments and features without departing from the scope of the inventive subject matters. Although the term "step" may be expressly used or implied relating to features of processes or methods, no implication is made of any particular order or sequence among such expressed or implied steps unless an order or sequence is explicitly stated.

[0035]     Any dimensions expressed or implied in the drawings and these descriptions are provided for exemplary purposes. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to such exemplary dimensions. The drawings are not made necessarily to scale. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to the apparent scale of the drawings with regard to relative dimensions in the drawings. However, for each drawing, at least one embodiment is made according to the apparent relative scale of the drawing.

[0036]     FIG. 1 depicts one embodiment of a system 10 for providing shade 1 onto a surface 2. The system 10 may include a canopy 12 configured for engagement with, and aerial suspension by, a frame 14. The canopy 12 may include one or more lightweight materials, the material including one or more of the following properties: ripstop, polyester, blackout, light diffusion, light modification, and waterproof. The canopy 12 may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable

sections 44.

[0037]       According to some embodiments, the canopy 12 may define a suspension end 42 positioned proximal to the frame 14 when the canopy 12 is engaged with the frame 14. The suspension end 42 may include one or more suspension fasteners 46 for engaging the canopy 12 with the frame 14. Fasteners 46, 52, 54, as used herein, may include any fasteners of the prior art, including but not limited to hooks and loops, male and female buttons, hook and slit or aperture, and/or magnets. FIG. 1 depicts the canopy 12 defining at least one loop 40 on the suspension end 42 of the canopy, the loop 40 configured for accepting a portion 26 of the frame 14 therethrough. Although the loop 40 of FIG. 1 extends the entire length of the suspension end 42, the loop 40, or plurality of loops 40, may only extend a smaller distance of the suspension end 42. In some embodiments, one or more loops 40 may include tie strings for engaging the suspension end 42 with the frame 14.

[0038]       The canopy 12 may be configured to suspend or be stored in any number of shapes and sizes. In some embodiments, the canopy 12 may define one or more vent holes and/or wind socks for permitting wind to pass therethrough. In other embodiments, the canopy 12 may define tails extending from a side opposite the suspension end 42.

[0039]       While the suspension end 42, suspension fasteners 46 and loop(s) 40 engage the canopy 12 to the frame 14, in some embodiments, additional securing mechanisms may be desired to secure the canopy 12 into position relative to the frame 14. FIGS. 1 and 3 depict embodiments of the system 10 including at least one strap 50 engageable with, or coupled to, the canopy 12 for securing the canopy 12 into position relative to the frame 14. The at least one strap 50 may be elastic rubber, gear ties, bungee cord, rope or any other material capable of wrapping about the frame 14 or other component of the system 10. The at least one strap 50 may engage or couple to the canopy 12 on either or both ends of the suspension end 42 and/or to the loop 40 of the suspension end 42. Each of the straps 50 may be configured to wrap about the frame 14, or engage the frame 14 using a strap fastener 52 and/or a canopy or frame fastener 54. In some embodiments, a strap 50 may include a canopy fastener 54 for engaging the canopy 12 (e.g., a ball at one end of the strap 50 for engaging a grommeted aperture of the canopy 12), and the strap 50 may be manipulated about the frame 14. Alternatively, a strap 50 may include both a strap fastener 52 on one end and a canopy fastener 54 on the other end for wrapping the strap 50 about the frame 14 and

fastening the fasteners 52, 54 together (see, e.g., FIG. 3). In yet another alternative, the strap 50 may include be coupled or engaged to the canopy 12 on one end and include a frame fastener 54 on the other end for engaging the canopy 12 to the frame 14.

[0040]     The at least one strap 50 may be comprised of any number of materials, including but not limited to one or more of the following: fabric, rubber, plastic, and metal. In some embodiments, the at least one strap 50 may have a higher friction of coefficient with respect to the frame 14 relative to the canopy 12 with respect to the frame 14. For example, if the canopy 12 includes polyester fabric and the at least one strap 50 includes rubber, then the friction of coefficient with a metal or plastic frame 14 would be higher for the strap than for the canopy 12. In some embodiments, the at least one strap 50 may be elastic. Being able to stretch the at least one strap 50 about the frame 14 when engaging the strap 50 thereto can greatly increase the friction between the strap 50 and the frame 14, particularly if the strap 50 is also fastened to itself after wrapping.

[0041]     According to some embodiments, the frame 14 of the system 10 may include, or consist essentially of, a plurality of sections 24 configured for end-to-end alignment from a left end 20 of the frame 14 to a right end 22 of the frame 14. Each of the sections 24 may be further configured to engage with any adjacent sections 24. When two or more or all of the sections 24 are aligned end-to-end and engaged with adjacent sections 24, the frame 14 may be positioned to receive and support the canopy 12. In some embodiments, the sections 24 are arranged telescopically, where each adjacent section 24 may be housed within, and extend from each adjacent section 24. In other embodiments, as depicted in FIG. 2, many of the sections include both a male end 62 and a female end 60 for engaging adjacent sections 24 to each other to construct the supporting frame 14. In some embodiments, all but one of the sections 24 includes a female end 60 for accepting a male end 62 of one of the adjacent sections 24 therein.

[0042]     During transport, the sections 24 may be compactly configured as depicted in FIG. 2. A first section 64 may define the left end 20 of the frame 14 and a last section 66 may define the right end 22 of the frame 14. The first section 64 may include a single male end 62 or female end 60, with the other end being the left end 20 and/or cap 68 (FIG. 2 depicts first section 64 having a male end 62 and cap 68). A last section 66 may similarly include a single male end 62 or female end 60, with the other end being the right end 22

- 7 -

and/or cap 68 (FIG. 2 depicts last section 66 having a female end 60 and cap 68). The cap may serve to close off an end of the first and/or last section 64, 66 for preventing sand from entering therein and for securing the cable 30, as described below.

[0043]    As depicted in FIG. 2, the system 10 may further include a cable 30 extending through the plurality of sections 24 of the frame 12 from the left end 20 to the right end 22. The cable 30 may be elastic so that the sections 24 may be maneuvered between a transport configuration (e.g., FIG. 2) and a supporting configuration (e.g., FIG. 1), yet still remain adjacent and aligned end-to-end, the cable 30 being an example of an aligning component by providing supporting tension to the end-to-end alignment of the supporting configuration. The cable 30 may be affixed to an interior and/or cap 68 of the first section 64 and second section 66. The cable 30 may also be affixed to interiors of any of the other sections 24.

[0044]    When the frame 14 is in the transport configuration, and a cable 30 extends through the sections 24 of the frame 14, the male and female ends 60, 62, and/or the cable 30 itself, may be configured to prevent degradation or injury to the cable 30. Looking to FIG. 2, any pressure applied to the sections 24 from the top of the figure or the bottom of the figure may create injury to the cable 30 where it is exposed between the male and female ends 60, 62.  Therefore, the female ends 60 and/or male ends 62 may define grooves for permitting passage of the cable therebetween such that any objects applying pressure from the top or bottom of the figure would apply that pressure directly to the ends 60, 62 and not onto the cable 30, effectively clipping the cable between the end 60, 62 and the object. The cable 30 may include reinforcements at the exposed sections between the ends 60, 62 when in the transport configuration. The reinforcements may include additional layers of fabric, metal-reinforced cylinders, and/or thicker elastic bands.

[0045]    In some embodiments of the system 10, the sections 24 of the frame 12 may form a curved shape when in the supporting configuration. In other embodiments, the sections 24 may form other shapes or designs when in the supporting configuration. A curved shape may be formed when the male and female ends 60, 62 are co-extensive with curved axis the remaining portions of the sections 24. To form other designs, the female ends 60 and/or male ends 62 may be shaped for creating non-co-extensive angles with respect to the axis of the remaining portions of the sections 24. For example, a female end 60 engaging two sections may be shaped in a right angle, thereby creating an 'L' shape when

the two adjacent sections are engaged. Other female ends 60 may be shaped at other angles, thereby creating a design or pattern when all of the sections 24 are engaged and the frame is in the supporting configuration.

[0046]    Referencing FIGS. 4 and 5, the system 10 may further include a cord 32 engaged with, or coupled to, an anchor 34, the canopy 12, and/or the frame 14 for providing support to the frame 14 when in the supporting configuration. The anchor 34 may be configured for housing weight 36. The cord 32 may be engaged with or coupled to the canopy 12 and/or frame 14 at an apex of the canopy 12 and/or frame 14. For example, if the ends 20, 22 of the frame 14 are secured within sand on a beach, the anchor 34 may be filled with sand acting as the weight 36. The system 10 may further include a hoop 33 or other fastener, such as the fasteners described herein, engaged with, or coupled to, the canopy 12 or frame 14 with which the cord 12 may be engaged or coupled (e.g., see FIG. 4 embodiment where the hoop 33 is coupled to the canopy 12).

[0047]    FIG. 6 depicts an embodiment of the system 10 further including a container 70 for housing and transporting all of the other components of the system 10. The container 70 may include a band 76 for transporting the container 70 about the shoulder or in the palm of a user 3. The band 76 may be configured to be a handle and/or may be selectively engageable with the container 70 for storage therein. The container 70 may include a drawstring 78 or other closing mechanism for securing the contents of the system 10 therewithin.

[0048]    The container 70 may also be the anchor 34 for housing weight 36 (see, e.g., FIG. 5). In some embodiments, the container 70 may be inverted for housing weight 36 for ensuring that minimal amounts of weight 36 remain in the container once re-inverted so that the contents of the system 10 are not disturbed by any weight 36 during transportation and/or storage of the system 10. The cord 32 may be engaged with or coupled to an interior 72 of the container 70 for inverting the container 70. The cord 32 may be engaged with or coupled to the bottom 74 of the container 70 for permitting full inversion, or at a mid-point 75 of the container 70 for permitting half inversion of the container 70 (see, e.g., FIG. 7). In other embodiments, the cord 32 may be selectively engaged or coupled with an exterior 73 of the container 70.

[0049]    For example, when the contents of the system 10 are removed from the

- 9 -

container 70, the cord 32 may be pulled away from the container 70 while the container 70 is held into position (or pushed away from the cord 32), thereby inverting the container 70 to serve as the anchor 34. When the cord 32 is engaged or coupled to an interior 72 and bottom 74, the pulling of the cord 32 may result in the full inversion of the container 70. When the cord is engaged or coupled to an interior 72 and mid-point 75, the pulling of the cord 32 may result in a half inversion of the container 70. If the container 70 includes a compartment 77 as described herein, then the inversion of the container 70 may result in the compartment 77 being exterior to the anchor 34 and any weight 36.

[0050]     FIG. 7 illustrates the container 70 including a compartment 77 positioned on the interior 72 for housing the sections 24 separate from the canopy 12. The compartment 77 may be engageable with or coupled to the interior 72 of the container 70. The compartment 77 may be sewn to the interior 72 of the container 70 along a single seam or multiple seams. A drawstring or other closing mechanism 78 may be included on the container 70 for cinching close an open side 79 of the container. Although FIG. 7 depicts the seam of the compartment 77 only connecting a portion of the compartment length to the container 70, other embodiments may include the entire length of the compartment 77 being sewn to the container 70.

[0051]     The left end 20 and the right end 22 of the frame 14 may be each be embedded in the surface 2. The ends 20, 22 may define a conical shape or a corkscrew shape for ease of penetration of the surface 2. Additional anchor(s) 35 may be engaged or coupled to the left end 20 and/or right end 22 for further securing the frame 14 into position. In embodiments where a tail is defined by the canopy 12, the tail may be engaged with or coupled to an additional anchor 34 for securing the canopy 12 into position for providing shade 1 to the surface 2. In yet additional embodiments, an additional suspension end 43 may be defined by the canopy 12. The additional suspension end 43 may include any of the features and characteristics described herein attributed to the suspension end 42. For example, the additional suspension end 43 may form an additional loop 41 for engaging or coupling an additional frame 15, thereby further suspending the canopy 12 from both the frame 14 and the additional frame 15.

[0052]     In addition to the methods of using the system 10 described herein, the following additional methods of using the system 10 are provided. A method of providing

shade 1 to a surface 2 may include unpacking or removing the frame 14 and the canopy 12 from the container 70. Adjacent sections 24 of the plurality of sections 24 may be engaged or coupled into end-to- end alignment to configure the frame 14 from a left end 20 to a right end 22 into a supporting configuration. The frame 14 may slide through one or more loops 40 of the canopy 12 and/or may be engaged with the suspension end 42 of the canopy 12. The ends 20, 22 of the frame 14 may be secured to the surface 2, thereby aerially suspending the canopy 12 and providing shade 1 to the surface 2.

[0053]     The canopy 12 may be secured into position relative to the frame 14 by wrapping at least one strap 50 about the frame 14 and/or fastening the at least one strap 50 to or about the frame 14. The cord may be engaged with the canopy 12, frame 14 and/or anchor 34. The anchor 34 may be filled with weight 36. Additional anchors 35 may be engaged with the ends 20, 22, additional frame 15 and/or tail of the canopy 12. The additional anchors 35 may be filled with weight 36.

[0054]     Particular embodiments and features have been described with reference to the drawings. It is to be understood that these descriptions are not limited to any single embodiment or any particular set of features, and that similar embodiments and features may arise or modifications and additions may be made without departing from the scope of these descriptions and the spirit of the appended claims.

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 5037 |
| Appl. No.: | 18/348,882 | Group Art Unit: | *Not Yet Assigned* |
| Filed: | July 7, 2023 | Examiner: | *Not Yet Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:   S105508 1010US.C10 (0051.1)
Customer No.:  26158

Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## RESPONSE TO NOTICE TO FILE CORRECTED APPLICATION PAPERS

Sir:

In response to the Notice to File Corrected Application Papers mailed July 26, 2023, please find attached a clean copy of a substitute specification and marked up copy of the specification. The substitute specification contains the desired changes made in the Preliminary Amendment filed July 7, 2023, as required. The substitute specification contains no new matter.

Applicants believe that with the submission of the enclosed document(s), the application is now in order to proceed to examination.

Applicants believe that no fee is required with this filing. However, if any fee is required, the Commissioner is hereby authorized to charge any required fees or credit any overpayment to Deposit Account No. 09-0528.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC*
*FILING SYSTEM OF THE UNITED STATES PATENT AND*
*TRADEMARK OFFICE ON SEPTEMBER 26, 2023.*

# APPENDIX A

# Substitute Specification (Marked-Up Copy)

# SHADING SYSTEM AND METHOD OF USE

## CROSS-REFERENCE TO RELATED APPLICATIONS

[0001] This application is a <u>continuation of U.S. Application No. 18/329,082, filed June 5, 2023, which is continuation of U.S. Application No. 18/072,143, filed November 30, 2022, which is continuation of U.S. Application No. 17/471,658, filed September 10, 2021, and a continuation of U.S. Application No. 17/343,114, filed June 9, 2021, which granted December 27, 2022, as U.S. Patent No. 11,536,046, which is a continuation of U.S. Application No. 17/232,799, filed April 16, 2021, which granted April 25, 2023, as U.S. Patent No. 11,634,924, which is a continuation of U.S. Application No. 16/987,886, filed August 7, 2020, which granted September 7, 2021, as U.S. Patent No. 11,111,690, which is a continuation of U.S. Patent No. 16/224,465, filed December 18, 2018, which granted August 25, 2020, as U.S. Patent No. 10,753,117, which is a continuation of U.S. Application No. 15/675,715, filed August 12, 2017, which granted January 29, 2019, as U.S. Patent No. 10,190,330, which is a</u> non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, ~~the contents of which are hereby incorporated by reference in its entirety~~ <u>which applications are hereby incorporated by reference in their entirety in this application</u>.

## TECHNICAL FIELD

[0002] The presently disclosed subject matter is directed towards a system and method for providing shade from the sun. Specifically, a transportable system and method of use for providing shade from the sun is disclosed that includes a canopy supported by a singular frame and an engaged counterweight.

## BACKGROUND

[0003] Avoiding direct sunlight when outdoors is a ubiquitous problem faced by anyone who spends significant time outdoors. Shading systems of the prior art are typically ineffective or impractical to use for a number of reasons. Some systems include rigid canopy susceptible to being shifted or unanchored by wind. Other systems are cumbersome to transport or assemble, due to the number of parts involved, steps required during setup and/or low shade to weight ratios.

[0004] Accordingly, there remains a need for systems and methods including flexible

canopy structures capable of being at least partially supported by wind and configured for easy of transport and assembly.

## SUMMARY

[0005]    This Summary is provided to introduce a selection of concepts in a simplified form that are further described below in the Detailed Description. This Summary is not intended to identify key features or essential features of the claimed subject matter, nor is it intended to be used to limit the scope of the claimed subject matter. Further, the claimed subject matter is not limited to implementations that solve any or all disadvantages noted in any part of this disclosure.

[0006]    According to at least one embodiment of the disclosed subject matter, a system for providing shade onto a surface is provided. The system includes a canopy configured for engagement with, and aerial suspension by, a frame; the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections, wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

[0007]    According to at least one embodiment of the disclosed subject matter, a method of providing shade to a surface is provided. The method includes coupling adjacent sections of a plurality of sections into end-to-end alignment to form a frame from a first end to a second end; sliding the frame through one or more loops of a canopy; securing the left end and the right end of the frame to the surface, thereby aerially suspending the canopy and providing shade to the surface.

[0008]    According to at least one embodiment of the disclosed subject matter, the system further includes a cable extending through the plurality of sections of the frame from the left end to the right end.

[0009]    According to at least one embodiment of the disclosed subject matter, the system further includes a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

[0010]    According to at least one embodiment of the disclosed subject matter, the system further includes at least one loop on a suspension end of the canopy, the loop

- 2 -

configured for accepting a portion of the frame therethrough.

[0011]     According to at least one embodiment of the disclosed subject matter, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

[0012]     According to at least one embodiment of the disclosed subject matter, the system further includes at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

[0013]     According to at least one embodiment of the disclosed subject matter, wherein the at least one strap includes a strap fastener on one end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

[0014]     According to at least one embodiment of the disclosed subject matter, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

[0015]     According to at least one embodiment of the disclosed subject matter, wherein the at least one strap is elastic.

[0016]     According to at least one embodiment of the disclosed subject matter, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

[0017]     According to at least one embodiment of the disclosed subject matter, the system further includes a container for housing and transporting all of the other components of the system.

[0018]     According to at least one embodiment of the disclosed subject matter, wherein the container is also an anchor for housing weight, the container coupled to a cord, the cord engageable with, or coupled to, the canopy or frame.

[0019]     According to at least one embodiment of the disclosed subject matter, wherein the cord is attached to an interior bottom of the container for inverting the container to serve as the anchor for housing weight.

[0020]     According to at least one embodiment of the disclosed subject matter, wherein the container includes an interior compartment for housing the sections separate from the

canopy.

[0021]     According to at least one embodiment of the disclosed subject matter, the method further includes filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

[0022]     According to at least one embodiment of the disclosed subject matter, wherein coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

[0023]     According to at least one embodiment of the disclosed subject matter, the method further includes unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

[0024]     According to at least one embodiment of the disclosed subject matter, the method further includes wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

[0025]     According to at least one embodiment of the disclosed subject matter, the method further includes fastening the at least one strap for locking the strap into position.

## BRIEF DESCRIPTION OF THE DRAWINGS

[0026]     The foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however, the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed.

[0027]     FIG. I is a perspective view of a system for providing shade according to one or more embodiments of the presently disclosed subject matter.

[0028]     FIG. 2 is a front view of a frame in a transport configuration according to one or more embodiments of the presently disclosed subject matter.

[0029]     FIG. 3 is a perspective view of at least one strap engageable with a canopy according to one or more embodiments of the presently disclosed subject matter.

[0030]     FIG. 4 is a perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter.

[0031]     FIG. 5 is a perspective view of a container serving as an anchor according to

one or more embodiments of the presently disclosed subject matter.

[0032]     FIG. 6 is a perspective view of the container housing the system for shading according to one or more embodiments of the presently disclosed subject matter.

[0033]     FIG. 7 is a perspective view of the container having a compartment for housing sections of the frame according to one or more embodiments of the presently disclosed subject matter.

## DETAILED DESCRIPTION

[0034]     These descriptions are presented with sufficient details to provide an understanding of one or more particular embodiments of broader inventive subject matters. These descriptions expound upon and exemplify particular features of those particular embodiments without limiting the inventive subject matters to the explicitly described embodiments and features. Considerations in view of these descriptions will likely give rise to additional and similar embodiments and features without departing from the scope of the inventive subject matters. Although the term "step" may be expressly used or implied relating to features of processes or methods, no implication is made of any particular order or sequence among such expressed or implied steps unless an order or sequence is explicitly stated.

[0035]     Any dimensions expressed or implied in the drawings and these descriptions are provided for exemplary purposes. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to such exemplary dimensions. The drawings are not made necessarily to scale. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to the apparent scale of the drawings with regard to relative dimensions in the drawings. However, for each drawing, at least one embodiment is made according to the apparent relative scale of the drawing.

[0036]     FIG. 1 depicts one embodiment of a system 10 for providing shade 1 onto a surface 2. The system 10 may include a canopy 12 configured for engagement with, and aerial suspension by, a frame 14. The canopy 12 may include one or more lightweight materials, the material including one or more of the following properties: ripstop, polyester, blackout, light diffusion, light modification, and waterproof. The canopy 12 may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable

- 5 -

sections 44.

[0037] According to some embodiments, the canopy 12 may define a suspension end 42 positioned proximal to the frame 14 when the canopy 12 is engaged with the frame 14. The suspension end 42 may include one or more suspension fasteners 46 for engaging the canopy 12 with the frame 14. Fasteners 46, 52, 54, as used herein, may include any fasteners of the prior art, including but not limited to hooks and loops, male and female buttons, hook and slit or aperture, and/or magnets. FIG. 1 depicts the canopy 12 defining at least one loop 40 on the suspension end 42 of the canopy, the loop 40 configured for accepting a portion 26 of the frame 14 therethrough. Although the loop 40 of FIG. 1 extends the entire length of the suspension end 42, the loop 40, or plurality of loops 40, may only extend a smaller distance of the suspension end 42. In some embodiments, one or more loops 40 may include tie strings for engaging the suspension end 42 with the frame 14.

[0038] The canopy 12 may be configured to suspend or be stored in any number of shapes and sizes. In some embodiments, the canopy 12 may define one or more vent holes and/or wind socks for permitting wind to pass therethrough. In other embodiments, the canopy 12 may define tails extending from a side opposite the suspension end 42.

[0039] While the suspension end 42, suspension fasteners 46 and loop(s) 40 engage the canopy 12 to the frame 14, in some embodiments, additional securing mechanisms may be desired to secure the canopy 12 into position relative to the frame 14. FIGS. 1 and 3 depict embodiments of the system 10 including at least one strap 50 engageable with, or coupled to, the canopy 12 for securing the canopy 12 into position relative to the frame 14. The at least one strap 50 may be elastic rubber, gear ties, bungee cord, rope or any other material capable of wrapping about the frame 14 or other component of the system 10. The at least one strap 50 may engage or couple to the canopy 12 on either or both ends of the suspension end 42 and/or to the loop 40 of the suspension end 42. Each of the straps 50 may be configured to wrap about the frame 14, or engage the frame 14 using a strap fastener 52 and/or a canopy or frame fastener 54. In some embodiments, a strap 50 may include a canopy fastener 54 for engaging the canopy 12 (e.g., a ball at one end of the strap 50 for engaging a grommeted aperture of the canopy 12), and the strap 50 may be manipulated about the frame 14. Alternatively, a strap 50 may include both a strap fastener 52 on one end and a canopy fastener 54 on the other end for wrapping the strap 50 about the frame 14 and

fastening the fasteners 52, 54 together (see, e.g., FIG. 3). In yet another alternative, the strap 50 may include be coupled or engaged to the canopy 12 on one end and include a frame fastener 54 on the other end for engaging the canopy 12 to the frame 14.

[0040] The at least one strap 50 may be comprised of any number of materials, including but not limited to one or more of the following: fabric, rubber, plastic, and metal. In some embodiments, the at least one strap 50 may have a higher friction of coefficient with respect to the frame 14 relative to the canopy 12 with respect to the frame 14. For example, if the canopy 12 includes polyester fabric and the at least one strap 50 includes rubber, then the friction of coefficient with a metal or plastic frame 14 would be higher for the strap than for the canopy 12. In some embodiments, the at least one strap 50 may be elastic. Being able to stretch the at least one strap 50 about the frame 14 when engaging the strap 50 thereto can greatly increase the friction between the strap 50 and the frame 14, particularly if the strap 50 is also fastened to itself after wrapping.

[0041] According to some embodiments, the frame 14 of the system 10 may include, or consist essentially of, a plurality of sections 24 configured for end-to-end alignment from a left end 20 of the frame 14 to a right end 22 of the frame 14. Each of the sections 24 may be further configured to engage with any adjacent sections 24. When two or more or all of the sections 24 are aligned end-to-end and engaged with adjacent sections 24, the frame 14 may be positioned to receive and support the canopy 12. In some embodiments, the sections 24 are arranged telescopically, where each adjacent section 24 may be housed within, and extend from each adjacent section 24. In other embodiments, as depicted in FIG. 2, many of the sections include both a male end 62 and a female end 60 for engaging adjacent sections 24 to each other to construct the supporting frame 14. In some embodiments, all but one of the sections 24 includes a female end 60 for accepting a male end 62 of one of the adjacent sections 24 therein.

[0042] During transport, the sections 24 may be compactly configured as depicted in FIG. 2. A first section 64 may define the left end 20 of the frame 14 and a last section 66 may define the right end 22 of the frame 14. The first section 64 may include a single male end 62 or female end 60, with the other end being the left end 20 and/or cap 68 (FIG. 2 depicts first section 64 having a male end 62 and cap 68). A last section 66 may similarly include a single male end 62 or female end 60, with the other end being the right end 22

- 7 -

and/or cap 68 (FIG. 2 depicts last section 66 having a female end 60 and cap 68). The cap may serve to close off an end of the first and/or last section 64, 66 for preventing sand from entering therein and for securing the cable 30, as described below.

[0043]     As depicted in FIG. 2, the system 10 may further include a cable 30 extending through the plurality of sections 24 of the frame 12 from the left end 20 to the right end 22. The cable 30 may be elastic so that the sections 24 may be maneuvered between a transport configuration (e.g., FIG. 2) and a supporting configuration (e.g., FIG. 1), yet still remain adjacent and aligned end-to-end, the cable 30 being an example of an aligning component by providing supporting tension to the end-to-end alignment of the supporting configuration. The cable 30 may be affixed to an interior and/or cap 68 of the first section 64 and second section 66. The cable 30 may also be affixed to interiors of any of the other sections 24.

[0044]     When the frame 14 is in the transport configuration, and a cable 30 extends through the sections 24 of the frame 14, the male and female ends 60, 62, and/or the cable 30 itself, may be configured to prevent degradation or injury to the cable 30. Looking to FIG. 2, any pressure applied to the sections 24 from the top of the figure or the bottom of the figure may create injury to the cable 30 where it is exposed between the male and female ends 60, 62.  Therefore, the female ends 60 and/or male ends 62 may define grooves for permitting passage of the cable therebetween such that any objects applying pressure from the top or bottom of the figure would apply that pressure directly to the ends 60, 62 and not onto the cable 30, effectively clipping the cable between the end 60, 62 and the object. The cable 30 may include reinforcements at the exposed sections between the ends 60, 62 when in the transport configuration. The reinforcements may include additional layers of fabric, metal-reinforced cylinders, and/or thicker elastic bands.

[0045]     In some embodiments of the system 10, the sections 24 of the frame 12 may form a curved shape when in the supporting configuration. In other embodiments, the sections 24 may form other shapes or designs when in the supporting configuration. A curved shape may be formed when the male and female ends 60, 62 are co-extensive with curved axis the remaining portions of the sections 24. To form other designs, the female ends 60 and/or male ends 62 may be shaped for creating non-co-extensive angles with respect to the axis of the remaining portions of the sections 24. For example, a female end 60 engaging two sections may be shaped in a right angle, thereby creating an 'L' shape when

- 8 -

the two adjacent sections are engaged. Other female ends 60 may be shaped at other angles, thereby creating a design or pattern when all of the sections 24 are engaged and the frame is in the supporting configuration.

[0046]     Referencing FIGS. 4 and 5, the system 10 may further include a cord 32 engaged with, or coupled to, an anchor 34, the canopy 12, and/or the frame 14 for providing support to the frame 14 when in the supporting configuration. The anchor 34 may be configured for housing weight 36. The cord 32 may be engaged with or coupled to the canopy 12 and/or frame 14 at an apex of the canopy 12 and/or frame 14. For example, if the ends 20, 22 of the frame 14 are secured within sand on a beach, the anchor 34 may be filled with sand acting as the weight 36. The system 10 may further include a hoop 33 or other fastener, such as the fasteners described herein, engaged with, or coupled to, the canopy 12 or frame 14 with which the cord 12 may be engaged or coupled (e.g., see FIG. 4 embodiment where the hoop 33 is coupled to the canopy 12).

[0047]     FIG. 6 depicts an embodiment of the system 10 further including a container 70 for housing and transporting all of the other components of the system 10. The container 70 may include a band 76 for transporting the container 70 about the shoulder or in the palm of a user 3. The band 76 may be configured to be a handle and/or may be selectively engageable with the container 70 for storage therein. The container 70 may include a drawstring 78 or other closing mechanism for securing the contents of the system 10 therewithin.

[0048]     The container 70 may also be the anchor 34 for housing weight 36 (see, e.g., FIG. 5). In some embodiments, the container 70 may be inverted for housing weight 36 for ensuring that minimal amounts of weight 36 remain in the container once re-inverted so that the contents of the system 10 are not disturbed by any weight 36 during transportation and/or storage of the system 10. The cord 32 may be engaged with or coupled to an interior 72 of the container 70 for inverting the container 70. The cord 32 may be engaged with or coupled to the bottom 74 of the container 70 for permitting full inversion, or at a mid-point 75 of the container 70 for permitting half inversion of the container 70 (see, e.g., FIG. 7). In other embodiments, the cord 32 may be selectively engaged or coupled with an exterior 73 of the container 70.

[0049]     For example, when the contents of the system 10 are removed from the

- 9 -

container 70, the cord 32 may be pulled away from the container 70 while the container 70 is held into position (or pushed away from the cord 32), thereby inverting the container 70 to serve as the anchor 34. When the cord 32 is engaged or coupled to an interior 72 and bottom 74, the pulling of the cord 32 may result in the full inversion of the container 70. When the cord is engaged or coupled to an interior 72 and mid-point 75, the pulling of the cord 32 may result in a half inversion of the container 70. If the container 70 includes a compartment 77 as described herein, then the inversion of the container 70 may result in the compartment 77 being exterior to the anchor 34 and any weight 36.

[0050]     FIG. 7 illustrates the container 70 including a compartment 77 positioned on the interior 72 for housing the sections 24 separate from the canopy 12. The compartment 77 may be engageable with or coupled to the interior 72 of the container 70. The compartment 77 may be sewn to the interior 72 of the container 70 along a single seam or multiple seams. A drawstring or other closing mechanism 78 may be included on the container 70 for cinching close an open side 79 of the container. Although FIG. 7 depicts the seam of the compartment 77 only connecting a portion of the compartment length to the container 70, other embodiments may include the entire length of the compartment 77 being sewn to the container 70.

[0051]     The left end 20 and the right end 22 of the frame 14 may be each be embedded in the surface 2. The ends 20, 22 may define a conical shape or a corkscrew shape for ease of penetration of the surface 2. Additional anchor(s) 35 may be engaged or coupled to the left end 20 and/or right end 22 for further securing the frame 14 into position. In embodiments where a tail is defined by the canopy 12, the tail may be engaged with or coupled to an additional anchor 34 for securing the canopy 12 into position for providing shade 1 to the surface 2. In yet additional embodiments, an additional suspension end 43 may be defined by the canopy 12. The additional suspension end 43 may include any of the features and characteristics described herein attributed to the suspension end 42. For example, the additional suspension end 43 may form an additional loop 41 for engaging or coupling an additional frame 15, thereby further suspending the canopy 12 from both the frame 14 and the additional frame 15.

