# EXHIBIT 14

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| **PATENT APPLICATION FEE DETERMINATION RECORD** Substitute for Form PTO-875 | Application or Docket Number 18/622,175 | Filing Date 03/29/2024 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | | RATE ($) | FEE ($) |
|---|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT | 03/29/2024 | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | Program Support Specialist |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /JOSEPH SCOTT/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

EPAS ID: PAT4547643

| | |
|---|---|
| **SUBMISSION TYPE:** | NEW ASSIGNMENT |
| **NATURE OF CONVEYANCE:** | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| DANE BROOKS BARNES | 08/08/2017 |
| ALEXANDER GRIFFITH SLATER | 08/08/2017 |
| SCOTT CHRISTIAN BARNES | 08/08/2017 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| **Name:** | SHIBUMI SHADE, LLC |
| **Street Address:** | 614 HOLDEN ST |
| **City:** | RALEIGH |
| **State/Country:** | NORTH CAROLINA |
| **Postal Code:** | 27604-1949 |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number |
|---|---|
| **Application Number:** | 15675715 |

**CORRESPONDENCE DATA**

**Fax Number:**

***Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.***

| | |
|---|---|
| **Phone:** | 919-348-2194 |
| **Email:** | lgravatt@nkpatentlaw.com |
| **Correspondent Name:** | NK PATENT LAW |
| **Address Line 1:** | 4917 WATERS EDGE DRIVE |
| **Address Line 2:** | SUITE 275 |
| **Address Line 4:** | RALEIGH, NORTH CAROLINA 27606 |

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | 785/2 UTIL |
| **NAME OF SUBMITTER:** | WILLIAM LYLE GRAVATT |
| **SIGNATURE:** | /William Lyle Gravatt/ |
| **DATE SIGNED:** | 08/12/2017 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

**Total Attachments: 3**

source=785-2UTIL-20170812-Dec-Asssign-signed#page1.tif

source=785-2UTIL-20170812-Dec-Asssign-signed#page2.tif

# DECLARATION AND ASSIGNMENT OF RIGHTS

As a below named inventor (hereinafter designated as the undersigned or the Assignor, where appropriate), I hereby declare that:

The application is as identified by the attorney docket number, title, Filing Date, or Application Title as set forth in the following Table I.

The application in Table I was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the applications in Table I.

The undersigned hereby acknowledges that any willful false statement made in this declaration is punishable under 18 U.S.C. § 1001 by fine or imprisonment of not more than five (5) years, or both.

WHEREAS, the undersigned, **Dane Brooks Barnes, Alexander Griffith Slater and Scott Christian Barnes**, (hereinafter "Assignor") has invented certain new and useful improvements described in the application(s) identified in Table I.

AND, WHEREAS, **SHIBUMI SHADE, LLC**, having a place of business at 614 Holden Street, Raleigh, NC 27604-1949 (hereinafter "Assignee"), has already acquired an interest in the application(s) identified in Table I by and through an employment or other agreement between Assignor and Assignee. I further authorize an agent of the Assignee to insert the filing date, application number, and any other identifying particulars as required for perfecting these assignment papers.

However, in the avoidance of doubt and as confirmation of the already acquired interest by Assignee, NOW, THEREFORE, To Whom It May Concern, be it known that for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor has assigned and by these presents does hereby sell, assign, transfer, and convey unto the Assignee, its successors and assigns, his entire right, title, and interest in and to the invention and application, including the right to sue for past infringements and any other prior occurring rights, provided any such rights exist, and in and to any and all domestic and foreign patent applications filed on the invention, and in and to any and all continuations, continuations-in-part, or divisions thereof, and in and to any and all Letters Patent of the United States of America, and all foreign countries or reissues thereof which may be granted therefor or thereon, for the full end of the term for which said Letters Patent may be granted, together with his right to claim the priority of said application in all foreign countries in accordance with the International

Convention, the same to be held and enjoyed by said Assignee, its successors and assigns, as fully and entirely as the same would have been held and enjoyed by Assignor if this assignment and sale had not been made. Assignor further assigns to Assignee the right to claim entitlement and/or priority to any applications that entitlement or priority may be claimed for this or any later filed application, including the assignment of any provisionals or other priority documents to which the inventions claim priority to. The assignment of the right to claim entitlement and/or priority is executed *nunc pro tunc* and is considered effective as of the filing date of the earliest application to which priority and/or entitlement is claimed.

Assignor hereby requests that said Letters Patent be issued in accordance with this assignment.

Assignor further covenants and agrees that, at the time of the execution and delivery of these presents, Assignor possesses full title to the invention and application above-mentioned, and that he has the unencumbered right and authority to make this assignment.

Assignor further covenants and agrees, and likewise binds his heirs, legal representatives and assigns, to promptly communicate to said Assignee or its representatives any facts known to him relating to said invention, to testify in any interference or legal proceedings involving said invention, to execute any additional papers which may be requested to confirm the right of the Assignee, its representatives, successors and assigns to secure patent or similar protection for the said invention in all countries and to vest in the Assignee complete title to the said invention and Letters Patent, without further compensation, but at the expense of said Assignee, its successors, assigns and other legal representatives.

<<<<<<<< TABLE I and Signature Page follows >>>>

**TABLE I**

| **Application No.** | **Attorney Docket No.** | **Filing Date** | **Title** |
|---|---|---|---|
| 15/675,715 | 785/2 UTIL | 2017-08-12 | SHADING SYSTEM AND METHOD OF USE |

Executed this 8 day of August, 2017.

Dane Barnes

**Dane Brooks Barnes**

Alex Slater

**Alexander Griffith Slater**

Scott Barnes

**Scott Christian Barnes**

**(Assignors)**

Executed this 8 day of August, 2017.

**SHIBUMI SHADE, LLC**

______________________________

Name: Dane Barnes

Title: Officer, Shibumi Shade, LLC

**(Assignee)**



Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 7 of 328

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-1,129,194 | 02-23-1915 | Hanley | |
| | 2 | US-1,571,295 | 02-02-1926 | Newman | |
| | 3 | US-2,055,044 | 09-22-1936 | Nelson | |
| | 4 | US-2,186,510 | 01-09-1940 | Walter *et al.* | |
| | 5 | US-2,190,566 | 02-13-1940 | Julian | |
| | 6 | US-2,193,469 | 03-12-1940 | Ashton | |
| | 7 | US-2,554,688 | 05-29-1951 | Vollweiler | |
| | 8 | US-2,963,031 | 12-06-1960 | Carroll | |
| | 9 | US-3,042,053 | 07-03-1962 | Gabriel | |
| | 10 | US-3,051,185 | 08-28-1962 | Reynolds | |
| | 11 | US-3,052,249 | 09-04-1962 | Seaman *et al.* | |
| | 12 | US-3,070,107 | 12-25-1962 | Beatty | |
| | 13 | US-3,075,536 | 01-29-1963 | Parker | |
| | 14 | US-3,165,110 | 01-12-1965 | Brooks | |
| | 15 | US-3,190,300 | 06-22-1965 | Wear'n | |
| | 16 | US-3,261,134 | 07-19-1966 | Crist | |
| | 17 | US-3,286,962 | 11-22-1966 | Warth | |
| | 18 | US-3,388,711 | 06-18-1968 | Huddle | |
| | 19 | US-3,394,720 | 07-30-1968 | Moss | |
| | 20 | US-3,970,096 | 07-20-1976 | Nicolai | |
| | 21 | US-4,098,281 | 07-04-1978 | Bonfilio | |
| | 22 | US-4,312,371 | 01-26-1982 | Koon | |
| | 23 | US-4,404,980 | 09-20-1983 | Wade | |
| | 24 | US-4,534,089 | 08-13-1985 | Swan | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 2 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 25 | US-4,590,956 | 05-27-1986 | Griesenbeck | |
| | 26 | US-4,646,770 | 03-03-1987 | Lobato | |
| | 27 | US-4,739,784 | 04-26-1988 | Fast | |
| | 28 | US-4,750,508 | 06-14-1988 | Tatoian | |
| | 29 | US-4,829,694 | 05-16-1989 | Oasheim | |
| | 30 | US-4,832,304 | 05-23-1989 | Morgulis | |
| | 31 | US-4,915,120 | 04-10-1990 | Ziolkowski | |
| | 32 | US-4,924,893 | 05-15-1990 | Furey | |
| | 33 | US-4,930,534 | 06-05-1990 | Hill | |
| | 34 | US-4,941,422 | 07-17-1990 | Muller | |
| | 35 | US-5,046,699 | 09-10-1991 | Perreault *et al.* | |
| | 36 | US-5,080,123 | 01-14-1992 | Stein | |
| | 37 | US-5,215,109 | 06-01-1993 | Kent, Jr. | |
| | 38 | US-5,291,640 | 03-08-1994 | Rise | |
| | 39 | US-5,299,590 | 08-05-1994 | Deibert *et al.* | |
| | 40 | US-5,358,209 | 10-25-1994 | Ward | |
| | 41 | US-5,546,971 | 08-20-1996 | Leonhardt | |
| | 42 | US-5,595,203 | 01-21-1997 | Espinosa | |
| | 43 | US-5,678,704 | 10-21-1997 | Deeds | |
| | 44 | US-5,690,134 | 11-25-1997 | McCauley | |
| | 45 | US-5,771,912 | 06-30-1998 | Swetish | |
| | 46 | US-5,823,217 | 10-20-1998 | Rice | |
| | 47 | US-5,927,311 | 07-27-1999 | Jager | |
| | 48 | US-5,950,649 | 09-14-1999 | Gerig | |
| | 49 | US-6,026,613 | 02-22-2000 | Quiring et al. | |
| | 50 | US-6,062,243 | 05-16-2000 | Touch et al. | |
| | 51 | US-6,209,149 | 04-03-2001 | Song *et al.* | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 3 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 52 | US-6,272,695 | 08-14-2001 | Brandner | |
| | 53 | US-6,276,382 | 08-21-2001 | Bindschatel et al. | |
| | 54 | US-6,286,531 | 09-11-2001 | Joo-Tai | |
| | 55 | US-6,321,861 | 11-27-2001 | Leichter | |
| | 56 | US-6,402,220 | 06-11-2002 | Allen | |
| | 57 | US-6,434,891 | 08-20-2002 | Cameron | |
| | 58 | US-6,964,277 | 11-15-2005 | Naber | |
| | 59 | US-7,021,866 | 04-04-2006 | Keefe | |
| | 60 | US-7,191,996 | 03-20-2007 | Patsalaridis | |
| | 61 | US-7,316,239 | 01-08-2008 | Yang | |
| | 62 | US-7,406,977 | 08-05-2008 | Shires | |
| | 63 | US-7,654,277 | 02-02-2010 | Brewer et al. | |
| | 64 | US-7,708,339 | 05-04-2010 | Zapater | |
| | 65 | US-7,721,361 | 05-25-2010 | Shubert | |
| | 66 | US-7,789,097 | 09-07-2010 | Sotirkys *et al.* | |
| | 67 | US-8,424,549 | 04-23-2013 | Goldsmith *et al.* | |
| | 68 | US-8,453,664 | 06-04-2013 | Parsons *et al.* | |
| | 69 | US-8,720,461 | 05-13-2014 | Nichols | |
| | 70 | US-8,899,251 | 12-02-2014 | Leung *et al.* | |
| | 71 | US-8,991,411 | 03-31-2015 | Neuman | |
| | 72 | US-9,051,755 | 06-09-2015 | Heining *et al.* | |
| | 73 | US-9,051,756 | 06-09-2015 | Jenkins | |
| | 74 | US-9,103,137 | 08-11-2015 | Williams | |
| | 75 | US-9,113,724 | 08-25-2015 | Heining *et al.* | |
| | 76 | US-9,187,924 | 11-17-2015 | Jackson *et al.* | |
| | 77 | US-9,371,641 | 06-21-2016 | Christensen *et al.* | |
| | 78 | US-9,394,719 | 07-19-2016 | Choi | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 4 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 79 | US-9,394,721 | 07-19-2016 | Hotes *et al.* | |
| | 80 | US-9,435,133 | 09-06-2016 | Bourland | |
| | 81 | US-9,447,599 | 09-20-2016 | Parent | |
| | 82 | US-9,506,268 | 11-29-2016 | Bright *et al.* | |
| | 83 | US-9,903,134 | 02-27-2018 | Munnerlyn | |
| | 84 | US-10,066,417 | 09-04-2018 | Linyard *et al.* | |
| | 85 | US-10,190,330 | 01-29-2019 | Barnes et al. | |
| | 86 | US-10,252,778 | 04-09-2019 | Greer | |
| | 87 | US-10,602,817 | 03-31-2020 | Price | |
| | 88 | US-11,156,012 | 10-26-2021 | Graham | |
| | 89 | US-11,219,286 | 01-11-2022 | Cox | |
| | 90 | US-11,634,924 | 04-25-2023 | Barnes *et al.* | |
| | 91 | US-11,686,120 | 06-27-2023 | Yates | |
| | 92 | US-D256,829 | 09-09-1980 | Qui *et al.* | |
| | 93 | US-D263,984 | 04-20-1982 | Moss | |
| | 94 | US-D321,924 | 11-26-1991 | Bonner | |
| | 95 | US-D363,755 | 10-31-1995 | Diederich | |
| | 96 | US-D390,730 | 02-17-1998 | Gerhart et al. | |
| | 97 | US-D397,401 | 08-25-1998 | Diederich | |
| | 98 | US-D398,363 | 09-15-1998 | LoBue | |
| | 99 | US-D400,949 | 11-10-1998 | Gale | |
| | 100 | US-D421,532 | 03-14-2000 | Koroncai | |
| | 101 | US-D438,929 | 03-13-2001 | Middleton *et al.* | |
| | 102 | US-D544,062 | 06-05-2007 | Baker | |
| | 103 | US-D555,748 | 11-20-2007 | Gyr *et al.* | |
| | 104 | US-D577,092 | 09-16-2008 | West | |
| | 105 | US-D593,315 | 06-02-2009 | Zemel | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 5 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

| **U. S. PATENT DOCUMENTS** | | | | | |
|---|---|---|---|---|---|
| | 106 | US-D601,653 | 10-062009 | Kirkham, Jr. | |
| | 107 | US-D624,623 | 09-28-2010 | Viglione | |
| | 108 | US-D630,834 | 01-18-2011 | Cohen | |
| | 109 | US-D638,954 | 05-31-2011 | Nichols | |
| | 110 | US-D739,555 | 09-22-2015 | McAlister | |
| | 111 | US-D741,437 | 10-20-2015 | Zimmer *et al.* | |
| | 112 | US-D761,372 | 07-12-2016 | Cihal | |
| | 113 | US-D788,319 | 05-30-2017 | LeMoine et al. | |
| | 114 | US-D823,419 | 07-17-2018 | Ceccaldi | |
| | 115 | US-D829,839 | 10-02-2018 | Crimi | |
| | 116 | US-D843,200 | 03-19-2019 | Tjerrild | |
| | 117 | US-D859,808 | 09-17-2019 | Goldszer | |
| | 118 | US-D877,486 | 03-10-2020 | Chen | |
| | 119 | US-D884,816 | 05-19-2020 | Goldberg | |
| | 120 | US-D928,899 | 08-24-2021 | Zhu | |
| | 121 | US-D947,411 | 03-29-2022 | Climent Bonet *et al.* | |
| | 122 | US-D947,975 | 04-05-2022 | Lah | |
| | 123 | US-D948,653 | 04-12-2022 | Lah | |
| | 124 | US-D948,653 | 04-12-2022 | Lah | |
| | 125 | US-D960,277 | 08-09-2022 | Lah | |
| | 126 | US-D989,350 | 06-13-2023 | Barnes *et al* | |
| | 127 | US-D990,605 | 06-27-2023 | Barnes *et al* | |
| | 128 | US-D993,454 | 07-25-2023 | McKenna *et al* | |
| | 129 | US-D993,455 | 07-25-2023 | McKenna *et al* | |
| | 130 | US-2003/0066550 | 04-10-2003 | Al-Ghamdi | |
| | 131 | US-2003/0089390 | 05-15-2003 | Seo | |
| | 132 | US-2007/0079857 | 04-12-2007 | Tseng | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 6 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 133 | US-2007/0295380 | 12-27-2007 | Glaeser | |
| | 134 | US-2010/0212709 | 08-26-2010 | Sotirkys *et al.* | |
| | 135 | US-2012/0291830 | 11-22-2012 | Crimi | |
| | 136 | US-2013/0074894 | 03-28-2013 | Cook | |
| | 137 | US-2014/0041703 | 02-13-2014 | Funston | |
| | 138 | US-2014/0209132 | 07-31-2014 | Landry | |
| | 139 | US-2015/0040957 | 02-12-2015 | Mallookis *et al.* | |
| | 140 | US-2015/0108295 | 04-23-2015 | Brooks | |
| | 141 | US-2015/0252585 | 09-10-2015 | Mallookis *et al.* | |
| | 142 | US-2015/0354244 | 12-10-2015 | Fernandez Gonzalez | |
| | 143 | US-2016/0017631 | 01-21-2016 | Gilmore | |
| | 144 | US-2016/0053508 | 02-25-2016 | Gutwenger *et al.* | |
| | 145 | US-2018/0106064 | 04-19-2018 | Barnes *et al.* | |
| | 146 | US-2018/0245367 | 08-30-2018 | Grieshop | |
| | 147 | US-2022/0024290 | 01-27-2022 | Howard | |
| | 148 | US-2023/0096848 | 03-30-2023 | Wang | |
| | 149 | US-2023/0126867 | 04-27-2023 | Barnes *et al.* | |
| | 150 | US-2023/0151636 | 05-18-2023 | Li *et al.* | |

| FOREIGN PATENT DOCUMENTS | | | | | | |
|---|---|---|---|---|---|---|
| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
| | 151 | AU 200511300 | 09-01-2005 | Gyr | | |
| | 152 | AU 2020100586 | 05-28-2020 | Fraser | | |
| | 153 | BR 302019005581 | 12-10-2019 | Vinicius Rolim Tamassia | | |
| | 154 | CA 2524310 | 04-25-2006 | Aqua-Leisure Industries, Inc | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 7 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

| FOREIGN PATENT DOCUMENTS | | | | | | |
|---|---|---|---|---|---|---|
| | 155 | CH 130505 | 05-14-2004 | Fischer | | |
| | 156 | CH 132260 | 12-15-2005 | Fischer | | |
| | 157 | DE 10 2009 020 795 | 11-04-2010 | Schmidt | | |
| | 158 | FR 2 884 844 | 04-26-2005 | Cahours De Virgile | | |
| | 159 | KR 10-1315166 | 10-07-2013 | Kang | | Machine Translation |
| | 160 | WO 82/03317 | 10-14-1982 | Montgomery | | |
| | 161 | WO 02/04768 | 01-17-2002 | Selby | | |
| | 162 | WO 2011/012969 A2 | 02-03-2011 | De Pasquale | | |
| | 163 | WO 2020/089599 | 05-07-2020 | Osborne | | |
| | 164 | WO 2022/174316 | 08-25-2022 | Ribeiro Lucchese Gualdi | | Machine Translation |

| OTHER DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
| | 165 | YouTube video by Robert Marazzita: The Best Beach Cabana – Set Up and Tear Down, July 9, 2015, [site visited August 8, 2017], Available on the Internet URL: <https:www.youtube.com/watch?v=LfccH7yV6SE>. | |
| | 166 | YouTube video by Robb's Homemade Life: Make $15 Beach Shade tent Easy Quick DIY, October 6, 2015 [site visited August 8, 2017] Available on the internet URL: <www.youtube.com/watch?v+X20b4pLJx1c> | |
| | 167 | YouTube video by Beachspirit: Kitent (R) - the Floating beach tent for sun shade, October 8, 2016 [site visited August 8, 2017] Available on the internet URL: <https://m.youtube.com/watch?v=OUaDZeqdTkQ> | |
| | 168 | YouTube video by ZiggyShade Beach Sunshade: ZiggyShade – Beach Sunshade – Set up instructions, November 24, 2016 [site visited August 8, 2017] Available on the internet URL: <https://youtu.be/1krQ0rlumws> | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 8 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 169 | YouTube video by bibitedog: How to set up a butterfly arch, May 26, 2012 [site visited December 18, 2018] Available on the internet URL: <https://www.youtube.com/watch?v=FOTYtjQAL4s> | |
| | 170 | Suniela Beach Portable Shade Cabanas, [site visited October 21, 2021], Available on the internet URL: <https://suniela.com> | |
| | 171 | Solbello Shade Training Video, YouTube, April 20, 2023, https://www.youtube.com/watch?v=wd3XV9hADZc | |
| | 172 | "No Wind Kit for Beach Shades," Upgrade Your Shade, https://www.upgradeyourshade.com/product/upgrade-your-shade-kit Retrieved 2023 | |
| | 173 | Shibumi Shade, posted 10/12/2018 [online], [retrieved 01/19/2023], Retrieved from internet, https://www.facebook.com/shibumishade/ (Year: 2018) | |
| | 174 | "How to Reinforce a Hole in Sunbrella (Registered), webpage <https://www.sailrite.com/How-to-Reinforce-a-Hole-in-Sunbrella>, 1 page, October 16/2023 (Year: 2023) | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY PATENT APPLICATION TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| *Attorney Docket No.* | S105508 1010US.C11 (0060.0) |
| *First Named Inventor* | Dane Brooks Barnes |
| *Title* | SHADING SYSTEM AND METHOD OF USE |
| *Priority Mail Express® Label No.* | |

## APPLICATION ELEMENTS

*See MPEP chapter 600 concerning utility patent application contents.*

*ADDRESS TO:* **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450**

1. [✓] **Fee Transmittal Form** (PTO/SB/17 or equivalent)
2. [ ] **Applicant asserts small entity status.** See 37 CFR 1.27
3. [ ] **Applicant certifies micro entity status.** See 37 CFR 1.29. Applicant must attach form PTO/SB/15A or B or equivalent.
4. [✓] **Specification** [*Total Pages* 15]
   Both the claims and abstract must start on a new page.
   *(See MPEP § 608.01(a) for information on the preferred arrangement)*
5. [✓] **Drawing(s)** (35 U.S.C. 113) [*Total Sheets* 7]
6. **Inventor's Oath or Declaration** [*Total Pages* 5]
   *(including substitute statements under 37 CFR 1.64 and assignments serving as an oath or declaration under 37 CFR 1.63(e))*
   a. [ ] Newly executed (original or copy)
   b. [✓] A copy from a prior application (37 CFR 1.63(d))
7. [✓] **Application Data Sheet** ** See note below.*
   See 37 CFR 1.76 (PTO/AIA/14 or equivalent)
8. **CD-ROM or CD-R**
   in duplicate, large table, or Computer Program (*Appendix*)
   [ ] Landscape Table on CD
9. **Nucleotide and/or Amino Acid Sequence Submission**
   (*if applicable, items a. – c. are required*)
   a. [ ] Computer Readable Form (CRF)
   b. [ ] Specification Sequence Listing on:
      i. [ ] CD-ROM or CD-R (2 copies); or
      ii. [ ] Paper
   c. [ ] Statements verifying identity of above copies

## ACCOMPANYING APPLICATION PAPERS

10. [ ] **Assignment Papers** (cover sheet & document(s))
    Name of Assignee ______
11. [✓] **37 CFR 3.73(c) Statement** (*when there is an assignee*) [✓] **Power of Attorney**
12. [ ] **English Translation Document** (*if applicable*)
13. [✓] **Information Disclosure Statement** (PTO/SB/08 or PTO-1449)
    [ ] Copies of citations attached
14. [✓] **Preliminary Amendment**
15. [ ] **Return Receipt Postcard** (*MPEP § 503*) (*Should be specifically itemized*)
16. [ ] **Certified Copy of Priority Document(s)** (*if foreign priority is claimed*)
17. [ ] **Nonpublication Request**
    Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach form PTO/SB/35 or equivalent.
18. [ ] **Other:** ______

***Note**: (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 **must** be included in an Application Data Sheet (ADS).
(2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary interest in the matter. See 37 CFR 1.46(b).

## 19. CORRESPONDENCE ADDRESS

[✓] The address associated with Customer Number: 26158 **OR** [ ] Correspondence address below

| | | | | | |
|---|---|---|---|---|---|
| Name | | | | | |
| Address | | | | | |
| City | | State | | Zip Code | |
| Country | | Telephone | | Email | |

| | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Date | March 29, 2024 |
| Name (Print/Type) | Lauren F. Anderson | Registration No. (Attorney/Agent) | 69,344 |

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0032. Public burden for this form is estimated to average 12 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **If filing this completed form by mail, send to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a Federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 9) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

## Additional Uses

Additional USPTO uses of the information in this record may include disclosure to: 1) the International Bureau of the World Intellectual Property Organization, if the record is related to an international application filed under the Patent Cooperation Treaty; 2) the public i) after publication of the application pursuant to 35 U.S.C. 122(b), ii) after issuance of a patent pursuant to 35 U.S.C. 151, iii) if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections, or an issued patent, or iv) without publication of the application or patent under the specific circumstances provided for by 37 CFR 1.14(a)(1)(v)-(vii); and/or 3) the National Archives and Records Administration, for inspection of records.

Attorney's Docket No. **S105508 1010US.C11 (0060.0)** PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | *To Be Assigned* |
| Appl. No.: | *To Be Assigned* | Group Art Unit: | *To Be Assigned* |
| Filed: | *Concurrently Herewith* | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**INFORMATION DISCLOSURE STATEMENT**
**CITATION UNDER 37 C.F.R. § 1.97**

Sir:

Attached is a list of documents on form PTO-1449.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

Any foreign patents or non-patent literature documents items are attached, except those that were supplied in, or cited by the Office during prosecution of, parent Application Nos. 18/072,143; filed November 30, 2022, 17/343,114, filed June 9, 2021, and 17/471,658, filed September 10, 2021. Since the benefit of this application was claimed under 35 U.S.C. 120, no copies need to be furnished in accordance with 37 C.F.R. 1.98(d); however, copies will be furnished on request.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

***ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON MARCH 29, 2024.***

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number

# FEE TRANSMITTAL

| Complete if known | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Examiner Name | To Be Assigned |
| Art Unit | To Be Assigned |
| Practitioner Docket No. | S105508 1010US.C11 (0060.0) |

☐ Applicant asserts small entity status. See 37 CFR 1.27.

☐ Applicant certifies micro entity status. See 37 CFR 1.29.
Form PTO/SB/15A or B or equivalent must either be enclosed or have been submitted previously.

TOTAL AMOUNT OF PAYMENT ($) 1820

**METHOD OF PAYMENT** (check all that apply)

☐ Check ☐ Credit Card ☐ Money Order ☐ None ☐ Other (please identify): ____________

■ Deposit Account Deposit Account Number: 09-0528 ____________ Deposit Account Name: ____________

For the above-identified deposit account, the Director is hereby authorized to (check all that apply):

■ Charge fee(s) indicated below ☐ Charge fee(s) indicated below, **except for the filing fee**

■ Charge any additional fee(s) or underpayment of fee(s) under 37 CFR 1.16 and 1.17 ■ Credit any overpayment of fee(s)

**WARNING**: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

**FEE CALCULATION**

**1. BASIC FILING, SEARCH, AND EXAMINATION FEES (U = undiscounted fee; S = small entity fee; M = micro entity fee)**

| | FILING FEES | | | SEARCH FEES | | | EXAMINATION FEES | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Application Type | U ($) | S ($) | M ($) | U ($) | S ($) | M ($) | U ($) | S ($) | M ($) | Fees Paid ($) |
| Utility | 320 | 128* | 64 | 700 | 280 | 140 | 800 | 320 | 160 | 1820 |
| Design | 220 | 88 | 44 | 160 | 64 | 32 | 640 | 256 | 128 | |
| Plant | 220 | 88 | 44 | 440 | 176 | 88 | 660 | 264 | 132 | |
| Reissue | 320 | 128 | 64 | 700 | 280 | 140 | 2,320 | 928 | 464 | |
| Provisional | 300 | 120 | 60 | 0 | 0 | 0 | 0 | 0 | 0 | |

* The $128 small entity filing fee for a utility application is further reduced to $64 for a small entity applicant who files the application via Patent Center or EFS-Web.

**2. EXCESS CLAIM FEES**

| Fee Description | Undiscounted Fee ($) | Small Entity Fee ($) | Micro Entity Fee ($) |
|---|---|---|---|
| Each claim over 20 (including Reissues) | 100 | 40 | 20 |
| Each independent claim over 3 (including Reissues) | 480 | 192 | 96 |
| Multiple dependent claims | 860 | 344 | 172 |

**Total Claims** 20 ____ -20 or HP = **Extra Claims** ____ x **Fee ($)** ____ = **Fee Paid ($)** ____

HP = highest number of total claims paid for, if greater than 20.

**Indep. Claims** 1 ____ -3 or HP = **Extra Claims** ____ x **Fee ($)** ____ = **Fee Paid ($)** ____

HP = highest number of independent claims paid for, if greater than 3.

**Multiple Dependent Claims**
**Fee ($)** ____ **Fee Paid ($)** ____

**3. APPLICATION SIZE FEE**

If the specification and drawings exceed 100 sheets of paper (excluding electronically filed sequence or computer listings under 37 CFR 1.52(e)), the application size fee due is $420 ($168 for small entity) ($84 for micro entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s).

**Total Sheets** 22 ____ - 100 = **Extra Sheets** ____ / 50 = **Number of each additional 50 or fraction thereof** ____ (round **up** to a whole number) x **Fee ($)** ____ = **Fee Paid ($)** ____

**4. OTHER FEE(S)** **Fees Paid ($)**

Non-English specification, $140 fee ($56 for small entity) ($28 for micro entity) ____

**Non-electronic filing fee under 37 CFR 1.16(t) for a utility application, $400 fee ($200 small or micro entity)** ____

Other (e.g., late filing surcharge): ____________ ____

| SUBMITTED BY | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Registration No. (Attorney/Agent) 69,344 | Telephone (919) 755-8127 |
| Name (Print/Type) | Lauren F. Anderson | | Date March 29, 2024 |

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0032. Public burden for this form is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.** If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to: 1) law enforcement, in the event that the system of records indicates a violation or potential violation of law; 2) a Federal, state, local, or international agency, in response to its request; 3) a contractor of the USPTO having need for the information in order to perform a contract; 4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record; 5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record; 6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations; 7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals; 8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)); 9) the Office of Personnel Management (OPM) for personnel research purposes; and 9) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

# Additional Uses

Additional USPTO uses of the information in this record may include disclosure to: 1) the International Bureau of the World Intellectual Property Organization, if the record is related to an international application filed under the Patent Cooperation Treaty;  2) the public i) after publication of the application pursuant to 35 U.S.C. 122(b), ii) after issuance of a patent pursuant to 35 U.S.C. 151, iii) if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections, or an issued patent, or iv) without publication of the application or patent under the specific circumstances provided for by 37 CFR 1.14(a)(1)(v)-(vii); and/or 3) the National Archives and Records Administration, for inspection of records.

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | *To Be Assigned* |
| Appl. No.: | *To Be Assigned* | Group Art Unit: | *To Be Assigned* |
| Filed: | *Concurrently Herewith* | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C11 (0060.0)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**PRELIMINARY AMENDMENT**
**37 CFR § 1.115**

Sir:

Please enter this Preliminary Amendment before calculating the claim fee and amend the above-identified application as follows:

**Amendments to the Specification** begin on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 3 of this paper.

**Remarks** begin on page 6 of this paper.

Amendments to the Specification:

On page 1, after the title of the invention, please amend the following paragraph:

CROSS-REFERENCE TO RELATED APPLICATIONS

This application is a continuation of U.S. Application No. 18/072,143, filed November 30, 2022, which is a continuation of U.S. Application No. 17/471,658, filed September 10, 2021, and a continuation of U.S. Application No. 17/343,114, filed June 9, 2021, which is a continuation of U.S. Application No. 17/232,799, filed April 16, 2021, which is a continuation of U.S. Application No. 16/987,886, filed August 7, 2020, which granted September 7, 2021 as U.S. Patent No. 11,111,690, which is a continuation of U.S. Patent No. 16/224,465, filed December 18, 2018, which granted August 25, 2020 as U.S. Patent No. 10,753,117, which is a continuation of U.S. Application No. 15/675,715, filed August 12, 2017, which granted January 29, 2019 as U.S. Patent No. 10,190,330, which is a non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, ~~the contents of which are hereby incorporated by reference in its entirety~~ which applications are hereby incorporated by reference in their entirety in this application.

<u>Amendments to the Claims</u>:

1. – 20. (Canceled)

21. (New) A system for providing shade onto a surface, the system comprising:

a frame engageable with the surface;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being coupleable with the frame about a portion of the frame.

22. (New) The system of claim 21, wherein the canopy is a unitary canopy or comprises a plurality of sheets of material coupleable together.

23. (New) The system of claim 22, wherein the plurality of sheets of material are selectively coupled together so that a first canopy is coupled with the frame about a suspension end and a suspension end of a second canopy is removeably coupled to a trailing end of the first canopy.

24. (New) The system of claim of claim 21, wherein the canopy has at least one set of parallel sides.

25. (New) The system of claim 24, wherein the canopy has two sets of parallel sides.

26. (New) The system of claim 21, wherein the canopy comprises one or more vent holes defined within the canopy, one or more tails extending therefrom, one or more wind socks, or a combination thereof.

27. (New) The system of claim 21, wherein the trailing end of the canopy is spaced apart from the portion of the frame such that when a wind force is applied to the canopy, the canopy extends at an angle relative to the surface, the angle varying with the wind force, and when there is de minimis wind force, the canopy is in contact with the surface at the trailing end.

28. (New) The system of claim 21, wherein the frame comprises a plurality of longitudinally-extending sections.

29. (New) The system of claim 28, wherein the plurality of longitudinally-extending sections are arrangeable so that at least a first longitudinally-extending section and a second longitudinally-extending section are each engageable with the surface at first ends thereof and are coupleable to one another about opposing, second ends or are each respectively coupleable to first and second ends of at least one intermediate longitudinally-extending section arranged therebetween.

30. (New) The system of claim 28, further comprising a cable extending through the plurality of longitudinally-extending sections of the frame from the first end of the first longitudinally-extending section to the first end of the second longitudinally-extending section and any of the at least one intermediate longitudinally-extending sections arranged therebetween.

31. (New) The system of claim 28, wherein the plurality of longitudinally-extending sections are arrangeable so that they are non-coextensive relative to one another.

32. (New) The system of claim 31, wherein a first longitudinally-extending section is engaged with the surface and a second, non-coextensive longitudinally-extending section is engaged with the first longitudinally-extending section so that the second, non-coextensive longitudinally-extending section is arranged at a non-zero angle relative to a longitudinal axis of the first longitudinally-extending section, and wherein the suspension end of the canopy is coupleable to the second, non-coextensive longitudinally-extending section.

33. (New) The system of claim 28, wherein the plurality of longitudinally-extending sections are arranged telescopically with one another such that a second longitudinally-extending section is receivable in and extendable from a first longitudinally-extending section.

34. (New) The system of claim 21, wherein the frame comprises a singular, longitudinally-extending section.

35. (New) The system of claim 21, wherein the frame is directly engageable with the surface.

36. (New) The system of claim 21, further comprising two frames each being engageable with the surface, wherein the canopy is coupleable with the first frame about the suspension end and the canopy is coupleable with the second frame about the opposing trailing end.

37. (New) The system of claim 21, further comprising an object engageable with the frame or with the canopy to act as a counterweight against a wind force applied to the canopy so that the frame remains engaged with the surface when the wind force is applied to the canopy.

38. (New) The system of claim 21, further comprising a cord having a first end and a second end, the first end or the second end of the cord being coupleable to the frame or the canopy.

39. (New) The system of claim 38, further comprising an anchor coupleable to the other of the second end or the first end of the cord and being in contact with the surface so that the frame remains engaged with the surface when a wind force is applied to the canopy.

40. (New) A kit comprising packaging containing at least:

a frame according to claim 21;

a canopy according to claim 21;

a fastener capable being coupled to or engaged with the trailing end of the canopy;

an anchor capable of being in contact with the surface; and

a cord capable of being coupled to or engaged between the fastener and the anchor.

**REMARKS**

With this preliminary amendment, claims 1-20 are canceled and claims 21-40 are added. No new matter is added by way of this amendment. Claims 21-40 are pending.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON MARCH 29, 2024.**

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C11(0060.0 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2:

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

**Inventor 1** Remove
**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Dane | Brooks | Barnes | |

**Residence Information (Select One)** ◉ US Residency ○ Non US Residency ○ Active US Military Service

| City | Raleigh | State/Province | NC | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 314 E Cabarrus Street | | |
|---|---|---|---|
| Address 2 | | | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27601 | Country | US |

**Inventor 2** Remove
**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Alexander | Griffith | Slater | |

**Residence Information (Select One)** ◉ US Residency ○ Non US Residency ○ Active US Military Service

| City | Raleigh | State/Province | NC | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 601 N Bloodworth Street | | |
|---|---|---|---|
| Address 2 | | | |
| City | Raleigh | State/Province | NC |
| Postal Code | 27604 | Country | US |

**Inventor 3** Remove
**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Scott | Christian | Barnes | |

**Residence Information (Select One)** ◉ US Residency ○ Non US Residency ○ Active US Military Service

Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 27 of 328

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C11(0060.0 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

| City | Raleigh | State/Province | NC | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| | | | |
|---|---|---|---|
| **Address 1** | 123 E Martin Street | | |
| **Address 2** | | | |
| **City** | Raleigh | **State/Province** | NC |
| **Postal Code** | 27601 | **Country** | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button. Add

## Correspondence Information:

**Enter either Customer Number or complete the Correspondence Information section below. For further information see 37 CFR 1.33(a).**

☐ **An Address is being provided for the correspondence Information of this application.**

| | | |
|---|---|---|
| **Customer Number** | 26158 | |
| **Email Address** | IPDocketing@wbd-us.com | Add Email / Remove Email |

## Application Information:

| | | | |
|---|---|---|---|
| **Title of the Invention** | SHADING SYSTEM AND METHOD OF USE | | |
| **Attorney Docket Number** | S105508 1010US.C11(0060.0 | **Small Entity Status Claimed** | ☐ |
| **Application Type** | Nonprovisional | | |
| **Subject Matter** | Utility | | |
| **Total Number of Drawing Sheets (if any)** | 7 | **Suggested Figure for Publication (if any)** | 1 |

## Filing By Reference:

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a). Do not complete this section if application papers including a specification and any drawings are being filed. Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

## Publication Information:

☐ Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☐ **Request Not to Publish.** I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication at eighteen months after filing.

Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 28 of 328

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C11(0060.0 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32).
Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ◉ Customer Number | ○ US Patent Practitioner | ○ Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | 26158 | | |

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, 365(c), or 386(c) or indicate National Stage entry from a PCT application. Providing benefit claim information in the Application Data Sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the “Application Number” field blank.

| Prior Application Status | Pending | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| | Continuation of | 18/072143 | 2022-11-30 |
| Prior Application Status | Pending | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| 18/072143 | Continuation of | 17/471658 | 2021-09-10 |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 17/471658 | Continuation of | 17/232799 | 2021-04-16 | 11634924 | 2023-04-25 |
| Prior Application Status | Patented | | | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 18/072143 | Continuation of | 17/343114 | 2021-06-09 | 11536046 | 2022-12-27 |
| Prior Application Status | Patented | | | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 17/343114 | Continuation of | 17/232799 | 2021-04-16 | 11634924 | 2023-04-25 |

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C11(0060.0 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

| Prior Application Status | Patented | | | | Remove |
|---|---|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 17/232799 | Continuation of | 16/987886 | 2020-08-07 | 11111690 | 2021-09-07 |
| Prior Application Status | Patented | | | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 16/987886 | Continuation of | 16/224465 | 2018-12-18 | 10753117 | 2020-08-25 |
| Prior Application Status | Patented | | | | Remove |
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) | Patent Number | Issue Date (YYYY-MM-DD) |
| 16/224465 | Continuation of | 15/675715 | 2017-08-12 | 10190330 | 2019-01-29 |

| Prior Application Status | Expired | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| 15/675715 | Claims benefit of provisional | 62/409426 | 2016-10-18 |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button. Add

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55. When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(i)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
|---|---|---|---|
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button. Add

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C11(0060.0 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C11(0060.0 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

## Authorization or Opt-Out of Authorization to Permit Access:

When this Application Data Sheet is properly signed and filed with the application, applicant has provided written authority to permit a participating foreign intellectual property (IP) office access to the instant application-as-filed (see paragraph A in subsection 1 below) and the European Patent Office (EPO) access to any search results from the instant application (see paragraph B in subsection 1 below).

Should applicant choose not to provide an authorization identified in subsection 1 below, applicant **must opt-out** of the authorization by checking the corresponding box A or B or both in subsection 2 below.

**NOTE**: This section of the Application Data Sheet is **ONLY** reviewed and processed with the **INITIAL** filing of an application. After the initial filing of an application, an Application Data Sheet cannot be used to provide or rescind authorization for access by a foreign IP office(s). Instead, Form PTO/SB/39 or PTO/SB/69 must be used as appropriate.

**1. Authorization to Permit Access by a Foreign Intellectual Property Office(s)**

**A. Priority Document Exchange (PDX)** - Unless box A in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the State Intellectual Property Office of the People's Republic of China (SIPO), the World Intellectual Property Organization (WIPO), and any other foreign intellectual property office participating with the USPTO in a bilateral or multilateral priority document exchange agreement in which a foreign application claiming priority to the instant patent application is filed, access to: (1) the instant patent application-as-filed and its related bibliographic data, (2) any foreign or domestic application to which priority or benefit is claimed by the instant application and its related bibliographic data, and (3) the date of filing of this Authorization. See 37 CFR 1.14(h)(1).

**B. Search Results from U.S. Application to EPO** - Unless box B in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the EPO access to the bibliographic data and search results from the instant patent application when a European patent application claiming priority to the instant patent application is filed. See 37 CFR 1.14(h)(2).

The applicant is reminded that the EPO's Rule 141(1) EPC (European Patent Convention) requires applicants to submit a copy of search results from the instant application without delay in a European patent application that claims priority to the instant application.

**2. Opt-Out of Authorizations to Permit Access by a Foreign Intellectual Property Office(s)**

☐ A. Applicant **DOES NOT** authorize the USPTO to permit a participating foreign IP office access to the instant application-as-filed. If this box is checked, the USPTO will not be providing a participating foreign IP office with any documents and information identified in subsection 1A above.

☐ B. Applicant **DOES NOT** authorize the USPTO to transmit to the EPO any search results from the instant patent application. If this box is checked, the USPTO will not be providing the EPO with search results from the instant application.

**NOTE:** Once the application has published or is otherwise publicly available, the USPTO may provide access to the application in accordance with 37 CFR 1.14.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | S105508 1010US.C11(0060.0 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

**Applicant 1** Remove

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

Clear

- (•) Assignee
- ( ) Legal Representative under 35 U.S.C. 117
- ( ) Joint Inventor
- ( ) Person to whom the inventor is obligated to assign.
- ( ) Person who shows sufficient proprietary interest

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

Name of the Deceased or Legally Incapacitated Inventor:

If the Applicant is an Organization check here. [X]

| Organization Name | Shibumi Shade, Inc. | | |
|---|---|---|---|
| **Mailing Address Information For Applicant:** | | | |
| **Address 1** | 4039 Atlantic Avenue | | |
| Address 2 | | | |
| **City** | Raleigh | **State/Province** | NC |
| **Country** | US | Postal Code | 27604 |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button. Add

## Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C11(0060.0 |
|---|---|---|
| | Application Number | |
| Title of Invention | SHADING SYSTEM AND METHOD OF USE | |

## Assignee 1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

Remove

If the Assignee or Non-Applicant Assignee is an Organization check here. ☐

| Prefix | **Given Name** | Middle Name | **Family Name** | Suffix |
|---|---|---|---|---|
| | | | | |

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| | | | |
|---|---|---|---|
| **Address 1** | | | |
| Address 2 | | | |
| **City** | | **State/Province** | |
| **Country** i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button. Add

## Signature:

Remove

**NOTE:** This Application Data Sheet must be signed in accordance with 37 CFR 1.33(b). **However, if this Application Data Sheet is submitted with the <u>INITIAL</u> filing of the application <u>and</u> either box A or B is <u>not</u> checked in subsection 2 of the "Authorization or Opt-Out of Authorization to Permit Access" section, then this form must also be signed in accordance with 37 CFR 1.14(c).**

This Application Data Sheet **must** be signed by a patent practitioner if one or more of the applicants is a **juristic entity** (e.g., corporation or association). If the applicant is two or more joint inventors, this form must be signed by a patent practitioner, **all** joint inventors who are the applicant, or one or more joint inventor-applicants who have been given power of attorney (e.g., see USPTO Form PTO/AIA/81) on behalf of **all** joint inventor-applicants.

See 37 CFR 1.4(d) for the manner of making signatures and certifications.

| **Signature** | /Lauren F. Anderson/ | | | Date (YYYY-MM-DD) | 2024-03-29 |
|---|---|---|---|---|---|
| First Name | Lauren | Last Name | Anderson | Registration Number | 69,344 |

Additional Signature may be generated within this form by selecting the Add button. Add

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | S105508 1010US.C11(0060.0 |
|---|---|---|
| | Application Number | |

| Title of Invention | SHADING SYSTEM AND METHOD OF USE |
|---|---|

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1 The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3 A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent CooperationTreaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.




FIG. 1




FIG. 2




FIG. 3




FIG. 4




FIG. 5




FIG. 6




FIG. 7

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **03/29/2024 04:23:24 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 64897576 | FILING DATE | - |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

# TOTAL DOCUMENTS: 15

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C11_0060_0_ADS.pdf | 9 | Application Data Sheet | 2175 KB |
| S105508_1010US_C11_0060_0_Transmittal.pdf | 2 | Transmittal of New Application | 506 KB |
| S105508_1010US_C11_0060_0_Fee_Transmittal.pdf | 2 | Fee Worksheet (SB06) | 618 KB |
| S105508_1010US_C11_0060_0_IDS_Cover.pdf | 1 | Transmittal Letter | 122 KB |
| S105508_1010US_C11_0060_0_IDS_1449.pdf | 8 | Information Disclosure Statement (IDS) Form (SB08) | 236 KB |

Warning: This is not a USPTO supplied IDS fillable form. Data in the form cannot be automatically loaded to other USPTO systems.

| | | | | |
|---|---|---|---|---|
| S105508_1010US_C11_0060_0_Stmt_373.pdf | | 3 | Assignee showing of ownership per 37 CFR 3.73 | 233 KB |
| S105508_1010US_C11_0060_0_Drawings_from_Parent.pdf | | 7 | Drawings-only black and white line drawings | 419 KB |
| S105508_1010US_C11_0060_0_Declaration_from_Parent.pdf | | 5 | Oath or Declaration filed | 328 KB |
| S105508_1010US_C11_0060_0_POA.pdf | | 2 | Power of Attorney | 408 KB |
| S105508_1010US_C11_0060_0_Continuation_Application-APP.TEXT.docx | | 15 | Application body structured text document | 41 KB |

Warning: Bookmarks were found and have been removed.

| | | | | |
|---|---|---|---|---|
| S105508_1010US_C11_0060_0_Continuation_Application.pdf | | 15 | Auxiliary PDF of Application | 107 KB |
| S105508_1010US_C11_0060_0_Preliminary_Amendment.pdf | | 6 | - | 112 KB |
| S105508_1010US_C11_0060_0_Preliminary_Amendment-A.PE.pdf | (1-1) | 1 | Preliminary Amendment | 101 KB |
| S105508_1010US_C11_0060_0_Preliminary_Amendment-SPEC.pdf | (2-2) | 1 | Specification | 68 KB |
| S105508_1010US_C11_0060_0_Preliminary_Amendment-CLM.pdf | (3-5) | 3 | Claims | 105 KB |
| S105508_1010US_C11_0060_0_Preliminary_Amendment-REM.pdf | (6-6) | 1 | Applicant Arguments/Remarks Made in an Amendment | 101 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C11_0060_0_ADS.pdf | 2D73C1A300D8182593B8B74FCCA64F478099A6655F02AAC553F79AD7E762E98228DAA32AC941161DA3FF2D4D7B4EBC4719BF82EAFC8E5333269B8A849064571A |

| | |
|---|---|
| S105508_1010US_C11_0060_0_Transmittal.pdf | 7AB16B47EA4DC74546078C677287945D88FF435341A043FA225A204DDEE25931BCF06D7017EBFB3FFEFDC68B218A5B776EE3AA76F4C08A6CA06105ABEB8A017A |
| S105508_1010US_C11_0060_0_Fee_Transmittal.pdf | 732DE6BDE0461C7DE6A209B77F704B783CC399751409A8937010BF6D8D595751FD6C0DB3905C3D68577C46F384188A919023031616DEA54A22411EBD06E50262 |
| S105508_1010US_C11_0060_0_IDS_Cover.pdf | 0B66A9B6619DF964E90C149652673916FBBDF8A964DE5FBD80D512BE5C3CD0986207266EA2C50057C10A689214DAF0879034CE765CB305AD0743B220821818C2 |
| S105508_1010US_C11_0060_0_IDS_1449.pdf | 39C34D1C2440669E96720A5B983DC4DE0FA20D999E6423ED140E7F04DD6DA5A652561F2E5056745968838D070D94B7DC30C8BC89D664B614F4D6C54FAAC8BB67 |
| S105508_1010US_C11_0060_0_Stmt_373.pdf | 1B396A06D17DEB33F75796B2339B5D373B2A1A35FE6C312E0CAB8F8A37FBDAABF19569E28F634B613537124689410B378FF7E14BE0FEF68E8BDB807B06978BC9 |
| S105508_1010US_C11_0060_0_Drawings_from_Parent.pdf | DEF8B927EAB5EF741BD3E318830B427AF95FFCFCA2896EBA33BC09524FB1956C54C1111EA434DAFBAEEDA2580AE9ED677EFBF27A1E6CD14719B7BE39F80DB36A |
| S105508_1010US_C11_0060_0_Declaration_from_Parent.pdf | 6BFC543E5491B144648C0A80CBF1BD2492F078715E490E423094B2A8A1509B10348A24B9C89BC5BC95BEBBC7ED688D67A0EF572C4D0F8D57E82819661F6E62F7 |
| S105508_1010US_C11_0060_0_POA.pdf | BC486A389A05439CAD742337150A12462D39DB7AFD481FC786A2B7D909F6A3540F575FBE1DAFBFD7D2412116F0EAB827C742CBA4DAFC134EEB20569AEA519EF6 |
| S105508_1010US_C11_0060_0_Continuation_Application-APP.TEXT.docx | 6620A87769DE5EED457FD688428C673A318CEC3028EE7EBC0D0584F01A851ABA3C11F07E2903154BEB18F84C6D86989122A274929239CA09B2E52661656570A6 |
| S105508_1010US_C11_0060_0_Continuation_Application.pdf | 01A0B784F040516442680C2335EB4B95B45C2D234AFDCF5BE19A1F3B3BD35A134C259CDC2E10C090598A0AE3D7B2A352BA679A6864D7C2A52D23D4BDA545C8FC |
| S105508_1010US_C11_0060_0_Preliminary_Amendment.pdf | 65C32A87CFFF547938091A023DD3C3EA34ADB4E3D35E45EE392A6305846C4B31FFB6029A23009A0772ACEE144D8E07D16A68987029E10967AA786F59B1269465 |
| S105508_1010US_C11_0060_0_Preliminary_Amendment-A.PE.pdf | ADFA81705A32FCCA0829E6AFF5EEC460EDEFDC3982FD2A827BC436D6587700C895FFF99A67B15CE3BC94EE6BD2D5E6F350C7737A7802BED5391F1B0B9794D196 |
| S105508_1010US_C11_0060_0_Preliminary_Amendment-SPEC.pdf | 235951F4E65DE15A78C7B0E4DCB377C79C77BA1E73E155D811037B8999ABEDDD5E883AED0F6BFD5BD9EF0690DFDFA72504005A3F32F667965B627A5DAF5A30FD |
| S105508_1010US_C11_0060_0_Preliminary_Amendment- | 8F77FA1671B832B3349EB3C207ADBFBEF03A1A531BBA8CDF890F7B437DDE83ED3238D50FE838A0983ACDB0D6240B65A4 |

| | |
|---|---|
| CLM.pdf | 1545CB5120F44778B4336F36A61F2BE1 |
| S105508_1010US_C11_0060_0_Preliminary_Amendment-REM.pdf | 0E5EA8A76A06653DF91212B8BF931757F66D9BECF82AE862919370C82C3B83D7CA253B00E3BA2E418E911EB29B498D0696B6297A70E4AA84A84A337B0F9C628E |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/AIA/82A (07-13)
Approved for use through 09/30/2025. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | To Be Assigned |
| Filing Date | Concurrently Herewith |
| First Named Inventor | Dane Brooks Barnes |
| Title | SHADING SYSTEM AND METHOD OF USE |
| Art Unit | To Be Assigned |
| Examiner Name | To Be Assigned |
| Attorney Docket Number | S105508 1010US.C11 (0060.0) |

**SIGNATURE of Applicant or Patent Practitioner**

| | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Date (Optional) | |
| Name | Lauren F. Anderson | Registration Number | 69,344 |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | Shibumi Shade, Inc. | | |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ *Total of ____________ forms are submitted.

A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0035. Public burden for this form is estimated to average 3 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. **DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.** If filing this completed form by mail, send to: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/82B (07-13)
Approved for use through 03/31/2021. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| | |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

☑ I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above: 26158

**OR**

☐ I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

☑ The address associated with the above-mentioned Customer Number

**OR**

☐ The address associated with Customer Number:

**OR**

| | | | | | |
|---|---|---|---|---|---|
| ☐ Firm or Individual Name | | | | | |
| Address | | | | | |
| City | | State | | Zip | |
| Country | | | | | |
| Telephone | | Email | | | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

SHIBUMI SHADE, INC.

☐ Inventor or Joint Inventor (title not required below)

☐ Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

☑ Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

☐ Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

**SIGNATURE of Applicant for Patent**

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| | | | |
|---|---|---|---|
| Signature | [signature] | Date (Optional) | 4/14/2020 |
| Name | Dane Barnes | | |
| Title | President | | |

**NOTE:** Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ Total of forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## SHADING SYSTEM AND METHOD OF USE

## CROSS-REFERENCE TO RELATED APPLICATIONS

**[0001]** This application is a non-provisional of U.S. Provisional Patent Application 62/409,426 filed October 18, 2016, the contents of which are hereby incorporated by reference in its entirety.

## TECHNICAL FIELD

**[0002]** The presently disclosed subject matter is directed towards a system and method for providing shade from the sun. Specifically, a transportable system and method of use for providing shade from the sun is disclosed that includes a canopy supported by a singular frame and an engaged counterweight.

## BACKGROUND

**[0003]** Avoiding direct sunlight when outdoors is a ubiquitous problem faced by anyone who spends significant time outdoors. Shading systems of the prior art are typically ineffective or impractical to use for a number of reasons. Some systems include rigid canopy susceptible to being shifted or unanchored by wind. Other systems are cumbersome to transport or assemble, due to the number of parts involved, steps required during setup and/or low shade to weight ratios.

**[0004]** Accordingly, there remains a need for systems and methods including flexible canopy structures capable of being at least partially supported by wind and configured for easy of transport and assembly.

## SUMMARY

**[0005]** This Summary is provided to introduce a selection of concepts in a simplified form that are further described below in the Detailed Description. This Summary is not intended to identify key features or essential features of the claimed subject matter, nor is it intended to be used to limit the scope of the claimed subject matter. Further, the claimed subject matter is not limited to implementations that solve any or all disadvantages noted in any part of this disclosure.

**[0006]** According to at least one embodiment of the disclosed subject matter, a system for providing shade onto a surface is provided. The system includes a canopy configured for engagement with, and aerial suspension by, a frame; the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections, wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

**[0007]** According to at least one embodiment of the disclosed subject matter, a method of providing shade to a surface is provided. The method includes coupling adjacent sections of a plurality of sections into end-to-end alignment to form a frame from a first end to a second end; sliding the frame through one or more loops of a canopy; securing the left end and the right end of the frame to the surface, thereby aerially suspending the canopy and providing shade to the surface.

**[0008]** According to at least one embodiment of the disclosed subject matter, the system further includes a cable extending through the plurality of sections of the frame from the left end to the right end.

**[0009]** According to at least one embodiment of the disclosed subject matter, the system further includes a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

**[0010]** According to at least one embodiment of the disclosed subject matter, the system further includes at least one loop on a suspension end of the canopy, the loop configured for accepting a portion of the frame therethrough.

**[0011]** According to at least one embodiment of the disclosed subject matter, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

**[0012]** According to at least one embodiment of the disclosed subject matter, the system further includes at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

**[0013]** According to at least one embodiment of the disclosed subject matter, wherein the at least one strap includes a strap fastener on one end configured for fastening to a

canopy fastener on the other end for securing the canopy into the position relative to the frame.

**[0014]** According to at least one embodiment of the disclosed subject matter, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

**[0015]** According to at least one embodiment of the disclosed subject matter, wherein the at least one strap is elastic.

**[0016]** According to at least one embodiment of the disclosed subject matter, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

**[0017]** According to at least one embodiment of the disclosed subject matter, the system further includes a container for housing and transporting all of the other components of the system.

**[0018]** According to at least one embodiment of the disclosed subject matter, wherein the container is also an anchor for housing weight, the container coupled to a cord, the cord engageable with, or coupled to, the canopy or frame.

**[0019]** According to at least one embodiment of the disclosed subject matter, wherein the cord is attached to an interior bottom of the container for inverting the container to serve as the anchor for housing weight.

**[0020]** According to at least one embodiment of the disclosed subject matter, wherein the container includes an interior compartment for housing the sections separate from the canopy.

**[0021]** According to at least one embodiment of the disclosed subject matter, the method further includes filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

**[0022]** According to at least one embodiment of the disclosed subject matter, wherein coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

**[0023]** According to at least one embodiment of the disclosed subject matter, the method further includes unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

**[0024]** According to at least one embodiment of the disclosed subject matter, the method further includes wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

**[0025]** According to at least one embodiment of the disclosed subject matter, the method further includes fastening the at least one strap for locking the strap into position.

## BRIEF DESCRIPTION OF THE DRAWINGS

**[0026]** The foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however, the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed.

**[0027]** FIG. 1 is a perspective view of a system for providing shade according to one or more embodiments of the presently disclosed subject matter.

**[0028]** FIG. 2 is a front view of a frame in a transport configuration according to one or more embodiments of the presently disclosed subject matter.

**[0029]** FIG. 3 is a perspective view of at least one strap engageable with a canopy according to one or more embodiments of the presently disclosed subject matter.

**[0030]** FIG. 4 is a perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter.

**[0031]** FIG. 5 is a perspective view of a container serving as an anchor according to one or more embodiments of the presently disclosed subject matter.

**[0032]** FIG. 6 is a perspective view of the container housing the system for shading according to one or more embodiments of the presently disclosed subject matter.

**[0033]** FIG. 7 is a perspective view of the container having a compartment for housing sections of the frame according to one or more embodiments of the presently disclosed subject matter.

## DETAILED DESCRIPTION

**[0034]** These descriptions are presented with sufficient details to provide an

understanding of one or more particular embodiments of broader inventive subject matters. These descriptions expound upon and exemplify particular features of those particular embodiments without limiting the inventive subject matters to the explicitly described embodiments and features. Considerations in view of these descriptions will likely give rise to additional and similar embodiments and features without departing from the scope of the inventive subject matters. Although the term "step" may be expressly used or implied relating to features of processes or methods, no implication is made of any particular order or sequence among such expressed or implied steps unless an order or sequence is explicitly stated.

**[0035]** Any dimensions expressed or implied in the drawings and these descriptions are provided for exemplary purposes. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to such exemplary dimensions. The drawings are not made necessarily to scale. Thus, not all embodiments within the scope of the drawings and these descriptions are made according to the apparent scale of the drawings with regard to relative dimensions in the drawings. However, for each drawing, at least one embodiment is made according to the apparent relative scale of the drawing.

**[0036]** FIG. 1 depicts one embodiment of a system 10 for providing shade 1 onto a surface 2. The system 10 may include a canopy 12 configured for engagement with, and aerial suspension by, a frame 14. The canopy 12 may include one or more lightweight materials, the material including one or more of the following properties: ripstop, polyester, blackout, light diffusion, light modification, and waterproof. The canopy 12 may be unitarily constructed or may include a plurality of coupled sections 44 and/or selectively engageable sections 44.

**[0037]** According to some embodiments, the canopy 12 may define a suspension end 42 positioned proximal to the frame 14 when the canopy 12 is engaged with the frame 14. The suspension end 42 may include one or more suspension fasteners 46 for engaging the canopy 12 with the frame 14. Fasteners 46, 52, 54, as used herein, may include any fasteners of the prior art, including but not limited to hooks and loops, male and female buttons, hook and slit or aperture, and/or magnets. FIG. 1 depicts the canopy 12 defining at least one loop 40 on the suspension end 42 of the canopy, the loop 40 configured for accepting a portion 26 of the frame 14 therethrough. Although the loop 40 of FIG. 1 extends

the entire length of the suspension end 42, the loop 40, or plurality of loops 40, may only extend a smaller distance of the suspension end 42. In some embodiments, one or more loops 40 may include tie strings for engaging the suspension end 42 with the frame 14.

**[0038]** The canopy 12 may be configured to suspend or be stored in any number of shapes and sizes. In some embodiments, the canopy 12 may define one or more vent holes and/or wind socks for permitting wind to pass therethrough. In other embodiments, the canopy 12 may define tails extending from a side opposite the suspension end 42.

**[0039]** While the suspension end 42, suspension fasteners 46 and loop(s) 40 engage the canopy 12 to the frame 14, in some embodiments, additional securing mechanisms may be desired to secure the canopy 12 into position relative to the frame 14. FIGS. 1 and 3 depict embodiments of the system 10 including at least one strap 50 engageable with, or coupled to, the canopy 12 for securing the canopy 12 into position relative to the frame 14. The at least one strap 50 may be elastic rubber, gear ties, bungee cord, rope or any other material capable of wrapping about the frame 14 or other component of the system 10. The at least one strap 50 may engage or couple to the canopy 12 on either or both ends of the suspension end 42 and/or to the loop 40 of the suspension end 42. Each of the straps 50 may be configured to wrap about the frame 14, or engage the frame 14 using a strap fastener 52 and/or a canopy or frame fastener 54. In some embodiments, a strap 50 may include a canopy fastener 54 for engaging the canopy 12 (e.g., a ball at one end of the strap 50 for engaging a grommeted aperture of the canopy 12), and the strap 50 may be manipulated about the frame 14. Alternatively, a strap 50 may include both a strap fastener 52 on one end and a canopy fastener 54 on the other end for wrapping the strap 50 about the frame 14 and fastening the fasteners 52, 54 together (see, e.g., FIG. 3). In yet another alternative, the strap 50 may include be coupled or engaged to the canopy 12 on one end and include a frame fastener 54 on the other end for engaging the canopy 12 to the frame 14.

**[0040]** The at least one strap 50 may be comprised of any number of materials, including but not limited to one or more of the following: fabric, rubber, plastic, and metal. In some embodiments, the at least one strap 50 may have a higher friction of coefficient with respect to the frame 14 relative to the canopy 12 with respect to the frame 14. For example, if the canopy 12 includes polyester fabric and the at least one strap 50 includes rubber, then the friction of coefficient with a metal or plastic frame 14 would be higher for

the strap than for the canopy 12. In some embodiments, the at least one strap 50 may be elastic. Being able to stretch the at least one strap 50 about the frame 14 when engaging the strap 50 thereto can greatly increase the friction between the strap 50 and the frame 14, particularly if the strap 50 is also fastened to itself after wrapping.

**[0041]** According to some embodiments, the frame 14 of the system 10 may include, or consist essentially of, a plurality of sections 24 configured for end-to-end alignment from a left end 20 of the frame 14 to a right end 22 of the frame 14. Each of the sections 24 may be further configured to engage with any adjacent sections 24. When two or more or all of the sections 24 are aligned end-to-end and engaged with adjacent sections 24, the frame 14 may be positioned to receive and support the canopy 12. In some embodiments, the sections 24 are arranged telescopically, where each adjacent section 24 may be housed within, and extend from each adjacent section 24. In other embodiments, as depicted in FIG. 2, many of the sections include both a male end 62 and a female end 60 for engaging adjacent sections 24 to each other to construct the supporting frame 14. In some embodiments, all but one of the sections 24 includes a female end 60 for accepting a male end 62 of one of the adjacent sections 24 therein.

**[0042]** During transport, the sections 24 may be compactly configured as depicted in FIG. 2. A first section 64 may define the left end 20 of the frame 14 and a last section 66 may define the right end 22 of the frame 14. The first section 64 may include a single male end 62 or female end 60, with the other end being the left end 20 and/or cap 68 (FIG. 2 depicts first section 64 having a male end 62 and cap 68). A last section 66 may similarly include a single male end 62 or female end 60, with the other end being the right end 22 and/or cap 68 (FIG. 2 depicts last section 66 having a female end 60 and cap 68). The cap may serve to close off an end of the first and/or last section 64, 66 for preventing sand from entering therein and for securing the cable 30, as described below.

**[0043]** As depicted in FIG. 2, the system 10 may further include a cable 30 extending through the plurality of sections 24 of the frame 12 from the left end 20 to the right end 22. The cable 30 may be elastic so that the sections 24 may be maneuvered between a transport configuration (e.g., FIG. 2) and a supporting configuration (e.g., FIG. 1), yet still remain adjacent and aligned end-to-end, the cable 30 providing supporting tension to the end-to-end alignment of the supporting configuration. The cable 30 may be affixed to an interior and/or

cap 68 of the first section 64 and second section 66. The cable 30 may also be affixed to interiors of any of the other sections 24.

**[0044]** When the frame 14 is in the transport configuration, and a cable 30 extends through the sections 24 of the frame 14, the male and female ends 60, 62, and/or the cable 30 itself, may be configured to prevent degradation or injury to the cable 30. Looking to FIG. 2, any pressure applied to the sections 24 from the top of the figure or the bottom of the figure may create injury to the cable 30 where it is exposed between the male and female ends 60, 62. Therefore, the female ends 60 and/or male ends 62 may define grooves for permitting passage of the cable therebetween such that any objects applying pressure from the top or bottom of the figure would apply that pressure directly to the ends 60, 62 and not onto the cable 30, effectively clipping the cable between the end 60, 62 and the object. The cable 30 may include reinforcements at the exposed sections between the ends 60, 62 when in the transport configuration. The reinforcements may include additional layers of fabric, metal-reinforced cylinders, and/or thicker elastic bands.

**[0045]** In some embodiments of the system 10, the sections 24 of the frame 12 may form a curved shape when in the supporting configuration. In other embodiments, the sections 24 may form other shapes or designs when in the supporting configuration. A curved shape may be formed when the male and female ends 60, 62 are co-extensive with curved axis the remaining portions of the sections 24. To form other designs, the female ends 60 and/or male ends 62 may be shaped for creating non-co-extensive angles with respect to the axis of the remaining portions of the sections 24. For example, a female end 60 engaging two sections may be shaped in a right angle, thereby creating an 'L' shape when the two adjacent sections are engaged. Other female ends 60 may be shaped at other angles, thereby creating a design or pattern when all of the sections 24 are engaged and the frame is in the supporting configuration.

**[0046]** Referencing FIGS. 4 and 5, the system 10 may further include a cord 32 engaged with, or coupled to, an anchor 34, the canopy 12, and/or the frame 14 for providing support to the frame 14 when in the supporting configuration. The anchor 34 may be configured for housing weight 36. The cord 32 may be engaged with or coupled to the canopy 12 and/or frame 14 at an apex of the canopy 12 and/or frame 14. For example, if the ends 20, 22 of the frame 14 are secured within sand on a beach, the anchor 34 may be filled

with sand acting as the weight 36. The system 10 may further include a hoop 33 or other fastener, such as the fasteners described herein, engaged with, or coupled to, the canopy 12 or frame 14 with which the cord 12 may be engaged or coupled (e.g., see FIG. 4 embodiment where the hoop 33 is coupled to the canopy 12).

**[0047]** FIG. 6 depicts an embodiment of the system 10 further including a container 70 for housing and transporting all of the other components of the system 10. The container 70 may include a band 76 for transporting the container 70 about the shoulder or in the palm of a user 3. The band 76 may be configured to be a handle and/or may be selectively engageable with the container 70 for storage therein. The container 70 may include a drawstring 78 or other closing mechanism for securing the contents of the system 10 therewithin.

**[0048]** The container 70 may also be the anchor 34 for housing weight 36 (see, e.g., FIG. 5). In some embodiments, the container 70 may be inverted for housing weight 36 for ensuring that minimal amounts of weight 36 remain in the container once re-inverted so that the contents of the system 10 are not disturbed by any weight 36 during transportation and/or storage of the system 10. The cord 32 may be engaged with or coupled to an interior 72 of the container 70 for inverting the container 70. The cord 32 may be engaged with or coupled to the bottom 74 of the container 70 for permitting full inversion, or at a mid-point 75 of the container 70 for permitting half inversion of the container 70 (see, e.g., FIG. 7). In other embodiments, the cord 32 may be selectively engaged or coupled with an exterior 73 of the container 70.

**[0049]** For example, when the contents of the system 10 are removed from the container 70, the cord 32 may be pulled away from the container 70 while the container 70 is held into position (or pushed away from the cord 32), thereby inverting the container 70 to serve as the anchor 34. When the cord 32 is engaged or coupled to an interior 72 and bottom 74, the pulling of the cord 32 may result in the full inversion of the container 70. When the cord is engaged or coupled to an interior 72 and mid-point 75, the pulling of the cord 32 may result in a half inversion of the container 70. If the container 70 includes a compartment 77 as described herein, then the inversion of the container 70 may result in the compartment 77 being exterior to the anchor 34 and any weight 36.

**[0050]** FIG. 7 illustrates the container 70 including a compartment 77 positioned on the interior 72 for housing the sections 24 separate from the canopy 12. The compartment 77 may be engageable with or coupled to the interior 72 of the container 70. The compartment 77 may be sewn to the interior 72 of the container 70 along a single seam or multiple seams. A drawstring or other closing mechanism 78 may be included on the container 70 for cinching close an open side 79 of the container. Although FIG. 7 depicts the seam of the compartment 77 only connecting a portion of the compartment length to the container 70, other embodiments may include the entire length of the compartment 77 being sewn to the container 70.

**[0051]** The left end 20 and the right end 22 of the frame 14 may be each be embedded in the surface 2. The ends 20, 22 may define a conical shape or a corkscrew shape for ease of penetration of the surface 2. Additional anchor(s) 35 may be engaged or coupled to the left end 20 and/or right end 22 for further securing the frame 14 into position. In embodiments where a tail is defined by the canopy 12, the tail may be engaged with or coupled to an additional anchor 34 for securing the canopy 12 into position for providing shade 1 to the surface 2. In yet additional embodiments, an additional suspension end 43 may be defined by the canopy 12. The additional suspension end 43 may include any of the features and characteristics described herein attributed to the suspension end 42. For example, the additional suspension end 43 may form an additional loop 41 for engaging or coupling an additional frame 15, thereby further suspending the canopy 12 from both the frame 14 and the additional frame 15.

**[0052]** In addition to the methods of using the system 10 described herein, the following additional methods of using the system 10 are provided. A method of providing shade 1 to a surface 2 may include unpacking or removing the frame 14 and the canopy 12 from the container 70. Adjacent sections 24 of the plurality of sections 24 may be engaged or coupled into end-to-end alignment to configure the frame 14 from a left end 20 to a right end 22 into a supporting configuration. The frame 14 may slide through one or more loops 40 of the canopy 12 and/or may be engaged with the suspension end 42 of the canopy 12. The ends 20, 22 of the frame 14 may be secured to the surface 2, thereby aerially suspending the canopy 12 and providing shade 1 to the surface 2.

**[0053]** The canopy 12 may be secured into position relative to the frame 14 by

wrapping at least one strap 50 about the frame 14 and/or fastening the at least one strap 50 to or about the frame 14. The cord may be engaged with the canopy 12, frame 14 and/or anchor 34. The anchor 34 may be filled with weight 36. Additional anchors 35 may be engaged with the ends 20, 22, additional frame 15 and/or tail of the canopy 12. The additional anchors 35 may be filled with weight 36.

**[0054]** Particular embodiments and features have been described with reference to the drawings. It is to be understood that these descriptions are not limited to any single embodiment or any particular set of features, and that similar embodiments and features may arise or modifications and additions may be made without departing from the scope of these descriptions and the spirit of the appended claims.

## CLAIMS

The invention claimed is:

1. A system for providing shade onto a surface, comprising:
a canopy configured for engagement with, and aerial suspension by, a frame;
the frame consisting essentially of a plurality of sections configured for end-to-end alignment from a left end to a right end, wherein each section is configured to engage with any adjacent sections,
wherein the left end and the right end are configured to be secured to the surface for aerially suspending the frame and the canopy.

2. The system of claim 1, further comprising a cable extending through the plurality of sections of the frame from the left end to the right end.

3. The system of claim 1, further comprising a cord coupled to an anchor and engageable with, or coupled to, the canopy or frame, the anchor configured for housing weight.

4. The system of claim 1, wherein the canopy includes at least one loop on a suspension end, the loop configured for accepting a portion of the frame therethrough.

5. The system of claim 4, wherein the canopy further includes at least one hoop positioned at an apex of the suspension end engageable with, or coupled to, a cord, the cord engageable with, or couple to, an anchor for housing weight.

6. The system of claim 1, further comprising at least one strap engageable with the canopy and configured to wrap about the frame for securing the canopy into position relative to the frame.

7. The system of claim 6, wherein the at least one strap includes a strap fastener on one

end configured for fastening to a canopy fastener on the other end for securing the canopy into the position relative to the frame.

8. The system of claim 6, wherein the at least one strap has a higher friction of coefficient with respect to the frame relative to the canopy with respect to the frame.

9. The system of claim 6, wherein the at least one strap is elastic.

10. The system of claim 1, wherein all but one of the sections includes a female end for accepting a male end of one of the adjacent sections therein.

11. The system of claim 1, further comprising a container for housing and transporting all of the other components of the system.

12. The system of claim 11, wherein the container is also an anchor for housing weight, the container engageable with, or coupled to, a cord, the cord engageable with, or coupled to, the canopy or frame.

13. The system of claim 12, wherein the cord is coupled to an interior of the container for inverting the container to serve as the anchor for housing weight.

14. The system of claim 11, wherein the container includes an interior compartment for housing the sections separate from the canopy.

15. A method of providing shade to a surface, comprising:

coupling adjacent sections of a plurality of sections into end-to-end alignment to form a frame from a first end to a second end;

sliding the frame through one or more loops of a canopy;

securing the left end and the right end of the frame to the surface,

thereby aerially suspending the canopy and providing shade to the surface.

16. The method of claim 15, further comprising filling an anchor with weight, the anchor selectively engageable with, or secured to, the canopy or the frame via a cord.

17. The method of claim 15, wherein the coupling adjacent sections includes a receiving end of all but one of the sections accepting one of the adjacent sections therein.

18. The method of claim 15, further comprising unpacking the frame and the canopy from a container configured for transporting the frame and the canopy.

19. The method of claim 15, further comprising wrapping at least one strap engaged with the canopy about the frame for securing the canopy into position relative to the frame.

20. The method of claim 19, further comprising fastening the at least one strap for locking the strap into position.

## ABSTRACT

A system for providing shade onto a surface is described herein. The system includes a canopy configured for engagement with, and aerial suspension by, a frame. The frame includes a plurality of sections configured for end-to-end alignment from a left end to a right end of the frame. Each section is configured to engage with any adjacent sections to form the frame. The ends of the frame are secured to the surface, thereby aerially suspending the canopy and providing shade to the surface.





Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 64 of 328

# STATEMENT UNDER 37 CFR 3.73(c)

First Named Inventor/Patent Owner: Shibumi Shade, Inc.

Application No./Patent No.: To Be Assigned    Filed/Issue Date: Concurrently Herewith

Titled: SHADING SYSTEM AND METHOD OF USE

Shibumi Shade, Inc., a Corporation

(Name of Assignee)    (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that, for the patent application/patent identified above, it is (choose **one** of options 1, 2, 3 or 4 below):

1. ☑ The assignee of the entire right, title, and interest.

