SHIBUMI SHADE, INC.,

      Plaintiff,

      v.

GARDMA LLC d/b/a MILLION SHADES
AMERICA,

      Defendant.

Civil Action No: 5:24-cv-00588

**JURY TRIAL DEMANDED**

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff Shibumi Shade, Inc. ("Shibumi Shade" or "Plaintiff"), by and through its undersigned counsel, hereby respond to the numbered paragraphs of Defendant Gardma LLC d/b/a Million Shades America's ("Million Shades") counterclaims.

1. Shibumi Shade admits that Million Shades' Counterclaims purport to set forth a claim for a declaration of non-infringement and invalidity of U.S. Patent No. 11,634,924 (the "'924 Patent") under the Patent Act, 35 U.S.C. §§ 101 *et seq*. but denies that Million Shades' claims are meritorious.

## THE PARTIES

2. Shibumi Shade admits the allegations in Counterclaim paragraph 2.

3. Shibumi Shade admits the allegations in Counterclaim paragraph 3.

4. On information and belief, Shibumi Shade admits that Gardma LLC d/b/a Million Shades America is a limited liability company organized and existing under the laws of the State of North Carolina with its principal office at 102 Pacoval Place, Cary, NC 27513.

## JURISDICTION AND VENUE

5.     Shibumi Shade admits that Million Shades Counterclaims purport to set forth claims for declaratory judgment of patent non-infringement and invalidity under 28 U.S.C §§ 1331 and 1338 but denies that Million Shades claims are meritorious.

6.     Shibumi Shade admits that personal jurisdiction is proper in this judicial district for purposes of this case.  Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 6.

7.     Shibumi Shade admits the allegations in Counterclaim paragraph 7.

8.     Shibumi Shade denies the allegations in Counterclaim paragraph 8.

9.     Shibumi Shade admits that an actual controversy exists regarding Million Shades' infringement of the '924 Patent.  Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 9.

10.     Shibumi Shade admits that venue is proper in this judicial district for purposes of this case.  Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 10.

## FACTS

11.     Shibumi Shade does not have sufficient information to admit or deny the allegations contained in Counterclaim paragraph 11.

12.     Shibumi Shade does not have sufficient information to admit or deny the allegations contained in Counterclaim paragraph 12.

13.     Shibumi Shade does not have sufficient information to admit or deny the allegations contained in Counterclaim paragraph 13.

2

14. Shibumi Shade admits it sent a cease and desist letter to Million Shades on July 25, 2024, alleging patent infringement of the '924 Patent.

15. Shibumi Shade does not have sufficient information to admit or deny the allegations contained in Counterclaim paragraph 15.

16. Shibumi Shade admits that it received a copy of the letter attached to the Counterclaims as Exhibit 1 on August 22, 2024. Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 16.

17. Shibumi Shade admits it submitted a complaint via Amazon's APEX patent infringement process on August 9, 2024. Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 17.

18. Shibumi Shade admits that the language excerpted in Counterclaim paragraph 18 appears in the cited judicial decision. Except as expressly admitted, Shibumi Shade denies any remaining allegations of Counterclaim paragraph 18.

19. Shibumi Shade admits that the language excerpted in Counterclaim paragraph 19 appears in the cited judicial decision. Except as expressly admitted, Shibumi Shade denies any remaining allegations of Counterclaim paragraph 19.

20. Shibumi Shade admits that Amazon concluded the APEX proceeding on October 8, 2024 and that Amazon did not remove Million Shades' listing. Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 20.

21. Shibumi Shade admits the allegations in Counterclaim paragraph 21.

22. Shibumi Shade admits the allegations in Counterclaim paragraph 22.

23. Shibumi Shade denies the allegations in Counterclaim paragraph 23, and Shibumi Shade notes that its Motion to Dismiss based on the same false allegations was denied.

3

24. Shibumi Shade does not have sufficient information to admit or deny the allegations contained in Counterclaim paragraph 24.

25. Shibumi Shade admits that it received a copy of the letter attached to the Counterclaims as Exhibit 2 on November 1, 2024. Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 25.

26. Shibumi Shade admits that it stated in its opposition to Million Shades' Motion to Dismiss the following: "Caught flagrantly infringing Shibumi's Patents, Gardma seeks to impede progress of this case on specious procedural grounds, as well as by advancing premature (an misguided) substantive arguments." Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 26.

