IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CV-588-FL

| | | |
|---|---|---|
| SHIBUMI SHADE, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE MANAGEMENT ORDER |
| | ) | |
| | ) | |
| GARDMA LLC d/b/a MILLION | ) | |
| SHADES AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a pretrial conference by telephone in this case on April 17, 2026. After reviewing the parties' joint report and plan, filed April 30, 2026, the court orders the following:

A. Discovery

1. The parties have exchanged the information required by Federal Rule of Civil Procedure 26(a)(1).

2. Discovery will be necessary on the following subjects: reference is made to the discovery proposed to be undertaken in the parties' joint report and plan.

3. All fact discovery shall be completed **within 90 days** after the court's order on claim construction. Additional deadlines for expert discovery and claim construction discovery are addressed below.

4. The court incorporates herein by reference the parties' agreements regarding discovery of electronically stored information ("ESI") and privileged materials, set

forth at section B.9 of the joint report and plan.

5. No party shall serve more than 25 interrogatories, including all subparts, to any other party. Responses are due 30 days after service of those interrogatories.

6. No party shall serve more than 40 requests for admission to any other party. Responses are due 30 days after service of those requests for admission. The parties agree this number does not include requests for admission for authentication of documents, which are not limited.

7. The parties agree there should not be a limit to the number of requests for production by each side.

8. There shall be no more than 8 depositions of fact witnesses by plaintiff and 8 by defendant. The parties may depose disclosed experts, and any such depositions of disclosed experts shall not count against the limit on the number of depositions. A deposition taken pursuant to Fed. R. Civ. P. 30(b)(6) shall be considered a single deposition for purposes of the limit on the number of depositions, regardless of the number of individuals the responding party designates to testify. Each deposition shall be limited to 7 hours on a single day, unless otherwise agreed by the parties.

9. Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by the party bearing the burden of proof on an issue **within 30 days** of the close of fact discovery, and by the rebutting party **within 30 days** of receipt of the expert report from the party bearing the burden of proof on an issue. Disclosures and reports by any rebuttal experts shall be served by a party **within 21 days** of receipt of the responsive expert report. The parties shall serve any objections to such disclosures, other than objections pursuant to

Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999) or similar case law, **within 14 days** after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (<u>e.g.</u>, whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections. Expert depositions may begin **7 days after** disclosure of rebuttal expert reports. Expert discovery shall be completed **within 60 days** after disclosure of rebuttal expert reports. The parties agree the separate expert discovery period does not include any expert discovery undertaken as part of claim construction.

10. Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by the rule. In addition, such supplemental disclosures shall be served by **40 days before completion of fact discovery**. The supplemental disclosures served 40 days before the deadline for completion of fact discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures 40 days before the discovery deadline is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take

a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. See Fed. R. Civ. P. 37(c)(1). The early Rule 26(e) disclosure requirement in this paragraph does not apply to expert disclosures or expert discovery undertaken after the completion of fact discovery in accordance with paragraph nine above.

11. The court adopts and incorporates herein the parties' proposed schedule for deadlines governed by the Local Patent Rules. Defendant shall file answer to plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(a) by **June 16, 2026.** Disclosure of asserted claims and preliminary infringement contentions and accompanying documents pursuant to Local Patent Rule 303.1 and 303.2 shall be served by plaintiff by **July 15, 2026.** Defendant shall serve its preliminary non-infringement and invalidity contentions and accompanying documents pursuant to Local Patent Rule 303.3 and 303.4 by **August 28, 2026.** Plaintiff shall disclose proposed terms and claim elements for construction pursuant to Local Patent Rule 304.1 by **September 17, 2026**, and defendant shall disclose proposed terms and claim elements for construction by **September 24, 2026.** The parties shall exchange preliminary claim constructions and extrinsic evidence pursuant to Local Patent Rule 304.2 by **October 15, 2026.**

12. The parties shall file a joint claim construction statement pursuant to Local Patent

4

Rule 304.3 by **October 27, 2026.** The parties shall exchange expert declarations in support of claim construction by **November 24, 2026.** All claim construction discovery shall be completed by **December 23, 2026.** Opening briefs on claim construction shall be filed by **January 21, 2027.** Responsive claim constructive briefs shall be filed by **February 10, 2027.**

13. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. See Fed. R. Civ. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

14. Discovery in this case may be governed by a protective order. If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

   a. A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

   b. Any proposed protective order shall set out the procedure for filing under

5

seal confidential documents, things, and/or information, pursuant to the requirements of Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180–81 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

c. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the

6

interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

d. The parties are directed to Section V.G. of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf, for information regarding how to file and serve sealed documents through the court's Case Management/ Electronic Case Filing system ("CM/ECF").

