# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

|  |  |
|---|---|
| SHIBUMI SHADE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GARDMA LLC d/b/a MILLION SHADES<br>AMERICA,<br><br>    Defendant. | Civil Action No: 5:24-cv-00588 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF SHIBUMI SHADE, INC.'S AMENDED COMPLAINT**

# TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................................1

II. PROCEDURAL HISTORY.....................................................................................2

III. RELEVANT FACTS ...............................................................................................3

IV. LEGAL STANDARDS ...........................................................................................5

    A. Rule 12(b)(6) Motion ...................................................................................5

    B. "Consisting Of"............................................................................................6

V. ARGUMENT ..........................................................................................................6

    A. Gardma's Repeated "Legally Impossible" Assertion Is Unsupported by Law and Contradicted by Its Own Authority.................................................6

    B. The FAC Plausibly States Independent Claims for Infringement of Both Patents, and Gardma Cannot Identify Which Count Purportedly Fails. ...................8

    C. Gardma's Motion Is a Second Attempt to Resolve Claim Construction Disputes at the Pleading Stage, Which This Court Has Already Rejected. ................8

    D. Even If the Court Reaches Claim Construction, the Accused Product Is Within the Scope of Claim 18 of the '033 Patent. ...................................................9

        1. The Doctrine of Claim Differentiation Forecloses Reading a Surface-Engagement Exclusion Into Claim 18........................................................10

        2. Gardma's Prosecution-Disclaimer Theory Fails..........................................11

        3. Gardma's Judicial-Estoppel Theory Fails on Every *King* Factor. .................12

    E. Gardma's Element-by-Element "Impossibility" Argument Fails, and Rule 8 Permits Shibumi to Plead in the Alternative..............................................13

VI. CONCLUSION ......................................................................................................14

## **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................... 5, 8, 14

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017) ............................................................................ 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................................. 5

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) .............................................................................. 6

*Conoco, Inc. v. Energy & Env't Int'l, L.C.*,
460 F.3d 1349 (Fed. Cir. 2006) ........................................................................... 6

*DeMarini Sports, Inc. v. Worth, Inc.*,
239 F.3d 1314 (Fed. Cir. 2001) ........................................................................... 6

*Fromson v. Advance Offset Plate, Inc.*,
720 F.2d 1565 (Fed. Cir. 1983) ......................................................................... 11

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ........................................................................... 6

*King v. Herbert J. Thomas Mem. Hosp.*,
159 F.3d 192 (4th Cir. 1998) ....................................................................... 12, 13

*Liebel-Flarsheim Co. v. Medrad, Inc.*,
358 F.3d 898 (Fed. Cir. 2004) ........................................................................... 10

*Lowery v. Stovall*,
92 F.3d 219 (4th Cir. 1996) ............................................................................... 12

*Nalco Co. v. Chem-Mod, LLC*,
883 F.3d 1337 (Fed. Cir. 2018) ............................................................. 2, 6, 8, 9

*Norian Corp. v. Stryker Corp.*,
363 F.3d 1321 (Fed. Cir. 2004) .................................................................. passim

*Omega Eng'g, Inc. v. Raytek Corp.*,
334 F.3d 1314 (Fed. Cir. 2003) ......................................................................... 12

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005) ................................................................... 10, 11

*Purdue Pharma L.P. v. Endo Pharms. Inc.*,
    438 F.3d 1123 (Fed. Cir. 2006) ...................................................................................... 12

*Shibumi Shade, Inc. v. Beach Shade LLC*,
    No. 5:23-CV-297-FL, 2023 WL 9051259 (E.D.N.C. Dec. 29, 2023) ............................... 2, 8

*Sunrace Roots Enter. Co. v. SRAM Corp.*,
    336 F.3d 1298 (Fed. Cir. 2003) ...................................................................................... 10

*Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*,
    239 F.3d 1225 (Fed. Cir. 2001) ...................................................................................... 10

**Statutes**

35 U.S.C. § 112 ................................................................................................ 2, 4, 12, 13

**Rules**

Federal Rule of Civil Procedure 12 ............................................................................. *passim*

iv

Plaintiff Shibumi Shade, Inc. ("Shibumi") hereby opposes Defendant Gardma LLC d/b/a Million Shades America's ("Gardma") Motion to Dismiss Shibumi's Amended Complaint (Dkt. 40) and accompanying memorandum (Dkt. 41, "Memorandum").

