# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

|  |  |
|---|---|
| SHIBUMI SHADE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GARDMA LLC d/b/a MILLION SHADES AMERICA,<br><br>    Defendant. | Civil Action No: 5:24-cv-00588 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. RELEVANT BACKGROUND ...............................................................................................1

III. LEGAL STANDARD...............................................................................................................2

IV. ARGUMENT............................................................................................................................3

     A.     Gardma Failed to File the Answer this Court Ordered. ...........................................3

     B.     Gardma's Second Motion to Dismiss Did Not Excuse its Failure to Answer. ........4

     C.     Entry of Default is Warranted Because Gardma's Failure was Deliberate and Prejudicial to the Orderly Progress of this Case. .....................................................5

V. CONCLUSION.........................................................................................................................6

Case 5:24-cv-00588-FL     Document 46     Filed 07/07/26     Page 2 of 9

## I.       INTRODUCTION

This Motion concerns a straightforward failure to comply with a court-ordered pleading deadline. After this Court denied Gardma's first motion to dismiss, Gardma filed an answer. Dkt. 28. After Shibumi later obtained Gardma's consent to amend its complaint (Dkt. 34), the Court granted leave to amend (Dkt. 36) and then entered a Case Management Order requiring Gardma to "file answer to plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(a) by **June 16, 2026**." Dkt. 38 at § A.11. Gardma did not do so. This was not a harmless procedural misstep; it was Gardma's calculated attempt to avoid the answer that would join the new claims and open discovery under the schedule Gardma helped create.

Rather than answer as ordered, Gardma filed a second Rule 12(b)(6) motion to dismiss. Dkt. 40. It was not accompanied by any motion for relief from the Court's deadline, any showing of good cause to modify the Case Management Order, or any explanation for why Gardma could disregard the Court's express direction that it answer. Because Gardma failed to plead as ordered, Rule 55(a) requires entry of default.

## II.      RELEVANT BACKGROUND

Shibumi filed this action on October 15, 2024, alleging that Gardma infringed U.S. Patent No. 11,634,924 (the "'924 Patent"). Dkt. 1. Gardma moved to dismiss the original complaint under Rules 12(b)(4), 12(b)(5), and 12(b)(6). Dkts. 15, 16. On March 9, 2026, this Court denied Gardma's motion in full. Dkt. 26. The Court held that Shibumi had adequately pleaded patent infringement and that Gardma's claim-construction arguments were premature at the pleading stage. *Id.* at 9. The Court ordered Gardma to serve its responsive pleading within 14 days. *Id.* at 10. Gardma did so by filing an Answer and Counterclaims on March 23, 2026. Dkt. 28.

Once U.S. Patent No. 12,607,033 (the "'033 Patent") issued on April 21, 2026, Shibumi moved for leave to amend its complaint to add infringement claims directed to that newly issued

1

patent. Dkt. 34. Shibumi filed its motion only after obtaining Gardma's consent. Dkt. 34; Dkt. 44-1. This Court granted Shibumi's Consent Motion for Leave to File Amended Complaint on May 26, 2026. Dkt. 36. Also on May 26, 2026, the Court entered the Case Management Order governing this action. Dkt. 38. In that Order, the Court expressly directed that "Defendant shall file answer to plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(a) by June 16, 2026." *Id.* at § A.11. The Court further stated that the Case Management Order "shall not be modified except by leave of court upon a showing of good cause." *Id.* at § E.

Gardma did not file an answer on June 16, 2026. Instead, Gardma filed another motion to dismiss under Rule 12(b)(6), asking the Court to dismiss all claims in the First Amended Complaint with prejudice. Dkts. 40. Gardma's motion does not purport to be an answer, does not respond to the First Amended Complaint paragraph by paragraph, and does not seek relief from the Court-ordered answer deadline. *Id.* Its supporting memorandum confirms that Gardma again seeks Rule 12(b)(6) dismissal based on claim-scope and prosecution-history arguments. Dkt. 41.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Rule's command is mandatory once the predicate failure to plead or otherwise defend is established. *See, e.g.*, *Knott v. Nationstar Mort., LLC*, No. 5:15-cv-00043-RLV, 2016 WL 821026 at *1 (W.D.N.C. Mar. 2, 2016).

Rule 12(a)(4) confirms that, after a Rule 12 motion is denied, the responsive pleading is due within 14 days "[u]nless the court sets a different time." Fed. R. Civ. P. 12(a)(4)(A). Rule 15 likewise recognizes that a response to an amended pleading is due within the time fixed by the Rules "[u]nless the court orders otherwise." Fed. R. Civ. P. 15(a)(3). Here, the Court did order otherwise: it directed Gardma to file an answer to the First Amended Complaint by June 16, 2026.

2

## IV. ARGUMENT

Gardma's consent to Shibumi's amendment matters. Rule 15(a)(2) provides that leave to amend should be freely given when justice so requires, and futility is one of the recognized grounds for denying leave to amend. By consenting to Shibumi's motion for leave to amend, Gardma necessarily declined to assert that the amended claims were futile at the Rule 15 stage. Having consented to the filing of the First Amended Complaint, Gardma should not be permitted to ignore the Court's resulting answer deadline and repackage a futility argument as an unauthorized second Rule 12(b)(6) motion. Thus, default should be entered for the reasons set forth below.

### A. Gardma Failed to File the Answer this Court Ordered.

The Court's Case Management Order is unambiguous. It states that "Defendant shall file answer to plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(a) by June 16, 2026." Dkt. 38 at § A.11. The word "shall" is mandatory, and the required filing was an "answer," not another motion to dismiss. *Id.* Gardma did not seek clarification, did not move to modify the Case Management Order, and did not show good cause for any departure from the Court's deadline.

