## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

SHIBUMI SHADE, INC.,

      Plaintiff,

      v.

GARDMA LLC d/b/a MILLION SHADES
AMERICA,

      Defendant.

Civil Action No: 5:24-cv-00588

## PLAINTIFF'S REPLY IN SUPPORT OF
## MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT.......................................................................................................1

     A. Gardma's Cited Cases Are Inapposite Because This Court Specifically Ordered an Answer by a Date Certain – a Point Gardma's Opposition Never Addresses. ..................................................................................................1

     B. Gardma Never Explains its Duplicative Attack on the Already-Litigated '924 Patent Claim 21 Count. ...................................................................................2

     C. Gardma Never Addresses the Impact on the Court's Schedule. ..............................3

     D. Gardma's Consent/Waiver Argument Does Not Save It. ........................................4

III. CONCLUSION....................................................................................................5

## I. INTRODUCTION

Gardma's Opposition (Dkt. 47, "Opposition") calls Shibumi's Motion for Entry of Default (Dkt. 45, "Motion" and Dkt. 46, "Memorandum") a "surprise." Opp. at 1. The only actual surprise is Gardma's baseless second Rule 12(b)(6) motion (Dkt. 40)—filed *in lieu of* the Answer this Court's Case Management Order plainly and unambiguously required by June 16, 2026. Dkt. 38 § A.11. In responding to this Motion, Gardma's Opposition is remarkable less for what it says than for what it studiously avoids. Gardma never engages with the Case Management Order's express "shall file answer" directive. Gardma never explains why it is entitled to a second bite at Rule 12(b)(6) on a count this Court already refused to dismiss. Gardma never addresses the disruption its refusal to answer causes to the Court's discovery and patent-scheduling framework. These omissions are telling—and, under established briefing principles, constitute concessions of the points Shibumi raised. *See Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08-CV-00918, 2010 WL 1667285, at *8 (M.D.N.C. Apr. 23, 2010) (collecting cases).

## II. ARGUMENT

### A. Gardma's Cited Cases Are Inapposite Because This Court Specifically Ordered an Answer by a Date Certain – a Point Gardma's Opposition Never Addresses.

Gardma's Opposition rests entirely on the proposition that a Rule 12(b)(6) motion "stays" response time under Rule 12(a)(4), citing *Liebig v. Kelley-Allee*, 923 F. Supp. 778 (E.D.N.C. 1996); *Hudson v. State of N.C.*, 158 F.R.D. 78 (E.D.N.C. 1994); and *Robinson v. Oaks*, No. 1:21-CV-00123-MR-WCM, 2021 WL 3044155 (W.D.N.C. July 19, 2021). Opp. at 1–2. But those cases do not control here for a critical reason Gardma's Opposition never addresses: none involved a specific court order commanding an ***answer*** by a date certain.

Rule 12(a)(4)(A) provides that the responsive pleading is due within 14 days of denial of a Rule 12 motion "[u]nless the court sets a different time." Fed. R. Civ. P. 12(a)(4)(A). Rule 15(a)(3)

1

likewise provides that response to an amended pleading is due within the time fixed by the Rules "[u]nless the court orders otherwise." Fed. R. Civ. P. 15(a)(3). Here, the Court *did* set a different time and *did* order otherwise: "Defendant shall file answer to plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(a) by **June 16, 2026**." Dkt. 38 § A.11.

Gardma's Opposition quotes that very language (Opp. at 1)—acknowledging the Case Management Order ordered an answer by June 16—but then ignores it entirely, never explaining how the "[u]nless the court sets a different time" proviso applies when the Court *has* set a specific time and specified the filing required. *Liebig*, *Hudson*, and *Robinson* all involved ordinary statutory response deadlines under Rule 12(a)—not a court order expressly directing a defendant to file an answer by a date certain. Every one of those cases involved *pro se* plaintiffs who mistakenly sought default against a defendant that filed a timely, ordinary first motion to dismiss within the default Rule 12(a) timeframe. *See Liebig*, 923 F. Supp. at 780; *Hudson*, 158 F.R.D. at 80; *Robinson*, 2021 WL 3044155 at *2. None involved a defendant that *already* had its motion to dismiss denied, *already* answered once, and *then* refused to comply with a subsequent court order directing it to answer again after amendment. *Id.*

The distinction is dispositive. When a court has exercised its authority under Rule 12(a)(4) to set a specific answer deadline, the default-stay mechanism Gardma invokes simply does not operate. Gardma's failure to engage with this point—the central point of Shibumi's Motion—is a concession that the Case Management Order's directive cannot be reconciled with Gardma's legal theory.

**B.    Gardma Never Explains its Duplicative Attack on the Already-Litigated '924 Patent Claim 21 Count.**

Gardma's Opposition is entirely silent on another critical point: its second motion to dismiss (Dkts. 40 & 41) re-attacks the very same '924 Patent Claim 21 count that Gardma *already*

moved to dismiss in its original motion (Dkts. 15 & 16)—and that this Court *already* denied in full on March 9, 2026. Dkt. 26. In that Order, the Court held that Shibumi adequately pleaded infringement of Claim 21 of the '924 Patent, including the coefficient-of-friction and capability (container/anchor) limitations, and that Gardma's claim-construction arguments were premature at the pleading stage. *Id.* at 9. Undeterred, Gardma's second motion to dismiss again targets that same '924 Patent claim 21 count—this time repackaged as a "logical impossibility" argument under the '033 Patent's "consisting of" language. *See* Dkt. 41 at 18. The substance is the same; Gardma contends the accused product cannot infringe claim 21. Gardma has simply dressed that previously rejected argument in new clothing.

