SHIBUMI SHADE, INC.,

     Plaintiff,

v.

GARDMA LLC d/b/a MILLION SHADES
AMERICA,

     Defendant.

Civil Action No. 5:24-cv-00588

**JURY TRIAL DEMANDED**

## DEFENDANT GARDMA LLC d/b/a MILLION SHADES AMERICA'S REPLY TO MOTION TO DISMISS PLAINTIFF SHIBUMI SHADE, INC.'S AMENDED COMPLAINT

**<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES…………………………………………………………………………..ii

I.      FEDERAL CIRCUIT PRECEDENT…………………………………………………….....1

      A.  "Comprising" = Open-Ended…………………………………………………………..1

      B.  "Consisting of" = Closed Set………………………………………………………..2

      C.  A Dependent Claim that Contradicts, Rather than Narrows, the Claim from which it
          Depends is Invalid under 35 U.S.C. §112(d)……………………………………………..3

II.     ANALYSIS…………………………………………………………………………...3

      A.  Claim Construction is Not Required…………………………………………………...3

      B.  The '033 Patent's Claims are Directed to a "Closed Set" which *Excludes* an Anchor…………4

      C.  The Allegations in the Complaint are Insolubly Inconsistent and are not "Plausible"…………5

      D.  "Claim Differentiation" Cannot Contradict a "Closed Set" Independent Claim………………6

      E.  Shibumi is Judicially Estopped from Asserting the '033 Patent……………………………7

      F.  Gardma does not Advance a *Per Se* Rule that an Accused Product cannot Infringe
          Discrete Patents having Open and Closed Sets…………………………………………8

III.    CONCLUSION……………………………………………………………………8

i

# TABLE OF AUTHORITIES

**Cases:**          **Page(s):**

*AFG Indus., Inc. v. Cardinal IG Co.*,
239 F.3d 1239 (Fed. Cir. 2001)…………………………………………………………………..2, 6

*Allen Eng'g Corp. v. Bartell Indus.*,
299 F.3d 1336 (Fed. Cir. 2002)…………………………………………………………………..3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)…………………………………………………………………………..5

*Azurity Pharm., Inc. v. Alkem Laboratories Ltd.*,
133 F.4th 1359 (Fed. Cir. 2025)…………………………………………………………….6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)…………………………………………………………………………...5

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021)…………………………………………………………………5

*CIAS, Inc. v. All. Gaming Corp.*,
504 F.3d 1356 (Fed. Cir. 2007)…………………………………………………………..2

*Conoco, Inc. v. Energy & Environmental International*,
460 F.3d 1349 (Fed. Cir. 2006)………………………………………………………………2

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*,
246 F.3d 1336 (Fed. Cir. 2001)…………………………………………………………………..1

*Curtiss-Wright Flow Control Corp. v. Velan, Inc.*,
438 F.3d 1374 (Fed. Cir. 2006)……………………………………………………………….3, 6

*Ex Parte Dane Brooks Barnes,*
2026 WL 907235 (PTAB Jan. 14, 2026)…………………………………………………………..4, 7

*Free Mot. Fitness, Inc. v. Cybex Intern., Inc.*,
423 F.3d 1343 (Fed. Cir. 2003)…………………………………………………………………..1

*Georgia-Pacific Corp. v. U.S. Gypsum Co.*,
195 F.3d 1322 (Fed. Cir. 1999)………………………………………………………………2

*Google LLC v. EcoFactor, Inc.*,
92 F.4th 1049 (Fed. Cir. 2024)……………………………………………………………..6

*Hoskins Mfg. Co. v. Gen. Elec. Co.*,
212 F. 422 (N.D. Ill. 1913), *aff'd*, 224 F. 464 (7th Cir. 1915)……………………………………………3

*In re Davis and Tuukkanen*,
  80 U.S.P.Q. 448 (Board of Patent Interferences 1949)……………………………………………………..3

*In re Gray*,
  19 C.C.P.A. 745, 53 F.2d 520 (CCPA 1931)………………………………………………………….2, 3

