IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CV-588-FL

| | | |
|---|---|---|
| SHIBUMI SHADE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GARDMA LLC d/b/a MILLION SHADES AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court upon plaintiff's motion for entry of default (DE 45). The motion has been briefed fully. As explained below, the court denies plaintiff's motion for entry of default and stays the schedule set forth in the court's case management order (DE 38) pending decision on defendant's motion to dismiss (DE 40). The court does not stay the parties' settlement conference scheduled for August 18, 2026.

## BACKGROUND

Plaintiff commenced this action October 15, 2024, asserting that defendant infringed and continues to infringe plaintiff's patent, United States Patent 11,634,924 (the "'924 patent"), which applies to plaintiff's beach shade product, "Shibumi Shade." On December 12, 2024, defendant moved to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). The court denied defendant's motion March 9, 2026, and defendant filed answer and counterclaim March 23, 2026, seeking a declaration of non-infringement and invalidity of plaintiff's '924 patent. Plaintiff responded to defendant's counterclaim April 13, 2026.

On April 30, 2026, the parties filed joint report and plan pursuant to Federal Rule of Civil Procedure 26(f). Plaintiff simultaneously filed consent motion to amend plaintiff's complaint,

along with proposed amended complaint, to add claims of infringement of United States Patent 12,607,033 (the "'033 patent"), which was issued to plaintiff by the United States Patent and Trademark Office April 21, 2026. The court granted plaintiff's consent motion to amend complaint and entered plaintiff's amended complaint May 26, 2026. That same day, the court entered case management order ("CMO") which adopted and incorporated the parties' proposed schedule for deadlines set forth in the parties' joint Rule 26(f) report and plan.

The court ordered in its CMO that "[d]efendant shall file answer to plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(a) by June 16, 2026." (CMO (DE 38) at 4). On June 16, 2026, defendant moved to dismiss plaintiff's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). That same day, the parties jointly moved for judicial settlement conference to be conducted by a magistrate judge. The court granted the parties' motion, and on June 29, 2026, court hosted settlement conference was scheduled for August 18, 2026.

On July 7, 2026, plaintiff moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a) for failure to file answer to plaintiff's amended complaint by June 16, 2026. (DE 45). Defendant responded in opposition July 7, 2026, (DE 47), and plaintiff replied July 14, 2026. (DE 48).

## COURT'S DISCUSSION

Default is appropriate where a party "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Prep. Acad., Inc. v. Hoover Universal, 616 F.3d 413, 417 (4th Cir. 2010).

In its motion, plaintiff argues entry of default against defendant is appropriate under Rule

55(a) where defendant failed to comply with the court's order that "[d]efendant shall file answer to plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(a) by June 16, 2026." (Pl.'s Mem. (DE 46) at 5 (citing CMO (DE 38) at 4)). In support, plaintiff argues the court specifically ordered defendant to file answer by the specified date, defendant did not seek clarification or move to modify CMO before missing the court's deadline, and defendant's filing of a motion to dismiss did not excuse defendant's failure to answer plaintiff's amended complaint because Federal Rule of Civil Procedure 12(a)(4) only alters the time for a defendant to answer a complaint "[u]nless the court sets a different time," and here the court set a different time by the June 16, 2026, deadline in its CMO. (Id. at 5–6 (quoting Fed. R. Civ. P. 12(a)(4))).

Defendant responds that the court's CMO directed defendant to file answer "pursuant to Federal Rule of Civil Procedure 12(a) by June 16, 2026," defendant filed its motion to dismiss by June 16, 2026, and Rule 12(a)(4) provides that a responsive pleading is due within 14 days after the court's decision on defendant's motion to dismiss. (Def.'s Resp. (DE 47) at 1–2); see Fed. R. Civ. P. 12(a)(4)(A). Defendant also argues it did not waive its right to bring a Rule 12(b)(6) motion when it consented to plaintiff's filing of an amended complaint. (Id. at 3). Plaintiff replies that defendant's argument fails because the court ordered an answer by a date certain and Rule 12(a)(4)(A) provides that the responsive pleading is due within 14 days of denial of a Rule 12 motion "[u]nless the court sets a different time." (DE 48 at 3); see Fed. R. Civ. P. 12(a)(4)(A).

Defendant has the better argument. The court was not as clear as in hindsight it should have been. The court ordered that "[d]efendant shall file answer to plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(a) by June 16, 2026." (CMO (DE 38) at 4). The court did not intend by this language to foreclose defendant's ability to file a motion to dismiss as to plaintiff's amended complaint, and pursuant to Rule 12(a), defendant timely

responded to plaintiff's amended complaint by filing its motion to dismiss. (DE 40); see Fed. R. Civ. P. 12(a)(4) (permitting motion to dismiss in lieu of answer under Rule 12(b)).

Accordingly, defendant has not "failed to plead or otherwise defend" plaintiff's action and plaintiff is not entitled to default judgment. See Fed. R. Civ. P. 55(a); Colleton, 616 F.3d at 417. The court therefore denies plaintiff's motion for entry of default and, on its own initiative, stays the schedule in the court's CMO pending decision on defendant's motion to dismiss. (See DE 38).

The court intends to resolve defendant's motion expeditiously in light of the parties' court-hosted settlement conference scheduled for August 18, 2026. (See DE 43). Accordingly, the court does not stay the parties' settlement conference at this time.

<b>CONCLUSION</b>

Based on the foregoing, the court DENIES plaintiff's motion for entry of default against defendant (DE 45). On its own initiative, the court STAYS the schedule in the court's case management order (DE 38) pending decision on defendant's motion to dismiss (DE 40). The court does not stay the parties' settlement conference scheduled for August 18, 2026. The clerk shall send a courtesy copy of this order to the magistrate judge presiding over settlement conference, with this court's appreciation.

SO ORDERED, this the 21st day of July, 2026.

LOUISE W. FLANAGAN
United States District Judge

4