# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### NO. 5:24-CV-588-FL

SHIBUMI SHADE, INC.,         )
         )
       Plaintiff,         )
         )
    v.         )         ORDER
         )
GARDMA LLC d/b/a MILLION     )
SHADES AMERICA,         )
         )
       Defendant.         )

This matter comes before the court upon defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 40). The motion has been briefed fully and the issues raised are ripe for ruling. For the following reasons, the court denies defendant's motion.

## STATEMENT OF THE CASE

Plaintiff commenced this action October 15, 2024, asserting that defendant infringed and continues to infringe plaintiff's patent, United States Patent 11,634,924 (the "'924 patent"), which applies to plaintiff's beach shade product, "Shibumi Shade." On December 12, 2024, defendant moved to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). The court denied defendant's motion March 9, 2026, and defendant filed answer and counterclaim March 23, 2026, seeking a declaration of non-infringement and invalidity of plaintiff's '924 patent. Plaintiff responded to defendant's counterclaim April 13, 2026.

On April 30, 2026, the parties filed joint report and plan pursuant to Federal Rule of Civil Procedure 26(f). Plaintiff simultaneously filed consent motion to amend plaintiff's complaint, along with proposed amended complaint, to add claims of infringement of United States Patent 12,607,033 (the "'033 patent"), which was issued to plaintiff April 21, 2026. The court granted

plaintiff's consent motion to amend complaint and entered both plaintiff's amended complaint and the court's case management order May 26, 2026. Plaintiff seeks declaratory and injunctive relief together with compensatory and treble damages, an accounting for all monies received, interest and costs under 35 U.S.C. § 284, and attorneys' fees under § 285.[1]

On June 16, 2026, defendant filed instant motion to dismiss plaintiff's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), relying upon '033 patent file wrapper and structural comparison of asserted claims. (DE 40, 41). Plaintiff responded in opposition, relying upon email correspondence between the parties, (DE 44), and defendant replied. (DE 49). The court stayed the schedule in the court's case management order pending decision on defendant's instant motion.

## STATEMENT OF FACTS

The relevant facts asserted in the amended complaint are summarized as follows.[2]

Plaintiff, a North-Carolina based corporation, manufactures and sells the Shibumi Shade. (Compl. (DE 37) ¶¶ 1, 7–8).[3] Plaintiff owns all rights, title, and interest in the '924 patent and '033 patent. (Id. ¶¶ 9–10, 15, 24). Defendant allegedly unlawfully copied the Shibumi Shade to unfairly compete by "making, using, importing, supplying, distributing, selling and/or offering for sale" the Ultimate Flying Beach Shade (the "accused product") in the United States, including in

---

[1] Plaintiff requests declaratory relief of direct infringement, willful infringement, and that the making, using, offering to sell, selling, and/or importing of the accused product constitutes infringement of the '924 and '033 patents. Although plaintiff requests a temporary restraining order and preliminary and permanent injunction pursuant to 35 U.S.C. § 283 in amended complaint, no separate motion has yet been filed requesting relief. See Fed. R. Civ. P. 7(b)(1) (Generally "request for a court order must be made by motion.").

[2] Hereinafter, all references to complaint and "compl." in citations are to the operative amended complaint entered May 26, 2026 (DE 37). Along with amended complaint, plaintiff filed as exhibits the '924 patent (DE 37-1), related patent information (DE 37-2) ("'924 claim chart"), the '033 patent (DE 37-3), and related patent information (DE 37-4) ("'033 claim chart").

[3] Page numbers in citations to the record refer to the page number of the document designated in the court's electronic case filing (ECF) system and not to page numbering specified on the face of the underlying document.

2

North Carolina. (Id. ¶¶ 34, 40). Illustrations of the two products are pictured below for side-by-side comparison, with plaintiff's Shibumi Shade on the left and defendant's accused product, on the right.

 

(Id. ¶ 11; DE 16 at 24).