[0052]     In addition to the methods of using the system 10 described herein, the following additional methods of using the system 10 are provided. A method of providing

shade 1 to a surface 2 may include unpacking or removing the frame 14 and the canopy 12 from the container 70. Adjacent sections 24 of the plurality of sections 24 may be engaged or coupled into end-to- end alignment to configure the frame 14 from a left end 20 to a right end 22 into a supporting configuration. The frame 14 may slide through one or more loops 40 of the canopy 12 and/or may be engaged with the suspension end 42 of the canopy 12. The ends 20, 22 of the frame 14 may be secured to the surface 2, thereby aerially suspending the canopy 12 and providing shade 1 to the surface 2.

[0053]       The canopy 12 may be secured into position relative to the frame 14 by wrapping at least one strap 50 about the frame 14 and/or fastening the at least one strap 50 to or about the frame 14. The cord may be engaged with the canopy 12, frame 14 and/or anchor 34. The anchor 34 may be filled with weight 36. Additional anchors 35 may be engaged with the ends 20, 22, additional frame 15 and/or tail of the canopy 12. The additional anchors 35 may be filled with weight 36.

[0054]       Particular embodiments and features have been described with reference to the drawings. It is to be understood that these descriptions are not limited to any single embodiment or any particular set of features, and that similar embodiments and features may arise or modifications and additions may be made without departing from the scope of these descriptions and the spirit of the appended claims.

- 11 -

# APPENDIX B

# Substitute Specification (Clean Copy)

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 114 of 342



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 18/348,882 | 07/07/2023 | 1820 | | S105508 1010US.C10(0051.1 | 20 | 3 |

**CONFIRMATION NO. 5037**

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

**UPDATED FILING RECEIPT**

*OC000000062604765*

Date Mailed: 10/02/2023

Receipt is acknowledged of this non-provisional utility patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF FIRST INVENTOR, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection.

**Please verify the accuracy of the data presented on this receipt.** If an error is noted on this Filing Receipt, please submit a written request for a corrected Filing Receipt, including a properly marked-up ADS showing the changes with strike-through for deletions and underlining for additions. If you received a "Notice to File Missing Parts" or other Notice requiring a response for this application, please submit any request for correction to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections provided that the request is grantable.

**Inventor(s)**

Dane Brooks Barnes, Raleigh, NC;
Alexander Griffith Slater, Raleigh, NC;
Scott Christian Barnes, Raleigh, NC;

**Applicant(s)**

Shibumi Shade, Inc., Raleigh, NC;

**Power of Attorney:** The patent practitioners associated with Customer Number 26158

**Domestic Priority data as claimed by applicant**

This application is a CON of 18/329,082 06/05/2023
which is a CON of 18/072,143 11/30/2022
which is a CON of 17/471,658 09/10/2021
which is a CON of 17/232,799 04/16/2021 PAT 11,634,924
and said 18/072,143 11/30/2022 is a CON of 17/343,114 06/09/2021 PAT 11,536,046
which is a CON of 17/232,799 04/16/2021 PAT 11,634,924
which is a CON of 16/987,886 08/07/2020 PAT 11,111,690
which is a CON of 16/224,465 12/18/2018 PAT 10,753,117
which is a CON of 15/675,715 08/12/2017 PAT 10,190,330
which claims benefit of 62/409,426 10/18/2016

Foreign Applications for which priority is claimed (You may be eligible to benefit from the Patent Prosecution Highway program at the USPTO. Please see http://www.uspto.gov for more information.) - None.

Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.

**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 07/25/2023

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 18/348,882**

**Projected Publication Date:** 01/11/2024

**Non-Publication Request:** No

**Early Publication Request:** No
**Title**

       SHADING SYSTEM AND METHOD OF USE

**Preliminary Class**

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 116 of 342

patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

### NOT GRANTED

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 117 of 342

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 118 of 342

# PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

| Application or Docket Number |
| --- |
| 18/348,882 |

## APPLICATION AS FILED - PART I

| | (Column 1) | (Column 2) | | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| FOR | NUMBER FILED | NUMBER EXTRA | | RATE($) | FEE($) | | RATE($) | FEE($) |
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | | | N/A | 320 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | | | N/A | 700 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | | | N/A | 800 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 minus 20 = | * 0 | | | | OR | x = | 0 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 3 minus 3 = | * | | | | | x = | 0 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | | 0 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | | 0 |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | | TOTAL | 1820 |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) | | (Column 2) | (Column 3) | | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| AMENDMENT A | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE($) | ADDITIONAL FEE($) | | RATE($) | ADDITIONAL FEE($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | | OR | | |
| | | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | | (Column 2) | (Column 3) | | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| AMENDMENT B | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE($) | ADDITIONAL FEE($) | | RATE($) | ADDITIONAL FEE($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | | OR | | |
| | | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/348,882 | 07/07/2023 | Dane Brooks Barnes | S105508<br>1010US.C10(0051.1 | 5037 |

| | | | EXAMINER |
|---|---|---|---|
| 26158 7590 10/04/2023 | | | |
| WOMBLE BOND DICKINSON (US) LLP | | | CENTRAL, DOCKET |

ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/04/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| | Application No. 18/348,882 | Applicant(s) Barnes et al. | |
|---|---|---|---|
| **_Decision Granting Request for Prioritized Examination (Track I)_** | | | |
| | Examiner FIKIRTE A GEREMEW | Art Unit OMBL | AIA (FITF) Status Yes |

1. THE REQUEST FILED <u>07 July 2023</u> IS **GRANTED** .

The above-identified application has met the requirements for prioritized examination
   A.   ☑ for an original nonprovisional application (Track I).
   B.   ☐ for an application undergoing continued examination (RCE).

2. **The above-identified application will undergo prioritized examination**. The application will be accorded special status throughout its entire course of prosecution until one of the following occurs:

   A.   filing a **petition for extension of time** to extend the time period for filing a reply;

   B.   filing an **amendment to amend the application to contain more than four independent claims, more than thirty total claims** , or a multiple dependent claim;

   C.   filing a **request for continued examination** ;

   D.   filing a notice of appeal;

   E.   filing a request for suspension of action;

   F.   mailing of a notice of allowance;

   G.   mailing of a final Office action;

   H.   completion of examination as defined in 37 CFR 41.102; or

   I.   abandonment of the application.

Telephone inquiries with regard to this decision should be directed to FIKIRTE GEREMEW at (703) 756-1930. In his/her absence, calls may be directed to Petition Help Desk at (571) 272-3282.

| /FIKIRTE A GEREMEW/ PROGRAM SUPPORT ASSISTANT, OMBL | |
|---|---|

U.S. Patent and Trademark Office
PTO-2298 (Rev. 02-2012)

| | | |
|---|---|---|
| *Index of Claims* | **Application/Control No.** 18/348,882 | **Applicant(s)/Patent Under Reexamination** Barnes et al. |
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ✔ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

| CLAIMS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | ☐ CPA | ☐ T.D. | ☐ R.1.47 | | | |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/23/2023 | | | | | | | |
| | 1 | - | | | | | | | |
| | 2 | - | | | | | | | |
| | 3 | - | | | | | | | |
| | 4 | - | | | | | | | |
| | 5 | - | | | | | | | |
| | 6 | - | | | | | | | |
| | 7 | - | | | | | | | |
| | 8 | - | | | | | | | |
| | 9 | - | | | | | | | |
| | 10 | - | | | | | | | |
| | 11 | - | | | | | | | |
| | 12 | - | | | | | | | |
| | 13 | - | | | | | | | |
| | 14 | - | | | | | | | |
| | 15 | - | | | | | | | |
| | 16 | - | | | | | | | |
| | 17 | - | | | | | | | |
| | 18 | - | | | | | | | |
| | 19 | - | | | | | | | |
| | 20 | - | | | | | | | |
| | 21 | ✓ | | | | | | | |
| | 22 | ✓ | | | | | | | |
| | 23 | ✓ | | | | | | | |
| | 24 | ✓ | | | | | | | |
| | 25 | ✓ | | | | | | | |
| | 26 | ✓ | | | | | | | |
| | 27 | ✓ | | | | | | | |
| | 28 | ✓ | | | | | | | |
| | 29 | ✓ | | | | | | | |
| | 30 | ✓ | | | | | | | |
| | 31 | ✓ | | | | | | | |
| | 32 | ✓ | | | | | | | |
| | 33 | ✓ | | | | | | | |
| | 34 | ✓ | | | | | | | |
| | 35 | ✓ | | | | | | | |
| | 36 | ✓ | | | | | | | |
| | 37 | ✓ | | | | | | | |
| | 38 | ✓ | | | | | | | |
| | 39 | ✓ | | | | | | | |
| | 40 | ✓ | | | | | | | |

| | | |
|---|---|---|
| **Search Notes** | **Application/Control No.** 18/348,882 | **Applicant(s)/Patent Under Reexamination** Barnes et al. |
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 |

**CPC - Searched\***

| Symbol | Date | Examiner |
|---|---|---|
| E04H 15/005, 15/60, 15/62 | 10/23/2023 | NCH |

**CPC Combination Sets - Searched\***

| Symbol | Date | Examiner |
|---|---|---|
| | | |

**US Classification - Searched\***

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

**Search Notes**

| Search Notes | Date | Examiner |
|---|---|---|
| Considered IDS filed 7/7/2023 | 10/19/2023 | NCH |
| Considered and updated search history for parent application 18072143 | 10/23/2023 | NCH |
| Performed inventor name search | 10/23/2023 | NCH |

**Interference Search**

| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | |
|---|---|
| | |

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 123 of 342

|  | | Complete if Known | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | Application Number | *To Be Assigned* |
| | | Filing Date | *Concurrently Herewith* |
| | | First Named Inventor | Dane Brooks Barnes |
| | | Art Unit | *To Be Assigned* |
| | | Examiner Name | *To Be Assigned* |
| Sheet | 1 of 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-1,129,194 | 02-23-1915 | Hanley | |
| | 2 | US-1,571,295 | 02-02-1926 | Newman | |
| | 3 | US-2,055,044 | 09-22-1936 | Nelson | |
| | 4 | US-2,186,510 | 01-09-1940 | Walter *et al.* | |
| | 5 | US-2,190,566 | 02-13-1940 | Julian | |
| | 6 | US-2,193,469 | 03-12-1940 | Ashton | |
| | 7 | US-2,554,688 | 05-29-1951 | Vollweiler | |
| | 8 | US-2,963,031 | 12-06-1960 | Carroll | |
| | 9 | US-3,042,053 | 07-03-1962 | Gabriel | |
| | 10 | US-3,051,185 | 08-28-1962 | Reynolds | |
| | 11 | US-3,052,249 | 09-04-1962 | Seaman *et al.* | |
| | 12 | US-3,070,107 | 12-25-1962 | Beatty | |
| | 13 | US-3,075,536 | 01-29-1963 | Parker | |
| | 14 | US-3,165,110 | 01-12-1965 | Brooks | |
| | 15 | US-3,190,300 | 06-22-1965 | Wear'n | |
| | 16 | US-3,261,134 | 07-19-1966 | Crist | |
| | 17 | US-3,286,962 | 11-22-1966 | Warth | |
| | 18 | US-3,388,711 | 06-18-1968 | Huddle | |
| | 19 | US-3,394,720 | 07-30-1968 | Moss | |
| | 20 | US-3,970,096 | 07-20-1976 | Nicolai | |
| | 21 | US-4,098,281 | 07-04-1978 | Bonfilio | |
| | 22 | US-4,312,371 | 01-26-1982 | Koon | |
| | 23 | US-4,404,980 | 09-20-1983 | Wade | |
| | 24 | US-4,590,956 | 05-27-1986 | Griesenbeck | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/19/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023.*

WBD (US) 62713265v1

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | **Complete if Known** | |
|---|---|---|---|---|
| | | | Application Number | *To Be Assigned* |
| | | | Filing Date | *Concurrently Herewith* |
| | | | First Named Inventor | Dane Brooks Barnes |
| | | | Art Unit | *To Be Assigned* |
| | | | Examiner Name | *To Be Assigned* |
| Sheet | 2 | of | 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

| U. S. PATENT DOCUMENTS | | | | |
|---|---|---|---|---|
| | 25 | US-4,646,770 | 03-03-1987 | Lobato | |
| | 26 | US-4,739,784 | 04-26-1988 | Fast | |
| | 27 | US-4,750,508 | 06-14-1988 | Tatoian | |
| | 28 | US-4,829,694 | 05-16-1989 | Oasheim | |
| | 29 | US-4,915,120 | 04-10-1990 | Ziolkowski | |
| | 30 | US-4,924,893 | 05-15-1990 | Furey | |
| | 31 | US-4,930,534 | 06-05-1990 | Hill | |
| | 32 | US-4,941,422 | 07-17-1990 | Muller | |
| | 33 | US-5,046,699 | 09-10-1991 | Perreault *et al.* | |
| | 34 | US-5,080,123 | 01-14-1992 | Stein | |
| | 35 | US-5,215,109 | 06-01-1993 | Kent, Jr. | |
| | 36 | US-5,291,640 | 03-08-1994 | Rise | |
| | 37 | US-5,299,590 | 08-05-1994 | Deibert *et al.* | |
| | 38 | US-5,358,209 | 10-25-1994 | Ward | |
| | 39 | US-5,546,971 | 08-20-1996 | Leonhardt | |
| | 40 | US-5,595,203 | 01-21-1997 | Espinosa | |
| | 41 | US-5,678,704 | 10-21-1997 | Deeds | |
| | 42 | US-5,690,134 | 11-25-1997 | McCauley | |
| | 43 | US-5,771,912 | 06-30-1998 | Swetish | |
| | 44 | US-5,823,217 | 10-20-1998 | Rice | |
| | 45 | US-5,927,311 | 07-27-1999 | Jager | |
| | 46 | US-5,950,649 | 09-14-1999 | Gerig | |
| | 47 | US-6,026,613 | 02-22-2000 | Quiring et al. | |
| | 48 | US-6,062,243 | 05-16-2000 | Touch et al. | |
| | 49 | US-6,209,149 | 04-03-2001 | Song *et al.* | |
| | 50 | US-6,272,695 | 08-14-2001 | Brandner | |
| | 51 | US-6,276,382 | 08-21-2001 | Bindschatel et al. | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/19/2023 |
|---|---|---|---|

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

WBD (US) 62713265v1

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023*

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| | | INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Complete if Known | |
|---|---|---|---|---|---|
| | | | Application Number | *To Be Assigned* | |
| | | | Filing Date | *Concurrently Herewith* | |
| | | | First Named Inventor | Dane Brooks Barnes | |
| | | | Art Unit | *To Be Assigned* | |
| | | | Examiner Name | *To Be Assigned* | |
| Sheet | 3 | of | 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

### U. S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| | 52 | US-6,286,531 | 09-11-2001 | Joo-Tai | |
| | 53 | US-6,321,861 | 11-27-2001 | Leichter | |
| | 54 | US-6,402,220 | 06-11-2002 | Allen | |
| | 55 | US-6,434,891 | 08-20-2002 | Cameron | |
| | 56 | US-6,964,277 | 11-15-2005 | Naber | |
| | 57 | US-7,021,866 | 04-04-2006 | Keefe | |
| | 58 | US-7,191,996 | 03-20-2007 | Patsalaridis | |
| | 59 | US-7,316,239 | 01-08-2008 | Yang | |
| | 60 | US-7,406,977 | 08-05-2008 | Shires | |
| | 61 | US-7,654,277 | 02-02-2010 | Brewer et al. | |
| | 62 | US-7,708,339 | 05-04-2010 | Zapater | |
| | 63 | US-7,721,361 | 05-25-2010 | Shubert | |
| | 64 | US-7,789,097 | 09-07-2010 | Sotirkys *et al.* | |
| | 65 | US-8,424,549 | 04-23-2013 | Goldsmith *et al.* | |
| | 66 | US-8,453,664 | 06-04-2013 | Parsons *et al.* | |
| | 67 | US-8,720,461 | 05-13-2014 | Nichols | |
| | 68 | US-8,899,251 | 12-02-2014 | Leung *et al.* | |
| | 69 | US-8,991,411 | 03-31-2015 | Neuman | |
| | 70 | US-9,051,755 | 06-09-2015 | Heining *et al.* | |
| | 71 | US-9,051,756 | 06-09-2015 | Jenkins | |
| | 72 | US-9,103,137 | 08-11-2015 | Williams | |
| | 73 | US-9,113,724 | 08-25-2015 | Heining *et al.* | |
| | 74 | US-9,187,924 | 11-17-2015 | Jackson *et al.* | |
| | 75 | US-9,371,641 | 06-21-2016 | Christensen *et al.* | |
| | 76 | US-9,394,719 | 07-19-2016 | Choi | |
| | 77 | US-9,394,721 | 07-19-2016 | Hotes *et al.* | |
| | 78 | US-9,435,133 | 09-06-2016 | Bourland | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/19/2023 |
|---|---|---|---|

\*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023*

WBD (US) 62713265v1

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 126 of 342

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| | | | Complete if Known | |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | Application Number | *To Be Assigned* |
| | | | Filing Date | *Concurrently Herewith* |
| | | | First Named Inventor | Dane Brooks Barnes |
| | | | Art Unit | *To Be Assigned* |
| | | | Examiner Name | *To Be Assigned* |
| Sheet | 4 | of | 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

| | U. S. PATENT DOCUMENTS | | | | |
|---|---|---|---|---|---|
| | 79 | US-9,447,599 | 09-20-2016 | Parent | |
| | 80 | US-9,506,268 | 11-29-2016 | Bright *et al.* | |
| | 81 | US-9,903,134 | 02-27-2018 | Munnerlyn | |
| | 82 | US-10,066,417 | 09-04-2018 | Linyard *et al.* | |
| | 83 | US-10,190,330 | 01-29-2019 | Barnes et al. | |
| | 84 | US-10,252,778 | 04-09-2019 | Greer | |
| | 85 | US-10,602,817 | 03-31-2020 | Price | |
| | 86 | US-11,156,012 | 10-26-2021 | Graham | |
| | 87 | US-11,219,286 | 01-11-2022 | Cox | |
| | 88 | US-D256,829 | 09-09-1980 | Qui *et al.* | |
| | 89 | US-D263,984 | 04-20-1982 | Moss | |
| | 90 | US-D321,924 | 11-26-1991 | Bonner | |
| | 91 | US-D363,755 | 10-31-1995 | Diederich | |
| | 92 | US-D390,730 | 02-17-1998 | Gerhart et al. | |
| | 93 | US-D397,401 | 08-25-1998 | Diederich | |
| | 94 | US-D398,363 | 09-15-1998 | LoBue | |
| | 95 | US-D400,949 | 11-10-1998 | Gale | |
| | 96 | US-D421,532 | 03-14-2000 | Koroncai | |
| | 97 | US-D438,929 | 03-13-2001 | Middleton *et al.* | |
| | 98 | US-D544,062 | 06-05-2007 | Baker | |
| | 99 | US-D555,748 | 11-20-2007 | Gyr *et al.* | |
| | 100 | US-D577,092 | 09-16-2008 | West | |
| | 101 | US-D593,315 | 06-02-2009 | Zemel | |
| | 102 | US-D601,653 | 10-062009 | Kirkham, Jr. | |
| | 103 | US-D624,623 | 09-28-2010 | Viglione | |
| | 104 | US-D630,834 | 01-18-2011 | Cohen | |
| | 105 | US-D638,954 | 05-31-2011 | Nichols | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/19/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023*

WBD (US) 62713265v1

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Complete if Known | |
|---|---|---|---|
| | | Application Number | *To Be Assigned* |
| | | Filing Date | *Concurrently Herewith* |
| | | First Named Inventor | Dane Brooks Barnes |
| | | Art Unit | *To Be Assigned* |
| | | Examiner Name | *To Be Assigned* |
| Sheet | 5 of 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

| | | U. S. PATENT DOCUMENTS | | | |
|---|---|---|---|---|---|
| | 106 | US-D739,555 | 09-22-2015 | McAlister | |
| | 107 | US-D741,437 | 10-20-2015 | Zimmer *et al.* | |
| | 108 | US-D761,372 | 07-12-2016 | Cihal | |
| | 109 | US-D788,319 | 05-30-2017 | LeMoine et al. | |
| | 110 | US-D823,419 | 07-17-2018 | Ceccaldi | |
| | 111 | US-D829,839 | 10-02-2018 | Crimi | |
| | 112 | US-D843,200 | 03-19-2019 | Tjerrild | |
| | 113 | US-D859,808 | 09-17-2019 | Goldszer | |
| | 114 | US-D877,486 | 03-10-2020 | Chen | |
| | 115 | US-D928,899 | 08-24-2021 | Zhu | |
| | 116 | US-D947,411 | 03-29-2022 | Climent Bonet *et al.* | |
| | 117 | US-D947,975 | 04-05-2022 | Lah | |
| | 118 | US-D948,653 | 04-12-2022 | Lah | |
| | 119 | US-D960,277 | 08-09-2022 | Lah | |
| | 120 | US-D985,801 | 05-09-2023 | Collins | |
| | 121 | US-2003/0066550 | 04-10-2003 | Al-Ghamdi | |
| | 122 | US-2003/0089390 | 05-15-2003 | Seo | |
| | 123 | US-2007/0079857 | 04-12-2007 | Tseng | |
| | 124 | US-2007/0295380 | 12-27-2007 | Glaeser | |
| | 125 | US-2010/0212709 | 08-26-2010 | Sotirkys *et al.* | |
| | 126 | US-2012/0291830 | 11-22-2012 | Crimi | |
| | 127 | US-2013/0074894 | 03-28-2013 | Cook | |
| | 128 | US-2014/0041703 | 02-13-2014 | Funston | |
| | 129 | US-2014/0209132 | 07-31-2014 | Landry | |
| | 130 | US-2015/0040957 | 02-12-2015 | Mallookis *et al.* | |
| | 131 | US-2015/0252585 | 09-10-2015 | Mallookis *et al.* | |
| | 132 | US-2015/0354244 | 12-10-2015 | Fernandez Gonzalez | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/19/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023.*

WBD (US) 62713265v1

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 128 of 342

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | Complete if Known | |
|---|---|---|---|
| | | Application Number | *To Be Assigned* |
| | | Filing Date | *Concurrently Herewith* |
| | | First Named Inventor | Dane Brooks Barnes |
| | | Art Unit | *To Be Assigned* |
| | | Examiner Name | *To Be Assigned* |
| Sheet | 6 | of | 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

### U. S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| | 133 | US-2016/0017631 | 01-21-2016 | Gilmore |
| | 134 | US-2016/0053508 | 02-25-2016 | Gutwenger *et al.* |
| | 135 | US-2018/0106064 | 04-19-2018 | Barnes *et al.* |
| | 136 | US-2018/0245367 | 08-30-2018 | Grieshop |
| | 137 | US-2022/0024290 | 01-27-2022 | Howard |
| | 138 | US-2023/0096848 | 03-30-2023 | Wang |
| | 139 | US-2023/0151636 | 05-18-2023 | Li *et al.* |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 140 | AU 200511300 | 09-01-2005 | Gyr | | |
| | 141 | AU 2020100586 | 05-28-2020 | Fraser | | |
| | 142 | BR 302019005581 | 12-10-2019 | Vinicius Rolim Tamassia | | |
| | 143 | CA 2524310 | 04-25-2006 | Aqua-Leisure Industries, Inc | | |
| | 144 | CH 130505 | 05-14-2004 | Fischer | | |
| | 145 | CH 132260 | 12-15-2005 | Fischer | | |
| | 146 | DE 10 2009 020 795 | 11-04-2010 | Schmidt | | Abstract |
| | 147 | FR 2 884 844 | 04-26-2005 | Cahours De Virgile | | Abstract |
| | 148 | KR 10-1315166 | 10-07-2013 | Kang | | Machine Translation |
| | 149 | WO 82/03317 | 10-14-1982 | Montgomery | | |
| | 150 | WO 02/04768 | 01-17-2002 | Selby | | |
| | 151 | WO 2011/012969 | 02-03-2011 | De Pasquale | | |
| | 152 | WO 2020/089599 | 05-07-2020 | Osborne | | |
| | 153 | WO 2022/174316 | 08-25-2022 | Ribeiro Lucchese Gualdi | | Machine Translation |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/19/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023*

WBD (US) 62713265v1

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 129 of 342

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | Complete if Known | |
|---|---|---|---|---|
| | | | Application Number | *To Be Assigned* |
| | | | Filing Date | *Concurrently Herewith* |
| | | | First Named Inventor | Dane Brooks Barnes |
| | | | Art Unit | *To Be Assigned* |
| | | | Examiner Name | *To Be Assigned* |
| Sheet | 7 | of | 7 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

| OTHER DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
| | 154 | YouTube video by Robert Marazzita:  The Best Beach Cabana – Set Up and Tear Down, July 9, 2015, [site visited August 8, 2017], Available on the Internet URL: <https:www.youtube.com/watch?v=LfccH7yV6SE>. | |
| | 155 | YouTube video by Robb's Homemade Life: Make $15 Beach Shade tent Easy Quick DIY, October 6, 2015 [site visited August 8, 2017] Available on the internet URL: <www.youtube.com/watch?v+X20b4pLJx1c> | |
| | 156 | YouTube video by Beachspirit: Kitent (R) - the Floating beach tent for sun shade, October 8, 2016 [site visited August 8, 2017] Available on the internet URL: <https://m.youtube.com/watch?v=OUaDZeqdTkQ> | |
| | 157 | YouTube video by ZiggyShade Beach Sunshade: ZiggyShade – Beach Sunshade – Set up instructions, November 24, 2016 [site visited August 8, 2017] Available on the internet URL: <https://youtu.be/1krQ0rlumws> | |
| | 158 | YouTube video by bibitedog: How to set up a butterfly arch, May 26, 2012 [site visited December 18, 2018] Available on the internet URL: <https://www.youtube.com/watch?v=FOTYtjQAL4s> | |
| | 159 | Suniela Beach Portable Shade Cabanas, [site visited October 21, 2021], Available on the internet URL: <https://suniela.com> | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/19/2023 |
|---|---|---|---|

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

WBD (US) 62713265v1

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 7, 2023*

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 130 of 342

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

# Bibliographic Data

Application No: **18/348,882**

Foreign Priority claimed: ○ Yes  ●No

35 USC 119 (a-d) conditions met: ☐ Yes  ☑No  ☐ Met After Allowance

Verified and Acknowledged: | /Noah Chandler Hawk/ | NCH |
| Examiner's Signature | Initials |

Title: SHADING SYSTEM AND METHOD OF USE

| FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/07/2023 **RULE** | 135 | 3636 | S105508 1010US.C10(0051.1 |

## APPLICANTS

Shibumi Shade, Inc., Raleigh, NC, UNITED STATES

## INVENTORS

Dane Brooks Barnes, Raleigh, NC, UNITED STATES

Alexander Griffith Slater, Raleigh, NC, UNITED STATES

Scott Christian Barnes, Raleigh, NC, UNITED STATES

## CONTINUING DATA

This application is a CON of 18329082 06/05/2023

18329082 is a CON of 18072143 11/30/2022

18072143 is a CON of 17471658 09/10/2021

18072143 is a CON of 17343114 06/09/2021 PAT 11536046

17343114 is a CON of 17232799 04/16/2021 PAT 11634924

17471658 is a CON of 17232799 04/16/2021 PAT 11634924

17232799 is a CON of 16987886 08/07/2020 PAT 11111690

16987886 is a CON of 16224465 12/18/2018 PAT 10753117

16224465 is a CON of 15675715 08/12/2017 PAT 10190330

15675715 has PRO of 62409426 10/18/2016

## FOREIGN APPLICATIONS

## IF REQUIRED, FOREIGN LICENSE GRANTED**

07/25/2023

## STATE OR COUNTRY

UNITED STATES

## ADDRESS

WOMBLE BOND DICKINSON (US) LLP

ATTN: IP DOCKETING

P.O. Box 570489

ATLANTA, GA 30357-0037

UNITED STATES

**FILING FEE RECEIVED**

$6,160

# PE2E SEARCH – Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | British Equivalents | Time Stamp |
|---|---|---|---|---|---|---|---|
| L155 | 161 | e04h2015/326.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L156 | 1058 | 135/119.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L157 | 860 | 135/118.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L158 | 1187 | 135/115,120.1.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L159 | 1203 | e04H15/003.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L160 | 521 | 135/114.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L161 | 116 | 135/127.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L162 | 4260 | L156 L157 L158 L160 L161 L159 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L163 | 289 | 40/214,606.11,217.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L164 | 237 | 40/412.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L165 | 2205 | 160/135,350,351,352,377.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L166 | 6916 | L162 L163 L164 L165 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L167 | 704 | e04h12/22.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L168 | 7748 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L169 | 8 | L168 and @pd>"20200107" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L170 | 4 | (15/675715 \| 16/224465).APP. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/06/10 12:16 PM |
| L171 | 8267 | L155 L166 L167 | (US-PGPUB; USPAT; | OR | OFF | OFF | 2021/06/10 |

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 133 of 342

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | USOCR; FPRS; EPO; JPO; IBM_TDB) | | | | 12:16 PM |
| L173 | 57 | L171 AND @pd>"20200416" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/10 12:18 PM |
| L174 | 2 | "16987886" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/10 12:18 PM |
| L175 | 164 | 171 AND (telescop$6) AND bend$4 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/14 12:08 PM |
| L176 | 49 | shibumi | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/06/14 01:06 PM |
| L178 | 8272 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/07/28 03:00 PM |
| L179 | 13 | 178 AND @pd>"20210610" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/07/28 03:00 PM |
| L180 | 4531 | e04h15/30.cpc. e04h15/32.cpc. e04h15/36.cpc. e04h15/44.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L181 | 620 | 180 AND wind | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L182 | 366 | 181 AND (weight anchor) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L183 | 245 | 182 AND (bag sleeve container) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L184 | 10 | shibumi | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/10/22 02:43 PM |
| L189 | 64 | ((US-20140041703-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20120291830-A1 OR US-20100212709-A1 | (USPAT; US-PGPUB; FPRS; USOCR; IBM_TDB; EPO; JPO; DERWENT; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, | OR | ON | ON | 2021/10/25 03:50 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | OR US-20070079857-A1 OR US-20130074894-A1 OR US-20090114260-A1 OR US-20150252585-A1 OR US-20180106064-A1 OR US-20190119942-A1 OR US-20030089390-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210230899-A1 OR US-20210293046-A1).did. AND PGPB.dbnm.) OR ((US-3394720-A OR US-3042053-A OR US-3070107-A OR US-3075536-A OR US-2554688-A OR US-3052249-A).did. AND USOC.dbnm.) OR ((US-8453664-B2 OR US-4739784-A OR US-4881565-A OR US-4930534-A OR US-9482024-B2 OR US-6964277-B2 OR US-5299590-A OR US-5950649-A OR US-7789097-B1 OR US-5080123-A OR US-6286531-B1 OR US-7841356-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-3970096-A OR US-4590956-A OR US-8424549-B1 OR US-7406977-B1 OR US-5823217-A OR US-8899251-B2 OR US-9051755-B2 OR US-9113724-B1 OR US-5345962-A OR US-7708339-B2 OR US-4716918-A OR US-8087423-B2 OR US-9051756-B1 OR US-10190330-B2 OR US-5927311-A OR US-10753117-B2 OR US-11111690-B2).did. AND USPT.dbnm.) OR ((DE- | IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN)) | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011150477-A1).did. AND FPRS.dbnm.) OR ((US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1).did. AND DWPI.dbnm.) | | | | | |
| L191 | 36 | 189 AND strap | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/25 03:50 PM |
| L192 | 4 | "17343114" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/26 04:00 PM |
| L194 | 58 | L171 AND @pd>"20200610" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/10/26 04:09 PM |
| L195 | 5 | ("2186510" "3052249" "5678704").pn. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/02/07 04:09 PM |
| L196 | 12 | "101315166" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2022/02/07 04:19 PM |
| L201 | 23 | ("584726" \| "2415956" \| "4924893" \| "5065879" \| "5520364" \| "5524990" \| "5931583" \| "6149305" \| "6186662" \| "6240940" \| "6554149" \| "6739095" \| "6964277" \| "7353833" \| "7524111" \| "7946305" \| | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/04/13 01:42 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | "8439058" \| "8656937" \| "20020026890" \| "20040123887" \| "20050061409" \| "20120017960" \| "20130051707").pn. OR ("9482024").urpn. AND (PGPB \| USPT \| USOC).dbnm. | | | | | |
| L202 | 41 | ("486256" \| "1293526" \| "1460821" \| "2024946" \| "2126030" \| "2551963" \| "3407825" \| "4118902" \| "4546730" \| "4570465" \| "4648482" \| "4733840").pn. OR ("4924893").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/04/13 01:44 PM |
| L203 | 2359 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/26 05:17 PM |
| L204 | 312 | 203 AND (auger screw corkscrew) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/26 05:17 PM |
| L205 | 77 | ("1883477" \| "4832304" \| "4910902" \| "5046699" \| "5564232" \| "5881978" \| "5921035" \| "6095081" \| "6629389" \| "20090277368" \| "3519234" \| "4233769" \| "4524533" \| "4717110" \| "4765277" \| "5067683" \| "5181335" \| "5492429" \| "5502910" \| "5833181" \| "5921035" \| "6820379" \| "7007910" \| "7246783" \| "8407949" \| "20020014570" \| "20060060749" \| "20080156957" \| "20120104190" \| "168890" \| "345877" \| "907799" \| "1562343" \| "2269996" \| "2447444" \| "2563159" \| "2901789" \| "3059732" \| "3286962" \| "3318560" \| "3688454" \| "3865309" \| "4607608" \| "4928418" \| "5098057" \| "6401656" \| "6412236" \| "6481147" \| "6487977" \| "6698132" \| "6810630" \| "6901693" \| "D550071" \| "7493873" \| "8006946" \| "8230638" \| "9316016" \| | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/06/26 06:02 PM |