2. ☐ An assignee of less than the entire right, title, and interest (check applicable box):

☐ The extent (by percentage) of its ownership interest is ____________%. Additional Statement(s) by the owners holding the balance of the interest must be submitted to account for 100% of the ownership interest.

☐ There are unspecified percentages of ownership. The other parties, including inventors, who together own the entire right, title and interest are:

Additional Statement(s) by the owner(s) holding the balance of the interest must be submitted to account for the entire right, title, and interest.

3. ☐ The assignee of an undivided interest in the entirety (a complete assignment from one of the joint inventors was made). The other parties, including inventors, who together own the entire right, title, and interest are:

Additional Statement(s) by the owner(s) holding the balance of the interest must be submitted to account for the entire right, title, and interest.

4. ☐ The recipient, via a court proceeding or the like (*e.g.*, bankruptcy, probate), of an undivided interest in the entirety (a complete transfer of ownership interest was made). The certified document(s) showing the transfer is attached.

The interest identified in option 1, 2 or 3 above (not option 4) is evidenced by either (choose **one** of options A or B below):

A. ☐ An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in the United States Patent and Trademark Office at Reel ____________, Frame ____________, or for which a copy thereof is attached*.

B. ☑ A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

1. From: Barnes; Slater; Barnes    To: Shibumi Shade, LLC

The document was recorded in the United States Patent and Trademark Office at Reel 043276, Frame 0936, or for which a copy thereof is attached*.

2. From: Shibumi Shade, LLC    To: Shibumi Shade, Inc.

The document was recorded in the United States Patent and Trademark Office at Reel 052350, Frame 0912, or for which a copy thereof is attached*.



A Federal agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with an information collection subject to the requirements of the Paperwork Reduction Act of 1995, unless the information collection has a currently valid OMB Control Number. The OMB Control Number for this information collection is 0651-0031. Public burden for this form is estimated to average 12 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Send comments regarding this burden estimate or any other aspect of this information collection, including suggestions for reducing this burden to the Chief Administrative Officer, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450 or email InformationCollection@uspto.gov. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**



*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

3. From: ______________________________ To: ______________________________

The document was recorded in the United States Patent and Trademark Office at

Reel ____________, Frame ____________, or for which a copy thereof is attached*.

4. From: ______________________________ To: ______________________________

The document was recorded in the United States Patent and Trademark Office at

Reel ____________, Frame ____________, or for which a copy thereof is attached*.

5. From: ______________________________ To: ______________________________

The document was recorded in the United States Patent and Trademark Office at

Reel ____________, Frame ____________, or for which a copy thereof is attached*.

6. From: ______________________________ To: ______________________________

The document was recorded in the United States Patent and Trademark Office at

Reel ____________, Frame ____________, or for which a copy thereof is attached*.

☐ Additional documents in the chain of title are listed on a supplemental sheet(s).

☐ *As required by 37 CFR 3.73(c)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

[NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

| | |
|---|---|
| /Lauren F. Anderson/ | March 29, 2024 |
| Signature | Date |
| Lauren F. Anderson | 69,344 |
| Printed or Typed Name | Title or Registration Number |

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. The United States Patent and Trademark Office (USPTO) collects the information in this record under authority of 35 U.S.C. 2. The USPTO's system of records is used to manage all applicant and owner information including name, citizenship, residence, post office address, and other information with respect to inventors and their legal representatives pertaining to the applicant's/owner's activities in connection with the invention for which a patent is sought or has been granted. The applicable Privacy Act System of Records Notice for the information collected in this form is COMMERCE/PAT-TM-7 Patent Application Files, available in the Federal Register at 78 FR 19243 (March 29, 2013). https://www.govinfo.gov/content/pkg/FR-2013-03-29/pdf/2013-07341.pdf

Routine uses of the information in this record may include disclosure to:

1) law enforcement, in the event that the system of records indicates a violation or potential violation of law;

2) a federal, state, local, or international agency, in response to its request;

3) a contractor of the USPTO having need for the information in order to perform a contract;

4) the Department of Justice for determination of whether the Freedom of Information Act (FOIA) requires disclosure of the record;

5) a Member of Congress submitting a request involving an individual to whom the record pertains, when the individual has requested the Member's assistance with respect to the subject matter of the record;

6) a court, magistrate, or administrative tribunal, in the course of presenting evidence, including disclosures to opposing counsel in the course of settlement negotiations;

7) the Administrator, General Services Administration (GSA), or their designee, during an inspection of records conducted by GSA under authority of 44 U.S.C. 2904 and 2906, in accordance with the GSA regulations and any other relevant (i.e., GSA or Commerce) directive, where such disclosure shall not be used to make determinations about individuals;

8) another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c));

9) the Office of Personnel Management (OPM) for personnel research purposes; and

10) the Office of Management and Budget (OMB) for legislative coordination and clearance.

If you do not furnish the information requested on this form, the USPTO may not be able to process and/or examine your submission, which may result in termination of proceedings, abandonment of the application, and/or expiration of the patent.

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **03/29/2024 04:23:24 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 64897576 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | - |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E20243SG24335601** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1111 | UTILITY PATENT APPL. SEARCH FEE | 700.00 | 1 | 700.00 |
| 1011 | BASIC FILING FEE - UTILITY (PAPER FILING ALSO REQUIRES NON-ELECTRONIC FILING FEE UNDER 1.16(T)) | 320.00 | 1 | 320.00 |
| 1311 | PATENT APPL. EXAMINATION FEE | 800.00 | 1 | 800.00 |
| | | | **TOTAL AMOUNT:** | **$1,820.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

**United States Patent and Trademark Office**

*Office of the Chief Financial Officer*

Document Code:WFEE

User :Ayida Goitom

Sale Accounting Date:04/10/2024

| Sale Item Reference Number | Effective Date |
|---|---|
| 18622175 | 03/29/2024 |

| Document Number | Fee Code | Fee Code Description | Amount Paid | Payment Method |
|---|---|---|---|---|
| I202440H16147326 | 1054 | Non-DOC-X Filing Surcharge | $400.00 | Deposit Account |

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 18/622,175 | 03/29/2024 | | 2220 | S105508 1010US.C11(0060.0 | 20 | 1 |

**CONFIRMATION NO. 9922**

**FILING RECEIPT**

*OC000000070973024*

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

Date Mailed: 04/12/2024

Receipt is acknowledged of this non-provisional utility patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF FIRST INVENTOR, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection.

**Please verify the accuracy of the data presented on this receipt.** If an error is noted on this Filing Receipt, please submit a written request for a corrected Filing Receipt, including a properly marked-up ADS showing the changes with strike-through for deletions and underlining for additions. If you received a "Notice to File Missing Parts" or other Notice requiring a response for this application, please submit any request for correction to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections provided that the request is grantable.

**Inventor(s)**

Dane Brooks Barnes, Raleigh, NC;
Alexander Griffith Slater, Raleigh, NC;
Scott Christian Barnes, Raleigh, NC;

**Applicant(s)**

Shibumi Shade, Inc., Raleigh, NC;

**Power of Attorney:** The patent practitioners associated with Customer Number 26158

**Domestic Priority data as claimed by applicant**

This application is a CON of 18/072,143 11/30/2022 PAT 11,970,876
which is a CON of 17/471,658 09/10/2021
which is a CON of 17/232,799 04/16/2021 PAT 11,634,924
and said 18/072,143 11/30/2022 is a CON of 17/343,114 06/09/2021 PAT 11,536,046
which is a CON of 17/232,799 04/16/2021 PAT 11,634,924
which is a CON of 16/987,886 08/07/2020 PAT 11,111,690
which is a CON of 16/224,465 12/18/2018 PAT 10,753,117
which is a CON of 15/675,715 08/12/2017 PAT 10,190,330
which claims benefit of 62/409,426 10/18/2016

Foreign Applications for which priority is claimed (You may be eligible to benefit from the Patent Prosecution Highway program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.



Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 71 of 328

**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 04/09/2024

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 18/622,175**

**Projected Publication Date:** 07/18/2024

**Non-Publication Request:** No

**Early Publication Request:** No
**Title**

SHADING SYSTEM AND METHOD OF USE

**Preliminary Class**

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

## LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor

community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

## PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

Application or Docket Number: 18/622,175

### APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | 320 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | 700 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | 800 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 minus 20 = | * 0 | | | OR | x = | 0 |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 1 minus 3 = | * | | | | x = | 0 |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | 0 |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | 0 |
| | | | TOTAL | | | TOTAL | 1820 |

* If the difference in column 1 is less than zero, enter "0" in column 2.

### APPLICATION AS AMENDED - PART II

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus | ** | = | x = | | OR | x = | |
| Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x = | | OR | x = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus | ** | = | x = | | OR | x = | |
| Independent (37 CFR 1.16(h)) | * | Minus | *** | = | x = | | OR | x = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.

# United States Patent and Trademark Office

*Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office*

## WELCOME TO THE UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

*Congratulations on taking the first step to protect your invention. You can now advertise or mark any products covered by this application for your invention as **"Patent Pending"** for as long as this application is pending!*

*We are here to help you on the rest of your journey.*

**New to the process?** The Patent Basics page will take you from "What is a patent?" to assistance with the application process.

- **www.uspto.gov/PatentBasics**

**Consider cost savings.** You might qualify for small entity or micro entity status, which means a discount on most USPTO patent fees.

- **www.uspto.gov/EntityStatus**

**Become a registered electronic filer (eFiler).** You'll gain access to the full capabilities of Patent Center. As a registered eFiler, you can electronically view your submission, track the progress of your application, and respond to USPTO correspondence.

- **www.uspto.gov/NewPatentFilers**

**Learn how to identify which of your creative ideas might be intellectual property assets** and how to protect them by using the USPTO Intellectual Property (IP) Identifier.

- **ipidentifier.uspto.gov**

We also provide Pro Se Assistance, support specifically geared for **independent inventors without an attorney or agent.** Follow the link below, call us at 866-767-3848, or email **proseassistancecenter@uspto.gov**.

- **www.uspto.gov/ProSePatents**

**Need help near you?** We have regional offices across the country, as well as Patent and Trademark Resource Centers in libraries in nearly every state, with specialists standing by to help you at no cost.

- **www.uspto.gov/locations**
- **www.uspto.gov/ptrc**

**Contact us:**

- **General information:** USPTO Contact Center
  - **www.uspto.gov/help**
- **Patent Center:**
  Patent Electronic Business Center
  - **www.uspto.gov/EBC**
- **Pre or post-examination:** Application Assistance Unit
  - **www.uspto.gov/PatentAssistance**

**Want to learn more?**

- **Access our free services** all in one spot. Find all of our contact centers, nationwide services, events, education, and training.
  - **www.uspto.gov/FreeServices**
- **Connect with us** on Instagram, LinkedIn, Twitter, Facebook, and YouTube.
- **Hear about resources for startups, inventors, and entrepreneurs,** as well as our initiatives engaging women, the military community, and others. These programs offer helpful tips and tricks on identifying and managing your IP, finding options for funding, and expanding your network to support your business.
  - **www.uspto.gov/startups**
  - **www.uspto.gov/inventors**
  - **www.uspto.gov/initiatives**
- We hope you connect with us by subscribing to receive important notifications by email.
  - **www.uspto.gov/subscribe**

Kathi Vidal

**Kathi Vidal**
Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office

**Derrick Brent**
Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| | | | | Application Number | 18/622,175 |
| | | | | Filing Date | March 29, 2024 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 175 | US-D985,801 | 05-09-2023 | Collins | |
| | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | | | | | | |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2024*

WBD (US) 4884-7211-2837'

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **06/05/2024 05:03:58 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 65835112 | FILING DATE | 03/29/2024 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 2

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C11_0060_0_Supplemental_IDS_Cover.pdf | 1 | Transmittal Letter | 119 KB |
| S105508_1010US_C11_0060_0_Supplemental_IDS_1449.pdf | 1 | Information Disclosure Statement (IDS) Form (SB08) | 142 KB |

Warning: This is not a USPTO supplied IDS fillable form. Data in the form cannot be automatically loaded to other USPTO systems.

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C11_0060_0_Supplemental_IDS_Cover.pdf | 281B9A6C638217CB1DB486305D73C2B2F80739CACD9FEBC95260ED0278DDEB563573D9776D967559795F0CFDF4CAA46D8CA524C5CB2ACA0D02E61C7F149056D5 |
| S105508_1010US_C11_0060_0_Supplemental_IDS_1449.pdf | 838D6B411745617241D96BE7F9D414B60473BDD710C9F190FAA59A90746D850F372BEE3127E60F0D1C9C058E36804F84231762A0C6F47F64443F41A529910255 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Attorney's Docket No. **<u>S105508 1010US.C11 (0060.0)</u>**

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 9922 |
| Appl. No.: | 18/622,175 | Group Art Unit: | *To Be Assigned* |
| Filed: | March 29, 2024 | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. § 1.97(b)**

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature document in accordance with 37 CFR 1.98(a)(2). Also enclosed is a translation or a concise explanation of each non-English language document.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(b), before a first Office Action. It is not believed that any fees are due at this time, however, if required, the Commissioner is authorized to charge any additional fee, or credit any refund, to our Deposit Account No. **<u>09-0528</u>**.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2024.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 18/622,175 | 03/29/2024 | Dane Brooks Barnes | S105508 1010US.C11(0060.0 |

**CONFIRMATION NO. 9922**

**PUBLICATION NOTICE**

*OC000000075438243*

26158
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

Date Mailed: 07/18/2024

**Title:**SHADING SYSTEM AND METHOD OF USE

**Publication No.**US-2024-0240489-A1
**Publication Date:**07/18/2024

## NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be viewed using the USPTO's publicly available Searchable Databases via the Patent Public Search tool at www.uspto.gov. The direct link to access the Patent Public Search tool is currently https://ppubs.uspto.gov/pubwebapp/static/pages/ppubsbasic.html.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Public Records Division. The Public Records Division can be reached by telephone at (571) 272-3150 or (800) 972-6382, by facsimile at (571) 273-3250, by mail addressed to the United States Patent and Trademark Office, Public Records Division, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through Patent Center, the USPTO's electronic patent application filing and management system. The direct link to access this status information is currently https://patentcenter.uspto.gov/. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of Patent Center.

Further assistance in electronically accessing the publication, or about Patent Center, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>18/622,175 | Filing Date<br>03/29/2024 | ☐ To be Mailed |
|---|---|---|---|

ENTITY: ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | | RATE ($) | FEE ($) |
|---|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT | 09/16/2024 | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * 23 | Minus | ** 20 | = 3 | | x $100 = | 300 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 300 |

| AMENDMENT | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /TRINA RIDDICK/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **09/16/2024 06:13:13 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 67194951 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 03/29/2024 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E20249FI14039422** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1202 | EACH CLAIM IN EXCESS OF 20 | 100.00 | 3 | 300.00 |
| | | | **TOTAL AMOUNT:** | **$300.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage

submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 9922 |
| Appl. No.: | 18/622,175 | Group Art Unit: | *To Be Assigned* |
| Filed: | March 29, 2024 | Examiner: | *To Be Assigned* |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C11 (0060.0)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**SECOND PRELIMINARY AMENDMENT**
**37 CFR § 1.115**

Sir:

Please enter this Preliminary Amendment before calculating the claim fee and amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 8 of this paper.




Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 85 of 328

<u>Amendments to the Claims</u>:

1. – 40. (Canceled)

41. (New) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration engages the surface such that the system excludes any other components from engaging the surface in the supporting configuration except for each of the left end and the right end of the frame;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; and

at least one fastener on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface.

42. (New) The system of claim 41, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

43. (New) The system of claim 41, wherein the at least one fastener comprises a first fastener formed as a strap arranged proximate the left or right end of the suspension end, the first strap being wrapped about the frame when engaging the fastener thereto.

44. (New) The system of claim 41, wherein the canopy comprises a plurality of coupled sections extending between the suspension end of the canopy and the opposing trailing end of the canopy.

45. (New) The system of claim 41, wherein, in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface.

46. (New) The system of claim 41, wherein the at least one fastener on the suspension end of the canopy comprises a loop extending about the suspension end from the left end to the right end.

47. (New) The system of claim 41, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

48. (New) The system of claim 41, wherein the at least one fastener is fastened or engaged with itself after wrapping about the frame.

49. (New) The system of claim 41, wherein the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

50. (New) The system of claim 41, further comprising a hoop engaged with or coupled to one or both of the canopy and the frame at a point between the left and right ends thereof.

51. (New) The system of claim 41, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

52. (New) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface, such that the system excludes any other components from engaging the surface in the supporting configuration except for each of the left end and the right end of the frame;

one or more adjacent sections coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism and the second portion of the loop forming a second securing mechanism,

wherein at least one of the first and second securing mechanisms engage the canopy to the frame using a frame fastener.

53. (New) The system of claim 52, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

54. (New) The system of claim 52, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

55. (New) The system of claim 52, wherein the first and second securing mechanisms are elastic.

56. (New) The system of claim 52, further comprising a container capable of transporting the components of the system and acting as a counterweight.

57. (New) The system of claim 52, wherein at least one of the first and second securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end.

58. (New) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface, such that the system excludes any other components from engaging the surface in the supporting configuration except for each of the left end and the right end of the frame;

one or more adjacent sections coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an

alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface;

a loop defined toward the suspension end of the canopy, wherein the loop defines a first portion and a second portion of the loop, the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the loop forming first and second securing mechanisms engaged with or coupled thereto; and

a frame fastener arranged to engage the canopy to the frame via the first and second securing mechanisms.

59. (New) The system of claim 58, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

60. (New) The system of claim 58, wherein the canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy.

61. (New) The system of claim 58, wherein the first securing mechanism is elastic.

62. (New) The system of claim 58, further comprising a container capable of transporting the components of the system and acting as a counterweight.

63. (New) The system of claim 58, wherein the first and second securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end.


WBD (US) 4879-9872-4274v1

**REMARKS**

With this preliminary amendment, claims 21-40 are canceled and claims 1-20 were previously canceled, while claims 41-63 are added. Support for the new claims is found in at least, for example, paragraph [0037], [0039], [0042], [0043], [0046], and [0051] of the original parent publication. No new matter is added by way of this amendment. Claims 41-63 are pending.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

**ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT & TRADEMARK OFFICE ON SEPTEMBER 16, 2024.**

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **09/16/2024 06:13:13 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 67194951 | FILING DATE | 03/29/2024 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

# TOTAL DOCUMENTS: 3

| DOCUMENT | | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|---|
| S105508_1010US_C11_0060_0_Second_Preliminary_Amendment.pdf | | 8 | - | 115 KB |
| S105508_1010US_C11_0060_0_Second_Preliminary_Amendment-A.PE.pdf | (1-1) | 1 | Preliminary Amendment | 99 KB |
| S105508_1010US_C11_0060_0_Second_Preliminary_Amendment-CLM.pdf | (2-7) | 6 | Claims | 76 KB |
| S105508_1010US_C11_0060_0_Second_Preliminary_Amendment-REM.pdf | (8-8) | 1 | Applicant Arguments/Remarks Made in an Amendment | 99 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C11_0060_0_Second_Preliminary_Amendment.pdf | 447FE73C259BBF0D94AC665F46BD88A450E3DC46F17E403DF632EF477AE6CCDA46ACD9D6347588FBFBD4C760F529BF0CC2B10E10E3A9FEEFDCBBEA793D8C54C8 |
| S105508_1010US_C11_0060_0_Second_Preliminary_Amendment-A.PE.pdf | 93799174FDA96B11CE2A7D89C66F6A126BD539E10945B7A9D970596F1014F85563114FB9F369FEFC00D037BF8013CFDBD19A6050666AAF0F21F2918169B5A371 |
| S105508_1010US_C11_0060_0_Second_Preliminary_Amendment-CLM.pdf | E0513639B0750BAD7E975F03084319C8070BFA98B1A5D26F9B869F5DC5063FE1838A667D7E9EABEA6A997350875F2F6A17086455858EC7678501484FF9DC9C89 |
| S105508_1010US_C11_0060_0_Second_Preliminary_Amendment-REM.pdf | A4465A0FE4022508B34ECF99CDED4A853BC5B644226188667262BF584B14F8817133713DF90C5D4B4C52514609AE678EA73D455F12109ECC734B7203C4F52C2A |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

| *Index of Claims* | Application/Control No. 18/622,175 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/07/2024 | | | | | | | | |
| | 1 | - | | | | | | | | |
| | 2 | - | | | | | | | | |
| | 3 | - | | | | | | | | |
| | 4 | - | | | | | | | | |
| | 5 | - | | | | | | | | |
| | 6 | - | | | | | | | | |
| | 7 | - | | | | | | | | |
| | 8 | - | | | | | | | | |
| | 9 | - | | | | | | | | |
| | 10 | - | | | | | | | | |
| | 11 | - | | | | | | | | |
| | 12 | - | | | | | | | | |
| | 13 | - | | | | | | | | |
| | 14 | - | | | | | | | | |
| | 15 | - | | | | | | | | |
| | 16 | - | | | | | | | | |
| | 17 | - | | | | | | | | |
| | 18 | - | | | | | | | | |
| | 19 | - | | | | | | | | |
| | 20 | - | | | | | | | | |
| | 21 | - | | | | | | | | |
| | 22 | - | | | | | | | | |
| | 23 | - | | | | | | | | |
| | 24 | - | | | | | | | | |
| | 25 | - | | | | | | | | |
| | 26 | - | | | | | | | | |
| | 27 | - | | | | | | | | |
| | 28 | - | | | | | | | | |
| | 29 | - | | | | | | | | |
| | 30 | - | | | | | | | | |
| | 31 | - | | | | | | | | |
| | 32 | - | | | | | | | | |
| | 33 | - | | | | | | | | |
| | 34 | - | | | | | | | | |
| | 35 | - | | | | | | | | |
| | 36 | - | | | | | | | | |
| | 37 | - | | | | | | | | |
| | 38 | - | | | | | | | | |
| | 39 | - | | | | | | | | |
| | 40 | - | | | | | | | | |
| | 41 | ✓ | | | | | | | | |
| | 42 | ✓ | | | | | | | | |

| *Index of Claims* | Application/Control No. 18/622,175 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/07/2024 | | | | | | | | |
| | 43 | ✓ | | | | | | | | |
| | 44 | ✓ | | | | | | | | |
| | 45 | ✓ | | | | | | | | |
| | 46 | ✓ | | | | | | | | |
| | 47 | ✓ | | | | | | | | |
| | 48 | ✓ | | | | | | | | |
| | 49 | ✓ | | | | | | | | |
| | 50 | ✓ | | | | | | | | |
| | 51 | ✓ | | | | | | | | |
| | 52 | ✓ | | | | | | | | |
| | 53 | ✓ | | | | | | | | |
| | 54 | ✓ | | | | | | | | |
| | 55 | ✓ | | | | | | | | |
| | 56 | ✓ | | | | | | | | |
| | 57 | ✓ | | | | | | | | |
| | 58 | ✓ | | | | | | | | |
| | 59 | ✓ | | | | | | | | |
| | 60 | ✓ | | | | | | | | |
| | 61 | ✓ | | | | | | | | |
| | 62 | ✓ | | | | | | | | |
| | 63 | ✓ | | | | | | | | |

| Search Notes | Application/Control No. 18/622,175 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/60, 62, 005 | 10/07/2024 | NCH |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered and updated search history for parent application 18/072143 | 10/07/2024 | NCH |
| Considered IDS filed 3/29/24 and 6/5/24 | 10/07/2024 | NCH |
| Performed inventor name search | 10/07/2024 | NCH |
| Please see attached PE2E search history | 10/07/2024 | NCH |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

# Bibliographic Data

Application No: 18/622,175

Foreign Priority claimed: ○ Yes ◉ No

35 USC 119 (a-d) conditions met: ☐ Yes ☑ No ☐ Met After Allowance

Verified and Acknowledged: /Noah Chandler Hawk/ NCH

Examiner's Signature Initials

Title: SHADING SYSTEM AND METHOD OF USE

| FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 03/29/2024 | 135 | 3636 | S105508 1010US.C11(0060.0 |
| **RULE** | | | |

**APPLICANTS**

Shibumi Shade, Inc., Raleigh, NC, UNITED STATES

**INVENTORS**

Dane Brooks Barnes, Raleigh, NC, UNITED STATES

Alexander Griffith Slater, Raleigh, NC, UNITED STATES

Scott Christian Barnes, Raleigh, NC, UNITED STATES

**CONTINUING DATA**

This application is a CON of 18072143 11/30/2022 PAT 11970876

18072143 is a CON of 17471658 09/10/2021

18072143 is a CON of 17343114 06/09/2021 PAT 11536046

17343114 is a CON of 17232799 04/16/2021 PAT 11634924

17471658 is a CON of 17232799 04/16/2021 PAT 11634924

17232799 is a CON of 16987886 08/07/2020 PAT 11111690

16987886 is a CON of 16224465 12/18/2018 PAT 10753117

16224465 is a CON of 15675715 08/12/2017 PAT 10190330

15675715 has PRO of 62409426 10/18/2016

**FOREIGN APPLICATIONS**

**IF REQUIRED, FOREIGN LICENSE GRANTED****

04/09/2024

**STATE OR COUNTRY**

UNITED STATES

**ADDRESS**

WOMBLE BOND DICKINSON (US) LLP

ATTN: IP DOCKETING

P.O. Box 570489
ATLANTA, GA 30357-0037
UNITED STATES

**FILING FEE RECEIVED**

$1,820

# PE2E SEARCH - Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | British Equivalents | Time Stamp |
|---|---|---|---|---|---|---|---|
| L155 | 161 | e04h2015/326.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L156 | 1058 | 135/119.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L157 | 860 | 135/118.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L158 | 1187 | 135/115,120.1.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L159 | 1203 | e04H15/003.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L160 | 521 | 135/114.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L161 | 116 | 135/127.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L162 | 4260 | L156 L157 L158 L160 L161 L159 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L163 | 289 | 40/214,606.11,217.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L164 | 237 | 40/412.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2020/04/16 04:08 PM |
| L165 | 2205 | 160/135,350,351,352,377.ccls. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L166 | 6916 | L162 L163 L164 L165 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L167 | 704 | e04h12/22.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L168 | 7748 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L169 | 8 | L168 and @pd>"20200107" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2020/04/16 04:08 PM |
| L170 | 4 | (15/675715 \| 16/224465).APP. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/06/10 12:16 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| L171 | 8267 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/10 12:16 PM |
| L173 | 57 | L171 AND @pd>"20200416" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/10 12:18 PM |
| L174 | 2 | "16987886" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/10 12:18 PM |
| L175 | 164 | 171 AND (telescop$6) AND bend$4 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/06/14 12:08 PM |
| L176 | 49 | shibumi | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/06/14 01:06 PM |
| L178 | 8272 | L155 L166 L167 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/07/28 03:00 PM |
| L179 | 13 | 178 AND @pd>"20210610" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/07/28 03:00 PM |
| L180 | 4531 | e04h15/30.cpc. e04h15/32.cpc. e04h15/36.cpc. e04h15/44.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L181 | 620 | 180 AND wind | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L182 | 366 | 181 AND (weight anchor) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L183 | 245 | 182 AND (bag sleeve container) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2021/07/28 03:09 PM |
| L184 | 10 | shibumi | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2021/10/22 02:43 PM |
| L189 | 64 | ((US-20140041703-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20120291830-A1 OR | (USPAT; US-PGPUB; FPRS; USOCR; IBM_TDB; EPO; JPO; DERWENT; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, | OR | ON | ON | 2021/10/25 03:50 PM |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | US-20100212709-A1 OR US-20070079857-A1 OR US-20130074894-A1 OR US-20090114260-A1 OR US-20150252585-A1 OR US-20180106064-A1 OR US-20190119942-A1 OR US-20030089390-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210230899-A1 OR US-20210293046-A1).did. AND PGPB.dbnm.) OR ((US-3394720-A OR US-3042053-A OR US-3070107-A OR US-3075536-A OR US-2554688-A OR US-3052249-A).did. AND USOC.dbnm.) OR ((US-8453664-B2 OR US-4739784-A OR US-4881565-A OR US-4930534-A OR US-9482024-B2 OR US-6964277-B2 OR US-5299590-A OR US-5950649-A OR US-7789097-B1 OR US-5080123-A OR US-6286531-B1 OR US-7841356-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-3970096-A OR US-4590956-A OR US-8424549-B1 OR US-7406977-B1 OR US-5823217-A OR US-8899251-B2 OR US-9051755-B2 OR US-9113724-B1 OR US-5345962-A OR US-7708339-B2 OR US-4716918-A OR US-8087423-B2 OR US-9051756-B1 OR US-10190330-B2 OR US-5927311-A OR US-10753117-B2 OR US-11111690-B2).did. AND | GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN)) | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | USPT.dbnm.) OR ((DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011150477-A1).did. AND FPRS.dbnm.) OR ((US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1).did. AND DWPI.dbnm.) | | | | | |
| L191 | 36 | 189 AND strap | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/25 03:50 PM |
| L192 | 4 | "17343114" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, CA, CH, CN, DD, DE, EA, EP, ES, FR, GB, JP, KR, OA, RU, SU, WO); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2021/10/26 04:00 PM |
| L194 | 58 | L171 AND @pd>"20200610" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | OFF | OFF | 2021/10/26 04:09 PM |
| L195 | 5 | ("2186510" "3052249" "5678704").pn. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/02/07 04:09 PM |
| L196 | 12 | "101315166" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2022/02/07 04:19 PM |
| L201 | 23 | ("584726" \| "2415956" \| "4924893" \| "5065879" \| "5520364" \| "5524990" \| "5931583" \| "6149305" \| "6186662" \| "6240940" \| "6554149" \| "6739095" \| "6964277" \| "7353833" \| | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/04/13 01:42 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | "7524111" \| "7946305" \| "8439058" \| "8656937" \| "20020026890" \| "20040123887" \| "20050061409" \| "20120017960" \| "20130051707").pn. OR ("9482024").urpn. AND (PGPB \| USPT \| USOC).dbnm. | | | | | |
| L202 | 41 | ("486256" \| "1293526" \| "1460821" \| "2024946" \| "2126030" \| "2551963" \| "3407825" \| "4118902" \| "4546730" \| "4570465" \| "4648482" \| "4733840").pn. OR ("4924893").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/04/13 01:44 PM |
| L203 | 2359 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/26 05:17 PM |
| L204 | 312 | 203 AND (auger screw corkscrew) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/26 05:17 PM |
| L205 | 77 | ("1883477" \| "4832304" \| "4910902" \| "5046699" \| "5564232" \| "5881978" \| "5921035" \| "6095081" \| "6629389" \| "20090277368" \| "3519234" \| "4233769" \| "4524533" \| "4717110" \| "4765277" \| "5067683" \| "5181335" \| "5492429" \| "5502910" \| "5833181" \| "5921035" \| "6820379" \| "7007910" \| "7246783" \| "8407949" \| "20020014570" \| "20060060749" \| "20080156957" \| "20120104190" \| "168890" \| "345877" \| "907799" \| "1562343" \| "2269996" \| "2447444" \| "2563159" \| "2901789" \| "3059732" \| "3286962" \| "3318560" \| "3688454" \| "3865309" \| "4607608" \| "4928418" \| "5098057" \| "6401656" \| "6412236" \| "6481147" \| "6487977" \| "6698132" \| "6810630" \| "6901693" \| "D550071" \| | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/06/26 06:02 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | "7493873" \| "8006946" \| "8230638" \| "9316016" \| "20050268522").pn. OR ("8656651" \| "9447599" \| "2016/0360869" \| "9854899").urpn. AND (PGPB \| USPT \| USOC).dbnm. | | | | | |
| L206 | 77 | ((US-20090114260-A1 OR US-20100212709-A1 OR US-20070079857-A1 OR US-20130074894-A1 OR US-20150252585-A1 OR US-20180106064-A1 OR US-20140041703-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20120291830-A1 OR US-20190119942-A1 OR US-20030089390-A1 OR US-20160360869-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1).did. AND PGPB.dbnm.) OR ((US-7841356-B2 OR US-9051754-B2 OR US-8720461-B2 OR US-3970096-A OR US-4590956-A OR US-8424549-B1 OR US-7406977-B1 OR US-5823217-A OR US-8899251-B2 OR US-9051755-B2 OR US-9113724-B1 OR US-5345962-A OR US-7708339-B2 OR US-4716918-A OR US-8087423-B2 OR US-9051756-B1 OR US-5080123-A OR US-8453664-B2 OR US-4739784-A OR US-4881565-A OR US- | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2022/06/28 10:49 AM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 4930534-A OR US-6964277-B2 OR US-5299590-A OR US-5950649-A OR US-7789097-B1 OR US-6286531-B1 OR US-9482024-B2 OR US-10190330-B2 OR US-5927311-A OR US-10753117-B2 OR US-8656651-B1 OR US-9447599-B1 OR US-9854899-B2 OR US-4832304-A OR US-5046699-A OR US-6487977-B1 OR US-4924893-A OR US-5678704-A OR US-11111690-B2).did. AND USPT.dbnm.) OR ((WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR KR-101315166-B1).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3042053-A OR US-3070107-A OR US-3075536-A OR US-2554688-A OR US-3286962-A OR US-3052249-A OR US-2186510-A).did. AND USOC.dbnm.) OR ((US-20180106064-A1 OR US-20210002918-A1 OR US-20190119942-A1).did. AND DWPI.dbnm.) OR ((KR-101315166-B1).did. AND FTDB.dbnm.) | | | | | |
| L207 | 30 | 206 AND (elastic bungee) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:50 AM |
| L208 | 20 | 207 NOT barnes.in. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:50 AM |
| L209 | 55 | e04h15/64.cpc. AND (elatic bungee) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:54 AM |
| L210 | 236 | e04h15/64.cpc. AND (elastic bungee) | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 10:54 AM |
| L211 | 248 | e04h15/64.cpc. AND | (US-PGPUB; USPAT; | OR | ON | ON | 2022/06/28 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | strap | USOCR; FPRS; EPO; JPO; IBM_TDB) | | | | 11:06 AM |
| L212 | 11 | ("824332" \| "3139662" \| "3422504" \| "3597812" \| "3780400" \| "4184233" \| "4534089").pn. OR ("5291640").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2022/06/28 11:09 AM |
| L213 | 13 | "17232799" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/28 04:46 PM |
| L214 | 12 | 206 AND telescop$4 | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/06/29 03:06 PM |
| L215 | 75 | ((US-20210062535-A1 OR US-20210002918-A1 OR US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20150040957-A1 OR US-20140041703-A1 OR US-20100212709-A1 OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR US-20150252585-A1 OR US-20120291830-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20140209132-A1 OR US-20130074894-A1 OR US-20160360869-A1).did. AND PGPB.dbnm.) OR ((US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1).did. AND DWPI.dbnm.) OR ((US-4924893-A OR US-5678704-A OR US-11111690-B2 OR US-9482024-B2 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US- | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/09/14 01:38 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 8720461-B2 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US-7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5345962-A OR US-5299590-A OR US-4930534-A OR US-4881565-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-9051756-B1 OR US-8899251-B2 OR US-5080123-A OR US-10190330-B2 OR US-10753117-B2 OR US-6487977-B1 OR US-5046699-A OR US-4832304-A OR US-9854899-B2 OR US-8656651-B1 OR US-5771912-A OR US-5291640-A OR US-9447599-B1).did. AND USPT.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR DE-102009020795-A1).did. AND FPRS.dbnm.) OR ((KR-101315166-B1).did. AND FTDB.dbnm.) OR ((US-3052249-A OR US-2186510-A OR US-3394720-A OR US-3075536-A OR US-3042053-A OR US-2554688-A OR US-3070107-A OR US-3286962-A).did. AND USOC.dbnm.) | | | | | |
| L216 | 1 | "17471658" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/09/14 01:39 PM |
| L217 | 31 | "2524310" | (US-PGPUB; USPAT; | OR | ON | ON | 2022/09/14 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | USOCR; FPRS; EPO; JPO; IBM_TDB) | | | | 01:46 PM |
| L218 | 147 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2022/09/14 04:23 PM |
| L219 | 101 | ("10066417"\|"10252778"\|"10602817"\|"11156012"\|"11219286"\|"11291944"\|"1571295"\|"20030066550"\|"20030089390"\|"20070079857"\|"20120291830"\|"20130074894"\|"20140041703"\|"20140209132"\|"20150040957"\|"20150252585"\|"20150354244"\|"2186510"\|"2190566"\|"2554688"\|"2963031"\|"3042053"\|"3051185"\|"3052249"\|"3070107"\|"3075536"\|"3190300"\|"3286962"\|"3388711"\|"3394720"\|"4590956"\|"4646770"\|"4739784"\|"4750508"\|"4915120"\|"4924893"\|"4930534"\|"5046699"\|"5080123"\|"5215109"\|"5291640"\|"5299590"\|"5358209"\|"5546971"\|"5678704"\|"5771912"\|"5823217"\|"5927311"\|"5950649"\|"6321861"\|"6964277"\|"7021866"\|"7191996"\|"7316239"\|"7406977"\|"7708339"\|"7789097"\|"8424549"\|"8453664"\|"8720461"\|"8899251"\|"9051755"\|"9051756"\|"9113724"\|"9447599"\|"9903134"\|"D263984"\|"D363755"\|"D397401"\|"D398363"\|"D421532"\|"D438929"\|"D544062"\|"D555748"\|"D577092"\|"D593315"\|"D630834"\|"D739555"\|"D741437"\|"D843200"\|"D859808"\|"D877486"\|"D928899"\|"D947975"\|"D948653"\|"D960277").PN. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/03/09 01:54 PM |
| L220 | 18 | "2011012969" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, | OR | ON | ON | 2023/03/09 02:00 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | | | | |
| L221 | 6 | "2022174316" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/03/09 02:01 PM |
| L222 | 13 | "2020089599" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/03/09 02:02 PM |
| L223 | 105 | ((US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20160360869-A1 OR US-20150252585-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20140041703-A1 | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/03/09 04:23 PM |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | OR US-20130074894-A1 OR US-20120291830-A1 OR US-20100212709-A1 OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR US-20210404208-A1 OR US-20030066550-A1 OR US-20150354244-A1).did. AND PGPB.dbnm.) OR ((US-11111690-B2 OR US-10753117-B2 OR US-10190330-B2 OR US-9854899-B2 OR US-9482024-B2 OR US-9447599-B1 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-9051756-B1 OR US-8899251-B2 OR US-8720461-B2 OR US-8656651-B1 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US-7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6487977-B1 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5771912-A OR US-5678704-A OR US-5345962-A OR US-5299590-A OR US-5291640-A OR US-5080123-A OR US-5046699-A OR US-4930534-A OR US-4924893-A OR US-4881565-A OR US-4832304-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-4646770-A OR US- | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 4750508-A OR US-4915120-A OR US-5215109-A OR US-5358209-A OR US-5546971-A OR US-6321861-B1 OR US-7021866-B2 OR US-7191996-B2 OR US-7316239-B2 OR US-9903134-B2 OR US-10066417-B1 OR US-10252778-B1 OR US-10602817-B2 OR US-11156012-B2 OR US-11219286-B2).did. AND USPT.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR CA-2524310-A1 OR WO-2011012969-A3).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3286962-A OR US-3075536-A OR US-3070107-A OR US-3052249-A OR US-3042053-A OR US-2554688-A OR US-2186510-A OR US-1129194-A OR US-1571295-A OR US-2190566-A OR US-2963031-A OR US-3051185-A OR US-3190300-A OR US-3388711-A).did. AND USOC.dbnm.) OR ((WO-2022174316-A1 OR WO-2020089599-A1).did. AND FTDB.dbnm.) | | | | | |
| L224 | 2508 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/03/09 04:34 PM |
| L225 | 156 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/03/09 04:34 PM |
| L226 | 47 | ("20160017631"\|"20160053508"\|"2055044"\|"2193469"\|"3165110"\|"3261134"\|"3970096"\|"4098281"\|"4312371"\|"4404980"\|"4829694"\|"494142 | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/07/23 03:18 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 2"\|"5595203"\|"5690134"\|"6026613"\|"6062243"\|"6272695"\|"6276382"\|"6402220"\|"6434891"\|"7654277"\|"7721361"\|"8991411"\|"9103137"\|"9187924"\|"9371641"\|"9394719"\|"9394721"\|"9435133"\|"9506268"\|"D256829"\|"D321924"\|"D390730"\|"D400949"\|"D601653"\|"D624623"\|"D638954"\|"D761372"\|"D788319").PN. ("20070295380"\|"20100212709"\|"20180106064"\|"6209149").PN. | | | | | |
| L227 | 36 | "2020100586" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/07/23 03:20 PM |
| L228 | 146 | ((US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20160360869-A1 OR US-20150252585-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20140041703-A1 OR US-20130074894-A1 OR US-20120291830-A1 OR US-20100212709-A1 OR US-20090114260-A1 OR US-20070079857-A1 OR | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/09/25 02:13 PM |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR US-20070295380-A1 OR US-20160017631-A1 OR US-20160053508-A1 OR US-20030066550-A1 OR US-20150354244-A1 OR US-20210404208-A1).did. AND PGPB.dbnm.) OR ((US-11111690-B2 OR US-10753117-B2 OR US-10190330-B2 OR US-9854899-B2 OR US-9482024-B2 OR US-9447599-B1 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-9051756-B1 OR US-8899251-B2 OR US-8720461-B2 OR US-8656651-B1 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US-7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6487977-B1 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5771912-A OR US-5678704-A OR US-5345962-A OR US-5299590-A OR US-5291640-A OR US-5080123-A OR US-5046699-A OR US-4930534-A OR US-4924893-A OR US-4881565-A OR US-4832304-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-6209149-B1 OR US-4098281-A OR US-4312371-A OR US-4404980-A OR US- | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 4829694-A OR US-4941422-A OR US-5595203-A OR US-5690134-A OR US-6026613-A OR US-6062243-A OR US-6272695-B1 OR US-6276382-B1 OR US-6402220-B2 OR US-6434891-B1 OR US-7654277-B1 OR US-7721361-B1 OR US-8991411-B1 OR US-9103137-B2 OR US-9187924-B1 OR US-9371641-B2 OR US-9394719-B2 OR US-9394721-B2 OR US-9435133-B2 OR US-9506268-B1 OR US-D256829-S OR US-D321924-S OR US-D390730-S OR US-D400949-S OR US-D601653-S OR US-D624623-S OR US-D638954-S OR US-D761372-S OR US-D788319-S OR US-4646770-A OR US-4750508-A OR US-4915120-A OR US-5215109-A OR US-5358209-A OR US-5546971-A OR US-6321861-B1 OR US-7021866-B2 OR US-7191996-B2 OR US-7316239-B2 OR US-9903134-B2 OR US-10066417-B1 OR US-10252778-B1 OR US-10602817-B2 OR US-11156012-B2 OR US-11219286-B2).did. AND USPT.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011012969-A3 OR CA-2524310-A1).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3286962-A OR US-3075536-A OR US- | | | | | |



Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 115 of 328

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 3070107-A OR US-3052249-A OR US-3042053-A OR US-2554688-A OR US-2186510-A OR US-2055044-A OR US-2193469-A OR US-3165110-A OR US-3261134-A OR US-1129194-A OR US-1571295-A OR US-2190566-A OR US-2963031-A OR US-3051185-A OR US-3190300-A OR US-3388711-A).did. AND USOC.dbnm.) OR ((AU-2020100586-A4 OR WO-2022174316-A1 OR WO-2020089599-A1).did. AND FTDB.dbnm.) | | | | | |
| L229 | 3 | "18072143" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/09/27 02:17 PM |
| L231 | 5 | ("20180245367" "20220024290" "20230096848" "20230151636").pn. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/10/19 03:29 PM |
| L232 | 30 | ("3448748" \| "4979531" \| "5029847" \| "5435024" \| "5590674" \| "5628336" \| "5683199" \| "5732726" \| "5771912" \| "6042297").pn. OR ("6286531").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/10/19 04:56 PM |
| L233 | 54 | ("3448748" \| "3635233" \| "3635233" \| "3730544" \| "3794054" \| "3834410" \| "4063830").pn. OR ("4979531").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/10/19 04:58 PM |
| L234 | 160 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/10/23 01:57 PM |
| L235 | 2530 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/10/23 01:57 PM |
| L236 | 317 | (rooftop (truck ADJ bed)) AND tent AND shipping | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/10/23 03:14 PM |
| L237 | 8 | ("11634924"\|"11686120 | (US-PGPUB; USPAT; | OR | ON | ON | 2023/11/29 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | "\|"20230126867"\|"D884816"\|"D989350"\|"D990605"\|"D993454"\|"D993455").PN. | USOCR; FPRS; EPO; JPO; IBM_TDB) | | | | 08:17 AM |
| L238 | 32 | ("0609553" \| "1819490" \| "2142851" \| "2266853" \| "3190300" \| "3540458" \| "4646770").pn. OR ("4930534").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/11/29 09:08 AM |
| L240 | 184 | ("10174507"\|"11634924"\|"11686120"\|"20070221261"\|"20140020727"\|"20170362849"\|"20210293046"\|"20230126867"\|"4612948"\|"D287041"\|"D420751"\|"D438589"\|"D605308"\|"D670003"\|"D681762"\|"D681765"\|"D844824"\|"D884816"\|"D914827"\|"D920461"\|"D973572"\|"D973824"\|"D989350"\|"D990605"\|"D993454"\|"D993455"\|"10066417"\|"10190330"\|"10252778"\|"10602817"\|"11156012"\|"11219286"\|"1129194"\|"1571295"\|"20030066550"\|"20030089390"\|"20070079857"\|"20070295380"\|"20100212709"\|"20120291830"\|"20130074894"\|"20140041703"\|"20140209132"\|"20150040957"\|"20150252585"\|"20150354244"\|"20160017631"\|"20160053508"\|"20180106064"\|"20180245367"\|"20220024290"\|"20230096848"\|"20230151636"\|"2055044"\|"2186510"\|"2190566"\|"2193469"\|"2554688"\|"2963031"\|"3042053"\|"3051185"\|"3052249"\|"3070107"\|"3075536"\|"3165110"\|"3190300"\|"3261134"\|"3286962"\|"3388711"\|"3394720"\|"3970096"\|"4098281"\|"4312371"\|"4404980"\|"4590956"\|"4646770"\|"4739784"\|"4750508"\|"4829694"\|"4915120"\|"4924893"\|"4930534"\|"4941422"\|"5046699"\|"5080123" | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/12/20 10:02 AM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | \|"5215109"\|"5291640"\|"5299590"\|"5358209"\|"5546971"\|"5595203"\|"5678704"\|"5690134"\|"5771912"\|"5823217"\|"5927311"\|"5950649"\|"6026613"\|"6062243"\|"6209149"\|"6272695"\|"6276382"\|"6286531"\|"6321861"\|"6402220"\|"6434891"\|"6964277"\|"7021866"\|"7191996"\|"7316239"\|"7406977"\|"7654277"\|"7708339"\|"7721361"\|"7789097"\|"8424549"\|"8453664"\|"8720461"\|"8899251"\|"8991411"\|"9051755"\|"9051756"\|"9103137"\|"9113724"\|"9187924"\|"9371641"\|"9394719"\|"9394721"\|"9435133"\|"9447599"\|"9506268"\|"9903134"\|"D256829"\|"D263984"\|"D321924"\|"D363755"\|"D390730"\|"D397401"\|"D398363"\|"D400949"\|"D421532"\|"D438929"\|"D544062"\|"D555748"\|"D577092"\|"D593315"\|"D601653"\|"D624623"\|"D630834"\|"D638954"\|"D739555"\|"D741437"\|"D761372"\|"D788319"\|"D823419"\|"D829839"\|"D843200"\|"D859808"\|"D877486"\|"D928899"\|"D947411"\|"D947975"\|"D948653"\|"D960277"\|"D985801").PN. | | | | | |
| L241 | 3 | "18329082" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/12/20 10:07 AM |
| L242 | 160 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/12/20 10:07 AM |
| L243 | 2538 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2023/12/20 10:07 AM |
| L244 | 19 | ("0824332" \| "3139662" \| "3422504" \| "3597812" \| "3780400" \| "4184233" \| "4534089").pn. OR ("5291640").urpn. AND (PGPB \| USPT \| USOC).dbnm. | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2023/12/20 11:13 AM |
| L245 | 167 | ((US-4979531-A OR | (US-PGPUB; USPAT; | OR | ON | ON | 2023/12/20 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | US-11111690-B2 OR US-10753117-B2 OR US-10190330-B2 OR US-9854899-B2 OR US-9482024-B2 OR US-9447599-B1 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-9051756-B1 OR US-8899251-B2 OR US-8720461-B2 OR US-8656651-B1 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US-7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6487977-B1 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5771912-A OR US-5678704-A OR US-5345962-A OR US-5299590-A OR US-5291640-A OR US-5080123-A OR US-5046699-A OR US-4930534-A OR US-4924893-A OR US-4881565-A OR US-4832304-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-11219286-B2 OR US-11156012-B2 OR US-10602817-B2 OR US-10252778-B1 OR US-10066417-B1 OR US-9903134-B2 OR US-7316239-B2 OR US-7191996-B2 OR US-7021866-B2 OR US-6321861-B1 OR US-5546971-A OR US-5358209-A OR US-5215109-A OR US-4915120-A OR US-4750508-A OR US-4646770-A OR US-D788319-S OR US- | USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | | | | 11:30 AM |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 9506268-B1 OR US-9435133-B2 OR US-9394721-B2 OR US-9394719-B2 OR US-D761372-S OR US-9371641-B2 OR US-9187924-B1 OR US-9103137-B2 OR US-8991411-B1 OR US-D638954-S OR US-D624623-S OR US-7721361-B1 OR US-7654277-B1 OR US-D601653-S OR US-6434891-B1 OR US-6402220-B2 OR US-6276382-B1 OR US-6272695-B1 OR US-6209149-B1 OR US-6062243-A OR US-6026613-A OR US-D400949-S OR US-D390730-S OR US-5690134-A OR US-5595203-A OR US-D321924-S OR US-4941422-A OR US-4829694-A OR US-4404980-A OR US-4312371-A OR US-D256829-S OR US-4098281-A OR US-4534089-A OR US-11634924-B2 OR US-D989350-S OR US-D990605-S OR US-11686120-B1 OR US-D884816-S OR US-D993455-S OR US-D993454-S OR US-10174507-B1 OR US-4612948-A).did. AND USPT.dbnm.) OR ((US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20160360869-A1 OR US-20150252585-A1 OR US-20150040957-A1 OR US-20140209132- | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | A1 OR US-20140041703-A1 OR US-20130074894-A1 OR US-20120291830-A1 OR US-20100212709-A1 OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR US-20150354244-A1 OR US-20030066550-A1 OR US-20210404208-A1 OR US-20230089529-A1 OR US-20160053508-A1 OR US-20160017631-A1 OR US-20070295380-A1 OR US-20170362849-A1 OR US-20230151636-A1 OR US-20230096848-A1 OR US-20220024290-A1 OR US-20180245367-A1 OR US-20230126867-A1 OR US-20070221261-A1 OR US-20140020727-A1 OR US-20230313555-A1).did. AND PGPB.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011012969-A3 OR CA-2524310-A1).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3286962-A OR US-3075536-A OR US-3070107-A OR US-3052249-A OR US-3042053-A OR US-2554688-A OR US-2186510-A OR US-3388711-A OR US-3190300-A OR US-3051185-A OR US-2963031-A OR US-2190566-A OR US-1571295-A OR US- | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 1129194-A OR US-3261134-A OR US-3165110-A OR US-2193469-A OR US-2055044-A).did. AND USOC.dbnm.) OR ((WO-2020089599-A1 OR WO-2022174316-A1 OR AU-2020100586-A4).did. AND FTDB.dbnm.) | | | | | |
| L246 | 54 | 245 AND elastic | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/12/20 11:30 AM |
| L247 | 20 | (Dane AND Brooks AND Barnes).in. | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/12/20 11:50 AM |
| L248 | 20 | (Alexander AND Griffith AND Slater).in. | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; | OR | ON | ON | 2023/12/20 11:50 AM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | JPO; DERWENT; IBM_TDB) | | | | |
| L249 | 36 | (Scott AND Christian AND Barnes).in. | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2023/12/20 11:50 AM |
| L250 | 107 | "4832304" "20150108295" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2024/03/29 03:51 PM |
| L251 | 90 | "4832304" "20150108295" | (US-PGPUB; USPAT; USOCR) | OR | ON | ON | 2024/03/29 03:51 PM |
| L252 | 168 | ((US-4979531-A OR US-11111690-B2 OR US-10753117-B2 OR US-10190330-B2 OR US-9854899-B2 OR US-9482024-B2 OR US-9447599-B1 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-9051756-B1 OR US-8899251-B2 OR US-8720461-B2 OR US-8656651-B1 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US-7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6487977-B1 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US-5771912-A OR US-5678704-A OR US-5345962-A OR US-5299590-A OR US-5291640-A OR US-5080123-A OR US- | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2024/04/01 02:33 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 5046699-A OR US-<br>4930534-A OR US-<br>4924893-A OR US-<br>4881565-A OR US-<br>4832304-A OR US-<br>4739784-A OR US-<br>4716918-A OR US-<br>4590956-A OR US-<br>3970096-A OR US-<br>11219286-B2 OR US-<br>11156012-B2 OR US-<br>10602817-B2 OR US-<br>10252778-B1 OR US-<br>10066417-B1 OR US-<br>9903134-B2 OR US-<br>7316239-B2 OR US-<br>7191996-B2 OR US-<br>7021866-B2 OR US-<br>6321861-B1 OR US-<br>5546971-A OR US-<br>5358209-A OR US-<br>5215109-A OR US-<br>4915120-A OR US-<br>4750508-A OR US-<br>4646770-A OR US-<br>D788319-S OR US-<br>9506268-B1 OR US-<br>9435133-B2 OR US-<br>9394721-B2 OR US-<br>9394719-B2 OR US-<br>D761372-S OR US-<br>9371641-B2 OR US-<br>9187924-B1 OR US-<br>9103137-B2 OR US-<br>8991411-B1 OR US-<br>D638954-S OR US-<br>D624623-S OR US-<br>7721361-B1 OR US-<br>7654277-B1 OR US-<br>D601653-S OR US-<br>6434891-B1 OR US-<br>6402220-B2 OR US-<br>6276382-B1 OR US-<br>6272695-B1 OR US-<br>6209149-B1 OR US-<br>6062243-A OR US-<br>6026613-A OR US-<br>D400949-S OR US-<br>D390730-S OR US-<br>5690134-A OR US-<br>5595203-A OR US-<br>D321924-S OR US-<br>4941422-A OR US-<br>4829694-A OR US-<br>4404980-A OR US-<br>4312371-A OR US-<br>D256829-S OR US-<br>4098281-A OR US- | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 4534089-A OR US-11634924-B2 OR US-D989350-S OR US-D990605-S OR US-11686120-B1 OR US-D884816-S OR US-D993455-S OR US-D993454-S OR US-10174507-B1 OR US-4612948-A).did. AND USPT.dbnm.) OR ((US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20160360869-A1 OR US-20150252585-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20140041703-A1 OR US-20130074894-A1 OR US-20120291830-A1 OR US-20100212709-A1 OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR US-20150354244-A1 OR US-20030066550-A1 OR US-20210404208-A1 OR US-20230089529-A1 OR US-20160053508-A1 OR US-20160017631-A1 OR US-20070295380-A1 OR US-20170362849-A1 OR US-20230151636-A1 OR US-20230096848-A1 OR US-20220024290-A1 OR US-20180245367-A1 OR US-20230126867-A1 OR US-20070221261-A1 OR US-20140020727- | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | A1 OR US-20230313555-A1 OR US-20150108295-A1).did. AND PGPB.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011012969-A3 OR CA-2524310-A1).did. AND FPRS.dbnm.) OR ((US-3394720-A OR US-3286962-A OR US-3075536-A OR US-3070107-A OR US-3052249-A OR US-3042053-A OR US-2554688-A OR US-2186510-A OR US-3388711-A OR US-3190300-A OR US-3051185-A OR US-2963031-A OR US-2190566-A OR US-1571295-A OR US-1129194-A OR US-3261134-A OR US-3165110-A OR US-2193469-A OR US-2055044-A).did. AND USOC.dbnm.) OR ((WO-2020089599-A1 OR WO-2022174316-A1 OR AU-2020100586-A4).did. AND FTDB.dbnm.) | | | | | |
| L253 | 54 | 252 AND elastic | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2024/04/01 02:33 PM |
| L254 | 39 | 252 AND elastic NOT shibumi | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, | OR | ON | ON | 2024/04/01 02:34 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | | | | |
| L255 | 66 | "3162920" | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2024/04/01 03:22 PM |
| L256 | 169 | ((US-4979531-A OR US-11111690-B2 OR US-10753117-B2 OR US-10190330-B2 OR US-9854899-B2 OR US-9482024-B2 OR US-9447599-B1 OR US-9113724-B1 OR US-9051755-B2 OR US-9051754-B2 OR US-9051756-B1 OR US-8899251-B2 OR US-8720461-B2 OR US-8656651-B1 OR US-8453664-B2 OR US-8424549-B1 OR US-8087423-B2 OR US-7841356-B2 OR US-7789097-B1 OR US-7708339-B2 OR US-7406977-B1 OR US-6964277-B2 OR US-6487977-B1 OR US-6286531-B1 OR US-5950649-A OR US-5927311-A OR US-5823217-A OR US- | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2024/08/09 12:41 PM |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 5771912-A OR US-5678704-A OR US-5345962-A OR US-5299590-A OR US-5291640-A OR US-5080123-A OR US-5046699-A OR US-4930534-A OR US-4924893-A OR US-4881565-A OR US-4832304-A OR US-4739784-A OR US-4716918-A OR US-4590956-A OR US-3970096-A OR US-11219286-B2 OR US-11156012-B2 OR US-10602817-B2 OR US-10252778-B1 OR US-10066417-B1 OR US-9903134-B2 OR US-7316239-B2 OR US-7191996-B2 OR US-7021866-B2 OR US-6321861-B1 OR US-5546971-A OR US-5358209-A OR US-5215109-A OR US-4915120-A OR US-4750508-A OR US-4646770-A OR US-D788319-S OR US-9506268-B1 OR US-9435133-B2 OR US-9394721-B2 OR US-9394719-B2 OR US-D761372-S OR US-9371641-B2 OR US-9187924-B1 OR US-9103137-B2 OR US-8991411-B1 OR US-D638954-S OR US-D624623-S OR US-7721361-B1 OR US-7654277-B1 OR US-D601653-S OR US-6434891-B1 OR US-6402220-B2 OR US-6276382-B1 OR US-6272695-B1 OR US-6209149-B1 OR US-6062243-A OR US-6026613-A OR US-D400949-S OR US-D390730-S OR US-5690134-A OR US-5595203-A OR US-D321924-S OR US- | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 4941422-A OR US-4829694-A OR US-4404980-A OR US-4312371-A OR US-D256829-S OR US-4098281-A OR US-4534089-A OR US-11634924-B2 OR US-D989350-S OR US-D990605-S OR US-11686120-B1 OR US-D884816-S OR US-D993455-S OR US-D993454-S OR US-10174507-B1 OR US-4612948-A).did. AND USPT.dbnm.) OR ((US-3162920-A OR US-3394720-A OR US-3286962-A OR US-3075536-A OR US-3070107-A OR US-3052249-A OR US-3042053-A OR US-2554688-A OR US-2186510-A OR US-3388711-A OR US-3190300-A OR US-3051185-A OR US-2963031-A OR US-2190566-A OR US-1571295-A OR US-1129194-A OR US-3261134-A OR US-3165110-A OR US-2193469-A OR US-2055044-A).did. AND USOC.dbnm.) OR ((US-20210293044-A1 OR US-20210293045-A1 OR US-20210293046-A1 OR US-20210230899-A1 OR US-20210062535-A1 OR US-20210002918-A1 OR US-20190119942-A1 OR US-20180106064-A1 OR US-20160360869-A1 OR US-20150252585-A1 OR US-20150040957-A1 OR US-20140209132-A1 OR US-20140041703-A1 OR US-20130074894-A1 OR US-20120291830-A1 OR US- | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 20100212709-A1 OR US-20090114260-A1 OR US-20070079857-A1 OR US-20040123886-A1 OR US-20040123887-A1 OR US-20030089390-A1 OR US-20150354244-A1 OR US-20030066550-A1 OR US-20210404208-A1 OR US-20230089529-A1 OR US-20160053508-A1 OR US-20160017631-A1 OR US-20070295380-A1 OR US-20170362849-A1 OR US-20230151636-A1 OR US-20230096848-A1 OR US-20220024290-A1 OR US-20180245367-A1 OR US-20230126867-A1 OR US-20070221261-A1 OR US-20140020727-A1 OR US-20230313555-A1 OR US-20150108295-A1).did. AND PGPB.dbnm.) OR ((KR-101315166-B1 OR WO-2011150477-A1 OR DE-102009020795-A1 OR FR-2884844-A1 OR WO-0204768-A1 OR WO-2011012969-A3 OR CA-2524310-A1).did. AND FPRS.dbnm.) OR ((WO-2020089599-A1 OR WO-2022174316-A1 OR AU-2020100586-A4).did. AND FTDB.dbnm.) | | | | | |
| L257 | 5 | "18329082" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2024/09/19 08:47 AM |
| L258 | 2 | "18622175" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2024/10/07 02:13 PM |
| L259 | 8 | "200511300" | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2024/10/07 02:22 PM |
| L260 | 10 | "200511300" | (US-PGPUB; USPAT; | OR | ON | ON | 2024/10/07 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | | | | 02:22 PM |
| L261 | 43 | (Scott AND Christian AND Barnes).in. | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2024/10/07 03:44 PM |
| L262 | 27 | (Alexander AND Griffith AND Slater).in. | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | OR | ON | ON | 2024/10/07 03:44 PM |
| L263 | 27 | (Dane AND Brooks AND Barnes).in. | (US-PGPUB; USPAT; USOCR; FIT (AU, AP, AT, BE, BG, BR, BY, CA, CH, CN, CS, CU, CZ, DD, DE, DK, EA, EE, EP, ES, FI, FR, GB, HR, HU, ID, IE, IL, IS, IT, JP, KR, LT, LU, LV, MA, OA, RU, SU, WO, MC, MD, MY, NL, NO, | OR | ON | ON | 2024/10/07 03:44 PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | NZ, PH, PL, PT, RO, RS, SE, SG, SI, SK, TH, TN, TR, TW, UA, VN); FPRS; EPO; JPO; DERWENT; IBM_TDB) | | | | |
| L264 | 169 | e04h15/005.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2024/10/07 03:45 PM |
| L265 | 2585 | e04h15/60,62.cpc. | (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; IBM_TDB) | OR | ON | ON | 2024/10/07 03:45 PM |

## PE2E SEARCH - Search History (Interference)

| |
|---|
| There are no Interference searches to show. |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 18/622,175 |
| | | | | Filing Date | March 29, 2024 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 175 | US-D985,801 | 05-09-2023 | Collins | |
| | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | | | | | | |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | | | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/07/2024 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JUNE 5, 2024*

WBD (US) 4884-7211-2837



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
| | 1 | US-1,129,194 | 02-23-1915 | Hanley | |
| | 2 | US-1,571,295 | 02-02-1926 | Newman | |
| | 3 | US-2,055,044 | 09-22-1936 | Nelson | |
| | 4 | US-2,186,510 | 01-09-1940 | Walter *et al.* | |
| | 5 | US-2,190,566 | 02-13-1940 | Julian | |
| | 6 | US-2,193,469 | 03-12-1940 | Ashton | |
| | 7 | US-2,554,688 | 05-29-1951 | Vollweiler | |
| | 8 | US-2,963,031 | 12-06-1960 | Carroll | |
| | 9 | US-3,042,053 | 07-03-1962 | Gabriel | |
| | 10 | US-3,051,185 | 08-28-1962 | Reynolds | |
| | 11 | US-3,052,249 | 09-04-1962 | Seaman *et al.* | |
| | 12 | US-3,070,107 | 12-25-1962 | Beatty | |
| | 13 | US-3,075,536 | 01-29-1963 | Parker | |
| | 14 | US-3,165,110 | 01-12-1965 | Brooks | |
| | 15 | US-3,190,300 | 06-22-1965 | Wear'n | |
| | 16 | US-3,261,134 | 07-19-1966 | Crist | |
| | 17 | US-3,286,962 | 11-22-1966 | Warth | |
| | 18 | US-3,388,711 | 06-18-1968 | Huddle | |
| | 19 | US-3,394,720 | 07-30-1968 | Moss | |
| | 20 | US-3,970,096 | 07-20-1976 | Nicolai | |
| | 21 | US-4,098,281 | 07-04-1978 | Bonfilio | |
| | 22 | US-4,312,371 | 01-26-1982 | Koon | |
| | 23 | US-4,404,980 | 09-20-1983 | Wade | |
| | 24 | US-4,534,089 | 08-13-1985 | Swan | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/07/2024 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 2 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 25 | US-4,590,956 | 05-27-1986 | Griesenbeck | |
| | 26 | US-4,646,770 | 03-03-1987 | Lobato | |
| | 27 | US-4,739,784 | 04-26-1988 | Fast | |
| | 28 | US-4,750,508 | 06-14-1988 | Tatoian | |
| | 29 | US-4,829,694 | 05-16-1989 | Oasheim | |
| | 30 | US-4,832,304 | 05-23-1989 | Morgulis | |
| | 31 | US-4,915,120 | 04-10-1990 | Ziolkowski | |
| | 32 | US-4,924,893 | 05-15-1990 | Furey | |
| | 33 | US-4,930,534 | 06-05-1990 | Hill | |
| | 34 | US-4,941,422 | 07-17-1990 | Muller | |
| | 35 | US-5,046,699 | 09-10-1991 | Perreault *et al.* | |
| | 36 | US-5,080,123 | 01-14-1992 | Stein | |
| | 37 | US-5,215,109 | 06-01-1993 | Kent, Jr. | |
| | 38 | US-5,291,640 | 03-08-1994 | Rise | |
| | 39 | US-5,299,590 | 08-05-1994 | Deibert *et al.* | |
| | 40 | US-5,358,209 | 10-25-1994 | Ward | |
| | 41 | US-5,546,971 | 08-20-1996 | Leonhardt | |
| | 42 | US-5,595,203 | 01-21-1997 | Espinosa | |
| | 43 | US-5,678,704 | 10-21-1997 | Deeds | |
| | 44 | US-5,690,134 | 11-25-1997 | McCauley | |
| | 45 | US-5,771,912 | 06-30-1998 | Swetish | |
| | 46 | US-5,823,217 | 10-20-1998 | Rice | |
| | 47 | US-5,927,311 | 07-27-1999 | Jager | |
| | 48 | US-5,950,649 | 09-14-1999 | Gerig | |
| | 49 | US-6,026,613 | 02-22-2000 | Quiring et al. | |
| | 50 | US-6,062,243 | 05-16-2000 | Touch et al. | |
| | 51 | US-6,209,149 | 04-03-2001 | Song *et al.* | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/07/2024 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON MARCH 29, 2024.*

WBD (US) 4883-9167-8130



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 3 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

| **U. S. PATENT DOCUMENTS** | | | | | |
|---|---|---|---|---|---|
| | 52 | US-6,272,695 | 08-14-2001 | Brandner | |
| | 53 | US-6,276,382 | 08-21-2001 | Bindschatel et al. | |
| | 54 | US-6,286,531 | 09-11-2001 | Joo-Tai | |
| | 55 | US-6,321,861 | 11-27-2001 | Leichter | |
| | 56 | US-6,402,220 | 06-11-2002 | Allen | |
| | 57 | US-6,434,891 | 08-20-2002 | Cameron | |
| | 58 | US-6,964,277 | 11-15-2005 | Naber | |
| | 59 | US-7,021,866 | 04-04-2006 | Keefe | |
| | 60 | US-7,191,996 | 03-20-2007 | Patsalaridis | |
| | 61 | US-7,316,239 | 01-08-2008 | Yang | |
| | 62 | US-7,406,977 | 08-05-2008 | Shires | |
| | 63 | US-7,654,277 | 02-02-2010 | Brewer et al. | |
| | 64 | US-7,708,339 | 05-04-2010 | Zapater | |
| | 65 | US-7,721,361 | 05-25-2010 | Shubert | |
| | 66 | US-7,789,097 | 09-07-2010 | Sotirkys *et al.* | |
| | 67 | US-8,424,549 | 04-23-2013 | Goldsmith *et al.* | |
| | 68 | US-8,453,664 | 06-04-2013 | Parsons *et al.* | |
| | 69 | US-8,720,461 | 05-13-2014 | Nichols | |
| | 70 | US-8,899,251 | 12-02-2014 | Leung *et al.* | |
| | 71 | US-8,991,411 | 03-31-2015 | Neuman | |
| | 72 | US-9,051,755 | 06-09-2015 | Heining *et al.* | |
| | 73 | US-9,051,756 | 06-09-2015 | Jenkins | |
| | 74 | US-9,103,137 | 08-11-2015 | Williams | |
| | 75 | US-9,113,724 | 08-25-2015 | Heining *et al.* | |
| | 76 | US-9,187,924 | 11-17-2015 | Jackson *et al.* | |
| | 77 | US-9,371,641 | 06-21-2016 | Christensen *et al.* | |
| | 78 | US-9,394,719 | 07-19-2016 | Choi | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/07/2024 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 4 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 79 | US-9,394,721 | 07-19-2016 | Hotes *et al.* | |
| | 80 | US-9,435,133 | 09-06-2016 | Bourland | |
| | 81 | US-9,447,599 | 09-20-2016 | Parent | |
| | 82 | US-9,506,268 | 11-29-2016 | Bright *et al.* | |
| | 83 | US-9,903,134 | 02-27-2018 | Munnerlyn | |
| | 84 | US-10,066,417 | 09-04-2018 | Linyard *et al.* | |
| | 85 | US-10,190,330 | 01-29-2019 | Barnes et al. | |
| | 86 | US-10,252,778 | 04-09-2019 | Greer | |
| | 87 | US-10,602,817 | 03-31-2020 | Price | |
| | 88 | US-11,156,012 | 10-26-2021 | Graham | |
| | 89 | US-11,219,286 | 01-11-2022 | Cox | |
| | 90 | US-11,634,924 | 04-25-2023 | Barnes *et al.* | |
| | 91 | US-11,686,120 | 06-27-2023 | Yates | |
| | 92 | US-D256,829 | 09-09-1980 | Qui *et al.* | |
| | 93 | US-D263,984 | 04-20-1982 | Moss | |
| | 94 | US-D321,924 | 11-26-1991 | Bonner | |
| | 95 | US-D363,755 | 10-31-1995 | Diederich | |
| | 96 | US-D390,730 | 02-17-1998 | Gerhart et al. | |
| | 97 | US-D397,401 | 08-25-1998 | Diederich | |
| | 98 | US-D398,363 | 09-15-1998 | LoBue | |
| | 99 | US-D400,949 | 11-10-1998 | Gale | |
| | 100 | US-D421,532 | 03-14-2000 | Koroncai | |
| | 101 | US-D438,929 | 03-13-2001 | Middleton *et al.* | |
| | 102 | US-D544,062 | 06-05-2007 | Baker | |
| | 103 | US-D555,748 | 11-20-2007 | Gyr *et al.* | |
| | 104 | US-D577,092 | 09-16-2008 | West | |
| | 105 | US-D593,315 | 06-02-2009 | Zemel | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/07/2024 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON MARCH 29, 2024.*

WBD (US) 4883-9167-8130



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 5 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 106 | US-D601,653 | 10-062009 | Kirkham, Jr. | |
| | 107 | US-D624,623 | 09-28-2010 | Viglione | |
| | 108 | US-D630,834 | 01-18-2011 | Cohen | |
| | 109 | US-D638,954 | 05-31-2011 | Nichols | |
| | 110 | US-D739,555 | 09-22-2015 | McAlister | |
| | 111 | US-D741,437 | 10-20-2015 | Zimmer *et al.* | |
| | 112 | US-D761,372 | 07-12-2016 | Cihal | |
| | 113 | US-D788,319 | 05-30-2017 | LeMoine et al. | |
| | 114 | US-D823,419 | 07-17-2018 | Ceccaldi | |
| | 115 | US-D829,839 | 10-02-2018 | Crimi | |
| | 116 | US-D843,200 | 03-19-2019 | Tjerrild | |
| | 117 | US-D859,808 | 09-17-2019 | Goldszer | |
| | 118 | US-D877,486 | 03-10-2020 | Chen | |
| | 119 | US-D884,816 | 05-19-2020 | Goldberg | |
| | 120 | US-D928,899 | 08-24-2021 | Zhu | |
| | 121 | US-D947,411 | 03-29-2022 | Climent Bonet *et al.* | |
| | 122 | US-D947,975 | 04-05-2022 | Lah | |
| | 123 | US-D948,653 | 04-12-2022 | Lah | |
| | 124 | US-D948,653 | 04-12-2022 | Lah | |
| | 125 | US-D960,277 | 08-09-2022 | Lah | |
| | 126 | US-D989,350 | 06-13-2023 | Barnes *et al* | |
| | 127 | US-D990,605 | 06-27-2023 | Barnes *et al* | |
| | 128 | US-D993,454 | 07-25-2023 | McKenna *et al* | |
| | 129 | US-D993,455 | 07-25-2023 | McKenna *et al* | |
| | 130 | US-2003/0066550 | 04-10-2003 | Al-Ghamdi | |
| | 131 | US-2003/0089390 | 05-15-2003 | Seo | |
| | 132 | US-2007/0079857 | 04-12-2007 | Tseng | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/07/2024 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON MARCH 29, 2024.*



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 6 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

| U. S. PATENT DOCUMENTS | | | | | |
|---|---|---|---|---|---|
| | 133 | US-2007/0295380 | 12-27-2007 | Glaeser | |
| | 134 | US-2010/0212709 | 08-26-2010 | Sotirkys *et al.* | |
| | 135 | US-2012/0291830 | 11-22-2012 | Crimi | |
| | 136 | US-2013/0074894 | 03-28-2013 | Cook | |
| | 137 | US-2014/0041703 | 02-13-2014 | Funston | |
| | 138 | US-2014/0209132 | 07-31-2014 | Landry | |
| | 139 | US-2015/0040957 | 02-12-2015 | Mallookis *et al.* | |
| | 140 | US-2015/0108295 | 04-23-2015 | Brooks | |
| | 141 | US-2015/0252585 | 09-10-2015 | Mallookis *et al.* | |
| | 142 | US-2015/0354244 | 12-10-2015 | Fernandez Gonzalez | |
| | 143 | US-2016/0017631 | 01-21-2016 | Gilmore | |
| | 144 | US-2016/0053508 | 02-25-2016 | Gutwenger *et al.* | |
| | 145 | US-2018/0106064 | 04-19-2018 | Barnes *et al.* | |
| | 146 | US-2018/0245367 | 08-30-2018 | Grieshop | |
| | 147 | US-2022/0024290 | 01-27-2022 | Howard | |
| | 148 | US-2023/0096848 | 03-30-2023 | Wang | |
| | 149 | US-2023/0126867 | 04-27-2023 | Barnes *et al.* | |
| | 150 | US-2023/0151636 | 05-18-2023 | Li *et al.* | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Foreign Patent Document<br>Country Code - Number Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | English Language Translation Attached |
|---|---|---|---|---|---|---|
| | 151 | AU 200511300 | 09-01-2005 | Gyr | | |
| | 152 | AU 2020100586 | 05-28-2020 | Fraser | | |
| | 153 | BR 302019005581 | 12-10-2019 | Vinicius Rolim Tamassia | | |
| | 154 | CA 2524310 | 04-25-2006 | Aqua-Leisure Industries, Inc | | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/07/2024 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON MARCH 29, 2024*

WBD (US) 4883-9167-8130



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 7 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

**FOREIGN PATENT DOCUMENTS**

| | | | | | | |
|---|---|---|---|---|---|---|
| | 155 | CH 130505 | 05-14-2004 | Fischer | | |
| | 156 | CH 132260 | 12-15-2005 | Fischer | | |
| | 157 | DE 10 2009 020 795 | 11-04-2010 | Schmidt | | |
| | 158 | FR 2 884 844 | 04-26-2005 | Cahours De Virgile | | |
| | 159 | KR 10-1315166 | 10-07-2013 | Kang | | Machine Translation |
| | 160 | WO 82/03317 | 10-14-1982 | Montgomery | | |
| | 161 | WO 02/04768 | 01-17-2002 | Selby | | |
| | 162 | WO 2011/012969 A2 | 02-03-2011 | De Pasquale | | |
| | 163 | WO 2020/089599 | 05-07-2020 | Osborne | | |
| | 164 | WO 2022/174316 | 08-25-2022 | Ribeiro Lucchese Gualdi | | Machine Translation |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 165 | YouTube video by Robert Marazzita: The Best Beach Cabana – Set Up and Tear Down, July 9, 2015, [site visited August 8, 2017], Available on the Internet URL: <https:www.youtube.com/watch?v=LfccH7yV6SE>. | |
| | 166 | YouTube video by Robb's Homemade Life: Make $15 Beach Shade tent Easy Quick DIY, October 6, 2015 [site visited August 8, 2017] Available on the internet URL: <www.youtube.com/watch?v+X20b4pLJx1c> | |
| | 167 | YouTube video by Beachspirit: Kitent (R) - the Floating beach tent for sun shade, October 8, 2016 [site visited August 8, 2017] Available on the internet URL: <https://m.youtube.com/watch?v=OUaDZeqdTkQ> | |
| | 168 | YouTube video by ZiggyShade Beach Sunshade: ZiggyShade – Beach Sunshade – Set up instructions, November 24, 2016 [site visited August 8, 2017] Available on the internet URL: <https://youtu.be/1krQ0rlumws> | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/07/2024 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | *To Be Assigned* |
| | | | | Filing Date | *Concurrently Herewith* |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 8 | of | 8 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

**OTHER DOCUMENTS**

| Examiner Initials* | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s) , volume-issue number(s), publisher, city and/or country where published. | English Language Translation Attached |
|---|---|---|---|
| | 169 | YouTube video by bibitedog: How to set up a butterfly arch, May 26, 2012 [site visited December 18, 2018] Available on the internet URL: <https://www.youtube.com/watch?v=FOTYtjQAL4s> | |
| | 170 | Suniela Beach Portable Shade Cabanas, [site visited October 21, 2021], Available on the internet URL: <https://suniela.com> | |
| | 171 | Solbello Shade Training Video, YouTube, April 20, 2023, https://www.youtube.com/watch?v=wd3XV9hADZc | |
| | 172 | “No Wind Kit for Beach Shades,” Upgrade Your Shade, https://www.upgradeyourshade.com/product/upgrade-your-shade-kit Retrieved 2023 | |
| | 173 | Shibumi Shade, posted 10/12/2018 [online], [retrieved 01/19/2023], Retrieved from internet, https://www.facebook.com/shibumishade/ (Year: 2018) | |
| | 174 | "How to Reinforce a Hole in Sunbrella (Registered), webpage <https://www.sailrite.com/How-to-Reinforce-a-Hole-in-Sunbrella>, 1 page, October 16/2023 (Year: 2023) | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 10/07/2024 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

WBD (US) 4883-9167-8130·

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON MARCH 29, 2024.*



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/622,175 | 03/29/2024 | Dane Brooks Barnes | S105508 1010US.C11(0060.0 | 9922 |

26158 7590 10/10/2024
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/10/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. 18/622,175 | Applicant(s) Barnes et al. | |
|---|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 | AIA (FITF) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☐ Responsive to communication(s) filed on _____.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL.** 2b) ☑ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 41-63 is/are pending in the application.
5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 41-63 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 3/29/2024 is/are: a)☐ accepted or b)☑ objected to by the Examiner.
Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

a)☐ All b)☐ Some** c)☐ None of the:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
Paper No(s)/Mail Date 3/29/24, 6/5/24.