27. Shibumi Shade denies the allegations in Counterclaim paragraph 27.

28. Shibumi Shade admits to filing this lawsuit. Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 28.

29. Shibumi Shades admits that it has successfully protected its intellectual property rights against sellers of infringing products. Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 29.

30. Shibumi Shades admits that it has protected its intellectual property rights through the Amazon APEX process. Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 30.

31. Shibumi Shade denies the allegations in Counterclaim paragraph 31.

32. Shibumi Shade denies the allegations in Counterclaim paragraph 32.

## COUNTERCLAIM I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,634,924

33. Shibumi Shade restates and incorporates each of its responses in the preceding

paragraphs as if fully stated herein.

34. Shibumi Shade admits the allegations in Counterclaim paragraph 34.

35. Shibumi Shade denies the allegations in Counterclaim paragraph 35.

36. Shibumi Shade denies the allegations in Counterclaim paragraph 36.

37. Shibumi Shade denies the allegations in Counterclaim paragraph 37.

38. Shibumi Shades admits that Claim 21 recites "each of the left end and the right end has a corkscrew shape effective for engaging a surface." Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 38.

39. Shibumi Shade denies the allegations in Counterclaim paragraph 39.

40. Shibumi Shade denies the allegations in Counterclaim paragraph 40.

41. Shibumi Shade denies the allegations in Counterclaim paragraph 41.

42. Shibumi Shade denies the allegations in Counterclaim paragraph 42.

43. Shibumi Shade denies the allegations in Counterclaim paragraph 43.

44. Shibumi Shade denies the allegations in Counterclaim paragraph 44.

45. Shibumi Shade denies the allegations in Counterclaim paragraph 45.

46. Shibumi Shade denies the allegations in Counterclaim paragraph 46.

47. Shibumi Shade denies the allegations in Counterclaim paragraph 47.

48. Shibumi Shade denies the allegations in Counterclaim paragraph 48.

49. Shibumi Shade denies the allegations in Counterclaim paragraph 49.

50. Shibumi Shade denies the allegations in Counterclaim paragraph 50.

51. Shibumi Shade admits that an actual controversy exists regarding Million Shades' infringement of the '924 Patent. Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 51.

5

52.     Shibumi Shade denies the allegations in Counterclaim paragraph 52.

## COUNTERCLAIM II – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,634,924

53.     Shibumi Shade restates and incorporates each of its responses in the preceding paragraphs as if fully stated herein.

54.     Shibumi Shade admits the allegations in Counterclaim paragraph 54.

55.     Shibumi Shade denies the allegations in Counterclaim paragraph 55.

56.     Shibumi Shade denies the allegations in Counterclaim paragraph 56.

57.     Shibumi Shade denies the allegations in Counterclaim paragraph 57.

58.     Shibumi Shade denies the allegations in Counterclaim paragraph 58.

59.     Shibumi Shade denies the allegations in Counterclaim paragraph 59.

60.     Shibumi Shade admits that an actual controversy exists regarding the validity of the '924 Patent.  Except as expressly admitted, Shibumi Shade denies the remaining allegations of Counterclaim paragraph 60.

61.     Shibumi Shade denies the allegations in Counterclaim paragraph 61.

## JURY DEMAND

62.     Million Shades demand for a jury trial does not require a response by Shibumi Shade. However, as stated in Shibumi Shades Complaint (Dkt. 1), Shibumi Shades respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

Shibumi Shade denies that Million Shades is entitled to any relief whatsoever, including but not limited to the relief requested in Paragraphs A-I of Million Shades' Prayer for Relief.

6

Dated: April 13, 2026

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Preston H. Heard*

Samuel B. Hartzell
North Carolina Bar No. 49256
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2112
Facsimile: (919) 755-6772
Email: Sam.Hartzell@wbd-us.com

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
Christine H. Dupriest (*pro hac vice*)
Georgia Bar No. 874494
WOMBLE BOND DICKINSON (US) LLP
1331 Spring Street, NW, Suite 1400
Atlanta, GA 30309
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com
Email: Christine.Dupriest@wbd-us.com

*Attorneys for Plaintiff Shibumi Shade, Inc.*

7

## CERTIFICATE OF SERVICE

The undersigned hereby confirms that on April 13, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the counsel of record.

By: <u>*/s/ Preston H. Heard*</u>
Preston H. Heard