B. Motions

1. Any motion requesting relief shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

2. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by the parties by **June 15, 2026.**

3. All potentially dispositive motions shall be filed **within 30 days** after close of expert discovery. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions.[1] In conjunction with any such motion to exclude expert testimony or

---

[1] Given the court's specific directives expressed herein, allowance by the Local Civil Rules for filing of motions in limine in advance of trial does not provide a renewed opportunity in this case to file motions to exclude testimony of expert witnesses, absent showing that issues raised in motions in limine could not have been raised at the

7

response thereto, the parties shall include where available all materials associated with the challenged expert, including resumes, reports, depositions, and objections to qualifications.

4. Any motion raising a disputed issue of or relating to discovery, including any disputed motion to compel, for protective order, or to alter discovery requirements set forth herein (hereinafter, "discovery motions"), shall be filed and served **within 30 days** of the act or omission in discovery complained of, after good faith effort between the parties to resolve issue(s), unless upon good cause shown, time for filing such motion is extended. Before filing, the court requires notice of such disputed discovery issue(s) for its consideration in setting a telephonic discovery conference. The complaining party must notify the office of the case manager, by telephone at (252) 638-8534, of the discovery dispute, and provide the parties' mutually agreed suggested dates and times for such conference. The complaining party then will be instructed by the case manager how to transmit discovery material directly bearing on the particular dispute(s), either by facsimile or email, to the court for its preview. Any material provided to the court shall be copied to the opposition. If the opposing party is desirous of supplementing discovery material for the court, counsel similarly shall contact the case manager by telephone, for transmittal instruction. The case manager promptly will notify counsel by email as to any conference setting. Discovery motions filed after the 30 day deadline and/or without advance conference with the court, absent extenuating

---

time of deadline for filing dispositive motions.

circumstances, summarily will be denied. Discovery motions ordinarily will be referred to a magistrate judge for ruling.

5. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1 and include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

C. Alternative Dispute Resolution ("ADR")

1. A settlement procedure is required in virtually every case, to be conducted before the close of discovery if the case is automatically selected for mediation pursuant to Local Alternative Dispute Resolution Rule 101.1a(b), or before the final pretrial conference if not automatically selected.

2. This case has been automatically selected for mediation. Reference is made to Local Alternative Dispute Resolution Rule 101.1 et seq. for required deadlines. In addition, the parties have stipulated the following: the parties propose to conduct mediation **within 45 days** of the court's claim construction order. The parties intend to select a mediator and will advise the court of the parties' selection.

3. If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Alternative Dispute Resolution Rule 101.1e for their specific obligations.

D. Other Matters

1. At the close of briefing on claim construction the parties are directed to file a joint

9

report wherein the parties shall propose three alternative dates of availability for the claim construction hearing. The report shall also notify the court whether the parties plan to elicit live testimony at hearing and which parties shall present first.

2. The court considered the following scheduling issue presented by the parties: the parties submitted opposing positions on the bifurcation of claim construction discovery and other pertinent fact discovery. (Joint Report at 4–5). Pursuant to the federal and local patent rules, the court determines that fact discovery shall open as to all relevant issues in the litigation as of the date of the joining of the issues of the '924 patent and the '033 patent by way of complaint and answer. However, to the extent any party believes that particular discovery should be delayed to avoid premature disclosure of confidential information, or that other prejudice may arise from responding to particular discovery requests prior to the court's ruling on claim construction, such concerns may be presented to the court in the context of a motion for protective order. Any such motion shall be presented in the manner described in paragraph B.4 of this order. The court encourages counsel to make good faith efforts to resolve these disputes before seeking court intervention, recognizing that the court is providing additional period of fact discovery after entry of the claim construction order.

E. Pretrial and Trial Scheduling

After the court has ruled on any dispositive motion(s), the court will enter a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial

and trial procedures not altered herein shall be strictly observed.

  SO ORDERED, this the 26th day of May, 2026.


              _____
              LOUISE W. FLANAGAN
              United States District Judge