## I.  INTRODUCTION

As a threshold matter, this Motion should never have been filed, and the Court should not reward Gardma's gamesmanship. Gardma already unsuccessfully moved to dismiss this action once before, and then Gardma **expressly consented** to the filing of the Amended Complaint (*see* Ex. A), only to turn around and move to dismiss the very pleading it agreed Shibumi could file.  Dkt. 34. Doing so was an express violation of the Court's Case Management Order, which stated that "Defendant shall file answer to plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(a) by **June 16, 2026**."  Dkt. 38 ¶ 11 (emphasis in original).  Having not filed an answer as ordered, Gardma is now in default, and the Motion should be denied for this reason alone.

Substantively, Gardma's argument is built on two false, repeated premises: (1) that "consisting of" categorically excludes **any** additional component from an accused product, and (2) that simultaneous infringement of an open ("comprising") patent and a closed ("consisting of") patent is "legally impossible." Mem. at 1. Gardma declares this "black-letter patent law" (*id.*), "dispositive" (*id.* at 3, 4), and "unequivocal" (*id*. at 16). To the contrary, Gardma's lead authority refutes its position. In *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1331-32 (Fed. Cir. 2004), the Federal Circuit held that a "consisting of" claim is **not** avoided by the presence of components unrelated to the claimed invention. Moreover, Gardma fails to cite a single case holding that a single product cannot simultaneously infringe one patent with a "comprising" preamble and another with a "consisting of" preamble. It cites no case because no such bright-line rule exists.

Gardma's remaining arguments fare no better. The prosecution disclaimer argument asks this Court to conduct claim construction at the pleading stage, which courts routinely decline to do. *Nalco*

1

*Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349-50 (Fed. Cir. 2018). Even if the Court were to reach claim construction now, the doctrine of claim differentiation defeats Gardma's position: the very limitation Gardma seeks to read into independent claim 18 of U.S. Patent No. 12,607,033 (the "'033 Patent") appears verbatim as the sole additional limitation of dependent claim 19. Reading that exclusion into claim 18, as Gardma's Motion requires, would render claim 19 meaningless, contradicting bedrock principles of claim construction. Moreover, Gardma's judicial estoppel argument mischaracterizes what Shibumi argued (and won) at the PTAB, conflating the Board's written-description holding under 35 U.S.C. § 112(a) with a non-existent concession about infringement scope. For at least these reasons, the Motion should be denied.

## II.     PROCEDURAL HISTORY

Shibumi filed this action on October 15, 2024, alleging infringement of U.S. Patent No. 11,634,924 (the "'924 Patent") by Gardma. Dkt. 1. On December 12, 2024, Gardma moved to dismiss the originally filed complaint. Dkt. 16. The Court rejected Gardma's motion, finding that Gardma's reliance on claim construction disputes was misplaced at the pleading stage:

> As the United States Court of Appeals for the Federal Circuit held in *Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018), claim construction disputes are generally inappropriate for resolution at the pleading stage. Likewise, in *Shibumi Shade, Inc. v. Beach Shade LLC*, No. 5:23-CV-297-FL, 2023 WL 9051259, at *11 (E.D.N.C. Dec. 29, 2023), this court similarly held that claim construction arguments should not be resolved during the pleading phase. Local patent rules require a structured process for claim construction that must occur before any determination of infringement. *See* E.D.N.C. Patent Rs. 304.1-.6.

Dkt. 26 at 7.

After the '033 Patent issued on April 21, 2026, Shibumi promptly sought Gardma's consent for Shibumi to amend the complaint to add a count directed to Gardma's infringement of the '033 Patent. Gardma consented to the filing (Ex. A), and Shibumi filed a consent motion to amend on April 30, 2026, which was granted on May 26, 2026. Dkts. 34, 36. The Court subsequently entered its case

2

management order stating "Defendant shall file answer to plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(a) by **June 16, 2026**." Dkt. 38 ¶ 11. Thereafter, Gardma failed to answer and filed the instant Motion. Dkt. 40.