Gardma instead filed a second Rule 12(b)(6) motion on the answer deadline. Dkt. 40. That filing did not admit or deny the allegations of the First Amended Complaint, did not assert defenses in a responsive pleading, and did not answer the newly added '033 Patent allegations. *Id.* Even more, Gardma did not even answer the allegations relating to the originally asserted '924 Patent that it had previously answered. Because Gardma failed to file the answer the Court ordered by the date the Court set, Gardma failed to plead within the meaning of Rule 55(a).[1]

---

[1] The Declaration of A. Ney confirming the factual details relating to service of process on Gardma along with its supporting exhibits was previously filed at Dkt. 22.

**B.      Gardma's Second Motion to Dismiss Did Not Excuse its Failure to Answer.**

Gardma cannot avoid default by substituting a procedurally improper motion for the answer the Court ordered. Rule 12(a)(4) tolls the time to answer only when a Rule 12 motion is properly made and unless the Court sets a different time. Fed. R. Civ. P. 12(a)(4). Here, the Court set a different time and specified the required response: an answer by June 16, 2026. Dkt. 38 at § A.11. Gardma's unilateral decision to file a second motion to dismiss did not modify that Order.

The Rules do not permit serial pre-answer motions as a substitute for answering. Although Rule 12(h)(2) preserves a failure-to-state-a-claim defense, it specifies the vehicles for raising that defense after the Rule 12 motion stage: in a pleading allowed or ordered under Rule 7(a), by a motion under Rule 12(c), or at trial. Courts therefore recognize that a defendant may preserve a Rule 12(b)(6) argument without filing a second pre-answer motion to dismiss. *See Miller v. Walmart Inc. and Walmart*, No. 5:24-cv-606-M, 2025 WL 2304807, at *2-3 (E.D.N.C July 7, 2025); *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320–21 (3d Cir. 2015); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 587 U.S. 273 (2019).

That principle applies with particular force here because Gardma already filed a motion to dismiss, the Court already denied it, and the Court then ordered Gardma to answer the amended pleading. Dkt. 26; Dkt. 38 at § A.11. Gardma could have answered the First Amended Complaint and preserved any Rule 12(b)(6) contention under Rule 12(h)(2). Gardma instead ignored the Court's directive and filed another motion seeking dismissal with prejudice. Dkt. 40. That filing did not satisfy the Court's order and should not be treated as a defense sufficient to defeat Rule 55(a).

**C.**     **Entry of Default is Warranted Because Gardma's Failure was Deliberate and Prejudicial to the Orderly Progress of this Case.**

Gardma's decision to file another motion to dismiss instead of the ordered answer appears calculated to avoid the procedural consequences of the Case Management Order. Gardma answered the original complaint after the Court denied its first motion to dismiss; consented to Shibumi's amended complaint; participated in a schedule that made discovery contingent on joining the '924 and '033 Patent issues "by way of complaint and answer;" and then refused to answer the very pleading it agreed Shibumi could file. By substituting another motion to dismiss for the answer the Court ordered, Gardma appears to be attempting to keep the new claims from being joined by complaint and answer and thereby delay the opening of discovery. Thus, this is not a case in which a party missed a deadline by mistake or lacked notice of its obligation to respond. Gardma participated in the amendment process, consented to Shibumi's motion for leave to amend, and then received a Case Management Order setting the deadline for Gardma's answer. Dkt. 34; Dkt. 36; Dkt. 38; Dkt. 44-1. Gardma chose not to file that answer.

Gardma's choice also attempts to disrupt the schedule this Court set for this patent case. The Case Management Order ties fact discovery to "the joining of the issues of the '924 patent and the '033 patent by way of complaint and answer." Dkt. 38 at § D.2. The Court ordered Gardma's answer by June 16, 2026, and set the Local Patent Rule deadlines to follow from the orderly joining of those issues. Dkt. 38 at § A.11. Gardma's refusal to answer therefore affects more than a pleading deadline; it impedes the procedural framework the Court established for claim disclosures, claim construction, and discovery, all of which dates are set and approaching in the coming months. Entry of default is appropriate under Rule 55(a).[2]

---

[2] The same facts also justify striking or denying Gardma's June 16, 2026 motion to dismiss as procedurally improper. The Court ordered an answer, not another Rule 12(b)(6) motion. Dkt. 38

## V. CONCLUSION

For the foregoing reasons, Shibumi respectfully requests that the Court enter default against Gardma under Rule 55(a). At minimum, if the Court determines that entry of default should not issue at this time, the Court should order Gardma to immediately file its answer. That relief would preserve the orderly patent schedule, and prevent Gardma from using unauthorized motion practice to delay joining the issues the Court directed to be joined by complaint and answer.

Dated: July 7, 2026

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Preston H. Heard*

Samuel B. Hartzell
North Carolina Bar No. 49256
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2112
Facsimile: (919) 755-6772
Email: Sam.Hartzell@wbd-us.com

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
Christine H. Dupriest (*pro hac vice*)
Georgia Bar No. 874494
WOMBLE BOND DICKINSON (US) LLP
1331 Spring Street, NW, Suite 1400
Atlanta, GA 30309
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com
Email: Christine.Dupriest@wbd-us.com

*Attorneys for Plaintiff Shibumi Shade, Inc.*

---

at § A.11. The Case Management Order may be modified only by leave of Court upon good cause (*id.* at § E), and Gardma neither sought such relief nor attempted to show good cause.

6

## CERTIFICATE OF SERVICE

The undersigned hereby confirms that on July 7, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the counsel of record.

By: */s/ Preston H. Heard*____
Preston H. Heard