Gardma's Opposition never acknowledges this duplication, never explains why a second pre-answer Rule 12(b)(6) motion directed at a count already tested and rejected is procedurally proper, and never addresses the fact that no leave was sought to file successive pre-answer motions. This silence is itself a concession. As Shibumi's Memorandum explained (Mem. at 4), Rule 12(h)(2) preserves a failure-to-state-a-claim defense for assertion in an answer, a Rule 12(c) motion, or at trial—Gardma did not need a second Rule 12(b)(6) motion to preserve any argument. *See* Fed. R. Civ. P. 12(h)(2); *Miller v. Walmart Inc.*, No. 5:24-cv-606-M, 2025 WL 2304807, at *2–3 (E.D.N.C. July 7, 2025); *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320–21 (3d Cir. 2015). Gardma chose not to answer and instead to relitigate a count this Court already sustained— without leave, without good cause, and without any explanation in its Opposition.

### C.      Gardma Never Addresses the Impact on the Court's Schedule.

Shibumi's Memorandum also explained (at 5) that Gardma's refusal to answer disrupts the Court's discovery and claim-construction schedule; the Case Management Order ties fact discovery and the Local Patent Rule deadlines to "the joining of the issues of the '924 Patent and the '033 Patent by way of complaint and answer." Dkt. 38 § D.2. Until Gardma answers, the issues

3

cannot be joined and the patent schedule cannot proceed as this Court designed and ordered.

Gardma's Opposition says nothing about this. It does not mention the Case Management Order's discovery-triggering mechanism. It does not address the prejudice and delay caused by its refusal to answer. It does not explain how the case can advance while the joinder of issues remains incomplete. It does not point to any request for relief from the Case Management Order's deadline or any showing of good cause under Section E, which provides that the Case Management Order "shall not be modified except by leave of court upon a showing of good cause." Dkt. 38 § E.

Gardma cannot dispute that its strategy of substituting an unauthorized motion for a court-ordered answer will disrupt the schedule this Court established. That is precisely the sort of deliberate failure to plead that Rule 55(a) addresses, and it is clear that it is the sort of calculated disruption Gardma intended in order to frustrate the administration of justice.

### D.       Gardma's Consent/Waiver Argument Does Not Save It.

Gardma devotes most of its Opposition to arguing that consent to an amendment does not waive the right to move to dismiss. Opp. at 3–4 (citing *Kelly v. Wells Fargo Bank, Nat'l. Assn.*, No. 5:19-CV-00066-TES, 2020 WL 2043806 (M.D. Ga. Apr. 28, 2020)). Shibumi does not dispute, and has never argued, that consent to an amendment eliminates all defenses. Shibumi's point—which Gardma noticeably avoids—is different: a defendant who consents to an amendment and then receives a court order to answer that amended pleading ***must comply with the court's order***. The right to raise a Rule 12(b)(6) defense survives—but it must be raised through a procedurally proper vehicle (an answer preserving the defense, followed by a Rule 12(c) motion) rather than through an unauthorized second pre-answer motion filed in defiance of the Court's express directive to answer.

Even accepting Gardma's legal premise, it does not follow that Gardma may ignore the Case Management Order. *Kelly* says nothing about whether a motion to dismiss excuses

4

compliance with a court order requiring an answer. *See Kelly*, 2020 WL 2043806 at *2 n.2. Gardma's waiver argument is thus a red herring—it answers a question Shibumi did not pose, while leaving the questions Shibumi *did* pose entirely unanswered.

## III.    CONCLUSION

Gardma labels Shibumi's motion a "surprise." Opp. at 1. But again, the only surprise was Gardma's baseless second Rule 12(b)(6) motion—filed without leave, without good cause, and in defiance of this Court's Case Management Order in which the Court ordered an answer. Even in the face of this Motion, Gardma has doubled down, aiming to benefit from its procedural tactics, rather than simply answer the complaint as ordered. Default under Rule 55(a) is the appropriate consequence. *See* Fed. R. Civ. P. 55(a) ("the clerk *must* enter the party's default" when a party fails to plead as required).

For the foregoing reasons, Shibumi respectfully requests that this Court enter default against Gardma under Rule 55(a). In the alternative, if the Court determines that entry of default should not issue at this time, the Court should order Gardma to immediately file its Answer.

5

Dated: July 14, 2026

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Preston H. Heard*

Samuel B. Hartzell
North Carolina Bar No. 49256
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2112
Facsimile: (919) 755-6772
Email: Sam.Hartzell@wbd-us.com

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
Christine H. Dupriest (*pro hac vice*)
Georgia Bar No. 874494
WOMBLE BOND DICKINSON (US) LLP
1331 Spring Street, NW, Suite 1400
Atlanta, GA 30309
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com
Email: Christine.Dupriest@wbd-us.com

*Attorneys for Plaintiff Shibumi Shade, Inc.*

6

## CERTIFICATE OF SERVICE

The undersigned hereby confirms that on July 14, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the counsel of record.

By: */s/ Preston H. Heard*_____
Preston H. Heard