*King v. Herbert J. Thomas Meml. Hosp.*,
  159 F.3d 192 (4th Cir. 1998)…………………………………………………………………………..7

*Multilayer Stretch Cling Film Holdings, Inc. v. Berry Plastics Corp.*,
  831 F.3d 1350 (Fed. Cir. 2016)…………………………………………………………………..2, 3, 6, 8

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018)………………………………………………………………………..5

*Norian Corp. v. Stryker Corp.*,
  363 F.3d 1321 (Fed. Cir. 2004)…………………………………………………………………….2, 6

*Parmelee Pharm. Co. v. Zink*,
  285 F.2d 465 (8th Cir. 1961)………………………………………………………………………..2

*Pfizer, Inc. v. Ranbaxy Labs. Ltd.*,
  457 F.3d 1284 (Fed. Cir. 2006)………………………………………………………………………3

*South Corp. v. U.S.*,
  690 F.2d 1368 (Fed. Cir. 1982)……………………………………………………………………..2

*Trs. of Columbia Univ. v. Symantec Corp.*,
  811 F.3d 1359 (Fed. Cir. 2016)………………………………………………………………………3

*Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*,
  212 F.3d 1377 (Fed. Cir. 2000)……………………………………………………………………..2

**Statutes, Rules and Regulations:**

35 U.S.C. § 112 (d)……………………………………………………………………………3, 6, 7

Fed, R. Civ. P. 12(b)(6)…………………………………………………………….........................1

**Other Authorities:**

Manual of Patent Examining Procedure (MPEP), Ninth Edition, Revision 01.2024,
  MPEP §2111.03……………………………………………………………….........................2

Case 5:24-cv-00588-FL    Document 49    Filed 07/14/26    Page 4 of 14

This Reply is necessary to dispel myths and strawman arguments raised by Shibumi in its Brief in Opposition [DE 44] to Gardma's Motion to Dismiss [DE 40] Shibumi's Amended Complaint. [DE 37].

(1) For the reasons stated in Gardma's Opposition to Shibumi's Motion for Entry of Default [DE 47], Gardma did not violate this Court's Case Management Order and has a ***right*** under the Federal Rules of Civil Procedure to bring a Rule 12(b)(6) Motion to dismiss the Amended Complaint. [DE 37]. Shibumi's arguments on this point in both motions are entirely frivolous and are of the type brought by *pro se* parties, not parties represented by counsel. [DE 47 at 2].

(2) Gardma is ***not*** asking this Court to engage in claim construction as Shibumi incorrectly asserts. The instant Motion can be resolved by reading the allegations in the Amended Complaint [DE 37] in view of longstanding, ***binding*** Federal Circuit precedent without claim construction.

(3) Gardma has ***not*** advanced an argument in favor of a broad *per se* rule that a product cannot infringe patent claims containing both an open and a closed set as Shibumi wrongly avers. Shibumi's strawman argument is presented to distract from Gardma's argument that is firmly grounded in the allegations contained four corners of Shibumi's Amended Complaint [DE 37], successful arguments Shibumi made to the Patent Trial and Appeal Board ("PTAB"), and binding Federal Circuit precedent.

(4) Shibumi made ***successful*** arguments to the PTAB that the "closed set" of elements claimed in the '033 Patent is supported by the patent's specification. Shibumi cannot escape that argument in this Court by arguing that the '033 Patent claims an "open ended set" of elements.

## I. FEDERAL CIRCUIT PRECEDENT

The distinction between "comprising" and "consisting of" is one of the most firmly established doctrines in patent claim law. The Federal Circuit has repeatedly confirmed that these transitional phrases define the scope of a claim with respect to what unrecited additional components or steps, if any, are excluded from the claim's scope.