The accused product allegedly infringes multiple claims of the '924 patent, including every element of claim 21 either literally or under the doctrine of equivalents. (Compl. (DE 37) ¶ 16; '924 claim chart (DE 37-2)). The '924 patent is a utility patent covering a "system for providing shade onto a surface, the system comprising," in relevant part, "a container capable of housing and transporting the components of the system therein as well as acting as a first anchor that is . . . engageable with the surface to retain the frame in the supporting configuration." (Compl. (DE 37) ¶ 17). The accused product either literally or equivalently contains a system for providing shade onto a surface that comprises the elements recited in claim 21 of the '924 patent, including "a container capable of housing and transporting the components of the system therein as well as acting as a first anchor . . . ." (Id. ¶¶ 18, 21; '924 claim chart (DE 37-2)).

The accused product also allegedly infringes multiple claims of the '033 patent, including every element of claim 18 either literally or under the doctrine of equivalents. (Compl. (DE 37) ¶ 25; '033 claim chart (DE 37-4)). Claim 18 of the '033 patent cites:

A system for providing shade onto a surface, the system consisting of:

3

a frame including a plurality of sections and being maneuverable between a transport configuration and a supporting configuration, the sections including:

a first section defining a left end of the frame with a corkscrew shape and engaged with the surface; a last section defining a right end of the frame with a corkscrew shape and engaged with the surface;

one or more adjacent sections coupled into alignment between the first section and the last section, some of the one or more adjacent sections additionally comprising an alignment component extending at least partially therethrough and providing supporting tension to the alignment in the supporting configuration and allowing the one or more adjacent sections to be maneuvered between the transport configuration and the supporting configuration, the adjacent sections being configured to engage with the first section and the last section in the supporting configuration;

a canopy extending between a suspension end and an opposing trailing end, the suspension end of the canopy being engageable with the frame about the one or more adjacent sections of the frame, wherein the trailing end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind for providing shade to the surface; and

a loop defined toward the suspension end of the canopy, wherein the loop defines a central portion arranged between a first portion of the loop and a second portion of the loop, the central portion of the loop being configured for accepting a portion of the frame therethrough and the first portion of the loop forming a first securing mechanism and the second portion of the loop forming a second securing mechanism, wherein at least one of the first and second securing mechanisms engage the canopy to the frame using a frame fastener.

(Compl. (DE 37) ¶ 26). The accused product either literally or equivalently is a system for providing shade onto a surface that consists of the elements recited in claim 18. (Id. ¶¶ 27–30; '033 claim chart (DE 37-4)).

Plaintiff's counsel notified defendant that the accused product infringed one or more claims of the '924 patent and requested that sales cease by August 1, 2024, but defendant did not comply. (Compl. (DE 37) ¶ 23). Plaintiff's counsel also emailed defendant notifying it that the '033 patent had issued and that the accused product infringed one or more claims of the '033 patent. (Id. ¶ 31). Defendant continues to offer the accused product. (Id. ¶ 23).

4

**COURT'S DISCUSSION**

A.      Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[4] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.      Analysis

Where allegations regarding the '924 patent in plaintiff's operative amended complaint remain unchanged from allegations in plaintiff's original complaint and the court already determined those allegations survive Rule 12(b)(6) scrutiny, (see Prior Order (DE 26)), the court construes defendant's instant motion as moving for dismissal only of plaintiff's infringement claims related to the '033 patent. In support, defendant argues plaintiff fails to state a claim for patent infringement under Rule 12(b)(6) because the phrase "consisting of" in the preamble to claim 18 of the '033 patent requires an infringing product to meet the closed set of elements listed in claim 18 and nothing else, and plaintiff acknowledges defendant's accused product includes an anchor which is not an element of claim 18. (Def.'s Mem. (DE 41) at 19–21 (citing compl. (DE

---

[4]      Internal citations and quotation marks are omitted from case citations unless otherwise specified.

37) ¶ 21)). Defendant also argues plaintiff is bound by construction of claim 18 as a closed set of elements due to patent prosecution history estoppel and judicial estoppel. (Id. at 15–19). Defendant separately argues it is not logically possible for the accused product to simultaneously meet the limitations of both the '033 patent and the '924 patent and therefore plaintiff fails to state a claim upon which relief can be granted as to at least one of its patent infringement counts. (Id. at 21–25).