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 137 of 342

| L206 | 77 | ((US-20090114260-A1 OR US-20100212709-A1 OR US-20070079857-A1 OR US-20130074894-A1 OR US-20150252585-A1 OR US-20180106064-A1 OR US-20140041703-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20120291830-A1 OR US-20190119942-A1 OR US-20030089390-A1 OR US-20160360869-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1).did. AND PGPB.dbnm.) OR ((US-7841356-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-3970096-A OR US-4590956-A OR US-8424549-B1 OR US-7406977-B1 OR US-5823217-A OR US-8899251-B2 OR US-9051755-B2 OR US-9113724-B1 OR US-5345962-A OR US-7708339-B2 OR US-4716918-A OR US-8087423-B2 OR US-9051756-B1 OR US-5080123-A OR US-8453664-B2 OR US-4739784-A OR US-4881565-A OR US-4930534-A OR US-6964277-B2 OR US-5299590-A OR US- | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2022/06/28 10:49 AM |

| | | "20050268522").pn. OR ("8656651" | "9447599" | "2016/0360869" | "9854899").urpn. AND (PGPB | USPT | USOC).dbnm. | | | | | |

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 138 of 342

| | | 5950649-A OR US-7789097-B1 OR US-6286531-B1 OR US-9482024-B2 OR US-10190330-B2 OR US-5927311-A OR US-10753117-B2 OR US-8656651-B1 OR US-9447599-B1 OR US-9854899-B2 OR US-4832304-A OR US-5046699-A OR US-6487977-B1 OR US-4924893-A OR US-5678704-A OR US-11111690-B2).did. AND USPT.dbnm.) OR ((WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR KR-101315166-B1).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3042053-A OR US-3070107-A OR US-3075536-A OR US-2554688-A OR US-3286962-A OR US-3052249-A OR US-2186510-A).did. AND USOC.dbnm.) OR ((US-20180106064-A1 OR US-20210002918-A1 OR US-20190119942-A1).did. AND DWPI.dbnm.) OR ((KR-101315166-B1).did. AND FTDB.dbnm.) | | | | | |
|------|-----|------|------|------|------|------|------|
| L207 | 30 | 206 AND (elastic bungee) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:50 AM |
| L208 | 20 | 207 NOT barnes.in. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:50 AM |
| L209 | 55 | e04h15/64.cpc. AND (elatic bungee) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:54 AM |
| L210 | 236 | e04h15/64.cpc. AND (elastic bungee) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:54 AM |
| L211 | 248 | e04h15/64.cpc. AND strap | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 11:06 AM |
| L212 | 11 | ("824332" \| "3139662" \| | (US-PGPUB; USPAT; | OR | ON | ON | 2022/06/28 |

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 139 of 342
Workspace: 18348882 - Shading System and Method of Use

NH

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | "3422504" \| "3597812" \| "3780400" \| "4184233" \| "4534089").pn. OR ("5291640").urpn. AND (PGPB \| USPT \| USOC).dbnm. | USOCR) | | | | 11:09 AM |
| L213 | 13 | "17232799" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 04:46 PM |
| L214 | 12 | 206 AND telescop$4 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/29 03:06 PM |
| L215 | 75 | ((US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20150040957-A1 OR US-20140041703-A1 OR US-20100212709-A1 OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR US-20150252585-A1 OR US-20120291830-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20140209132-A1 OR US-20130074894-A1 OR US-20160360869-A1).did. AND PGPB.dbnm.) OR ((US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1).did. AND DWPI.dbnm.) OR ((US-4924893-A OR US-5678704-A OR US-11111690-B2 OR US-9482024-B2 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US- | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/09/14 01:38 PM |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5345962-A OR US-5299590-A OR US-4930534-A OR US-4881565-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-9051756-B1 OR US-8899251-B2 OR US-5080123-A OR US-10190330-B2 OR US-10753117-B2 OR US-6487977-B1 OR US-5046699-A OR US-4832304-A OR US-9854899-B2 OR US-8656651-B1 OR US-5771912-A OR US-5291640-A OR US-9447599-B1).did. AND USPT.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR DE-102009020795-A1).did. AND FPRS.dbnm.) OR ((KR-101315166-B1).did. AND FTDB.dbnm.) OR ((US-3052249-A OR US-2186510-A OR US-3394720-A OR US-3075536-A OR US-3042053-A OR US-2554688-A OR US-3070107-A OR US-3286962-A).did. AND USOC.dbnm.) | | | | | |
| L216 | 1 | "17471658" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/09/14 01:39 PM |
| L217 | 31 | "2524310" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/09/14 01:46 PM |
| L218 | 147 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; | OR | ON | ON | 2022/09/14 04:23 PM |

| | | | JPO; IBM_TDB) | | | | |
|---|---|---|---|---|---|---|---|
| L219 | 101 | ("10066417"\|"10252778"\|"10602817"\|"11156012"\|"11219286"\|"1129194"\|"1571295"\|"20030066550"\|"20030089390"\|"20070079857"\|"20120291830"\|"20130074894"\|"20140041703"\|"20140209132"\|"20150040957"\|"20150252585"\|"20150354244"\|"2186510"\|"2190566"\|"2554688"\|"2963031"\|"3042053"\|"3051185"\|"3052249"\|"3070107"\|"3075536"\|"3190300"\|"3286962"\|"3388711"\|"3394720"\|"4590956"\|"4646770"\|"4739784"\|"4750508"\|"4915120"\|"4924893"\|"4930534"\|"5046699"\|"5080123"\|"5215109"\|"5291640"\|"5299590"\|"5358209"\|"5546971"\|"5678704"\|"5771912"\|"5823217"\|"5927311"\|"5950649"\|"6321861"\|"6964277"\|"7021866"\|"7191996"\|"7316239"\|"7406977"\|"7708339"\|"7789097"\|"8424549"\|"8453664"\|"8720461"\|"8899251"\|"9051755"\|"9051756"\|"9113724"\|"9447599"\|"9903134"\|"D263984"\|"D363755"\|"D397401"\|"D398363"\|"D421532"\|"D438929"\|"D544062"\|"D555748"\|"D577092"\|"D593315"\|"D630834"\|"D739555"\|"D741437"\|"D843200"\|"D859808"\|"D877486"\|"D928899"\|"D947975"\|"D948653"\|"D960277").PN. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/03/09 01:54 PM |
| L220 | 18 | "2011012969" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, | OR | ON | ON | 2023/03/09 02:00 PM |

| | | | TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | | | | |
|---|---|---|---|---|---|---|---|
| L221 | 6 | "2022174316" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/03/09 02:01 PM |
| L222 | 13 | "2020089599" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/03/09 02:02 PM |
| L223 | 105 | ((US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20160360869-A1 OR US-20150252585-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20140041703-A1 OR US-20130074894-A1 OR US-20120291830-A1 OR US-20100212709-A1 | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/03/09 04:23 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR US-20210404208-A1 OR US-20030066550-A1 OR US-20150354244-A1).did. AND PGPB.dbnm.) OR ((US-11111690-B2 OR US-10753117-B2 OR US-10190330-B2 OR US-9854899-B2 OR US-9482024-B2 OR US-9447599-B1 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-9051756-B1 OR US-8899251-B2 OR US-8720461-B2 OR US-8656651-B1 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US-7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6487977-B1 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5771912-A OR US-5678704-A OR US-5345962-A OR US-5299590-A OR US-5291640-A OR US-5080123-A OR US-5046699-A OR US-4930534-A OR US-4924893-A OR US-4881565-A OR US-4832304-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-4646770-A OR US-4750508-A OR US-4915120-A OR US-5215109-A OR US-5358209-A OR US- | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 5546971-A OR US-6321861-B1 OR US-7021866-B2 OR US-7191996-B2 OR US-7316239-B2 OR US-9903134-B2 OR US-10066417-B1 OR US-10252778-B1 OR US-10602817-B2 OR US-11156012-B2 OR US-11219286-B2).did. AND USPT.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR CA-2524310-A1 OR WO-2011012969-A3).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3286962-A OR US-3075536-A OR US-3070107-A OR US-3052249-A OR US-3042053-A OR US-2554688-A OR US-2186510-A OR US-1129194-A OR US-1571295-A OR US-2190566-A OR US-2963031-A OR US-3051185-A OR US-3190300-A OR US-3388711-A).did. AND USOC.dbnm.) OR ((WO-2022174316-A1 OR WO-2020089599-A1).did. AND FTDB.dbnm.) | | | | | |
| L224 | 2508 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/03/09 04:34 PM |
| L225 | 156 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/03/09 04:34 PM |
| L226 | 47 | ("20160017631"\|"20160053508"\|"2055044"\|"2193469"\|"3165110"\|"3261134"\|"3970096"\|"4098281"\|"4312371"\|"4404980"\|"4829694"\|"4941422"\|"5595203"\|"5690134"\|"6026613"\|"6062243"\|"6272695"\|"6276382"\|"6402220"\|"6434891"\|"76 | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/07/23 03:18 PM |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 54277"\|"7721361"\|"899 1411"\|"9103137"\|"9187 924"\|"9371641"\|"93947 19"\|"9394721"\|"943513 3"\|"9506268"\|"D256829 "\|"D321924"\|"D390730"\| "D400949"\|"D601653"\|" D624623"\|"D638954"\|" D761372"\|"D788319").P N. ("20070295380"\|"20100 212709"\|"20180106064 "\|"6209149").PN. | | | | | |
| L227 | 36 | "2020100586" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/07/23 03:20 PM |
| L228 | 146 | ((US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20160360869-A1 OR US-20150252585-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20140041703-A1 OR US-20130074894-A1 OR US-20120291830-A1 OR US-20100212709-A1 OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/09/25 02:13 PM |

| | | US-20070295380-A1 OR US-20160017631-A1 OR US-20160053508-A1 OR US-20030066550-A1 OR US-20150354244-A1 OR US-20210404208-A1).did. AND PGPB.dbnm.) OR ((US-11111690-B2 OR US-10753117-B2 OR US-10190330-B2 OR US-9854899-B2 OR US-9482024-B2 OR US-9447599-B1 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-9051756-B1 OR US-8899251-B2 OR US-8720461-B2 OR US-8656651-B1 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US-7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6487977-B1 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5771912-A OR US-5678704-A OR US-5345962-A OR US-5299590-A OR US-5291640-A OR US-5080123-A OR US-5046699-A OR US-4930534-A OR US-4924893-A OR US-4881565-A OR US-4832304-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-6209149-B1 OR US-4098281-A OR US-4312371-A OR US-4404980-A OR US-4829694-A OR US-4941422-A OR US-5595203-A OR US-5690134-A OR US- | | | | | |
|---|---|---|---|---|---|---|---|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 6026613-A OR US-6062243-A OR US-6272695-B1 OR US-6276382-B1 OR US-6402220-B2 OR US-6434891-B1 OR US-7654277-B1 OR US-7721361-B1 OR US-8991411-B1 OR US-9103137-B2 OR US-9187924-B1 OR US-9371641-B2 OR US-9394719-B2 OR US-9394721-B2 OR US-9435133-B2 OR US-9506268-B1 OR US-D256829-S OR US-D321924-S OR US-D390730-S OR US-D400949-S OR US-D601653-S OR US-D624623-S OR US-D638954-S OR US-D761372-S OR US-D788319-S OR US-4646770-A OR US-4750508-A OR US-4915120-A OR US-5215109-A OR US-5358209-A OR US-5546971-A OR US-6321861-B1 OR US-7021866-B2 OR US-7191996-B2 OR US-7316239-B2 OR US-9903134-B2 OR US-10066417-B1 OR US-10252778-B1 OR US-10602817-B2 OR US-11156012-B2 OR US-11219286-B2).did. AND USPT.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011012969-A3 OR CA-2524310-A1).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3286962-A OR US-3075536-A OR US-3070107-A OR US-3052249-A OR US-3042053-A OR US-2554688-A OR US- | | | | | |

| | | 2186510-A OR US-2055044-A OR US-2193469-A OR US-3165110-A OR US-3261134-A OR US-1129194-A OR US-1571295-A OR US-2190566-A OR US-2963031-A OR US-3051185-A OR US-3190300-A OR US-3388711-A).did. AND USOC.dbnm.) OR ((AU-2020100586-A4 OR WO-2022174316-A1 OR WO-2020089599-A1).did. AND FTDB.dbnm.) | | | | | |
|---|---|---|---|---|---|---|---|
| L229 | 3 | "18072143" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/09/27 02:17 PM |
| L231 | 5 | ("20180245367" "20220024290" "20230096848" "20230151636").pn. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/10/19 03:29 PM |
| L232 | 30 | ("3448748" \| "4979531" \| "5029847" \| "5435024" \| "5590674" \| "5628336" \| "5683199" \| "5732726" \| "5771912" \| "6042297").pn. OR ("6286531").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/10/19 04:56 PM |
| L233 | 54 | ("3448748" \| "3635233" \| "3635233" \| "3730544" \| "3794054" \| "3834410" \| "4063830").pn. OR ("4979531").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/10/19 04:58 PM |
| L234 | 160 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/10/23 01:57 PM |
| L235 | 2530 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/10/23 01:57 PM |

## PE2E SEARCH - Search History (Interference)

There are no Interference searches to show.



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/348,882 | 07/07/2023 | Dane Brooks Barnes | S105508 1010US.C10(0051.1 | 5037 |

| | | | EXAMINER |
|---|---|---|---|
| 26158 | 7590 | 10/27/2023 | HAWK, NOAH CHANDLER |

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/27/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

<table>
<tr><td rowspan="2"><strong><em>Office Action Summary</em></strong></td><td colspan="2"><strong>Application No.</strong><br>18/348,882</td><td colspan="2"><strong>Applicant(s)</strong><br>Barnes et al.</td></tr>
<tr><td colspan="2"><strong>Examiner</strong><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br>3636</td><td><strong>AIA (FITF) Status</strong><br>Yes</td></tr>
</table>

-- <em><strong>The MAILING DATE of this communication appears on the cover sheet with the correspondence address</strong></em> --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☐ Responsive to communication(s) filed on _____.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a)☐ This action is **FINAL.**    2b)☑ This action is non-final.
3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5)☑ Claim(s) <u>21-40</u> is/are pending in the application.
    5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6)☐ Claim(s) _____ is/are allowed.
7)☑ Claim(s) <u>21-40</u> is/are rejected.
8)☐ Claim(s) _____ is/are objected to.
9)☐ Claim(s) _____ are subject to restriction and/or election requirement

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

## Application Papers

10)☐ The specification is objected to by the Examiner.
11)☑ The drawing(s) filed on <u>7/7/2023</u> is/are: a)☐ accepted or b)☑ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
    a)☐ All    b)☐ Some**    c)☐ None of the:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)
2)☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
    Paper No(s)/Mail Date _____.
3)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date _____.
4)☐ Other: _____.

Case 5:24-cv-00588-FL   Document 28-13   Filed 03/23/26   Page 151 of 342

## DETAILED ACTION

### Notice of Pre-AIA or AIA Status

1.      The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.


### Drawings

2.      The drawings are objected to as failing to comply with 37 CFR 1.84(p)(5)

because they do not include the following reference sign(s) mentioned in the

description: 46.  Corrected drawing sheets in compliance with 37 CFR 1.121(d) are

required in reply to the Office action to avoid abandonment of the application. Any

amended replacement drawing sheet should include all of the figures appearing on the

immediate prior version of the sheet, even if only one figure is being amended. Each

drawing sheet submitted after the filing date of an application must be labeled in the top

margin as either "Replacement Sheet" or "New Sheet" pursuant to 37 CFR 1.121(d). If

the changes are not accepted by the examiner, the applicant will be notified and

informed of any required corrective action in the next Office action. The objection to the

drawings will not be held in abeyance.


### Claim Rejections - 35 USC § 112

3.      The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and
> of the manner and process of making and using it, in such full, clear, concise, and exact terms
> as to enable any person skilled in the art to which it pertains, or with which it is most nearly
> connected, to make and use the same, and shall set forth the best mode contemplated by the
> inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

4.      Claims 23 and 31 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the enablement requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to enable one skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the invention. The claims recites that "the first fastener is a hoop and the second fastener is a hook, the hoop being engageable with the hoop for securing the canopy into position relative to the frame" which is not considered enabled by the applicant's disclosure. There is no discussion of a "hoop" being engaged with either itself or, in the case that the claim contains a typographical error, a hook. Nor is there any discussion of the use of a hook other than in the context of hook-and-loop fasteners or hook-and-slit/aperture fasteners. As best understood, the applicant is referring to element 33 (hoop) and the end of element 32 (hook?). For the purposes of examination, the claims will be treated as reciting "the hoop being engageable with the hook." Clarification is required.

The following is a quotation of 35 U.S.C. 112(b):
(b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

5.      Claims 32 and 38 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-

AIA), second paragraph, as being indefinite for failing to particularly point out and

distinctly claim the subject matter which the inventor or a joint inventor (or for

applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention.

The claims recite "the aligning component" which renders the claims indefinite. There is

insufficient antecedent basis for this limitation in the claims. Further, the "aligning

component" appears to be the same element of the claimed device as the "cable"

recited in a prior claim. For the purposes of examination, a cable meeting the limitations

of both Claims 29 and 32  and 36 and 38 will be considered sufficient to meet both the

"cable" and "aligning component" features.


## Claim Rejections - 35 USC § 103

6.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all

obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed
> invention is not identically disclosed as set forth in section 102, if the differences between the
> claimed invention and the prior art are such that the claimed invention as a whole would have
> been obvious before the effective filing date of the claimed invention to a person having
> ordinary skill in the art to which the claimed invention pertains. Patentability shall not be
> negated by the manner in which the invention was made.

7.      Claims 21, 23, 25-29, and 31-34 are rejected under 35 U.S.C. 103 as being

unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311.

        a.      Regarding Claims 21 and 25-28, Kang teaches a system for providing

        shade onto a surface, the system comprising: a frame (100) having a left end of

        the frame engaged with the surface (at the left of the device); a right end of the

        frame engaged with the surface (at the right end of the device); a canopy (200)

extending between a suspension end (toward 100) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface (see Fig. 2); at least one loop (210) defined at the suspension end of the canopy and configured for accepting a portion of the frame therethrough for engaging the canopy with the frame, the at least one loop extending at least partially through a length of the suspension end of the canopy; at least a first fastener (230) engaged with the suspension end of the canopy; and at least a second fastener (310) engaged with, or coupled to, the frame, the first and second fasteners being engageable for securing the canopy into position relative to the frame.

b.       Kang is silent on the details of the frame. Jager teaches a frame including a plurality of sections (58/60) and being maneuverable between a transport configuration (Fig. 5) and a supporting configuration (Fig. 6), the sections including: a first section (A, see below) defining a left end of the frame engaged with the surface (at 74); a second section (B) defining a right end of the frame engaged with the surface (at 76); one or more third sections (C) coupled into alignment and engaged with the first section, the one or more third sections additionally comprising at least one aligning component (71) affixed to one or more of the third sections and providing supporting tension to the alignment in the supporting configuration and allowing the one or more third sections to be

maneuvered between the transport configuration and the supporting

configuration, the third sections being configured to engage with the first section

in the supporting configuration; and one or more fourth sections (D) coupled into

alignment and engaged with the second section, the one or more fourth sections

additionally comprising at least one aligning component (71) affixed to one or

more of the fourth sections and providing supporting tension to the alignment in

the supporting configuration and allowing the one or more fourth sections to be

maneuvered between the transport configuration and the supporting

configuration, the fourth sections being configured to engage with the second

section in the supporting configuration. Jager further teaches that the at least one

aligning component comprises a cable (an "elastic cord") extending through and

affixed to one or more of the third and fourth sections of the frame and that the

first and second sections of the frame are directly engageable with the surface

(see Fig. 6). Jager additionally teaches that at least a portion of the first and

second sections define a cylindrical shape (see Figs. 4-5) and that the one or

more third sections and the one or more fourth sections each have one or both of

a male end (64) and a female end (70). It would have been obvious to one of

ordinary skill in the art before the effective filing date of the claimed invention to

modify the device of Kang by using a sectional frame as taught by Jager in order

to allow the user to more compactly store and transport the device.



Jager, Fig. 5

c.      Regarding Claim 23, Kang, as modified, teaches that the first fastener is a

hoop (see Fig. 1) and the second fastener is a hook (see Fig. 1), the hoop being

engageable with the hook for securing the canopy into position relative to the

frame.

d.      Regarding Claims 29 and 32-34, Kang teaches a system for providing

shade onto a surface, the system comprising: a frame (100), a canopy (200)

extending between a suspension end (toward 100) and an opposing trailing end

(toward 240), the suspension end of the canopy extending between a left end

and a right end (the left and right sides of the canopy); and at least one loop (210) extending at least a portion of the length of the suspension end from the left end to the right end and that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface (see Fig. 2); a first fastener (230) engaged with the suspension end of the canopy; and a second fastener (3) engaged with, or coupled to, the frame, the first and second fasteners being engageable for securing the canopy into position relative to the frame.

e.      Kang is silent on the details of the frame. Jager teaches a frame defined by a plurality of sections (58/60) and comprising a cable (71) aligning component extending through and affixed to at least a portion of the sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration (Fig. 6) and thereby disengageable to define the frame in a transport configuration (Fig. 5), wherein two of the sections (A and B) of the frame are directly engageable with the surface and wherein at least a portion of the two sections of the frame directly engageable with the surface define a cylindrical shape (see Figs. 4, 5, and 9). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a sectional frame as taught by Jager in order to allow the user to more compactly store and transport the device.

f.      Regarding Claim 31, Kang, as modified, teaches that the first fastener is a hoop (see Fig. 1) and the second fastener is a hook (see Fig. 1), the hoop being engageable with the hoop for securing the canopy into position relative to the frame.

8.      Claims 22 and 30 are rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claims 21 and 29 above, and further in view of Beatty in US Patent 3070107. Kang, as modified, failed to teach the use of a canopy with parallel sides. Beatty teaches a system including a wind-borne canopy (19), wherein the canopy has at least one set of parallel sides (see Fig. 2 – the left and right sides are parallel). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Kang by using a canopy with parallel sides as taught by Beatty in order to increase the sun coverage for the use of the system.

9.      Claims 24 and 35 are rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claims 21 and 29 above, and further in view of Rice in US Patent 5823217. Kang, as modified, is silent on the use of a container. Rice teaches a canopy system with a frame (16) and canopy (14) and further comprising a container (50) capable of housing and transporting the components of the system therein.  It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Rice in order to carry the dissembled shade.

10.    Claims 36-40 are rejected under 35 U.S.C. 103 as being unpatentable over KR

101315166 (Kang) in view of Jager in US Patent 5927311 and Rice in US Patent

5823217.

g.    Regarding Claim 36 and 38-40, Kang teaches a system for providing

shade onto a surface, the system comprising: a frame (100), a canopy (200)

extending between a suspension end (toward 100) and an opposing trailing end

(toward 240), the suspension end of the canopy extending between a left end

and a right end (the left and right sides of the canopy, see Fig. 1), the suspension

end of the canopy including at least one fastener (210) that engages the canopy

with the frame and that secures the canopy in position relative to the frame,

wherein the trailing end of the canopy is spaced apart from the frame in the

supporting configuration such that the canopy is supportable by the frame and at

least partially supportable by wind in a first configuration for providing shade to

the surface (see Fig. 2), wherein the at least one fastener comprises a loop

extending at least partially through a length of the suspension end of the canopy

from the left end to the right end, wherein the at least one fastener further

comprises a (230) hoop coupled to the canopy.

h.    Kang is silent on the details of the frame. Jager teaches a frame defined

by a plurality of sections (58/60) and comprising a cable (71) extending through

and affixed to one or more sections of the frame, each of the plurality of sections

having one or both of a male end (64) and a female end (70) making the plurality

of sections thereby engageable with at least one adjacent section to define the

frame in a supporting configuration and thereby disengageable to define the

frame in a transport configuration, wherein two of the sections (at 74/76) of the frame are directly engageable with the surface (see Fig. 6), and wherein at least a portion of the two sections of the frame directly engageable with the surface define a cylindrical shape (see Figs. 4, 5, and 9). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame of Kang by using a sectional frame as taught by Jager in order to allow the user to more compactly store and transport the device.

i.        Kang, as modified, is silent on the use of a container. Rice teaches a canopy system with a frame (16) and canopy (14) and further comprising a container (50) capable of housing and transporting the components of the system therein. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Rice in order to carry the dissembled shade.

j.        Regarding Claim 37, Kang, as modified, teaches that the frame comprises at least one fastener (3) engaged with, or coupled to, the frame, the at least one fastener on the frame being engageable with the hoop for securing the canopy into position relative to the frame.

## Conclusion

11.     Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

| | |
|---|---|
| Application or Docket Number 18/348,882 | Filing Date 07/07/2023 |
| | ☐ To be Mailed |

**ENTITY:** ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT | 11/21/2023 | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * 17 | Minus | ** 20 | = 0 | | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /STEFANIE A BRYCE/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/348,882** | **11/21/2023 02:57:52 PM Z ET** | **S105508 1010US.C10(0051.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 63340619 | FILING DATE | 07/07/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

# TOTAL DOCUMENTS: 11

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C10_0051_1_Replacement_Drawing.pdf | 1 | Drawings-only black and white line drawings | 46 KB |
| S105508_1010US_C10_0051_1_Supplemental_IDS_Cover.pdf | 1 | Transmittal Letter | 117 KB |
| S105508_1010US_C10_0051_1_Amendment_for_10-27-2023_OA.pdf | 18 | - | 193 KB |
| S105508_1010US_C10_0051_1_Amendment_for_10-27-2023_OA-A....pdf | (1-1) 1 | Amendment/Request for Reconsideration-After Non-Final Rejection | 108 KB |

| | | | | |
|---|---|---|---|---|
| S105508_1010US_C10_00 51_1_Amendment_for_10-27-2023_OA-DRW.pdf | (2-2) | 1 | Drawings-only black and white line drawings | 83 KB |
| S105508_1010US_C10_00 51_1_Amendment_for_10-27-2023_OA-CLM.pdf | (3-7) | 5 | Claims | 93 KB |
| S105508_1010US_C10_00 51_1_Amendment_for_10-27-2023_OA-REM.pdf | (8-18) | 11 | Applicant Arguments/Remarks Made in an Amendment | 178 KB |
| S105508_1010US_C10_005 1_1_Supplemental_IDS_144 9.pdf | | 1 | Information Disclosure Statement (IDS) Form (SB08) | 152 KB |

Warning: This is not a USPTO supplied IDS fillable form. Data in the form cannot be automatically loaded to other USPTO systems.

| | | | |
|---|---|---|---|
| NPL-Shibumi_Shade_Facebook.pdf | 5 | Non Patent Literature | 249 KB |
| NPL-How_to_Reinforce.pdf | 6 | Non Patent Literature | 1053 KB |
| NPL-Solbello_Shade_Training_Video.pdf | 3 | Non Patent Literature | 2529 KB |
| NPL-Upgrade_Your_Shade.pdf | 4 | Non Patent Literature | 629 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C10_0051_ 1_Replacement_Drawing.pdf | BFF096C8641CAEBF43DF58D0C1D16B62CDD8CBF70194DCA 06E09D2203652AF884FD1E8F35A625CFB74C4D90FC88D0340 |

FFE0E5ADB6A1BB7A98924DC8852B6E8D

| | |
|---|---|
| S105508_1010US_C10_0051_1_Supplemental_IDS_Cover.pdf | 229176E7AEF5C54D8B02D1D55F73B33D44CEF4E9AA65887853B8F09AFEE45FBE4844EC301D197F1EEE077BA5475057919721745EB1E8D7664981CF71F69FF3E4 |
| S105508_1010US_C10_0051_1_Amendment_for_10-27-2023_OA.pdf | 941FA05C1623637E5A44B8BBDF94A1E6D03A639BCC7D77E5C3D839573A7D2FA270A7196C042C98234CF1DCF094975105CF20663E01EF10A0C159C5A2E98718A4 |
| S105508_1010US_C10_0051_1_Amendment_for_10-27-2023_OA-A....pdf | 9BFCEA0812652AA9444813FAB4D737EBF47CFBBFB03807747764AA1EE7D7DBC70EE002B649F4A010E182D64C51CFAC3865B10A67C4B5DCACB933EC142A6729A2 |
| S105508_1010US_C10_0051_1_Amendment_for_10-27-2023_OA-DRW.pdf | 045EEE93B3289C640CBB3F4DCC4C4B8734287D7638D5F0181668EDE688F965A850D27C58FA0E637B61A8CA46FD6D5E5008120290E5E79B5626D346E629D2944F |
| S105508_1010US_C10_0051_1_Amendment_for_10-27-2023_OA-CLM.pdf | 0091AD3048434996CF2DA5DB18CC28F8844A7578FDA6B3D83F9B2291F2A17186E119C82BF081C4F0EB395949554498299F39AA7634D59E0517CBA3ECA747DE7D |
| S105508_1010US_C10_0051_1_Amendment_for_10-27-2023_OA-REM.pdf | E0F0CFA05609F5D25EE5887776B664B5E5254AB7AACFC075A218D41CE551F7B29364A2C96B2D8F6DE366E42C948EC98361F16C3874FCF1E9267C83AC0725AB5A |
| S105508_1010US_C10_0051_1_Supplemental_IDS_1449.pdf | FBAE1D21E474368190CA66F103EADCA4E964B2F11AF76D8BFD96EBC56F1BCFA84565B75462DDC58855CC730365E5A3ACA7420AD44DBA55C29E1086D48AE3772D |
| NPL-Shibumi_Shade_Facebook.pdf | FCD6908B32C4117E7C17F54D1A05EB22A8D3812FA6F8FAE0FF33777FDF720B20B268810710A58F3114124BF0BA7817EFF323AE20A0AF0C6F32927AA8E2D1B587 |
| NPL-How_to_Reinforce.pdf | 080477D721E5587AB358EDBDEBD22DC417D30A07BA203F5C16AF89C17C100FF76E687AB08456CDA1B263D0A3C62B37C7B29EE3C6E5A1DC28B73EC6F9617E7C91 |
| NPL-Solbello_Shade_Training_Video | B5D56AA481B3E77EBE12BCC6F764373D082FD5D39793DD3C780080249BD25782CFC2F7B3CB5C0653BBD55137F8A95B853 |

.pdf                                        4ED8DD1F1A3C79C31AD44E82A5928D7

NPL-Upgrade_Your_Shade.pdf        99A4F3214A1F512E6532B591D5E170224393D466BC9F7E5EF6
                                  9E6FA192B18ECABD0DC27C0CF101EE13B69B173EB4895C78
                                  06B68FBAB7756349DA2E069B851520

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 5037 |
| Appl. No.: | 18/348,882 | Group Art Unit: | 3636 |
| Filed: | July 7, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:   S105508 1010US.C10 (0051.1)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT UNDER 37 C.F.R. § 1.111

Sir:

In response to the Office Action dated October 27, 2023 please amend the above-identified application as follows:

**Amendments to the Drawings** begin on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 3 of this paper.

**Remarks/Arguments** begin on page 8 of this paper.

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 168 of 342

Amendments to the Drawings

FIG. 4 of the drawings is hereby amended to include reference numeral 46. The replacement sheet of drawings including amended FIG. 4 replaces the original sheet of drawings including FIG. 4.