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Drawings*

2. The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the system for providing shade recited in Claims 41, 52, and 58 wherein there is no cable and/or anchor included, and the canopy defining "a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy" recited in Claims 51, 54, and 60 must be shown or the feature(s) canceled from the claim(s). No new matter should be entered.

Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as "amended." If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering

of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either “Replacement Sheet” or “New Sheet” pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

## ***Claim Rejections - 35 USC § 112***

3. The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

4. Claims 41-63 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the written description requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time the application was filed, had possession of the claimed invention.

a. Claims 41, 52, and 58 recite that “such that the system excludes any other components from engaging the surface”. Such a function is not found in the

disclosure of this or any parent application and as such, is considered new matter.

b. Claims 51, 54, and 60 recite that the "canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy" which is not found in the disclosure. While support is found for a unitary canopy and for a canopy with multiple sections spanning the width of the canopy and sequentially arranged between the supporting and trailing ends (such as in Fig. 1), there is no support or discussion of multiple sections, each extending between the suspension and trailing ends.

5. The following is a quotation of 35 U.S.C. 112(b):
(b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

6. Claims 41-63 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor (or for applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention.

c. Claims 41, 52, and 58 recite that "such that the system excludes any other components from engaging the surface" which renders the claims indefinite. It is unclear how the system can "exclude" another component from contacting the surface.

d. Claims 56 and 62 recite “a container capable of … acting as a counterweight” which renders the claim indefinite. It is unclear how the container would act as a counterweight. There is no connection between the container and any other component of the system outside of the use of transporting the components.

### *Claim Rejections - 35 USC § 103*

7. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

8. Claims 41-43, 45, 46, 49, 50, are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311.

e. Regarding Claims 41 and 42, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) providing a supporting configuration (see Fig. 1) wherein each of a left end (320 on the left) and a right end (320 on the right) of the frame in the supporting configuration engages the surface such that the system excludes any other components from engaging the surface in the supporting configuration except for each of the left end and the right end of the frame (the system, as defined herein, “excludes” any other component from engaging the surface); a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the

suspension end of the canopy extending between a left end and a right end (the left and right edges of the canopy); and at least one fastener (such as 212/220) on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface (see Fig. 1).

f. Kang is silent on the use of a sectional frame. Jager teaches a shading system including a frame (50) defined by a plurality of sections (58/60/62) and comprising an alignment component (71) extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration (Fig. 1) and thereby disengageable to define the frame in a transport configuration (Fig. 5), wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a sectional frame as taught by Jager in order to allow the user to more compactly store and transport the frame when not in use.

g. Regarding Claim 43, Kang, as modified, teaches that the at least one fastener comprises a first fastener (220) formed as a strap arranged proximate

the left or right end of the suspension end, the first strap being wrapped about the frame when engaging the fastener thereto.

h. Regarding Claim 45, Kang, as modified, teaches that in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface (see Fig. 1).

i. Regarding Claim 46, Kang, as modified, teaches that the at least one fastener on the suspension end of the canopy comprises a loop (210) extending about the suspension end from the left end to the right end.

j. Regarding Claim 49, Kang, as modified, teaches that the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

k. Regarding Claim 50, Kang, as modified, teaches a hoop (310) engaged with or coupled to one or both of the canopy and the frame at a point between the left and right ends thereof.

9. Claims 52, 53, and 57 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311 and Warth in US Patent 3286962.

l. Regarding Claim 52, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) including a plurality of sections (100, 110, and 320) the sections including: a first section (110/320 on the left) defining a left end of the frame and engaged with the surface; a last section (110/320 on the right) defining a right end of the frame and engaged with the surface, such that the system excludes any other components from engaging

the surface in the supporting configuration except for each of the left end and the right end of the frame (the system, as defined herein, “excludes” any other component from engaging the surface); a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface (see Fig. 1); and a loop (212/220) defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop (220 on one end) forming a first securing mechanism and the second portion of the loop (220 on the opposite end) forming a second securing mechanism, wherein at least one of the first and second securing mechanisms engage the canopy to the frame using a frame fastener (3, see Fig. 2, inset).

m. Kang is silent on the use of a sectional frame. Jager teaches a shelter system with a frame (50) including a plurality of sections (58/60/62) and being maneuverable between a transport configuration (Fig. 5) and a supporting configuration (Fig. 1), the sections including: a first section (58) defining a left end of the frame engaged with the surface; a last section (60) defining a right end of the frame and engaged with the surface, one or more adjacent sections (60)

coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an alignment component (71) extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a sectional frame as taught by Jager in order to allow the user to more compactly store and transport the frame when not in use.

n. Kang, as modified, is silent on the use of corkscrew ends. Warth teaches a shading device with a frame (12) engaged with the surface, the end (35) of the frame having a corkscrew shape and engaged with the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using corkscrew shape ends as taught by Warth in order to better secure the device in the ground.

o. Regarding Claim 53, Kang, as modified, teaches, as best understood, that the system “excludes” any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

p. Regarding Claim 57, Kang, as modified, teaches that at least one of the first and second securing mechanisms are coupled or engaged to the canopy on

one end and coupled or engaged to the frame fastener on the other end (see Fig. 2, inset).

10. Claims 58, 59, and 63 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311 and Warth in US Patent 3286962.

q. Regarding Claim 58, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) including a plurality of sections (100, 110, and 320), the sections including: a first section (320 on the left) defining a left end of the frame and engaged with the surface; a last section (320 on the right) defining a right end of the frame and engaged with the surface, such that the system “excludes” any other components from engaging the surface in the supporting configuration except for each of the left end and the right end of the frame (the system, as defined herein, “excludes” any other component from engaging the surface); a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface (see Fig. 1); a loop (212/220) defined toward the suspension end of the canopy, wherein the loop defines a first portion (212) and a second portion (220) of the loop, the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the

loop forming first and second securing mechanisms (220 at either end) engaged with or coupled thereto; and a frame fastener (3) arranged to engage the canopy to the frame via the first and second securing mechanisms.

r. Kang is silent on the use of a sectional frame. Jager teaches a frame (50) including a plurality of sections (58/60/62) and being maneuverable between a transport configuration (Fig. 5) and a supporting configuration (Fig. 1), one or more adjacent sections coupled into alignment between a first section (58) and a last section (60), some of the one or more adjacent sections additionally comprising an alignment component (71) extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a sectional frame as taught by Jager in order to allow the user to more compactly store and transport the frame when not in use.

s. Kang, as modified, is silent on the use of corkscrew ends. Warth teaches a shading device with a frame (12) engaged with the surface, the end (35) of the frame having a corkscrew shape and engaged with the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using

corkscrew shape ends as taught by Warth in order to better secure the device in the ground.

t. Regarding Claim 59, Kang, as modified, teaches that, as best understood, the system "excludes" any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

u. Regarding Claim 63, Kang, as modified, teaches that the first and second securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end (see Fig. 2, inset).

11. Claim 44 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Sotirkys et al. in US Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at 12) and wherein the canopy comprises a plurality of coupled sections (10 and 80) extending between the suspension end of the canopy and the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

12. Claim 47 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Warth in US Patent 3286962. Kang, as modified, is silent on the use of a corkscrew shape for the ground engaging ends of the frame. Warth teaches a frame with an end (35) having a corkscrew shape for engaging the surface. It would have been obvious to one of

ordinary skill in the art before the effective filing date of the claimed invention to modify the frame ends of Kang, as modified, by using corkscrew shaped ends as taught by Warth in order to better secure the device in the ground.

13. Claim 48 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Rise in US Patent 5291640. Kang, as modified, is silent on the use of self-engaging fasteners. Rise teaches a fastener (A) that is fastened or engaged with itself after wrapping about a frame (inserted through S). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a self-engaging fasteners as taught by Rise in order to more easily attach the frame to the canopy.

14. Claim 51 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Sotirkys et al. in US Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at 12) and wherein the canopy comprises a plurality of coupled sections (10 and 80) extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

15. Claim 54 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 52 above, and further in view of Sotirkys et al. in US

Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at 12) and wherein the canopy comprises a plurality of coupled sections (10 and 80) extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

16. Claim 55 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 52 above, and further in view of Swetish in US Patent 5771912. Kang, as modified, is silent on the use of elastic securing mechanisms. Swetish teaches a shading system with a securing mechanism (24) attaching a canopy to a frame, wherein the at least one securing mechanism is elastic. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using an elastic securing mechanism as taught by Swetish in order to allow the canopy to flex under the force of the wind.

17. Claim 56 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 51 above, and further in view of Rice in US Patent 5823217. Kang, as modified, is silent on the use of a container. Rice teaches a shading system including a container (50) capable of transporting the components of the system and acting as a counterweight (as best understood). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to

modify the device of Kang, as modified, by adding a container as taught by Rice in order to allow the user to easily carry the device when not in use.

18. Claim 60 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 58 above, and further in view of Sotirkys et al. in US Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at 12) and wherein the canopy comprises a plurality of coupled sections (10 and 80) extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

19. Claim 61 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 58 above, and further in view of Swetish in US Patent 5771912. Kang, as modified, is silent on the use of elastic securing mechanisms. Swetish teaches a shading system with a securing mechanism (24) attaching a canopy to a frame, wherein the at least one securing mechanism is elastic. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using an elastic securing mechanism as taught by Swetish in order to allow the canopy to flex under the force of the wind.

20. Claim 62 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 58 above, and further in view of Rice in US Patent

5823217. Kang, as modified, is silent on the use of a container. Rice teaches a shading system including a container (50) capable of transporting the components of the system and acting as a counterweight (as best understood). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Rice in order to allow the user to easily carry the device when not in use.

## *Conclusion*

21. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and

https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>18/622,175 | Filing Date<br>03/29/2024 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| | (Column 1) | (Column 2) | | | |
|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 01/10/2025 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | | x $100 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | | x $480 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | Program Support Specialist |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /JOSEPH SCOTT/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Attorney's Docket No. **S105508 1010US.C11 (0060.0)** PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 9922 |
| Appl. No.: | 18/622,175 | Group Art Unit: | 3636 |
| Filed: | March 29, 2024 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. § 1.97(c)**

Sir:

Attached is a list of documents on form PTO-1449 along with a copy of any cited foreign patent documents and non-patent literature document in accordance with 37 CFR 1.98(a)(2). Also enclosed is a translation or a concise explanation of each non-English language document.

It is requested that the Examiner consider these documents and officially make them of record in accordance with the provisions of 37 C.F.R. § 1.97 and Section 609 of the MPEP. By identifying the listed documents, Applicant in no way makes any admission as to the prior art status of the listed documents, but is instead identifying the listed documents for the sake of full disclosure.

This Information Disclosure Statement is submitted in accordance with 37 C.F.R. § 1.97(c), before final Office Action or Allowance, whichever is earlier. The Commissioner is authorized to charge the $260.00 fee specified in 37 C.F.R. § 1.17(p) and any additional fee, or credit any refund, to our Deposit Account No. **09-0528**.

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344



*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JANUARY 10, 2025.*

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 18/622,175 |
| | | | | Filing Date | March 29, 2024 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-4,612,948 | 09-23-1986 | Simpson | |
| | 2 | US-10,174,507 | 01-08-2019 | Henbid *et al.* | |
| | 3 | US-D287,041 | 12-02-1986 | Gitchel *et al.* | |
| | 4 | US-D420,751 | 02-15-2000 | Powell *et al.* | |
| | 5 | US-D438,589 | 03-06-2001 | Brown | |
| | 6 | US-D605,308 | 12-01-2009 | Combs | |
| | 7 | US-D670,003 | 10-30-2012 | Lovely, II | |
| | 8 | US-D681,762 | 05-07-2013 | Kayser | |
| | 9 | US-D681,765 | 05-07-2013 | Kayser | |
| | 10 | US-D844,824 | 04-02-2019 | LeMoine *et al.* | |
| | 11 | US-D914,827 | 03-30-2021 | Koehler | |
| | 12 | US-D920,461 | 05-25-2021 | Yang | |
| | 13 | US-D973,572 | 12-27-2022 | Min | |
| | 14 | US-D973,824 | 12-27-2022 | Wu | |
| | 15 | US-2007/0221261 | 09-27-2007 | Bean | |
| | 16 | US-2014/0020727 | 01-23-2014 | Kayser | |
| | 17 | US-2017/0362849 | 12-21-2017 | Munnerlyn | |
| | 18 | US-2021/0293046 | 09-23-2021 | Barnes *et al.* | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **01/10/2025 05:11:32 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 68690426 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 03/29/2024 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E202510H12158810** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1806 | SUBMISSION OF AN INFORMATION DISCLOSURE STATEMENT | 260.00 | 1 | 260.00 |
| | | | **TOTAL AMOUNT:** | **$260.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C.

371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 9922 |
| Appl. No.: | 18/622,175 | Group Art Unit: | 3636 |
| Filed: | March 29, 2024 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C11 (0060.0)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

AMENDMENT UNDER 37 C.F.R. § 1.111

Sir:

In response to the Office Action dated October 10, 2024, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks/Arguments** begin on page 8 of this paper.

Amendments to the Claims

1. – 40. (Canceled)

41. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration engages the surface such that the system excludes any anchor or additional frame ~~any other components from~~ engaging the surface in the supporting configuration ~~except for each of the left end and the right end of the frame~~;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; and

at least one fastener on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface.

42. (Previously Presented) The system of claim 41, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

43. (Previously Presented) The system of claim 41, wherein the at least one fastener comprises a first fastener formed as a strap arranged proximate the left or right end of the

suspension end, the first strap being wrapped about the frame when engaging the fastener thereto.

44. (Previously Presented) The system of claim 41, wherein the canopy comprises a plurality of coupled sections extending between the suspension end of the canopy and the opposing trailing end of the canopy.

45. (Previously Presented) The system of claim 41, wherein, in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface.

46. (Previously Presented) The system of claim 41, wherein the at least one fastener on the suspension end of the canopy comprises a loop extending about the suspension end from the left end to the right end.

47. (Previously Presented) The system of claim 41, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

48. (Previously Presented) The system of claim 41, wherein the at least one fastener is fastened or engaged with itself after wrapping about the frame.

49. (Previously Presented) The system of claim 41, wherein the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

50. (Previously Presented) The system of claim 41, further comprising a hoop engaged with or coupled to one or both of the canopy and the frame at a point between the left and right ends thereof.

51. (Canceled)

52. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface, such that the system excludes any anchor or additional frame ~~other components~~ from engaging the surface in the supporting configuration ~~except for each of the left end and the right end of the frame~~;

one or more adjacent sections coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism and the second portion of the loop forming a second securing mechanism,

wherein at least one of the first and second securing mechanisms engage the canopy to the frame using a frame fastener.

53. (Previously Presented) The system of claim 52, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

54. (Canceled)

55. (Previously Presented) The system of claim 52, wherein the first and second securing mechanisms are elastic.

56. (Previously Presented) The system of claim 52, further comprising a container capable of transporting the components of the system and acting as a counterweight.

57. (Previously Presented) The system of claim 52, wherein at least one of the first and second securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end.

58. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface;

a last section defining a right end of the frame with a corkscrew shape and engaged with the surface, such that the system excludes any anchor or additional frame ~~other components~~ from engaging the surface in the supporting configuration ~~except for each of the left end and the right end of the frame~~;

one or more adjacent sections coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface;

a loop defined toward the suspension end of the canopy, wherein the loop defines a first portion and a second portion of the loop, the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the loop forming first and second securing mechanisms engaged with or coupled thereto; and

a frame fastener arranged to engage the canopy to the frame via the first and second securing mechanisms.

59. (Previously Presented) The system of claim 58, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

60. (Canceled)

61. (Previously Presented) The system of claim 58, wherein the first securing mechanism is elastic.

62. (Previously Presented) The system of claim 58, further comprising a container capable of

transporting the components of the system and acting as a counterweight.

63. (Previously Presented) The system of claim 58, wherein the first and second securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end.

## **REMARKS/ARGUMENTS**

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 1-40 were previously canceled. Claims 41, 52, and 58 are currently amended, while claims 51, 54, and 60 are canceled. As such, claims 41-50, 52-53, 55-59, and 61-63 remain pending following this amendment. Applicant submits that no new matter is added by way of this Amendment.

### Drawings

The drawings are objected to under 37 CFR 1.83(a). The examiner states at page 2 of the final Office Action that "[t]herefore, [1] the system for providing shade recited in Claims 41, 52, and 58 wherein there is no cable and/or anchor included, and [2] the canopy defining "a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy" recited in Claims 51, 54, and 60 must be shown or the feature(s) canceled from the claim(s)." Applicant respectfully disagrees with the objection.

Regarding the examiner's statement regarding item [1], initially, Applicant respectfully notes that the claim language has been amended to recite, "such that the system excludes any anchor or additional frame ~~any other components from~~ engaging the surface in the supporting configuration ~~except for each of the left end and the right end of the frame~~."

Regardless, Applicant respectfully submits that the objection is unclear on its face. The examiner appears to allege that claims 41, 52, and 58 recite that there is no cable and/or anchor included. As amended, the claims now recite a negative claim limitation expressly excluding any anchor or additional frame. A cable is not referenced in the claims, whatsoever. Since the cited claims do not make any mention of a cable, the examiner has required an impossible feat – i.e., canceling from certain claims features that are not even mentioned in any of said claims. For this reason alone, Applicant respectfully submits that this objection to the drawings is baseless and should be withdrawn.

On the other hand, as Applicant best can deduce from the objection, the examiner appears

to argue that in order for a drawing to show every feature of the invention specified in the claims, the drawing cannot illustrate any additional features or those that are not recited in the claim. This also is not a proper basis for objecting to the drawings. So long as the drawings show the features recited in the claims, there is no limitation on the illustration of other features that may relate to alternative embodiments or that may provide environmental elements that allow for additional understanding of the nature of the invention.

In addition to the above, the examiner currently appears to argue that the claims must recite any element that is illustrated in the drawings and is not expressly excluded in the written description. Applicant disagrees. The Federal Circuit has clearly stated, "[the] specification, having described the whole, necessarily described the part remaining." See *In re Johnson*, 558 F.2d 1008, 1019, 194 USPQ 187, 196 (CCPA 1977). Here, in the specification, the Brief Description of the Drawings states the following, "[t]he foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however, ***the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed***." Emphasis Added. Thus, the specification makes clear that the drawings and the detailed description which include an anchor and cord **in some embodiments** are not limited to those specific embodiments disclosed. Consequently, in light of *In re Johnson*, this means that the specification, which includes embodiments including a cord and anchor (i.e., the whole), necessarily includes embodiments describing the part remaining, i.e., excluding or omitting the cord or anchor or any additional frame.

Moreover, the drawings are part of the specification. As such, a drawing that illustrates the whole (such as, FIG. 1 for example) necessarily illustrates the part remaining if elements of the whole drawing are not recited in a claim.

Lastly, Applicant notes that "FIG. 4 is a perspective view of a loop coupled to the canopy for engaging a cord according to one or more embodiments of the presently disclosed subject matter" according to the Brief Description of the Drawings in the present application. Thus, at least FIG. 4 and the corresponding description thereof depict a system that excludes any anchor or additional frame, but is rather for engaging a cord as described.

Regarding the examiner's statement regarding item [2], claims 51, 54, and 60 are now canceled. As such, the objection is moot.

For at least these reasons, Applicant respectfully requests that the objection to the drawings be withdrawn at this time.

Claim Rejections – 35 U.S.C. § 112

Claims 41-63 are rejected under 35 U.S.C. § 112(a) as allegedly failing to comply with the written description requirement. The examiner alleges that claims 41, 52, and 58 recite "such that the system excludes any other components from engaging the surface." The examiner likewise argues that such a function is not found in the disclosure of this or any parent application and as such, is considered new matter. Applicant respectfully disagrees.

When considering a rejection of the claims under § 112(a) as allegedly including new matter, "[…] the fundamental factual inquiry is whether the specification conveys with reasonable clarity to those skilled in the art that, as of the filing date sought, inventor was in possession of the invention as now claimed. See, e.g., *Vas-Cath, Inc. v. Mahurkar,* 935 F.2d 1555, 1563-64, 19 USPQ2d 1111, 1117 (Fed. Cir. 1991)."

As noted hereinabove, independent claims 41, 52, and 58 are now amended to recite, "such that the system excludes any anchor or additional frame ~~any other components from~~ engaging the surface in the supporting configuration ~~except for each of the left end and the right end of the frame~~." As such, claims 41, 52, and 58 recite a negative limitation. Per MPEP § 2173.05(i), "[a]ny negative limitation or exclusionary proviso must have basis in the original disclosure. ***If alternative elements are positively recited in the specification, they may be explicitly excluded in the claims***. See *In re Johnson,* 558 F.2d 1008, 1019, 194 USPQ 187, 196 (CCPA 1977) ("[the] specification, having described the whole, necessarily described the part remaining."). See also *Ex parte Grasselli,* 231 USPQ 393 (Bd. App. 1983), *aff'd mem.,* 738 F.2d 453 (Fed. Cir. 1984)." Emphasis Added.

Here, paragraphs [0046] and [0051] of the published application positively recite various alternative elements.

- "Referencing FIGS. 4 and 5, the system 10 ***may*** further include a cord 32 engaged

with, or coupled to, an anchor 34, the canopy 12, and/or the frame 14 for providing support to the frame 14 when in the supporting configuration." Emphasis added. *See,* paragraph [0046].

- "***For example***, the additional suspension end 43 ***may*** form an additional loop 41 for engaging or coupling an additional frame 15, thereby further suspending the canopy 12 from both the frame 14 and the additional frame 15." Emphasis Added. *See,* paragraph [0051].
- "Additional anchor(s) 35 ***may*** be engaged or coupled to the left end 20 and/or right end 22 for further securing the frame 14 into position." Emphasis Added. *See,* paragraph [0051].

As emphasized above, the use of the permissive "*may*" and/or "*for example*" indicates that these elements are not required in **every** embodiment. Thus, and per *In re Johnson*, since these alternative elements are positively recited in the specification, then they may be explicitly excluded in the claims.

In addition, the Federal Circuit has clearly stated, "[the] specification, having described the whole, necessarily described the part remaining." *See, Id.* Here, in the specification, the Brief Description of the Drawings states the following, "[t]he foregoing, as well as the following Detailed Description of preferred embodiments, is better understood when read in conjunction with the appended drawings. For the purposes of illustration, there is shown in the drawings exemplary embodiments; however, ***the presently disclosed subject matter is not limited to the specific methods and instrumentalities disclosed***." Emphasis Added. Thus, the specification makes clear that the drawings and the detailed description disclose a system that in some embodiments excludes any anchor or additional frame engaging the surface in the supporting configuration and in other embodiments includes anchor(s), additional frame(s), etc. engaging the surface in the supporting configuration.

From the foregoing, it is abundantly clear to any person of ordinary skill in the art reviewing the specification as a whole that the inventors, at the time of filing of the present invention, had possession of shading systems that may be formed of a plurality of components that may be combined in many manners and that, for example, the anchor(s) and additional

frame(s) are "further" elements that "may" or may not be present. Thus, Applicant respectfully submits that a system as claimed in claims 41, 52, and 58 has appropriately supporting written description as originally filed, and the rejection should be withdrawn at this time.

Claims 51, 54, and 60 are rejected for reciting the "canopy defines a plurality of coupled sections each extending between a first end forming the suspension end of the canopy and a second end forming the opposing trailing end of the canopy". Each of claims 51, 54, and 60 is canceled, such that this rejection is now moot.

Claims 41-63 are rejected under 35 U.S.C. § 112(b) as allegedly being indefinite since claims 41, 52, and 58 recite that "such that the system excludes any other components from engaging the surface" and it is "unclear how the system can 'exclude' another component from contacting the surface." *See,* p. 4 of the Office Action. Applicant respectfully disagrees.

As noted hereinabove, independent claims 41, 52, and 58 now recite a negative limitation. According to MPEP § 2173.05(i), "[t]he current view of the courts is that **there is nothing inherently ambiguous or uncertain about a negative limitation. So long as the boundaries of the patent protection sought are set forth definitely, albeit negatively, the claim complies with the requirements of 35 U.S.C. 112(b)** or pre-AIA 35 U.S.C. 112, second paragraph." Emphasis Added.

Here, it has been pointed out that paragraphs [0046] and [0051] provide explicit basis for alternative elements such as anchor(s) and additional frame(s), which are now explicitly excluded from the claim. Therefore, the claim language should properly be treated as a negative limitation, with the boundaries of protection being set forth definitely, such that it follows that there is nothing inherently ambiguous with the claim language in claims 41, 52, and 58.

Applicant respectfully requests that this rejection be withdrawn.

Claims 56 and 62 are rejected for reciting "a container capable of … acting as a counterweight" which renders the claim indefinite because it is allegedly unclear how the container would act as a counterweight. Applicant respectfully directs the examiner to paragraph [0046], which states, "For example, if the ends 20, 22 of the frame 14 are secured within sand on a beach, the anchor 34 may be filled with sand acting as the weight 36." Thus, Applicant

respectfully submits that it is clear how the container would act as a counterweight in some embodiments. Applicant respectfully requests that this rejection be withdrawn.

Claim Rejections – 35 USC § 103

Claims 41-43, 45, 46, 49, and 50 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over KR 101315166 to Kang in view of Jager in US Patent 5,927,311.

Claim 41 is the independent claim from which claims 42-43, 45, 46, 49, and 50 depend. Independent claim 41 is currently amended to recite that "the system excludes any anchor or additional frame ~~any other components from~~ engaging the surface in the supporting configuration ~~except for each of the left end and the right end of the frame~~."

Applicant respectfully submits that Kang fails to disclose a frame defined by a plurality of sections and comprising an alignment component, such that Kang does not disclose a frame that is engageable in a supporting configuration and disengageable in a transport configuration. Kang also fails to disclose that the system that excludes any anchor or additional frame engaging the surface in the supporting configuration, as now claimed.

Kang discloses two configurations shown in the annotated figures of Kang, below.

CONFIGURATION 1: A first configuration in FIG. 1 where the ends of the frame 100 **and** the pile 320 engage the surface (i.e., **three points of engagement**). Thus, the system of Kang **does not** exclude any anchor or additional frame engaging the surface in the supporting configuration in CONFIGURATION 1 as the pile 320 (an anchor) also engages the surface.


Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 177 of 328




CONFIGURATION 2: A second configuration in FIGs. 4 and 5 where the ends of both frames 100, 100’ **and** the pile 320 (cut off from the figure) engage the surface (i.e., **five points of engagement**). Thus, the system of Kang **does not** exclude any anchor or additional frame engaging the surface in the supporting configuration in CONFIGURATION 2 as the pile 320 (anchor) and frame 100’ (additional frame) also engages the surface.




Accordingly, Kang fails to at least disclose a system as claimed.

Further, there is no suggestion or motivation to modify Kang such that the system excludes any anchor or additional frame engaging the surface in the supporting configuration, as claimed. As noted, each of CONFIGURATIONS 1 and 2 in Kang require at least the pile 320 (anchor) contacting the ground surface, which Kang specifically states is used to further strengthen the sunscreen 200, and that the pile 320 supports the awning film 200. Thus, any proposed modification to CONFIGURATIONS 1 and 2 of Kang whereby the pile 320 is removed would render Kang unsatisfactory for its intended purpose contrary to MPEP § 2143.01(V), such that the modification is not obvious. *See, e.g.*, "[i]f a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, ***then there is no suggestion or motivation to make the proposed modification***. *In re Gordon,* 733 F.2d 900, 221 USPQ 1125 (Fed. Cir. 1984)". Emphasis Added.

Nothing in Jager cures this deficiency in Kang. For example, Jager discloses two spaced parallel longitudinal support rod members, such that the support rod members (additional frame(s)) each engage the surface at their opposing ends (i.e., **four points of engagement**). Thus, Jager also fails to provide any disclosure for a system that excludes any anchor or

additional frame engaging the surface in the supporting configuration, as claimed.

Accordingly, Kang separately or in combination with Jager fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 41. Applicant thus respectfully submits that independent claim 41 is not rendered obvious by Kang separately or in combination with Jager. Likewise, claims 42-43, 45, 46, 49, and 50 are not rendered obvious by Kang separately or in combination with Jager for at least their dependency on independent claim 41. Applicant respectfully requests withdrawal of this rejection.

Claims 52, 53, and 57 are rejected under 35 USC § 103 as allegedly being unpatentable over Kang in view of Jager, and further in view of Warth in US Patent 3,286,962.

Claim 52 is the independent claim from which claims 53 and 57 depend. Independent claim 52 is currently amended to recite that "the system excludes <u>any anchor or additional frame</u> ~~any other components from~~ engaging the surface in the supporting configuration ~~except for each of the left end and the right end of the frame~~."

Applicant respectfully submits that Kang fails to disclose a frame defined by a plurality of sections and comprising an alignment component, such that Kang does not disclose a frame that is engageable in a supporting configuration and disengageable in a transport configuration. As described hereinabove with reference to the discussion of independent claim 41, Kang also fails to disclose that the system that excludes any anchor or additional frame engaging the surface in the supporting configuration, as now claimed. Jager does not cure this deficiency in Kang as described hereinabove with reference to the discussion of independent claim 41. Warth also fails to cure this deficiency in modified Kang.

Warth discloses a dog umbrella that has a corkscrew for engaging the surface such that there is only a single point of engagement with a surface (the corkscrew 35). Warth does not all describe a system with a frame, canopy, or loop as claimed. Therefore, Warth fails to the deficiency in modified Kang of disclosing that the system that excludes any anchor or additional frame engaging the surface in the supporting configuration, as now claimed.

Accordingly, Kang separately or in combination with Jager and/or Warth fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of


Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 180 of 328

independent claim 52. Applicant thus respectfully submits that independent claim 52 is not rendered obvious by Kang separately or in combination with Jager and/or Warth. Likewise, claims 53 and 57 are not rendered obvious by Kang separately or in combination with Jager and/or Warth for at least their dependency on independent claim 52. Applicant respectfully requests withdrawal of this rejection.

Claims 58, 59, and 63 are rejected under 35 USC § 103 as allegedly being unpatentable over Kang in view of Jager, and Warth.

Claim 58 is the independent claim from which claims 59 and 63 depend. Independent claim 58 is currently amended to recite that "the system excludes any anchor or additional frame ~~any other components from~~ engaging the surface in the supporting configuration ~~except for each of the left end and the right end of the frame~~."

Applicant respectfully submits that Kang fails to disclose a frame defined by a plurality of sections and comprising an alignment component, such that Kang does not disclose a frame that is engageable in a supporting configuration and disengageable in a transport configuration. As described hereinabove with reference to the discussion of independent claim 41, Kang also fails to disclose that the system that excludes any anchor or additional frame engaging the surface in the supporting configuration, as now claimed. Jager does not cure this deficiency in Kang as described hereinabove with reference to the discussion of independent claim 41. Warth also fails to cure this deficiency in modified Kang as described hereinabove with reference to the discussion of independent claim 52.

Accordingly, Kang separately or in combination with Jager and/or Warth fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 58. Applicant thus respectfully submits that independent claim 58 is not rendered obvious by Kang separately or in combination with Jager and/or Warth. Likewise, claims 59 and 63 are not rendered obvious by Kang separately or in combination with Jager and/or Warth for at least their dependency on independent claim 58. Applicant respectfully requests withdrawal of this rejection.

Claim 44 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 41 above, and further in view of Sotirkys et al. in US Pub. No. 2010/0212709.

Claim 44 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Sotirkys cures this deficiency in modified Kang as Sotirkys is only cited with regard to dependent claim 44. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Sotirkys. Claim 44 is also not rendered obvious by modified Kang separately or in combination with Sotirkys for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 47 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 41, and further in view of Warth.

Claim 47 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Warth cures this deficiency as described hereinabove with reference to the discussion of claims 52 and 58. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Warth. Claim 47 is also not rendered obvious by modified Kang separately or in combination with Warth for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 48 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 41 above, and further in view Rise in US Patent 5,291,640.

Claim 48 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Rise cures this deficiency as Rise is only cited with regard to dependent claim 48. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Rise. Claim 48 is also not rendered obvious by modified Kang separately or in combination with Rise for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 51 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 41 above, and further in view of Sotirkys.

Claim 51 is now canceled. As such, this rejection is now moot.

Claim 54 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 52 above, and further in view of Sotirkys.

Claim 54 is now canceled. As such, this rejection is now moot.

Claim 55 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 52 above, and further in view of Swetish in US Patent 5,771,912.

Claim 55 depends on independent claim 52. Claim 52 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Swetish cures this deficiency as Swetish is only cited with regard to dependent claim 55. As such, claim 52 is not rendered obvious by modified Kang separately or in combination with Swetish. Claim 55 is also not rendered obvious by modified Kang separately or in combination with Swetish for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 56 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 41 [Applicant believes this is a typographical error and should be claim 52] and further in view of Rice in US Patent 5,823,217.

Claim 56 depends on independent claim 52. Claim 52 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Rice cures this deficiency as Rice is only cited with regard to dependent claim 56. As such, claim 52 is not rendered obvious by modified Kang separately or in combination with Rice. Claim 56 is also not rendered obvious by modified Kang separately or in combination with Rice for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 60 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 58 and further in view of Sotirkys.

Claim 60 is now canceled. As such, this rejection is now moot.

Claim 61 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 58, and further in view of Swetish.

Claim 61 depends on independent claim 58. Claim 58 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Swetish cures this deficiency as Swetish is only cited with regard to dependent claim 61. As such, claim 58 is not rendered obvious by modified Kang separately or in combination with Swetish. Claim 61 is also not rendered obvious by modified Kang separately or in combination with Swetish for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 62 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 58 and further in view of Rice.