## III.    RELEVANT FACTS

The '033 Patent issued from U.S. Application No. 18/329,082. Dkt. 41-1 at 387. On April 5, 2024, the Examiner rejected claims 21, 30, 53, 54, 56, and 57[1] under 35 U.S.C. § 103 as being unpatentable over KR 101315166 ("Kang") in view of U.S. Patent No. 5,927,311 ("Jager"). *Id.* at 257-261. Representative claim 21 during this stage of prosecution is shown below:

21.    (Currently Amended)  A system for providing shade onto a surface, the system comprising:
     a single frame defined by a plurality of sections and comprising an alignment component extending through at least a portion of the plurality of sections, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration engages engageable with the surface such that the system only engages the surface where the right and left ends of the single frame engage the surface;
     a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy extending between a left end and a right end;

two fasteners that secure the canopy in position relative to the frame, a first fastener arranged proximate the left end of the suspension end and a second fastener arranged proximate the right end of the suspension end, the first fastener engaging a portion of the left end of the frame and the second fastener engaging a portion of the right end of the frame; and
     a single fastener on the suspension end of the canopy configured for accepting a portion of the frame therethrough and for securing the canopy in position relative to the frame, and
     wherein the trailing end of the canopy is spaced apart from the portion of the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface being coupleable with the frame about a portion of the frame.

*Id.* at 270.

In response, in addition to amending the claims, Applicant argued that Kang failed to disclose (i) a frame defined by a plurality of sections and comprising an alignment component, such that Kang does not disclose a frame that is engageable in a supporting configuration and disengagable in a transport configuration, and (ii) a system only engaging the surface where the right and left ends of the single frame engage the surface. Dkt. 41-1 at 246. On July 10, 2024, the Examiner issued another office action maintaining the rejection, noting that "[i]f the applicant truly intends to exclude constructions in which non-recited structure is relevant to the allowability of the claim, the transitional phrase 'consisting of' is conveniently available." *Id.* at 214-15.

---

[1] Unless otherwise noted, claims discussed in this Section are referred to by their numbering as they were pending during prosecution. The claims were renumbered when the '033 Patent was issued. *See* Dkt. 41-1 at 20.

3

On September 17, 2024, Applicant amended representative claim 21, among others, to recite the transitional phrase "consisting of" in the preamble. Dkt. 41-1 at 153. However, in the same amendment, Applicant introduced new claims 88 and 89 (corresponding to granted claims 18[2] and 19, respectively, of the '033 Patent). *Id.* at 161-62; *see also id.* at 20. While the preamble of claim 88 recites the transitional phrase "consisting of," importantly, dependent claim 89 (and granted dependent claim 19 of the '033 Patent) requires that "the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame." *Id.* at 162.

On September 24, 2024, the Examiner issued a final office action. Dkt. 41-1 at 132. The only rejection maintained against claims that were not ultimately canceled was under the 35 U.S.C. § 112(a) for failing to comply with the written description requirement. *Id.* at 136. The Examiner reasoned that "[c]laims 21, 62, and 68 recite shading systems that explicitly do not include the cord and anchor" and that "[t]here does not appear to be a disclosure of such a system in the application as filed." *Id.* On October 30, 2024, Applicant responded, canceling claims 60, 69-87, 92, and 98 rather than contest the § 112(b) rejections.[3] Dkt. 41-1 at 119-24. As to the § 112(a) rejection, Applicant argued that the originally filed specification provided written description support for systems that do not include a cord and anchor, contending that paragraph [0046]'s use of the permissive "may" rendered the cord and anchor optional "alternative elements" that could be explicitly excluded from a claim. Dkt. 41-1 at 127-28. The Examiner maintained the § 112 rejection (Dkt. 41-1 at 106-08), which the Applicant ultimately appealed.

On January 15, 2026, the Patent Trial and Appeal Board issued its decision reversing the

---

[2] Shibumi asserts Gardma infringes at least this claim of the '033 Patent. Dkt. 37 ¶¶ 25-27.
[3] Gardma's argument regarding what Shibumi and the Examiner "both understood" with respect to some of these claims (Dkt. 41 at 4) is meritless. Claims 60, 92, and 98 were all canceled, and Shibumi's strategic decision to cancel some claims while arguing others is in no way an admission that Shibumi agrees with the arguments of the Examiner's decision, which was reversed on appeal.