### A. "Comprising" = Open-Ended

The term "comprising" is an open-ended transitional phrase that means the recited elements are only part of the device and does not exclude additional, unrecited elements. *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1348 (Fed. Cir. 2001) ("In the parlance of patent law, the transition 'comprising' creates a presumption that the recited elements are only a part of the device, that the claim does not exclude additional, unrecited elements."). "The addition of unclaimed elements does not typically defeat infringement when a patent uses an open transitional phrase such as 'comprising.'" *Free Mot. Fitness, Inc. v. Cybex Intern., Inc.*, 423 F.3d 1343, 1347 (Fed. Cir. 2005) (citing *id.*).

1

### B. "Consisting of" = Closed Set

By contrast, "consisting of" is a closed-ended term of art that "conveys limitation and exclusion." *CIAS, Inc. v. All. Gaming Corp.*, 504 F.3d 1356 (Fed. Cir. 2007) (citing *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1331 (Fed. Cir. 2004); *In re Gray*, 19 C.C.P.A. 745, 53 F.2d 520 (CCPA 1931) (the use of the claim term "consists" is limited to the claim's enumerated alloy metals without other elements, unlike the term "comprising" which permits the inclusion of other metals than those "claimed")).[1] "Thus, if a patent claim recites 'a member selected from the group consisting of A, B, and C,' the 'member' is presumed to be closed to alternative ingredients D, E, and F." *Multilayer Stretch Cling Film Holdings, Inc. v. Berry Plastics Corp.*, 831 F.3d 1350, 1358 (Fed. Cir. 2016). Further:

> The presumption that a claim term set off by the transitional phrase "consisting of" is closed to unrecited elements is at least a century old and has been reaffirmed many times by our court and other courts. We are unaware of any case that has construed a patent claim's use of "consisting of" to have the same open meaning as "comprising," and Multilayer points us to none. There may be a scenario where a patent's specification or prosecution history give "consisting of" the meaning of "comprising"; our decision in *Conoco, Inc. v. Energy & Environmental International* noted that "it is not inconceivable that a patentee could break with conventional claim construction and become his own lexicographer," so as to give "consisting of" an alternative, less restrictive meaning. 460 F.3d 1349, 1359 n.4 (Fed. Cir. 2006). But to overcome the ***exceptionally strong presumption*** that a claim term set off with "consisting of" is closed to unrecited elements, the specification and prosecution history must unmistakably manifest an alternative meaning. *See id*. They do not here.

*Id.* at 1358–59 (emphasis added) (footnote 3, collecting cases, reproduced below).[2]

---

[1] The CCPA is the predecessor court to the Federal Circuit. The first decision issued by the Federal Circuit established that "the holdings of our predecessor courts, the United States Court of Claims and the United States Court of Customs and Patent Appeals (CCPA), announced by those courts before the close of business September 30, 1982, shall be binding as precedent in this court . . . ." *South Corp. v. U.S.*, 690 F.2d 1368 (Fed. Cir. 1982).

[2] Footnote 3 in *Multilayer Stretch* collects and quotes Federal Appellate cases dating to 1915 as follows: *CIAS, Inc. v. All. Gaming Corp.*, 504 F.3d 1356, 1361 (Fed. Cir. 2007) ("It is . . . well understood in patent usage that 'consisting of' is closed-ended and conveys limitation and exclusion. . . . For patent claims the distinction between "comprising" and "consisting" is established . . . ."); *Conoco, Inc. v. Energy & Envtl. Int'l*, 460 F.3d 1349, 1359 (Fed. Cir. 2006) ("'[C]onsisting of' is a term of art in patent law with its own construction . . . ."); *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1331 (Fed. Cir. 2004); *AFG Indus., Inc. v. Cardinal IG Co., Inc.*, 239 F.3d 1239, 1245 (Fed. Cir. 2001); *Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d 1377, 1382–83 (Fed. Cir. 2000) ("The phrase 'consisting of' is a term of art in patent law signifying restriction and exclusion, while, in contrast, the term 'comprising' indicates an open-ended construction.... In simple terms, a drafter uses the phrase 'consisting of' to mean 'I claim what follows and nothing else.' " (citations omitted)); *Georgia–Pacific Corp. v. U.S. Gypsum Co.*, 195 F.3d 1322, 1327–28 (Fed. Cir. 1999) ("The transitional phrase 'consisting of' excludes any element step, or ingredient not specified in the claim." (quoting MPEP § 2111.03)); *Parmelee Pharm. Co. v. Zink*, 285 F.2d 465, 469 (8th