In response, plaintiff argues defendant's "consisting of" argument asks the court to prematurely adopt defendant's preferred construction of claim 18 at the motion to dismiss stage to exclude the accused product's removable carry bag and other features despite the court already rejecting defendant's request to engage in claim construction upon a Rule 12(b)(6) motion. (Pl.'s Resp. (DE 44) at 13). Plaintiff also argues that, should the court decide to engage in claim construction at this stage, the accused product is within the scope of claim 18 because the phrase "consisting of" does not limit aspects unrelated to the claimed invention, (id. at 10–12), the doctrine of claim differentiation forecloses reading a surface-engagement exclusion into claim 18 because that limitation is expressly recited in dependent claim 19, (id. at 14–15), and defendant's prosecution history estoppel and judicial estoppel arguments fail. (Id. at 15–17). Where the court concludes plaintiff has pleaded facts sufficient to state a claim upon which relief can be granted and declines to engage in claim construction at the motion to dismiss stage, the court does not resolve the parties' arguments regarding construction of claim 18 of the '033 patent.

1. Patent Infringement

Defendant argues plaintiff fails to state a claim for patent infringement because the phrase "consisting of" in claim 18 of the '033 patent requires the accused product to meet the closed set of elements listed in claim 18 and nothing else, and plaintiff acknowledges defendant's accused

6

product includes an anchor which is not an element of claim 18. (Def.'s Mem. (DE 41) at 19–21 (citing compl. (DE 37) ¶ 21)). Plaintiff responds that plaintiff has met its pleading requirement and defendant prematurely requests claim construction at the motion to dismiss stage.

"Adjudicating a claim of infringement generally requires a two-step analysis: The court first determines the scope and meaning of the claims asserted, and then the properly construed claims are compared to the allegedly infringing device (for an apparatus claim)." UTTO Inc. v. Metrotech Corp., 119 F.4th 984, 993 (Fed. Cir. 2024). At the motion to dismiss stage, however, a patent infringement complaint survives when it includes "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." See Bot M8 LLC v. Sony Corp. of Am., 4 F.4th 1342, 1353 (Fed. Cir. 2021). "[A] plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent," rather, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007); (see also Prior Order (DE 26) at 6).

Plaintiff pleads facts sufficient to notify defendant as to what it must defend, including the specific claims and limitations at issue and the basis for plaintiff's infringement allegations. (Compl. (DE 37) ¶¶ 24–31). Plaintiff also offers the '033 claim chart which includes factual descriptions, detailed explanations, and visual representations that plausibly allege how the accused product meets the limitations of the asserted '033 patent. ('033 claim chart (DE 37-4) at 2–10). Such details exceed conclusory statements and provide concrete factual allegations sufficient under the applicable pleading standard. Bot M8, 4 F.4th at 1353. These factual allegations, taken together, plausibly demonstrate how the accused product allegedly infringes the '033 patent and places defendant "on notice as to what [it] must defend." McZeal, 501 F.3d at

7

1357.  Accordingly, plaintiff pleads facts sufficient to state a claim for infringement of the '033 patent under Rule 12(b)(6).

In addition, and in the alternative, defendant's motion independently fails because defendant's argument requires the court to construe claim 18 of the '033 patent at the motion to dismiss stage.  As this court already held when ruling on defendant's first motion to dismiss, local rules "require a structured process for claim construction that must occur before any determination of infringement."  (Prior Order (DE 26) at 7 (citing Local Civil Rules 304.1–304.6)).  The court also held that claim construction disputes are generally inappropriate for resolution at the pleading stage.  (Id. (citing Nalco Co. v. Chem-Mod, LLC, 883 F.3d 1337, 1349 (Fed. Cir. 2018))); see also In re Bill of Lading Transmission & Processing Sys. Pat. Litig., 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012) ("[C]laim construction at the pleading stage—with no claim construction processes undertaken—was inappropriate . . . . We afford the claims their broadest possible construction at this stage of the proceedings.").