Amendments to the Claims

1. – 20.        (Canceled)

21.      (Currently Amended)  A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last ~~second~~ section defining a right end of the frame with a corkscrew shape and engaged with the surface; and

one or more adjacent~~third~~ sections coupled into alignment and engaged between the first section and the last section, ~~with the first section,~~ the one or more adjacent ~~third~~ sections additionally comprising at least one aligning component affixed to one or more of the adjacent~~third~~ sections and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent~~third~~ sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent~~third~~ sections being configured to engage between [[with]] the first section and the last section in the supporting configuration~~; and~~

~~one or more fourth sections coupled into alignment and engaged with the second section, the one or more fourth sections additionally comprising at least one aligning component affixed to one or more of the fourth sections and providing supporting tension to the alignment in the supporting configuration and allowing the one or more fourth sections to be maneuvered between the transport configuration and the supporting configuration, the fourth sections being configured to engage with the second section in the supporting configuration;~~

a canopy defining parallel sides extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or

more ~~adjacent~~ sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and ~~at~~ least partially supportable by wind in a first configuration for providing shade to the surface; and

~~at least one~~ loop defined at the suspension end of the canopy and configured for accepting a portion of the frame therethrough for engaging the canopy with the frame to secure the canopy into position relative to the frame, the ~~at least one~~ loop being the only fastener securing the canopy into position relative to the frame, and the loop extending at least partially through a length of the suspension end of the canopy~~;~~

~~at least a first fastener engaged with the suspension end of the canopy; and~~

~~at least a second fastener engaged with, or coupled to, the frame, the first and second fasteners being engageable for securing the canopy into position relative to the frame~~.


22.    (Canceled)


23.    (Canceled)


24.    (Currently Amended) The system of claim 21, wherein the at least one aligning component comprises a cable extending through and affixed to one or more of the adjacent~~third and fourth~~ sections of the frame.


25.    (Currently Amended) The system of claim 21, wherein the corkscrew shaped first and second sections of the frame are directly engageable with the surface.


26.    (Previously Presented)    The system of claim 21, further comprising a container capable of housing and transporting the components of the system therein.


27.    (Canceled)


28.    (Currently Amended) The system of claim 21, wherein the one or more adjacent~~third~~

WBD (US) 4873-4258-5285v5

~~sections and the one or more fourth~~ sections each have one or both of a male end and a female end.

29.     (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections <u>including a first section defining a left end of the frame and a last section defining a right end of the frame,</u> and comprising a<u>n aligning component</u> [[cable]] extending through at least a portion of the <u>plurality of</u> sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end<u>, wherein each of the left and right ends of the suspension end is adjacent to a lateral side of the canopy that extends substantially perpendicularly to the suspension end</u>; ~~and~~

at least one loop extending at least a portion of the length of the suspension end from the left end to the right end and that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and <u>aerially suspended</u>~~at least partially supportable~~ by wind in a first configuration for providing shade to the surface;

<u>a first anchor engaged or coupled to the left end of the frame to define a corkscrew shape at the left end of the frame; and</u>

<u>a second anchor engaged or coupled to the right end of the frame to define a corkscrew shape at the right end of the frame</u>

~~a first fastener engaged with the suspension end of the canopy; and~~

~~a second fastener engaged with, or coupled to, the frame, the first and second fasteners being engageable for securing the canopy into position relative to the frame~~.

30.     (Currently Amended) The system of claim of claim 29, wherein the <u>lateral sides of the</u>

canopy are ~~canopy has at least one set of~~ parallel ~~sides~~.

31.    (Canceled)

32.    (Currently Amended) The system of claim 29, wherein the at least one aligning component comprises a cable extending through and affixed to one or more <u>of the plurality of</u> sections of the frame.

33.    (Currently Amended) The system of claim 29, wherein <u>the first anchor and the second anchor</u> ~~two of the sections of the frame~~ are directly engageable with the surface.

34.    (Canceled)

35.    (Previously Presented)    The system of claim 29, further comprising a container capable of housing and transporting the components of the system therein.

36.    (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising a<u>n aligning component</u> [[cable]] extending through at least a portion of the sections, each of the plurality of sections having one or both of a male end and a female end making the plurality of sections thereby engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration;

a canopy <u>defining a plurality of coupled sections each</u> extending between a <u>first end and a second end, the first end of the plurality of coupled sections forming a</u> suspension end and <u>the second end of the plurality of coupled sections forming</u> an opposing trailing end, ~~the suspension end of the canopy extending between a left end and a right end,~~ the suspension end of the canopy including <u>only a single</u>~~at least one~~ fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is

WBD (US) 4873-4258-5285v5

spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and ~~at least partially supportable~~ by wind in a first configuration for providing shade to the surface,

wherein the <u>single</u>~~at least one~~ fastener comprises a loop extending at least partially through a length of the suspension end of the canopy from the left end to the right end~~,~~

~~wherein the at least one fastener further comprises a hoop coupled to the canopy~~; and

a container capable of housing and transporting the components of the system therein.


37.     (Canceled)


38.     (Currently Amended) The system of claim 36, wherein the at least one aligning component comprises a cable extending through and affixed to one or more <u>of the plurality of</u> sections of the frame.


39.     (Previously Presented)     The system of claim 36, wherein two of the sections of the frame are directly engageable with the surface.


40.     (Currently Amended) The system of claim 39, wherein ~~at least a portion of~~ the two sections of the frame <u>are the left and right ends of the frame and</u> ~~directly engageable with the surface~~ define a <u>corkscrew</u>~~cylindrical~~ shape.


41.     (New)  The system of claim 40, wherein the corkscrew shape comprises a helical thread.


42.     (New)  The system of claim 21, wherein the corkscrew shape comprises a helical thread.


43.     (New)  The system of claim 29, wherein the corkscrew shape comprises a helical thread.

WBD (US) 4873-4258-5285v5
Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 174 of 342

Appl. No.: 18/348,882
Amdt. Dated: November 21, 2023
Reply to Office Action dated October 27, 2023

## REMARKS/ARGUMENTS

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 1-20 were previously canceled. With this response, claims 21, 24, 25, 28-30, 32-33, 36, 38, and 40 are amended, claims 41-43 are added, and claims 22, 23, 27, 31, 34, and 37 are canceled. As such, claims 21, 24-26, 28-30, 32, 33, 35, 36, and 38-43 remain pending following this Amendment. Applicant submits that no new matter is added by way of this Amendment.

### Drawings

The drawings are objected to for failing to comply with 37 CFR § 1.84(p)(5) for not including the reference sign: 46. FIG. 4 is now amended to include reference sign 46, which was inadvertently not included in the original figures. Support for this claim amendment can be found in at least, for example, paragraphs [0037] and [0039] of the published application. No new matter has been added.

### Claim Rejections – 35 U.S.C. § 112

Claims 23 and 31 are rejected under 35 U.S.C. § 112(a) as allegedly failing to comply with the enablement requirement. Claims 23 and 31 are now canceled. As such, this rejection is now moot.

Claims 32 and 38 are rejected under 35 U.S.C. § 112(b) as allegedly being indefinite because the claims recite "the aligning component" which has insufficient antecedent basis. Claims 29 and 36 are now amended to recite "an aligning component" rather than a "cable." As such, Applicant respectfully submits that this rejection of the claims is moot.

### Claim Rejections – 35 U.S.C. § 103

**Claims 21, 23, 25-29, and 31-34 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over KR 101315166 to Kang in view of US Patent No 5,927,311 to Jager.**

WBD (US) 4873-4258-5285v5

Independent Claim 21

Independent claim 21 is the independent claim from which claims 23 and 25-28 depend. New dependent claim 42 depends on independent claim 21. Claim 42 finds support in at least the original description. Claims 23 and 27 are now canceled, therefore the rejection of these claims is now moot. Independent claim 21 is amended to clarify how the canopy is engageable with the frame, and now recites at least the following elements:

- a canopy defining parallel sides extending between a suspension end and an opposing trailing end. Support for this claim element is found in at least, for example, claim 22, which is now canceled.

- a loop defined at the suspension end of the canopy and configured for accepting a portion of the frame therethrough for engaging the canopy with the frame to secure the canopy into position relative to the frame, the loop being the only fastener securing the canopy into position relative to the frame. Support for this amendment can be found in at least, for example, col. 4, lines 7-34 of the parent patent, US Patent No. 10, 190,330.

- a frame including a plurality of sections […] the sections including: a first section defining a left end of the frame with a corkscrew shape and engaged with the surface; a last section defining a right end of the frame with a corkscrew shape and engaged with the surface. Support for this amendment can be found in at least, for example, paragraph [0051] of the published application.

*The cited combination of references does not disclose a canopy defining parallel sides extending between a suspension end and an opposing trailing end.*

Claim 22, the subject matter of which is now incorporated into independent claim 21, is rejected over modified Kang in view of Beatty. The examiner acknowledges that "Kang, as modified, failed to teach the use of a canopy with parallel sides." *See, e.g.,* page 9 of the office action. Beatty is cited as curing this deficiency in Kang. Applicant respectfully disagrees.

The examiner argues that "Beatty teaches a system including a wind-borne canopy (19), wherein the canopy has at least one set of parallel sides (see Fig. 2 - the left and right sides are

WBD (US) 4873-4258-5285v5
Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 176 of 342

parallel)." *See, e.g.,* page 9 of the office action. Yet, Beatty does not teach a "wind-borne" canopy as the examiner contends. Instead, the canopy is suspended by a frame or anchors at all four corners (see FIGS. 1 and 8 of Beatty).

By contrast, Kang discloses a canopy with a shading film 200 having a substantially semicircular shape in a first configuration and a quadrilateral shape when a mesh curtain 400 is attached to the shading film 200 in a second configuration. The "diameter" of the semicircular shading film 200 of the Kang canopy is attached to the pole 100 in both configurations. To transition from the first configuration to the second configuration, the shading film 200 has a first coupling member 201 which couples to a second coupling part 401 of the mesh curtain 400. The first and second coupling parts 201, 401 have corresponding shapes to allow for them to couple. Together, in the second configuration, the mesh curtain 400 and the shading film 200 form a tunnel in Kang.

Applicant respectfully submits that it would **not** have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Kang by using a canopy with parallel sides as taught by Beatty in order to increase the sun coverage for the use of the system. Indeed, Kang already teaches the second configuration where there are two sets of parallel sides, and the result in Kang is identical to the result in Beatty – i.e., any arrangement with two parallel sides requires frame or anchor members at all four corners. As such, one of ordinary skill in the art would not look to Beatty in order to modify Kang to arrive at a "four corner" arrangement.

Moreover, even if Kang and Beatty were combined, the combination would not result in a canopy as claimed. In the second configuration, Kang (like Beatty) does not disclose a canopy that is supportable by the frame **and at least partially supportable by wind**. Instead, in Kang, the other pole 100' in conjunction with the pole 100 *totally supports* the shading film 200 and mesh curtain 400 to create the tunnel shape. Likewise, in Beatty, the cords 22 / bags 23 (FIG. 1) and stakes 25 (FIG. 8) *totally support* the sail cloth 19. Nothing in Jager cures this deficiency in Kang and/or Beatty. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed canopy.

WBD (US) 4873-4958-5285v3

*The cited combination of references does not disclose* a loop defined at the suspension end of the canopy and configured for accepting a portion of the frame therethrough for engaging the canopy with the frame to secure the canopy into position relative to the frame, the loop being the only fastener securing the canopy into position relative to the frame.

Applicant respectfully submits that Kang, separately or in combination with Jager does not disclose a loop as claimed. The examiner argues that Kang discloses a loop in reference to sewing unit 210. Yet, in order to engage the canopy with the frame Kang expressly requires use of cylindrical fittings 110 and fabric piece 220 in addition to the sewing unit 210. Thus, Kang is silent as to a loop defined at the suspension end of the canopy and configured for accepting a portion of the frame therethrough for engaging the canopy with the frame to secure the canopy into position relative to the frame, the loop being the only fastener securing the canopy into position relative to the frame.

Moreover, Applicant respectfully submits that there would be no reasonable expectation of success in modifying Kang to require a loop being the only fastener securing the canopy into position relative to the frame, such that the claims cannot be rejected as prima facie obvious in view of modified Kang. *See, e.g.,* "[w]here there is a reason to modify or combine the prior art to achieve the claimed invention, the claims may be rejected as prima facie obvious provided there is also a reasonable expectation of success. *In re Merck & Co., Inc.*, 800 F.2d 1091, 231 USPQ 375 (Fed. Cir. 1986). In particular, "[e]vidence showing there was no reasonable expectation of success may support a conclusion of nonobviousness." In re Rinehart, 531 F.2d 1048, 189 USPQ 143 (CCPA 1976). Here, Kang states that the use of cylindrical fittings 110 and fabric piece 220 are necessary to secure the canopy into position relative to the frame, and there is no reason to modify or combine Kang to remove those fasteners and expect that the canopy in Kang would remain in position.

Nothing in Jager cures this deficiency in Kang. In fact, Jager teaches away from securing the canopy into position relative to the frame. Jager states that, "**the sheet 12 may be slid longitudinally on the longitudinal rod members 50 and 52** between a first position shown in FIG. 6 with the second end 20 of the sheet proximate the second ends of the longitudinal support rod members and a second position shown in FIG. 7 with the first end 18 of the sheet proximate

the first ends of the longitudinal support rod members. **The unit comprising the sheet and the transverse rod members 54 may be slid as a unit and positioned by a user to assume different positions** between the position shown in FIGS. 6 and 7 as may be desired having regard to particular conditions of sun, wind and rain." Emphasis Added. *See, e.g.,* col. 4, lines 31-42 of Jager. Thus, Jager's system for connecting the canopy and the frame is wholly different from Kang such that a person skilled in the art would not be motivated to combine Jager and Kang. As such, Applicant respectfully submits that the modification of Kang as proposed by the examiner appears to be premised on impermissible hindsight bias.

Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed loop.

*The cited combination of references does not disclose a frame including a plurality of sections, a left end and a right end with a corkscrew shape.*

Neither Kang nor Jager disclose a frame including a plurality of sections, a left end and a right end with a corkscrew shape. In fact, one of ordinary skill in the art would not be motivated to modify Kang to have a frame with ends having a corkscrew shape due to the disclosed method for securing the shading film 200 to the pole 100. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed frame.

Consequently, and for at least these reasons, independent claim 21 (and claims 23 and 25-28) is/are not rendered obvious by Kang separately or in combination with Jager and/or Beatty. Applicant respectfully requests that this rejection be withdrawn. Likewise, for the reasons presented herein, the rejections do not apply to dependent claim 42.

Independent Claim 29

Independent claim 29 is the independent claim from which claims 31-34 depend. New dependent claim 43 depends on independent claim 29. Support for new claim 43 is found in at least, for example, the original disclosure. Claims 31 and 34 are now canceled, therefore the rejection of these claims is now moot. Independent claim 29 is amended to clarify how the canopy is engageable with the frame, and now recites at least the following elements:

- each of the left and right ends of the suspension end is adjacent to a lateral side of the canopy that extends substantially perpendicularly to the suspension end. Support for this amendment is found in at least, for example, FIG. 1 and the corresponding description.

- a first anchor engaged or coupled to the left end of the frame to define a corkscrew shape at the left end of the frame; and a second anchor engaged or coupled to the right end of the frame to define a corkscrew shape at the right end of the frame. Support for this amendment can be found in at least, for example, paragraph [0051] of the published application.

*The cited combination of references does not disclose a canopy wherein each of the left and right ends of the suspension end is adjacent to a lateral side of the canopy that extends substantially perpendicularly to the suspension end.*

Kang does not disclose a canopy wherein each of the left and right ends of the suspension end is adjacent to a lateral side of the canopy that extends substantially perpendicularly to the suspension end. Instead, Kang discloses a canopy as described hereinabove with regard to independent claim 21.

As such, Kang does not disclose a canopy with the claimed configuration and that is supportable by the frame **and aerially suspended by wind**. Instead, in Kang, the other pole 100' in conjunction with the pole 100 *totally supports* the shading film 200 and mesh curtain 400 to create the tunnel shape. Nothing in Jager cures this deficiency in Kang. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed canopy.

*The cited combination of references does not disclose a first anchor engaged or coupled to the left end of the frame to define a corkscrew shape at the left end of the frame; and a second anchor engaged or coupled to the right end of the frame to define a corkscrew shape at the right end of the frame.*

Neither Kang nor Jager discloses a first anchor engaged or coupled to the left end of the frame to define a corkscrew shape at the left end of the frame; and a second anchor engaged or

coupled to the right end of the frame to define a corkscrew shape at the right end of the frame. In fact, one of ordinary skill in the art would not be motivated to modify Kang to have a first anchor engaged or coupled to the left end of the frame to define a corkscrew shape at the left end of the frame; and a second anchor engaged or coupled to the right end of the frame to define a corkscrew shape at the right end of the frame due to the disclosed method for securing the shading film 200 to the pole 100. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed first and second anchors.

Consequently, and for at least these reasons, independent claim 29 (and claims 32 and 33) is/are not rendered obvious by Kang separately or in combination with Jager. Applicant respectfully requests that this rejection be withdrawn. Likewise, for the reasons presented herein, the rejections do not apply to dependent claim 43.

**Claims 22 and 30 are rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claims 21 and 29 above, and further in view of Beatty in US Patent 3070107.**

Claim 22 is now canceled such that the rejection of this claim is moot. Dependent claim 30 depends on independent claim 29. The rejection of independent claim 29 is discussed hereinabove in reference to modified Kang and Beatty. Applicant respectfully submits that for at least the reasons discussed with regard to claim 29, dependent claim 30 is not rendered obvious by the cited references. Applicant respectfully requests that this rejection be withdrawn.

**Claims 24 and 35 are rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claims 21 and 29 above, and further in view of Rice in US Patent 5823217.**

Dependent claim 24 depends on independent claim 21, while dependent claim 35 depends on independent claim 29. The rejection of independent claims 21 and 29 is discussed hereinabove in reference to modified Kang. Nothing in Rice cures the described deficiencies in modified Kang. Applicant respectfully submits that for at least the reasons discussed with regard to independent

claims 21 and 29, dependent claims 24 and 35 are not rendered obvious by the cited references. Applicant respectfully requests that this rejection be withdrawn.


**Claims 36-40 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311 and Rice in US Patent 5823217.**

Independent claim 36 is the independent claim from which claims 37-40 depend. New dependent claim 41 depends on independent claim 36, by way of claim 40. Support for claim 41 is found in at least, for example, the original description. Dependent claim 37 is canceled, such that the rejection of this claim is now moot. Independent claim 36 is amended to clarify how the canopy is engageable with the frame, and now recites at least the following elements:

- a canopy defining a plurality of coupled sections each extending between a first end and a second end, the first end of the plurality of coupled sections forming a suspension end and the second end of the plurality of coupled sections forming an opposing trailing end. Support for this amendment is found in at least, for example, FIG. 1 and the corresponding description.

- the suspension end of the canopy including only a single fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame. Support for this amendment can be found in at least, for example, col. 4, lines 7-34 of the parent patent, US Patent No. 10, 190,330.


*The cited combination of references does not disclose a canopy defining a plurality of coupled sections each extending between a first end and a second end, the first end of the plurality of coupled sections forming a suspension end and the second end of the plurality of coupled sections forming an opposing trailing end.*

Kang does not disclose a canopy defining a plurality of coupled sections each extending between a first end and a second end, the first end of the plurality of coupled sections forming a suspension end and the second end of the plurality of coupled sections forming an opposing trailing end. Instead, Kang discloses a canopy as described hereinabove with regard to independent claim 21.

WBD (US) 4873-1258-5285v3

As such, Kang does not disclose a canopy with the claimed configuration and that is supportable by the frame **and by wind**. Instead, in Kang, the other pole 100' in conjunction with the pole 100 ***totally supports*** the shading film 200 and mesh curtain 400 to create the tunnel shape. Nothing in Jager or Rice cures this deficiency in Kang. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed canopy.

*The cited combination of references does not disclose the suspension end of the canopy including only a single fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame.*

None of Kang, Jager, nor Rice discloses the suspension end of the canopy including only a single fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame, wherein the single fastener comprises a loop extending at least partially through a length of the suspension end of the canopy from the left end to the right end. The examiner argues that Kang discloses a fastener in reference to sewing unit 210. *See, e.g.*, page 10 of the office action. Yet, in order to engage the canopy with the frame Kang requires use of cylindrical fittings 110 and fabric piece 220 in addition to the sewing unit 210. Thus, Kang is silent as to the suspension end of the canopy including only a **single** fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame, wherein the single fastener comprises a loop extending at least partially through a length of the suspension end of the canopy from the left end to the right end, as claimed.

Moreover, Applicant respectfully submits that there would be no reasonable expectation of success in modifying Kang to require the suspension end of the canopy including only a single fastener, such that the claims cannot be rejected as prima facie obvious in view of modified Kang. *See, e.g.*, "[w]here there is a reason to modify or combine the prior art to achieve the claimed invention, the claims may be rejected as prima facie obvious provided there is also a reasonable expectation of success. *In re Merck & Co., Inc.*, 800 F.2d 1091, 231 USPQ 375 (Fed. Cir. 1986). In particular, "[e]vidence showing there was no reasonable expectation of success may support a conclusion of nonobviousness." In re Rinehart, 531 F.2d 1048, 189 USPQ 143 (CCPA 1976). Here, Kang states that the use of cylindrical fittings 110 and fabric piece 220 are necessary to

secure the canopy into position relative to the frame, and there is no reason to modify or combine Kang to remove those fasteners and expect that the canopy in Kang would remain in position.

Nothing in Jager or Rice cures this deficiency in Kang. In fact, Jager teaches away from securing the canopy into position relative to the frame as discussed relative to independent claim 21. Rice, likewise, does not provide any disclosure for using a single fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame, as claimed, since Rice utilizes **both** casings 24 that rods 16 slide into and reinforced corners 20 with eyelets 22 in the canopy 14 for the ends of the rods 16 to penetrate through into the ground. *See, e.g.,* FIG. 1 of Rice. Thus, Jager's and Rice's systems for connecting the canopy and the frame is wholly different from Kang such that a person skilled in the art would not be motivated to combine Jager and/or Rice with Kang. As such, Applicant respectfully submits that the modification of Kang as proposed by the examiner appears to be premised on impermissible hindsight bias. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed single fastener.

Consequently, and for at least these reasons, independent claim 36 (and claims 38-40) is/are not rendered obvious by Kang separately or in combination with Jager and/or Rice. Applicant respectfully requests that this rejection be withdrawn. Likewise, for the reasons presented herein, the rejections do not apply to dependent claim 41.

WBD (US) 4873-4258-5285v5

Appl. No.: 18/348,882
Amdt. Dated: November 21, 2023
Reply to Office Action dated October 27, 2023

### <u>CONCLUSION</u>

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON NOVEMBER 21, 2023.*

Attorney's Docket No. **S105508 1010US.C10 (0051.1)**                     PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 5037 |
| Appl. No.: | 18/348,882 | Group Art Unit: | 3636 |
| Filed: | July 7, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT
### UNDER 37 C.F.R. § 1.97(c)

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature document in accordance with 37 CFR 1.98(a)(2). Also enclosed is a translation or a concise explanation of each non-English language document.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(c), before final Office Action or Allowance, whichever is earlier. The Commissioner is authorized to charge the $260.00 fee specified in 37 C.F.R. § 1.17(p) and any additional fee, or credit any refund, to our Deposit Account No. **09-0528**.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON NOVEMBER 21, 2023.*

WBD (US) 4864-5934-7090v1





**UNITED STATES
PATENT AND TRADEMARK OFFICE**

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION #<br>**18/348,882** | RECEIPT DATE / TIME<br>**11/21/2023 02:57:52 PM Z ET** | ATTORNEY DOCKET #<br>**S105508 1010US.C10(0051.1** |
|---|---|---|

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
|---|---|---|---|
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 63340619 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 07/07/2023 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD<br>DA / 090528 | PAYMENT TRANSACTION ID<br>E2023AKE58249875 | PAYMENT AUTHORIZED BY<br>Shari Elofson |
|---|---|---|

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1806 | SUBMISSION OF AN INFORMATION DISCLOSURE STATEMENT | 260.00 | 1 | 260.00 |
| | | | **TOTAL AMOUNT:** | **$260.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Case 5:24-cv-00588-FL   Document 28-13   Filed 03/23/26   Page 189 of 342

| | | Complete if Known |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Application Number | 18/348,882 |
| | Filing Date | July 7, 2023 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| Sheet    1    of    1 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 160 | US-11,634,924 | 04-25-2023 | Barnes *et al.* | |
| | 161 | US-11,686,120 | 06-27-2023 | Yates | |
| | 162 | US-D884,816 | 05-19-2020 | Goldberg | |
| | 163 | US-D989,350 | 06-13-2023 | Barnes *et al* | |
| | 164 | US-D990,605 | 06-27-2023 | Barnes *et al* | |
| | 165 | US-D993,454 | 07-25-2023 | McKenna *et al* | |
| | 166 | US-D993,455 | 07-25-2023 | McKenna *et al* | |
| | 167 | US-2023/0126867 | 04-27-2023 | Barnes *et al.* | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 168 | KR 10 1315166 | 10-2013 | Kang | | Machine Translation |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 169 | Solbello Shade Training Video, YouTube, April 20, 2023, https://www.youtube.com/watch?v=wd3XV9hADZc | |
| | 170 | "No Wind Kit for Beach Shades," Upgrade Your Shade, https://www.upgradeyourshade.com/product/upgrade-your-shade-kit   Retrieved 2023 | |
| | 171 | "How to Reinforce a Hole in Sunbrella (Registered), webpage <https://www.sailrite.com/How-to-Reinforce-a-Hole-in-Sunbrella>, 1 page, October 16/2023 (Year: 2023) | |
| | 172 | Shibumi Shade, posted 10/12/2018 [online], [retrieved 01/19/2023], Retrieved from internet, https://www.facebook.com/shibumishade/ (Year: 2018) | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*Examiner:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON NOVEMBER 21, 2023*

WBD (US) 4894-0079-9378



FIG. 4

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 190 of 342

| | | Application/Control No. 18/348,882 | Applicant(s)/Patent Under Reexamination Barnes et al. |  |
|---|---|---|---|---|
| **Notice of References Cited** | | Examiner NOAH C HAWK | Art Unit 3636 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-4832304-A | 05-1989 | Morgulis; Alexander | A01K97/10 | 248/533 |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 191 of 342

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 18/348,882 | Barnes et al. |
| | Examiner | Art Unit |
| | NOAH C HAWK | 3636 |

| CPC - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| E04H 15/005, 15/60, 15/62 | 10/23/2023 | NCH |
| updated above | 11/29/2023 | NCH |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| Search Notes | Date | Examiner |
| Considered IDS filed 7/7/2023 | 10/19/2023 | NCH |
| Considered and updated search history for parent application 18072143 | 10/23/2023 | NCH |
| Performed inventor name search | 10/23/2023 | NCH |
| Considered IDS filed 11/21/23 | 11/29/2023 | NCH |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

| | |
|---|---|
| | |

Case 5:24-cv-00588-FL   Document 28-13   Filed 03/23/26   Page 192 of 342

| Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| **Index of Claims** | 18/348,882 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| CLAIMS | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | | ☐ R.1.47 | | |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/23/2023 | 11/29/2023 | | | | | | | |
| | 1 | - | - | | | | | | | |
| | 2 | - | - | | | | | | | |
| | 3 | - | - | | | | | | | |
| | 4 | - | - | | | | | | | |
| | 5 | - | - | | | | | | | |
| | 6 | - | - | | | | | | | |
| | 7 | - | - | | | | | | | |
| | 8 | - | - | | | | | | | |
| | 9 | - | - | | | | | | | |
| | 10 | - | - | | | | | | | |
| | 11 | - | - | | | | | | | |
| | 12 | - | - | | | | | | | |
| | 13 | - | - | | | | | | | |
| | 14 | - | - | | | | | | | |
| | 15 | - | - | | | | | | | |
| | 16 | - | - | | | | | | | |
| | 17 | - | - | | | | | | | |
| | 18 | - | - | | | | | | | |
| | 19 | - | - | | | | | | | |
| | 20 | - | - | | | | | | | |
| | 21 | ✓ | ✓ | | | | | | | |
| | 22 | ✓ | - | | | | | | | |
| | 23 | ✓ | - | | | | | | | |
| | 24 | ✓ | ✓ | | | | | | | |
| | 25 | ✓ | ✓ | | | | | | | |
| | 26 | ✓ | ✓ | | | | | | | |
| | 27 | ✓ | - | | | | | | | |
| | 28 | ✓ | ✓ | | | | | | | |
| | 29 | ✓ | ✓ | | | | | | | |
| | 30 | ✓ | ✓ | | | | | | | |
| | 31 | ✓ | - | | | | | | | |
| | 32 | ✓ | ✓ | | | | | | | |
| | 33 | ✓ | ✓ | | | | | | | |
| | 34 | ✓ | - | | | | | | | |
| | 35 | ✓ | ✓ | | | | | | | |
| | 36 | ✓ | ✓ | | | | | | | |
| | 37 | ✓ | - | | | | | | | |
| | 38 | ✓ | ✓ | | | | | | | |
| | 39 | ✓ | ✓ | | | | | | | |
| | 40 | ✓ | ✓ | | | | | | | |
| | 41 | | ✓ | | | | | | | |
| | 42 | | ✓ | | | | | | | |

| Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 18/348,882 | Barnes et al. |
| | Examiner | Art Unit |
| | NOAH C HAWK | 3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/23/2023 | 11/29/2023 | | | | | | | |
| | 43 | | ✓ | | | | | | | |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | Complete if Known | |
|---|---|---|---|---|
| | | | Application Number | 18/348,882 |
| | | | Filing Date | July 7, 2023 |
| | | | First Named Inventor | Dane Brooks Barnes |
| | | | Art Unit | 3636 |
| | | | Examiner Name | Noah Chandler Hawk |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C10 (0051.1)** |

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 160 | US-11,634,924 | 04-25-2023 | Barnes et al. | |
| | 161 | US-11,686,120 | 06-27-2023 | Yates | |
| | 162 | US-D884,816 | 05-19-2020 | Goldberg | |
| | 163 | US-D989,350 | 06-13-2023 | Barnes et al | |
| | 164 | US-D990,605 | 06-27-2023 | Barnes et al | |
| | 165 | US-D993,454 | 07-25-2023 | McKenna et al | |
| | 166 | US-D993,455 | 07-25-2023 | McKenna et al | |
| | 167 | US-2023/0126867 | 04-27-2023 | Barnes et al. | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 168 | KR 10 1315166 | 10-2013 | Kang | | Machine Translation |

### OTHER DOCUMENTS

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 169 | Solbello Shade Training Video, YouTube, April 20, 2023, https://www.youtube.com/watch?v=wd3XV9hADZc | |
| | 170 | "No Wind Kit for Beach Shades," Upgrade Your Shade, https://www.upgradeyourshade.com/product/upgrade-your-shade-kit   Retrieved 2023 | |
| | 171 | "How to Reinforce a Hole in Sunbrella (Registered), webpage <https://www.sailrite.com/How-to-Reinforce-a-Hole-in-Sunbrella>, 1 page, October 16/2023 (Year: 2023) | |
| | 172 | Shibumi Shade, posted 10/12/2018 [online], [retrieved 01/19/2023], Retrieved from internet, https://www.facebook.com/shibumishade/ (Year: 2018) | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 11/29/2023 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON NOVEMBER 21, 2023

WBD (US) 4894-0079-9378·

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/348,882 | 07/07/2023 | Dane Brooks Barnes | S105508<br>1010US.C10(0051.1 | 5037 |

| 26158 | 7590 | 12/04/2023 |
|---|---|---|

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/04/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

<table>
<tr><td rowspan="2"><strong><em>Office Action Summary</em></strong></td><td><strong>Application No.</strong><br>18/348,882</td><td colspan="2"><strong>Applicant(s)</strong><br>Barnes et al.</td></tr>
<tr><td><strong>Examiner</strong><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br>3636</td><td><strong>AIA (FITF) Status</strong><br>Yes</td></tr>
</table>

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
 Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on <u>11/21/2023</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a)☑ This action is **FINAL.**     2b) ☐ This action is non-final.
3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>21,24-26,28-30,32-33,35-36 and 38-43</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) <u>21,24-26,28-30,32-33,35-36 and 38-43</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.
11)☑ The drawing(s) filed on <u>7/7/23, 11/21/23</u> is/are: a)☐ accepted or b)☑ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
   a)☐ All     b)☐ Some**     c)☐ None of the:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)          3) ☐ Interview Summary (PTO-413)
                                                  Paper No(s)/Mail Date _____.
2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)    4) ☐ Other: _____.
  Paper No(s)/Mail Date <u>11/21/23</u>.