Claim 62 depends on independent claim 58. Claim 58 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Rice cures this deficiency as Rice is only cited with regard to dependent claim 62. As such, claim 58 is not rendered obvious by modified Kang separately or in combination with Rice. Claim 62 is also not rendered obvious by modified Kang separately or in combination with Rice for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

**CONCLUSION**

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

*ELECTRONICALLY FILED USING THE EFS-WEB ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JANUARY 10, 2025.*

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **01/10/2025 05:11:32 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 68690426 | FILING DATE | 03/29/2024 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 5

| DOCUMENT | | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|---|
| S105508_1010US_C11_0060_0 Supplemental IDS Cover.pdf | | 1 | Transmittal Letter | 117 KB |
| S105508_1010US_C11_0060_0 Supplemental IDS 1449.pdf | | 1 | Information Disclosure Statement (IDS) Form (SB08) | 155 KB |

Warning: This is not a USPTO supplied IDS fillable form. Data in the form cannot be automatically loaded to other USPTO systems.

| DOCUMENT | | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|---|
| S105508_1010US_C11_0060_0 Amendment for 10-10-2024 OA.pdf | | 21 | - | 396 KB |
| S105508_1010US_C11_0060_0 Amendment for 10-10-2024 OA-A....pdf | (1-1) | 1 | Amendment/Request for Reconsideration-After Non-Final Rejection | 126 KB |

| | | | | |
|---|---|---|---|---|
| S105508_1010US_C11_0060_0 Amendment for 10-10-2024 OA-CLM.pdf | (2-7) | 6 | Claims | 59 KB |
| S105508_1010US_C11_0060_0 Amendment for 10-10-2024 OA-REM.pdf | (8-21) | 14 | Applicant Arguments/Remarks Made in an Amendment | 362 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C11_0060_0 Supplemental IDS Cover.pdf | 5F09026EA120A3B80E7A9BCDDCB5CE8159015520945A8F427003CC83C879B3D2D661F4FA31E2B98D1EEA923835FC2F60857723D0373D18FBFED637B67C078A78 |
| S105508_1010US_C11_0060_0 Supplemental IDS 1449.pdf | EA87CD75477F3CA0BA6FAEE40986C9A907E437487A4F07381526BE1B3D37DDDFA1C42268695035044B059EC4A49496586099A9D56CEF89B34103D63BD0069D17 |
| S105508_1010US_C11_0060_0 Amendment for 10-10-2024 OA.pdf | DF08F1573BDB8FA0F6693EB775EAEF0652B7FF87332BD9CB086D9468C7B5EC5CCD2BFEABB9A3AFF0726D44F1CE125CCA69FB95D08D5F60B04E9F7EFA041CBE71 |
| S105508_1010US_C11_0060_0 Amendment for 10-10-2024 OA-A....pdf | 4E4FE2319F7FC8876882844C81EADE9D1AB5633B67741D1BFA90594703A85147927E5450E65DFA4518AF865C4A5A6FEBEF540E3F38322B3C5888AAD9B9F339AF |
| S105508_1010US_C11_0060_0 Amendment for 10-10-2024 OA-CLM.pdf | 76150347D887040ED31CBCC7D3AAFA6F5A24565C183DE02FD11F0E5F1F2F37EE6281C208C00AD5564F2D19886A40FDB2479069393C5AE77ED536F7FCEE4237B8 |
| S105508_1010US_C11_0060_0 Amendment for 10-10-2024 OA-REM.pdf | 1D41812C72A75D3C758089BA60AF33DCF8ECA1A5C8C8560409FB8886CF4CA145B2CADFBFEC5F53799BFF6371E0FF0EAF2B12263F5F4696D86E36732E8D7D89C5 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an

international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

| *Index of Claims* | Application/Control No.<br>18/622,175 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/07/2024 | 01/24/2025 | | | | | | |
| | 1 | - | - | | | | | | |
| | 2 | - | - | | | | | | |
| | 3 | - | - | | | | | | |
| | 4 | - | - | | | | | | |
| | 5 | - | - | | | | | | |
| | 6 | - | - | | | | | | |
| | 7 | - | - | | | | | | |
| | 8 | - | - | | | | | | |
| | 9 | - | - | | | | | | |
| | 10 | - | - | | | | | | |
| | 11 | - | - | | | | | | |
| | 12 | - | - | | | | | | |
| | 13 | - | - | | | | | | |
| | 14 | - | - | | | | | | |
| | 15 | - | - | | | | | | |
| | 16 | - | - | | | | | | |
| | 17 | - | - | | | | | | |
| | 18 | - | - | | | | | | |
| | 19 | - | - | | | | | | |
| | 20 | - | - | | | | | | |
| | 21 | - | - | | | | | | |
| | 22 | - | - | | | | | | |
| | 23 | - | - | | | | | | |
| | 24 | - | - | | | | | | |
| | 25 | - | - | | | | | | |
| | 26 | - | - | | | | | | |
| | 27 | - | - | | | | | | |
| | 28 | - | - | | | | | | |
| | 29 | - | - | | | | | | |
| | 30 | - | - | | | | | | |
| | 31 | - | - | | | | | | |
| | 32 | - | - | | | | | | |
| | 33 | - | - | | | | | | |
| | 34 | - | - | | | | | | |
| | 35 | - | - | | | | | | |
| | 36 | - | - | | | | | | |
| | 37 | - | - | | | | | | |
| | 38 | - | - | | | | | | |
| | 39 | - | - | | | | | | |
| | 40 | - | - | | | | | | |
| | 41 | ✓ | ✓ | | | | | | |
| | 42 | ✓ | ✓ | | | | | | |

| *Index of Claims* | Application/Control No.<br>18/622,175 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/07/2024 | 01/24/2025 | | | | | | | |
| | 43 | ✓ | ✓ | | | | | | | |
| | 44 | ✓ | ✓ | | | | | | | |
| | 45 | ✓ | ✓ | | | | | | | |
| | 46 | ✓ | ✓ | | | | | | | |
| | 47 | ✓ | ✓ | | | | | | | |
| | 48 | ✓ | ✓ | | | | | | | |
| | 49 | ✓ | ✓ | | | | | | | |
| | 50 | ✓ | ✓ | | | | | | | |
| | 51 | ✓ | - | | | | | | | |
| | 52 | ✓ | ✓ | | | | | | | |
| | 53 | ✓ | ✓ | | | | | | | |
| | 54 | ✓ | - | | | | | | | |
| | 55 | ✓ | ✓ | | | | | | | |
| | 56 | ✓ | ✓ | | | | | | | |
| | 57 | ✓ | ✓ | | | | | | | |
| | 58 | ✓ | ✓ | | | | | | | |
| | 59 | ✓ | ✓ | | | | | | | |
| | 60 | ✓ | - | | | | | | | |
| | 61 | ✓ | ✓ | | | | | | | |
| | 62 | ✓ | ✓ | | | | | | | |
| | 63 | ✓ | ✓ | | | | | | | |

| Search Notes | Application/Control No. 18/622,175 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/60, 62, 005 | 10/07/2024 | NCH |
| updated above | 01/24/2025 | NCH |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered and updated search history for parent application 18/072143 | 10/07/2024 | NCH |
| Considered IDS filed 3/29/24 and 6/5/24 | 10/07/2024 | NCH |
| Performed inventor name search | 10/07/2024 | NCH |
| Please see attached PE2E search history | 10/07/2024 | NCH |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/622,175 | 03/29/2024 | Dane Brooks Barnes | S105508 1010US.C11(0060.0 | 9922 |

26158 7590 01/29/2025
WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/29/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. 18/622,175 | Applicant(s) Barnes et al. | |
|---|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 | AIA (FITF) Status Yes |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --***

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on 1/10/2025.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☑ This action is **FINAL.** 2b) ☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 41-50,52-53,55-59 and 61-63 is/are pending in the application.
5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 41-50,52-53,55-59 and 61-63 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 3/29/2024 is/are: a)☐ accepted or b)☑ objected to by the Examiner.
Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
a)☐ All b)☐ Some** c)☐ None of the:
1.☐ Certified copies of the priority documents have been received.
2.☐ Certified copies of the priority documents have been received in Application No. _____.
3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
Paper No(s)/Mail Date ______.

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date ______.

4) ☐ Other: ______.

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Drawings*

2. The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the system for providing shade recited in Claims 41, 52, and 58 wherein the system excludes and anchor or additional frame engaging the surface in the supporting configuration must be shown or the feature(s) canceled from the claim(s). No new matter should be entered.

3. Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as “amended.” If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either “Replacement Sheet” or “New Sheet” pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner,

the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

### *Claim Rejections - 35 USC § 112*

4. The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The following is a quotation of the first paragraph of pre-AIA 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

5. Claims 41-63 are rejected under 35 U.S.C. 112(a) or 35 U.S.C. 112 (pre-AIA), first paragraph, as failing to comply with the written description requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time the application was filed, had possession of the claimed invention.

a. Claims 41, 52, and 58 recite that “such that the system excludes any anchor or additional frame from engaging the surface”. Such a function is not found in the disclosure of this or any parent application and as such, is considered new matter.

6. The following is a quotation of 35 U.S.C. 112(b):

> (b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

7. Claims 56 and 62 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor (or for applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention.

b. Claims 56 and 62 recite “a container capable of … acting as a counterweight” which renders the claim indefinite. It is unclear how the container would act as a counterweight. There is no connection between the container and any other component of the system outside of the use of transporting the components.

## *Claim Rejections - 35 USC § 103*

8. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

9. Claims 41-43, 45, 46, 49, 50, are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311.

c. Regarding Claims 41 and 42, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) providing a supporting configuration (see Fig. 1) wherein each of a left end (320 on the left) and a right end (320 on the right) of the frame in the supporting configuration engages the surface such that the system excludes any anchor or additional frame engaging the surface in the supporting configuration (the system, as defined herein, "excludes" any other component from engaging the surface); a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy extending between a left end and a right end (the left and right edges of the canopy); and at least one fastener (such as 212/220) on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface (see Fig. 1).

d. Kang is silent on the use of a sectional frame. Jager teaches a shading system including a frame (50) defined by a plurality of sections (58/60/62) and comprising an alignment component (71) extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration (Fig. 1) and thereby disengageable to define the frame in a transport configuration (Fig. 5), wherein the alignment component comprises a cable extending through

and affixed to one or more of the plurality of sections of the frame. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a sectional frame as taught by Jager in order to allow the user to more compactly store and transport the frame when not in use.

e. Regarding Claim 43, Kang, as modified, teaches that the at least one fastener comprises a first fastener (220) formed as a strap arranged proximate the left or right end of the suspension end, the first strap being wrapped about the frame when engaging the fastener thereto.

f. Regarding Claim 45, Kang, as modified, teaches that in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface (see Fig. 1).

g. Regarding Claim 46, Kang, as modified, teaches that the at least one fastener on the suspension end of the canopy comprises a loop (210) extending about the suspension end from the left end to the right end.

h. Regarding Claim 49, Kang, as modified, teaches that the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

i. Regarding Claim 50, Kang, as modified, teaches a hoop (310) engaged with or coupled to one or both of the canopy and the frame at a point between the left and right ends thereof.

10. Claims 52, 53, and 57 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311 and Warth in US Patent 3286962.

j. Regarding Claim 52, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) including a plurality of sections (100, 110, and 320) the sections including: a first section (110/320 on the left) defining a left end of the frame and engaged with the surface; a last section (110/320 on the right) defining a right end of the frame and engaged with the surface, such that the system excludes any anchor or additional frame from engaging the surface in the supporting configuration (the system, as defined herein, “excludes” any other component from engaging the surface); a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface (see Fig. 1); and a loop (212/220) defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop (220 on one end) forming a first securing mechanism and the second portion of the loop (220 on the opposite end) forming a second securing mechanism,

wherein at least one of the first and second securing mechanisms engage the canopy to the frame using a frame fastener (3, see Fig. 2, inset).

k. Kang is silent on the use of a sectional frame. Jager teaches a shelter system with a frame (50) including a plurality of sections (58/60/62) and being maneuverable between a transport configuration (Fig. 5) and a supporting configuration (Fig. 1), the sections including: a first section (58) defining a left end of the frame engaged with the surface; a last section (60) defining a right end of the frame and engaged with the surface, one or more adjacent sections (60) coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an alignment component (71) extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a sectional frame as taught by Jager in order to allow the user to more compactly store and transport the frame when not in use.

l. Kang, as modified, is silent on the use of corkscrew ends. Warth teaches a shading device with a frame (12) engaged with the surface, the end (35) of the frame having a corkscrew shape and engaged with the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of

the claimed invention to modify the device of Kang, as modified, by using corkscrew shape ends as taught by Warth in order to better secure the device in the ground.

m. Regarding Claim 53, Kang, as modified, teaches, as best understood, that the system "excludes" any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

n. Regarding Claim 57, Kang, as modified, teaches that at least one of the first and second securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end (see Fig. 2, inset).

11. Claims 58, 59, and 63 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311 and Warth in US Patent 3286962.

o. Regarding Claim 58, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) including a plurality of sections (100, 110, and 320), the sections including: a first section (320 on the left) defining a left end of the frame and engaged with the surface; a last section (320 on the right) defining a right end of the frame and engaged with the surface, such that the system excludes any anchor or additional frame from engaging the surface in the supporting configuration (the system, as defined herein, "excludes" any other component from engaging the surface); a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy being engageable with the frame about

the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface (see Fig. 1); a loop (212/220) defined toward the suspension end of the canopy, wherein the loop defines a first portion (212) and a second portion (220) of the loop, the first portion of the loop being configured for accepting a portion of the frame therethrough and the second portion of the loop forming first and second securing mechanisms (220 at either end) engaged with or coupled thereto; and a frame fastener (3) arranged to engage the canopy to the frame via the first and second securing mechanisms.

p. Kang is silent on the use of a sectional frame. Jager teaches a frame (50) including a plurality of sections (58/60/62) and being maneuverable between a transport configuration (Fig. 5) and a supporting configuration (Fig. 1), one or more adjacent sections coupled into alignment between a first section (58) and a last section (60), some of the one or more adjacent sections additionally comprising an alignment component (71) extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the

device of Kang by using a sectional frame as taught by Jager in order to allow the user to more compactly store and transport the frame when not in use.

q. Kang, as modified, is silent on the use of corkscrew ends. Warth teaches a shading device with a frame (12) engaged with the surface, the end (35) of the frame having a corkscrew shape and engaged with the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using corkscrew shape ends as taught by Warth in order to better secure the device in the ground.

r. Regarding Claim 59, Kang, as modified, teaches that, as best understood, the system “excludes” any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame.

s. Regarding Claim 63, Kang, as modified, teaches that the first and second securing mechanisms are coupled or engaged to the canopy on one end and coupled or engaged to the frame fastener on the other end (see Fig. 2, inset).

12. Claim 44 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Sotirkys et al. in US Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at 12) and wherein the canopy comprises a plurality of coupled sections (10 and 80) extending between the suspension end of the canopy and the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified,

by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

13. Claim 47 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Warth in US Patent 3286962. Kang, as modified, is silent on the use of a corkscrew shape for the ground engaging ends of the frame. Warth teaches a frame with an end (35) having a corkscrew shape for engaging the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame ends of Kang, as modified, by using corkscrew shaped ends as taught by Warth in order to better secure the device in the ground.

14. Claim 48 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Rise in US Patent 5291640. Kang, as modified, is silent on the use of self-engaging fasteners. Rise teaches a fastener (A) that is fastened or engaged with itself after wrapping about a frame (inserted through S). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a self-engaging fasteners as taught by Rise in order to more easily attach the frame to the canopy.

15. Claim 55 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 52 above, and further in view of Swetish in US Patent 5771912. Kang, as modified, is silent on the use of elastic securing mechanisms. Swetish teaches a shading system with a securing mechanism (24) attaching a canopy to a frame, wherein the at least one securing mechanism is elastic. It would have been

obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using an elastic securing mechanism as taught by Swetish in order to allow the canopy to flex under the force of the wind.

16. Claim 56 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 51 above, and further in view of Rice in US Patent 5823217. Kang, as modified, is silent on the use of a container. Rice teaches a shading system including a container (50) capable of transporting the components of the system and acting as a counterweight (as best understood). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Rice in order to allow the user to easily carry the device when not in use.

17. Claim 61 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 58 above, and further in view of Swetish in US Patent 5771912. Kang, as modified, is silent on the use of elastic securing mechanisms. Swetish teaches a shading system with a securing mechanism (24) attaching a canopy to a frame, wherein the at least one securing mechanism is elastic. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using an elastic securing mechanism as taught by Swetish in order to allow the canopy to flex under the force of the wind.

18. Claim 62 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 58 above, and further in view of Rice in US Patent

5823217. Kang, as modified, is silent on the use of a container. Rice teaches a shading system including a container (50) capable of transporting the components of the system and acting as a counterweight (as best understood). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Rice in order to allow the user to easily carry the device when not in use.

***Response to Arguments***

19. Applicant's arguments filed 1/10/2025 have been fully considered but they are not persuasive.

20. With respect to the applicant's arguments regarding the drawing objections: there is no figure showing the configuration of the system where the system "excludes any anchor or additional frame engaging the surface in the supporting configuration." The only depiction of the supporting configuration shown in the drawings includes at least an anchor (34) engaging the surface.

21. With respect to the applicant's arguments directed to the 112(a) rejections of the claims, the applicant relies on the reasoning that the term "may further include" is used in the specification to reference the cord 32 and anchor 34. By this very same reasoning, the only essential (that is, not optional) element of the system is the frame 14. Every other element is introduced conditionally using a "may." While it is permissible to exclude optional elements in the claims, there is no discussion in the specification of such an embodiment or the making and or use thereof. The rejection of these claims is therefore sustained.

22. With respect to the applicant's arguments directed to the rejection of Claims 56 and 62: the question of how the container acts as a counterweight is not at issue. The claims lack a structural connection between the claimed container/counterweight and any other element of the device. Additionally, as the parent claims specifically "[exclude] any anchor" it is unclear how the applicant could possibly add a counterweight. The rejection is maintained.

23. With respect to the rest of the applicant's arguments directed to the negative limitations in the amended claims: as defined in the rejections set forth above, the systems (defined as the canopy of Kang and the frame of Kang as modified by Jager or as modified, by Jager and Warth) of the prior art devices teach all of the limitations of the claims. The fact that these system disclose additional structure not claimed is considered irrelevant. If the applicant wishes to limit the claims only to elements positively recited in the claim, the transitional phrase "consisting of" is conveniently available.

## *Conclusion*

24. **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

25. A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any

nonprovisional extension fee (37 CFR 1.17(a)) pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

26. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached on 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| **PATENT APPLICATION FEE DETERMINATION RECORD** Substitute for Form PTO-875 | Application or Docket Number 18/622,175 | Filing Date 03/29/2024 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| | (Column 1) | (Column 2) | | | |
|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 04/22/2025 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 14 | Minus | ** 20 | = 0 | | x $200 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 1 | Minus | *** 3 | = 0 | | x $600 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /VIOLA D ROGERS/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# REQUEST FOR CONTINUED EXAMINATION(RCE)TRANSMITTAL
## (Submitted Only via EFS-Web)

| Application Number | 18/622,175 | Filing Date | 2024-03-29 | Docket Number (if applicable) | S105508 1010US.C11(0060.0 | Art Unit | 3636 |
|---|---|---|---|---|---|---|---|
| First Named Inventor | Dane Brooks Barnes | | | Examiner Name | Noah Chandler Hawk | | |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. The Instruction Sheet for this form is located at WWW.USPTO.GOV

### SUBMISSION REQUIRED UNDER 37 CFR 1.114

Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

☐ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

- ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on ____________
- ☐ Other ____________

☒ Enclosed

- ☒ Amendment/Reply
- ☐ Information Disclosure Statement (IDS)
- ☐ Affidavit(s)/ Declaration(s)
- ☐ Other ____________

### MISCELLANEOUS

☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of months ____________
(Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

☐ Other ____________

### FEES

☒ **The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.**
The Director is hereby authorized to charge any underpayment of fees, or credit any overpayments, to Deposit Account No 090528

### SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

☒ Patent Practitioner Signature
☐ Applicant Signature

Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 211 of 328

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Signature of Registered U.S. Patent Practitioner | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Date (YYYY-MM-DD) | 2025-04-22 |
| Name | Lauren F. Anderson | Registration Number | 69344 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **04/22/2025 04:00:58 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 70112115 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 03/29/2024 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E20254LG01407903** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1801 | REQUEST FOR CONTINUED EXAMINATION (RCE) - 1ST REQUEST (SEE 37 CFR 1.114) | 1500.00 | 1 | 1500.00 |
| | | | **TOTAL AMOUNT:** | **$1,500.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C.

371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 9922 |
| Appl. No.: | 18/622,175 | Group Art Unit: | 3636 |
| Filed: | March 29, 2024 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C11 (0060.0)
Customer No.: 26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

AMENDMENT UNDER 37 C.F.R. § 1.114

Sir:

In response to the final Office Action dated January 29, 2025, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks/Arguments** begin on page 5 of this paper.

Amendments to the Claims

1. – 40. (Canceled)

41. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration~~, wherein each of a left end and a right end of the frame in the supporting configuration engages the surface such that the system excludes any anchor or additional frame engaging the surface in the supporting configuration~~;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end; [[and]]

at least one strap engageable with, or coupled to, the canopy on at least of the left end and the right end of the suspension end of the canopy for securing the canopy into position relative to the frame;

at least one frame fastener engageable with, or coupled to, the strap, wherein the at least one strap is coupled or engaged to the canopy on one end and the at least one frame fastener on the other end for engaging the canopy to the frame; and

a loop defined on or proximate to the suspension end of the canopy ~~at least one fastener on the suspension end of the canopy configured~~ for accepting a portion of the frame therethrough, ~~and for securing the canopy in position relative to the frame, and~~

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface.

42. (Previously Presented) The system of claim 41, wherein the alignment component

comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

43. (Currently Amended) The system of claim 41, wherein the at least one strap comprises:

a first strap having the one end and the other end, the one end being engageable with, or coupled to, the canopy on the left end of the suspension end of the canopy, and

a second strap having the one end and the other end, the one end being engageable with, or coupled to, the canopy on the right end of the suspension end of the canopy, and

wherein the at least one frame fastener comprises a first frame fastener coupled or engaged to the other end of the first strap and a second frame fastener coupled or engaged to the other end of the second strap~~formed as a strap~~ arranged ~~proximate the left or right end of the suspension end, the first strap being wrapped about the frame when engaging the fastener thereto~~.

44. (Previously Presented) The system of claim 41, wherein the canopy comprises a plurality of coupled sections extending between the suspension end of the canopy and the opposing trailing end of the canopy.

45. (Previously Presented) The system of claim 41, wherein, in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface.

46. (Canceled)

47. (Previously Presented) The system of claim 41, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

48. (Currently Amended) The system of claim 41, wherein the at least one strap~~fastener~~ is fastened or engaged with itself when the canopy is secured into position relative to the frame~~after~~

~~wrapping about the frame~~.

49. (Previously Presented) The system of claim 41, wherein the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

50-54. (Canceled)

55. (Currently Amended) The system of claim [[52]]41, wherein the at least one strap is~~first and second securing mechanisms~~ ~~are~~ elastic.

56-63. (Canceled)

64. (New) The system of claim 41, wherein a canopy defining parallel sides extending from the suspension end to the trailing end.

65. (New) The system of claim 41, further comprising a container for housing and transporting all of the other components of the system.

66. (New) The system of claim 41, wherein the at least one frame fastener and the at least one strap are formed of different materials.

67. (New) The system of claim 41, wherein the at least one frame fastener as formed with a hook shape.

68. (New) The system of claim 41, wherein the at least one strap and the canopy are formed of different materials.

## REMARKS/ARGUMENTS

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 1-40, 51, 54, and 60 were previously canceled. Claims 41, 43, 48, are currently amended, while claims 46, 50, 52, 53, 56-59 and 61-63 are canceled, and claims 64-68 are added. As such, claims 41-45, 47-49, 55, and 64-68 are now pending following this amendment. Applicant submits that no new matter is added by way of this Amendment.

### New Claims

New claims 64-68 are depending claims that depend upon independent claim 41. These claims find support in at least FIG. 1 and the corresponding description such as in paragraphs [0037] and [0039]-[0040] of the published application. As such, no new matter has been added. Applicant respectfully submits that claims 64-68 are patentable for at least the reasons described hereinbelow regarding the patentability of claim 41, from which they depend.

### Drawings

The drawings are objected to under 37 CFR 1.83(a). Applicant initially notes that claims 52 and 58 are canceled. As such, the drawing objection regarding the recitations in these claims is moot. Additionally, the language at issue in claim 41 is now canceled without prejudice. As such, Applicant respectfully requests that the objection to the drawings be withdrawn at this time.

### Claim Rejections – 35 U.S.C. § 112

Claims 41-63 are rejected under 35 U.S.C. § 112(a) as allegedly failing to comply with the written description requirement. The examiner alleges that claims 41, 52, and 58 recite "such that the system excludes any other components from engaging the surface." Claims 52 and 58 are canceled, while the claim language at issue is deleted from claim 41. Therefore, Applicant respectfully requests that this rejection be withdrawn at this time.

Claims 56 and 62 are rejected for reciting "a container capable of … acting as a counterweight" which renders the claim indefinite because it is allegedly unclear how the container would act as a counterweight. Claims 56 and 62 are now canceled. Applicant respectfully requests that this rejection be withdrawn at this time.

Claim Rejections – 35 USC § 103

Claims 41-43, 45, 46, 49, and 50 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over KR 101315166 to Kang in view of Jager in US Patent 5,927,311.

Initially, Applicant notes that claims 46 and 50 are now canceled. As such, the rejection of these claims is now moot.

Claim 41 is the independent claim from which claims 42-43, 45, and 49depend. Independent claim 41 is currently amended to incorporate a portion of the subject matter of dependent claim 46 and to further recite that "at least one strap engageable with, or coupled to, the canopy on at least of the left end and the right end of the suspension end of the canopy for securing the canopy into position relative to the frame; at least one frame fastener engageable with, or coupled to, the strap, wherein the at least one strap is coupled or engaged to the canopy on one end and the at least one frame fastener on the other end for engaging the canopy to the frame; and a loop defined on or proximate to the suspension end of the canopy for accepting a portion of the frame." Support for this amendment is found in at least, for example, paragraphs [0037] and [0039] of the published application. Thus, no new matter is added herewith.

Applicant respectfully submits that Kang fails to disclose at least one strap engageable with, or coupled to, the canopy on at least of the left end and the right end of the suspension end of the canopy for securing the canopy into position relative to the frame; at least one frame fastener, wherein the at least one strap is coupled or engaged to the canopy on one end and the at least one frame fastener on the other end for engaging the canopy to the frame; and a loop defined on or proximate to the suspension end of the canopy for accepting a portion of the frame, as now claimed.

Kang discloses a sewing hole 212 having a pole 100 in and out of both ends of the sewing portion 210. A fabric piece 220 extends from a circumferential portion of the sewing hole 212.

The fabric piece 220 includes a fitting ring 3, which is an opening in the fabric piece 220 through which a fitting protrusion 110 extends into the pile 320. Thus, it is the fabric piece 220 that engages the canopy to the frame at the end through a slit formed by the fitting ring 3, and not **at least one frame fastener <u>engageable with, or coupled to, the strap</u>** for engaging the canopy to the frame, as claimed.




Nothing in Jager cures this deficiency in Kang. For example, Jager discloses two spaced parallel longitudinal support rod members that receive the sheet 12 along sleeves 24. The canopy in Jager is preferably slidable along the parallel support rod members, such that Jager does not at all disclose <u>at least one strap engageable with, or coupled to, the canopy on at least of the left end and the right end of the suspension end of the canopy for securing the canopy into position relative to the frame; at least one frame fastener engageable with, or coupled to, the strap, wherein the at least one strap is coupled or engaged to the canopy on one end and the at least one frame fastener on the other end for engaging the canopy to the frame; and a loop defined on or proximate to the suspension end of the canopy for accepting a portion of the frame</u>, as claimed.

Accordingly, Kang separately or in combination with Jager fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 41. Applicant thus respectfully submits that independent claim 41 is not rendered obvious by Kang separately or in combination with Jager. Likewise, claims 42-43, 45, and 49, and are not rendered obvious by Kang separately or in combination with Jager for at least their dependency on independent claim 41. Applicant respectfully requests withdrawal of this rejection.

Claims 52, 53, and 57 are rejected under 35 USC § 103 as allegedly being unpatentable over Kang in view of Jager, and further in view of Warth in US Patent 3,286,962.

Claims 52, 53, and 57 are now canceled. Applicant respectfully requests withdrawal of this rejection.

Claims 58, 59, and 63 are rejected under 35 USC § 103 as allegedly being unpatentable over Kang in view of Jager, and Warth.

Claims 58, 59, and 63 are now canceled. Applicant respectfully requests withdrawal of this rejection.

Claim 44 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 41 above, and further in view of Sotirkys et al. in US Pub. No. 2010/0212709.

Claim 44 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Sotirkys cures this deficiency in modified Kang as Sotirkys is only cited with regard to dependent claim 44. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Sotirkys. Claim 44 is also not rendered obvious by modified Kang separately or in combination with Sotirkys for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 47 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang, as

modified, as applied to claim 41, and further in view of Warth.

Claim 47 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Warth cures this deficiency as described hereinabove with reference to the discussion of claims 52 and 58. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Warth. Claim 47 is also not rendered obvious by modified Kang separately or in combination with Warth for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 48 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 41 above, and further in view Rise in US Patent 5,291,640.

Claim 48 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Rise cures this deficiency as Rise is only cited with regard to dependent claim 48. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Rise. Claim 48 is also not rendered obvious by modified Kang separately or in combination with Rise for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 55 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 52 above, and further in view of Swetish in US Patent 5,771,912.

Claim 55 depends on independent claim 52. Claim 52 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Swetish cures this deficiency as Swetish is only cited with regard to dependent claim 55. As such, claim 52 is not rendered obvious by modified Kang separately or in combination with Swetish. Claim 55 is also not rendered obvious by modified Kang separately or in combination with Swetish for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 56 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 51 [Applicant believes this is a typographical error and should be claim 52] and further in view of Rice in US Patent 5,823,217.

Claim 56 is now canceled. Applicant respectfully requests withdrawal of this rejection.

Claim 61 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 58, and further in view of Swetish.

Claim 61 is now canceled. Applicant respectfully requests withdrawal of this rejection.

Claim 62 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 58 and further in view of Rice.

Claim 62 is now canceled. Applicant respectfully requests withdrawal of this rejection.

## CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

*ELECTRONICALLY FILED USING THE PATENT CENTER ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON APRIL 22, 2024.*

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **04/22/2025 04:00:58 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 70112115 | FILING DATE | 03/29/2024 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 4

| DOCUMENT | | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|---|
| S105508_1010US_C11_0060_0_Amendment after 1-29-2025 FOA.pdf | | 11 | - | 177 KB |
| S105508_1010US_C11_0060_0_Amendment after 1-29-2025 FOA-AMSB.pdf | (1-1) | 1 | Amendment Submitted/Entered with Filing of Continued Prosecution Application (CPA)/Request for Continued Examination(RCE) | 115 KB |
| S105508_1010US_C11_0060_0_Amendment after 1-29-2025 FOA-CLM.pdf | (2-4) | 3 | Claims | 53 KB |
| S105508_1010US_C11_0060_0_Amendment after 1-29-2025 FOA-REM.pdf | (5-11) | 7 | Applicant Arguments/Remarks Made in an Amendment | 132 KB |

| | | | |
|---|---|---|---|
| S105508_1010US_C11_0060_0_RCE.pdf | 3 | Request for Continued Examination (RCE) | 1628 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C11_0060_0_Amendment after 1-29-2025 FOA.pdf | 7DCC6012CE55E87FAF932729397FA3B392EDA0C05FBE9F70814E6307F94217F30E5CFD356DD392DF86546291869B6647A33B166FA27A9B6D36B97626A29D5D8D |
| S105508_1010US_C11_0060_0_Amendment after 1-29-2025 FOA-AMSB.pdf | EE0210496B815DB98429F19C79728B58D7F42E134269E3E2B1B340F88CC4826FA1E15B90033782F990DBC176B4049F7700AB846191A036CC013D4307287E31B1 |
| S105508_1010US_C11_0060_0_Amendment after 1-29-2025 FOA-CLM.pdf | 45163C0742CA053DB1A4BC90A5FFA5EE250F3D0849B417D06C4B2654A15F5C957ED7B9BC691CF17F920B1169B0E8F4EF6F2050DE9A157F20C9AB563D361B6162 |
| S105508_1010US_C11_0060_0_Amendment after 1-29-2025 FOA-REM.pdf | 1F69AD3BB846198DA56443E30A1F7A60D406AED75CD0E8BCF7D76CF154BEEB97B8C506B3CFD85EDCD2FAFEE8D569FE896823A99A99DB5C46932E41E1855ED9F3 |
| S105508_1010US_C11_0060_0_RCE.pdf | 704D52D293A41801D7D0AD59545BDB2E63B9D8D64BA28087DD6188F5DCA8EDF5647C8A7C7B188302BB8C202CBCA56BCDB49951748985AD8627B296D41D757142 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

| *Search Notes* | Application/Control No. 18/622,175 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/60, 62, 005 | 10/07/2024 | NCH |
| updated above | 04/30/2025 | NCH |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered and updated search history for parent application 18/072143 | 10/07/2024 | NCH |
| Considered IDS filed 3/29/24 and 6/5/24 | 10/07/2024 | NCH |
| Performed inventor name search | 10/07/2024 | NCH |
| Please see attached PE2E search history | 10/07/2024 | NCH |
| Considered IDS filed 1/10/2025 | 04/30/2025 | NCH |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

| Search Notes | Application/Control No.<br>18/622,175 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| *Index of Claims* | Application/Control No.<br>18/622,175 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/07/2024 | 01/24/2025 | 04/30/2025 | | | | | | |
| | 1 | - | - | - | | | | | | |
| | 2 | - | - | - | | | | | | |
| | 3 | - | - | - | | | | | | |
| | 4 | - | - | - | | | | | | |
| | 5 | - | - | - | | | | | | |
| | 6 | - | - | - | | | | | | |
| | 7 | - | - | - | | | | | | |
| | 8 | - | - | - | | | | | | |
| | 9 | - | - | - | | | | | | |
| | 10 | - | - | - | | | | | | |
| | 11 | - | - | - | | | | | | |
| | 12 | - | - | - | | | | | | |
| | 13 | - | - | - | | | | | | |
| | 14 | - | - | - | | | | | | |
| | 15 | - | - | - | | | | | | |
| | 16 | - | - | - | | | | | | |
| | 17 | - | - | - | | | | | | |
| | 18 | - | - | - | | | | | | |
| | 19 | - | - | - | | | | | | |
| | 20 | - | - | - | | | | | | |
| | 21 | - | - | - | | | | | | |
| | 22 | - | - | - | | | | | | |
| | 23 | - | - | - | | | | | | |
| | 24 | - | - | - | | | | | | |
| | 25 | - | - | - | | | | | | |
| | 26 | - | - | - | | | | | | |
| | 27 | - | - | - | | | | | | |
| | 28 | - | - | - | | | | | | |
| | 29 | - | - | - | | | | | | |
| | 30 | - | - | - | | | | | | |
| | 31 | - | - | - | | | | | | |
| | 32 | - | - | - | | | | | | |
| | 33 | - | - | - | | | | | | |
| | 34 | - | - | - | | | | | | |
| | 35 | - | - | - | | | | | | |
| | 36 | - | - | - | | | | | | |
| | 37 | - | - | - | | | | | | |
| | 38 | - | - | - | | | | | | |
| | 39 | - | - | - | | | | | | |
| | 40 | - | - | - | | | | | | |
| | 41 | ✓ | ✓ | ✓ | | | | | | |
| | 42 | ✓ | ✓ | ✓ | | | | | | |

| ***Index of Claims*** | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 18/622,175 | Barnes et al. |
| | **Examiner** | **Art Unit** |
| | NOAH C HAWK | 3636 |

| **CLAIM** | | **DATE** | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/07/2024 | 01/24/2025 | 04/30/2025 | | | | | | |
| | 43 | ✓ | ✓ | ✓ | | | | | | |
| | 44 | ✓ | ✓ | ✓ | | | | | | |
| | 45 | ✓ | ✓ | ✓ | | | | | | |
| | 46 | ✓ | ✓ | - | | | | | | |
| | 47 | ✓ | ✓ | ✓ | | | | | | |
| | 48 | ✓ | ✓ | ✓ | | | | | | |
| | 49 | ✓ | ✓ | ✓ | | | | | | |
| | 50 | ✓ | ✓ | - | | | | | | |
| | 51 | ✓ | - | - | | | | | | |
| | 52 | ✓ | ✓ | - | | | | | | |
| | 53 | ✓ | ✓ | - | | | | | | |
| | 54 | ✓ | - | - | | | | | | |
| | 55 | ✓ | ✓ | ✓ | | | | | | |
| | 56 | ✓ | ✓ | - | | | | | | |
| | 57 | ✓ | ✓ | - | | | | | | |
| | 58 | ✓ | ✓ | - | | | | | | |
| | 59 | ✓ | ✓ | - | | | | | | |
| | 60 | ✓ | - | - | | | | | | |
| | 61 | ✓ | ✓ | - | | | | | | |
| | 62 | ✓ | ✓ | - | | | | | | |
| | 63 | ✓ | ✓ | - | | | | | | |
| | 64 | | | ✓ | | | | | | |
| | 65 | | | ✓ | | | | | | |
| | 66 | | | ✓ | | | | | | |
| | 67 | | | ✓ | | | | | | |
| | 68 | | | ✓ | | | | | | |

U.S. Patent and Trademark Office Part of Paper No.: **20250430**

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | Complete if Known | |
|---|---|---|---|---|---|
| | | | | Application Number | 18/622,175 |
| | | | | Filing Date | March 29, 2024 |
| | | | | First Named Inventor | Dane Brooks Barnes |
| | | | | Art Unit | *To Be Assigned* |
| | | | | Examiner Name | *To Be Assigned* |
| Sheet | 1 | of | 1 | Attorney Docket Number | **S105508 1010US.C11 (0060.0)** |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No. | Document Number<br>Number - Kind Code (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages of Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US-4,612,948 | 09-23-1986 | Simpson | |
| | 2 | US-10,174,507 | 01-08-2019 | Henbid *et al.* | |
| | 3 | US-D287,041 | 12-02-1986 | Gitchel *et al.* | |
| | 4 | US-D420,751 | 02-15-2000 | Powell *et al.* | |
| | 5 | US-D438,589 | 03-06-2001 | Brown | |
| | 6 | US-D605,308 | 12-01-2009 | Combs | |
| | 7 | US-D670,003 | 10-30-2012 | Lovely, II | |
| | 8 | US-D681,762 | 05-07-2013 | Kayser | |
| | 9 | US-D681,765 | 05-07-2013 | Kayser | |
| | 10 | US-D844,824 | 04-02-2019 | LeMoine *et al.* | |
| | 11 | US-D914,827 | 03-30-2021 | Koehler | |
| | 12 | US-D920,461 | 05-25-2021 | Yang | |
| | 13 | US-D973,572 | 12-27-2022 | Min | |
| | 14 | US-D973,824 | 12-27-2022 | Wu | |
| | 15 | US-2007/0221261 | 09-27-2007 | Bean | |
| | 16 | US-2014/0020727 | 01-23-2014 | Kayser | |
| | 17 | US-2017/0362849 | 12-21-2017 | Munnerlyn | |
| | 18 | US-2021/0293046 | 09-23-2021 | Barnes *et al.* | |

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 04/30/2025 |
|---|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/622,175 | 03/29/2024 | Dane Brooks Barnes | S105508 1010US.C11(0060.0 | 9922 |

26158 7590 05/05/2025

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER |
|---|
| HAWK, NOAH CHANDLER |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 05/05/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | **Application No.** 18/622,175 | **Applicant(s)** Barnes et al. | |
|---|---|---|---|
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 | **AIA (FITF) Status** Yes |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --***

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on 4/22/2025.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL.** 2b) ☑ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 41-45,47-49,55 and 64-68 is/are pending in the application.
5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 41-45,47-49,55 and 64-68 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 3/29/2024 is/are: a)☑ accepted or b)☐ objected to by the Examiner.
Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
a)☐ All b)☐ Some** c)☐ None of the:
1.☐ Certified copies of the priority documents have been received.
2.☐ Certified copies of the priority documents have been received in Application No. _____.
3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
Paper No(s)/Mail Date 1/10/2025.