4

Examiner's § 112(a) written description rejection of claims 21, 30, 51-55, 58, 59, 61-68, 88-91, 93-97, and 99. Dkt. 41-1 at 26-27. The Board concluded that the originally filed specification demonstrated that the inventors possessed the claimed systems, explaining that "multiple paragraphs in the Specification (e.g., 6, 7, 52) describe freestanding systems having the ends of the arched frame embedded into the surface on which the systems are installed without requiring corded anchors." *Id.* at 34. The Board thus resolved the issue on appeal as one of written description support, whether the specification supported claims that do not require a cord and anchor. Importantly, the Board's decision **did not** construe the scope of any allowed claim for purposes of infringement.[4] Following the PTAB's reversal, a Notice of Allowance issued, and the '033 Patent issued on April 21, 2026.

## IV. LEGAL STANDARDS

### A. Rule 12(b)(6) Motion

To survive dismissal, Shibumi need only "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-plead factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Id.* at 679. In other words, the Court should deny the Motion so long as Shibumi plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In patent cases, a complaint plausibly alleges infringement when it includes "factual allegations that, when taken as true, articulate why it is plausible that the accused

---

[4] The phrase "explicitly do not include the cord and anchor," which Gardma quotes at least twice from the PTAB's decision (Mot. at 14), appears in the PTAB decision only as the Board's recitation of the Examiner's position, which the Board then rejected. Dkt. 41-1 at 29. The Board's actual holding was the opposite: that the specification supports claims to freestanding systems "not necessarily requiring anchored cords." Dkt. 41-1 at 33. The phrase is therefore not a finding, holding, or endorsement of the Examiner's statement by the PTAB, and Gardma's suggestion otherwise is misleading.

5

product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). While the prosecution history of a patent may inform the meaning of disputed claim language (*DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1323 (Fed. Cir. 2001)), it is also true that an applicant's decision to use the phrase "consisting of" in a claim may, in some cases, affect claim scope (*see Conoco, Inc. v. Energy & Env't Int'l, L.C.*, 460 F.3d 1349, 1358 (Fed. Cir. 2006)). However, given that claim construction requires analyzing the patent's intrinsic evidence, and may require discovery and analysis of extrinsic evidence, most courts consider it improper to rule on claim construction issues on a motion to dismiss. *See, e.g.*, *Nalco*, 883 F.3d at 1350; *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012); Dkt. 26 at 7.

### B. "Consisting Of"

As a general matter, "consisting of" is "a term of patent convention meaning that the claimed invention contains only what is expressly set forth in the claim." *Norian*, 363 F.3d at 1331. That restriction however, "is not absolute." *Conoco*, 460 F.3d at 1360. The Federal Circuit has made clear that "while 'consisting of' limits the claimed invention, it does not limit aspects unrelated to the invention," and the phrase therefore "does not exclude additional components or steps that are unrelated to the invention." *Norian*, 363 F.3d at 1331[5]; *Conoco*, 460 F.3d at 1360.

### V. ARGUMENT

**A. Gardma's Repeated "Legally Impossible" Assertion Is Unsupported by Law and Contradicted by Its Own Authority.**

---

[5] Gardma's Motion cites *Norian* at least three times (Mot. at 8, 10 n.4, 16), but not once does it mention the important aspect of *Norian*'s holding regarding unrelated additional components. Instead, Gardma's Motion repeatedly mischaracterizes *Norian* by citing its general rule but omitting the critical next sentence that discusses unrelated additional components. *See* Mot. at 8; *id*. at 10 n.4; *see also id.* at 16 (citing *Norian* to support the proposition that the Federal Circuit is "unequivocal that 'consisting of' excludes unrecited elements"). At best, the absence of this aspect of *Norian*'s holding from Gardma's Motion is an incredible omission. At worst, it is a brazen attempt by Gardma to intentionally mislead this Court.