**C.** **A Dependent Claim that Contradicts, Rather than Narrows, the Claim from which it Depends is Invalid under 35 U.S.C. §112(d)**

When an issue arises as to the claims depending from an independent claim drawn to a closed set, the Federal Circuit has been explicit that a dependent claim cannot contradict an independent claim:

> Because we agree with the district court that the inner layers of claim 1 must be construed as closed to unrecited resins, including LDPE, we see no error in the district court's conclusion that dependent claim 10 is invalid. Independent claim 1 excludes LDPE from the inner layers, while dependent claim 10 includes it. As such, claim 10 is inconsistent with claim 1 and, indeed, contradicts claim 1. A dependent claim that contradicts, rather than narrows, the claim from which it depends is invalid. *See* 35 U.S.C. § 112(d) (requiring that "a claim in dependent form shall contain a reference to a claim previously set forth and then *specify a further limitation of the subject matter claimed*" (emphasis added)); *Pfizer, Inc. v. Ranbaxy Labs. Ltd.*, 457 F.3d 1284, 1291–92 (Fed. Cir. 2006) (holding a claim invalid under pre-AIA 35 U.S.C. § 112 ¶ 4 for claiming subject matter that was "non-overlapping" with the claim from which it depended); *Curtiss–Wright Flow Control Corp. v. Velan, Inc.*, 438 F.3d 1374, 1380 (Fed. Cir. 2006) (noting that a dependent claim can be invalid for failing to comply with pre-AIA 35 U.S.C. § 112 ¶ 4); *see also Trs. of Columbia Univ. v. Symantec Corp.*, 811 F.3d 1359, 1366–67 (Fed. Cir. 2016) (holding that claims that were internally contradictory were invalid as indefinite); *Allen Eng'g Corp. v. Bartell Indus.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002) (holding that claims that contradicted the specification were invalid as indefinite).

*Multilayer Stretch*, 831 F.3d at 1362 (emphasis in original). Thus, where a dependent claim broadens what was excluded in a "closed set" independent claim, the dependent claim is invalid as a matter of law. In other words, a dependent claim can function to "open" a "closed set" independent claim.

## II.    ANALYSIS

### A.    Claim Construction is Not Required

One of Shibumi's many strawmen is the myth that Gardma is asking this Court to construe claims. [DE 44 at 8]. **Shibumi is wrong**. This Court does not need to engage in claim construction in order to resolve the instant Motion. The Court need only apply (1) the Federal Circuit precedent discussed *supra*

---

Cir. 1961) ("[T]he word 'consisting' is one of restriction and exclusion."); *In re Davis and Tuukkanen*, 80 U.S.P.Q. 448, 450 (Board of Patent Interferences 1949) ("'[C]onsisting of' . . . clos[es] the claim to the inclusion of materials other than those recited except for impurities ordinarily associated therewith . . . . We regard the meaning of the terms 'comprising' and 'consisting of' to be well settled by numerous decisions . . . ."); *In re Gray*, 53 F.2d 520, 521 (CCPA 1931) ("Claim 4 uses the term 'consists' and is therefore drawn to an alloy of silver and indium without other elements."); *Hoskins Mfg. Co. v. Gen. Elec. Co.*, 212 F. 422, 428 (N.D. Ill. 1913) ("'Consist' means to stand together, to be composed of or made up of. It is a more specific term than ['comprise']."), *aff'd*, 224 F. 464 (7th Cir. 1915).

3

and (2) Shibumi's successful arguments to the PTAB, *Ex Parte Dane Brooks Barnes*, 2026 WL 907235 (PTAB Jan. 14, 2026), in view of the allegations in the Amended Complaint [DE 37].