Defendant argues this "is not a matter requiring claim construction" because "[t]he meaning of 'consisting of' is settled as a matter of law as both the case law and law of the case during prosecution reveals."  (Def.'s Mem. (DE 41) at 24).  As an initial matter, defendant is incorrect that this "is not a matter requiring claim construction."  See, e.g., UTTO, 119 F.4th at 994 ("As long as the trial court construes the claims to the extent necessary to determine whether the accused device infringes, the court may approach [claim construction] in any way that it deems best.").  But defendant does not appear to ask the court to avoid claim construction, rather, defendant seeks ruling that the phrase "consisting of" in claim 18 of the '033 patent excludes the accused product's removable carry bag.  But whether the phrase "consisting of" excludes a removable carry bag is a question of claim scope, which is "not appropriate to resolve . . . on a

8

Rule 12(b)(6) motion, without the benefit of claim construction." <u>Nalco</u>, 883 F.3d at 1350.

Moreover, defendant's claim that "[t]he meaning of 'consisting of' is settled as a matter of law" is not as straightforward as defendant represents. (Def.'s Mem. (DE 41) at 24). For example, defendant twice quotes <u>Norian Corp. v. Stryker Corp.</u>, 363 F.3d 1321, 1331 (Fed. Cir. 2004), to represent as "black letter patent law" that "'[c]onsisting of' is a term of patent convention meaning that the claimed invention contains only what is expressly set forth in the claim." (Def.'s Mem. (DE 41) at 13, 15 n.4). Defendant also cites <u>Norian</u> for the proposition that the Federal Circuit is "unequivocal that 'consisting of' excludes unrecited elements." (<u>Id.</u> at 21). But defendant does not present the court with the entirety of the <u>Norian</u> court's holding, which states:

> "Consisting of" is a term of patent convention meaning that the claimed invention contains only what is expressly set forth in the claim. However, while "consisting of" limits the claimed invention, <u>it does not limit aspects unrelated to the invention</u>. It is thus necessary to determine what is limited by the "consisting of" phrase.

<u>Norian</u>, 363 F.3d at 1331 (emphasis added). Thus, the meaning of "consisting of" is not, as defendant represents, so straightforward such that claim construction is unnecessary. <u>See</u> <u>Conoco, Inc. v. Energy & Env't Int'l, L.C.</u>, 460 F.3d 1349, 1360 (Fed. Cir. 2006) ("Although 'consisting of' is a term of restriction, the restriction is not absolute . . . . We have explained that 'consisting of' does not exclude additional components or steps that are unrelated to the invention."). The court therefore declines to construe the phrase "consisting of" in claim 18 of the '033 patent until the parties engage in the structured claim construction process set out in this district's local rules. <u>See</u> Local Civil Rules 304.1–304.6.

Defendant also argues claim construction is unnecessary because the prosecution history of the '033 patent shows plaintiff "clearly and unmistakably surrendered any argument that the claims may include more elements than those expressly recited in the claims" and thus, prosecution history estoppel applies. (Def.'s Mem. (DE 41) at 16–17). In support, defendant cites <u>Amgen Inc.</u>

9

v. Coherus BioSciences Inc., 931 F.3d 1154 (Fed. Cir. 2019), for the proposition that the court may look to plaintiff's prosecution history in ruling on defendant's motion to dismiss. (Def.'s Mem. (DE 41) at 8 n.1). As the Amgen court explained, prosecution history estoppel can occur "either (1) by making a narrowing amendment to the claim ('amendment-based estoppel') or (2) by surrendering claim scope through argument to the patent examiner ('argument-based estoppel')." Amgen Inc., 931 F.3d at 1159. "To invoke argument-based estoppel, the prosecution history must evince a clear and unmistakable surrender of the subject matter." Id.

However, prosecution history estoppel is a "fundamental precept in [the court's] claim construction jurisprudence." Aylus Networks, Inc. v. Apple Inc., 856 F.3d 1353, 1359 (Fed. Cir. 2017) (emphasis added). And plaintiff challenges whether its prosecution history evinced a clear and unmistakable surrender of the subject matter. (See Pl.'s Resp. (DE 44) at 15–16 (explaining how granted claim 18 was never amended as defendant argues). The court therefore declines to determine at the Rule 12(b)(6) stage whether the prosecution history of the '033 patent "evince[s] a clear and unmistakable surrender of subject matter" prior to claim construction. Amgen Inc., 931 F.3d at 1159.