U.S. Patent and Trademark Office

PTOL-326 (Rev. 11-13)          Office Action Summary          Part of Paper No./Mail Date 20231127

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Drawings*

2.      The drawings are objected to under 37 CFR 1.83(a).  The drawings must show every feature of the invention specified in the claims.  Therefore, the "helical thread" corkscrew shape recited in Claims 41-43 must be shown or the feature(s) canceled from the claim(s).  No new matter should be entered.

3.      Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as "amended." If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either "Replacement Sheet" or "New Sheet" pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner,

the applicant will be notified and informed of any required corrective action in the next

Office action. The objection to the drawings will not be held in abeyance.

## Claim Rejections - 35 USC § 112

4.      The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and
> of the manner and process of making and using it, in such full, clear, concise, and exact terms
> as to enable any person skilled in the art to which it pertains, or with which it is most nearly
> connected, to make and use the same, and shall set forth the best mode contemplated by the
> inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and
> process of making and using it, in such full, clear, concise, and exact terms as to enable any
> person skilled in the art to which it pertains, or with which it is most nearly connected, to make
> and use the same, and shall set forth the best mode contemplated by the inventor of carrying
> out his invention.

5.      Claims 41-43 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA),

first paragraph, as failing to comply with the written description requirement. The

claim(s) contains subject matter which was not described in the specification in such a

way as to reasonably convey to one skilled in the relevant art that the inventor or a joint

inventor, or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time

the application was filed, had possession of the claimed invention. The claims recite a

"corkscrew shape [that] comprises a helical thread" which is not supported by the

disclosure as originally filed and is therefore considered new matter in the application.

## *Claim Rejections - 35 USC § 103*

6.　　　The following is a quotation of 35 U.S.C. 103 which forms the basis for all

obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed
> invention is not identically disclosed as set forth in section 102, if the differences between the
> claimed invention and the prior art are such that the claimed invention as a whole would have
> been obvious before the effective filing date of the claimed invention to a person having
> ordinary skill in the art to which the claimed invention pertains. Patentability shall not be
> negated by the manner in which the invention was made.

7.　　　Claims 21, 24, 25, 28, 29, 30, 32, 33, 42, and 43 are rejected under 35 U.S.C.

103 as being unpatentable over Stein in US Patent 5080123 in view of Morgulis in US

Patent 4832304 and Jager in US Patent 5927311.

　　　　　a.　　　Regarding Claims 21, 24, 28 and 42, Stein teaches a system for providing

shade onto a surface, the system comprising: a frame including a plurality of

sections (52/50/53) and being maneuverable between a transport configuration

(see Column 4, lines 65-68) and a supporting configuration (Fig. 1), the sections

including: a first section (52) defining a left end of the frame engaged with the

surface; a last section (53) defining a right end of the frame engaged with the

surface; and one or more adjacent sections (50) coupled into alignment and

engaged between the first section and the last section, the adjacent sections

being configured to engage between the first section and the last section in the

supporting configuration; a canopy (14) defining parallel sides (20 and 22)

extending between a suspension end (at 30) and an opposing trailing end (at 43),

the suspension end of the canopy being engageable with the frame about the

one or more adjacent sections of the frame, wherein the trailing end of the

canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind (the canopy "[acts] like a sail" – see Column 1, lines 30-32) in a first configuration for providing shade to the surface; and a loop (pocket 30) defined at the suspension end of the canopy and configured for accepting a portion of the frame therethrough for engaging the canopy with the frame to secure the canopy into position relative to the frame, the loop being the only fastener securing the canopy into position relative to the frame (the loop is the only connection between the frame and the canopy), and the loop extending at least partially through a length of the suspension end of the canopy.

b.      Stein is silent on the use of corkscrew shapes for the ground contacting ends. Morgulis teaches a frame section (12) defining an end of the frame with a corkscrew shape in the form of a helical thread (16) and engaged with a surface (6). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the end sections of the frame of Stein by using helical corkscrew shapes as taught by Morgulis in order to provide a more secure anchor for the frame.

c.      Stein, as modified, is silent on the use of an aligning component. Jager teaches a frame including first, last, and intermediate adjacent sections (58/60), the one or more adjacent sections additionally comprising at least one aligning component (71) affixed to one or more of the adjacent sections and providing supporting tension to the alignment in a supporting configuration (Fig. 1) and allowing the one or more adjacent sections to be maneuvered between a

transport configuration (Fig. 5) and the supporting configuration, wherein the at least one aligning component comprises a cable extending through and affixed to one or more of the adjacent sections of the frame and wherein the one or more adjacent sections each have one or both of a male end (64) and a female end (70). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Stein, as modified, by adding an aligning component as taught by Jager in order to prevent loss of frame sections when the device is disassembled.

d.    Regarding Claim 25, Stein, as modified, teaches that the corkscrew shaped first and second sections of the frame are directly engageable with the surface.

e.    Regarding Claim 29, 32, 33 and 43, Stein teaches a system for providing shade onto a surface, the system comprising: a frame defined by a plurality of sections (52/50/53/51/51') including a first section (52) defining a left end of the frame and a last section (53) defining a right end of the frame, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration (Fig. 1) and thereby disengageable to define the frame in a transport configuration (see Column 4, lines 65-68); a canopy (14) extending between a suspension end (at 30) and an opposing trailing end (at 43), the suspension end of the canopy extending between a left end (toward 20) and a right end (toward 20), wherein each of the left and right ends of the suspension end is adjacent to a lateral side (20 and 22) of the canopy that extends substantially perpendicularly to the suspension end; at least

one loop (30) extending at least a portion of the length of the suspension end from the left end to the right end and that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and aerially suspended by wind (the canopy "[acts] like a sail" – see Column 1, lines 30-32) in a first configuration for providing shade to the surface.

f.      Stein is silent on the use of anchors at either end of the frame. Morgulis teaches a frame (4) engaged with a surface (6) and an anchor (12) engaged or coupled to the frame to define a corkscrew shape in the form of a helical thread (16) at the end of the frame, the anchor being directly engageable with the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Stein by adding anchors as taught by Morgulis at the left and right ends of the frame in order to better secure the canopy in place.

g.      Stein, as modified, fails to teach an aligning component. Jager teaches a frame including a plurality of sections (60/58) and comprising an aligning component (71) extending through at least a portion of the plurality of sections, wherein the at least one aligning component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Stein, as modified, by adding an aligning component as taught by Jager in order to prevent loss of frame sections when the device is disassembled.

h.       Regarding Claim 30, Stein, as modified, teaches that the lateral sides of

the canopy are parallel.

8.      Claims 36, 38, and 39  are rejected under 35 U.S.C. 103 as being unpatentable

over Stein in US Patent 5080123 in view of Jager in US Patent 5927311 and Rice in US

Patent 5823217.

i.       Regarding Claim 36 and 38, Stein teaches a system for providing shade

onto a surface, the system comprising: a frame defined by a plurality of sections

(52/51/50/51'/53), the plurality of sections thereby engageable with at least one

adjacent section to define the frame in a supporting configuration (Fig. 1) and

thereby disengageable to define the frame in a transport configuration (see

Column 4, lines 65-68); a canopy (14) defining a plurality of coupled sections

(between each batten) each extending between a first end (toward 30) and a

second end (toward 16), the first end of the plurality of coupled sections forming

a suspension end (30) and the second end of the plurality of coupled sections

forming an opposing trailing end (16), the suspension end of the canopy

including only a single fastener that engages the canopy with the frame (the loop

30 is the only connection between the frame and the canopy) and that secures

the canopy in position relative to the frame, wherein the trailing end of the canopy

is spaced apart from the frame in the supporting configuration such that the

canopy is supportable by the frame and by wind (the canopy "[acts] like a sail" –

see Column 1, lines 30-32) in a first configuration for providing shade to the

surface, wherein the single fastener comprises a loop (30) extending at least

partially through a length of the suspension end of the canopy from the left end to the right end.

j.        Stein is silent on the use of an aligning component. Jager teaches a frame with a plurality of sections (60/58), and comprising an aligning component (71) extending through at least a portion of the sections, each of the plurality of sections having one or both of a male end (64) and a female end (70) making the plurality of sections thereby engageable with at least one adjacent section to define the frame in a supporting configuration (Fig,. 1) and thereby disengageable to define the frame in a transport configuration (Fig. 5), wherein the at least one aligning component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Stein by using a frame with an aligning component as taught by Jager in order to prevent loss of frame sections when the device is disassembled.

k.        Stein, as modified, is silent on the use of a container. Rice teaches a canopy with components (14/16) and a container (50) capable of housing and transporting the components of the system therein. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Stein, as modified, by adding a container as taught by Rice in order to more easily transport the device when not in use.

l.        Regarding Claim 39, Stein, as modified, teaches that two of the sections of the frame (52/53) are directly engageable with the surface.

9.     Claim 40 and 41 are rejected under 35 U.S.C. 103 as being unpatentable over Stein, as modified, as applied to claim 39 above, and further in view of Morgulis in US Patent 4832304. Stein, as modified, is silent on the use of corkscrew shape ends. Morgulis teaches a frame (4/12) with an end (12) defining a corkscrew shape comprising a helical thread (16). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Stein, as modified, by using corkscrew shaped end left and right sections as taught by Morgulis in order to better secure the canopy to the surface.

10.     Claim 26 is rejected under 35 U.S.C. 103 as being unpatentable over Stein, as modified, as applied to Claim 21 above in view of Rice in US Patent 5823217. Stein, as modified, is silent on the use of a container. Rice teaches a canopy with components (14/16) and a container (50) capable of housing and transporting the components of the system therein. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Stein, as modified, by adding a container as taught by Rice in order to more easily transport the device when not in use.

11.     Claim 35 is rejected under 35 U.S.C. 103 as being unpatentable over Stein, as modified, as applied to Claim 29 above in view of Rice in US Patent 5823217. Stein, as modified, is silent on the use of a container. Rice teaches a canopy with components (14/16) and a container (50) capable of housing and transporting the components of the system therein. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Stein, as modified,

by adding a container as taught by Rice in order to more easily transport the device when not in use.

### Response to Arguments

12.    Applicant's arguments with respect to claim 21, 29, and 36 have been considered but are moot because the new ground of rejection does not rely on any reference applied in the prior rejection of record for any teaching or matter specifically challenged in the argument.

### Conclusion

13.    Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

14.    A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

15.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>18/348,882 | Filing Date<br>07/07/2023 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☑ LARGE  ☐ SMALL  ☐ MICRO

### APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | x $100 = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED - PART II

| | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | 01/02/2024 | | | | | | | |
| | Total<br>(37 CFR 1.16(i)) | * 17 | Minus | ** 20 | = 0 | | x $100 = | 0 |
| | Independent<br>(37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | | | | | | | |
| | Total<br>(37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
|---|---|
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /DANTE SMITH/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 5037 |
| Appl. No.: | 18/348,882 | Group Art Unit: | 3636 |
| Filed: | July 7, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:  S105508 1010US.C10 (0051.1)
Customer No.:  26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

AMENDMENT UNDER 37 C.F.R. § 1.116

Sir:

In response to the Office Action dated December 4, 2023 please amend the above-identified application as follows:

**Amendments to the Drawings** begin on page 2 of this paper.

**Amendments to the Specification** begin on page 3 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 4 of this paper.

**Remarks/Arguments** begin on page 9 of this paper.

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 210 of 342

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 5037 |
| Appl. No.: | 18/348,882 | Group Art Unit: | 3636 |
| Filed: | July 7, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:   S105508 1010US.C10 (0051.1)
Customer No.:  26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT UNDER 37 C.F.R. § 1.116

Sir:

In response to the Office Action dated December 4, 2023 please amend the above-identified application as follows:

**Amendments to the Drawings** begin on page 2 of this paper.

**Amendments to the Specification** begin on page 3 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 4 of this paper.

**Remarks/Arguments** begin on page 9 of this paper.

WBD (US) 4885-2292-5079v1



FIG. 1



**FIG. 2**



FIG. 3



FIG. 4



FIG. 5

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 216 of 342



FIG. 6



FIG. 7

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 218 of 342



# FIG. 8

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 219 of 342

Appl. No.: 18/348,882
Amdt. Dated: January 2, 2024
Reply to Office Action dated December 4, 2023

Amendments to the Drawings

Please add new FIG. 8, and update the sheets of drawings labeled with page numbers 1-7 and including FIGS. 1-7 with the replacement sheets of drawings now labeled with page numbers 1-8 and including original FIGS. 1-3 and 5-7 and replacement FIG. 4 to reflect the addition of new FIG. 8.

WBD (US) 4885-3292-5079v1

Amendments to the Specification

Please add one new paragraph after paragraph [0033] in the Brief Description of the Drawings, and before the Detailed Description as follows:

FIG. 8 is a perspective view of a system for providing shade according to one or more embodiments of the presently disclosed subject matter.

Please amend paragraph [0051] of the originally-filed application as follows:

The left end 20 and the right end 22 of the frame 14 may be each be embedded in the surface 2. As shown in FIG. 8, the [[The]] ends 20, 22 may define a conical shape or a corkscrew shape 47 for ease of penetration of the surface 2. Additional anchor(s) 35 may be engaged or coupled to the left end 20 and/or right end 22 for further securing the frame 14 into position. In embodiments where a tail is defined by the canopy 12, the tail may be engaged with or coupled to an additional anchor 34 for securing the canopy 12 into position for providing shade 1 to the surface 2. In yet additional embodiments, an additional suspension end 43 may be defined by the canopy 12. The additional suspension end 43 may include any of the features and characteristics described herein attributed to the suspension end 42. For example, the additional suspension end 43 may form an additional loop 41 for engaging or coupling an additional frame 15, thereby further suspending the canopy 12 from both the frame 14 and the additional frame 15.

WBD (US) 4885-2292-5079v1

Amendments to the Claims

1. – 20.        (Canceled)

21.        (Currently Amended)  A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface; and

one or more adjacent sections coupled into alignment and engaged between the first section and the last section, the one or more adjacent sections additionally comprising at least one aligning component affixed to one or more of the adjacent sections and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage between the first section and the last section in the supporting configuration;

a canopy defining parallel sides extending between a first end ~~suspension end~~ and a second ~~an opposing trailing~~ end, the first end of the canopy defining a suspension end capable of ~~the canopy~~ being engaged ~~engageable~~ with the frame about the one or more adjacent sections of the frame, wherein the second end of the canopy defines a trailing end ~~of the canopy is~~ spaced apart from the frame in the supporting configuration such that the first end of the canopy is supportable by the frame and the trailing end of the canopy is totally supported ~~least partially supportable~~ by wind in a first configuration for providing shade to the surface; and

a loop on ~~defined at~~ the suspension end of the canopy and configured for accepting a portion of the frame therethrough for engaging the canopy with the frame to secure the canopy

into position relative to the frame, the loop being the only fastener securing the canopy into position relative to the frame, and the loop extending at least partially through a length of the suspension end of the canopy.

22.     (Canceled)

23.     (Canceled)

24.     (Previously Presented)     The system of claim 21, wherein the at least one aligning component comprises a cable extending through and affixed to one or more of the adjacent sections of the frame.

25.     (Previously Presented)     The system of claim 21, wherein the corkscrew shaped first and second sections of the frame are directly engageable with the surface.

26.     (Previously Presented)     The system of claim 21, further comprising a container capable of housing and transporting the components of the system therein.

27.     (Canceled)

28.     (Previously Presented)     The system of claim 21, wherein the one or more adjacent sections each have one or both of a male end and a female end.

29.     (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections including a first section defining a left end of the frame and a last section defining a right end of the frame, and comprising an aligning component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a

WBD (US) 4885-2292-5079v1

supporting configuration and thereby disengageable to define the frame in a transport configuration;

a canopy <u>defining a length</u> extending between a suspension end and an opposing trailing end, the suspension end of the canopy <u>defining a width</u> extending between a left end and a right end, wherein each of the left and right ends of the suspension end is adjacent to a lateral side of the canopy that extends substantially perpendicularly to the suspension end;

at least one loop <u>arranged at and</u> extending at least a portion of the length of the suspension end from the left end to the right end and that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and <u>the trailing end is totally</u> aerially suspended by wind in a first configuration for providing shade to the surface;

a first anchor engaged or coupled to the left end of the frame to define a corkscrew shape at the left end of the frame; and

a second anchor engaged or coupled to the right end of the frame to define a corkscrew shape at the right end of the frame.

30.    (Previously Presented)    The system of claim of claim 29, wherein the lateral sides of the canopy are parallel.

31.    (Canceled)

32.    (Previously Presented)    The system of claim 29, wherein the at least one aligning component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

33.    (Previously Presented)    The system of claim 29, wherein the first anchor and the second anchor are directly engageable with the surface.

34.    (Canceled)

35. (Previously Presented)     The system of claim 29, further comprising a container capable of housing and transporting the components of the system therein.

36. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising an aligning component extending through at least a portion of the sections, each of the plurality of sections having one or both of a male end and a female end making the plurality of sections thereby engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration;

a canopy defining a plurality of coupled sections each extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy, the first end of the plurality of coupled sections forming a suspension end and the second end of the plurality of coupled sections forming an opposing trailing end, the suspension end of the canopy including only a single fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and the trailing end is totally supported by wind in a first configuration for providing shade to the surface,

wherein the single fastener comprises a loop extending at least partially through a length of the suspension end of the canopy from the left end to the right end; and

a container capable of housing and transporting the components of the system therein.

37. (Canceled)

38. (Previously Presented)     The system of claim 36, wherein the at least one aligning component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

39.     (Previously Presented)     The system of claim 36, wherein two of the sections of the frame are directly engageable with the surface.

40.     (Previously Presented)     The system of claim 39, wherein the two sections of the frame are the left and right ends of the frame and define a corkscrew shape.

41.     (Previously Presented)     The system of claim 40, wherein the corkscrew shape comprises a helical thread.

42.     (Previously Presented)     The system of claim 21, wherein the corkscrew shape comprises a helical thread.

43.     (Previously Presented)     The system of claim 29, wherein the corkscrew shape comprises a helical thread.

WBD (US) 4885-2292-5070v1

**REMARKS/ARGUMENTS**

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 1-20, 22, 23, 27, 31, 34, and 37 were previously canceled. With this response, claims 21, 29, and 36 are amended. As such, claims 21, 24-26, 28-30, 32, 33, 35, 36, and 38-43 remain pending following this Amendment. Applicant submits that no new matter is added by way of this Amendment.

Drawings

Regarding claims 41-43, a helical thread (47) is now illustrated in new FIG. 8. Support for this new drawing comes from original FIG. 1, as well as paragraph [0051] of the originally-filed application. No new matter has been added. Thus, Applicant respectfully submits that the claim language of claims 41-43 is shown in at least FIG. 8. Applicant therefore respectfully requests that the objection to the drawings be withdrawn at this time.

Specification

The specification is now amended in order to include reference to new FIG. 8, as well as include a reference number referring to "corkscrew shape" now illustrated in FIG. 8. No new matter is added with these amendments.

Claim Rejections – 35 U.S.C. § 112

Claims 41-43 are rejected under 35 U.S.C. § 112(a) as allegedly failing to comply with the written description requirement for reciting a "helical thread" which is not found in the application. Applicant points to paragraph [0051] which describes a "corkscrew shape". A "corkscrew shape" inherently has a helical thread, which is what gives it a "corkscrew shape". Thus, Applicant respectfully submits that there is disclosure in the original description for a helical thread, and respectfully requests that this rejection be withdrawn.

WBD (US) 4885-2292-5079v1
Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 227 of 342

Claim Rejections – 35 U.S.C. § 103

**Claims 21, 24, 25, 28, 29, 30, 32, 33, 42, and 43 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over U.S. Patent No. 5,080,132 to Stein in view of US Patent No. 4,832,304 to Morgulis and US Patent No 5,927,311 to Jager.**

Independent Claim 21

Independent claim 21 is the independent claim from which claims 24, 25, 28, and 42 depend. Independent claim 21 is amended to clarify the canopy, and now recites at least the following elements:

- a canopy defining parallel sides extending between a first end and a second end, the first end of the canopy defining a suspension end capable of being engaged with the frame about the one or more adjacent sections of the frame. Support for this claim element is found in at least, for example, FIG. 1.

- a loop on the suspension end of the canopy, the loop being the only fastener securing the canopy into position relative to the frame. Support for this amendment can be found in at least, for example, paragraph [0037] of the original application.

- wherein the second end of the canopy defines a trailing end spaced apart from the frame in the supporting configuration such that the first end of the canopy is supportable by the frame and the trailing end of the canopy is totally supported by wind in a first configuration for providing shade to the surface. Support for this claim element is found in at least, for example, FIG. 1.

*The cited combination of references does not disclose a canopy defining parallel sides extending between a first end and a second end, the first end of the canopy defining a suspension end capable of being engaged with the frame about the one or more adjacent sections of the frame.*

Applicant respectfully submits that Stein, separately or in combination with Morgulis and/or Jager, does not disclose a suspension end as claimed. The examiner argues that Stein teaches a canopy defining parallel sides extending between a suspension end and an opposing trailed end.

WBD (US) 4885-2292-5079v1

The examiner also argues that batten pocket 30 in Stein meets the claimed element of the suspension end. Applicant respectfully disagrees.

Independent claim 21 now defines the canopy as defining parallel sides extending between a first end and a second end, the first end of the canopy defining a suspension end capable of being engaged with the frame about the one or more adjacent sections of the frame. By contrast, and as shown by in FIG. 2 of Stein, the two ends of the canopy are first end 16 and second opposed end 18. Neither the first end 16 nor the second opposed end 18 in Stein defines a suspension end capable of being engaged with a frame. Instead, it is the second batten pocket 30 (which neither the first end 16 nor the second opposed end 18 defines) that is engaged with the frame 50, 52, 53 in Stein. Nothing in either Morgulis or Jager cures this deficiency in Stein. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed suspension end.



FIG.2

*The cited combination of references does not disclose a loop on the suspension end of the canopy, the loop being the only fastener securing the canopy into position relative to the frame.*

WBD (US) 4885-3292-5070v1

Applicant respectfully submits that Stein, separately or in combination with Morgulis and/or Jager, does not disclose a loop as claimed. As noted hereinabove, the batten pocket 30 in Stein is not on the suspension end of the canopy as claimed. Therefore, the batten pocket 30 in Stein cannot be considered the claimed loop.

Further, Applicant respectfully submits that Stein does not disclose a loop being the **only fastener** securing the canopy into position relative to the frame. The examiner argues at page 5 of the office action that Stein allegedly shows the loop 30 being the only fastener securing the canopy into position relative to the frame since the loop (according to the examiner) is "the only connection between the frame and the canopy". Applicant respectfully disagrees.

Stein includes tethers 64, 66 that attach to an end of the canopy to prevent it from flapping. The tethers 64, 66, along with 60, 62, work in conjunction to keep the canopy taut. As such, the tethers 60, 62, 64, and 66 can be considered fasteners in addition to the batten pocket 30. This means that the loop 30 in Stein cannot be considered the only fastener.

Additionally, per Stein, "[t]he pressure responsive to the wind forces is adjustable by the tension adjusters which have been provided which slide along the tethers at their terminal ends, with the tethers anchored to the earth through the pegs or stakes. Preferably, the canopy is provided with integral batten pockets sewn into it, and in the preferred embodiment, three flexible battens are provided which are sized to be received in three respective batten pockets. Each of the battens, in a preferred construction, may break down into two sections for ease of storage, which is also true of the support legs and the support beams. In use, the basic rectangular shape of the major sun shade portion of the canopy is maintained, while the battens are somewhat yieldable so as to allow the canopy to distort in a controlled manner in response to wind variations." *See, e.g.,* col. 4, line 57 – col. 5, line 4 of Stein. Thus, the tethers 60, 62, 64, 66 are clearly used as a fastener in Stein to keep the canopy taut by adjusting it in response to wind. It would impermissibly change the principle of operation in Stein if the tethers 60, 62, 64, 66 were removed, as set forth in MPEP § 2143.01(vi), because then the canopy would not be able to distort **in a controlled manner** in response to wind variations. Nothing in either Morgulis or Jager cures these deficiencies in Stein. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed loop.

WBD (US) 4885-2292-5070v1

*The cited combination of references does not disclose wherein the second end of the canopy defines a trailing end spaced apart from the frame in the supporting configuration such that the first end of the canopy is supportable by the frame and the trailing end of the canopy is totally supported by wind in a first configuration for providing shade to the surface.*

Applicant respectfully submits that Stein, separately or in combination with Morgulis and/or Jager, does not disclose a trailing end as claimed. The examiner argues that Stein discloses that the canopy is at least partially supportable by wind because Stein allegedly discloses "the canopy '[acts] like a sail' – see Column 1, lines 30-32) in a first configuration". *See, e.g.,* page 5 of the Office Action. However, the claim is now clarified so that the claim recites that the second end of the canopy defines a trailing end, and the trailing end of the canopy is totally supported by wind in a first configuration. By contrast, neither the first end 16 nor the opposing trailing end 18 in Stein is totally supported by wind, as both ends are each tethered to the ground via tethers 60, 62, 64, 66 (see FIG. 1 of Stein).

There would be no motivation to modify Stein so that the trailing end (i.e., either the first end 16 nor the opposed second end 18) is totally supported by wind. As noted hereinabove, the tethers 60, 62, 64, 66 in Stein are used to adjust the canopy in response to wind. It would impermissibly change the principle of operation in Stein if the tethers 60, 62, 64, 66 were removed, as set forth in MPEP § 2143.01(vi), because then the canopy would not be able to distort **in a controlled manner** in response to wind variations. Nothing in either Morgulis or Jager cures this deficiency in Stein. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed trailing end.



FIG.1

Consequently, and for at least these reasons, independent claim 21 (and claims 24, 25, 28, and 42) is/are not rendered obvious by Stein separately or in combination with Morgulis and/or Jager. Applicant respectfully requests that this rejection be withdrawn.

<u>Independent Claim 29</u>

Independent claim 29 is the independent claim from which claims 30, 32, 33, and 43 depend. Independent claim 29 is amended to clarify the canopy, and now recites at least the following elements:

- a canopy defining a length extending between a suspension end and an opposing trailing end, the suspension end of the canopy defining a width extending between a left end and a right end. Support for this claim element is found in at least, for example, FIG. 1 of the original application.

- at least one loop arranged at and extending at least a portion of the length of the suspension end from the left end to the right end and that secures the canopy in position relative to the frame. Support for this claim element is found in at least, for example, paragraph [0037] of the original application.

WBD (US) 4885-2292-5079v1 Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 232 of 342

- the trailing end is totally aerially suspended by wind in a first configuration for providing shade to the surface. Support for this claim element is found in at least, for example, FIG. 1.

*<u>The cited combination of references does not disclose a canopy defining a length extending between a suspension end and an opposing trailing end, the suspension end of the canopy defining a width extending between a left end and a right end.</u>*

Applicant respectfully submits that Stein, separately or in combination with Morgulis and/or Jager, does not disclose a suspension end as claimed. The examiner argues that Stein teaches a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end. The examiner also argues that batten pocket 30 in Stein meets the claimed element of the suspension end. Applicant respectfully disagrees.

Independent claim 29 now defines the canopy as defining a length extending between a suspension end and an opposing trailing end, the suspension end of the canopy defining a width extending between a left end and a right end. This is not disclosed in Stein.

By contrast, and as shown by in FIG. 2 of Stein, the two ends of the canopy are first end 16 and second opposed end 18. A length of the canopy 14 in Stein extends between the first end 16 and the second opposed end 18. However, the alleged suspension end, batten pocket 30, in Stein is in between the first end 16 and the second opposed end 18. Thus, the batten pocket 30 in Stein cannot be considered the claimed suspension end, because the length of the canopy 14 in Stein is not defined between the first end 16 or second end 18 and the batten pocket 30, but between the first and second ends 16, 18. Nothing in either Morgulis or Jager cures this deficiency in Stein. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed suspension end.

WBD (US) 4885-2292-5079v1



FIG.2

*The cited combination of references does not disclose at least one loop arranged at and extending at least a portion of the length of the suspension end from the left end to the right end and that secures the canopy in position relative to the frame.*

Applicant respectfully submits that Stein, separately or in combination with Morgulis and/or Jager, does not disclose a loop as claimed. The examiner argues at page 7 of the office action that the batten pocket 30 in Stein meets the claimed element of the claimed loop, as well as being the suspension end. Applicant respectfully disagrees.

As noted, the batten pocket 30 cannot be considered the claimed loop because the batten pocket 30 is in between the first end 16 and the opposed second end 18 in Stein. As such, the batten pocket 30 in Stein cannot be considered the claimed loop because the batten pocket 30 is not *arranged at* the suspension end (i.e., at either the first end 16 or the second end 18). Nothing in either Morgulis or Jager cures this deficiency in Stein. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed loop.