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Continued Examination Under 37 CFR 1.114*

2. A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on 4/22/2025 has been entered.

### *Drawings*

3. The drawings were received on 3/29/2024. These drawings are accepted in light of the amendments to Claim 41 and the cancellation of Claims 52 and 58.

### *Claim Rejections - 35 USC § 112*

4. The following is a quotation of 35 U.S.C. 112(b):

(b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:

The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

5. Claim 64 is rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor (or for applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention. Claim 64 recites “wherein a canopy defining parallel sides extending from the suspension end to the trailing end” which renders the claim indefinite. The claim is grammatically incorrect. It is unclear if this claim refers to the canopy previously recited in Claim 41 or if the applicant intends to add a second canopy. If the latter is true, the claim is rejected as being incomplete for omitting essential structural cooperative relationships of elements, such omission amounting to a gap between the necessary structural connections. See MPEP § 2172.01. The omitted structural cooperative relationships are: there is no structural relationship between the second canopy and the rest of the device. For the purposes of examination, the claim will be treated as reciting “wherein ***the*** canopy ***defines*** parallel sides extending from the suspension end to the trailing end” (***emphasis*** added).

## *Claim Rejections - 35 USC § 103*

6. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

7. Claims 41-43, 45, 49, and 68 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311.

a. Regarding Claims 41 and 42, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) providing a supporting configuration (see Fig. 1); a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy extending between a left end and a right end (the left and right edges of the canopy), at least one strap (220) engageable with, or coupled to, the canopy on at least of the left end and the right end of the suspension end of the canopy for securing the canopy into position relative to the frame; at least one frame fastener (3) engageable with, or coupled to, the strap, wherein the at least one strap is coupled or engaged to the canopy on one end (see Fig. 2, inset) and the at least one frame fastener on the other end for engaging the canopy to the frame; and a loop (212) defined on or proximate to the suspension end of the canopy for accepting a portion of the frame therethrough wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface (see Fig. 1).

b. Kang is silent on the use of a sectional frame. Jager teaches a shading system including a frame (50) defined by a plurality of sections (58/60/62) and comprising an alignment component (71) extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration (Fig. 1) and thereby disengageable to define the frame in a transport configuration

(Fig. 5), wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a sectional frame as taught by Jager in order to allow the user to more compactly store and transport the frame when not in use.

c. Regarding Claim 43, Kang as modified, teaches that the at least one strap comprises: a first strap (220 on the left) having the one end and the other end, the one end being engageable with, or coupled to, the canopy on the left end of the suspension end of the canopy, and a second strap (220 on the right) having the one end and the other end, the one end being engageable with, or coupled to, the canopy on the right end of the suspension end of the canopy, and wherein the at least one frame fastener comprises a first frame fastener (3 on the left) coupled or engaged to the other end of the first strap and a second frame fastener (3 on the right) coupled or engaged to the other end of the second strap arranged.

d. Regarding Claim 45, Kang, as modified, teaches that in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface (see Fig. 1).

e. Regarding Claim 49, Kang, as modified, teaches that the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

f. Regarding Claim 68, Kang, as modified, teaches that the at least one strap (formed of “fabric paper such as bag string”) and the canopy (formed of “waterproof paint and UV-blocking paint on the windproof fabric”) are formed of different materials.

8. Claim 44 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Sotirkys et al. in US Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at 12) and wherein the canopy comprises a plurality of coupled sections (10 and 80) extending between the suspension end of the canopy and the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

9. Claim 47 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Warth in US Patent 3286962. Kang, as modified, is silent on the use of a corkscrew shape for the ground engaging ends of the frame. Warth teaches a frame with an end (35) having a corkscrew shape for engaging the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame ends of Kang, as modified, by using corkscrew shaped ends as taught by Warth in order to better secure the device in the ground.

10. Claim 48 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Rise in US Patent 5291640. Kang, as modified, is silent on the use of self-engaging straps. Rise teaches a strap (A) that is fastened or engaged with itself after wrapping about a frame (inserted through S). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a self-engaging straps as taught by Rise in order to more easily attach the frame to the canopy.

11. Claim 55 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 52 above, and further in view of Swetish in US Patent 5771912. Kang, as modified, is silent on the use of elastic straps. Swetish teaches a shading system with a strap (24) attaching a canopy to a frame, wherein the at least one securing mechanism is elastic. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using an elastic strap as taught by Swetish in order to allow the canopy to flex under the force of the wind.

12. Claim 64 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Stein in US Patent 5080123. Kang, as modified, is silent on the use of a canopy with parallel sides. Stein teaches a canopy (14) that extends between a suspension end (at 50) and a trailing end (at 43) and is supportable by a frame and at least partially supportable by wind for providing shade to the surface, wherein the canopy defines parallel sides (20 and 22) extending from the suspension end to the trailing end. It would have been obvious to

one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Kang, as modified, by using a canopy with parallel sides as taught by Stein in order to provide more shade to the user.

13. Claim 65 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to Claim 41 above, and further in view of Rice in US Patent 5823217. Kang, as modified, is silent on the use of a container. Rice teaches a shading system including a container (50) capable of housing and transporting the components of the system. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Rice in order to allow the user to easily carry the device when not in use.

14. Claim 66 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Shires in US Patent7406977. Kang, as modified, teaches that the at least one strap is formed of "fabric paper" but is silent on the material used for the fastener. Shires teaches a ring-style fastener (32a) formed of "metal or plastic" (see Column 4, line 60). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the fastener of Kang, as modified, by using a metal or plastic fastener as taught by Shires in order to provide a suitably strong fastener for the use. Such a device, as modified, would have the strap and fastener formed of different materials.

15. Claim 67 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Wade in US Patent

4404980. Kang, as modified, is silent on the use of a hook-shaped fastener. Wade teaches a frame fastener (72) for attached a canopy to a frame wherein the at least one frame fastener as formed with a hook shape (“hooks 70, 72”). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a hook-shaped fastener as taught by Wade in order to more easily attached the fastener to the frame member.

***Response to Arguments***

16. Applicant's arguments filed 4/22/2025 have been fully considered but they are not persuasive.

17. With respect to the applicant’s arguments regarding the strap/fastener arrangement: Kang plainly teaches a strap (element 220) that is coupled to the canopy on at least of the left and right end of the canopy (the strap is shown connected at its upper end to the outer, rightmost, end of the canopy at the inset of Fig.2). Further, Kang, plainly teaches a fastener (ring 3) that engages a portion of the frame (see Fig.2, inset). The strap does not engage the frame itself, but is only connected to the frame through the fastener. Kang further, plainly, shows a “loop” – the sleeve formed at 212 – into which the frame is accepted.

18. The remainder of the Applicant’s arguments relies on the alleged shortcomings of the rejection of Claim 41 addressed above, presents no further arguments advancing the patentability of the dependent claims and as such, is not deemed persuasive.

***Conclusion***

19. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH CHANDLER HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached at 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH CHANDLER HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>18/622,175 | Filing Date<br>03/29/2024 | ☐ To be Mailed |
|---|---|---|---|

ENTITY: ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | | RATE ($) | FEE ($) |
|---|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 07/31/2025 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 13 | Minus | ** 20 | = 0 | | x $200 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 1 | Minus | *** 3 | = 0 | | x $600 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /VIOLA D ROGERS/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 9922 |
| Appl. No.: | 18/622,175 | Group Art Unit: | 3636 |
| Filed: | March 29, 2024 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C11 (0060.0)
Customer No.: 26158

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

AMENDMENT UNDER 37 C.F.R. § 1.111

Sir:

In response to the Office Action dated May 5, 2025, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks/Arguments** begin on page 5 of this paper.

Amendments to the Claims

1. – 40. (Canceled)

41. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end;

at least one strap engageable with, or coupled to, the canopy on at least of the left end and the right end of the suspension end of the canopy for securing the canopy into position relative to the frame;

at least one frame fastener engageable with, or coupled to, the strap, wherein the at least one strap is coupled or engaged to the canopy on one end and the at least one frame fastener on the other end for engaging the canopy to the frame; and

a loop defined on or proximate to the suspension end of the canopy for accepting a portion of the frame therethrough,

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface,

wherein the canopy defines parallel sides extending between the suspension end and the opposing trailing end, wherein each intersection between a respective one of the parallel sides and the trailing end is supported and entirely aerially suspended by wind to provide shade to the surface.

42. (Previously Presented) The system of claim 41, wherein the alignment component

comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

43. (Previously Presented) The system of claim 41, wherein the at least one strap comprises:

a first strap having the one end and the other end, the one end being engageable with, or coupled to, the canopy on the left end of the suspension end of the canopy, and

a second strap having the one end and the other end, the one end being engageable with, or coupled to, the canopy on the right end of the suspension end of the canopy, and

wherein the at least one frame fastener comprises a first frame fastener coupled or engaged to the other end of the first strap and a second frame fastener coupled or engaged to the other end of the second strap.

44. (Previously Presented) The system of claim 41, wherein the canopy comprises a plurality of coupled sections extending between the suspension end of the canopy and the opposing trailing end of the canopy.

45. (Previously Presented) The system of claim 41, wherein, in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface.

46. (Canceled)

47. (Previously Presented) The system of claim 41, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

48. (Previously Presented) The system of claim 41, wherein the at least one strap is fastened or engaged with itself when the canopy is secured into position relative to the frame.

49. (Previously Presented) The system of claim 41, wherein the canopy is unitarily

constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

50-54. (Canceled)

55. (Previously Presented) The system of claim 41, wherein the at least one strap is elastic.

56-64. (Canceled)

65. (Previously Presented) The system of claim 41, further comprising a container for housing and transporting all of the other components of the system.

66. (Previously Presented) The system of claim 41, wherein the at least one frame fastener and the at least one strap are formed of different materials.

67. (Previously Presented) The system of claim 41, wherein the at least one frame fastener as formed with a hook shape.

68. (Previously Presented) The system of claim 41, wherein the at least one strap and the canopy are formed of different materials.

## REMARKS/ARGUMENTS

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 1-40, 46, 50-54, and 56-63 were previously canceled. Claim 41 is currently amended, while claims 64 is canceled. As such, claims 41-45, 47-49, 55, and 65-68 are now pending following this amendment. Applicant submits that no new matter is added by way of this Amendment.

### Claim Rejections – 35 U.S.C. § 112

Claim 64 is rejected under 35 U.S.C. § 112(b) as allegedly failing to comply with the written description requirement. Claim 64 is now canceled so for at least this reason the rejection is now moot. However, the subject matter of claim 64 is now incorporated into claim 41 and has been clarified.

### Claim Rejections – 35 USC § 103

Claims 41-43, 45, 49, and 68 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over KR 101315166 to Kang in view of Jager in US Patent 5,927,311.

Claim 41 is the independent claim from which claims 42-43, 45, 49, and 68 depend. Independent claim 41 is currently amended to incorporate a clarified version of the subject matter of dependent claim 64 to further recite that "wherein the canopy defines parallel sides extending between the suspension end and the opposing trailing end, wherein each intersection between a respective one of the parallel sides and the trailing end is supported and entirely aerially suspended by wind to provide shade to the surface." Support for this amendment is found in at least, for example, FIG. 1 and claim 64, which is now canceled. Thus, no new matter is added herewith.

Applicant respectfully submits that Kang fails to disclose wherein the canopy defines parallel sides extending between the suspension end and the opposing trailing end, wherein each intersection between a respective one of the parallel sides and the trailing end is supported and entirely aerially suspended by wind to provide shade to the surface, as now claimed.

With regard to claim 64, the examiner acknowledges that Kang is silent as to a canopy with parallel sides. *See, e.g.*, page 7 of the Office Action. Stein is cited as allegedly curing this deficiency in modified Kang (i.e., Kang in view of Jager).

Indeed, Stein does not at all disclose <u>wherein the canopy defines parallel sides extending between the suspension end and the opposing trailing end, wherein each intersection between a respective one of the parallel sides and the trailing end is supported and entirely aerially suspended by wind to provide shade to the surface</u> as now claimed because Stein relies on tethers 60 engaged with canopy corners 70. The tethers 60 in Stein are anchored to the surface and thus prevent the canopy in Stein from having each intersection between a respective one of the parallel sides and the trailing end **<u>being supported and entirely aerially suspended by wind</u>** to provide shade to the surface.




FIG. 1

Moreover, there is no motivation in Stein to modify the canopy to remove the tethers 60. Stein expressly states that, "[f]inally, with respect to the assembly, it is seen in FIG. 1 that adjustable length tether means 60, 62, 64 and 66 are provided for each of the canopy corners 70, 72, 74 and 76, the proximal end of the tether means being preferably tied to a grommet such as 70', 72', 74' and 76' one of which is provided in each of the canopy corners. To the distal end zone of each of the tethers, a peg means is provided, 78, 80, 82, and 84, each of which peg means may be provided with a hole 85, see FIG. 4, to accommodate looping of the distal end zone of the tether to it and, preferably, the adjustable tether means includes a device, such as 87, see FIG.

4, with a top opening 89 through which the distal end zone of the associated tether is threaded with the distal end also being threaded through the hole 85 of the peg 78 and the terminal end being secured to the device 87 through the bottom opening of the device 88. **Thus, the length of the tether is adjustable to alter the main slope of the canopy responsive to variations in wind velocity and the angles of the sun at the beach**." Emphasis Added. *See,* col. 3, lines 8-28 of Stein.

Thus, the intended purposes of the invention in Stein is to utilize the tethers to adjust a length thereof and change the slope of the canopy to be responsive to variations in wind velocity and angles of the sun. Modifying Stein so that there are no tethers and instead the intersections of respective ones of the parallel sides and the trailing end of the canopy in Stein are supported and entirely aerially suspended by wind would render Stein unsatisfactory for its intended purpose contrary to MPEP § 2143.01(V), which states that, "[i]f a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, there may be no suggestion or motivation to make the proposed modification. *In re Gordon,* 733 F.2d 900, 221 USPQ 1125 (Fed. Cir. 1984)." In other words, without the tethers, Stein would be unable to adjust the main slope of the canopy responsive to environmental variations. Consequently, the modification of modified Kang with Stein is impermissible.

Accordingly, Kang separately or in combination with Jager and/or Stein fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 41. Applicant thus respectfully submits that independent claim 41 is not rendered obvious by Kang separately or in combination with Jager. Likewise, claims 42-43, 45, 49, and 68, and are not rendered obvious by Kang separately or in combination with Jager for at least their dependency on independent claim 41. Applicant respectfully requests withdrawal of this rejection.

Claim 44 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 41 above, and further in view of Sotirkys et al. in US Pub. No. 2010/0212709.

Claim 44 depends on independent claim 41. Claim 41 is not rendered obvious by

modified Kang as discussed hereinabove. Nothing in Sotirkys cures this deficiency in modified Kang as Sotirkys is only cited with regard to dependent claim 44. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Sotirkys. Claim 44 is also not rendered obvious by modified Kang separately or in combination with Sotirkys for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 47 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 41, and further in view of Warth.

Claim 47 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Warth cures this deficiency as described hereinabove with reference to the discussion of claims 52 and 58. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Warth. Claim 47 is also not rendered obvious by modified Kang separately or in combination with Warth for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 48 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 41 above, and further in view Rise in US Patent 5,291,640.

Claim 48 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Rise cures this deficiency as Rise is only cited with regard to dependent claim 48. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Rise. Claim 48 is also not rendered obvious by modified Kang separately or in combination with Rise for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 55 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 52 above, and further in view of Swetish in US Patent 5,771,912.

Claim 55 depends on independent claim 52. Claim 52 is not rendered obvious by

modified Kang as discussed hereinabove. Nothing in Swetish cures this deficiency as Swetish is only cited with regard to dependent claim 55. As such, claim 52 is not rendered obvious by modified Kang separately or in combination with Swetish. Claim 55 is also not rendered obvious by modified Kang separately or in combination with Swetish for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 64 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Stein in US Patent 5,080,123.

Claim 64 is now canceled. Applicant respectfully requests withdrawal of this rejection.

Claim 65 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 41, and further in view of Rice in US Patent 5,823,217.

Claim 65 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Rice cures this deficiency as Rice is only cited with regard to dependent claim 65. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Rice. Claim 65 is also not rendered obvious by modified Kang separately or in combination with Rice for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 66 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 41 and further in view of Shires in US Patent 7,406,977.

Claim 66 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Shires cures this deficiency as Shires is only cited with regard to dependent claim 66. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Shires. Claim 66 is also not rendered obvious by modified Kang separately or in combination with Shires for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 67 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 41 and further in view of Wade in US Patent 4,404,980.

Claim 67 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Wade cures this deficiency as Wade is only cited with regard to dependent claim 67. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Wade. Claim 67 is also not rendered obvious by modified Kang separately or in combination with Wade for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

## CONCLUSION

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

*ELECTRONICALLY FILED USING THE PATENT CENTER ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON JULY 31, 2025.*

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **07/31/2025 03:48:51 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 71629132 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 03/29/2024 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E20257UF49267898** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1806 | SUBMISSION OF AN INFORMATION DISCLOSURE STATEMENT | 280.00 | 1 | 280.00 |
| | | | **TOTAL AMOUNT:** | **$280.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C.

371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/08 (01-25)
Approved for use through 11/30/2027. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | |
|---|---|---|
| | Application Number | 18622175 |
| | Filing Date | 2024-03-29 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C11(0060.0 |

**U.S. PATENTS** Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code1 | Issue Date | Name of Inventor of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 11401729 | B2 | 2022-08-02 | Cangemi et al. | |

If you wish to add additional U.S. Patent citation information, please click the Add button. Add

**U.S. PATENT APPLICATION PUBLICATIONS** Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code1 | Publication Date | Name of Inventor or Applicant of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 20140014151 | A1 | 2014-01-16 | Wolfe | |
| | 2 | 20200221835 | A1 | 2020-07-16 | Cox | |
| | 3 | 20230235592 | A1 | 2023-07-27 | Michel | |

If you wish to add additional U.S. Published Application citation information, please click the Add button Add

**FOREIGN PATENT DOCUMENTS** Remove

| Examiner Initial* | Cite No | Foreign Document Number3 | Country Code2 i | Kind Code4 | Publication Date | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear | T5 |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | ☐ |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 18622175 |
| | Filing Date | 2024-03-29 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C11(0060.0 |

If you wish to add additional Foreign Patent Document citation information, please click the Add button Add

**NON-PATENT LITERATURE DOCUMENTS** Remove

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|
| | 1 | | ☐ |

If you wish to add additional non-patent literature document citation information, please click the Add button Add

**EXAMINER SIGNATURE**

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered and whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 18622175 |
| | Filing Date | 2024-03-29 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C11(0060.0 |

**TIMING STATEMENT**

Please see 37 CFR 1.97(e) to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached timing statement under 37 CFR 1.97(e).

☒ A timing statement under 37 CFR 1.97(e) is not submitted herewith.

**TIMING FEE**

☒ The fee set forth in 37 CFR 1.17(p) has been submitted herewith.

**COPIES**

☐ An identification of an earlier application pursuant to 37 CFR 1.98(d)(1) is attached.

**SIZE FEE ASSERTION**

Please see 37 CFR 1.17(v) and the IDS Auto-Load Instructions for completing this form to make the appropriate selection of an assertion under 37 CFR 1.98. For the information disclosure statement (IDS) submitted herewith, the applicant or patent owner certifies the following with respect to the cumulative number of applicant-provided or patent-owner provided items of information submitted to date including those in the accompanying IDS (select only one):

☒ No IDS size fee is required under 37 CFR 1.17(v) at this time.

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(1).

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(2).

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(3).

**SIGNATURE**

A signature of the applicant or representative is required in accordance with 37 CFR 1.33 and 11.18. Please see 37 CFR 1.4(d) for the form of the signature.

| | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Date (YYYY-MM-DD) | 2025-07-31 |
| Name/Print | Lauren F. Anderson | Registration Number | 69,344 |

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Application Number | 18622175 |
|---|---|---|
| | Filing Date | 2024-03-29 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C11(0060.0 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **07/31/2025 03:48:51 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 71629132 | FILING DATE | 03/29/2024 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 4

| DOCUMENT | | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|---|
| S105508_1010US_C11_0060_0_Amendment for 5-5-2025 NFOA.pdf | | 11 | - | 203 KB |
| S105508_1010US_C11_0060_0_Amendment for 5-5-2025 NFOA-A....pdf | (1-1) | 1 | Amendment/Request for Reconsideration-After Non-Final Rejection | 119 KB |
| S105508_1010US_C11_0060_0_Amendment for 5-5-2025 NFOA-CLM.pdf | (2-4) | 3 | Claims | 52 KB |
| S105508_1010US_C11_0060_0_Amendment for 5-5-2025 NFOA-REM.pdf | (5-11) | 7 | Applicant Arguments/Remarks Made in an Amendment | 174 KB |
| S105508_1010US_C11_0060_0_Supplemental IDS | | 5 | Information Disclosure Statement (IDS) Form (SB08) | 1314 KB |

SB08.pdf

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C11_0060_0_Amendment for 5-5-2025 NFOA.pdf | 5D398EEA719BD90109AE98248146A22B62B4D0DDDD30E96151D01A62763C89950A0D06254EDC7BD344C387404F37CEBDD973EC33EC729BA5D900EFB7695A4299 |
| S105508_1010US_C11_0060_0_Amendment for 5-5-2025 NFOA-A....pdf | 4E07547917146EE77FABB2345C6AFE67077C851420519936A371ED946F8E1172BC79E14B4D76E76B0A9F6D6C77EF7F53941F980C172DD6F4C83666EF5555DDC5 |
| S105508_1010US_C11_0060_0_Amendment for 5-5-2025 NFOA-CLM.pdf | 17B57598C7A780E761EBAB2A574D89F280FAE04BC7AE31F8CFD842AC688C3A6A11C742CF19E90139220AE018305AA73505776EC85C8B008C67D94940414B3085 |
| S105508_1010US_C11_0060_0_Amendment for 5-5-2025 NFOA-REM.pdf | 88B34F97A39E040617C716B570143716496B9F7A6756FDB998584922C8DC1457C6F405CB2848DB4CC28B5E365C1A0014EB378793F4C731106D20FF6DDCBF6B66 |
| S105508_1010US_C11_0060_0_Supplemental IDS SB08.pdf | 7C36C4B210D0831FCB206B4923ADA4AA247E32273F31EFD91B88F74068578F9C500337F7266680FE6E13B86456A7FEFA6DC30534B90D3708AF076E6E71330414 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/622,175 | 03/29/2024 | Dane Brooks Barnes | S105508 1010US.C11(0060.0 | 9922 |

26158 7590 08/06/2025

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/06/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

| *Office Action Summary* | Application No.<br>18/622,175 | Applicant(s)<br>Barnes et al. | |
|---|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 | AIA (First Inventor to File) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on 7/31/2025.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☑ This action is **FINAL.** 2b) ☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 41-45,47-49,55 and 65-68 is/are pending in the application.
5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 41-45,47-49,55 and 65-68 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
a)☐ All b)☐ Some** c)☐ None of the:
1.☐ Certified copies of the priority documents have been received.
2.☐ Certified copies of the priority documents have been received in Application No. _____.
3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
Paper No(s)/Mail Date 7/31/25.

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Claim Rejections - 35 USC § 103*

2. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

3. Claims 41-43, 45, 49, and 68 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311 and Stein in US Patent 5080123.

a. Regarding Claims 41 and 42, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) providing a supporting configuration (see Fig. 1); a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy extending between a left end and a right end (the left and right edges of the canopy), at least one strap (220) engageable with, or coupled to, the canopy on at least of the left end and the right end of the suspension end of the canopy for securing the canopy into position relative to the frame; at least one frame fastener (3) engageable with, or coupled to, the strap,

wherein the at least one strap is coupled or engaged to the canopy on one end (see Fig. 2, inset) and the at least one frame fastener on the other end for engaging the canopy to the frame; and a loop (212) defined on or proximate to the suspension end of the canopy for accepting a portion of the frame therethrough wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface (see Fig. 1).

b. Kang is silent on the use of a sectional frame. Jager teaches a shading system including a frame (50) defined by a plurality of sections (58/60/62) and comprising an alignment component (71) extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration (Fig. 1) and thereby disengageable to define the frame in a transport configuration (Fig. 5), wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a sectional frame as taught by Jager in order to allow the user to more compactly store and transport the frame when not in use.

c. Kang as modified, teaches that the trailing end is supported and entirely aerially suspended by wind to provide shade to the surface but is silent on the use of a canopy with parallel sides. Stein teaches a canopy (14) that extends

between a suspension end (at 50) and a trailing end (at 43) and is supportable by a frame and at least partially supportable by wind for providing shade to the surface, wherein the canopy defines parallel sides (20 and 22) extending from the suspension end to the trailing end. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Kang, as modified, by using a canopy with parallel sides as taught by Stein in order to provide more shade to the user. The Kang shade, modified to have the shape of the Stein canopy, would therefore inherently have each intersection between a respective one of the parallel sides and the trailing end supported and entirely aerially suspended by wind.

d. Regarding Claim 43, Kang, as modified, teaches that the at least one strap comprises: a first strap (220 on the left) having the one end and the other end, the one end being engageable with, or coupled to, the canopy on the left end of the suspension end of the canopy, and a second strap (220 on the right) having the one end and the other end, the one end being engageable with, or coupled to, the canopy on the right end of the suspension end of the canopy, and wherein the at least one frame fastener comprises a first frame fastener (3 on the left) coupled or engaged to the other end of the first strap and a second frame fastener (3 on the right) coupled or engaged to the other end of the second strap arranged.

e. Regarding Claim 45, Kang, as modified, teaches that in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface (see Fig. 1).

f. Regarding Claim 49, Kang, as modified, teaches that the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

g. Regarding Claim 68, Kang, as modified, teaches that the at least one strap (formed of “fabric paper such as bag string”) and the canopy (formed of “waterproof paint and UV-blocking paint on the windproof fabric”) are formed of different materials.

4. Claim 44 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Sotirkys et al. in US Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at 12) and wherein the canopy comprises a plurality of coupled sections (10 and 80) extending between the suspension end of the canopy and the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

5. Claim 47 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Warth in US Patent 3286962. Kang, as modified, is silent on the use of a corkscrew shape for the ground engaging ends of the frame. Warth teaches a frame with an end (35) having a corkscrew shape for engaging the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify

the frame ends of Kang, as modified, by using corkscrew shaped ends as taught by Warth in order to better secure the device in the ground.

6. Claim 48 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Rise in US Patent 5291640. Kang, as modified, is silent on the use of self-engaging straps. Rise teaches a strap (A) that is fastened or engaged with itself after wrapping about a frame (inserted through S). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a self-engaging straps as taught by Rise in order to more easily attach the frame to the canopy.

7. Claim 55 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 52 above, and further in view of Swetish in US Patent 5771912. Kang, as modified, is silent on the use of elastic straps. Swetish teaches a shading system with a strap (24) attaching a canopy to a frame, wherein the at least one securing mechanism is elastic. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using an elastic strap as taught by Swetish in order to allow the canopy to flex under the force of the wind.

8. Claim 65 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to Claim 41 above, and further in view of Rice in US Patent 5823217. Kang, as modified, is silent on the use of a container. Rice teaches a shading system including a container (50) capable of housing and transporting the components of the system. It would have been obvious to one of ordinary skill in the art before the

effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Rice in order to allow the user to easily carry the device when not in use.

9. Claim 66 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Shires in US Patent7406977. Kang, as modified, teaches that the at least one strap is formed of "fabric paper" but is silent on the material used for the fastener. Shires teaches a ring-style fastener (32a) formed of "metal or plastic" (see Column 4, line 60). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the fastener of Kang, as modified, by using a metal or plastic fastener as taught by Shires in order to provide a suitably strong fastener for the use. Such a device, as modified, would have the strap and fastener formed of different materials.

10. Claim 67 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Wade in US Patent 4404980. Kang, as modified, is silent on the use of a hook-shaped fastener. Wade teaches a frame fastener (72) for attached a canopy to a frame wherein the at least one frame fastener as formed with a hook shape ("hooks 70, 72"). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a hook-shaped fastener as taught by Wade in order to more easily attached the fastener to the frame member.

***Response to Arguments***

11. Applicant's arguments filed 7/31/2025 have been fully considered but they are not persuasive.

12. The applicant argues that Stein does not teach a canopy that is supported entirely by the wind. However, Stein is not relied upon to teach a wind-supported canopy. Stein is relied upon only to teach the shape of the canopy fabric. Kang plainly teaches a canopy in which the trailing end is supported and entirely aerially suspended by wind to provide shade to the surface. Changing the shape of such a canopy will have no effect on the suspension of the canopy by the wind. Thus, the device of Kang, constructed with a canopy having parallel sides as taught by Stein, will inherently meet the limitations in Claim 41 at issue. The applicant's arguments are not found persuasive.

13. The remainder of the Applicant's arguments relies on the alleged shortcomings of the rejection of Claim 41 addressed above, presents no further arguments advancing the patentability of the dependent claims and as such, is not deemed persuasive.

***Conclusion***

14. **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

15. A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any

nonprovisional extension fee (37 CFR 1.17(a)) pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

16. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH C. HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached at 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH C. HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| *Index of Claims* | Application/Control No. 18/622,175 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/07/2024 | 01/24/2025 | 04/30/2025 | 08/04/2025 | | | | | |
| | 1 | - | - | - | - | | | | | |
| | 2 | - | - | - | - | | | | | |
| | 3 | - | - | - | - | | | | | |
| | 4 | - | - | - | - | | | | | |
| | 5 | - | - | - | - | | | | | |
| | 6 | - | - | - | - | | | | | |
| | 7 | - | - | - | - | | | | | |
| | 8 | - | - | - | - | | | | | |
| | 9 | - | - | - | - | | | | | |
| | 10 | - | - | - | - | | | | | |
| | 11 | - | - | - | - | | | | | |
| | 12 | - | - | - | - | | | | | |
| | 13 | - | - | - | - | | | | | |
| | 14 | - | - | - | - | | | | | |
| | 15 | - | - | - | - | | | | | |
| | 16 | - | - | - | - | | | | | |
| | 17 | - | - | - | - | | | | | |
| | 18 | - | - | - | - | | | | | |
| | 19 | - | - | - | - | | | | | |
| | 20 | - | - | - | - | | | | | |
| | 21 | - | - | - | - | | | | | |
| | 22 | - | - | - | - | | | | | |
| | 23 | - | - | - | - | | | | | |
| | 24 | - | - | - | - | | | | | |
| | 25 | - | - | - | - | | | | | |
| | 26 | - | - | - | - | | | | | |
| | 27 | - | - | - | - | | | | | |
| | 28 | - | - | - | - | | | | | |
| | 29 | - | - | - | - | | | | | |
| | 30 | - | - | - | - | | | | | |
| | 31 | - | - | - | - | | | | | |
| | 32 | - | - | - | - | | | | | |
| | 33 | - | - | - | - | | | | | |
| | 34 | - | - | - | - | | | | | |
| | 35 | - | - | - | - | | | | | |
| | 36 | - | - | - | - | | | | | |
| | 37 | - | - | - | - | | | | | |
| | 38 | - | - | - | - | | | | | |
| | 39 | - | - | - | - | | | | | |
| | 40 | - | - | - | - | | | | | |
| | 41 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 42 | ✓ | ✓ | ✓ | ✓ | | | | | |

| ***Index of Claims*** | Application/Control No. 18/622,175 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/07/2024 | 01/24/2025 | 04/30/2025 | 08/04/2025 | | | | | |
| | 43 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 44 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 45 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 46 | ✓ | ✓ | - | - | | | | | |
| | 47 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 48 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 49 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 50 | ✓ | ✓ | - | - | | | | | |
| | 51 | ✓ | - | - | - | | | | | |
| | 52 | ✓ | ✓ | - | - | | | | | |
| | 53 | ✓ | ✓ | - | - | | | | | |
| | 54 | ✓ | - | - | - | | | | | |
| | 55 | ✓ | ✓ | ✓ | ✓ | | | | | |
| | 56 | ✓ | ✓ | - | - | | | | | |
| | 57 | ✓ | ✓ | - | - | | | | | |
| | 58 | ✓ | ✓ | - | - | | | | | |
| | 59 | ✓ | ✓ | - | - | | | | | |
| | 60 | ✓ | - | - | - | | | | | |
| | 61 | ✓ | ✓ | - | - | | | | | |
| | 62 | ✓ | ✓ | - | - | | | | | |
| | 63 | ✓ | ✓ | - | - | | | | | |
| | 64 | | | ✓ | - | | | | | |
| | 65 | | | ✓ | ✓ | | | | | |
| | 66 | | | ✓ | ✓ | | | | | |
| | 67 | | | ✓ | ✓ | | | | | |
| | 68 | | | ✓ | ✓ | | | | | |

| Search Notes | Application/Control No. 18/622,175 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/60, 62, 005 | 10/07/2024 | NCH |
| updated above | 08/04/2025 | NCH |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered and updated search history for parent application 18/ 072143 | 10/07/2024 | NCH |
| Considered IDS filed 3/29/24 and 6/5/24 | 10/07/2024 | NCH |
| Performed inventor name search | 10/07/2024 | NCH |
| Please see attached PE2E search history | 10/07/2024 | NCH |
| Considered IDS filed 1/10/2025 | 04/30/2025 | NCH |
| Considered IDS filed 7/31/2025 | 08/04/2025 | NCH |

| *Search Notes* | Application/Control No.<br>18/622,175 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08 (01-25)
Approved for use through 11/30/2027. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | |
|---|---|---|
| | Application Number | 18622175 |
| | Filing Date | 2024-03-29 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C11(0060.0 |

**U.S. PATENTS** Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Inventor of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 11401729 | B2 | 2022-08-02 | Cangemi et al. | |

If you wish to add additional U.S. Patent citation information, please click the Add button. Add

**U.S. PATENT APPLICATION PUBLICATIONS** Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Inventor or Applicant of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 20140014151 | A1 | 2014-01-16 | Wolfe | |
| | 2 | 20200221835 | A1 | 2020-07-16 | Cox | |
| | 3 | 20230235592 | A1 | 2023-07-27 | Michel | |

If you wish to add additional U.S. Published Application citation information, please click the Add button Add

**FOREIGN PATENT DOCUMENTS** Remove

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | ☐ |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 18622175 |
| | Filing Date | 2024-03-29 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C11(0060.0 |

If you wish to add additional Foreign Patent Document citation information, please click the Add button Add

**NON-PATENT LITERATURE DOCUMENTS** Remove

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T5 |
|---|---|---|---|
| | 1 | | ☐ |

If you wish to add additional non-patent literature document citation information, please click the Add button Add

**EXAMINER SIGNATURE**

| Examiner Signature | /Noah Chandler Hawk/ | Date Considered | 08/04/2025 |
|---|---|---|---|

*EXAMINER: Initial if reference considered and whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 18622175 |
| | Filing Date | 2024-03-29 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C11(0060.0 |

## TIMING STATEMENT

Please see 37 CFR 1.97(e) to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached timing statement under 37 CFR 1.97(e).

☒ A timing statement under 37 CFR 1.97(e) is not submitted herewith.

## TIMING FEE

☒ The fee set forth in 37 CFR 1.17(p) has been submitted herewith.

## COPIES

☐ An identification of an earlier application pursuant to 37 CFR 1.98(d)(1) is attached.

## SIZE FEE ASSERTION

Please see 37 CFR 1.17(v) and the IDS Auto-Load Instructions for completing this form to make the appropriate selection of an assertion under 37 CFR 1.98. For the information disclosure statement (IDS) submitted herewith, the applicant or patent owner certifies the following with respect to the cumulative number of applicant-provided or patent-owner provided items of information submitted to date including those in the accompanying IDS (select only one):

☒ No IDS size fee is required under 37 CFR 1.17(v) at this time.

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(1).

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(2).

☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(3).

## SIGNATURE

A signature of the applicant or representative is required in accordance with 37 CFR 1.33 and 11.18. Please see 37 CFR 1.4(d) for the form of the signature.

| Signature | /Lauren F. Anderson/ | Date (YYYY-MM-DD) | 2025-07-31 |
|---|---|---|---|
| Name/Print | Lauren F. Anderson | Registration Number | 69,344 |



Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 284 of 328

/Noah Chandler Hawk/08/04/2025

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | 18622175 |
| | Filing Date | 2024-03-29 |
| | First Named Inventor | Dane Brooks Barnes |
| | Art Unit | 3636 |
| | Examiner Name | Noah Chandler Hawk |
| | Attorney Docket Number | S105508 1010US.C11(0060.0 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/ her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.



/Noah Chandler Hawk/ 08/04/2025



ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /NCH/

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| **PATENT APPLICATION FEE DETERMINATION RECORD** Substitute for Form PTO-875 | Application or Docket Number 18/622,175 | Filing Date 03/29/2024 | ☐ To be Mailed |
|---|---|---|---|

ENTITY: ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | | RATE ($) | FEE ($) |
|---|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 10/03/2025 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 13 | Minus | ** 20 | = 0 | | x $200 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 1 | Minus | *** 3 | = 0 | | x $600 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | SLIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /NICOL D SCOTT/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 9922 |
| Appl. No.: | 18/622,175 | Group Art Unit: | 3636 |
| Filed: | March 29, 2024 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C11 (0060.0)
Customer No.: 26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**AMENDMENT AFTER FINAL UNDER 37 CFR § 1.116**

Sir:

In response to the Final Office Action dated August 6, 2025, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 5 of this paper.