6

The central thesis of Gardma's Memorandum is that it is "legally impossible" for a single accused product to simultaneously infringe one patent with a "comprising" transitional phrase and another with a "consisting of" transitional phrase. Mem. at 1. Gardma repeats this assertion, in various formulations, throughout its brief:

- "This is legally impossible." *Id*. at 1.
- "It is black-letter patent law that 'consisting of' defines a closed set of elements—no more and no less." *Id*. at 1.
- "This distinction is dispositive of the instant motion." *Id*. at 3.
- "This amendment is dispositive in determining this instant motion." *Id*. at 4.
- "[A]n accused product containing elements beyond those expressly recited in a 'consisting of' claim cannot infringe that claim." *Id.* at 8.
- Claims "are limited to the elements recited in the claim and nothing else." *Id.* at 10.
- "[T]he Federal Circuit and the MPEP are unequivocal that 'consisting of' excludes unrecited elements." *Id.* at 16.

But Gardma cites **no case** holding that a product cannot simultaneously infringe one patent through a "comprising" claim and another through a "consisting of" claim; indeed, no such rule exists.

The very authority Gardma invokes for the general rule—*Norian Corp. v. Stryker Corp.*, 363 F.3d 1321 (Fed. Cir. 2004)—announces the exception that defeats Gardma's Motion. In *Norian*, the Federal Circuit considered a "consisting of" claim to a calcium phosphite cement kit. *Id.* at 1331. The accused product included the exact components recited in the claim **plus an additional dental spatula that was not recited**. *Id.* The court held that the additional spatula did **not** avoid infringement because it was "irrelevant to the invention." *Id.* 1331-32. The court explained that "consisting of" excludes additional invention elements, not every unrelated component that may be packaged or shipped with a product. *Id.* Gardma cites *Norian* for the general "consisting of" rule multiple times (Mem. at 8, 10 n.4, 16) while ignoring the very exception *Norian* stands for. This is fatal to Gardma's thesis. If a "consisting of" claim is not breached by unrelated components, then a single product can readily satisfy a closed claim (by meeting the recited elements while possessing unrelated extras) **and** an open claim (by meeting those recited elements **plus** additional features the open claim requires). That is exactly

7

what Shibumi alleges and, because the entirety of Gardma's Motion rests on a plainly erroneous premise, it should be denied.

### B. The FAC Plausibly States Independent Claims for Infringement of Both Patents, and Gardma Cannot Identify Which Count Purportedly Fails.

Shibumi's First Amended Complaint (Dkt. 37, "FAC") pleads two independent counts, Count I ('924 Patent) and Count II ('033 Patent), each supported by detailed, photo-annotated, element-by-element claim charts. These allegations far exceed the "threadbare recitals" that *Iqbal* prohibits. Gardma's argument suffers from an independently fatal defect: it cannot identify **which** count purportedly fails. Gardma hedges that "[o]ne or both counts" must fail and "at least one" count cannot survive. Mem. at 2, 19-20. Which one, then? And on what theory do **both** fail? Gardma never says. A Rule 12(b)(6) motion seeking dismissal of the entire FAC with prejudice cannot rest on an admission that, at most, only one unidentified count **might** be affected. Shibumi is entitled to plead that the Accused Product infringes the '924 Patent and the '033 Patent. Even if one theory were ultimately foreclosed after claim construction, that would not render the entire pleading deficient. On this independent basis, Gardma's Motion should be denied.

### C. Gardma's Motion Is a Second Attempt to Resolve Claim Construction Disputes at the Pleading Stage, Which This Court Has Already Rejected.

Gardma has traveled this road before. When Shibumi filed its original Complaint asserting infringement of the '924 Patent, Gardma moved to dismiss on the theory that the Accused Product did not satisfy certain claim limitations, an argument that turned entirely on Gardma's preferred constructions of those limitations. Dkt. 16. This Court denied that motion, holding that "[Gardma]'s reliance on claim construction disputes is misplaced at this stage." Dkt. 26 at 7 (citing *Nalco*, 883 F.3d at 1349; *Beach Shade*, 2023 WL 9051259, at *11). As the Court explained, "claim construction disputes are generally inappropriate for resolution at the pleading stage," and this District's Local Patent Rules "require a structured process for claim construction that must occur before any

8

determination of infringement." Dkt. 26 at 7.

Undeterred, Gardma again asks the Court to do precisely what it declined to do the first time. Every argument in Gardma's Memorandum depends on Gardma's preferred construction of claim 18 of the '033 Patent:

1. Gardma's "consisting of" theory asks the Court to construe that closed transitional phrase to exclude the Accused Product's removable carry bag and other features.

2. Its prosecution disclaimer theory asks the Court to narrow claim 18 in light of the '033 Patent's prosecution history.

3. Its "legal impossibility" theory asks the Court to construe both claim 18 of the '033 Patent and claim 21 of the '924 Patent and then compare their scope.

However Gardma styles them, these are claim construction disputes, and they are no more suited to resolution on the pleadings than the arguments raised in Gardma's first motion to dismiss.

Gardma cannot escape this result by proclaiming that "[n]o claim construction is needed." Mem. at 16. Prosecution disclaimer is, by definition, a doctrine of claim construction. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017) (prosecution disclaimer is "a fundamental precept in our claim construction jurisprudence"). Gardma's demand that the Court simultaneously apply prosecution disclaimer and forgo claim construction is self-contradictory. So too, whether "consisting of" excludes an unrelated, removable carry bag under *Norian* and *Conoco* is a quintessential question of claim scope—exactly the analysis the Federal Circuit has held is "not appropriate to resolve . . . on a Rule 12(b)(6) motion, without the benefit of claim construction." *Nalco*, 883 F.3d at 1350. Nothing has changed since the Court's prior order that could justify a different outcome. The same principles that doomed Gardma's first motion doom its second, and Gardma offers no reason for the Court to depart from its own reasoning or from the claim construction process the Local Patent Rules require.

**D.      Even If the Court Reaches Claim Construction, the Accused Product Is Within the Scope of Claim 18 of the '033 Patent.**

9

**1. The Doctrine of Claim Differentiation Forecloses Reading a Surface-Engagement Exclusion Into Claim 18.**

Even if the Court were inclined to construe claim 18 now, Gardma's construction collapses under the doctrine of claim differentiation. Gardma's entire "closed set" theory depends on reading claim 18 to exclude any additional component that engages the surface, principally the Accused Product's carry bag, which Shibumi's '924 Patent claim chart describes as "also capable of acting as a first anchor." Mem. at 14-15. But the limitation Gardma seeks to import is already expressly recited in a dependent claim. Granted claim 18 recites a "system . . . consisting of" a frame, a canopy, and a loop with a frame fastener. It says nothing about excluding other surface-engaging components. Dependent claim 19, by contrast, adds precisely that limitation: "The system of claim 18, wherein the system excludes any other components from engaging the surface in the supporting configuration except for the right and left ends of the frame." Claim 24 adds the identical limitation to independent claim 23.

Under the doctrine of claim differentiation, "the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005). That presumption "is at its strongest" where, as here, the limitation sought to be read into an independent claim "already appears in a dependent claim." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 910 (Fed. Cir. 2004). And it is "especially strong when the limitation in dispute is the only meaningful difference between an independent and dependent claim." *Sunrace Roots Enter. Co. v. SRAM Corp.*, 336 F.3d 1298, 1303 (Fed. Cir. 2003). Here, the exclusion of "any other components from engaging the surface" is the sole limitation that claim 19 adds to claim 18. Reading that exclusion into claim 18, as Gardma asks, would render claim 19 entirely superfluous, violating the presumption that each claim in a patent has a different scope. *Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225, 1233 (Fed. Cir. 2001).

The patentees plainly knew how to claim a system in which nothing but the frame ends engages the surface. Claim 1 of the '033 Patent recites a frame configured "such that the system only engages the surface where the right and left ends of the frame engage the surface." Claim 18 contains no such limitation. The deliberate omission of that language from claim 18, and its placement in dependent claim 19, confirms that claim 18 does not exclude an additional surface-engaging anchor. *See Phillips*, 415 F.3d at 1315; *Fromson v. Advance Offset Plate, Inc.*, 720 F.2d 1565, 1570 (Fed. Cir. 1983) ("Significant evidence of the scope of a particular claim can be found on review of other claims.").

This is fatal to Gardma's Motion. Gardma repeatedly insists that because Shibumi alleges the Accused Product has a carry bag "capable of acting as a first anchor" that engages the surface, the product falls outside claim 18's "closed set." Mem. at 14-15. But claim differentiation establishes the opposite: a surface-engaging anchor is excluded only by claim 19, not by claim 18. An Accused Product with such an anchor therefore may infringe claim 18 while falling outside claim 19. Gardma asks the Court to erase this distinction and, in doing so, to rewrite claim 18 into claim 19. That the Court cannot do, and certainly not on a Rule 12(b)(6) motion.

### 2. Gardma's Prosecution-Disclaimer Theory Fails.

Gardma argues that by amending the claims from "comprising" to "consisting of" at the Examiner's suggestion, Shibumi "clear[ly] and unmistakab[ly]" disclaimed any scope beyond the recited elements. Mem. at 11-12. This argument is both procedurally improper and substantively wrong. Indeed, it is based on a fundamental mischaracterization of the prosecution history.

As a threshold matter, Gardma's premise is factually wrong: granted claim 18 of the '033 Patent, which is the claim charted in Shibumi's Amended Complaint (Dkt. 37 ¶¶ 25-26; Dkt. 37-4), was never amended to change the preamble from "comprising" to "consisting of." The "comprising" to "consisting of" amendment that Gardma harps on was made to then-pending claim 21 (granted claim 1), not to what became granted claim 18. Dkt. 41-1 at 20, 153. In that very same September 17, 2024

11

response, Applicant introduced claims 88 and 89 as entirely new claims, not amendments to existing claims. *Id.* at 161-62. Claim 88 (which issued as granted claim 18) was drafted from inception with the "consisting of" preamble; it was never "amended" from anything. Gardma's entire prosecution disclaimer theory thus rests on an amendment to a different claim. The asserted claim 18 carries no amendment history that could support disclaimer.

Even setting that threshold defect aside, Gardma's theory cannot satisfy the governing standard. Prosecution disclaimer requires a "clear and unmistakable disavowal" of claim scope. *Purdue Pharma L.P. v. Endo Pharms. Inc.*, 438 F.3d 1123, 1136 (Fed. Cir. 2006); *see also Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323-24 (Fed. Cir. 2003) (noting courts "decline[] to apply the doctrine of prosecution disclaimer where the alleged disavowal of claim scope is ambiguous"). Amendments made to a different claim in response to a prior art rejection, here, then-pending claim 21, does not constitute a clear and unmistakable disavowal of the scope of a different, newly-added claim that was not itself amended. For at least these reasons, Gardma's prosecution history disclaimer arguments fail.

### 3. Gardma's Judicial-Estoppel Theory Fails on Every *King* Factor.

Gardma next contends that Shibumi is judicially estopped by its PTAB arguments from asserting that the Accused Product, which includes an anchor, infringes claim 18. Mem. at 12-14. Judicial estoppel "must be applied with caution," *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996), and none of the *King* factors that form the requisite rubric are satisfied. *See King v. Herbert J. Thomas Mem. Hosp.*, 159 F.3d 192 (4th Cir. 1998).

The first *King* factor requires a position "factually incompatible" with one taken before. *King*, 159 F.3d at 196. The question Shibumi litigated at the PTAB was one of **written description under § 112(a)**. Dkt. 41-1 at 34. That is a question about what the specification discloses—not about the scope of infringement, or whether an accused product bearing an unrelated carry bag falls within claim 18. A position that the specification supports claims not requiring an anchor is not "factually

12

incompatible" with the allegation that an accused product possessing a carry bag infringes those claims.

The second factor requires that the "prior inconsistent position [was] accepted by the tribunal." *King*, 159 F.3d at 196. The PTAB accepted only that the specification supports the claims under § 112(a). Dkt. 41-1 at 32-34. It was not asked to decide any position about infringement scope, claim construction, or whether a carry bag falls within claim 18. The passage Gardma repeatedly quotes— that the claims "explicitly do not include the cord and anchor" (Dkt. 41 at 14)—was the Board's recitation of **the Examiner's position**, which the Board rejected. Dkt. 41-1 at 29, 32-34.

Lastly, the third factor requires that the party "have taken inconsistent positions intentionally for the purpose of gaining unfair advantage." *King*, 159 F.3d at 196. Because Shibumi's positions are not inconsistent, this factor necessarily fails, and because no *King* factor is met, judicial estoppel provides no basis for Gardma's premature claim constructions.

### E. Gardma's Element-by-Element "Impossibility" Argument Fails, and Rule 8 Permits Shibumi to Plead in the Alternative.

The remainder of Gardma's Memorandum attempts to convert its flawed "consisting of" premise into a detailed showing that the '924 Patent's claim 21 requires four categories of elements— (i) a "plurality of fasteners," (ii) a "cable extending therethrough" each frame section, (iii) a "container capable of . . . acting as a first anchor," and (iv) a fastener with a "higher coefficient of friction"—that assertedly fall outside claim 18 of the '033 Patent's closed set. Mem. at 16-20. From this, Gardma constructs an "A/B/C/D/E/F" framework and declares simultaneous infringement a logical impossibility. *Id.* at 18-19. The argument fails at every step.

First, it rests entirely on the same erroneous premise addressed above: that any component not recited in claim 18 defeats infringement of that claim. *Norian* holds otherwise. 363 F.3d at 1331-32. Second, it improperly assumes its own constructions of both patents. Whether the '033 Patent's "loop" with "a first portion," "a second portion," and "a frame fastener," alone or in combination with any

other elements, may constitute a "plurality of fasteners" within the meaning of the '924 Patent; whether the "alignment component" in claim 18 of the '033 Patent reads on the '924 Patent's claimed "cable extending therethrough;" and Gardma's arguments regarding the corkscrew anchors are all arguments of claim scope. These are precisely the "claim construction disputes" that "are generally inappropriate for resolution at the pleading stage." Dkt. 26 at 7.

Third, a plaintiff "may state as many separate claims . . . as it has, regardless of consistency," and "may set out 2 or more statements of a claim . . . alternatively or hypothetically." Fed. R. Civ. P. 8(d)(2)-(3). Shibumi is entitled to allege that the Accused Product infringes claim 21 of the '924 Patent and claim 18 of the '033 Patent, even under theories Gardma characterizes as inconsistent (which Shibumi expressly does not concede). At the pleading stage, the Court accepts Shibumi's well-pleaded allegations as true and draws all reasonable inferences in Shibumi's favor. *Iqbal*, 556 U.S. at 678-79. Any tension Gardma perceives between the claim charts is a merits dispute for another day, not a basis for Rule 12(b)(6) dismissal.

Fourth, Gardma's framework ignores that Shibumi pleads infringement "either literally or under the doctrine of equivalents." Dkt. 37 ¶¶ 16, 18-22, 25, 27-30. Even if Gardma's literal-infringement theory had merit—it does not—dismissal of an entire count would remain improper where an equivalents theory is pleaded and left unaddressed. In short, Gardma's element-by-element argument is just its "legally impossible" thesis in greater detail. It depends on disputed constructions, disregards *Norian*, ignores Rule 8's alternative-pleading rule and the doctrine of equivalents, and, like the rest of the Memorandum, asks the Court to adjudicate claim scope on the pleadings. It should be rejected.

## VI. CONCLUSION

For the foregoing reasons, Gardma's Motion to Dismiss should be denied.

14

Dated: July 7, 2026

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Preston H. Heard*

Samuel B. Hartzell
North Carolina Bar No. 49256
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2112
Facsimile: (919) 755-6772
Email: Sam.Hartzell@wbd-us.com

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
Christine H. Dupriest (*pro hac vice*)
Georgia Bar No. 874494
WOMBLE BOND DICKINSON (US) LLP
1331 Spring Street, NW, Suite 1400
Atlanta, GA 30309
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com
Email: Christine.Dupriest@wbd-us.com

*Attorneys for Plaintiff Shibumi Shade, Inc.*

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby confirms that on July 7, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the counsel of record.

By: *<u>/s/ Preston H. Heard</u>*
Preston H. Heard