Specifically, for purposes of this Motion, the Court need not resolve what the term "anchor" means in the context of the patents-in-suit. Rather, the Court need only recognize (1) that the claims of the '924 Patent **require** an "anchor" in the Accused Product and (2) that the "closed set" claims of the '033 Patent specifically **require** the **absence** of an "anchor" in the Accused Product.

**B.** **The '033 Patent's Claims are Directed to a "Closed Set" which *Excludes* an Anchor**

By virtue of the "consisting of" language amended to the independent claims, Shibumi **successfully** argued to the PTAB that the Claims of the '033 Patent are directed to a closed set of elements disclosed in the written specification of the '033 Patent. In its Opposition, Shibumi attempts to cast shade on this argument [DE 44 at 6] but the words of the three judge panel of the PTAB say otherwise in this case.

As recounted in more detail in Gardma's opening brief [DE 41 at 3-4], at the patent office, Shibumi amended the transitional phrase in the independent claims from "comprising" to "consisting of" thereby closing the set of elements. The examiner finally rejected Shibumi's closed set claims, arguing that the written description portion of the patent application did not disclose any embodiment excluding an anchor. On Appeal, as the PTAB explained, "The Examiner maintains that [Shibumi]'s Specification does not provide written description for . . . 'shading systems that explicitly do not include the cord and anchor . . . .'" *Ex Parte Dane Brooks Barnes*, 2026 WL 907235, at *2. Countering the Examiner's argument, "[Shibumi] provides a detailed explanation . . . identifying where the Specification describes 'shading systems . . . formed of a plurality of components that may be combined in many manners and that the ***cord and anchor are 'further' elements*** that 'may' or ***may not*** be present.'" *Id*. (emphasis added). The PTAB judges ***agreed*** with Shibumi that the written specification supported the claimed "closed set" which ***excluded*** an anchor: "Contrary to the Examiner's assertion, multiple paragraphs in the Specification (e.g., 6, 7, 52) describe freestanding systems having the ends of the arched frame embedded into the surface on which the systems are installed ***without requiring corded anchors***." *Id*. at *4 (emphasis added).

4

In other words, Shibumi succeeded in convincing the PTAB that the claimed "closed set of elements" excluding "corded anchors" is disclosed *as claimed*. In order to infringe the claims of the '033 Patent, an accused product *must exclude* "corded anchors."

## C. The Allegations in the Complaint are Insolubly Inconsistent and are not "Plausible"

In the Amended Complaint, Shibumi alleges that Gardma's Accused Product both *has a corded anchor* and also *does not have* a corded anchor. *Compare* the '924 Patent Claim chart [DE 37-2 at B-7] ("The carry bag of the [Accused Product] is also capable of acting as a first anchor") *with* the '033 Patent Claim Chart [DE 37-4] (no mention of anchor and *cropping out* the "carry bag" from the images on page D-1). Said another way, even if the Court accepts as true the allegation that the Gardma carry bag can be an anchor for purposes of the '924 Patent, the Gardma carry bag *cannot* also be "***not*** an anchor" for purposes of the of the '033 Patent's closed set of elements as Shibumi argued to the PTAB.

It is this *inconsistency* which the Federal Circuit has, time and again, held fails to meet the plausibility standards articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For instance, in *Bot M8 LLC v. Sony Corp. of Am.*, the Federal Circuit held:

> Under *Iqbal/Twombly*, allegations that are "merely consistent with" infringement are insufficient. *Twombly*, 550 U.S. at 557. Where, as here, the factual allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim. As we have said before, while a plaintiff's pleading obligations are not onerous, it is possible that, in pleading its claims, a plaintiff may find it has pleaded itself out of court.

4 F.4th 1342, 1354 (2021) (emphasis in original) (footnote omitted) (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1348-50 (Fed. Cir. 2018). Shibumi has pled that the Accused Product both has and also does not have a corded anchor. "And unfortunately for [Shibumi], its allegations, which take a 'kitchen sink' approach to pleading [alleging both the presence and absence of an anchor], reveal an inconsistency that is fatal to its infringement case . . . ." *Id.* Because of this implausibility, Shibumi has "pleaded itself out of court." *Id.*

**D.** **"Claim Differentiation" Cannot Contradict a "Closed Set" Independent Claim**

In its Opposition Brief, Shibumi stakes much on its "claim differentiation" argument. "But the doctrine of claim differentiation only creates a rebuttable presumption that each claim in a patent has a different scope; it is a guide, not a rigid rule of claim construction." *Google LLC v. EcoFactor, Inc.*, 92 F.4th 1049, 1059 (Fed. Cir. 2024) (citing *Curtiss-Wright*, 438 F.3d at 1380–81). Indeed, in *Google*, the Court held that "Here, the claim language and the specification rebut such a presumption." *Id*.

Here too, Shibumi's amendment to adopt a closed set rebuts any presumption under the doctrine of claim differentiation and the Federal Circuit's recent holding in *Azurity Pharm., Inc. v. Alkem Laboratories Ltd*. is instructive. 133 F.4th 1359, 1367 (Fed. Cir. 2025):

> At the examiner's suggestion and after another rejection, [patentee] added "consisting of" to the preambles of claims 20 and 24. The "consisting of" transition is closed. With little exception, it limits the claim's scope to the recited components. *Norian Corp. v. Stryker Corp*., 363 F.3d 1321, 1331 (Fed. Cir. 2004) ("'Consisting of' is a term of patent convention meaning that the claimed invention contains only what is expressly set forth in the claim."); *AFG Indus., Inc. v. Cardinal IG Co*., 239 F.3d 1239, 1245 (Fed. Cir. 2001) ("'[C]losed' transition phrases such as 'consisting of' are understood to exclude any elements, steps, or ingredients not specified in the claim.").
>
> The prosecution history leaves no room to doubt that [patentee] adopted the "consisting of" transition specifically to narrow the claims and overcome Palepu and its disclosure of propylene glycol.

*Azurity Pharm., Inc.*, 133 F.4th at 1367.

Further, as referenced above, when an independent claim is directed to a "closed set" of elements through the use of the "consisting of" transitional phrase, the doctrine of claim differentiation operates differently than with open "comprising" claims. *Multilayer Stretch*, 831 F.3d at 1362 ("Independent claim 1 excludes LDPE from the inner layers, while dependent claim 10 includes it. As such, claim 10 is inconsistent with claim 1 and, indeed, contradicts claim 1. A dependent claim that contradicts, rather than narrows, the claim from which it depends is invalid.") (citing 35 U.S.C. § 112(d)). Notably, none of the cases cited by Shibumi with respect to its claim differentiation argument analyze a patent claiming a closed set. [DE 44 at 10-11].

6

In its Opposition Brief, Shibumi argues that "the exclusion of 'any other components from engaging the surface' is the sole limitation that claim 19 adds to claim 18. Reading that exclusion into claim 18, as Gardma asks, would render claim 19 entirely superfluous, violating the presumption that each claim in a patent has a different scope." [DE 44 at 10]. Shibumi's approach to Claims 18 and 19 are such that claim 19 *contradicts* the "closed set" of Claim 18 rather than narrows it. Shibumi's approach is statutorily impossible as 35 U.S.C. §112(d) requires that "a claim in dependent form shall contain a reference to a claim previously set forth and then specify a further limitation of the subject matter claimed." As in *Multilayer Stretch*, because Claim 18 "must be construed as closed to unrecited" elements, Claim 19 contradicts Claim 18 and is invalid under 35 U.S.C. §112(d). Shibumi's claim differentiation argument fails.

### E.      Shibumi is Judicially Estopped from Asserting the '033 Patent

*First*, Shibumi is advancing an argument that the independent claims of the '033 Patent are broad enough to encompass a product that has a carry bag which functions as an anchor. But Shibumi argued to the PTAB that the closed set of the '033 Patent *requires exclusion of any anchor* whatsoever. These are diametrically opposed positions and the first *King* factor is easily satisfied. *King v. Herbert J. Thomas Meml. Hosp.*, 159 F.3d 192, 196 (4th Cir. 1998). Shibumi's argument to the contrary—that its argument to the PTAB concerned merely "written description under §112(a)—ignores that the written description issue on appeal was whether or not the written description supported *the claimed "closed set!"*

*Second*, the PTAB expressly *agreed* with Shibumi that the written description of the '033 Patent did indeed support the claimed *closed set* which *excluded corded anchors*: "multiple paragraphs in the Specification (e.g., 6, 7, 52) describe freestanding systems having the ends of the arched frame embedded into the surface on which the systems are installed without requiring corded anchors. . . . Accordingly, we agree with [Shibumi]." *Ex Parte Dane Brooks Barnes*, 2026 WL 907235, at *4. The second *King* factor is satisfied.

*Third*, in its Opposition, Shibumi does not deny that it is seeking an unfair advantage but merely posits that because the first two factors are purportedly not met, the third cannot be met either. [DE 44 at

13]. However, the fact that Shibumi's "inconsistent positions" are intended to unfairly game the system is readily apparent from the pleadings. As noted in Gardma's Opening Brief, Shibumi purposefully cropped the same photo to remove the carry bag when referring to the '033 Patent and included the carry bag when referring to the '924 Patent. [DE 41 at 15]. This conduct plainly evidences Shibumi's deceptive intent and more than satisfies the third *King* factor.

F.     **Gardma does not Advance a *Per Se* Rule that an Accused Product cannot Infringe Discrete Patents having Open and Closed Sets**

Perhaps out of desperation, Shibumi creates another strawman, falsely positing that Gardma has built its argument on the "false premise[] that simultaneous infringement of an open ('comprising') patent and a closed ('consisting of') patent is 'legally impossible.'" [DE 44 at 5]. But Gardma never makes such a blanket statement. For instance, if a first claim provided for "A widget comprising A, B, and C" and a second claim provided for "A widget consisting of A, B, and C", and accused product had each of A, B, and C, and no other element, then both the open and closed sets would be infringed. *Cf. Multilayer Stretch*, 831 F.3d at 1358 ("if a patent claim recites 'a member selected from the group consisting of A, B, and C,' the 'member' is presumed to be closed to alternative ingredients D, E, and F").

But Shibumi's strawman is not the case here nor is it the case advanced by Gardma. This case is much more akin to *Multilayer Stretch*. Here, the '924 patent **requires an anchor** and the '033 Patent requires **the absence of an anchor**. It is indeed "legally impossible" for both of these to be true as Shibumi has tried to allege and this Court should not fall prey to Shibumi's strawman. Taking a kitchen sink approach, Shibumi's Amended Complaint is insolubly inconsistent and thus lacks plausibility.

III.    **CONCLUSION**

The Amended Complaint [DE 37] should be dismissed because the allegations are inconsistent with and contradict infringement, and likewise insufficient to state a plausible claim.

This the 15th day of July, 2026.

Respectfully submitted,

**SHUMAKER, LOOP & KENDRICK, LLP**

*/s/ Samuel Alexander Long, Jr.*

8

Samuel Alexander Long, Jr. (N.C. Bar No. 46588)
Tom BenGera (N.C. Bar No. 57019)
Christina Davidson Trimmer (N.C. Bar No. 44857)
Marshall Adkins (N.C. Bar No. 63756)
SHUMAKER, LOOP, & KENDRICK, LLP
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-375-0057
Fax: 704-332-1197
Email:  along@shumaker.com
        tbengera@shumaker.com
        madkins@shumaker.com
        ctrimmer@shumaker.com

*Attorneys for Defendant*

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Samuel Alexander Long, Jr.
Samuel Alexander Long, Jr. (N.C. Bar No. 46588)
SHUMAKER, LOOP, & KENDRICK, LLP
101 South Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-375-0057
Fax: 704-332-1197
Email: along@shumaker.com

10