Defendant similarly argues the doctrine of judicial estoppel bars plaintiff's '033 patent infringement claim. Defendant reasons that judicial estoppel bars plaintiff from arguing that its '033 patent claims encompass defendant's accused product because such a position contradicts the position plaintiff took before the Patent Trial and Appeal Board (the "Patent Board"). (Def.'s Mem. (DE 41) at 17). Plaintiff contests on multiple grounds whether the position it took before the Patent Board is inconsistent with its current position and argues the Patent Board did not accept the position defendant claims the Patent Board accepted. (See Pl.'s Resp. (DE 44) at 16–17).

"[T]he doctrine of judicial estoppel must be applied with caution and only in the narrowest

of circumstances." Gilliam v. Sealey, 932 F.3d 216, 233 (4th Cir. 2019). The Fourth Circuit requires that three elements be met before a court may apply judicial estoppel:

> (1) the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation; (2) the prior inconsistent position must have been accepted by the court; and (3) the party sought to be estopped must have intentionally misled the court to gain unfair advantage.

Id.

Here, the court determines that resolution of the parties' judicial estoppel dispute would require the court to make a fact-specific inquiry into whether plaintiff's prior position before the Patent Board is factually incompatible with plaintiff's current position. The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff" at the motion to dismiss stage. Nemet Chevrolet, 591 F.3d at 255. The court therefore rejects defendant's judicial estoppel argument without prejudice to raising this defense at a later stage of proceedings. In addition, where defendant notes the doctrine of judicial estoppel is analogous to patent-specific prosecution history estoppel, (see Def.'s Mem. (DE 41) at 14–15), the court rejects defendant's judicial estoppel argument prior to claim construction on similar grounds. See Aylus Networks, 856 F.3d at 1359. Defendant's reliance on claim construction disputes remains misplaced at this stage. (See Prior Order (DE 26) at 7). Accordingly, plaintiff pleads facts sufficient to state a claim for infringement of the '033 patent under Rule 12(b)(6).

> 2. Impossibility of Both Patent Claims Succeeding

Defendant separately argues it is not logically possible for the accused product to simultaneously meet the limitations of both the '033 patent and the '924 patent and therefore plaintiff fails to state a claim upon which relief can be granted as to at least one of its patent infringement counts. (Def.'s Mem. (DE 41) at 21–25). Defendant cites no case law in support of its position. (See id.). Moreover, as plaintiff notes, the Federal Rules of Civil Procedure permit a

party to "set out 2 or more statements of a claim or defense alternatively or hypothetically" and to "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(2)–(3); (Pl.'s Resp. (DE 44) at 18). The court therefore rejects defendant's logical impossibility argument.

In sum, plaintiff pleads factual allegations sufficient to notify defendant of the specific claims and limitations at issue and the basis for its infringement allegations. See McZeal, 501 F.3d at 1357; (see compl. (DE 37) ¶¶ 24–31; '033 claim chart (DE 37-4) at 2–10). Defendant prematurely raises issues in its motion to dismiss addressing claim scope, which are "not appropriate to resolve . . . on a Rule 12(b)(6) motion, without the benefit of claim construction." Nalco, 883 F.3d at 1350. Defendant does not justify a departure from this district's local rules which set out a structured process for claim construction separate from the motion to dismiss stage. See Local Civil Rules 304.1–304.6. Accordingly, the court denies defendant's motion.

## CONCLUSION

Based on the foregoing, the court DENIES defendant's motion to dismiss plaintiff's amended complaint (DE 40). In accordance with the rule, defendant's responsive pleading must be served within 14 days of entry of this order. Fed. R. Civ. P. 12(a)(4)(A). Stay imposed by the court July 21, 2026, is now lifted. Where Magistrate Judge Robert B. Jones, Jr. is presiding over settlement conference August 18, 2026, courtesy copy of this order shall be forwarded to him by the clerk. If the case is not then settled, not later than 14 days after defendant's responsive pleading is served, the parties shall confer and propose particularly with deference to paragraphs A.11 and

12

A.12 of the court's case management order (DE 38) any necessary amendments to that schedule in the form of a proposed consent order.

SO ORDERED, this the 10th day of August, 2026.

LOUISE W. FLANAGAN
United States District Judge

13