WBD (US) 4885-3292-5079v1

*The cited combination of references does not disclose that the trailing end is totally aerially suspended by wind in a first configuration for providing shade to the surface.*

Applicant respectfully submits that Stein, separately or in combination with Morgulis and/or Jager, does not disclose a trailing end as claimed. The examiner argues that Stein discloses that the canopy is at least partially supportable by wind because Stein allegedly discloses "the canopy '[acts] like a sail' – see Column 1, lines 30-32) in a first configuration". *See, e.g.,* page 7 of the Office Action. However, the claim is now clarified so that the claim recites that the trailing end is totally aerially suspended by wind in a first configuration for providing shade to the surface. By contrast, neither the first end 16 nor the opposed second end 18 in Stein is totally aerially suspended by wind, as both ends are each tethered to the ground.

There would be no motivation to modify Stein so that the trailing end (i.e., either the first end 16 nor the opposed second end 18) is totally aerially suspended by wind. As noted hereinabove with regard to independent claim 21, the tethers 60, 62, 64, 66 in Stein are used to adjust the canopy in response to wind. It would impermissibly change the principle of operation in Stein if the tethers 60, 62, 64, 66 were removed, contrary to MPEP § 2143.01(vi), because then the canopy would not be able to distort **in a controlled manner** in response to wind variations. Nothing in either Morgulis or Jager cures either of these deficiencies in Stein. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed trailing end.

WBD (US) 4885-2292-5070v1



FIG.1

Consequently, and for at least these reasons, independent claim 29 (and claims 30, 32, 33, and 43) is/are not rendered obvious by Stein separately or in combination with Morgulis and/or Jager. Applicant respectfully requests that this rejection be withdrawn.

**Claim 26 is rejected under 35 U.S.C. 103 as being unpatentable over Stein, as modified, as applied to claim 21 above, in view of Rice in US Patent 5823217.**

Dependent claim 26 depends on independent claim 21. The rejection of independent claim 21 is discussed hereinabove in reference to modified Stein. Nothing in Rice cures the described deficiencies in modified Stein. Applicant respectfully submits that for at least the reasons discussed with regard to independent claim 21, dependent claim 26 is not rendered obvious by the cited references. Applicant respectfully requests that this rejection be withdrawn.

**Claim 35 is rejected under 35 U.S.C. 103 as being unpatentable over Stein, as modified, as applied to claim 29 above, in view of Rice in US Patent 5823217.**

Dependent claim 35 depends on independent claim 29. The rejection of independent claim 29 is discussed hereinabove in reference to modified Stein. Nothing in Rice cures the described

WBD US 4885-2292-5070 v1    Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 236 of 342

deficiencies in modified Stein. Applicant respectfully submits that for at least the reasons discussed with regard to independent claim 29, dependent claim 35 is not rendered obvious by the cited references. Applicant respectfully requests that this rejection be withdrawn.

**Claims 36, 38, and 39 are rejected under 35 U.S.C. 103 as being unpatentable over U.S. Patent No. 5,080,132 to Stein in view of Jager in US Patent 5927311 and Rice in US Patent 5823217.**

Independent claim 36 is the independent claim from which claims 38 and 39 depend. Independent claim 36 is amended to clarify the canopy, and now recites at least the following elements:

- the suspension end of the canopy including only a single fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame.
- the canopy is supportable by the frame and the trailing end is totally supported by wind in a first configuration for providing shade to the surface. Support for this amendment can be found in at least, for example, FIG. 1.
- a canopy defining a plurality of coupled sections each extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy. Support for this amendment can be found in at least, for example, FIG. 1.

_The cited combination of references does not disclose the suspension end of the canopy including only a single fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame._

Applicant respectfully submits that Stein, separately or in combination with Jager and/or Rice, does not disclose a single fastener as claimed. The claimed single fastener in claim 36 comprises a loop extending at least partially through a length of the suspension end of the canopy from the left end to the right end, as claimed. The examiner equates the batten pocket 30 in Stein with the suspension end of the canopy **and** the loop. Applicant respectfully disagrees.

WBD (US) 4885-2292-5079v1

As claimed, a first end of the canopy forms the suspension end. By contrast, and as shown by in FIG. 2 of Stein, the two ends of the canopy are first end 16 and second opposed end 18. Neither the first end 16 nor the second opposed end 18 in Stein defines a suspension end. Instead, it is the second batten pocket 30 (which neither the first end 16 nor the second opposed end 18 form) engages the canopy 14 with the frame 50, 52, 53 in Stein. Thus, Stein does not disclose a suspension end as claimed.



FIG.2

Further, Applicant respectfully submits that Stein does not disclose a single fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame, as claimed. The examiner argues at page 8 of the office action that Stein allegedly shows the batten pocket 30 being the "only connection between the frame and the canopy". Applicant respectfully disagrees.

As discussed above in connection with claim 21, Stein includes tethers 64, 66 that attach to an end of the canopy to prevent it from flapping. Per col. 4, line 57 – col. 5, line 4 of Stein, the tethers 64, 66, along with 60, 62, work in conjunction to keep the canopy taut and are used to adjust

WBD (US) 4885-2292-5070v1  Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 238 of 342

the canopy in response to wind. As such, the tethers 60, 62, 64, and 66 can be considered fasteners in addition to the batten pocket 30. This means that the batten pocket 30 in Stein cannot be considered as a single fastener, as claimed. It would impermissibly change the principle of operation in Stein if the tethers 60, 62, 64, 66 were removed, as set forth in MPEP § 2143.01(vi), because then the canopy would not be able to distort *in a controlled manner* in response to wind variations. Nothing in either Jager or Rice cures these deficiencies in Stein. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed single fastener.

*The cited combination of references does not disclose that the canopy is supportable by the frame and the trailing end is totally supported by wind in a first configuration for providing shade to the surface.*

Applicant respectfully submits that Stein, separately or in combination with Rice and/or Jager, does not disclose a trailing end as claimed. The examiner argues that Stein discloses that the canopy is at least partially supportable by wind because Stein allegedly discloses "the canopy '[acts] like a sail' – see Column 1, lines 30-32) in a first configuration". *See, e.g.,* page 8 of the Office Action. However, the claim is now clarified so that the claim recites that the trailing end is totally supported by wind in a first configuration for providing shade to the surface. By contrast, neither the first end 16 nor the opposed second end 18 in Stein is totally supported by wind, as both ends are each tethered to the ground.

There would be no motivation to modify Stein so that the trailing end (i.e., either the first end 16 nor the opposed second end 18) is totally supported by wind. As noted hereinabove with regard to independent claim 21, the tethers 60, 62, 64, 66 in Stein are used to adjust the canopy in response to wind. It would impermissibly change the principle of operation in Stein if the tethers 60, 62, 64, 66 were removed, as set forth in MPEP § 2143.01(vi), because then the canopy would not be able to distort *in a controlled manner* in response to wind variations. Nothing in either Jager or Rice cures this deficiency in Stein. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed trailing end.

WBD (US) 4885-2292-5079v1
Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 239 of 342



FIG.1

*The cited combination of references does not disclose a canopy defining a plurality of coupled sections each extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy.*

Applicant respectfully submits that Stein, separately or in combination with Jager and/or Rice, does not disclose a canopy as claimed. The examiner argues that Stein teaches "a canopy (14) defining a plurality of coupled sections (between each batten) each extending between a first end (toward 30) and a second end (toward 16), the first end of the plurality of coupled sections forming a suspension end (30) and the second end of the plurality of coupled sections forming an opposing trailing end (16)." *See, e.g.,* page 8 of the office action. Applicant respectfully disagrees.

The examiner considers the claimed "plurality of coupled sections" as being between each batten. The examiner argues that each of these sections in Stein then extends toward first batten pocket 30 and a first opposed end 16. Yet, neither the first batten pocket 30 nor the opposed trailing end 16 in Stein can be considered as forming either the claimed suspension end of the canopy or the claimed trailing end of the canopy, as noted hereinabove.

Further, the claim language requires that the first and second ends of the canopy *form* the suspension end and the trailing end, respectively, not that the ends of the sections extend **toward**

WBD (US) 4885-3292-5070v1
Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 240 of 342

the suspension end or the trailing end, which the examiner argues. Nothing in either Jager or Rice cures these deficiencies in Stein. Therefore, Applicant respectfully submits that the cited combination of references does not disclose the claimed canopy.

Consequently, and for at least these reasons, independent claim 36 (and claims 38 and 39) is/are not rendered obvious by Stein separately or in combination with Jager and/or Rice. Applicant respectfully requests that this rejection be withdrawn.

**Claims 40 and 41 are rejected under 35 U.S.C. 103 as being unpatentable over Stein, as modified, as applied to claim 39 above, in further view of Morgulis in US Patent 4,832,304.**

Dependent claims 40 and 41 depend on independent claim 36. The rejection of independent claim 36 is discussed hereinabove in reference to modified Stein. Nothing in Morgulis cures the described deficiencies in modified Stein. Applicant respectfully submits that for at least the reasons discussed with regard to independent claim 36, dependent claims 40 and 41 are not rendered obvious by the cited references. Applicant respectfully requests that this rejection be withdrawn.

Appl. No.: 18/348,882
Amdt. Dated: January 2, 2024
Reply to Office Action dated December 4, 2023

## CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC
FILING SYSTEM OF THE UNITED STATES PATENT AND
TRADEMARK OFFICE ON JANUARY 2, 2024.*

WBD (US) 4885-2292-5070v1



UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION #<br>**18/348,882** | RECEIPT DATE / TIME<br>**01/02/2024 05:07:33 PM Z ET** | ATTORNEY DOCKET #<br>**S105508 1010US.C10(0051.1** |
|---|---|---|

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 63809150 | FILING DATE | 07/07/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents                                                    TOTAL DOCUMENTS: 6

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C10_0051_1_Response_after_12-4-2023_FOA.pdf | 24 | - | 314 KB |
| S105508_1010US_C10_0051_1_Response_after_12-4-2023_FOA-A.NE.pdf | (1-1) 1 | Response After Final Action | 105 KB |
| S105508_1010US_C10_0051_1_Response_after_12-4-2023_FOA-DRW.pdf | (2-2) 1 | Drawings-only black and white line drawings | 82 KB |
| S105508_1010US_C10_0051_1_Response_after_12-4-2023_FOA-SPEC.pdf | (3-3) 1 | Specification | 48 KB |

| S105508_1010US_C10_00 51_1_Response_after_12-4-2023_FOA-CLM.pdf | (4-8) | 5 | Claims | 90 KB |
|---|---|---|---|---|
| S105508_1010US_C10_00 51_1_Response_after_12-4-2023_FOA-REM.pdf | (9-24) | 16 | Applicant Arguments/Remarks Made in an Amendment | 299 KB |
| S105508_1010US_C10_005 1_1_Replacement_Figures.pdf | | 8 | Drawings-only black and white line drawings | 3160 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C10_0051_ 1_Response_after_12-4-2023_FOA.pdf | DB07417F7B091BCC2B40580D3AF30582D29978C173BCC7700 EE5A777E9B8706BD4FC4C0B17042A8E44EAB0C885F64C0510 194F4EF8578635E554C3AEBDD2FD49 |
| S105508_1010US_C10_0051_ 1_Response_after_12-4-2023_FOA-A.NE.pdf | 8DCD8FB60C027C4F526E9CC4737CEDA91D36C11B593C7137 F6046BF84B2C1FA9304904E60467CCE22A731ADE341266D8C 5C79A5E34ED4EBFF95D2E336AF2AC20 |
| S105508_1010US_C10_0051_ 1_Response_after_12-4-2023_FOA-DRW.pdf | 74A4297D9494615B3509E23C0DC4CE887C4F7F230F8B842AB 8B8D78505D18CFA81CAEDE7BFEBD92A1F3F3BA06D48F9187 4A97DB5E7AFC3EA5CF340644FF943E4 |
| S105508_1010US_C10_0051_ 1_Response_after_12-4-2023_FOA-SPEC.pdf | F1E4B4D1530D4FCC9A88123D47D7CD0612779C5C07FF5F861 66657F7DA07C352F249845FF839B041AE333837D937FCD98E3 DDC14D2AEAF2A7B73096674053779 |
| S105508_1010US_C10_0051_ 1_Response_after_12-4-2023_FOA-CLM.pdf | 3B9CCF6FF893E90AABA14E86179F2BE87F199569DFC43360E 1DA227292E1020D2500643250A566648B5609B124297E369634 8667DF198B5F1F4E568A69156A71 |
| S105508_1010US_C10_0051_ 1_Response_after_12-4- | 3CE3D1CA4784B01E540C8186520FB15DC97046D1C30D5A71C FE75F5021AFE977520CE15B76586AFAEB5BAC99A377BC4D0F |

2023_FOA-REM.pdf          C991F09863C25D1180D912AFFEF667

S105508_1010US_C10_0051_          1BD2B9FA9578F1F07C0C9604CEA9323CAD4D745BFD98B66D
1_Replacement_Figures.pdf          5FB58611F7111CD42154E4C00D3DA8A2A3B4B2675C3FEFEB6
                                    BA5CFFBFC5A683ADEBF6B7F80ECCD60

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 18/348,882 | 07/07/2023 | Dane Brooks Barnes | S105508 1010US.C10(0051.1 |

**CONFIRMATION NO. 5037**

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

**PUBLICATION NOTICE**

*OC000000066866473*

Date Mailed: 01/11/2024

**Title:**SHADING SYSTEM AND METHOD OF USE

**Publication No.**US-2024-0011316-A1
**Publication Date:**01/11/2024

# NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Public Records Division. The Public Records Division can be reached by telephone at (571) 272-3150 or (800) 972-6382, by facsimile at (571) 273-3250, by mail addressed to the United States Patent and Trademark Office, Public Records Division, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently https://portal.uspto.gov/pair/PublicPair. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 246 of 342



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/348,882 | 07/07/2023 | Dane Brooks Barnes | S105508 1010US.C10(0051.1 | 5037 |

| 26158 | 7590 | 01/12/2024 |
|---|---|---|

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/12/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

<table>
<tr><td rowspan="2"><b><i>Advisory Action<br>Before the Filing of an Appeal Brief</i></b></td><td><b>Application No.</b><br>18/348,882</td><td colspan="2"><b>Applicant(s)</b><br>Barnes et al.</td></tr>
<tr><td><b>Examiner</b><br>NOAH C HAWK</td><td><b>Art Unit</b><br>3636</td><td><b>AIA (FITF) Status</b><br>Yes</td></tr>
</table>

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED <u>02 January 2024</u> FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

<u>NO NOTICE OF APPEAL FILED</u>

1. ☑ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:

   a) ☐ The period for reply expires ____ months from the mailing date of the final rejection.

   b) ☑ The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

   c) ☐ A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection. The current period for reply expires ____ months from the mailing date of *the prior Advisory Action* or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.

      *Examiner Note*: If box 1 is checked, check either box (a), (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE <u>FIRST</u> RESPONSE TO APPLICANTS <u>FIRST</u> AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) or (c) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

<u>NOTICE OF APPEAL</u>

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37CFR 41.37(a).

<u>AMENDMENTS</u>

3. ☑ The proposed amendments filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because

   a) ☑ They raise new issues that would require further consideration and/or search (see NOTE below);

   b) ☐ They raise the issue of new matter (see NOTE below);

   c) ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

   d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

      NOTE: <u>The new issues not previously considered include the new limitations in Claims 21, 29, and 36</u> (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☐ Applicant's reply has overcome the following rejection(s): _____

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☑ For purposes of appeal, the proposed amendment(s):(a)☑ will not be entered, or (b)☐ will be entered, and an explanation of how the new or amended claims would be rejected is provided below or appended.

<u>AFFIDAVIT OR OTHER EVIDENCE</u>

8. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____

9. ☐ The affidavit or other evidence filed after final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

10. ☐ The affidavit or other evidence filed after the date of filing the Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing of good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

11. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

<u>REQUEST FOR RECONSIDERATION/OTHER</u>

12. ☐ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: _____.

13. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). _____

14. ☐ Other: _____.

<u>STATUS OF CLAIMS</u>

15. The status of the claim(s) is (or will be) as follows:
   Claim(s) allowed:_____.
   Claim(s) objected to:_____.
   Claim(s) rejected:<u>21,24-26,28-30,32-33,35-36 and 38-43</u>.
   Claim(s) withdrawn from consideration:_____.

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 248 of 342

DO NOT ENTER: /NCH/ 01/09/2024

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 5037 |
| Appl. No.: | 18/348,882 | Group Art Unit: | 3636 |
| Filed: | July 7, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:  S105508 1010US.C10 (0051.1)
Customer No.:  26158


Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450


### AMENDMENT UNDER 37 C.F.R. § 1.116

Sir:

      In response to the Office Action dated December 4, 2023 please amend the above-identified application as follows:

**Amendments to the Drawings** begin on page 2 of this paper.

**Amendments to the Specification** begin on page 3 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 4 of this paper.

**Remarks/Arguments** begin on page 9 of this paper.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| **PATENT APPLICATION FEE DETERMINATION RECORD** Substitute for Form PTO-875 | Application or Docket Number 18/348,882 | Filing Date 07/07/2023 | ☐To be Mailed |
|---|---|---|---|

**ENTITY:** ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT 01/22/2024 | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * 17 | Minus | ** 20 | = 0 | x $100 = | 0 |
| Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $480 = | 0 |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | TOTAL ADD'L FEE | |

| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
|---|---|
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /NICOLE L NICHOLSON/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 250 of 342

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

**USPTO** UNITED STATES
PATENT AND TRADEMARK OFFICE

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| 18/348,882 | 01/22/2024 04:02:02 PM Z ET | S105508 1010US.C10(0051.1 |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
|---|---|---|---|
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 64020735 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 07/07/2023 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| DA / 090528 | E20241LG12528705 | Shari Elofson |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1801 | REQUEST FOR CONTINUED EXAMINATION (RCE) - 1ST REQUEST (SEE 37 CFR 1.114) | 1360.00 | 1 | 1360.00 |
| | | | TOTAL AMOUNT: | $1,360.00 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Doc code: RCEX
Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# REQUEST FOR CONTINUED EXAMINATION(RCE)TRANSMITTAL
## (Submitted Only via EFS-Web)

| Application Number | 18/348,882 | Filing Date | 2023-07-07 | Docket Number (if applicable) | S105508 1010US.C10(0051.1 | Art Unit | 3636 |
|---|---|---|---|---|---|---|---|
| First Named Inventor | Dane Brooks Barnes | | | Examiner Name | Noah Chandler Hawk | | |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**

Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application.  The Instruction Sheet for this form is located at WWW.USPTO.GOV

## SUBMISSION REQUIRED UNDER 37 CFR 1.114

Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

☒ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

    ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

    ☒ Other    Response After Final Action previously filed on January 2, 2024

☐ Enclosed

    ☐ Amendment/Reply

    ☐ Information Disclosure Statement (IDS)

    ☐ Affidavit(s)/ Declaration(s)

    ☐ Other _____

## MISCELLANEOUS

☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of months _____
(Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

☐ Other _____

## FEES

**The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.**

☒ The Director is hereby authorized to charge any underpayment of fees, or credit any overpayments, to Deposit Account No   090528

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

☒ Patent Practitioner Signature

☐ Applicant Signature

Doc code: RCEX
Doc description: Request for Continued Examination (RCE)

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Signature of Registered U.S. Patent Practitioner | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Date (YYYY-MM-DD) | 2024-01-22 |
| Name | Lauren F. Anderson | Registration Number | 69344 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 254 of 342

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

 

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION #<br>**18/348,882** | RECEIPT DATE / TIME<br>**01/22/2024 04:02:02 PM Z ET** | ATTORNEY DOCKET #<br>**S105508 1010US.C10(0051.1** |
|---|---|---|

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
|---|---|---|---|
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 64020735 | FILING DATE | 07/07/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

# TOTAL DOCUMENTS: 1

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C10_0051_1_RCE.pdf | 3 | Request for Continued Examination (RCE) | 1628 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C10_0051_1_RCE.pdf | EEF038F492E50C6E65E39980A2B5D59B066BE939FC829A6E8AC452A152F53823ED4BD855EBCC4E3B02AD7D08A987E36C82987A64F4B5A765710AAE5AB4E6AC38 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 256 of 342

by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

| | Application/Control No. 18/348,882 | Applicant(s)/Patent Under Reexamination Barnes et al. | |
|---|---|---|---|
| **Notice of References Cited** | Examiner NOAH C HAWK | Art Unit 3636 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date YYYY-MM-DD | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-20150108295-A1 | 2015-04-23 | Brooks; Kevin | A01M31/06 | 248/156 |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date YYYY-MM-DD | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in YYYY-MM-DD format are publication dates. Classifications may be US or foreign.

| | Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| | | 18/348,882 | Barnes et al. |
| | | Examiner | Art Unit |
| | | NOAH C HAWK | 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| CLAIMS | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | | ☐ R.1.47 | | |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/23/2023 | 11/29/2023 | 01/24/2024 | | | | | | |
| | 1 | - | - | - | | | | | | |
| | 2 | - | - | - | | | | | | |
| | 3 | - | - | - | | | | | | |
| | 4 | - | - | - | | | | | | |
| | 5 | - | - | - | | | | | | |
| | 6 | - | - | - | | | | | | |
| | 7 | - | - | - | | | | | | |
| | 8 | - | - | - | | | | | | |
| | 9 | - | - | - | | | | | | |
| | 10 | - | - | - | | | | | | |
| | 11 | - | - | - | | | | | | |
| | 12 | - | - | - | | | | | | |
| | 13 | - | - | - | | | | | | |
| | 14 | - | - | - | | | | | | |
| | 15 | - | - | - | | | | | | |
| | 16 | - | - | - | | | | | | |
| | 17 | - | - | - | | | | | | |
| | 18 | - | - | - | | | | | | |
| | 19 | - | - | - | | | | | | |
| | 20 | - | - | - | | | | | | |
| | 21 | ✓ | ✓ | ✓ | | | | | | |
| | 22 | ✓ | - | - | | | | | | |
| | 23 | ✓ | - | - | | | | | | |
| | 24 | ✓ | ✓ | ✓ | | | | | | |
| | 25 | ✓ | ✓ | ✓ | | | | | | |
| | 26 | ✓ | ✓ | ✓ | | | | | | |
| | 27 | ✓ | - | - | | | | | | |
| | 28 | ✓ | ✓ | ✓ | | | | | | |
| | 29 | ✓ | ✓ | ✓ | | | | | | |
| | 30 | ✓ | ✓ | ✓ | | | | | | |
| | 31 | ✓ | - | - | | | | | | |
| | 32 | ✓ | ✓ | ✓ | | | | | | |
| | 33 | ✓ | ✓ | ✓ | | | | | | |
| | 34 | ✓ | - | - | | | | | | |
| | 35 | ✓ | ✓ | ✓ | | | | | | |
| | 36 | ✓ | ✓ | ✓ | | | | | | |
| | 37 | ✓ | - | - | | | | | | |
| | 38 | ✓ | ✓ | ✓ | | | | | | |
| | 39 | ✓ | ✓ | ✓ | | | | | | |
| | 40 | ✓ | ✓ | ✓ | | | | | | |
| | 41 | | ✓ | ✓ | | | | | | |
| | 42 | | ✓ | ✓ | | | | | | |

U.S. Patent and Trademark Office        Part of Paper No.: 20240123a

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| **Index of Claims** | 18/348,882 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/23/2023 | 11/29/2023 | 01/24/2024 | | | | | | |
| | 43 | | ✓ | ✓ | | | | | | |

U.S. Patent and Trademark Office

Part of Paper No.: 20240123a

<table>
<tr><td rowspan="2"><em>Search Notes</em><br><br>[barcode]</td><td colspan="2"><strong>Application/Control No.</strong><br><br>18/348,882</td><td><strong>Applicant(s)/Patent Under Reexamination</strong><br><br>Barnes et al.</td></tr>
<tr><td colspan="2"><strong>Examiner</strong><br><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br><br>3636</td></tr>
</table>

**CPC - Searched***

| Symbol | Date | Examiner |
|---|---|---|
| E04H 15/005, 15/60, 15/62 | 10/23/2023 | NCH |
| updated above | 01/24/2024 | NCH |

**CPC Combination Sets - Searched***

| Symbol | Date | Examiner |
|---|---|---|
| | | |

**US Classification - Searched***

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

**Search Notes**

| Search Notes | Date | Examiner |
|---|---|---|
| Considered IDS filed 7/7/2023 | 10/19/2023 | NCH |
| Considered and updated search history for parent application 18072143 | 10/23/2023 | NCH |
| Performed inventor name search | 10/23/2023 | NCH |
| Considered IDS filed 11/21/23 | 11/29/2023 | NCH |

**Interference Search**

| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

U.S. Patent and Trademark Office

Part of Paper No.: 20240123a

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 261 of 342



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/348,882 | 07/07/2023 | Dane Brooks Barnes | S105508 1010US.C10(0051.1 | 5037 |

| 26158 | 7590 | 01/29/2024 |
|---|---|---|

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/29/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

<table>
<tr><td rowspan="2"><strong>Office Action Summary</strong></td><td colspan="2"><strong>Application No.</strong><br>18/348,882</td><td colspan="2"><strong>Applicant(s)</strong><br>Barnes et al.</td></tr>
<tr><td colspan="2"><strong>Examiner</strong><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br>3636</td><td><strong>AIA (FITF) Status</strong><br>Yes</td></tr>
</table>

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on <u>1/2/24</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ____.

2a)☐ This action is **FINAL.**    2b) ☑ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on ____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims\***

5) ☑ Claim(s) <u>21,24-26,28-30,32-33,35-36 and 38-43</u> is/are pending in the application.

  5a) Of the above claim(s) ____ is/are withdrawn from consideration.

6) ☐ Claim(s) ____ is/are allowed.

7) ☑ Claim(s) <u>21,24-26,28-30,32-33,35-36 and 38-43</u> is/are rejected.

8) ☐ Claim(s) ____ is/are objected to.

9) ☐ Claim(s) ____ are subject to restriction and/or election requirement

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on <u>1/2/24</u> is/are: a)☐ accepted or b)☑ objected to by the Examiner.

  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**

  a)☐ All    b)☐ Some\*\*    c)☐ None of the:

  1.☐ Certified copies of the priority documents have been received.

  2.☐ Certified copies of the priority documents have been received in Application No. ____.

  3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

\*\* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)    3) ☐ Interview Summary (PTO-413)
                                               Paper No(s)/Mail Date _____.

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)    4) ☐ Other: _____.
  Paper No(s)/Mail Date _____.

U.S. Patent and Trademark Office

PTOL-326 (Rev. 11-13)          Office Action Summary          Part of Paper No./Mail Date 20240123a

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 263 of 342

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.

### *Continued Examination Under 37 CFR 1.114*

2.      A request for continued examination under 37 CFR 1.114, including the fee set

forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this

application is eligible for continued examination under 37 CFR 1.114, and the fee set

forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action

has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on 1/2/2024

has been entered.

### *Drawings*

3.      The drawings are objected to under 37 CFR 1.83(a).  The drawings must show

every feature of the invention specified in the claims.  Therefore, the "canopy defining a

plurality of coupled sections each extending between a first end forming a suspension

end of the canopy and a second end forming an opposing trailing end of the canopy"

recited in Claim 36  must be shown or the feature(s) canceled from the claim(s).  No

new matter should be entered.

4.      Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in

reply to the Office action to avoid abandonment of the application. Any amended

replacement drawing sheet should include all of the figures appearing on the immediate

prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as "amended." If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either "Replacement Sheet" or "New Sheet" pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

### *Claim Rejections - 35 USC § 112*

5.　　　The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

6.　　　Claims 36 and 38-41 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the written description requirement. The

claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time the application was filed, had possession of the claimed invention. Claim 36 now recites "a canopy defining a plurality of coupled sections each extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy." This new description of the canopy having more than one section, each of which extend from the suspension end to the trailing end (i.e. running longitudinally rather than across) is not found in the application as filed and is considered new matter. The only arrangement of canopy supported by the specification is a unitary sheet or a sheet made of sections such as 44 running side to side (as seen in Fig. 1 or 8).

7.      The following is a quotation of 35 U.S.C. 112(d):

> (d) REFERENCE IN DEPENDENT FORMS.—Subject to subsection (e), a claim in dependent form shall contain a reference to a claim previously set forth and then specify a further limitation of the subject matter claimed. A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.

> The following is a quotation of pre-AIA 35 U.S.C. 112, fourth paragraph:

> Subject to the following paragraph [i.e., the fifth paragraph of pre-AIA 35 U.S.C. 112], a claim in dependent form shall contain a reference to a claim previously set forth and then specify a further limitation of the subject matter claimed. A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.

8.      Claims 41-43 are rejected under 35 U.S.C. 112(d) or pre-AIA 35 U.S.C. 112, 4th paragraph, as being of improper dependent form for failing to further limit the subject matter of the claim upon which it depends, or for failing to include all the limitations of the claim upon which it depends. The applicant argues that the "corkscrew shape" inherently has a "helical thread" (see 1/2/2024, p. 9). If that is so, these claims do not

add any limitation to their parent claims. Applicant may cancel the claim(s), amend the

claim(s) to place the claim(s) in proper dependent form, rewrite the claim(s) in

independent form, or present a sufficient showing that the dependent claim(s) complies

with the statutory requirements. For the purposes of examination, any reference that

teaches a "corkscrew shape" will be considered sufficient to teach a "helical thread."


### *Claim Rejections - 35 USC § 103*

9.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all

obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed
> invention is not identically disclosed as set forth in section 102, if the differences between the
> claimed invention and the prior art are such that the claimed invention as a whole would have
> been obvious before the effective filing date of the claimed invention to a person having
> ordinary skill in the art to which the claimed invention pertains. Patentability shall not be
> negated by the manner in which the invention was made.

10.     Claims 21, 24, 25, 28, and 42 are rejected under 35 U.S.C. 103 as being

unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311,

Brooks in US Publication 2015/0108295, and Stein in US Patent 5080123

      a.      Kang teaches a system for providing shade onto a surface, the system

comprising: a frame (100) with first and last sections (the ends) engaged with the

surface, a canopy (200) extending between a first end (toward 210) and a

second end (toward 240), the first end of the canopy defining a suspension end

capable of being engaged with the frame about sections of the frame, wherein

the second end of the canopy defines a trailing end spaced apart from the frame

in the supporting configuration such that the first end of the canopy is

supportable by the frame and the trailing end of the canopy is totally supported

by wind in a first configuration for providing shade to the surface; and a loop

(212) on the suspension end of the canopy and configured for accepting a

portion of the frame therethrough for engaging the canopy with the frame to

secure the canopy into position relative to the frame, the loop being the only

fastener securing the canopy into position relative to the frame (the loop

maintains the position of the canopy along the frame; straps 220 merely locate

the loop with respect to the frame), and the loop extending at least partially

through a length of the suspension end of the canopy.

b.        Kang is silent on the details of the frame. Jager teaches a frame including

a plurality of sections (58/60/62) and being maneuverable between a transport

configuration (Fig. 5) and a supporting configuration (Fig. 1), the sections

including: a first section (58) defining a left end of the frame engaged with the

surface; a last section (62) defining a right end of the frame engaged with the

surface; and one or more adjacent sections (60) coupled into alignment and

engaged between the first section and the last section, the one or more adjacent

sections additionally comprising at least one aligning component (71) affixed to

one or more of the adjacent sections and providing supporting tension to the

alignment in the supporting configuration and allowing the one or more adjacent

sections to be maneuvered between the transport configuration and the

supporting configuration, the adjacent sections being configured to engage

between the first section and the last section in the supporting configuration;

wherein the at least one aligning component comprises a cable extending

through and affixed to one or more of the adjacent sections of the frame, and

wherein the one or more adjacent sections each have one or both of a male end (64) and a female end (60). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a collapsible frame as taught by Jager in order to more compactly store the device when not in use.

c.      Kang, as modified, teaches that ends of the frame are directly engaged with the surface, but is silent on the use of corkscrew anchors. Brooks teaches an anchor (20) engaged with the end of a frame (12) define a corkscrew shape comprising a helical thread at the end of the frame. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the anchors of Kang, as modified, by using a corkscrew anchor with a helical thread as taught by Brooks in order to more securely anchor the device in the ground.

d.      Kang, as modified, is silent on the use of a canopy with parallel sides. Stein teaches a system for providing shade including a canopy (14) defining a length extending between a suspension end (at 30) and an opposing trailing end (at 43), wherein each of the left and right ends of the suspension end is adjacent to a lateral side (20 and 22) of the canopy that extends substantially perpendicularly to the suspension end wherein the lateral sides of the canopy are parallel. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Kang, as modified, by using a canopy with parallel sides as taught by Stein in order to provide more shade for the user.

11.    Claim 26 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to Claim 21 above in view of Rice in US Patent 5823217. Kang, as modified, is silent on the use of a container. Rice teaches a canopy with components (14/16) and a container (50) capable of housing and transporting the components of the system therein. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Rice in order to more easily transport the device when not in use.

12.    Claims 29, 32, 33, and 43 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311 and Brooks in US Publication 2015/0108295.

    e.    Regarding Claims 29, 32 and 43, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100); a canopy (200) defining a length extending between a suspension end (toward 100) and an opposing trailing end (toward 240), the suspension end of the canopy defining a width extending between a left end and a right end (from the left side to the right side of the canopy), wherein each of the left and right ends of the suspension end is adjacent to a lateral side of the canopy that extends substantially perpendicularly to the suspension end (the side extend perpendicularly back from the suspension end toward 240); at least one loop (including 212 and 220) arranged at and extending at least a portion of the length of the suspension end from the left end to the right end and that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the

frame in the supporting configuration such that the canopy is supportable by the frame and the trailing end is totally aerially suspended by wind in a first configuration (Fig. 1) for providing shade to the surface; a first anchor (110/320 on the left) engaged or coupled to the left end of the frame; and a second anchor (110/320 on the right) engaged or coupled to the right end of the frame.

f.       Kang is silent on the details of the frame. Jager teaches a frame (50) defined by a plurality of sections (58/60/62) including a first section (58) defining a left end of the frame and a last section (62) defining a right end of the frame, and comprising an aligning component (71) extending through at least a portion of the plurality of sections, wherein the at least one aligning component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration (Fig. 1) and thereby disengageable to define the frame in a transport configuration (Fig. 5). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a frame as taught by Jager in order to allow the user to more compactly store the device when not in use.

g.       Kang, as modified, is silent on the use of corkscrew anchors. Brooks teaches an anchor (20) engaged with the end of a frame (12) define a corkscrew shape comprising a helical thread at the end of the frame. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the anchors of Kang, as modified, by using a

corkscrew anchor with a helical thread as taught by Brooks in order to more securely anchor the device in the ground.

h.  Regarding Claim 33, Kang, as modified, teaches that the first anchor and the second anchor are directly engageable with the surface.

13.  Claim 30 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 29 above, and further in view of Stein in US Patent 5080123. Kang, as modified, is silent on the use of a canopy with parallel sides. Stein teaches a system for providing shade including a canopy (14) defining a length extending between a suspension end (at 30) and an opposing trailing end (at 43), wherein each of the left and right ends of the suspension end is adjacent to a lateral side (20 and 22) of the canopy that extends substantially perpendicularly to the suspension end wherein the lateral sides of the canopy are parallel. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Kang, as modified, by using a canopy with parallel sides as taught by Stein in order to provide more shade for the user.

14.  Claim 35 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to Claim 29 above in view of Rice in US Patent 5823217. Kang, as modified, is silent on the use of a container. Rice teaches a canopy with components (14/16) and a container (50) capable of housing and transporting the components of the system therein. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Rice in order to more easily transport the device when not in use.

15.　　Claims 36, 38, and 39 are rejected under 35 U.S.C. 103 as being unpatentable

over KR 101315166 (Kang) in view of Jager in US Patent 5927311, Fernández

González in US Publication 2015/0354244, and Rice in US Patent 5823217.

　　　　i.　　　Regarding Claim 36 and 38, Kang teaches a system for providing shade

onto a surface, the system comprising: a frame (100), a canopy (200) extending

between a first end forming a suspension end of the canopy and a second end

forming an opposing trailing end of the canopy, the suspension end of the

canopy including only a single fastener (212) that engages the canopy with the

frame (only 212 is directly engaged between the canopy and frame 100 –

elements 220 engage between the fastener 212 and the frame) and that secures

the canopy in position relative to the frame, wherein the trailing end of the canopy

is spaced apart from the frame in the supporting configuration such that the

canopy is supportable by the frame and the trailing end is totally supported by

wind in a first configuration (Fig. 1) for providing shade to the surface, wherein

the single fastener comprises a loop extending at least partially through a length

of the suspension end of the canopy from the left end to the right end.

　　　　j.　　　Kang is silent on the details of the frame. Jager teaches a frame defined

by a plurality of sections (58/60/62) and comprising an aligning component (71)

extending through at least a portion of the sections, the aligning component

comprising a cable extending through and affixed to one or more of the plurality

of sections of the frame, each of the plurality of sections having one or both of a

male end (64) and a female end (60) making the plurality of sections thereby

engageable with at least one adjacent section to define the frame in a supporting

configuration (Fig. 1) and thereby disengageable to define the frame in a

transport configuration (Fig. 5). It would have been obvious to one of ordinary

skill in the art before the effective filing date of the claimed invention to modify the

device of Kang by using a frame with sections as taught by Jager in order to

allow the user to more compactly store the device when not in use.

k.      Kang, as modified, is silent on the use of a canopy with sections.

Fernández González  teaches a canopy (1) defining a plurality of coupled

sections (3a/1a) each extending between a first end (toward the top of Fig. 5)

forming a suspension end of the canopy and a second end forming an opposing

trailing end of the canopy (toward the bottom of Fig. 5). It would have been

obvious to one of ordinary skill in the art before the effective filing date of the

claimed invention to modify the device of Kang, as modified, by using a canopy

with multiple sections as taught by Fernández González in order to provide a

more easily manufactured canopy.

l.       Kang, as modified, fails to teach a container. Rice teaches a canopy with

components (14/16) and a container (50) capable of housing and transporting the

components of the system therein. It would have been obvious to one of ordinary

skill in the art before the effective filing date of the claimed invention to modify the

device of Kang, as modified, by adding a container as taught by Rice in order to

more easily transport the device when not in use.

m.      Regarding Claim 39, Kang, as modified, teaches that two of the sections

of the frame (the end sections) are directly engageable with the surface.

16.    Claims 40 and 41 are rejected under 35 U.S.C. 103 as being unpatentable over

Kang, as modified, as applied to claim 39 above, and further in view of Brooks in US

Publication 2015/0108295. Kang, as modified, is silent on the use of corkscrew anchors.

Brooks teaches an anchor (20) engaged with the end of a frame (12) define a corkscrew

shape comprising a helical thread at the end of the frame. It would have been obvious

to one of ordinary skill in the art before the effective filing date of the claimed invention

to modify the anchors of Kang, as modified, by using a corkscrew anchor with a helical

thread as taught by Brooks in order to more securely anchor the device in the ground.


### Response to Arguments

17.    Applicant's arguments filed 1/2/24 have been fully considered but they are not

persuasive.

18.    Applicant's arguments with respect to claims 21, 29, and 36 have been

considered but are moot because the new ground of rejection does not rely on any

reference applied in the prior rejection of record for any teaching or matter specifically

challenged in the argument. Stein is not relied upon to teach the main features of these

claims.


### Conclusion

19.    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to NOAH CHANDLER HAWK whose telephone number is

(571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

PTO/AIA/31 (11-23)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| NOTICE OF APPEAL FROM THE EXAMINER TO THE PATENT TRIAL AND APPEAL BOARD | Docket Number (Optional) S105508 1010US.C10 (0051.1) |
|---|---|

| I hereby certify that this correspondence is being transmitted by the USPTO patent electronic filing system or facsimile to the USPTO, or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450" [37 CFR 1.8(a)] on February 1, 2024 _____. | First Named Inventor Dane Brooks Barnes |
|---|---|

| Application Number 18/348,882 | Filed July 7, 2023 |
|---|---|

For
SHADING SYSTEM AND METHOD OF USE

Signature _____

Typed or printed name _____

| Art Unit 3636 | Examiner Noah Chandler Hawk |
|---|---|

Applicant hereby **appeals** to the Patent Trial and Appeal Board from the last decision of the examiner.

The fee for this Notice of Appeal is (37 CFR 41.20(b)(1))                                      $ 840 _____

[ ] Applicant asserts small entity status. See 37 CFR 1.27. Therefore, the fee shown above is reduced by 60%, and the resulting fee is:                                      $ _____

[ ] Applicant certifies micro entity status. See 37 CFR 1.29. Therefore, the fee shown above is reduced by 80%, and the resulting fee is:                                      $ _____
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

[ ] A check in the amount of the fee is enclosed.

[ ] Payment by credit card. Form PTO-2038 is attached.

[✔] The Director is hereby authorized to charge any fees which may be required, or credit any overpayment to Deposit Account No. 09-0528 _____.

[✔] Payment made via USPTO patent electronic filing system.

[ ] A petition for an extension of time under 37 CFR 1.136(a) (PTO/AIA/22 or equivalent) is enclosed.
For extensions of time in reexamination proceedings, see 37 CFR 1.550.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

I am the

[ ] applicant          [✔] attorney or agent of record          [ ] attorney or agent acting under 37 CFR 1.34
                       Registration number 69,344                    Registration number _____

Signature /Lauren F. Anderson/ _____

Typed or printed name Lauren F. Anderson _____

Telephone Number (919) 755-8127 _____

Date February 1, 2024 _____

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. Submit multiple forms if more than one signature is required, see below*.

[ ] * Total of _____ forms are submitted.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 12 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to:

1) law enforcement, in the event that the system of records indicates a violation or potential violation of law;

2) a federal, state, local, or international agency, in response to its request;

3) a contractor of the USPTO having need for the information in order to perform a contract;

4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record;

5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record;

6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations;

7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals;

8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c));

9) the Office of Personnel Management (OPM) for personnel research purposes; and

10) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

**uspto** UNITED STATES
PATENT AND TRADEMARK OFFICE

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/348,882** | **02/01/2024 04:47:28 PM Z ET** | **S105508 1010US.C10(0051.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
|---|---|---|---|
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 64174626 | FILING DATE | 07/07/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

# TOTAL DOCUMENTS: 1

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C10_0051_1_Notice_of_Appeal.pdf | 2 | Notice of Appeal Filed | 467 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C10_0051_1_Notice_of_Appeal.pdf | B4A414BED56F7EC0718D33DF90A592B94569A87C0E798800996D41D55590725A86271E6B472FB28F59C4476F1742F1207EBB3CA06654D5311AC18FDE02EF3EF0 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 279 of 342

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**UNITED STATES
PATENT AND TRADEMARK OFFICE**

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/348,882** | **02/01/2024 04:47:28 PM Z ET** | **S105508 1010US.C10(0051.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 64174626 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 07/07/2023 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E202421G48296814** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1401 | NOTICE OF APPEAL | 840.00 | 1 | 840.00 |
| | | | **TOTAL AMOUNT:** | **$840.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 5037 |
| Appl. No.: | 18/348,882 | Group Art Unit: | 3636 |
| Filed: | July 7, 2023 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.:    S105508 1010US.C10 (0051.1)
Customer No.:  26158

Mail Stop Appeal Brief-Patents
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## APPEAL BRIEF UNDER 37 CFR § 41.37

This Appeal Brief is filed pursuant to the "Notice of Appeal From the Examiner to the Patent Trial and Appeal Board" filed on February 1, 2024, which was filed in response to the Office Action dated January 29, 2024 ("the Office Action"). Any fees required under 37 C.F.R. § 1.17, are submitted herewith. In the event additional fees are required, authorization is hereby provided to charge our Deposit Account No. 09-0528 any fees due in connection with this paper.

This brief contains items under the following headings, and in the order set forth below:

I.     REAL PARTY IN INTEREST

II.    RELATED APPEALS AND INTERFERENCES

III.   SUMMARY OF THE CLAIMED SUBJECT MATTER

IV.    ARGUMENT

V.     CLAIMS APPENDIX

## I.     REAL PARTY IN INTEREST

The real party in interest in this appeal is Shibumi Shade, Inc., to which the above-referenced patent application is assigned.

## II.    RELATED APPEALS AND INTERFERENCES

The following list contains pending cases before the Eastern District of North Carolina, Western Division, that are related to the current appeal:

Shibumi Shade, Inc. v. Beach Shade LLC, et al, C.A. No. 5:21-cv-0256-FL

- Asserted Patents:

  o     U.S. Patent No. 10,190,330

  o     U.S. Patent No. 10,753,117

  o     U.S. Patent No. 11,111,690

  o     U.S. Patent No. 11,255,103

  o     U.S. Patent No. 11,299,904

Shibumi Shade, Inc. v. Beach Shade LLC, et al, C.A. No. 5:23-cv-0297-FL

- Asserted Patents:

  o     U.S. Patent No. 11,634,924

  o     U.S. Patent No. D989,350

2

o      U.S. Patent No. D990,605

## III.    SUMMARY OF THE CLAIMED SUBJECT MATTER

Independent claim 21 recites, "A system (e.g., 10, FIG. 1, and paragraph [0036]) for providing shade onto a surface, the system (e.g., 10, FIG. 1, and paragraph [0036]) comprising: a frame (e.g., 14, FIG. 1, and paragraph [0036]) including a plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]) and being maneuverable between a transport configuration and a supporting configuration, the sections (e.g., 24, FIG. 1, and paragraph [0041]) including: a first section defining a left end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) with a corkscrew shape (e.g., paragraph [0051]) and engaged with the surface; a last section defining a right end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) with a corkscrew shape (e.g., paragraph [0051]) and engaged with the surface; and one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) coupled into alignment and engaged between the first section and the last section, the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) additionally comprising at least one aligning component (e.g., paragraph [0043]) affixed to one or more of the adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) being configured to engage between the first section and the last section in the supporting configuration; a canopy (e.g., 12, FIG. 1, and paragraph [0036]) defining parallel sides extending between a first end and a second end, the first end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) defining a suspension end capable of being engaged with the frame (e.g., 14, FIG. 1, and

paragraph [0036]) about the one or more adjacent sections (e.g., 24, FIG. 1, and paragraph [0041]) of the frame (e.g., 14, FIG. 1, and paragraph [0036]), wherein the second end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) defines a trailing end spaced apart from the frame (e.g., 14, FIG. 1, and paragraph [0036]) in the supporting configuration such that the first end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is supportable by the frame (e.g., 14, FIG. 1, and paragraph [0036]) and the trailing end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is totally supported by wind in a first configuration for providing shade to the surface; and a loop (e.g., 40, FIG. 4, and paragraph [0037]) on the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) and configured for accepting a portion of the frame (e.g., 14, FIG. 1, and paragraph [0036]) therethrough for engaging the canopy (e.g., 12, FIG. 1, and paragraph [0036]) with the frame (e.g., 14, FIG. 1, and paragraph [0036]) to secure the canopy (e.g., 12, FIG. 1, and paragraph [0036]) into position relative to the frame (e.g., 14, FIG. 1, and paragraph [0036]), the loop (e.g., 40, FIG. 4, and paragraph [0037]) being the only fastener securing the canopy (e.g., 12, FIG. 1, and paragraph [0036]) into position relative to the frame (e.g., 14, FIG. 1, and paragraph [0036]), and the loop (e.g., 40, FIG. 4, and paragraph [0037]) extending at least partially through a length of the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036])."

Independent claim 29 recites, "A system (e.g., 10, FIG. 1, and paragraph [0036]) for providing shade onto a surface, the system (e.g., 10, FIG. 1, and paragraph [0036]) comprising: a frame (e.g., 14, FIG. 1, and paragraph [0036]) defined by a plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]) including a first section defining a left end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) and a last section defining a right end of the frame (e.g., 14, FIG. 1, and

4

paragraph [0036]), and comprising an aligning component (e.g., paragraph [0043]) extending through at least a portion of the plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]), each of the plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]) being engageable with at least one adjacent section to define the frame (e.g., 14, FIG. 1, and paragraph [0036]) in a supporting configuration and thereby disengageable to define the frame (e.g., 14, FIG. 1, and paragraph [0036]) in a transport configuration; a canopy (e.g., 12, FIG. 1, and paragraph [0036]) defining a length extending between a suspension end and an opposing trailing end, the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) defining a width extending between a left end and a right end, wherein each of the left and right ends of the suspension end is adjacent to a lateral side of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) that extends substantially perpendicularly to the suspension end; at least one loop (e.g., 40, FIG. 4, and paragraph [0037]) arranged at and extending at least a portion of the length of the suspension end from the left end to the right end and that secures the canopy (e.g., 12, FIG. 1, and paragraph [0036]) in position relative to the frame (e.g., 14, FIG. 1, and paragraph [0036]), wherein the trailing end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is spaced apart from the frame (e.g., 14, FIG. 1, and paragraph [0036]) in the supporting configuration such that the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is supportable by the frame (e.g., 14, FIG. 1, and paragraph [0036]) and the trailing end is totally aerially suspended by wind in a first configuration for providing shade to the surface; a first anchor (e.g., 34, FIG. 5, and paragraph [0046]) engaged or coupled to the left end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) to define a corkscrew shape (e.g., paragraph [0051]) at the left end of the frame (e.g., 14, FIG. 1, and paragraph [0036]); and a second anchor (e.g., paragraph [0051]) engaged or coupled to the

5

right end of the frame (e.g., 14, FIG. 1, and paragraph [0036]) to define a corkscrew shape (e.g., paragraph [0051]) at the right end of the frame (e.g., 14, FIG. 1, and paragraph [0036])."

Independent claim 36 recites, "A system (e.g., 10, FIG. 1, and paragraph [0036]) for providing shade onto a surface, the system (e.g., 10, FIG. 1, and paragraph [0036]) comprising: a frame (e.g., 14, FIG. 1, and paragraph [0036]) defined by a plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]) and comprising an aligning component (e.g., paragraph [0043]) extending through at least a portion of the sections (e.g., 24, FIG. 1, and paragraph [0041]), each of the plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]) having one or both of a male end and a female end making the plurality of sections (e.g., 24, FIG. 1, and paragraph [0041]) thereby engageable with at least one adjacent section to define the frame (e.g., 14, FIG. 1, and paragraph [0036]) in a supporting configuration and thereby disengageable to define the frame (e.g., 14, FIG. 1, and paragraph [0036]) in a transport configuration; a canopy (e.g., 12, FIG. 1, and paragraph [0036]) defining a plurality of coupled sections (e.g., 24, FIG. 1, and paragraph [0041]) each extending between a first end forming a suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) and a second end forming an opposing trailing end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]), the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) including only a single fastener (e.g., paragraph [0037]) that engages the canopy (e.g., 12, FIG. 1, and paragraph [0036]) with the frame (e.g., 14, FIG. 1, and paragraph [0036]) and that secures the canopy (e.g., 12, FIG. 1, and paragraph [0036]) in position relative to the frame (e.g., 14, FIG. 1, and paragraph [0036]), wherein the trailing end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) is spaced apart from the frame (e.g., 14, FIG. 1, and paragraph [0036]) in the supporting configuration such that the canopy (e.g., 12, FIG. 1, and paragraph

6

[0036]) is supportable by the frame (e.g., 14, FIG. 1, and paragraph [0036]) and the trailing end is totally supported by wind in a first configuration for providing shade to the surface, wherein the single fastener (e.g., paragraph [0037]) comprises a loop (e.g., 40, FIG. 4, and paragraph [0037]) extending at least partially through a length of the suspension end of the canopy (e.g., 12, FIG. 1, and paragraph [0036]) from the left end to the right end; and a container capable of housing and transporting the components of the system therein."

## IV. ARGUMENT

### A. Overview

Claims 21, 24-26, 28-30, 32-33, 35-36, and 38-43 are pending, wherein claims 1-20, 22, 23, 27, 31, 34, and 37 are canceled. In the Office Action, claims 36 and 38-41 stand rejected under 35 U.S.C. § 112(a) as allegedly failing to comply with the written description requirement. Claims 21, 24, 25, 28, and 42 stand rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang (KR 101315166) in view of US Patent No 5,927,311 to Jager, US Pub. No. 2015/0108295 to Brooks, and U.S. Patent No. 5,080,132 to Stein. Claim 26 stands rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to Claim 21 in view of Rice in US Patent 5823217. Claims 29, 32, 33, and 43 stand rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang in view of Jager and Brooks. Claim 30 stands rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to Claim 29, and further in view of Stein. Claim 35 stands rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to Claim 29, and further in view of Rice. Claims 36, 38, and 39 stand rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang in view of Jager, Fernández-González in US Pub.

7

2015/0354244, and Rice. Claims 40 and 41 stand rejected under 35 U.S.C. §103 as being unpatentable over Kang, as modified, as applied to claim 39, in further view of Brooks.

In this regard, review of these rejections is respectfully requested. As outlined in detail below, each of the pending claims recites elements that are not rendered obvious by the cited references. Accordingly, Appellant respectfully submits that each of the pending claims is in condition for allowance.

B.    Legal Standards

*(i)      Claim Construction*

Claim construction begins with the words of the claims. *Karlin Tech., Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 971 (Fed. Cir. 1999). Claim language should be interpreted as one reasonably skilled in the art would have interpreted the claim at the time of the patent application date. *Vivid Techs., Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999). Where the claim term has no specialized meaning to persons of skill in the art, the ordinary meaning of the words to those of ordinary skill in the art controls, unless the evidence indicates that the inventor used them differently. *Karlin*, 177 F.3d at 971. Such evidence includes the specification and prosecution history, both of which must be analyzed to determine if the inventor limited or redefined any of those terms. *Watts v. XL Sys., Inc.*, 232 F.3d 877, 882-84 (Fed. Cir. 2000); *Vivid Techs.*, 200 F.3d at 804. If claim language is not clear on its face, then intrinsic evidence also should be consulted to resolve the lack of clarity. *Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001). The

8

standard for the interpretation of a claim and its terms during prosecution of an application for patent in the U.S. Patent and Trademark Office ("PTO") is that the PTO must give claim terms their "broadest reasonable interpretation consistent with the specification." *In re Suitco Surface, Inc.*, No. 2009-1418, slip. op. at 6 (Fed. Cir., April 14, 2010). The PTO may not interpret a claim term in a manner which is not consistent with the meaning of that term as used in the application's specification.

### (ii)     *Written Description Requirement under 35 U.S.C. § 112*

Under 35 U.S.C. §112, the specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.. 35 U.S.C. § 112(a). MPEP § 2163(I) elaborates on the written description requirement set forth in 35 U.S.C. § 112(a): "To satisfy the written description requirement, a patent specification must describe the claimed invention in sufficient detail that one skilled in the art can reasonably conclude that the inventor had possession of the claimed invention. See, e.g., Moba, B.V. v. Diamond Automation, Inc., 325 F.3d 1306, 1319, 66 USPQ2d 1429, 1438 (Fed. Cir. 2003); Vas-Cath, Inc. v. Mahurkar, 935 F.2d at 1563, 19 USPQ2d at 1116.[…] For example, it is now well accepted that a satisfactory description may be found in originally-filed claims or any other portion of the originally-filed specification. See In re Koller, 613 F.2d 819, 204 USPQ 702 (CCPA 1980); In re Gardner, 475 F.2d 1389, 177 USPQ 396 (CCPA 1973); In re Wertheim, 541 F.2d 257, 191 USPQ 90 (CCPA 1976)."

9

### (iii)    *Obviousness under 35 U.S.C. § 103*

Under 35 U.S.C. §103, a patent may not be obtained "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). The requirement that an invention be nonobvious within the meaning of Section 103 has been addressed by the Supreme Court in *KSR Int'l Co. v. Teleflex, Inc.* 550 U.S. 398, 127 S.Ct. 1727 (2007). In *KSR* the court reaffirmed that factors set forth in *Graham v. John Deere Co.* continue to define the controlling inquiry. *Id.* at 1734. *Graham* set forth the method for determining obviousness as follows:

Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented. *Graham v. John Deere Co.*, 383 U.S. 1, 17-18, 86 S.Ct. 684 (1966).

### C.    The rejection of the pending claims under section 112 is in error

Claims 36 and 38-41 stand rejected under 35 U.S.C. § 112(a) as allegedly failing to comply with the written description requirement.

Independent claim 36 is rejected for reciting, "a canopy defining a plurality of coupled

10

sections each extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy". According to the examiner, "[t]his new description of the canopy having more than one section, each of which extend from the suspension end to the trailing end (i.e. running longitudinally rather than across) is not found in the application as filed and is considered new matter. The only arrangement of canopy supported by the specification is a unitary sheet or a sheet made of sections such as 44 running side to side (as seen in Fig. 1 or 8)." *See, e.g.,* page 4 of the Office Action. Appellant respectfully disagrees.

Paragraph [0036] of the originally-filed application describes the canopy as follows: "FIG. 1 depicts *one embodiment* of a system 10 for providing shade 1 onto a surface 2. The system 10 may include a canopy 12 configured for engagement with, and aerial suspension by, a frame 14. The canopy 12 may include one or more lightweight materials, the material including one or more of the following properties: ripstop, polyester, blackout, light diffusion, light modification, and waterproof. *The canopy 12 may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable sections 44.*" Emphasis Added.

Thus, paragraph [0036] states the following:

- The canopy may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable sections 44.

- FIG. 1 shows simply <u>one embodiment</u> of system including a canopy.

Regarding these points, the specification does not limit the orientation of the plurality of coupled sections 44 as having to be from "side to side". Instead, the specification merely states that simply there may be one section or more than one section. That the examiner is limiting the language regarding the sections to a specific orientation, i.e., from "side to side", is improper and

11

not giving the ***broadest*** reasonable interpretation consistent with the specification. This is bolstered by the fact that the specification clearly states that FIG. 1 illustrates ***one embodiment*** of the system 10 including the canopy 12, thus implying that other embodiments of the canopy are contemplated by the disclosure. In this way, due to the breadth of the description of the canopy 12 in the disclosure, it could reasonably be concluded by one skilled in the art that another embodiment could include the canopy 12 defining a plurality of coupled sections each extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy based on the disclosure of the specification.

Appellant respectfully requests that this rejection of claim 36, and the claims depending thereon, be withdrawn at this time.

D. The rejection of the pending independent claims under section 103 is in error

*(i)* *Independent claim 21 as being obvious over Kang in view of Jager, Brooks, and Stein.*

Independent claim 21 is the independent claim from which claims 24, 25, 28, and 42 depend. Independent claim 21 recites at least the following elements:

- a canopy defining parallel sides extending between a first end and a second end, the first end of the canopy defining a suspension end capable of being engaged with the frame about the one or more adjacent sections of the frame.

- a loop on the suspension end of the canopy, the loop being the only fastener securing the canopy into position relative to the frame.

- a frame including a plurality of sections and being maneuverable between a

12

transport configuration and a supporting configuration, the sections including: a first section defining a left end of the frame with a corkscrew shape and engaged with the surface; a last section defining a right end of the frame with a corkscrew shape and engaged with the surface.

*The cited combination of references does not disclose a canopy defining parallel sides extending between a first end and a second end, the first end of the canopy defining a suspension end capable of being engaged with the frame about the one or more adjacent sections of the frame.*

Appellant respectfully submits that Kang, separately or in combination with Jager, Brooks, and Stein, does not disclose a suspension end as claimed. The examiner acknowledges that modified Kang is silent on the use of a canopy with parallel sides. *See, e.g.,* office action page 7. However, the examiner argues that Stein teaches a canopy defining parallel sides extending between a suspension end and an opposing trailed end. The examiner also argues that batten pocket 30 in Stein meets the claimed element of the suspension end. Appellant respectfully disagrees.

Independent claim 21 defines the canopy as defining parallel sides extending between a first end and a second end, the first end of the canopy defining a suspension end capable of being engaged with the frame about the one or more adjacent sections of the frame. By contrast, and as shown by in FIG. 2 of Stein, the two ends of the canopy are first end 16 and second opposed end 18. Neither the first end 16 nor the second opposed end 18 in Stein defines a suspension end capable of being engaged with a frame. Instead, it is the second batten pocket 30 (which neither

13

the first end 16 nor the second opposed end 18 defines) that is engaged with the frame 50, 52, 53 in Stein. Nothing in any of the secondary references cures this deficiency in Stein or modified Kang. Therefore, Appellant respectfully submits that the cited combination of references does not disclose the claimed suspension end.



FIG.2

*The cited combination of references does not disclose a loop on the suspension end of the canopy, the loop being the only fastener securing the canopy into position relative to the frame.*

Appellant respectfully submits that Kang, separately or in combination with Jager, Brooks and/or Stein, does not disclose a loop as claimed.

The examiner argues that the loop 212 in Kang is the only fastener securing the canopy into position relative to the frame, as "the loop maintains the position of the canopy along the frame; straps 220 merely locate the loop with respect to the frame." *See, e.g.,* page 6 of the office action. However, this is an misinterpretation of Kang. Kang clearly shows the straps 220 also

acting to secure the canopy into position relative to the frame and do not "merely locate the loop with respect to the frame" as the examiner argues. Instead, the straps 220, shown in the figures below, are attached to the canopy and secure the canopy to fitting protrusion 110 in Kang. Without the straps 220, the canopy in Kang would shift around on the pole 100. Thus, the straps 220 in Kang clearly act as a fastener in addition to the loop 212 itself.



Nothing in any of the secondary references cures this deficiency in modified Kang. Therefore, Appellant respectfully submits that the cited combination of references does not disclose the claimed loop.

*The cited combination of references does not disclose a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including: a first section defining a left end of the frame with a corkscrew shape and engaged with the surface; a last section defining a right end of the frame with a corkscrew shape and engaged with the surface.*

Appellant respectfully submits that Kang, separately or in combination with Jager, Brooks, and Stein, does not disclose a frame with corkscrew shapes as claimed. The examiner acknowledges that modified Kang is silent on the use of corkscrew anchors. *See, e.g.,* page 7 of the office action. However, the examiner cites Brooks as allegedly curing this deficiency. Appellant respectfully disagrees.

Brooks discloses a rotary ground auger base and stand for supporting decoys and sporting equipment. Paragraph [0004] of Brooks describes the stand as comprising " a base for resting on the ground having a vertical shaft or rod extending upward therefrom for holding supporting an object such as a decoy. A helical coil or flights forming a spiral extends below the base opposite the rod forming an auger having a point at the lower distal end which is be fixedly and removably screwed into the ground to support the stand in an upright position. The top end of the rod includes an adapter for cooperatively engaging a decoy or camera or other item to be mounted thereon." In paragraph [0009], Brooks further states that, "[i]t is an object of this

invention to provide a rotary ground auger base and stand with a helical coiled at one end and an opposite end which is square for receiving a duck decoy."

Appellant respectfully submits that one of ordinary skill in the art would not be motivated to modify Kang with Brooks to include <u>a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including: a first section defining a left end of the frame with a corkscrew shape and engaged with the surface; a last section defining a right end of the frame with a corkscrew shape and engaged with the surface</u> as doing so would change the principle of operation of Kang, counter to MPEP § 2143.01(VI), which states that "[i]f the proposed modification or combination of the prior art would change the principle of operation of the prior art invention being modified, then the teachings of the references are not sufficient to render the claims *prima facie* obvious." *In re Ratti*, 270 F.2d 810, 813, 123 USPQ 349, 352 (CCPA 1959). Firstly, Brooks discloses a square end to receive a duck decoy which is not conducive or the same as a pole, such as the pole 100 in Kang.

Further, the pole 100 in Kang requires a cylindrical fitting 110 specifically shaped to be inserted through a center of a fitting ring 3 formed on a support piece 220 of the canopy and then snugly received by a fitting groove 110a of a pile 320 driven into the ground. *See, e.g.,* FIG. 2 of Kang, below. Kang discloses that this arrangement is used to "strengthen" the sunscreen 200 as the fitting ring 3 of the sunscreen is sandwiched between the cylindrical fitting 110 and the pile 320, and that the fitting groove 110a acts to prevent damage to the fitting protrusion 110 passing through the fitting ring 3 to be more firmly fixed to the ground.



FIG. 2 of Kang

Accordingly, any modification to this arrangement in Kang (i.e., changing the cylindrical fitting 110 to be the claimed corkscrew shape via the rotary ground augur base in Brooks), would require changing the sunscreen 200 so that the fitting ring 3 is no longer sandwiched between the cylindrical fitting 110 and the pile 320, and would thereby result in changing the principle of operation of Kang as the fitting 110 would no longer able to be inserted (without significant effort) through a center of the fitting ring 3 and then snugly received by a fitting groove 110a of a pile 320 driven into the ground. Without this type of connection, the sunscreen 200 in Kang would slide around on the pole 100 and could not be secured to the pole 100. Thus, such a change to the principle of operation of Kang would be insufficient to render independent claim 21 *prima facie* obvious.

18

Consequently, and for at least these reasons, independent claim 21 (and claims 24, 25, 28, and 42) is/are not rendered obvious by Kang separately or in combination with Jager, Brooks, and Stein. Appellant respectfully requests that this rejection be withdrawn.

> (ii) *Independent claim 29 as being obvious over Kang in view of Jager and Brooks.*

Independent claim 29 is the independent claim from which claims 30, 32, 33, and 43 depend. Independent claim 29 recites at least the following elements:

- a canopy defining a length extending between a suspension end and an opposing trailing end, the suspension end of the canopy defining a width extending between a left end and a right end, wherein each of the left and right ends of the suspension end is adjacent to a lateral side of the canopy that extends substantially perpendicularly to the suspension end.

- a first anchor engaged or coupled to the left end of the frame to define a corkscrew shape at the left end of the frame; and a second anchor engaged or coupled to the right end of the frame to define a corkscrew shape at the right end of the frame.

*The cited combination of references does not disclose a canopy defining a length extending between a suspension end and an opposing trailing end, the suspension end of the canopy defining a width extending between a left end and a right end, wherein each of the left*

19

*and right ends of the suspension end is adjacent to a lateral side of the canopy that extends*

*substantially perpendicularly to the suspension end.*

Appellant respectfully submits that Kang, separately or in combination with Jager and/or Brooks, does not disclose a canopy as claimed. The examiner argues that Kang teaches, "the suspension end of the canopy defining a width extending between a left end and a right end (from the left side to the right side of the canopy), wherein each of the left and right ends of the suspension end is adjacent to a lateral side of the canopy that extends substantially perpendicularly to the suspension end." *See, e.g.,* page 8 of the office action. However, Kang does not show a lateral side of the canopy when "the trailing end is totally aerially suspended by wind in a first configuration for providing shade to the surface" as required by the claim. Instead, in the configuration shown in FIG. 1 of Kang, below, the trailing end of the canopy is a curved "U-shape" that extends directly from the loop 212, without either left and right ends being adjacent to a **lateral side** of the canopy that extends substantially perpendicularly to the suspension end. Indeed, there is no lateral side of the canopy at all in the below configuration of Kang.



By contrast, in the configuration where the canopy in Kang does have lateral sides, seen below, the canopy is not totally aerially suspended by wind for providing shade onto the surface. Instead a second pole and additional fabric 400 is used to attach to the canopy 200. Thus, Kang is silent as to the canopy as claimed.



*The cited combination of references does not disclose a first anchor engaged or coupled to the left end of the frame to define a corkscrew shape at the left end of the frame; and a second anchor engaged or coupled to the right end of the frame to define a corkscrew shape at the right end of the frame..*

Appellant respectfully submits that Kang, separately or in combination with Jager and/or Brooks, does not disclose anchors defining corkscrew shapes as claimed. The examiner acknowledges that modified Kang is silent on the use of corkscrew anchors. *See, e.g.,* page 9 of the office action. However, the examiner cites Brooks as allegedly curing this deficiency.

21

Appellant respectfully disagrees and reiterates the arguments presented hereinabove in independent claim 21.

Consequently, and for at least these reasons, independent claim 29 (and claims 30, 32, 33, and 43) is/are not rendered obvious by Kang separately or in combination with Jager and/or Brooks. Appellant respectfully requests that this rejection be withdrawn.

> *(iii)    Independent claim 36 as being obvious over Kang in view of Jager, Brooks, Fernández-González, and Rice.*

Independent claim 36 is the independent claim from which claims 38 and 39 depend. Independent claim 36 recites at least the following elements:

- the suspension end of the canopy including only a single fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame.

- a canopy defining a plurality of coupled sections each extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy.

*The cited combination of references does not disclose the suspension end of the canopy including only a single fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame.*

Appellant respectfully submits that Kang separately and/or in combination with Jager, Brooks, Fernández-González, and Rice, does not disclose a single fastener as claimed. The

examiner argues that the loop 212 in Kang is the single fastener that engages the canopy with the frame, as "only 212 is directly engaged between the canopy and frame 100 -elements 220 engage between the fastener 212 and the frame." *See, e.g.,* page 11 of the office action. However, the claim language does not require that the single fastener "directly" engage between the canopy and the frame, which the examiner attempts to argue. Thus, the fact that both the loop 212 **and** the straps 220 engage the canopy with the pole 100 in Kang means that the loop 212 in Kang cannot be considered the "single" fastener, as required by the claim.

Nothing in any of the secondary references cures this deficiency in modified Kang. Therefore, Appellant respectfully submits that the cited combination of references does not disclose the claimed loop.

*The cited combination of references does not disclose a canopy defining a plurality of coupled sections each extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy.*

Appellant respectfully submits that Kang, separately or in combination with Jager, Fernández-González and/or Rice, does not disclose a canopy as claimed. The examiner acknowledges that modified Kang is silent on the use of a canopy with sections. *See, e.g.,* page 12 of the office action. However, the examiner argues that Fernández-González cures this deficiency. Appellant respectfully disagrees.

Fernández-González discloses a flexible shadow-generating wind-energy device intended to provide solar protection. The examiner points to FIG. 5 of Fernández-González as allegedly showing a canopy defining a plurality of coupled sections each extending between a first end

23

forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy, where the top of FIG. 5 is the "first end forming a suspension end of the canopy" and the bottom of FIG. 5 is the "second end forming an opposing trailing end of the canopy".



FIGURE 5

However, Fernández-González does not disclose a suspension end within the meaning of the claim. Claim 36 requires that "the suspension end of the canopy including only ***a single fastener that engages the canopy with the frame*** and that secures the canopy in position relative to the frame" and "the trailing end is ***totally supported by wind*** in a first configuration for providing shade to the surface." Emphasis added. By contrast, Fernández-González does not include any sort of frame and requires multiple fasteners such that Fernández-González does not disclose "a suspension end of the canopy including only ***a single fastener that engages the canopy with the frame*** and that secures the canopy in position relative to the frame". Thus, since Fernández-González does not disclose a first end forming a suspension end of the canopy, then Fernández-González cannot disclose a canopy defining a plurality of coupled sections each

extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy, as claimed.

Regardless, even if, *arguendo*, Fernández-González discloses this claim element, there would be no motivation to modify Kang "by using a canopy with multiple sections" as the examiner argues at page 12 of the office action because Kang already discloses a two panel canopy in the second configuration. There, there is no trailing end because the second panel 400 is attached to the first panel 200 and tethered to a second pole 100' for purposes of creating a shade tunnel, such that the end of the canopy is not ***totally supported by wind***. Thus, not only would the examiner's proposed modification not result in the claimed configuration of a canopy defining a plurality of coupled sections each extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy, but there also would be no motivation to even modify the second configuration of Kang so that the panels 200, 400 in Kang extended between the poles 100, 100'. This is because doing so would make it such that when the canopy was converted between the first configuration (only panel 200) and the second configuration (panels 200, 400), then the first configuration would only provide half as much shade surface since the second panel 400 would be removed.

Consequently, and for at least these reasons, independent claim 36 (and claims 38 and 39) is/are not rendered obvious by Stein separately or in combination with Jager, Fernández-González, and/or Rice. Appellant respectfully requests that this rejection be withdrawn.

In re: Barnes *et al.*
Appl. No.: 18/348,882
Filing Date: July 7, 2023

E.      The rejection of the pending dependent claims under section 103 is in error

Appellant respectfully submits that the obviousness rejections of the dependent claims based on the cited references arise from clear error at least because the examiner has not met the burden for showing that the cited references can be used to reject the claims under 35 U.S.C. § 103.

Kang, Jager, Rice, Brooks, Fernández-González, and Stein each fails to teach or suggest each and every element of the pending independent claims. As a result, the dependent claims, which depend from the independent claims, recite subject matter that is not disclosed in or suggested by Kang, Jager, Rice, Brooks, Fernández-González, and Stein, separately or in combination, such that the rejection should be withdrawn.

WBD (US) 4886-1617-7570v1

In re: Barnes *et al.*
Appl. No.: 18/348,882
Filing Date: July 7, 2023

CONCLUSION

For at least the foregoing reasons, Appellant respectfully submits that the rejections of the

claims in this patent application are in error, and therefore respectfully requests reversal thereof.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT &
TRADEMARK OFFICE ON FEBRUARY 2, 2024.**

27

## V.　　CLAIMS APPENDIX

1. – 20.　　(Canceled)

21.　　(Previously Presented)　A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface; and

one or more adjacent sections coupled into alignment and engaged between the first section and the last section, the one or more adjacent sections additionally comprising at least one aligning component affixed to one or more of the adjacent sections and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage between the first section and the last section in the supporting configuration;

a canopy defining parallel sides extending between a first end and a second end, the first end of the canopy defining a suspension end capable of being engaged with the frame about the

28

one or more adjacent sections of the frame, wherein the second end of the canopy defines a trailing end spaced apart from the frame in the supporting configuration such that the first end of the canopy is supportable by the frame and the trailing end of the canopy is totally supported by wind in a first configuration for providing shade to the surface; and

a loop on the suspension end of the canopy and configured for accepting a portion of the frame therethrough for engaging the canopy with the frame to secure the canopy into position relative to the frame, the loop being the only fastener securing the canopy into position relative to the frame, and the loop extending at least partially through a length of the suspension end of the canopy.

22.    (Canceled)

23.    (Canceled)

24.    (Previously Presented)    The system of claim 21, wherein the at least one aligning component comprises a cable extending through and affixed to one or more of the adjacent sections of the frame.

25.    (Previously Presented)    The system of claim 21, wherein the corkscrew shaped first and second sections of the frame are directly engageable with the surface.

WBD (US) 4886-1617-7570v1

26.     (Previously Presented)     The system of claim 21, further comprising a container capable of housing and transporting the components of the system therein.

27.     (Canceled)

28.     (Previously Presented)     The system of claim 21, wherein the one or more adjacent sections each have one or both of a male end and a female end.

29.     (Previously Presented)     A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections including a first section defining a left end of the frame and a last section defining a right end of the frame, and comprising an aligning component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration;

a canopy defining a length extending between a suspension end and an opposing trailing end, the suspension end of the canopy defining a width extending between a left end and a right end, wherein each of the left and right ends of the suspension end is adjacent to a lateral side of the canopy that extends substantially perpendicularly to the suspension end;

at least one loop arranged at and extending at least a portion of the length of the suspension end from the left end to the right end and that secures the canopy in position relative

30

to the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and the trailing end is totally aerially suspended by wind in a first configuration for providing shade to the surface;

a first anchor engaged or coupled to the left end of the frame to define a corkscrew shape at the left end of the frame; and

a second anchor engaged or coupled to the right end of the frame to define a corkscrew shape at the right end of the frame.

30.     (Previously Presented)     The system of claim of claim 29, wherein the lateral sides of the canopy are parallel.

31.     (Canceled)

32.     (Previously Presented)     The system of claim 29, wherein the at least one aligning component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

33.     (Previously Presented)     The system of claim 29, wherein the first anchor and the second anchor are directly engageable with the surface.

34.     (Canceled)

31

35. (Previously Presented)    The system of claim 29, further comprising a container capable of housing and transporting the components of the system therein.

36. (Previously Presented)    A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising an aligning component extending through at least a portion of the sections, each of the plurality of sections having one or both of a male end and a female end making the plurality of sections thereby engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration;

a canopy defining a plurality of coupled sections each extending between a first end forming a suspension end of the canopy and a second end forming an opposing trailing end of the canopy, the suspension end of the canopy including only a single fastener that engages the canopy with the frame and that secures the canopy in position relative to the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and the trailing end is totally supported by wind in a first configuration for providing shade to the surface,

wherein the single fastener comprises a loop extending at least partially through a length of the suspension end of the canopy from the left end to the right end; and

a container capable of housing and transporting the components of the system therein.

37. (Canceled)

WBD (US) 4886-1617-7570v1

38.      (Previously Presented)      The system of claim 36, wherein the at least one aligning component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

39.      (Previously Presented)      The system of claim 36, wherein two of the sections of the frame are directly engageable with the surface.

40.      (Previously Presented)      The system of claim 39, wherein the two sections of the frame are the left and right ends of the frame and define a corkscrew shape.

41.      (Previously Presented)      The system of claim 40, wherein the corkscrew shape comprises a helical thread.

42.      (Previously Presented)      The system of claim 21, wherein the corkscrew shape comprises a helical thread.

43.      (Previously Presented)      The system of claim 29, wherein the corkscrew shape comprises a helical thread.

33

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/348,882** | **02/02/2024 03:52:25 PM Z ET** | **S105508 1010US.C10(0051.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 64190088 | FILING DATE | 07/07/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

# TOTAL DOCUMENTS: 1

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C10_0051_1_Appeal_Brief.pdf | 33 | Appeal Brief Filed | 424 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C10_0051_1_Appeal_Brief.pdf | BFF4F1A06360A6333CBEFCD663A4BBCE27EACD671DFB1A8 AFB30BCC8013C1570EA27F43EAF635AD01D326CBFC500FE1 0A3FB028BD55BE49DDB88064D24C62332 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

<table>
<tr><td rowspan="2">*Search Notes*<br><br>▌▌║▌║║▌║║▌▌║║▌║▌║▌</td><td><strong>Application/Control No.</strong><br><br>18/348,882</td><td><strong>Applicant(s)/Patent Under Reexamination</strong><br><br>Barnes et al.</td></tr>
<tr><td><strong>Examiner</strong><br><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br><br>3636</td></tr>
</table>

| **CPC - Searched*** | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/005, 15/60, 15/62 | 10/23/2023 | NCH |
| updated above | 01/24/2024 | NCH |

| **CPC Combination Sets - Searched*** | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| **US Classification - Searched*** | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| **Search Notes** | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered IDS filed 7/7/2023 | 10/19/2023 | NCH |
| Considered and updated search history for parent application 18072143 | 10/23/2023 | NCH |
| Performed inventor name search | 10/23/2023 | NCH |
| Considered IDS filed 11/21/23 | 11/29/2023 | NCH |

| **Interference Search** | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| E04H | 15/005, 15/60, 15/62 | 02/16/2024 | NCH |

| | |
|---|---|
| | |

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 318 of 342

| Index of Claims | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 18/348,882 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| ✔ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

## CLAIMS

| ☑ Claims renumbered in the same order as presented by applicant | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|---|

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/23/2023 | 11/29/2023 | 01/24/2024 | 02/16/2024 | | | | | |
| | 1 | - | - | - | - | | | | | |
| | 2 | - | - | - | - | | | | | |
| | 3 | - | - | - | - | | | | | |
| | 4 | - | - | - | - | | | | | |
| | 5 | - | - | - | - | | | | | |
| | 6 | - | - | - | - | | | | | |
| | 7 | - | - | - | - | | | | | |
| | 8 | - | - | - | - | | | | | |
| | 9 | - | - | - | - | | | | | |
| | 10 | - | - | - | - | | | | | |
| | 11 | - | - | - | - | | | | | |
| | 12 | - | - | - | - | | | | | |
| | 13 | - | - | - | - | | | | | |
| | 14 | - | - | - | - | | | | | |
| | 15 | - | - | - | - | | | | | |
| | 16 | - | - | - | - | | | | | |
| | 17 | - | - | - | - | | | | | |
| | 18 | - | - | - | - | | | | | |
| | 19 | - | - | - | - | | | | | |
| | 20 | - | - | - | - | | | | | |
| 1 | 21 | ✔ | ✔ | ✔ | = | | | | | |
| | 22 | ✔ | - | - | - | | | | | |
| | 23 | ✔ | - | - | - | | | | | |
| 2 | 24 | ✔ | ✔ | ✔ | = | | | | | |
| 3 | 25 | ✔ | ✔ | ✔ | = | | | | | |
| 4 | 26 | ✔ | ✔ | ✔ | = | | | | | |
| | 27 | ✔ | - | - | - | | | | | |
| 5 | 28 | ✔ | ✔ | ✔ | = | | | | | |
| | 29 | ✔ | ✔ | ✔ | - | | | | | |
| | 30 | ✔ | ✔ | ✔ | - | | | | | |
| | 31 | ✔ | - | - | - | | | | | |
| | 32 | ✔ | ✔ | ✔ | - | | | | | |
| | 33 | ✔ | ✔ | ✔ | - | | | | | |
| | 34 | ✔ | - | - | - | | | | | |
| | 35 | ✔ | ✔ | ✔ | - | | | | | |
| 6 | 36 | ✔ | ✔ | ✔ | = | | | | | |
| 7 | 37 | ✔ | - | - | - | | | | | |
| 8 | 38 | ✔ | ✔ | ✔ | = | | | | | |
| 9 | 39 | ✔ | ✔ | ✔ | = | | | | | |
| | 40 | ✔ | ✔ | ✔ | = | | | | | |
| | 41 | | ✔ | ✔ | - | | | | | |
| | 42 | | ✔ | ✔ | - | | | | | |

<table>
<tr><td rowspan="2"><em>Index of Claims</em><br><br>‖‖‖‖‖‖‖‖‖‖‖‖</td><td><strong>Application/Control No.</strong><br><br>18/348,882</td><td><strong>Applicant(s)/Patent Under Reexamination</strong><br><br>Barnes et al.</td></tr>
<tr><td><strong>Examiner</strong><br><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br><br>3636</td></tr>
</table>

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/23/2023 | 11/29/2023 | 01/24/2024 | 02/16/2024 | | | | | |
| | 43 | | ✓ | ✓ | - | | | | | |

| Issue Classification | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 18/348,882 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

**CPC**

| Symbol | | | | | Type | Version |
|---|---|---|---|---|---|---|
| E04H | / | 15 | / | 003 | F | 2013-01-01 |
| E04H | / | 15 | / | 44 | I | 2013-01-01 |
| E04H | / | 15 | / | 36 | I | 2013-01-01 |
| E04H | / | 15 | / | 30 | I | 2013-01-01 |
| E04H | / | 15 | / | 32 | I | 2013-01-01 |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | / | | / | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 9 | |
| /Noah Chandler Hawk/ Primary Examiner, Art Unit 3636 | 16 February 2024 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 6 | 1 |

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 321 of 342
Page 1 of 3

| Issue Classification | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 18/348,882 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| INTERNATIONAL CLASSIFICATION |
|---|
| **CLAIMED** |

| E04H | | / | 15 | | / | 00 |
|---|---|---|---|---|---|---|

| NON-CLAIMED |
|---|

| | / | | | / | |
|---|---|---|---|---|---|

| US ORIGINAL CLASSIFICATION | |
|---|---|
| **CLASS** | **SUBCLASS** |
| | |

| CROSS REFERENCES(S) | | | | | | |
|---|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | | | | | |
| | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 9 | |
| /Noah Chandler Hawk/ Primary Examiner, Art Unit 3636 | 16 February 2024 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 6 | 1 |

U.S. Patent and Trademark Office

Part of Paper No.: 20240216

<table>
<tr><td rowspan="3"><em><strong>Issue Classification</strong></em><br><br>||||| barcode |||||</td><td><strong>Application/Control No.</strong></td><td><strong>Applicant(s)/Patent Under Reexamination</strong></td></tr>
<tr><td>18/348,882</td><td>Barnes et al.</td></tr>
<tr><td><strong>Examiner</strong><br><br>NOAH C HAWK</td><td><strong>Art Unit</strong><br><br>3636</td></tr>
</table>

| ☐ Claims renumbered in the same order as presented by applicant | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|

**CLAIMS**

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 21 | | | | | | | | | | | | | | | | |
| 2 | 24 | | | | | | | | | | | | | | | | |
| 3 | 25 | | | | | | | | | | | | | | | | |
| 4 | 26 | | | | | | | | | | | | | | | | |
| 5 | 28 | | | | | | | | | | | | | | | | |
| 6 | 36 | | | | | | | | | | | | | | | | |
| 7 | 38 | | | | | | | | | | | | | | | | |
| 8 | 39 | | | | | | | | | | | | | | | | |
| 9 | 40 | | | | | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 9 | |
| /Noah Chandler Hawk/<br>Primary Examiner, Art Unit 3636 | 16 February 2024 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 6 | 1 |

U.S. Patent and Trademark Office  
Part of Paper No.: 20240216



UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

26158    7590    02/27/2024
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
| --- |
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 3636 | |

DATE MAILED: 02/27/2024

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 18/348,882 | 07/07/2023 | Dane Brooks Barnes | S105508 1010US.C10(0051.1 | 5037 |

TITLE OF INVENTION: SHADING SYSTEM AND METHOD OF USE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | UNDISCOUNTED | $1200 | $0.00 | $0.00 | $1200 | 05/28/2024 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 40% the amount of undiscounted fees, and micro entity fees are 20% the amount of undiscounted fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980.**
**It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 324 of 342

PTOL-85 (Rev. 11/23)

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via the USPTO patent electronic filing system.

By mail, send to:   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

By fax, send to:   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications. **Because electronic patent issuance may occur shortly after issue fee payment, any desired continuing application should preferably be filed prior to payment of this issue fee in order not to jeopardize copendency.**

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

26158        7590        02/27/2024
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via the USPTO patent electronic filing system or by facsimile to (571) 273-2885, on the date below.

|  |  |
| --- | --- |
|  | (Typed or printed name) |
|  | (Signature) |
|  | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 18/348,882 | 07/07/2023 | Dane Brooks Barnes | S105508 | 5037 |

TITLE OF INVENTION: SHADING SYSTEM AND METHOD OF USE

1010US.C10(0051.1

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | UNDISCOUNTED | $1200 | $0.00 | $0.00 | $1200 | 05/28/2024 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
| --- | --- | --- |
| HAWK, NOAH CHANDLER | 3636 | 135-128000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

❑ Change of correspondence address (or Change of Correspondence Address form PTO/AIA/122 or PTO/SB/122) attached.

❑ "Fee Address" indication (or "Fee Address" Indication form PTO/AIA/47 or PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ❑ Individual ❑ Corporation or other private group entity ❑ Government

4a. Fees submitted:    ❑ Issue Fee    ❑ Publication Fee (if required)

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

❑ Electronic Payment via the USPTO patent electronic filing system        ❑ Enclosed check        ❑ Non-electronic payment by credit card (Attach form PTO-2038)

❑ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

5. **Change in Entity Status**  (from status indicated above)

❑ Applicant certifying micro entity status. See 37 CFR 1.29

❑ Applicant asserting small entity status. See 37 CFR 1.27

❑ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____        Date _____

Typed or printed name _____        Registration No. _____

Case 5:24-cv-00588-FL        Document 28-13        Filed 03/23/26        Page 325 of 342



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/348,882 | 07/07/2023 | Dane Brooks Barnes | S105508<br>1010US.C10(0051.1 | 5037 |

| | | | EXAMINER |
|---|---|---|---|
| 26158 | 7590 | 02/27/2024 | HAWK, NOAH CHANDLER |

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

DATE MAILED: 02/27/2024

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 11/23)

# OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/ owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to:

1) law enforcement, in the event that the system of records indicates a violation or potential violation of law;

2) a federal, state, local, or international agency, in response to its request;

3) a contractor of the USPTO having need for the information in order to perform a contract;

4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record;

5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record;

6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations;

7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals;

8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c));

9) the Office of Personnel Management (OPM) for personnel research purposes; and

10) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to 2/2/2024.

☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are See Continuation Sheet . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

a) ☐ All     b) ☐ Some*     c) ☐ None of the:

1. ☐ Certified copies of the priority documents have been received.
2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

* Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.

☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

**Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____ .
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____ .
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date. _____ .

5. ☑ Examiner's Amendment/Comment
6. ☑ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

Case 5:24-cv-00588-FL     Document 28-13     Filed 03/23/26     Page 328 of 342

Continuation of 3. The allowed claim(s) is/are: 21,24-26,28,36 and 38-40

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.

## EXAMINER'S AMENDMENT

2.      An examiner's amendment to the record appears below. Should the changes

and/or additions be unacceptable to applicant, an amendment may be filed as provided

by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be

submitted no later than the payment of the issue fee.

        Authorization for this examiner's amendment was given in an interview with

attorney Lauren Anderson on 2/16/2024.

        The application has been amended as follows:

        Claims 29, 30, 32, 33, 35, and 41-43 are cancelled.

        In Claim 36, line 8, the word "each" is deleted.

### *Drawings*

3.      The drawings were received on 7/7/23, 11/21/23, and 1/2/24.  These drawings

are accepted in light of the amendment to Claim 36.

**Reasons for Allowance**

4.      The following is an examiner's statement of reasons for allowance: the prior art made of record has failed to suggest, either singly or in combination, a novel system for providing shade having a frame defined by a plurality of sections with an aligning component extending through at least a portion of the sections, each section having one or both of a male and female end for engaging with an adjacent section in a supporting configuration and disengaging in a transport configuration, a canopy with a plurality of coupled sections and extending between a suspension end and a trailing end, the suspension end having only a single fastener engaging the frame to the canopy and securing the canopy with respect to the frame so that the suspension end is supported by the frame, the single fastener being a loop extending at least partially through the length of the suspension end from a left to a right end, the trailing end being supported only and totally by the wind when providing shade to the surface, and a container capable of housing and transporting the components of the system.

5.      The prior art made of record generally teaches multiple fasteners such as a loop and a strap (see Kang), multiple loops (see Beatty), multiple straps (Knipschild), or a loop and guylines (see Sotirkys); alternately a single loop is used, but does not fix a canopy to a frame (see Jager). There does not appear to be a teaching of a single fastener securing a canopy to a frame in the manner claimed by the applicant.

        Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

## *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636



UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/348,882** | **02/28/2024 04:48:17 PM Z ET** | **S105508 1010US.C10(0051.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
|---|---|---|---|
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 64485152 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 07/07/2023 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| DA / 090528 | E20242RG49009907 | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1501 | UTILITY ISSUE FEE | 1200.00 | 1 | 1200.00 |
| | | | **TOTAL AMOUNT:** | **$1,200.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via the USPTO patent electronic filing system.

By mail, send to: Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

By fax, send to: (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications. **Because electronic patent issuance may occur shortly after issue fee payment, any desired continuing application should preferably be filed prior to payment of this issue fee in order not to jeopardize copendency.**

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

26158   7590   02/27/2024
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via the USPTO patent electronic filing system or by facsimile to (571) 273-2885, on the date below.

| | |
|---|---|
| Shari Elofson | (Typed or printed name) |
| /Shari Elofson/ | (Signature) |
| Filed February 28, 2024 | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/348,882 | 07/07/2023 | Dane Brooks Barnes | S105508 1010US.C10(0051.1 | 5037 |

TITLE OF INVENTION: SHADING SYSTEM AND METHOD OF USE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1200 | $0.00 | $0.00 | $1200 | 05/28/2024 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| HAWK, NOAH CHANDLER | 3636 | 135-128000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/AIA/122 or PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/AIA/47 or PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Womble Bond Dickinson (US) LLP
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE
SHIBUMI SHADE, INC.

(B) RESIDENCE: (CITY and STATE OR COUNTRY)
RALEIGH, NORTH CAROLINA

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☒ Corporation or other private group entity ☐ Government

4a. Fees submitted: ☒ Issue Fee   ☐ Publication Fee (if required)

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

☒ Electronic Payment via the USPTO patent electronic filing system   ☐ Enclosed check   ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. 09-0528

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____ /Lauren F. Anderson/ _____   Date _____ February 28, 2024

Typed or printed name _____ Lauren F. Anderson _____   Registration No. _____ 69,344

Case 5:24-cv-00588-FL   Document 28-13   Filed 03/23/26   Page 336 of 342

**uspto** UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/348,882** | **02/28/2024 04:48:17 PM Z ET** | **S105508 1010US.C10(0051.1** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 5037 | FILED BY | Shari Elofson |
| PATENT CENTER # | 64485152 | FILING DATE | 07/07/2023 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 1

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C10_0051_1_Issue_Fee.pdf | 1 | Issue Fee Payment (PTO-85B) | 185 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C10_0051_1_Issue_Fee.pdf | 498708D1261E2EDAC77F75D13E66D642F4C387E7CD4B1EAF A6A566D237FDAE9875CAE8BB83B676CC203FD4091F2C15C9 FAC6C237B2659B292749C7321B349058 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/348,882 | 04/02/2024 | 11946273 | S105508 1010US.C10(0051.1 | 5037 |

26158      7590      03/13/2024

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above. The patent will issue electronically. The electronically issued patent is the official patent grant pursuant to 35 U.S.C. § 153. The patent may be accessed on or after the issue date through Patent Center at https://patentcenter.uspto.gov/. The patent will be available in both the public and the private sides of Patent Center. Further assistance in electronically accessing the patent, or about Patent Center, is available by calling the Patent Electronic Business Center at 1-888-217-9197.

The USPTO is implementing electronic patent issuance with a transition period, during which period the USPTO will mail a ceremonial paper copy of the electronic patent grant to the correspondence address of record. Additional copies of the patent (i.e., certified and presentation copies) may be ordered for a fee from the USPTO's Certified Copy Center at https://certifiedcopycenter.uspto.gov/index.html. The Certified Copy Center may be reached at (800)972-6382.

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 0 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Center (https://patentcenter.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Patents Stakeholder Experience (OPSE), Stakeholder Support Division (SSD) at (571)-272-4200.

IR103 (Rev. 10/09)

INVENTOR(s)  (Please see PATENT CENTER site https://patentcenter.uspto.gov for additional inventors):

Dane Brooks Barnes, Raleigh, NC;
Alexander Griffith Slater, Raleigh, NC;
Scott Christian Barnes, Raleigh, NC;

APPLICANT(s)  (Please see PATENT CENTER site https://patentcenter.uspto.gov for additional applicants):

Shibumi Shade, Inc., Raleigh, NC;


The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

# United States Patent and Trademark Office



UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/348,882 | 07/07/2023 | Dane Brooks Barnes | S105508 1010US.C10(0051.1 | 5037 |

| 26158 | 7590 | 04/02/2024 |
|---|---|---|
| WOMBLE BOND DICKINSON (US) LLP | | |
| ATTN: IP DOCKETING | | |
| P.O. Box 570489 | | |
| ATLANTA, GA 30357-0037 | | |

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/02/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

| APPLICATION NO. | ISSUE DATE | PATENT NO. |
|---|---|---|
| 18/348,882 | 02-Apr-2024 | 11946273 |

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
ATLANTA, GA 30357-0037

# EGRANT NOTIFICATION

Your electronic patent grant (eGrant) is now available, which can be accessed via Patent Center at https://patentcenter.uspto.gov

The electronic patent grant is the official patent grant under 35 U.S.C. 153. For more information, please visit https://www.uspto.gov/electronicgrants

Case 5:24-cv-00588-FL    Document 28-13    Filed 03/23/26    Page 342 of 342