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 9922 |
| Appl. No.: | 18/622,175 | Group Art Unit: | 3636 |
| Filed: | March 29, 2024 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C11 (0060.0)
Customer No.: 26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**AMENDMENT AFTER FINAL UNDER 37 CFR § 1.116**

Sir:

In response to the Final Office Action dated August 6, 2025, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 5 of this paper.

Amendments to the Claims

1. – 40. (Canceled)

41. (Currently Amended) A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end;

at least one strap engageable with, or coupled to, the canopy on at least of the left end and the right end of the suspension end of the canopy for securing the canopy into position relative to the frame;

at least one frame fastener engageable with, or coupled to, the strap, wherein the at least one strap is coupled or engaged to the canopy on one end and the at least one frame fastener on the other end for engaging the canopy to the frame; and

a loop defined on or proximate to the suspension end of the canopy for accepting a portion of the frame therethrough,

wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface,

wherein the canopy defines a pair of parallel sides extending between the suspension end and the opposing trailing end, wherein each intersection between a respective one of the parallel sides and the trailing end is supported and entirely aerially suspended by wind to provide shade having a shape defined by at least a pair of parallel edges corresponding to the pair of parallel sides of the canopy to the surface.

42. (Previously Presented) The system of claim 41, wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame.

43. (Previously Presented) The system of claim 41, wherein the at least one strap comprises:

a first strap having the one end and the other end, the one end being engageable with, or coupled to, the canopy on the left end of the suspension end of the canopy, and

a second strap having the one end and the other end, the one end being engageable with, or coupled to, the canopy on the right end of the suspension end of the canopy, and

wherein the at least one frame fastener comprises a first frame fastener coupled or engaged to the other end of the first strap and a second frame fastener coupled or engaged to the other end of the second strap.

44. (Previously Presented) The system of claim 41, wherein the canopy comprises a plurality of coupled sections extending between the suspension end of the canopy and the opposing trailing end of the canopy.

45. (Previously Presented) The system of claim 41, wherein, in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface.

46. (Canceled)

47. (Previously Presented) The system of claim 41, wherein each of the left end and the right end of the frame has a corkscrew shape for engaging the surface.

48. (Previously Presented) The system of claim 41, wherein the at least one strap is fastened or engaged with itself when the canopy is secured into position relative to the frame.

49. (Previously Presented) The system of claim 41, wherein the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

50-54. (Canceled)

55. (Previously Presented) The system of claim 41, wherein the at least one strap is elastic.

56-64. (Canceled)

65. (Previously Presented) The system of claim 41, further comprising a container for housing and transporting all of the other components of the system.

66. (Previously Presented) The system of claim 41, wherein the at least one frame fastener and the at least one strap are formed of different materials.

67. (Previously Presented) The system of claim 41, wherein the at least one frame fastener as formed with a hook shape.

68. (Previously Presented) The system of claim 41, wherein the at least one strap and the canopy are formed of different materials.

## REMARKS

Reexamination and reconsideration of this application, withdrawal of the rejections, and formal notification of the allowability of all claims as presented are earnestly solicited in light of the claim amendments and the remarks that follow. Claims 1-40, 46, 50-54, and 56-64 were previously canceled. Claim 41 is currently amended. As such, claims 41-45, 47-49, 55, and 65-68 are now pending following this amendment. Applicant submits that no new matter is added by way of this Amendment.

### Claim Rejections – 35 USC § 103

Claims 41-43, 45, 49, and 68 are rejected under 35 U.S.C. § 103 as allegedly being unpatentable over KR 101315166 to Kang in view of Jager in US Patent 5,927,311.

Claim 41 is the independent claim from which claims 42-43, 45, 49, and 68 depend. Independent claim 41 is currently amended to recite that "wherein the canopy defines a pair of parallel sides extending between the suspension end and the opposing trailing end, wherein each intersection between a respective one of the parallel sides and the trailing end is supported and entirely aerially suspended by wind to provide shade having a shape defined by at least a pair of parallel edges corresponding to the pair of parallel sides of the canopy of the canopy to the surface." Support for this amendment is found in at least, for example, FIG. 1. Thus, no new matter is added herewith.

Applicant respectfully submits that Kang fails to disclose wherein the canopy defines a pair of parallel sides extending between the suspension end and the opposing trailing end, wherein each intersection between a respective one of the parallel sides and the trailing end is supported and entirely aerially suspended by wind to provide shade having a shape defined by at least a pair of parallel edges corresponding to the pair of parallel sides of the canopy to the surface, as now claimed.

The examiner acknowledges that Kang is silent as to a canopy with parallel sides. *See, e.g.,* page 4 of the Office Action. Stein is cited as allegedly curing this deficiency in modified Kang (i.e., Kang in view of Jager). Applicant respectfully disagrees.

The examiner argues that "[c]hanging the shape of such a canopy [in Kang] will have no


Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 293 of 328

effect on the suspension of the canopy by the wind. Thus, the device of Kang, constructed with a canopy having parallel sides as taught by Stein, will inherently meet the limitations in Claim 41 at issue." *See,* page 8 of the Office Action.

Though not explicitly stated by the examiner, the basis of the examiner's argument appears to be that the shape of the canopy is considered an "aesthetic design choice". Case law states that a patent application can be rejected if a Patent Examiner finds that an element of a claimed invention is a mere "design choice." As the Board of Patent Appeals and Interferences explained in *Ex parte Bagnall, et al*., "Design choice applies when old elements in the prior art perform the same function as the now claimed structures. *See In re Kuhle*, 526 F.2d 553, 555 (CCPA 1975) (use of claimed feature solves no stated problem and presents no unexpected result and "would be an obvious matter of design choice within the skill of the art"). However, **when the claimed structure performs differently from the prior art a finding of obvious design choice is precluded.** *In re Gal*, 980 F.2d 717, 719 (Fed. Cir. 1992) (finding of obvious design choice precluded when claimed structure and the function it performs are different from the prior art). *See In re Chu*, 66 F.3d 292, 298-99 (Fed. Cir. 1995) ("**design choice" is appropriate where the applicant fails to set forth any reasons why the differences between the claimed invention and the prior art would result in a different function**)." Emphasis Added.

Here, the pending claims recite wherein the canopy defines <u>a pair of</u> parallel sides extending between the suspension end and the opposing trailing end, wherein each intersection between a respective one of the parallel sides and the trailing end is supported and entirely aerially suspended by wind to provide shade **<u>having a shape defined by at least a pair of parallel edges corresponding to the pair of parallel sides of the canopy</u>** to the surface. Thus, Applicant clearly now claims that there is a functional difference between a canopy without a pair of parallel sides and one defining a pair of parallel sides, i.e., the shape of the shade on the surface is different.

As evidenced below, Kang does not have a pair of parallel sides in Embodiment 1, the embodiment where the canopy is supported and entirely aerially suspended by wind. As such, a shape of the shade on the surface as shown in the below figure of Kang does not (and cannot) have **<u>a pair of parallel edges corresponding to a pair of parallel sides of the canopy</u>**. By

comparison, and as shown in FIG. 1 of the present application, the canopy defines a pair of parallel sides extending between the suspension end. As such, the shade has a shape with a pair of parallel edges corresponding to the pair of parallel sides of the canopy to the surface, which advantageously results in a larger shade footprint than a canopy without parallel sides (when comparing canopies of the same surface area)




Canopy and Shade Shape in Kang




Canopy and Shade Shape in Present Application

Since Applicant has now clearly defined a reason why the differences between the claimed invention and the prior art would result in a different function, it follows then that the examiner cannot merely handwave the claimed shape of the canopy as having no effect. Indeed, a finding of obvious design choice (whether implied or express) is precluded.

Moreover, though Stein is used by the examiner to allegedly "teach the shape of the canopy fabric", Applicant respectfully submits that one of ordinary skill in the art would not look to Stein in order to modify Kang to have a canopy defining a pair of parallel sides extending between the suspension end and the opposing trailing end, wherein each intersection between a respective one of the parallel sides and the trailing end is supported and entirely aerially suspended by wind. Embodiment 1 of Kang relies on a canopy that is aerially suspended by wind. By comparison, Stein relies on tethers 60 engaged with trailing end canopy corners 70. The tethers 60 in Stein are anchored to the surface and thus prevent the canopy in Stein from


Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 295 of 328

having each intersection between a respective one of the parallel sides and the trailing end **being supported and entirely aerially suspended by wind**. Thus, Stein provides a totally different way of providing shade onto a surface than Kang.

In fact, a canopy with a trailing end being tethered to the surface (as in Stein), is already disclosed in Kang in Embodiment 2 thereof. In this embodiment of Kang, the canopy has a rectangular shape – i.e., the same shape as that shown in Stein. Further, the trailing end of the canopy in Embodiment 2 of Kang is engaged with a curved pole 100' that engages the surface so that the trailing end in Embodiment 2 of Kang is not supported and entirely aerially suspended by wind. This arrangement is intentionally provided in Kang in order to provide a "tunnel-shaped sunshade 200".

Consequently, if it was desirable to have an increased shade footprint in Kang, one of ordinary skill in the art would simply look to Kang and not be motivated to look at any other art. Specifically, the person of ordinary skill in the art would look to Embodiment 2 of Kang where a rectangular shade having a trailing end engaged with the surface is provided. If, for whatever reason, the person of ordinary skill in the art looked to Stein to modify Embodiment 1 of Kang, such person would view the rectangular shaped canopy in Stein that is tethered at the trailing end, and thus revert to Embodiment 2 of Kang where the trailing end of the canopy is not supported and entirely aerially suspended by wind. There is no logical situation where a person of ordinary skill in the art looking to increase the shade footprint would look to Stein starting from Kang.

Accordingly, Kang separately or in combination with Jager and/or Stein fails to teach, suggest, provide motivation for, or otherwise render predictable the subject matter of independent claim 41. Applicant thus respectfully submits that independent claim 41 is not rendered obvious by Kang separately or in combination with Jager. Likewise, claims 42-43, 45, 49, and 68, and are not rendered obvious by Kang separately or in combination with Jager for at least their dependency on independent claim 41. Applicant respectfully requests withdrawal of this rejection.

Claim 44 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as

modified, as applied to claim 41 above, and further in view of Sotirkys et al. in US Pub. No. 2010/0212709.

Claim 44 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Sotirkys cures this deficiency in modified Kang as Sotirkys is only cited with regard to dependent claim 44. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Sotirkys. Claim 44 is also not rendered obvious by modified Kang separately or in combination with Sotirkys for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 47 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 41, and further in view of Warth.

Claim 47 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Warth cures this deficiency as described hereinabove with reference to the discussion of claims 52 and 58. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Warth. Claim 47 is also not rendered obvious by modified Kang separately or in combination with Warth for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 48 is rejected under 35 USC § 103 as allegedly being unpatentable over Kang as modified, as applied to claim 41 above, and further in view Rise in US Patent 5,291,640.

Claim 48 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Rise cures this deficiency as Rise is only cited with regard to dependent claim 48. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Rise. Claim 48 is also not rendered obvious by modified Kang separately or in combination with Rise for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 55 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 52 above, and further in view of Swetish in US Patent 5,771,912.

Claim 55 depends on independent claim 52. Claim 52 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Swetish cures this deficiency as Swetish is only cited with regard to dependent claim 55. As such, claim 52 is not rendered obvious by modified Kang separately or in combination with Swetish. Claim 55 is also not rendered obvious by modified Kang separately or in combination with Swetish for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 65 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 41, and further in view of Rice in US Patent 5,823,217.

Claim 65 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Rice cures this deficiency as Rice is only cited with regard to dependent claim 65. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Rice. Claim 65 is also not rendered obvious by modified Kang separately or in combination with Rice for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 66 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 41 and further in view of Shires in US Patent 7,406,977.

Claim 66 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Shires cures this deficiency as Shires is only cited with regard to dependent claim 66. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Shires. Claim 66 is also not rendered obvious by modified Kang separately or in combination with Shires for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

Claim 67 is rejected under 35 U.S.C. § 103 as allegedly being unpatentable over Kang, as modified, as applied to claim 41 and further in view of Wade in US Patent 4,404,980.

Claim 67 depends on independent claim 41. Claim 41 is not rendered obvious by modified Kang as discussed hereinabove. Nothing in Wade cures this deficiency as Wade is only cited with regard to dependent claim 67. As such, claim 41 is not rendered obvious by modified Kang separately or in combination with Wade. Claim 67 is also not rendered obvious by modified Kang separately or in combination with Wade for at least its dependency on its independent claim. Applicant respectfully requests that the rejection of the claim be withdrawn at this time.

**CONCLUSION**

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefor (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 09-0528.

Respectfully submitted,

/Lauren F. Anderson/

Lauren F. Anderson
Registration No. 69,344

**Customer No. 26158**
**Womble Bond Dickinson (US) LLP**
Attn: Patent Docketing
P.O. Box 570489
Atlanta, GA 30357
Tel Raleigh Office (919) 755-2100
Fax Raleigh Office (919) 755-2150

***ELECTRONICALLY FILED USING THE PATENT CENTER ELECTRONIC FILING SYSTEM OF THE UNITED STATES PATENT AND TRADEMARK OFFICE ON OCTOBER 3, 2025.***

UNITED STATES
PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **10/03/2025 04:30:04 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 72577028 | FILING DATE | 03/29/2024 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 3

| DOCUMENT | | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|---|
| S105508_1010US_C11_0060_0_Amendment after 8-6-2025 FOA.pdf | | 12 | - | 542 KB |
| S105508_1010US_C11_0060_0_Amendment after 8-6-2025 FOA-A.NE.pdf | (1-1) | 1 | Response After Final Action | 121 KB |
| S105508_1010US_C11_0060_0_Amendment after 8-6-2025 FOA-CLM.pdf | (2-4) | 3 | Claims | 52 KB |
| S105508_1010US_C11_0060_0_Amendment after 8-6-2025 FOA-REM.pdf | (5-12) | 8 | Applicant Arguments/Remarks Made in an Amendment | 514 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
| --- | --- |
| S105508_1010US_C11_0060_0_Amendment after 8-6-2025 FOA.pdf | 1D697EF890952531D75741CD6FBB672A586E53576CDF4680D88556CA76FBDDF69C157808EA9AFC1FD4A0E5801AE01042C7D2738B4F8CDF8E9DED59CB8F029548 |
| S105508_1010US_C11_0060_0_Amendment after 8-6-2025 FOA-A.NE.pdf | 2D0FBFC40B112AC2B483DC3A8FF9C791B1661FD13658FEAF4FAC58CD417D772E7E24E0768B9728D27A06E58934C1DF9B44350F7747F9847445F9F11EE8CBB402 |
| S105508_1010US_C11_0060_0_Amendment after 8-6-2025 FOA-CLM.pdf | 7CFF6E6238B18264D90FF0E292882CA147C5C6D381108ECA0623BE823A3A97E80E6C27EAD0C890D515DFD8464038314D1063C4F54E828254FB4F456320195F11 |
| S105508_1010US_C11_0060_0_Amendment after 8-6-2025 FOA-REM.pdf | 125D5960727105094579AA5C286B059BA500293404EED2FFC52CEFAA39E39600FAA37A305D63C8FD8B51EE02362497EF78713E2BAC97D384166365EDFAB92767 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/622,175 | 03/29/2024 | Dane Brooks Barnes | S105508 1010US.C11(0060.0 | 9922 |

26158 7590 10/10/2025

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/10/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

| **Advisory Action Before the Filing of an Appeal Brief** | **Application No.** 18/622,175 | **Applicant(s)** Barnes et al. | |
|---|---|---|---|
| | **Examiner** NOAH C HAWK | **Art Unit** 3636 | **AIA (First Inventor to File) Status** Yes |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED 03 October 2025 FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

NO NOTICE OF APPEAL FILED

1. ☑ The reply was filed after a final rejection. No Notice of Appeal has been filed. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114 if this is a utility or plant application. Note that RCEs are not permitted in design applications. The reply must be filed within one of the following time periods:
   a) ☐ The period for reply expires ____ months from the mailing date of the final rejection.
   b) ☑ The period for reply expires on: (1) the mailing date of this Advisory Action; or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.
   c) ☐ A prior Advisory Action was mailed more than 3 months after the mailing date of the final rejection in response to a first after-final reply filed within 2 months of the mailing date of the final rejection.The current period for reply expires ____ months from the mailing date of *the prior Advisory Action* or SIX MONTHS from the mailing date of the final rejection, whichever is earlier.
   *Examiner Note*: If box 1 is checked, check either box (a), (b) or (c). ONLY CHECK BOX (b) WHEN THIS ADVISORY ACTION IS THE FIRST RESPONSE TO APPLICANTS FIRST AFTER-FINAL REPLY WHICH WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. ONLY CHECK BOX (c) IN THE LIMITED SITUATION SET FORTH UNDER BOX (c). See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) or (c) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

NOTICE OF APPEAL

2. ☐ The Notice of Appeal was filed on ______. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37CFR 41.37(a).

AMENDMENTS

3. ☑ The proposed amendments filed after a final rejection, but prior to the date of filing a brief, will not be entered because
   a) ☑ They raise new issues that would require further consideration and/or search (see NOTE below);
   b) ☐ They raise the issue of new matter (see NOTE below);
   c) ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or
   d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.
   NOTE: The new issues not previously considered include the amendments to claim 41. (See 37 CFR 1.116 and 41.33(a)).
4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).
5. ☐ Applicant's reply has overcome the following rejection(s): ______
6. ☐ Newly proposed or amended claim(s) ______ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).
7. ☑ For purposes of appeal, the proposed amendment(s):(a) ☑ will not be entered; or (b) ☐ will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.

AFFIDAVIT OR OTHER EVIDENCE

8. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ______
9. ☐ The affidavit or other evidence filed after final action, but before or on the date of filing a Notice of Appeal will not be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).
10. ☐ The affidavit or other evidence filed after the date of filing the Notice of Appeal, but prior to the date of filing a brief, will not be entered because the affidavit or other evidence failed to overcome all rejections under appeal and/or appellant fails to provide a showing of good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).
11. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

REQUEST FOR RECONSIDERATION/OTHER

12. ☐ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: ______.
13. ☐ Note the attached Information *Disclosure Statement*(s). (PTO/SB/08) Paper No(s). ______
14. ☐ Other: ______.

STATUS OF CLAIMS

15. The status of the claim(s) is (or will be) as follows:
    Claim(s) allowed:______.
    Claim(s) objected to:______.
    Claim(s) rejected:41-45,47-49,55 and 65-68.
    Claim(s) withdrawn from consideration:______.

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

DO NOT ENTER: /NCH/ 10/08/2025

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re: | Barnes *et al.* | Confirmation No.: | 9922 |
| Appl. No.: | 18/622,175 | Group Art Unit: | 3636 |
| Filed: | March 29, 2024 | Examiner: | Noah Chandler Hawk |
| For: | SHADING SYSTEM AND METHOD OF USE | | |

Docket No.: S105508 1010US.C11 (0060.0)
Customer No.: 26158

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**AMENDMENT AFTER FINAL UNDER 37 CFR § 1.116**

Sir:

In response to the Final Office Action dated August 6, 2025, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of this paper.

**Remarks** begin on page 5 of this paper.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

Application or Docket Number: 18/622,175
Filing Date: 03/29/2024
☐ To be Mailed

ENTITY: ☑ LARGE ☐ SMALL ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | | RATE ($) | FEE ($) |
|---|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | | x $100 = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | | x $480 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 10/10/2025 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 13 | Minus | ** 20 | = 0 | | x $200 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 1 | Minus | *** 3 | = 0 | | x $600 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | 0 |

| | | (Column 1) | | (Column 2) | (Column 3) | | | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | x $0 = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | |
| | | | | | | | TOTAL ADD'L FEE | |

| | |
|---|---|
| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /VIOLA D ROGERS/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# REQUEST FOR CONTINUED EXAMINATION(RCE)TRANSMITTAL
## (Submitted Only via EFS-Web)

| Application Number | 18/622,175 | Filing Date | 2024-03-29 | Docket Number (if applicable) | S105508 1010US.C11(0060.( | Art Unit | 3636 |
|---|---|---|---|---|---|---|---|
| First Named Inventor | Dane Brooks Barnes | | | Examiner Name | Noah Chandler Hawk | | |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. The Instruction Sheet for this form is located at WWW.USPTO.GOV

### SUBMISSION REQUIRED UNDER 37 CFR 1.114

Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

- [x] Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.
  - [ ] Consider the arguments in the Appeal Brief or Reply Brief previously filed on ______
  - [x] Other Response After Final Action previously filed on October 3, 2025
- [ ] Enclosed
  - [ ] Amendment/Reply
  - [ ] Information Disclosure Statement (IDS)
  - [ ] Affidavit(s)/ Declaration(s)
  - [ ] Other ______

### MISCELLANEOUS

- [ ] Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of months ______
  (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)
- [ ] Other ______

### FEES

- [x] **The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.**
  The Director is hereby authorized to charge any underpayment of fees, or credit any overpayments, to Deposit Account No 090528

### SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

- [x] Patent Practitioner Signature
- [ ] Applicant Signature

Case 5:24-cv-00588-FL Document 28-14 Filed 03/23/26 Page 307 of 328

PTO/SB/30EFS (01-22)
Approved for use through 05/31/2024. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Signature of Registered U.S. Patent Practitioner | | | |
|---|---|---|---|
| Signature | /Lauren F. Anderson/ | Date (YYYY-MM-DD) | 2025-10-10 |
| Name | Lauren F. Anderson | Registration Number | 69,344 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC ACKNOWLEDGEMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **10/10/2025 03:39:26 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 72664532 | FILING DATE | 03/29/2024 |
| CUSTOMER # | 26158 | FIRST NAMED INVENTOR | Dane Brooks Barnes |
| CORRESPONDENCE ADDRESS | - | AUTHORIZED BY | Lauren Anderson |

## Documents

## TOTAL DOCUMENTS: 1

| DOCUMENT | PAGES | DESCRIPTION | SIZE (KB) |
|---|---|---|---|
| S105508_1010US_C11_0060_0_RCE.pdf | 3 | Request for Continued Examination (RCE) | 1628 KB |

## Digest

| DOCUMENT | MESSAGE DIGEST(SHA-512) |
|---|---|
| S105508_1010US_C11_0060_0_RCE.pdf | DAA8D1117CB2D4752848C2F5092802D52FECE21F736E27C9C0B9816A126B67AA52323BFF7E2803879D3A6FB850B63047262F60B27C7CB2BC33BB6683973FCCC3 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

P.O. Box 1450
Alexandria, VA 22313 - 1450
www.uspto.gov

# ELECTRONIC PAYMENT RECEIPT

| APPLICATION # | RECEIPT DATE / TIME | ATTORNEY DOCKET # |
|---|---|---|
| **18/622,175** | **10/10/2025 03:39:26 PM Z ET** | **S105508 1010US.C11(0060.0** |

## Title of Invention

SHADING SYSTEM AND METHOD OF USE

## Application Information

| | | | |
|---|---|---|---|
| APPLICATION TYPE | Utility - Nonprovisional Application under 35 USC 111(a) | PATENT # | - |
| CONFIRMATION # | 9922 | FILED BY | Shari Elofson |
| PATENT CENTER # | 72664532 | AUTHORIZED BY | Lauren Anderson |
| CUSTOMER # | 26158 | FILING DATE | 03/29/2024 |
| CORRESPONDENCE ADDRESS | - | FIRST NAMED INVENTOR | Dane Brooks Barnes |

## Payment Information

| PAYMENT METHOD | PAYMENT TRANSACTION ID | PAYMENT AUTHORIZED BY |
|---|---|---|
| **DA / 090528** | **E202500F45359135** | **Shari Elofson** |

| FEE CODE | DESCRIPTION | ITEM PRICE($) | QUANTITY | ITEM TOTAL($) |
|---|---|---|---|---|
| 1820 | REQUEST FOR CONTINUED EXAMINATION (RCE)- 2ND AND SUBSEQUENT REQUEST (SEE 37 CFR 1.114) | 2860.00 | 1 | 2860.00 |
| | | | **TOTAL AMOUNT:** | **$2,860.00** |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**

If a new application is being filed and the application includes the necessary components for filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application

**National Stage of an International Application under 35 U.S.C. 371**

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/622,175 | 03/29/2024 | Dane Brooks Barnes | S105508 1010US.C11(0060.0 | 9922 |

26158 7590 12/04/2025

WOMBLE BOND DICKINSON (US) LLP
ATTN: IP DOCKETING
P.O. Box 570489
ATLANTA, GA 30357-0037

| EXAMINER | |
|---|---|
| HAWK, NOAH CHANDLER | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3636 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/04/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

BostonDocket@wbd-us.com
IPDocketing@wbd-us.com

| *Office Action Summary* | Application No.<br>18/622,175 | Applicant(s)<br>Barnes et al. | |
|---|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 | AIA (First Inventor to File) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on 10/3/2025.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL.** 2b) ☑ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 41-45,47-49,55 and 65-68 is/are pending in the application.
5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) 41-45,47-49,55 and 65-68 is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
a)☐ All b)☐ Some** c)☐ None of the:
1.☐ Certified copies of the priority documents have been received.
2.☐ Certified copies of the priority documents have been received in Application No. _____.
3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date ______.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date ______.
4) ☐ Other: ______.

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Continued Examination Under 37 CFR 1.114*

2. A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on 10/3/2025 has been entered.

### *Claim Rejections - 35 USC § 103*

3. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

4. Claims 41-43, 45, 49, and 68 are rejected under 35 U.S.C. 103 as being unpatentable over KR 101315166 (Kang) in view of Jager in US Patent 5927311 and Stein in US Patent 5080123.

a. Regarding Claims 41 and 42, Kang teaches a system for providing shade onto a surface, the system comprising: a frame (100/110/320) providing a supporting configuration (see Fig. 1); a canopy (200) extending between a suspension end (toward 210) and an opposing trailing end (toward 240), the suspension end of the canopy extending between a left end and a right end (the left and right edges of the canopy), at least one strap (220) engageable with, or coupled to, the canopy on at least of the left end and the right end of the suspension end of the canopy for securing the canopy into position relative to the frame; at least one frame fastener (3) engageable with, or coupled to, the strap, wherein the at least one strap is coupled or engaged to the canopy on one end (see Fig. 2, inset) and the at least one frame fastener on the other end for engaging the canopy to the frame; and a loop (212) defined on or proximate to the suspension end of the canopy for accepting a portion of the frame therethrough wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface (see Fig. 1).

b. Kang is silent on the use of a sectional frame. Jager teaches a shading system including a frame (50) defined by a plurality of sections (58/60/62) and comprising an alignment component (71) extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration (Fig. 1) and thereby disengageable to define the frame in a transport configuration

(Fig. 5), wherein the alignment component comprises a cable extending through and affixed to one or more of the plurality of sections of the frame. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a sectional frame as taught by Jager in order to allow the user to more compactly store and transport the frame when not in use.

c. Kang as modified, teaches that the trailing end is supported and entirely aerially suspended by wind to provide shade to the surface but is silent on the use of a canopy with parallel sides. Stein teaches a canopy (14) that extends between a suspension end (at 50) and a trailing end (at 43) and is supportable by a frame and at least partially supportable by wind for providing shade to the surface, wherein the canopy defines a pair of parallel sides (20 and 22) extending from the suspension end to the trailing end and providing shade (see shaded area of the ground in Fig. 1) having a shape defined by at least a pair of parallel edges corresponding to the pair of parallel sides of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the canopy of Kang, as modified, by using a canopy with parallel sides as taught by Stein in order to provide more shade to the user. The Kang shade, modified to have the shape of the Stein canopy, would therefore inherently have each intersection between a respective one of the parallel sides and the trailing end supported and entirely aerially suspended by wind to provide shade having a shape defined by at least a pair of parallel edges corresponding to the pair of parallel sides of the canopy

d. Regarding Claim 43, Kang, as modified, teaches that the at least one strap comprises: a first strap (220 on the left) having the one end and the other end, the one end being engageable with, or coupled to, the canopy on the left end of the suspension end of the canopy, and a second strap (220 on the right) having the one end and the other end, the one end being engageable with, or coupled to, the canopy on the right end of the suspension end of the canopy, and wherein the at least one frame fastener comprises a first frame fastener (3 on the left) coupled or engaged to the other end of the first strap and a second frame fastener (3 on the right) coupled or engaged to the other end of the second strap arranged.

e. Regarding Claim 45, Kang, as modified, teaches that in the supporting configuration, the canopy is supportable by the frame and the trailing end is totally supported by wind for providing shade to the surface (see Fig. 1).

f. Regarding Claim 49, Kang, as modified, teaches that the canopy is unitarily constructed and extends between the suspension end of the canopy and the opposing trailing end of the canopy.

g. Regarding Claim 68, Kang, as modified, teaches that the at least one strap (formed of "fabric paper such as bag string") and the canopy (formed of "waterproof paint and UV-blocking paint on the windproof fabric") are formed of different materials.

5. Claim 44 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Sotirkys et al. in US Publication 2010/0212709. Kang, as modified, is silent on the use of a multi-part

canopy. Sotirkys teaches a canopy with a suspension end (at 11) and a trailing end (at 12) and wherein the canopy comprises a plurality of coupled sections (10 and 80) extending between the suspension end of the canopy and the opposing trailing end of the canopy. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a multi-part canopy as taught by Sotirkys in order to allow the user to extend the coverage of the shade.

6. Claim 47 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Warth in US Patent 3286962. Kang, as modified, is silent on the use of a corkscrew shape for the ground engaging ends of the frame. Warth teaches a frame with an end (35) having a corkscrew shape for engaging the surface. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the frame ends of Kang, as modified, by using corkscrew shaped ends as taught by Warth in order to better secure the device in the ground.

7. Claim 48 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Rise in US Patent 5291640. Kang, as modified, is silent on the use of self-engaging straps. Rise teaches a strap (A) that is fastened or engaged with itself after wrapping about a frame (inserted through S). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using a self-engaging straps as taught by Rise in order to more easily attach the frame to the canopy.

8. Claim 55 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 52 above, and further in view of Swetish in US Patent 5771912. Kang, as modified, is silent on the use of elastic straps. Swetish teaches a shading system with a strap (24) attaching a canopy to a frame, wherein the at least one securing mechanism is elastic. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by using an elastic strap as taught by Swetish in order to allow the canopy to flex under the force of the wind.

9. Claim 65 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to Claim 41 above, and further in view of Rice in US Patent 5823217. Kang, as modified, is silent on the use of a container. Rice teaches a shading system including a container (50) capable of housing and transporting the components of the system. It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang, as modified, by adding a container as taught by Rice in order to allow the user to easily carry the device when not in use.

10. Claim 66 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Shires in US Patent7406977. Kang, as modified, teaches that the at least one strap is formed of “fabric paper” but is silent on the material used for the fastener. Shires teaches a ring-style fastener (32a) formed of “metal or plastic” (see Column 4, line 60). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the fastener of Kang, as modified, by using a metal or

plastic fastener as taught by Shires in order to provide a suitably strong fastener for the use. Such a device, as modified, would have the strap and fastener formed of different materials.

11. Claim 67 is rejected under 35 U.S.C. 103 as being unpatentable over Kang, as modified, as applied to claim 41 above, and further in view of Wade in US Patent 4404980. Kang, as modified, is silent on the use of a hook-shaped fastener. Wade teaches a frame fastener (72) for attached a canopy to a frame wherein the at least one frame fastener as formed with a hook shape ("hooks 70, 72"). It would have been obvious to one of ordinary skill in the art before the effective filing date of the claimed invention to modify the device of Kang by using a hook-shaped fastener as taught by Wade in order to more easily attached the fastener to the frame member.

## ***Response to Arguments***

12. Applicant's arguments filed 10/3/2025 have been fully considered but they are not persuasive.

13. The applicant alleges that the examiner uses Stein to modify the canopy of Kang as a matter of "aesthetic design choice," which is incorrect. As explained above, the motivation to modify the device of Kang by using a canopy with parallel sides as taught by Stein is to provide more shade than the canopy taught by Kang. Such a modification is not merely a matter of design choice, but a practical modification to improve the usefulness of the shade by increasing the size of the shadow. There is no suggestion in Kang that a differently-shaped canopy will operate in a manner differently than the one

used: a wind force will hold aloft a canopy with parallel sides just as well as it will a canopy with curved sides.

14. The applicant further suggests that the shadow produced by a canopy with parallel sides will produce a novel shadow: a shadow (or shade having a shape) with parallel edges. It is well-known that the shadow an item produces is dependent on the shape of the item itself. An item, such as a canopy, with parallel sides will provide a shade with a shape having parallel sides. Stein plainly teaches both: a canopy with parallel sides (see Fig. 2), and a shade produced thereunder and thereby having parallel edges (see Fig. 1).

15. The remainder of the Applicant’s arguments relies on the alleged shortcomings of the rejection of Claim 41 addressed above, presents no further arguments advancing the patentability of the dependent claims and as such, is not deemed persuasive.

## *Conclusion*

16. Any inquiry concerning this communication or earlier communications from the examiner should be directed to NOAH C. HAWK whose telephone number is (571)272-1480. The examiner can normally be reached M-F 9am to 5:30pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David Dunn can be reached at 5712726670. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

NOAH C. HAWK
Primary Examiner
Art Unit 3636

/Noah Chandler Hawk/
Primary Examiner, Art Unit 3636

| *Index of Claims* | Application/Control No.<br>18/622,175 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

**CLAIMS**

☐ Claims renumbered in the same order as presented by applicant ☐ CPA ☐ T.D. ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/07/2024 | 01/24/2025 | 04/30/2025 | 08/04/2025 | 10/19/2025 | | | | |
| | 1 | - | - | - | - | - | | | | |
| | 2 | - | - | - | - | - | | | | |
| | 3 | - | - | - | - | - | | | | |
| | 4 | - | - | - | - | - | | | | |
| | 5 | - | - | - | - | - | | | | |
| | 6 | - | - | - | - | - | | | | |
| | 7 | - | - | - | - | - | | | | |
| | 8 | - | - | - | - | - | | | | |
| | 9 | - | - | - | - | - | | | | |
| | 10 | - | - | - | - | - | | | | |
| | 11 | - | - | - | - | - | | | | |
| | 12 | - | - | - | - | - | | | | |
| | 13 | - | - | - | - | - | | | | |
| | 14 | - | - | - | - | - | | | | |
| | 15 | - | - | - | - | - | | | | |
| | 16 | - | - | - | - | - | | | | |
| | 17 | - | - | - | - | - | | | | |
| | 18 | - | - | - | - | - | | | | |
| | 19 | - | - | - | - | - | | | | |
| | 20 | - | - | - | - | - | | | | |
| | 21 | - | - | - | - | - | | | | |
| | 22 | - | - | - | - | - | | | | |
| | 23 | - | - | - | - | - | | | | |
| | 24 | - | - | - | - | - | | | | |
| | 25 | - | - | - | - | - | | | | |
| | 26 | - | - | - | - | - | | | | |
| | 27 | - | - | - | - | - | | | | |
| | 28 | - | - | - | - | - | | | | |
| | 29 | - | - | - | - | - | | | | |
| | 30 | - | - | - | - | - | | | | |
| | 31 | - | - | - | - | - | | | | |
| | 32 | - | - | - | - | - | | | | |
| | 33 | - | - | - | - | - | | | | |
| | 34 | - | - | - | - | - | | | | |
| | 35 | - | - | - | - | - | | | | |
| | 36 | - | - | - | - | - | | | | |
| | 37 | - | - | - | - | - | | | | |
| | 38 | - | - | - | - | - | | | | |
| | 39 | - | - | - | - | - | | | | |
| | 40 | - | - | - | - | - | | | | |
| | 41 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 42 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |

| *Index of Claims* | Application/Control No.<br>18/622,175 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 10/07/2024 | 01/24/2025 | 04/30/2025 | 08/04/2025 | 10/19/2025 | | | | |
| | 43 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 44 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 45 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 46 | ✓ | ✓ | - | - | - | | | | |
| | 47 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 48 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 49 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 50 | ✓ | ✓ | - | - | - | | | | |
| | 51 | ✓ | - | - | - | - | | | | |
| | 52 | ✓ | ✓ | - | - | - | | | | |
| | 53 | ✓ | ✓ | - | - | - | | | | |
| | 54 | ✓ | - | - | - | - | | | | |
| | 55 | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| | 56 | ✓ | ✓ | - | - | - | | | | |
| | 57 | ✓ | ✓ | - | - | - | | | | |
| | 58 | ✓ | ✓ | - | - | - | | | | |
| | 59 | ✓ | ✓ | - | - | - | | | | |
| | 60 | ✓ | - | - | - | - | | | | |
| | 61 | ✓ | ✓ | - | - | - | | | | |
| | 62 | ✓ | ✓ | - | - | - | | | | |
| | 63 | ✓ | ✓ | - | - | - | | | | |
| | 64 | | | ✓ | - | - | | | | |
| | 65 | | | ✓ | ✓ | ✓ | | | | |
| | 66 | | | ✓ | ✓ | ✓ | | | | |
| | 67 | | | ✓ | ✓ | ✓ | | | | |
| | 68 | | | ✓ | ✓ | ✓ | | | | |

| *Search Notes* | Application/Control No. 18/622,175 | Applicant(s)/Patent Under Reexamination Barnes et al. |
|---|---|---|
| | Examiner NOAH C HAWK | Art Unit 3636 |

| CPC - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| E04H 15/60, 62, 005 | 10/07/2024 | NCH |
| updated above | 10/19/2025 | NCH |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Considered and updated search history for parent application 18/072143 | 10/07/2024 | NCH |
| Considered IDS filed 3/29/24 and 6/5/24 | 10/07/2024 | NCH |
| Performed inventor name search | 10/07/2024 | NCH |
| Please see attached PE2E search history | 10/07/2024 | NCH |
| Considered IDS filed 1/10/2025 | 04/30/2025 | NCH |
| Considered IDS filed 7/31/2025 | 08/04/2025 | NCH |

| ***Search Notes*** | Application/Control No.<br>18/622,175 | Applicant(s)/Patent Under Reexamination<br>Barnes et al. |
|---|---|---|
| | Examiner<br>NOAH C HAWK | Art Unit<br>3636 |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |